
*RELEASED FOR PUBLICATION*

**DOCKET NO. 1827**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION*

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,\* JUDGES OF THE PANEL**

### TRANSFER ORDER

This litigation currently consists of twenty actions pending in five separate districts: the Northern District of California (thirteen actions), the District of New Jersey (three actions), the Southern District of New York (two actions), the Eastern District of New York (one action) and the Western District of Tennessee (one action). Plaintiffs in eight of the thirteen Northern District of California actions and plaintiff in one of the three District of New Jersey actions separately move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in their respective districts.[1] All responding parties support centralization. The majority support selection of the Northern District of California as transferee forum, while others urge the Panel to choose the District of New Jersey, the Southern District of New York, or the Western District of Washington.[2]

On the basis of the papers filed and hearing session held, the Panel finds that these twenty actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions involve common factual allegations concerning defendants' alleged conspiracy to fix the price of thin film transistor-liquid crystal display (TFT-LCD) panels, which are used in computer monitors, flat panel television sets, and other electronic devices. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of California is an appropriate transferee forum in this docket because over 50 of the actions of which the Panel has been notified have been brought in that

---

\* Judge Scirica took no part in the disposition of this matter. In light of the fact that Judge Miller could be a member of the putative class(es) in this litigation, he has filed with the Clerk of the Panel a formal renunciation of any claim that he may have as a putative class member, thereby removing any basis for a disqualification of Judge Miller on that ground.

[1] The Panel has been notified of over 100 additional related actions pending in multiple districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Certain other responding parties initially suggested that the Panel select either the Eastern District of Tennessee or the District of South Carolina, but withdrew those suggestions at oral argument.

Case3:07-md-01827-SI   Document1   Filed04/20/07   Page2 of 3

- 2 -

district, and it appears to be somewhat more conveniently located for the significant number of Asia-based defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions in this litigation pending outside the Northern District of California and listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Susan Y. Ilston for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1827 -- In re TFT-LCD (Flat Panel) Antitrust Litigation

### Northern District of California

*Judd Eliasoph v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7588 SI
*Jo Nash v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7601 SI
*Will Henderson v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7609 SI
*Jamie Maites v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7638 SI
*Henry Truong v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7639 SI
*Crago Corp. v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 3:06-7644 MMC
*Robert Kerson v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7678 SI
*Karen Brock v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7679 SI
*Ari Hakim v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7699 SI
*Arthur Sorokin v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7600 SI
*Amy Forlan v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7602 SI
*Stephanie Truong v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7640 SI
*Frederick Rozo v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7693 SI

### District of New Jersey

*Nathan Muchnick, Inc. v. Sharp Corp., et al.*, C.A. No. 2:06-6107
*Roberta Harrell v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 2:06-6190
*Richard A. Markham v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 2:06-6191

### Eastern District of New York

*Chris Ferencsik v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 1:06-6714

### Southern District of New York

*Gladys Baker v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 1:06-14335
*Jack Elbaz v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 1:06-14423

### Western District of Tennessee

*Audio Video Artistry v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 2:06-2848