H. Laddie Montague, Jr.
Ruthanne Gordon
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

*Attorneys for Plaintiff Nathan Muchnick, Inc.*
*and Proposed Interim Co-Lead Counsel for*
*the Direct Purchaser Plaintiffs*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. C-07-1827 SI<br><br>MDL No. 1827 |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | **NATHAN MUCHNICK, INC.'S RESPONSE TO THE MAY 4, 2007 MOTIONS FOR APPOINTMENT OF DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL, AND CROSS-MOTION FOR APPOINTMENT OF BERGER & MONTAGUE, P.C. AS AN INTERIM CO-LEAD COUNSEL IN THE DIRECT PURCHASER CASES**<br><br>Date:   June 8, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 10 |

1    **RESPONSE AND NOTICE OF CROSS-MOTION AND CROSS-MOTION**

2    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3    PLEASE TAKE NOTICE that at 9:00 a.m. on June 8, 2007, or as soon thereafter as the

4    matter may be heard, Plaintiff Nathan Muchnick, Inc., through its undersigned counsel will, and

5    hereby do, move this Court, before the Hon. Susan Illston at the United States District Court for the

6    Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for an Order

7    appointing Berger & Montague, P.C. as an Interim Co-Lead Counsel for the Direct Purchaser

8    Plaintiffs.

9    This motion is made pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and on

10   the grounds that this complex case will benefit from the appointment of Interim Lead Counsel and

11   that Berger & Montague, P.C. is experienced and well qualified to serve as Interim Co-Lead Counsel

12   for the Direct Purchaser Plaintiffs. This motion is based on this Response and Notice of Cross-

13   Motion and Cross-Motion, the following Memorandum of Law, all pleadings and records on file,

14   and any additional briefing and argument presented to the Court before or at the hearing on this

15   Cross-Motion.

16                          **MEMORANDUM OF LAW**

17   **A.    INTRODUCTION**

18   Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Nathan Muchnick,

19   Inc. respectfully submits this memorandum in support of its cross-motion for appointment of the

20   law firm of Berger & Montague, P.C. ("Berger & Montague") as one of four Interim Co-Lead

21   Counsel for the Direct Purchaser Plaintiffs in this consolidated multidistrict litigation.[1] Appointment

22   of lead counsel here will ensure the orderly and efficient prosecution of this litigation, which

23   _____

24   [1] The Nathan Muchnick action was the second Direct Purchaser Plaintiff action filed in any
     court. It was filed in the District of New Jersey on December 19, 2006, and was just transferred to
25   this District last week, pursuant to the April 23, 2007 Order of the Judicial Panel on Multidistrict
     Litigation (the "MDL Panel"). *See Nathan Muchnick, Inc. v. Sharp Corp., et al.*, No. 3:07-cv-
26   02326-SI, docketed May 1, 2007. Berger & Montague has been Nathan Muchnick's antitrust counsel
27   since 1998.

28

1   involves approximately two dozen Direct Purchaser Plaintiff class actions and numerous related
2   indirect purchaser actions. Berger & Montague – a firm consisting of 70 lawyers, approximately
3   half of whom specialize in antitrust litigation – was founded in 1970 to concentrate on the
4   representation of plaintiffs in a series of antitrust class actions. David Berger helped pioneer the use
5   of class actions in antitrust litigation. The shareholders in the Berger & Montague antitrust
6   department alone collectively have approximately two hundred years of experience litigating
7   antitrust class action cases. Thus, Berger & Montague is well-qualified to serve as one of the interim
8   lead counsel in this case.

9          While the co-lead counsel papers filed by the Pearson, Simon group tout their "inclusive"
10  management style, and their commitment to a "cooperative" approach among all counsel, Pearson,
11  Simon brief at 14 (Docket No. 14), they have excluded from their proposed leadership structure all
12  counsel for Plaintiffs filing on the East Coast – including for the 4 Direct Purchaser Plaintiffs who
13  filed in the District of New Jersey and the 2 Direct Purchaser Plaintiffs who filed in the Southern
14  District of New York. Moreover, the Pearson, Simon group held no organizational meeting of
15  counsel, a standard practice employed in multidistrict litigation – or, at least none which included
16  counsel for the East Coast Plaintiffs. While the multidistrict litigation transfer provision of 28
17  U.S.C. §1407 provides for transfer of cases to promote the just and efficient conduct of the related
18  actions, it is not intended to be a "winner takes all" provision designed to reward those plaintiffs who
19  were prescient enough to file in the transferee jurisdiction – or, in this case, either in the transferee
20  jurisdiction or on the transferee "coast".

