Laurence D. King
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street
San Francisco, CA 94111
Tel: (415) 772-4700
Fax: (415) 772-4707
lking@kaplanfox.com

Robert N. Kaplan
Gregory K. Arenson
Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
rkaplan@kaplanfox.com
garenson@kaplanfox.ocm
lnussbaum@kaplanfox.com

*Attorneys for Proposed Interim Class Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | CASE NO.: C-07-1827 SI<br><br>MDL No. 1827<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CMP CONSULTING SERVICES, INC.'S CROSS-MOTION TO APPOINT KAPLAN FOX & KILSHEIMER LLP AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS**<br><br>Date: June 8, 2007<br>Time: 9:00 a.m.<br>Courtroom 10, 19th Floor<br>Honorable Susan Illston |

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................2

III. ARGUMENT .......................................................................................................................3

    A.    The Standard To Be Applied To The Selection of Interim Class Counsel ................3

    B.    Kaplan Fox Is The Best Choice for Interim Class Counsel Under The Criteria of Rule 23(g)(1)(C) ........................................................................................................4

        1.    Kaplan Fox's Experience in Prosecuting Antitrust Matters ...........................4

            a.    Robert N. Kaplan ...............................................................................6

            b.    Gregory Arenson ..............................................................................7

            c.    Linda Nussbaum ...............................................................................7

        2.    Kaplan Fox Has No Conflicts .........................................................................8

    C.    Kaplan Fox Has Investigated The Merits of the Direct Purchasers' Claims ............8

        1.    Kaplan Fox Will Work Collegially With All Other Plaintiffs' Counsel .........9

        2.    Kaplan Fox Partners are Experienced in Coordinating the Efforts of Various Groups of Counsel .........................................................................................10

IV. CONCLUSION ..................................................................................................................10

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS     CASE NO.: C-07-1827 SI

# TABLE OF AUTHORITIES

**CASES**

*Hill v. The Tribune Co.*,
No. 05 C 2602 *et al.*, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) .................................................3

*In re Carbon Black Antitrust Litig.*,
Nos., 03 Civ A. 10191 (DPW), MDL 1543, 2005 WL 102966 (D. Mass. Jan. 18, 2005) ................7

*In re Flat Glass Antitrust Litig.*,
385 F.3d 350 (3d Cir. 2004) ........................................................................................................1, 5

*In re High Fructose Corn Syrup Antitrust Litig.*,
295 F.3d 651 (7th Cir. 2002) ......................................................................................................1, 5

*Parkinson v. Hyundai Motor Am.*,
No. CV06-345AHS (MLGX) *et al.*, 2006 WL 2289801, (C.D. Cal. Aug. 7, 2006) ........................3

*Williamson Oil Co. v. Philip Morris USA*,
346 F.3d 1287 (11th Cir. 2003); ......................................................................................................1

**STATUTES**

Class Action Fairness Act of 2005, 109 Pub.L. No.2, 119 Stat. 4 ....................................................10

**OTHER AUTHORITIES**

*Manual for Complex Litigation, Fourth* (2004) ..........................................................................2, 3, 4, 9

**RULES**

Federal Rules of Civil Procedure Rule 23(g) ...........................................................................1, 3, 4

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT     CASE NO.: C-07-1827 SI
KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, plaintiff CMP Consulting Services, Inc. ("CMP Consulting") respectfully submits this memorandum in support of its cross-motion to appoint Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as interim class counsel for the direct purchaser class plaintiffs in this consolidated multidistrict litigation. A proposed order for appointment of Kaplan Fox as interim class counsel is submitted as Exh. A.

## I. INTRODUCTION

Rule 23(g)(2)(B) of the Federal Rules of Civil Procedure requires the Court to appoint interim class counsel "best able to represent the interests of the class." Kaplan Fox is that counsel based on its attorneys' unique skill, experience, and substantive and technical expertise.

