1  Richard M. Heimann (State Bar No. 063607)
   rheimann@lchb.com
2  Joseph R. Saveri (State Bar No. 130064)
   jsaveri@lchb.com
3  Eric B. Fastiff (State Bar No. 182260)
   efastiff@lchb.com
4  Rebecca Bedwell-Coll (State Bar No. 184468)
   rbcoll@lchb.com
5  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
6  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
7  Facsimile:  (415) 956-1008

8  *Attorneys for Plaintiff Arthur Goodelman and the
   Proposed Class*

9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                    (San Francisco Division)

13

| | |
|---|---|
| 14  IN RE TFT-LCD (FLAT PANEL)<br>ANTITRUST LITIGATION | Master File No.  M:07-cv-1827 SI |
| 15 | **MDL No. 1827** |
| 16  THIS DOCUMENT RELATES TO:<br><br>17  ALL DIRECT PURCHASER ACTIONS | **PLAINTIFF ARTHUR GOODELMAN'S RESPONSE TO MOTIONS FOR APPOINTMENT OF DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL; NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR APPOINTMENT OF LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP AS INTERIM CO-LEAD COUNSEL IN DIRECT PURCHASER CASES (RULE 23(g)(2)(A)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 24<br>25<br>26 | Date:        June 8, 2007<br>Time:        9:00 a.m.<br>Courtroom:   10 |

27

28

625071.2

**TABLE OF CONTENTS**

**Page**

NOTICE OF CROSS-MOTION AND MOTION ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO MOTIONS
FOR APPOINTMENT OF DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD
COUNSEL AND IN SUPPORT OF MOTION TO APPOINT LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP  AS INTERIM CO-LEAD COUNSEL................................. 2

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 2

II.     THE COURT SHOULD APPOINT LIEFF, CABRASER AS INTERIM CO-
        LEAD CLASS COUNSEL ............................................................................... 2

        A.      The Factors to Consider in Selecting Interim Class Counsel................................ 2

        B.      The Factors For Selection Of Interim Class Counsel Support Appointing
                Lieff, Cabraser As Co-Lead Counsel ...................................................... 4

                1.      Lieff, Cabraser has Performed Work In Investigating this Case ............... 4

                2.      Lieff, Cabraser has the Experience Necessary to Serve as Interim
                        Lead Counsel and Has Extensive Knowledge of the Applicable Law........ 5

                3.      Lieff, Cabraser has the Finances and Staffing Needed to Serve as
                        Class Counsel ............................................................................ 9

III.    CONCLUSION ............................................................................................ 10

- i -

## NOTICE OF CROSS-MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 8, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, before Hon. Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, plaintiff Arthur Goodelman will and hereby does move this Court for an order appointing his attorneys, Lieff, Cabraser, Heimann & Bernstein, LLP, as Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs.

This motion is brought pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and is made on the grounds that Lieff, Cabraser is experienced and qualified to serve as Interim Co-Lead Counsel, and the Class will benefit from the appointment of Lieff, Cabraser as Interim Co-Lead Counsel. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Richard M. Heimann, the record in this matter, and any arguments of counsel.

Dated: May 11, 2007                Respectfully submitted,


                                   By:                     /s/ Richard Heimann


                                   Richard M. Heimann (State Bar No. 063607)
                                   rheimann@lchb.com
                                   Joseph R. Saveri (State Bar No. 130064)
                                   jsaveri@lchb.com
                                   Eric B. Fastiff (State Bar No. 182260)
                                   efastiff@lchb.com
                                   Rebecca Bedwell-Coll (State Bar No. 184468)
                                   rbcoll@lchb.com
                                   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                   275 Battery Street, 30th Floor
                                   San Francisco, CA  94111-3339
                                   Telephone:  (415) 956-1000
                                   Facsimile:  (415) 956-1008

