**United States District Court**
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION
8   _____/      MDL. No. 1827

9        This Order Relates to:                     **PRETRIAL ORDER NO. 3:  ORDER
                                                    APPOINTING INTERIM LEAD CLASS
10       ALL CASES                                  COUNSEL; DUTIES OF INTERIM LEAD
                                                    CLASS COUNSEL AND LIAISON
11   _____/      COUNSEL**

12

13   **I.      Appointment of Interim Lead Class Counsel**

14          Now pending before the Court are a number of applications pursuant to Federal Rule of Civil

15   Procedure 23(g) for appointment of Interim Lead Class Counsel.[1]  After carefully considering the

16   applications of the distinguished and experienced counsel, and the requirements of Rule 23(g)(1)(C),

17   the Court makes the following interim appointments (Fed. R. Civ. P. 23(g)(2)(B):

18   Interim Lead Counsel
19   indirect purchaser cases:      Francis O.  Scarpulla, of Zelle Hofmann Voelbel Mason & Gette, LLP
                                    Joseph M.  Alioto, of the Alioto Law Firm
20   Interim Lead Counsel
21   direct purchaser cases:        Bruce L.  Simon, of Pearson, Simon, Soter, Warshaw, and Penny, LLP,
                                    Richard Heimann, of Lieff, Cabraser, Heimann & Bernstein

22          The Court finds that each of the foregoing firms and individuals has demonstrated substantial

23   effort in identifying and investigating potential claims in this action, is experienced in litigating and

24   trying complex antitrust class actions,  has extensive knowledge of the applicable law, and has the

25   appropriate resources to properly represent the class.  These firms have also demonstrated an ability to

26

27          [1] This order disposes of Docket Nos. 9, 13, 14, 25, 29, 35, 45, 65, 88, 152, 156, 159, and 197.
     In addition, the Notice of Withdrawal of Counsel filed by Sarah Hansen on July 6, 2007 (Docket No.
28   190) is approved.

**United States District Court**
For the Northern District of California

1 work with other firms, including the various other firms representing clients in these cases, in an

2 expeditious and cooperative manner. The substantial legal talent present in this case must be effectively

3 marshaled so as to best represent the interests of the clients; it will be the responsibility of Interim Lead

4 Counsel to coordinate that effort, with the assistance of Liaison Counsel.

5

6 **II.     Duties of Interim Lead Class Counsel**

7         Interim Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf

8 of the indirect and direct purchaser plaintiffs. Interim Lead Class Counsel shall be responsible for the

9 following with regard to their respective classes:

10       a.    Supervise all pretrial, trial and post-trial proceedings on behalf of plaintiffs;

11       b.    Sign any pleadings, motions, briefs, discovery requests or objections, subpoenas or

12             notices on behalf of plaintiffs;

13       c.    Determine and present in motions, briefs, oral argument, meetings with the Special

14             Master, or such other fashion as may be appropriate, the position of all of the plaintiffs

15             as to all matters arising during pretrial and trial proceedings;

16       d.    Designate attorneys to act as spokespersons at pretrial conferences and meetings with the

17             Special Master;

18       e.    Negotiate and enter stipulations with defense counsel with respect to all matters in this

19             litigation, including discovery and settlement matters. In particular, Interim Lead Class

20             counsel are directed to meet and confer with defendants' counsel and submit a stipulation

21             as to the filing of consolidated amended complaints for the two classes;

22       f.    After the resolution of the United States' upcoming motion to stay or limit discovery,

23             develop and propose to the Court schedules for the commencement, execution and

24             completion of discovery. After the current stay on discovery is lifted, conduct or

25             coordinate discovery on behalf of plaintiffs consistent with the requirements of the

26             Federal Rules of Civil Procedure, including the preparation of joint interrogatories,

27             requests for production of documents, requests for admissions and the examination of

28             witnesses in depositions;

2

g.  Coordinate the activities of plaintiffs' counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

h.  Employ and consult with experts;

i.  Call meetings of plaintiffs' counsel when deemed appropriate;

j.  Delegate tasks to counsel for plaintiffs and otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties as the Interim Lead Class Counsel deem necessary or as authorized by further order of the Court; and

k.  Work with plaintiffs' Liaison Counsel to ensure that all plaintiffs' counsel are kept informed of the progress of this litigation as necessary.

## II.  Duties of Liaison Counsel

At the July 20, 2007 status conference the Court appointed Elizabeth Prizker, Esq., as Interim Liaison Counsel for the direct purchaser plaintiffs, Jack Lee, Esq., as Interim Liaison Counsel for the indirect purchaser plaintiffs, and Albert Boro, Esq., as Liaison Counsel for defendants.  In addition to the duties set forth in Pretrial Order No. 1, the duties of Liaison Counsel are as follows:

a.  On a monthly basis, plaintiffs' Liaison Counsel shall collect reports of contemporaneously-prepared attorney- and paralegal-time and expense records from each plaintiffs' firm.  The reports shall include contemporaneous records for anyone whose time is expected to be included in any fee petition;

b.  Defendants' Liaison Counsel shall collect reports of contemporaneously-prepared attorney- and paralegal-time and expense records from any defendant who expects to seek reimbursement for any fees or expenses through motion made to the Court.  The reports shall include contemporaneous records for anyone whose time is expected to be included in any fee request;

c.  Between formal hearings or appearances, Liaison Counsel shall serve as a contact point between the parties and the Court.  Matters which the parties desire to bring to the Court's attention between hearings or on an informal basis may be presented by Liaison Counsel as needed; and the Court will contact Liaison Counsel on an as-needed basis to

assure consistent management of these cases.

**IT IS SO ORDERED.**

Dated: July 13, 2007

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California