IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>ALL CASES / | **ORDER GRANTING UNITED STATES' MOTION TO STAY DISCOVERY** |

On September 19, 2007, the Court heard argument on the United States' motion for a partial stay of discovery. (Docket No. 238). Although the government initially sought a complete stay on discovery for one year, at the hearing the government stated that it was amenable to a partial stay similar to the stay ordered in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, M 02-1486 PJH.[1] At the hearing, plaintiffs also stated that they were agreeable to the *DRAM* stay. The main point of disagreement between the government and plaintiffs relates to the production of documents provided to the grand jury; such discovery was permitted based upon the stipulation of the parties and the government in the *DRAM* litigation.

The government contends that the criminal investigation into possible antitrust violations in the LCD industry warrants a stay of document discovery, and that the circumstances of the LCD investigation differ from those in the *DRAM* proceedings. At the hearing, the Court requested a supplemental showing from the government regarding the specific differences between this proceeding

---

[1] Defendants filed a response stating their view that a complete stay was appropriate. At the hearing, defendants did not oppose the partial stay proposed by the government, and stated only that they believed any discovery should not commence until after the filing of consolidated amended complaints, or after the resolution of any motions to dismiss. The Court finds that it is appropriate for the discovery permitted by this order to commence after the filing of the consolidated amended complaints.

and *DRAM*. On September 21, 2007, the government filed an under seal Supplemental Declaration of Niall Lynch. After review of that declaration, and consideration of the factors set forth in *Federal Savings and Loan Insurance Corporation v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989), the Court finds that a temporary stay of document discovery is warranted. The government has sufficiently demonstrated that production of documents produced to the grand jury would reveal the nature, scope and direction of the ongoing criminal investigation, as well as the identities of others who may be providing evidence to the grand jury or the government, and the identities of potential witnesses and targets.[2] The Court also finds that plaintiffs' interests will not be substantially affected by a temporary stay on document discovery. Under the pretrial schedule set forth in Pretrial Order No. 5, the parties will be litigating anticipated motions to dismiss through April 2008, and the Court will review the need, if any, for a further stay on document discovery at a status conference in May 2008.

Accordingly, the Court enters the following order:

1. Until further order of the Court, and except as provided herein, no discovery shall be conducted in these cases, including without limitation, any initial disclosure obligations under Fed. R. Civ. P. 26 or the local rules of this Court, document requests, interrogatories, nonparty subpoenas, requests to admit, or depositions. The limitations on discovery set forth in this Order may be lifted or modified on motion of any party at any time for good cause shown. The Court shall conduct a Discovery Status Conference on May 21, 2008 at 2:00 p.m. to address the course of discovery and the continuing need, if any, for the limitations on discovery set forth in this Order.

2. Within 30 days of entry of a Protective Order, and after the filing of consolidated amended complaints, each plaintiff shall produce (a) all documents referred to in the plaintiff's complaint, and (b) for each LCD product purchased during the class period as defined in the respective consolidated amended complaints, documents sufficient to identify the seller, the particular product or part purchased, the quantities purchased, and the prices paid by plaintiffs.

3. Plaintiffs and defendants shall produce the following information pursuant to formal

---

[2] The Court recognizes that plaintiffs have not been able to review the government's under seal declarations. The Court finds that although such under seal filings are not permitted in the normal course, here the under seal filings were necessary due to the unusual circumstances of the parallel grand jury proceedings and the nature of the documents produced to the grand jury.

2

discovery requests: (a) monthly, quarterly and yearly statistical data concerning aggregate sales or purchases of LCD products by the respective plaintiff or defendant within the class period(s); (b) identification of the types of products purchased or sold by the respective plaintiff or defendant during such time period; and (c) identification of sales, marketing or distribution channels used by the respective plaintiff or defendant during the time period. To the extent that interrogatories are used to request this information, the interrogatories may not call for narrative responses, and it shall be sufficient for the responding party to refer the requesting party to documents provided. However, interrogatories requesting the information listed in subsection (c) above may require the responding party to identify any channels it used during the relevant time period. With respect to interrogatories directed to any plaintiff, the information sought in these interrogatories is not intended to be any different from the information mentioned in the preceding paragraph.

4. Plaintiffs and defendants shall be permitted to serve interrogatories seeking the identity of persons in positions of management or control of their respective LCD operations, including any directors, officers, managing agents, and employees as well as interrogatories regarding the storage, location, retention, destruction or identity of corporate records. The interrogatories may not seek narrative answers, but may ask for the names, positions, dates of employment/tenure, and addresses for each during the class period. In lieu of providing answers, a defendant may produce corporate organization charts, policy manuals, procedures or other documents which contain responsive information for the relevant time period.

5. No depositions may be taken, except that depositions may be taken of defendants' customers or suppliers, or their employees, provided in any case that the deponent is not a former employee of any defendant. No questions may be asked about the grand jury proceedings or the witness' testimony, if any, before the grand jury or communications with the United States relating to the grand jury proceedings. If any such question is asked, counsel may direct the witness not to answer.

6. No deposition may be taken on less than three weeks notice absent agreement of all parties and the United States, or as the Court may order for good cause shown. All discovery requests and notices of deposition shall be served upon the United States at the same time as served on any party. Absent further order of the Court for good cause shown, no responses to any interrogatories, nor

transcripts of depositions, shall be provided to any non-party (except the United States as set forth below); nor shall any party provide to any non-party (except (a) personnel working on this case on behalf of a party, or (b) the United States as set forth below), any information concerning the contents of any interrogatory response or deposition.  For purposes of ensuring that the terms of this Order are enforced, the United States will be permitted to review (but not copy) all discovery produced by any party, including deposition transcripts and responses to interrogatories and requests for admissions.

7. To the extent that any defendant denies in its response to the consolidated amended complaints that the Court lacks personal jurisdiction over that defendant, plaintiffs shall be allowed to take discovery relating to the issue of jurisdiction over that defendant.

**IT IS SO ORDERED.**

Dated: September 25, 2007

SUSAN ILLSTON
United States District Judge