IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| / | MDL. No. 1827 |
| This Order Relates to: | **PRETRIAL ORDER NO. 5: CASE MANAGEMENT** |
| ALL CASES / | |

On September 19, 2007, the Court held a case management conference in this multi-district litigation proceeding. In order to manage this proceeding efficiently, the Court hereby establishes the following procedures:

**Communication with the Court and Counsel**

1.  Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing and electronically filed.

2.  The Court recognizes that cooperation by and among plaintiffs' counsel, and by and among defendants' counsel, is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel, and among and between defendants' counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work-product. Cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

**Amendment of Pleadings**

3. Interim co-lead counsel for the direct purchaser plaintiffs and the indirect purchaser plaintiffs shall file separate consolidated amended complaints by the date set forth below.

4. Plaintiffs shall complete service of the consolidated amended complaints, and defendants shall file their responsive pleadings, according to the schedule set forth below. Defendants responding by motion shall coordinate among themselves and file one joint motion for the direct purchaser consolidated amended complaint, and a separate joint motion for the indirect purchaser consolidated amended complaint, except that any defendant or group of defendants may file separate motions regarding issues individual to that defendant or group of defendants.

**Pretrial Schedule for all Actions through Hearing on Motions**

| | |
|---|---|
| November 5, 2007 | Last day for direct purchaser plaintiffs and indirect purchaser plaintiffs to file consolidated amended complaints. |
| January 4, 2008 | Last day for direct and indirect purchaser plaintiffs to complete service of consolidated amended complaints on all defendants. |
| February 19, 2008 | Last day for served defendants to respond to consolidated amended complaints in the direct and indirect purchaser actions. |
| March 20, 2008 | Last day for direct and indirect purchaser plaintiffs to file responses to motions to dismiss. |
| April 3, 2008 | Last day for served defendants to file replies in support of motions to dismiss. |
| April 30, 2008 at 2:00 p.m. | Hearing on motions to dismiss. |

**Further Case Management Conference**

5. A further case management conference is set for January 16, 2008 at 2:00 p.m. The parties shall meet and confer prior to the January 16, 2008 conference regarding a proposed schedule for filing of class certification motions. The parties shall endeavor to file a joint proposed pretrial schedule seven calendar days before the conference. If the parties are unable to agree on a joint proposal, they shall file separate proposals seven calendar days before the conference. In addition to

electronically filing any proposed orders, counsel shall also e-mail a copy of proposed orders in Wordperfect format to the Court's courtroom deputy, Tracy Sutton at Tracy_Sutton@cand.uscourts.gov.

**Service of Papers and Pleadings**

6.   Plaintiffs' liaison counsel shall prepare and present to the Court a final set of requests for letters rogatory to effect proper service on Taiwanese defendants, and on any other defendants as to whom a similar process will be required. Prior to presenting the final requests to the Court, the parties shall discuss them with Judge Smith (see para. 25 below), to determine when and with which complaint(s) – individual complaints, consolidated amended complaints, or some combination – such service should be effected.

7.   Certain defendants have entered into stipulations with plaintiffs in the direct purchaser action and/or the indirect purchaser action whereby they have agreed to waive further service of process after the initial service of process in any one action, as applicable. With regard to those defendants who have been properly served in their respective actions and have entered into such stipulations, service of the consolidated amended complaints shall be deemed effective upon filing with the Court's ECF system.

8.   Defendants who have not yet decided whether they will enter into the stipulations described in the preceding paragraph shall report to plaintiffs' interim co-lead counsel **no later than October 2, 2007** whether they will enter into such stipulations.

**Disclosures**

9.   Within 14 days of the Court's ruling on the stay motion, the parties, through their working groups, shall meet and confer to the discuss the scope of preservation and production of electronically stored information, ESI protocols for the search and production of data, the format in which the electronic data will be produced, and any other issues regarding the search, production, and format of electronic data.

10.  Within 45 days following completion of service of the consolidated amended complaints,

3

the parties shall comply with the ADR certification requirements set forth in the Federal Rules of Civil Procedure and the Civil Local Rules.

**Discovery**

11. Discovery in the consolidated direct and indirect purchaser actions shall be coordinated. Interim co-lead counsel for the putative direct and indirect purchaser classes shall be responsible for coordination between the direct and indirect actions.

