1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| | No.: M-07-1827 SI |
| In Re TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | MDL NO. 1827 |
| | **STIPULATED PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL ACTIONS. | |

16

### 1. PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the

1 procedures that must be followed and reflects the standards that will be applied when a party

2 seeks permission from the Court to file material under seal, and is hereby incorporated by

3 reference.

**2. DEFINITIONS.**

5 2.1 Party: any party to this action, including all of its officers, directors,

6 and employees.

7 2.2 Disclosure or Discovery Material: all items or information, regardless

8 of the medium or manner generated, stored, or maintained (including, among other things,

9 documents, testimony, transcripts, or tangible things) that are produced or generated in

10 disclosures or responses to discovery in this matter.

11 2.3 Confidential Information or Items: information (regardless of how

12 generated, stored or maintained) or tangible things that qualify for protection under standards

13 developed under Fed.R.Civ.P. 26(c).

14 2.4 Highly Confidential Information or Items: extremely sensitive

15 Confidential Information or Items whose disclosure to another Party or non-party would create

16 a substantial risk of injury that could not be avoided by less restrictive means.

17 2.5 Receiving Party: a Party that receives Disclosure or Discovery Material

18 from a Producing Party.

19 2.6 Producing Party: a Party or non-party that produces Disclosure or

20 Discovery Material in this action.

21 2.7. Designating Party: a Party or non-party that designates information or

22 items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

23 Confidential."

24 2.8 Protected Material: any Disclosure or Discovery Material that is

25 designated as "Confidential" or as "Highly Confidential."

26 2.9. Outside Counsel: attorneys, along with their paralegals, and other

27 support personnel, who are not employees of a Party but who are retained to represent or

28 advise a Party in this action.

STIPULATED PROTECTIVE ORDER

1         2.10    In House Legal Personnel: attorneys and other personnel employed by

2 a Party to perform legal functions who are responsible for overseeing this litigation for the

3 Party.

4         2.11    Counsel (without qualifier): Outside Counsel and In House Legal

5 Personnel (as well as their support staffs, including but not limited to attorneys, paralegals,

6 secretaries, law clerks, and investigators).

7         2.12    Expert and/or Consultant: a person with specialized knowledge or

8 experience in a matter pertinent to the litigation, along with his or her employees and support

9 personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as

10 a consultant in this action, and who is not currently an employee, nor has been an employee

11 within four years of the date of entry of this Order, of a Party or of a TFT-LCD business unit

12 of a non-party, and who, at the time of retention, is not anticipated to become an employee of

13 a Party or of a TFT-LCD business unit of a non-party. This definition includes a professional

14 jury or trial consultant retained in connection with this litigation.

15         2.13    Professional Vendors: persons or entities that provide litigation support

16 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

17 organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and

18 subcontractors.

19         **3.**     **SCOPE.**

20         The protections conferred by this Stipulated Protective Order cover not only

21 Protected Material (as defined above), but also any information copied or extracted therefrom,

22 as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

23 conversations, or presentations by Parties or Counsel in settings that might reveal Protected

24 Material. However, this Order shall not be construed to cause any Counsel to produce, return,

25 and/or destroy their own attorney work product, or the work product of their co-counsel.

26         **4.**     **DURATION.**

27         The confidentiality obligations imposed by this Order shall remain in effect until

28 the Designating Party agrees otherwise in writing or this Court orders otherwise.

STIPULATED PROTECTIVE ORDER

**5.    DESIGNATING PROTECTED MATERIAL.**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may notify all Parties, in writing, of the error and identifying (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material.

4

STIPULATED PROTECTIVE ORDER

(b) <u>for testimony given in deposition</u>, that a Party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before the deposition is concluded, or in writing on or before the later of (i) fourteen days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Stipulated Protective Order.  The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.

