Garrard R. Beeney (NY Reg. No. 1656172)
(beeneyg@sullcrom.com)
Theodore Edelman (NY Reg. No. 1909332)
(edelmant@sullcrom.com)
Bradley P. Smith (NY Reg. No. 2899540)
(smithbr@sullcrom.com)
Matthew S. Fitzwater (NY Reg. No. 4079646)
(fitzwaterm@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California  94303
Telephone:     (650) 461-5600
Facsimile:     (650) 461-5700

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No.  M07-1827 SI <br><br> MDL No. 1827 |
| This Documents Relates to: <br><br> ALL DIRECT PURCHASER ACTIONS | **KONINKLIJKE PHILIPS ELECTRONICS N.V'S NOTICE OF MOTION AND MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND <u>MEMORANDUM OF LAW IN SUPPORT</u>** |

SULLIVAN & CROMWELL LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

# **TABLE OF CONTENTS**

Page(s)

NOTICE OF MOTION AND MOTION TO DISMISS ...............................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................................2

ISSUES TO BE DECIDED ........................................................................................................................2

PRELIMINARY STATEMENT ................................................................................................................2

PLAINTIFFS' ALLEGATIONS .................................................................................................................4

ARGUMENT................................................................................................................................................4

    I.    THE CLAIM AGAINST ROYAL PHILIPS SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER ROYAL PHILIPS. ........................................................................................................................5

    II.    IN ADDITION, THE CLAIM AGAINST ROYAL PHILIPS SHOULD BE DISMISSED BECAUSE THE COMPLAINT CONTAINS NO ALLEGATIONS AS TO ROYAL PHILIPS' CONDUCT AND, THEREFORE, FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ...........................................11

CONCLUSION..........................................................................................................................................15

i

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN
&
CROMWELL LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Embroidery Corp.* v. *Atl. Embroidery, Inc.*,
    368 F.3d 1174 (9th Cir. 2004) ..................................................................................................6

*Asahi Metal Indus. Co.* v. *Superior Ct. of Cal.*,
    480 U.S. 102 (1987)..................................................................................................................8

*Ballard* v. *Savage*,
    65 F.3d 1495 (9th Cir. 1995) ....................................................................................................8

*Bancroft & Masters, Inc.* v. *Augusta Nat'l Inc.*,
    223 F.3d 1082 (9th Cir. 2000) ...................................................................................... 5, 6, 7, 8

*Bell Atl. Corp.* v. *Twombly*,
    __ U.S. __, 127 S. Ct. 1955 (2007).....................................................................................5, 11

*Brand* v. *Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986) ..................................................................................................8

*Brennan* v. *Concord EFS, Inc.*,
    369 F. Supp. 2d 1127 (N.D. Cal. 2005) ..................................................................................12

*Burger King Corp.* v. *Rudzewicz*,
    471 U.S. 462 (1985)..................................................................................................................8

*Campanelli* v. *Bockrath*,
    100 F.3d 1476 (9th Cir. 1996) ................................................................................................11

*CE Distrib., LLC* v. *New Sensor Corp.*,
    380 F.3d 1107 (9th Cir. 2004) ..................................................................................................7

*Doe* v. *Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ............................................................................................10, 11

*Flynt Distrib. Co., Inc.* v. *Harvey*,
    734 F.2d 1389 (9th Cir. 1984) ..................................................................................................5

*Gemco Latinoamerica, Inc.* v. *Seiko Time Corp.*,
    685 F. Supp. 400, 403 (S.D.N.Y. 1988)..................................................................................13

*Go-Video, Inc.* v. *Akai Elec. Co., Ltd.*,
    885 F.2d 1406 (9th Cir. 1989) ..................................................................................................6

*Helicopteros Nacionales de Colombia, S.A.* v. *Hall*,
    466 U.S. 408 (1984).........................................................................................................5, 6, 8

ii

Sullivan & Cromwell LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   No. C02-1486, 2005 WL 2988715 (N.D. Cal. Nov. 7, 2005)........................................7

*In re Sagent Tech., Inc., Deriv. Litig.*,
   278 F. Supp. 2d 1079 (N.D. Cal. 2003) ......................................................................12

*In re Travel Agent Comm'n Antitrust Litig.*,
   No. 1:03 CV 30000, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007)...........................12

*Int'l Shoe Co.* v. *Washington*,
   326 U.S. 310 (1945)..................................................................................................6, 8

