Garrard R. Beeney (NY Reg. No. 1656172)
(beeneyg@sullcrom.com)
Theodore Edelman (NY Reg. No. 1909332)
(edelmant@sullcrom.com)
Bradley P. Smith (NY Reg. No. 2899540)
(smithbr@sullcrom.com)
Matthew S. Fitzwater (NY Reg. No. 4079646)
(fitzwaterm@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:    (650) 461-5600
Facsimile:    (650) 461-5700

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI |
| | MDL No. 1827 |
| This Documents Relates to: | **AFFIDAVIT OF MAARTEN STEYERBERG IN SUPPORT OF KONINKLIJKE PHILIPS ELECTRONICS N.V.'S MOTION TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| ALL DIRECT PURCHASER ACTIONS | |

Maarten Steyerberg, being duly sworn, declares as follows:

1. I am the deputy secretary of the Board of Management of defendant Koninklijke Philips Electronics N.V. ("Royal Philips") and an employee of Philips International B.V. located in The Netherlands. I have held the position of deputy secretary of the Board of Management of Royal Philips since August 1, 2005. I make this affidavit on the basis of my personal knowledge, my knowledge or review of various books and records of the Philips group, and consultation with various Philips group personnel. I submit this affidavit in support of the motion of Royal Philips to dismiss the Complaint (the "Complaint") in the direct purchaser action, *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master File No. M07-1827 SI, MDL No. 1827, on the grounds of lack of personal jurisdiction.

2. The defendant named in the Complaint, Royal Philips, is a Dutch holding corporation with 13 employees. Royal Philips is incorporated in The Netherlands and has its principal place of business in The Netherlands. Royal Philips does not operate any manufacturing, sales or distribution businesses, including any businesses involved in the manufacture, sale or distribution of thin film transistor liquid crystal display panels or of products incorporating such panels.

3. Royal Philips is not registered to do business anywhere in the United States and does not have any offices in the United States.

4. Royal Philips does not own any real property in the United States and does not maintain an address or telephone listing in the United States.

5. Royal Philips does not employ any personnel who work on a full-time basis in the United States. One member of Royal Philips' Board of Management, who is responsible for overseeing Royal Philips' Healthcare Sector, maintains offices both in the United States and in The Netherlands. However, Royal Philips has no operations in the United States.

6. Royal Philips does not pay taxes in the United States.

7. Royal Philips does not maintain any inventory of products in the United States.

8. Royal Philips has wholly-owned operating subsidiaries in the United States, but does not exert daily control over the activities of those subsidiaries.

9. In July 1999, Royal Philips and LG Electronics, Inc. formed a joint venture corporation known as LG.Philips LCD Co. Ltd. ("LPL"), in which Royal Philips held a 50% interest. In

2004, LPL became a public company and Royal Philips reduced its ownership interest in that company to 44.57% and, in July 2005, Royal Philips further reduced its ownership interest in LPL to 37.9%. In December 2005, Royal Philips reduced its ownership interest in LPL to 32.9%; and, in October 2007, Royal Philips reduced its ownership interest in LPL to 19.9%.

10. I am informed and believe that LPL is a limited liability company incorporated in the Republic of Korea and has its principal place of business in Seoul, South Korea.

11. I am informed and believe that Royal Philips and LPL maintain separate bank accounts, use separate letterhead, have separate offices, and maintain separate legal, financial, and information technology functions.

12. I am informed and believe that, (i) although certain personnel of Royal Philips served on the board of directors of LPL, they did so in their capacities as directors of LPL, not as officers or directors of Royal Philips; and (ii) at no time did Royal Philips' personnel (or other Philips group personnel) constitute a majority of the LPL board of directors.

13. I am informed and believe that Royal Philips' activities with respect to LPL were consistent with Royal Philips' oversight of its investment in LPL, and Royal Philips does not, and did not at any time, control LPL's pricing decisions or other business or operations of LPL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true.

Dated: February 15, 2008

_____
Maarten Steyerberg