GEORGE D. NIESPOLO (SBN 72107)
STEPHEN H. SUTRO (SBN 172168)
CHRISTINA C. MARSHALL (SBN 209315)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail: gdniespolo@duanemorris.com
shsutro@duanemorris.com
jbfisher@duanemorris.com

EDWARD G. BIESTER, III (pro hac vice)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
Facsimile: 215.979.1020
E-Mail: egbiester@duanemorris.com

Attorneys for Defendants
NEC ELECTRONICS AMERICA, INC., and
NEC LCD TECHNOLOGY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M: 07-1827 SI<br>MDL No. 1827 |
| This Document Relates To:<br><br>ALL ACTIONS | **MOTION OF NEC ELECTRONICS AMERICA, INC. AND NEC LCD TECHNOLOGIES, LTD. TO DISMISS THE DIRECT PURCHASER AND INDIRECT PURCHASER COMPLAINTS**<br><br>Date:       April 30, 2008<br>Time:       2:00 P.M.<br>Courtroom: 10, 19th Floor<br><br>Before The Honorable Susan Illston |

CASE NO. 07-1827 SI
MOTION OF NEC ELECTRONICS AMERICA, INC. AND NEC LCD TECHNOLOGIES, LTD. TO DISMISS THE
DIRECT PURCHASER AND INDIRECT PURCHASER COMPLAINTS

# TABLE OF CONTENTS

| | Page |
|---|---|
| NOTICE OF MOTION | 1 |
| STATEMENT OF ISSUES | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| CONCLUSION | 3 |

# TABLE OF AUTHORITIES

**Federal Cases**

*Bell Atlantic Corp. v. Twombly*
   127 S. Ct. 1955 (2007) .................................................................................................. 1-4

*In re Graphics Processing Units Antitrust Litig.*
   2007 WL 2875686 (N.D. Cal. Sept. 27, 2007) ............................................................... 2-3

*In re Travel Agent Commission Antitrust Litig.*
   2007 WL 3171675 (N.D. Ohio Oct. 29, 2007) .............................................................. 2-3


**Rules**

Federal Rules of Civil Procedure, Rule 8 ............................................................................... 1

Federal Rules of Civil Procedure, Rule 12 ............................................................................. 4

ii                                                                                           CASE NO. 07-1827 SI

MOTION OF NEC ELECTRONICS AMERICA, INC. AND NEC LCD TECHNOLOGIES, LTD. TO DISMISS THE DIRECT PURCHASER AND INDIRECT PURCHASER COMPLAINTS

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 30, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10, 19th Floor, San Francisco, California, before the Honorable Susan Illston, NEC Electronics America, Inc. ("NECELAM") and NEC LCD Technologies, Ltd. ("NLT") (collectively, "NEC Defendants") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12, for an Order dismissing the Direct Purchaser Plaintiffs' Consolidated Complaint ("DP-CC") and the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IP-CAC"). This motion is based upon this Notice of Motion; the Memorandum of Points and Authorities; Defendants' Joint Motion to Dismiss the Direct Purchasers' Consolidated Amended Complaint ("Motion to Dismiss the DP-CC"); Defendants' Joint Motion to Dismiss the Indirect Purchasers' Consolidated Amended Complaint ("Motion to Dismiss the IP-CAC"); the complete files in this consolidated action; argument of counsel; and other further matters as this Court may consider.

## STATEMENT OF THE ISSUES

1. Whether the DP-CC and the IP-CAC should be dismissed for failure to allege enough facts to demonstrate a plausible basis for a claim to relief against NECELAM or NLT under Rule 8 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

2. Such other issues as are set forth in the Motion to Dismiss the DP-CC and the Motion to Dismiss the IP-CAC, each of which is incorporated by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

Neither the DP-CC nor the IP-CAC sets forth facts to support a plausible claim for relief against NECELAM or NLT: (1) there are no allegations that any officer, director or employee of either company entered into any illegal agreement with any other company at any time or place, let alone the terms of any such agreement; (2) there are no allegations that NECELAM or NLT engaged in conduct parallel with that of other companies; (3) there are no allegations of any conduct by either NECELAM or NLT that was inconsistent with independent action; and (4) there are virtually no

substantive allegations at all regarding either NECELAM or NLT in either the DP-CC or the IP-CAC. As discussed below, the scant allegations regarding NECELAM or NLT are entirely inadequate to state a plausible claim that either NECELAM or NLT joined in or participated in any illegal conspiracy.

