KENT M. ROGER, State Bar No. 95987
REBECCA A. FALK, State Bar No. 226798
MICHELLE M. KIM, State Bar No. 252901
CHRISTINE S. SAFRENO, State Bar No. 251970
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: kroger@morganlewis.com

Attorneys for Defendant
IPS ALPHA TECHNOLOGY, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION, <br><br> This Document Relates To: <br><br> ALL ACTIONS | No. M: 07-1827 SI <br> MDL No. 1827 <br><br> **IPS ALPHA TECHNOLOGY, LTD.'S REPLY TO (1) DIRECT PURCHASER PLAINTIFFS' AND (2) INDIRECT PURCHASER PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' JOINT AND SEPARATE MOTIONS TO DISMISS** <br><br> Date: April 30, 2008 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 10, 19th Floor <br> Judge: Honorable Susan Illston |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

## I. INTRODUCTION

This reply incorporates by reference the Defendants' Joint Reply to Direct Purchaser Plaintiffs' Opposition and Joint Reply to Indirect Purchaser Plaintiffs' Opposition (collectively "Joint Replies").

Contrary to Direct Purchaser Plaintiffs' ("Direct Plaintiffs") and Indirect Purchaser Plaintiffs' ("Indirect Plaintiffs") mischaracterization of IPS Alpha Technology, Ltd.'s ("IPS Alpha") supplemental motion to dismiss, the fact remains that both the Direct Purchaser Plaintiffs' Consolidated Complaint ("DP-CC") and Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IP-CAC") (collectively "Complaints") fail to provide it with fair notice of the grounds for such a claim. Under the most recent Ninth Circuit authority interpreting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), Rule 8(a)(2)'s "notice pleading" rule was abrogated by *Twombly* for purposes of adequate pleading in antitrust cases. *Kendall v. Visa U.S.A., Inc.*, 2008 WL 613924, at *8 n.5 (9th Cir. Mar. 7, 2008). In such cases, the Complaints must "plead the necessary *evidentiary* facts to support [their] conclusions." *Id.* at *3 (emphasis added).

While both Oppositions fixate on an idea that the allegations in the Complaints need not be detailed "defendant-by-defendant," they ignore the predicate requirement that the Complaints plausibly allege in the first instance both a conspiracy *and* that *each* defendant – including IPS Alpha – joined in the conspiracy. The Complaints rely on general, conclusory allegations against "all Defendants" or "all Japanese defendants," and mention IPS Alpha only to make stray remarks about its mere formation at the *end* of the alleged Class Period. In so doing, they fail to state facts sufficient to allege the existence of an agreement (essential to a conspiracy claim), or *even* parallel conduct. Moreover, the Complaints fail to allege that IPS Alpha joined and participated in any conspiracy. Accordingly, IPS Alpha's motion to dismiss should be granted.

## II. STATEMENT OF FACTS

As noted in its supplemental motion to dismiss ("IPS Alpha Motion"), IPS Alpha is a joint venture of three separate legal entities, formed in January 2005, nine years into the proposed ten year class period. *See* IPS Alpha Motion, at Section II. It is a separate legal entity, identified and

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

2

referred to as such in both Complaints. *See* DP-CC ¶ 60; IP-CAC ¶ 88.[1]

## III. ARGUMENT

### A. The Complaints Fail To Plead Facts Sufficient To State A Plausible Claim Of The Existence Of An Antitrust Conspiracy *And* That IPS Alpha Participated In Such A Conspiracy.

"[T]o satisfy pleading requirements in the antitrust context, the plaintiffs must allege that *each individual defendant* joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement *and* a conscious decision by *each defendant* to join it." *In re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 311-12 (D.N.J. 2004) (citing *Jung v. Assoc. of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163-64 (D.D.C. 2004)) (internal quotation marks omitted) (emphasis added). "Simply using the global term 'defendants' to apply to numerous parties without any specific allegations that would tie each particular defendant to the conspiracy is not sufficient." *Id.* at 312 (internal quotation marks omitted) (noting, however, that the court may deny a motion to dismiss *if* it can fairly draw inferences from the alleged conspirators' behavior indicating that they participated in a conspiracy).

