1  KENT M. ROGER, State Bar No. 95987
   REBECCA A. FALK, State Bar No. 226798
2  MICHELLE M. KIM, State Bar No. 252901
   CHRISTINE S. SAFRENO, State Bar No. 251970
3  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
4  San Francisco, CA  94105-1126
   Tel:  415.442.1000
5  Fax:  415.442.1001
   E-mail: kroger@morganlewis.com
6
   Attorneys for Defendants
7  HITACHI, LTD., HITACHI DISPLAYS, LTD., and
   HITACHI ELECTRONIC DEVICES (USA), LTD.
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  IN RE:  TFT-LCD (FLAT PANEL)          No. M:  07-1827 SI
    ANTITRUST LITIGATION,                 MDL No. 1827
13

14  This Document Relates To:            **HITACHI, LTD., HITACHI DISPLAYS,
                                         LTD., AND HITACHI ELECTRONIC
15  ALL ACTIONS                          DEVICES (USA), LTD.'S REPLY TO (1)
                                         DIRECT PURCHASER PLAINTIFFS' AND
16                                       (2) INDIRECT PURCHASER PLAINTIFFS'
                                         OPPOSITIONS TO DEFENDANTS' JOINT
                                         AND SEPARATE MOTIONS TO DISMISS**
17
                                         Date:   April 30, 2008
18                                       Time:  2:00 p.m.
                                         Dept.: Courtroom 10, 19th Floor
19                                       Judge: Honorable Susan Illston

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

1-SF/7685209.3

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS ......................................................................................1

    A.  DP-CC .........................................................................................................1

    B.  IP-CAC ........................................................................................................2

III.  ARGUMENT ..........................................................................................................2

    A.  The Complaints Fail To Plead Facts Sufficient To State A Plausible Claim Of The Existence Of An Antitrust Conspiracy And Participation By Any Of The Hitachi Defendants In Such A Conspiracy..................................................2

    B.  The DP-CC Lacks Sufficient Facts Even To Allege Parallel Conduct; Nor Could It Survive On Such Allegations Alone ...........................................................5

        1.  Formation of IPS Alpha Technology, Ltd. ("IPS Alpha") .........................5

        2.  Membership in Trade Associations ...........................................................7

        3.  Licensing Arrangement ..............................................................................8

    C.  Indirect Plaintiffs' Opposition Offers No Rebuttal To The Reality That The Sparse Allegations As To The Hitachi Defendants Fail Even To Establish Parallel Conduct, Let Alone A Conspiracy And That The Hitachi Defendants Participated In A Conspiracy ...........................................................8

IV.  CONCLUSION ........................................................................................................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

i

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

# TABLE OF AUTHORITIES

Page

**Cases**

*Arista Records LLC v. Lime Group LLC,*
532 F. Supp. 2d 556 (S.D.N.Y. 2007)......................................................................6

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007) ........................................................................3, 4, 8, 9

*Beltz Travel Serv. v. Int'l Air Travel Ass'n,*
620 F. 2d 1360 (9th Cir. 1980) ...............................................................................4

*In re Bulk Popcorn Antitrust Litig.,*
783 F. Supp. 1194 (D. Minn. 1991) ........................................................................4

*In re Elec. Carbon Prods. Antitrust Litig.,*
333 F. Supp. 2d 303 (D.N.J. 2004) .........................................................................2

*In re Late Fee and Over-Limit Fee Litig.,*
2007 WL 4106353 (N.D. Cal. Nov. 16, 2007) ....................................................7, 9

*In re OSB Antitrust Litig.,*
2007 WL 2253419 (E.D.Pa. Aug. 3, 2007) ............................................................3

*In re Static Access Memory Antitrust Litig.,*
2008 WL 426522 (N.D. Cal. Feb. 14, 2008) ...........................................................5

*Jung v. Assoc. of Am. Med. Colls.,*
300 F. Supp. 2d 119 (D.D.C. 2004) ..................................................................2, 3, 9

*Kendall v. Visa U.S.A., Inc.,*
2008 WL 613924 (9th Cir. Mar. 7, 2008) ......................................................passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

ii

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1   **I.      INTRODUCTION**

2           This reply incorporates by reference the Defendants' Joint Reply to Direct Purchaser

3   Plaintiffs' Opposition and Joint Reply to Indirect Purchaser Plaintiffs' Opposition (collectively

4   "Joint Replies").

