Wayne A. Cross (*pro hac vice*)
John H. Chung (*pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone:     (212) 819-8200
Facsimile:     (212) 354-8113

*Attorneys for Toshiba Corporation, Toshiba Matsushita Display Technology Co., Ltd., Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Document Relates to:<br><br>ALL CASES | **TOSHIBA CORPORATION'S, TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.'S, TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PLAINTIFFS' OPPOSITIONS TO MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:          April 30, 2008<br>Time:          2:00 p.m.<br>Dept.:          Courtroom 10, 19th Floor<br>Judge:          Hon. Susan Illston |

1    Toshiba Corporation ("Toshiba"), Toshiba Matsushita Display Technology Co., Ltd.

2  ("TMD"), Toshiba America Electronic Components, Inc. ("TAEC") and Toshiba America

3  Information Systems, Inc. ("TAIS") respectfully submit this reply memorandum of points and

4  authorities in response to Direct Purchaser Plaintiffs' Opposition to Defendants' Joint and

5  Separate Motions to Dismiss (hereinafter "D-P Opposition Brief") and the Indirect Purchaser

6  Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss Consolidated

7  Amended Complaint (hereinafter "I-P Opposition Brief") (collectively, the "Oppositions").[1]

8    **MEMORANDUM OF POINTS AND AUTHORITIES**

9  **A.    Plaintiffs' Failure to Allege Any Facts That Plausibly Suggest That Toshiba, TMD,**
   **TAEC and TAIS Have Participated in a Conspiracy Requires Dismissal of the**
10   **Complaints**

11

12    In their opening Motion to Dismiss and Memorandum of Points and Authorities

13  (hereinafter "Opening Motion"), Toshiba, TMD, TAEC and TAIS demonstrated that the Direct

14  Purchaser Plaintiffs' Consolidated Complaint, dated November 5, 2007 (the "Direct Purchasers'

15  Complaint") and the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint, dated

16  November 5, 2007 (the "Indirect Purchasers' Complaint") (collectively, the "Complaints"), failed

17  to satisfy the pleading standard set forth by the Supreme Court in <u>Bell Atl. Corp.</u> v. <u>Twombly</u>,

18  127 S. Ct. 1955 (2007).   Far from alleging specific evidence of conspiratorial activity, the

19  Complaints are rife with conclusory, generalized statements about the alleged conspiratorial

20  behavior of all co-defendants.   <u>See, e.g.</u>, Direct Purchasers' Complaint at ¶¶ 4, 90, 91, 98, 100,

21  170; Indirect Purchasers' Complaint at ¶¶ 1-2, 8-10, 137-38, 178.  The Plaintiffs failed to allege

22  any facts suggesting that Toshiba, TMD, TAEC or TAIS were party to or participated in a

23  conspiracy to fix prices.  Moreover, the conclusory allegations that Plaintiffs did assert against

24

25

26  _____
    [1]  Toshiba, TMD, TAEC and TAIS hereby incorporate by reference the Defendants' Reply Memorandum in Support
    of Joint Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint and the Defendants' Reply
27  Memorandum in Support of Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended
    Complaint.
28

Toshiba, TMD, TAEC and TAIS are equally consistent, if not more so, with independent, legitimate business activity, and therefore cannot support Plaintiffs' conspiracy claims.

Having been confronted with their clear failure of pleading, Plaintiffs now make the remarkable contention that they are not required to make specific allegations of participation in a conspiracy against Toshiba, TMD, TAEC or TAIS in order to survive a motion to dismiss. See I-P Opposition at 9-10; D-P Opposition at 23-29. This argument is untenable particularly after the Supreme Court's decision in Twombly, and the post-Twombly cases that Plaintiffs cite do not support their argument. In fact, these cases confirm the essential requirement set forth in Twombly: an antitrust plaintiff must allege specific facts that plausibly suggest the existence of a conspiracy, as well as each defendant's participation in that conspiracy. Twombly, 127 S. Ct. at 1966-67. In In re OSB Antitrust Litig., 2007 WL 2253419 (E.D. Pa. Aug. 3, 2007), the court held that the "plaintiff must allege that each individual defendant joined the conspiracy and played some role in it." Id. at *5 (emphasis added). Additionally, in In re Static Random Access Memory (SRAM) Antitrust Litig., 2008 WL 426522 (N.D. Cal. Feb. 14, 2008), the court found that plaintiffs were required to "make allegations that plausibly suggest that each Defendant participated in the alleged conspiracy." Id. at *6 (emphasis added). Even under the case law that they have cited, Plaintiffs still bear the burden of alleging specific facts that plausibly suggest that Toshiba, TMD, TAEC and TAIS each individually participated in a conspiracy.

As set forth in the Opening Motion, Plaintiffs have failed to meet this standard. Plaintiffs have set forth no allegations that suggest that Toshiba, TMD, TAEC or TAIS joined in any conspiracy; no allegations identifying with whom they allegedly entered into a conspiratorial agreement; no allegations as to when they entered into any alleged agreement; no allegations that they attended any meetings in furtherance of any agreement; and no allegations setting forth the terms of the purported agreement, or how those terms were effectuated. Plaintiffs' Oppositions fail to address these pleading deficiencies.

**B.  The Indirect Purchaser Plaintiffs Have Failed to Point to Any Specific Allegations Relating to Toshiba, TMD, TAEC or TAIS**

The I-P Opposition Brief does not even attempt to identify any specific allegations as to Toshiba, TMD, TAEC or TAIS.  The Indirect Purchaser Plaintiffs rest, in part, on their contention that they do not need to make specific allegations on a defendant-by-defendant basis.  See I-P Opposition Brief at 9-10.  As set forth in the Opening Motion and above, the Indirect Purchaser Plaintiffs' failure to set forth any specific allegations of conspiratorial activity on the part of Toshiba, TMD, TAEC or TAIS requires dismissal of the Indirect Purchasers' Complaint as to them.

