IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br>/ | **ORDER DENYING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

The indirect purchaser plaintiffs have filed a motion for a preliminary injunction. (Docket No. 544). Plaintiffs seek to enjoin a proposed joint venture between two Japanese corporations: defendant Sharp Corporation ("Sharp") and a third party corporation, Sony Corporation.[1] Plaintiffs contend that the proposed joint venture will facilitate, strengthen and perpetuate the alleged conspiracy among defendants to fix prices and control output of liquid crystal display ("LCD") panels.

In support of their motion, plaintiffs have submitted a copy of a February 26, 2008 press release jointly issued by Sharp and Sony, in which the two companies announced that "today they signed a non-binding memorandum of intent to establish a joint venture to produce and sell large sized LCD panels and modules, by splitting out from Sharp an LCD panel plant now under construction in Sakai City, Osaka Prefecture which will use 10th generation mother glass substrates." Shulman Decl. Ex. 1. The press release states that the "[d]ate of [e]stablishment" is "[s]cheduled for April 2009 (pending further discussion)" and that the "[s]tart of [o]perations" is "[b]y the end of FY 2009 (planned)." *Id*. Plaintiffs

---

[1] Sony Corporation is not named as a defendant in either of the consolidated amended complaints.

1 also cite allegations from the complaint alleging defendants' use of joint ventures to implement the
2 alleged price-fixing conspiracy, and also assert that the pending grand jury investigation into alleged
3 price-fixing in the LCD market, as well as the existence of an amnesty applicant, is "direct evidence"
4 of the conspiracy.

5 Sharp contends that under the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"),
6 this Court lacks subject matter jurisdiction to issue the requested injunction. Sharp also contends that
7 even assuming this Court has jurisdiction, plaintiffs have not met their burden to show either likelihood
8 of success on the merits or irreparable harm.

9 The Court finds that on this record plaintiffs have not demonstrated that they are entitled to an
10 injunction. As a threshold matter, the Court holds that plaintiffs have not shown that this Court has
11 jurisdiction to enjoin two Japanese companies, only one of whom is a defendant, from continuing
12 negotiations about a potential joint venture based in Japan. Pursuant to the FTAIA, the Sherman Act
13 does not apply to foreign conduct unless it has a "direct, substantial, and reasonably foreseeable effect"
14 on domestic commerce. 15 U.S.C. § 6a(1); *United States v. LSL Biotechnologies*, 379 F.3d 672, 679-80
15 (9th Cir. 2004). Plaintiffs have not made any showing that the inchoate joint venture has a "direct,
16 substantial, and reasonably foreseeable effect" on domestic commerce. *See LSL Biotechnologies*, 379
17 F.3d at 681. Instead, plaintiffs simply refer to allegations in the consolidated amended complaint
18 regarding other joint ventures and agreements between defendants, including Sharp, through which
19 defendants allegedly implemented the conspiracy. The complaint does not, however, contain any
20 allegations specific to the proposed joint venture. Moreover, even if the complaint contained such
21 allegations, the Court is skeptical that these allegations would be sufficient to establish a "direct,
22 substantial, and reasonably foreseeable effect." *Id*. at 679 ("An effect cannot be 'direct' where it
23 depends on such uncertain intervening developments.").

24 Further, even if the Court had jurisdiction to enjoin the proposed joint venture, the Court finds
25 that plaintiffs have not made a showing of likelihood of success on the merits or irreparable harm. A
26 plaintiff can demonstrate it is entitled to such preliminary relief in two ways. Under the "traditional
27 criteria," a plaintiff must show: "(1) a strong likelihood of success on the merits, (2) the possibility of
28 irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the

2

plaintiff, and (4) advancement of the public interest (in certain cases)." *Earth Island Institute v. U.S. Forest Serv.*, 442 F.3d 1147, 1158 (9th Cir. 2006). Alternatively, a plaintiff may establish "either a combination of probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* The two formulations of the alternate test "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir. 2006). However, in any situation, the Court must find "that there exists a significant threat of irreparable injury." *See Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (citing cases).

Here, plaintiffs have not submitted any evidence in support of their motion. The Court recognizes that plaintiffs are largely unable to do so due to the stay on discovery. Nevertheless, there is no factual support for plaintiffs' allegations that the proposed joint venture will cause plaintiffs irreparable harm. Moreover, as plaintiffs acknowledge, the joint venture has not been consummated, and thus the future effects of that joint venture are purely speculative. Finally, although plaintiffs make much of the ongoing grand jury investigation, the existence of these proceedings is not evidence that the proposed joint venture is either anti-competitive or that it will harm plaintiffs.

Accordingly, for the foregoing reasons the Court DENIES plaintiffs' motion for a preliminary injunction. (Docket No. 544).

**IT IS SO ORDERED.**

Dated: May 27, 2008

SUSAN ILLSTON
United States District Judge