Bruce L. Simon (State Bar No. 096241)
PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Richard M. Heimann (State Bar No. 063607)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

Francis O. Scarpulla (State Bar No. 41059)
ZELLE HOFMANN VOELBEL MASON & GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

Albert J. Boro, Jr. (State Bar No. 126657)
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

*Defendants' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M:07-1827 SI<br>MDL No. 1827 |
| This Document Relates To:<br><br>ALL ACTIONS | **JOINT RECOMMENDATION AND [PROPOSED] ORDER RE STAY OF DISCOVERY** |

# JOINT RECOMMENDATION

The U.S. Department of Justice, the Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs and the Proposed Class, one Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs and the Proposed Class, and the Defendants[1] make this joint recommendation to the Court to modify the September 25, 2007 Order Granting the United States' Motion to Stay Discovery, and request that the Court adopt the attached [Proposed] Order.

DATED: May 21, 2008          **UNITED STATES DEPARTMENT OF JUSTICE**

By:  /s/ Niall E. Lynch
           NIALL E. LYNCH
           *Intervenor United States*

DATED: May 21, 2008          **PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP**

By:  /s/ Bruce L. Simon
           BRUCE L. SIMON
           *Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs and the Proposed Class*

DATED: May 21, 2008          **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**

By:  /s/ Richard M. Heimann
           RICHARD M. HEIMANN
           *Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs and the Proposed Class*

DATED: May 21, 2008          **ZELLE HOFMANN VOELBEL MASON & GETTE LLP**

By:  /s/ Francis O. Scarpulla
           FRANCIS O. SCARPULLA
           *Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs and the Proposed Class*

---

[1] This Joint Recommendation reflects the consensus view of the Defendants and Plaintiffs, except for one Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs who objects to it in its entirety.

- 1 -     JOINT RECOMMENDATION AND [PROPOSED] ORDER RE STAY OF DISCOVERY
MASTER FILE NO. M:07-1827 SI, MDL NO. 1827

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 21, 2008 | **PILLSBURY WINTHROP SHAW PITTMAN LLP** |
| 3 | | |
| 4 | | By: /s/ Albert J. Boro, Jr. |
| 5 | | ALBERT J. BORO, JR<br>*Defendants' Liaison Counsel* |

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Niall E. Lynch, Bruce L. Simon, Richard M. Heimann, and Francis O. Scarpulla.

- 2 -

JOINT RECOMMENDATION AND [PROPOSED]
ORDER RE STAY OF DISCOVERY
MASTER FILE NO. M:07-1827 SI, MDL NO. 1827

**PROPOSED ORDER**

The Order of September 25, 2007 (the "Stay Order"), Granting the United States' Motion to Stay Discovery is modified as follows:

1. Upon entry of this Stipulation as an order of the Court, the Stay Order shall no longer prohibit discovery in this case, except as set forth below:

2. Until January 9, 2009, the Stay Order shall continue to prohibit discovery seeking evidence of an alleged conspiracy in violation of Section 1 of the Sherman Act involving TFT-LCD panels and finished products containing TFT-LCD panels, including discovery that refers, reflects or relates to any understandings, agreements, contacts, meetings, or communications by and between defendants. The Stay Order does not prohibit third party discovery; discovery concerning the purchase or sale of TFT-LCD panels and finished products containing TFT-LCD panels by Defendants to third parties, one another, or by or between a Defendants' subsidiaries, joint ventures, or affiliates; discovery concerning the purchase or sale of TFT-LCD panels and finished products containing TFT-LCD panels by or to putative class members; and discovery concerning a Defendants' (or its subsidiaries, joint ventures, or affiliates') production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, prices, shipments, customers, or distributors, to the extent consistent with the first sentence of this paragraph. By way of example and not limitation, the Stay Order as modified herein would not prohibit the production of evidence in discovery relating to a sales agreement between two defendants for TFT-LCD panels, but would prohibit the production of evidence in discovery concerning communications between the same two defendants that relate to an alleged violation of Section 1 of the Sherman Act, even if such communications occur in the context of the discoverable sales agreement between those defendants. (The reference to products containing TFT-LCD panels herein is not intended to have any bearing on the parties' pending dispute as to whether discovery concerning such products should otherwise be permitted.)

