1  Richard M. Heimann (State Bar No. 63607)
   LIEFF, CABRASER, HEIMANN
2     & BERNSTEIN, LLP
   Embarcadero Center West
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone:    (415) 956-1000
   Facsimile:    (415) 956-1008
5
   Bruce L. Simon (State Bar No. 96241)
6  PEARSON, SIMON, SOTER, WARSHAW
      & PENNY, LLP
7  44 Montgomery Street, Suite 1200
   San Francisco, CA 94104
8  Telephone:    (415) 433-9000
   Facsimile:    (415) 433-9008
9
   *Interim Co-Lead Counsel*
10 *for the Direct Purchaser Plaintiffs*

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16 | IN RE: TFT-LCD (FLAT PANEL) | Master File No. M07-1827 SI |
   | ANTITRUST LITIGATION | |
17 | | MDL No. 1827 |

18

19 | This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT NEXGEN MEDIATECH, INC. THROUGH ITS COUNSEL UNDER FED. R. CIV. P. 4(f)(3)** |
20 | ALL DIRECT PURCHASER ACTIONS | |
21 | | Date:        November 19, 2008 |
22 | | Time:        4:00 p.m. |
   | | Courtroom: 10, 19th Floor |
23 | | |
24 | | Honorable Susan Illston |

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3 NOTICE OF MOTION AND MOTION TO ALL PARTIES AND THEIR ATTORNEYS
OF RECORD: ........................................................................................................ 1

4 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SERVICE ON NEXGEN THROUGH ITS COUNSEL ...................................................... 1

5

6 I.       STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................... 3

II.      ARGUMENT ........................................................................................................ 7

7        A.      Legal Standard ........................................................................................ 7

8        B.      International Law Does Not Prohibit Serving Nexgen Through Its Counsel ........ 8

C.      Serving Nexgen Through Its U.S.-Based Counsel Would Satisfy Due
9                Process ..................................................................................................... 9

D.      The Court Should Order Service on Nexgen through Wilmer Hale Because
10               this Manner of Service is Warranted ..................................................... 10

11               1.      Ordering Service Through Counsel Will Prevent Further
                         Delay ........................................................................................... 10

12               2.      Ordering Service Through Counsel Will Provide Nexgen
                         with the Requisite Notice about this Case and is Consistent
13                       with the Weight of Authority ..................................................... 11

14               3.      Nexgen Should Not Be Permitted to Benefit by Publishing
                         an Inaccurate Address on Its Website ........................................ 12

15 III.     CONCLUSION ................................................................................................. 13

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

*Arista Records LLC v. Media Services LLC,*
    No. 06 Civ. 15319, 2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. Feb. 25, 2008) ......................... 11

*Bank Julius Baer & Co. Ltd. v. Wikileaks,*
    2008 WL 413737 (N.D. Cal. Feb. 13, 2008) ............................................................................ 8

*Bell Atlantic Corp. v. Twombly,*
    127 S. Ct. 1955 (2007) .......................................................................................................... 10

*Brockmeyer v. May,*
    383 F.3d 798 (9th Cir. 2004) ................................................................................................. 10

*Ehrenfeld v. Mahfouz,*
    No. 04 Civ. 9641 (RCC), 2005 U.S. Dist. LEXIS 4741 (S.D.N.Y. Mar. 23, 2005) ................... 9

*Estate of Hong-Ming Lu v. Primax Wheel Corp.,*
    No. C 04-4170 JSW, 2005 U.S. Dist. LEXIS 41751 (N.D. Cal. Apr. 7, 2005) ........................ 10

*Forum Fin. Group, LLC v. President & Fellows of Harvard Coll.,*
    199 F.R.D. 22 (D. Me. 2001) ................................................................................................... 9

*Henderson v. U.S.,*
    517 U.S. 654 (1996) .............................................................................................................. 11

*In re Cathode Ray Tube (CRT) Antitrust Litigation,*
    No. 07-5944, 2008 WL 4104341, (N.D.Cal. Sept. 3, 2008) ................................................ 2, 11

*In re LDK Solar Securities Litigation,*
    No. 07-5182, 2008 WL 2415186 (N.D.Cal. June 6, 2008) .................................................... 2, 8

*Martinez v. White,*
    Nos. C 06-1595 CRB, C 06-2322 CRB, 2006 WL 2792874, (N.D.Cal. Sept. 28, 2006) .......... 12

*Nanya Technology Corp. v. Fujitsu Ltd.,*
    No. Civ. 06-00025, 2007 WL 269087 (D. Guam January 26, 2007) ....................................... 11

