1  Richard M. Heimann (State Bar No. 63607)
   LIEFF, CABRASER, HEIMANN
2    & BERNSTEIN, LLP
   Embarcadero Center West
3  275 Battery Street, 30th Floor
   San Francisco. CA 94111-3339
4  Telephone:   (415) 956-1000
   Facsimile:   (415) 956-1008
5
   Bruce L. Simon (State Bar No. 96241)
6  PEARSON, SIMON, SOTER, WARSHAW
     & PENNY, LLP
7  44 Montgomery Street, Suite 1200
   San Francisco, CA 94104
8  Telephone:   (415) 433-9000
   Facsimile:   (415) 433-9008
9
   *Interim Co-Lead Counsel for the*
10 *Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M:07-1827 SI<br><br>MDL No. 1827 |
|---|---|
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF JEFF KARSTEN IN SUPPORT OF PLAINTIFFS' MOTION TO SERVE NEXGEN MEDIATECH, INC. THROUGH ITS COUNSEL UNDER FED. R CIV. P. 4(f)(3)**<br><br>The Honorable Susan Illston |

I. Jeff Karsten, do hereby state:

1.  The affiant is a paralegal in the employ of APS International, Ltd., ("APS"), a firm specializing in international service of process, and located at:

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

2.  APS has caused thousands of judicial documents to be served abroad, including in Taiwan.

3.  Attached hereto as Exhibit A is a true and correct copy of the United States Department of State advisory circular regarding service of judicial documents in Taiwan. According to this advisory circular, one proper method of serving legal process in Taiwan is pursuant to a letter rogatory. A letter rogatory is a request from a court in the United States to a corresponding court in the foreign jurisdiction. International service of process pursuant to a letter rogatory requires that documents be forwarded through diplomatic channels.

4.  On November 28, 2007, APS received from plaintiffs' attorney Melissa C. Shapiro the following documents related to this case for service on defendant Nexgen Mediatech, Inc. in Taiwan pursuant to a letter rogatory:

- Summons in a Civil Case;
- Direct Purchaser Plaintiffs' Consolidated Complaint with attached Exhibit A;
- Pretrial Order No. 5: Case Management;
- Judge Illston's Standing Order;
- Standing Order Re: Cases Designated for Electronic Filing;
- Case Management Conference Order;
- Pretrial Order No. 4: Appointment of the Honorable Fern M. Smith as Special Master;
- Dispute Resolution Procedures in the Northern District of California handbook;
- Notice of Availability of Magistrate Judge to Exercise Jurisdiction; and
- ECF Registration Information Handout.

5.  Plaintiffs' counsel prepared the letter rogatory in compliance with U.S. Department of State recommendations, instructions and samples. The letter rogatory requested Taiwanese judicial officials to effect service of process upon Nexgen Mediatech, Inc.

6.  The letter rogatory was reviewed and approved by the affiant for compliance with U.S. Department of State requirements for transmittal. The documents for service, including the letter rogatory, were then translated into Chinese by a qualified APS translator. Attached hereto as Exhibit B are true and correct copies of the Chinese translations of the Letter Rogatory, Summons and Complaint. A Certificate of Translation was signed by the translator, duly witnessed by a notary public and attached to the original documents as prescribed by U.S. Department of State instructions.

7.  On January 7, 2008, APS transmitted the requisite number of certified documents via Federal Express to the appropriate U.S. Department of State office, which is located at U.S. Department of State, (CA/OCS/CCS/EAP), 2100 Pennsylvania Ave. NW, Room 4111, Washington, DC 20037. These documents included the Request for International Judicial Assistance (letter rogatory) and all the documents referred to in Paragraph 4, both in Chinese and in their original English form.

8.  Affiant was informed by Linda P. McFadyen, U.S. Department of State, that the letter rogatory and other documents listed in Paragraph 4 were forwarded on January 25, 2008 to the American Institute in Taiwan.

9.  Attached hereto as Exhibit C is a true and correct copy of the Declaration of June A. Shin, a consular officer at the American Institute in Taiwan, and a "Declaration and Certificate of Service" from Taiwan. According to the Shin Declaration, the letter rogatory and accompanying service documents were served on Nexgen Mediatech, Inc. on March 31, 2008.

10. According to the Declaration of Mary Hung in Support of Defendant Nexgen Mediatech Inc's Motion to Dismiss (Doc. # 676), in 2006 Defendant Nexgen Mediatech, Inc. vacated 11F, No. 186, Jianyi Road, Chung Ho City, Taipei Hsien, Taiwan. Normally, if the defendant to be served is no longer at the provided address, the Taiwanese court would return a "Certificate of Non-Service" to the United States court.

11.     The proof of service documents in Exhibit C were returned via diplomatic channels, and were sent via certified mail, return receipt requested, from the U.S. State Department to the Clerk of Court, United States District Court, Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102.

12.     In addition to defendant Nexgen Mediatech, Inc., APS concurrently served the following defendants in Taiwan in the instant matter pursuant to the above described Letters Rogatory process: AU Optronics Corporation; Chi Mei Corporation; Chi Mei Optoelectronics Corporation; Chunghwa Picture Tubes, Ltd. and HannStar Display Corporation. All of the translations into Chinese were done by the same translator. Identical translations of the documents common to all defendants were served on each defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Minneapolis, Minnesota on October 22, 2008.

_____
Jeff Karsten