Richard M. Heimann (State Bar No. 63607)
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON, SOTER, WARSHAW
 & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 433-9000
Facsimile:    (415) 433-9008

*Interim Co-Lead Counsel
for the Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI<br><br>MDL No. 1827 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SERVE NEXGEN THROUGH ITS <u>COUNSEL UNDER FED. R. CIV. P. 4(f)(3)</u>**<br><br>Date:       November 19, 2008<br>Time:       4:00 p.m.<br>Courtroom: 10, 19th Floor<br><br>Hon. Susan Illston |

## I. INTRODUCTION

Nexgen's opposition to plaintiffs' motion to serve it through its counsel, Wilmer Hale, does not address head-on any of the factors making service appropriate here. First, rather than addressing the controlling Ninth Circuit authority of *Rio Properties*, Nexgen asks this court to follow authority from the Eastern District of Virginia that formulates the requirements differently. Next, while Nexgen admits publishing incorrect information about its corporate headquarters on its website and that of its parent, Chi Mei, it tries to lay the blame with plaintiffs for not working hard enough to verify these false statements. Last, Nexgen contends that service through Wilmer Hale is not *required* by the Due Process Clause, when plaintiffs need only show that service would not *violate* due process—which it would not. Besides misconstruing the applicable legal standards, Nexgen also makes no attempt to address Judge Conti's recent decision in the closely analogous cathode-ray tube antitrust litigation, where he permitted service through counsel *even before* the plaintiffs had attempted service by any other means. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944, 2008 WL 4104341 (N.D. Cal. Sept. 3, 2008); Nexgen Opp., 8 at n. 4 (claiming "plaintiffs' cases are inapposite" but not distinguishing *CRT*). Regardless of the Court's ruling on Nexgen's motion to dismiss, the Court should grant leave to serve through Wilmer Hale to resolve any doubt created by Nexgen's own false statements about its business location.

## II. SERVICE THROUGH NEXGEN'S COUNSEL IS APPROPRIATE AND WARRANTED UNDER THE LAW AND FACTS OF THIS CASE

Plaintiffs have met the requirements to serve Nexgen's counsel that apply in the Ninth Circuit. They have even met the out-of-circuit test relied on by Nexgen. The motion should therefore be granted.

Preliminarily, Nexgen fixates on a single word in *Rio Properties*, "necessitate," to bootstrap in the out-of-circuit authority of *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531 (E.D. Va. 2005). To the contrary, *Rio Properties* could not be more clear about the standard for allowing service through counsel in the Ninth Circuit:

> [S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.
>
> \*     \*     \*
>
> Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.

*Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014, 1015 (9th Cir. 2002). Moreover, none of the out-of-circuit authority cited by Nexgen involves a case where the defendant published false information about its address. All of Nexgen's arguments rely on an inapposite test, and this is sufficient reason to reject them.

However, plaintiffs easily clear even the requirements of that test, that (1) service was reasonably attempted and (2) alternative service is "necessary" to avoid "unduly burdensome" undertakings. *FMAC Loan Receivables*, 228 F.R.D. at 534. As to the first requirement, reasonable attempt, Nexgen never disputes that plaintiffs, the State Department and the Taiwanese courts all complied with all the requirements of proper letter rogatory service. Rather, Nexgen's argument hinges on the position that plaintiffs are to blame for Nexgen's failure to update its websites to remove the address at which it supposedly no longer does business. It is disingenuous to claim that a company can publish false information about its "headquarter" and then characterize an attempt to serve that address as a "meager effort at best." Indeed, Nexgen concedes that "until recently"—*i.e.*, until plaintiffs filed their motion—it continued to claim to do business at the No. 186 Jianyi Road address that it admits plaintiffs properly attempted to serve. Declaration of Mary Hung, Docket # 701, ¶12. Nexgen cites no law for the proposition that plaintiffs somehow should have known that of the multiple addresses published on the website, the No. 186 Jianyi Road address, its purported headquarters, was no longer valid.

Furthermore, although Nexgen claims that plaintiffs have not acted "reasonably" in serving the No. 186 Jianyi Road address, it should be noted that in the two declarations submitted by Mary Hung, Nexgen's General Counsel, Nexgen never denies that it actually received the summons, notwithstanding that it contends service was not "proper." Decl. of Mary Hung, Docket # 676-3, ¶4. This may be because the Taiwanese courts also mailed the summons,

1  as indicated by datestamps on the certificate of service in boxes marked for "post office
2  datestamp."  If mailed to 186 Jianyi Road, it is probable that the notice was then re-routed to
3  Nexgen's current offices, which moved down the street less than two years earlier.  *See* Taiwan
4  Code of Civ. Proc. Art. 138, Declaration of Andrew Kingsdale ISO Motion to Serve Nexgen,
5  Docket # 692, Exh. H (service "may be effectuated by depositing the paper with the autonomous
6  agency or police department at the place where the service shall be effectuated.  In such cases,
7  two copies of notice of service shall be made with one copy posted on the front gate of the
8  domicile or residence, office, place of business, or employment place of the person to be served
9  and the other copy placed in the mailbox or any other appropriate location of the place of
10 service.").

