Hon. Fern M. Smith (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, California 94111
(415) 982-5267 (telephone)
(415) 982-5287 (fax)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

Case No. M 07-1827 SI

**SPECIAL MASTER'S REPORT AND RECOMMENDATION NO. 2**

CORRECTED

On October 21, 2008, I presided over a discovery status conference to discuss two open items: 1) A new proposed pre-trial schedule and 2) The location at which depositions of the Rule 30(b)(6) witnesses for certain defendants would take place.

A new pre-trial schedule was requested by all parties present at the last discovery conference, based on the lengthy delays that have occurred because of the existing stay, as well as numerous discovery disputes that have arisen. The disagreement over the location of the Rule 30(b)(6) depositions was idiosyncratic to the Plaintiffs and the Japan-based defendants-Sharp Corporation., Hitachi, Ltd., Hitachi Displays, Ltd., Alpha Technology, Ltd., NEC LCD Technologies, Ltd., and the Toshiba defendants, ("the Japanese Defendants").

The day prior to the conference, I received a proposed revised schedule, which had been agreed to by the majority of the parties. A copy is attached for the Court's convenience, and I recommend that the Court accept it, as reasonable and in the best interests of both sides.

Report and Recommendation No. 2                                                             CASE NO. M 07-1827 SI

The issue of the Rule 30(b) (6) depositions was not resolved by agreement, however, and remains a matter upon which the parties involved seriously disagree. Both sides have briefed the matter, and argued orally, and both sides have some weight of equity and law bolstering their positions. Defendants are correct that the general rule is that depositions should take place at or near the residence of the deponent. There are, however, well known and acknowledged difficulties related to the taking of depositions in Japan, including time and place, as well as the inability for intercession, if needed, by a United States court. The conflicts between these two positions are long-standing, have been addressed at length in the briefs and arguments, and need not be repeated here. Additionally, the prospective deponents are employed by sophisticated companies who have willingly become a part of the international stream of commerce and who are represented by sophisticated and competent American counsel. Having carefully considered the entire record before me, I now make the following recommendation, **limited solely to the specific Rule 30 (b) (6) depositions at issue here:**

1) The Rule 30(b)(6) depositions at issue shall take place in the United States, at a location to be decided by the Defendants involved;

2) The Plaintiffs shall pay reasonable travel and subsistence expenses for the deponents only.

I look forward to answering any further questions the Court may have.

Respectfully submitted,

Date: November 10, 2008

Fern M. Smith, Special Master

Date: 11/19/08

Hon. Susan Illston
United States District Judge

Report and Recommendation No. 2

CASE NO. M 07-1827 SI

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Plaintiffs' and Defendants' Proposed Schedule – October 20, 2008[1]

| CURRENT SCHEDULE | | PROPOSED SCHEDULE | |
|---|---|---|---|
| | | 11/19/08 | CMC |
| | | 12/5/08 | Last day for plaintiffs to file their respective amended consolidated complaints |
| 11/19/08 | CMC and hearing on Tatung's jurisdictional motion | 12/15/08 | Last day for defendants to produce transactional data |
| 11/28/08 | Last day to file amended consolidated complaints | | Substantial completion of interim document productions per defendants' responses and subject to individual meet and confer discussions[2] |
| 12/1/08 4/3/09 | Last day for Directs to file class cert motion and expert reports | 1/9/09 | **Limited stay expires; production of grand jury documents** Last day for defendants to respond to amended consolidated complaints, including by motion |
| | | 1/15/09 | Plaintiffs may begin to take 30(b)(6) depositions[3] |
| | | 1/30/09 | Last day to oppose any further motion to dismiss (3 weeks after motion) |
| 1/9/09 | **Limited stay expires; production of grand jury documents** | 2/13/09 | Last day to file any replies in support of motions to dismiss (2 weeks after opposition) |
| | | 2/27/09 at 9:00 a.m. | Hearing on any motions to dismiss. |
| | | 3/23/09 | Last day for Directs to file class cert motion and expert report |
| | | 5/25/09 | Last day for Indirects to file class cert motion and expert reports |
| 1/30/09 | Last day for Indirects to file class cert | 6/2/09 | Last day for Defendants to file |

---

[1] The Toshiba Defendants have not agreed to this schedule. All other Defendants have agreed.

[2] This deadline does not apply to certain defendants who have approached plaintiffs individually by Monday, October 20, 2008. Those defendants shall meet and confer with plaintiffs concerning the date by which they will complete their document production, and any outstanding issues that may delay such completion. Plaintiffs reserve the right to seek further relief with respect to such defendants, if necessary.

[3] By agreement with certain defendants, plaintiffs may begin to take 30(b)(6) depositions of those defendants on certain topics prior to January 15, 2009. Plaintiffs and defendants will continue to meet-and-confer on whether such depositions can be scheduled. .

LCHB_iManage_786372v1 (2)
786372.1

| | | | |
|---|---|---|---|
| | motion and expert reports (60 days after Directs' class cert motion) | | opposition and expert reports re Directs' class cert motion (70 days after motion is filed) |
| ~~3/2/09~~ 6/12/09 | Last day for Defendants to file opposition and expert reports re Directs' class cert motion (91 days after motion) | 7/17/09 | Last day for Directs to file class cert reply and rebuttal report (45 days after opposition) |
| | | 8/06/09 at 4:00 p.m. | Hearing on Directs' class cert motion |
| 4/15/09 | Last day for Defendants to file opposition and expert reports re Indirects' class cert motion (75 days after motion) | 8/03/09 | Last day for Defendants to file opposition and expert reports re Indirects' class cert motion (70 days after motion is filed) |
| ~~4/17/09~~ 7/24/09 | Last day for Directs to file class cert reply (46 days after opposition) | 9/17/09 | Last day for Indirects to file class cert reply and rebuttal report (45 days after opposition) |
| 5/19/09 | Hearing on Directs' class cert motion (32 days after Directs' reply) | 10/01/09 at 4 p.m. | Hearing on Indirects' class cert motion |
| 5/29/09 | Last day for Indirects' to file class cert reply (44 days after opposition) | | |
| 6/30/09 | Hearing on Indirects' class cert motion (32 days after Indirects' reply) | | |

2