SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
E-mail:         ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG SEMICONDUCTOR, INC.; and
SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. M:07-cv-01827-SI<br>MDL No. 1827<br><br>**[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS** (*re* Zahid Decl. Ex. 109; Netz Decl. at p. 55, fn. 167; Netz Decl. Ex. 5) |

1   Pursuant to Indirect Purchaser Plaintiffs' ("Plaintiffs") Administrative
2 Motion to Seal Documents and Rule 79-5(d) of the Civil Local Rules of the Northern
3 District of California ("Rule 79-5(d)"), Plaintiffs have lodged under seal certain documents
4 submitted in connection with Plaintiffs' Motion for Class Certification.  Pursuant to Rule
5 79-5(d), Defendants Samsung Semiconductor, Inc.; Samsung Electronics Co., Ltd.; and
6 Samsung Electronics America, Inc. (collectively, "Samsung") submitted the declaration of
7 the Vice President of Samsung Semiconductor, Inc., Kyung Whan Kim, requesting that
8 certain materials containing confidential Samsung information remain under seal.  The
9 materials at issue are (1) Exhibit 109 to the Declaration of Judith A. Zahid In Support of
10 Indirect Purchaser Plaintiffs' Motion for Class Certification, SAML-523034-523039,
11 which the Court previously determined should remain under seal pursuant to an Order
12 dated May 5, 2009; (2) the portion of page 55, footnote 167 of the Declaration of Janet S.
13 Netz in support of Plaintiffs' Motion for Class Certification ("Netz Declaration") that
14 discloses specific terms of Samsung's pricing agreements with two of its customers
15 (specifically, the two bullet points appearing under "Samsung:"); and (3) the portion of
16 Exhibit 5 to the Netz Declaration that discloses the monthly capacities of each of
17 Samsung's TFT-LCD production lines (specifically, the nine numerical entries in the
18 column "Capacity (sheets/month)" that pertain to Samsung).
19
20   After due consideration of the papers submitted and the arguments of
21 counsel, the Court finds that the above materials contain proprietary and sensitive business
22 information, and a substantial probability exists that Samsung would be competitively
23 disadvantaged if the materials were publicly disclosed.  Samsung's interests in maintaining
24 the confidentiality of the above materials outweigh any public interest in accessing the
25 document to evaluate the basis for any judicial action in this case.  Samsung's interests will
26 be prejudiced if these materials are not maintained under seal.  The Court thus finds that
27 Samsung has shown good cause and a compelling need to maintain these materials under
28 seal.  **IT IS THEREFORE ORDERED** that the above materials shall be kept under seal.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE