Hon. Fern M. Smith (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, California 94111
(415) 982-5267 (telephone)
(415) 982-5287 (fax)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI |
|---|---|
| | MDL No. 1827 |
| This Document Relates to: ALL ACTIONS | **ORDER RE: MOTION TO COMPEL LG DISPLAY TO PRODUCE CERTAIN ESI** |

On September 2, 2009, the Special Master heard the collective Plaintiffs' Motion to enforce the stipulated Protocol Governing the Production of Electronically Stored Information ("the ESI Protocol") and to compel defendants LG Display Co., Ltd and LG Display America, Inc. (collectively "LG Display") to produce "multi-page searchable text (.TXT) files" for all "ESI" as required by the ESI Protocol.

LG Display filed objections and requested an "in person" hearing on the matter.

Having fully considered the letter briefs, supporting exhibits and oral argument, the Special Master finds that the ESI Protocol is ambiguous as to whether the requirement in section I of the Protocol that "all documents are to be provided with multi-page searchable text (.TXT) files" applies to and includes section II of the Protocol which states that "MS-Excel spreadsheets and MS-Access databases shall be produced in native format."

Plaintiffs argue that "everyone" understood that such inclusion was the case; if so, that's what the Protocol should have said. Given that ambiguity, the Special Master finds that the

1  compromise offer of LG Display to produce extracted-text files for Word documents and e-mails,
2  but to produce Power Point and Excel documents only in native format was reasonable. Therefore,
3  Plaintiffs' request that LG Display be charged for the cost of having an outside vendor convert all
4  of the LG Display documents into TXT files (approximately $52K) is denied.
5      In addition, however, the Special Master finds that the request for an in-person hearing
6  caused an unnecessary expense that should not be borne by Plaintiffs. Therefore, the JAMS
7  administrative costs and fees for the hearing itself shall be charged to LG Display. Each party shall
8  bear its own costs and attorneys fees.

10  IT IS SO ORDERED.

13  DATED: SEPTEMBER 9, 2009

            HON. FERN M. SMITH (RET.)
            SPECIAL MASTER

### [PROPOSED] ORDER

Good cause appearing, the Court hereby adopts the Special Master's Report and Recommendation.

DATED: _____

            _____
            HON. SUSAN ILLSTON
            UNITED STATES DISTRICT COURT