Bruce L. Simon (Bar No. 96241)
    bsimon@pswplaw.com
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Richard M. Heimann (Bar No. 63607)
    rheimann@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI |
| | MDL No. 1827 |
| This Document Relates to: | **DECLARATION OF ERIC B. FASTIFF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.** |
| ALL DIRECT PURCHASER ACTIONS | |
| | Date: February 5, 2010 |
| | Time: 9:00 a.m. |
| | Ctrm: 10, 19th Floor |
| | Honorable Susan Illston |

841343.3

DECL. OF ERIC B. FASTIFF ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.

I, ERIC B. FASTIFF, declare:

1.     I am an attorney licensed to practice in the State of California and the Northern District of California. I am a partner with the firm of Lieff, Cabraser, Heimann & Bernstein, LLP, and counsel for the direct purchaser plaintiffs ("plaintiffs"). I am making this declaration in support of plaintiffs' motion for preliminary approval of class settlement with defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa"). I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2.     This multidistrict litigation proceeding arises from a conspiracy to fix the prices of Thin Film Transistor-Liquid Crystal Display ("TFT-LCD") products. The first cases were filed in December 2006. The Judicial Panel on Multidistrict Litigation transferred this proceeding to this Court in April 2007.

3.     On January 15, 2009, upon the expiration of a limited stay of discovery, defendants began producing to plaintiffs documents they had produced to the grand jury in the government's criminal investigation of the TFT-LCD industry. To date, plaintiffs have received more than 4 million documents from defendants' rolling document production, which they have loaded onto an electronic database. A team of plaintiffs' counsel have and continue to review these documents, both for issues related to class certification and the merits of this case. In addition, plaintiffs' counsel have taken the depositions of defendants' corporate designees on topics related to class certification. Defendants' customer lists show there are thousands of persons and entities that purchased TFT-LCD products from defendants, their affiliates, and co-conspirators.

4.     All of the plaintiffs have reviewed the pleadings in this case, responded to written discovery, produced documents requested, and have given deposition testimony. I am not aware of any interests they have that are antagonistic to the interests of the class.

5.     Interim co-lead class counsel Richard M. Heimann and Bruce L. Simon commenced settlement negotiations with Chunghwa's counsel in May 2008. These negotiations consisted of multiple telephonic and face-to-face conferences over a period of several months. Chunghwa was represented in these discussions by Gary Spratling and Joel Sanders of Gibson, Dunn & Crutcher LLP, who are both experienced in antitrust matters and class actions. The

negotiations took place on an arm's-length and non-collusive basis. On October 16, 2008, the settling parties reached agreement on the principle terms of settlement. The terms of the settlement were vigorously negotiated. On November 4 and 5, 2008, pursuant to the agreement, Chunghwa's counsel provided interim co-lead class counsel with a detailed oral proffer of how the TFT-LCD conspiracy operated. This proffer included an overview of the conspiracy, identification of corporate and individual participants in the conspiratorial meetings, identification of dates and locations of conspiratorial meetings, and reading from conspiratorial documents. The settling parties formalized their settlement agreement on February 12, 2009 by signing the LCD Direct-Purchaser Class Settlement Agreement (hereinafter "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A."

6. The Agreement calls for Chunghwa to pay $10 million in exchange for dismissal with prejudice and a release of claims. This payment represents approximately 200% of Chunghwa's sales to class members during the Class Period. This money has already been deposited into an escrow account. The Agreement requires Chunghwa to assist plaintiffs in the prosecution of this case against the remaining defendants. Chunghwa has already completed its production of documents, including transactional documents, and conspiracy documents. Additionally, Chunghwa has also agreed to make its employees available for interviews, depositions, and trial.

7. Based on my experience in other antitrust class actions, I believe the proposed settlement is fair, reasonable, and adequate. I also believe that entering this settlement is in the best interests of the class.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

841343.3

3

DECL. OF ERIC B. FASTIFF ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.

8.      Plaintiffs' proposed notice plan, which includes the use of e-mail notices, U.S. Mail notices, publication in the national edition of *The Wall Street Journal*, and a settlement website, was approved by Judge Hamilton in the *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, which resulted in over $325 million in settlements with 10 defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 30, 2009, at San Francisco, California.


