Blake L. Harrop (*pro hac vice* application pending)
Senior Assistant Attorney General
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us

*Counsel for Intervener, the State of Illinois*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION** | No.: M-07-1827 SI<br>MDL No. 1827<br><br>**State of Illinois'**<br>**Motion to Intervene** |
| This document relates to:<br><br>ALL ACTIONS. | Date: February 5, 2010<br>Time: 9 a.m.<br>Dept.: Courtroom 10, 19th Floor<br>Judge: Honorable Susan Illston |

## Notice of Motion and Motion

PLEASE TAKE NOTICE that on Friday, February 5, 2010, at 9 a.m., or soon thereafter as the matter may be heard, the People of the State of Illinois, by its Attorney General, Lisa Madigan, will present this Motion in Courtroom 10, 19th Floor, 450 Golden Gate Ave., San Francisco, California, before the Honorable Susan Illston.

In this Motion, the Attorney General asks the Court, pursuant to Federal Rule of Civil Procedure 24(b), for an order granting the State of Illinois permission to

intervene in this action for the limited purpose of seeking clarification or modification of this Court's Stipulated Protective Order.

## Memorandum of Points and Authorities

### I. Issue Statement

FRCP 24(b) allows a person to intervene in an action to challenge a protective order. The Illinois Attorney General seeks to intervene to ask this Court to clarify or modify the protective order issued in this case. May the Attorney General intervene?

### II. Facts

The Attorney General is investigating whether the Defendants in this case violated the Illinois Antitrust Act by engaging in the same conduct alleged in this case. Under the act, the Attorney General issued a subpoena to Defendant AU Optronics Corp. America ("AUA") seeking documents, including those AUA received during discovery in this case.

Several other Defendants, however, asked an Illinois court to quash the subpoena as to the documents they produced to AUA. The Illinois court quashed the subpoena on December 18, 2009, based on those Defendants' interpretation of this Court's Stipulated Protective Order. The Illinois court held that the Stipulated Protective Order prohibits AUA from producing those Defendants' documents in response to the Attorney General's subpoena and prevents AUA from having those documents in its possession, custody, or control.

The Attorney General intends to move for reconsideration. To support that motion, the Attorney General would like to request this Court to clarify or modify the Stipulated Protective Order. For the limited purpose of making that request, the Attorney General seeks permission to intervene.

## III. Argument

Federal Rule of Civil Procedure 24(b) permits a person to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact."[1] Generally, permissive intervention requires (1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question of law or fact between the person's claim or defense and the main action.[2]

Courts, including the Ninth Circuit Court of Appeals, widely approve using Rule 24(b) as a method of seeking modification of a protective order.[3] A court has jurisdiction to modify its own protective orders,[4] and access to documents prepared for similar litigation involving the same parties satisfies the commonality requirement.[5]

Here, this Court has jurisdiction to clarify or modify its Stipulated Protective Order. The meaning of that protective order is a common issue of law. Further, the

---

[1] FRCP 24(b)(1)(B).

[2] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

[3] *Id.*

[4] *Id.*

[5] *Id.* at 474.

Attorney General seeks access to documents produced in this case in preparation for similar litigation involving the same Defendants and the same issues.

## IV. Conclusion

The Illinois Attorney General asks this Court to grant her permission to intervene in this action for the limited purpose of seeking clarification or modification of the Stipulated Protective Order.

Dated: January 11, 2010

Respectfully submitted,

The State of Illinois,
by Lisa Madigan,
Attorney General of Illinois

By: /s/ Blake L. Harrop

Blake L. Harrop
Senior Assistant Attorney General
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

This document relates to:

ALL ACTIONS.

No.: M-07-1827 SI
MDL No. 1827

[Proposed] Order Granting Illinois' Motion to Intervene

Having considered the State of Illinois' Motion to Intervene, as well as all papers filed in support thereof or in opposition thereto, and having entertained any argument of counsel,

**IT IS HEREBY ORDERED** that the **Motion** is **GRANTED** so that the State of Illinois may intervene in this action for the limited purpose of seeking clarification or modification of the Stipulated Protective Order.

**IT IS SO ORDRED.**

Dated: _____, 2010

_____
Hon. Susan Illston
United States District Judge