Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Joseph M Alioto (42980)
Theresa D. Moore (99978)
THE ALIOTO FIRM
555 California Street, 31st Floor
San Francisco, CA  94104
Telephone:    (415) 434-8900
Facsimile:    (415) 434-9200

*Interim Co-Lead Counsel for Indirect-Purchaser*
*Plaintiffs and Class Members*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. C07-1827-SI |
| | MDL No. 1827 |
| _____ | **INDIRECT-PURCHASER PLAINTIFFS' REQUEST FOR LEAVE TO FILE STATEMENT OF RECENT DECISION** |
| This Document Relates to: | |
| All Indirect-Purchaser Actions | |

1       Pursuant to Civil Local Rule 7-3(d), Indirect-Purchaser Plaintiffs hereby request leave to file

2 the Statement of Recent Decision attached hereto as Exhibit 1.  The Statement advises the Court of

3 the recent decision of the United States Court of Appeals for the Ninth Circuit reversing and

4 remanding the district court decision denying plaintiffs' motion for class certification in *USW v.*

5 *ConocoPhilips Company*, No. 09-56578, _ F. 3d __, 2010 U.S. App. LEXIS _ (9th Cir. Jan. 6,

6 2010).

7 Dated:  January 6, 2010                Respectfully submitted,

8                          */s/Craig C. Corbitt*

9

10                         Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)

11                         Judith A. Zahid (215418)
Patrick B. Clayton (240191)

12                         Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL & MASON LLP

13                         44 Montgomery Street, Suite 3400
San Francisco, CA 94104

14                         Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770

15

16                         Joseph M Alioto (42980)
Theresa D. Moore (99978)

17                         THE ALIOTO FIRM
555 California Street, 31st Floor

18                         San Francisco, CA  94104
Telephone:    (415) 434-8900

19                         Facsimile:    (415) 434-9200

20                         *Interim Co-Lead Counsel for Indirect-Purchaser*
*Plaintiffs and Class Members*

21

22 **IT IS SO ORDERED:**

23

24                         Hon. Susan Illston
United States District Judge

25

26

27 #3220006v1

28

INDIRECT-PURCHASER PLAINTIFFS' REQUEST FOR LEAVE TO FILE STATEMENT OF RECENT DECISION
Master File No. C07-1827-SI

# EXHIBIT 1

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Joseph M Alioto (42980)
Theresa D. Moore (99978)
THE ALIOTO FIRM
555 California Street, 31st Floor
San Francisco, CA  94104
Telephone:    (415) 434-8900
Facsimile:    (415) 434-9200

*Interim Co-Lead Counsel for Indirect-Purchaser*
*Plaintiffs and Class Members*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. C07-1827-SI |
| | MDL No. 1827 |
| This Document Relates to: | **INDIRECT-PURCHASER PLAINTIFFS' STATEMENT OF RECENT DECISION** |
| All Indirect-Purchaser Actions | |

Pursuant to Civil Local Rule 7-3(d), Indirect-Purchaser Plaintiffs submit this Statement of Recent Decision to advise the Court of the recent decision of the United States Court of Appeals for the Ninth Circuit in *USW v. ConocoPhilips Company*, No. 09-56578, _ F. 3d __, 2010 U.S. App. LEXIS _ (9th Cir. Jan. 6, 2010), a copy of which is attached.

Dated:  January 6, 2010

Respectfully submitted,

*/s/Craig C. Corbitt*

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:     (415) 693-0770

Joseph M Alioto (42980)
Theresa D. Moore (99978)
THE ALIOTO FIRM
555 California Street, 31st Floor
San Francisco, CA  94104
Telephone:     (415) 434-8900
Facsimile:     (415) 434-9200

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs and Class Members*

#3220007v1

INDIRECT-PURCHASER PLAINTIFFS' STATEMENT OF RECENT DECISION – Master File No. C07-1827-SI

**FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STEEL, PAPER & FORESTRY,
RUBBER, MANUFACTURING ENERGY,
ALLIED INDUSTRIAL & SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO, CLC, On behalf of its
members employed by defendants;
RAUDEL COVARRUBIAS, individually
and on behalf of all similarly
situated current and former
employees; DAVID SIMMONS,
individually and on behalf of all
similarly situated current and
former employees; STEPHEN S.
SWADER Sr., individually and on
behalf of all similarly situated
current and former employees,
     *Plaintiffs-Appellants,*

    v.

