Steven F. Cherry (*pro hac vice*)
Gordon Pearson (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006-3642
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Steven.Cherry@wilmerhale.com
Gordon.Pearson@wilmerhale.com

*Attorneys for Defendant Chi Mei Corporation, Chi Mei Optoelectronics Corp., CMO Japan Co., Ltd., Chi Mei Optoelectronics USA, Inc., Nexgen Mediatech Inc., and Nexgen Mediatech USA, Inc.*

**[Additional Defendants and Counsel listed on signature page]**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION ) ) ) ) This Document Relates To: ) DIRECT PURCHASER ACTIONS ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. M: 07-1827 SI  MDL No. 1827  **OBJECTION TO DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.**  Date:      February 5, 2010  Time:      9:00 a.m.  Dept.:     Courtroom 10, 19th Floor  Judge:    Hon. Susan Illston |

1      The undersigned Defendants object to Direct Purchaser Plaintiffs' ("Direct Plaintiffs'")
2  Motion for Preliminary Approval of their proposed class settlement with defendant Chunghwa
3  Picture Tubes ("CPT") (Dkt. 1440).  Direct Plaintiffs' Motion is premature.  In particular,
4  consideration of their request to certify a settlement class at this stage of the proceedings – before the
5  Court has ruled on the Direct Plaintiffs' pending class certification motion in the consolidated
6  litigation – would be inefficient and could potentially result in confusing and inconsistent notices to
7  potential class members.  Defendants therefore respectfully ask the Court to defer consideration of
8  the Direct Plaintiffs' Motion for Preliminary Approval until the Court has ruled on the pending
9  motion for class certification.

10     Such deferral would not prejudice any potential class members.  Direct Plaintiffs do not
11 propose distributing any funds received from CPT at this time.  *See* Pls.' Mot. at 17.  Instead, they
12 propose holding CPT's $10 million payment in an interest-bearing escrow account until the end of
13 the litigation.  *Id.*  No benefit would accrue to anyone from addressing the Direct Plaintiffs' Motion
14 prematurely.  Moreover, Direct Plaintiffs cannot plausibly claim an urgent need for the Court to do
15 so, when Direct Plaintiffs themselves waited nearly ten months before seeking approval of the
16 proposed CPT settlement.  (Fastiff Decl. (Dkt. 1441), Ex. A at 1.)

17     On the other hand, the benefits of a deferral would be significant.  The proposed settlement
18 class set forth in the Direct Plaintiffs' Motion overlaps precisely with, and suffers from the same
19 defects as, the proposed litigation class the Direct Plaintiffs have asked this Court to certify in their
20 pending class certification motion.  The parties have extensively briefed the Direct Plaintiffs' class
21 certification motion, submitted detailed expert reports, and presented oral argument.  Defendants
22 have shown that the mammoth, eleven-year, proposed class is virtually unprecedented in scope and
23 complexity as it attempts to sweep in every type of purchaser of every type of TFT-LCD panel and
24 every type of product containing a TFT-LCD panel manufactured by a defendant (or by unspecified
25 affiliates and co-conspirators) since the "relative infancy" of the rapidly evolving TFT-LCD
26 industry.  (Direct Plaintiffs' Third Am. Compl. ¶ 163 (Dkt. 1416).)

27
28

The Court should resolve the complex and important issue of class certification on the basis of the extensive record in the consolidated litigation. Separately considering now whether to certify this same class for settlement purposes would be neither a practical nor an efficient use of judicial resources. Requests to certify settlement classes warrant "heightened" scrutiny to protect absent class members because the settlement process necessarily lacks the adversarial development of a record regarding contested class issues. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *In re Lupron® Marketing & Sales Practices Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005) ("When a settlement class is proposed, it is incumbent on the district court to give heightened scrutiny to the requirements of Rule 23 in order to protect absent class members.").[1] These concerns would be avoided, however, by first addressing the Direct Plaintiffs' pending motion for class certification.

In any event, the draft forms of notices submitted by Direct Plaintiffs with their proposed order are inaccurate, and underscore the point that the Motion for Preliminary Approval is premature. The forms of notices incorrectly state that the Court has "certified a litigated class" coextensive with the proposed "settlement class," and has "ordered that the case may proceed as a class action." (Proposed Order (Dkt. 1442), Ex. A at 2, Ex. B at 2.) These statements are not true now, and may never be. When this Court rules on the pending class certification motions, and if it certifies a direct purchaser class, it may then be appropriate to send a combined notice that covers both that ruling and the proposed CPT settlement (if approved). Proceeding as Direct Plaintiffs propose now, however, will likely cause only confusion.

