CaseM:07-cv-01827-SI Document1486 Filed01/15/10 Page1 of 8

BRADY JOHNSON (WSBA 21732)
JONATHAN MARK (WSBA 38051)
Washington State Attorney General
Antitrust Division
800 Fifth Avenue, MS TB14
Seattle, WA 98104
Telephone: (206) 389-2848 (Brady Johnson)
Telephone: (206) 389-3806 (Jonathan Mark)
Facsimile: (206) 464-6338
bradyj@atg.wa.gov (Brady R. Johnson)
jonathanM2@atg.wa.gov (Jonathan E. Mark)

Attorneys for the State of Washington

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION,<br><br>This Document Relates to all Cases | NO. M-07-1827-SI<br><br>MDL No. 1827<br><br>Date: February 5, 2010<br>Time: 9:00 AM<br>Court: Hon. Susan Illston |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF WASHINGTON'S MOTION TO INTERVENE UNDER FED. R. CIV. P. 24(b)(2) AND TO CLARIFY OR MODIFY THE STIPULATED PROTECTIVE ORDER

## I. INTRODUCTION

The State of Washington ("the State") moves for permissive intervention under Fed. R. Civ. P. 24(b) for the purpose of clarifying the Stipulated Protective Order entered in this case, and, if necessary, modifying it to make clear that the Protective Order does not shield the parties to this action from validly issued compulsory process by government investigators.

The Stipulated Protective Order ("the Order") is intended by its terms to protect the confidentiality of proprietary materials that are subject to discovery in the multidistrict

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF WASHINGTON'S MOTION
No. M-07-1827-SI MDL No. 1827

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Case M:07-cv-01827-SI Document 1486 Filed 01/15/10 Page 2 of 8

litigation ("MDL"). The State issued Civil Investigative Demands ("CID") to certain of the named defendants. The CIDs seek many of the same materials that are covered by the Order. On several occasions, recipients of the CIDs have stated that the Order prohibits production of some or all of the materials requested by the CIDs. In most cases, the State has been able to work through such issues with the CID recipient. However, the AUO, Toshiba, CMO, Nexgen and Hannstar Defendants have elected to challenge the State's CIDs in State court. Having lost those battles, the AUO Defendants recently submitted a motion to the Special Master in the MDL seeking to modify the Order.

Section 8 of the Order expressly allows the parties thereto to respond to a third party subpoena subject to only two conditions: The recipient of a third party subpoena or CID must (i) notify the "Designating Party" of the request; and (ii) provide a copy of the Order to the issuer of the subpoena or CID. Section 8 further states:

> The purpose of imposing these duties is to alert the interested parties to the existence of this … Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Stipulated Protective Order § 8. In the two enforcement actions on CIDs in the Washington court, neither the AUO Defendants nor any other party has sought "protection in that court of its confidential or highly confidential material."[1] Instead, their efforts have been directed solely at avoiding or quashing the CIDs.

Accordingly, the State seeks, (1) leave to intervene in this action to address the current Stipulated Protective Order; (2) an order clarifying that the Order does not prohibit the parties

---

[1] Prior to bringing the motion to enforce the CID in State court, the State invited AU Optronics America ("AUA") to discuss confidentiality protections. AUA declined. In its briefing and argument in that motion, AUA did not raise or address the issue of confidentiality protections.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF WASHINGTON'S MOTION
No. M-07-1827-SI MDL No. 1827

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

from responding to validly issued CIDs that call for all documents in their control, custody, or possession produced through discovery or otherwise; and (3) clarification from this court that the Order does not prohibit discussions between the State and private class counsel regarding materials they both legitimately possess, irrespective of whether such materials were obtained via discovery in the MDL, or investigative CID or subpoena.

## II. STATEMENT OF FACTS

The State is investigating possible violations of the state Unfair Business Practices - Consumer Protection Act, Wash. Rev. Code 19.86 *et seq*. and federal antitrust laws in the LCD industry. The State has issued CIDs pursuant to its authority in Wash. Rev. Code 19.86.110, and has received production of documents from numerous entities that are also named defendants in the MDL. In each case, the CID required that these companies produce to Washington the same materials previously produced by the company to the United States Department of Justice ("USDOJ") and in discovery in the MDL.[2] With the few exceptions already noted, the companies agreed to do so and most have completed their production of those materials.

