IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br>_____/ | **ORDER GRANTING IN PART AND DENYING IN PART DIRECT PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING TRANSLATIONS; ADOPTING REPORT AND RECOMMENDATION** |

On January 21, 2010, the Court heard argument on the direct purchaser plaintiffs' objections to the Special Master's December 14, 2009 Report and Recommendation Re: Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' Motion to Compel Production of Translations. Pursuant to Pretrial Order No. 4, the Court reviews the Special Master's conclusions of law *de novo* and factual findings for clear error.

With regard to those translations that were prepared at the direction of counsel for Toshiba, LG, Sharp, and Chi Mei, the Court agrees with the Special Master that those translations constitute opinion work product. *See Sporck v. Peil*, 759 F.2d 312, 315-16 (3d Cir. 1985). For those translations that were not sent to the Department of Justice, such as those prepared by the Toshiba entities, there has been no waiver of the attorney work product protection. As to those translations that were provided to the Department of Justice, even if there was a waiver, plaintiffs are nevertheless not entitled to those translations because the May 27, 2008 Joint Recommendation and Order re Stay of Discovery prohibits all discovery that "refer, reflect or relate to any party's or witness' communications with the United States . . . ." Docket No. 631 ¶ 3. Accordingly, the Court DENIES the direct purchaser plaintiffs'

objections as to translations prepared at the direction of counsel for Toshiba, LG, Sharp, and Chi Mei (Docket No. 1431) and ADOPTS the Report and Recommendation (Docket No. 1420) insofar as it relates to those translations.

With regard to translations, if any, that were prepared by Samsung, Hitachi, AU Optronics, HannStar, Chunghwa Picture Tubes, Epson, and Sanyo, there has been no showing that the translations were prepared at the direction of counsel. To the extent that any of these defendants provided translations to the Department of Justice, discovery of those translations would be barred by the May 27, 2008 order. However, if these defendants possess translations that were not provided to the Department of Justice, such translations are discoverable absent a showing that they are protected as attorney work product. Accordingly, as to each of the defendants Samsung, Hitachi, AU Optronics, HannStar, Chunghwa Picture Tubes, Epson, and Sanyo, the Court GRANTS plaintiffs' motion and orders that any such translations be produced, unless within 15 days of the filing date of this order, such defendant files a declaration with this Court (1) stating a sufficient factual basis for any assertion of attorney work product, and (2) showing good cause why the factual basis for an assertion of privilege was not made before Judge Smith in the first instance or in opposing the direct purchaser plaintiffs' motion in this Court. If any defendant files such a declaration, direct purchaser plaintiffs may file a response within 5 days, and the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: January 21, 2010

SUSAN ILLSTON
United States District Judge