1  NIALL E. LYNCH (State Bar No. 157959)
   MICHAEL L. SCOTT (State Bar No. 165452)
2  ALEXANDRA J. SHEPARD (State Bar No. 205143)
   HEATHER S. TEWKSBURY (State Bar No. 222202)
3  DAVID J. WARD (State Bar No. 239504)
   Antitrust Division
4  U.S. Department of Justice
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA  94102
6  Telephone:  (415) 436-6660

7  Attorneys for the United States

8

9                  UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA            )  Case No. CR-09-1166 (SI)
                                        )
14            v.                        )  UNITED STATES' AND
                                        )  CHI MEI OPTOELECTRONICS'
15                                      )  JOINT SENTENCING
                                        )  MEMORANDUM, REQUEST
16  CHI MEI OPTOELECTRONICS             )  FOR EXPEDITED SENTENCING
    CORPORATION,                        )  UNDER L.R. 32-1(b) AND MOTION
                                        )  FOR DEPARTURE_____
17            Defendant.                )
                                        )
18                                      )  DATE:  February 8, 2010
                                        )  TIME:   4:00 p.m.
19  _____)  COURT:  Hon. Susan Illston

20

21           **JOINT SENTENCING MEMORANDUM**

22        The United States of America and the defendant, Chi Mei Optoelectronics Corporation

23  ("Chi Mei"), file this Joint Sentencing Memorandum in support of their recommendation that the

24  Court sentence the defendant to pay an agreed fine of $220 million, payable in agreed installments

25  with interest over five years.  The parties also request that sentence be imposed as soon as

26  possible, but no later than February 8, 2010, based on the current record without need of an

27  evidentiary sentencing hearing or a presentence report.

28


JOINT SENTENCING MEMORANDUM -- PAGE  1

## INTRODUCTION

On December 8, 2009, the United States filed an Information charging Chi Mei with participating in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD") from on or about September 14, 2001, to on or about December 1, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Chi Mei is scheduled for a change of plea and possible sentencing on February 8, 2010. Chi Mei will waive Indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C).

The United States and Chi Mei jointly submit this memorandum to request that the Court sentence Chi Mei on an expedited basis under Crim. L.R. 32-1(b). This memorandum also outlines the material terms of the Plea Agreement between the United States and Chi Mei, in the event the Court grants the parties' request to impose a sentence immediately on February 8, 2010, after accepting Chi Mei's guilty plea. In conjunction with this Joint Sentencing Memorandum, the United States and Chi Mei have filed a Stipulation and Proposed Order for Expedited Sentencing Under L.R. 32-1(b).

The United States and Chi Mei respectfully submit that this memorandum and the Plea Agreement provide sufficient information for the Court to impose a sentence immediately without a presentence report. If the Court finds that the Plea Agreement and this memorandum do not provide sufficient information to allow for the imposition of sentence on the scheduled date of the plea hearing, the parties are prepared to submit additional information requested by the Court. A copy of the Chi Mei 11(c)(1)(C) Plea Agreement is attached as exhibit A.

## MATERIAL TERMS OF CHI MEI PLEA AGREEMENT

The material terms of the Chi Mei Plea Agreement include:

1.     Chi Mei will waive indictment, waive all rights as enumerated in the Plea Agreement, and plead guilty to a one-count Information charging it with participating in a conspiracy to suppress and eliminate competition by fixing the prices of TFT-LCD sold in the United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006 (the "relevant period"), in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. During the

JOINT SENTENCING MEMORANDUM -- PAGE 2

1  relevant period, Chi Mei was engaged in the sale of TFT-LCD in the United States and elsewhere
2  and employed more than 5,000 employees.

3      2.      The United States and Chi Mei agree that the appropriate sentence in this case is a
4  fine of $220 million and a special assessment of $400. The fine is to be paid in installments over
5  five years, with interest as set forth in the Plea Agreement. Chi Mei agrees to have its sentence
6  determined under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), although
7  Chi Mei understands the Guidelines are advisory, not mandatory.

8      3.      The United States will not seek restitution in this case in light of the civil cases
9  filed against Chi Mei, including *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M-07-1827
10 SI, in the United States District Court, Northern District of California, which potentially provide
11 for a recovery of a multiple of actual damages and the opportunity for potential victims to pursue
12 damages through non-class claims in the multidistrict litigation and other proceedings.

