1   Francis O. Scarpulla (41059)
    Craig C. Corbitt (83251)
2   Judith A. Zahid (215418)
    Patrick B. Clayton (240191)
3   Qianwei Fu (242669)
    ZELLE HOFMANN VOELBEL & MASON LLP
4   44 Montgomery Street, Suite 3400
    San Francisco, CA 94104
5   Telephone:     (415) 693-0700
    Facsimile:     (415) 693-0770
6   fscarpulla@zelle.com
    ccorbitt@zelle.com
7
    Joseph M Alioto (42980)
8   Theresa D. Moore (99978)
    THE ALIOTO FIRM
9   555 California Street, 31st Floor
    San Francisco, CA  94104
10  Telephone:     (415) 434-8900
    Facsimile:     (415) 434-9200
11
    *Interim Co-Lead Counsel for Indirect-Purchaser*
12  *Plaintiffs and Class Members*

13
14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17  IN RE TFT-LCD (FLAT PANEL)          Case No. M:07-1827-SI
    ANTITRUST LITIGATION
                                        MDL No. 1827
18

19  _____    **INDIRECT-PURCHASER PLAINTIFFS'**
                                         **REQUEST FOR LEAVE TO FILE**
20  This Document Relates to:            **STATEMENT OF RECENT DECISION**

21  All Indirect-Purchaser Actions

22  _____

23
24
25
26
27
28

---

Pursuant to Civil Local Rule 7-3(d), Indirect-Purchaser Plaintiffs hereby request leave to file the Statement of Recent Decision attached hereto as Exhibit 1.  The Statement advises the Court of the Ninth Circuit's issuance of a new opinion in *Yokoyama v. Midland Nat'l Life Inc. Co.*, No. 07-16825 (9th Cir. Feb. 8, 2010).

Dated:  February 9, 2010

Respectfully submitted,

*/s/Craig C. Corbitt*

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:     (415) 693-0770

Joseph M Alioto (42980)
Theresa D. Moore (99978)
THE ALIOTO FIRM
555 California Street, 31st Floor
San Francisco, CA  94104
Telephone:     (415) 434-8900
Facsimile:     (415) 434-9200

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs and Class Members*

**IT IS SO ORDERED:**

Hon. Susan Illston
United States District Judge

#3220304v1

INDIRECT-PURCHASER PLAINTIFFS' REQUEST FOR LEAVE TO FILE STATEMENT OF RECENT DECISION
Case No. M:07-1827-SI

# **EXHIBIT 1**

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Joseph M Alioto (42980)
Theresa D. Moore (99978)
THE ALIOTO FIRM
555 California Street, 31st Floor
San Francisco, CA  94104
Telephone:    (415) 434-8900
Facsimile:    (415) 434-9200

*Interim Co-Lead Counsel for Indirect-Purchaser*
*Plaintiffs and Class Members*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M:07-1827-SI |
| | MDL No. 1827 |
| This Document Relates to: | **INDIRECT-PURCHASER PLAINTIFFS' STATEMENT OF RECENT DECISION** |
| All Indirect-Purchaser Actions | |

1    Pursuant to Civil Local Rule 7-3(d), Indirect-Purchaser Plaintiffs submit this Statement of

2   Recent Decision to advise the Court that the Ninth Circuit issued a new opinion in *Yokoyama v.*

3   *Midland Nat'l Life Inc. Co.*, No. 07-16825 (9th Cir. Feb. 8, 2010), a copy of which is attached.  The

4   original opinion was withdrawn.  The new opinion also reverses the district court's denial of class

5   certification.

6   Dated:  February 9, 2010                    Respectfully submitted,

7                                               */s/Craig C. Corbitt*

8
                                               Francis O. Scarpulla (41059)
9                                               Craig C. Corbitt (83251)
                                               Judith A. Zahid (215418)
10                                              Patrick B. Clayton (240191)
                                               Qianwei Fu (242669)
11                                              ZELLE HOFMANN VOELBEL & MASON LLP
                                               44 Montgomery Street, Suite 3400
12                                              San Francisco, CA 94104
                                               Telephone:    (415) 693-0700
13                                              Facsimile:    (415) 693-0770

14                                              Joseph M Alioto (42980)
                                               Theresa D. Moore (99978)
15                                              THE ALIOTO FIRM
                                               555 California Street, 31st Floor
16                                              San Francisco, CA  94104
                                               Telephone:    (415) 434-8900
17                                              Facsimile:    (415) 434-9200

18                                              *Interim Co-Lead Counsel for Indirect-Purchaser*
                                               *Plaintiffs and Class Members*

19

20

21

22

23   #3220305v1

24

25

26

27

28

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY YOKOYAMA, ATTORNEY IN
FACT FOR LEATRICE C. YOKOYAMA,
INDIVIDUALLY AND ON BEHALF OF A
CLASS OF SIMILARLY SITUATED
PERSONS, CATHERINE THORSON;
EDNA YAMANE,

        *Plaintiffs-Appellants,*

        v.

