1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| _____/ | |
| This Order Relates to:<br><br>ALL CASES | **STATEMENT OF REASONING INVOLVED IN COURT'S ORDER OF FEBRUARY 11, 2010** |
| _____/ | |

The Court issued an order, filed under seal, on February 11, 2010.  The Government objects to a request made by certain defendants to  unseal that order.  The Government asserts that unsealing the order would violate Rule 6(e)(6) of the Federal Rules of Criminal Procedure, which governs grand jury proceedings.  The Government adds, however, that "the Court is fully aware of its legal reasoning and is at liberty to draw upon and even share its reasoning in the context of the civil dispute."  The Court does so here.


**BACKGROUND**

Shortly after the civil cases were transferred to this district for multidistrict proceedings, the Department of Justice sought to intervene in the MDL for the purpose of seeking to limit discovery in the civil actions. By order filed July 10, 2007, the Court permitted the DOJ to intervene.  The DOJ then moved to stay civil discovery on two grounds.  First, the DOJ asserted that because civil discovery is broader than criminal discovery, there was the risk that parties in the civil action would be able to discover sensitive information about the grand jury investigation through civil discovery.  Second, the DOJ argued that if civil discovery proceeded in tandem with the grand jury proceedings, employees of

the companies under investigation could be placed in the untenable position of having to choose between asserting their Fifth Amendment right against self-incrimination in a civil deposition, with the negative inference that comes with that decision, or testifying in a civil deposition and running the risk of self-incrimination in the criminal matter. The Court granted the DOJ's motion to stay discovery until May 2008, but permitted certain limited categories of non-grand jury discovery to proceed. The stay order permitted the DOJ to review but not copy all discovery produced by a party. Docket No. 306 in M 07-1827 SI. In May 2008, the stay order was revised to permit certification discovery.

The parties in the MDL negotiated a protective order to preserve the confidentiality of the documents produced pursuant to civil discovery. The December 10, 2007 stipulated protective order provides that the parties may use civil discovery materials "only in connection with this [civil] action for prosecuting, defending, or attempting to settle this action." In 2009, the DOJ sought to modify the September 2007 stay order to allow the DOJ to copy, and not just review, all documents produced in the MDL. The Court initially granted the motion, but in response to concerns raised by defendants, referred the parties to the Special Master to explore modifications to the discovery plan. After briefing and a hearing, the Special Master recommended that DOJ be permitted to review all civil discovery, but prohibited from making any copies of the overseas discovery, including deposition transcripts, of the unindicted defendants. The Special Master found that the DOJ's request for all civil discovery would expand the DOJ's subpoena power beyond its current geographical limits. The Special Master stated that "[t]he critical issue is whether allowing the DOJ to have copies of foreign discovery brought into the United States *under court order* does indeed grant to the United States foreign discovery that would otherwise be outside the grand jury's subpoena power," and she noted that the foreign defendants had "vociferously argued against producing either their documents or their employees into this country during this entire litigation." Report & Recommendation Re: Toshiba Entities' Motion for Modifications to the Discovery Schedule and Plan at 2:25-26 (emphasis added). The Special Master found that "those defendants are still guaranteed certain protections regarding criminal proceedings and those protections must be safe-guarded, so that the government does not overstep its power, intentionally or otherwise." *Id*. at 3. The Special Master was also concerned that any criminal indictments that flowed from the grand jury's review of overseas documents produced in the civil matter could be subject

to challenge.  This Court adopted the Special Master's R & R in an order filed October 20, 2009.  That order provided that "the United States shall be limited to reviewing access only, without the right to copy foreign documents and deposition transcripts of foreign national employees of the Toshiba Entities and AUO, as well as the other non-indicted foreign defendant (such as . . . Hannstar Display Corporation)."

## DISCUSSION

The central question considered in the February 11, 2010 order was whether a grand jury may subpoena foreign-based documents that would otherwise be outside the geographic scope of its subpoena power, but that are located in the United States by virtue of the civil discovery in a related MDL proceeding.  The documents in question  might otherwise be obtained by (1) letters rogatory, (2) requests made under executive agreements or treaties, such as mutual legal assistance treaties, and (3) informal means.

The Court considered *In Re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d 1222 (9th Cir. 1995), to determine whether the grand jury might have the authority to subpoena such foreign documents.  In *Meserve*, the Ninth Circuit established a *per se* rule that protective orders cannot shield discovery from grand jury subpoenas, and the court held that a criminal grand jury could subpoena documents that were subject to a protective order in a closed civil case.  *Id*. at 1226.  While there is broad language in *Meserve* regarding the power of the grand jury, *Meserve* did not address the grand jury's authority to subpoena foreign evidence that would otherwise be outside its subpoena power, or the interplay between criminal grand jury proceedings and ongoing civil proceedings involving unindicted foreign defendants.  It often happens that civil cases are filed on the heels of an announcement about a criminal grand jury investigation, and related foreign-based evidence and depositions may be present in the United States solely because of the civil discovery.  Ordinarily a grand jury would be required to obtain foreign material through letters rogatory or other methods.  The Court did not find precedent in the case law, and was dubious about establishing such precedent, to permit grand juries to obtain foreign discovery for criminal grand jury proceedings when that evidence is present in the United States only as a result of related civil actions.

United States District Court
For the Northern District of California

1     The Court felt it possible that such actions might ultimately jeopardize the criminal proceedings.

2   The Court therefore found it is prudent allow the appellate process to establish such precedent if

3   appropriate.

4

5

6   Dated: March 29, 2010

7                                                   SUSAN ILLSTON
                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California