IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates To:<br><br>AT&T MOBILITY LLC, *et al.*,<br>         Plaintiffs,<br>   v.<br>AU OPTRONICS CORP., *et al.*,<br>         Defendants.<br><br>and<br><br>MOTOROLA, INC.,<br>         Plaintiff,<br>   v.<br>AU OPTRONICS CORP., *et al.*,<br>_____/ | No. C 09-4997 SI; No. C 09-5840 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SERVE CHUNGHWA PICTURE TUBES THROUGH ITS U.S. COUNSEL** |

   Plaintiffs in these direct action cases filed a motion to serve Chunghwa Picture Tubes and HannStar Display Corporation through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). After plaintiffs filed the motion, HannStar agreed to waive service of process, rendering plaintiffs' motion moot with respect to HannStar. Plaintiffs and Chunghwa have stipulated to submit the motion without oral argument. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On October 20, 2009, plaintiff AT&T filed an individual complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. The same day, plaintiff Motorola filed a similar complaint in the Northern District of Illinois, also alleging that Chunghwa violated state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Motorola action was transferred to this Court, and the Clerk of this Court designated both of these cases as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On November 3, 2009, AT&T and Motorola ("plaintiffs") sent Chunghwa requests to waive service of summons. According to plaintiffs, Chunghwa is the only defendant which continues to refuse to waive service of summons, thus prompting the instant motion to serve Chunghwa through its U.S. counsel. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

**DISCUSSION**

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan addresses.

Plaintiffs have submitted a declaration from Jerome Murphy, counsel for both AT&T and Motorola. Mr. Murphy states that TransPerfect Translations International, Inc. has provided his law

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

firm with an estimate of the cost of obtaining certified Mandarin Chinese translations of plaintiffs' complaints and the cost of effecting service of process upon a corporation in Taiwan pursuant to a response to a letter rogatory. Murphy Reply Decl. ¶ 3. Mr. Murphy states that plaintiffs "will each incur a charge of approximately $6,090.00 from TransPerfect for a certified Mandarin Chinese translation of their respective complaints and that each translation will require approximately two weeks' time to produce. I further understand that these estimates pertain only to translation of the complaints and not to translation of any summons or of the Supplementary Material set forth in Civil Local Rule 4-2 . . . for which Plaintiffs will each incur additional charges. I further understand that Plaintiffs will each incur a charge of $2,100.00 from TransPerfect for effectuating service of process upon a corporation in Taiwan through a letter rogatory . . . In addition I have been informed that properly effecting service of process upon an entity in Taiwan through a letter rogatory can take up to one year." *Id.* ¶ 4.

The Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted).

Furthermore, plaintiffs need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing

3

1  Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under
2  Fed.R.Civ.P. 4(f)(3)).[2] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the
3  Court finds that there is no reason to require service through letters rogatory in the instant actions.

4  Defendants also contend that service through their counsel would violate due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Chunghwa relies on *Forum Financial Group v. President & Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), which was cited in *Rio Properties* as an example of a case in which service had been authorized on a foreign defendant through its U.S. counsel. In *Forum Financial*, the foreign defendant had, *inter alia*, "actively evaded" service and was living under an assumed name. *Id.* at 23-24. Chunghwa suggests that *Rio Properties* is limited to cases involving facts similar to *Forum Financial*. However, there is nothing in *Rio Properties* limiting its holding in the manner suggested by Chunghwa, and to the contrary, *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In *Rio Properties*, the court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, the record shows that Chunghwa has consulted its U.S. counsel regarding these lawsuits and participated in the cases through its U.S. counsel. Chunghwa was formerly represented by Gibson,

---

[2] In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In an individual case related to the MDL, the Court granted the plaintiff's motion to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. *See ATS Claim, LLC v. Epson Elecs. Am. Inc., et al.*, C 09-1115 (Docket No. 70).

4

Dunn & Crutcher LLP and is currently represented by Baker & McKenzie LLP. Baker & McKenzie filed Chunghwa's opposition to plaintiffs' motion, and Chunghwa's current and former counsel have appeared and participated in the MDL proceedings on numerous occasions. Plaintiffs also state that Chunghwa's U.S. counsel entered an appearance and was present at a deposition, cross-noticed by plaintiffs, where plaintiffs' counsel questioned a defendant witness. Plaintiffs' Reply at 6:5-7. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney).

Accordingly, the Court GRANTS plaintiffs' motion to serve certain Chunghwa through its U.S. Counsel.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). (Docket No. 32 in C 09-4997 SI; Docket No. 23 in C 09-5480 SI; and Docket No. 1543 in M 07-1827 SI).

**IT IS SO ORDERED.**

Dated: April 2, 2010

SUSAN ILLSTON
United States District Judge