IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>ALL CASES / | **ORDER RE: SUPPLEMENTAL SUBMISSIONS REGARDING TRANSLATED DOCUMENTS** |

In an order filed January 21, 2010, the Court held that translations that were prepared at the direction of counsel for Toshiba, LG, Sharp, and Chi Mei constitute opinion work product. *See Sporck v. Peil*, 759 F.2d 312, 315-16 (3d Cir. 1985). The Court held that those defendants were not required to produce the translations at issue to plaintiffs.

With regard to translations that were prepared by Samsung, Hitachi, AU Optronics, HannStar, Chunghwa Picture Tubes, Epson, and Sanyo, the Court held that there had been no showing that the translations were prepared at the direction of counsel. The Court held that if these defendants possess translations that were not provided to the Department of Justice, those translations are discoverable absent a showing that they are protected as attorney work product. The Court permitted those defendants to file declarations (1) stating the factual basis for any assertion of attorney work product, and (2) showing good cause why the factual basis for an assertion of privilege was not made before Judge Smith in the first instance or in opposing the direct purchaser plaintiffs' motion before this Court.

On February 5, 2010, the following defendants filed declarations asserting attorney work product protection for translations: (1) Chunghwa Pictures Tubes, (2) Epson Imaging Devices Corporation and Epson Electronics America, Inc., (3) HannStar Display Corporation, and (4) Hitachi Ltd., Hitachi

Displays, Ltd., and Hitachi Electronic Devices (USA), Inc. According to plaintiffs, on February 5, 2010, Samsung produced its translations that were not provided to the DOJ.

Plaintiffs filed a response to defendants' declarations. Plaintiffs note that AU Optronics did not file a declaration, and they argue that AU Optronics should be ordered to produce responsive documents. The Court finds that AU Optronics has failed to substantiate its assertion of attorney work product, and is hereby ORDERED to produce any translations that were not provided to the DOJ within seven days of the filing of this order. The Court notes that Sanyo also did not file a declaration. Plaintiffs do not address this fact in their response, and thus it is unclear whether Sanyo produced documents or does not have any responsive documents. In any event, to the extent Sanyo possesses translations that were not provided to DOJ, Sanyo is also ORDERED to produce those translations within seven days of the filing of this order.

With regard to Tatung Company of America, plaintiffs note that although Tatung had also asserted work product protection, Tatung did not file a declaration. The Court's January 21, 2010 order did not list Tatung Company of America as one of the defendants that should file a declaration if it wanted to substantiate its assertion of privilege.[1] Plaintiffs request that the Court clarify and/or amend its January 21, 2010 order to make clear that it applies to Tatung Company of America. The Court finds that the January 21, 2010 order should be so amended, and ORDERS as follows: Tatung Company of America shall produce any translations that were not provided to the DOJ unless, within seven days of the filing of this order, Tatung Company of America files a declaration with this Court (1) stating a sufficient factual basis for any assertion of attorney work product, and (2) showing good cause why the factual basis for an assertion of privilege was not made before Judge Smith in the first instance or in opposing the direct purchaser plaintiffs' motion in this Court. If Tatung Company of America files such a declaration, direct purchaser plaintiffs may file a response within seven days, and the Court will take the matter under submission.

---

[1] The January 21, 2010 order listed Chunghwa Picture Tubes, of which Tatung is a corporate affiliate. Although Chunghwa Picture Tubes filed a declaration on February 5, 2010, that declaration was limited to Chunghwa's translations and did not address Tatung Company of America's assertion of work product or good cause.

2

Third, plaintiffs challenge the declaration submitted by the Hitachi defendants.[2] With respect to the assertion of work product privilege, plaintiffs contend that Mr. Roger's declaration states that there are some translated documents that were translated (1) not on the basis of attorneys' mental impressions and (2) that were not produced to the DOJ. However, Hitachi's reply states that plaintiffs have misinterpreted Mr. Roger's declaration, and Hitachi clarifies that "All translations prepared by the Hitachi Defendants involved attorneys' mental impression and were prepared by bilingual attorneys, staff, and contract translators working for and under the direction of Morgan Lewis." Reply at 2:15-18. The Court finds that the Hitachi defendants have shown that the translations constitute opinion work product.

Plaintiffs also argue that Hitachi has not shown good cause for the Hitachi defendants' failure to assert the factual basis for work product protection earlier. The Hitachi defendants state that they objected to direct plaintiffs' discovery requests, and that during the proceedings before the Special Master and this Court, the Hitachi defendants "believed it would be impossible to describe their translations process, which was fundamentally intertwined with its cooperation and communications with the DOJ, without violating the Stay Order's prohibition on disclosing 'the fact or existence' of communications with the DOJ." Roger Decl. ¶ 8. The Hitachi defendants also state that the joint defense filings to Judge Smith, as well as the DOJ's filings with Judge Smith, accurately stated the facts as to the Hitachi defendants' process regarding translations, and thus, "consistent with their interpretation of the Stay Order, the Hitachi Defendants made a determination not to supplement the Joint Opposition to Motion with a separate declaration." *Id*. ¶ 9.

Plaintiffs contend that the Hitachi defendants have not shown good cause for the failure to offer any basis for the assertion of privilege when they had the opportunity to do so. Plaintiffs argue that for those translations that were not provided to DOJ, substantiating its claim of privilege did not put Hitachi at risk of exposing the DOJ's communications. For those documents that were provided to DOJ,

---

[2] Plaintiffs do not challenge the declarations filed by Chunghwa Picture Tubes, Epson Imaging Devices Corporation, Epson Electronics America, Inc., and HannStar Display Corporation. The Court has reviewed these declarations and finds that the Chunghwa and Epson declarations make an adequate showing to support defendants' assertion of work product and good cause why the assertion of privilege was not made earlier. HannStar's declaration states that neither HannStar nor its legal counsel has translated into English any of its Chinese-language documents that are the subject of plaintiffs' motion.

3

plaintiffs argue that the briefing before Judge Smith, including the fact that other defendants filed declarations, should have "made clear that the government had no problem with the declarations filed by Hitachi's co-defendants." Reply at 2:21-22.

The Court finds that the Hitachi defendants have made an adequate showing of good cause for why they did not file declarations substantiating their claim of attorney work product earlier. As Hitachi explains, the decision not to file a declaration was driven by the language of the Stay Order, and not the position of the DOJ on the matter. The Hitachi defendants state that they had no reason to submit a declaration following the hearing before Judge Smith because Judge Smith denied plaintiffs' motion to compel the translations. The Hitachi defendants also state that the translation process was "fundamentally intertwined" with Hitachi's communications with the DOJ, and thus even though there are translations that were not provided to the DOJ, Hitachi's reasons for not submitting a declaration apply to those translations as well.

**IT IS SO ORDERED.**

Dated: April 5, 2010

SUSAN ILLSTON
United States District Judge