# 1442

Bruce L. Simon (State Bar No. 96241)
bsimon@pswplaw.com
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

**RECEIVED**

FEB 5 2010

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Master File No. M07-1827 SI<br><br>MDL No. 1827<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.** |

Term
1440

841347.7

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT WITH
DEFENDANT CHUNGHWA PICTURE TUBES, LTD.;
MASTER FILE NO. M07-1827 SI

5. The Court finds that the settlement falls within the range of possible approval. The Court further finds that there is a sufficient basis for notifying the class of the proposed settlement, and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

6. The Court appoints plaintiffs A.M. Photo & Imaging Center, Inc., CMP Consulting Services, Inc., Crago, Inc., Home Technologies Bellevue LLC, Nathan Muchnick, Inc., Omnis Computer Supplies, Inc., Orion Home Systems, LLC, Royal Data Services, Inc., Texas Digital Systems, Inc., Univisions-Crimson Holding, Inc., and Weber's World Company as representatives of the settlement class.

7. The Court appoints Bruce Simon of Pearson, Simon, Warshaw & Penny, LLP and Richard Heimann of Lieff, Cabraser, Heimann & Bernstein, LLP to serve as Class Counsel for the settlement class.

8. The Court will conduct a Fairness Hearing on a date to be set. The Fairness Hearing will be conducted to determine the following:

    a. Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing the claims of the class against Chunghwa Picture Tubes, Ltd. with prejudice as required by the Settlement Agreement; and

    c. Such other matters as the Court may deem appropriate.

9. To avoid the possible duplication of class notices, notice of the settlement to members of the class shall be deferred. A status conference is scheduled for March 17, 2010, at 4:00 p.m., at which time the Court will address the content of the notice and the notice plan.

10. The Court appoints Rust Consulting as the Claims Administrator.

11. Each class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the Claims Administrator no later than 60 days after the notice date. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and

On December 30, 2009, the direct purchaser plaintiffs filed a Motion for Preliminary Approval of Class Settlement with Defendant Chunghwa Picture Tubes, Ltd. The Court, having reviewed the motion, the LCD Direct-Purchaser Class Settlement Agreement (hereinafter "Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2. The Court hereby gives its preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the settlement (the "Fairness Hearing").

3. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following class for settlement purposes only:

> All persons and entities who, between January 1, 1996 and December 11, 2006, directly purchased a TFT-LCD Product in the United States from any defendant or any subsidiary or affiliate thereof, or any co-conspirator listed in the Notice. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

4. The Court further provisionally finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that:

    a. there are thousands of geographically dispersed class members, making joinder of all members impracticable;

    b. there are questions of law and fact common to the class which predominate over individual issues;

    c. the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class;

    d. the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and

    e. a class action is superior to individual actions.

1    addresses used by such person or entity, and must be signed by the class member seeking
2    exclusion. No later than 70 days after mailing of the notice date, Class Counsel shall file with the
3    Court a list of all persons and entities who have timely requested exclusion from the settlement
4    class.

5      12.   Any class member who does not properly and timely request exclusion
6    from the settlement class shall, upon final approval of the settlement, be bound by the terms and
7    provision of the settlement so approved, including but not limited to the releases, waivers, and
8    covenants described in the agreement, whether or not such person or entity objected to the
9    settlement and whether or not such person or entity makes a claim upon the settlement funds.

10      13.   Each class member who does not timely exclude itself from the class shall
11   have the right to object to the settlement by filing written objections with the Court no later than
12   60 days after the notice date, copies of which shall be served on all counsel listed in the class
13   notice. Failure to timely file and serve written objections will preclude a class member from
14   objecting to the class settlement.

15      14.   Each class member who does not timely exclude itself from the class shall
16   have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later
17   than 60 days after the notice date, copies of which shall be served on all counsel listed in the
18   class notice.

19      15.   All briefs, memoranda and papers in support of final approval of the
20   settlement shall be filed no later than 14 days before the Fairness Hearing.

21      16.   All further direct purchaser class proceedings as to Chunghwa Pictures
22   Tubes, Ltd. are hereby stayed except for any actions required to effectuate the settlement.

23      17.   The Court retains exclusive jurisdiction over this action to consider all
24   further matters arising out of or connected with the settlement.

25      IT IS SO ORDERED.

26   Dated: 4/13/10

27      HON. SUSAN ILLSTON
      UNITED STATES DISTRICT JUDGE
28