UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | CASE NO. M: 07-CV-1827 SI<br>MDL NO. 1827<br>**SPECIAL MASTER'S ORDER REGARDING INDIVIDUAL ACTION PLAINTIFFS AND CASE MANAGEMENT** |

    Following negotiations, certain Defendants and Individual Action Plaintiffs[1] whose actions have been consolidated in the above-captioned multidistrict litigation executed stipulations addressing several discovery-related and other issues. Defendants served these executed stipulations on class plaintiffs, with an offer to meet and confer. The class plaintiffs objected to specific aspects of the stipulations, and the parties were unable to reach agreement regarding all of these points during the meet and confer process. The parties submitted briefs on the issue to the Special Master on

---

[1] The term "Individual Action Plaintiff" means any plaintiff besides the direct purchaser class action plaintiffs and the indirect purchaser class action plaintiffs. The term "Individual Actions" means the actions brought by the Individual Action Plaintiffs transferred to the above-captioned multidistrict litigation.

1

January 29, 2010, and the matter was heard before the Special Master on February 5, 2010. After considering the parties' positions, the Special Master now recommends that the following be entered as an order:

A. IT IS HEREBY ORDERED that Individual Action Plaintiffs shall select an Individual Action Plaintiff Liaison Counsel, who will execute the duties described below on behalf of all Individual Action Plaintiffs. To the extent any Individual Action Plaintiff, including any plaintiff in any Individual Action joined after entry of this order, does not agree as to which counsel shall serve as an Individual Action Plaintiff Liaison Counsel, the disputing Individual Action Plaintiffs shall bring the matter to the Special Master for resolution.

B. IT IS FURTHER ORDERED that all parties in any action transferred to or consolidated in the above-captioned multidistrict litigation, including current parties and parties added to this multidistrict litigation after entry of this order, will be bound by and comply with the following orders and protocols governing discovery and procedure entered to date in the proceeding, *In Re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, except for scheduling requirements for dates already past:

1. Paragraphs 2, 6, 7, 9, and 10 of Pretrial Order #1 and Agenda for July 10, 2007 Status Conference, Dkt. No. 180, filed July 3, 2007;

2. Pretrial Order No. 4: Appointment of the Honorable Fern M. Smith as Special Master, Dkt. No. 244, filed July 27, 2007, subject to the Special Master filing an affidavit consistent with Paragraph 4, stating that there are no grounds for her disqualification in any Individual Action;

3. Paragraphs 1, 2, 11-15, and 17-21 of Pretrial Order No. 5: Case Management, Dkt. No. 301, filed Sept. 25, 2007, with the following amendments to the language of this Order:

   a. Paragraph 11 is hereby amended to say, "Discovery in all actions transferred to this MDL proceeding shall be coordinated. Interim co-lead counsel for the putative direct and indirect purchaser classes, in consultation with liaison counsel for the Individual Action Plaintiffs ("Individual Action Plaintiff Liaison Counsel"), shall be responsible for coordination of discovery in all actions transferred to this MDL proceeding. The

2

duty to consult with the Individual Action Plaintiffs is neither intended to give any party or group of parties a veto right over the other parties, nor intended to lessen the previously assigned role of Class Plaintiffs' counsel in co-coordinating this litigation";

b. Paragraph 12 is hereby amended to say, "All plaintiffs' counsel and defendants' counsel shall engage in their best efforts to conduct discovery efficiently and without duplication. Interim co-lead counsel for the putative direct and indirect purchaser classes shall maintain a single electronic document depository for documents relevant to common issues to the direct and indirect class plaintiffs. The reasonable costs of document production and the document depository shall be shared among class plaintiffs.";

c. Paragraph 13 is hereby amended to say "Any discovery requests, including written discovery, deposition notices, or subpoenas served in this MDL proceeding, shall be served on plaintiffs' interim co-lead and liaison counsel, and liaison counsel for the individual action plaintiffs, who shall be the only plaintiffs' counsel who must be served with discovery requests and responses, and on counsel for each defendant. During the pendency of the partial stay on discovery, all discovery requests and notices of deposition shall be served upon the United States at the same time as served on any party.";

