IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____ /<br>This Order Relates to:<br>ALL CASES<br>_____ / | No. M 07-1827 SI<br>MDL. No. 1827<br>**ORDER CLARIFYING STIPULATED PROTECTIVE ORDER** |

On April 30, 2010, the Court heard argument on the motions brought by the States of Washington and Illinois, and by the AUO defendants, to modify or clarify the Stipulated Protective Order. (Docket Nos. 1659, 1661).

After consideration of the briefing and argument on this matter, the Court hereby clarifies that the Stipulated Protective Order does not and was not intended to interfere with any lawfully issued State subpoena or civil investigative demand. The Court finds it unnecessary to modify the Stipulated Protective Order. If any party receives a discovery request, subpoena or civil investigative demand ("CID") that would compel disclosure of information or items designated in this action as "confidential" or "highly confidential," that party must comply with Section 8 of the Stipulated Protective Order, which requires, *inter alia*, that the "Receiving Party" provide notice of the discovery request, subpoena or CID to the Designating Party, and that the receiving party inform the party who caused the discovery request,

subpoena or CID to issue of the existence of the Stipulated Protective Order.[1]  To the extent that any party to the Stipulated Protective Order wishes to challenge any aspect of a discovery request, subpoena or CID, including the question of whether the party has "control" over the relevant documents, Section 8 of the Stipulated Protective Order provides that the party shall do so in the issuing court.

Additionally, in order to enforce the prior orders of this Court with regard to discovery and the Department of Justice's ongoing criminal investigation, the Court directs that any party who receives documents marked "confidential" or "highly confidential" pursuant to a discovery request, subpoena or CID shall not provide those documents to the U.S. Department of Justice absent further order of this Court.

**IT IS SO ORDERED.**

Dated: May 4, 2010

SUSAN ILLSTON
United States District Judge

---

[1] The Stipulated Protective Order defines "Receiving Party" as "a Party that receives Disclosure or Discovery Matter from a Producing Party," and "Designating Party" as "a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as 'Confidential' or 'Highly Confidential.'"

2