IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates to:<br><br>ALL CASES<br><br><br>_____/ | No. M 07-1827 SI<br><br>MDL. No. 1827<br><br>**ORDER GRANTING IN PART AND DENYING IN PART INDIRECT PURCHASER PLAINTIFFS' MOTION TO MODIFY CERTAIN RECOMMENDATIONS OF THE SPECIAL MASTER'S "ORDER RE: DEPOSITION PROTOCOL"; ADOPTING ORDER RE: DEPOSITION PROTOCOL AS MODIFIED** |

On April 30, 2010, the Court heard argument on the indirect purchaser plaintiffs' motion to modify certain aspects of the Special Master's February 17, 2010 Order Re: Deposition Protocol. As discussed at the hearing, the Court finds that Order Re: Deposition Protocol should be entered as drafted by the Special Master, with the following modification: Paragraph XI "Standard Stipulation" is amended to state that any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), "sign a statement listing the changes and the reasons for making them." Fed. R. Civ. Proc. 30(e)(2).

The Court finds that the other modifications advocated by the indirect purchaser plaintiffs are unnecessary. The Order Re: Deposition Protocol should be interpreted in harmony with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and if specific issues arise, the parties may raise them with the Special Master and the Court. With regard to translations during depositions, the Court finds that objections and colloquy between counsel should be translated for non-English speaking deponents so those witnesses have the opportunity to understand what is happening. Counsel are

reminded not to make speaking objections and not to engage in extended colloquy; if there are any problems in this regard, counsel should contact the Special Master. Regarding the location of depositions, the Court finds it appropriate that depositions of foreign witnesses should presumptively occur in the Northern District of California, as provided in the Order Re: Deposition Protocol. Counsel are directed to cooperate regarding scheduling depositions, including clustering depositions when appropriate. If counsel are unable to agree on the location or scheduling of depositions, counsel shall contact the Special Master.

Accordingly, the Court ENTERS the Order Re: Deposition Protocol, as modified by this Order (Docket No. 1546). The indirect purchaser plaintiffs' motion to modify the Order Re: Deposition Protocol is GRANTED in part and DENIED in part. (Docket Nos. 1574 & 1590).

**IT IS SO ORDERED.**

Dated: May 4, 2010

SUSAN ILLSTON
United States District Judge