1   Francis O. Scarpulla (41059)
    Craig C. Corbitt (83251)
2   Judith A. Zahid (215418)
    Patrick B. Clayton (240191)
3   Qianwei Fu (242669)
    Heather T. Rankie (268002)
4   ZELLE HOFMANN VOELBEL & MASON LLP
    44 Montgomery Street, Suite 3400
5   San Francisco, CA 94104
    Telephone:    (415) 693-0700
6   Facsimile:     (415) 693-0770
    fscarpulla@zelle.com
7   ccorbitt@zelle.com

8   Joseph M. Alioto (42980)
    Theresa D. Moore (99978)
9   THE ALIOTO FIRM
    555 California Street, 31st Floor
10  San Francisco, CA  94104
    Telephone:    (415) 434-8900
11  Facsimile:     (415) 434-9200

12  *Class Counsel for Indirect-Purchaser*
    *Plaintiffs*
13

14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                  **SAN FRANCISCO DIVISION**

18  IN RE TFT-LCD (FLAT PANEL)              Master File No. 3:07-md-1827 SI
    ANTITRUST LITIGATION
19                                           MDL No. 1827

20  _____          **INDIRECT-PURCHASER PLAINTIFFS'**
                                             **NOTICE OF MOTION AND MOTION FOR**
21  This Document Relates to:                **PRELIMINARY APPROVAL OF CLASS**
                                             **SETTLEMENT WITH DEFENDANT EPSON**
22  All Indirect Purchaser Actions           **IMAGING DEVICES CORP.;**
                                             **MEMORANDUM OF POINTS AND**
23                                           **AUTHORITIES IN SUPPORT THEREOF**

24                                           Hearing Date:  June 23, 2010
                                             Time:  10:00 a.m.
25                                           Courtroom: 10, 19th Floor
                                             Judge:  Honorable Susan Illston
26

27

28

─────────────────────────────────────────────────────────
INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................2

I. INTRODUCTION.................................................................................................................2

II. PROCEDURAL HISTORY ..................................................................................................3

III. SUMMARY OF SETTLEMENT TERMS ...........................................................................4

    A. Proposed Settlement.................................................................................................4

    B. Consideration ...........................................................................................................4

    C. Release .....................................................................................................................5

IV. PRELIMINARY APPROVAL OF THE SETTLEMENT IS IN THE BEST
INTEREST OF THE MEMBERS OF THIS SETTLEMENT CLASS...................................5

    A. Class Action Settlement Procedure.........................................................................5

    B. Standards for Settlement Approval ..........................................................................6

    C. The Proposed Settlement Is Within The Range of Reasonableness ...........................8

    D. The Proposed Settlement Class Satisfies Rules 23(a) and 23(b)(3) ...........................9

    E. The Court Should Appoint Plaintiffs' Co-Lead Counsel as Settlement Class
Counsel ...................................................................................................................10

V. PROPOSED PLAN OF NOTICE .......................................................................................10

VI. PROPOSED PLAN OF ALLOCATION .............................................................................11

VII. NOTICE COSTS, LITIGATION EXPENSES AND ATTORNEYS' FEES .........................12

VIII. THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE.................12

IX. CONCLUSION ..................................................................................................................13

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Agretti v. ANR Freight Sys., Inc.*
4      982 F.2d 242 (7th Cir. 1992) ........................................................................................ 8

5  *Amchem Prods. Inc. v. Windsor*
       521 U.S. 591 (1997)................................................................................................. 9, 11
6

7  *Byrd v. Civil Serv. Comm'n*
        459 U.S. 1217 (1983)...................................................................................................... 7

8  *Churchill Vill., L.L.C. v. GE*
9       361 F.3d 566 (9th Cir. 2004) ........................................................................................ 7

10  *Class Plaintiffs v. City of Seattle*
        955 F.2d 1268 (9th Cir. 1992) ...................................................................................... 7
11

12  *Clement v. American Honda Finance Corp.*
        176 F.R.D. 15 (D. Conn. 1997)..................................................................................... 6

13  *Columbus Drywall & Insulation, Inc. v. Masco Corp.*
14      258 F.R.D. 545 (N.D. Ga. 2007).................................................................................. 8

15  *Franklin v. Kaypro Corp.*
        884 F.2d 1222 (9th Cir. 1989) ...................................................................................... 5
16

17  *Gautreaux v. Pierce*
        690 F.2d 616 (7th Cir. 1982) ........................................................................................ 6

18  *Glenn Gates, et al. v. Rohm and Haas Co., et al.*
19      248 F.R.D. 434 (E.D. Pa. 2008)................................................................................... 8

