Bruce L. Simon (Bar No. 96241)
bsimon@pswplaw.com
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA  94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

Richard M. Heimann (Bar No. 63607)
rheimann@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827 SI |
| | MDL No. 1827 |
| This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANTS EPSON IMAGING DEVICE CORPORATION AND EPSON ELECTRONICS AMERICA, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ALL DIRECT PURCHASER ACTIONS | |
| This Document Relates to: | |
| ALL DIRECT PURCHASER ACTIONS | Date:   July 14, 2010 |
| | Time:   10:00 a.m. |
| | Ctrm:   10, 19th Floor |
| | The Honorable Susan Illston |

879021.3

1

**TABLE OF CONTENTS**

2

**Page**

3 NOTICE OF MOTION AND MOTION ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 2

4

    I.      INTRODUCTION ...................................................................................... 2

5

    II.     PROCEDURAL HISTORY ....................................................................... 2

6

    III.   TERMS OF THE SETTLEMENT ............................................................. 3

7

        A.     Proposed Class Definition ............................................................. 3

        B.     Consideration ................................................................................ 3

8

        C.     Release .......................................................................................... 4

9

    IV.   LEGAL ARGUMENT ............................................................................... 4

10

        A.     Class Action Settlement Procedure .............................................. 4

        B.     Standards For Settlement Approval .............................................. 5

11

        C.     The Proposed Settlement Is Within The Range Of Reasonableness ........... 7

12

    V.     PROPOSED PLAN OF NOTICE ............................................................. 7

13

    VI.   PROPOSED PLAN OF ALLOCATION ................................................. 9

    VII.  ATTORNEYS' FEES AND COSTS ......................................................... 9

14

    VIII. THE COURT SHOULD SET A FINAL APPROVAL HEARING
            SCHEDULE .............................................................................................. 10

15

    IX.   CONCLUSION ......................................................................................... 10

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Churchill Village, LLC v. General Elec.*,
361 F.3d 566 (9th Cir. 2004)................................................................................. 5

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992)............................................................................ 5, 6

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1988)................................................................................ 6

*In re Airline Ticket Comm'n Antitrust Litig.*,
953 F. Supp. 280 (D. Minn. 1997)......................................................................... 9

*In re Cal. Micro Devices Sec. Litig.*,
965 F. Supp. 1327 (N.D. Cal. 1997) .................................................................... 10

*In re Citric Acid Antitrust Litig.*,
145 F. Supp. 2d 1152 (N.D. Cal. 2001) ................................................................. 9

*In re Corrugated Container Antitrust Litig.*,
No. M.D.L. 310, 1981 WL 2093 (S.D. Tex. June 4, 1981) ..................................... 7

*In re Linerboard Antitrust Litig.*,
321 F. Supp. 2d 619 (E.D. Pa. 2004) ..................................................................... 7

*In re NASDAQ Market Makers Antitrust Litigation*,
176 F.R.D. 99 (S.D.N.Y. 1997) ............................................................................. 5

*In re Oracle Sec. Litig.*,
1994 WL 502054 (N.D. Cal. June 18, 1994) .......................................................... 9

*In re Pacific Enter. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995)................................................................................... 5

*In re Plastic Tableware Antitrust Litig.*,
No. 94-CV-3564, 1995 WL 723175 (E.D. Pa. Oct. 25, 1995)................................ 7

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ................................................................. 8

*Mendoza v. United States*,
623 F.2d 1338 (9th Cir. 1980)............................................................................... 9

*Newby v. Enron Corp.*,
394 F.3d 296 (5th Cir. 2004)............................................................................... 10

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982), *cert. denied sub nom. Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217
(1983)...................................................................................................................... 6

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) .......................................................................................... 5

4

**RULES**

5

Fed R. Civ. P.

