IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES | **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER THE COURT'S CLASS CERTIFICATION ORDERS IN LIGHT OF *DUKES v. WAL-MART STORES, INC.*** |

Defendants have filed a motion for leave to file a motion to reconsider the Court's class certification orders in light of *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc). In *Dukes*, the Ninth Circuit clarified the standard governing a district court in considering a Rule 23 motion for class certification. The *Dukes* court stated, *inter alia*, that district courts "must [] perform a rigorous analysis to ensure that the prerequisites of Rule 23 have been satisfied, and this analysis will often, though not always, require looking behind the pleadings to issues overlapping with the merits of the underlying claims." *Id*. at 593. Defendants assert that reconsideration is warranted because the Court did not require plaintiffs to prove that the predominance standard is actually met, and instead applied a more lenient "sufficient showing" standard. In particular, defendants contend that the Court was required to resolve the parties' "battle of expert testimony" concerning predominance issues.

The Court finds that reconsideration is not warranted because the Court conducted a rigorous analysis to ensure that all of the prerequisites of Rule 23 have been satisfied. With regard to the expert testimony, the Court was satisfied that plaintiffs' experts had sufficiently shown that antitrust injury could be proven on a class-wide basis. The Court did not, as defendants suggest, find "that an expert's

testimony may establish a component of a Rule 23 requirement simply by being not fatally flawed." *In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006) ("*IPO*"). To the contrary, the Court found that plaintiffs' experts' regression and correlation analyses were supported by evidence and were the type of analyses that had been accepted by courts as a means of proving antitrust injury and damages on a class-wide basis. The Court also addressed defendants' criticisms of the expert analyses. Based upon this assessment, the Court found that plaintiffs had shown that class certification was appropriate. *Dukes* and *IPO* do not require that district courts resolve every factual dispute raised by the parties during class certification. Instead, as the *Dukes* court stated when it reiterated that "the explanation we provide today is not a new standard at all. . . . A district court must sometimes resolve factual issues related to the merits to properly satisfy itself that Rule 23's requirements are met, but the purpose of the district court's inquiry at this stage remains focused on, for example, common questions of law or fact under Rule 23(a)(2), or predominance under Rule 23(b)(3), not the proof of answers to those questions or the likelihood of success on the merits." *Dukes*, 603 F.3d at 590.

Accordingly, the Court DENIES defendants' motion for leave to file a motion for reconsideration. (Docket No. 1831).

**IT IS SO ORDERED.**

Dated: July 16, 2010

SUSAN ILLSTON
United States District Judge