IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION_____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br><br>_____/ | **ORDER CLARIFYING ORDER CERTIFYING DIRECT PURCHASER CLASSES RE: GEOGRAPHIC SCOPE AND CLASS REPRESENTATIVES** |

Defendants have filed a motion for leave to file a motion for reconsideration of the order certifying direct purchaser classes. Defendants assert that the order must be clarified in two respects. First, defendants assert that each of the class definitions should be modified by inserting the words "in the United States" after the words "a TFT-LCD panel." The Court finds it appropriate to insert this language, as it was the intent of the order to certify a class of persons or entities that made direct purchases in the United States.

Second, defendants state that the order should explicitly state which plaintiffs represent the panel class and which plaintiffs represent the product class. The Court agrees with defendants that only those named plaintiffs that purchased panels may represent the panel class, and that only those named plaintiffs that purchased televisions, monitors or laptops may represent the product class. The Court hereby modifies the class certification order to state that Texas Digital Systems, Inc. represents the panel

class, and the other named plaintiffs represent the product class. (Docket No. 1832).[1]

**IT IS SO ORDERED.**

Dated: July 16, 2010

SUSAN ILLSTON
United States District Judge

---

[1] If plaintiffs assert that Univisions-Crimson Holding, Inc. is an adequate class representative for the panel class, plaintiffs may file a motion to amend the class certification order to add UCH has a representative for that class.