Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
bsimon@pswplaw.com
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA  94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827 SI<br><br>MDL No. 1827<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF DIRECT PURCHASER CLASS SETTLEMENT WITH DEFENDANTS EPSON IMAGING DEVICES CORPORATION AND EPSON ELECTRONICS AMERICA, INC.**<br><br>Date:   July 14, 2010<br>Time:  10:00 a.m.<br>Ctrm:  10, 19th Floor<br><br>The Honorable Susan Illston |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | |

On July 12, 2010, the Direct Purchaser Plaintiffs filed a Motion for Preliminary Approval of Class Settlement with Defendants Epson Imaging Devices Corporation and Epson Electronics America, Inc. (collectively, "Epson"). The Court, having reviewed the motion, the LCD Direct-Purchaser Class Settlement Agreement (hereinafter "Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2.   The Court hereby gives its preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the settlement (the "Fairness Hearing").

3.   Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following class for settlement purposes only:

> All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a TFT-LCD Product in the United States from any defendant or any subsidiary or named affiliate thereof, or any named co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries, named affiliates, any named co-conspirators, all governmental entities, and any judicial officers presiding over this action and the members of his/her immediate family and judicial staff.

4.   The Court further provisionally finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that:

   a.   there are thousands of geographically dispersed class members, making joinder of all members impracticable;

   b.   there are questions of law and fact common to the class which predominate over individual issues;

   c.   the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class;

1         d.      the plaintiffs will fairly and adequately protect the interests of the
2 class, and have retained counsel experienced in antitrust class action litigation who have, and will
3 continue to, adequately represent the class; and

4         e.      a class action is superior to individual actions.

5       5.      The Court finds that the settlement falls within the range of possible
6 approval. The Court further finds that there is a sufficient basis for notifying the class of the
7 proposed settlement, and for enjoining class members from proceeding in any other action
8 pending the conclusion of the Fairness Hearing.

9       6.      The Court appoints plaintiffs A.M. Photo & Imaging Center, Inc., CMP
10 Consulting Services, Inc., Crago, Inc., Home Technologies Bellevue LLC, Nathan Muchnick,
11 Inc., Omnis Computer Supplies, Inc., Orion Home Systems, LLC, Royal Data Services, Inc.,
12 Texas Digital Systems, Inc., Univisions-Crimson Holding, Inc., and Weber's World Company as
13 representatives of the settlement class.

14       7.      The Court appoints Bruce Simon of Pearson, Simon, Warshaw & Penny,
15 LLP and Richard Heimann of Lieff, Cabraser, Heimann & Bernstein, LLP to serve as Class
16 Counsel for the settlement class.                                       @ 4 p.m.

17       8.      The Court will conduct a Fairness Hearing on __Feb. 17__, 2011. The
18 Fairness Hearing will be conducted to determine the following:

19         a.      Whether the proposed settlement is fair, reasonable, and adequate
20 and should be granted final approval;

21         b.      Whether final judgment should be entered dismissing the claims of
22 the class against Epson with prejudice as required by the Settlement Agreement; and

23         c.      Such other matters as the Court may deem appropriate.

24       9.      To avoid the possible duplication of class notices, notice of the settlement
25 to members of the class shall be combined with the Chunghwa settlement notice, and the litigated
26 classes notice.

27       10.      The Court appoints Rust Consulting as the Claims Administrator.
28

1        11.     Within 30 days of this Order, the Claims Administrator shall send class
2   notice substantially in the form attached hereto as Exhibit A to all members of the class who can
3   be identified by reasonable effort.  Such notice shall be sent either by first class U.S. mail postage
4   prepaid or by e-mail.  Within 30 days of this Order, the Claims Administrator shall cause class
5   notice substantially in the form of Exhibit B hereto to be published in the national edition of *The*
6   *Wall Street Journal*.  The date of publication in *The Wall Street Journal* shall be the "Notice
7   Date."  The Claims Administrator shall also cause a copy of the class notices and settlement
8   agreement to be posted on the internet at a readily accessibly website created specially for
9   purposes of this litigation.

