United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates To:<br>TRACFONE WIRELESS, INC.,<br>    Plaintiff,<br>  v.<br>AU OPTRONICS CORP., *et al.*,<br>    Defendants. | No. C 10-3205 SI<br>**ORDER GRANTING PLAINTIFF'S MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES THROUGH ITS U.S. COUNSEL** |

Plaintiff has filed a motion to a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).[1] The parties stipulated to submit the motion without oral argument, and accordingly the November 4, 2010 hearing on this motion is VACATED. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On May 4, 2010, plaintiff TracFone filed an individual complaint in the Southern District of Florida against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on

---

[1] The motion originally also sought to serve another foreign defendant, AU Optronics Corporation, through its U.S. counsel. After plaintiff filed the motion AU Optronics Corporation agreed to authorize its U.S. counsel to accept service of process.

United States District Court
For the Northern District of California

1 Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number
2 of actions and this Court's July 3, 2007 related case pretrial order #1, the case was transferred to this
3 District, and the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

4 Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to
5 the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague
6 Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention.
7 On May 13, 2010, plaintiff sent all defendants, including Chunghwa, requests to waive service of
8 summons. In a stipulation filed on July 26, 2010, 17 defendants stipulated to the waiver of service of
9 process of the complaint. Chunghwa did not join in the stipulation, thus prompting the instant motion.
10 Plaintiff has not attempted to initiate service on Chunghwa through the letter rogatory process.

**DISCUSSION**

Plaintiff has moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[2] Chunghwa argues that before plaintiff can seek to serve it through its U.S. counsel, plaintiff must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan address.

Plaintiff contends that service through defendant's U.S. counsel is appropriate because of the substantial difficulty, time and expense that plaintiff would face in serving the foreign defendants in Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiff has submitted a declaration from David Esau, counsel for plaintiff. Mr. Esau states that Legal Language Services has provided his law firm with an estimate of the cost of obtaining Chinese translations of plaintiff's complaint and other documents, and of the cost of effecting service of process on Chunghwa pursuant to letters rogatory. Esau Decl. ¶ 15. According to the Legal Language Services estimate, TracFone will incur a charge of at least $6,215.00 for translating TracFone's Complaint and the other documents

---

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

2

associated with the TracFone action into Chinese for Chunghwa. *Id*. Ex. E (estimate). Legal Language Services also estimates that TracFone will incur charges of at least $3,720 for processing the letters rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on that entity. *Id*. In addition, Mr. Esau states that according to the Legal Language Services estimate, "service of TracFone's Complaint and other documents associated with the TracFone Action by the letter rogatory process could take at least four (4) to seven (7) months to complete." *Id*. ¶ 18.

Based upon the circumstances presented here, the Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes to argue that plaintiff must show "urgency" in order to warrant alternative service, the Court disagrees. *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable here because Taiwan is not a signatory to that agreement.

Plaintiff has shown that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiff notes, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory

process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings. This action has been consolidated with the MDL and is now part of a coordinated discovery schedule. Until TracFone is able to serve Chunghwa, TracFone will not be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

The Court also finds that service on Chunghwa through its U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his

---

[3] In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. *See ATS Claim, LLC v. Epson Elecs. Am. Inc., et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola Inc. v. AU Optronics et al.*,(Docket No. 1657), and *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779).

4

attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Docket No. 2045).

**IT IS SO ORDERED.**

Dated: November 2, 2010

SUSAN ILLSTON
United States District Judge