**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates To: | No. C 09-4997 SI |
| AT&T MOBILITY LLC, *et al.*,<br><br>Plaintiffs,<br>v.<br>AU OPTRONICS CORP., *et al.*,<br>Defendants. | **ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS** |

On November 3, 2010, the Court held a hearing on defendants' joint motion to dismiss the second amended complaint. For the reasons set forth below, the Court GRANTS defendants' joint motion to dismiss.

**DISCUSSION**

In an order filed June 28, 2010, the Court dismissed plaintiffs' state law claims as inconsistent with Due Process because plaintiffs failed to allege that they bought the allegedly price-fixed products in the states whose laws plaintiffs invoked. On July 23, 2010, plaintiffs filed a second amended complaint alleging claims on behalf of AT&T Mobility, on its own behalf and based on purchases by companies whose stock AT&T Mobility has acquired or received. Second Amend. Compl. ("SAC") ¶¶ 26, 70. In addition, the SAC alleges claims on behalf of AT&T Inc., AT&T Corp., AT&T Services, Inc. (on its own behalf and as an assignee of Bellsouth Affiliates Services Corp., Bellsouth Technology

Group, Inc., and Bellsouth Technology Services, Inc.), Bellsouth Telecommunications, Inc., Pacific Bell Telephone Company, AT&T Operations, Inc., AT&T Datacomm, Inc., and Southwestern Bell Telephone Company (as an assignee of Southwestern Bell Telephone L.P.). SAC ¶¶ 27, 29.

Defendants contend that as with the previous complaint, the SAC does not sufficiently allege that each plaintiff purchased relevant products in each of the states whose laws are invoked. According to defendants, the SAC alleges claims on behalf of all plaintiffs under the laws of 19 states and the District of Columbia. However, according to plaintiffs, each plaintiff alleges the states where it purchased LCD products, and each plaintiff then asserts state law claims only in those states where it purchased LCD products. Plaintiffs have prepared a chart summarizing the allegations of the SAC organized by plaintiff, the states where each plaintiff allegedly purchased LCD products, and the state law claims asserted by each plaintiff. Opp'n at 3:17-5:6. For example, according to this chart, plaintiff Pacific Bell Telephone Company alleges that it purchased LCD products in California and Nevada, and only alleges state law claims under California and Nevada law. *Id*. at 4:23-27 (citing SAC ¶¶ 76, 244, 257).

Based upon plaintiffs' opposition brief, it would appear that defendants' motion is largely moot. However, defendants contend that notwithstanding plaintiffs' description of the SAC in their opposition, the express terms of the SAC assert claims on behalf of all plaintiffs under the laws of each of the 20 states whose laws the SAC invokes. This is so because the SAC defines all plaintiffs other than AT&T Mobility collectively as "AT&T," and the SAC then asserts claims under the laws of each of the 20 states on behalf of AT&T Mobility and AT&T. *See e.g.*, SAC ¶¶ 1, 12, 14, 245(f). The Court agrees with defendants that based on the phrasing of the SAC, a literal reading of the complaint asserts all state law claims on behalf of all plaintiffs. However, plaintiffs' opposition clarifies that plaintiffs only intend to allege state law claims that correspond to the states in which each plaintiff purchased LCD products.

The one remaining area of contention between the parties is whether all plaintiffs may allege claims under California law, even if certain plaintiffs did not purchase any relevant products in California. Although plaintiffs' chart in their opposition brief states that only certain plaintiffs are asserting claims under California law, plaintiffs state in a footnote that they "maintain that they may pursue all of their claims under California law because defendants' price-fixing conduct in California

2

creates the significant contacts between California and plaintiffs' claims required by Due Process." Opp'n at 2 n.1. The Court rejected this same argument when ruling on defendants' motion to dismiss the first amended complaint, and for all of the reasons set forth in the June 28, 2010 order, the Court finds that only those plaintiffs who purchased products in California may allege claims under California law.

Accordingly, the Court GRANTS defendants' motion to dismiss and DISMISSES the following claims:

1. As to AT&T Corp., claims alleged under the antitrust and/or unfair competition laws of the states of Iowa, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, North Dakota, South Dakota, West Virginia, and Wisconsin.

2. As to AT&T Services, Inc., claims alleged under the antitrust and/or unfair competition laws of the states of Tennessee, Arizona, District of Columbia, Iowa, Maine, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, and West Virginia.

3. As to BellSouth Telecommunications, Inc., claims alleged under the antitrust and/or unfair competition laws of the states of California, Arizona, District of Columbia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Dakota, South Dakota, West Virginia, and Wisconsin.

4. As to Pacific Bell Telephone Company, claims alleged under the antitrust and/or unfair competition laws of the states of Tennessee, Arizona, District of Columbia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, West Virginia, and Wisconsin.

5. As to AT&T Operations, Inc., claims alleged under the antitrust and/or unfair competition laws of the states of Tennessee, Arizona, District of Columbia, Iowa, Maine, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, and West Virginia.

6. As to AT&T DataComm, Inc., claims alleged under the antitrust and/or unfair competition laws of the states of Tennessee, Arizona, District of Columbia, Iowa, Maine,

3

1  Minnesota, Mississippi, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, and West Virginia.

7. As to Southwestern Bell Telephone Company, claims alleged under the antitrust and/or unfair competition laws of the states of Tennessee, California, Arizona, District of Columbia, Illinois, Iowa, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, West Virginia, and Wisconsin.

8. All state antitrust and/or unfair competition claims brought by or on behalf of Bellsouth Affiliates Services Corp., Bellsouth Technology Group, Inc., Bellsouth Technology Services, Inc., and Southwestern Bell Telephone L.P.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' joint motion to dismiss. (Docket No. 73 in C 09-4997 SI, and Docket No. 1985 in M 07-1827 SI).

**IT IS SO ORDERED.**

Dated: November 12, 2010

SUSAN ILLSTON
United States District Judge