IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates to:<br>Indirect Purchaser Plaintiffs' Class Action<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br>**ORDER APPOINTING RETIRED JUDGE DANIEL WEINSTEIN AS SPECIAL MASTER** |

By order filed November 15, 2010, the Court gave all parties to the indirect purchaser plaintiff class action notice of its intent to appoint retired Judge Daniel Weinstein as a special master. The order stated that the scope of Judge Weinstein's appointment would be limited to reviewing the indirect purchaser plaintiffs' proposed settlements with defendants Chunghwa Picture Tubes and Epson Imaging Devices Corporation, and making a recommendation to the Court regarding approval of those settlements. All parties to the indirect purchaser plaintiffs' class action who are involved in the settlements have consented to the appointment of Judge Weinstein. Pursuant to Rule 53(a)(2) and 53(b)(3), Judge Weinstein has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.

On November 17, 2010, the Attorneys General for the intervening states of Illinois, Oregon and Washington filed a letter objecting to the appointment of Judge Weinstein. However, the states of Illinois, Oregon and Washington are permissive intervenors under Rule 24(b)(2), and not "parties" to the indirect purchaser class action who have the right under Rule 53 to object to the appointment of Judge Weinstein. Nevertheless, the Court has carefully considered the issues raised by the States, and

concludes that the fairest and most effective way to have the States' concerns about the proposed settlements fully evaluated is to appoint a special master to review the settlements and make a recommendation to the Court regarding whether the proposed settlements should be approved. The Court emphasizes that the Court, and not the Special Master, will make the ultimate decision on whether to approve the settlements.

## I.   Scope of authority

Accordingly, pursuant to Federal Rule of Civil Procedure 53 the Court hereby appoints retired Judge Daniel Weinstein as Special Master to assist the Court in this litigation. The scope of Judge Weinstein's appointment is limited to reviewing the indirect purchaser plaintiffs' settlements with defendants Chunghwa Picture Tubes and Epson Imaging Devices Corporation, meeting with the parties and intervenors regarding those settlements and the objections thereto, overseeing further settlement negotiations if necessary, and ultimately making a recommendation to the Court regarding whether the proposed settlements should be approved. In conducting his duties as Special Master, Judge Weinstein shall consult with the States, including the three state intervenors, in whatever manner he considers most effective.

The Special Master shall have the authority to set the date, time and place for meetings and telephone conferences, to compel attendance at such meetings and telephone conferences, and to require the parties to submit information to him. The Special Master is authorized to receive and consider information designated as confidential pursuant to the Protective Order entered in this matter. The Special Master shall be bound by said Protective Order. Settlement communications between the Special Master, the parties, and the intervenors shall be confidential and shall not be communicated to the Court. The Special Master shall maintain such records and materials as he deems necessary.

## II.   Compensation

Pursuant to Rule 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $850 per hour for his services as Special Master in these proceedings, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for

telephone conference calls). The Special Master shall not charge for travel time. Judge Weinstein shall prepare a monthly invoice for his services, which he shall provide to liaison counsel for the indirect purchaser plaintiffs, and counsel for Chunghwa Picture Tubes and Epson Imaging Devices Corporation. The indirect purchaser plaintiffs and defendants Chunghwa and Epson shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Counsel shall be responsible for promptly forwarding payment of the Special Master's invoice.

### III.     Special Master's Recommendation

Pursuant to Rule 53(e), at the conclusion of his review of the proposed settlements, Judge Weinstein shall file a written recommendation to the Court regarding whether those settlements should be approved. Any party or intervenor wishing to file objections to or a motion to adopt or modify the Special Master's recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed his recommendation via ECF.

Pursuant to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review *de novo* any conclusions of law made or recommended by the Special Master. Pursuant to Rule 53(f)(1), in acting on a recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

**IT IS SO ORDERED.**

Dated: December 1, 2010

SUSAN ILLSTON
United States District Judge