CHRISTOPHER A. NEDEAU (CA SBN 81297)
CARL L. BLUMENSTEIN (CA SBN 124158)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

Attorneys for defendants AU OPTRONICS CORPORATION
and AU OPTRONICS CORPORATION AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | CASE NO. 3:07-md-1827 SI<br><br>MDL No. 1827<br><br>CLASS ACTION<br><br>**STIPULATION AND ORDER TO MODIFY NOVEMBER 13, 2009 ORDER RE DEPONENTS ASSERTING THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION** |
|---|---|

WHEREAS the Court previously entered its November 13, 2009 Order re Deponents Asserting the Fifth Amendment Privilege Against Self-Incrimination as Docket No. 1381 (hereafter "November 13, 2009 Order");

WHEREAS plaintiffs in the above-captioned cases have taken civil depositions of six present and former employees and officers of AUO or AUOA in which each of those individuals asserted his or her right not to testify under the Fifth Amendment of the United States Constitution;

WHEREAS a superseding indictment was returned on June 10, 2010 against AU Optronics Corporation ("AUO") and AU Optronics Corporation America ("AUOA"), among others, in Case No. CR-09-0110-SI ("the Criminal Case");

WHEREAS the Court has scheduled a trial date of October 31, 2011 in the Criminal Case and has scheduled a trial date of February 12, 2012 for the class cases in above-captioned proceeding and has scheduled other pretrial deadlines in those proceedings;

1     WHEREAS, the class plaintiffs and defendants AUO and AUOA seek to provide for the orderly completion of deposition discovery in the above-captioned proceeding and also to coordinate between the parallel civil and criminal proceedings;

    IT IS HEREBY STIPULATED AND AGREED by class plaintiffs and defendants AUO and AUOA, by and through their undersigned counsel and subject to the concurrence of the Court, that the November 13, 2009 Order is hereby modified as follows:

    1.    Any present or former officer or employee of AUO or AUOA who at deposition asserts or has asserted his or her right under the Fifth Amendment of the United States Constitution not to testify will be bound by that assertion of the privilege in the trial of the class action cases and shall not be permitted to testify at trial unless, not later than September 30, 2011 (or in the event that the trial date in the Criminal Case is the continued and provided that the Criminal Case is still to be tried before the class action cases, 30 days before such continued trial date), notice is provided in writing that counsel for AUO and AUOA have a good faith belief that such witness intends to waive his or her Fifth Amendment right. Upon giving such notice, any revoking deponent shall make himself or herself available for deposition in the above-caption proceedings action at his or her expense in San Francisco, California, such deposition to be scheduled for a mutually agreeable date and not later than December 15, 2011 or 30 days after that date of the conclusion of the witness's testimony in the Criminal Case, whichever is later. These depositions shall be permitted to occur on this schedule notwithstanding the fact discovery cut-off in the class action cases. If notice is given and the witness does not waive his or her Fifth Amendment right or fails to appear for deposition, the witness will be bound by the assertion of the Fifth Amendment right in the class action cases. A revocation within the terms of this order does not guarantee the witness's right to testify at trial, if class plaintiffs make a sufficient showing of prejudice.

    2.    Nothing in this order in any way impairs or forecloses any party's right to seek relief otherwise permitted by law, including but not limited to further modification of this order from the Court or class plaintiffs' request for an adverse inference instruction based on a deponent's assertion of his or her Fifth Amendment right against self-incrimination.

    3.    This Stipulation and Order shall not modify the November 13, 2009 order with respect to any deponents who are not present or former employees of AUO or AUOA.

4.  This Stipulation and Order does not limit the ability of any witness to testify or to withdraw any assertion of his or her Fifth Amendment rights in any of the non-class cases included in the above-referenced Multidistrict Litigation.

Dated: December 3, 2010        Zelle Hofman Voelbel & Mason, LLP

_____
Francis O. Scarpulla
Co-Lead Counsel, Indirect Purchaser Plaintiffs

Dated: December ___, 2010      Pearson Simon Warshaw & Penny, LLP

_____
Bruce L. Simon
Co-Lead Counsel, Direct Purchaser Plaintiffs

Dated: December 2, 2010        Nossaman LLP

_____
Carl L. Blumenstein
Attorneys for defendants AU OPTRONICS CORPORATION and AU OPTRONICS CORPORATION AMERICA

**IT IS SO ORDERED.**

Dated: _____         _____
                               HONORABLE SUSAN ILLSTON
                               United States District Judge

1      4. This Stipulation and Order does not limit the ability of any witness to testify or to
2  withdraw any assertion of his or her Fifth Amendment rights in any of the non-class cases included in
3  the above-referenced Multidistrict Litigation.

Dated: December \_\_\_\_, 2010      Zelle Hofman Voelbel & Mason, LLP

_____
Francis O. Scarpulla
Co-Lead Counsel, Indirect Purchaser Plaintiffs

Dated: December **2**, 2010      Pearson Simon Warshaw & Penny, LLP

_____
Bruce L. Simon
Co-Lead Counsel, Direct Purchaser Plaintiffs

Dated: December **2**, 2010      Nossaman LLP

_____
Carl L. Blumenstein
Attorneys for defendants AU OPTRONICS
CORPORATION and AU OPTRONICS CORPORATION
AMERICA

**IT IS SO ORDERED.**

Dated: _____      _____

HONORABLE SUSAN ILLSTON
United States District Judge