IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION_____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br>_____/ | **ORDER DENYING DIRECT PURCHASER PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDER RE: MOTION FOR PROTECTIVE ORDER BY DIRECT PURCHASER PLAINTIFFS RE: CONTENTION DISCOVERY REQUESTS SERVED BY CERTAIN DEFENDANTS** |

On December 10, 2010, the Court heard argument on the direct purchaser plaintiffs' objection to the Special Master's Order Re: Motion for Protective Order by Direct Purchaser Plaintiffs Re: Contention Discovery Requests Served by Certain Defendants. (Docket No. 2152). The Court agrees with the Special Master's determination that this case is not in the early stages of discovery, and thus that the use of contention-style interrogatories, if properly framed, is appropriate. As discussed at the hearing, the Court finds that the Special Master's order is carefully crafted and significantly pares down defendants' initially burdensome and overbroad discovery requests. The Court finds that while the restructured discovery still presents plaintiffs with an "enormous task," the discovery ordered by the Special Master is directed at relevant matters, and it will advance this litigation.

At the hearing, direct purchaser plaintiffs expressed their concern that after plaintiffs provide their discovery responses, there will be further litigation over whether the responses were adequate. The Court recognizes that discovery in this MDL has been massive and complex, and that it is ongoing. The Court is confident that plaintiffs will be diligent in preparing their discovery responses. If questions

arise about the adequacy of plaintiffs' responses, the Special Master and/or the Court will assess the sufficiency of those responses and whether any failure to identify responsive information was justified. Plaintiffs also argued, *inter alia*, that the Special Master's order directing plaintiffs to identify undocumented meetings was particularly burdensome because it requires plaintiffs to search the entire universe of discovery in this case. The Court finds that the Special Master's order balances the concerns articulated by plaintiffs while also providing defendants with relevant and important information.

In light of the fact that the hearing on the direct purchaser plaintiffs' objection was held over a month after the Special Master entered his order, the Court finds it appropriate to modify the deadlines set by the Special Master. As discussed at the hearing, the Court orders that direct purchaser plaintiffs shall respond to the discovery at issue by **March 31, 2011**, with no second deadline for supplemental responses.

Accordingly, the Court ENTERS the Special Master's Order Re: Motion for Protective Order by Direct Purchaser Plaintiffs Re: Contention Discovery Requests Served by Certain Defendants, as modified by this Order (Docket No. 2123).

**IT IS SO ORDERED.**

Dated: December 15, 2010

SUSAN ILLSTON
United States District Judge