# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION**

The State of New York v. AU Optronics Corp., et al., )
    S.D. New York, C.A. No. 1:10-6673    )    MDL No. 1827

## TRANSFER ORDER

    **Before the Panel**[*]: Plaintiff the State of New York has moved, pursuant to Rule 7.1, to vacate the respective portion of our order conditionally transferring this action to the Northern District of California for inclusion in MDL No. 1827. Responding defendants[1] oppose the motion to vacate.

    After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Northern District of California, and that transfer of the action to the Northern District of California for inclusion in MDL No. 1827 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions "involv[ing] common factual allegations concerning defendants' alleged conspiracy to fix the price of thin film transistor-liquid crystal display (TFT-LCD) panels, which are used in computer monitors, flat panel television sets, and other electronic devices." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 483 F.Supp.2d 1353, 1354 (J.P.M.L. 2007). This action clearly shares factual issues with those already centralized in the MDL.

    In opposing transfer, plaintiff principally cites the pendency of its motion for remand to state court, and also argues that the action involves only state law claims. We have consistently rejected the pendency of a remand motion as a sufficient basis to vacate a conditional transfer order. Plaintiff

---

    [*]    Judge Kathryn H. Vratil took no part in the disposition of this matter.

  [1]    AU Optronics Corp.; AU Optronics Corp. America, Inc.; Chi Mei Optoelectronics USA, Inc.; Chi Mei Innolux Corp.; CMO Japan Co. Ltd.; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; LG Display Co., Ltd.; LG Display America, Inc.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Semiconductor, Inc.; Sharp Corp.; Sharp Electronics Corp.; Toshiba Corp.; Toshiba Mobile Display Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc.

- 2 -

can present that motion to the transferee judge.[2] *See, e.g.*, *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). As for plaintiff's state law argument, we note that Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to centralization. *In re: Denture Cream Prods. Liab. Litig.*, 624 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). Furthermore, "[i]t is hardly unusual that the circumstances of an MDL require a transferee judge to apply the laws of one or more states." *In re: National Arbitration Forum Antitrust Litig.*, 682 F.Supp.2d 1343, 1345 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California, and, with the consent of that court, assigned to the Honorable Susan Y. Illston for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen     W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones
Paul J. Barbadoro

---

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so.