Christopher A. Nedeau (CA 81297)
cnedeau@nossaman.com
Carl L. Blumenstein (CA 124158)
cblumenstein@nossaman.com
Katharine Chao (CA 247571)
kchao@nossaman.com
Nossaman LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438

Attorneys for Defendants
AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA

Karl D. Belgum (CA 122752)
kbelgum@nixonpeabody.com
John R. Foote (CA 99674)
jfoote@nixonpeabody.com
Nixon Peabody LLC
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Plaintiff
EASTMAN KODAK COMPANY

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EASTMAN KODAK COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>EPSON IMAGING DEVICES CORPORATION; EPSON ELECTRONICS AMERICA, INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA MOBILE DISPLAY TECHNOLOGY CO., LTD.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA, INC.;<br><br>Defendants. | Case NO. 3:10-CV-5452 SI<br><br>MDL NO. 3:07-MD-1827 SI<br><br>**STIPULATION OF EXTENSION OF TIME TO RESPOND TO COMPLAINT, WAIVER OF SERVICE, PRODUCTION OF DATA, AND [PROPOSED] ORDER**<br><br>Date Action Filed: December 1, 2010 |

1  WHEREAS the undersigned counsel, on behalf of their respective clients, plaintiff Eastman Kodak Company ("Kodak") filed a complaint in the above-captioned case against Epson Imaging Devices Corporation, Epson Electronics America, Inc., Toshiba Corporation, Toshiba America Electronic Components, Inc, Toshiba Mobile Display Technology Co., Ltd., Toshiba America Information Systems, Inc., AU Optronics Corporation, and AUO Optronics Corporation America (collectively, "Stipulating Defendants") on December 1, 2010 ("Complaint");

WHEREAS Kodak wishes to avoid the possible burden and expense of serving process on the Stipulating Defendants;

WHEREAS the Stipulating Defendants desire a reasonable amount of time to respond to the Complaint;

WHEREAS Kodak agrees to make a good faith effort to produce certain data; and

WHEREAS Kodak and the Stipulating Defendants believe that proceeding on a unified response date will create efficiency for the Court and the parties;

THEREFORE, Kodak and the Stipulating Defendants hereby agree:

1.  The Stipulating Defendants waive service of the Complaint under Federal Rule of Civil Procedure 4(d).  This stipulation does not constitute a waiver by the Stipulating Defendants of any other substantive or procedural defense, including but not limited to the defenses of lack of personal or subject matter jurisdiction and improper venue.

2.  The Stipulating Defendants' deadline to move to dismiss, answer, or otherwise respond to the Complaint will be 90 days from the execution of this stipulation .

3.  Kodak will make a good faith effort to produce data and/or other information responsive to the requests in Annex A within 37 days of the execution of this stipulation to the extent that such data and/or other information exists, is reasonably available to it, and only with respect to Kodak's purchases of products in California, Nevada, or New York which are the only purchases on which Kodak's claims are currently based.

4.  Kodak will not pursue any claims based on any finished product purchased for Kodak's own consumption.

5. Kodak will not pursue claims based on purchases made before January 1, 2001 unless Kodak is able to produce records evidencing such purchases.

6. The deadline for Kodak to respond to AU Optronics Corporation America's First Set of Document Requests personally served January 12, 2011 shall be 37 days from the execution of this stipulation.

DATED: February 2, 2011

By: /s/ Christopher A. Nedeau
Christopher A. Nedeau (CA Bar No. 81297)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, California 94111-4799
(415) 398-3600 (Phone)
(415) 398-2438 (Facsimile)
cnedeau@nossaman.com

*Counsel for Defendants AU Optronics Corporation and AU Optronics Corporation America*

By: /s/ Derek F. Foran
Melvin R. Goldman (Ca Bar No. 34097)
Stephen P. Freccero (CA Bar No. 131093)
Derek F. Foran (CA Bar No. 224569)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 (Phone)
(415) 268-7522 (Facsimile)
mgoldman@mofo.com
sfreccero@mofo.com
dforan@mofo.com

*Counsel for Defendants Epson Imaging Devices Corporation and Epson Electronics America, Inc.*

By: /s/ John H. Chung
John H. Chung (admitted *pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas

New York, NY 10036-2787
(212) 819-8200 (Phone)
(212) 354-8113 (Facsimile)
*jchung@whitecase.com*

*Counsel for Defendants Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba Mobile Display Technology Co., Ltd. and Toshiba America Information Systems, Inc.*

By: /s/ John R. Foote
Karl D. Belgum (CA Bar No. 122752)
John R. Foote (CA Bar No. 99674)
NIXON PEABODY LLC
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
(415) 984-8200 (Phone)
(415) 984.8300 (Facsimile)
kbelgum@nixonpeabody.com
jfoote@nixonpeabody.com

*Counsel for Plaintiff Eastman Kodak Company*

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from the signatories to this document.

