1  Michael R. Lazerwitz (PRO HAC VICE)
2  Jeremy J. Calsyn (State Bar No. 205062)
   Lee F. Berger (State Bar No. 222756)
3  CLEARY GOTTLIEB STEEN & HAMILTON LLP
   2000 Pennsylvania Avenue NW, Suite 9000
4  Washington, DC 20006
   (202) 974-1500 (Phone)
5  (202) 974-1999 (Facsimile)
   *mlazerwitz@cgsh.com*
6  *jcalsyn@cgsh.com*
   *lberger@cgsh.com*
7
8  *Counsel for Defendants LG Display Co., Ltd. and LG Display America, Inc.*

9  [Additional counsel listed on signature page]

10 Roman M. Silberfeld (State Bar No. 62783)
11 Michael A. Geibelson (State Bar No. 179970)
   ROBINS, KAPLAN, MILLER & CIRESI LLP
12 2049 Century Park East, Suite 3400
   Los Angeles, CA 90067-3208
13 Telephone: 310-552-0130
   Facsimile: 310-229-5800
14
15 *Counsel for Plaintiffs*

16 [Additional counsel listed on signature page]

17              UNITED STATES DISTRICT COURT

18         FOR THE NORTHERN DISTRICT OF CALIFORNIA

19              (SAN FRANCISCO DIVISION)

20

| | |
|---|---|
| 21 BEST BUY CO., INC., et al.,<br>Plaintiffs,<br>22 v.<br>AU OPTRONICS CORPORATION, et al.,<br>23 Defendants. | CASE NO. 3:07-md-1827 SI<br>INDIVIDUAL ACTION NO. 10-cv-4572<br>**STIPULATION OF EXTENSION OF TIME TO RESPOND TO COMPLAINT, WAIVER OF SERVICE, PRODUCTION OF DATA, AND [PROPOSED] ORDER**<br><br>**Assigned to Hon. Susan J. Illston, United States District Judge** |

24

25

26

27

28

                        1

*Whereas* the undersigned counsel, on behalf of their respective clients, plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Best Buy China Ltd., and Magnolia Hi-Fi, Inc. (collectively, "Best Buy") filed a complaint in the above-captioned case against AU Optronics Corporation, AU Optronics Corporation America, Chimei Innolux Corporation f/k/a Chi Mei Optoelectronics Corporation, Chi Mei Optoelectronics USA, Inc., CMO Japan Co., Ltd., Epson Imaging Devices Corporation, Epson Electronics America, Inc., Seiko Epson Corporation, HannStar Display Corporation, Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., LG Display Co., Ltd., LG Display America, Inc., Sharp Corporation, Sharp Electronics Corporation, and Tatung Company of America, Inc.,  (collectively, "Stipulating Defendants"), among other defendants, on October 8, 2010 ("Complaint");

*Whereas* Best Buy wishes to avoid the burden and expense of serving process on the Stipulating Defendants;

*Whereas* the Stipulating Defendants desire a reasonable amount of time to respond to the Complaint;

*Whereas* Best Buy agrees to produce certain data relevant to its claims and the claims of other plaintiffs in related cases; and

*Whereas* Best Buy and the Stipulating Defendants believe that proceeding on a unified response date and setting a production date for certain data will create efficiency for the Court and the parties by reducing duplicative motion practice and avoiding needless discovery disputes;

THEREFORE, Best Buy and the Stipulating Defendants hereby agree:

1.     The Stipulating Defendants waive service of the Complaint under Federal Rule of Civil Procedure 4(d).  This stipulation does not constitute a waiver by the Stipulating Defendants of any other substantive or procedural defense, including but not limited to the defense of lack of personal or subject matter jurisdiction and improper venue.

2.     The Stipulating Defendants' deadline to move to dismiss, answer, or otherwise respond to the Complaint will be 90 days from the execution of this stipulation, subject to Federal Rule of Civil Procedure 6(a)(1).

2

3.      By 30 calendar days from the execution of this stipulation, Best Buy will produce data responsive to the requests in Annex A, except with respect to purchase-for-resale data and sales data for the 2008 calendar year, which data Best Buy will use its best efforts to produce within 60 days.  All data produced under this stipulation supersedes data produced in response to class plaintiffs' subpoena on Best Buy dated March 4, 2008.  Neither this stipulation nor any production made under this stipulation may serve as a limit on any further discovery requests or objections to future discovery requests by Best Buy or Stipulating Defendants.

