IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>ALL CASES<br>/ | **ORDER GRANTING APPLE INC.'S ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME TO FILE A REQUEST FOR EXCLUSION FROM SETTLEMENT** |

On February 17, 2011, the Court held a hearing on Apple Inc.'s motion to clarify its request for exclusion from the settlement classes, or in the alternative, for an enlargement of time to request exclusion from settlement classes.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court has discretion to extend a deadline upon a showing of good cause and excusable neglect. *See* Fed. R. Civ. Proc. 6(b)(1)(B); *Silver v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court held that courts could, where appropriate, "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The court established a four part balancing test for determining whether there is excusable neglect: (1) the danger of prejudice to the nonmoving party, (2) the length of delay, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395).

Applying the *Pioneer* factors here, the Court finds it is appropriate to exercise its discretion and

allow Apple to file an untimely request for exclusion from the settlement classes. The Court finds that there is very little danger of prejudice to the nonmoving parties. The parties assert that they may be prejudiced if Epson exercises its "blow right" and withdraws from the settlement. However, there have been a number of opt-outs from the settlement classes, and the Court is not persuaded that one additional opt-out will have a meaningful effect on Epson's decision to exercise its blow right. On the second factor, the length of the delay was minimal, and Apple contacted the parties as soon as it learned of its mistake in only requesting exclusion from the litigation classes and not the settlement classes. With regard to the third and fourth factors, Apple's counsel has submitted a declaration explaining that the reason for the delay was her mistake, and there is no suggestion by any party that Apple has not acted in good faith. On the whole, these factors weigh in favor of granting Apple's motion.

Accordingly, the Court GRANTS Apple Inc.'s motion for an enlargement of time to request exclusion from the settlement classes. (Docket No. 2397). Apple shall send the revised request for exclusion, found at Docket No. 2397-2, to the class administrator promptly following the entry of this order.

**IT IS SO ORDERED.**

Dated: February 18, 2011

SUSAN ILLSTON
United States District Judge