IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br>BEST BUY CO., *et al*,<br>        Plaintiffs,<br> v.<br>AU OPTRONICS CORP., *et al*,<br>        Defendants. / | No. C 10-4572 SI<br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES THOUGH ITS U.S. COUNSEL** |

    Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to submit the motion without oral argument, and accordingly the Court VACATES the hearing scheduled for March 25, 2011, at 9:00 a.m. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

    On October 8, 2010, plaintiffs Best Buy Co.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores LP; and Magnolia Hi-Fi, Inc. (collectively "plaintiffs") filed a complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Clerk of this Court designated

this case as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On February 1, 2011, plaintiffs sent Chunghwa a request to waive service of summons, along with a copy of the Complaint and a Notice of a Lawsuit. Chunghwa has not returned a signed waiver. Plaintiffs have also attempted to negotiate with Chunghwa's U.S. counsel for a stipulation waiving service. Chunghwa declined to join the stipulation, thus prompting the instant motion. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

## DISCUSSION

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan address.

Plaintiffs contend that service through defendant's U.S. counsel is appropriate because of the substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendant in Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiffs have submitted a declaration from David Martinez, counsel for plaintiffs. Mr. Martinez states "[i]t is [his] understanding that a translation of the necessary documents to effectuate service through the letter rogatory process in this case would run in the thousands of dollars, and would take several months." Martinez Decl. ¶ 7. Based upon the circumstances presented here, the Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

2

interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes to argue that plaintiffs must show "urgency" in order to warrant alternative service, the Court disagrees. *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable here because Taiwan is not a signatory to that agreement.

Plaintiffs assert that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[2] Other plaintiffs have submitted cost estimates for serving

---

[2] In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. See *ATS Claim, LLC v. Epson Elecs. Am. Inc.*, *et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*, (Docket No. 1657), *Motorola Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779),

1 Chunghwa through the letter rogatory process, all of which have indicated a likely cost of more than
2 $8,000.[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that
3 there is no reason to require service through letters rogatory in the instant action, particularly given the
4 stage of the litigation in the MDL and the significant discovery that is already underway in those
5 proceedings. This action has been consolidated with the MDL and is now part of a coordinated
6 discovery schedule. Until plaintiffs are able to serve Chunghwa, plaintiffs will not be able to coordinate
7 and participate in discovery against Chunghwa with the other plaintiffs.

8 The Court also finds that service on Chunghwa through its U.S. counsel comports with due
9 process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning
10 that service must be "reasonably calculated, under all the circumstances, to apprise interested parties
11 of the pendency of the action and afford them an opportunity to present their objections." *Rio*
12 *Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that
13 Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL
14 cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson,
15 Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as
16 counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions
17 to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser
18 plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has
19 sufficient notice of this case and that service of defendant through its U.S. counsel will comport with
20 due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that
21 the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been

---

and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

[3] *See, e.g., TracFone Wireless, Inc. v. AU Optronics et al.*,:

> According to the Legal Language Services estimate, TracFone will incur a charge of at least $6,215.00 for translating TracFone's Complaint and the other documents associated with the TracFone action into Chinese for Chunghwa. Legal Language Services also estimates that TracFone will incur charges of at least $3,720 for processing the letters rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on that entity.

Docket No. 2109 at 2-3.

4

in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 16 in C 10-4572 SI; Docket No. 2463 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: March 8, 2011

SUSAN ILLSTON
United States District Judge

5