Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATON | CASE NO. M:07-cv-01827-si<br><br>MDL No. 1819<br><br>**SPECIAL MASTER'S ORDER RE RULES FOR RESPONDING TO RECIPROCAL WRITTEN DISCOVERY REQUESTS REGARDING THE PARTIES' CONTENTIONS (No Hrg.)** |
| This Order Relates to:<br><br>ALL CASES | |

Direct and Indirect Purchaser Plaintiffs and certain defendants[1] have asked the Court for guidance in responding to "contention" discovery requests that each side has served. Defendants initiated their request on February 8, 2011 by requesting a meeting with me to confer about "contention" discovery requests they intended to file. Plaintiffs filed a motion by letter brief on February 16, 2011 to compel defendants to respond to plaintiffs' "contention" discovery. On February 18, 2011 I met with counsel for both sides to confer about the method of responding to the respective requests. On February 21, 2011 I issued an Advisory Ruling (copy attached

---

[1] AU Optronics, Chi Mei, Hannstar, Hitachi, LG Display, Sharp and Toshiba

hereto) to which counsel submitted comments culminating in a letter of March 9, 2011 from defendants' counsel. Having considered all the argument submitted by the parties, I now make the following Order.

**Background Facts and Contentions**

This is not the Court's first attempt to assist the parties in responding to broad contention-type discovery. On November 3, 2010, I issued an Order regarding discovery requests served by the same seven defendants involved in the present dispute on Direct Purchaser Plaintiffs ("DPP's") (the "Contention Discovery Order")[Docket No. 2114]. The Contention Discovery Order required DPP's to respond to questions about meetings in furtherance of the alleged conspiracy, but excused them from responding to overly broad questions about violations of law, sales of products and damages on the ground that they would require them to "state all evidence in the case." The Contention Discovery Order also prescribed rules for how to answer the questions about meetings, in order to reduce the burden on DPP's and enhance the likelihood that the responses would be useful.

<u>Plaintiffs' Discovery Requests</u>. On December 29, 2010, DPP's and IPP's served "Witness and Contention Interrogatories" on all defendants. They consist of twenty questions, plus some subparts. Interrogatory Nos. 1 and 2 require defendants, as to every person identified as a witness of having relevant knowledge, to provide the date and all participants in every meeting, communication and agreement with competitors, and to identify every document describing any such event. Interrogatory No. 3 requires defendants to identify all witnesses and "any evidence you may introduce" to support their contention that the prices of TFT-LCD panels did not result from an agreement among competitors. Interrogatory Nos. 4-19 ask whether the defendants contend they withdrew from a price-fixing conspiracy and, if so, to describe extensive facts about the withdrawal. Interrogatory No. 20 demands that defendants "identify all evidence" supporting all their affirmative defenses.

Defendants generally objected that the questions exceeded the allowed scope of discovery pursuant to the Contention Discovery Order, and on other grounds, and either simply

objected or said they would respond subject to their objections when they had the required information.

Defendants' Discovery Request. On February 8, 2011, LG Displays (evidently on behalf of the other six defendants as well) served a set of interrogatories, document requests and requests for admission on the DPP's and IPP's.

Requests to IPP's: RFA Nos. 1-40 ask in slightly varying ways for admissions that none of the defendants fixed prices. Nos. 41-58 ask for admissions that panel production and capacity increased from 1999-2006. Nos. 59 and 60 ask for admissions that IPP's cannot prove that any TFT-LCD product was first sold to a bill-to or ship-to location in the United States. No. 61 asks for an admission that all representative plaintiffs' claims are limited to those listed in IPP's motion for class certification.

The twelve interrogatories ask an assortment of questions that do not fall into any easily-described groups. Among other topics they ask for information to separate defendant from non-defendant panels, the basis of several contentions by IPP's, demand information about "first sales" in the United States, and require IPP's to identify all meetings at which any defendant conspired to restrict supply.

The document requests ask for (1) all documents identified or received from manufacturers regarding models that used non-defendant LCD panels, (2) all documents identified in the interrogatory responses, (3) all documents that "refer to, relate to, or support any facts" mentioned in the interrogatory responses, and (4) all documents that relate to any denial of an RFA.

Requests to DPP's: The RFA's to the DPP's mirror those to the IPP's, except that Nos. 66-104 ask for admissions about affiliation and control. Seven of the 10 interrogatories are the same as ones asked of the IPP's. Nos. 7-10 demand information about LG Display and Phillips affiliates. The document requests ask for (1) all documents identified in interrogatory responses, (2) all documents that relate to any facts in the interrogatory responses, and (3) all documents that relate to of support any denial of an RFA.

