IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-4346 SI |
| STATE OF OREGON,<br><br>    Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORP., *et al.,*<br><br>    Defendants. / | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

On March 11, 2011, the Court heard argument on defendants' motion to dismiss plaintiff's complaint. For the reasons set forth in this order, defendants' motion is GRANTED in part and DENIED in part. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **April 15, 2011.**

**BACKGROUND**

On August 10, 2010, plaintiff State of Oregon ("Oregon") filed an individual complaint in the United States District Court, District of Oregon, against numerous domestic and foreign defendants, alleging violations of state and federal antitrust laws as well as state unjust enrichment laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the case was transferred to this Court, and the Clerk designated this case as related to MDL No. 1827, M 07-1827.

The complaint alleges a global price-fixing conspiracy by suppliers of liquid crystal display (LCD) panels. Compl. ¶¶ 1, 4. Oregon brings this case on behalf of the State of Oregon, its agencies, political subdivisions, and local governments, and all natural persons residing in Oregon who were indirect purchasers of LCD products containing LCD panels. *Id.* ¶ 1. Oregon alleges that defendants conspired "to eliminate competition, control production, and fix prices for LCD panels." *Id.* ¶ 3. Oregon alleges that these actions caused indirect purchasers in Oregon to pay artificially elevated prices. *Id.* Oregon's first claim for relief seeks injunctive relief and damages under Section 1 of the Sherman Act. The second claim for relief seeks treble damages and injunctive relief under Oregon's Antitrust Act ("OAA")[1]. The third claim for relief seeks disgorgement of profits and imposition of a constructive trust under Oregon's common law and the OAA.

Defendants have jointly moved to dismiss Oregon's complaint. Defendants argue that the Court must dismiss Oregon's state antitrust claims that relate to conduct that took place prior to the January 1, 2002 enactment of Oregon's *Illinois Brick* repealer statute (ORS § 646.770-780) because the statute only applies prospectively. Defendants also argue that for the OAA claims, Oregon failed to "identify the specific 'agencies, political subdivisions, and local governments' it purports to represent," and that all claims on behalf of such purchasers must therefore be dismissed. Finally, defendants argue that Oregon's unjust enrichment claims must be dismissed due to Oregon's failure to request proper remedies; in the alternative, defendants request that Court dismiss Oregon's unjust enrichment claims in part, inasmuch as those claims relate to conduct that took place prior to January 1, 2002.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[1] The Oregon Antitrust Act consists of ORS sections 646.705 through 646.836 and addresses a broad range of behavior. The *Illinois Brick* repealer statute, a subsection of the Oregon Antitrust Act, was drafted to permit both direct and indirect purchasers to bring suit under Oregon's antitrust laws. ORS §§ 646.775, 646.780. The parties refer to the two as independent bases for Oregon's claims; however, Oregon failed in both its complaint and opposition to be consistent or accurate in its references to Oregon antitrust statutes. Oregon acknowledges this deficiency and asks for leave to amend.

2

1 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Oregon's State Antitrust Claims

#### A. Equitable remedies under the OAA

Defendants contend that the OAA only provides for equitable relief such as disgorgement or the establishment of a constructive trust where the affected party is "threatened with injury . . . ." ORS § 646.770(1). Defendants argue that the word "threatened" in ORS section 646.770(1) means that the statute only encompasses prospective remedies. Defendants argue that because disgorgement and restitution are forms of remedial, and not prospective, equitable relief, they are not available as remedies under the OAA.

Oregon responds that the OAA does allow for equitable relief, albeit in a section other than the one cited in the complaint, and requests permission to file an amended complaint seeking relief under

3

ORS § 646.775 instead of ORS § 646.770.[2] Accordingly, the Court GRANTS defendants' motion to dismiss and grants Oregon leave to so amend.

### B.   Claims relating to conduct prior to January 1, 2002

Oregon's second claim for relief alleges that defendants violated the OAA by engaging in a global conspiracy "to artificially fix raise, stabilize, and peg prices for LCD panels and LCD products in the United States and particularly the State of Oregon in violation of [the OAA]." Compl. ¶ 163. This claim for relief does not refer to a specific time period, but earlier in the complaint Oregon alleges that the conspiracy period "extend[ed] from at least January 1, 1996 through at least December 11, 2006 . . . ." *Id.* ¶ 2.

Defendants contend that claims based on conduct prior to January 1, 2002 must be dismissed because Oregon's *Illinois Brick* repealer statute was enacted on that date, and the legislative history indicates that the statute was intended to apply only prospectively. Oregon concedes this point and "withdraws all indirect purchaser claims under the [OAA] for damages and equitable relief [that relate to conduct that took place] prior to January 1, 2002[.]" Opp'n at 2:22-24. Oregon requests leave to amend its complaint to make it clear that its statutory indirect purchaser claims brought under the OAA for treble damages and equitable relief are for injury sustained from January 1, 2002 onward.

