IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>ALL CASES<br>_____ / | **ORDER RE: INDIRECT PURCHASER PLAINTIFFS' MOTION TO FILE A THIRD AMENDED CONSOLIDATED COMPLAINT** |

Now before the Court is the indirect purchaser plaintiffs' motion for leave to file a third amended complaint. The indirect purchaser plaintiffs seek to amend the complaint to add new defendants and co-conspirators, and to add additional state law claims.

With regard to the proposed new defendants and co-conspirators, the Court finds that as to certain proposed new defendants, plaintiffs have demonstrated that leave to amend should be granted and that there is no prejudice or delay caused by amendment. Specifically, plaintiffs may amend the complaint to add (1) Unipac, Acer Display and Quanta Display as defendants in order to clarify the liability of AU Optronics Corporation; (2) Chimei Innolux, which was formed by a three-way merger by current defendants; and (3) Epson Imaging Devices Corporation.

However, the Court finds that the indirect purchaser plaintiffs have not shown that it is appropriate to amend the complaint to name three additional proposed defendants, Hydis Technologies Co., Mitsubishi Electric Corporation, and Mitsubishi Electric & Electronics USA, Inc. The Court finds that adding these entities as defendants will cause delay due to service, new discovery, and motion practice. In addition, adding these entities as defendants might require revisiting class certification to

address issues specific to these entities. The indirect purchaser plaintiffs may, however, amend the complaint to name these entities as co-conspirators.

The Court GRANTS plaintiffs' motion to amend to add the following entities as named co-conspirators: Fujitsu Display Technologies Corporation, NEC Corporation, NEC LCD Technologies Ltd., NEC Electronics America, Inc., Panasonic Corporation, Panasonic Corporation of America, Sony Corporation, and S-LCD Corporation.

The indirect purchaser plaintiffs also seek to add four new state law claims. The Court GRANTS plaintiffs leave to amend to add claims under the New York antitrust statute and the Missouri Merchandising Practices Act.[1] The Court DENIES plaintiffs' motion to the extent that plaintiffs seek to add claims under Illinois and Oregon law. The States of Illinois and Oregon have opposed the proposed amendments on numerous grounds.[2] The Court finds that the States' objections are well taken in light of the issues raised in the pending proceedings related to the indirect purchaser plaintiffs' motion for approval of the class settlements with certain defendants.[3]

The indirect purchaser plaintiffs' amended complaint must be filed by **April 29, 2011**. This order resolves Docket Nos. 1948 and 2016.

**IT IS SO ORDERED.**

Dated: April 12, 2011

SUSAN ILLSTON
United States District Judge

---

[1] In an order filed April 11, 2011, the Court granted in part and denied in part defendants' motion to dismiss Missouri's claim under the MMPA in Missouri's *parens patriae* complaint. Docket No. 2632. When preparing the amended complaint, plaintiffs should review the Court's April 11, 2011 order for guidance regarding the MMPA claim.

[2] In contrast, the State of Missouri filed a statement in support of the indirect purchaser plaintiffs' motion to amend the complaint to add the MMPA claim.

[3] Those proposed settlements include, *inter alia*, damages settlements for Oregon and Illinois classes, although the operative complaint does not allege claims under Oregon and Illinois law, and the Court did not certify statewide classes under Oregon and Illinois law. Oregon and Illinois have intervened and filed objections to the proposed settlements. In December 2010, the Court appointed retired Judge Weinstein to review the indirect purchaser plaintiffs' proposed settlements, and to make a recommendation to the Court regarding approval of those settlements.

2