United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | Case No. C 10-3517 SI<br>Case No. C 10-3619 SI |
| STATE OF FLORIDA,<br>       Plaintiff,<br>  v.<br>AU OPTRONICS CORP., *et al.*,<br>       Defendants; _____/ | **ORDER GRANTING DEFENDANTS' JOINT MOTION FOR PARTIAL STAY RE: FLORIDA AND MICHIGAN COMPLAINTS** |
| STATE OF MISSOURI, *et al.*,<br>       Plaintiffs,<br>  v.<br>AU OPTRONICS CORP., *et al.*,<br>       Defendants. _____/ | |

On February 7, 2011, defendants moved to stay the claims of plaintiff Florida in *State of Florida v. AU Optronics Corp, et al.*, Case No. 10-3517, and plaintiff Michigan in *State of Missouri, et al. v. AU Optronics Corp., et al.*, Case. No. 10-3619, to the extent such claims are brought on behalf of non-State consumers in either Florida or Michigan. The Court finds it appropriate to take the motion under submission without oral argument. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

These *parens patriae* actions allege a global price-fixing conspiracy in the market for Thin Film Transistor Liquid Crystal Display ("TFT-LCD") panels. TFT-LCD panels are used in a number of products, including but not limited to computer monitors, laptop computers, televisions, and a number of other products. TFT-LCD panels are sold in a variety of sizes, and vary across a number of technical dimensions. TFT-LCD panels have no independent utility, but have value only as components of other products. When a TFT-LCD panel is incorporated into a finished product, the panel is not modified, and remains a discrete, physical object within the finished product. TFT-LCD panels are purchased by many different types and sizes of customers through different manufacturing and distribution channels.

In about 2006, the Antitrust Division of the Department of Justice began investigating a number of the defendants' alleged participation in a global conspiracy to fix prices of TFT-LCD panels. The investigation is ongoing. To date, approximately seven corporate defendants have pled guilty to Sherman Act violations relating to suppressing and eliminating competition by fixing the prices of TFT-LCD panels, including Sharp Corporation (CR 08-802 SI); LG Display Co. Ltd. and LG Display America, Inc. (CR 08-803 SI), Chunghwa Picture Tubes, Ltd. (CR 08-804 SI); Hitachi Displays Ltd. (CR 09-247 SI); Epson Imaging Devices Corporation (CR 09-854 SI); and Chi Mei Optoelectronics Corporation (CR 09-1166 SI).

On November 5, 2007, a class of indirect product purchasers ("IPP") filed a consolidated complaint which, among other things, brought claims on behalf of proposed classes of Florida and Michigan consumers. The IPP's Florida claims were brought under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and the Michigan claims were brought under the Michigan Antitrust Reform Act ("MARA"). On March 28, 2010, the Court certified various classes in the IPP action, including a Florida class and a Michigan class.

On August 11, 2010, the State of Florida filed a Complaint For Damages, Civil Penalties and Injunctive Relief naming many of the same defendants as the IPP class action. (Case No. 10-3517, Docket No. 1 ("Florida Complaint").) The Florida Complaint alleges that "[t]he State of Florida brings this action against the Defendants under the Sherman Act, the Clayton Act, the Florida Antitrust Act, and the [FDUTPA] on behalf of itself and its governmental entities, and on behalf of natural persons in

Florida." (Florida Complaint ¶ 1.) The Florida Complaint alleges that defendants "conspired to suppress and eliminate competition by fixing the prices of TFT-LCD Panels, and to suppress and eliminate competition by agreeing to limit the production of TFT-LCD Panels." (*Id.* ¶ 2.) The Florida Complaint asserts certain direct and indirect purchaser claims allegedly assigned to it by retailers with which the State has contractual agreements. (*Id.* ¶¶ 107-113.) The Florida Complaint also asserts a claim under the FDUTPA "for all direct and indirect purchases of TFT-LCD Panels and TFT-LCD Products by governmental entities and consumers in the State of Florida." (*Id.* ¶ 126.) Florida prays for declaratory relief, equitable relief, treble damages, statutory damages, restitution and civil penalties. (*Id.* ¶ 129.)

