IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ This Order Relates To: DELL INC. and DELL PRODUCTS L.P.,        Plaintiffs,   v. SHARP CORPORATION, *et al.*,        Defendants. _____/ | No. M 07-1827 SI MDL No. 1827 No. C 10-1064 SI **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DONNELLY ACT CLAIM** |

On April 8, 2011, plaintiffs Dell Inc. and Dell Products L.P. ("Dell") filed a First Amended Complaint against Defendants.[1] (Docket No. 2629.) On April 22, 2011, Defendants Sharp and Hitachi filed a motion to dismiss Dell's Donnelly Act claim. (Docket No. 2674.) Other Defendants answered the First Amended Complaint. (Docket Nos. 2676, 2677, 2678, 2679, 2680.)

On May 6, 2011, Dell filed a Notice of Voluntary Dismissal stating that Dell was dismissing its Donnelly Act claim pursuant to Federal Rule of Civil Procedure 41. (Docket No. 2725.) Dell's notice

---

[1] Defendants are Sharp Corporation, Sharp Electronics Corporation (collectively "Sharp"), Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi, Ltd. (collectively "Hitachi"), Epson Imaging Devices Corporation, Epson Electronics America, Inc., Hannstar Display Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., Toshiba Corporation, and Toshiba Mobile Display Co., Ltd.

stated: "To the extent there is any tension in the Circuit about a plaintiff voluntarily dismissing only one of several claims, Dell believes it is proper, and efficient for the Court and the defendants, to dismiss its New York state law claim and therefore does not oppose the Motion to Dismiss its Donnelly Act claims." (Notice at 1 n.1.) Dell separately filed a Response in Opposition to Sharp and Hitachi's motion to dismiss that stated:

> Dell has concurrently herewith voluntarily dismissed its Donnelly Act claim. Because the Donnelly Act claim was the only count challenged by Defendants' motion to dismiss,[] Dell requests that the Court deny the Sharp and Hitachi Defendants' motion as moot.[] In the alternative, Dell does not oppose the motion to dismiss the Donnelly Act Claim.

(Docket No. 2726 at 1 (citations omitted).) On May 13, 2011, Defendants Sharp and Hitachi filed a reply to their motion stating that voluntary dismissal under Rule 41 would be improper in this case and requesting that the Court grant their motion to dismiss. (Docket No. 2770.)

Rule 41(a)(1)(A) states that "the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "[A] plaintiff may not use Rule 41(a)(1)(I)[2] to dismiss, unilaterally, a single claim from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Id.*

In this case, Dell seeks to dismiss only its Donnelly Act claim while continuing to prosecute its remaining eight causes of action. Moreover, Dell filed its notice of dismissal two weeks after certain defendants answered the First Amended Complaint. For both reasons, voluntary dismissal under Rule 41(a)(1)(A)(I) would be improper. Dell states, however, that in the event the Court does not grant voluntary dismissal under Rule 41, Dell does not oppose Defendant Sharp and Hitachi's motion to dismiss.

---

[2] On December 1, 2007, an amendment to Federal Rule of Civil Procedure 41 renumbered the relevant provision from Rule 41(a)(1)(i) to its current form, Rule 41(a)(1)(A)(i). *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1213 n.2 (10th Cir. 2010).

Accordingly, the Court GRANTS Defendant Sharp and Hitachi's Motion to Dismiss Count Six of the First Amended Complaint alleging violations of the Donnelly Act, New York Gen. Bus. Law §§ 340 *et seq.* (Docket No. 2674.) Dell may file an amended complaint reflecting the dismissal of its Donnelly Act claim on or before **May 27, 2011**.

**IT IS SO ORDERED.**

Dated: May 16, 2011

SUSAN ILLSTON
United States District Judge