IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 09-5840 SI |
| MOTOROLA, INC.,<br>        Plaintiff,<br>   v.<br>AU OPTRONICS CORPORATION, et al.,<br>        Defendants. / | **ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(b) - MOTOROLA** |

Defendants have filed a motion to certify an interlocutory appeal of this Court's March 28, 2011, order finding that it has subject matter jurisdiction over Motorola's "foreign-purchase" antitrust claims.[1] The Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for May 27, 2011. Having considered the moving papers and the arguments presented, the Court hereby GRANTS defendants' motion.

Certification of an interlocutory appeal is appropriate where an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In this case, the jurisdictional question is "controlling" because it will have a significant impact on the scope of Motorola's claims in this case. *See In re Cement Antitrust Litig.*, 673 F.2d 1020,

---

[1] The facts of this matter are set out in detail in this Court's March 28, 2011, order denying defendants' motion to dismiss Motorola's second amended complaint.

1026 (9th Cir. 1982) (stating that a question is controlling when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court"). Further, there is "substantial ground for difference of opinion" on the proper resolution of the jurisdictional question. The question presented here – whether the negotiation within the United States of a contract setting a global, super-competitive price can satisfy the domestic-injury exception to the FTAIA's jurisdictional bar – was one of first impression. In concluding that the domestic-injury exception applied, this Court distinguished a related line of cases rejecting the "arbitrage" theory of jurisdiction. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981 (9th Cir. 2008); *In re Monosodium Glutamate Antitrust Litig.*, 477 F.3d 535 (8th Cir. 2007); *Empagran S.A. v. F. Hoffman-La Roche, Ltd.*, 417 F.3d 1267 (D.C. Cir. 2005); *see also Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 534 F. Supp. 2d 1101 (N.D. Cal. 2007). While the allegations in this case are materially different from those in the "arbitrage" cases, the Court believes the novelty of the issue merits appellate review. Finally, immediate appeal will "materially advance the ultimate termination of the litigation" by more clearly establishing the scope of the issues at trial, including the defendants' ultimate liability.

Given the novelty of the issue and the significant impact its resolution will have on this case, the Court finds that certification of an interlocutory appeal is appropriate. Accordingly, the Court VACATES the May 27, 2011, hearing and GRANTS defendants' motion. Docket No. 2649 in 07-1827; Docket No. 91 in 09-5840.

**IT IS SO ORDERED.**

Dated: May 25, 2011

SUSAN ILLSTON
United States District Judge

2