IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-4346 SI |
| STATE OF OREGON,<br>       Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, et al.,<br>       Defendants. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is defendants' motion to dismiss the State of Oregon's first amended complaint ("FAC"). The Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for July 15, 2011. Having considered the arguments presented in the moving papers, the Court hereby DENIES defendants' motion.

**BACKGROUND**

The State of Oregon ("Oregon") filed this antitrust action in 2010, seeking to recover for damages caused by a global price-fixing conspiracy allegedly perpetrated by the major manufacturers of liquid-crystal display ("LCD") panels. Oregon brought suit on behalf of itself, "its agencies, political subdivisions, and local governments, and all natural persons residing in Oregon who were indirect purchasers of . . . products containing LCD panels . . . ." *See* Complaint, ¶1.

On April 15, 2011, after this Court dismissed in part Oregon's original complaint, Oregon filed

its FAC. The FAC contains four causes of action: 1) price-fixing in violation of the Sherman Act, 15 U.S.C. § 1; 2) price-fixing in violation of the Oregon Antitrust Statute, ORS 646.725-646.730; 3) unjust enrichment under the Oregon Antitrust Statute, ORS 646.775; and 4) common law unjust enrichment. FAC, ¶¶155-72. The FAC sought damages and injunctive relief, as well as disgorgement of defendants' profits. FAC at 50, ¶4.

On May 2, 2011, defendants filed a joint motion to dismiss Oregon's FAC. Defendants' motion takes issue with only two aspects of the complaint. First, defendants claim that Oregon's third cause of action must be dismissed because the Oregon Antitrust Statute does not authorize claims for unjust enrichment. Second, defendants claim that Oregon's request for disgorgement of profits must be stricken from the complaint because disgorgement is not a proper remedy for unjust enrichment under Oregon law.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

As mentioned above, defendants' motion challenges only two aspects of Oregon's complaint: Oregon's statutory unjust enrichment claim under the Oregon Antitrust Statute; and Oregon's request for disgorgement of defendants' profits. The Court rejects both of defendants' challenges.

**1.    Unjust enrichment under the Oregon Antitrust Statute**

Oregon bases its statutory claim for unjust enrichment on ORS 646.775(1)(a). That section reads in its entirety as follows:

> The Attorney General may bring a civil action in the name of the State of Oregon, on behalf of a political subdivision in this state or as parens patriae on behalf of a natural person, in any circuit court in which venue is proper under ORS 646.790, *to secure equitable and monetary relief as provided in this section for injury sustained* by the natural person or political subdivision to the natural person's or political subdivision's property by reason of a violation of ORS 646.725 or 646.730. The Attorney General may bring the action authorized by this paragraph regardless of whether the natural person or political subdivision dealt directly or indirectly with the adverse party.

ORS 646.775(1)(a) (emphasis added). Oregon claims that the reference to "equitable . . . relief" in this section represents a broad grant of authority to the Oregon Attorney General to pursue equitable actions against antitrust offenders.

Defendants, however, argue that the equitable relief authorized under section 646.775(1)(a) is far more circumscribed. They argue that the statute only authorizes equitable relief to the extent it is "provided in this section." *See id.* Because no portion of section 646.775 explicitly authorizes claims for unjust enrichment, defendants argue that such claims are not among the equitable relief that the Oregon Attorney General may seek. Further, defendants point to the fact that the statute limits relief to "injury sustained" by plaintiffs. They argue that such language is inconsistent with the remedy of unjust enrichment, which focuses on a defendant's gain rather than a plaintiff's injury.[1] *See*, *e.g.*, *Davis*

---

[1] Defendants also argue that the Oregon legislature's narrow understanding of the equitable powers conferred by section 646.775(1)(a) is evidenced by the legislature's rejection of a 2001 amendment to the Oregon Antitrust Statute that would have added the following language to the section: "The equitable relief authorized by this subsection includes, but is not limited to, restitution and disgorgement." Proposed Oregon House Bill 2218 (2001), *available at* http://www.leg. state.or.us/01reg/pdf/HB2218.pdf. Defendants claim that the legislature's rejection of this proposed amendment shows that it views the equitable powers that the statute confers narrowly.

Having reviewed the full legislative history of the proposed amendment, however, the Court

3

*v. Tyee Indus., Inc.*, 668 P.2d 1186, 1188 n.2 (Or. 1983) ("[Unjust enrichment] allows the plaintiff to recover not merely compensation for his loss, but all of the defendant's gain as well.") (quoting D. Dobbs, Remedies § 5.15, at 414 (1973)).

The Court cannot agree with defendants' reading of the statute. While later portions of section 646.775 detail the remedies available in an action brought under section 646.775(1)(a), those portions only pertain to monetary relief. *See*, *e.g.*, ORS § 646.775(1)(b) (directing courts to exclude certain forms of monetary relief); ORS § 646.775(1)(c) (authorizing treble damages and attorneys' fees); ORS § 646.775(4) (authorizing proof of damages through "statistical or sampling methods"); ORS § 646.775(5) (discussing distribution of damage awards). After authorizing "equitable relief" in section 646.775(1)(a), section 646.775 does not use the term "equitable relief" or otherwise discuss the equitable relief available. Given the lack of any explicit reference to equitable relief in section 646.775, defendants' reading of that section would read equitable relief out of the Oregon Antitrust Statute entirely.

