IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION_____/ | No. M 07-1827 SI<br>MDL No. 1827<br><br>No. C 11-2591 SI |
| This Order Relates To:<br><br>T-MOBILE U.S.A., INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>   Defendants._____/ | **ORDER GRANTING PLAINTIFF T-MOBILE'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND TATUNG CO. THROUGH THEIR U.S. COUNSEL** |

Plaintiff T-Mobile U.S.A., Inc. has filed a motion to serve two foreign defendants, Chunghwa Picture Tubes, Ltd. and Tatung Co., through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, and 2825. Both Chunghwa and Tatung have opposed these motions to preserve their objections to this manner of service, but have recognized this Court's inclination to permit service through their U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

opposition.[1] In order to save both Chunghwa and Tatung the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case. *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant"). Further, due to Chunghwa's active participation in this MDL for the past three years, as well as the close corporate ties between Chunghwa and Tatung, the Court finds that service through their U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication); *see also* Order Granting Plaintiffs' Motion to Serve Defendants Chunghwa Picture Tubes and Tatung Company Through Their U.S. Counsel, May 28, 2010 (Master Docket No. 1779) (describing corporate ties between Chunghwa and Tatung).

Absent further objection from Chunghwa or Tatung, plaintiff may serve Chunghwa and Tatung through their U.S. counsel **after July 29, 2011**. If Chunghwa or Tatung have a specific objection not already addressed by the prior orders of this Court, they may file an opposition before that date.

//
//
//

---

[1] Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process. Tatung is represented by the same counsel as Chunghwa, and has relied on the same arguments.

2

# CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. and Tatung Co. through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 27 in C 11-2591; Docket No. 3029 in M 07-1827. Absent objection from Chunghwa and Tatung, plaintiff may serve Chunghwa and Tatung through counsel after July 29, 2011.

**IT IS SO ORDERED.**

Dated: July 12, 2011

SUSAN ILLSTON
United States District Judge