IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br>MOTOROLA, INC.,<br>    Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, et al.,<br>    Defendants. / | No. C 09-5840 SI<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

On July 15, 2011, the Court heard argument on plaintiff Motorola, Inc.'s motion for leave to file a third amended complaint. Having considered the arguments of the parties and intervenors and the papers submitted, and for good cause appearing, the Court hereby GRANTS Motorola's motion.

**BACKGROUND**

On October 20, 2009, Motorola filed this action in the Northern District of Illinois, seeking to recover for an alleged price-fixing conspiracy perpetrated by global manufacturers of liquid crystal display ("LCD") panels. After the case was transferred to this Court for pretrial purposes, Motorola filed an amended complaint.

Following an initial motion to dismiss filed by the defendants, Motorola filed a second amended complaint, which defendants again moved to dismiss. A hearing on the motion was held on November 4, 2010, and the motion was ultimately denied on March 28, 2011.

On June 8, 2011, Motorola filed the current motion, seeking leave from the Court to file a third amended complaint ("TAC"). The TAC does not significantly alter the legal theories contained in Motorola's second amended complaint. Instead, Motorola's proposed amendments all relate to changes it wishes to make to the parties. First, Motorola seeks to substitute Motorola Mobility, Inc. as plaintiff. Motorola Mobility was created in a recent corporate reorganization and is now the entity responsible for Motorola's mobile device business. Relatedly, Motorola assigned its claims to Motorola Mobility and seeks to amend its complaint to explicitly list those assignments. Finally, and most significantly, Motorola seeks to add a number of additional defendants to its lawsuit: Sanyo Consumer Electronics Co., Ltd ("Sanyo"); Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "Samsung"); Philips Electronics North America Corporation ("Philips"); and Chimei Innolux Corporation.[1]

None of the existing defendants oppose Motorola's TAC. Proposed new defendants Sanyo, Samsung, and Philips, however, have all moved to intervene in this matter, and object to Motorola's request to add them as defendants.

**LEGAL STANDARD**

Once a party has amended its complaint, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.*

//
//

---

[1] According to Motorola, Chimei Innolux is the successor to current defendant Chi Mei Optoelectronics.

2

**DISCUSSION**

Proposed new defendants Sanyo, Philips, and Samsung[2] all object to Motorola's motion.[3] They claim that they will be prejudiced by the amendment, that Motorola's amendment should be denied because of delay, and that Motorola's proposed amendments are futile because the TAC fails to state a claim against them.

**I.   Prejudice**

All three defendants claim that they will be prejudiced by being added at this stage of the lawsuit. They argue that little time remains before discovery in this case is set to close, and emphasize that the discovery has been voluminous.

At the time Motorola filed its motion, there may have been insufficient time for the new defendants to comply with the discovery deadlines. Fact discovery was set to close on September 2, 2011, just twelve weeks after the motion was filed and seven weeks after it was set to be heard. *See* Order Re: Pretrial and Trial Schedule, Master Docket No. 2165 (November 23, 2010). Expert discovery was also fast approaching: defendants were to disclose the identities of their expert witnesses on August 1, 2011. *Id.* Under these tight deadlines, even Motorola admitted that the Court might have to alter its schedule to accommodate its new defendants.

The day before the hearing on this motion, however, the Court approved a stipulation submitted by a number of the "direct action" parties, including Motorola. *See* Order Modifying Pretrial Schedule for "Track One" Direct Action Plaintiff and State Attorney General Cases, Master Docket No. 3110 (July 14, 2011). The Court's order extends the fact- and expert-discovery deadlines in this case by three to four months. This extension is significant enough to mitigate the defendants' claims of prejudice.

To be sure, discovery in this case has been voluminous. According to the parties, more than 28 million pages of discovery have been produced, including 500,000 pages by Motorola alone. Overall,

---

[2] The Court GRANTS the motion to intervene filed by Sanyo, Samsung, and Philips.

[3] The current defendants do not object to Motorola's proposed amendments to its complaint. Proposed new defendant Chimei Innolux also does not object to its inclusion as a defendant in Motorola's proposed TAC. No party objects to the substitution of Motorola Mobility as plaintiff. Accordingly, Motorola's motion is GRANTED with respect to these proposed changes.

