1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____/ | MDL. No. 1827 |
| This Order Relates to: | **ORDER DENYING INDIRECT PURCHASER PLAINTIFFS' OBJECTION TO ORDER OF SPECIAL MASTER DENYING PLAINTIFFS' MOTION FOR AN ADDITIONAL HALF-DAY DEPOSITION OF BOCK KWON** |
| All Indirect-Purchaser Plaintiff Class Actions | |
| _____/ | |

The indirect purchaser plaintiffs ("IPP") have filed an objection to the Special Master's order denying their request to reopen the deposition of Bock Kwon for one-half day. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument and therefore VACATES the hearing currently scheduled for July 29, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby DENIES IPP's objection.

Plaintiffs conducted a joint deposition of Kwon, an executive at LG Philips ("LG") during the alleged conspiracy, on November 9 and 10, 2010.[1] On the second day of the deposition, after IPP counsel had concluded his questioning, counsel for Nokia questioned Kwon about a document that reflects a January 14, 2000, meeting between LG and Sharp. Although the document was produced to plaintiffs in early 2009, IPP counsel was not aware of its existence until this questioning occurred. Kwon was questioned briefly about the document, including a few questions by IPP's counsel, before the deposition concluded.

Claiming that this document is "an extraordinary formulation of the strategy for the price fixing

[1] The facts of this matter are set forth in more detail in the Special Master's Order.

conspiracy," plaintiffs now seek to reopen Kwon's deposition for one-half day to question him about it. They first brought this request to the Special Master, who found that they had failed to show "good cause" for reopening the deposition. The Court agrees.

Pursuant to the Deposition Protocol, plaintiffs must show "good cause" in order to reopen the deposition of a witness. *See* Order Re: Deposition Protocol, Master Docket No. 1546 (February 17, 2010), at ¶I.E ("A witness may be deposed only once in these proceedings, except if necessary to revoke an earlier assertion of the Fifth Amendment, by agreement of the Parties, or by Order of the Court or Special Master based on a showing of good cause."); *see also* Master Docket No. 1730 (order adopting deposition protocol). The question whether a party has shown "good cause" for reopening a deposition is a procedural matter that this Court reviews for abuse of discretion. *See* Order Appointing Martin Quinn as Special Master, Master Docket No. 1679 (April 12, 2010) at ¶18; Fed. R. Civ. P. 53(f)(3)-(5); *cf. Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) ("We review district court rulings on discovery matters for abuse of discretion.").

The Court agrees with the reasoning set forth in the Special Master's order and therefore adopts the order in its entirety. IPP counsel's inadvertent mistake in overlooking the document at issue does not amount to good cause, especially given that the document was produced almost two years before Kwon's deposition. Further, the deposition transcript reflects that IPP counsel did not request a break to study the document or otherwise make an effort to conclude the deposition that day. In such circumstances, the Court cannot find that good cause exists for reopening Kwon's deposition.

Accordingly, the Court DENIES plaintiffs' objection to the Special Master's Order. (Docket No. 2827.)

**IT IS SO ORDERED.**

Dated: July 25, 2011

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

2