IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates to:<br>All Indirect-Purchaser Plaintiff Class Actions<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br>**ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AUO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON CERTAIN DELL AND HEWLETT PACKARD PRODUCTS** |

On June 6, 2011, defendants filed a joint motion, seeking to dismiss much of this case on the ground that many of the LCD panels on which plaintiffs' claims are based were first sold in foreign commerce before being imported into the United States and purchased by American consumers. *See* Master Docket No. 2868. Almost three weeks later, AUO Optronics Corporation and AU Optronics Corporation America (collectively, "AUO") – both of which joined in the joint motion – filed their own motion for summary judgment, also seeking dismissal of plaintiffs' claims that were based upon foreign sales. *See*, *e.g.*, Master Docket No. 2975. Although the factual basis for AUO's motion differs somewhat from that of the joint motion, the legal argument is substantively identical.

The indirect purchaser plaintiffs have now requested that the Court strike AUO's motion, arguing that the motion is redundant and constitutes an improper attempt to circumvent the page limits contained in the local rules. The Court agrees and therefore GRANTS plaintiffs' motion.

The page limits for the joint motion were established by way of a stipulation signed by all defendants, including AUO. *See* Master Docket No. 2930. At the time plaintiffs signed the stipulation, and also when the Court approved it, AUO had not revealed its intent to file another motion on exactly

the same subject matter. Once AUO agreed to sign its name to the joint stipulation, the Court can see no reason for its failure to reveal its intent to file a substantively identical motion. Its argument easily could have been incorporated into the "joint dispositive motion" scheduled for hearing the same day.

AUO's only response is that plaintiffs were "advised" of its intent to file the motion based upon a document AUO filed with the court six weeks before if filed its motion. *See* Master Docket No. 2745. That document, which sets forth AUO's view of possible summary judgment topics, lists the subject matter of AUO's motion as one of among 22 other potential topics. "Advising" plaintiffs and the Court in this fashion is inconsistent with the good-faith negotiation of the stipulation and its presentation to this Court. It is also inconsistent with the practices necessary for efficient management of a case of this magnitude.

The Court agrees with plaintiffs that AUO's motion constitutes an attempt to get two bites out of the same apple. Accordingly, plaintiffs' motion to strike is GRANTED. *See Burger v. Kiumelis*, 325 F. Supp. 2d 1026, 1030-31 (N.D. Cal. 2004) ("[P]arties are not permitted unilaterally to impose on the nonmoving parties and the court the burden of sifting through excessively long moving papers."); *Welker Bearing Co. v. PHD, Inc.*, 2007 WL 1647878 at *1 (E.D. Mich., June 4, 2007) (striking two largely identical motions because a "profligacy of motions . . . invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits").

Based on the foregoing, the Court GRANTS plaintiffs' motion and STRIKES AUO's motion for summary judgment. (Docket No. 3041.)

**IT IS SO ORDERED.**

Dated: July 27, 2011

                                                SUSAN ILLSTON
United States District Judge