1

2

3

4

5

6

7  IN THE UNITED STATES DISTRICT COURT

8  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____/ | MDL. No. 1827 |
| This Order Relates to: ALL INDIRECT-PURCHASER CLASS ACTIONS | **ORDER GRANTING IN PART AND DENYING IN PART INDIRECT PURCHASER PLAINTIFFS' MOTION TO AMEND CLASS CERTIFICATION ORDER** |
| _____/ | |

Now before the Court is the indirect purchaser plaintiffs' motion to amend this Court's previous class certification order. Plaintiffs' motion is scheduled for hearing on July 29, 2011, at 9:00 a.m. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS IN PART and DENIES IN PART the motion.


**BACKGROUND**

This multidistrict litigation stems from allegations of a global price-fixing conspiracy in the market for Thin Film Transistor Liquid Crystal Display ("TFT-LCD") panels. TFT-LCD panels are used in a number of products, including but not limited to computer monitors, notebook computers, and televisions. Between 1999 and 2006, defendants collectively dominated the market for TFT-LCD panels

United States District Court
For the Northern District of California

and products, and the top six companies (Samsung, LG, Chi Mei, AU Optronics, Sharp, and Chunghwa) currently control in excess of 80% of the TFT-LCD panel market. Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint at ¶ 121.

Plaintiffs allege that during the class period, defendants formed a cartel to interfere with the normal cycle of supply and demand for TFT-LCD panels. According to plaintiffs, defendants and their co-conspirators agreed on prices, agreed to limit production, and agreed to manipulate the supply of TFT-LCD panels and products so that prices remained artificially high. Plaintiffs allege that defendants and their co-conspirators executed their price-fixing scheme by participating in surreptitious group and bilateral meetings, as well as communicating with each other by telephone and e-mail. *Id*. at ¶¶ 135-63.

The indirect purchaser plaintiffs filed this multidistrict antitrust class action on behalf of all persons and entities who indirectly purchased TFT-LCD panels (contained in TFT-LCD products) manufactured, marketed, sold and/or distributed by one or more of the defendants, for the indirect purchasers' end use and not for resale. Third Consol. Amend. Compl. at ¶ 16. Plaintiffs bought TFT-LCD products containing TFT-LCD panels either from (1) TFT-LCD panel direct purchasers, such as Dell, Hewlett-Packard, and Apple, that incorporate TFT-LCD panels into final, branded TFT-LCD products and sell directly to the public, or (2) retailers, such as Best Buy, Wal-Mart, or Target, that acquire the TFT-LCD products from TFT-LCD panel direct purchasers or distributors.

Plaintiffs allege a "long-running conspiracy extending from at least January 1, 1999 through at least December 31, 2006, at a minimum, among defendants and their co-conspirators, the purpose and effect of which was to fix, raise, stabilize, and maintain prices for LCD panels sold indirectly to Plaintiffs and the members of the other indirect-purchaser classes . . . ." *Id*. at ¶ 1. Plaintiffs seek equitable relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, based on alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, as well as restitution, disgorgement, and damages under

**United States District Court**
For the Northern District of California

1  the antitrust, consumer protection, and unfair competition laws of 23 states.[1]

2         On March 28, 2010, the Court granted indirect purchaser plaintiffs' motion for class certification,

3  certifying a nationwide class and twenty-three statewide classes.  *See* Order Granting Indirect Purchaser

4  Plaintiffs' Motion for Class Certification (hereinafter "Class Certification Order") (Mar. 28, 2010),

5  Master Docket No. 1642, at 35.   The nationwide class was certified under Federal Rule of Civil

6  Procedure 23(a) and 23(b)(2) for injunctive and declaratory relief as follows:

7

8               All persons and entities residing in the United States as of the date notice
9               is first published, who indirectly purchased in the United States between
                January 1, 1999 and the present TFT-LCD panels incorporated in
10              televisions, monitors, and/or notebook computers, from one or more of
                the named defendants or Quanta Display Inc., for their own use and not
11              for resale.  Specifically excluded from the Class are defendants; the
                officers, directors, or employees of any defendant; the parent companies
12              and subsidiaries of any defendant; the legal representatives and heirs or
                assigns of any defendant; and the named affiliates and co-conspirators.
13              Also excluded are any federal, state or local governmental entities, any
                judicial officer presiding over this action and the members of his/her
14              immediate family and judicial staff, and any juror assigned to this action.

15

16  *Id.* at 35-36.   The statewide classes were certified for damages pursuant to Federal Rule of Civil

17  Procedure 23(a) and 23(b)(3) as follows:

18               All persons and entities in [Indirect Purchaser State] who, from January
19              1, 1999 to December 31, 2006, as residents of [Indirect Purchaser State],
                purchased LCD panels incorporated in televisions, monitors, and/or
20              laptop computers in [Indirect Purchaser State] indirectly from one or
                more of the named Defendants or Quanta Display Inc., for their own use
21              and not for resale.  Specifically excluded from the Class are defendants;
                the officers, directors, or employees of any defendant; the parent
22              companies and subsidiaries of any defendant; the legal representatives
                and heirs or assigns of any defendant; and the named affiliates and co-
23              conspirators.  Also excluded are any federal, state or local governmental
                entities, any judicial officer presiding over this action and the members
24              of his/her immediate family and judicial staff, and any juror assigned to
                this action.
25

26

27         [1]  The "indirect purchaser states" are Arizona, California, the District of Columbia, Florida,
    Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nevada, New Mexico,
28  New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West
    Virginia, and Wisconsin.

