IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br><br>MDL No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br><br>_____/ | **ORDER DENYING INDIRECT PURCHASER PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S DENIAL OF MOTION TO COMPEL APEX DEPOSITIONS OF KATSUHIKO MACHIDA AND TERRY GOU** |

The indirect purchaser plaintiffs have filed an objection to an order of the Special Master denying their motion to compel the depositions of Katsuhiko Machida and Terry Gou.[1] *See* Special Master's Order Re: Motion of Indirect Purchaser Plaintiffs to Compel Sharp Apex Depositions (June 20, 2011), Master Docket No. 2932 ("Order"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument and therefore VACATES the hearing currently scheduled for August 5, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby DENIES plaintiffs' objection.[2]

Machida is the current Chairman and CEO of Sharp Corporation and served as Sharp's President between 1998 and 2007. Gou is the current Chairman of the Board of Directors for Hon Hai Precision Industry Co., which owns defendant Chimei Innolux. In May 2011, after defendants refused to produce

---

[1] The Special Master's order states that plaintiffs withdrew their motion as to Gou. Order at 1 n.1 ("IPP's . . . have withdrawn the motion as to all defendants other than Sharp."). Both plaintiffs and defendants, however, address the issue of Gou's deposition in their papers. Accordingly, the Court will address the issue on the merits.

[2] The Court also DENIES plaintiffs' administrative request to file a late reply brief. (Master Docket No. 3187.)

these two individuals for deposition, plaintiffs filed a motion to compel with the Special Master. The Special Master denied the motion, finding that plaintiffs had not made an adequate showing that Machida and Gou possessed personal knowledge of the price-fixing conspiracy. Defendants now seek review of the Special Master's ruling.

The Special Master's order addresses a procedural matter, which this Court reviews for abuse of discretion. *See* Order Appointing Martin Quinn as Special Master (April 12, 2010), Master Docket No. 1679, at ¶18; Fed. R. Civ. P. 53(f)(3)-(5); *cf. Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) ("We review district court rulings on discovery matters for abuse of discretion."). The Court finds no abuse of discretion here.

Numerous courts have concluded that so-called "apex depositions" should be carefully scrutinized to avoid the potential for abuse. *See*, *e.g.*, *Celerity Inc. v. Ultra Clean Holding*, 2007 WL 205067, at *3 (N.D. Cal., Jan. 25, 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."). These courts have required that the party seeking to depose an apex executive demonstrate that he possesses some "unique personal knowledge" about the case. *Doble v. Mega Life and Health Ins. Co.*, 2010 WL 1998904, at *4 (N.D. Cal., May 18, 2010) (granting protective order against deposition of defendant's CEO because plaintiffs could not show he had "unique personal knowledge").

Plaintiffs have not made any such showing in this case. The only mention of Gou in plaintiffs' papers consists of a *China Post* article in which Gou complains about the €300 million fine the European Union levied on Chimei Innolux. *See* Declaration of Russell F. Brasso in Support of IPP's Objection, Exh. C. Nothing in Gou's statements shows that he has "unique personal knowledge" about this case.

Plaintiffs have also made no showing that Machida is likely to have unique, first-hand knowledge about the price-fixing conspiracy. Plaintiffs have provided the Court with no evidence that Machida participated in or was otherwise aware of the conspiracy. Rather, plaintiffs' position boils down to the fact that Machida "must have known" of any price-fixing activities because of his position at Sharp during the relevant period. Adopting this argument, however, would eviscerate the apex doctrine.

2

Plaintiffs have provided nothing in support of their motion beyond speculation. As the Special Master found, "[n]o case with such a weak showing of personal involvement has allowed an Apex deposition to proceed." Order at 7. Accordingly, the Court DENIES plaintiffs' objection to the Special Master's order. (Master Docket Nos. 3013, 3187.)

**IT IS SO ORDERED.**

Dated: August 1, 2011

SUSAN ILLSTON
United States District Judge