IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-1064 SI |
| DELL, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHARP CORPORATION, et al.,<br><br>    Defendants. | **ORDER GRANTING DELL'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiffs Dell, Inc. and Dell Products L.P. (collectively, "Dell") have filed a motion for leave to file a second amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for August 5, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby GRANTS Dell's motion.

**BACKGROUND**

Dell filed this action on March 12, 2010, seeking to recover for an alleged price-fixing conspiracy in the market for thin-film transistor liquid-crystal display ("TFT-LCD") panels. Dell's first amended complaint named as defendants entities from five of the corporate families at the heart of these MDL proceedings: Sharp, Hitachi, Toshiba, Epson, and Hannstar. Dell did not bring suit against two additional corporate families: AU Optronics Corporation and AU Optronics Corporation America

(collectively, "AUO"); and Chimei Innolux Corporation, Chi Mei Optoelectronics Corporation, Chi Mei Optoelectronics USA, Inc., CMO Japan Co., Ltd., Nexgen Mediatech, Inc., and Nexgen Mediatech USA, Inc. (collectively, "CMO").

According to Dell, it did not initially sue AUO or CMO "because it believed there was a meaningful opportunity to engage in settlement discussions with some of those Defendants . . . ." Declaration of Debra D. Bernstein in Support of Dell Inc.'s and Dell Products L.P.'s Motion for Leave to Amend Complaint ("Bernstein Decl."), ¶2. Instead, Dell entered into tolling agreements with both entities while it attempted to settle its potential claims against them. *Id.* at ¶3.

Dell has been unable to reach a settlement with either AUO or CMO. *Id.* at ¶¶4-5. It therefore seeks to amend its complaint to add AUO and CMO as defendants.

**LEGAL STANDARD**

Once a party has amended its complaint, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.* A court may also deny leave to amend "if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

**DISCUSSION**

The sole objection AUO raises against Dell's motion is its assertion that Dell's proposed amendment would be futile because Dell's claims are subject to arbitration.[1] AUO has produced a Long Term Agreement ("LTA") entered into by Dell and AUO in 2004. The LTA "applies to all purchases

---

[1]CMO does not object to Dell's proposed second amended complaint.

of TFT-LCD products and components of TFT-LCD . . . by Dell Products L.P. and Dell Inc.'s other subsidiaries and affiliates . . . directly and indirectly from AU Optronics Corp. and its subsidiaries and affiliates." Declaration of Patrick J. Richard in Support of AU Optronics Corporation and AU Optronics Corporation America's Opposition to Dell Inc. and Dell Products L.P.'s Motion for Leave to Amend Complaint ("Richard Decl."), Exh. A at 1. The LTA also provides for arbitration of "all disputes arising out of, relating to, or in connection with this LTA . . . ." Richard Decl., Exh. A. at 4 ¶5.6. AUO argues that this arbitration provision renders Dell's proposed amendment futile because all of its claims would be subject to dismissal. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that district court did not err in dismissing plaintiffs' claims that were subject to arbitration); *Open Road Ventures, LLC v. Daniel*, 2009 WL 3809812, at *4 (N.D. Cal., Nov. 13, 2009) ("When all of the issues contained in the pending litigation are to be submitted to arbitration, the action may be dismissed rather than stayed.").

Given the broad language of the LTA's arbitration clause, the Court agrees with AUO that some of Dell's claims are subject to arbitration. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999). Dell's proposed second amended complaint alleges that it "held in-person negotiations with Defendants and their co-conspirators on the price and volume of TFT-LCD Products it purchased." *See* Proposed Second Amended Complaint at ¶34. Dell also alleges that defendants, including AUO, "combined and conspired to sell TFT-LCD Products to Dell at artificially inflated prices, and, in fact, did sell Dell those products at artificially inflated prices." *Id.* at ¶2. As this Court recently held in a related case, claims of this nature relate to "purchases of TFT-LCD products and components of TFT-LCD." Richard Decl., Exh. A at 1, 4 ¶5.6; *see* Order Granting AU Optronics Corporation's Motion to Compel Arbitration (July 6, 2011), Master Docket No. 3034.

