1  CHRISTOPHER A. NEDEAU (CA SBN 81297)
   CARL L. BLUMENSTEIN (CA SBN 124158)
2  PATRICK J. RICHARD (CA SBN 131046)
   KATHARINE CHAO (CA SBN 247571)
3  NOSSAMAN LLP
   50 California Street, 34th Floor
4  San Francisco, CA 94111
   Telephone: 415.398.3600
5  Facsimile: 415.398.2438
   cnedeau@nossaman.com
6  cblumenstein@nossaman.com
   prichard@nossaman.com
7  kchao@nossaman.com
8
9  Attorneys for Defendants AU OPTRONICS CORPORATION
   and AU OPTRONICS CORPORATION AMERICA
10
11 KARL D. BELGUM (CA SBN 122752)
   JOHN R. FOOTE (CA SBN 99674)
12 NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
13 San Francisco, CA 94111
   Telephone: 415.984.8200
14 Facsimile: 415.984.8300
   kbelgum@nixonpeabody.com
15 jfoote@nixonpeabody.com
16 Attorneys for Plaintiff EASTMAN KODAK COMPANY
17 [additional counsel and defendants on signature page]
18
19                    UNITED STATES DISTRICT COURT
20      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
21

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br>3:10-CV-5452 SI | Case No. 3:10-CV-5452 SI |
| | MDL NO. 3:07-MD-1827 SI |
| EASTMAN KODAK COMPANY | **STIPULATION AND [PROPOSED] ORDER TO FILE DOCUMENT NUNC PRO TUNC** |
|       Plaintiff, | |
|    vs. | |
| EPSON IMAGING DEVICES CORPORATION, et al, | |
|       Defendants. | |

WHEREAS on December 1, 2010, plaintiff EASTMAN KODAK COMPANY ("Kodak") filed a complaint in the above-captioned case, case number 3:10-CV-5452 SI (the "Individual Case"), against defendants EPSON IMAGING DEVICES CORPORATION, EPSON ELECTRONICS AMERICA, INC., TOSHIBA CORPORATION, TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., TOSHIBA MOBILE DISPLAY CO., LTD., AU OPTRONICS CORPORATION, and AU OPTRONICS CORPORATION AMERICA (collectively "Defendants");

WHEREAS the Individual Case is related to the multi-district proceedings consolidated in this Court entitled *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, case number 3:07-MD-1827-SI (the "MDL Case");

WHEREAS on June 22, 2011, Kodak filed under seal a first amended complaint ("Amended Complaint");

WHEREAS on July 22, 2011, Defendants timely filed in the Individual Case, but not in the MDL Case, a joint motion to dismiss the Amended Complaint;

WHEREAS Defendants intended to also file the motion to dismiss in the MDL Case pursuant to this Court's Pretrial Order #1 and Agenda for July 10, 2007 Status Conference filed July 3, 2007, which requires that "[a]ll documents shall be e-filed in the master file, No. M 07-1827 SI. Documents that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the documents pertain";[1]

WHEREAS Kodak and Defendants agree that Defendants should be permitted to file their motion to dismiss in the MDL Case *nunc pro tunc* to July 22, 2011;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel, on behalf of their respective clients, that:

Pending and upon approval by the Court of this Stipulation, Defendants' joint motion to dismiss the Amended Complaint, a copy of which is attached hereto as Exhibit A, shall be filed in case number 3:07-MD-1827 *nunc pro tunc* to July 22, 2011.

---

[1]  *See* MDL Docket No. 180 ¶ 7 (emphasis in original).