21         Berger & Montague takes no position on which of the West Coast firms should be among
22  a 4-firm leadership structure overseeing the direct purchaser cases but instead recommends a
23  leadership structure consisting of 2 firms representing Direct Purchaser Plaintiffs who filed their
24
25
26
27
28

1  cases in the United States District Courts in the Eastern United States and 2 of the West Coast firms.[2]

2  Berger & Montague respectfully moves to be appointed as one of those co-leads.

3  **B.    BACKGROUND**

4          This proceeding stems from an alleged global price-fixing conspiracy involving Thin-Film

5  Transistor Liquid Crystal Display ("TFT-LCD"). TFT-LCD products are used as display screens in

6  televisions, computer monitors, cellular phones and other electronic devices. The TFT-LCD industry

7  is oligopolistic in nature. Defendants control the majority of the TFT-LCD market, which annually

8  generates worldwide revenues in excess of $60 billion.

9          In December, 2006, published reports revealed that the United States Department of Justice

10  as well as antitrust authorities in Asia and Europe were conducting a coordinated investigation into

11  a global price-fixing cartel involving TFT-LCD products. Shortly thereafter civil cases were filed

12  throughout the country on behalf of both direct and indirect purchasers of TFT-LCD products.

13  Plaintiffs allege that these defendants participated in an illegal price-fixing conspiracy.

14          On April 23, 2007, after extensive briefing and oral argument, the MDL Panel transferred

15  the TFT-LCD antitrust cases to this Court for consolidated or coordinated pretrial proceedings. It

16  is important to note, however, that a significant number of the Direct Purchaser Plaintiff actions were

17  originally filed in districts on the East Coast. Of the approximately two dozen direct purchaser

18  actions currently pending before this Court, 6 were filed on the East Coast (4 in the District of New

19  Jersey, and 2 in the Southern District of New York).[3]  Indeed, 4 of the first 6 Direct Purchaser

20  _____

21          [2]As detailed below, the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. – one of the

22  four firms proposed as Direct Purchaser Plaintiffs' Co-Lead Counsel in the Pearson, Simon papers
    – also filed papers before the MDL Panel in an indirect purchaser action in which it was serving as

23  counsel. In that capacity, the Cohen, Milstein firm took positions contrary to the interests of the
    Direct Purchaser Plaintiffs, and, as such, the Cohen, Milstein firm has a disabling conflict which

24  precludes it from serving as one of the Co-Lead Counsel for the Direct Purchaser Plaintiffs in this

25  action.

26          [3]Although certain of the other proposed interim lead counsel have filed unnecessary
    duplicative, identical class actions on behalf of numerous individual plaintiffs, Berger & Montague

27  has filed only one class action case, in the District of New Jersey.

28

**PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSE TO THE MAY 4, 2007 MOTIONS FOR APPOINTMENT OF
DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL, AND CROSS-MOTION FOR APPOINTMENT
OF BERGER & MONTAGUE, P.C. AS AN INTERIM CO-LEAD COUNSEL IN THE DIRECT PURCHASER CASES**
Master File No. C07-1827 SI                                                                                    -3-

1   Plaintiff cases were filed in the Eastern United States, each by different law firms. The appointment

2   of two East Coast firms among Interim Co-Lead Counsel will ensure that the Direct Purchaser

3   Plaintiffs who originally filed on the East Coast will not be penalized by having their counsel

4   excluded from the proposed leadership structure of Co-Lead Counsel in the Direct Purchaser

5   Plaintiff cases. Berger & Montague is eminently qualified to serve as one of Interim Co-Lead

6   Counsel for the Direct Purchaser Plaintiffs.

7   **C.   ARGUMENT**

8         **1.   The Appointment of Interim Lead Class Counsel Is Appropriate
          Under Rule 23(g)**

9

10         Rule 23(g) of the Federal Rules of Civil Procedure dictates that a court "may designate

11   interim counsel to act on behalf of the putative class before determining whether to certify the class

12   as a class action." Fed. R. Civ. P. 23(g)(2)(A). The appointment of interim class counsel is

13   "essential for efficient case management" in cases where, as here, multiple overlapping and

14   duplicative class actions have been transferred to a single district. *In re Air Cargo Shipping Services*

15   *Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

16           **a.   Berger & Montague Has Extensive Antitrust Class Action Experience**

17         Berger & Montague has over 35 years of experience litigating complex, multidistrict class

18   action antitrust cases. Pioneering the development and prosecution of antitrust class actions since

19   its founding in 1970, Berger & Montague has recovered billions of dollars for its clients in ground-

20   breaking settlements and trial verdicts. Berger & Montague is one of the largest class action law

21   firms in the nation, with nearly 70 lawyers, approximately half of whom focus primarily on antitrust

22   class actions. The firm's experienced antitrust lawyers have earned judicial praise, national and

23   international recognition and the respect of their colleagues and adversaries in the plaintiffs' and

24   defense bars. *See* Berger & Montague firm resume, attached as Exhibit A to the Declaration of H.