Of the three leading Circuit Court of Appeals decisions issued since 2002 regarding class actions alleging horizontal price-fixing conspiracies – *In re Flat Glass Antitrust Litig.*, 385 F.3d 350 (3d Cir. 2004) (Chertoff, J.); *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287 (11th Cir. 2003); and *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651 (7th Cir. 2002) (Posner, J.) – Kaplan Fox has been lead counsel in two of these actions. Partners Robert Kaplan and Gregory Arenson argued and won the *Flat Glass* and *Fructose* cases clarifying the summary judgment standard to be applied in such cases. Kaplan Fox attorneys then led the extensive preparation for trial of both these complicated antitrust cases until they settled within sight of trial for totals of $122 million and $531 million, respectively. At the end of the *Fructose* case, the district judge complimented plaintiffs' lead counsel, including Messrs. Kaplan and Arenson, stating:

> I've said many times during this litigation that you and the attorneys who represented the defendants here are as good as it gets. Very professional. At least in my presence or in my contacts with you, you've always been civil. You've always been cutting to the chase and not wasting my time or each other's time or adding to the cost of the litigation.

*See* Declaration of Gregory K. Arenson ("Arenson Decl.") at para. 10. Kaplan Fox's antitrust attorneys are as good as it gets.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS    CASE NO.: C-07-1827 SI

## II.   BACKGROUND

This action arises out of a conspiracy to fix prices and commit other unlawful and anticompetitive practices with respect to the sale of thin film transistor liquid crystal display products ("TFT-LCD"), which are used in televisions, computer monitors, mobile telephones, personal digital assistants, and other devices. Plaintiffs allege that defendants, manufacturers of foreign and domestic TFT-LCD, and affiliated companies engaged in a price-fixing conspiracy designed to artificially raise, maintain or stabilize the price of TFT-LCD products beginning in 1998.

Kaplan Fox filed one of the first direct purchaser antitrust actions on behalf of CMP Consulting in the Southern District of New York ("SDNY"). Subsequent to the filing of the CMP Consulting action, approximately 10 additional direct purchaser actions were filed in various district courts throughout the United States.

Kaplan Fox moved the Judicial Panel on Multidistrict Litigation ("JPML") for transfer of all actions to the SDNY. Following briefing and argument on the Kaplan Fox and various other transfer motions, seeking transfer to various jurisdictions, on April 17, 2007, the JPML transferred all cases to this Court for pre-trial proceedings.

Prior to any organizational meeting to discuss a proposed counsel structure, as encouraged in the *Manual for Complex Litigation, Fourth* (2004), on May 4, 2007, the Saveri Group filed the first motion for appointment as interim class counsel for the direct purchaser plaintiffs with this Court. See §10.22 of *Manual of Complex Litigation, Fourth* (2004) at 24.[1] CMP Consulting's counsel was prepared to work with all parties to develop a proposed counsel structure for the putative class and has been in contact with various plaintiffs' counsel and defendants' counsel

---

[1] The "Saveri Group" refers to a group of attorneys that moved this Court to be appointed Interim Lead Counsel on behalf of direct purchasers of TFT-LCD in the actions alleging antitrust violations by TFT-LCD manufacturers. The Saveri Group is composed of Saveri & Saveri, Inc.; Pearson, Simon, Soter, Warshaw & Penny, LLP; Hagens Berman Sobol Shapiro LLP; and Cohen Milstein Hausfeld & Toll, PLLC.

regarding coordination as an efficient means to prosecute these cases. As other motions have already been filed, and in light of this Court's June 8 scheduled conference, plaintiff CMP Consulting submits its motion now, in support of appointment of its counsel, Kaplan Fox as interim class counsel for the direct purchaser plaintiffs. Kaplan Fox believes that it is not efficient to have any more than four (4) co-lead counsel appointed, and has successfully served as a lead counsel in many structures where either a sole, two or three lead counsel were appointed by the Court.

### III.  ARGUMENT

**A.  The Standard To Be Applied To The Selection of Interim Class Counsel**

Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure provides for the appointment of interim class counsel on behalf of a putative class. The *Manual for Complex Litigation, Fourth* suggests that when "a number of lawyers may compete for class counsel appointment" the "designation of interim counsel clarifies responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation, Fourth* (2004) §21.11 at 246.

The same factors that apply in choosing class counsel at the time of class certification apply in selecting interim class counsel. *See Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGX) *et al.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006); *Hill v. The Tribune Co.*, No. 05 C 2602 *et al.*, 2005 WL 3299144 at *3 (N.D. Ill. Oct. 13, 2005).

Therefore, in appointing class counsel, the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class, as well as any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. *See* Rule 23(g)(1)(C).