                                   *Attorneys for Plaintiff Arthur Goodelman and the Proposed Class*

1

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN RESPONSE TO MOTIONS FOR APPOINTMENT OF DIRECT PURCHASER**
**PLAINTIFFS' INTERIM CO-LEAD COUNSEL AND IN SUPPORT OF MOTION TO**
**APPOINT LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
**AS INTERIM CO-LEAD COUNSEL**

2

3

4   **I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

5              Having reviewed the motion in support of appointment of co-lead counsel and its

6   accompanying documents, and the responses and oppositions filed, Plaintiff Arthur Goodelman

7   concurs with Computer World that the Court should appoint three co-lead counsel.  Plaintiff

8   Arthur Goodelman respectfully requests that the Court include Lieff, Cabraser, Heimann &

9   Bernstein, LLP ("Lieff, Cabraser") in that appointment.

10             It is in the interests of the Class to appoint a firm with a demonstrated ability to

11  organize and prosecute a case of this scope.  Lieff, Cabraser, headquartered in San Francisco, is

12  one of the country's largest and most-accomplished law firms devoted exclusively to representing

13  plaintiffs, particularly in class actions, antitrust cases, and other complex litigation.  As

14  demonstrated by its appointments in a multitude of cases, and as evidenced by its credentials,

15  Lieff, Cabraser is most qualified to fairly and adequately represent the class here.  In addition to

16  its service in cases before the Court from inception to verdict, Lieff, Cabraser has extensive

17  experience as Court-appointed Lead Counsel in representing plaintiffs in antitrust actions,

18  including price-fixing cases, as well as a long list of other actions pending in this Court, other

19  federal and state courts throughout the United States.  By appointing Lieff, Cabraser, the Court

20  will advance the litigation by appointing a firm which is second to none of the Plaintiffs' Counsel

21  in this litigation.  The Court and the Class will be well-served by a law firm widely recognized for

22  its ability to lead complex cases in a collegial, efficient and responsible manner.

23  **II.     THE COURT SHOULD APPOINT LIEFF, CABRASER AS INTERIM CO-LEAD**
    **CLASS COUNSEL**

24

            **A.      The Factors to Consider in Selecting Interim Class Counsel**

25

26             Pursuant to Rule 23(g), "the court may designate interim class counsel to act on

27  behalf of the putative class before determining whether to certify the action as a class action."

28  Fed.R.Civ.P. 23(g)(2)(A).  Since its December 1, 2003 effective date, courts interpreting

1   Rule 23(g) have relied primarily on the Advisory Committee notes, and found that "the primary

2   responsibility of class counsel, resulting from appointment as such, is to represent the best

3   interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D.

4   Tenn. 2004); *see also In re Air Cargo Shipping Services Antitrust Litig.*, MDL NO. 1775

5   (E.D.N.Y. Nov. 15, 2006); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003);

6   Fed.R.Civ.P. 23(g)(1)(B) ("An attorney appointed to serve as class counsel must fairly and

7   adequately represent the interests of the class.").

8              In appointing class counsel, Rule 23(g) requires that the court:

9                  (i)      must consider:

10                              •   the work counsel has done in identifying or investigating
                                   potential claims in the action,
11

12                              •   counsel's experience in handling class actions, other
                                   complex litigation, and claims of the type asserted in the
                                   action,
13

14                              •   counsel's knowledge of the applicable law, and

15                              •   the resources counsel will commit to representing the
                                   class;
16
                   (ii)     may consider any other matter pertinent to counsel's ability
                            to fairly and adequately represent the interests of the
17                          class . . . .

18   Fed.R.Civ.P. 23(g)(1)(C).  "In evaluating prospective class counsel, the Court should weigh all

19   pertinent factors.  No single factor should necessarily be determinative in a given case."

20   Rule 23(g)(1)(C) advisory committee's note (2003).  Moreover, a court may appoint several firms

21   to act as co-lead counsel.  *See, e.g., In re Air Cargo Shipping*, 240 F.R.D. 56, 58-59 (E.D.N.Y.