12. Interim co-lead counsel, or their designees, shall engage in their best efforts to conduct discovery efficiently and without duplication. They shall maintain a single electronic document depository for documents relevant to common issues to the direct and indirect plaintiffs. The reasonable costs of document production and the document depository shall be shared among plaintiffs.

13. Any discovery requests, including written discovery, deposition notices, or subpoenas served in this MDL proceeding, shall be served on plaintiffs' interim co-lead and liaison counsel, who shall be the only plaintiffs' counsel who must be served with discovery requests and responses, and on counsel for each defendant. During the pendency of the partial stay on discovery, all discovery requests and notices of deposition shall be served upon the United States at the same time as served on any party.

14. Except to the extent inconsistent with any Protective Order entered in this case, counsel representing any party in this MDL proceeding shall be entitled to receive copies of all discovery, at their own expense, taken in this proceeding.

15. By participating in this joint discovery, no party waives any objection to the use, in any form, of any discovery obtained in the direct or indirect actions.

16. Prior to the next case management conference, interim co-lead and liaison counsel shall meet and confer on potential steps to streamline written discovery, including stipulations to deem written discovery served in the MDL proceeding in either the direct actions or the indirect actions as if it also has been served in the other set of actions.

17. Plaintiffs' interim co-lead counsel, or their designees, shall meet and confer in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, the direct and indirect plaintiffs shall use their best efforts to not duplicate interrogatories,

4

requests for admission, and requests for documents. Duplication is a proper objection to written discovery requests.

18. Counsel shall, to the extent possible, combine their interrogatories to any one party into a single set of questions. No question shall be asked to a party that has already been answered by that party in response to interrogatories filed by another party unless there is reason to believe that a different answer will be given.

19. Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests to the same party in this proceeding or in similar proceedings. No party shall request documents already produced in this case and made available to it at a document depository established for this case.

20. The parties, through plaintiffs' interim co-lead and liaison counsel, defendants' liaison counsel, or their designees, shall meet and confer in good faith so that depositions shall be jointly scheduled, noticed and taken. The parties shall meet and confer before the next case management conference to discuss specific deposition procedures.

21. The parties shall meet and confer and establish a procedure to authenticate documents produced in discovery and their qualification as business records under Federal Rule of Evidence 803, if applicable.

**Miscellaneous Pretrial Matters**

22. Any defendants who have not yet provided comments on the proper corporate identities for their respective family of defendants shall do so **no later than October 2, 2007**.

23. The parties shall complete their meet and confer regarding the protective order **no later than October 2, 2007**.

**Meeting with Judge Smith**

24. All parties are directed to finalize their internal arrangements concerning payment of Judge Smith's fees **no later than October 2, 2007.** Liaison counsel shall confirm to Judge Smith that such arrangements have been finalized.

25. Plaintiffs' interim co-lead and liaison counsel and defendants' liaison counsel shall meet with Judge Smith **no later than October 26, 2007** to discuss with her the status of the case and any outstanding issues or disputes related to the following: (a) the list of defendants referenced in Paragraph 22; (b) stipulations regarding waiving subsequent service of process after the initial service of process in each action, discussed in Paragraph 7; (c) stipulations concerning timing and content of letters rogatory for service of Taiwanese or other foreign defendants; (d) the protective order; (e) protocol regarding current employees of defendants whose employment status changes during the pendency of this litigation (issues include the retention, destruction, or production of documents relating to such persons, and the mechanism for noticing depositions once the partial stay on such discovery is lifted); and (f) any other outstanding management or discovery issues outstanding at the time of the conference. In addition, if necessary the parties shall meet with Judge Smith prior to the January 16, 2008 case management conference to advise her of any matters that may need to be decided by her before the January conference.

**Applicability of Order**

26. This Order shall apply to all actions subsequently filed in, or transferred to, this District that are related to this MDL proceeding. Any party objecting to the application of this Order to a subsequently filed or transferred case shall file a motion for relief supported by good cause within 30 days of the case being added to the Master Docket.

**IT IS SO ORDERED.**

Dated: September 25, 2007

_____
SUSAN ILLSTON
United States District Judge