(c) <u>for information produced in electronic or video format, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is re-designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5

STIPULATED PROTECTIVE ORDER

5.4     <u>Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties</u>. Subject to the standards of paragraph 5.1, a Party may increase the designation (*i.e.*, change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward Designating Party's own Confidential or Highly Confidential Information. Any such increase in the designation of a document shall be made within 90 days of the date of its production, unless good cause is shown for a later increase in the designation.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1     <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge and identify the challenged material, then conferring directly in voice to voice dialogue (other

6

1    forms of communication are not sufficient) with counsel for the Designating Party. The Parties

2    must then meet and confer in good faith. Each Party must explain the basis for its respective

3    position about the propriety of the challenged confidentiality designations. The parties shall

4    have fourteen (14) days from the initial notification of a challenge to complete this meet and

5    confer process.

6         6.3    Judicial Intervention. In any judicial proceeding challenging a

7    confidentiality designation, the burden of persuasion with respect to the propriety of the

8    confidentiality designation shall remain upon the Designating Party. If the parties are not able

9    to resolve a dispute about a confidentiality designation within the time provided in paragraph

10   6.2, above, the parties shall, within fourteen (14) days thereafter, prepare and present to the

11   Special Master a joint letter brief that identifies the challenged material and sets forth the

12   respective positions of the parties about the propriety of the challenged confidentiality

13   designations. Until the ruling on the dispute becomes final pursuant to the provisions of

14   Pre-Trial Order No. 4, all parties shall continue to afford the material in question the level of

15   protection to which it is entitled under the Designating Party's designation.

16        In the event that the final ruling is that the challenged material is not confidential

17   or that its designation should be changed, the Designating Party shall reproduce copies of all

18   materials with their designations removed or changed in accordance with the ruling within

19   thirty (30) days at the expense of the Designating Party.

20   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

21        7.1    Basic Principles. A Receiving Party may use Protected Material that is

22   disclosed or produced by a Producing Party only in connection with this action for prosecuting,

23   defending, or attempting to settle this action. Such Protected Material may be disclosed only

24   to the categories of persons and under the conditions described in this Order. When the

25   litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

26   below (FINAL DISPOSITION).

27        Protected Material must be stored and maintained by a Receiving Party at a

28   location and in a secure manner that ensures that access is limited to the persons authorized

7

STIPULATED PROTECTIVE ORDER

1  under this Order.  For purposes of this Order, a secure website, or other internet-based

2  document depository with adequate security, shall be deemed a secure location.

3         7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

4  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

5  Party may disclose any information or item designated "CONFIDENTIAL" only to:

6         (a)     the Receiving Party's Outside Counsel of record in this action, as well as

7  employees of said counsel to whom it is reasonably necessary to disclose the

8  information for this litigation;

9         (b)     current or former officers, directors, and employees of Parties to whom

10  disclosure is reasonably necessary for this litigation and who have signed the

11  "Agreement To Be Bound by Protective Order" (Exhibit A);

12         (c)     Experts and/or Consultants with respect to each of whom (1) disclosure

13  is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

14  Protective Order" (Exhibit A) has been signed;

15         (d)     the Court and its personnel;

16         (e)     stenographers, their staffs, and professional vendors to whom disclosure

17  is reasonably necessary for this litigation and who have signed the "Agreement To Be

18  Bound by Protective Order" (Exhibit A);

19         (f)     the author, addressees, or recipients of the document, or any other

20  natural person who would have likely reviewed such document during his or her

21  employment as a result of the substantive nature of his or her employment position,  or

22  who is specifically identified in the document, or whose conduct is purported to be

23  specifically identified in the document;

24         (g)     witnesses in the action to whom disclosure is reasonably necessary for

25  this litigation and who have signed the "Agreement To Be Bound by Protective Order"

26  (Exhibit A); provided that, Confidential Information may be disclosed to a witness

27  during their deposition, but only if they have executed the "Agreement to Be Bound by

28  Protective Order" (Exhibit A), which shall be made an exhibit to the deposition

STIPULATED PROTECTIVE ORDER

1    transcript, or have agreed on the record to keep the information confidential and not to