*Invamed, Inc.* v. *Barr Labs., Inc.*,
   22 F. Supp. 2d 210 (S.D.N.Y. 1998).....................................................................12, 13

*Jung* v. *Ass'n of Am. Med. Colls.*,
   300 F. Supp. 2d 119 (D.D.C. 2004) .............................................................................12

*Menowitz* v. *Brown*,
   991 F.2d 36 (2d Cir. 1993)............................................................................................7

*Miller* v. *Int'l Bus. Mach. Corp. (IBM)*,
   No. C02-2118, 2006 WL 2792416 (N.D. Cal. Sept. 26, 2006) ...................................13

*Park* v. *Oxford Univ.*,
   35 F. Supp. 2d 1165 (N.D. Cal. 1997) ..........................................................................9

*Ross* v. *Altria Group, Inc.*,
   No. C 04-01453 SI, 2004 WL 2055712 (N.D. Cal. Sept. 7, 2004) ...................... 10, 11

*Sec. Investor Prot. Corp.* v. *Vigman*,
   764 F.2d 1309 (9th Cir. 1985) ..................................................................................6, 7

*Sherman* v. *British Leyland Motors, Ltd.*,
   601 F.2d 429 (9th Cir. 1979) ......................................................................................13

*Spears* v. *Transcon. Bus. Sys., Inc.*,
   226 F.2d 94 (9th Cir. 1955) ........................................................................................13

*United States* v. *Bestfoods*,
   524 U.S. 51 (1998).......................................................................................................13

*Wady* v. *Provident Life & Accident Ins. Co. of Am.*,
   216 F. Supp. 2d 1060 (C.D. Cal. 2002) .................................................................13, 14

*World-Wide Volkswagen Corp.* v. *Woodson*,
   444 U.S. 286 (1980)......................................................................................................8

iii

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN & CROMWELL LLP

**Statutes and Rules**

15 U.S.C. § 1 ........................................................................................................................2

15 U.S.C. § 22 ......................................................................................................................6

FED. R. CIV. P. 8(a) ............................................................................................................12

FED. R. CIV. P. 12(b)(1) ........................................................................................................2

FED. R. CIV. P. 12(b)(2) .....................................................................................................1, 2

FED. R. CIV. P. 12(b)(6) ...............................................................................1, 2, 5, 11, 12, 14

CAL. CIV. PROC. CODE § 410.10 ..........................................................................................7

N.J. CT. R. 4:4-4(b)(1) .........................................................................................................7

iv

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN
&
CROMWELL LLP

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that, on April 30, 2008, at 2:00 in the afternoon, or as soon thereafter as counsel may be heard before the Honorable Susan Illston, in Courtroom 10 of the United States District Court for the Northern District of California, San Francisco Division, Defendant Koninklijke Philips Electronics N.V. ("Royal Philips") will move this Court for an order dismissing the claim asserted against Royal Philips in this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

   This Motion to Dismiss is based upon this Notice; the Memorandum of Law in support thereof; the Affidavit of Maarten Steyerberg, sworn to February 15, 2008 (the "Steyerberg Aff't"), in support thereof; the other submissions by defendants in connection with dismissal motions in this action, including, among others, *Defendants' Joint Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint*; any reply submissions by Royal Philips in support of this Motion; and such other materials and information that the Court may properly consider at or before the hearing on this Motion.

Dated: February 19, 2008

                /s/ Brendan P. Cullen
                Brendan P. Cullen (SBN 194057)
                SULLIVAN & CROMWELL LLP
                1870 Embarcadero Road
                Palo Alto, California 94303
                Telephone: (650) 461-5600
                Facsimile: (650) 461-5700

                Garrard R. Beeney (NY Reg. No. 1656172)
                Theodore Edelman (NY Reg. No. 1909332)
                Bradley P. Smith (NY Reg. No. 2899540)
                Matthew S. Fitzwater (NY Reg. No. 4079646)
                SULLIVAN & CROMWELL LLP
                125 Broad Street
                New York, New York  10004
                Telephone: (212) 558-4000
                Facsimile: (212) 558-3588

                Attorneys for Defendant Koninklijke Philips Electronics N.V.

SULLIVAN & CROMWELL LLP

1

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Royal Philips respectfully submits this motion (the "Motion") to dismiss the claim asserted against Royal Philips in the *Direct Purchaser Plaintiffs' Consolidated Amended Complaint* (the "Complaint" or "Compl.") on the grounds that the Complaint fails to: (i) allege facts sufficient for the Court to exercise personal jurisdiction over Royal Philips, or (ii) state a claim against Royal Philips upon which relief can be granted.