Neither complaint alleges anything beyond mere legal conclusions of the existence of an illegal agreement. Neither the DP-CC nor the IP-CAC alleges any "specific time, place or person" involved in the alleged conspiracy. *See Twombly*, 127 S. Ct. at 1970 n.10. As the Court observed with respect to similarly inadequate allegations in *Twombly*, "a defendant seeking to respond to plaintiffs' conclusory allegations in the § 1 context would have little idea where to begin." *Id.*

Apart from allegations listing the defendants and suggesting in general terms that NECELAM and NLT manufactured, distributed or sold LCD panels (DP-CC ¶¶ 45-47, IP-CAC ¶¶ 93-95), neither complaint contains a single allegation specifically addressed to either NECELAM or NLT. Instead, both complaints refer to NECELAM and NLT collectively as NEC, and then proceed to make general allegations about "NEC" without regard to whether any fact alleged relates to NECELAM, NLT or some other entity. (*See, e.g.*, IP-CAC ¶ 131 ("NEC" is alleged to be an OEM of computers)).

Most significantly, neither the DP-CC nor the IP-CAC alleges any facts suggesting that either NECELAM or NLT (or any collectively defined "NEC") entered into any agreement in violation of § 1. Instead, the DP-CC merely states that: (1) "NEC formed an alliance with Casio" (*id.* ¶ 137); (2) NEC is a member of the Semiconductor Equipment Association of Japan (*id.* ¶ 139); and (3) Kiyoshi Jan-o of NEC was a participant at the Global FPD Partners' Conference in 2006 (*id.* ¶ 168). Similarly, the IP-CAC merely alleges that: (1) "NEC has a joint venture with Mitsubishi" (*id.* ¶ 122); and (2) NEC had unidentified "ties" with Chi Mei (*id.* ¶ 156). However, the Courts have repeatedly held that mere "opportunities" to conspire through joint ventures, membership in trade associations, or attendance at trade conferences are not a basis upon which to infer an illegal conspiracy. *See, e.g.*, *Twombly*, 127 S. Ct. at 1971 n.12; *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2875686, at *11 (N.D. Cal. Sept. 27, 2007); *In re Travel Agent Commission*

2                                                              CASE NO. 07-1827 SI
MOTION OF NEC ELECTRONICS AMERICA, INC. AND NEC LCD TECHNOLOGIES, LTD. AND TO DISMISS THE DIRECT PURCHASER AND INDIRECT PURCHASER COMPLAINTS

*Antitrust Litig.*, 2007 WL 3171675, at *9 (N.D. Ohio Oct. 29, 2007).

The IP-CAC includes "NEC" in a list of "defendants and/or their corporate parents or subsidiaries" that are supposedly under investigation with respect to conduct outside the LCD industry that has no relation to the conspiracy alleged. (IP-CAC ¶ 127.) These vague allegations are immaterial and are properly stricken from the complaint. *In re Travel Agent Commission Antitrust Litig.*, 2007 WL 3171675, at *11-12; *see also In re Graphics Processing Units Antitrust Litig*, 2007 WL 2875686, at *12.

Finally, both the DP-CC (¶ 181) and the IP-CAC (¶ 230) allege that in "early 1999, Omid Milani, a marketing manager for NEC, stated that 'demand by far is outstripping our supply capability' and predicted that 'prices will continue to increase until a reasonable balance is achieved.'" This allegation is offered not to show any agreement, but rather to suggest some basis to toll the statute of limitations on grounds of fraudulent concealment. It shows neither. Rather, it is entirely consistent with the allegations of increasing demand set forth in the DP-CC and the IP-CAC. *See, e.g.,* DP-CC ¶ 97 ("Like all markets, the TFT-LCD industry is subject to business cycles of supply and demand [and] . . . alternating periods of oversupply and shortages . . . create downward and upward pressures on prices for LCD Products"); IP-CAC ¶ 141 ("demand for LCD panels and products made with them were steadily and substantially increasing").

In sum, the DP-CC and the IP-CAC fall well short of plausible allegations that NECELAM or NLT participated in any illegal conspiracy. There are no allegations as to anyone from NECELAM or NLT entering into any illegal agreement with anyone else at any time or place, or the terms of any such agreement. *See Twombly*, 127 S. Ct. at 1970 n.10. There are no allegations of any conduct by NECELAM or NLT parallel to the conduct of any other alleged co-conspirator. *See In re Travel Agent Commission Antitrust Litig.*, 2007 WL 3171675, at *4 (noting that plaintiffs failed to put forth factual matter suggesting that AWA, Alaska, Frontier and Horizon engaged in parallel conduct). There are no allegations of conduct by NECELAM or NLT inconsistent with independent action. *See Twombly*, 127 S. Ct. at 1970-74.

## CONCLUSION

Especially as to NECELAM and NLT, the DP-CC and the IP-CAC fail to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). For the reasons stated above and in the Motion to Dismiss the DP-CC and the Motion to Dismiss the IP-CAC, each of which is incorporated by reference, the DP-CC and the IP-CAC, and all claims asserted against NECELAM or NLT, should be dismissed with prejudice pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**DUANE MORRIS LLP**

Dated: February 19, 2008

By: _____
George D. Niespolo
Stephen H. Sutro
Christina C. Marshall

Edward G. Biester, III (pro hac vice)

**Attorneys for Defendants NEC Electronics America, Inc. and NEC LCD Technologies, Ltd.**

DM1\1289566.3