The Complaints must allege enough facts to put IPS Alpha on notice of the grounds for relief against it, beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965. The Complaints failed to satisfy this requirement as to IPS Alpha. In their Oppositions, both sets of Plaintiffs skip over the threshold failures of their respective Complaints even to sufficiently allege the existence of, and IPS Alpha's participation in, a conspiracy in the first instance. Instead, they seek to divert attention to a straw man by inaccurately attributing to IPS Alpha a supposed insistence to proceed "defendant-by-defendant."

Plaintiffs misconstrue IPS Alpha's Motion as asking the Court to isolate and consider only the allegations specifically mentioning IPS Alpha in assessing whether either of the Complaints is sufficient to state a claim against it. On the contrary, IPS Alpha does not contend that the

---

[1] The IP-CAC's inclusion of IPS Alpha in its collective reference to "Hitachi" has since been stricken by Stipulation and Order of the Court (Dkt. #488). The DP-CC does not include IPS Alpha in its collective reference to "Hitachi."
Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

3

Complaints must be compartmentalized, nor does it ask the Court to examine the claims against it separately from the rest of the allegations in the Complaints. Rather, IPS Alpha's Motion points out the Complaints' failures to allege facts sufficient to state that it "joined the conspiracy and played some role in it." *In re OSB Antitrust Litig.*, 2007 WL 2253419, at *5 (E.D.Pa. Aug. 3, 2007). Plaintiffs' general allegations as to all Defendants or all Japanese defendants, and the Complaints' handful of allegations as to *other* entities involved in the mere *formation* of IPS Alpha fail to establish a plausible conspiracy claim and further fail to put IPS Alpha itself on notice of the grounds for relief against it in either Complaint. Here, as in the *Jung* case:

> [P]laintiffs' use of the term "defendants" to refer to multiple defendants situated very differently from one another in the context of general and global allegations is insufficient . . . Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term "defendants" to apply to numerous parties without any specific allegations as to [IPS Alpha].

*Jung*, 300 F. Supp. 2d at 163. The Ninth Circuit held less than a month ago that "[t]erms like 'conspiracy, or even 'agreement' . . . might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement . . . but a court is not required to accept such terms as a sufficient basis for a complaint" in a Section 1 conspiracy case. *Kendall*, 2008 WL 613924, at *3 (internal quotation marks and citation omitted). Instead, the *Kendall* Court held that plaintiffs must "plead the necessary *evidentiary facts* to support their conclusions." *Id.* (emphasis added). Ultimately, as the *Kendall* Court noted, "the complaint[s] do[] not answer the basic questions: who, did what, to whom (or with whom), where, and when?" *Id.* at *4.

 1. **DP-CC**

Direct Plaintiffs ignore the threshold failure of the DP-CC even to sufficiently allege the existence of, and IPS Alpha's participation in, a conspiracy, as required by *Twombly*. *See* 127 S. Ct. at 1966-67. Instead, the Direct Plaintiffs focus their efforts on a number of inapposite cases decided long before *Twombly*. Direct Opp. 23:16-28; 24:1-8. But even these cases lend no support to Plaintiffs, since they discuss the standard for proof of a conspiracy on motions for

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

4

*summary judgment* and possible vicarious liability only *after* a showing that a party joined and participated in a conspiracy. They hold that *if* a complaint successfully alleges a conspiracy *and* alleges that an individual defendant participated in the conspiracy, *then* it need not allege overt acts by each individual defendant for such defendants to be linked to the alleged conspiracy. *See, e.g., In re Bulk Popcorn Antitrust Litig.*, 783 F. Supp. 1194, 1197 (D. Minn. 1991) ("*Once* a conspiracy is shown, only slight evidence is needed to link another defendant with it.") (emphasis added); *Beltz Travel Serv. v. Int'l Air Travel Ass'n*, 620 F. 2d 1360, 1367 (9th Cir. 1980) ("*If* Beltz can establish the existence of a conspiracy . . . and that appellees were a part of such a conspiracy . . . and that appellees were a part of such a conspiracy, appellees will be liable . . . .") (emphasis added).