5           Contrary to Direct Purchaser Plaintiffs' ("Direct Plaintiffs") and Indirect Purchaser

6   Plaintiffs' ("Indirect Plaintiffs") mischaracterization of the Hitachi defendants' supplemental

7   motions to dismiss, the fact remains that both the Direct Purchaser Plaintiffs' Consolidated

8   Complaint ("DP-CC") and Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IP-

9   CAC") (collectively "Complaints"), with their handfuls of stray mentions of "Hitachi," are each

10  wholly insufficient to state a conspiracy claim against any of the Hitachi defendants and fail to

11  provide any of the Hitachi defendants with fair notice of the grounds for such a claim.  Under the

12  most recent Ninth Circuit authority interpreting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955

13  (2007), Rule 8(a)(2)'s "notice pleading" rule was abrogated by *Twombly* for purposes of adequate

14  pleading in antitrust cases.  *Kendall v. Visa U.S.A., Inc.*, 2008 WL 613924, at *8 n.5 (9th Cir.

15  Mar. 7, 2008).  In such cases, the Complaints must "plead the necessary *evidentiary* facts to

16  support [their] conclusions."  *Id.* at *3 (emphasis added).

17          While both Oppositions fixate on an idea that the allegations in the Complaints need not

18  be detailed "defendant-by-defendant," they ignore the predicate requirement that the Complaints

19  plausibly allege in the first instance both a conspiracy *and* that each of the Hitachi defendants

20  joined in the conspiracy.  The Complaints rely solely on general, conclusory allegations against

21  "all Defendants" or "all Japanese defendants," and in so doing, fail to state facts sufficient to

22  allege the existence of an agreement (essential to a conspiracy claim), or *even* parallel conduct.

23  Moreover, the Complaints fail to allege that any of the Hitachi defendants joined and participated

24  in any conspiracy.  Accordingly, the Hitachi defendants' motions to dismiss should be granted.

25  **II.     STATEMENT OF FACTS**

26          **A.      DP-CC**

27          As noted in the Hitachi defendants' motion ("Hitachi Direct Motion"), Hitachi, Ltd.,

28  Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Ltd. are each separate and distinct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

1

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1   legal entities.  By mere *ipse dixit*, however, the DP-CC bundles them together as "Hitachi."

2          But the DP-CC includes only a handful of references even to the artificial composite

3   "Hitachi":

4          • early presence in the TFT-LCD industry (even while acknowledging that Hitachi

5             Displays, Ltd. did not exist prior to 2002);

6          • supposed quarterly average price relating to a single end TFT-LCD *product*;

7          • small number of business relationships with other entities; and

8          • participation in a single trade association.

9   DP-CC ¶¶ 39, 92-93, 102, 130, 159, 162, 164; *see* Hitachi Direct Motion, Section II.

10          **B.     IP-CAC**

11          The IP-CAC also bundles together Hitachi, Ltd., Hitachi Displays, Ltd., and Hitachi

12   Electronic Devices (USA), Ltd. as "Hitachi."  IP-CAC ¶¶ 85-87, 89.

13          Specifically regarding the artificial composite "Hitachi," the IP-CAC includes a handful

14   of statements relating only to business relationships of nonspecified Hitachi defendants.  IP-CAC

15   ¶¶ 120,122, 126, 156; *see* Hitachi Indirect Motion, Section II.