**C.  The Direct Purchaser Plaintiffs Have Failed to Point to Any Specific Allegations Relating to TMD, TAEC or TAIS, and the Only Factual Allegations as to Toshiba Are Insufficient to Defeat a Motion to Dismiss**

The only allegations in the D-P Opposition Brief that actually mention Toshiba, or a Toshiba entity, relate to (i) participation in trade associations; and (ii) the IPS Alpha venture.  The Direct Purchaser Plaintiffs allege that "Toshiba" participated in trade associations and that certain executives attended a 2006 conference.[2]  See Direct Purchasers' Complaint at ¶¶ 159 & 168.  Absent some evidence of conspiratorial conduct, these allegations do not support an inference of conspiracy.  See Twombly, 127 S. Ct. at 1971 n. 12; In re Graphics Processing Units Antitrust Litig., 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007); In re Citric Acid Litig., 191 F. 3d 1090, 1098 (9th Cir. 1999) (participation in trade associations does not support "inference of conspiracy"); In re Late Fee and Over-Limit Fee Litig., 528 F. Supp. 2d 953, 963 (N.D. Cal. 2007).  Because the Direct Purchaser Plaintiffs have not set forth any allegations that support "Toshiba's" involvement in any conspiracy, the allegations pertaining to participation in trade associations merely indicate innocuous business activities.

The Direct Purchaser Plaintiffs also allege that "Hitachi and Toshiba formed IPS Alpha as

---

[2]  See Opening Motion at 3-4.  Toshiba, TMD, TAEC and TAIS object to the Plaintiffs' inappropriate use of the term "Toshiba" to describe distinct corporate entities.

1  a joint venture in January 2005 to manufacture and sell TFT-LCD panels for televisions." See D-

2  P Opposition Brief at 25.  Notably, they further allege that "it is plausible to allege that the

3  formation of IPS Alpha was itself a conspiratorial act to curtail supply. . . [and] that joint ventures

4  and other business affiliations were the *means* to maintain and achieve the end result of the

5  conspiracy . . . ."  D-P Opposition Brief at 26 (emphasis in original).

6        Again, these contentions are meaningless because Plaintiffs have failed to allege any

7  specific facts that plausibly suggest an underlying conspiracy.  In light of this failure, this Court

8  must accept the allegations relating to the IPS Alpha venture for what they are: practices "just as

9  much in line with a wide swath of rational and competitive business strategy unilaterally

10 prompted by common perceptions of the market" as with conspiracy.  Twombly, 127 S. Ct. at

11 1964.   Participation in joint ventures and cross-licensing arrangements serves many pro-

12 competitive purposes, and does not, absent some evidence of a collusive agreement, support a

13 claim for conspiracy.  See, e.g., Arista Records LLC v. Lime Group LLC, 532 F. Supp. 2d 556,

14 579 n. 30 (S.D.N.Y. 2007); In re Travel Agent Comm'n Antitrust Litig., 2007 WL 3171675, at *9

15 (N.D. Ohio Oct. 29, 2007); Late Fee and Over-Limit Fee Litig., 528 F. Supp. 2d at 963.

16       Moreover, rather than curing the pleading deficiencies, the Plaintiffs' allegations as to the

17 IPS Alpha venture highlight those deficiencies.  As Plaintiffs indicate, the only Toshiba entity at

18 issue in the IPS Alpha venture is Toshiba Corporation.  Direct Purchasers' Complaint at ¶ 60

19 ("IPS Alpha was formed in January 2005 as a joint venture between defendants Hitachi Displays,

20 Ltd., Toshiba Corporation, and Matsushita Electric Industrial Co., Ltd. to manufacture and sell

21 TFT-LCD panels for televisions.").  As noted above, the only factual allegations that pertain to

22 any specific Toshiba entity are the IPS Alpha allegations.   In short, there are no specific

23 allegations whatsoever as to TMD, TAEC or TAIS.  Not only are the allegations in the Plaintiffs'

24 Complaints insufficient as to all of the Toshiba entities named in their Complaints, TMD, TAEC

25 and TAIS should be dismissed for the additional reason that the Complaints are devoid of any

26 specific allegations against them.

27

28

TOSHIBA'S, TMD'S,  TAEC'S AND TAIS'S
REPLY TO PLAINTIFFS' OPPOSITIONS TO
MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the reasons stated above and based on the authorities cited herein and within the Opening Motion, Toshiba, TMD, TAEC and TAIS respectfully request this Court to grant their motion to dismiss for failure to state a claim upon which relief can be granted.

/ / /

/ / /

Respectfully submitted,

Dated: April 3, 2008                     WHITE & CASE LLP

By: */s/ Wayne A. Cross*
                                                    Wayne A. Cross

Wayne A. Cross (*pro hac vice*)
John H. Chung (*pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
Tel:        (212) 819-8200
Fax:        (212) 354-8113

*Attorneys for Toshiba Corporation, Toshiba Matsushita Display Technology Co., Ltd., Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc.*

With the Reservation of All Rights and Defenses.

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Wayne Cross.

TOSHIBA'S, TMD'S,  TAEC'S AND TAIS'S
REPLY TO PLAINTIFFS' OPPOSITIONS TO
MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA'S, TMD'S,  TAEC'S AND TAIS'S
REPLY TO PLAINTIFFS' OPPOSITIONS TO
MOTION TO DISMISS