3. The Stay Order shall continue to prohibit all discovery, including without

- 3 -  JOINT RECOMMENDATION AND [PROPOSED] ORDER RE STAY OF DISCOVERY
MASTER FILE NO. M:07-1827 SI, MDL NO. 1827

1  limitation, document requests, interrogatories, requests for admissions, or depositions that refer,
2  reflect or relate to any party's or witness' communications with the United States or with the
3  grand jury (including, but not limited to, the fact or the existence of such communications),
4  relating to the grand jury proceedings concerning the TFT-LCD industry, except as provided for
5  in Paragraph 5 or by order of the Court upon good cause shown and consistent with governing
6  law.

7      4.    Notwithstanding the foregoing, the fact that information or a document was
8  communicated to the United States or the grand jury during the course of grand jury proceedings
9  does not make the information or document non-discoverable from defendants.

10      5.    On January 9, 2009, each served defendant who has appeared in this case and
11  produced documents to the grand jury shall produce to the other parties (to extent they or their
12  claims have not been dismissed) all documents produced to the grand jury without a discovery
13  request. Every 90 days thereafter, each served defendant who has appeared in this case and
14  produced documents to the grand jury shall produce to the other parties (to extent they or their
15  claims have not been dismissed), on a rolling basis, all documents produced to the grand jury
16  during the preceding 90 days.  Notwithstanding the foregoing, (i) with respect to documents
17  seized pursuant to a search warrant or documents produced in response to grand jury subpoenas
18  served after the date of this Stipulation, nothing in this Stipulation and Order shall prevent any
19  defendant from objecting to production on appropriate grounds under the Federal Rules of Civil
20  Procedure; (ii) defendants reserve their rights to claim that documents are protected from
21  disclosure by the attorney-client privilege, attorney work product doctrine, or similar privileges or
22  protections, and shall list any such documents and the basis for the claim on a privilege log to be
23  produced on the same date as the production from which they were withheld; and (iii) to the
24  extent documents contain private information concerning an individual, the production of which
25  would violate an individual's reasonable expectations of privacy, a defendant shall list any such
26  documents and the basis for the claim on a privacy log to be produced on the same date as the
27  production from which they were withheld, and shall make such document available for review
28  by counsel for the other parties in the office of defendant's counsel or at a mutually agreeable

- 4 -   JOINT RECOMMENDATION AND [PROPOSED]
ORDER RE STAY OF DISCOVERY
MASTER FILE NO. M:07-1827 SI, MDL NO. 1827

1 location in order to resolve such privacy claims.

2 6. The Stay Order does not prohibit class certification discovery prior to January 9, 2009, except as prohibited by the other terms of this stipulation.

7. The Stay Order does not prohibit the service of interrogatories, requests for admissions, requests for production of documents, and deposition notices; except to the extent that such discovery requires the production of discovery which is stayed hereunder, substantive responses shall not be produced before January 9, 2009. However, the Stay Order does not prohibit formal responses to such discovery or the resolution of the Parties' objections to such discovery pursuant to the discovery dispute resolution procedures already adopted by the Court, so as to minimize any delay in discovery caused by the Stay Order. All parties retain all rights under the Federal Rules of Civil Procedure and all other applicable rules and laws.

8. All formal discovery requests shall be served on the U.S. Department of Justice ("DOJ"). The DOJ and any party may object to discovery on the basis that the requested discovery seeks information or documents prohibited under this stipulation. Any such objections shall be subject to the discovery dispute resolution procedures already adopted by the Court.

9. All parties and the United States reserve their rights with respect to discovery conducted after January 9, 2009. However, any party or the United States can request a modification of the discovery permitted hereunder upon a showing of good cause.

SO ORDERED.

DATED: 5/27/08

_____
The Honorable Susan Illston
United States District Court Judge

- 5 -

JOINT RECOMMENDATION AND [PROPOSED]
ORDER RE STAY OF DISCOVERY
MASTER FILE NO. M:07-1827 SI, MDL NO. 1827