*Rio Props. v. Rio Int'l Interlink,*
    284 F.3d 1007 (9th Cir. 2002) ...................................................................................... 7, 8, 9, 12

*RMS Production Corp. v. Fridman,*
    No. 06 Civ. 11512, 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007) ................... 10, 12

*U.S. v. Padilla,*
    No. CIV.S-01-2301 FCD/JF, 2002 WL 471838, 1 (E.D.Cal. Feb. 25, 2002) ........................... 12

786315.6

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

**OTHER AUTHORITIES**

4

Hague Conference on Private International Law, "Status Table for the Convention of 15
November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
Commercial Matters,"
http://hcch.e-vision.nl/index_en.php?act=conventions.status&cid=17 ...................................... 8

United States Department of State, "Service of Legal Documents Abroad,"
http://travel.state.gov/law/info/judicial/judicial_680.html ....................................................... 4, 8

United States Department of State, "Taiwan Judicial Assistance,"
http://travel.state.gov/law/info/judicial/judicial_669.html ......................................................... 3

**TREATISES**

4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
§ 1134 (2008) ............................................................................................................................. 4, 8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

786315.6

**NOTICE OF MOTION AND MOTION**
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 19, 2008 at 4:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Susan Illston of the above referenced Court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will, and hereby do, move the Court for permission to serve Nexgen Mediatech, Inc. through its counsel, Wilmer Cutler Pickering Hale and Dorr LLP, under Federal Rule of Civil Procedure 4(f)(3).

The motion will be made based upon this notice, the following memorandum of points and authorities, the declarations of Andrew Kingsdale and Jeff Karsten, as well as the records contained in the Court's file in this matter, and such further evidence, whether documentary or oral, as may be properly presented at the time of the noticed hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR SERVICE ON NEXGEN THROUGH ITS COUNSEL**

Plaintiffs move for permission to serve defendant Nexgen Mediatech, Inc. ("Nexgen") through its counsel, Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") by mailing process to Wilmer Hale, return receipt requested.  Nexgen has moved for dismissal from this case under Rule 12(b)(5) on the ground that service executed on Nexgen in Taiwan through the letter rogatory method was insufficient.  (Doc. # 676.)  Plaintiffs oppose this motion, because, as will be explained in their opposition due October 29, 2008, the Taiwanese government attests that it properly served Nexgen at Nexgen's corporate headquarters, according to the address Nexgen publishes on the internet.  However, should Nexgen's motion be granted, plaintiffs hereby move in the alternative for permission to re-serve Nexgen through its counsel.

Service on Nexgen's counsel satisfies Rule 4(f)(3), comports with due process, and is warranted under the circumstances of this case.

First, if Nexgen's assertions in its motion are true, Nexgen publishes misleading information about its proper address for service in Taiwan.  Nexgen claims that plaintiffs did not attempt service at the correct address because they attempted service at 11F, No. 186, Jianyi

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

1   Road, Chung Ho City, Taipei Hsien, Taiwan.  Yet public admissions by Nexgen state that this

2   address is in fact its "Headquarter" [*sic*].  In hearsay declarations Nexgen now asserts that this is

3   its "old" business address that has been vacant since 2006.  Should it be found that plaintiffs'

4   letter rogatory service was insufficient, plaintiffs should not be forced to undertake the delay and

5   expense of repeating this process when the mistake resulted from Nexgen's apparent misleading

6   statements.

7           Second, this is especially true where, as here, Nexgen has, and has had, actual

8   notice of the complaint.  Nexgen is one of six affiliated defendants, all of which are ultimately

9   controlled by defendant Chi Mei Corporation.  Plaintiffs have served all other defendants in this

10  corporate family via letter rogatory.  Wilmer Hale represents each of these defendants (including

11  Nexgen) and appeared in this case over a year ago, on August 10, 2007.  (Doc. # 258.)  Other than

12  Nexgen, each related entity concedes effective service, and they have all participated in the

13  litigation, including law and motion practice, discovery, and case management efforts.  Under the

14  circumstances, there is no good reason to incur additional expense and months of further delay to

15  re-serve Nexgen by letter rogatory in Taiwan.

16          Third, courts routinely grant such requests in similar cases, even where, unlike

17  here, the plaintiffs have not even undertaken the time and expense to attempt service by letter

18  rogatory.  For example, in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-5944, 2008

19  WL 4104341, (N.D.Cal. Sept. 3, 2008), Judge Conti granted permission under Rule 4(f)(3) to

20  serve process on two foreign defendants through their U.S.-based subsidiaries (or related entities)

21  and their U.S.-based counsel, before plaintiffs even attempted to serve these defendants abroad.