11         Under the second prong, requiring re-service on Nexgen through letters rogatory
12 would be "unduly burdensome."  Courts developed this additional undue burden requirement "to
13 prevent parties from whimsically seeking alternative means of service and thereby increasing the
14 workload of the courts." *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*,
15 No. 03Civ.8554, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005).  This is not that case.
16 Plaintiffs find themselves in this position only because of Nexgen's own false statements about its
17 address.  This motion is brought after undertaking a seven-month process which returned a
18 completed certificate of service. *Cf. U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, No.
19 C07-1221, 2007 WL 3012612 (W.D.Wash. Oct. 11, 2007) (denying motion—filed only 21 days
20 after complaint was filed—to serve defendant in Japan, a Hague signatory country, by mail, fax,
21 e-mail and/or Federal Express overnight courier) (*See* Mot. for Alternative Service, W.D. Wash,
22 C07-1221, Doc. #6).  Established authorities and even the State Department recognize that
23 service through letter rogatory is "cumbersome" and should be avoided if possible.[1]  Plainly, if

---

[1] *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1134 (2008) ("[L]etters rogatory. . . clearly are the most time consuming, cumbersome, and expensive method of service provided for in Rule 4(f)."); United States Department of State, "Service of Legal Documents Abroad," http://travel.state.gov/law/info/judicial/judicial_680.html ("letters rogatory are a time consuming, cumbersome process and should not be utilized unless there are no other options available.").

either party is to bear the consequences for plaintiffs' reliance on Nexgen's false information, it should be Nexgen.[2]

### III. SERVICE ON NEXGEN THROUGH ITS COUNSEL WILL NOT VIOLATE DUE PROCESS

Nexgen next wrongly invokes the Due Process Clause to portray plaintiffs as seeking to serve through Wilmer Hale just because Wilmer has entered an appearance in this case and Nexgen has actual notice of the case. Nexgen claims that allowing service through Wilmer will "swallow the entire rule," Nexgen Opp., 8, which presumably means Rule 4. Nothing could be further from the truth. Plaintiffs do not claim to be entitled to serve through Wilmer *because* Nexgen has actual notice or *because* Wilmer communicates with its client. Rather, they claim the right to do so because serving through Wilmer would be, as numerous courts have held, *consistent* with (not required by) the Due Process Clause. *See e.g. FMAC Loan Receivables*, 228 F.R.D. at 536 ("Requiring service on defense counsel is reasonably calculated to apprise defendant of the pendency of this action and afford him an opportunity to respond.").

As for Nexgen's argument that it does not have actual notice of this case because,

---

[2] Nexgen continues to blame plaintiffs for the fact that "the 'certificate' they filed does not include the correct Chinese name for Nexgen." Nexgen Opp. 3. As plaintiffs have pointed out repeatedly, (a) the Taiwanese authorities completed that certificate and (b) the translation of the complaint provided by plaintiffs spelled Nexgen's name correctly. *See Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453, 455 (D. Tenn. 1984) (holding that service was effective even though the place where process was served was not filled in on the French government's proof of service). In any event, as set forth in opposition to Nexgen's Motion to Dismiss, none of the points advanced by Nexgen constitutes the "strong and convincing evidence" necessary to overcome the completed certificate. *Quach v. Cross*, No. CV 03-09627 GAF (RZx), 2004 U.S. Dist. LEXIS 28983 (C.D. Cal. Dec. 2, 2004) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). *See also Resolution Trust Corp. v. Bowen*, No. 4:96-CV-644 CAS, 2008 U.S. Dist. LEXIS 40344 at *8-9 (D. Ariz. May 7, 2008) (denying motion to set aside default judgment because defendant's "burden of providing strong and convincing evidence of non-service cannot be met by a mere conclusory denial of service.").

The cases on which Nexgen relies to maintain that the burden remains with plaintiffs are inapposite because no official certificate of service was returned in those cases. *Brockmeyer v. May*, 383 F.3d 798, 800-01 (9th Cir. 2004) (reversing entry of default judgment when plaintiff's two attempts to serve by mail generated no response, and German Central Authority rejected an additional attempt at service for failure to comply with German law); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 U.S. Dist. LEXIS 13132, at *5, 14-15 (N.D. Cal. Feb. 9, 2007) ("The only proof Plaintiffs proffer is that the package reached Taiwan and was 'delivered abroad.'").