*/s/ Eric B. Fastiff*
Eric B. Fastiff

DECL. OF ERIC B. FASTIFF ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.

# EXHIBIT A

## LCD DIRECT-PURCHASER CLASS SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 12th day of February January 2009, by and between defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") and the plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a settlement class of direct purchasers of TFT-LCD products (the "Class") that purchased TFT-LCD products in the United States at any time during the period beginning January 1, 1996 and continuing through December 11, 2006 (the "Class Period"), as more particularly defined in paragraph A.1 below.

WHEREAS, Plaintiffs are prosecuting the *In re TFT-LCD (Flat Panels) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, Chunghwa;

WHEREAS, Plaintiffs allege that Chunghwa participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of TFT-LCD products at artificially high levels in violation of Section 1 of the Sherman Act;

WHEREAS, Chunghwa denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against Chunghwa according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, Chunghwa, despite its belief that it is not liable for the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with

finality all claims that have been or could have been asserted against Chunghwa based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Chunghwa, as defined below, and except as hereinafter provided, without costs to Plaintiffs, the Class, or Chunghwa, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    For purposes of this Agreement, "the Class" and "Class Period" are:

All persons and entities who, between January 1, 1996 and December 11, 2006, directly purchased a TFT-LCD Product in the United States from any defendant or any subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

2.    For purposes of this Agreement, "TFT-LCD products" are defined to mean thin-film transistor liquid crystal display ("TFT-LCD") panels and products containing TFT-LCD panels.

3.    "Chunghwa Releasees" shall refer to Chunghwa and to all of its respective past and present, direct and indirect, parent companies, subsidiaries, affiliates; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Chunghwa Releasees" does not

include any defendant in the Action other than Chunghwa, including but not limited to Tatung Company of America.

    4.    "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

    5.    "Releasors" shall refer to the plaintiff class representatives and Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent companies, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing.

    6.    "The Settlement Fund" shall be $10,000,000 in United States Dollars, plus accrued interest on said deposits set forth in paragraph 17.

    7.    "Co-Lead Counsel" shall refer to the law firms of:

Pearson, Simon, Soter, Warshaw & Penny, LLP
44 Montgomery Street, Suite 1430
San Francisco, CA 94104
c/o Bruce L. Simon

Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
c/o Richard M. Heimann

B.    Approval Of This Agreement And Dismissal Of Claims Against Chunghwa.

    8.    Plaintiffs and Chunghwa shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and

(c)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Chunghwa only.

        9.     Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of the settlement, class certification, and final judgment contemplated by this Agreement to all Class Members (the "Motion"). If notice to the Class is given jointly with any other settling defendant, for purposes of paragraph 19 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts. The Motion shall include: (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Chunghwa before submission of the Motion with the understanding that, among other things, notice to the Class will include individual notice based on a class list provided by Chunghwa and notice by publication, with all expenses paid from the Settlement Fund, subject to paragraph 19(a). Chunghwa will supply to Co-Lead Counsel, at Chunghwa's expense and in such form as may be reasonably requested by Co-Lead Counsel, the names and addresses of putative Class Members, to the extent reasonably available in Chunghwa's sales database. The Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complied fully with the requirements of Federal Rules of Civil Procedure 23.

        10.     Plaintiffs and Chunghwa shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and Chunghwa shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions that:

(a)  certifying the Class described in paragraph 1, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of this settlement;

(b)  as to the Action, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)  as to Chunghwa, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d)  reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement to the United States District Court for the Northern District of California;

(e)  determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Chunghwa shall be final.

11.  This Agreement shall become final when (i) the Court has entered a final order certifying the Class described in paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e), and a final judgment dismissing the Action with prejudice as to Chunghwa against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Chunghwa described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Chunghwa have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and Chunghwa have executed this Agreement, Plaintiffs and Chunghwa

shall be bound by its terms and this Agreement shall not be rescinded except in accordance with
paragraphs 17, 18, or 28 of this Agreement.