CONOCOPHILLIPS COMPANY,
    *Defendant-Appellee.*

No. 09-56578

D.C. No.
2:08-cv-02068-PSG-
FFM

378          UNITED STEEL v. CONOCOPHILLIPS

UNITED STEEL, PAPER & FORESTRY,
RUBBER, MANUFACTURING ENERGY,
ALLIED INDUSTRIAL & SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO, CLC, On behalf of its
members employed by defendants;
RAUDEL COVARRUBIAS, individually
and on behalf of all similarly
situated current and former
employees; DAVID SIMMONS,
individually and on behalf of all
similarly situated current and
former employees; STEPHEN S.
SWADER Sr., individually and on
behalf of all similarly situated
current and former employees,
                    *Plaintiffs-Appellees,*

                    v.

CONOCOPHILLIPS COMPANY,
                    *Defendant-Appellant.*

          No. 09-56579
          D.C. No.
          2:08-cv-02068-PSG-
          FFM
          OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
November 4, 2009—Pasadena, California

Filed January 6, 2010

Before: Thomas G. Nelson, Jay S. Bybee, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Bybee

## COUNSEL

Anne Richardson, Hadsell, Stormer, Keeny, Richardson & Renick, LLP, Pasadena, California, for plaintiffs-appellants-appellees Raudel Covarrubias, David Simmons, and Stephen S. Swader, Sr.

Robert A. Cantore, Gilbert & Sackman, Inc., Los Angeles, California, for plaintiff-appellant-appellee United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC.

Rex S. Heinke, Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, California, for defendant-appellant-appellee ConocoPhillips Co.

---

## OPINION

BYBEE, Circuit Judge:

These consolidated appeals raise two issues: first, whether the district court abused its discretion when it denied plaintiffs' motion to certify a putative class out of concern that practical obstacles could potentially develop if plaintiffs' legal theory were ultimately rejected; and second, whether the district court erred in remanding, in light of its certification decision, state law claims to state court for lack of subject matter jurisdiction. We hold that the district court abused its discretion when it assumed, for the purpose of Federal Rule of Civil Procedure 23 certification analysis and without any separate inquiry into the merits, that plaintiffs' legal theory would fail. Accordingly, we reverse and remand for reconsideration of plaintiffs' certification motion and dismiss as moot the appeal of the remand order.

## I

Defendant ConocoPhillips Company is an international oil company that operates oil refineries in Los Angeles,[1] Santa Maria, and Rodeo, California. United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") is a labor union that represents many of the employees who work at ConocoPhillips' refineries. ConocoPhillips and USW are parties to a collective bargaining agreement that sets forth wages, hours, and working conditions for USW-represented employees at ConocoPhillips' California refineries.

On February 15, 2008, USW and representative plaintiffs David Simmons, Raudel Covarrubias, and Stephen Swader[2] filed a class action complaint against ConocoPhillips and ten John Doe Defendants in Los Angeles Superior Court. The complaint sought "class-wide relief under California law for defendants' breaches of their legal obligation to provide employees with unpaid, 30-minute meal periods, totally relieved of all duties, for every 5 hours of work." The basic premise of plaintiffs' complaint was that because operators cannot leave their units during their meal breaks and are subject to interruptions to which they must respond, their meal periods are "on duty" within the meaning of California law.[3] Plaintiffs sought both damages and injunctive relief.

---

[1]ConocoPhillips' Los Angeles refinery is composed of two linked facilities located approximately five miles apart in Carson and Wilmington.

[2]The representative plaintiffs are various types of operators at the Los Angeles and Santa Maria ConocoPhillips refineries. No representative plaintiff is a laboratory employee, nor does any representative plaintiff work at the Rodeo refinery.