---

[1] *Manual for Complex Litigation (Fourth)* § 21.132 (2004). *See also* 4 William B. Rubenstein et al., *Newberg on Class Actions* § 11.27 (4th ed. 2006) ("approval under Rule 23(e) of settlements involving settlement classes . . . requires closer judicial scrutiny than approval of settlements where class certification has been litigated").

- 3 -

DATED: January 15, 2010

WILMER CUTLER PICKERING HALE & DORR LLP

By: */s/ Gordon Pearson*
Gordon Pearson
Steven F. Cherry (*pro hac vice*)
Gordon Pearson (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Defendants Chi Mei Corporation, Chi Mei Optoelectronics Corp., CMO Japan Co., Ltd., Chi Mei Optoelectronics USA, Inc., Nexgen Mediatech Inc., and Nexgen Mediatech USA, Inc.*

NOSSAMAN LLP

By: */s/ Christopher A. Nedeau*
Christopher A. Nedeau
Christopher A. Nedeau (State Bar No. 81297)
50 California Street
34th Floor
San Francisco, CA 94111
Tel: (415) 398-3600
Fax: (415) 398-2438

*Attorneys for Defendants AU Optronics Corporation and AU Optronics Corporation America*

MORRISON & FOERSTER LLP

By: */s/ Stephen P. Freccero*
Stephen P. Freccero
Stephen P. Freccero (State Bar No. 131093)
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants Epson Electronics America and Epson Imaging Devices Corporation*

|   |   |
|---|---|
| 1 | K & L GATES |
| 2 | |
| 3 | By: */s/ Hugh F. Bangasser*<br>　　　Hugh F. Bangasser |
|   | Hugh F. Bangasser (*pro hac vice*) |
| 4 | Ramona Emerson (*pro hac vice*)<br>925 Fourth Avenue, Suite 2900 |
| 5 | Seattle, WA  98104-1158<br>Tel:　　(206) 623-7580 |
| 6 | Fax:　　(206) 623-7022 |
| 7 | *Attorneys for Defendant HannStar Display Corporation* |
| 8 | MORGAN, LEWIS & BOCKIUS LLP |
| 9 | |
| 10 | By: */s/ Kent M. Roger*<br>　　　Kent M. Roger |
|   | Kent M. Roger (State Bar No. 95987) |
| 11 | One Market<br>Spear Street Tower |
| 12 | San Francisco, CA 94105<br>Tel.:　　(415) 442-1140 |
| 13 | Fax:　　(415) 442-1001 |
| 14 | |
|   | *Attorneys for Defendants Hitachi, Ltd., Hitachi Displays,* |
| 15 | *Ltd., and Hitachi Electronic Devices (USA), Inc.* |
| 16 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 17 | |
|   | By: */s/ Michael R. Lazerwitz*<br>　　　Michael R. Lazerwitz |
| 18 | Michael R. Lazerwitz (*pro hac vice*) |
| 19 | 2000 Pennsylvania Avenue NW<br>Washington, DC 20006 |
| 20 | Tel.:　　(202) 974-1500<br>Fax:　　(202) 974-1999 |
| 21 | |
|   | *Attorneys for Defendants LG Display Co. Ltd. and LG* |
| 22 | *Display America, Inc.* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 5 -

OBJECTION TO DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, – CASE NO. 07-1827 SI, MDL NO. 1827

<pre>
                              PILLSBURY WINTHROP SHAW PITTMAN LLP

                              By:  /s/ Jacob R. Sorensen
                                       Jacob R. Sorensen
                              Jacob R. Sorensen (State Bar No. 209134)
                              50 Fremont Street
                              San Francisco, CA  94105
                              Tel.:      (415) 983-1000
                              Fax:       (415) 983-1200


                              *Attorneys for Defendants Sharp Corporation and Sharp
                              Electronics Corporation*


                              WHITE & CASE LLP

                              By:  /s/ Wayne A. Cross
                                       Wayne A. Cross
                              Wayne A. Cross (*pro hac vice*)
                              1155 Avenue of the Americas
                              New York, NY 10036
                              Tel:       (212) 819-8200
                              Fax:       (212) 354-8113


                              *Attorneys for Defendants Toshiba America Electronic
                              Components, Inc., Toshiba Corporation, Toshiba Mobile
                              Display Co., Ltd., and Toshiba America Information
                              Systems, Inc.*
</pre>

    Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Christopher A. Nedeau, Stephen P. Freccero, Hugh F. Bangasser, Kent M. Roger, Michael R. Lazerwitz, Jacob R. Sorensen, and Wayne Cross.

- 6 -

OBJECTION TO DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, – CASE NO. 07-1827 SI, MDL NO. 1827