The State is working collaboratively with other states as part of a multistate investigation. The State has authority under state law to share materials obtained through a CID with state and federal antitrust enforcers subject to stringent confidentiality restrictions. State law requires that CID materials may be shared only with federal or state antitrust or consumer protection enforcers, and only upon their prior, written agreement that the materials will not be disclosed to anyone other than their authorized employees, and that the materials will not be used in any criminal prosecution. Wash. Rev. Code 19.86.110(7)(b). Additional protections apply to trade secret materials. Wash. Rev. Code 19.86.110(7)(c).

[2] The CIDs were broader in scope than simply requesting production in the MDL and to the USDOJ. However, the State agreed with each of the CID recipients that it would consider them to be in compliance if they produced (i) documents they have produced or received in the MDL; and (ii) everything that they produced to the USDOJ. The State reserved the right to request additional productions under the CID if needed, but has been sparing about making such additional requests.



ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

On April 23, 2009, the State issued a CID to AUA. The CID demanded production of all materials produced to or by AUA in the MDL, including documents in AUA's possession, custody, or control that were produced from any other defendant. AUA produced documents from several other defendants, including documents from some foreign parent corporations, but refused to produce documents from Toshiba, Hannstar or CMO, citing "objections" from those defendants under the Order. AUA email attached as Exhibit A. AUA has consistently refused to produce its own parent corporation documents.

On September 14, 2009, the State issued a CID to Indirect Purchase Plaintiff ("IPP") co-lead counsel demanding that they produce all documents produced to them in discovery in the MDL. In compliance with the Order, the IPP co-leads notified the defendants of the CID. The Toshiba, AUO, CMO, Hannstar and Nexgen Defendants filed a motion to quash the CID in the Washington State trial court, arguing that the State investigative CIDs conflict with the Order and this court's active management of discovery. After briefing and a hearing, the court denied the motion. In her written opinion, attached hereto as Exhibit B, Judge Paris Kallas found that enforcement of the CID did not interfere with the Order in this case.

Having failed to avoid its obligations under the CID in State court, the AUO Defendants have now submitted a request to Special Master Fern Smith seeking to modify the Order to "prohibit any party to this action (or its counsel) from producing another party's documents or discovery in response to any third party subpoena or document request." AUO Defs.' Notice of Mot. to Modify ¶ 2.

In an effort to avoid duplicative or wasteful efforts, the State has sought to discuss with plaintiffs the materials that have been produced both to them and to the State. The private plaintiffs have raised the valid concern that the Order, as written, precludes such coordination to the extent that it involves discussing or sharing documents or materials covered by the Order. Accordingly, the State seeks clarification from this court that the Order does not preclude such discussions between counsel regarding materials that both legitimately possess.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

CaseM:07-cv-01827-SI Document1486 Filed01/15/10 Page5 of 8

## III. ARGUMENT

### A. Permissive Intervention Is The Appropriate Means For A Third Party To Clarify or Modify A Protective Order.

Permissive intervention is the appropriate means by which a third party to litigation may seek access to discovery or materials rendered otherwise unavailable by protective order. Fed. R. Civ. P. 24(b)(2); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Beckman Ind. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992), *cert. denied sub nom. Int'l Ins. Co. v. Bridgestone/Firestone, Inc.*, 506 U.S. 868 (1992). Permissive intervention typically requires the intervenor to meet a three prong test: The intervenor must show (1) an independent basis for jurisdiction; (2) that the motion is timely; and (3) that there is a common question of law or fact between the intervenor's claim or defense and the action in which it seeks to intervene. *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999).

The State's motion easily satisfies this three-pronged test. First, where the intervenor seeks only to challenge a protective order, no independent jurisdictional basis need be shown. *Beckman*, 966 F.2d at 473-74 Second, there is a common question of law or fact between this action and the State's investigation because the litigation before this court arises from the same set of facts that form the basis of the USDOJ's investigation and the ongoing investigation by the State and the multistate working group. Third, the State's motion is timely; document discovery is largely complete and depositions and other discovery are still in an early stage. Granting the motion to intervene will not prejudice any party.