13     4.      The United States agrees that it will not bring further criminal charges against Chi
14 Mei and its current and former officers, directors, employees and consultants (except for the Chi
15 Mei individuals specifically excluded from the Plea Agreement) for their participation in the TFT-
16 LCD conspiracy. In return, Chi Mei agrees to cooperate fully in the ongoing TFT-LCD
17 investigation. Chi Mei has agreed to use its best efforts to secure the ongoing, full, and truthful
18 cooperation of its current and former directors, officers, employees and consultants, including
19 making them available in the United States for interviews and producing documents located
20 outside the country, which are beyond the jurisdictional reach of the government's grand jury
21 subpoenas. The documents to be produced and interviews to be conducted, as well as additional
22 proffered cooperation, will substantially assist the government in its investigation.

23                    **UNITED STATES SENTENCING GUIDELINES CALCULATIONS**

24     The parties agree to the following Guidelines calculations, which are based on a volume of
25 affected commerce under U.S.S.G. § 2R1.1(d)(1) of $985,500,000. The United States and Chi
26 Mei agree that the volume of affected commerce was calculated for purposes of this plea and
27 sentencing only, and Chi Mei does not object to the calculation for these specific and limited
28 purposes.

JOINT SENTENCING MEMORANDUM -- PAGE 3

| | | | | |
|---|---|---|---|---|
| 1 | 1. | Base Fine (20% of $985,500,000 (Volume of Affected Commerce) (§ 2R1.1(d)(1) & § 8C2.4(b)) | | $197,100,000 |

1. Base Fine (20% of $985,500,000
   (Volume of Affected Commerce)
   (§ 2R1.1(d)(1) & § 8C2.4(b))                                    $197,100,000

2. Culpability Score

   i.    Base (§ 8C2.5(a))                                          5
   ii.   Involvement in or Tolerance of                            5
         Criminal Activity (§ 8C2.5(b)(1))
   iii.  Prior History (§ 8C2.5(c))                                 0
   iv.   Violation of Order (§ 8C2.5(d))                            0
   v.    Obstruction of Justice (§ 8C2.5(e))                        0
   vi.   Effective Program to Prevent and                           0
         Detect Violations of Law
         (§ 8C2.5(f))
   vii.  Self-Reporting, Cooperation, and                          -2
         Acceptance of Responsibility
         (§ 8C2.5(g)(2))

c.   Total Culpability Score:                                       8

d.   Minimum and Maximum Multipliers (§ 8C2.6)              1.6 - 3.2

e.   Minimum and Maximum Fine Range (§ 8C2.7)     $315,360,000 - $630,720,000

The United States will move, under § 8C4.1 of the Sentencing Guidelines, for a downward departure from the minimum Guidelines fine to a fine of $220 million due, in part, to Chi Mei's substantial assistance in the United States' TFT-LCD investigation. Chi Mei has produced relevant documents from the United States and abroad, and has made available employees for extensive interviews. In addition, as a condition of entering into the Plea Agreement, Chi Mei has also agreed to continue to assist in the government's ongoing investigation.

///
///
///
///
///
///
///
///
///

JOINT SENTENCING MEMORANDUM -- PAGE 4

1  Respectfully submitted,

2

3  BY: _____          BY: _____
4  Steven F. Cherry                        Niall E. Lynch, CA No. 157959
   Brent J. Gurney                         Michael L. Scott, CA No. 165452
5  Thomas Mueller                          Heather S. Tewksbury, CA No. 222202
   Wilmer Cutler Pickering Hale and Dorr 1875   Alexandra J. Shepard, CA No. 205143
6  Pennsylvania Avenue, NW                 David J. Ward, CA No. 239504
   Washington, DC 20006-3642               Trial Attorneys
7  Tel: (202) 663-6000                     U.S. Department of Justice
   Fax: (202) 663-6363                     Antitrust Division
8                                          450 Golden Gate Avenue
   Counsel for Chi Mei Optoelectronics     Box 36046, Room 10-0101
9  Corporation                             San Francisco, CA 94102
                                           Tel: (415) 436-6660
10 DATED: February ⅼ , 2010                Fax: (415) 436-6687

11                                         DATED: February ⅼ , 2010

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SENTENCING MEMORANDUM -- PAGE 5