MIDLAND NATIONAL LIFE INSURANCE
COMPANY,

        *Defendant-Appellee.*

No. 07-16825

D.C. No.
CV-05-00303-JMS

ORDER AND
OPINION

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted
November 20, 2008—Honolulu, Hawaii

Filed February 8, 2010

Before: Mary M. Schroeder, Richard A. Paez and
N. Randy Smith, Circuit Judges.

Opinion by Judge Schroeder

2127

## COUNSEL

James J. Bickerton, Honolulu, Hawaii, for plaintiff-appellant, Gary Yokoyama, et al.

Robert D. Phillips, Oakland, California, for defendant-appellee, Midland National Life Insurance Co.

## ORDER

The opinion filed on August 28, 2009, is hereby withdrawn. The petition for rehearing is denied. An opinion is being filed concurrently with this order.

## OPINION

SCHROEDER, Circuit Judge:

Defendant Midland National Life Insurance Company marketed annuities to senior citizens in Hawaii. At issue in this case are Midland annuities that were sold by independent brokers between 2001 and 2005. Plaintiff Gary Yokoyama purchased one of those annuities through an independent broker and filed this class action claiming that Midland marketed the annuities through deceptive practices, in violation of Hawaii's Deceptive Practices Act. *See* Haw. Rev. Stat. § 480-2. The complaint specifically targets representations made in Midland's brochures, which promoted the annuities as appropriate for seniors. This action has been exempted from multi-district litigation against Midland pending in the Central District of

California, because this action has been narrowly tailored to
rely only on Hawaii law.

The district court denied class certification, holding that in
order to succeed under the Hawaii Act, each plaintiff would
have to show subjective, individualized reliance on deceptive
practices within the circumstances of each plaintiff's purchase
of the annuity. *See Yokoyama v. Midland Nat'l Life Ins. Co.*,
243 F.R.D. 400 (D. Haw. 2007). Principally for that reason,
the district court held that the plaintiffs could not satisfy Fed-
eral Rule of Civil Procedure 23(b)(3)'s requirements that
common issues predominate over individual issues and that a
class action is a superior method of adjudication. The disposi-
tive issue is thus an issue of Hawaii state law, namely whether
Hawaii's Deceptive Practices Act requires a showing of indi-
vidualized reliance.

The Hawaii Supreme Court has considered the issue of
whether the statute requires actual, i.e., subjective reliance. It
has said that the dispositive issue is whether the allegedly
deceptive practice is "likely to mislead consumers acting rea-
sonably under the circumstances." *Courbat v. Dahana Ranch,
Inc.*, 141 P.3d 427, 435 (Haw. 2006). "[A]ctual deception
need not be shown, the capacity to deceive is sufficient." *State
of Bronster v. U.S. Steel Corp.*, 919 P.2d 294, 313 (Haw.
1996) (citation omitted). This is an objective test, and there-
fore actual reliance need not be established. Accordingly,
there is no reason to look at the circumstances of each indi-
vidual purchase in this case, because the allegations of the
complaint are narrowly focused on allegedly deceptive provi-
sions of Midland's own marketing brochures, and the fact-
finder need only determine whether those brochures were
capable of misleading a reasonable consumer.

In the event the plaintiffs succeed under this standard in
establishing liability under the Hawaii Act, there will then, in
all likelihood, be individualized issues of damages. The
potential existence of individualized damage assessments,

however, does not detract from the action's suitability for class certification. Our court long ago observed that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) (citations omitted); *accord Smilow v. SW. Bell Mobile Sys, Inc.*, 323 F.3d 32, 40 (1st Cir. 2003). Because there are no individualized issues of subjective reliance under Hawaii law, we hold that the district court erred when it denied class certification.