d. Paragraph 17 is hereby amended to say, "Plaintiffs' interim co-lead counsel and Individual Action Plaintiff Liaison Counsel shall consult in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, plaintiffs shall not duplicate interrogatories, requests for admission, and requests for documents. Likewise, Defendants shall consult in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, defendants shall not duplicate interrogatories, requests for admission, and requests for documents. Duplication is a proper objection to written discovery requests. This paragraph in no way prejudices or diminishes individual action plaintiffs' right to serve their own written discovery requests regarding issues

3

that are not common to any other plaintiff or group of plaintiffs, in the event that the parties are unable to propound joint written discovery after consulting in good faith"; and

    e. Paragraph 20 is hereby amended to say, "The parties shall consult in good faith in an effort to jointly schedule, notice, and take depositions. If a party does not believe that a deposition of a particular witness that has been scheduled or noticed should be taken, or believes that the witness's deposition should go forward with a different date, time, location, manner of recording, or any other feature than scheduled or noticed, that disputing party shall present the dispute to Judge Smith. That disputing party shall not serve any notice for that witness's deposition until Judge Smith has resolved the dispute."

4. Stipulated Protective Order, Dkt. No. 421, filed Dec. 10, 2007 (including that the Individual Action Plaintiffs are "parties" under paragraph 2.1), without waiving the right to move the Court at a later date for modifications to the Protective Order;

5. Protocol Governing the Production of Electronically Stored Information ("ESI"), Dkt. No. 431-2, filed Jan. 10, 2008 as Exhibit A to Joint Case Management Conference Statement;

6. Paragraphs 1, 2, and 5 of the Stipulation and Order Regarding Preservation of Documents, Dkt. No. 494, filed February 26, 2008;

7. Joint Stipulation to Serve Papers Through Electronic Case Filing System and Order, filed April 21, 2008 as Exhibit A to Defendants' Administrative Motion for Order Providing for ECF Service Only, Dkt. No. 575; and Order Granting Defendants' Administrative Motion for Order Providing for ECF Service Only, Dkt. No. 601, May 8, 2008;

8. Order Clarifying Discovery Limits Allowed Under Court's Stay Order, Dated September 25, 2007, Dkt. No. 618, filed May 15, 2008, with the following amendment to the language of the Order:

    a. The portion of Paragraph IV beginning on line 2 is hereby amended to say, "The Special Master is aware that the discovery period specified covers many years and that some data may no longer be readily accessible. If any party believes that this Order

4

subjects them to an undue burden, e.g., production of information available only on back-up tapes, etc., that party may seek appropriate relief from the Special Master, e.g., altering the existing time period, cost shifting, etc. The burden of such relief will be on the requesting party.";

9. Paragraphs 3 and 8 of the Joint Recommendation and Order Re Stay of Discovery, Dkt. No. 631 filed May 27, 2008;

10. Paragraphs 1 and 2 of the Stipulation and Order Regarding Procedures Governing Expert Discovery, Dkt. No. 684, filed Oct. 14, 2008;

11. Paragraphs 3-6 of the Special Master's Order Re Number of Depositions, Dkt. No. 983, filed May 13, 2009, with the following amendment to the language of the Order:

   a. Paragraph 3 is hereby amended to say, "Based on the implementation of the foregoing procedures, the plaintiffs in this MDL proceeding collectively may depose up to 100 percipient witnesses as part of the joint, coordinated discovery in this case, with a maximum of 12 depositions for any single defendant group. Defendants may collectively depose up to 12 percipient witnesses of each plaintiff group. A plaintiff group is defined as plaintiffs who are part of the same corporate family. The foregoing limitations do not include Rule 30(b)(6) depositions, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication of documents."; and

   b. Paragraph 4 is hereby amended to say, "Class Plaintiffs in this MDL proceeding collectively may take up to 12 hours of 30(b)(6) depositions of each defendant group as part of the joint, coordinated discovery provided that the depositions are in English. Individual Action Plaintiffs collectively may take up to 3 hours of 30(b)(6) depositions as part of the joint, coordinated discovery provided that the depositions are in English. Defendants collectively may take up to 12 hours of 30(b)(6) depositions of each plaintiff group. If a translator is used, there shall be up to 30 hours of 30(b)(6) depositions. The parties shall meet and confer about 30(b)(6) topics and witnesses.