20  *Hanlon v. Chrysler Corp.*
        150 F.3d 1011 (9th Cir. 1988) ...................................................................................... 7
21

22  *Hughes v. Microsoft Corp.*
        2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) ......................................... 8

23  *In re AOL Time Warner ERISA Litig.*
        2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. Sept. 27, 2006)........................................... 11
24

25  *In re Cal. Micro Devices Sec. Litig.*
        965 F. Supp. 1327 (N.D. Cal. 1997) .......................................................................... 12

26  *In re Mid-Altantic Toyota Antitrust Litig.*
27      564 F. Supp. 1379 (D. Md. 1983)................................................................................. 8

28

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

*In re Nasdaq Market Makers Antitrust Litig.*
   176 F.R.D. 99 (S.D.N.Y. 1997) ........................................................................................ 6

*In re Panasonic Consumer Electronic Prod. Antitrust Litig.*
   1989 U.S. Dist. LEXIS 6274 (S.D.N.Y. June 5, 1989) ................................................... 6

*In re Shopping Carts Antitrust Litig.*
   1983 U.S. Dist. LEXIS 11555 (S.D.N.Y. Nov. 18, 1983) ............................................... 6

*In re Tableware Antitrust Litig.*
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ........................................................................ 11

*In re Vitamins Antitrust Litig.*
   2001 U.S. Dist. LEXIS 25071 (D.D.C. July 25, 2001) ................................................... 6

*In re: Motor Fuel Temperature Sales Practices Litig.*
   258 F.R.D. 671(D. Kan. 2009) ........................................................................................ 9

*Newby v. Enron Corp.*
   394 F.3d 296 (5th Cir. 2004) ......................................................................................... 12

*Officers for Justice v. Civil Serv. Comm'n*
   688 F.2d 615 (9th Cir. 1982) ........................................................................................... 7

*Torrisi v. Tucson Elec. Power Co.*
   8 F.3d 1370 (9th Cir. 1993) ........................................................................................... 11

*Von Bronkizorst v. Safeco Corp.*
   529 F.2d 943 (9th Cir. 2004) ........................................................................................... 6

*West Virginia v. Chas. Pfizer & Co.*
   314 F. Supp. 710 (S.D.N.Y. 1970), *aff'd*, 440 F.2d 1079 (2d Cir. 1971) ....................... 6

**FEDERAL RULES**

Fed. R. Civ. P. 23 ...............................................................................................................*passim*

   Rule 23(a) ........................................................................................................................ 9

   Rule 23(b)(3) .................................................................................................................... 9

   Rule 23(c)(1)(B) ..............................................................................................................10

   Rule 23(c)(2)(B) ............................................................................................................. 11

   Rule 23(e) ............................................................................................................... 1, 5, 10

   Rule 23(f) ......................................................................................................................... 4

   Rule 23(g)(1)(A) ............................................................................................................ 10

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

**OTHER AUTHORITIES**

4 Newberg on Class Actions

§ 8.32......................................................................................................................... 11

§§ 11.22, *et seq.* ......................................................................................................... 5

§ 11.25........................................................................................................................ 7

§ 11.41........................................................................................................................ 8

§ 11.53......................................................................................................................... 11

Manual for Complex Litigation (Fourth)

§ 21.62........................................................................................................................ 7

§ 21.632................................................................................................................... 7, 9

§ 21.651..................................................................................................................... 11

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

1

### NOTICE OF MOTION AND MOTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that on June 23, 2010, at 10:00 a.m., in the Courtroom of the

4 Honorable Susan Illston, United States District Judge for the Northern District of California, located

5 at 450 Golden Gate Avenue, San Francisco, California, the Indirect-Purchaser Plaintiffs

6 ("Plaintiffs") will move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of an

7 Order:

8      1.      Certifying a settlement class for the settlement with Epson Imaging Devices

9 Corporation;

10      2.      Appointing Plaintiffs' Co-Lead Counsel as Settlement Class Counsel;

11      3.      Appointing the named plaintiffs as Class Representatives;

12      4.      Preliminarily approving this partial class action settlement;

13      5.      Directing distribution of notice of the settlement to the class and providing class

14 members with opportunity to opt out of or object to the settlement;[1] and

15      6.      Scheduling the final settlement approval process.

16      The grounds for this motion are that the proposed class settlement is within the range of

17 settlements achieved early in class-action litigation, justifying the publication of notice to the class.