6

    Rule 23 ........................................................................................................... 2, 4, 8
    Rule 23(c)(2)(B) ............................................................................................... 8
    Rule 23(e) .................................................................................................... 4, 5
    Rule 23(e)(1) ..................................................................................................... 7

7

8

**TREATISE**

9

4 *Newberg on Class Actions* (4th ed. 2002)

10

    § 8.32 ............................................................................................................... 7
    § 11.22 .............................................................................................................. 5
    § 11.25 .............................................................................................................. 6
    § 11.41 .............................................................................................................. 7
    § 11:53 .............................................................................................................. 8

11

12

13

14

*Manual for Complex Litigation* (Fourth) (2004)
    § 21.62 .............................................................................................................. 6
    § 21.632 ............................................................................................................ 6
    § 21.651 ............................................................................................................ 9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that on July 14, 2010, at 10:00 a.m., in the Courtroom of the Honorable Susan Illston, United States District Judge for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California, the Direct Purchaser Plaintiffs will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of an Order:

      1.    Preliminarily approving the partial class action settlement with Epson Imaging Device Corporation and Epson Electronics America, Inc.;

      2.    Directing distribution of notice of the settlement to the class and providing class members with the opportunity to opt-out of or object to the settlement; and

      3.    Setting a schedule for the final settlement approval process.

      The grounds for this motion are that the proposed class settlement is fair, reasonable, and adequate, and that the proposed class satisfies the certification requirements for a settlement class. This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Eric B. Fastiff, the LCD Direct-Purchaser Class Settlement Agreement, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    <u>INTRODUCTION</u>**

3     Pursuant to Federal Rule of Civil Procedure 23, Direct Purchaser Plaintiffs

4  ("Plaintiffs") hereby move this Court for an order preliminarily approving a class settlement

5  reached with defendants Epson Imaging Devices Corporation ("EID") and Epson Electronics

6  America, Inc. ("EEA") (collectively "Epson).  Under the settlement, Epson will pay class

7  members $7 million in exchange for a release of class members' claims.  According to Epson's

8  documents and representations made during settlement discussions, this amount represents

9  approximately 23% of Epson's sales of TFT-LCDs that were billed to and/or shipped to

10 customers located in the United States during the period covered by the settlement, excluding

11 sales to Motorola which filed its own action.  Additionally, Epson's sales remain in the case for

12 purposes of computing Plaintiffs' treble damages claim against the non-settling defendants.

13    This settlement is substantially similar to Plaintiffs' settlement with Chunghwa

14 Picture Tubes, Ltd. ("Chunghwa"), which the Court preliminary approved on May 3, 2010.

15    The question at the preliminary approval stage is not whether the settlement is fair,

16 reasonable and adequate.  Rather, the question is whether the settlement is within the range of

17 possible approval to justify sending and publishing notice of the settlement to class members and

18 scheduling final approval proceedings.  The settlement here was reached after extensive arm's-

19 length negotiations between experienced and informed counsel, and easily meets the standards for

20 preliminary approval.

21

**II.    <u>PROCEDURAL HISTORY</u>**

22    This multidistrict litigation arises from a conspiracy to fix the prices of Thin Film

23 Transistor-Liquid Crystal Display ("TFT-LCD") products.  *See* Declaration of Eric B. Fastiff in

24 Support of Motion for Preliminary Approval of Class Settlement with Defendant Epson Picture

25 Tubes, Ltd. ("Fastiff Decl."), ¶ 2.  The Court has certified the Direct Purchaser Plaintiff class and

26 is familiar with the procedural and legal issues resolved thus far.

27    On November 5, 2007, Plaintiffs named EEA and EID as defendants in their

28 Consolidated Complaint.  *Id.*, ¶4.  Subsequently, Plaintiffs entered into a tolling agreement with

EID, and EID was dismissed without prejudice from the Direct Purchaser actions.  *Id.*; *see* Order Dismissing EID from Direct Purchaser Actions, Jan. 15, 2008 (Dkt. 434).  On August 25, 2009, Plaintiffs served Epson with a Notice of Intent to terminate the tolling agreement with EID, and thereafter filed a Second Amended Consolidated Complaint adding EID as a defendant.  *Id.*, ¶ 4. EEA and EID answered the Second Amended Consolidated Complaint on January 6, 2010.  Class Counsel commenced settlement negotiations with Epson's counsel in February 2010.  *Id.*, ¶ 6. These negotiations consisted of multiple telephonic and face-to-face conferences conducted on an arm's-length and non-collusive basis among counsel who are experienced in antitrust law and class actions.[1]  *Id.*  On March 19, 2010, Plaintiffs and Epson reached agreement on the principal terms of settlement.  *Id.*  The terms of the settlement were vigorously negotiated.  *Id.*  Plaintiffs and Epson formalized their settlement agreement on May 7, 2010 by signing the LCD Direct-Purchaser Class Settlement Agreement (the "Agreement") (attached to the Fastiff Decl. as Exhibit A).  It is substantially similar to Plaintiffs' settlement agreement with Chunghwa.  *Id.*, ¶ 6.