10       12.     The Court finds that notice and form of dissemination of notice to the
11  Litigation Classes and the Chunghwa and Epson Settlement Classes constitute valid, due and
12  sufficient notice to the Classes, constitute the best notice available under the circumstances, and
13  comply fully with the requirements of the Federal Rules of Civil Procedure.

14       13.     Each class member shall have the right to be excluded from the settlement
15  class by mailing a request for exclusion to the Claims Administrator no later than 60 days after
16  the Notice Date.  Requests for exclusion must be in writing and set forth the name and address of
17  the person or entity who wishes to be excluded, as well as all trade names or business names and
18  addresses used by such person or entity, and must be signed by the class member seeking
19  exclusion.  No later than 70 days after the Notice Date, Class Counsel shall file with the Court a
20  list of all persons and entities who have timely requested exclusion from the settlement class.

21       14.     Any class member who does not properly and timely request exclusion
22  from the settlement class shall, upon final approval of the settlement, be bound by the terms and
23  provision of the settlement so approved, including but not limited to the releases, waivers, and
24  covenants described in the agreement, whether or not such person or entity objected to the
25  settlement and whether or not such person or entity makes a claim upon the settlement funds.

26       15.     Any class member who does not timely exclude itself from the class shall
27  have the right to object to the settlement by filing written objections with the Court no later than
28  60 days after the notice date, copies of which shall be served on all counsel listed in the class

884918.2                              - 4 -                [PROPOSED] ORDER GRANTING PRELIMINARY
                                                           APPROVAL OF CLASS SETTLEMENT
                                                           WITH EPSON DEFS
                                                           CASE NO. 3:07-MD-1827 SI

1  notice. Failure to timely file and serve written objections will preclude a class member from
2  objecting to the class settlement.
3     16. Any class member who does not timely exclude itself from the class shall
4  have the right to appear at the Fairness Hearing and address the Court.
5     17. All briefs, memoranda and papers in support of final approval of the
6  settlement shall be filed no later than 14 days before the Fairness Hearing.
7     18. All further direct purchaser class proceedings as to Epson are hereby stayed
8  except for any actions required to effectuate the settlement.
9     19. The Court retains exclusive jurisdiction over this action to consider all
10  further matters arising out of or connected with the settlement.
11     IT IS SO ORDERED.

13  Dated: _____    _____
14              HON. SUSAN ILLSTON
             UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a TFT-LCD Panel or Product Directly from a Manufacturer, a Class Action Lawsuit May Affect You.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- A class action lawsuit brought by, and on behalf of, direct purchasers of thin film transistor-liquid crystal display ("TFT-LCD") panels and certain products containing those panels is currently pending.  Plaintiffs allege that, beginning as early as January 1, 1996 and continuing through December 2006, Defendants and Co-Conspirators (identified below on Page 3) engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of TFT-LCD panels and certain products containing those panels in violation of federal antitrust laws.  Plaintiffs allege that, as a result of the unlawful conspiracy, they and other direct purchasers paid more for TFT-LCD panels and certain products containing those panels than they would have paid absent the conspiracy.  Defendants deny Plaintiffs' allegations.

- Settlements have been reached with Defendants Chunghwa Picture Tubes Ltd. ("Chunghwa") , Epson Imaging Devices Corporation and Epson Electronics America, Inc. (collectively "Epson"), and the Court has certified separate Settlement Classes of direct purchasers who may share in each of these settlements.  Chunghwa and Epson are together referred to as the "Settling Defendants."

- The litigation is continuing against the Non-Settling Defendants.  The Court certified two Litigation Classes, composed of direct purchasers of TFT-LCD panels and certain products containing those panels, respectively.  There are four Classes: two Litigation Classes and two Settlement Classes.