PURSUANT STIPULATION, IT IS SO ORDERED.

By: /s/ Susan Illston
Judge of the U.S. District Court, N.D. California

Date: 2/4/11

255424_2.DOC    - 3 -    MASTER FILE NO. 3:07-MD-1827 SI
CASE NO. 3:10-CV-5625 SI

STIPULATION OF EXTENSION OF TIME TO RESPOND TO COMPLAINT, WAIVER OF SERVICE, AND [PROPOSED] ORDER

# ANNEX A: Kodak's Production of Data

## DEFINITIONS

The words and phrases used in this Annex A shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request for Production of Documents.

1. "Acquired" or "Acquisition" means or refers to, without limitation, anything given, purchased, received or that Kodak came to possess.

2. "Document" and "Documents" shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and shall also mean all electronically stored information ("ESI") including, without limitation, electronic data or data compilations, electronic files, e-mail and other electronic communications saved to or located on hard disks, file servers, floppy disks, CDs, DVDs, backup tapes, thumb drives, or any other electronic media, whether or not in tangible or electronic form.

3. "Including" or "Includes" means without limitation.

4. "TFT-LCD Panel" means a flat panel display screen, called a Thin Film Transistor Liquid Crystal Display, that consists of a liquid crystal compound containing pixels that are sandwiched between two pieces of glass called substrates, and each pixel has a transistor built into it and changes polarization of light when voltage is applied to that transistor; and, as used herein, the term "TFT-LCD Panel" includes a module consisting of a TFT-LCD Panel attached to a backlight, a driver, and other elements needed for the TFT-LCD Panel to modulate illumination and generate images.

5. "TFT-LCD Product" means a product or finished good that contains a TFT-LCD Panel.

6. The term "Person" or "Persons" includes any natural person, public entity, partnership, corporation, association, firm, trust, joint venture, agency, board, authority, commission or other such entity.

7. "Type" means the product name, brand, model and product/serial number.

8. "You" and "Kodak" means Plaintiff Eastman Kodak Company and each of its parent companies and subsidiaries.

## INSTRUCTIONS

1. The scope of documents subject to production in response to the production requests below include all documents in Kodak's possession, custody, or control, wherever located, including without limitation any document available to Kodak upon request from its parents, affiliates, subsidiaries, employees, officers, directors, attorneys, accountants, financial advisors, consultants, private investigators, or other agents or persons acting or purporting to act on Kodak's behalf, as required by the Federal Rules of Civil Procedure and the applicable local rules.

2. All electronically stored information shall be produced in accordance with the Protocol Governing the Production of Electronically Stored Information, attached as Exhibit A to the Joint Case Management Conference Statement filed in this matter on January 10, 2008, and binding on Kodak under the Special Master's Order of March 12, 2010 (Dkt. No. 1595). Documents originating in paper or other hard copy format should be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files. TIFF files shall be produced in single-page format along with image load files (.DII file and .OPT file and .LFP file). All documents are to be provided with multi-page searchable text (.TXT) files. These text files and image load files should indicate page breaks to the extent possible, as well as Production Number Begin, Production Number End, Production Attachment Range Number Begin, Production Attachment Range Number End, and Production Document Page Count. As well, each .TIFF image should be branded with the applicable Bates number and confidentiality designation.

3. The production requests in this Annex are designed to capture, among other things, acquisitions and sales to permit the tracing of products. For example, for the TFT-LCD Products that Kodak purchased and then sold to another person or entity, Kodak's data would show both the

acquisition and the sale to the other person or entity. Further, the linking data would enable tracing of that TFT-LCD Product from Kodak's acquisition to its sale.