4.      Best Buy's claims do not include claims based on any product purchased for Best Buy's own consumption.

5.      Best Buy does not yet know and cannot yet identify the manufacturer of the TFT-LCD panels contained in the TFT-LCD televisions, notebook computers, monitors, and other finished products it purchased.

DATED:  February 9,  2011


By:   /s/ Michael R. Lazerwitz
Michael R. Lazerwitz (*Pro Hac Vice*)
Jeremy J. Calsyn (State Bar No. 205062)
Lee F. Berger (State Bar No. 222756)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
*mlazerwitz@cgsh.com*
*Counsel for Defendants LG Display Co., Ltd. and LG Display America, Inc.*


By:   /s/ Christopher A. Nedeau
Christopher A. Nedeau (State Bar No. 81297)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, California  94111-4799
(415) 398-3600 (Phone)
(415) 398-2438 (Facsimile)
*cnedeau@nossaman.com*

*Counsel for Defendants AU Optronics Corporation and AU Optronics Corporation America*

3

1   By: ___/s/ Steven Cherry_____

2   Steven Cherry
    Adam Raviv

3   WILMER CUTLER PICKERING HALE AND DORR LLP
    1875 Pennsylvania Avenue, NW

4   Washington, DC 20006-3642
    (202) 663-6000 (Phone)

5   (202) 663-6363 (Facsimile)
    steven.cherry@wilmerhale.com

6

7   Nathan L. Walker (State Bar No. 206128)
    WILMER CUTLER PICKERING HALE AND DORR LLP

8   950 Page Mill Road
    Palo Alto, California  94304

9   (650) 858-6000 (Phone)
    (650) 858-6100 (Facsimile)

10  Nathan.Walker@wilmerhale.com

11

12  *Counsel for Defendants Chimei Innolux Corporation f/k/a Chi Mei Optoelectronics Corporation, and Chi Mei Optoelectronics USA, Inc., CMO Japan Co., Ltd.,*

13

14  By: ___/s/ Stephen P. Freccero_____

15  Morrison & Foerster LLP
    MELVIN R. GOLDMAN (State Bar No. 34097)

16  STEPHEN P. FRECCERO (State Bar No. 131093)
    DEREK F. FORAN (State Bar No. 224569)

17  425 Market Street
    San Francisco, California  94105-2482

18  (415) 268-7000 (Phone)
    (415) 268-7522  (Facsimile)

19  MGoldman@mofo.com
    SFreccero@mofo.com

20  DForan@mofo.com

21

22  Attorneys for Defendants EPSON IMAGING DEVICES CORPORATION, EPSON ELECTRONICS AMERICA, INC., and SEIKO EPSON CORPORATION

23

24

25

26

27

28

4

By: ___/s/ *Ramona M. Emerson*_____
Hugh F. Bangasser (*Pro Hac Vice*)
Ramona M. Emerson (*Pro Hac Vice*)
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98004-1158
(206) 623-7580 (Phone)
(206) 623-7022 (Facsimile)
*hugh.bangasser@klgates.com*
*ramona.emerson@klgtes.com*

Jeffrey L. Bornstein (State Bar No. 99358)
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
(415) 882-8200 (Phone)
(415) 882-8220 (Facsimile)
*jeff.Bornstein@klgates.com*

*Counsel for Defendant HannStar Display Corporation*

By: ___/s/ *Kent M. Roger*_____
Kent M. Roger (State Bar No. 95987)
Michelle Kim-Szrom (State Bar No. 252901)
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
(415) 442-1000 (Phone)
(415) 442-1001 (Facsimile)
*kroger@morganlewis.com*
*mkim-szrom@morganlewis.com*

*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. and Hitachi Electronic Devices (USA),
Inc.*

By: ___/s/ *Fusae Nara*_____
John M. Grenfell (State Bar No. 88500)
Jacob R. Sorensen (State Bar No. 209134)
Fusae Nara *(pro hac vice)*
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
San Francisco, CA 94105
(415) 983-1000 (Phone)
(415) 983-1200 (Facsimile)
*john.grenfell@pillsbusylaw.com*
*jake.sorensen@pillsburylaw.com*