//

3

Both sides claim to have served "narrowly drafted" requests that follow the guidelines of the Contention Discovery Order. Each side, of course, claims that the other side's discovery is overbroad, unduly burdensome and contrary to the Contention Discovery Order. Plaintiffs object to LG Display's requests because they seek information that is properly expert opinion, they interfere with and duplicate plaintiffs' ongoing efforts to compile a list of meetings that comprised the alleged conspiracy, defendants already have the information they demand, the requests are overly broad, and other assorted problems. Defendants object to plaintiffs' requests because some are overly broad, those regarding the withdrawal defense cannot be answered at this time because of the Stay Order, among other alleged defects. The parties also disagree about the proper schedule for responding.

## Analysis

After I issued the Advisory Ruling, defendants stated they would accept it (subject to their right to object to Judge Illston). Plaintiffs sought a change in the manner in which they had to respond to Interrogatory Nos. 8 and 9 (regarding meetings at which supply and capacity limits were discussed), and a clarification of whether they needed to include expert-generated information in responding to Interrogatory No. 7 (stating the basis for denials of all RFA's). Plaintiffs also sought to require defendants to respond to Interrogatory No. 20 (state basis for all affirmative defenses) as to both true affirmative defenses as to which defendants have the burden of proof and mere defenses to plaintiffs' claims, asked for changes in deadlines for defendants to respond to Interrogatory Nos. 1, 2 4 and 5-19. Both sides asked for an expedited procedure to present objections to my ultimate final Order to Judge Illston.

Bearing in mind the fast-approaching discovery cutoff, with the objective of allowing only discovery that is truly necessary and useful, and in the hope of heading off time-consuming objections to Judge Illston, I now adopt my Advisory Ruling with the following clarifications.

Interrogatory Nos. 8 & 9 to IPP's: Despite plaintiffs' strenuous arguments that requiring them to identify the meetings that they contend involve agreements to limit supply or capacity is unduly burdensome, irrelevant and inconsistent with the Contention Discovery Order, I conclude that plaintiffs should do so. Notwithstanding that plaintiffs may present their case as an

interrelated conspiracy that includes agreements as to prices, supply and capacity, defendants are entitled to know what evidence plaintiffs intend to present of any agreements as to supply and capacity. I conclude it is not unduly burdensome for IPP's to review the list of meetings they are preparing to identify those that relate to supply or capacity. To the extent the evidence is circumstantial or ambiguous, they can so note.

<u>Interrogatory No. 7 to DPP's</u>: Plaintiffs seek an order that they need not respond with information that their experts will provide in reports. That is not correct. Both sides need to respond now to discovery requests based on the information and analysis presently available to them, even if such information will also be part of later expert reports. Of course, expert reports may contain additional information and analysis that the expert generates.

<u>Interrogatory No. 20 to Defendants</u>: This interrogatory asks for all evidence supporting defendants' "affirmative defenses". The Advisory Ruling required precisely that: defendants must supply all evidence supporting all defenses that they contend amount to "affirmative defenses." Consistent with my Contention Discovery Order, they need not respond as to non-affirmative defenses – e.g., "I didn't do what you allege that I did" – because that would require them to "state their entire case, and as such is unduly burdensome and overbroad. Defendants need to make a good faith, law-based, distinction between those two types of defenses. If plaintiffs believe defendants have failed to respond as to a defense that is truly "affirmative" they can raise that by a motion to compel a further answer.

<u>Timing of Responses</u>: The timetable in my Advisory Ruling is a bit out of date, given the passage of a month between it and this Order. Therefore, the following deadlines shall apply to the responses:

IPP's and DPP's shall respond to all requests by April 4, 2011, except that IPP's may respond to Interrogatory Nos. 8 and 9 by April 11, 2011.

Defendants shall respond to all requests by April 4, 2011, except that they may respond to Interrogatory Nos. 1 and 2 by April 8, 2011.

//
//

5

Privilege Issues: Both sides must serve appropriate privilege logs with respect to any material withheld from disclosure in these responses, but they may have some reasonable leeway not exceeding two weeks after the responses are served to serve the logs. Counsel shall confer on an appropriate schedule for service of logs.

Plaintiffs ask for a ruling that defendants have waived the attorney-client privilege as to all their defenses merely by asserting them. The two cases they cite for this rather amazing proposition do not support such a principle at all. In Fox v. California Sierra Fin. Services, 120 F.R.D. 520 (N.D. Cal. 1998), the court found that a party had waived the privilege as to information provided to the SEC and as to other information about which its attorney testified. It said nothing about a waiver arising merely from asserting an affirmative defense. In Lorenz v. Valley Forge Ins. Co., 815 F.2d 1095 (7th Cir. 1987), the court found that the defendant insurer's assertion of a defense of good faith settlement negotiation did not waive its privilege. The court indicated that waiver arises only when a defense injects into the case a defense that rests upon an attorney's confidential communications or opinions.

## Order

Good cause appearing, it is ORDERED that the parties shall respond to the respective discovery requests as ordered in the attached Advisory Ruling as modified herein.

Dated: March 21, 2011

_____
Martin Quinn
Special Master

6