The Court GRANTS the defendants' joint motion to dismiss Oregon's claims under the OAA, and GRANTS Oregon leave to amend.

## II.   Identification of unnamed agencies, political subdivisions and local governments

The complaint states that the Oregon Attorney General "brings this civil action on behalf of the State of Oregon, its agencies, political subdivisions, and local governments, and all natural persons residing in Oregon who were indirect purchasers . . . against all defendants." Compl. ¶ 1. Defendants argue that by failing to specifically name which agencies, political subdivisions and local governments the Oregon AG purports to represent, Oregon has not provided defendants with fair notice as required

---

[2] ORS Section 646.775 "expressly permits the Oregon AG to bring a civil action to secure 'equitable relief.'" Pl. Opp. at 14-15.

4

by Rule 8(a). Defendants argue that due to this lack of specificity, defendants are unable to determine whether the Oregon AG has the authority to bring all of the stated claims, which entities will be bound by a final judgment, or whether duplicative damages could be a concern.

Oregon responds that under the OAA, the Oregon Attorney General's authority to represent Oregon's political subdivisions is expressly provided for without qualification or condition. ORS § 646.775(1)(a). Oregon also states that the Attorney General represents all state agencies, political divisions and local governments, and that defendants have sufficient information to respond to the complaint.

The relevant question at this stage of the proceeding is whether the complaint "answer[s] the basic questions: who, did what, to whom (or with whom), where, and when." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). Oregon's complaint meets this standard because it alleges that the Oregon AG has "absolute authority to represent the state, including its agencies, in all matters." Pl. Opp. at 8. Further, because the Oregon AG brings the stated claims on behalf of *all* state entities, there is no need for Oregon to list every such entity in the complaint. The Court finds that the complaint is sufficient as a pleading matter, and that the information that defendants seek regarding the specific nature of the represented entities, as well as damages sought, can be obtained in discovery.

The Court DENIES this aspect of defendants' joint motion to dismiss Oregon's claims.

### III.    Oregon's Unjust Enrichment Claims

The complaint alleges that the "[d]efendants have been unjustly enriched through overpayments by Oregon indirect purchasers and resulting profits." Compl. ¶ 167. "Pursuant to common law principles . . . and as authorized under ORS § 646.770," Oregon alleges that "defendants should not be permitted to retain the benefits conferred on them," and Oregon seeks "disgorgement of all profits resulting from such overpayments and establishment of a constructive trust," in addition to costs and attorneys' fees. *Id.* ¶¶ 167-69.

///

5

### A. Preemption

Defendants move to dismiss Oregon's unjust enrichment claims on three grounds. First, defendants argue that the OAA "forecloses the possibility of disgorgement and restitution" by "effectively occupy[ing] the field with respect to specific forms of equitable relief . . . ." Motion at 8:13, 23. However, defendants have not provided any on-point authority for their contention that the OAA preempts common law unjust enrichment claims.

Oregon argues that the OAA does not "occupy the field," and relies on ORS Section 646.775(6), which states,

> The powers granted in this section are in addition to and not in derogation of the common law powers of the Attorney General to act as parens patriae, or the powers of the Attorney General to sue as a representative party on behalf of a class pursuant to ORCP 32.[3]

The Court finds that this provision implies that the Oregon legislature intended to preserve common law remedies that existed prior to enactment of the OAA, not to preempt those remedies. It also suggests that permitting claims premised on statutory authority and common law to go forward concurrently is not inappropriate. Accordingly, in the absence of any authority to the contrary, the Court finds that Oregon's unjust enrichment claims are not preempted by the OAA.

### B. Pleading claims in the alternative

Second, defendants argue that Oregon is precluded under Oregon common law from seeking the equitable remedies of disgorgement and restitution to prevent unjust enrichment because the indirect purchasers have an adequate remedy through the OAA, ORS § 646.780. That section permits an indirect purchaser to recover its actual damages, or treble damages if appropriate.

Oregon responds that although defendants are correct that ultimately Oregon must choose between a remedy at law and a remedy at equity if they are duplicative, "[i]t is not generally a ground for dismissal of a complaint asserting equitable claims that the plaintiff has an adequate remedy of law."

---

[3] In its opposition, Oregon mentions this statute in a footnote but failed to mention it in its complaint. The statute that *is* mentioned in the complaint, ORS § 646.770, states that "[a]ny person including the state or any municipal corporation or political subdivision threatened with injury in its business or property by a violation of ORS 646.725 or 646.730 may prosecute a suit for equitable relief . . . ."