On August 17, 2010, the States of Missouri, Arkansas, Michigan, West Virginia and Wisconsin filed a Complaint For Damages, Civil Penalties, Injunctive and Other Relief naming many of the same defendants named in the IPP class action. (Case No. 10-3619, Docket No. 1 ("Michigan Complaint").) The Michigan Complaint is in many respects similar to the Florida Complaint and alleges a conspiracy to suppress and eliminate competition in the market for TFT-LCD Panels. Michigan brings the civil action "in the name of the State of Michigan, as parens patriae on behalf of natural persons residing in Michigan, and on behalf of itself and its State Agencies." (*Id.* ¶ 16.) The Michigan Complaint further alleges that "[u]nder Michigan law, the Attorney General may obtain injunctive relief, be awarded treble damages, or otherwise recover all ascertainable losses incurred by virtue of overcharges paid by the State of Michigan, its State agencies, and natural persons, be awarded civil penalties arising from any violations of Michigan law, and obtain other equitable and statutory relief." (*Id.*) Count Four of the Michigan Complaint alleges a violation of MARA and states that "the State of Michigan, its State Agencies, and natural persons that directly or indirectly purchased TFT-LCD products are entitled to damages and other equitable relief pursuant to [MARA] for losses incurred directly or indirectly as a result of Defendants' conduct alleged herein." (*Id.* ¶ 131.)

**LEGAL STANDARD**

Defendants' motion is based on the first-to-file rule. The first-to-file rule was developed to "serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc.*

3

*v. Uniweld Prods, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991), *quoting Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). Under the first-to-file rule, a district court may transfer, stay or dismiss an action when a similar action has been filed in another district court. *See Alltrade*, 946 F.2d at 625-26. When deciding whether to apply the first-to-file rule, the court must look at three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Id.* The fact that there are additional defendants in one of the actions is not dispositive. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) ("If the parties 'represent the same interests' the court may determine the second action is duplicative."). In a class action, the classes, and not the class representatives, are compared. *Weinstein v. Metlife, Inc.*, 2006 WL 3201045 at *4 (N.D. Cal. 2006) (Illston, J.), *citing* Cal. Jur. 3d Actions § 284. "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'" *Alioto v. Hoiles*, 2004 WL 2326367 at *5 (N.D. Cal. 2004) (Hamilton, J.)

**DISCUSSION**

Defendants move to stay the claims of Florida and Michigan to the extent that they are brought on behalf of natural persons (i.e., purchasers other than the state or state entities). (Motion at 1.) Defendants contend that the *parens patriae* claims asserted on behalf of Florida and Michigan consumers overlap with the class claims asserted in the IPP class action,[1] which was filed long before the Florida and Michigan Complaints. (*Id.*) As a result, defendants argue that the first-to-file rule requires that the later-filed *parens patriae* claims asserted on behalf of absent non-state purchasers be stayed pending resolution of the IPP class action. (*Id.*) In the alternative, defendants request that the claims asserted on behalf of the Florida and Michigan classes in the IPP class action be stayed pending the resolution of those States' *parens patriae* claims. (*Id.*)

Plaintiffs Florida and Michigan oppose the motion on the ground that the *parens patriae* claims

---

[1] The Florida Complaint asserts claims for "direct and indirect purchases . . . by . . . consumers" (*Id.* ¶ 126), and the Michigan Complaint asserts claims for "natural persons that directly or indirectly purchased TFT-LCD products." (*Id.* ¶ 131.) Given the structure of the market, direct purchases by consumers are unlikely, but possible. To the extent they occurred, they would be subject to the same first-to-file policy considerations discussed in this order, but with respect to the direct product purchaser class actions.

4

1 are fundamentally different than the IPP class action, that the states will be damaged if a stay is imposed
2 and that judicial economy will be served by allowing the cases to continue. (Florida's Opposition at 1;
3 Michigan's Opposition at 1.) In particular, Florida and Michigan argue that the States, not the
4 consumers on whose behalf the claims are brought, constitute the actual parties to the litigation, and that
5 the *parens patriae* actions and the consumer class action are therefore not duplicative. (Florida
6 Opposition at 6.) Florida and Michigan also contend that the issues raised in the *parens patriae* suits
7 differ from the IPP class action because the statutes under which their actions are brought authorize
8 various remedies not available in the IPP class action and, in the case of Florida, the *parens patriae*
9 action involves conduct that predates the IPP class period. (Florida Opposition at 7-13; Michigan
10 Opposition at 3-4.) If the Court determines that the Florida IPP class action and the *parens patriae*
11 action are duplicative, Florida requests that — rather than impose a stay — the Court issue a
12 consolidated schedule for the two actions. (Florida Opposition at 21.)