Contrary to defendants' arguments, the only provision of section 646.775 that remotely relates to equitable relief suggests that the Oregon legislature intended section 646.775(1)(a) to be an expansive grant of authority to pursue equitable claims: "The powers granted in this section are in addition to and not in derogation of the common law powers of the Attorney General to act as parens patriae, or the powers of the Attorney General to sue as a representative party on behalf of a class pursuant to ORCP 32." ORS 646.775(6).

In light of this provision, the Court finds that the Oregon legislature intended section 646.775(1)(a) to authorize a broad spectrum of equitable relief. Accordingly, it finds that Oregon's claims for unjust enrichment are authorized by the statute.

---

finds defendants' argument unconvincing. The amendment was introduced by the Oregon Attorney General's Office to make explicit what the Attorney General believed the statute already authorized. *See* Tape Recording, House Committee on Judiciary, Subcommittee on Criminal Law, HB 2218 (Jan. 23, 2001) (statement of Assistant Attorney General Andrew Aubertine), *available at* http://www.leg.state. or.us/listn/archive/archive.2001s/HJUDCR-200101230810.ram. The Oregon House passed the amendment, but it was never voted on by the Senate. The transcript of Senate hearing suggests that the Attorney General withdrew the amendment because it was deemed unnecessary in light of other amendments to the statute. *See id.*

4

### 2.  **Availability of disgorgement**

As a remedy for defendants' alleged antitrust violations, Oregon requests disgorgement of defendants' profits. Defendants argue that disgorgement is not an appropriate remedy for the antitrust claims asserted in plaintiff's suit. Instead, they argue that restitution is the only remedy available for unjust enrichment under Oregon law. *See Bugge v. Far West Fed. Bank, S.B.*, 785 P.2d 1058, 1064 (Or. App. 1990) ("The proper remedy is restitution for unjust enrichment . . . ."). Defendants argue that almost no Oregon decisions have allowed disgorgement of profits as a remedy for unjust enrichment claims.

The Court finds defendants' argument unconvincing. While no Oregon court has awarded disgorgement of profits in the antitrust context, few Oregon decisions have discussed the availability of disgorgement as a remedy in general. At least one Oregon court, however, has found disgorgement to be an appropriate remedy for unjust enrichment. *See Kerr v. Miller*, 977 P.2d 438, 449 (Or. App. 1999).

Further, Oregon law makes the remedies available under the Sherman Act persuasive authority for the remedies available under the Oregon Antitrust Statute. ORS 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority . . . ."). Although rarely sought under the Sherman Act – perhaps because of the availability of treble damages – disgorgement appears to be an available remedy for violation of the federal antitrust laws.

The Southern District of New York recently concluded that federal courts may award disgorgement of profits as a remedy for Sherman Act violations. *See United States v. Keyspan Corp.*, 763 F. Supp. 2d 633 (S.D.N.Y. 2011). The precise question in *Keyspan* was whether the district court should approve a consent decree settlement that included disgorgement of the defendant's profits. *Id.* at 635. In deciding that question, however, the court first had to decide whether disgorgement was an available remedy under the Sherman Act. *Id.* at 638-41.

The court first looked to decisions in the securities law context, in which disgorgement is a more common remedy. Relying on the Second Circuit's decision in *S.E.C. v. Cavanagh*, 445 F.3d 105 (2d Cir. 2006), the court concluded that federal courts possessed the power to authorize disgorgement of profits as part of their equity jurisdiction. *Keyspan*, 763 F. Supp. 2d at 638-39 ("Thus, '[b]ecause

chancery courts possessed the power to order equitable disgorgement in the eighteenth century, . . . contemporary federal courts are vested with the same authority by the Constitution and the Judiciary Act.'" (quoting *Cavanagh*, 445 F.3d at 120)). The court then determined that nothing in the Sherman Act would limit the availability of this traditional power. *Id.* at 639-40 ("[Section 1 and section 4 of the Sherman Act] are broad and contain no language divesting a court of its 'inherent equitable powers.'").

Having determined that federal courts retain the power to order disgorgement under the Sherman Act, the court concluded that "disgorgement comports with established principles of antitrust law." *Id.* at 640. The court believed disgorgement to be an effective remedy for ensuring that antitrust defendants are not able to retain any rewards for their wrongful behavior. In addition, the court noted that "there appears to be little disagreement among commentators about the propriety of disgorgement as an antitrust remedy." *Id.* (citing Phillip E. Areeda et al., *Antitrust Law* ¶ 325a (3d ed. 2007) and Einer Elhauge, Disgorgement as an Antitrust Remedy, 76 Antitrust L.J. 79, 79 (2009)).

The Court finds this analysis persuasive. In light of the availability of disgorgement under the Sherman Act, and the expansive grant of authority to seek equitable relief under the Oregon Antitrust Statute, the Court concludes that disgorgement is available to Oregon in this case.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. Docket No. 15 in 10-4346; Docket No. 2708 in 07-1827.

**IT IS SO ORDERED.**

Dated: July 11, 2011

SUSAN ILLSTON
United States District Judge

6