3

the parties to the MDL have taken more than 100 depositions.

There is no denying this is a substantial amount of discovery. Indeed, this Court has twice in recent months rejected attempts to add other new defendants to this MDL. *See* Order Denying Plaintiff's Motion to Amend the Complaint, Master Docket No. 2619 (April 2, 2011) (rejecting Electrograph Systems' attempt to add new party NEC LCD Technologies as a defendant, because NEC had "not been named as a defendant since August 2008" and had "not had any opportunity to participate in discovery of any sort"); Order Re: Indirect Purchaser Plaintiffs' Motion to File a Third Amended Consolidated Complaint, Master Docket No. 2641 (April 12, 2011) (rejecting indirect purchaser plaintiffs' request to add three new parties as defendants because it would cause "delay due to service, new discovery, and motion practice").

The burden on each of the defendants involved in this motion, however, is substantially lessened because each is or has been a defendant in a case subject to the "first track" direct action plaintiff deadlines. Sanyo, for example, was a defendant in the Electrograph action between November 2009 and February 2011. It was also a defendant in the direct purchaser class action between February 2010 and March 2011. Samsung is a defendant in the Nokia action, and Philips has been sued, although it has not yet been served, by Costco. Much of the work in defending Motorola's action will be duplicative of the work the new defendants must do to defend these other actions.

Further, since Sanyo, Samsung, and Philips are only being added as defendants to one action, much of the discovery in this matter will not be relevant to their defense. *Cf.* Samsung Opposition at 3 (emphasizing that Samsung's "participation in the consolidated TFT-LCD cases has been extremely limited" because it was "a defendant in only one case"). And much of the discovery that is relevant to the new defendants will already have been largely taken care of by the major defendants in this action. *See* Declaration of Joshua C. Stokes in Support of Motorola's Reply, ¶4 (noting that Sanyo served only one set of requests for production and one joint set of interrogatories during the 18 months it was a defendant in the direct purchaser class action); *cf.* Intervenor Philips Electronics North America Corp.'s Joinder, at 2-3 (stating that Philips is not "actively litigating" any case, despite the fact that it is a defendant in a suit brought by Costco that is subject to the same discovery deadlines as this case).

Accordingly, the Court finds that defendants will not be unfairly prejudiced by being added as

4

defendants in this case.

## II.  Delay

Sanyo and Samsung argue that Motorola has delayed an impermissible amount of time in bringing this motion. Samsung emphasizes that Motorola filed suit in October 2009, nineteen months before it sought to include Samsung as a defendant. Sanyo argues that Motorola's request to amend its complaint amounts in effect to an attempt to modify the scheduling order, and should be denied for that reason.

The Court does not find any undue delay on Motorola's behalf. While Motorola certainly could have been more prompt, for much of the time period at issue it was awaiting this Court's ruling on defendants' last motion to dismiss. The defendants in this action filed that motion on August 27, 2010, the motion was heard on November 4, 2010, and the Court's order was published on March 28, 2011. Motorola brought its motion to file a third-amended complaint on June 8, 2011, within a reasonable period after the Court ruled on the motion to dismiss.

The Court also rejects Sanyo's argument that Motorola's motion should be treated as a motion under Rule 16 to amend a scheduling order. As Sanyo acknowledges, "the Court's scheduling order did not specify a time by which any new defendants must be named." In any event, Motorola, along with the other direct action plaintiffs, has now formally amended the scheduling order.

## III.  Cognizability of Motorola's Claims

Both Sanyo and Philips argue that Motorola's new complaint fails to state a cognizable claim against them. They assert that Motorola's allegations are too vague and are barred by the statute of limitations.

Sanyo's and Philips's arguments on this point are extremely brief. The Court agrees with Motorola that these concerns are better addressed through a motion to dismiss. For the purposes of amending its complaint, Motorola has adequately alleged that defendants were members of the conspiracy. Any further challenge to the allegations may be made in motions to dismiss.

5

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Motorola's motion for leave to file a third amended complaint. (Docket Nos. 117, 126 in 09-5840; Nos. 2884, 2958 in 07-1827)

**IT IS SO ORDERED.**

Dated: July 18, 2011

SUSAN ILLSTON
United States District Judge