*Id.* at 36-42.

On August 4, 2010, after the Court certified these classes, plaintiffs moved to file a Third Consolidated Amended Complaint, seeking to add new defendants and co-conspirators and to add additional state law claims. Indirect Purchaser Plaintiffs' Motion for Leave to Amend Complaint at 1. The Court granted plaintiffs leave to add Unipac, Acer Display, Quanta Display, Chimei Innolux, and Epson Imaging Devices Corporation as defendants. *See* Order Re: Indirect Purchaser Plaintiffs' Motion to File a Third Consolidated Amended Complaint (Apr. 12, 2011), Master Docket No. 2641. The Court also permitted plaintiffs to add the following co-conspirators: Hydis Technologies Co., Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc., Fujitsu Display Technologies Corporation, NEC Corporation, NEC LCD Technologies Ltd., NEC Electronics America, Inc., Panasonic Corporation, Panasonic Corporation of America, Sony Corporation, and S-LCD Corporation. *Id.* at 1-2. Finally, the Court granted plaintiffs leave to add claims under the New York antitrust statute and the Missouri Merchandising Practices Act. *Id.* at 2.

In the present motion, plaintiffs seek to add the co-conspirators named in the Third Consolidated Amended Complaint to the class definitions, to replace references to the Second Consolidated Amended Complaint with references to the Third Consolidated Amended Complaint, and to add an additional statewide class for the state of Missouri.

**LEGAL STANDARD**

Once class certification is granted or denied, the Federal Rules provide that the class certification order "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). As with class certification, the decision to alter or amend certification is left to the district court's discretion. *See Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001) (stating that Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that

**United States District Court**
For the Northern District of California

certification throughout the legal proceedings before the court"), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

When considering whether or not to allow amendment, "a district court must not only consider the criteria of Rule 23(a) and (b) in light of factual and legal developments, but also 'whether the parties or the class would be unfairly prejudiced by a change in proceedings at that point.'" *Lancaster v. Tilton*, 2007 WL 1807953 at *2 (N.D. Cal. June 21, 2007) (quoting *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 115 (S.D.N.Y. 1993)). Additionally, "[t]he depth of explanation courts should provide in amended certification orders depends on the circumstances. Courts can amend certification orders to reflect major changes or minor adjustments to the class. District courts should ensure that, after the new order, the class's composition and claims remain well defined." *In re Pharm. Indus. Average  Wholesale Price Litig.*, 588 F.3d 24, 39 (1st Cir. 2009) (citations omitted).

# DISCUSSION

## I.    Addition of named non-defendant co-conspirators

With regard to adding the names of co-conspirators listed in the Third Consolidated Amended Complaint, the Court finds that indirect purchaser plaintiffs have not demonstrated that leave to amend should be granted. Since plaintiffs first sought to file a Third Consolidated Amended Complaint on August 4, 2010, they have made no mention of their desire to modify the class certification order to include the requested co-conspirators until the current motion, nearly a year later. The Third Consolidated Amended Complaint itself did not purport to alter the class definition concerning co-conspirators or otherwise indicate plaintiffs' intent to change the class in that way. Instead, the complaint retained the class definitions concerning co-conspirators unchanged. *See* Third Consol.

**United States District Court**
For the Northern District of California

1  Amend. Compl. at 51-62.

2      The Court agrees with defendants that they face prejudice and undue delay if the classes are

3  redefined and expanded at this late date.  Defendants' Opposition at 7-9.  Fact discovery closed on May

4  11, 2011, and the deadline for defendants to serve their expert witness reports passed on July 22, 2011.

5  *See* Order Re: Pretrial and Trial Schedule (Nov. 23, 2010), Master Docket No. 2165, at 2.  Defendants

6  are thus left without the ability to acquire the information they need to defend themselves against claims

7  involving their alleged co-conspirators.  Given the above facts and the trial schedule for this action, the

8  Court finds that defendants would be prejudiced by adding co-conspirators to the class definition.

9      Accordingly, the Court hereby DENIES plaintiffs' motion to the extent that it seeks to amend

10  the class definitions to include the names of co-conspirators.

11

12

13

14  **II.      Addition of Missouri statewide class**

15      Plaintiffs also seek to certify a new Missouri statewide class, alleging violations of the Missouri

16  Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.020; *see* Third Consol. Amend. Compl.