The Court, however, rejects AUO's argument that the LTA's arbitration clause bars the entirety of Dell's claims. The LTA provides that it is only effective between May 1, 2004, and January 31, 2007. Richard Decl., Exh. A at 1, 5 ¶5.7. Thus, Dell's claims are not subject to arbitration to the extent

3

that they are based upon purchases that occurred before May 1, 2004.[2]

Dell urges the Court to defer determining the arbitrability of its claims, arguing any such determination would be premature. It asserts that the Court should not consider the arbitrability of any of its claims until the complaint has been amended and AUO has been added as a party. Some courts have been reluctant to address arbitrability in the context of a motion to amend. *See*, *e.g.*, *Mylan Pharmaceuticals, Inc. v. Kremers Urban Development*, 2003 WL 22711586, at *4 (D. Del., Nov. 14, 2003) ("The court furthermore finds it inappropriate to determine the arbitrability of Mylan's claims on a motion to amend."). In this case, however, both parties have been involved in this MDL for years. It is unclear what benefit would be achieved by putting off the question. Dell, for example, does not argue that it will be better prepared to address arbitrability once its complaint has been amended. Accordingly, the Court sees no reason to delay, which would do nothing more than burden the parties and the Court with another motion.

On the merits, Dell argues that its claims fall outside the scope of the arbitration clause in the LTA. It argues that the LTA was a limited agreement that did nothing but establish rebates on Dell's purchases of LCD panels from AUO. It has provided the Court with a Master Purchase Agreement ("MPA") executed by Dell and AUO that purports to govern purchases of LCD panels. Bernstein Decl., Exh. B. The MPA does not contain an arbitration clause. *See id.*

The Court cannot agree with Dell's interpretation of the LTA. The plain language of the agreement does not limit its scope to rebates; the LTA states that it applies to "all purchases of TFT-LCD products." While the LTA includes a section about rebates, it also contains other provisions that discuss, for example, sales volume and supplier prioritization. These terms are inconsistent with an agreement that is limited to rebates. Further, while the MPA lacks an arbitration clause, nothing in the MPA is inconsistent with the arbitration clause found in the LTA. Given that the two agreements can be harmonized, the Court rejects Dell's argument that the MPA's provisions (or lack thereof) trump those in the LTA.

---

[2]The LTA also provides that it only applies to purchases of notebook and monitor panels and explicitly excludes "TV panels and ABVU panels." *Id.* at 1 ¶1. The parties have not indicated whether this distinction impacts any of Dell's claims.

4

Dell also claims that the LTA was superseded by later LTAs between Dell and AUO, neither of which contains an arbitration clause. Dell has provided the Court with two LTAs bearing effective dates of April 2, 2007, and May 2, 2009. Both LTAs contain the following language: "This LTA sets forth the entire agreement and understanding of the parties relating to the subject matter contained herein, and merges all prior discussions and agreements except any effective LTA entered into between the parties for Products, both oral and written, between the parties." Bernstein Decl., Exh. C at ¶3.5; Exh. D at ¶3.5. These provisions, however, appear to be nothing more than integration clauses. They do not purport to "supersede" the 2004 LTA, as Dell argues; rather, they explicitly remove such LTAs from their scope.

In light of the Court's finding that some of Dell's claims are subject to arbitration, AUO requests that the Court stay Dell's claims against it pending the outcome of arbitration. The Court declines to do so. The bulk of Dell's claims against AUO are not subject to arbitration, and, in light of the many other defendants in this case it would make little sense to stay the claims against AUO. This is especially true given that AUO is a defendant in many other proceedings in this MDL and must therefore conduct its defense regardless of whether this matter is stayed.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court GRANTS Dell's motion to file a second amended complaint. To the extent Dell's claims are based upon purchases made under the 2004 LTA, Dell's claims shall be STAYED pending arbitration. Docket No. 2950 in 07-1827; Docket No. 67 in 10-1064.

**IT IS SO ORDERED.**

Dated: August 3, 2011

SUSAN ILLSTON
United States District Judge

5