1                             Respectfully submitted,

2

     DATED:  August 5, 2011          BY:        /s/ Christopher A. Nedeau

3                                      Christopher A. Nedeau
Attorneys for Defendants

4                              AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA

5

6                              By:        /s/ Stephen P. Freccero

7                                    Stephen P. Freccero
Melvin R. Goldman (CA SBN 34097)

8                              Stephen P. Freccero (CA SBN 131093)
Derek F. Foran (CA SBN 224569)

9                              MORRISON & FOERSTER LLP
425 Market Street

10                             San Francisco, CA 94105-2482
Telephone:    (415) 268-7000

11                             Facsimile:     (415) 268-7522
mgoldman@mofo.com

12                             sfreccero@mofo.com
dforan@mofo.com

13                             Attorneys for Defendants
EPSON IMAGING DEVICES CORPORATION and

14                             EPSON ELECTRONICS AMERICA, INC.

15                             By:        /s/ John H. Chung

16                                    John H. Chung
John H. Chung (admitted *pro hac vice*)

17                             WHITE & CASE LLP
1155 Avenue of the Americas

18                             New York, NY 10036-2787
Telephone:   (212) 819-8200

19                             Facsimile:    (212) 354-8113
jchung@whitecase.com

20                             Christopher M. Curran (*pro hac vice*)
Kristen J. McAhren (*pro hac vice*)

21                             WHITE & CASE LLP
701 Thirteenth Street, NW

22                             Washington, DC  20005
Telephone:   (202) 626-3600

23                             Facsimile:    (202) 639-9355
ccurran@whitecase.com

24                             kmcahren@whitecase.com

25                             Attorneys for Defendants
TOSHIBA CORPORATION, TOSHIBA AMERICA

26                             ELECTRONIC COMPONENTS, INC., and TOSHIBA
MOBILE DISPLAY CO., LTD.

27

28

1    By:   /s/ John R. Foote
            John R. Foote

2
3    Karl D. Belgum (CA Bar No. 122752)
     John R. Foote (CA Bar No. 99674)
     NIXON PEABODY LLP
4    One Embarcadero Center, 18th Floor
     San Francisco, CA 94111
5    Telephone:   (415) 984-8200
     Facsimile:   (415) 984-8300
6    kbelgum@nixonpeabody.com
     jfoote@nixonpeabody.com
7
     Attorneys for Plaintiff
8    EASTMAN KODAK COMPANY

9

10        Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this

11   document has been obtained from the signatories to this document.

12        IT IS SO ORDERED.

13
     Dated:   8/5/11
14                                          _____
                                            The Honorable Susan Illston
15                                          U.S. District Judge, Northern District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

260847_1.DOC                            4

# EXHIBIT A

CHRISTOPHER A. NEDEAU (CA SBN 81297)
CARL L. BLUMENSTEIN (CA SBN 124158)
PATRICK J. RICHARD (CA SBN 131046)
KATHARINE CHAO (CA SBN 247571)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438
cnedeau@nossaman.com
cblumenstein@nossaman.com
prichard@nossaman.com
kchao@nossaman.com

Attorneys for Defendants
AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA

[additional defendants on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| THIS DOCUMENT RELATES TO: | Case No. 3:10-CV-5452 SI |
| 3:10-CV-5452 SI | MDL NO. 3:07-MD-1827 SI |
| EASTMAN KODAK COMPANY | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| Plaintiff, | Date: August 26, 2011 |
| vs. | Time: 9:00 A.M. |
| EPSON IMAGING DEVICES CORPORATION, et al, | Location: Courtroom 10, 19th Floor 450 Golden Gate Avenue San Francisco, CA 94102 |
| Defendants. | |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 26, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Susan Illston, the defendants listed in the signature blocks below will and hereby do move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the First Amended Complaint for Damages and Injunctive Relief ("FAC") filed by Plaintiff Eastman Kodak Company ("Kodak").

This motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, argument of counsel, and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ISSUES TO BE DECIDED

1. Whether all claims asserted by Kodak should be dismissed because Kodak fails to allege sufficient facts regarding the involvement of each defendant in the alleged price-fixing conspiracy.

2. Whether Kodak's second claim for violation of California antitrust law based on all U.S. purchases ("Second Claim") must be dismissed pursuant to the Due Process Clause and *AT&T Mobility, LLC v. AU Optronics Corp.*, 2010 WL 2609434 (N.D. Cal. June 28, 2010) (hereinafter "*AT&T Mobility*").

### II. INTRODUCTION

Kodak seeks damages for its alleged purchase of digital cameras containing thin film transistor liquid crystal display panels ("TFT-LCD Panels"). Kodak alleges that the TFT-LCD Panels were the subject of an alleged price-fixing conspiracy. (FAC ¶¶ 1-2.)[1] Kodak's FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for two reasons.

First, the FAC fails to sufficiently allege each defendant's involvement in the alleged price-fixing conspiracy. The FAC groups corporate family members together as one entity and fails to differentiate among the members. Instead of alleging specific conduct as to each defendant, as required

---

[1] The FAC does <u>not</u> allege damages based on purchases of finished products containing TFT-LCD Panels that Kodak purchased for its own consumption rather than for re-sale.