25   Laddie Montague, Jr. in Support of Plaintiff Nathan Muchnick, Inc.'s Response to the May 4, 2007

26   Motions for Appointment of Direct Purchaser Plaintiffs' Interim Co-Lead Counsel, and Cross-

27   Motion for Appointment of Berger & Montague, P.C. as an Interim Co-Lead Counsel in the Direct

28   Purchaser Cases ("Montague Decl.").

Berger & Montague has served as Lead or Co-Lead counsel in many of the most significant civil antitrust cases over the last 35 years, and has tried more antitrust and other complex class action cases than almost any other plaintiffs' class action firm in the country. The Berger & Montague attorneys who will be working on this case include:

**i.      H. Laddie Montague, Jr.**

The Chairman of the firm's Antitrust Department, Mr. Montague has been litigating complex antitrust class actions since David Berger helped pioneer the use of the class action device in antitrust litigation. In 1980, Mr. Montague was co-lead and co-trial counsel of a corrugated sheet plant subclass and successfully tried the case against the lone non-settling defendant. *In re Corrugated Container Antitrust Litigation*, MDL No. 310 (S.D. Tex.). In 1976, Mr. Montague was co-lead and co-trial counsel in *In re Master Key Antitrust Litigation*, MDL No. 45 (D. Conn.), which settled after plaintiffs tried their case before a jury. In 1998, Mr. Montague was one of the co-lead and co-trial counsel who partially settled and tried *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94C897, MDL 997 (M.D. Ill.). Although not an antitrust case, Mr. Montague was one of 3 co-trial counsel in the *Exxon Valdez Oil Spill Litigation* trial, No. A89-0095-CV (D. Alaska). He is a fellow of the American College of Trial Lawyers.

As one of four co-lead counsel in *In re Brand Name Prescription Drugs Antitrust Litigation*, Mr. Montague helped recover over $700 million for class members, and as one of three co-lead counsel in *In Re High Fructose Corn Syrup Antitrust Litigation*, Mr. Montague helped obtain a settlement of over $500 million. Mr. Montague has served as Co-Lead Counsel in numerous other antitrust class action cases.

Praised by judges and long held in the highest regard by his peers, Mr. Montague has also been recognized by the international legal community as an authority on class actions and antitrust law, having been invited to present at the Joint European Commission International Bar Association program on antitrust litigation in Brussels in March 2007 and at the European Organization for Cooperation and Development in Paris in June 2006.

1

ii.     **Ruthanne Gordon**

2      Ruthanne Gordon, the second woman to be named partner at Berger & Montague, has over

3   25 years of experience litigating complex class actions, and has more than a decade of experience

4   litigating complex, multi-party antitrust class actions. In the last few years alone, Ms. Gordon has

5   acted as one of the lead lawyers in antitrust class actions resulting in nearly $400 million of

6   settlements for injured class members, including *In re Microcrystalline Cellulose Antitrust Litigation*

7   (combined settlements of $50 million) and *In re Currency Conversion Fee Antitrust Litigation* ($336

8   million settlement pending). Along with her partner, Mr. Montague, Ms. Gordon is currently acting

9   as one of four Co-Lead Counsel in *In re Methyl Methacrylate (MMA) Antitrust Litigation* (E.D. Pa.).

10                    **b.      Plaintiff Nathan Muchnick, Inc. Takes No Position On Which West
                             Coast Firms Should Act As Co-Lead Counsel, But Notes That Prior**

11                           **Positions Taken By The Cohen Milstein Firm Disable It From Serving
                             As Co-Lead Counsel For Direct Purchaser Plaintiffs In This Action**

12

13      While the Pearson, Simon group properly notes the need for coordination between the direct

14   and indirect purchaser plaintiffs to ensure the economical and efficient prosecution of the related

15   cases, the potentially significant conflicts of interest between the two classes of purchasers mandate

16   clearly separate leadership structures for the direct and indirect purchaser plaintiffs. *Cf. Strigliabotti*

17   *v. Franklin Resources, Inc.*, 2006 WL 2792417, at *4 (N.D.Cal., Sept. 27, 2006) ("[T]he class and

18   the derivative actions would be competing for the same pool of money, thus creating a structural

19   incentive to favor one group over the other. The Court does not believe that these competing claims

20   should be combined in a single lawsuit, *litigated by the same attorneys*.") (footnote omitted,

21   emphasis added).