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS    CASE NO.: C-07-1827 SI

In a situation such as this, when there is more than one adequate applicant, Rule 23(g)(2)(B) charges that "the Court *must* appoint the applicant *best* able to represent the interests of the class." (Emphasis added.) *See also Manual for Complex Litigation, Fourth*, at § 21.271 at 279 ("the Court's task is to select the applicant best able to represent the interests of the class"). The Advisory Committee Notes to Rule 23(g)(2)(B) add:

> [I]n the multiple applicant situation the court is to go beyond scrutinizing the adequacy of counsel and make a comparison of the strengths of the various applicants. . . . [N]o single factor should be dispositive . . . .

Under these factors, Kaplan Fox is the applicant best able to represent the interests of the direct purchaser class and thus should be appointed as interim class counsel.

**B.     Kaplan Fox Is The Best Choice for Interim Class Counsel Under The Criteria of Rule 23(g)(1)(C)**

By appointing Kaplan Fox as interim class counsel, the Court will be providing the direct purchaser plaintiffs with the best representation available. Kaplan Fox, one of the nation's preeminent plaintiffs' class action firms with offices in San Francisco, New York, Los Angeles and Chicago, has the resources, talent and experience to provide the leadership necessary to efficiently and expertly litigate this case to maximize any recovery for the direct purchaser plaintiffs.

**1.     Kaplan Fox's Experience in Prosecuting Antitrust Matters**

Kaplan Fox attorneys have extensive experience in antitrust class action and other complex litigation, including significant expertise in economic analysis, a critical discipline in any such actions. *See* Arenson Decl.. This firm, because of its widely recognized expertise, has played substantial roles in some of the largest and most successful antitrust class actions in the country. In this particular litigation, Kaplan Fox has already done extensive industry and economic analysis, preliminary research regarding legal issues likely to arise, and is ready, willing and able to immediately assume leadership and coordination of the 14 direct purchaser plaintiff class actions presently before the Court. This will not be a new role for Kaplan Fox. It has served as co-lead

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT       CASE NO.: C-07-1827 SI
KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

counsel in *Flat Glass* and *High Fructuose Corn Syrup*, two of the most complex, and ultimately most successful, antitrust class actions ever litigated.

Kaplan Fox attorneys also have served as members of plaintiffs Executive Committee in *In re Brand Name Prescription Drugs Antitrust Litig.*, MDL No. 997 (N.D. Ill. Sep. 9, 1999), where recovery for the class exceeded $700 million, as a member of plaintiffs' Executive Committee in *In re Linerboard Antitrust Litig.*, MDL No. 1261 (E.D. Pa. Dec. 9, 2003), where recovery for the class set an Eastern District of Pennsylvania record of $202 million, and as a member of plaintiffs' trial team in *Dynamic Random Access Memory Antitrust Litig.*, MDL No. 1486 (N.D. Cal. Apr. 17, 2007), where recovery for the class approximates $320 million.

Kaplan Fox attorneys are currently either a co-lead counsel or a member of plaintiffs' executive or steering committees representing direct purchasers in the following complex antitrust litigations, among others: *In re Air Cargo Shipping Services Antitrust Litig.*, MDL No. 1775 (E.D.N.Y. Dec. 4, 2006) (one of four co-lead counsel); *In re Plastics Additives Antitrust Litig.*, MDL No. 1684 (E.D.Pa. Sept. 3, 2003) (one of four co-lead counsel); *In re Hydrogen Peroxide Antitrust Litig.*, MDL No. 1682 (E.D. Pa. Aug. 15, 2005) (one of four co-lead counsel); *In re Nifedipine Antitrust Litig.*, MDL No. 1515 (D.D.C. June 30, 2003) (one of three co-lead counsel); *In re Neurontin Antitrust Litig.*, MDL No. 1479 (D.N.J. Aug. 16, 2002) (one of two co-lead counsel); *In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, 06-CV-52 (D. Del. Mar. 29, 2007) (GMS) (one of three co-lead counsel); *In re Plavix Direct Purchaser Antitrust Litig.*, 06-CV-202 (S.D. Ohio Mar. 8, 2007) (MHW) (one of two co-lead counsel); *In re Oxycontin Antitrust Litig.*, MDL No. 1603 (S.D.N.Y. Mar. 1, 2007) (member of executive committee); and *Meijer, Inc. v. Eisai Co., Ltd.*, 06-cv-11511 (GEL) (S.D.N.Y. Mar. 5, 2007) (one of three co-leads); *In re DDAVP Antitrust Litig.*, No. 05 Civ. 2987 (CLB) (S.D.N.Y. Feb. 27, 2007) (one of three co-leads).