22   2006)(appointing four law firms as co-lead counsel), *Nowak v. Ford Motor Co.*, 240 F.R.D. 355

23   (E.D. Mich. 2006).  Because, of all the Plaintiffs' firms that seek to be appointed, Lieff, Cabraser

24   best satisfies each of the factors set forth in Rule 23(g), the Court should appoint the firm as

25   interim co-lead counsel.

26

27

28

625071.2                              - 3 -                ORDER APPOINTING INTERIM LEAD CO-COUNSEL
                                                           *Master File No. M:07-cv-1827 SI*

**B.** **The Factors For Selection Of Interim Class Counsel Support Appointing Lieff, Cabraser As Co-Lead Counsel**

Where more than one applicant seeks appointment as class counsel, "the court must appoint the applicant *best* able to represent the interests of the class." Rule 23(g)(2)(B) (emphasis added).  In other words, which law firm would one hire if one had the choice.  As demonstrated in its firm resume and attached attorney biographies, Lieff, Cabraser has substantial and extensive experience in complex antitrust litigation such as this, and has for over thirty years successfully represented plaintiffs in antitrust and other complex class action litigation throughout the country.  *See* Declaration of Richard M. Heimann ("Heimann Declaration"), Ex. A; *see also* www.lchb.com.  In recognition of the firm's preeminence, Lieff, Cabraser is one of only three law firms in the country to be named to "The Plaintiffs' Hot List," by the *National Law Journal* in each of the last four years.  Despite its colloquial title, the factors informing the "Hot List" selection are carefully considered, focusing on "an impressive record of victories over the preceding five years."  *A Different Sort of Trial for Plaintiffs,* The National Law Journal, Oct. 9, 2006.  In previous years, *The National Law Journal* has recognized the successes of Lieff, Cabraser's antitrust attorneys in the federal litigation *In re Buspirone Antitrust Litigation* and record-setting achievements in *Natural Gas Antitrust Cases* and *Wholesale Electricity Antitrust Cases I & II.*

Success matters.  Its broad exerience in in various types of complex cases, its attorneys' demonstrated expertise in antitrust law, and, most signficnatly, its superior ability to deliver results make Lieff, Cabraser an obvious choice to serve as interim class counsel.

**1.** **Lieff, Cabraser has Performed Work In Investigating this Case.**

On behalf of its client, Mr. Goodelman, Lieff, Cabraser has thoroughly investigated the facts alleged in its client's complaint.  This investigation has included analysis of the liquid crystal display market, the market participants, likely defendants and potential consultants and experts.  Lieff, Cabraser has investigated the liquid crystal display products and the chain of distribution.

- 4 -

2.   **Lieff, Cabraser has the Experience Necessary to Serve as Interim Lead Counsel and Has Extensive Knowledge of the Applicable Law.**

Lieff, Cabraser is a nationally-recognized law firm specializing in class actions and complex litigation, with a well-developed expertise in antitrust law.  As explained more fully in the firm resume attached to the Heimann Declaration and as evidenced by the materials available on the firm's website, www.lchb.com, courts throughout the country have appointed Lieff, Cabraser as class counsel in well over 200 class actions.

Courts have recognized the qualifications of Lieff, Cabraser in appointing the firm lead counsel in numerous cases.  Recently, in the area of antitrust, Lieff, Cabraser was appointed to serve as Lead Counsel in *In re ATM Fee Antitrust Litigation*, C-04-2676 (CRB) (N.D. Cal.) (pending); *Marchbanks Truck Service, Inc. v. Ceridian Corp.*, Civil Action No. 07-cv-1128 (E.D. Pa.) (pending); *Natural Gas Antitrust Cases I-IV*, J.C.C.P. No. 4221 (Cal. Supr. Ct.) (Co-Lead counsel in record $1.5 billion settlement on behalf of California natural gas businesses and consumers); *In re Buspirone Antitrust Litigation*, MDL No. 1340 (S.D.N.Y.) (Co-Lead counsel in $90 million settlement); *In re Compact Disc Antitrust Litig.*, MDL No. 1216 (C.D. Cal.) (Co-Lead counsel in $50 million settlement.  As Lieff, Cabraser's credentials demonstrate, its attorneys have led and participated in a significant number of antitrust cases and other complex litigation including matters taken successfully to trial.  *See* Heimann Declaration, Exh. A at pp. 2-41; *see* www.lchb.com.  In addition, courts and bar associations throughout the country have acknowledged Lieff, Cabraser attorneys through leadership appointments, committee service, and awards of excellence.  This unsurpassed record in California and throughout the country demonstrates Lieff, Cabraser's adequacy to represent class members and proves its ability to represent its clients effectively.