2    use it for any purpose, or have been ordered to do so; and provided further, that, pages

3    of transcribed deposition testimony or exhibits to depositions that reveal Confidential

4    Information must be marked "Confidential" and separately bound by the court reporter

5    and not included in the main deposition transcript and exhibit binder, and may not be

6    disclosed to anyone except as permitted under this Stipulated Protective Order; and

7            (h)     any other person to whom the Designating Party agrees in writing or on

8    the record, and any other person to whom the Court compels access to the Confidential

9    Information.

10           7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

11   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

12   Receiving Party may disclose any information or item designated "HIGHLY

13   CONFIDENTIAL" only to:

14           (a)     the Receiving Party's Outside Counsel of record in this action, as well as

15   employees of said counsel to whom it is reasonably necessary to disclose the

16   information for this litigation;

17           (b)     Experts and/or Consultants with respect to each of whom (1) disclosure

18   is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

19   Protective Order" (Exhibit A) has been signed;

20           (c)     the Court and its personnel;

21           (d)     stenographers, their staffs, and professional vendors to whom disclosure

22   is reasonably necessary for this litigation and who have signed the "Agreement to Be

23   Bound by Protective Order" (Exhibit A);

24           (e)     the author, addressees or recipients of the document, or any other

25   natural person who would have likely reviewed such document during his or her

26   employment as a result of the substantive nature of his or her employment position, or

27   who is specifically identified in the document, or whose conduct is purported to be

28   specifically identified in the document;

STIPULATED PROTECTIVE ORDER

1      (f)      deposition witnesses but only during their depositions and only if they

2      have executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which

3      shall be made an exhibit to the deposition transcript, or have agreed on the record to

4      keep the information confidential and not to use it for any purpose, or have been

5      ordered to do so; and in addition, if the witness is an employee of a Party or is a former

6      employee of a Party, then In House Legal Personnel of the Party in attendance at the

7      deposition of such a witness, may also be present during that portion of the deposition

8      but only if the In House Legal Personnel has signed the "Agreement to Be Bound by

9      Protective Order" (Exhibit A); provided that, pages of transcribed deposition testimony

10     or exhibits to depositions that reveal Highly Confidential Information must be marked

11     "Highly Confidential" and separately bound by the court reporter and not included in

12     the main deposition transcript and exhibit binder, and may not be disclosed to anyone

13     except as permitted under this Stipulated Protective Order; and provided, further that,

14     the parties will meet and confer if the Designating Party believes a particular document

15     requires different treatment for use at deposition; and

16     (g)      any other person to whom the Designating Party agrees in writing or on

17     the record, and any other person to whom the Court compels access to the Highly

18     Confidential Information.

19     7.4      Retention of Exhibit A.  Outside Counsel for the Party that obtains the

20     signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall

21     retain them for one year following the final termination of this action, including any appeals,

22     and shall make them available to other Parties upon good cause shown.

23     7.5      Retention of Protected Material.  Persons who have been shown

24     Protected Material pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) or (f) shall not

25     retain copies of such Protected Material.

26

27

28

STIPULATED PROTECTIVE ORDER

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

11

**10.     FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.     FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.     INADVERTENTLY PRODUCED DOCUMENTS.**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.

12

STIPULATED PROTECTIVE ORDER

1  The Receiving Party shall immediately return all copies of such documents, testimony,

2  information and/or things to the inadvertently producing Party and shall not use such items for

3  any purpose until further order of the Court.  In all events, such return must occur within three

4  (3) business days of receipt of notice or discovery of the inadvertent production.  The return of

5  any discovery item to the inadvertently producing Party shall not in any way preclude the

6  Receiving Party from moving the Court for a ruling that the document or thing was never

7  privileged.