## ISSUES TO BE DECIDED

1. Should Plaintiffs' claim against Royal Philips be dismissed pursuant to Rule 12(b)(2) on the grounds that the Court lacks personal jurisdiction over Royal Philips here because Royal Philips is a holding company headquartered and incorporated outside the United States, lacks the requisite "minimum contacts" with the United States and was not involved in any of the alleged conduct at issue in this litigation?

2. Should Plaintiffs' claim against Royal Philips be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted inasmuch as Plaintiffs' allegations regarding Royal Philips are limited to the assertion that Royal Philips was a shareholder in another corporate defendant in the litigation and do not assert specifically that Royal Philips participated in the conspiracy or other misconduct alleged in the Complaint?

## PRELIMINARY STATEMENT

Plaintiffs' Complaint seeks to assert a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1, based on an alleged "price-fixing conspiracy" among manufacturers of thin film transistor liquid crystal display ("TFT-LCD") panels. (Compl. ¶ 3.) Royal Philips joins in the *Defendants' Joint Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint* (the "Joint Motion"), which is being filed concurrently with this motion and which establishes that the Complaint does not properly allege a cognizable claim against any defendant and should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

2

Sullivan & Cromwell LLP

Koninklijke Philips Electronics N.V.'s Notice of Motion and Motion to Dismiss the Direct Purchaser Plaintiffs' Consolidated Amended Complaint
Master File No. M 07-1827 SI

With respect to Royal Philips, however, the Complaint suffers from additional deficiencies that require special mention and that Royal Philips addresses in this Motion.[1]

Plaintiffs' only specific allegation against Royal Philips is that Royal Philips has been an investor in a Korean company that the Complaint also names as a defendant. The Complaint is utterly devoid of allegations concerning any conduct by Royal Philips or its employees or of any participation in, or control over, the Korean company by Royal Philips. In addition, Plaintiffs acknowledge that Royal Philips is a Dutch corporation, yet allege nothing about Royal Philips' contacts with this forum or with the United States. In fact, Royal Philips is a holding company that does not manufacture, distribute or sell any product and that lacks the "minimum contacts" necessary for the exercise of personal jurisdiction over Royal Philips in this action on either a "general jurisdiction" or "specific jurisdiction" basis. Indeed, this Court previously rejected an attempt in a different case to assert personal jurisdiction based on an allegation that was essentially identical to the sole allegation in the Complaint relating to Royal Philips. As a result, the Complaint fails to allege facts sufficient to support the exercise of personal jurisdiction over Royal Philips.

In addition, it is unassailable that a party may not be held liable for the alleged misconduct of a corporation merely because that party is a shareholder of the corporation—yet that is all that the Complaint alleges with respect to Royal Philips. Absent from the Complaint is any allegation that even remotely relates to any specific participation by Royal Philips in the supposed conspiracy. Instead, the Complaint impermissibly seeks to predicate liability against Royal Philips by lumping Royal Philips in with a largely undifferentiated group of "defendants," as if including Royal Philips in the litigation for good (or bad) measure. Accordingly, the Complaint fails as a matter of law to state a claim upon which relief can be granted against Royal

---

[1] Prior to consolidation in this Court of the various actions asserted in this litigation, Royal Philips was named as a defendant in only one direct purchaser action: *Harrell* v. *LG.Philips LCD Co., Ltd. et al.*, 06-CV-6190 (SDW) (D.N.J.) ("*Harrell*"). In addition, Royal Philips is not named as a defendant in the *Indirect Purchaser Plaintiffs' Consolidated Amended Complaint*.

3

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN & CROMWELL LLP

1   Philips. These deficiencies provide independent bases for the Court to dismiss the claim against
2   Royal Philips in this action in addition to the grounds for dismissal addressed in Defendants'
3   Joint Motion and Defendants' other submissions.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs' allegations are summarized in the submissions in support of Defendants' Joint Motion and that summary is incorporated by reference in this Motion. It is important—indeed, dispositive—to emphasize, however, that *the only* specific allegation concerning Royal Philips that appears in Plaintiffs' 51-page Complaint is the following conclusory assertion:

> Defendant Koninklijke Philips Electronics N.V. ("Philips"), which translates to Royal Philips Electronics, is a Dutch entity located at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands. In July 1999, Philips entered into a joint venture with defendant LG Electronics creating LG.Philips LCD Co., Ltd. During the Class Period, Philips manufactured, sold, and distributed TFT–LCD Products through its joint venture to customers throughout the United States.