Direct Plaintiffs claim that the DP-CC's allegations as to all "Defendants" or all "Japanese defendants," apply equally to IPS Alpha, that allegations as to joint venture partners also somehow apply to IPS Alpha, and that IPS Alpha "ignor[es] the allegations of a broad conspiracy involving the two entities who own and control it, Hitachi and Toshiba." Direct Opp. 27:2-3. Direct Plaintiffs' assertion that "Hitachi" and "Toshiba" formed IPS Alpha in 2005 exclusively for the purpose of furthering a price-fixing conspiracy is insufficient to support a claim against IPS Alpha for a multitude of reasons. *See* Direct Opp. at 26:13-16.

First, the two composite "Hitachi" and "Toshiba" entities to which Plaintiffs refer do not exist. Plaintiffs then compound their error by further conflating "Hitachi," "Toshiba," and IPS Alpha merely on the basis of the initial joint venture formation. Even as Direct Plaintiffs conflate these separate companies and groups of companies, the Indirect Plaintiffs have agreed and the Court has ordered that IPS Alpha is *not* a "Hitachi" defendant. *See* Stipulation and Order, Dkt. #488 (striking all references to Hitachi America, Ltd. and removing IPS Alpha from the collective reference to "Hitachi").

Second, the DP-CC lacks any facts, let alone sufficient ones, to allege that the nonexistent composite "Hitachi" and "Toshiba" own and control IPS Alpha, *how* IPS Alpha is purportedly controlled by "Hitachi" or "Toshiba," and how such control translates to any participation by IPS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

5

Alpha in a price-fixing conspiracy. In their Opposition, Direct Plaintiffs cite authority for the proposition that a later co-conspirator can be liable for earlier conspiratorial acts, but the DP-CC pleading itself says nothing about *when, where,* or *how* IPS Alpha joined a conspiracy after its formation or participated in one. *See Kendall*, 2008 WL 613924, at *4; *see also* Direct Opp. at 26 n.10. Again, Plaintiffs' premature observation about potential liability is inapplicable at the motion to dismiss stage and ignores the threshold requirement that they allege facts sufficient to show that IPS Alpha was a co-conspirator at all.

Direct Plaintiffs' Opposition attempts to do what the DP-CC itself neglects to do, by asserting that the DP-CC states IPS Alpha was created in 2005 as a joint venture, consistent with a supposed strategy to curtail supply. Direct Opp. 26:12-13. For this, Plaintiffs cite paragraph 60 of the DP-CC, which states only that IPS Alpha was formed "to manufacture and sell TFT-LCD panels for televisions." The DP-CC merely concludes that the formation of IPS Alpha in 2005 was part of the TFT-LCD Products industry's "significant consolidation" and that "[s]ome industry participants went as far as overtly suggesting that the industry should seek to curtail supply through mergers. These suggestions were carried out." DP-CC ¶¶ 92, 135. Noticeably absent are any facts describing *who* these "industry participants" are, *how* they "overtly" suggested anything, *how* the "suggestions" were carried out, and *how* any of that has anything to do with IPS Alpha. These allegations, insufficient as against IPS Alpha's joint venturers, further lack any traction as to IPS Alpha itself since it necessarily did not exist until after its formation— *after* the very act Plaintiffs contend was conspiratorial.

Without any evidence of a collusive agreement, IPS Alpha's mere formation for a concededly legitimate business purpose, does not and cannot support a conspiracy claim. *See Kendall*, 2008 WL 613924, at *5 ("Allegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy are insufficient to plead a violation of the antitrust laws.") (citing *Twombly*, 127 S. Ct. at 1964-66 & n.5); *see also Arista Records LLC v. Lime Group LLC*, 532 F. Supp. 2d 556, 579 n.30 (S.D.N.Y. 2007) (discussing allegations against joint ventures and stating that "it is well settled that the mere

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

6

opportunity to conspire does not by itself support the inference that such an illegal combination actually occurred.") (internal quotation marks and citations omitted).