16   **III.   ARGUMENT**

17          **A.     The Complaints Fail To Plead Facts Sufficient To State A Plausible Claim Of
              The Existence Of An Antitrust Conspiracy *And* Participation By Any Of The
18            Hitachi Defendants In Such A Conspiracy.**

19          "[T]o satisfy pleading requirements in the antitrust context, the plaintiffs must allege that

20   *each individual defendant* joined the conspiracy and played some role in it because, at the heart of

21   an antitrust conspiracy is an agreement *and* a conscious decision by *each defendant* to join it."  *In*

22   *re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 311-12 (D.N.J. 2004) (citing *Jung v.*

23   *Assoc. of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163-64 (D.D.C. 2004)) (internal quotation marks

24   omitted) (emphasis added).  "Simply using the global term 'defendants' to apply to numerous

25   parties without any specific allegations that would tie each particular defendant to the conspiracy

26   is not sufficient."  *Id.* at 312 (internal quotation marks omitted) (noting, however, that the court

27   may deny a motion to dismiss *if* it can fairly draw inferences from the alleged conspirators'

28   behavior indicating that they participated in a conspiracy).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

2

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1   The Complaints must allege enough facts to put each of the Hitachi defendants on notice

2   of the grounds for relief against it.  Plaintiffs are required to provide the bases of their entitlement

3   to relief, beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of

4   action." *Twombly*, 127 S. Ct. at 1965.

5   In their Oppositions, both sets of Plaintiffs skip over the threshold failures of their

6   respective Complaints even to sufficiently allege the existence of, and the Hitachi defendants'

7   participation in, a conspiracy in the first instance.  Instead, they seek to divert attention to a straw

8   man, inaccurately attributing to the Hitachi defendants a supposed insistence to proceed

9   "defendant-by-defendant."

10   The Hitachi defendants do not contend that the Complaints must be compartmentalized,

11   nor do they ask the Court to examine the claims against them separately from the rest of the

12   allegations in the Complaints.  Rather, the Hitachi defendants' motions points out the Complaints'

13   failures to allege facts sufficient to state that any of the Hitachi defendants "joined the conspiracy

14   and played some role in it." *In re OSB Antitrust Litig.*, 2007 WL 2253419, at *5 (E.D.Pa. Aug. 3,

15   2007).  Plaintiffs' general allegations as to all Defendants or all Japanese defendants, and the

16   Complaints' handful of allegations as to "Hitachi" fail to establish a plausible conspiracy claim

17   and further fail to put any of the Hitachi entities on notice of the grounds for relief against them in

18   either Complaint.  Here, as in the *Jung* case:

19

20   [P]laintiffs' use of the term "defendants" to refer to multiple defendants
     situated very differently from one another in the context of general and

21   global allegations is insufficient . . . Plaintiffs cannot escape their burden
     of alleging that each defendant participated in or agreed to join the

22   conspiracy by using the term "defendants" to apply to numerous parties
     without any specific allegations as to [the Hitachi defendants].

23

24   *Jung*, 300 F. Supp. 2d at 163.  The Ninth Circuit held less than a month ago that "[t]erms like

25   'conspiracy, or even 'agreement' . . . might well be sufficient in conjunction with a more specific

26   allegation—for example, identifying a written agreement . . . but a court is not required to accept

27   such terms as a sufficient basis for a complaint" in a Section 1 conspiracy case. *Kendall*, 2008

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

3

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1    WL 613924, at *3 (internal quotation marks and citation omitted).  Instead, the *Kendall* Court

2    held that under *Twombly*, plaintiffs must "plead the necessary *evidentiary* facts to support their

3    conclusions."  *Id.* (emphasis added).  Ultimately, "the complaint[s] do[] not answer the basic

4    questions: who, did what, to whom (or with whom), where, and when?"  *Id.* at *4.  Neither the

5    DP-CC nor the IP-CAC plead any evidentiary facts that come close to meeting the required

6    standard.