22  Similarly, *In re LDK Solar Securities Litigation*, No. 07-5182, 2008 WL 2415186 (N.D.Cal. June

23  6, 2008), Judge Alsup granted permission under Rule 4(f)(3) to serve process on six individuals

24  and entities located in China through a California-based subsidiary.

25          Fourth, Taiwanese law *approves* serving a party through its counsel.  The fact that

26  service on Wilmer Hale would not offend Taiwanese law, although not a necessary factor, weighs

27  in favor of granting plaintiffs' motion.

28

1    The Court should grant this motion to prevent any further unnecessary delay to the

2    progression of this case and to prevent the unnecessary waste of judicial and class resources.

3    **I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

4    Taiwan is not a member of the Hague Convention, so service through letters

5    rogatory is one of the few established methods for serving defendants in Taiwan.[1]  Under that

6    method, when a United States district court formally requests judicial assistance from a foreign

7    court, the United States Department of State delivers that request, along with copies and

8    translations of all the process documents, through diplomatic channels to the country where the

9    defendant is located.  Declaration of Jeff Karsten, ¶3 ("Karsten Decl.").  In the case of Taiwan,

10   because of diplomatic relations, the only local U.S. authority is the American Institute of

11   Taiwan.[2]  *See* Karsten Decl., ¶8.  Typically an embassy will then transmit the request to the

12   appropriate local authority.  In Taiwan, the American Institute directs the request to Taiwan's

13   judicial branch, the Taiwan Yuan, through its Taiwan counterpart, the Taipei Economic and

14   Cultural Representative Office in the U.S. ("TECRO").  Karsten Decl., Exh. C (Declaration of

15   June A Shin, ¶7).  After the local government authority effects service on the defendant, it will

16   then send a proof of service back to the U.S. court through the same diplomatic channels.  *See*

17   Karsten Decl., ¶11.

18   In this Court's Pretrial Order No. 5 , the court directed the parties to discuss

19   service on the Taiwanese defendants through letters rogatory with Judge Smith before

20   "present[ing] to the Court a final set of requests for letters rogatory to effect proper service on

21   Taiwanese defendants."  (Doc. # 301, ¶6.)  The Court further instructed that "[a]ny defendants

22   _____

23   [1] Under the Federal Rules of Civil Procedure Rule 4(f)(2)(B), a plaintiff may serve a foreign corporation "as the foreign authority directs in response to a letter rogatory or letter of request." The Taiwan government may only enforce judgments when Taiwan defendants are served

24   through this process.  *See* United States Department of State, "Taiwan Judicial Assistance," http://travel.state.gov/law/info/judicial/judicial_669.html ("If enforcement of a judgment is

25   anticipated, . . . Taiwan may not consider service by registered mail or by agent acceptable and may require that service be effected pursuant to a letter rogatory.").

26   [2] "22 U.S.C. 3306(b) provides acts performed by officers of the American Institute on Taiwan under 22 U.S.C. 3306 are valid, as if performed by any other person authorized under the laws of

27   the United States to perform such acts (consular officers)."  United States Department of State, "Taiwan Judicial Assistance," http://travel.state.gov/law/info/judicial/judicial_669.html.

28

786315.6

1    who have not yet provided comments on the proper corporate identities for their respective family

2    of defendants shall do so **no later than October 2, 2007**." (*Id.* ¶22 (emphasis in original).)

3            Pursuant to Federal Rule of Civil Procedure 4(c) and the direction of this Court,

4    after direct purchaser plaintiffs filed their consolidated complaint they immediately arranged for

5    service of process on all defendants, including on each of the "Chi Mei" corporate entities.  The

6    six Chi Mei defendants are:  Chi Mei Optoelectronics USA, Inc. (served April 26, 2007, Doc.