1   according to Nexgen, plaintiffs' allegations in the consolidated complaint are insufficiently
2   specific, Nexgen cites no law supporting the proposition that whether or not a complaint satisfies
3   Rule 8 pleading standards may affect the validity of service of process.  Nexgen similarly cites no
4   law contradicting the fact that actual notice matters in the due process analysis, because, of
5   course, it does.  *See SEC v. Internet Solutions*, 509 F.3d 1161, 1163 (9th Cir. 2007) (actual notice
6   relevant to challenge to default judgment); *Verley v. Goord*, D.C.N.Y. 2004, 2004 WL 526740
7   (S.D.N.Y. 2004) (Rule 4 is to be liberally construed "to further the purpose of finding personal
8   jurisdiction in cases in which party has received actual notice") (quoting *Romandette v. Weetabix*
9   *Co.,* 807 F.2d 309, 311 (2d Cir. 1986)); *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003)
10  ("technical requirements of service should be construed liberally as long as the defendant had
11  actual notice of the pending suit") (citing *Karlsson v. Rabinowitz,* 318 F.2d 666, 668-69 (4th
12  Cir.1963)); 4B Wright & Miller, Fed. Prac. & Proc. Civ. 3d. § 1074 ("the federal courts generally
13  take a permissive attitude toward modest deviations from the requirements of the mechanism
14  employed for service of process when the defendant actually receives notice").

## IV. EVEN IF TRUE, IT IS IRRELEVANT THAT SERVICE THROUGH COUNSEL WOULD VIOLATE TAIWANESE LAW

17  Nexgen's argument that service on Wilmer would violate Taiwanese law is equally
18  unpersuasive.  Nexgen Opp, 10.  First, it is Ninth Circuit law that service under Rule 4(f)(3) "may
19  be accomplished in contravention of the laws of the foreign country."  *Rio Props.*, 284 F.3d
20  at 1014.  Second, considering that Taiwanese courts may order service through counsel, any
21  "offense" to Taiwanese law would be—as suggested—minimal.  Fed. R. Civ. P. 4 Advisory
22  Committee Notes, 1993 Amendment (noting that a district court exercising its discretion under
23  Rule 4(f)(3) should make "an earnest effort . . . to devise a method of communication that is
24  consistent with due process and minimize offense to foreign law").  The point is not whether the
25  requirements of local Taiwanese law have been met, but that Taiwan views service on counsel as
26  permissible, even preferable.  Taiwan Code of Civ. Proc. Art. 132, Kingsdale Decl, Docket # 692,
27  Exh. H; *cf. Pimentel v. Denman Inv. Corp.*, No. 05-cv-00702, 2006 U.S. Dist. LEXIS 89517

1  (D. Colo. Dec. 8, 2006) (permitting service under Rule 4(f)(3) when not "prescribed" by

2  Philippines law, but also not "prohibited").

3  **V.     CONCLUSION**

4  For the foregoing reasons, Plaintiffs should be granted leave to serve Nexgen

5  through its counsel.

6  Dated:  November 12, 2008            Respectfully submitted,

8                                       By:    */s/ Andrew Kingsdale*
9                                              Andrew Kingsdale

10                                      Richard M. Heimann (State Bar No. 63607)
                                        Joseph R. Saveri (State Bar No. 130064)
11                                      Eric B. Fastiff (State Bar No. 182260)
                                        Brendan Glackin (State Bar No. 199643)
12                                      Andrew Kingsdale (State Bar No. 255699)
                                        LIEFF, CABRASER, HEIMANN
13                                        & BERNSTEIN, LLP
                                        275 Battery Street, 30th Floor
14                                      San Francisco, CA 94111-3339
                                        Telephone:    (415) 956-1000
15                                      Facsimile:    (415) 956-1008

16                                      *Interim Co-Lead Counsel for the Direct Purchaser
                                        Plaintiffs and the Proposed Class*

18
    Dated:  November 12, 2008           By:    */s/ Bruce L. Simon*
19                                              Bruce L. Simon

20                                      Bruce L. Simon (State Bar No. 96241)
                                        Gary S. Soter (State Bar No. 67622)
21                                      Daniel L. Warshaw (State Bar No. 185365)
                                        Esther L. Klisura (State Bar No. 221171)
22                                      PEARSON, SIMON, SOTER, WARSHAW
                                          & PENNY, LLP
23                                      44 Montgomery Street, Suite 1200
                                        San Francisco, CA 94104
24                                      Telephone:    (415) 433-9000
                                        Facsimile:    (415) 433-9008
25
                                        *Interim Co-Lead Counsel for the Direct Purchaser
26                                      Plaintiffs and the Proposed Class*