12.     Neither this Agreement (whether or not it should become final) nor the
final judgment, nor any and all negotiations, documents and discussions associated with them,
shall be deemed or construed to be an admission by Chunghwa (or the Chunghwa Releasees) or
evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by
Chunghwa (or the Chunghwa Releasees), or of the truth of any of the claims or allegations
contained in any complaint or any other pleading filed by Plaintiffs in the Action, and evidence
thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action
or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions,
nor any of the negotiations or proceedings connected with it, nor any other action taken to carry
out this Agreement by any of the settling parties shall be referred to, offered as evidence or
received in evidence in any pending or future civil, criminal, or administrative action or
proceedings, except in a proceeding to enforce this Agreement, or defend against the assertion of
Released Claims, or as otherwise required by law.

C.      Release, Discharge, And Covenant Not To Sue.

13.     In addition to the effect of any final judgment entered in accordance with
this Agreement, upon this Agreement becoming final as set out in paragraph 11 of this
Agreement, and in consideration of payment of the Settlement Fund, as specified in paragraph 16
of this Agreement, and for other valuable consideration, the Chunghwa Releasees shall be
completely released, acquitted, and forever discharged from any and all claims, demands, actions,
suits, causes of action, whether class, individual, or otherwise (whether or not any Class Member
has objected to the settlement or makes a claim upon or participates in the Settlement Fund.

whether directly, representatively, derivatively, or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and consequences thereof in any way arising out of or relating in any way to any act or omission of the Chunghwa Releasees (or any of them) concerning the manufacture, supply, distribution, sale or pricing of TFT-LCD products up to the date of execution of this Agreement, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in class action complaints filed in this Action, including those arising under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, or trade practice law (the "Released Claims"). However, the Released Claims shall only include sales of TFT-LCD panels or products that are subject to the antitrust laws of the United States, and further, the Released Claims shall not preclude Plaintiffs from pursuing any and all of their claims against other defendants for the sale of finished products by those defendants, or their co-conspirators, which contain Chunghwa's TFT-LCD panels. Releasors shall not, after the date of this Agreement, seek to establish liability against any Chunghwa Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. Nothing in this Agreement shall be construed to release any other claims, including but not limited to claims for product defect or personal injury.

14.     In addition to the provisions of paragraph 13 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL
> RELEASE. A GENERAL RELEASE DOES NOT
> EXTEND TO CLAIMS WHICH THE CREDITOR DOES
> NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR

> AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH
> THE DEBTOR[ ];

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 13 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

      15.     The release, discharge, and covenant not to sue set forth in paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not include other claims, such as those solely arising out of product liability or breach of contract claims in the ordinary course of business not covered by the Released Claims. Further, the release, discharge, and covenant not to sue set forth in paragraph 13 of this Agreement includes only direct-purchaser claims.

    D.    Settlement Amount.

      16.     Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, defendant Chunghwa shall pay $10,000,000 in United States Dollars into an escrow account to be administered in accordance with the provisions of paragraph 17 of this Agreement (the "Escrow Account") within thirty (30) days of execution of

this Agreement. The Settlement Fund will not be reduced by any settlement between Chunghwa and a Class Member nor by any request for exclusion from the Class.

       17.    Escrow Account.

      (a)    The Escrow Account will be established at Wells Fargo Bank, National Association, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Plaintiffs' Co-Lead Counsel and Chunghwa, such escrow to be administered under the Court's continuing supervision and control.

      (b)    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or any agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds from these instruments as they mature in similar instruments at their then current market rates.

      (c)    All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

      (d)    Plaintiffs and Chunghwa agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph 17, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with

the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e) For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 17(d)) shall be consistent with paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest, or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in 17(f) hereof.

(f) All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Chunghwa or any other Chunghwa Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph 17(g) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g) Neither Chunghwa nor any other Chunghwa Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Chunghwa nor any other Chunghwa Releasee is responsible nor shall they have any liability therefore. Plaintiffs and Chunghwa agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of paragraphs 17(d) though (f).