[3]In order for an "on duty" meal period to be permissible under California law, all three of the following conditions must be met: (1) the nature of the work must prevent the employee from being relieved of all duty during the meal period; (2) the employee and employer must have entered into a written agreement authorizing an on duty meal period; and (3) the

On March 27, 2008, ConocoPhillips removed the action to the United States District Court for the Central District of California, citing the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-15), as the basis for federal subject matter jurisdiction. CAFA vests a district court with original jurisdiction over "a class action" where: (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. §§ 1332(d)(2), (5)(B), (6). In its notice of removal, ConocoPhillips stated that "Plaintiffs, at the time this action was commenced, were citizens and residents of the State of California," while ConocoPhillips, as a Delaware corporation with its principal place of business in Texas, was not a citizen of California under 28 U.S.C. § 1332(c)(1). Plaintiffs did not contest removal.

After removal, the parties proceeded with discovery, and in early 2009, plaintiffs moved for class certification under Federal Rule of Civil Procedure 23. The putative class encompassed

> all former, current, and future non-exempt hourly employees of Defendant ConocoPhillips who, at any time since February 15, 2004, worked as an Operator

---

written agreement must expressly state that the employee may, in writing, revoke the agreement at any time. Cal. Code Regs. tit. 8, § 11010, subd. 11(C); *see also* DLSE Opinion Letter 2002-09-04.

The specifics of the labor dispute underlying plaintiffs' suit are not relevant to the certification question at issue in this appeal. However, the gravamen of plaintiffs' complaint is that because operators at ConocoPhillips's California refineries must respond to their radios and to any audible alarms throughout their twelve-hour shifts, any meal breaks operators take are "on duty" under California law and must be compensated as such.

or in the laboratory on a shift schedule at a Cono-
coPhillips refinery located in Los Angeles, Santa
Maria, or Rodeo, California.

On March 16, 2009, the district court denied class certifica-
tion, but did so without prejudice. In this order, the district
court held that although plaintiffs had demonstrated the exis-
tence of three of the four Rule 23(a) prerequisites to class cer-
tification — numerosity, commonality, and typicality, *see*
Fed. R. Civ. P. 23(a)(1)-(3) — plaintiffs failed to satisfy the
"adequate representation" requirement under Rule 23(a)(4).
Specifically, the district court held that due to counterclaims
then pending against USW, "USW's interests [we]re not
properly aligned with those of the class" and that because
then-class counsel also represented USW, "it could not ade-
quately represent the interests of the class."

After the March 2009 order, the representative plaintiffs
obtained new counsel unrelated to USW, USW successfully
moved for Rule 12(b)(6) dismissal of all pending counter-
claims against it, and plaintiffs renewed their motion for class
certification under Rule 23. In an order dated June 11, 2009,
the district court again denied class certification. The district
court held that plaintiffs had satisfied all four requirements of
Rule 23(a), but failed to satisfy any of the three provisions
in Rule 23(b).[4] The court held that although plaintiffs had relied
on both Rule 23(b)(2) and Rule 23(b)(3) in support of class
certification, plaintiffs had not carried their burden of satisfy-
ing either of these provisions. With respect to Rule 23(b)(3),
the so-called "predominance" requirement, the district court
reasoned that "if Plaintiffs' 'on duty' theory is rejected . . . the
Court will be faced with a case . . . requiring individualized
trials on each class member's meal period claims," and "a

---

[4]Although a putative class must satisfy all four requirements of Rule
23(a) to achieve certification, the three provisions of Rule 23(b) are dis-
junctive: a class can be certified where it satisfies only one Rule 23(b)
requirement.

class action w[ould] not be the superior method of resolving this suit." The court ultimately held that "this problem . . . is an insurmountable barrier to class certification," and therefore "decline[d] to certify the class under Rule 23(b)(3)."

The same day it issued the order denying certification, the district court remanded this action to Los Angeles Superior Court. The district court explained that "district courts are split on the issue" of whether remand is required after denial of class certification and noted that "[t]he Ninth Circuit has never addressed this question," before ultimately concluding:

> In the instant case there is no "reasonably foresee-able possibility" that a class will be certified, given that Plaintiffs have brought two unsuccessful certi-fication motions and that insurmountable problems preclude certification under Rule 23(b)(3). The Court is persuaded by the reasoning of these authori-ties: a determination that class certification is not a "reasonably foreseeable possibility" is not a post-removal change in jurisdictional facts, but rather is equivalent to a finding that jurisdiction never existed under CAFA in the first place. Accordingly, CAFA does not provide a basis for jurisdiction over this action.