### B. The Stipulated Protective Order Should Be Clarified or Modified To Facilitate Judicial Economy and Efficiency

In instances where different cases share common discovery needs, the rules strongly favor granting common access to the discovery. The *Foltz* court wrote, "[t]his court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz*,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF WASHINGTON'S MOTION No. M-07-1827-SI MDL No. 1827

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

CaseM:07-cv-01827-SI Document1486 Filed01/15/10 Page6 of 8

331 F.3d at 1131 (citing *Beckman*, 966 F.2d at 475). Other circuits have adopted similar reasoning where government investigators seek access to civil discovery. *See, e.g., Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006). In *Newby*, the Fifth Circuit upheld a District Court order granting the Texas Board of Public Accountancy permissive intervention where the government entity sought access to discovery in the private litigation in aid of its investigation of possible violations by Enron's accountants. The court found that the Board had issues of law and fact in common with the private litigants and that the interest of efficiency intuitively supported granting access to avoid duplicative discovery in the collateral investigation. *See also In re New Motor Vehicles Canadian Export Antitrust Litig.*, 2009 WL 861485 (D. Me. 2009) (slip copy) (granting motion to intervene and brought by Canadian plaintiffs to modify a protective order in a parallel U.S. antitrust action).

The State seeks clarification that the Order allows the State access to the discovery that has already been produced in the MDL pursuant to a valid CID, and that any party to the Order may produce and discuss documents subject to the Order with the State.[3] Allowing such access will further investigative efficiency by the State and the multistate working group because it will enable the states to make more considered decisions regarding which, if any, defendants to name in a potential antitrust action or actions. Further efficiencies are realized by coordinating with the private parties during the investigative stage. Coordination allows the State to make better and more informed decisions about the discovery process in the event that an action is filed, and makes that process much more efficient.

---

[3] A rule that a party to the Order may not discuss any documents subject to the Order with state enforcers who have obtained the same documents via CID rather than discovery would not only make no sense, it would be a highly inefficient and wasteful use of resources and would require the State to waste resources duplicating actions already taken in the MDL. For example, State CID authority extends to depositions. It serves no legitimate interest to require parallel, duplicate depositions in the MDL and the various state investigations, nor is the efficient administration of justice served by hobbling enforcers with limited subsets of documents in preparation for depositions.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF WASHINGTON'S MOTION
No. M-07-1827-SI MDL No. 1827

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**C. Materials Produced Pursuant To Washington's CID Remain Subject To All Of The Confidentiality Provisions Of State Law**

Materials produced to Washington State pursuant to its CID are afforded strong confidentiality protections under Washington law. The State is statutorily precluded from disclosing any documents or other materials produced in response to a CID without the producing party's consent or in the absence of a court order. Wash. Rev. Code 19.86.110(7). State law only authorizes the Washington Attorney General to share CID materials with another state or federal enforcer who agrees in writing to be bound by the same protections afforded by the Washington statute, including the prohibition on using materials in a criminal prosecution. *Id.* §7(b). These provisions have provided ample protection for confidential and proprietary business documents over the course of thousands of investigations, including the LCD investigation, and have been more than sufficient to protect the highly sensitive materials that the CID recipients have produced to us – the same materials produced to the private class plaintiffs in the MDL. Furthermore, granting the State access to any additional discovery that has been produced in the MDL will not remove the statutory protections from any materials uniquely produced to the State in response to a CID, but not produced as discovery in the MDL.

In the motions that have been heard in Washington courts to date, no CID recipient has sought additional confidentiality protections, nor has any CID recipient identified any perceived defect or omission in the confidentiality protections afforded by state law. The State submits that confidentiality is not the real issue at the heart of the objections. Rather, the CID recipients challenging the CIDs, and seeking to modify the Order, are seeking to use the Order as a shield to avoid cooperation with state or federal enforcement actions.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

CaseM:07-cv-01827-SI Document1486 Filed01/15/10 Page8 of 8

## IV. CONCLUSION

The State submits that intervention is appropriate in this matter for purposes of coordination and facilitating the efficient administration of justice, and to clarify that state-private communications about the common facts and evidence in this case during the pendency of the multistate investigation is not prohibited, and that the Order allows parties thereto to obtain discovery covered by the Order, pursuant to its lawful CID authority.

WHEREFORE the State respectfully requests that the court sign the attached orders.

DATED this 15th day of January, 2010.

ROB MCKENNA
Attorney General of the State of Washington

BRADY R. JOHNSON
WSBA # 21732
Senior Counsel
State of Washington

JONATHAN A. MARK
WSBA #38051
Assistant Attorney General
State of Washington

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF WASHINGTON'S MOTION
No. M-07-1827-SI MDL No. 1827

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744