# EXHIBIT A

1  NIALL E. LYNCH (State Bar No. 157959)
   MICHAEL L. SCOTT (State Bar No. 165452)
2  HEATHER S. TEWKSBURY (State Bar No. 222202)
   ALEXANDRA J. SHEPARD (State Bar No. 205143)
3  DAVID J. WARD (State Bar No. 239504)
   Antitrust Division
4  U.S. Department of Justice
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA 94102
6  Telephone: (415) 436-6660

7  Attorneys for the United States

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA          )    Case No. CR-09-1166 SI
                                      )
13                                    )
              v.                      )
14                                    )
    CHI MEI OPTOELECTRONICS           )
15  CORPORATION,                      )
                                      )
16                   Defendant.       )
    ──────────────────────────────────)

17

18                   **PLEA AGREEMENT**

19      The United States of America and CHI MEI OPTOELECTRONICS CORPORATION,

20  ("defendant"), a corporation organized and existing under the laws of Taiwan, Republic of

21  China, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the

22  Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

23                   **RIGHTS OF DEFENDANT**

24      1.    The defendant understands its rights:

25            (a)    to be represented by an attorney;

26            (b)    to be charged by Indictment;

27            (c)    as a corporation organized and existing under the laws of Taiwan,

28      Republic of China, to decline to accept service of the Summons in this case, and to

    PLEA AGREEMENT - CHI MEI - PAGE  1

contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of California;

        (d)      to plead not guilty to any criminal charge brought against it;

        (e)      to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

        (f)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

        (g)      to appeal its conviction if it is found guilty; and

        (h)      to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of California. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of California. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition

PLEA AGREEMENT - CHI MEI - PAGE 2

by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold in the United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.    The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)    For purposes of this Plea Agreement, the "relevant period" is that period from on or about September 14, 2001, to on or about December 1, 2006. During the relevant period, Chi Mei Optoelectronics Corporation ("Chi Mei"), a corporation organized and existing under the laws of Taiwan, Republic of China, sold TFT-LCD into various markets, including the U.S. The defendant has its headquarters and principal place of business in Tainan, Taiwan, Republic of China. During the relevant period, the defendant was a producer of TFT-LCD, was engaged in the sale of TFT-LCD in the United States and elsewhere, and employed 5,000 or more individuals.

(b)    TFT-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images. TFT-LCD are manufactured in a broad range of sizes and specifications for use in televisions, notebook computers, desktop monitors, mobile devices and other applications.

(c)    During the relevant period, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a conspiracy among major TFT-LCD producers, the primary purpose of which was to fix the price of certain TFT-LCD sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings, including group meetings referred to by some of the participants as "crystal meetings," with representatives of other major TFT-LCD producers. During these discussions and meetings,

PLEA AGREEMENT - CHI MEI - PAGE 3

1 | agreements were reached to fix the price of certain TFT-LCD to be sold in the United States

2 | and elsewhere.

3 | (d)    During the relevant period, TFT-LCD sold by one or more of the conspirator

4 | firms, and equipment and supplies necessary to the production and distribution of TFT-LCD,

5 | as well as payments for TFT-LCD, traveled in interstate and foreign commerce. The business

6 | activities of the defendant and its coconspirators in connection with the production and sale

7 | of TFT-LCD affected by this conspiracy were within the flow of, and substantially affected,

8 | interstate and foreign trade and commerce.

9 | (e)    Acts in furtherance of this conspiracy were carried out within the Northern

10 | District of California. TFT-LCD affected by this conspiracy was sold by one or more of the

11 | conspirators to customers in this District.

12 | **POSSIBLE MAXIMUM SENTENCE**

13 | 5.    The defendant understands that the statutory maximum penalty that may be

14 | imposed against it upon conviction for a violation of Section One of the Sherman Antitrust

15 | Act is a fine in an amount equal to the greatest of:

16 | (a)    $100 million (15 U.S.C. § 1);

17 | (b)    twice the gross pecuniary gain the conspirators derived from the crime

18 | (18 U.S.C. § 3571(c) and (d)); or

19 | (c)    twice the gross pecuniary loss caused to the victims of the crime by the

20 | conspirators (18 U.S.C. § 3571(c) and (d)).