## BACKGROUND

Three consumer senior citizens, all residents of Hawaii, initiated this action. Each purchased Midland's annuities from an independent broker. Each signed Midland's sales and disclosure forms. Midland obligates its brokers, with respect to each sale, to provide certain documentation to consumers, to obtain consumers' signatures on various forms, and to certify that nothing was said that is inconsistent with Midland's brochures and disclosure forms. In particular, Midland requires its brokers to sign the following certification:

> I certify that the Company disclosure material has been presented to the applicant. I have made no statements which differ in any significant manner from this material. I have not made any promises or guarantees about the future value of any non-guaranteed elements.

Plaintiffs allege that Midland's documentation deceptively represents that its annuities protect its clients from the risks of the stock market and that Midland fails to include in its documentation facts necessary to inform prospective purchasers of the true risks, possible detriments, and unsuitability of Midland's long-term annuities for seniors. The plaintiffs' complaint therefore makes clear that plaintiffs' claims rest on Midland's own sales materials, not any representations made by specific brokers to the individual plaintiffs. Specifically,

their allegations do not relate to what they were told by brokers; rather, their allegations relate to what information was absent from Midland's brochures.

## ANALYSIS

### I.  Standard of Review

[1]  The prerequisites for maintaining a class action pursuant to Rule 23(a), and the findings necessary under Rule 23(b)(3) to certify the type of class sought in this case, include some determinations that may, depending on the nature of the case, present questions of law, or of fact, or involve issues requiring a discretionary determination.[1] Rule 23(a)'s prerequisite that there must be questions of law or fact common to the class, for example, is obviously one where the trial court must look to both the legal and factual contexts of the litigation before it. Fed.R.Civ.P. 23(a)(2). The same is true for Rule 23(b)(3)'s stricture that the court find that "the questions of law or fact common to class members predominate" over individualized issues. Fed.R.Civ.P. 23(b)(3). Such a determination also generally contains an element of discretion, as do most of the Rule's requirements, particularly the prerequisites

---

[1]At issue in this case are Rule 23(b)(3)'s predominance and superiority requirements. Rule 23(b)(3) requires that:

> questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

of numerosity, typicality, and adequacy of representation. The most important determination, i.e., the ultimate decision as to whether or not to certify the class, must, at least in any non-frivolous putative class action, involve a significant element of discretion.

It is, therefore, unsurprising that when a district court's class action certification is on appeal, we say that the overall standard of review is for abuse of discretion. *See, e.g., Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008). In addition, when any particular underlying Rule 23 determination involving a discretionary determination is appealed, our standard of review must be for abuse of discretion.

While our review of discretionary class certification decisions is deferential, it is also true that we accord the decisions of district courts no deference when reviewing their determinations of questions of law. Further, this court has oft repeated that an error of law *is* an abuse of discretion. *See, e.g., Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816-17 (9th Cir. 1997) ("We review a district court's denial of class certification for abuse of discretion," and "a district court abuses its discretion when it makes an error of law."); *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001) ("A district court's decision regarding class certification is reviewed for abuse of discretion" and "[a] court abuses its discretion if its certification order is premised on legal error.") (internal citations omitted); *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003) (same, citing *Hawkins*, 251 F.3d at 1237). Indeed, since *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231, 111 S. Ct. 1217, 113 L.Ed.2d 190 (1991), no federal court has ever held that a district court's error as to a matter of law is not an abuse of discretion, in the class action context, or in any other.

**[2]** Thus, when an appellant raises the argument that the district court premised a class certification determination on an error of law, our first task is to evaluate whether such legal

error occurred. *See, e.g., Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186-88 (9th Cir. 2001) (reviewing a district court's choice of law determination de novo, and its factual findings for clear error)*; Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 811-812 (9th Cir. 1997) (finding an issue of law, regarding a mootness determination, is reviewed without deference to the district court and that an error of law is a per se abuse of discretion).

As *Zinser* and *Knight* illustrate, once we have determined the threshold question of whether an error of law has occurred, we review the class certification determination for abuse of discretion. If the district court's determination was premised on a legal error, we will find a per se abuse of discretion. *See Knight*, 131 F.3d at 817. If no legal error occurred, we will proceed to review the district court's class certification decision for abuse of discretion as we always have done.

The Supreme Court has addressed this same dichotomy in the sanctions context of Rule 11 of the Federal Rules of Civil Procedure. The Court resolved it by holding that when a district court errs as a matter of law in imposing sanctions, the legal error automatically becomes an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law . . . .").