| | |
|---|---|
| 1 | These 30(b)(6) depositions shall not count towards the number of percipient witness |
| 2 | depositions in paragraph 3."; and |
| 3 | 12. Order Re: Motion to Compel LG Display to Produce Certain ESI, Dkt. No. 1248, filed Sept. |
| 4 | 9, 2009. |
| 5 | C. IT IS FURTHER ORDERED that an objection made by any defendant at any |
| 6 | deposition is deemed an objection by all defendants, and an objection made by any plaintiff at any |
| 7 | deposition is deemed an objection by all plaintiffs. |
| 8 | D. IT IS FURTHER ORDERED that all discovery and correspondence not filed with the |
| 9 | Court or the Special Master between the parties will be served via email under Federal Rule of Civil |
| 10 | Procedure 5(b)(2)(E) on counsel without additional service by mail or other method being required, |
| 11 | unless the size of the electronic file being sent is prohibitively large. Even if a large file is sent by |
| 12 | mail or other method, a notification (including a copy of a cover letter or main pleading) shall be |
| 13 | served by email. |
| 14 | E. IT IS FURTHER ORDERED that all discovery previously provided by the Defendants |
| 15 | to plaintiffs in the above-captioned action shall be usable in the Individual Actions by the Defendants |
| 16 | or the Individual Action Plaintiffs during discovery, in pretrial motions, at trial, or for any other |
| 17 | purpose to the same degree as if the discovery was provided in response to requests propounded by |
| 18 | the Individual Action Plaintiffs. Under Pretrial Order No. 5, plaintiffs' co-lead counsel will provide |
| 19 | the previously-produced discovery responses and documents to Individual Action Plaintiff Liaison |
| 20 | Counsel at Individual Action Plaintiffs' expense. Individual Action Plaintiff Liaison Counsel shall be |
| 21 | responsible for distributing the discovery responses and documents to each Individual Action |
| 22 | Plaintiff, at that Individual Action Plaintiff's expense. This provision is without prejudice to the |
| 23 | Individual Action Plaintiffs' ability to propound additional discovery on the Defendants. Defendants |
| 24 | may refer to their previously produced discovery in response to any discovery propounded by the |
| 25 | Individual Action Plaintiffs if, and to the extent that, the previously-produced materials are |
| 26 | responsive to the Individual Action Plaintiffs' discovery requests. Defendants do not waive (a) any |
| 27 | previously lodged objection to the production of documents, or (b) any objection to the admissibility |
| 28 | or use of any document for any purpose except an objection based on the fact that the defendants |

6

produced the documents in the first instance to other plaintiffs in the above-captioned action. Any defendant's objection to the admissibility or use of any document by any party shall apply equally to the Individual Action Plaintiffs' admission or use of that document.

F. IT IS FURTHER ORDERED that the parties will not submit to the Court or the Special Master or attach to any pleading or correspondence a copy of any native format document produced by any party without ensuring that the corresponding Bates number and confidentiality legend, as designated by the producing party, appears on the document.

G. IT IS FURTHER ORDERED that Defendants and the Individual Action Plaintiffs waive the production of initial disclosures in any Individual Action.

SO RECOMMENDED:

_____
Judge Fern Smith (Ret.)

March 12, 2010
Date Entered

SO ORDERED:

_____
Judge Susan Illston
4/30/10

Date Entered

[PROPOSED] ORDER REGARDING INDIVIDUAL ACTION PLAINFFS AND CASE MANAGEMENT, Case No. M: 07-1827 SI, FS