18 The proposed class satisfies the certification requirements for such a settlement.

19      This motion is based on this Notice of Motion and Motion, the supporting Memorandum of

20 Points and Authorities, the accompanying Declaration of Francis O. Scarpulla, the LCD Indirect-

21 Purchaser Class Settlement Agreement with Epson Imaging Devices Corporation, any papers filed in

22 reply, the argument of counsel, and all pleadings and records on file in this matter.

23 //

24

25

26      [1] To avoid the possible duplication of class notices, Plaintiffs respectfully request that a single,
comprehensive notice be disseminated regarding the litigation classes as well as the settlement
27      classes for this Settlement and the Settlement with Chunghwa Picture Tubes Ltd., for which the
Court has previously granted preliminary approval.
28

1

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.      INTRODUCTION**

3           Pursuant to Rule 23 of Federal Rules of Civil Procedure, Indirect Purchaser Plaintiffs

4    ("Plaintiffs") hereby move this Court for an order preliminarily approving a class settlement reached

5    with Epson Imaging Devices Corporation ("EID").  For purposes of this settlement, EID has

6    stipulated to being deemed as a defendant in Indirect-Purchaser Plaintiffs' Second Consolidated

7    Amended Complaint.  A copy of the LCD Indirect-Purchaser EID Class Settlement Agreement (the

8    "Settlement Agreement") is attached to the Declaration of Francis O. Scarpulla ("Scarpulla Decl."),

9    Exhibit A.  This settlement resolves all federal and state-law claims brought by Plaintiffs against

10   EID, which allege that defendants engaged in a long-standing, worldwide scheme to artificially

11   inflate the prices of Thin Film Transistor-Liquid Crystal Display ("LCD") panels, which are used in

12   various consumer electronic products, such as TVs, monitors and laptops.  The settlement obligates

13   EID to pay $5 million in exchange for a release of the class members' antitrust and/or consumer-

14   protection claims.  EID's sales remain in the case for purposes of computing plaintiffs' claim against

15   the remaining non-settling defendants.

16          This settlement is contingent upon the certification by this Court of a settlement class, as

17   defined below, and Plaintiffs hereby seek provisional certification of that class.  The settlement class

18   is a nationwide class of indirect-purchasers of LCD panels and electronic products containing LCD

19   panels ("Settlement Class").

20          The issue at the preliminary approval stage is not whether the proposed settlement is fair,

21   reasonable and adequate, but rather, whether it is within the range of possible approval to justify

22   publishing notice of the settlement to the class members and scheduling final approval proceedings.

23   The settlement here was reached after extensive arm's-length negotiations between experienced and

24   informed counsel, and easily meets the standards for preliminary approval.  Accordingly, Plaintiffs

25   seek an order: (1) granting preliminary approval of the class settlement with EID; and (2)

26   provisionally certifying the Settlement Class.

27          In addition to seeking approval of the EID settlement, Plaintiffs anticipate making an interim

28   request for certain litigation expenses, as well as for an amount to be held in trust to pay for future

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

1    expenses.  At the appropriate time, Plaintiffs will request a fee award of twenty-five percent (25%)

2    of the EID settlement fund.  A form of notice as well as a plan for publishing notice that satisfies

3    procedural due process will be submitted to this Court if preliminary approval of this settlement is

4    granted.

5    **II.      PROCEDURAL HISTORY**

6           This multidistrict litigation arises from an alleged international cartel's conspiracy to fix the

7    prices of LCD panels worldwide, specifically including the United States, during the period 1996 –

8    2006.  Second Consolidated Amended Complaint, ¶¶ 1-2.  The first cases were filed in December

9    2006.  The Judicial Panel on Multidistrict Litigation transferred these proceedings to this Court in

10   April 2007.  Scarpulla Decl. ¶ 2.  The operative Complaint pleads both a nationwide injunctive relief

11   claim, as well as damage and/or restitutionary claims under the laws of 23 separate states.

12          On January 9, 2009, when the limited stay of discovery obtained by the Department of

13   Justice expired, Defendants began their rolling production of documents, including Grand Jury

14   documents, to Plaintiffs.  To date, Plaintiffs have received from defendants more than 6.6 million

15   documents, many in foreign languages, which they have translated and loaded onto a web-based

16   electronic document management system for review and analyses.  *Id.* ¶ 3.  Plaintiffs also

17   propounded discovery on defendants and third parties, engaged in extensive meet-and-confer

18   discussions with each defendant and third party, litigated discovery motions, and reviewed and

19   carefully analyzed the discovery received. A team of Plaintiffs' counsel continues to review these

20   documents in preparation for merits deposition discovery and eventual trial, if necessary.  *Id.* ¶ 4.