## III.   TERMS OF THE SETTLEMENT

### A.   Proposed Class Definition

The proposed settlement class is:

> All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a TFT-LCD Product in the United States from any defendant or any subsidiary or named affiliate thereof, or any named co-conspirator.  Excluded from the Class are defendants, their parent companies, subsidiaries, named affiliates, any named co-conspirators, all governmental entities, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

The Agreement defines "TFT-LCD products" to mean TFT-LCD panels and TVs, monitors, and notebook computers containing TFT-LCD panels.  Agreement, ¶ 2.

### B.   Consideration

The terms of the proposed class settlement are set forth fully in the Agreement.

---

[1] Epson is represented by Melvin Goldman and Stephen Freccero of Morrison & Foerster.  Fastiff Decl., ¶ 6.

1   Epson has agreed to pay $7 million in exchange for its dismissal with prejudice and a release of

2   claims.  Agreement, ¶ 16.  This money has already been deposited into an escrow account and is

3   earning interest for the benefit of class members.  Fastiff Decl., ¶ 8.  Epson has completed its

4   production of documents in response to Plaintiffs' written requests.  To date, EEA and EID have

5   collectively produced over 1.1 million pages of documents to Plaintiffs, including transaction data

6   relating to Epson's sales and purchases of TFT-LCDs, and documents produced to the

7   Department of Justice during the course of the government's investigation.  *Id.* ¶ 7.  For

8   depositions of Epson employees, counsel for Epson has agreed to accept service of all deposition

9   notices on behalf of Epson employees, to the extent permitted by applicable law.  *Id.*

10              **C.**     **Release**

11              Upon final approval of the settlement, Plaintiffs and class members will release all

12   claims they have against Epson "concerning the manufacture, supply, distribution, sale or pricing

13   of TFT-LCD Products" as of May 7, 2010 (*i.e.*, the date the Agreement was executed).

14   Agreement, ¶ 13.  However, the release does not preclude Plaintiffs from pursuing claims against

15   other defendants arising from the sale of finished TFT-LCD Products by other defendants, or their

16   co-conspirators, which contain Epson's TFT-LCD panels.  *Id.*  Further, the release does not

17   include claims for product defect, personal injury, or breach of contract.  *Id.*, ¶¶ 13, 15.

18   **IV.**    **LEGAL ARGUMENT**

19              **A.**     **Class Action Settlement Procedure**

20              A class action may not be dismissed, compromised, or settled without the approval

21   of the Court.  Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined

22   procedure and specific criteria for approval of class action settlements.  The Rule 23(e) settlement

23   approval procedure describes three distinct steps:

24              1.       Certification of a settlement class and preliminary approval of the proposed

25   settlement;

26              2.       Dissemination of notice of the settlement to all affected class members;

27   and

28

MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT WITH THE EPSON DEFS; MPA ISO
MASTER FILE NO. M07-1827 SI; MDL NO. 1827

3.       A formal fairness hearing, also called the final approval hearing, at which class members may be heard regarding the settlement, and at which counsel may introduce evidence and present argument concerning the fairness, adequacy, and reasonableness of the settlement.

This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests.  *See* 4 *Newberg on Class Actions* §§ 11.22, *et seq.* (4th ed. 2002) ("*Newberg*") (describing class action settlement procedure).

The Court has already certified a substantially similar settlement class, and this settlement is assumed into it.