- Your legal rights will be affected whether you act or don't act.  **This Notice includes information on the settlements and the litigation.**  Please read the entire Notice carefully.

| **These rights and options—and the deadlines to exercise them—are explained in this Notice.** | |
|---|---|
| You do not have to take any action now to remain part of the continuing litigation.  You will also remain eligible to submit a claim at a later date to receive money from the two settlements. | *See* Questions 8 and 15 |
| You can object to or comment on the settlements. | *See* Question 15 |
| You can exclude yourself from the settlements and/or the continuing litigation. | *See* Questions 8 and 15 |

- The Court in charge of this case still has to decide whether to approve each of the settlements.  The case against the Non-Settling Defendants continues.

For more information, call 1-800-000-0000 or visit www.tftlcdclassaction.com.

1

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** …………………………………………………………………………………**PAGE 3**
        1.      Why did I get this notice?
        2.      Which TFT-LCD manufacturers are part of this litigation?
        3.      What is this litigation about?
        4.      Why is the litigation continuing if there are settlements?
        5.      What is a TFT- LCD?
        6.      Why is this a class action?

**THE LITIGATION CLASSES**……………………………………………………………………………**PAGE 4**
        7.      How do I know if I'm part of the Litigation Classes?
        8.      What rights do I have as part of the Litigation Classes?
        9.      How and when will the Court decide who is right?
       10.     Will I get benefits after the trial?

**THE SETTLEMENT CLASSES** ……………………………………………………………………………**PAGE 5**
       11.     How do I know if I'm part of the Settlement Classes?
       12.     Can I be in more than one class?
       13.     What do the settlements provide?
       14.     When can I get a payment?
       15.     What are my rights as part of the Settlement Classes?
       16.     What benefits do I receive by staying in the Settlement Classes?
       17.     When and where will the Court decide whether to approve the settlements?
       18.     Do I need to come to the hearing?
       19.     May I speak at the hearing?

**THE LAWYERS REPRESENTING YOU** ……………………………………………………………………..**PAGE 7**
       20.     Do I have a lawyer in the case?
       21.     How will the lawyers be paid?

**GETTING MORE INFORMATION** …………………………………………………………………………**PAGE 7**
       22.     How do I get more information?

## BASIC INFORMATION

| 1. Why did I get this notice? |
|---|

You or your company may have directly purchased TFT-LCD panels or certain products containing those panels between 1996 and 2006. A direct purchaser is a person or business who bought a TFT-LCD panel, or a television, computer monitor, or notebook computer containing a TFT-LCD panel, directly from one or more of the Defendants, Co-Conspirators, Affiliates, or Subsidiaries themselves, as opposed to an intermediary.

You have the right to know about this litigation and about your legal rights and options before the Court decides whether to approve the settlements with the Settling Defendants, and before the case is resolved with respect to the Non-Settling Defendants.

This package explains the litigation, the two settlements, and your legal rights. It also explains what benefits are available, who is eligible for them, and how to get them.

The Court supervising the case is the United States District Court for the Northern District of California. The case is called *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Multi-District Litigation No. 1827. The people who sued are called Plaintiffs, and the companies they sued are called Defendants.

| 2. Which TFT-LCD manufacturers are part of this litigation? |
|---|

The Defendant companies, and the companies alleged by Plaintiffs to be subsidiaries and affiliates of the Defendant companies, are: Acer Display Technology, Inc., AU Optronics Corporation, AU Optronics Corporation America, Chi Mei Corporation, Chi Mei Optoelectronics Corporation, Chi Mei Optoelectronics USA, Inc. (formerly known as International Display Technology U.S.A., Inc.), Chunghwa Picture Tubes, Ltd., CMO Japan Co., Ltd. (formerly known as International Display Technology Ltd.), Epson Electronics America, Inc., Epson Imaging Devices Corporation, Fujitsu Limited, Hannspree Inc., HannStar Display Corporation, Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi, Ltd., International Business Machines Corporation, LG Display America, Inc., LG Display Co., Ltd., LG Electronics, Inc., LG Electronics USA, Inc., Koninklijke Philips Electronics N.V. (also known as Royal Philips Electronics), Mitsui & Co. (Taiwan), Inc., Nexgen Mediatech, Inc., Nexgen Mediatech USA, Inc., Philips Consumer Electronics, Philips Electronics North America, Quanta Display Inc., S-LCD, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Ltd., Sanyo Consumer Electronics Co., Sharp Corporation, Sharp Electronics Corporation, Tatung Company of America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., Toshiba Corporation, and Toshiba Matsushita Display Technology Co., Ltd., and Unipac Optoelectronics Corporation. The Defendants deny that all of the other companies herein are their subsidiaries and/or affiliates.