**PRODUCTION NO. 1: Purchase-For-Resale Data**

For the period January 1, 2001 through December 31, 2008, Documents and/or information sufficient to show Kodak's Acquisition of any TFT-LCD Product that You subsequently resold, Including, but not limited to, Documents and/or information evidencing:

a. the date and place of acquisition, Including the specific entity shipping the product, and the physical location from which the product was shipped to Kodak;
b. the ship to location and bill to location and entity for each TFT-LCD Product Kodak Acquired;
c. the Person from whom Kodak Acquired each TFT-LCD Product;
d. the Type of each TFT-LCD Product;
e. the quantity of each Acquisition;
f. the manufacturer of each TFT-LCD Product;
g. the manufacturer of the TFT-LCD Panel contained in any TFT-LCD Product;
h. any Person who bought or sold the TFT-LCD Product before Kodak Acquired it;
i. the list price of each TFT-LCD Product;
j. the net price of each TFT-LCD Product (before tax) Including any store or manufacturer discounts, coupons, rebates, refunds, dividends or other price adjustments;
k. any taxes, customs, tariffs, duties, or other fees paid (and the identity of the government entity that received same) on each TFT-LCD Product;
l. any and all freight charges associated with each TFT-LCD Product;
m. costs of any insurance plans or warranties, or any other additional or related costs incurred in connection with Kodak's Acquisition of each TFT-LCD Product;
n. the method of payment (e.g., cash, credit card, check or other consideration) for each TFT-LCD Product;

    o.  whether the TFT-LCD Product was Acquired as part of a system or other bundled product (e.g., camera Acquired in conjunction with software, memory cards, or other accessories) and, if so, the value of each component of such systems or bundled products; and

    p.  all tracking numbers, model numbers, or other information used to identify each TFT-LCD Product.

**PRODUCTION NO. 2: Sales Data**

For the period January 1, 2001 through December 31, 2008, Documents and/or information sufficient to show any sale by Kodak of any TFT-LCD Product Including, but not limited to, Documents and/or information evidencing:

    a.  the date and place of each sale, Including the specific entity shipping the product, and the physical location from which the product was shipped;

    b.  the ship to location and bill to location for each TFT-LCD Product Kodak sold;

    c.  the Person to whom Kodak sold each TFT-LCD Product;

    d.  the Type of each TFT-LCD Product;

    e.  the quantity of each sale;

    f.  the manufacturer of each TFT-LCD Product;

    g.  the manufacturer of the TFT-LCD Panel contained in any TFT-LCD Product;

    h.  the list price of each TFT-LCD Product;

    i.  the net price of each TFT-LCD Product (before tax), Including any store or manufacturer discounts, coupons, rebates, refunds, dividends or other price adjustments;

    j.  any taxes, customs, tariffs, duties or other fees paid (and the identity of the government entity that received same) on each TFT-LCD Product;

    k.  any and all freight charges associated with each TFT-LCD Product sold;

    l.  costs of any insurance plans or warranties, or other additional or related costs incurred in connection with Kodak's sale of each TFT-LCD Product;

m. the method of payment received (e.g., cash, credit card, check or other consideration) for each TFT-LCD Product sold;

n. whether the product was sold as part of a system or other bundled product (e.g., camera sold in conjunction with software, memory cards, or other accessories) and, if so, the value of each component of such systems or bundled products; and

o. all tracking numbers, model numbers, or other information used to identify each TFT-LCD Product.

**PRODUCTION NO. 3: Linking Data**

Documents or information sufficient to link, trace, or otherwise establish a relationship between each purchase identified in Documents produced in response to Document Request No. 1 to one or more sales identified in Documents produced in response to Document Request No. 2. This Includes data permitting the tracing of products purchased by Kodak and sold to another entity or customer.

**PRODUCTION NO. 4:  Individuals Able To Provide Information About Linking Data**

Documents or information sufficient to identify one or more Kodak employees with knowledge sufficient to link, trace, or otherwise establish a relationship between each purchase identified in response to Document Request No. 1 to one or more sales identified in response to Document Request No. 2. This Includes data permitting the tracing of products purchased by Kodak and sold to another entity or customer.

**PRODUCTION NO. 5: Model Codes And Other Codes In Data Sets**

Documents or information sufficient to show the meaning of all model codes and other codes stated in any Documents or information produced in response to Document Request Nos. 1, 2, and 3. Such documentation or information should Include the characteristics of the TFT-LCD Panel associated with the TFT-LCD Product, Including the size, resolution, pixel configuration, video display standard (e.g., XGA, WSXGA), application (e.g., mobile device, monitor, laptop computer, television), grade, luminance, viewing angle, contrast ratio, response time, and mode of panel (e.g., twisted nematic, in-plane switching), as well as any other characteristics of the TFT-LCD Product (e.g., the inclusion of a camera, music player, and/or keyboard if the TFT-LCD Product is a mobile device).