5

1   *fusaenara@pillsburylaw.com*

2   *Counsel for Defendants Sharp Corporation and Sharp Electronics Corporation*

3   By:   /s/ *Patrick J. Ahern*
4   Patrick J. Ahern (*pro hac vice*)
    BAKER & MCKENZIE LLP
5   130 East Randolph Drive
    Chicago, IL 60601
6   (312) 861-3735 (Phone)
    (312) 698-2034 (Facsimile)
7   patrick.ahern@bakermckenzie.com

8   *Counsel for Defendant Tatung Co. of America, Inc.*

9

10  By:   /s/ *Michael A. Geibelson*
    Roman M. Silberfeld (State Bar No. 62783)
11  Michael A. Geibelson (State Bar No. 179970)
    ROBINS, KAPLAN, MILLER & CIRESI LLP
12  2049 Century Park East, Suite 3400
    Los Angeles, CA 90067-3208
13  Telephone: 310-552-0130
    Facsimile: 310-229-5800
14

15  Elliot S. Kaplan (Pending *Pro Hac Vice Application*)
    K. Craig Wildfang (Pending *Pro Hac Vice Application*)
16  ROBINS, KAPLAN, MILLER & CIRESI LLP
    800 LaSalle Avenue
17  2800 LaSalle Plaza
    Minneapolis, MN 55402
18  Telephone: 612-349-8500
    Facsimile: 612-339-4181
19

20  *Counsel for Plaintiffs*

21  Attestation: The filer of this document attests that the concurrence of the other
22  signatories thereto has been obtained.

23  /s/ *Michael R. Lazerwitz*

24  SO ORDERED.        2/10/11

25  By: _____
26  Judge of the U.S. District Court, N.D. California

27

28

                                    6

**ANNEX A:  Best Buy's Production of Data**

**STIPULATED DEFINITIONS**

The words and phrases used in this Annex A shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request for Production of Documents.

1.  "Acquired" or "acquisition" means or refers to, without limitation, anything given, purchased, received or that Best Buy came to possess.

2.  "Document" and "documents" shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and shall also mean all electronically stored information ("ESI") including, without limitation, electronic data or data compilations, electronic files, e-mail and other electronic communications saved to or located on hard disks, file servers, floppy disks, CDs, DVDs, backup tapes, thumb drives, or any other electronic media, whether or not in tangible or electronic form.

3.  "Including" or "includes" means without limitation.

4.  "TFT-LCD Panel" means a flat panel display screen, called a Thin Film Transistor Liquid Crystal Display, that consists of a liquid crystal compound containing pixels that are sandwiched between two pieces of glass called substrates, and each pixel has a transistor built into it and changes polarization of light when voltage is applied to that transistor; and, as used herein, the term "TFT-LCD Panel" includes a module consisting of a TFT-LCD Panel attached to a backlight, a driver, and other elements needed for the TFT-LCD Panel to modulate illumination and generate images.

5.  "TFT-LCD Product" means a product or finished good that contains a TFT-LCD Panel.

6.  The term "person" or "persons" includes any natural person, public entity, partnership, corporation, association, firm, trust, joint venture, agency, board, authority, commission or other such entity.

7. "Type" means the product name, brand, model and product/serial number.

8. "Best Buy" means each of Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Best Buy China Ltd., and Magnolia Hi-Fi, Inc. and each of their parent companies and subsidiaries.

9. "Net Purchase Price" "Contains the cost of the SKU for this Shipment/Location combination based on the purchase order cost for the item." OR "The unit cost for the SKU on the order, including discounts (deal/bracket/allowance), but not landed cost components."

## STIPULATED INSTRUCTIONS

1. The scope of documents subject to production in response to the production requests below include all documents in Best Buy's possession, custody, or control, wherever located, including without limitation any document available to Best Buy upon request from its parents, affiliates, subsidiaries, employees, officers, directors, attorneys, accountants, financial advisors, consultants, private investigators, or other agents or persons acting or purporting to act on Best Buy's behalf, as required by the Federal Rules of Civil Procedure and the applicable local rules.

2. All electronically stored information shall be produced in accordance with the Protocol Governing the Production of Electronically Stored Information, attached as Exhibit A to the Joint Case Management Conference Statement filed in this matter on January 10, 2008, and binding on Best Buy under the Special Master's Order of March 12, 2010 (Dkt. No. 1595). Documents originating in paper or other hard copy format should be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files.  TIFF files shall be produced in single-page format along with image load files (.DII file and .OPT file and .LFP file).  All documents are to be provided with multi-page searchable text (.TXT) files.  These text files and image load files should indicate page breaks to the extent possible, as well as Production Number Begin, Production Number End, Production Attachment Range Number Begin, Production Attachment Range Number End, and Production Document Page Count.