*In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 46 (D.D.C. 2008). The Court agrees with Oregon that it can plead claims in the alternative. However, as defendants note, the complaint does not actually state that Oregon's common law unjust enrichment claim is pled in the alternative. The Court GRANTS Oregon leave to amend to clarify that its pleadings are in the alternative.

### C. Pre-January 1, 2002 claims

Third, defendants argue that even if Oregon is permitted to seek disgorgement and restitution pursuant to common law, such claims are barred for conduct prior to the January 1, 2002 enactment of Oregon's *Illinois Brick* repealer statute. Defendants contend that allowing Oregon to bring unjust enrichment claims on behalf of indirect purchasers based on conduct that took place prior to January 1, 2002, would allow Oregon to circumvent statutory antitrust laws.

Oregon argues that Oregon common law recognizes a claim for unjust enrichment separate from, and unconnected to, the OAA. Oregon notes that Oregon common law recognizes an unjust enrichment claim where the plaintiff alleges "that a benefit was conferred and . . . that the benefit was unjust." *Hitchcock v. Delaney*, 192 Or. App. 453, 458 (2004). Unjust enrichment claims have been recognized prior to January 1, 2002, and have been recognized in the years since. *See, e.g., Tum-A-Lum Lumber v. Patrick*, 95 Or. App. 719, 721 (1989), and *Hitchcock*, 192 Or. App. at 458 (2004). Oregon argues that based on the common law recognition of a claim for unjust enrichment, and ORS Section 646.775(6), which describes the powers granted by the OAA to the Oregon AG as existing "in addition to and not in derogation of the common law powers" of the Oregon AG, it may assert an unjust enrichment claim for pre-January 1, 2002 conduct.

In the indirect purchaser class case, the Court dismissed unjust enrichment claims under Arkansas, Virginia, Montana and Puerto Rico law where the indirect purchaser plaintiffs lacked antitrust standing in those jurisdictions. Docket No. 870 at 14-16. In the indirect purchaser action, as here, defendants argued that plaintiffs may not circumvent the restrictions on antitrust claims in states that have not passed *Illinois Brick* repealers by reframing those claims as unjust enrichment actions. The Court agreed, and held that "in the absence of any authority from Arkansas, Virginia, Montana and Puerto Rico holding that an indirect purchaser plaintiff may bring an unjust enrichment claim when that

7

same claim would be barred under state antitrust law," such claims would be dismissed. *Id*. at 15:27-16:1. *See also In re Microsoft Corp. Antitrust Litig.*, 401 F. Supp. 2d 461, 464 (D. Md. 2005) ("[T]he specific bar on indirect purchaser recovery incorporated into South Carolina's antitrust statutes prohibits Plaintiff's general common-law [unjust enrichment] claim."); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004) ("For those states that have maintained the *Illinois Brick* prohibition on indirect purchaser recovery, I conclude that it would subvert the statutory scheme to allow these same indirect purchasers to secure, for the statutory violation, restitutionary relief at common law (or in equity)."); *see also In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1100 (N.D. Cal. 2007) (allowing plaintiffs to maintain unjust enrichment claims because they have "excised unjust-enrichment claims for states that do not recognize antitrust remedies for indirect purchasers, so this claim is no longer attempting to circumvent the laws of states that do not recognize claims for damages by indirect purchasers.").

Here, Oregon concedes that prior to January 1, 2002, indirect purchasers lacked standing under Oregon antitrust law. Oregon has not articulated how its pre-January 1, 2002 unjust enrichment claims are analytically different than the unjust enrichment claims that the Court dismissed in the indirect purchaser action, nor has Oregon cited any on-point authority for the proposition that it can bring common law unjust enrichment claims on behalf of indirect purchasers who lacked standing to assert antitrust claims prior to 2002. Accordingly, the Court GRANTS defendants' motion to dismiss Oregon's unjust enrichment claims inasmuch as those claims relate to conduct that took place prior to January 1, 2002.[4]

///

---

[4] If Oregon is able to locate authority in support of its contention that it may bring a *parens patriae* claim on behalf of indirect purchasers for conduct occurring before January 1, 2002, it may allege such claims, with citation to such authority, in the amended complaint.

8

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. (Docket No. 2338 in M 07-1827 SI). Oregon is GRANTED leave to file an amended complaint. If Oregon wishes to amend its complaint, the amended complaint must be filed no later than **April 15, 2011**.

**IT IS SO ORDERED.**

Dated: March 25, 2011

SUSAN ILLSTON
United States District Judge