13 Preliminarily, it appears that defendants and plaintiffs frame their respective comparisons of the
14 IPP class action and the *parens patriae* actions differently. Though it is not entirely clear, plaintiffs
15 appear to compare the IPP class action to the Florida and Michigan *parens patriae* actions in their
16 entirety, including those claims asserted on behalf of, for example, the state and its various agencies.
17 (*See* Florida Opposition at 9-12.) However, the instant motion is concerned solely with those claims
18 asserted by Florida and Michigan on behalf of natural persons ("non-State consumers") in their
19 respective states. (Motion at 1, Reply at 4.) Moreover, the Court does not interpret defendants' motion
20 as requesting a stay of claims that were contractually assigned to the State. (*See* Florida Complaint ¶¶
21 107-113; Michigan Complaint ¶¶ 99-109.) As a result, the appropriate comparison is between the
22 claims asserted by Florida and Michigan on behalf of natural persons in their states to those asserted in
23 the IPP class action on behalf of the Florida and Michigan classes.

24 With that comparison in mind, the Court concludes that a limited stay is appropriate. First, it
25 is undisputed that the IPP consolidated complaint was filed several years before the *parens patriae*
26 actions filed by Florida and Michigan. Second, the parties in both actions are substantially similar.
27 Though Florida and Michigan are correct that the States, and not individual consumers, are the named
28 parties in a *parens patriae* action, certain of their claims are asserted "on behalf" of individual

5

consumers of TFT-LCD products. This Court has already held in the context of class action lawsuits that it is the class, not the class representatives, that are relevant for purposes of the first-to-file rule. *Weinstein*, 2006 WL 3201045 at *4. Because Plaintiffs seek to assert claims on behalf of absent consumers, a similar approach is appropriate here. Moreover, the Court finds that the composition of the absent classes in the *parens patriae* actions are substantially similar to the Florida and Michigan classes certified in the IPP class action. (*See* M 07-1827, Docket No. 1642 at 37-38) (certifying classes including all persons and entities in Michigan and Florida "who, from January 1, 1999 to December 31, 2006 . . . purchased LCD panels incorporated in televisions, monitors, and/or laptop computers . . . .") Finally, the issues raised in the two lawsuits are substantially similar. Both the *parens patriae* actions and the IPP class action allege a broad conspiracy to fix the price of TFT-LCD products among nearly identical groups of defendants and over essentially the same period of time. Both the Michigan *parens patriae* action and the IPP class action allege violations of MARA. (*Compare* Michigan Complaint ¶¶ 127-131 *with* IPP Second Amended Complaint ¶ 267.) Both the Florida *parens patriae* action and the IPP class action allege violations of the FDUTPA. (*Compare* Florida Complaint ¶¶ 125-128 *with* IPP Second Amended Complaint ¶ 287.) Although the Florida *parens patriae* action relies in part on conduct that occurred in 1998 while the IPP class action is limited to conduct that occurred on or after January 1, 1999, Florida provides no basis on which the Court could find that the alleged conduct in 1998 substantially changes the character of the issues involved in the case in a way that would distinguish its claims from those of the IPP class. Accordingly, the Court finds that the first-to-file rule and the general interest in judicial efficiency supports a limited stay in this case.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to stay as follows. (Case No. 07-1827, Docket No. 2406; Case No. 10-3517, Docket No. 16; Case No. 10-3619, Docket No. 20.) All claims asserted by Florida or Michigan on behalf of natural persons in those states are hereby STAYED. This order shall not apply to any claim brought on behalf of the State of Florida or its agencies, any claim brought on behalf of the State of Michigan or its agencies, or any claim that plaintiffs allege was contractually assigned to the State of Florida or the State of Michigan.

6

This stay shall remain in effect until the earlier of: entry of judgment with respect to Florida or Michigan classes certified in the IPP class action (Case No. 07-1827) or April 30, 2012.

**IT IS SO ORDERED.**

Dated: April 13, 2011

SUSAN ILLSTON
United States District Judge