17  at 56-57.  As set forth in the Court's prior class certification order, the decision whether to certify a class

18  is committed to the discretion of the district court within the guidelines of Federal Rule of Civil

19  Procedure 23.  *See* Fed. R. Civ. P. 23; *Cummings v. Connell*, 316 F.3d 886, 895 (9th Cir. 2003).  A court

20  may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met,

21  as well as at least one of the requirements of Rule 23(b).  *See* Fed. R. Civ. P. 23; *Valentino v.*

22  *Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

23

24

25      Rule 23(a) provides four prerequisites that must be satisfied for class certification: "(1) the class

26  is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

27  common to the class; (3) the claims or defenses of the representative parties are typical of the claims

28  or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests

6

of the class." Fed. R. Civ. P. 23(a).

A plaintiff seeking certification must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

### A.      Rule 23(a) requirements

#### 1.      Numerosity and commonality

Defendants do not contest numerosity or commonality, and the Court finds that plaintiffs have sufficiently established both. *See* Class Certification Order at 10-11.

#### 2.      Typicality

The typicality requirement of Rule 23(a)(3) is fulfilled when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Generally, the class representatives "must be part of the class and possess the same interest and suffer the same injury as the class members." *Falcon*, 457 U.S. at 156 (citations omitted). Questions of class typicality focus on "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

"The typicality requirement does not mandate that the products purchased, methods of purchase, or even damages of the named plaintiffs must be the same as those of the absent class members." *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 261 (D.D.C. 2002). Instead, "[t]he overarching scheme is the linchpin of plaintiffs'. . . complaint, regardless of the product purchased, the market involved or the price ultimately paid. Furthermore, the various products purchased and the different amount of damage sustained by individual plaintiffs do not negate a finding of typicality, provided the cause of those injuries arises from a common wrong." *In re Flat Glass Antitrust Litig.*, 191 F.R.D. 472, 480 (W.D. Pa. 1999).

Defendants challenge the typicality of proposed class representative Benjamin Larry Luber. Defendants argue that Mr. Luber's claim under the MMPA is subject to a unique defense, because Mr. Luber is unable to show that he has suffered an "ascertainable loss" under the statute. Defs.' Opp'n at 18. However, Mr. Luber's deposition demonstrates that he personally purchased and paid for two Sony Vaio laptops and thus suffered the same injury as other approved class representatives. Declaration of Patrick B. Clayton in Support of Pls.' Mot. to Amend Class Certification Order, Exh. 1 at 36:6-49:9, 58:16-77:23. Missouri courts have held that an actionable loss need not be quantifiable in order to be ascertainable; rather, the MMPA merely requires that the purchased product's actual worth be less than its represented worth at the time of purchase. *Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 714-15 (Mo. App. W.D. 2009) (citing *Schoenlein v. Routt Homes, Inc.*, 260 S.W.3d 852, 854 (Mo. App. E.D. 2008)). Mr. Luber alleges he paid more for his LCD panel laptops than he should have because of defendants' conduct, therefore he has established an ascertainable loss.

### 3. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal

**United States District Court**
For the Northern District of California

adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.  The Ninth Circuit "does not favor denial of class certification on the basis of speculative conflicts." *Cummings*, 316 F.3d at 896.

This Court has already found class counsel to satisfy the requirements of Rule 23(a)(4).  Class Certification Order at 13.  Defendants, however, argue that Mr. Luber is an inadequate representative because his claim is subject to a pending summary judgment motion. Defs.' Opp'n at 18-19. The Court declines to find Mr. Luber inadequate based solely on an as-of-yet undecided motion.

**B.      Rule 23(b)(3) requirements**

The Court previously certified the statewide classes under Rule 23(b)(3).  Class Certification Order at 36.  Defendants do not assert any new objections to certification under Rule 23(b)(3).  For reasons stated in the previous certification order, the Court finds that questions of law or fact common to the proposed Missouri class members predominate over any questions affecting only individual class members, and that a class action is the superior method for fairly and efficiently adjudicating this controversy. *Id.* at 18-35.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART indirect purchaser plaintiffs' motion to amend the class certification order (Docket No. 2983).  The hearing scheduled for July 29, 2011 at 9:00 a.m. is VACATED.  The Court ORDERS as follows:

1.      For all of the reasons set forth in the Class Certification Order, the following state class for damages is hereby certified for damages pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

9

United States District Court
For the Northern District of California

MISSOURI:

All persons and entities in Missouri who, from January 1, 1999 to December 31, 2006, as residents of Missouri, purchased LCD panels incorporated in televisions, monitors, and/or notebook computers, from one or more of the named defendants, for their own use and not for resale. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and the named affiliates and co-conspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

2.     The following individual is hereby named as class representative of the Missouri state class: Benjamin Larry Luber.

3.     The following law firms are hereby appointed as Class Counsel for the Missouri state class: Zelle Hofmann Voelbel & Mason LLP, and The Alioto Law Firm.

4.     All references to indirect purchaser plaintiffs' Second Consolidated Amended Complaint in the Class Certification Order are hereby AMENDED to refer to indirect purchaser plaintiffs' Third Consolidated Amended Complaint.


**IT IS SO ORDERED.**


Dated: July 28, 2011

_____
SUSAN ILLSTON
United States District Judge

10