260503_3.DOC                                    2

MASTER FILE NO.: 3:07-MD-1827 SI
CASE NO.: 3:10-CV-5452 SI
DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AM. COMPLAINT

1   under *Twombly* and *Iqbal*, Kodak impermissibly relies on group pleading to generically allege the

2   conduct of seven separate entities. Under established authority and prior orders of this Court,

3   conclusory allegations of agency between corporate family members are insufficient to state an antitrust

4   conspiracy claim against individual defendant entities. Therefore, Kodak's federal and state claims as to

5   all defendants should be dismissed.

6       Second, Kodak's Second Claim seeks to apply California antitrust law to "All U.S. Purchases."

7   (FAC at p. 24:24.) The only states in which Kodak expressly alleges it made purchases are New York,

8   California, Nevada, Georgia, Colorado, and Tennessee. (*Id.* ¶ 29.) To the extent the Second Claim

9   seeks relief under California law for purchases made in any state other than California, the Second

10  Claim must be dismissed under *AT&T Mobility*.

11  **III.    FACTUAL BACKGROUND**

12      Kodak alleges that "[f]rom as early as January 1, 1996 through at least December 11, 2006 ('the

13  Conspiracy Period'), defendants and their co-conspirators conspired with the purpose and effect of

14  fixing, raising, stabilizing, and maintaining prices for LCD Panels." (FAC. ¶ 2.) Kodak names as

15  defendants AU Optronics Corporation, Epson Imaging Devices Corporation, Toshiba Corporation, and

16  Toshiba Mobile Display Technology Co., Ltd., four companies that are all located in Taiwan or Japan.

17  (*Id.* ¶¶ 16, 19, 22, 23.) The FAC also names numerous United States subsidiaries and affiliates of these

18  foreign companies: AU Optronics Corporation America; Epson Electronics America, Inc.; and Toshiba

19  America Electronic Components, Inc. (*Id.* ¶¶ 17, 20, 24, 25.)

20      Kodak asserts five claims for relief. Its first claim seeks injunctive relief under Section 1 of the

21  Sherman Act. (*Id.* ¶ 81.) Its four remaining claims seek relief under the antitrust laws of California,

22  Nevada, and New York. (*Id.* ¶¶ 82-101.)

23  **IV.    LEGAL STANDARD**

24      A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief

25  that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.

26  Twombly*, 550 U.S. 544, 570 (2007)); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d

27  1179, 1184 (N.D. Cal. 2009) (a plaintiff's complaint must "contain sufficient factual allegations 'to raise

28  a right to relief above the speculative level.'"). A plaintiff must "provide the 'grounds' of his

'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Hutson v. Am. Home Mortg. Servicing, Inc.*, No. C 09-1951, 2009 WL 3353312, at *7 (N.D. Cal. Oct. 16, 2009) (citing *Twombly*, 550 U.S. at 555).

When faced with a motion to dismiss, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. Only "when there are well-pleaded factual allegations, a court should assume their veracity." *Id.* Even then, the court must "determine whether [the factual allegations] plausibly give rise to an entitlement to relief." *Id.* "[T]he court is not required to accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re TFT-LCD (Flat Panel) Antitrust Litig. (Nokia)*, No. M 07-1827 SI, 2010 WL 2629728, at *2 (N.D. Cal. June 29, 2010) (hereinafter "*Nokia*") (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

## V.   ARGUMENT

### A.   Kodak Continues To Rely On Impermissible Group Pleading.

#### 1.   The FAC Should Be Dismissed Because Kodak Does Not Allege Sufficient Facts Particular to Each Defendant.

To survive a motion to dismiss, a plaintiff must allege a plausible set of factual allegations to show that it is entitled to relief *as to each named defendant*. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555, 557; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1116-17 (N.D. Cal. 2008) (granting in part motion to dismiss complaints in related class cases and holding that the "Court agrees that general allegations as to all defendants, to 'Japanese defendants,' or to a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them"); *see also Nokia*, 2010 WL 2629728, at *7 (granting motion to dismiss and providing that "[w]hile the complaint need not include elaborate detail about [a corporate entity's] role, the complaint 'must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it'") (quoting *In re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 311-12 (D.N.J. 2004)).