22      The Cohen Milstein firm, in its papers filed before the MDL Panel in this case, has itself

23   raised in stark terms the conflict between the economic interests of direct purchasers, on the one

24   hand, and indirect purchasers on the other. In response to an argument before the MDL Panel that

25   direct purchasers should generally be given priority over indirect purchasers in actions against a

26   common defendant, the Cohen Milstein firm, which filed both indirect, as well as direct purchaser

27   class actions, stated: "Indirect purchasers – particularly retail consumers – collectively bear the brunt

28   of antitrust violations because, as well-accepted economic theory explains, direct purchasers tend

1   to pass overcharges down the chain of distribution." Plaintiffs Judd Eliasoph, et al. Omnibus

2   Response to the Cross-Motion of Roberta Harrell for Transfer and Coordination in the District of

3   New Jersey, and the Cross-Motion of Nathan Muchnick, Inc. at 4 (excerpt attached as Exhibit B to

4   Montague Decl.).[4]

5       In *In re Microsoft Corp. Antitrust Litigation*, 218 F.R.D. 449 (D. Md. 2003), the court

6   recognized this conflict in the context of a motion to certify where counsel sought to represent the

7   direct purchaser class where the same counsel had reached a preliminary settlement on behalf of a

8   class of indirect purchasers. The court denied that motion, citing counsel's having created an

9   "irreconcilable conflict":

10      This dual scenario places plaintiff's counsel in a position of irreconcilable conflict
        because they seek to represent in DeJulius an end-user class and they seek to

11      represent here a class of OEMs and other persons who sold to the end-users. In light
        of this conflict, the "adequacy" prong of the Rule 23 test clearly cannot be met.

12          . . .

13      Because counsel themselves created the controversy and then searched for clients to
        pursue it, they were blinded to the conflict of their position in arguing that different

14      groups of their clients are the ones entitled to recover damages.

15  *Id.* at 452 (footnote omitted).

16      Neither this Court, the class of Direct Purchaser Plaintiffs, nor other class counsel should be

17  burdened with the complications that will result from either actual conflicts or the appearance of

    such conflicts by a co-lead counsel in this case.

18

19

20

21  _____

22      [4] The Cohen Milstein firm filed its first 2 indirect purchaser cases on December 13, 2006.
    The firm did not appear as counsel on any Direct Purchaser Plaintiff case until a month later. On

23  May 2, 2007, on the eve of the filing of the Pearson, Simon group Direct Purchaser Plaintiffs co-lead
    motion, the Cohen Milstein firm filed notices of withdrawal as counsel in its 3 indirect purchaser

24  cases, instead opting to seek a place within the Direct Purchaser Plaintiff leadership structure. *See
    Jamie Maites v. LG Philips LCD Co., Ltd., et al.*, No. 3:06-cv-07638-SI, Docket No. 27; *Henry*

25  *Truong v. LG Philips LCD Co., Ltd., et al.*, No. 3:06-cv-07639-SI, Docket No. 25; *Sara Cabezas v.
    LG Philips LCD Co., Ltd., et al.*, No. 3:07-cv-00084-SI, Docket No. 15. Meaningful attorney-client

26  relationships between class counsel and the named representatives ensures the most vigorous
    possible representation of the interests of the Direct Purchaser Plaintiff class. The opportunistic

27  obtaining and shedding of clients should not be countenanced by a lead counsel appointment.

28

**PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSE TO THE MAY 4, 2007 MOTIONS FOR APPOINTMENT OF
DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL, AND CROSS-MOTION FOR APPOINTMENT
OF BERGER & MONTAGUE, P.C. AS AN INTERIM CO-LEAD COUNSEL IN THE DIRECT PURCHASER CASES**

1

          c.      **Selection of Berger & Montague as Co-Lead Counsel Will Benefit All Direct Purchaser Plaintiffs And Will Ensure Fair Treatment Of Those Plaintiffs Selecting East Coast Forums**

2

3        Of the approximately two dozen direct purchaser cases filed in this litigation, 6 were

4 originally filed on the East Coast: 4 in the District of New Jersey, and 2 in the Southern District of

5 New York. The Direct Purchaser Plaintiffs who originally filed their actions on the East Coast

6 should not be penalized for their original forum choices. Attorneys from cases transferred from the

7 East Coast should have equal representation as Co-Lead Counsel. It is respectfully submitted that

8 Berger & Montague, P.C. be appointed as one of those Interim Co-Lead Counsel.

9

10 Dated: May 9, 2007                      Respectfully submitted,

11

12                                    /s/ *H. Laddie Montague, Jr.*
                                   H. Laddie Montague, Jr.

13                                    Ruthanne Gordon
                                   Bart D. Cohen

14                                    Candice J. Enders
                                   Matthew P. McCahill

15                                    **BERGER & MONTAGUE, P.C.**
                                   1622 Locust Street

16                                      Philadelphia, PA 19103
                                   Telephone: (215) 875-3000

17                                      Facsimile: (215) 875-4604

18

19

20

21

22

23

24

25

26

27 415835_00.wpd

28