Kaplan Fox has the human and financial resources necessary to effectively prosecute this litigation for the optimal benefit of the class. The members of Kaplan Fox possess the requisite experience, background and skill needed to effectively prosecute and, if need be, try this litgation.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT   CASE NO.: C-07-1827 SI
KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

Moreover, Kaplan Fox has litigated class actions in federal district courts nationwide and maintains offices in various districts, including an office located in the Northern District of California. Few other litigation firms offer the breadth and depth of experience that Kaplan Fox offers.

The attorneys from the firm who will be controlling the prosecution of this matter include Robert N. Kaplan, Gregory Arenson, and Linda Nussbaum. Mr. Kaplan has nearly 40 years experience in antitrust litigation; Mr. Arenson also has been litigating cases for over 30 years and has a strong economic background and procedural expertise applicable to antitrust cases; and Ms. Nussbaum is a skillful, seasoned litigator with 25 years of broad-based class action litigation experience. They have served as lead counsel in numerous antitrust class actions and have shown leadership, persistence and excellence in the cases they have litigated. They have tried antitrust cases. They have settled major antitrust cases. They have been involved in litigating significant, complex, and on occasion novel antitrust cases from inception to conclusion.

### a.   Robert N. Kaplan

Mr. Kaplan is a senior member of the plaintiffs' antitrust bar. At the outset of his career in the late 1960s, he was a trial attorney for four years in the Antitrust Division of the United States Department of Justice, where he participated in numerous civil and criminal antitrust litigations, including a two-month trial in *United States v. Venn*. In private practice, Mr. Kaplan has tried a number of antitrust cases, including *B.A.M. Liquors, Inc. v. Satenstein*, 71 Civ. 4149 (S.D.N.Y.), and *In re Fleets Antitrust Litig.*, (N.D. Ill., MDL No. 65). He was co-lead counsel in *Fructose* and *Flat Glass*, as well as in *In re NBR Antitrust Litig.*, No. 03 Civ. 1898 (W.D. Pa., Mar. 26, 2004), and he is co-lead counsel in the ongoing cases of *Air Cargo, Plastics Additives* (in recently granting plaintiffs' motion for attorneys fees and costs, Judge Legrome D. Davis stated that co-lead counsel had represented plaintiffs' interests with "commendable skill and diligence"), *Hydrogen Peroxide* and *In re Linens Antitrust Litig.*, No. 03 Civ. 7823 (GEL) (S.D.N.Y. Oct. 3, 2003). Mr. Kaplan is also a senior member of the plaintiffs' securities class action bar, having been selected last year as lead counsel in *Cohen v. Escala Group, Inc.*, No. 06 Civ. 3518 (AKH) (S.D.N.Y. Aug. 31, 2006),

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS    CASE NO.: C-07-1827 SI

1 where Judge Alvin K. Hellerstein concluded, "So your firm, which I'm familiar with and which has
2 a fine reputation, will be lead counsel." *See* Arenson Decl. Other securities cases in which Mr.
3 Kaplan has been co-lead counsel include *In re 3Com Securities Litig.*, No. 97 Civ. 21083 (EAI)
4 (N.D. Cal. Feb. 23, 2001), in which $259 million was recovered, and *In re Informix Securities
5 Litig.*, No. 97 Civ. 129 (CRB) (N.D. Cal. Oct. 29, 1999), in which $136.5 million was recovered.

    **b. Gregory Arenson**

  Mr. Arenson's economics background has provided a foundation for his recognized expertise in handling economic issues in antitrust cases, both at class certification and on the merits. Not only did he handle the economic experts and *Daubert* motions in *Fructose* and the economic experts in *Flat Glass*, as well as the class certification motions in *NBR* and currently in *Plastics Additives* and *Hydrogen Peroxide*, he has also been asked in several cases in which Kaplan Fox has not had a leadership role to be involved with economic issues and experts on class certification and on the merits, including *In re Foundry Resins Antitrust Litig.*, MDL No. 1638 (S.D. Ohio), in which an opinion certifying a direct purchaser class was issued on May 2, 2007, and *In re Carbon Black Antitrust Litig.*, Nos., 03 Civ A. 10191 (DPW), MDL 1543, 2005 WL 102966 (D. Mass. Jan. 18, 2005). *See* Arenson Decl.