Lieff, Cabraser's experience is not limited to the investigation and filing of cases. Lieff, Cabraser has an unsurpassed record of prosecution of complex litigation, up to and including trial on the merits.  *See, e.g., Claghorn v. Edsaco Ltd.*, C-98-3039-SI (securities fraud suit resulting in a jury verdict of $170.7 million, later settled).[1]  Lieff, Cabraser has successfully

---

[1] Lieff, Cabraser's recent trial experience can be found at http://www.lieffcabraser.com/trials.php.

- 5 -

1    prosecuted numerous other complex matters before the Court. *Satchell v. FedEx Express*,

2    C-03-2659-SI ($54.9 million settlement of race discrimination class action lawsuit), *Gonzalez v.*

3    *Abercrombie & Fitch Stores, Inc.* C-03-2817-SI (settlement valued at approximately $50 million

4    in employment discrimination class action), *Zuckman v. Allied Group*, C-02-5800-SI (over $8

5    million settlement of wage and hour class action), *Butler v. Home Depot, Inc*., Case No. 94-4335-

6    SI ($87.5 million settlement and injunctive relief in employment discrimination class action

7    lawsuit), *Gross v. Mobil*, C-95-1237-SI (settlement valued at over $12.5 million in consumer

8    protection case).

9           The Court has approved of Lieff, Cabraser's work in a number of class actions.

10    For example, on June 14, 2002, the Court commented on Lieff, Cabraser's representation in the

11    *Edsaco* matter,  "Counsel for the plaintiffs did a very good job in a very tough situation of

12    achieving an excellent recovery for the class here."  (Heimann Dec., ¶ 6 .)  The Court

13    acknowledged that "[t]here were some complicated questions," and that based on the efforts of

14    counsel "it was an excellent result for the class . . . .  [T]he recovery that was achieved for the

15    class in this second trial is remarkable, almost a hundred percent."  *Id*.

16           Similarly, the Court found on January 14, 1998 that Lieff, Cabraser and

17    cocounsel's settlement of the *Home Depot* case provided "a very significant monetary payment to

18    the class members for which I think they should be grateful to their counsel . . . .  Even more

19    significant is the injunctive relief that's provided for . . . ."  (Heimann Dec., ¶ 7.)  Further, in

20    2002, the Court stated that the injunctive relief has been a "win/win . . . for everyone, because . . .

21    the way the Decree has been implemented has been very successful and it is good for the

22    company as well as the company's employees."  (Heimann Dec., ¶ 8.)  Finally, in the *Zuckman*

23    matter, Judge Illston commended counsel for their "really good lawyering" and stated that they

24    did "a splendid job on this" case.  (Heimann Dec., ¶ 9.)  In short, this Court has already

25    recognized that Lieff, Cabraser is committed to and extremely capable of obtaining the best

26    possible results for the Class.

27           As a result, sophisticated plaintiffs have retained Lieff,Cabraser to handle

28    important litigation in a number of different types of cases, inluding antitrust.  For example, the

City and County of San Francisco has retained Lieff, Cabraser to represent it in price-fixing cases brought against manufacturers of electrical carbon products. *In re Electrical Carbon Products Antitrust Litigation*, MDL No. 1514 (D.N.J.); *Electrical Carbon Products Cases*, J.C.C.P. 4294 (Cal. Sup. Ct.). Similarly, Lieff,Cabraser has been retained to handle complex securites cases on behalf of a number of institutions. *Alaska State Department of Revenue v. AOL/Time Warner*, No. 1JU-04-503 (Alaska Sup. Ct.) (co-counsel with the Alaska Attorney General in a non-class securities fraud action filed in state court which produced a $50 million settlement); *Merrill Lynch Fundamental Growth Fund v. McKesson HBOC, Inc.,* No. 02-405792 (Cal. Sup. Ct.) (counsel for two Merrill Lynch mutual funds in a private lawsuit resulting into a confidential settlement, the terms of which were satisfactory to the Merrill Lynch Funds); *see generally* http://www.lieffcabrasersecurities.com/track_record.htm.