8  **13.    ATTORNEY RENDERING ADVICE**

9  Nothing in this Protective Order will bar or otherwise restrict an attorney from

10  rendering advice to his or her client with respect to this matter or from relying upon or

11  generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or

12  Discovery Material in rendering such advice; provided however, that in rendering such advice

13  or in otherwise communicating with his or her client, the attorney shall not reveal or disclose

14  the specific content thereof if such disclosure is not otherwise permitted under this Protective

15  Order.

16  **14.    DISPOSITIVE MOTION HEARINGS AND TRIAL**

17  The terms of this Protective Order shall govern in all circumstances except for

18  presentations of evidence and argument at hearings on dispositive motions and at trial.  The

19  parties shall meet and confer in advance of such proceedings and seek the guidance of the Court

20  as to appropriate procedures to govern such proceedings.

21  **15.    MISCELLANEOUS.**

22  15.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

23  person to seek its modification by the Court in the future.

24  15.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

25  Protective Order no Party waives any right it otherwise would have to object to disclosing or

26  producing any information or item on any ground not addressed in this Stipulated Protective

27  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any

28  of the material covered by this Protective Order.

13

STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED.**

PEARSON, SIMON, SOTER, WARSHAW &
PENNY, LLP

By: _____
Bruce L. Simon

Bruce L. Simon (State Bar No. 96241)
44 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:       (415) 433-9000
Facsimile:        (415) 433-9008

Interim Co-Lead Counsel for the Direct Purchaser
Plaintiffs

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
Richard M. Heimann

Richard M. Heimann (State Bar No. 63607)
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:       (415) 956-1000
Facsimile:        (415) 956-1008

Interim Co-Lead Counsel for the Direct Purchaser
Plaintiffs

GIRARD GIBBS, LLP

By: _____
Elizabeth C. Pritzker

Elizabeth C. Pritzker (State Bar No. 146267)
601 California Street, Suite 1400
San Francisco, CA  94108
Telephone:       (415) 981-4800
Facsimile:        (415) 981-4846

Interim Liaison Counsel for the Direct Purchaser
Plaintiffs

14

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZELLE HOFMANN VOELBEL MASON &
GETTE LLP

By: _Francis O. Scarpulla_

Francis O. Scarpulla

Francis O. Scarpulla (State Bar No. 41059)
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:      (415) 693-0700
Facsimile:      (415) 693-0770

Interim Co-Lead Counsel for the Indirect Purchaser
Plaintiffs


ALIOTO LAW FIRM

By: _Joseph M. Alioto_

Joseph M. Alioto

Joseph M. Alioto (State Bar No. 42680)
555 California Street, Suite 3160
San Francisco, CA 94104
Telephone:      (415) 434-8900
Facsimile:      (415) 434-9200

Interim Co-Lead Counsel for the Indirect Purchaser
Plaintiffs


MINAMI TAMAKI LLP

By: _Jack W. Lee_

Jack W. Lee

Jack W. Lee (State Bar No. 71626)
360 Post Street, 8th Floor
San Francisco, California 94108
Telephone:      (415) 788-0204
Facsimile:      (415) 398-3887

Interim Liaison Counsel for the Indirect Purchaser
Plaintiffs

STIPULATED PROTECTIVE ORDER

1

2

3  PILLSBURY WINTHROP SHAW PITTMAN LLP

4  By: *Albert J. Boro, J.*
       Albert J. Boro, Jr.

5  Albert J. Boro, Jr. (State Bar No. 126657)
   50 Fremont Street
6  San Francisco, CA 94105
   Telephone: (415) 983-1000
7  Facsimile:      (415) 983-1200

8  Attorneys for Defendants Sharp Corporation and
   Sharp Electronics Corporation

9

10  SEDGWICK, DETERT, MORAN & ARNOLD LLP

11

12  By: _____
              Michael Healy

13

14  Michael Healy (State Bar No. 95098)
    One Market Plaza
15  Steuart Tower, 8th Floor
    San Francisco, CA 94105
16  Tel:     (415) 781-7900
    Fax:     (415) 781-2635

17  Attorneys for Defendant
18  AU Optronics Corporation America

19  WILMER CUTLER PICKERING HALE AND DORR
20  LLP

21  By: _____
            Steven F. Cherry

22

23  Steven F. Cherry (*pro hac vice*)
    1875 Pennsylvania Avenue NW
24  Washington, DC 20006
    Tel:     (202) 663-6000
25  Fax:     (202) 663-6363

26  Attorneys for Defendants Chi Mei Optoelectronics USA,
27  Inc., CMO Japan Co., Ltd., and Nexgen Mediatech USA,
    Inc.