(Compl. ¶ 48.) There are no other allegations in the entire Complaint about any act, omission, statement, product or other fact allegedly relating specifically or directly to Royal Philips. Indeed, the only other references to Royal Philips in the Complaint merely repeat the allegation that Royal Philips participated with defendant LG Electronics in a "joint venture" named LG.Philips LCD Co., Ltd. ("LPL"). (Compl. ¶¶ 42, 61, 122.) LPL, in turn, is alleged to be "a Korean entity" with its principal place of business in Seoul, Korea. (Compl. ¶ 61.) Accordingly, the only alleged connection between Royal Philips and this litigation is Royal Philips' investment in a Korean manufacturer of TFT-LCD panels.

## ARGUMENT

Plaintiffs have failed to allege facts sufficient for the Court to exercise personal jurisdiction over Royal Philips. Plaintiffs have the burden of showing that this Court has personal jurisdiction over Royal Philips, and they have failed to do so here. Royal Philips is a holding company incorporated under the law of The Netherlands with 13 employees. *See* Steyerberg Aff't ¶ 2. Royal Philips does not engage in the manufacturing, sale or distribution of

4

SULLIVAN & CROMWELL LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

any product and was not involved in any of the conduct at issue in this litigation.  *See* Steyerberg Aff't ¶ 2.  The Complaint lacks any jurisdictional allegations specific to Royal Philips (other than that Royal Philips is a Dutch entity located in The Netherlands) and that failure requires dismissal of Plaintiffs' claim against Royal Philips.

Plaintiffs also have failed to state a claim against Royal Philips upon which relief can be granted.  In order to survive a motion to dismiss based on Rule 12(b)(6), Plaintiffs' Complaint must allege facts in support of their claim that are "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp.* v. *Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (citations omitted).  Plaintiffs' claim against Royal Philips fails to come close to satisfying that standard because the Complaint is devoid of specific allegations against Royal Philips.

Plaintiffs' only allegation about Royal Philips is that it engaged in conduct "through its joint venture" investment in LPL.  (Compl. ¶ 48.)  However, the law is clear that a plaintiff can neither establish personal jurisdiction over a party nor satisfy the pleading requirements for a claim against that party merely by alleging that that party was an investor in a corporation that, in turn, allegedly engaged in misconduct.  These well-established rules apply to wholly-owned subsidiaries, and, thus, apply *a fortiori* here, given that Plaintiffs have acknowledged that Royal Philips has never been the sole owner of LPL.

**I.   THE CLAIM AGAINST ROYAL PHILIPS SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER ROYAL PHILIPS.**

It is well-settled that "[t]he party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists."  *Flynt Distrib. Co., Inc.* v. *Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).  A party may satisfy this burden in several different ways.  Among other bases, a plaintiff may seek to establish "general jurisdiction" over the party, by demonstrating that that party has "'substantial' or 'continuous and systematic'" contacts with the forum sufficient to consider that party to be present in the forum for general purposes.  *Bancroft & Masters, Inc.* v. *Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *see also Helicopteros Nacionales de*

5

SULLIVAN & CROMWELL LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

1  *Colombia, S.A.* v. *Hall*, 466 U.S. 408, 415 (1984).  Alternatively, a plaintiff may seek to
2  demonstrate that the party has a sufficient connection to the alleged misconduct at issue by
3  means of acts in, or directed to, the forum to establish "specific jurisdiction" over the party for
4  purposes of the litigation.  *See Bancroft*, 223 F.3d at 1086.  Under any recognized approach,
5  however, a plaintiff cannot establish even on a *prima facie* basis personal jurisdiction for a claim
6  against a party unless the plaintiff can plead—let alone prove—that that party has the requisite
7  connection with the forum.  *See*, *e.g.*, *Int'l Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945);
8  *Bancroft*, 223 F.3d at 1086.

9         As is discussed below, Plaintiffs' solitary allegation here that Royal Philips, a
10 Dutch holding company with no United States presence, was an investor in LPL fails to establish
11 the required minimum contacts to render it fair, appropriate and permissible to require Royal
12 Philips to litigate Plaintiffs' claim in the United States courts as a matter of "general
13 jurisdiction."  Similarly, the absence of any alleged connection between Royal Philips and the
14 alleged misconduct on which Plaintiffs' claim supposedly is premised precludes the exercise in
15 this case of personal jurisdiction over Royal Philips under the doctrine of "specific jurisdiction."