### 2. **IP-CAC**

Much like the Direct Plaintiffs, Indirect Plaintiffs assert that IPS Alpha's Motion should be denied because pleading particular acts by each defendant in a conspiracy is not required. Indirect Opp. at 9:22-23. Indirect Plaintiffs quote the *SRAM* Court's Order of February 14, 2008, to support their argument, yet their use of the *SRAM* Court's Order is incorrect and misleading. Indirect Opp. at 10: 2-4. First, the *SRAM* Order predates *Kendall*, the latest and governing law in the Ninth Circuit. Second, the *SRAM* Court's Order *supports* IPS Alpha's position. The Court noted that at the motion to dismiss stage, the complaint requires "allegations that plausibly suggest that *each Defendant* participated in the alleged conspiracy." *In re Static Access Memory Antitrust Litig.*, 2008 WL 426522, at *6 (N.D. Cal. Feb. 14, 2008) (emphasis added).

Indirect Plaintiffs' Opposition wholly ignores the insufficiency of the IP-CAC's allegations of consolidation and "opportunities for collusive activity" as to IPS Alpha, as pointed out in the IPS Alpha Motion. The Opposition makes only the general statement that the IP-CAC "details *Defendants'* various information exchanges, . . . agreements resulting from express invitations to collude, . . . and directly resulting price stabilization and increases." Indirect Opp. at 10:10-13 (emphasis added). Despite using the words "express," and "directly," Plaintiffs do not, either in their Opposition or in the IP-CAC itself, suggest how IPS Alpha participated in any conspiracy. One searches in vain for evidentiary facts in the IP-CAC itself sufficient to plausibly tie IPS Alpha to any price-fixing conspiracy.

Significantly, the *only* allegation specifically as to IPS Alpha relates solely to its formation – an act engaged in exclusively by *other* entities. ("Defendant Hitachi has a joint venture with, *inter alia*, Toshiba called IPS Alpha."). IP-CAC ¶ 122. The IP-CAC states merely that "cooperative arrangements . . . create[d] additional opportunities for collusive activity. *Id.* Again, such statements in no way allege that a conspiracy existed and that IPS Alpha itself joined or participated in a conspiracy.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

7

In fact, the IP-CAC erroneously names Hitachi, Ltd. as a joint venturer, and Indirect Plaintiffs have not denied their error. IPS Alpha Motion, at 3 n.2. Indirect Plaintiffs thus fail even to *identify* the correct Hitachi defendant, much less allege that it joined and participated in a conspiracy. Thus, even as to the joint venture partners, the mere formation of IPS Alpha without some evidence of a collusive agreement, does not support a conspiracy claim. *See Kendall*, 2008 WL 613924, at *4 (holding that a defendant's commercial efforts stay in neutral territory, absent any evidence of a "meeting of the minds"); *see also, e.g., Arista Records,* 532 F. Supp. 2d at 579 n.30 ("[T]he mere opportunity to conspire does not by itself support the inference that such an illegal combination actually occurred.").

## IV.   CONCLUSION

Both Complaints are deficient when it comes to any actual allegations directed towards any conduct engaged in by IPS Alpha itself. Plaintiffs seek to blur the distinction between the sufficiency of allegations to state a conspiracy claim at all, and the sufficiency of allegations of acts for which specific defendants may be liable, *after* a conspiracy and participation are first alleged. However, they cannot escape the fact that they are required to state a claim for relief as to *each specific defendant* but have failed to do so. *Twombly*, 127 S. Ct. at 1965; *In re Elec. Carbon Prods.*, 333 F. Supp. 2d at 312.

For the reasons set forth herein and in its original moving papers, IPS Alpha respectfully request that both the DP-CC and IP-CAC be dismissed as to it as a matter of law.

Dated: April 3, 2008                                    MORGAN, LEWIS & BOCKIUS LLP


By     /s/ Kent M. Roger
   Kent M. Roger
   Attorneys for Defendant
   IPS ALPHA TECHNOLOGY, LTD.

1-SF/7685526.1

CASE NO. M: 07-1827 SI; MDL NO. 1827
REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS
ON BEHALF OF IPS ALPHA TECHNOLOGY, LTD.

8