7            Plaintiffs seek to blur the distinction between the sufficiency of allegations to state a

8    conspiracy claim at all, and the sufficiency of allegations of acts for which specific defendants

9    may be liable, *after* a conspiracy and participation are first alleged.  To that end, Direct Plaintiffs

10   rely on a number of inapposite cases decided long before *Twombly*, holding that the DP-CC need

11   not allege overt acts by each individual defendant.  Direct Opp. 23:16-28; 24:1-8.  In their

12   reliance on these cases, Direct Plaintiffs ignore the threshold failure of the DP-CC even to

13   sufficiently allege the existence of, and any of the Hitachi defendants' participation in, a

14   conspiracy, as required by *Twombly*.  *See* 127 S. Ct. at 1966-67.  But even these cases lend

15   Plaintiffs no support.  These cases discuss the standard for proof of a conspiracy on motions for

16   *summary judgment* and possible vicarious liability only after a showing that a party joined and

17   participated in a conspiracy.  They hold only that *if* a complaint successfully alleges a conspiracy

18   *and* alleges that an individual defendant participated in the conspiracy, *then* it need not allege

19   overt acts by each individual defendant in order for such defendants to be linked to the alleged

20   conspiracy.  *See, e.g.*, *In re Bulk Popcorn Antitrust Litig.*, 783 F. Supp. 1194, 1197 (D. Minn.

21   1991) ("*Once* a conspiracy is shown, only slight evidence is needed to link another defendant

22   with it.") (emphasis added); *Beltz Travel Serv. v. Int'l Air Travel Ass'n*, 620 F. 2d 1360, 1367 (9th

23   Cir. 1980) ("*If* Beltz can establish the existence of a conspiracy . . . and that appellees were a part

24   of such a conspiracy, appellees will be liable . . . .") (emphasis added).

25           Similarly, the Indirect Plaintiffs assert that the Hitachi defendants' motion should be

26   denied because pleading particular acts by each defendant in a conspiracy is not required.

27   Indirect Opp. at 9:22-23.  In support of their argument, Indirect Plaintiffs misuse the *SRAM*

28   Court's Order of February 14, 2008.  Indirect Opp. at 10: 2-4.  First, the *SRAM* Order predates

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

4

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1  *Kendall*, the latest and governing law in the Ninth Circuit. Second, in actuality, the *SRAM*

2  Court's statement supports the Hitachi defendants' position. In *SRAM*, the Court noted that at the

3  motion to dismiss stage, the complaint requires "allegations that plausibly suggest that *each*

4  *Defendant* participated in the alleged conspiracy." *In re Static Access Memory Antitrust Litig.*,

5  2008 WL 426522, at *6 (N.D. Cal. Feb. 14, 2008) (emphasis added).

6  **B.    The DP-CC Lacks Sufficient Facts Even To Allege Parallel Conduct; Nor
          Could It Survive On Such Allegations Alone.**

7

8  Direct Plaintiffs claim that the DP-CC alleges parallel conduct together with factual

9  context showing that parallel conduct results from concerted action. Direct Opp. 2:3-4. But the

10 DP-CC's specific allegations are in fact, a far cry from raising even parallel conduct. Plaintiffs

11 not only lump all Hitachi entities together, they claim that the DP-CC's allegations as to all

12 "Defendants" or all "Japanese defendants," apply equally to this nonexistent composite entity

13 even while acknowledging that Hitachi Displays, Ltd. was not formed until 2002.[1] Even if the

14 DP-CC had alleged parallel conduct as to each Hitachi defendant, "[a] statement of parallel

15 conduct, even conduct consciously undertaken, needs some setting suggesting the agreement

16 necessary to make out a §1 claim; without that further circumstance pointing toward a meeting of

17 the minds, an account of a defendant's commercial efforts stays in neutral territory. *Kendall*,

18 2008 WL 613924, at *4 (quoting *Twombly*, 127 S. Ct. at 1966).