7    # 144); Nexgen Mediatech USA, Inc. (served on November 26, 2007, Doc. # 412); CMO Japan

8    Co., Ltd. (served on December 28, 2007, Doc. # 548, Exh. 1), Chi Mei Optoelectronics

9    Corporation (served on March 24, 2008, Doc # 652); Nexgen Mediatech, Inc. (served on

10   March 31, 2008, Doc. # 652); and the parent, Chi Mei Corporation (served on March 26, 2008,

11   Doc # 654).

12           Plaintiffs served Nexgen and its Taiwan-based parent companies (Chi Mei

13   Optoelectronics Corporation and Chi Mei Corporation) through the letter rogatory process.

14   Karsten Decl., ¶12.  Service through letters rogatory is relatively dependable because it proceeds

15   through diplomatic channels.  But it is also time-consuming and expensive.[3]  In total, it cost

16   approximately $1,632.45 and took seven months and fourteen days to complete service on

17   Nexgen alone.  Declaration of Andrew Kingsdale, ¶2 ("Kingsdale Decl.").

18           The process began in October 2007, when plaintiffs engaged APS International,

19   Ltd., a professional, international service processing company.  On November 19, 2007, plaintiffs

20   filed a request for issuance of letters rogatory on Nexgen, Chi Mei Corporation, Chi Mei

21   Optronics, and other foreign defendants.  (Doc. # 382.)  The Court issued requests for

22   international judicial assistance on November 21, 2007.  (Doc. # 386-391.)

23

24   _____

[3] "When the procedure that is to be followed includes transmission of the documents through
diplomatic channels, letters rogatory or letters of request clearly are the most time consuming,

25   cumbersome, and expensive method of service provided for in Rule 4(f)." 4B Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure § 1134 (2008).  Explains the

26   Department of State, "letters rogatory are a time consuming, cumbersome process and should not
be utilized unless there are no other options available.  If the laws of the foreign country permit

27   other methods of service, the use of letters rogatory is not recommended given the habitual time
delays of up to a year or more in execution of the requests." United States Department of State,

28   "Service of Legal Documents Abroad," http://travel.state.gov/law/info/judicial/judicial_680.html.

786315.6

1    APS received copies of the Court's letter rogatory on November 28, 2007.

2    Karsten Decl., ¶4.  The letter rogatory was prepared correctly according to Department of State

3    recommendations.  Karsten Decl., ¶5.  APS translated all documents for service into Chinese and

4    transmitted them to the United States Department of State.  Karsten Decl., ¶6-7.  On January 25,

5    2008, the Department of State transmitted the letter rogatory and all service documents to the

6    American Institute of Taiwan.  Karsten Decl., ¶8.

7    On May 6, 2008, an official at the American Institute of Taiwan received a

8    completed certificate of service on Nexgen from the Taipei Economic and Cultural

9    Representative Office in the U.S.  Karsten Decl., Exh. C (Declaration of June A Shin, ¶9).  This

10    certificate shows that the Taiwan Banciao District Court effected service on Nexgen on March 31,

11    2008.  *Id.*; (Doc. # 676, Exh. A with English translation.)  Plaintiffs received a copy of the

12    certificate of service from the Clerk of Court of the Northern District of California on July 3,

13    2008, and filed it the same day.  (Doc. # 652.)

14    At the time that plaintiffs filed their requests for issuance of letters rogatory,

15    plaintiffs used the address for Nexgen published on two internet sites operated by Nexgen and/or

16    Nexgen's parent companies.  Kingsdale Decl., ¶¶5, 8 (Exhs. D, G).  In fact, this same address –

17    11F, No. 186, Jianyi Road, Chung Ho City, Taipei Hsien, Taiwan – is still listed on the same

18    websites today.  Kingsdale Decl., ¶¶3, 6 (Exhs. B, E).  One of the websites lists the address as

19    Nexgen's "Headquarter."  Kingsdale Decl., ¶3.  Indeed, Nexgen invites the English-speaking,

20    American public to "ContactUS" at this address.  For example:



28    Kingsdale Decl. Exh. B .  (The full page is included at Exhibit B to the Kingsdale Declaration.)

1        According to the proof of service received from the Taiwan government, the

2   Taiwan Banciao District Court successfully executed service at this address.  Nexgen's Mot. to

3   Dismiss (Doc. # 676), Exh. A (with English translation).  Exhibit A (translation of proof of

4   service form).  Typically, when defendants vacate a particular address and service cannot be

5   effected, the Taiwan government will issue a notice of non-service.  Karsten Decl. ¶10.  That did

6   not occur in this instance.[4]

7        Wilmer Hale is based in the United States and is counsel for all of the Chi Mei

8   family defendants in this action.  Wilmer Hale is counsel for Nexgen in its motion to dismiss for

9   insufficient process.[5]  (Doc. #676.)  Aside from being counsel of record, appearing for the first

10  time in August of 2007, Wilmer Hale filed pleadings on behalf of Nexgen Mediatech USA Inc.,

11  Chi Mei Optoelectronics USA, Inc., and CMO Japan Co., Ltd in connection with defendants joint

12  motion to dismiss for failure to state a claim.  (Doc. # 622.)  On October 9, 2008, Wilmer Hale

13  stipulated to Procedures Governing Expert Discovery on behalf of all five of Nexgen's parent and

14  related entities in this action. (Doc. # 683.)