(h) If this Agreement does not receive final Court approval, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by Chunghwa into the Settlement Fund (other than notice costs expended in accordance with paragraph 19(a)) shall be promptly returned to Chunghwa from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

18. Exclusions. Co-Lead Counsel will cause copies of requests for exclusion from the Class to be provided to counsel for Chunghwa. To the extent that Class Members (or any of them) reasonably believed by Chunghwa to represent purchases of more than $100,000,000 of TFT-LCD products during the Class Period opt out of the Class, Chunghwa may, if acting reasonably and in good faith, terminate the Agreement within sixty (60) days of receipt of the final list of exclusions.

19. Payment Of Expenses.

(a) Chunghwa agrees to permit use of a maximum of $400,000 of the Settlement Fund towards notice to the Class and administration costs. The $400,000 in notice and claims administration expenses are not recoverable if this settlement does not become final. Other than as set forth in this paragraph 19(a) and except as Plaintiffs' counsel ("Class Counsel") shall apply for reimbursement of costs and attorneys' fees pursuant to paragraph 23 below, neither Chunghwa nor any of the other Chunghwa Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or negotiation of other settlements, or for Class administration and costs.

(b) If Co-Lead Counsel enter into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Co-Lead Counsel shall use their reasonable best efforts to provide a single notice to prospective Class Members of all of the settlements.

E. The Settlement Fund.

20. Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Chunghwa Releasees of all Released Claims, and shall have no other recovery against Chunghwa or any other Chunghwa Releasee.

21. After this Agreement becomes final within the meaning of paragraph 11, the Settlement Fund shall be distributed in accordance with the plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Chunghwa Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to,

the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in paragraph 19(a) of this Agreement.

22.     Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The Chunghwa Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

23.     Class Counsel's Attorneys' Fees And Reimbursement Of Expenses.

(a)     Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund and Chunghwa shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred, or to be incurred, in connection with prosecuting the Action, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Chunghwa Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund. Co-Lead Counsel shall allocate the attorneys' fees among Class Counsel in a manner which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving settlement.

(d)     Neither Chunghwa nor any other Chunghwa Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither Chunghwa nor any other Chunghwa Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     Cooperation.

24.     Chunghwa agrees to cooperate with Plaintiffs, to the extent consistent with Chunghwa's obligations to the U.S. Department of Justice ("DOJ"), by (i) promptly providing a full account to Co-Lead Counsel of all facts known to Chunghwa that are relevant to the Action, (ii) producing in the United States relevant documents relating to sales, pricing, capacity, production, and damages, as well as documents (including English translations) sufficient to evidence any collusive meetings among TFT-LCD panel makers and how any alleged conspiracy was formed, implemented, and enforced, to the extent known by Chunghwa, (iii) making available appropriate employees for such interviews and depositions as are reasonably required

by Co-Lead Counsel (and Chunghwa shall make reasonable efforts to provide advance and confidential notice to Co-Lead Counsel if any such employees give notice of their decision to leave Chunghwa's employ or are terminated) and (iv) producing at trial in person, by deposition, or affidavit, whichever is legally necessary and reasonably possible, representatives to testify as reasonably required by Co-Lead Counsel. Nothing in this paragraph 24, or any other part of this Agreement, shall be construed or interpreted to be inconsistent with the prior discovery stay in place in this Action. Any cooperation by Chunghwa pursuant to this paragraph 24 will be consistent with the terms of the discovery stay and Chunghwa's continuing obligations to the DOJ.

25.     Plaintiffs and Co-Lead Counsel agree they will not use the information provided by Chunghwa as part of its cooperation for any purpose other than pursuit of the Action and, even after the lifting of the discovery stay, will not publicize the information beyond what is reasonably necessary for the prosecution of the Action or as otherwise required by law. Any documents and other information provided will be deemed "Highly Confidential" and subject to the protective order entered in the Action as if they had been produced in response to discovery requests.

26.     Except as provided in paragraph 24 of this Agreement, Chunghwa need not respond to formal discovery from Plaintiffs or otherwise participate in the Action during the pendency of the Agreement. Neither Chunghwa nor Plaintiffs shall file motions against the other during the pendency of the Agreement. In the event that the Agreement is not approved by the Court or otherwise terminates, Chunghwa and Plaintiffs will each be bound by and have the benefit of any rulings made in the Action to the extent they would have been applicable to Chunghwa or Plaintiffs had Chunghwa been participating in the Action.