(Internal citations omitted).

Having held that CAFA did not provide subject matter jurisdiction, the district court then rejected any other possible bases for jurisdiction, including supplemental jurisdiction and diversity jurisdiction. Finding no subject matter jurisdiction over this case, the district court remanded to Los Angeles Superior Court.[5]

---

[5]After the district court remanded, plaintiffs' Case Management State-ments in state court continued to assert that this case was a class action, indicated that class certification would be sought, and sought class discov-

Plaintiffs timely petitioned for permission to appeal the June 2009 order denying class certification, and ConocoPhillips timely petitioned for permission to appeal the remand order. On September 30, 2009, this court granted both parties' petitions to appeal. We reverse and remand in plaintiffs' appeal of the order denying certification and dismiss as moot ConocoPhillips' appeal of the order remanding this case to state court.[6]

II

[1] Federal Rule of Civil Procedure 23, which governs class certification, contains two distinct sets of requirements. Rule 23(a) outlines four requirements, all of which must be met for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the class representatives must be typical of the claims or defenses of the class; and (4) the class representa-

---

ery. In response to plaintiffs' filings, ConocoPhillips again removed to district court under CAFA. Plaintiffs filed a motion for remand, asserting that because the district court had held that class certification was not reasonably possible, there could be no CAFA jurisdiction. The district court ultimately granted plaintiffs' remand motion, holding that ConocoPhillips failed to present new facts or events sufficient to justify its second removal attempt.

[6]CAFA imposes strict deadlines for the rendering of judgment by Courts of Appeals. Under 28 U.S.C. § 1453(c)(2), "[i]f the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, *including rendering judgment*, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3)" (emphasis added). Paragraph (3) provides that "[t]he court of appeals may grant an extension of the 60-day period described in paragraph (2) if — (A) all parties to the proceeding agree to such extension, for any period of time; or (B) such extension is for good cause shown and in the interests of justice, for a period not to exceed 10 days." *Id.* § 1453(c)(3). Both parties graciously agreed to an extension in this case, and we grant an extension to the filing of this opinion.

tives must fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a). The four requirements of Rule 23(a) are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation" (or just "adequacy"), respectively. *See, e.g., Rodriguez v. Hayes*, 578 F.3d 1032, 1047-51 (9th Cir. 2009). Where a putative class satisfies all four requirements of Rule 23(a), it still must meet at least one of three additional requirements outlined in Rule 23(b) in order to be eligible for certification. Rule 23(b) provides that

> [a] class action may be maintained if Rule 23(a) is satisfied and if:

> (1) prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and

that a class action is superior to other available meth-
ods for fairly and efficiently adjudicating the contro-
versy. The matters pertinent to these findings
include:

    (A) the class members' interests in individually
controlling the prosecution or defense of separate
actions;

    (B) the extent and nature of any litigation concern-
ing the controversy already begun by or against class
members;

    (C) the desirability or undesirability of concentrat-
ing the litigation of the claims in the particular
forum; and

    (D) the likely difficulties in managing a class
action.

Fed. R. Civ. P. 23(b). The requirement outlined in Rule
23(b)(3) is generally referred to as "predominance" and is the
focus of plaintiffs' appeal.[7]

    The party seeking class certification bears the burden of
demonstrating that the requirements of Rules 23(a) and (b) are
met. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180,
1186 (9th Cir. 2001). Rule 23(b) states:

    A class action may be maintained if Rule 23(a) is
satisfied and if . . . (3) the court finds that the ques-
tions of law or fact common to class members pre-

---

[7]The district court held that although plaintiffs had satisfied all four
Rule 23(a) requirements, they did not establish an entitlement to certifica-
tion under Rule 23(b)(2) or (3). Plaintiffs did not argue that they had satis-
fied Rule 23(b)(1). On this appeal, plaintiffs have disavowed any reliance
on Rule 23(b)(2) and argue only that the district court erred in holding that
plaintiffs did not satisfy Rule 23(b)(3).

dominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. . . .