21 | 6.    In addition, the defendant understands that:

22 | (a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

23 | probation of at least one year, but not more than five years;

24 | (b)    pursuant to § 8B1.1 of the United States Sentencing Guidelines

25 | ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

26 | 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

27 | (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order

28 | the defendant to pay a $400 special assessment upon conviction for the charged crime.

PLEA AGREEMENT - CHI MEI - PAGE 4

## SENTENCING GUIDELINES

7.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance-of-the-evidence standard. The defendant understands that, although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

8.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $220 million, payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)    The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. § 8C3.2(b), that the fine be paid in the following installments: within thirty (30) days of imposition of the sentence -- $37 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") -- $37 million (plus any accrued interest); at the two-year anniversary -- $37 million (plus any accrued interest); at the three-year

PLEA AGREEMENT - CHI MEI - PAGE 5

anniversary -- $37 million (plus any accrued interest); at the four-year anniversary -- $37 million (plus any accrued interest); and at the five-year anniversary -- $35 million (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

      (b)    The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

      (c)    Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

      (d)    The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and the defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32-1(b) of the U.S.D.C. N.D. California Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

      9.    The United States and the defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it

PLEA AGREEMENT - CHI MEI - PAGE 6

1    will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the

2    Guidelines fine range and will request that the Court impose the recommended sentence set

3    out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in

4    the government's investigation and prosecutions of violations of federal criminal law in the

5    TFT-LCD industry.

6          10.    Subject to the ongoing, full, and truthful cooperation of the defendant

7    described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the

8    United States will fully advise the Court and the Probation Office of the fact, manner, and

9    extent of the defendant's cooperation and its commitment to prospective cooperation with the

10   United States' investigation and prosecutions, all material facts relating to the defendant's

11   involvement in the charged offense, and all other relevant conduct.

12         11.    The United States and the defendant understand that the Court retains

13   complete discretion to accept or reject the recommended sentence provided for in Paragraph

14   8 of this Plea Agreement.

15                (a)    If the Court does not accept the recommended sentence, the United

16         States and the defendant agree that this Plea Agreement, except for Paragraph 11(b)

17         below, shall be rendered void.

18                (b)    If the Court does not accept the recommended sentence, the defendant

19         will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the

20         defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any

21         statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding

22         the guilty plea or this Plea Agreement or made in the course of plea discussions with

23         an attorney for the government shall not be admissible against the defendant in any

24         criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In

25         addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this

26         subparagraph of the Plea Agreement, the statute of limitations period for any offense

27         referred to in Paragraph 15 of this Plea Agreement will be tolled for the period

28         between the date of the signing of the Plea Agreement and the date the defendant

PLEA AGREEMENT - CHI MEI - PAGE  7

withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12. In light of the civil class action cases filed against the defendant, including *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M:07-1827 SI, MDL No. 1827, in the United States District Court, Northern District of California, which potentially provide for a recovery of a multiple of actual damages, and the opportunity for potential victims to pursue damages through non-class claims in the multidistrict litigation and other proceedings, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

## DEFENDANT'S COOPERATION

13. The defendant, its parent Chi Mei Corporation, and their subsidiaries engaged in the sale or production of TFT-LCD (collectively, "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of TFT-LCD in the United States and elsewhere, any other federal investigations relating to the manufacture and sale of TFT-LCD resulting therefrom, and any litigation or other proceedings relating to the manufacture and sale of TFT-LCD to which the United States is a party ("Federal Proceeding"). In the event that defendant or any of the related entities is acquired by or merged with another company, the cooperation obligations of the acquiring company under this Paragraph shall not extend beyond those of the acquired or merged defendant or related entity at the time of the acquisition or merger.

The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

   (a) producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant or any of the related entities, requested by the United States in connection with any Federal Proceeding; and

PLEA AGREEMENT - CHI MEI - PAGE 8

(b)     using its best efforts to secure the ongoing, full, and truthful
cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and
former directors, officers, employees, and consultants of the defendant or any of the
related entities, as may be requested by the United States – but excluding Jau-Yang
Ho, Hsin-Tsung Wang, Chen-Lung Kuo, James Yang, and Wen Hong "Amigo"
Huang – including making these persons available in the United States and at other
mutually agreed-upon locations, at the defendant's expense, for interviews and the
provision of testimony in grand jury, trial, and other judicial proceedings in
connection with any Federal Proceeding. As used in this Plea Agreement, the terms
"consultant" and "consultants" refer to any retired or other former employee, or other
persons who provided services similar to those of an employee, who provided
services to the defendant or any of the related entities.