Our court's method in *Zinser* and *Knight* is also consistent with the practices of other circuits. For example, in *Miles v. Merrill Lynch & Co.*, the Second Circuit held that the standard for appellate review of the Rule 23 requirements "is whether discretion has been exceeded (or abused). . . . Of course, this leeway, with all matters of discretion, is not boundless. To the extent that the ruling on a Rule 23 requirement . . . involves an issue of law, review is *de novo*." 471 F.3d 24, 40-41 (2d Cir. 2006). *See also Andrews v. Chevy*

*Chase Bank*, 545 F.3d 570, 573 (7th Cir. 2008) ("We generally review a grant of class certification for abuse of discretion, but 'purely legal' determinations made in support of that decision are reviewed de novo."); *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 312 (3d Cir. 2009) ("We review a class certification order for abuse of discretion . . . . Whether an incorrect legal standard has been used in an issue of law to be reviewed *de novo*.") (internal quotations omitted).

**[3]** In light of the above, in reviewing this case, we must first determine whether the law of Hawaii requires a finding of individual reliance in the application of its consumer protection statutes. As a federal court sitting in diversity, we answer this question of state law de novo. *Salve Regina*, 499 U.S. at 231. Our conclusion of whether or not the district court erred in interpreting Hawaii law will then inform our abuse of discretion review of the district court's denial of class certification.

## II. The District Court Erred as a Matter of Law When It Found that Hawaii's Consumer Protection Law Required Individualized Showings of Reliance

The Hawaii Supreme Court has described the state's consumer protection laws as having been "constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices for the protection of both consumers and honest businessmen." *Ai v. Frank Huff Agency, Ltd.*, 607 P.2d 1304, 1311 (Haw. 1980), *overruled on other grounds by Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*, 982 P.2d 853 (Haw. 1999). Although "deceptive" practices violate Hawaii's Hawaii Revised Statute § 480-2, chapter 480 provides no definition of "deceptive." *Courbat*, 141 P.3d at 434. Section 480-2 provides, in pertinent part, as follows:

YOKOYAMA v. MIDLAND NATIONAL LIFE        2137

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

Haw. Rev. Stat. § 480-2.

[4] Hawaii courts have interpreted the word "deceptive" to include those acts that mislead "consumers acting reasonably under the circumstances." *Courbat*, 141 P.3d at 435. Hawaii courts have held that deceptive practices are those "tend[ing] to mislead or deceive." *Bronster*, 919 P.2d at 312. A deceptive act or practice is "(1) a representation, omission, or practice[ ] that (2) is likely to mislead consumers acting reasonably under the circumstances [where] (3) [ ] the representation, omission, or practice is material." *Courbat*, 141 P.3d at 435 (alterations in original) (citation omitted). The representation, omission, or practice is material if it is likely to affect a consumer's choice. *Id.* Whether information is likely to affect a consumer's choice is an objective inquiry, "turning on whether the act or omission is 'likely to mislead consumers' as to information 'important to consumers' in making a decision regarding the product or service." *Id.* (internal citations and footnote omitted). Therefore, Hawaii's consumer protection laws look to a reasonable consumer, not the particular consumer.

[5] Hawaii's consumer protection laws expressly consider class actions to be appropriate enforcement mechanisms. Haw. Rev. Stat. § 480-13(c) ("The remedies provided in subsections (a) and (b) shall be applied in class action and de

facto class action lawsuits or proceedings, including actions brought on behalf of direct or indirect purchasers . . . ."). Hawaii's courts recognize that its consumer protection laws can be enforced through class actions. *See Fuller v. Pac. Med. Collections, Inc.*, 891 P.2d 300, 309 (Haw. App. 1995). Retaining the class action feature likely helps bolster the "flexibility" of the consumer protection laws. *See Ai*, 607 P.2d at 1311.

### III.   The District Court's Denial of Class Certification Was a Per Se Abuse of Discretion Because It Was Premised on Legal Error

The district court refused to certify a class in this case because it determined that Hawaii's consumer protection laws require individualized reliance showings. Believing that the plaintiffs' claims would "require inspection of whether the class members individually relied on Midland's misstatements," the district court concluded that class issues do not predominate over issues affecting individual members.