21   Plaintiffs' counsel have taken depositions of approximately twenty-seven witnesses from defendants

22   for class certification issues.  In addition, Plaintiffs' counsel worked extensively with consultants

23   and economic experts for the class certification motion.  *Id.* ¶ 5.  On September 17, 2009, Plaintiffs

24   commenced merits depositions.  *Id.* ¶ 6.  To date, Plaintiffs have taken twenty-two merits

25   depositions, an additional twenty-four depositions are being scheduled or negotiated to begin in the

26   coming months.  *Id.* ¶ 6.

27          On June 2, 2009, three months after Plaintiffs defeated defendants' second attempt to dismiss

28   their claims, Plaintiffs filed their motion for class certification.  On March 28, 2010, the Court

1  certified a nationwide injunctive class of end-user consumers and business entities who purchased

2  televisions, laptops and/or monitors made with LCD panels, and twenty-three statewide indirect-

3  purchaser classes.  *See* Docket No. 1642.  On June 14, 2010, the Ninth Circuit denied defendants'

4  petitions for permission to appeal that decision pursuant to Fed. R. Civ. P. 23(f).  *See* Order, Nos.

5  10-80087 and 10-80089 (9th Cir. June 14, 2010) (denying petitions by defendants LG and Samsung

6  for permission to appeal) (Docket Nos. 17 and 29).

7  Plaintiffs' Co-Lead Counsel began settlement negotiations with EID's counsel in November

8  2009.  Scarpulla Decl. ¶ 7.  At numerous in-person and telephonic meetings, the terms of the

9  settlement were vigorously negotiated among counsel who are experienced in antitrust law and class

10  actions.  Plaintiffs and EID formalized their settlement on May 7, 2010, by signing the Settlement

11  Agreement.  *Id.* ¶ 7; Ex. A.

12  **III.     SUMMARY OF SETTLEMENT TERMS**

13  **A.     Proposed Settlement**

14  This settlement resolves all claims against defendant EID for its part in the alleged

15  conspiracy to fix prices of LCD panels indirectly purchased as a component of certain electronic

16  products.  The settlement is for all LCD products and for all indirect-purchasers in all fifty states.

17  The proposed Settlement Class is defined as:

18  
19  
20  
21  
> All individuals and entities who, at any time during the period
> beginning January 1, 1996 and continuing through December 31,
> 2006, purchased TFT-LCD Products in the United States
> (including its territories and protectorates) indirectly from any of
> the defendants or their past and present, direct and indirect,
> parents, subsidiaries, and affiliates.

22  The defendants and their parents, subsidiaries, and affiliates, the judge presiding over this

23  action (and the judge's immediate family and judicial staff) and all other governmental entities are

24  excluded from this Settlement Class.  The Settlement Agreement defines "TFT-LCD products" to

25  mean LCD panels and products containing LCD panels.  *Id.* ¶ 7, Ex. A at ¶ 1.

26  **B.     Consideration**

27  EID has paid $5 million to settle all claims of a nationwide class of all indirect-purchasers,

28  which was deposited into an interest-bearing, US Treasury guaranteed escrow account on May 28,

1    2010.  *Id.* ¶ 8.  Consistent with the "judgment-credit-rule," EID's sales remain in the case for

2    purposes of computing damages against the non-settling defendants.  *See, e.g., Franklin v. Kaypro*

3    *Corp.,* 884 F.2d 1222 (9th Cir. 1989).

4        **C.       Release**

5        Upon this settlement becoming final and no longer appealable, Plaintiffs and class members

6    will release all federal and state-law claims they have against EID "concerning the manufacture,

7    supply, distribution, sales or pricing of TFT-LCD products . . . ."  *Id.* ¶ 7, Ex. A at ¶ 14.  The

8    release does not include claims for product defect, personal injury, or breach of contract.  *Id.* ¶ 7, Ex.

9    A at ¶¶ 16, 32.

10   **IV.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS IN THE BEST INTEREST
         OF THE MEMBERS OF THIS SETTLEMENT CLASS**

11

12       **A.       Class Action Settlement Procedure**

13       A class action may not be dismissed, compromised, or settled without the express approval of

14   the Court.  Judicial decisions under Rule 23(e) have led to a well-defined procedure and specific

15   criteria for approval of class action settlements, which are:

16           1.      Certification of a settlement class and preliminary approval
                 of the proposed settlement;

17
             2.      Dissemination of notice of the settlement to all affected
18               class members; and

19           3.      A formal fairness hearing, (called the "Final Approval
                 Hearing"), at which class members may be heard regarding the
20               settlement, and at which counsel may introduce evidence and
                 present argument concerning the fairness, adequacy, and
21               reasonableness of the settlement.