### B.       <u>Standards For Settlement Approval</u>

Rule 23(e) requires court approval of any settlement of claims brought on a class basis.  "[T]here is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits which are now an ever increasing burden to so many federal courts and which frequently present serious problems of management and expense."  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Churchill Village, LLC v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); and *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The purpose of the Court's preliminary evaluation of the proposed settlement is to determine whether it is within "the range of reasonableness," and thus whether notice to the Class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile.  Preliminary approval should be granted where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *In re NASDAQ Market Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

The approval of a proposed settlement of a class action is a matter of discretion for the trial court.  *Churchill Village, L.L.C.*, 361 F.3d at 575.  In exercising that discretion, however,

courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged

and a settlement approval hearing should "not be turned into a trial or rehearsal for trial on the

merits." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert.*

*denied sub nom. Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983).  Furthermore, courts must

give "proper deference" to the settlement agreement,  because "the court's intrusion upon what is

otherwise a private consensual agreement negotiated between the parties to a lawsuit must be

limited to the extent necessary to reach a reasoned judgment that the agreement is not the product

of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement,

taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*,

150 F.3d 1011, 1027 (9th Cir. 1988) (quotations omitted).

To grant preliminary approval of this class action settlement, the Court need only

find that the settlement falls within "the range of reasonableness." *Newberg* § 11.25.  The

*Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary

approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the

court on the basis of written submissions and informal presentation from the settling parties.

*Manual* § 21.632.  The *Manual* summarizes the preliminary approval criteria as follows:

> Fairness calls for a comparative analysis of the treatment of the
> class members vis-à-vis each other and vis-à-vis similar individuals
> with similar claims who are not in the class.  Reasonableness
> depends on an analysis of the class allegations and claims and the
> responsiveness of the settlement to those claims.  Adequacy of the
> settlement involves a comparison of the relief granted to what class
> members might have obtained without using the class action
> process.

*Manual* § 21.62.  A proposed Settlement may be finally approved by the trial court if it is

determined to be "fundamentally fair, adequate, and reasonable." *City of Seattle*, 955 F.2d at

1276.  While consideration of the requirements for *final* approval is unnecessary at this stage, all

of the relevant factors weigh in favor of the Settlement proposed here.[2]  As shown below, the

---

[2] Plaintiffs will address in detail each of the factors required for final settlement approval in their
Motion for Final Approval of the Settlement, to be submitted following the issuance of Class
Notice.

1  proposed Settlement is fair, reasonable and adequate.  Therefore, the Court should allow notice of

2  it to be disseminated to the Class.

3          **C.**        **The Proposed Settlement Is Within The Range Of Reasonableness**

4          Plaintiffs' proposed settlement with Epson meets the standards for preliminary

5  approval.  First, this settlement is entitled to "an initial presumption of fairness" because it is the

6  result of arm's-length negotiations among experienced counsel.  *Newberg* § 11.41.  Second, the

7  consideration agreed to—a $7 million cash payment that is already earning interest—is

8  substantial, particularly in light of the volume of Epson's sales in the United States.  The

9  $7 million payment represents approximately 23% of Epson's sales billed and/or shipped to

10  customers located in the United States (excluding Motorola which filed its own case).  Fastiff

11  Decl., ¶ 8.  This recovery is substantially more favorable than settlements approved in other price-

12  fixing cases.  *See, e.g., In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 627 (E.D. Pa.

13  2004) (granting final approval to settlement where recovery was 1.62% of sales); *In re Plastic*

14  *Tableware Antitrust Litig.*, No. 94-CV-3564, 1995 WL 723175, at *1 (E.D. Pa. Oct. 25, 1995)

15  (granting final approval to settlement where recovery was 3.5% of sales).  Third, because the non-

16  settling defendants remain jointly and severally liable for all damages caused by the conspiracy,

17  including damages from Epson's sales, this settlement does not reduce the total amount of

18  damages recoverable from the non-settling defendants in this litigation.  *See In re Corrugated*

19  *Container Antitrust Litig.*, No. M.D.L. 310, 1981 WL 2093, at *17 (S.D. Tex. June 4, 1981).

20  **V.**        **PROPOSED PLAN OF NOTICE**

21          To promote efficiency, the Epson and Chunghwa settlements will be noticed

22  together.  Rule 23(e)(1) states that, "[t]he court must direct notice in a reasonable manner to all

23  class members who would be bound by a proposed settlement, voluntary dismissal, or

24  compromise."  Notice of a proposed settlement must inform class members of the following:

25  (1) the nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that

26  complete information is available from the court files; and (4) that any class member may appear

27  and be heard at the fairness hearing.  *See Newberg* § 8.32.  The notice must also indicate an

28  opportunity to opt-out, that the judgment will bind all class members who do not opt-out, and that

1    any member who does not opt-out may appear through counsel.  Fed. R. Civ. P. 23(c)(2)(B).