The Plaintiffs allege that the following companies are Co-Conspirators: Hydis Technologies Co., Ltd., IPS Alpha Technology, Ltd., Mitsubishi Electric Corporation, Mitsui & Co., Ltd., NEC LCD Technologies, Ltd., Panasonic Corporation (formerly known as Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America (formerly known as Matsushita Electric Corporation of America), Sanyo Electric Company, Ltd., Sanyo North America Corporation, and Seiko Epson Corporation.

| 3. What is this litigation about? |
|---|

The lawsuit alleges that Defendants and Co-Conspirators conspired to raise and fix the prices of TFT-LCD panels and certain products containing those panels for over a decade, resulting in overcharges to purchasers of those panels and products. The complaint describes how the Defendants and Co-Conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of, various sizes of TFT-LCD panels and the finished products that contained them. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

| 4. Why is the litigation continuing if there are settlements? |
|---|

Only two of the Defendants have agreed to settle the litigation. The remaining Defendants, called the Non-Settling Defendants, have not agreed to settle—so the litigation is continuing against them. Additional money may become available in the future as a result of additional settlements and/or a trial, but there is no guarantee this will happen.

| 5. What is a TFT-LCD? |
|---|

A TFT-LCD is a display technology used in flat panel televisions as well as in computer monitors, notebook computers, mobile phones, personal digital assistants, and other devices.

| 6. Why is this a class action? |
|---|

In a class action, one or more people and/or companies, called class representatives, sue on behalf of people and companies who have similar claims. Together, they make up a class.

## THE LITIGATION CLASSES

| 7. How do I know if I am part of the Litigation Classes? |
|---|

The Court certified the following Litigation Classes for purposes of litigation and trial:

> [Panel Class:]  All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a TFT-LCD panel in the United States from any defendant or any subsidiary thereof, or any named affiliate or any named co-conspirator. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and the named affiliates and co-conspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

> [Product Class:] All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a television, computer monitor, or notebook computer in the United States containing a TFT-LCD panel, from any defendant or any subsidiary thereof, or any named affiliate or any named co-conspirator. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and the named affiliates and co-conspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

You may be a member of one or more of the four classes described in this Notice (*see* Question 12). Similarly, you may also be a member of the indirect purchaser classes that have also been certified by the Court. An indirect purchaser is someone who purchased a TFT-LCD panel or product containing a TFT-LCD panel through an intermediary such as a distributor, wholesaler, or retailer that is not named as a Defendant, Co-Conspirator, Subsidiary, or Affiliate specifically named in the response to Question 2 above. The website, www.tftlcdclassaction.com, contains information on both the direct and indirect purchaser classes.

Accordingly, you are part of the Panel Class if you meet all of the following criteria:
- You purchased a TFT-LCD panel as a stand alone item – not incorporated into another product;
- You purchased the TFT-LCD panel in the United States;
- You purchased the TFT-LCD panel from one of the Defendants, Subsidiaries, Affiliates, or Co-Conspirators specifically named in the response to Question 2 above, meaning that you did not purchase the TFT-LCD panel from a retailer, wholesaler, or distributor who was not one of the Defendants, Subsidiaries, Affiliates, or Coconspirators specifically named in the response to Question 2 above;
- You purchased the TFT-LCD panel between January 1, 1999 and December 31, 2006; and
- You are not:
    - a Defendant, Subsidiary, Affiliate, or Coconspirator named in the response to Question 2 above;
    - an officer, director, or employee of a Defendant in this action;
    - the parent company of a Defendant in this action;
    - the legal representative, heirs or assigns of any Defendant in this action;
    - a federal, state or local governmental entity;
    - a member of the staff or immediate family of a judge assigned to this action; and
    - a juror assigned to this action.