8

1    As well, each .TIFF image should be branded with the applicable Bates number and

2    confidentiality designation.

3    3.   The production requests in this Annex are designed to capture, among other things,

4         acquisitions, sales, and transfer pricing, and to permit the tracing of products throughout

5         various plaintiffs.  For example, if Best Buy Purchasing LLC purchased a TFT-LCD Product

6         from a manufacturer and then sent that TFT-LCD Product to Best Buy Stores L.P., which in

7         turn sold the TFT-LCD Product to a consumer, Best Buy Purchasing LLC's data would show

8         both the acquisition from the manufacturer and the sale to Best Buy Stores L.P., and Best Buy

9         Stores L.P.'s data would show the acquisition from Best Buy Purchasing LLC and the sale to

10        the consumer.  Further, the linking data would enable tracing of that TFT-LCD Product from

11        Best Buy Purchasing LLC's acquisition from the manufacturer, through the various plaintiffs

12        and their parents and subsidiaries, to the sale of the TFT-LCD Product to a consumer.

13

14   **STIPULATED PRODUCTION NO. 1:  Purchase-For-Resale Data**

15        a.   Best Buy will produce for the period January 1, 2003 through December 31, 2008, for each

16             TFT-LCD Panel or TFT-LCD Product Best Buy acquired that Best Buy subsequently resold,

17             data regarding that acquisition in the following categories:  the purchase date; the vendor; the

18             TFT-LCD Panel or TFT-LCD Product name; the TFT-LCD Panel or TFT-LCD Product

19             brand; the TFT-LCD Panel or TFT-LCD Product model; the quantity purchased; the TFT-

20             LCD Panel's or TFT-LCD Product's manufacturer; the Net Purchase Price; the purchase

21             order number; the shipping identification number, and the SKU number.

22        b.   Best Buy will produce data adequate to tabulate aggregate purchase totals by SKU for any

23             selected period from January 1, 1996 through December 31, 2002.  The purchase data

24             provided under this section 1(b) is reflected in the Point of Sale data provided under

25             Production No. 2.  The purchase data provided under this section 1(b) is constructed by

26             totaling the field called Tot Xtnd SKU Cost AMT by SKU from January 1, 1996 through

27             December 31, 2002.

28

STIPULATION OF EXTENSION OF TIME TO RESPOND TO COMPLAINT, WAIVER OF SERVICE, AND
PRODUCTION OF DATA
Case No. 3:07-md-1827 SI / Case No. 10-cv-4572

**STIPULATED PRODUCTION NO. 2:  Sales Data**

a.   Separately for each Best Buy entity, Best Buy will produce, for the period January 1, 1996 through December 31, 2008, for each sale by Best Buy of any TFT-LCD Panel or TFT-LCD Product, data regarding that sale in the following categories:  sale date; sale location by store number; product name; product brand; quantity sold; net sales price; approximate net purchase price; transaction keys, and SKU numbers.

b.   Additional data can be gleaned from the other data provided, such as product descriptions from SKUs, and classes and subclasses of products.

**STIPULATED PRODUCTION NO. 3: Linking Data**

Best Buy states that it does not have data sufficient to track or link individual products sold to individual products purchased for each sale to a customer, in other words, the purchase information provided in response No. 1 to purchases identified in documents in Response No. 2.  Best Buy will identify people who can discuss Best Buy's inventory control practices with respect to the TFT-LCD Panels and TFT-LCD Products.

**STIPULATED PRODUCTION NO. 4: Other Codes In Data Sets**

Best Buy will provide the SKU information referenced above in Production No. 1 and Production No. 2, the product class and subclass information to which they belong that is contained in Best Buy's SKU look-up table for the included products and that discloses how Best Buy groups SKUs into classes and subclasses) and that contains its narrative product descriptions for each SKU number.  To the extent the data provided under Production No. 1 and Production No. 2 above contain other codes, symbols, or abbreviations (other than with respect to the product descriptions in the SKU look-up table referred to in the preceding sentence), Best Buy will produce a key explaining the meaning of any such codes, symbols, or abbreviations.

STIPULATION OF EXTENSION OF TIME TO RESPOND TO COMPLAINT, WAIVER OF SERVICE, AND PRODUCTION OF DATA
Case No. 3:07-md-1827 SI / Case No. 10-cv-4572