260503_3.DOC                                                    4

MASTER FILE NO.: 3:07-MD-1827 SI
CASE NO.: 3:10-CV-5452 SI
DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AM. COMPLAINT

1        Kodak has ignored these rules. Kodak asserts its broad allegations against seven parent,

2 subsidiary, and affiliated entities as "Defendants" without specific allegations regarding the conduct of

3 each defendant. Kodak alleges that "[d]uring and after the Conspiracy Period, defendants, one or more

4 of their subsidiaries, and their co-conspirators sold LCD Panels in the United States through and into

5 interstate and foreign commerce, including through California, New York, and Nevada." (FAC ¶ 30.)

6 Kodak also alleges that "Defendants' and their co-conspirators' business activities substantially affected

7 interstate trade and commerce in the United States, and various states, and caused antitrust injury in the

8 United States and such states." (*Id.* ¶ 33.) Nowhere does Kodak allege which defendant sold TFT-LCD

9 Panels in what locations, or how any particular defendant's "business activities" substantially affected

10 interstate commerce, much less how these unspecified "business activities" caused any antitrust injury.

11        Moreover, the FAC makes conclusory allegations regarding corporate families without

12 specifying the acts or involvement of any particular entity. Kodak does not even attempt to specifically

13 tie affiliates or subsidiaries to a single factual allegation in the FAC. After first introducing each

14 defendant in the "Parties" section of the FAC, Kodak gets lazy. Its remaining allegations against

15 defendants use one label to sweep in members of each corporate family. For example, the FAC alleges

16 that "[i]n the early years of the conspiracy, beginning in at least 1996, representatives of the Japanese-

17 based conspirators, such as Sharp and Toshiba, met and agreed to fix the prices for LCD Panels

18 generally[.]" (*Id.* ¶ 38.) It is impossible to tell from the face of the FAC which Toshiba entity this

19 allegation references.[2]

20        Next, the FAC alleges that "officials from AU Optronics, Chunghwa, Chi Mei, HannStar, LG

21 Display, and Sharp met periodically in Taiwan to discuss and reach agreements on LCD Panel prices[.]"

22 (*Id.* ¶ 41.) The FAC also refers generically to "defendants' high-level executives" as having attended

23 "Crystal Meetings" at which pricing agreements were allegedly reached. (*Id.* ¶¶ 41-42.) Again, it is

24 impossible to tell from these vague allegations which company's executives attended these alleged

25 meetings. With regard to alleged bilateral discussions, Kodak merely refers generally to a corporate

26

27

---

28   2   The fact that Kodak chose to define, for example, all Toshiba entities as "Toshiba" does not save its
FAC. (FAC ¶ 25.) Kodak cannot make blanket, indiscriminate allegations against each defendant
entity. Rather, it "must specifically plead how each individual defendant joined the alleged price-
fixing conspiracy." *Nokia*, 2010 WL 2629728, at *7.

1  family group and/or groups the companies by country, without attributing the conduct to any specific

2  entity. (*Id.* ¶ 45 ("Participants at the Crystal meetings contacted Japanese conspirators (such as Sharp

3  and Toshiba) to relay the agreed-upon pricing and production limitations.").

4      The law does not allow these shortcuts. *Nokia*, 2010 WL 2629728, at *7 ("[A]n antitrust

5  plaintiff *must specifically plead how each individual defendant joined* the alleged price-fixing

6  conspiracy.") (emphasis added). Kodak cannot label the seven individual entities named in the FAC

7  "Defendants" and refer generically to an undifferentiated corporate family group. Rather, as this Court

8  has held, Kodak must "allege that each individual defendant joined the conspiracy and played some role

9  in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each

10 defendant to join it." *Nokia*, 2010 WL 2629728, at *7 (dismissing claims where the FAC failed to allege

11 "*how* [the subsidiary] participated in the conspiracy") (emphasis in original, quotation omitted). Simply

12 put, Kodak has not adequately articulated how any of the individual entities are viable defendants.

13 Thus, the FAC must be dismissed.[3] *Iqbal*, 129 S. Ct. at 1955 ("A claim has facial plausibility when the

14 plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant

15 is liable for the misconduct alleged*.") (emphasis added); *see also Total Benefits Planning Agency, Inc. v.