    **c. Linda Nussbaum**

  Linda Nussbaum joined Kaplan Fox as a partner in February 2007. Prior to joining Kaplan Fox, she had been the resident partner in the New York office of Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

  Ms. Nussbaum has recently served as sole or co-lead counsel in the following leading antitrust cases which resulted in substantial recoveries in the hundreds of millions of dollars on behalf of classes of direct purchasers: *In re Microcrystalline Cellulose Antitrust Litig.*, Nos. 01 Civ. 111, MDL 1402 (E.D. Pa. Feb. 8, 2001); *Oncology & Radiation Associates, P.A. v. Bristol Myers Squibb Co.*, No. 01 Civ. 02313 (D.D.C. Nov. 6, 2001); *North Shore Hemotology-Oncology Associates, P.C. v. Bristol-Myers Squibb Co.* No. 04 Civ. 00248 (D.D.C. Nov. 30, 2001); *In re*

7

*Children's Ibuprofen Oral Suspension Antitrust Litig.*, No. 04 Civ. 0535 (D.D.C Apr. 24, 2006); *In re Relafen Antitrust Litig.*, No., 01 Civ. 12239 (D.Mass. Feb. 13, 2004); *In re Remeron Antitrust Litig.*, No. 03 Civ. 00085 (D.N.S. Nov. 9, 2005); *In re Lorazepam & Clorazepate Antitrust Litig.*, No. 99 Civ. 00276 (D.D.C.).

Ms. Nussbaum is presently in leadership positions in several significant antitrust direct purchaser class actions, including: *Meijer v. Warner Chilcott Holdings Co., III*, No. 05-CIV-2195 (CKK) (D.D.C.); *In re DDAVP Direct Purchaser Purchaser Antitrust Litig.*, No. 06-CIV-202 (S.D.N.Y.); *Metoprolol Succinate* No. 06-CIV-52 (D. Del. Mar. 29, 2007); and *Meijer, Inc. v. Eisai Co., Ltd.*, No. 06-CIV-11511 (GEL) (S.D.N.Y. Mar. 5, 2007). In addition, she represents significant individual plaintiffs in *In re Payment Card Interchange Fee & Merchant Dis. Antitrust Litig.*, No. 05 Civ. 01720 (JG) (JO) (E.D.N.Y) and *In re Neurontin Mktg., Sales Practices & Prods. Liability Litig.*, Nos. 04 Civ. 10981, MDL 1629 (D.Mass.).

Ms. Nussbaum has lectured exclusively about various aspects of Antitrust law. In the past several months, she participated in a mock jury panel at the 55th Antitrust Law Spring Meeting of the ABA in Washington, D.C., and in a panel at the New York State Bar Association Antitrust Annual Meeting.

### 2. Kaplan Fox Has No Conflicts

Kaplan Fox has absolutely no conflicts in litgating this matter effectively. It has not and does not represent any indirect purchasers in this or any possibly related action. It is not a lead counsel in any other matter against any of these defendants where, due to limited funds available to satisfy a jugment, it might be in a position to favor any other class over the interests of this class.

### C. Kaplan Fox Has Investigated The Merits of the Direct Purchasers' Claims

Prior to filing the action on behalf of the direct purchaser class, Kaplan Fox conducted a thorough investigation into the merits of the claims. Kaplan Fox employs an in-house investigator who has been collecting information to support the claims of the direct purchaser class and did extensive industry research.

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS        CASE NO.: C-07-1827 SI

Upon filing of the class action complaint, Kaplan Fox continuously monitored events affecting the claims of the direct purchaser class. Indeed, Kaplan Fox has already taken signficant steps to protect the interest of its client and the class. For instance, it has employed an economist to conduct an analysis of the TFT-LCD market. Moreover, Kaplan Fox has been in contact with counsel for the domestic corporate defendants LG Philips LCD America; NEC Electronics; Chi Mei Optoelectronics USA Inc; Toshiba America Inc; Toshiba Information Systems Inc.; Sharp Electronics Corp; and AU Optronics Corporation America to grant them an extension of time to respond to plaintiff's complaint. In return, each agreed that they would not raise insufficiency of service as a defense. Stipulations of the agreement were submitted to the SDNY. These steps demonstrate that Kaplan Fox will fairly and adequately represent the interest of the direct purchaser class.