Moreover, the individual attorneys participating in prosecuting this case have extensive experience in prosecuting antitrust and other complex matters:

Richard Heimann

Richard Heimann has over 30 years of experience in trial courts in the areas of complex antitrust and securities litigation, including class action litigation. He has tried over 30 civil jury cases, including complex cases such as *In re FPI/Agretech Securities Litigation*, MDL No. 763 (D.Haw.), a class action on behalf of investors where the jury returned a $25 million verdict, and *Claghorn v. Edsaco Ltd*., C-98-3039-SI, where the jury returned a $170.7 million verdict against Edsaco Ltd. Mr. Heimann has been named a "Northern California Super Lawyer" in Law & Politics for the past four consecutive years.

Joseph Saveri

Joseph Saveri has 20 years of experience in trial courts and before courts of appeal in the areas of antitrust and intellectual property law, as well as complex and class action litigation in the areas of securities, employment, consumer protection and general commercial litigation. Mr. Saveri has been hired by the City and County of San Francisco to prosecute claims on behalf of a class of purchasers of electrical carbon products and on behalf of the People of the State of California to pursue civil penalties in claims under the California Unfair Competition

1   Law.  He currently serves as lead counsel in federal antitrust litigation pending in this district

2   against a number of banks comprising the Star ATM Network, alleging that those banks

3   conspired to fix the price of ATM interchange fees.  *In re ATM Fee Antitrust Litigation* (N.D.

4   Cal.).  He also serves or has served as co-lead counsel in a number of other antitrust and other

5   unfair competition cases.  *Marchbanks Truck Service, Inc. v. Ceridian Corp*., Civil Action No.

6   07-cv-1128 (E.D. Pa.); *eMag Solutions, LLC, et al. v. Todo Kogyo Corp., et al.*, Case No. C-02-

7   1611 (PJH) (N.D. Cal.) (pending*); McIntosh, et al. v. Monsanto Co., et al.*, Case No.

8   4:01CV65(RWS) (E.D. Mo.) (confidential settlement); *In re Lupron Marketing and Sales*

9   *Practices Litig.*, MDL No. 1430 (D. Mass.) ($150 million settlement); *Pharmaceutical Cases I,*

10  *II, and III* ($170 million settlement), as well as numerous other class actions pending in state

11  courts throughout the United States.  He has served in leadership roles in numerous other cases as

12  well.  Mr. Saveri has amassed substantial jury trial experience in antitrust cases, including serving

13  as a member of the trial team in lawsuits involving the price-fixing of brand name prescription

14  drugs, carpets and commissions paid to travel agents.  Mr. Saveri is one of the authors of

15  *California Antitrust Law* published by the State Bar of California Antitrust and Unfair

16  Competition Section and a contributor to the California Class Action treatise.  He is also a

17  frequent lecturer, author and panelist on antitrust and complex litigation matters.

18              Eric Fastiff

19              Eric Fastiff has over 10 years of experience in representing plaintiffs in numerous

20  antitrust cases including *In re Vitamins Antitrust Litigation*, *In re Carpets Antitrust Litigation*, *In*

21  *re Compact Disc Antitrust Litigation* and the *Natural Gas Antitrust Cases.*  Mr. Fastiff has

22  represented individuals, consumer groups, business entities, and government entities.  He serves

23  at the primary Editor of *California Class Actions Practice and Procedure* and has spoken at

24  education programs about complex discovery practices.