28

16

STIPULATED PROTECTIVE ORDER

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
　　　　　　　　　Michael Healy

Michael Healy (State Bar No. 95098)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel:　　　(415) 781-7900
Fax:　　　(415) 781-2635

Attorneys for Defendant
AU Optronics Corporation America

WILMER CUTLER PICKERING HALE AND DORR
LLP

By: _____
　　　　　　　　　Steven F. Cherry

Steven F. Cherry (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel:　　　(202) 663-6000
Fax:　　　(202) 663-6363

Attorneys for Defendants Chi Mei Optoelectronics
USA, Inc., CMO Japan Co., Ltd., and Nexgen
Mediatech USA, Inc.

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
　　　　　　　　　Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:　　　(415) 856-7000
Fax:　　　(415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation

17

STIPULATED PROTECTIVE ORDER

1    SEDGWICK, DETERT, MORAN & ARNOLD LLP

2

3    By: _____
                    Michael Healy
4

5    Michael Healy (State Bar No. 95098)
     One Market Plaza
6    Steuart Tower, 8th Floor
     San Francisco, CA 94105
7    Tel:      (415) 781-7900
     Fax:      (415) 781-2635
8

9    Attorneys for Defendant
     AU Optronics Corporation America
10

11   WILMER CUTLER PICKERING HALE AND DORR
     LLP
12
     By: _____
13                  Steven F. Cherry

14   Steven F. Cherry (*pro hac vice*)
     1875 Pennsylvania Avenue NW
15   Washington, DC 20006
     Tel:      (202) 663-6000
16   Fax:      (202) 663-6363

17   Attorneys for Defendants Chi Mei Optoelectronics
     USA, Inc., CMO Japan Co., Ltd., and Nexgen
18   Mediatech USA, Inc.
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
19

20

21   By: _____
                    Kevin C. McCann
22

23   Kevin C. McCann (State Bar No. 120874)
     55 Second Street, 24th Floor
24   San Francisco, CA 94105
     Tel:      (415) 856-7000
     Fax:      (415) 856-7100
25

26   Attorneys for Defendants Epson Electronics America,
     Inc. and Epson Imaging Devices Corporation
27

28

                              17
     _____
     STIPULATED PROTECTIVE ORDER

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
      Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:      (415) 856-7000
Fax:      (415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation


MORGAN, LEWIS & BOCKIUS LLP



By: _____
      Kent M. Roger

Kent M. Roger (State Bar No. 95987)
One Market
Spear Street Tower
San Francisco, CA 94105
Tel.:     (415) 442-1000
Fax:      (415) 442-1001

Attorneys for Defendants Hitachi Electronic Devices
(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.


WINSTON & STRAWN LLP



By: _____
      Lawrence R. Desideri

Lawrence R. Desideri (*pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:      (312) 558-7883
Fax:      (312) 558-5700

Attorneys for Defendant
LG Electronics USA, Inc.

17

STIPULATED PROTECTIVE ORDER

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
          Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:      (415) 856-7000
Fax:      (415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation

MORGAN, LEWIS & BOCKIUS LLP

By: _____
          Kent M. Roger

Kent M. Roger (State Bar No. 95987)
One Market
Spear Street Tower
San Francisco, CA 94105
Tel.:     (415) 442-1000
Fax:      (415) 442-1001

Attorneys for Defendants Hitachi Electronic Devices
(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.