16        Section 12 of the Clayton Act, 15 U.S.C. § 22, provides that "[a]ny suit, action, or
17 proceeding under the antitrust laws against a corporation may be brought not only in the judicial
18 district whereof it is an inhabitant, but also in any district wherein it may be found or transacts
19 business; and all process in such cases may be served in the district of which it is an inhabitant,
20 or wherever it may be found."  Under that provision, the relevant forum with which a defendant
21 must have "minimum contacts" is the United States as a whole.  *See Action Embroidery Corp.* v.
22 *Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).  "[W]hen a statute authorizes
23 nationwide service of process, national contacts analysis is appropriate.  In such cases, 'due
24 process demands [a showing of minimum contacts with the United States] with respect to foreign
25 defendants' before a court can assert personal jurisdiction."  *Go-Video, Inc.* v. *Akai Elec. Co.,*
26 *Ltd.*, 885 F.2d 1406, 1416 (9th Cir. 1989) (quoting *Sec. Investor Prot. Corp.* v. *Vigman*, 764 F.2d
27 1309, 1316 (9th Cir. 1985)).  The relevant inquiry, therefore, is "whether [Royal Philips] has

28

6

Sullivan & Cromwell LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

acted within any district of the United States or sufficiently caused foreseeable consequences in this country." *Vigman*, 764 F.2d at 1316.

Alternatively, in the absence of a "federal statute specifically defin[ing] the extent of personal jurisdiction, we look to the law of the state where the district court sits – in this case, [California]." *CE Distrib., LLC* v. *New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). However, "[i]n MDL actions such as this one, the court is entitled to exercise personal jurisdiction over each defendant only to the same degree that the original transferor court could have." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. C02-1486, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005). *Harrell*, the single purportedly direct purchaser case in this consolidated litigation in which Royal Philips was a named defendant, was transferred from the United States District Court for the District of New Jersey. Accordingly, it is necessary to compare the respective reaches of the long-arm statutes of California and New Jersey in order to determine the limits of the permissible exercise of jurisdiction over Royal Philips in this action. Because the scopes of the California and New Jersey long-arm statutes are co-extensive with constitutional due process,[2] "personal jurisdiction is to be assessed with regards to federal due process law." *In re DRAM*, 2005 WL 2988715, at *2. Therefore, because federal law controls, a federal court looks to the law of its own circuit. *See Menowitz* v. *Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("a transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit").

The "minimum contacts" analysis required for assessments of the propriety of exercising personal jurisdiction generally examines two categories of contacts: those that might give rise to general jurisdiction and those relevant to the assertion of specific jurisdiction. *See*, *e.g.*, *Bancroft*, 223 F.3d at 1086. To assert *general jurisdiction* over Royal Philips in this action, Plaintiffs must show that Royal Philips had "substantial" or "continuous and systematic" contacts with the United States that are sufficient to subject Royal Philips to the jurisdiction of

---

[2] *See* CAL. CIV. PROC. CODE § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); N.J. CT. R. 4:4-4(b)(1) (exercise of jurisdiction permitted if consistent with due process).

7

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN & CROMWELL LLP

this country's courts with respect to any claim, regardless of whether the claim is related to those contacts. *Helicopteros*, 466 U.S. at 415; *see also Bancroft*, 223 F.3d at 1086. The standard is "fairly high," *Brand* v. *Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), requiring that the non-resident "defendant's contacts be of the sort that approximate physical presence." *Bancroft*, 223 F.3d at 1086.

To assert *specific jurisdiction* over Royal Philips for purposes of adjudicating Plaintiffs' claim in this case, Plaintiffs must show that: (1) Royal Philips "purposefully avails" itself of the privilege of conducting activities in the United States; (2) Plaintiffs' claim "arises out of or results from the defendant's [United States]-related activities"; and (3) the exercise of jurisdiction must be "reasonable." *Ballard* v. *Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Furthermore, the Supreme Court has established that the exercise of personal jurisdiction over a non-resident defendant is consistent with due process only if the defendant has committed "some act" by which it "purposefully avails" itself of the "privilege of conducting activities within the [United States], thus invoking the benefits and protections of its laws." *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 475 (1985); *see also Int'l Shoe*, 326 U.S. at 316. In short, the Due Process Clause requires a court to find as a prerequisite to the exercise of personal jurisdiction over that defendant that the defendant "should reasonably anticipate being haled into" court in the relevant jurisdiction (here, the United States). *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 297 (1980).[3]

The claims against Royal Philips should be dismissed because this Court lacks any basis for personal jurisdiction over Royal Philips. The Complaint contains no showing of jurisdictional facts specific to Royal Philips—regardless of whether the relevant forum for analysis is California, New Jersey or the United States as a whole—and no such facts exist. Plaintiffs allege (in a conclusory fashion) that all of the Defendants "are subject to the jurisdiction of this Court by virtue of their nationwide contacts and other activities, as well as

---

[3] Courts also take into consideration the burden placed on a defendant that is forced to litigate in a foreign forum. *See Asahi Metal Indus. Co.* v. *Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987).