19        **1.    Formation of IPS Alpha Technology, Ltd. ("IPS Alpha")**

20 Direct Plaintiffs' Opposition attempts to do what the DP-CC itself neglects to do,

21 asserting that the DP-CC states IPS Alpha was created in 2005 as a joint venture, *consistent with*

22 *a supposed strategy to curtail supply.* Direct Opp. 26:12-13. For this, Plaintiffs cite paragraph 60

23 of the DP-CC, which states only that IPS Alpha was formed to "to manufacture and sell TFT-

24 LCD panels for televisions." Without any evidence of a collusive agreement, IPS Alpha's mere

25 formation for a concededly legitimate business purpose, does not and cannot support a conspiracy

26

27 [1] Plaintiffs cite authority for the proposition that a later co-conspirator can be liable for earlier
       conspiratorial acts. Direct Opp. at 26 n.10. But the DP-CC itself says nothing about how

28     Hitachi, Displays, Ltd. actually joined a conspiracy after its formation or participated in one.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

5

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1   claim.  *See Kendall*, 2008 WL 613924, at *5 ("Allegations of facts that could just as easily

2   suggest rational, legal business behavior by the defendants as they could suggest an illegal

3   conspiracy are insufficient to plead a violation of the antitrust laws.") (citing *Twombly*, 127 S. Ct.

4   at 1964-66 & n.5); *see also Arista Records LLC v. Lime Group LLC*, 532 F. Supp. 2d 556, 579

5   n.30 (S.D.N.Y. 2007) (discussing allegations against joint ventures and stating that "it is well

6   settled that the mere opportunity to conspire does not by itself support the inference that such an

7   illegal combination actually occurred.") (internal quotation marks and citations omitted).

8           Plaintiffs again blithely lump defendants together in the apparent hope that their sweeping

9   conclusions as to all will somehow adhere to each individual defendant.  This time, they conflate

10  both "Hitachi" and "Toshiba," and IPS Alpha, merely on the basis of the initial joint venture

11  formation.  By the DP-CC's own concession, only Hitachi Displays, Ltd. – not Hitachi, Ltd. or

12  Hitachi Electronic Devices (USA), Ltd. is a joint venturer in IPS Alpha.  *See* DP-CC ¶ 60.[2]

13  Moreover, even as Direct Plaintiffs conflate these separate companies and groups of companies,

14  the Indirect Plaintiffs have agreed and the Court has ordered that IPS Alpha is *not* a "Hitachi"

15  defendant.  *See* Stipulation and Order, Dkt. #488 (striking all references to Hitachi America, Ltd.

16  and removing IPS Alpha from the collective reference to "Hitachi").

17          Direct Plaintiffs' Opposition claims that it is plausible to infer that the formation of IPS

18  Alpha was itself a conspiratorial act, but the DP-CC pleading itself provides insufficient factual

19  context to support such a claim of plausibility.  The DP-CC concludes that the formation of IPS

20  Alpha in 2005 was part of the TFT-LCD Products industry's "significant consolidation" and that

21  "[s]ome industry participants went as far as overtly suggesting that the industry should seek to

22  curtail supply through mergers.  These suggestions were carried out."  DP-CC ¶¶ 92, 135.  The

23  DP-CC is devoid, however, of facts alleging *who* made such "overt" suggestions to curtail supply

24  through mergers, *when*, *where*, and *how*.  *See Kendall*, 2008 WL 613924, at *4.  Nor does it

25  elaborate at all on how mergers were in fact employed to curtail supply, or how IPS Alpha in

26

27

28

---

[2]     The same shortcoming applies to the allegations against defendants Toshiba America
Electronics Components, Inc. and Toshiba America Information Systems, Inc., neither of
which are even alleged to be joint venturers in IPS Alpha.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

6

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1    particular was used by any of the Hitachi defendants to join and participate in a conspiracy.  The

2    DP-CC admits that IPS Alpha was formed only in 2005, at least two years after the supposed

3    "call[] for the industry to merge," and its already insufficient allegations are all the more

4    untenable as against Hitachi, Ltd. and Hitachi Electronic Devices (USA), Ltd., which are not even

5    named as, and are not, members of the joint venture.  Direct Opp. at 26:10-11; DP-CC ¶ 135.