15       On September 29, 2008, Wilmer Hale filed a motion to dismiss the case against

16  Nexgen, on the theory that the plaintiffs failed to effect proper service.  The argument has two

17  components.  First, Nexgen argues, the Taiwanese wrongly attempted service at the 186 Jianyi

18  Road address.  Second, Nexgen argues that the service is defective because the proof service

19  completed by the Taiwanese government (not the translated documents provided by plaintiffs)

20  uses an incorrect Chinese character in its translation of "Nexgen Mediatech, Inc."

---

[4] Although not necessarily relevant to plaintiffs' motion, Nexgen in *its* motion contends that the Taiwanese government used an incorrect Chinese character for Nexgen's name when it completed the certificate of service.  Of course, Nexgen does not dispute that APS's translation of "Nexgen Mediatech, Inc." as it appears in the translated complaint and summons served by the government is correct, so there is no viable argument that the "mis-spelling" somehow affected Nexgen's notice of the lawsuit.

[5] Pursuant to the parties' obligation to meet-and-confer, after Wilmer Hale advised plaintiffs that Nexgen would be contesting service, plaintiffs' counsel conferred with Wilmer Hale and requested agreement that Wilmer Hale accept service for Nexgen.  Nexgen refused.

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

1    **II.    ARGUMENT**

2           Serving Nexgen through its counsel would comply with international law and

3    satisfy the due process requirement of providing notice of this pending action.  Service through

4    Wilmer Hale is also warranted under the circumstances.  Nexgen cannot dispute already having

5    notice, and any further delay in its appearance would be the product of plaintiffs' reasonable

6    reliance on Nexgen's own representations about its location, which it now claims are incorrect

7    and unreliable.  This court should not permit Nexgen to avoid service of process or disrupt any

8    longer the efficient progression of this case based on its own mis-statements.  Service on

9    defendants through counsel is a well established practice and should be ordered in this case to

10   avoid any further delay and unnecessary waste of resources.

11           **A.    Legal Standard**

12          Under Rule 4(h) of the Federal Rules of Civil Procedure, a foreign corporation

13   may be served "at a place not within any judicial district of the United States, in any manner

14   prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

15   Rule 4(f) sets forth several prescribed means of effecting service in three separately numbered

16   subsections.  Rule 4(f)(3) in particular permits service "at a place not within any judicial district

17   of the United States. . . by other means not prohibited by international agreement, as the court

18   orders."

19          "As obvious [*sic*] from its plain language, service under Rule 4(f)(3) must be

20   (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations

21   are evident from the text." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)

22   (authorizing the use of *e-mail* to serve defendant under Rule 4(f)(3)).  Additionally, as with all

23   methods of service, service under Rule 4(f)(3) must "comport with constitutional notions of due

24   process," meaning that service must be "'reasonably calculated, under all the circumstances, to

25   apprise interested parties of the pendency of the action and afford them an opportunity to present

26   their objections.'" *Id* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S.

27   306, 314 (1950)).

28

786315.6

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

1       Courts have permitted a wide variety of alternative methods of service under

2   Rule 4(f)(3), "including . . . delivery to defendant's attorney." *Id* at 1016.  Because alternative

3   methods of service adequately put defendants on notice, "service of process under Rule 4(f)(3) is

4   neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which

5   enables service of process on an international defendant." *Id* at 1015.  A plaintiff need not show

6   hardship or attempt other means of service before requesting service under Rule 4(f)(3).  *See LDK*

7   *Solar*, 2008 WL 2415186, at *3 ("It is unnecessary for plaintiffs to show lack of judicial

8   assistance by the host nation."); *Bank Julius Baer & Co. Ltd. v. Wikileaks,* 2008 WL 413737, at

9   *2 (N.D. Cal. Feb. 13, 2008) ("a plaintiff is not first required to attempt service under Rule 4(f)(1)

10  or Rule 4(f)(2)").  Rule 4(f)(3) is intended to provide courts with some flexibility.  "Service

11  pursuant to court order … permits service in a particular case to be tailored to the necessities of

12  the situation when none of the other methods of service expressly provided for in the rule is

13  satisfactory or likely to be successful."  4B Charles Alan Wright & Arthur R. Miller, Federal