27. Chunghwa agrees that it will not disclose publicly or to any other defendant the terms of this Agreement until the Agreement is submitted to the Court for approval. Chunghwa also agrees that it will not disclose publicly or to any other defendant the information provided to Plaintiffs pursuant to this Agreement, except as otherwise required by law.

G. Rescission If This Agreement Is Not Approved Or Final Judgment Is Not Entered.

28. If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not certify for purposes of this settlement the Class described in paragraph 1, or if the Court does not enter the final judgment, or if final judgment is entered and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Chunghwa and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of paragraph 35. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

29. In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Chunghwa less only disbursements made in accordance with this Agreement. Chunghwa expressly reserves all of its rights if this Agreement does not become final. Further, and in any event, Plaintiffs and Chunghwa agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law

or of any liability or wrongdoing whatsoever by Chunghwa (or the Chunghwa Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed by Plaintiffs in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

30.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Chunghwa Releasee as provided in this Agreement.

31.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in paragraph 9 of this Agreement, appropriate notice of (a) the settlement; and (b) a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

H.     Miscellaneous.

32.     This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the complaint against any defendant or alleged co-conspirator other than the Chunghwa Releasees. All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Chunghwa's sales to the Class shall not by removed from the Action.

33.     This Agreement shall not affect whatever rights Releasors or any of them may have (i) to seek damages or other relief from any other person with respect to any purchases of TFT-LCD products that are not subject to the antitrust laws of the United States; (ii) to participate in or benefit from, where appropriate, any relief or other recovery as part of a settlement or judgment in any action on behalf of any indirect purchasers of TFT-LCD products; (iii) to participate in or benefit from any relief or recovery as part of a judgment or settlement in

this action against any other party named as a defendant (other than a Chunghwa Releasee); or (iv) to assert any product liability or breach of contract claims in the ordinary course of business which are not covered by the Released Claims.

34.      The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Chunghwa. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

35.      This Agreement constitutes the entire, complete, and integrated agreement between Plaintiffs and Chunghwa pertaining to the settlement of the Action against Chunghwa, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Chunghwa in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Chunghwa, and approved by the Court.

36.      This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Chunghwa. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs or Co-Lead Counsel shall be binding upon all Class Members and Releasors. The Chunghwa Releasees (other than Chunghwa, which is a party hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

37.     This Agreement may be executed in counterparts by Plaintiffs and Chunghwa, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

38.     Neither Plaintiffs nor Chunghwa shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

39.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

41.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

February
Dated: January 12, 2009

Bruce L. Simon
Pearson, Simon, Soter, Warshaw & Penny LLP
44 Montgomery Street, Suite 1430
San Francisco, CA 94104
*Co-Lead Counsel and Attorneys for the Class*

Dated: January ___, 2009

Richard M. Heimann
Lieff, Cabraser, Heimann & Bernstein LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111
*Co-Lead Counsel and Attorneys for the Class*

794776.1   19

37.      This Agreement may be executed in counterparts by Plaintiffs and Chunghwa, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

38.      Neither Plaintiffs nor Chunghwa shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

39.      Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

41.      Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: January ___, 2009

_____
Bruce L. Simon
Pearson, Simon, Soter, Warshaw & Penny LLP
44 Montgomery Street, Suite 1430
San Francisco, CA 94104
*Co-Lead Counsel and Attorneys for the Class*

Dated: January *12*, 2009

_____
Richard M. Heimann
Lieff, Cabraser, Heimann & Bernstein LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111
*Co-Lead Counsel and Attorneys for the Class*

Dated: February 12, 2009        Chiu Chwong - Yz
                                *Officer of Chunghwa Picture Tubes, Ltd.*

Dated: February 12, 2009        Joel S. Sanders

                                Joel S. Sanders
                                Gibson, Dunn & Crutcher LLP
                                555 Mission Street, Suite 3000
                                San Francisco, CA 94105
                                *Attorney for Chunghwa Picture Tubes, Ltd.*

794776.1  20