We review both the ultimate decision whether to certify a class and the underlying determination whether the predominance requirement of Rule 23(b)(3) has been satisfied for abuse of discretion. *See Zinser*, 253 F.3d at 1186 (class certification generally), 1192 (predominance).

In holding that Rule 23(b)(3) posed an "insurmountable barrier to class certification" in this case, the district court reasoned:

> Defendant correctly points out that if Plaintiffs' "on duty" theory of liability fails, then common questions will no longer predominate over individual ones. In other words, if it is ultimately determined that (1) class members' meal periods were not "on duty" or, alternatively, that (2) the conditions prerequisite to a lawful "on duty" meal period were satisfied, then in order to establish Defendant's liability, Plaintiffs will need to show that they actually missed meal breaks.

The district court then stated that it appeared that "the existence of a uniform policy as to the availability of a meal period could be proved on a classwide basis . . . ." However, in the district court's view, "there c[ould] be no assurances that [plaintiffs] w[ould] prevail on [their 'on duty'] theory." And if plaintiffs did *not* prevail on this theory, the district court reasoned, the inquiry would then shift to whether plaintiffs *actually* missed meal breaks, and "the Court w[ould] be faced with a case . . . requiring individualized trials on each class member's meal period claims," thus making "a class action . . . not . . . the superior method of resolving this suit."

As support for its conclusion that the possibility of numerous future mini-trials proved "an insurmountable barrier to class certification" under Rule 23(b)(3), the district court quoted an Eleventh Circuit decision, *Andrews v. American Telephone & Telegraph Co.*, 95 F.3d 1014, 1023 (11th Cir. 1996), which in turn quoted a decision by the Fourth Circuit, *Windham v. American Brands, Inc.*, 565 F.2d 59, 70 (4th Cir. 1977), stating: "[A] district court should not decline to certify a class because it fears that insurmountable problems may later appear. But where the court finds, on the basis of substantial evidence as here, that there are serious problems now appearing, it should not certify the class merely on the assurance of counsel that some solution will be found." (alteration in district court order).

"We limit our [certification] review to whether the district court correctly selected and applied Rule 23's criteria. An abuse of discretion occurs when the district court, in making a discretionary ruling, relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors but makes a clear error of judgment in assaying them." *Parra v. Bashas', Inc.*, 536 F.3d 975, 977-78 (9th Cir. 2008) (internal quotation marks and citation omitted). Plaintiffs' basic argument is that the district court abused its discretion by declining certification based on the *possibility* that plaintiffs would not prevail on the merits on their "on duty" theory. We agree.

**[2]** Critically, the district court did not hold that plaintiffs' *actual* legal theory (what the district court referred to as "Plaintiffs' 'on duty' theory of liability") was one in which common issues of law or fact did not predominate over individual questions. Instead, the district court treated plaintiffs' actual legal theory as all but beside the point, holding that because "there can be no *assurances* that [plaintiffs] w[ould] prevail on this theory," (emphasis added), the district court's predominance inquiry would instead focus on the question whether plaintiffs "actually missed meal breaks," an admit-

tedly individualized inquiry. By refusing to analyze plaintiffs'
"on duty" argument as the basis for its predominance inquiry
because "there c[ould] be no *assurances* that they w[ould]
prevail on this theory," the district court ignored Ninth Circuit
precedent and ultimately abused its discretion.