14.    The ongoing, full, and truthful cooperation of each person described in
Paragraph 13(b) above will be subject to the procedures and protections of this paragraph,
and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon
locations all non-privileged documents, including claimed personal documents, and
other materials, wherever located, requested by attorneys and agents of the United
States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States
and at other mutually agreed-upon locations, not at the expense of the United States,
upon the request of attorneys and agents of the United States in connection with any
Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in
connection with any Federal Proceeding, without falsely implicating any person or
intentionally withholding any information, subject to the penalties of making false
statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

1                (d)     otherwise voluntarily providing the United States with any non-

2 privileged material or information not requested in (a) - (c) of this paragraph that he

3 or she may have that is related to any Federal Proceeding;

4                (e)     when called upon to do so by the United States in connection with any

5 Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

6 United States fully, truthfully, and under oath, subject to the penalties of perjury (18

7 U.S.C. § 1621), making false statements or declarations in grand jury or court

8 proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of

9 justice (18 U.S.C. § 1503, *et seq.*); and

10                (f)     agreeing that, if the agreement not to prosecute him or

11 her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of

12 limitations period for any Relevant Offense as defined in Paragraph 16(a) will be

13 tolled as to him or her for the period between the date of the signing of this Plea

14 Agreement and six (6) months after the date that the United States gave notice of its

15 intent to void its obligations to that person under the Plea Agreement.

16 **GOVERNMENT'S AGREEMENT**

17      15.    Upon acceptance of the guilty plea called for by this Plea Agreement and the

18 imposition of the recommended sentence, and subject to the cooperation requirements of

19 Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further

20 criminal charges against the defendant or any of the related entities for any act or offense

21 committed before the date of this Plea Agreement that was undertaken in furtherance of an

22 antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and

23 elsewhere, or undertaken in connection with any investigation of such a conspiracy. The

24 nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any

25 violation of the federal tax or securities laws, or to any crime of violence.

26      16.    The United States agrees to the following:

27               (a)     Upon the Court's acceptance of the guilty plea called for by this Plea

28 Agreement and the imposition of the recommended sentence and subject to the

exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, employee, or consultant of the defendant or any of the related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, employee, or consultant of the defendant or any of the related entities that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and elsewhere, or undertaken in connection with any investigation of such a conspiracy ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Jau-Yang Ho, Hsin-Tsung Wang, Chen-Lung Kuo, James Yang, and Wen Hong "Amigo" Huang;

(b)     Should the United States determine that any current or former director, officer, employee, or consultant of the defendant or any of the related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

PLEA AGREEMENT - CHI MEI - PAGE 11

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of the related entities.

17.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

18.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent

of the cooperation of the defendant and the related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

19.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of the related entities have failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission, and may also notify counsel by telephone, of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the particular entity that fails to provide full and truthful cooperation pursuant to Paragraph 13 shall be subject to prosecution for any federal crime of which the United States has knowledge, including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant or any of the related entities may seek Court review of any determination made by the United States under this paragraph to void any of its obligations under the Plea Agreement as to the particular entity.

PLEA AGREEMENT - CHI MEI - PAGE 13

The defendant and the related entities agree that, in the event that the United States is
released from its obligations under this Plea Agreement and brings criminal charges against
the defendant or any of the related entities for any offense referred to in Paragraph 15 of this
Plea Agreement, the statute of limitations period for such offense will be tolled for the period
between the date of the signing of this Plea Agreement and six (6) months after the date the
United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     The defendant understands and agrees that in any further prosecution
of it or any of the related entities resulting from the release of the United States from its
obligations under this Plea Agreement, because of the defendant's or any of the related
entities' violation of the Plea Agreement, any documents, statements, information, testimony,
or evidence provided by it or any of the related entities, or current or former directors,
officers, or employees of it or any of the related entities to attorneys or agents of the United
States, federal grand juries, or courts, and any leads derived therefrom, may be used against it
or the related entities in any such further prosecution. In addition, the defendant
unconditionally waives its right to challenge the use of such evidence in any such further
prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement constitutes the entire agreement between the
United States and the defendant concerning the disposition of the criminal charge in this case.
This Plea Agreement cannot be modified except in writing, signed by the United States and
the defendant.