**[6]** The district court's premise was contrary to the Hawaii Supreme Court's interpretation of Hawaii state law, because the Hawaii Supreme Court has made it clear that reliance is judged by an "objective 'reasonable person' standard." *Courbat*, 141 P.3d at 436. Hawaii's Supreme Court has said as much: "[A]ctual deception need not be shown; the capacity to deceive is sufficient." *Bronster*, 919 P.2d at 313. Because Hawaii uses an objective test to effectuate its remedial consumer protection statute, the district court erred in holding that individual reliance issues make this case inappropriate for class certification.

**[7]** These plaintiffs base their lawsuit only on what Midland did not disclose to them in its forms. The jury will not have to determine whether each plaintiff subjectively relied on the omissions, but will instead have to determine only

whether those omissions were likely to deceive a reasonable person. This does not involve an individualized inquiry.

[8] The district court also determined that the plaintiffs' claims "involve separate questions of fact as to what information the independent brokers selling the [annuities] conveyed." The plaintiffs' allegations, however, are that the deceptive acts or practices are omissions or misstatements in Midland's own brochures. More specifically, their Fourth Amended Complaint alleges that the deception was perpetrated by Midland through its "fail[ure] to disclose to Plaintiffs and Class Members material information concerning the benefits/detriments from, and suitability and impact of" the annuities. The plaintiffs have thus crafted their lawsuit so as to avoid individual variance among the class members. Plaintiffs' case will not require the fact-finder to parse what oral representations each broker made to each plaintiff. Instead, the fact-finder will focus on the standardized written materials given to all plaintiffs and determine whether those materials are "likely to mislead consumers acting reasonably under the circumstances." *Courbat*, 141 P.3d at 435.

Perhaps in part because the district court interpreted Hawaii law to require subjective reliance, it concluded that the damages calculation involved highly individualized and fact-specific determinations. The District Court explained that

> the amount of damage sustained by a single class member would depend on factors such as the financial circumstances and objectives of each class member; their ages; the IAP selected; any changes in the fixed interest rate for that particular IAP; the performance of the selected index; any changes in the index margin for that particular IAP; any cap on the indexed interest; the length of the surrender periods; whether the individual had undertaken or wanted to undertake an early withdrawal of funds; any benefit the individual policy holder derived from the form of

the annuity itself, including the tax-deferral of cred-
ited interest; and the actual rate of return on the IAP.

**[9]** Damage calculations will doubtless have to be made
under Hawaii's consumer protection laws. *See Flores v. Rawl-*
*ings Co., LLC*, 177 P.3d 341, 355 (Haw. 2008); *Balthazar v.*
*Verizon Haw. Inc.*, 123 P.3d 194 (Haw. 2005). In this circuit,
however, damage calculations alone cannot defeat certifica-
tion. We have said that "[t]he amount of damages is invari-
ably an individual question and does not defeat class action
treatment." *Blackie*, 524 F.2d at 905. Thus, because there are
no individualized issues sufficient to render class certification
inappropriate under Rule 23, class issues predominate.

The same erroneous interpretation of Hawaii's consumer
protection law undermines the district court's determination
that a class action was not a "superior" means to adjudicate
the case. The principal reason that the district court found that
a class action was not "superior" was the many "individual
determinations that must be made," a rationale premised on
the district court's misinterpretation of Hawaii law and this
circuit's precedent regarding the significance of individual-
ized damages calculations in the context of class certification.
While the district court also reasoned that there was an incen-
tive to pursue individual claims because the average purchase
price exceeded $50,000, the parties do not dispute that aver-
age actual damages would be only about 20-30 percent of the
purchase price. Lastly, while the court said that individual
claims against brokers could not be adjudicated within the
class action framework, the existence of individual claims
against other parties, such as brokers, does not necessarily
defeat the availability of a class action against the company
under a statute aimed at protecting reasonable consumers
from deceptive business practices. *See Courbat*, 141 P.3d at
434-35; *Ai*, 607 P.2d at 1311. Therefore, since it is clear that
the district court's overriding but erroneous concern was that
a need for individualized determinations of both reliance and

damages defeated class treatment, we also reverse the district court's superiority determination.

## CONCLUSION

**[10]** Because the proper inquiry under Hawaii law considers the effect upon a reasonable consumer, not a particular consumer, there are no individualized issues of reliance under Rule 23. Moreover, Hawaii's state courts have made clear that Hawaii's consumer protection laws are flexible and may be enforced through the class action mechanism. We express no opinion on the merits of the claims.

**REVERSED** and **REMANDED** for **FURTHER PROCEEDINGS**.