22   *See* 4 Newberg on Class Actions §§ 11.22, *et seq.* (4th ed. 2002) ("*Newberg*") (describing class

23   action settlement procedure).  This process safeguards class members' procedural due process rights

24   and enables the Court to fulfill its role as the guardian of class interests.

25       Plaintiffs respectfully request that this Court take the first step in the settlement approval

26   process and certify the proposed settlement class and preliminarily approve the EID settlement.

27   Plaintiffs further request that the Court appoint Plaintiffs' Co-Lead Counsel as Class Counsel for this

28   settlement and the named plaintiffs as the Class Representatives.

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

1

### B.      Standards for Settlement Approval

2       It is well established that there is an overriding public interest in settling litigation,

3  particularly complex multi-party litigation.  *See, e.g., Clement v. American Honda Finance Corp.*,

4  176 F.R.D. 15, 25 (D. Conn. 1997); *Von Bronkizorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir.

5  2004) ("It hardly seems necessary to point out that there is an overriding public interest in settling

6  and quieting litigation.").  Courts have particularly recognized that compromise is favored for

7  antitrust litigation—which is notoriously difficult and unpredictable.  *See In re Shopping Carts*

8  *Antitrust Litig.*, No. MDL 451-CLB, M-21-29, 1983 U.S. Dist. LEXIS 11555, at *17-18 (S.D.N.Y.

9  Nov. 18, 1983); *West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970),

10  *aff'd*, 440 F.2d 1079 (2d Cir. 1971).

11       Courts generally apply a two-step approach to the settlement approval process in class

12  proceedings.  *In re Panasonic Consumer Electronic Prod. Antitrust Litig.*, No. 89 Civ. 0368 (SWK),

13  1989 U.S. Dist. LEXIS 6274, at *2 (S.D.N.Y. June 5, 1989).  In the first step, usually called

14  "preliminary approval," the court reviews the proposed settlement for obvious deficiencies.  The

15  grant of preliminary approval then triggers a notice and claim period during which the parties make

16  reasonable efforts to notify all potential beneficiaries of the settlement pursuant to a notice process

17  approved by the court.  *Id*.  Preliminary approval is distinct from the second step in the process–a

18  fairness hearing and determination of "final approval."

19       Preliminary approval requires a court simply to find that the proposed settlement fits "within

20  the *range* of possible approval" and should be given further consideration.  *Gautreaux v. Pierce*, 690

21  F.2d 616, 621 n.3 (7th Cir. 1982) (emphasis added).  Preliminary approval of a proposed class action

22  settlement is appropriate "if the preliminary evaluation of the proposed settlement does not disclose

23  grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of

24  class representatives or of segments of the class, or excessive compensation for attorneys and

25  appears to fall within the range of possible approval."  *In re Vitamins Antitrust Litig.*, No. 99-197

26  (TFH), 2001 U.S. Dist. LEXIS 25071, at *30 (D.D.C. July 25, 2001); *see also In re Nasdaq Market*

27  *Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).  Preliminary approval is intended to

28  "ascertain whether there is any reason to notify class members of the proposed settlement and to

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

1    proceed with a fairness hearing." *Pierce*, 690 F.2d at 621; *see also Hanlon v. Chrysler Corp*., 150

2    F.3d 1011, 1027 (9th Cir. 1988).  In contrast, the purpose of the final approval fairness hearing is to

3    determine whether the settlement is fair, reasonable and adequate after notice has been given to the

4    class.

5          The approval of a proposed settlement of a class action is a matter of discretion for the trial

6    court.  *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).  In exercising that discretion,

7    however, the Court should recognize that as a matter of sound policy, settlements of disputed claims

8    are encouraged and a settlement approval hearing should "not be turned into a trial or rehearsal for

9    trial on the merits."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982),

10   *cert. denied sub nom. Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983).  Furthermore, courts must

11   give "proper deference" to the settlement agreement, because "the court's intrusion upon what is

12   otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited

13   to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

14   overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole,

15   is fair, reasonable and adequate to all concerned."  *Hanlon*, 150 F.3d at 1027 (quotations omitted).

16         To grant preliminary approval of this class action settlement, the Court need only find that

17   the settlement falls within "the range of reasonableness."  *Newberg* § 11.25.  The Manual for

18   Complex Litigation (Fourth) § 21.632 (2004) ("*Manual*") characterizes the preliminary approval

19   stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the

20   basis of written submissions and informal presentation from the settling parties.  *Manual* § 21.632.