2          The form of notice is "adequate if it may be understood by the average class

3    member." *Newberg* § 11.53.  Notice to the class must be "the best notice practicable under the

4    circumstances, including individual notice to all members who can be identified through

5    reasonable effort." *Amchem Prods.*, 521 U.S. at 617.  Publication notice is an acceptable method

6    of providing notice where the identity of specific class members is not reasonably available.  *See*

7    *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (citing *Manual*

8    § 21.311).

9          Plaintiffs propose that the notice plan adopted and approved by the Court include:

10   (1) direct notice given by mail or email to each class member who can be identified by reasonable

11   effort;[3]  (2) a summary notice published in the national edition of *The Wall Street Journal*; and

12   (3) the posting of both forms of notice on a public website maintained by the Class Administrator.

13   This is the same plan of notice that the Court approved with the Chunghwa settlement.  Fastiff

14   Decl., ¶ 10.

15         The content of the proposed Class Notice, which consists of a summary notice and

16   a long form notice, fully complies with due process and Rule 23.  (The proposed summary and

17   long form notices are attached hereto as Exhibits A and B, and to the accompanying proposed

18   order granting preliminary approval.)  It provides the definition of the classes, describes the

19   nature of the action, including the class claims, and explains the procedure for making comments

20   and objections.  The Class Notice describes the terms of the Settlements with Epson and

21   Chunghwa, and informs class members that there is no plan of distribution at this time.  The Class

22   Notice provides the date, time, and place of the final approval hearing, and informs class

23   members that they may enter an appearance through counsel.  The Class Notice also informs class

24   members how to exercise their rights and make informed decisions regarding the proposed

25   _____

26   [3] The settlement requires Epson to provide the names and addresses of putative class members, to
     the extent that information is reasonably available to Epson.  Agreement, ¶ 9.  Epson has already
     provided such a list to Plaintiffs' counsel. Fastiff Decl., ¶ 10.  In addition, Plaintiffs have

27   requested from the non-settling defendants a list of all of their customers who are potential class
     members.  Such lists will facilitate the dissemination of "the best notice practicable under the

28   circumstances." Fed. R. Civ. P. 23(c)(2)(B).

Settlements, and tells them that if they do not opt-out, the judgment will be binding upon them. The Class Notice further informs the class about the payment of attorneys' fees and costs to Class Counsel. This easily meets the standards for Class Notice. *See, e.g.*, *Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards).

## VI.    PROPOSED PLAN OF ALLOCATION

A plan of allocation of class settlement funds is subject to the "fair, reasonable and adequate" standard that applies to approval of class settlements. *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001). "A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable." *In re Oracle Sec. Litig.*, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994). Here, Plaintiffs propose that settlement funds be allocated based on the dollar value of each class member's TFT-LCD product purchases in proportion to the total claims filed. Such *pro rata* distributions are "cost-effective, simple and fundamentally fair." *In re Airline Ticket Comm'n Antitrust Litig.*, 953 F. Supp. 280, 285 (D. Minn. 1997). The value of computing a more precise allocation would be outweighed by the administrative expense in doing so. Thus, the allocation plan is fair, reasonable, and adequate.

As with the Chunghwa settlement, Plaintiffs propose that distribution of settlement funds be deferred until the termination of the case, when there might be additional funds to distribute, because piecemeal distribution of each settlement is expensive, time-consuming, and likely to cause confusion to class members. Until that time, the settlement funds will accrue interest for the benefit of the class. Deferring allocation of settlement funds is a common practice in cases where claims against other defendants remain. *See Manual* § 21.651.

## VII.    ATTORNEYS' FEES AND COSTS

The Agreement states that Class Counsel may apply to the Court for reimbursement of litigation expenses incurred and to be incurred, out of the settlement fund, and Epson has agreed not to oppose any such request. Agreement, ¶ 23. Prior to the final approval hearing, Plaintiffs and their counsel will move for the creation of a litigation expense fund in the amount of $3 million for the payment of litigation expenses that have been incurred, and will be

incurred, in prosecuting this case. Of course, any unused portion of that fund will be distributed to the class. Such litigation expense funds have been established and approved in other class actions. *See, e.g.*, *Newby v. Enron Corp.*, 394 F.3d 296, 303 (5th Cir. 2004) (affirming approval of class settlement where $15 million of settlement proceeds were used to create a litigation expense fund); *In re Cal. Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal. 1997) (approving class counsel's request for a $1.5 million litigation fund "[b]ecause the remainder of the case appears to have potential value for the class"). Plaintiffs' request for a litigation expense fund is explained in the proposed Class Notice.