Alternatively, you are part of the Product Class if you meet all of the following criteria:
- You purchased a television, computer monitor, or notebook computer containing TFT-LCD panel;
- You purchased the television, computer monitor, or notebook computer in the United States;
- You purchased the television, computer monitor, or notebook computer directly from one of the Defendants, Subsidiaries, Affiliates, or Coconspirators specifically named

in the response to Question 2 above, meaning that you did not purchase the television, computer monitor, or notebook computer from a retailer, wholesaler, or distributor who was not one of the Defendants, Subsidiaries, Affiliates, or Co-Conspirators specifically named in the response to Question 2 above;
- You purchased the television, computer monitor, or notebook computer between January 1, 1999 and December 31, 2006; and
- You are not:
    o   a Defendant, Subsidiary, Affiliate, or Coconspirator named in the response to Question 2 above;
    o   an officer, director, or employee of a Defendant in this action;
    o   the parent company of a Defendant in this action;
    o   the legal representative, heirs or assigns of any Defendant in this action;
    o   a federal, state or local governmental entity;
    o   a member of the staff or immediate family of a judge assigned to this action; and
    o   a juror assigned to this action.

### 8.  What are my rights as part of the Litigation Classes?

**Remain in the Litigation Classes:**  If you wish to remain in the Litigation Classes, you do not need to take any action at this time.  If there is a recovery from the Non-Settling Defendants, a further notice will be provided.  The Court will determine whether or how you may receive a recovery at a later time.

**Exclude yourself from the Litigation Classes:**  If you wish to keep your individual right to sue the Non-Settling Defendants over the claims in this case, you must exclude yourself.  To exclude yourself from the Litigation Classes, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you want to be excluded from the Direct Purchaser Litigation Classes in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827; and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2010**, to:

LCD Class Action
5210 Hood Road
Palm Beach Gardens, FL 33418

Unless you exclude yourself, you give up the right to sue the Non-Settling Defendants for the claims asserted in this litigation.  If you have a pending lawsuit involving these claims, please speak with your lawyer immediately.  You must exclude yourself from the Litigation Classes to continue your own lawsuit.

### 9.  How and when will the Court decide who is right?

Unless Plaintiffs reach settlements with every Defendant, Plaintiffs will have to prove their claims at a trial.  The trial has not yet been scheduled.  Check the website at www.tftlcdclassaction.com to be kept informed of the trial schedule.  If there is a trial, a jury will hear all of the evidence and

For more information, call 1-800-000-0000 or visit www.tftlcdclassaction.com.

then decide whether the Plaintiffs have proven their claims in this litigation. There is no guarantee that the Plaintiffs will win or that they will receive any money for the Classes.

| 10. Will I get money after the trial? |
|---|

If the Plaintiffs obtain money as a result of a future settlement or trial verdict, a further notice will be provided. To ensure that you receive all future notices, please register at www.tftlcdclassaction.com. Important information about the case will also be posted on this website.

## THE SETTLEMENT CLASSES

| 11. How do I know if I am part of the Settlement Classes? |
|---|

The Court has certified the following Settlement Classes:

> Chunghwa Settlement Class
> All persons and entities who, between January 1, 1996 and December 11, 2006, directly purchased a TFT-LCD Product in the United States from any defendant or any subsidiary or affiliate thereof, or any co-conspirator listed in the Notice. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

For purposes of the Chunghwa Settlement Class only, "TFT-LCD Product" means TFT-LCD panels and products containing TFT-LCD panels.