16 Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008) ("generic pleading, alleging

17 misconduct against defendants without specifics as to the role each played in the alleged conspiracy, was

18 specifically rejected by *Twombly*"); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50-51 (2d Cir. 2007)

19 (conclusory allegations of conspiracy inadequate where complaint alleges conspiratorial activity

20 "without any specification of any particular activities by any particular defendant"); *Jung v. Ass'n of

21 Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) ("Plaintiffs cannot escape their burden of

22

---

23 3  Any argument by Kodak that *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179
   (N.D. Cal. 2009), permits group pleading without requiring specific factual allegations regarding
24  each defendant's involvement in the alleged conspiracy is meritless. *See In re TFT-LCD (Flat
    Panel) Antitrust Litig.*, No. M 07-1827 SI, 2010 U.S. Dist. LEXIS 64930 at *23-24 (N.D. Cal. June
25  29, 2010) (dismissing Philips Electronics North America Corporation ("PENAC") from complaint
    filed by Nokia). In dismissing PENAC from the Nokia complaint, the Court held that allegations
26  pertaining to "defendants" generally, or to other defendants, failed to state a claim against PENAC.
    *Id.* at 23. The Court acknowledged its prior holding that "*detailed* defendant by defendant pleading
27  was not required by *Twombly*," but clarified that "an antitrust plaintiff must *specifically* plead how
    *each* individual defendant joined the alleged price-fixing conspiracy." *Id.* (emphasis added). The
28  impropriety of group pleading is particularly problematic where, as here, Kodak's counsel has access
    to extraordinary amounts of information in connection with discovery taken in related proceedings.

1   alleging that each defendant participated in or agreed to join the conspiracy by using the term

2   'defendants' to apply to numerous parties without any specific allegations" about each defendant.); *In re*

3   *Sagent Tech, Inc., Deriv. Litig.*, 278 F. Supp. 2d 1079, 1094-95 (N.D. Cal. 2003) (complaint insufficient

4   where it "lumps together" 13 separate defendants).

5           **2.**     **Kodak's Bare Allegations of Agency and Alter Ego Do Not Save**

6                 **The FAC From Failure to Allege Each Defendant's Participation**

7                 **in the Alleged Conspiracy.**

8           Rather than specifying each defendant's involvement in the alleged conspiracy, Kodak

9   summarily alleges that the subsidiaries and affiliates are agents or alter egos of the parent company.

10   (FAC ¶¶ 18, 21, 25.)  But summary allegations of agency between corporate entities do not resolve the

11   pleading deficiency as to the individual entities.  Under *Twombly* and *Iqbal*, Kodak cannot bring an

12   entire corporate family into the case as one amalgamated defendant. *Nordberg v. Trilegiant Corp.*, 445

13   F. Supp. 2d 1082, 1103 (N.D. Cal. 2006) (Patel, J.), *abrogated on other grounds by Odom v. Microsoft*

14   *Corp.*, 486 F.3d 541 (9th Cir. 2007) (holding that mere conclusory allegations of agency between

15   corporate family members are insufficient to state a claim against individual entities); *see also In re*

16   *ATM Fee Antitrust Litig.*, 2009 U.S. Dist. LEXIS 83199, at *55-56 (N.D. Cal. Sept. 4, 2009) (Breyer, J.)

17   (dismissing FAC where plaintiffs "merely lump[ed] together allegations against [a] holding company

18   and its subsidiary.").  Under well-established law, distinct corporate family members are presumed to

19   act separately and independently. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (citing *Berkey v.*

20   *Third Ave. Ry. Co.*, 155 N.E. 58, 61 (N.Y. 1926) (Cardozo, J.)).

21           Applying these principles here, Kodak's FAC fails to pass muster.  The FAC contains no factual

22   allegations to demonstrate that any of the subsidiary or affiliate defendants was an agent for or alter ego

23   of a parent defendant. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d at 1116-17

24   (granting motion to dismiss for lack of specific allegations as to each defendant; "general allegations as

25   to all defendants, to 'Japanese Defendants,' or to a single corporate entity such as 'Hitachi' is

26   insufficient to put specific defendants on notice of the claims against them.").  Kodak has impermissibly

27   "alleg[ed] that each defendant participated in or agreed to join the conspiracy by using the term

28

1   'defendants' to apply to numerous parties without any specific allegations." *Jung*, 300 F. Supp. 2d at

2   164 (granting motion to dismiss vague and conclusory conspiracy allegations against "defendants").