Subsequent to the transfer by the MDL panel to this Court, Kaplan Fox has contacted counsel for various defendants to discuss the scheduling and coordination items to be reported upon to this Court in the upcoming case management conference.

### 1. Kaplan Fox Will Work Collegially With All Other Plaintiffs' Counsel

Generally in complex matters such as these, counsel for the parties hold an organizational meeting to discuss counsel structure to determine whether the parties can all agree to a structure. This is encouraged because it alleviates unnecessary motion practice. *See* §10.22 of *Manual of Complex Litigation, Fourth* (2004) at 24. Unfortunately here, no organizational meeting with all counsel for plaintiffs was held before the initial lead counsel motion was filed by the Saveri Group. *See See* §10.21 of *Manual of Complex Litigation, Fourth* (2004) at 23 ("Counsel need to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court. They need to communicate constructively and civilly with one another and attempt to resolve disputes informally as often as possible.")

Kaplan Fox, as interim class counsel, will work, as it has in the past, in a collegial fashion with other plaintiffs' counsel to efficiently and effectively prosecute this action and avoid any unnecessary duplication of work.

The partners at Kaplan Fox who will litigate this matter have decades of experience in pulling together the plaintiffs' class action bar to work in a fair collaborative fashion in complex litigations. They have served in structures as sole lead counsel (*Taxol*, *Platinol*, *Children's Ibuprofen*), co-lead counsel (*Microcrystalline*, *Remeron*, *Relefan*), three lead counsel (*High Fructose Corn Syrup*, *DDAVP*), and four lead counsel (*Flat Glass*, *Plastic Additives*, *Air Cargo*, *Hydrogen Peroxide*). Kaplan Fox is ready, willing and able to work as a lead counsel in any structure that this Court deems appropriate, from one to four lead counsel or any other governing structure.

### 2. Kaplan Fox Partners are Experienced in Coordinating the Efforts of Various Groups of Counsel

Although the passage of the Class Action Fairness Act of 2005 ("CAFA") has made complex coordinated actions with various constituencies of plaintiff classes more common, this is in no way a new or unusual occurrence. For example, in pharmaceutical antitrust litigations, in which Ms. Nussbaum has consistently served as a sole or co-lead counsel, there have routinely been claims by classes of direct and indirect purchasers (both consumers and third-party payors) in addition to claims by various government agencies (States Attorneys General and the FTC) and large individual plaintiffs. Structures established years ago in the earlier pharmaceutical antitrust actions led by Ms. Nussbaum have served as the paradigm for matters, such as this, which have resulted from the passage of CAFA. Thus, the level of sophistication and coordination anticipated here will be nothing new for Kaplan Fox's partners.

## IV. CONCLUSION

Kaplan Fox is the best firm to be appointed interim class counsel for the direct purchaser plaintiffs. Kaplan Fox brings unparalleled experience and expertise in antitrust class

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS

CASE NO.: C-07-1827 SI

actions to the table. It has the financial and human resources and skills needed to effectively and efficiently prosecute this litigation on behalf of the direct purchaser plaintiffs. Kaplan Fox does not possess any conflicts of interest that would prevent it from diligently representing the class of direct purchaser plaintiffs in this litigation. For these reasons, CMP Consulting respectfully requests that the Court grant its motion and appoint Kaplan Fox as interim class counsel for direct purchaser plaintiffs.

DATED: May 9, 2007                                      Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Laurence D. King
　　　　　　　　　　　　　　　　　　　　　　　　KAPLAN FOX & KILSHEIMER LLP
　　　　　　　　　　　　　　　　　　　　　　　　555 Montgomery Street
　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (415) 772-4700
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (415) 772-4707

　　　　　　　　　　　　　　　　　　　　　　　　Robert N. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　Gregory K. Arenson
　　　　　　　　　　　　　　　　　　　　　　　　Linda P. Nussbaum
　　　　　　　　　　　　　　　　　　　　　　　　KAPLAN FOX & KILSHEIMER LLP
　　　　　　　　　　　　　　　　　　　　　　　　805 Third Avenue, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 687-1980
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 687-7714

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO APPOINT         CASE NO.: C-07-1827 SI
KAPLAN FOX AS INTERIM CLASS COUNSEL FOR DIRECT PURCHASER PLAINTIFFS