25              Rebecca Bedwell-Coll

26              Rebecca Bedwell-Coll has over 10 years of experience prosecuting complex cases,

27  including antitrust class actions.  As a Deputy City Attorney she represented the City and County

28  of San Francisco in landmark litigation against the tobacco industry.  In private practice she has

1   continued to represent the City and County of San Francisco as well as individuals as class

2   plaintiffs in antitrust, consumer protection cases, and wage and hour class actions, including *In Re*

3   *Electrical Carbon Products,* MDL 1514 (D.N.J.), *Jefferson v. Chase,* C06-6510 TEH (N.D. Cal.)

4   *Cooper Mills Hosiery v. Honeywell,* Case No. 07-cv-1939 (D.N.J.), *Doe v. Gold Club,* Case No.

5   431683 (S.F. Sup. Ct.), *Hall v. Cinema 7,* Case No. 409105 (S.F. Sup. Ct.), and *Doe v. Darkside*

6   *Productions,* Case No. 439667 (S.F. Sup. Ct.).

### 3. Lieff, Cabraser has the Finances and Staffing Needed to Serve as Class Counsel.

8           As courts evaluating adequacy of representation at the class certification stage

9   have repeatedly held, a class is fairly and adequately represented where counsel are qualified,

10  experienced, and generally able to conduct the litigation on its behalf.  *See, e.g., In re Agent*

11  *Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993); *In re NASDAQ Market-Makers*

12  *Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement

13  where they are able to prosecute the action vigorously).  As a truly national law firm, with over

14  60 lawyers in its offices in San Francisco, New York and Nashville, Lieff Cabraser is well-

15  situated to prosecute a nationwide case such as this one.  In addition to its lawyer porfessionals,

16  which have developed a national reputation for top quality work, the firm also maintains a staff of

17  over 100 paralegals, investigators, litigation support staff and others.  Lieff, Cabraser has

18  compiled a track record of achievement and success spanning four decades.  Lieff, Cabraser has

19  served as court-appointed lead or co-lead counsel in a multitude of cases, including landmark or

20  ground-breaking litigation throughout the United States.  It is one of the oldest, largest, most

21  experienced, most well-established and most successful law firms in the country specializing in

22  the prosecution of antitrust and other types of class actions and complex cases.  *See* Heimann

23  Declaration, Ex. A; *see generally* www.lchb.com.

24          Lieff, Cabraser is ready, willing and able to commit the resources necessary to

25  litigate this case vigorously to its conclusion.  Lieff, Cabraser has already committed the full

26  resources of the firm, including the  time and efforts of three of its senior attorneys to perform

27  legal research and fact investigation in this case, and will continue to do so.  Lieff, Cabraser is

28

625071.2

- 9 -

ORDER APPOINTING INTERIM LEAD CO-COUNSEL
*Master File No. M:07-cv-1827 SI*

uniquely suited to bear the obligations and responsibilities on behalf of the Plaintiffs in this case. Alone among the firms that seek to serve as interim Class Counsel, the firm has the financial resources necessary to represent the class by itself, or together with any other counsel the Court may appoint.  Heimann Decl., ¶ 15.  Accordingly, Lieff, Cabraser easily satisfies the adequacy requirement of Rule 23(g).

**III.     CONCLUSION**

For the reasons set forth above, it is respectfully suggested that the Court appoint Lieff, Cabraser to serve as Interim Co-Lead Counsel and to allow this case to proceed expeditiously in an orderly fashion and in the interests of justice.

Dated: May 11, 2007                  Respectfully submitted,


By:_____*/s/ Richard M. Heimann*_____


Richard M. Heimann (State Bar No. 063607)
rheimann@lchb.com
Joseph R. Saveri (State Bar No. 130064)
jsaveri@lchb.com
Eric B. Fastiff (State Bar No. 182260)
efastiff@lchb.com
Rebecca Bedwell-Coll (State Bar No. 184468)
rbcoll@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Attorneys for Plaintiff Arthur Goodelman and the Proposed Class*