WINSTON & STRAWN LLP

By: _____
          Lawrence R. Desideri

Lawrence R. Desideri (*pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:      (312) 558-7883
Fax:      (312) 558-5700

Attorneys for Defendant
LG Electronics USA, Inc.

17

STIPULATED PROTECTIVE ORDER

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
        Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:        (415) 856-7000
Fax:        (415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation

MORGAN, LEWIS & BOCKIUS LLP

By: _____
        Kent M. Roger

Kent M. Roger (State Bar No. 95987)
One Market
Spear Street Tower
San Francisco, CA 94105
Tel.:       (415) 442-1000
Fax:        (415) 442-1001

Attorneys for Defendants Hitachi Electronic Devices
(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.

WINSTON & STRAWN LLP

By: _____
        Michael P. Mayer

Lawrence R. Desideri (*pro hac vice*)
Michael P. Mayer (*pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:        (312) 558-7883
Fax:        (312) 558-5700

Attorneys for Defendant
LG Electronics USA, Inc.

17

STIPULATED PROTECTIVE ORDER

MORGAN, LEWIS & BOCKIUS LLP

By: _____
                    Kent M. Roger

Kent M. Roger (State Bar No. 95987)
One Market
Spear Street Tower
San Francisco, CA 94105
Tel.:      (415) 442-1000
Fax:      (415) 442-1001

Attorneys for Defendants Hitachi Electronic Devices
(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.


WINSTON & STRAWN LLP


By: _____
                    Lawrence R. Desideri

Lawrence R. Desideri (*pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:      (312) 558-7883
Fax:      (312) 558-5700

Attorneys for Defendant
LG Electronics USA, Inc.


CLEARY GOTTLIEB STEEN & HAMILTON LLP


By: _Michael R. Lazerwitz_____
                    Michael R. Lazerwitz

Michael R. Lazerwitz (*pro hac vice*)
2000 Pennsylvania Avenue NW
Washington, DC 20006
Tel.:      (202) 974-1680
Fax:      (202) 974 1999

Attorneys for Defendants LG.Philips LCD America,
Inc. and LG.Philips LCD Co., Ltd.

18

STIPULATED PROTECTIVE ORDER

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By: _____
                    Michael R. Lazerwitz

Michael R. Lazerwitz (*pro hac vice*)
2000 Pennsylvania Avenue NW
Washington, DC 20006
Tel.:      (202) 974-1680
Fax:      (202) 974 1999

Attorneys for Defendants LG.Philips LCD America, Inc.
and LG.Philips LCD Co., Ltd.


DUANE MORRIS LLP


By: _____
                    George D. Niespolo

George D. Niespolo (State Bar No. 72107)
One Market Street
Spear Tower, 20th Floor
San Francisco, CA 94105
Tel.:      (415) 957-3013
Fax:      (415) 957-3001

Attorneys for Defendants NEC Electronics America, Inc.


SHEPPARD MULLIN RICHTER & HAMPTON LLP


By: _____
                    James L. McGinnis

James L. McGinnis (State Bar No. 95788)
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Tel:      (415) 434-9100
Fax:      (415) 434-3947

Attorneys for Defendants Samsung Electronics America,
Inc., Samsung Semiconductor, Inc. and Samsung
Electronics Co., Ltd.

18

STIPULATED PROTECTIVE ORDER

1    CLEARY GOTTLIEB STEEN & HAMILTON LLP

2

3    By: _____
                    Michael R. Lazerwitz

4
     Michael R. Lazerwitz (*pro hac vice*)
5    2000 Pennsylvania Avenue NW
     Washington, DC 20006
6    Tel.:      (202) 974-1680
     Fax:       (202) 974 1999
7
     Attorneys for Defendants LG.Philips LCD America, Inc.
8    and LG.Philips LCD Co., Ltd.