8

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN
&
CROMWELL LLP

their contacts with the State of California."[4] (Compl. ¶ 8.) With respect to Royal Philips, the Complaint alleges merely that Royal Philips is a shareholder in the LPL joint venture, and asserts that Royal Philips "manufactured, sold, and distributed TFT–LCD Products through its joint venture to customers throughout the United States." (Compl. ¶ 48.)

Plaintiffs concede, however, that Royal Philips is a Dutch entity located in The Netherlands (Compl. ¶ 48), and fail to address the overwhelming weight of factors that militate against the exercise of personal jurisdiction over Royal Philips in this action. Those considerations include, among others, the following: Royal Philips is a holding company that has no operations in the United States. (*See* Steyerberg Aff't ¶¶ 2, 5.) Royal Philips employs only 13 individuals, all of whom work outside the United States, save for one of its employees (who is responsible for overseeing Royal Philips' Healthcare Sector), who maintains offices both in the United States and in The Netherlands. (*See* Steyerberg Aff't ¶¶ 2, 5.) Royal Philips does not operate any manufacturing, sales or distribution businesses, including any businesses involved in the manufacture, sale or distribution of thin film transistor liquid crystal display panels or of products incorporating such panels. (*See* Steyerberg Aff't ¶ 2.) Royal Philips is not registered to do business in the United States, owns no real property in the United States, has no offices in the United States, does not pay taxes in the United States, maintains no inventory of products in the United States and has no telephone listings in the United States or any other contacts in the United States that could be construed as substantial or systematic and continuous. (*See* Steyerberg Aff't ¶¶ 3, 4, 6, 7; *see also Park* v. *Oxford Univ.*, 35 F. Supp. 2d 1165, 1167-68 (N.D. Cal. 1997) (*aff'd*, 165 F.3d 917 (9th Cir. 1998)) (listing these factors as relevant to a general jurisdiction analysis).)

---

[4] The balance of the jurisdictional allegations of the Complaint are similarly broadly worded, vague boilerplate. For example, Plaintiffs allege that "[d]uring the Class Period, each defendant, or one or more of its subsidiaries, sold TFT-LCD Products in the United States in a continuous and uninterrupted flow of interstate commerce, including through and into this judicial district" (Compl. ¶ 78); that "[t]he business activities of the defendants substantially affected interstate trade and commerce in the United States and caused antitrust injury in the United States" (Compl. ¶ 80); and that Defendants sold "TFT-LCD Products to customers in the United States at non-competitive prices." (Compl. ¶ 194(e).)

9

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN
&
CROMWELL LLP

Similarly, Plaintiffs' sole allegation relating to Royal Philips, *i.e.*, that it is a shareholder in LPL, is insufficient to establish a basis for the exercise of "specific jurisdiction" over Royal Philips in this action. As a holding company, Royal Philips does not manufacture, sell or distribute TFT-LCD Products. (*See* Steyerberg Aff't ¶ 2.) Royal Philips maintains separate operations and activities from LPL and has steadily decreased its ownership interest in LPL to the point where it currently holds only a non-controlling, minority interest of 19.9%. (*See* Steyerberg Aff't ¶¶ 9, 11.) Further, the Plaintiffs do not allege that Royal Philips or any of its employees engaged (directly or otherwise) in the alleged misconduct at issue in this case. Rather, with respect to Royal Philips, the Complaint alleges merely that Royal Philips "manufactured, sold, and distributed TFT-LCD Products through its joint venture to customers throughout the United States." (Compl. ¶ 48.)