6         Additionally, even if IPS Alpha's formation can be inferred to be an instance of market

7    concentration, allegations of market concentration are insufficient to render a conspiracy claim

8    plausible as against any of the Hitachi defendants.  *See In re Late Fee and Over-Limit Fee Litig.*,

9    2007 WL 4106353, at *8-*10 (N.D. Cal. Nov. 16, 2007) ("plus factors" such as opportunities to

10   communicate and market concentration, "whether taken singly or together, are insufficient to

11   plead a case.").  Although Plaintiffs contend that "the mere formation of a corporate entity whose

12   purpose is to create a combination in restraint of trade can itself be a violation," they again ignore

13   the fact that, as a threshold matter, there are no facts in the DP-CC plausibly alleging that IPS

14   Alpha *was* formed with such a conspiratorial *purpose*.

15                    2.    **Membership in Trade Associations**

16        The DP-CC alleges nothing more than "Hitachi's" membership in *one* trade association

17   ("SEAJ") and "presentations" by unnamed "Hitachi" officials on LCD *technology* at a *single*

18   conference as support for its allegation that each of the Hitachi defendants participated in a

19   worldwide price-fixing conspiracy.  DP-CC ¶ 159, 162, 164.  In fact, Plaintiffs' own documents

20   purporting to be the source for the DP-CC's allegations and produced pursuant to this Court's

21   Stay Order, reveal that the only Hitachi entities that are members of SEAJ are *not any of the*

22   *Hitachi defendants in this case*.  As such, the DP-CC's trade association allegation is not even

23   asserted against any Hitachi defendant.[3]  The assertion in the Opposition that the DP-CC "alleges

24   _____

25   [3]    Pursuant to paragraph 2 of the Court's Order Granting United States' Motion To Stay
     Discovery (Dkt. #300), Plaintiffs were ordered to produce "all documents referred to in the
     plaintiff's complaint."  One of the documents produced by the Direct Plaintiffs listed the

26   members of SEAJ.  They listed the following Hitachi entities not named as Defendants in this
     case: Hitachi Kokusai Electric, Inc., Hitachi High Technologies Corporation, Hitachi Metals,

27   Ltd., and Hitachi Plant Technologies, Ltd.  Because the membership list was produced as a
     document referred to in the DP-CC, it is proper for the Court to take judicial notice of it.  *See*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

7

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1    numerous meetings at which defendants, including specifically, Hitachi . . . had 'opportunities to

2    exchange information or make agreement'" is thus demonstrably erroneous as to any of the

3    Hitachi defendants.  In any event, the DP-CC itself fails to state any facts showing how a single

4    event was used by any of the Defendants, least of all by any of the Hitachi defendants, to further a

5    conspiracy, or even more basic – how a single event evidences a conspiracy at all.

6                              3.    **Licensing Arrangement**

7           As noted in the Hitachi defendants' motion, the DP-CC's allegation of a licensing

8    arrangement between "Hitachi" and "Chi Mei" does not support parallel conduct, let alone a

9    conspiracy claim.  *Twombly*, 127 S. Ct. at 1971.  The DP-CC fails to state any facts supporting

10   that this particular licensing arrangement plausibly supports a conspiracy claim rather than

11   rational, legal business behavior.  Likewise, Plaintiffs' allegations of early presence in the TFT-

12   LCD industry by "Hitachi" and supposed quarterly average price relating to a single end product

13   of "Hitachi" plead only neutral commercial conduct.

14          Without more, association membership of three Hitachi entities not involved in this

15   litigation, conference attendance by unnamed "Hitachi" officials, and a license by a nonexistent

16   "Hitachi" composite, all fully consistent with a legitimate business purpose, do not state a

17   plausible claim against any of the Hitachi defendants.  *See Kendall*, 2008 WL 613924, at *3, *5.

18          **C.    Indirect Plaintiffs' Opposition Offers No Rebuttal To The Reality That The
                   Sparse Allegations As To The Hitachi Defendants Fail Even To Establish
19                 Parallel Conduct, Let Alone A Conspiracy *And* That The Hitachi Defendants
                   Participated In A Conspiracy.**
20

21          Indirect Plaintiffs' Opposition wholly ignores the insufficiency of the IP-CAC's

22   allegations of consolidation and "opportunities for collusive activity" as to the Hitachi defendants,

23   as pointed out in the Hitachi Motion, at 5-6.  The Opposition makes only the general statement

24   that the IP-CAC "details *Defendants'* various information exchanges, . . . agreements resulting

25   from express invitations to collude, . . . and directly resulting price stabilization and increases."