14  Practice and Procedure § 1134 (2008).

15       **B.       International Law Does Not Prohibit Serving Nexgen Through Its Counsel**

16       No international agreement prohibits serving Taiwanese corporations through their

17  United States-based counsel when ordered by a United States court.  The United States has joined

18  two multilateral treaties on service of process, the Hague Service Convention and the Inter-

19  American Service Convention.  United States Department of State, "Service of Legal Documents

20  Abroad," http://travel.state.gov/law/info/judicial/judicial_680.html (last visited Oct. 20, 2008).

21  Neither of these agreements prohibit court-ordered service through defendant's counsel.

22  Furthermore, Taiwan is not a signatory of either treaty.[6]

23

24

25  ---
    [6] *See* United States Department of State, "Service of Legal Documents Abroad," *supra* (listing
26  member countries); Hague Conference on Private International Law, "Status Table for the
    Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents
27  in Civil or Commercial Matters," http://hcch.e-
    vision.nl/index_en.php?act=conventions.status&cid=17 (last visited Oct. 22, 2008) (listing
28  member countries).

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

C.      **Serving Nexgen Through Its U.S.-Based Counsel Would Satisfy Due Process**

Congress intentionally designed Rule 4 to be flexible because its central purpose is to ensure that defendants receive notice about actions pending against them.  Serving foreign defendants through their counsel is a highly effective means of providing defendants with notice because counsel can locate their clients and communicate with them regarding the lawsuit.  *See Ehrenfeld v. Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 U.S. Dist. LEXIS 4741, at *6-7 (S.D.N.Y. Mar. 23, 2005) (granting permission under Rule 4(f)(3) to service a defendant located in Saudi Arabia through his U.S. and U.K. attorneys because the attorneys "will know how to locate Defendant" and "will not be likely to disregard notice of the suit"); *Forum Fin. Group, LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 25 (D. Me. 2001) (holding that service on foreign defendant's attorney was likely to provide the defendant with notice because the attorney was in communication with his client) (cited in *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d at 1016).

Nexgen already has notice of this action.  As far back as January 2007, before this case was consolidated, individual plaintiffs named Chi Mei corporate entities as defendants.  *See, e.g.*, Class Action Complaint, *Hansen v. AU Optronics Corp., et. al.*, N.D.Cal. No. 07-0304, filed Jan. 17, 2007 (naming as defendants Chi Mei Optronics Corp. and Chi Mei Optronics USA, Inc.). Direct purchaser plaintiffs' consolidated complaint, filed in November 2007, named six Chi Mei corporate entities.  Since then, Nexgen's two parent companies, Chi Mei Optoelectronics Corporation and Chi Mei Corporation, as well as three other Nexgen affiliates, Chi Mei Optoelectronics USA, Inc., CMO Japan Co., Ltd., and Nexgen Mediatech USA Inc., have been duly served, without challenge.  Indeed, Nexgen itself has filed a motion to dismiss, which would not be possible if it truly still is unaware of this action.

Assuming for argument's sake that Nexgen hypothetically did not have notice of this action, Wilmer Hale would be well-positioned to inform it.  First, Wilmer Hale already has filed a motion to dismiss on Nexgen's behalf, and thus has been in communication with Nexgen recently.  Second, Wilmer Hale is the counsel of record and has filed pleadings on behalf of all of Nexgen's parent and related companies that are also defendants in this action.  If Nexgen is not in

- 9 -

1    regular communication with Wilmer Hale, it does not dispute that it communicates regularly with

2    these other companies.  Finally, plaintiffs' counsel has unsuccessfully requested Wilmer Hale to

3    accept service on behalf of Nexgen.  Again, presumably Wilmer Hale has passed on this request

4    to Nexgen, and presumably Nexgen has declined.

5              Given this close relationship between Wilmer Hale and the Chi Mei entities, an

6    order to serve Nexgen through Wilmer Hale is reasonably calculated to provide Nexgen with

7    formal notice of this case.  *Cf. Estate of Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170

8    JSW, 2005 U.S. Dist. LEXIS 41751 (N.D. Cal. Apr. 7, 2005) (holding that service on a

9    Taiwanese defendant by delivery to defendant's son was proper because reasonably calculated to

10   give defendant notice).  *See also RMS Prod. Corp. v. Fridman*, No. 06 Civ. 11512, 2007 U.S.

11   Dist. LEXIS 58194, at *18 (S.D.N.Y. Aug. 10, 2007) ("Court-ordered service on counsel made

12   under Rule 4(f)(3) serves as effective authorization 'by law' for counsel to receive service.").