**[3]** "In determining the propriety of a class action, the ques-
tion is not whether the plaintiff or plaintiffs have stated a
cause of action or will prevail on the merits, but rather
whether the requirements of Rule 23 are met[,]" and "nothing
in either the language or history of Rule 23 . . . gives a court
any authority to conduct a preliminary inquiry into the merits
of a suit in order to determine whether it may be maintained
as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S.
156, 177-78 (1974) (quotation marks and citation omitted).
Although certification inquiries such as commonality, typical-
ity, and predominance might properly call for some substan-
tive inquiry, "[t]he court may not go so far . . . as to judge the
validity of these claims." *Staton v. Boeing Co.*, 327 F.3d 938,
954 (9th Cir. 2003). "[N]either the possibility that a plaintiff
will be unable to prove his allegations, nor the possibility that
the later course of the suit might unforeseeably prove the orig-
inal decision to certify the class wrong, is a basis for declining
to certify a class which apparently satisfies [Rule 23]." *Black-
ie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

**[4]** Here, the district court not only "judge[d] the validity"
of plaintiffs' "on duty" claims, it did so using a nearly insur-
mountable standard, concluding that merely because it was
not *assured* that plaintiffs would prevail on their primary legal
theory, that theory was not the appropriate basis for the pre-
dominance inquiry. But a court can never be *assured* that a
plaintiff will prevail on a given legal theory prior to a disposi-
tive ruling on the merits, and a full inquiry into the merits of
a putative class's legal claims is precisely what both the
Supreme Court and we have cautioned is not appropriate for
a Rule 23 certification inquiry. *See Eisen*, 417 U.S. at 177-78;
*Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) (not-

ing that "this circuit does not favor denial of class certification on the basis of speculative conflicts"); *Staton*, 327 F.3d at 954; *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983) (holding that "it is improper to advance a decision on the merits to the class certification stage").

The only legal authority cited by the district court for its decision to ignore plaintiffs' "on duty" legal theory in its predominance analysis was the Eleventh Circuit's decision in *Andrews v. American Telephone & Telegraph Co.*, 95 F.3d 1014. We do not think *Andrews* bears the weight assigned it by the district court. In *Andrews*, a district court in Georgia certified two classes totaling several million members in litigation raising legal claims *premised on the gaming laws of all fifty states* and involving telephone calls to "hundreds of widely differing 900-number programs." *Id.* at 1023. The Eleventh Circuit held that the district court abused its discretion in certifying these classes due to the fact that the district court would have to "try millions of small claims," *id.*, citing a Fourth Circuit case from 1977 for the proposition that "while the district court should not decline to certify a class because it fears that insurmountable problems may later appear, if the court finds that there are serious problems *now appearing*, it should not certify the class merely on the assurance that some solution will be found." *Id.* (internal quotation marks, ellipses, and citation omitted). *Andrews* is simply nothing like this case: in *Andrews*, the plaintiffs' own legal theory required millions of mini-trials, a clear case of "serious problems *now appearing*," while in this case the prospect of mini-trials would only appear if plaintiffs' legal theory were actually rejected on its merits, a clear case of a "problem[ that] may later appear."

[5] Moreover, a district court retains the flexibility to address problems with a certified class as they arise, including the ability to decertify. "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the*

*Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time."); *Cummings*, 316 F.3d at 896 (finding "the district court's approach [to be] entirely appropriate" where the court determined that a potential class "conflict was too speculative at the time [of the certification motion] to prevent finding the named plaintiffs to be adequate representatives," but "remained willing to reconsider and decertify the class if . . . there was evidence of an actual conflict"); *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001) ("Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."). What a district court may not do is to assume, *arguendo*, that problems will arise, and decline to certify the class on the basis of a mere potentiality that may or may not be realized. If, on remand, the district court certifies the class and plaintiffs' "on duty" legal theory is ultimately rejected, the district court can revisit its certification decision at that time. *See Cummings*, 316 F.3d at 896.

## III

**[6]** We remand to the district court for reconsideration of plaintiffs' motion for class certification in light of our decision. With respect to the proceedings on remand, we note that "[w]hile the court may not put the plaintiff[s] to preliminary proof of [their] claim[s], it does require sufficient information to form a reasonable judgment," and "may request the parties to supplement the pleadings with sufficient material to allow an informed judgment on each of the Rule[ 23] requirements." *Blackie*, 524 F.2d at 901 n.17.

Because we find the district court abused its discretion in its order denying certification, we need not address the issue raised by ConocoPhillips' appeal.

   The judgment in No. 09-56578 is REVERSED; the appeal in No. 09-56579 is DISMISSED AS MOOT. The parties shall bear their own costs on appeal.