24.     The undersigned is authorized to enter this Plea Agreement on behalf of the
defendant as evidenced by the Resolution of the Board of Directors of the defendant attached
to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized
by the Attorney General of the United States to enter this Plea Agreement on behalf of the
United States.

//

PLEA AGREEMENT - CHI MEI - PAGE 14

1    26.    A facsimile or PDF signature shall be deemed an original signature for the

2    purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the

3    purpose of executing this Plea Agreement.

4

5    AGREED

6

7    BY: _____        BY: _____
     Junichi Ishii                      Niall E. Lynch, CA No. 157959
8    President                          Michael L. Scott, CA No. 165452
     Chi Mei Optoelectronics USA, Inc.  Heather S. Tewksbury, CA No. 222202
9    101 Metro Drive, Suite 510         Alexandra J. Shepard, CA No. 205143
     San Jose, CA 95110                 David J. Ward, CA No. 239504
10                                      Trial Attorneys
                                        U.S. Department of Justice
11   DATED: _Dec_ Jan. 6, 2010_         Antitrust Division
                                        450 Golden Gate Avenue
12                                      Box 36046, Room 10-0101
                                        San Francisco, CA 94102
13   BY: _____        Tel: (415) 436-6660
     Steven F. Cherry                   Fax: (415) 436-6687
14   Brent J. Gurney
     Thomas Mueller                     DATED: _Dec. 29, 2009_
15   Wilmer Cutler Pickering Hale and Dorr LLP
     1875 Pennsylvania Avenue, NW
16   Washington, DC 20006-3642
     Tel: (202) 663-6000
17   Fax; (202) 663-6363

18   Counsel for Chi Mei Optoelectronics Corporation

19   DATED: _January 7, 2010_

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - CHI MEI - PAGE 15



# 奇美電子股份有限公司
## 董事會議事錄

時間：中華民國九十八年十二月七日上午八時三十分正

地點：台南縣仁德鄉三甲村三甲子59之1號

出席董事：廖錦祥、何昭陽、林榮俊、許春華、王幸宗、王曙生、吳炳昇(委由何昭陽董事代理出席)、陳志勇(委由王曙生董事代理出席)

列席人員：許○○(監察人)、宋光夫(監察人)、王志超(總經理)、陳彥松(協理)

主席：廖錦祥　　　　　　　　　　　　　　紀錄：陳世賢

一、報告事項：無

二、討論事項：

    (一)案由：本公司擬授權美國奇美電子公司董事長 Junichi Ishii 代表本公司簽署與美國司法部間之「協商同意書」，提請　決議。

        說明：1.本公司與美國司法部間之「協商同意書」目前正在定稿確認中，經評估美國奇美電子公司董事長 Junichi Ishii 為最適合代表本公司簽署人選之一。

            2.美國奇美電子公司董事長 Junichi Ishii 已同意代表本公司簽署「協商同意書」。

            3.代表本公司簽署「協商同意書」之人員將有出席美國司法部所召開之公聽會並在會中宣誓作證之義務。

        決議：本案經全體出席董事一致無異議決議通過。

三、臨時動議

四、散會



奇美電子股份有限公司
CHI MEI OPTOELECTRONICS CORP.

會　議　紀　錄

| 會 議 名 稱 | 第 四 屆 第 二 十 五 次 董 事 會 | | |
|---|---|---|---|
| 會 議 日 期 | 98 年 12 月 7 日（一） | | |
| 董事 | | 列席人員 | |
| 姓　　名 | 簽　　　名 | 姓　　名 | 簽　　　名 |
| 許 文 龍 | | 吳 永 淳 | |
| 廖 錦 祥 | 廖錦祥 | 宋 光 夫 | 宋光夫 |
| 何 昭 陽 | 何昭陽 | 許 萬 林 | 許萬林 |
| 林 榮 俊 | 林榮俊 | 王 志 超 | 王志超 |
| 許 春 華 | 許春華 | 陳 彥 松 | 陳彥松 |
| 吳 炳 昇 | 何昭陽代 | | |
| 王 幸 宗 | 王幸宗 | | |
| 陳 志 勇 | 王曙生代 | | |
| 王 曙 生 | 王曙生 | | |
| | | | |
| | | | |
| | | | |