21   The *Manual* summarizes the preliminary approval criteria as follows:

22   
23           Fairness calls for a comparative analysis of the treatment of the
             class members *vis-à-vis* each other and *vis-à-vis* similar individuals
             with similar claims who are not in the class.  Reasonableness
24           depends on an analysis of the class allegations and claims and the
             responsiveness of the settlement to those claims.  Adequacy of the
25           settlement involves a comparison of the relief granted to what class
             members might have obtained without using the class action
26           process.

27   *Manual* § 21.62.  A proposed settlement may be finally approved by the trial court if it is determined

28   to be "fundamentally fair, adequate, and reasonable."  *Class Plaintiffs v. City of Seattle*, 955 F.2d

1   1268, 1276 (9th Cir. 1992).  While consideration of the requirements for final approval is

2   unnecessary at this stage, all of the relevant factors weigh in favor of the settlement proposed here.

3   As shown below, the proposed settlement is fair, reasonable and adequate.  Therefore, the Court

4   should allow notice of this settlement to be disseminated to the Class.

5             **C.**        **The Proposed Settlement Is Within The Range of Reasonableness**

6         All of the relevant factors heavily favor approval of the proposed settlement.  In assessing

7   whether a proposed settlement meets the standard for preliminary approval, the courts have

8   identified the primary factors that should be considered:  (1) whether the settlement is a result of

9   arm's-length bargaining; (2) the terms of the settlement in relation to the strength of plaintiff's case;

10  (3) whether sufficient discovery had been conducted at the time of settlement to evaluate the case;

11  and (4) the opinion of experienced counsel.  *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F.Supp.

12  1379, 1383-1384 (D.Md. 1983).

13        Plaintiffs' proposed settlement with EID meets the standards for preliminary approval.  First,

14  this settlement is entitled to "an initial presumption of fairness" because it is the result of arm's-

15  length negotiations among experienced counsel.  *Newberg* § 11.41; *Hughes v. Microsoft Corp.*, C98-

16  1646C, 2001 U.S. Dist. LEXIS 5976, at \*20 (W.D. Wash. Mar. 26, 2001).  Second, the $5 million

17  cash payment is substantial, particularly in light of the low volume of EID's LCD panel sales in the

18  United States.  This recovery compares favorably to settlements approved in other indirect-purchaser

19  price-fixing class actions.

20        Moreover, the grant of preliminary approval of the EID settlement will not affect the

21  remainder of the case or unfairly prejudice the non-settling defendants.  "In complex litigation with a

22  plaintiff class, 'partial settlements often play a vital role in resolving class actions.'" *Agretti v. ANR*

23  *Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) (quoting Manual for Complex Litigation

24  Second, § 30.46 (1986)).  Courts regularly approve partial settlement even prior to decision on

25  certification of litigation class.  *See Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258

26  F.R.D. 545, 552 (N.D. Ga. 2007); *Glenn Gates, et al.  v. Rohm and Haas Co., et al.*, 248 F.R.D. 434,

27  436 (E.D. Pa. 2008) (concluding that "it is proper for the Court to preliminarily certify the settlement

28  classes at this juncture, provided that the grant of preliminary approval is without prejudice to the

1    defenses and positions of the non-settling defendants as to any issue, including certification of the

2    litigation classes."); *In re: Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 671(D. Kan.

3    2009) (preliminarily certifying the proposed settlement class and overruling non-settling defendants'

4    request to coordinate certification issues in the settlement with proceedings for class certification in

5    the larger MDL litigation).

6          For all the aforementioned reasons, the proposed settlement meets the judicially established

7    criteria for class action settlements and warrants notice of its terms of the class members.

8          **D.      The Proposed Settlement Class Satisfies Rules 23(a) and 23(b)(3)**

9          Before granting preliminary approval of a settlement, the Court must determine that the

10   proposed settlement presents a proper class for settlement purposes.  *See Manual* § 21.632; *Amchem*

11   *Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Rule 23 governs the issue of class certification,

12   whether the proposed class is a litigated class or, as here, a settlement class.  All criteria for

13   certification of a class for litigation purposes, except manageability, apply to certification for

14   settlement purposes.  *Amchem Prods.*, 521 U.S. at 620.  Courts routinely and properly certify classes

15   for settlement purposes only.  *Id.* at 619-29.