## VIII. THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE

The last step in the settlement approval process is the final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement. At that hearing, proponents of the settlement may explain and describe its terms and conditions and offer argument in support of settlement approval and members of the settlement class, or their counsel, may be heard in support of or in opposition to the settlement. Plaintiffs propose the following schedule for final approval of the settlement:

| | Deadline | Action |
|---|---|---|
| 1. | Date to be set after preliminary approval is granted | Mailing and publication of Class Notice |
| 2. | 60 days after the mailing of notice | Last day for settlement class members to opt-out of the settlement and any class member to file objections to the settlement |
| 3. | 30 days after Settling Defendants receive list of opt-outs | Last day for Settling Defendants to rescind settlement |
| 4. | 15 days after last day for Settling Defendant to Rescind Settlement | Final Settlement Approval Hearing/Fairness Hearing |

## IX. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court: (1) certify the proposed Epson settlement class; (2) grant preliminary approval of the class settlement with Epson; and (3) establish a deadline for class members to exclude themselves from the settlement,

1    a deadline to submit any objections to the settlement, and a final approval hearing date.

2

3    Dated:  July 12, 2010                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

4                                            By:        /s/ Richard M. Heimann
                                                        Richard M. Heimann

5                                            Joseph R. Saveri
                                             Michele C. Jackson
6                                            Eric B. Fastiff
                                             Brendan P. Glackin
7                                            Jordan Elias
                                             Andrew S. Kingsdale
8                                            275 Battery Street, 29th Floor
                                             San Francisco, CA 94111-3339
9                                            Telephone:     (415) 956-1000
                                             Facsimile:     (415) 956-1008
10

11                                           PEARSON, SIMON, WARSHAW & PENNY, LLP

12                                           By:        /s/ Bruce L. Simon
                                                        Bruce L. Simon
13
                                             Daniel L. Warshaw
14                                           Jonathan M. Watkins
                                             Jessica L. Grant
15                                           Esther L. Klisura
                                             44 Montgomery Street, Suite 2450
16                                           San Francisco, CA 94104
                                             Telephone:     (415) 433-9000
17                                           Facsimile:     (415) 433-9008

18                                           Class Counsel for the Direct Purchaser Plaintiff Class

19

20           Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the

21    filing of this document has been obtained from Bruce L. Simon.

22                                           Daniel C. Girard
                                             Elizabeth C. Pritzker
23                                           GIRARD GIBBS LLP
                                             601 California Street, 14th Floor
24                                           San Francisco, CA 94108
                                             Telephone:     (415) 981-4800
25                                           Facsimile:     (415) 981-4846

26                                           Liaison Counsel for the Direct Purchaser Plaintiff Class

27

28

1   H. Laddie Montague
    Ruthanne Gordon
2   BERGER & MONTAGUE, P.C.
    1622 Locust Street
3   Philadelphia, PA 19103
    Telephone:      (215) 875-3000
4   Facsimile:      (215) 875-4604

5   Joseph J. Tabacco, Jr.
    Christopher T. Heffelfinger
6   BERMAN DEVALERIO
    One California Street, Suite 900
7   San Francisco, CA 94111
    Telephone:      (415) 433-3200
8   Facsimile:      (415) 433-6382

9   Manuel Juan Dominguez
    BERMAN DEVALERIO
10  222 Lakeview Avenue, Suite 900
    West Palm Beach, FL 33401
11  Telephone:      (561) 835-9400
    Facsimile:      (561) 835-0322
12
    Anthony J. Bolognese
13  BOLOGNESE & ASSOCIATES, LLC
    1617 JFK Boulevard, Suite 650
14  Philadelphia, PA 19103
    Telephone:      (215) 814-6750
15  Facsimile:      (215) 814-6764