> Epson Settlement Class
> All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a TFT-LCD Product in the United States from any defendant or any subsidiary or named affiliate thereof, or any named co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries, named affiliated, any named co-conspirators, all governmental entities, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

For purposes of the Epson Settlement Class only, "TFT-LCD Product" means TFT-LCD panels and televisions, computer monitors, and notebook computers containing TFT-LCD panels. You may be a member of one, any, or all of the two Litigation Classes and the two Settlement Classes described in this Notice (*see* Question 12).

| 12. Can I be in more than one class? |
|---|

Yes. You are allowed to be in more than one class. The two Litigation Classes and the two Settlement Classes are similar in that they include individuals and entities that directly purchased TFT-LCD panels and/or certain products containing those panels from one or more Defendants. The primary differences between the classes are the types of products covered and the dates on

which the class periods begin and end.  Use this chart to help determine which class you may be a part of:

| Class | Date of Purchase | Product Purchased |
|---|---|---|
| Litigation Panel Class | January 1, 1999 – December 31, 2006 | TFT-LCD panel |
| Litigation Product Class | January 1, 1999 – December 31, 2006 | Television containing TFT-LCD panel; computer monitor containing TFT-LCD panel; notebook computer containing TFT-LCD panel |
| Chunghwa Settlement Class | January 1, 1996 – December 11, 2006 | Any TFT-LCD panel or product containing TFT-LCD panel |
| Epson Settlement Class | January 1, 1999 – December 31, 2006 | Any TFT-LCD panel and televisions, computer monitors, and notebook computers containing TFT-LCD panels |

### 13. What do the settlements provide?

Chunghwa will pay $10,000,000 (plus interest) to the Chunghwa Settlement Class, and Epson will pay $7,000,000 (plus interest) to the Epson Settlement Class.  The attorneys will ask the Court to permit up to $3 million of the combined Settlement Fund to pay for costs incurred in the litigation.

More details can be found in the Settlement Agreements themselves, which are available at www.tftlcdclassaction.com.

### 14. When can I get a payment?

No money will be distributed to the Members of either Settlement Class at this point.  The attorneys will pursue the litigation against the Non-Settling Defendants.  All funds will be distributed to direct purchasers in the future, at the conclusion of the litigation or as ordered by the Court.

### 15. What are my rights as part of the Settlement Classes?

Remain in the Settlement Classes:  **If you wish to remain in the Settlement Classes, you do not need to take any action at this time.**

Exclude yourself from the Settlement Classes:  If you wish to keep your right to sue either or both of the Settling Defendants about the claims in this case, you must exclude yourself from the appropriate Settlement Class.  You will not get any money from the Epson or Chunghwa

settlements if you exclude yourself from the Settlement Classes and there is a distribution of funds. You may exclude yourself from one or both of the Settlement Classes.

To exclude yourself from one or both of the Settlement Classes, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement that you want to be excluded from one or both direct purchaser Settlement Classes (please specify) in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827; and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2010**, to the address listed above under Question 8.

If you elect to stay in the Settlement Classes, you need not do anything now.  You will be eligible to file a claim and receive payment at a later point.  If you choose to exclude yourself from either the Chunghwa Settlement Class or the Epson Settlement Class, you will not be able to file a claim to receive any money from that particular settlement.  If you have a pending lawsuit against Chunghwa or Epson, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from the Settlement Class to continue your own lawsuit against Chunghwa or Epson.

<u>Remain in the Settlement Classes and object</u>:  If you have comments about, or disagree with, any aspect of the settlements, you may express your views by writing to the address listed above under Question 8.  The written response must include your name, address, telephone number, the case name and number (*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827), a brief explanation of your reasons for objecting, a statement of what TFT-LCD panels and/or products you purchased, when, and from whom, and your signature.  The response must be postmarked no later than **Month 00, 2010** and mailed to the address listed above under Question 8.  You will have no right to object to the settlements if you exclude yourself from the Settlement Classes.