3          **3.     The Court Should Dismiss The FAC Based on These Group**

4                  **Pleading Deficiencies Without Leave To Amend.**

5          The FAC should now be dismissed <u>without</u> leave to amend. Kodak was already on notice of

6   these group pleading deficiencies by defendants' prior motion to dismiss the original complaint. *See*

7   Docket No. 12. Instead of opposing defendants' prior motion, Kodak chose to file the FAC. The FAC

8   fails to cure the pleading defects. Given that Kodak has had access to voluminous discovery in these

9   MDL proceedings since initiating this action, Kodak's failure should not be excused. The FAC plainly

10  demonstrates Kodak's inability to specifically plead the involvement of each named defendant in any

11  alleged price fixing conspiracy related to TFT-LCD Panels for digital cameras. Therefore, dismissal of

12  the FAC without leave to amend is proper. *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1051-52 (9th Cir.

13  2008) (affirming dismissal of amended Sherman Act complaint <u>without</u> leave to amend where plaintiff

14  was allowed some discovery to cure the original complaint's pleading defects yet failed to do so).

15         **B.     The Second Claim Must Be Dismissed Because It Is Foreclosed By**

16                 **This Court's Prior Order Limiting Application Of A State's Law**

17                 **To Purchases Made In That State.**

18         In addition, Kodak's Second Claim applying California antitrust law to "All U.S. Purchases"

19  fails to state a claim because applying state law to purchases made outside that state violates Due

20  Process.

21         In its June 2010 order, this Court held that the Due Process Clause forbids application of state

22  antitrust law to purchases made outside of that state. *AT&T Mobility*, 2010 WL 2609434 at *3 (holding

23  that "in order to invoke the various state laws at issue, plaintiffs must be able to allege that 'the

24  occurrence or transaction giving rise to the litigation' – plaintiffs' purchases of allegedly price-fixed

25  goods – occurred in the various states.") (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981)).

26         Here, Kodak's Second Claim seeks relief under California's Cartwright Act for "All U.S.

27  Purchases." (FAC at p. 24:24). Kodak lists in support of its Second Claim the allegation that "During

28  the Conspiracy Period, Kodak purchased [digital cameras] containing price-fixed LCD Panels in

California *and elsewhere in the United States*[.]" (FAC ¶ 108c.) (emphasis added). The Second Claim, unlike Kodak's other state-law claims, is not expressly limited to purchases made in the applicable state. (*See id.* ¶¶ 117, 122, 128.) These allegations clearly fail to state a claim under this Court's order in *AT&T Mobility*. The Second Claim must be dismissed.[4]

## VI. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant this motion and dismiss Kodak's FAC without leave to amend for failure to state a claim upon which relief can be granted.

Respectfully submitted,

DATED: July 22, 2011

BY: _____ /s/ Christopher A. Nedeau ___
Christopher A. Nedeau
Attorneys for Defendants
AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA

By: _____ /s/ Stephen P. Freccero _____
Stephen P. Freccero
Melvin R. Goldman (CA SBN 34097)
Stephen P. Freccero (CA SBN 131093)
Derek F. Foran (CA SBN 224569)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000 (Phone)
(415) 268-7522 (Facsimile)
mgoldman@mofo.com
sfreccero@mofo.com
dforan@mofo.com

Attorneys for Defendants
EPSON IMAGING DEVICES CORPORATION and
EPSON ELECTRONICS AMERICA, INC.

---

[4] The fact that the Ninth Circuit granted, on May 10, 2011, a petition for interlocutory appeal from this Court's order in *AT&T Mobility* does not change this result. *See* Ninth Circuit Court of Appeals Docket No. 11-16188. If the Ninth Circuit's decision on the merits – which may not issue for many months or longer – would allow Kodak to assert the Second Claim, then Kodak may seek leave to amend to add such a claim under applicable rules and at the appropriate time. It would waste resources and unnecessarily complicate these proceedings to keep the Second Claim in the case as any kind of "place holder."

MASTER FILE NO.: 3:07-MD-1827 SI
CASE NO.: 3:10-CV-5452 SI
DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AM. COMPLAINT

1

2          By:  _____/s/ John H. Chung_____
                        John H. Chung
3
4          John H. Chung (admitted *pro hac vice*)
           WHITE & CASE LLP
5          1155 Avenue of the Americas
           New York, NY 10036-2787
6          (212) 819-8200 (Phone)
           (212) 354-8113 (Facsimile)
7          jchung@whitecase.com

8          Attorneys for Defendants
           TOSHIBA CORPORATION, TOSHIBA AMERICA
9          ELECTRONIC COMPONENTS, INC., and TOSHIBA
           MOBILE DISPLAY TECHNOLOGY CO., LTD.
10

11         Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this

12   document has been obtained from the signatories to this document.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28