9

10   DUANE MORRIS LLP

11

12   By: _____
                    George D. Niespolo

13
     George D. Niespolo (State Bar No. 72107)
14   One Market Street
     Spear Tower, 20th Floor
15   San Francisco, CA 94105
     Tel.:      (415) 957-3013
16   Fax:       (415) 957-3001

17   Attorneys for Defendants NEC Electronics America, Inc.

18

19   SHEPPARD MULLIN RICHTER & HAMPTON LLP

20

21   By: _____
                    James L. McGinnis

22
     James L. McGinnis (State Bar No. 95788)
23   4 Embarcadero Center, 17th Floor
     San Francisco, CA 94111-4109
24   Tel:       (415) 434-9100
     Fax:       (415) 434-3947
25
     Attorneys for Defendants Samsung Electronics America,
26   Inc., Samsung Semiconductor, Inc. and Samsung
     Electronics Co., Ltd.

27

28
                                18

     STIPULATED PROTECTIVE ORDER

1

WHITE & CASE LLP

2

3

By: *Wayne A. Cross / mm*
                    Wayne A. Cross

4

5

Wayne A. Cross (*pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036

6

Tel:      (212) 819-8200

7

Fax:      (212) 354-8113

8

Attorneys for Defendants Toshiba America Electronic
Components, Inc., Toshiba America Information

9

Systems, Inc., Toshiba Corporation, and Toshiba
Matsushita Display Technology Co., Ltd.

10

11

SULLIVAN & CROMWELL LLP

12

13

By:
                    Garrard R. Beeney

14

15

Garrard R. Beeney (*pro hac vice*)
125 Broad Street
New York, NY 10004

16

Tel:      (212) 558-4000

17

Fax:      (212) 558-3588

18

Attorneys for Defendant
Koninklijke Philips Electronics N.V.

19

20

21

22

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23

24

DATED:_ _____

25

                    Hon. Susan Illston
                    United States District Judge

26

27

28

19

1 WHITE & CASE LLP

2

3 By: _____
      Wayne A. Cross

4

5 Wayne A. Cross (*pro hac vice*)
 1155 Avenue of the Americas

6 New York, NY 10036
 Tel: (212) 819-8200

7 Fax: (212) 354-8113

8 Attorneys for Defendants Toshiba America Electronic
 Components, Inc., Toshiba America Information

9 Systems, Inc., Toshiba Corporation, and Toshiba
 Matsushita Display Technology Co., Ltd.

10

11 SULLIVAN & CROMWELL LLP

12

13 By: *Garrard R. Beeney / nbo*
      Garrard R. Beeney

14

15 Garrard R. Beeney (*pro hac vice*)
 125 Broad Street

16 New York, NY 10004
 Tel: (212) 558-4000

17 Fax: (212) 558-3588

18 Attorneys for Defendant
 Koninklijke Philips Electronics N.V.

19

20

21

22 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23

24

25 DATED:_ _____   _____
             Hon. Susan Illston

26            United States District Judge

27

28

STIPULATED PROTECTIVE ORDER

1

## **EXHIBIT A**

2

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3          I, _____ [print full name], of

4 _____ [print or type full address],

5 declare under penalty of perjury under the laws of the United States of America that I have read

6 in its entirety and understand the Stipulated Protective Order that was issued by the United

7 States District Court for the Northern District of California, San Francisco Division, in the

8 case of In Re TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION, No.:  M-07-1827 SI,

9 MDL No. 1827.

10          I agree to comply with and to be bound by all the terms of this Stipulated

11 Protective Order, and I understand and acknowledge that failure to so comply could expose me

12 to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

13 disclose in any manner any information or item that is subject to this Stipulated Protective

14 Order to any person or entity except in strict compliance with the provisions of this Order.

15          I further agree to submit to the jurisdiction of the United States District Court

16 for the Northern District of California for the purpose of enforcing the terms of this Stipulated

17 Protective Order, even if such enforcement proceedings occur after termination of this action.

18

19 Date:  _____

20 City and State (or Country) where sworn and signed:  _____

21

22 Printed name:  _____

23 Signature:  _____

24

25

26

27

28

20

STIPULATED PROTECTIVE ORDER