In an analogous situation, this Court ruled that an essentially identical allegation was insufficient to plead the basis for the exercise of personal jurisdiction over a non-resident holding company. With respect to "general jurisdiction," this Court held: "Because [the defendant] is a holding company that does not manufacture, sell, or promote products in California, the Court finds that it lacks the substantial, systematic, and continuous contacts required for general jurisdiction." *Ross* v. *Altria Group, Inc.*, No. C 04-01453 SI, 2004 WL 2055712, at *1, 4 (N.D. Cal. Sept. 7, 2004) (Illston, J.) (order granting Virginia holding company's motion to dismiss complaint for lack of personal jurisdiction where plaintiff alleged personal jurisdiction "on grounds that [the defendant holding company], 'through [its] subsidiary [], sells [the product] in the state of California and worldwide,' and 'via [the defendant's subsidiary], advertises its products extensively in California'"); *see also Doe* v. *Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) (holding that "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum").

Moreover, in *Ross*, this Court concluded with respect to "specific jurisdiction": "Plaintiff's claims are based on the sale, manufacture, distribution, marketing, and advertising of

10
KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN
&
CROMWELL LLP

[the subsidiary's product]. . . . Because [the holding company] is a holding company that does not manufacture, sell, or market any product, plaintiff's claims cannot arise out of [the holding company's] activities." *Ross*, 2004 WL 2055712, at *4. In addition, this Court held that "the forum-related activities of [the holding company's] subsidiary cannot be imputed to [the holding company]. The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts." *Id.* at *5 (citing *Doe*, 248 F.3d at 925).

The claim here against Royal Philips similarly should be dismissed because Royal Philips is merely a holding company that does not have "substantial, systematic, and continuous contacts," *Ross*, 2004 WL 2055712, at *4, with the United States and is not even alleged to have had the requisite connection to the conduct at issue in this litigation.

## II. IN ADDITION, THE CLAIM AGAINST ROYAL PHILIPS SHOULD BE DISMISSED BECAUSE THE COMPLAINT CONTAINS NO ALLEGATIONS AS TO ROYAL PHILIPS' CONDUCT AND, THEREFORE, FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the focus is on the allegations in the complaint. *See Campanelli* v. *Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.* v. *Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65, 1974 (2007) (citations omitted) (finding that allegations of parallel conduct in action alleging violations of antitrust laws were insufficient to sustain complaint against motion to dismiss because complaint lacked "enough facts to state a claim to relief that is plausible on its face"). Indeed, not only must the Complaint allege facts in support of Plaintiffs' claims, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted).

11
KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN
&
CROMWELL LLP

In addition, Plaintiffs cannot satisfy their pleading obligations here by relying on general allegations as to all defendants and then lumping Royal Philips indiscriminately together with other defendants in the hope of creating an indistinguishable tangle that hints at a conspiracy.  Rather, to satisfy the pleading requirements of Rules 8(a) and 12 of the Federal Rules of Civil Procedure, the Complaint must give Royal Philips fair notice of the specific role that Plaintiffs allege Royal Philips played in the supposed conspiracy.  *See, e.g.*, *Brennan* v. *Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1136-37 (N.D. Cal. 2005) (dismissing price-fixing claims against two defendants because "there are no allegations in the complaint specifically connecting [those defendants] to the alleged conspiracy"); *In re Sagent Tech., Inc., Deriv. Litig.*, 278 F. Supp 2d 1079, 1094-95 (N.D. Cal. 2003) ("A complaint that lumps together thirteen individual defendants, where only three of the individuals was [sic] alleged to have been present for the entire period of the events alleged in the complaint, fails to give 'fair notice' of the claim to those defendants."); *see also In re Travel Agent Comm'n Antitrust Litig.*, No. 1:03 CV 30000, 2007 WL 3171675, at *4 (N.D. Ohio Oct. 29, 2007) ("Because Plaintiffs failed to allege that [one of the defendants] engaged in parallel conduct, the claims against [that defendant] must also be dismissed."); *id*. at *3, n. 4 (dismissing claims against defendant because that defendant is "mentioned by name only once in the Amended Complaint" and is a holding company that did not make commission payments of the type challenged by plaintiffs and, thus, "there is no factual matter to plausibly suggest that [that defendant] joined or participated in an unlawful conspiracy"); *Jung* v. *Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to [the moving defendant]."); *Invamed, Inc.* v. *Barr Labs., Inc.*, 22 F. Supp. 2d 210, 218, 221 (S.D.N.Y. 1998) ("The complaint fails to support the existence of a conspiracy as it presents no facts that might establish any participation by the [parent companies] in the alleged conspiracy, save including them in the term 'defendants.' . . . [Plaintiff] has not alleged that the [parent companies] 'acted' in any way."). Given the absence from the Complaint

12

Sullivan & Cromwell LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

of virtually any allegations regarding conduct by Royal Philips or of any participation by Royal Philips in the supposed conspiracy, the claim against Royal Philips manifestly fails to satisfy even this minimum pleading requirement.