26   Indirect Opp. at 10:10-13 (emphasis added).  Even while using the words "express," and

27

          Hitachi Defendants' Request for Judicial Notice and Declaration of Kent M. Roger In
28        Support Thereof.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                        8                 CASE NO. M: 07-1827 SI; MDL NO. 1827
1-SF/7685209.3
                                                    REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
                                                    HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1   "directly," Plaintiffs do not, either in their Opposition or in the IP-CAC itself, suggest how any of

2   the Hitachi defendants participated in any conspiracy.  One searches in vain for evidentiary facts

3   in the IP-CAC itself sufficient to plausibly tie *any* of the Hitachi defendants to a price-fixing

4   conspiracy.

5        For example, the IP-CAC states merely that "cooperative arrangements . . . create[d]

6   additional opportunities for collusive activity.  It then notes that "Chi Mei" has a licensing

7   arrangement with "Hitachi" (without identifying which) and others, and that "Defendant Hitachi

8   has a joint venture with, inter alia, Toshiba called IPS Alpha."  IP-CAC ¶ 122.  (Again, only

9   Hitachi Displays, Ltd. and Toshiba Corporation are joint venturers in IPS Alpha).  The IP-CAC

10  cursorily states that "Hannstar makes panels for Hitachi and Panasonic," once again without

11  identifying which, and without any facts as to how such an arrangement (even assuming it exists),

12  establishes that any Hitachi defendant participated in a conspiracy.  *See* IP-CAC ¶ 120; *Kendall*,

13  2008 WL 613924, at *4 (holding that a defendant's commercial efforts stay in neutral territory,

14  absent any evidence of a "meeting of the minds").

15       These allegations of mere "plus factors" as to a nonexistent composite "Hitachi" are

16  insufficient to allege parallel conduct on the part of any of the specific Hitachi defendants, let

17  alone plausibly allege that a conspiracy existed *and* that any of the Hitachi defendants actually

18  participated in a conspiracy.  *See In re Late Fee*, 2007 WL 4106353, at *8-*10.

19  **IV.   CONCLUSION**

20       Plaintiffs cannot escape the fact that they are required to state a claim for relief as to *each*

21  *specific defendant* but have failed to do so.  *Twombly*, 127 S. Ct. at 1965; *Jung*, 300 F. Supp. 2d

22  at 164 n.27.  The Complaints' generalized allusions to activities of "Defendants" or "Japanese

23  defendants" can no more shed light on what any of the separate Hitachi defendants are alleged to

24  have done wrong, than can these sparse allegations in which Plaintiffs invoke a nonspecified

25  "Hitachi," making demonstrably inaccurate and internally inconsistent assertions to boot.

26       For the reasons set forth herein and in their original moving papers, the Hitachi defendants

27  respectfully request that both the DP-CC and IP-CAC be dismissed as to them as a matter of law.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7685209.3

9

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.

1

2

Dated: April 3, 2008                                    MORGAN, LEWIS & BOCKIUS LLP

3

By _____ /s/ Kent M. Roger _____

4                                                              Kent M. Roger
                                                             Attorneys for Defendants
5                                                            HITACHI, LTD., HITACHI DISPLAYS,
                                                             LTD., and HITACHI ELECTRONIC
6                                                            DEVICES (USA), LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1-SF/7685209.3

10

CASE NO. M: 07-1827 SI; MDL NO. 1827

REPLY TO OPP'NS TO MTD DIRECT AND INDIRECT COMPLAINTS ON BEHALF OF
HITACHI, LTD., HITACHI DISPLAYS, LTD., AND HITACHI ELECTRONIC DEVICES (USA), LTD.