13        **D.      The Court Should Order Service on Nexgen through Wilmer Hale Because
              this Manner of Service is Warranted**
14

15             Because the basic requirements for service under Rule 4(f)(3) are satisfied in this

16   case, the decision to authorize an alternative method of service is "committed to the sound

17   discretion of the district court."  *Brockmeyer v. May,* 383 F.3d 798, 805 (9th Cir. 2004).  Under

18   the facts of this case, permitting service on Nexgen through its counsel is just, fair, and in the best

19   interest of the Court, the parties, and counsel.

20        **1.      Ordering Service Through Counsel Will Prevent Further Delay**

21             This case has already progressed far beyond the commencement stage.  Plaintiffs

22   have survived motions to dismiss based on *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955

23   (2007); both plaintiffs and defendants have served and responded to several sets of requests for

24   production and interrogatories; and all parties, including the other Chi Mei entities, have agreed

25   on a case management plan extending well into 2009.  There has been extensive discovery

26   practice and case management efforts before retired judge Hon. Fern Smith, the court-appointed

27   Special Master.  But if plaintiffs were to re-serve Nexgen through this same letters rogatory

28   process, based on prior experience Nexgen may not "appear" in this case until July 2009.

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

1      Nexgen should not be permitted to disrupt the substantial progress in this case by

2  sticking its head in the sand and dubiously feigning ignorance of this litigation after it made false

3  publications about its location.  Without Nexgen's appearance, the uniform schedule of this case,

4  which plaintiffs and defendants have worked hard to achieve, will be in jeopardy.  Plaintiffs will

5  be obstructed from obtaining valuable discovery, and the court may have to continue the case to

6  prevent duplicative or inconsistent proceedings.  Nexgen's further delay would thus defeat the

7  underlying purpose behind Federal Rules of Civil Procedure Rule 1, which instructs that all Rules

8  "should be construed and administered to secure the just, speedy, and inexpensive determination

9  of every action and proceeding."

10     **2.**     <u>**Ordering Service Through Counsel Will Provide Nexgen with the**</u>
<u>**Requisite Notice about this Case and is Consistent with the Weight of**</u>
11     <u>**Authority**</u>

12      The purpose of serving process is not to comply with a formalistic process, but

13 rather "to supply notice of the pendency of a legal action, in a manner and at a time that affords

14 the defendant a fair opportunity to answer the complaint and present defenses and objections."

15 *Henderson v. U.S.,* 517 U.S. 654, 671 (1996).  *See also Nanya Technology Corp. v. Fujitsu Ltd.*,

16 No. Civ. 06-00025, 2007 WL 269087, at *5 (D. Guam January 26, 2007) ("We should not lose

17 sight of what service of process is about, it is about giving a party notice of the pendency of an

18 action and the opportunity to respond.").  Serving process on a defendant through counsel is a

19 sure-fire way to accomplish this purpose.

20      In *In re Cathode Ray Tube (CRT) Antitrust Litigation*, which involves many of the

21 same defendants as this case, Judge Conti granted plaintiffs permission to serve foreign

22 defendants through their U.S.-based subsidiaries (or related entities) and their U.S.-based counsel.

23 No. 07-5944, 2008 WL 4104341, (N.D.Cal. Sept. 3, 2008).[7]  Plaintiffs had not even attempted to

24 serve these defendants at their overseas location.  *Id.*  Numerous other courts have ordered service

25 through attorneys under Rule 4(f)(3) as well.  *See, e.g., Arista Records LLC v. Media Services*

26

---

27 [7] After plaintiffs moved for service on the foreign defendants' counsel and subsidiaries, five of
the seven foreign defendants agreed to accept service through their counsel.  *In re Cathode Ray*
28 *Tube (CRT) Antitrust Litigation*, No. 07-5944-SC (Docket No. 353, 356, 360, 361, 372).

786315.6

1   *LLC*, No. 06 Civ. 15319, 2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. Feb. 25, 2008) (authorizing

2   service on defendant, located in Russia, through its American attorney); *RMS Production Corp. v.*

3   *Fridman*, No. 06 Civ. 11512, 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007) (denying

4   motion to reconsider order to serve foreign defendant through his U.S. counsel); *Martinez v.*

5   *White*, Nos. C 06-1595 CRB, C 06-2322 CRB, 2006 WL 2792874, (N.D.Cal. Sept. 28, 2006)

6   (ordering service on defendant, incarcerated in Mexico, through his attorney in another case);

7   *U.S. v. Padilla*, No. CIV.S-01-2301 FCD/JF, 2002 WL 471838, 1 (E.D.Cal. Feb. 25, 2002)

8   (approving service on foreign defendant through his daughter and attorney in another case).