# Chi Mei Optoelectronics Corp.

[large square official company seal]
Minutes of a Meeting of the Board of Directors

Time: 8:30 AM, December 7, 2009

Place: 59-1, Sanchiatzu, Sanchia Village, Jenteh Township, Tainan County

Directors Attending: Ching-Siang Liao, Jau-Yang Ho, Jung-Chun Lin, Chun-Hua Hsu, Hsin-Tsung Wang, Shu-Sheng Wang, Biing-Seng Wu (Director Jau-Yang Ho authorized to attend on his behalf), Chih-Yung Chen (Director Shu-Sheng Wang authorized to attend on his behalf)

Non-voting Delegates Attending: Hsu-Wan Lin (Supervisor), Kuang-Fu Sung (Supervisor), Jyh-Chau Wang (General Manager), Yen-Sung Chen (Assistant Manager)

Chairman: Ching-Siang Liao [seal of Liao]          Minutes: Shih-Hsien Chen [seal of Chen]

I. Reported Matters: None

II. Matters Discussed:

(I) Cause: This company intends to authorize Chi Mei Optoelectronics USA, Inc. President Junichi Ishii to represent this company in signing a "Negotiated Agreement" with the United States Justice Department, submitted to request a decision.

Explanation:
1. The "Negotiated Agreement" of this company with the United States Justice Department is currently in the process of final drafting for verification, and after assessment Chi Mei Optoelectronics USA, Inc. President Junichi Ishii is one of the most suitable choices for the person to sign on behalf of this company.
2. Chi Mei Optoelectronics USA, Inc. President Junichi Ishii has agreed to sign the "Negotiated Agreement" on behalf of this company.
3. The Person representing this company in signing the "Negotiated Agreement" will be obligated to attend a public hearing convened by the United States Department of Justice and will be obligated to testify to give evidence during the meeting.

Decision: This case was passed in a unanimous decision without dissent by all of the attending Directors.

III. Provisional Motions

IV. Meeting Adjourned

# Chi Mei Optoelectronics Corp.

[large square official company seal]

## <u>List of Signatures at the Meeting</u>

| Name of Meeting | 25th Meeting of the Fourth Board of Directors | | |
|---|---|---|---|
| Date of Meeting | December 7, 2009 (Monday) | | |
| Directors | | Non-voting Delegates | |
| Name | Signature | Name | Signature |
| Wen-Lung Hsu | [blank] | Wu-Ueng Chun | [blank] |
| Ching-Siang Liao | Ching-Siang Liao | Kuang-Fu Sung | Kuang-Fu Sung |
| Jau-Yang Ho | Jau-Yang Ho | Wan-Lin Hsu | Wan-Lin Hsu |
| Jung-Chun Lin | Jung-Chun Lin | Jyh-Chau Wang | Jyh-Chau Wang |
| Chun-Hua Hsu | Chun-Hua Hsu | Yen-Sung Chen | Yen-Sung Chen |
| Biing-Seng Wu | Jau-Yang Ho on behalf | | |
| Hsin-Tsung Wang | Hsin-Tsung Wang | | |
| Chih-Yung Chen | Shu-Sheng Wang on behalf | | |
| Shu-Sheng Wang | Shu-Sheng Wang | | |
| | | | |
| | | | |
| | | | |

No:FM-D005-Ver.03



100 Park Ave.16th Fl.
NY, NY 10017

Toll-free: 877-GO-CONSORTRA
877-462-667

Your legal translation partner.  www.consortra.com

STATE of NEW YORK   )
                       )     ss:
COUNTY of NEW YORK  )

### CERTIFICATE OF ACCURACY

This is to certify that the attached document, *"Chi Mei Optoelectronics Corp., Minutes of a Meeting of the Board of Directors, December 7, 2009"* originally written in *Chinese* is, to the best of our knowledge and belief, a true, accurate and complete translation into *English*.

Dated: 12/8/09

Seth Wargo
Consortra Translations

Sworn to and signed before ME this
_8th_ day of _December_,
2009.

Notary Public

JAMES G MAMERA
Notary Public, State of New York
No. 01MA6157195
Qualified in New York County
Commission Expires Dec. 4, 2010