16         Certification is appropriate where the proposed class and the proposed class representatives

17   meet the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy of

18   representation.  In addition, certification of a class action for damages requires a showing that

19   "questions of law and fact common to class members predominate over any questions affecting only

20   individual members, and that a class action is superior to other available methods for fairly and

21   efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  This Court, in certifying the

22   indirect-purchaser litigation classes, has already found that the litigated classes meet Rule 23(a) and

23   Rule 23(b)(3) requirements. *See* Order Granting Indirect Purchaser Plaintiffs' Motion for Class

24   Certification (Docket No. 1642); *see also* Order, Nos. 10-80087 and 10-80089 (9th Cir. June 14,

25   2010) (denying petitions by defendants LG and Samsung for permission to appeal) (Docket Nos.17

26   and 29).  The Court also made necessary findings under Rule 23(a) and Rule 23(b)(3)

27   requirements—identical to those at issue here—when it granted preliminary approval of Plaintiffs'

28   settlement with Chunghwa Picture Tubes Ltd.  *See* Order Granting Preliminary Approval of Class

1  Settlement with Defendant Chunghwa Picture Tubes Ltd. (Docket No. 1728).  The proposed

2  settlement here likewise satisfies each of these criteria.

3
4
**E.      The Court Should Appoint Plaintiffs' Co-Lead Counsel as Settlement Class Counsel**

5  Rule 23(c)(1)(B) states that "[a]n order certifying a class action . . . must appoint class

6  counsel under Rule 23(g)."  The court must consider "(i) the work counsel has done in identifying or

7  investigating potential claims in the action; (ii) counsel's experience in handling class actions, other

8  complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the

9  applicable law; and (iv) the resources counsel will commit to representing the class."  Fed. R. Civ. P.

10  23(g)(1)(A).

11  On July 13, 2007, after considering competing motions, the Court appointed Francis O.

12  Scarpulla of Zelle Hofmann Voelbel & Mason LLP and Joseph M. Alioto of The Alioto Firm as

13  Interim Co-Lead Class Counsel.  *See* Pretrial Order No. 3, Docket No. 224.   In its recent class

14  certification order, the Court appointed Zelle Hofmann Voelbel & Mason LLP and The Alioto Law

15  Firm as Class Counsel.  *See* Docket No. 1642.  The work done by Class Counsel since being

16  appointed provides a substantial basis for the Court's earlier finding that they satisfy each applicable

17  criterion under Rule 23(g), and are well qualified to serve as Class Counsel.   These firms have

18  prosecuted this class action by directing and managing the expeditious review and categorization of

19  the millions of documents defendants and third-parties produced; they engaged and worked with

20  nationally-recognized economic experts to satisfy Rule 23(b)(3) class certification proof

21  requirements; they have aggressively pushed deposition discovery; and they promptly engaged in all

22  necessary motion practice.  Accordingly, Class Counsel should be appointed as Settlement Class

23  Counsel for purposes of this settlement.

24  **V.      PROPOSED PLAN OF NOTICE**

25  Rule 23(e)(1) states that, "[t]he court must direct notice in a reasonable manner to all class

26  members who would be bound by a proposed settlement, voluntary dismissal, or compromise."

27  Notice of a proposed settlement must inform class members of the following:  (1) the nature of the

28  pending litigation; (2) the general terms of the proposed settlement; (3) that complete information is

1  available from the court files; and (4) that any class member may appear and be heard at the fairness

2  hearing.  *See Newberg* § 8.32.  The notice must also indicate an opportunity to opt-out, that the

3  judgment will bind all class counsel who do not opt-out, and that any member who does not opt-out

4  may appear through counsel.  Fed. R. Civ. P. 23(c)(2)(B).

5         The form of notice is "adequate if it may be understood by the average class member."

6  *Newberg* § 11.53.  Notice to the class must be the best notice practicable under the circumstances.

7  *Amchem Prods.*, 521 U.S. at 617.  Publication notice is an acceptable method of providing notice

8  where the identity of specific class members is not reasonably available.  *See In re Tableware*

9  *Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (citing *Manual* § 21.311).

10        Plaintiffs propose disseminating a summary notice, to be published in certain newspapers

11 throughout the United States.  A long form detailed notice, along with the Settlement Agreement,

12 will be posted on a website accessible to class members.  This is similar to procedures approved in

13 numerous class actions, and fulfills all the requirements of Federal Rule of Civil Procedure 23 and

14 due process.  *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993); *In*

15 *re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474, at *30-31 (S.D. N.Y. Sept. 27,

16 2006).   However, because the Court has certified the litigated indirect-purchaser classes and

17 previously granted preliminary approval of Plaintiffs' settlement with Chunghwa Picture Tubes,

18 Ltd., Plaintiffs respectfully request that the notice of the litigation classes be combined with this and

19 the Chunghwa settlement class notice, thereby saving substantial out-of-pocket notice costs.