16  Peter S. Pearlmann
    Jeffrey W. Herrmann
17  COHN LIFLAND PEARLMAN HERRMANN
      & KNOPF LLP
18  Park 80 Plaza West-One
    Saddle Brook, NJ 07663
19  Telephone:      (201) 845-9600
    Facsimile:      (201) 845-9423
20
    Kevin B. Love
21  CRIDEN & LOVE, P.A.
    7301 Southwest 57th Court, Suite 515
22  South Miami, FL 33143
    Telephone:      (305) 357-9000
23  Facsimile:      (305) 357-9050

24  Steven A. Kanner
    Douglas A. Millen
25  FREED KANNER LONDON & MILLEN LLC
    2201 Waukegan Road, Suite 130
26  Bannockburn, IL 60015
    Telephone:      (224) 632-4500
27  Facsimile:      (224) 632-4519

28

879021.3

- 12 -

1    Stephen M. Garcia
     GARCIA LAW FIRM
2    One World Trade Center, Suite 1950
     Long Beach, CA 90831
3    Telephone:    (562) 216-5270
     Facsimile:    (562) 216-5271
4
     Anthony D. Shapiro
5    George W. Sampson
     HAGENS BERMAN SOBOL SHAPIRO LLP
6    1301 Fifth Avenue, Suite 2900
     Seattle, WA 98101
7    Telephone:    (206) 623-7292
     Facsimile:    (206) 623-0594
8
     Michael P. Lehmann
9    HAUSFELD LLP
     44 Montgomery Street, Suite 3400
10   San Francisco, CA 94104
     Telephone:    (415) 633-1908
11
     Vincent J. Esades
12   HEINS MILLS & OLSON PLC
     3550 IDS Center
13   80 South Eighth Street
     Minneapolis, MN 55402
14   Telephone:    (612) 338-4605
     Facsimile:    (612) 338-4692
15
     Robert N. Kaplan
16   KAPLAN FOX & KILSHEIMER LLP
     850 Third Avenue, 14th Floor
17   New York, NY 10022
     Telephone:    (212) 687-1980
18   Facsimile:    (212) 687-7714
19
     Joseph C. Kohn
     William E. Hoese
20   KOHN, SWIFT & GRAF, P.C.
     One South Broad Street, Suite 2100
21   Philadelphia, PA 19107
     Telephone:    (215) 238-1700
22   Facsimile:    (215) 238-1968
23
     Howard J. Sedran
24   LEVIN FISHBEIN SEDRAN & BERMAN
     510 Walnut Street, Suite 500
     Philadelphia, PA 19106-3697
25   Telephone:    (215) 592-1500
     Facsimile:    (215) 592-4663
26

27

28

MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT WITH THE EPSON DEFS; MPA ISO
MASTER FILE NO. M07-1827 SI; MDL NO. 1827

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:      (612) 339-6900
Facsimile:      (612) 339-0981

Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL
    & SKIRNICK, P.C.
Architects Building
117 South 17th Street, 22nd Floor
Philadelphia, PA 19103
Telephone:      (215) 564-5182
Facsimile:      (215) 569-0958

Harry Schulman
THE MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901
Telephone:      (415) 455-1326
Facsimile:      (415) 455-1327

Scott Emblidge
Sylvia Sokol
MOSCONE, EMBLIDGE & SATER, LLP
220 Montgomery Street
Mills Tower, Suite 2100
San Francisco, CA 94104
Telephone:      (415) 362-3599
Facsimile:      (415) 362-2006

Linda P. Nussbaum
NUSSBAUM LLP
88 Pine Street
New York, NY 10005
Telephone:      (212) 838-7797

Gregory L. Russell
PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower
10900 NE Fourth Street
Bellevue, WA 98004-8341
Telephone:      (425) 462-4700
Facsimile:      (425) 451-0714

- 14 -

P. John Brady
Daniel D. Owen
POLSINELLI SHUGHART, PC
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1600
Kansas City, MO 64105
Telephone:      (816) 421-3355
Facsimile:      (816) 374-0509

Garrett D. Blanchfield
REINHARDT WENDORF & BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone:      (651) 287-2100
Facsimile:      (651) 287-2103

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:      (415) 217-6810
Facsimile:      (415) 217-6813

Eugene A. Spector
SPECTOR ROSEMAN & KODROFF PC
1818 Market Street, Suite 2500
Philadelphia, PA 19102
Telephone:      (215) 496-0300
Facsimile:      (215) 496-6611

*Counsel for Direct Purchaser Plaintiff Class*