### 16. What benefits do I receive by staying in the Settlement Classes?

If you remain in one or both of the Settlement Classes, you will be eligible to receive your share of the money secured through the settlements.  A claims process will be set up and administered in the future.  By remaining in one or both of the Settlement Classes, you also release your claims against one or both of the Settling Defendants.  Those releases (called "Release of Claims") include any causes of actions asserted, or which could have been asserted, in this litigation, as described more fully in each Settlement Agreement (available at www.tftlcdclassaction.com).  If you exclude yourself from the Settlement Classes, you may pursue your own case against the Settling Defendants, at your own expense.

### 17. When and where will the Court decide whether to approve the settlements?

The Court will hold a Fairness Hearing at <Time> on **Month 00, 2011**, at the United States District Court for the Northern District of California, Courtroom 10, 450 Golden Gate Avenue, San Francisco, California 94102.  The hearing may be moved to a different date or time without additional notice, so you should check www.tftlcdclassaction.com before making travel plans.  At

the Fairness Hearing, the Court will consider whether each of the settlements is fair, reasonable and adequate. The Court will also consider how much to pay Class Counsel **[and whether to approve litigation expenses *see* Question 13]**. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve each of the settlements. We do not know how long these decisions will take.

### 18. Do I need to come to the hearing?

No. Class Counsel will be prepared to answer any questions the Court may have at the hearing. However, you are welcome to attend the hearing at your own expense. If you send an objection or comment, you don't have to come to court to explain. As long as you mailed your written objection on time as set out in this Notice, the Court will consider it. You can also pay another lawyer to attend, but it's not required.

### 19. May I speak at the hearing?

Yes. However, you cannot speak at the hearing if you previously asked to be excluded from the settlements.

If you want your own lawyer instead of Class Counsel to speak on your behalf at the Final Approval Hearing, your lawyer must file a paper called a "Notice of Appearance" with the Court. The Notice of Appearance should include your name, address, telephone number; your lawyer's name, address, telephone number, and signature; and the name and number of the litigation (*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827). In the Notice of Appearance, your lawyer should state that he or she wishes to enter an appearance at the Fairness Hearing. The Notice of Appearance must be filed with the Clerk of the Court in the Northern District of California no later than **Month 00, 2010**.

## THE LAWYERS REPRESENTING YOU

### 20. Do I have a lawyer in this case?

Yes. The Court has appointed Pearson, Simon, Warshaw & Penny, LLP and Lieff, Cabraser, Heimann & Bernstein, LLP to represent you as Co-Lead Class Counsel in the Litigation and Settlement Classes. You do not have to separately pay Class Counsel. Class Counsel will be paid by asking the Court at a later time for a share of the settlement proceeds or recovery obtained. If you want to be represented by your own lawyer and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 21. How will the lawyers be paid?

Class Counsel will ask the Court at a later time for attorneys' fees not to exceed one-third of the $17,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the settlements. Class Counsel may seek additional attorneys' fees from any settlement or recovery obtained.

## GETTING MORE INFORMATION

| |
|---|
| **22. How do I get more information?** |

The Notice summarizes the litigation and the settlements.  You can learn more about the litigation and settlements by visiting www.tftlcdclassaction.com, calling 1-800-000-0000, or writing to LCD Class Action, P.O. 0000, City, ST 00000.

For more information, call 1-800-000-0000 or visit www.tftlcdclassaction.com.

11

# EXHIBIT B

# If You Bought a TFT-LCD Panel or a TFT-LCD Product,
## You May Be Affected by Class Action Litigation and Settlements.

───────────────────

TFT-LCD products include TVs, computer monitors and notebook computers that contain TFT-LCD panels

───────────────────

This notice is to alert you to a class action lawsuit involving TFT-LCD panels and TFT-LCD products. Thin film transistor-liquid crystal displays is a display technology used in products such as flat-panel TVs, computer monitors, notebook computers and other electronic products. The lawsuit was brought by, and on behalf of, direct purchasers of TFT-LCD panels and certain TFT-LCD products. "Direct" means that you bought a TFT-LCD panel or product directly from a Defendant, a co-conspirator, or a subsidiary or affiliate of a Defendant rather than from an intermediary such as a retail store.