Even if Plaintiffs' allegations concerning the other Defendants were legally sufficient—which, as is demonstrated in Defendants' Joint Motion and defendants' other submissions, they are not—Plaintiffs could not rely on those allegations to cure this fatal defect. Thus, Plaintiffs cannot satisfy their pleading obligations with respect to Royal Philips by attempting to rely on allegations (however meager) regarding LPL.  It is fundamental that a party may not be held liable for the alleged misconduct of another corporation merely because that party is a shareholder of that other corporation.  As the Supreme Court emphasized in *United States* v. *Bestfoods*, 524 U.S. 51, 61 (1998):  "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *See also Sherman* v. *British Leyland Motors, Ltd.*, 601 F.2d 429, 441 (9th Cir. 1979) ("[a]ny relationship of parent and subsidiary" between defendant and other defendants alleged to have violated antitrust laws "is not enough" to state a claim against parent corporation); *Spears* v. *Transcon. Bus. Sys., Inc.*, 226 F.2d 94, 98 (9th Cir. 1955) (finding shareholder not responsible for civil rights violations of its subsidiary because "a corporation and its stockholders are deemed separate legal entities and stock ownership in itself is not sufficient to charge the parent company with responsibility for acts of the subsidiary.") (citation omitted); *Miller* v. *Int'l Bus. Mach. Corp. (IBM)*, No. C02-2118, 2006 WL 2792416, at *10 (N.D. Cal. Sept. 26, 2006) (holding IBM, parent company of IBM China and IBM Engineering Technology Co., Ltd., not responsible for the actions of its subsidiaries); *Invamed*, 22 F. Supp. 2d at 219 ("Absent allegations of anticompetitive conduct by the [parent companies] 'there is no basis for holding [them] liable for the alleged antitrust violations of their subsidiary'") (quoting *Gemco Latinoamerica, Inc.* v. *Seiko Time Corp.*, 685 F. Supp. 400, 403 (S.D.N.Y. 1988)); *cf. Wady* v. *Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1068 (C.D. Cal. 2002)

13

SULLIVAN & CROMWELL LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

(refusing to "pierc[e] the corporate veil on an alter ego theory in order to hold a parent corporation liable for the acts or omissions of its subsidiary").

Even if it were appropriate to exercise personal jurisdiction over Royal Philips here (and, as demonstrated above, it is not), Plaintiffs' allegations fail as a matter of law to state a claim against Royal Philips. Those allegations are limited to Royal Philips' status as a shareholder in LPL and the assertion that Royal Philips acted "through its joint venture." (Compl. ¶¶ 48, 61.) Absent specific allegations justifying the attribution of LPL's alleged actions to Royal Philips—allegations that are conspicuously and resoundingly absent from the Complaint—there is no basis even to consider holding Royal Philips liable for the alleged conduct of the joint venture of which Royal Philips is a shareholder. Here, the Complaint alleges nothing specific to Royal Philips and nothing with regard to Royal Philips' participation in, or control of, LPL. The claim against Royal Philips is, thus, legally insufficient and should be dismissed pursuant to Rule 12(b)(6).

14

SULLIVAN & CROMWELL LLP

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

## CONCLUSION

For the reasons stated above, the claim against Royal Philips should be dismissed because of the absence of personal jurisdiction over Royal Philips in this action. Alternatively, for the reasons stated above, as well as those set out in Defendants' Joint Motion and defendants' other submissions in connection with their dismissal motions, the claim against Royal Philips should be dismissed on the merits and with prejudice because that claim fails to satisfy even the minimum applicable pleading requirements and, thus, fails to state a claim upon which relief can be granted.

Dated: February 19, 2008

    /s/ Brendan P. Cullen
Brendan P. Cullen (SBN 194057)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:    (650) 461-5600
Facsimile:    (650) 461-5700

Garrard R. Beeney (NY Reg. No. 1656172)
Theodore Edelman (NY Reg. No. 1909332)
Bradley P. Smith (NY Reg. No. 2899540)
Matthew S. Fitzwater (NY Reg. No. 4079646)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

Attorneys for Defendant Koninklijke Philips Electronics N.V.

15

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S NOTICE OF MOTION AND MOTION TO DISMISS
THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO. M 07-1827 SI

SULLIVAN & CROMWELL LLP