9           Even Taiwanese law expressly permits serving defendants through their attorney

10  or appointed agent.[8]  *See* Taiwan Code of Civil Procedure, Article 132 (permitting service upon

11  an advocate authorized to receive service, except when the presiding judge orders service upon

12  the party), Article 133 (permitting service upon an agent).  Kingsdale Decl., ¶9.  Thus, serving

13  Nexgen through its counsel is permitted under international, United States, and Taiwanese law.

14          Despite abundant evidence that Nexgen currently has notice of this action, an order

15  that Nexgen may be served again through Wilmer Hale will finally put any doubts to rest.

        **3.**     **Nexgen Should Not Be Permitted to Benefit by Publishing an Inaccurate Address on Its Website**

18          It would be fundamentally unfair if Nexgen was permitted to evade service of

19  process by maintaining its own address incorrectly on two of its publicly-available websites.

20  These two different websites presently list – and did list at the time plaintiffs initiated the lengthy

21  letters rogatory process – No. 186, Jianyi Road as Nexgen's principal address.  According to one

22  of the websites, this address is the company's headquarters.  Kingsdale Decl., ¶3.  Plaintiffs

23  reasonably relied on these representations.  Now, Nexgen moves to dismiss plaintiffs' complaint

24  for serving it at this location.

---

27  [8] It is unnecessary for the method of service ordered under Rule 4(f)(3) to comply with a foreign
    country's laws. *See Rio Properties,* 284 F.3d at 1014 ("service of process ordered under Rule 4(f)
28  (3) may be accomplished in contravention of the laws of the foreign country").

786315.6

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

1          Nexgen's continued refusal to authorize its local counsel to accept service is

2  obstructionist, runs contrary to the Court's orders, and violates Rule 1 and other provisions of the

3  Federal Rules of Civil Procedure.  *See* Pretrial Order No. 5 ("Any defendants who have not yet

4  provided comments on the proper corporate identities for their respective family of defendants

5  shall do so **no later than October 2, 2007**.") (emphasis in original); Fed. R. Civ. P. 4(d)(1)

6  (stating that defendants, including foreign defendants, have "a duty to avoid the unnecessary

7  expenses of serving a summons").  Thus, in the event that this Court finds that service on Nexgen

8  was insufficient, which it should not, the Court should also order service on Nexgen through its

9  counsel, Wilmer Hale.

10  **III.   CONCLUSION**

11          For the foregoing reasons, the Court should either deny Nexgen's motion to

12  dismiss, or, in the alternative, grant this motion to serve Nexgen through its counsel, Wilmer

13  Hale.

14  Dated:  October 22, 2008           By:       /s/ Andrew Kingsdale

15                                   Andrew Kingsdale

16                                   Richard M. Heimann (State Bar No. 63607)
Joseph R. Saveri (State Bar No. 130064)

17                                   Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)

18                                   Andrew Kingsdale (State Bar No. 255699)
LIEFF, CABRASER, HEIMANN

19                                    & BERNSTEIN, LLP
275 Battery Street, 30th Floor

20                                   San Francisco, CA 94111-3339
Telephone:     (415) 956-1000

21                                   Facsimile:     (415) 956-1008

22                                   *Interim Co-Lead Counsel for the Direct Purchaser*
*Plaintiffs and the Proposed Class*

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI

1

2    Dated:  October 22, 2008              By:  _____/s/ Bruce L. Simon_____

3                                                  Bruce L. Simon

4                                          Bruce L. Simon (State Bar No. 96241)
                                           Gary S. Soter (State Bar No. 67622)
5                                          Daniel L. Warshaw (State Bar No. 185365)
                                           Esther L. Klisura (State Bar No. 221171)
6                                          PEARSON, SIMON, SOTER, WARSHAW
                                             & PENNY, LLP
7                                          44 Montgomery Street, Suite 1200
                                           San Francisco, CA 94104
8                                          Telephone:    (415) 433-9000
                                           Facsimile:    (415) 433-9008

9                                          *Interim Co-Lead Counsel for the Direct Purchaser*
                                           *Plaintiffs and the Proposed Class*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

786315.6

NOTICE OF MOTION AND MOTION TO SERVE
DEFENDANT UNDER FED. R. CIV. P. 4(F)(3)
MASTER FILE NO. M07-1827 SI