20 **VI.     PROPOSED PLAN OF ALLOCATION**

21        Plaintiffs propose that distribution of settlement funds be deferred until the termination of the

22 case, when there might be additional settlement funds from other settling defendants to distribute,

23 because piecemeal distribution of each settlement is expensive, time-consuming, and likely to cause

24 confusion to class members.  Until that time, any settlement funds, not used to pay prior out-of-

25 pocket expense or future litigation costs, will accrue interest for the benefit of the class.  Deferring

26 allocation of settlement funds is a common practice in cases where claims against other defendants

27 remain.  See *Manual* § 21.651.

28

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

1

**VII.    NOTICE COSTS, LITIGATION EXPENSES AND ATTORNEYS' FEES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

The EID Settlement Agreement provides that up to $200,000 of the settlement fund may be used to pay for notice costs.  Scarpulla Decl., ¶ 7, Ex. A at ¶ 20(a).  The Agreement also states that Plaintiffs' counsel may apply to the Court for reimbursement of litigation expenses out of the settlement fund, when the settlement becomes final.  Scarpulla Decl., ¶ 7, Ex. A  at ¶ 23.  At the appropriate time, Plaintiffs will move for the creation of a litigation expense fund in the amount of $1.25 million for the payment of future out-of-pocket expenses that may be incurred in prosecuting this case.  Of course, any unused portion of that fund will be disbursed to the class, along with the other net settlement funds.  Such litigation-expense funds have been established and approved in other class actions.  *See, e.g., Newby v. Enron Corp.*, 394 F.3d 296, 303 (5th Cir. 2004) (affirming approval of class settlement where $15 million of settlement proceeds were used to create a litigation expense fund); *In re Cal. Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal. 1997) (approving class counsel's request for a $1.5 million litigation fund "[b]ecause the remainder of the case appears to have potential value for the class").  Plaintiffs' request for a litigation expense fund will be disclosed to the Settlement Class in the notice.

16

17

18

Additionally, at the appropriate time, Plaintiffs will move this Court for an order awarding them their previously-advanced litigation expenses, which will be disclosed to the Settlement Class in the notice.  Finally, Plaintiffs shall seek attorneys' fees from the settlement fund.

19

**VIII.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE**

20

21

22

23

24

25

26

27

28

The last step in the settlement approval process is the final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement.  At that hearing, proponents of the settlement may explain and describe its terms and conditions and offer argument in support of settlement approval and members of the Settlement Class, or their counsel, may be heard in support of, or in opposition to, the settlement.  As the litigated indirect-purchaser classes have been certified, Plaintiffs' respectfully suggest that the Court set a schedule not only for the publication of notice to the class, including any settlement notice, but also a final approval schedule.  Plaintiffs' proposed schedule for final approval is included in the Proposed Order Granting Preliminary Approval of this Settlement.

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI

1    **IX.    CONCLUSION**

2         Based on the foregoing, Plaintiffs respectfully request that the Court:  (1) grant preliminary

3    approval of the class settlement with Epson Imaging Devices Corporation; (2) certify the proposed

4    Settlement Class; and (3) set a schedule for publication of notice to the class, and for a final approval

5    hearing date.

6    Dated:  June 21, 2010                              Respectfully submitted,

7                                                             */s/ Francis O. Scarpulla*
                                                              Francis O. Scarpulla
8
                                                         Francis O. Scarpulla (41059)
9                                                        Craig C. Corbitt (83251)
                                                         Judith A. Zahid (215418)
10                                                       Patrick B. Clayton (240191)
                                                         Qianwei Fu (242669)
11                                                       Heather T. Rankie (268002)
                                                         ZELLE HOFMANN VOELBEL & MASON LLP
12                                                       44 Montgomery Street, Suite 3400
                                                         San Francisco, CA 94104
13                                                       Telephone:    (415) 693-0700
                                                         Facsimile:     (415) 693-0770
14                                                       fscarpulla@zelle.com
                                                         ccorbitt@zelle.com
15
                                                         Joseph M Alioto (42980)
16                                                       Theresa D. Moore (99978)
                                                         THE ALIOTO FIRM
17                                                       555 California Street, 31st Floor
                                                         San Francisco, CA  94104
18                                                       Telephone:    (415) 434-8900
                                                         Facsimile:     (415) 434-9200
19
                                                         *Class Counsel for Indirect-Purchaser*
20                                                       *Plaintiffs*

21

22

23   #3221454v5

24

25

26

27

28

---

INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT – Master File No. 3:07-md-1827 SI