The Court has certified two Litigation Classes in the lawsuit. Settlements have been reached with Chunghwa Picture Tubes Ltd. Epson Imaging Devices Corp., and Epson Electronics America, Inc. (together called the "Settling Defendants"). The litigation is continuing against the remaining Non-Settling Defendants, including: AU Optronics Corp.; Chi Mei Corp.; HannStar Display Corp.; Hitachi, Ltd.; LG Display Co. Ltd.; Mitsui & Co. (Taiwan), Ltd.; Samsung Electronics Co., Ltd.; Sharp Corp.; Sanyo Consumer Electronics Co., Ltd.; Toshiba Corp.; and certain subsidiaries.

This is a Summary Notice. Visit www.tftlcdclassaction.com for more information.

### What is the lawsuit about?

The lawsuit claims that the Defendants conspired to fix, raise, maintain or stabilize prices of TFT-LCD panels and certain TFT-LCD products, resulting in overcharges to people and companies who bought TFT-LCD panels and products containing TFT-LCD panels. The Defendants deny that they did anything wrong.

### The Litigation Class

*Who's included in the Direct Purchaser Litigation Classes?* Any person or business who, between 1999 and 2006, purchased a TFT-LCD panel, or a TV, computer monitor or notebook computer in the United States containing a TFT-LCD panel, directly from a Defendant, co-conspirator, or affiliate or subsidiary of a Defendant. A list of the specific Defendants, co-conspirators, affiliates, and subsidiaries is at www.tftlcdclassaction.com.

*What are my rights as a member of the Litigation Classes?*
- If you wish to remain in the Litigation Classes, you do not need to take any action at this time.
- If you wish to preserve your right to sue the Non-Settling Defendants about the claims in this case and avoid being bound by any judgment in this case, you must exclude yourself by Month 00, 2010. Instructions for excluding yourself from the Litigation Classes are at www.tftlcdclassaction.com.

Visit www.tftlcdclassaction.com for more details.

### The Settlement Classes

*Who's included in the Direct Purchaser Settlement Classes?* Any person or business who purchased a TFT-LCD panel or any product containing a TFT-LCD panel in the United States—not limited to TVs, computer monitors or laptops—directly from a Defendant, affiliate or co-conspirator between 1996 and December 11, 2006 is included in the Chunghwa Settlement Class. Any person or business who purchased a TFT-LCD panel or TV, computer monitor, or notebook computer containing a TFT-LCD panel in the United States directly from a Defendant, affiliate or co-conspirator between 1999 and December 31, 2006 is included in the Epson Settlement Class.

*What do the Settlements provide?* The Settling Defendants will collectively pay the two Direct Purchaser Settlement Classes $17 million. No money will be distributed to Class Members yet.

The Court has appointed attorneys to represent the Direct Purchaser Litigation Class. These attorneys will pursue the lawsuit against the Non-Settling Defendants. To reduce expenses, money made available as a result of any future settlements or judgments will be distributed with the funds from the Settlements described here.

*What are my rights as a member of the Settlement Classes?*

- If you wish to remain in the Settlement Classes, you do not need to take any action at this time.

- If you wish to preserve your right to sue a Settling Defendant over the claims in this case, you must exclude yourself from the appropriate Settlement Class by Month 00, 2010.

- Provided that you stay in a Settlement Class, you can object to it by Month 00, 2010.

The Settlement Agreements, along with details on how to object to them or to exclude yourself from the Settlement Classes, are available at www.tftlcdclassaction.com.

The Court will hold a hearing on Month 00, 2010, to consider whether to approve the Settlements. You or your lawyer may ask to appear and speak at the hearing at your own expense.

**For More Information:   1-800-000-0000   www.tftlcdclassaction.com   Text: LCD to xxxxx**