IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates To:<br>EASTMAN KODAK COMPANY,<br>        Plaintiff,<br>   v.<br>EPSON IMAGING DEVICES CORPORATION, *et al.*,<br>        Defendants.<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827<br>No. C 10-5452 SI<br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS KODAK'S FIRST AMENDED COMPLAINT** |

Now before the Court is defendants' joint motion to dismiss the first amended complaint ("FAC") of plaintiff Eastman Kodak Company ("Kodak"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for August 26, 2011. Having considered the arguments presented in the moving papers, the Court hereby GRANTS IN PART defendants' motion.

**BACKGROUND**

Kodak sells digital still cameras to customers throughout the United States, including cameras that utilize thin-film transistor liquid crystal display panels ("LCD panels"). FAC at ¶1. Through this antitrust action, Kodak seeks to recover for an international price-fixing conspiracy that had "the purpose and effect of fixing, raising, stabilizing, and maintaining prices for LCD panels." FAC at ¶2.

Kodak's FAC includes claims under the Sherman Act, 15 U.S.C. § 1, and the antitrust laws of California, Nevada, and New York. FAC at ¶¶96-128. It names as defendants entities from three corporate families: Epson,[1] Toshiba,[2] and AU Optronics ("AUO").[3] FAC at ¶16-26.

On July 22, 2011, defendants filed a joint motion to dismiss Kodak's FAC under Federal Rule of Civil Procedure 12(b)(6). Defendant's motion raises just two grounds for dismissal. First, defendants claim that Kodak's FAC fails to provide an adequate description of the involvement of each defendant in the price-fixing conspiracy. Second, defendants claim that Kodak's claim under California's Cartwright Act must be dismissed to the extent Kodak's purchases were not made in California.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

---

[1] Epson Imaging Devices Corporation and Epson Electronics Corporation America, Inc.

[2] Toshiba Corporation, Toshiba America Electronics Components, Inc., and Toshiba Mobile Display Technology Co., Ltd.

[3] AU Optronics Corporation and AU Optronics Corporation America, Inc.

**DISCUSSION**

As mentioned above, defendants' motion challenges only two aspects of Kodak's complaint: (1) Kodak's use of "group pleading"; and (2) and Kodak's attempt to recover under California antitrust law for LCD panel purchases that it made outside of California.

## I.   Adequacy of Group Pleading

Defendants claim that Kodak's FAC should be dismissed because it does not allege facts particular to each defendant. They argue that the complaint fails to allege "which defendant sold TFT-LCD Panels in what locations, or how any particular defendants' 'business activities' substantially affected interstate commerce." Motion at 5. Further, defendants assert that the FAC impermissibly groups defendants together by corporate family, and does not sufficiently allege "that each individual defendant joined the conspiracy and played some role in it." *Id.* at 6; *see also*, *e.g.*, FAC at ¶18 ("Defendants AUO and AUOA are referred to collectively herein as 'AU Optronics.'"); FAC at ¶¶ 21, 25.

This Court has previously evaluated a similar challenge to "group pleading" allegations in this multi-district litigation. In *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179 (N.D. Cal. 2009), the Court found that the direct-purchaser plaintiffs and the indirect-purchaser plaintiffs had both stated valid claims against defendants, despite their use of group pleading. *Id.* at 1184.

Kodak's FAC, filed well after the Court issued the above order, bears a predictable resemblance to the direct- and indirect-purchaser complaints. The FAC alleges that the conspiracy was organized at the highest level of the defendant organizations and carried out by both executives and subordinate employees. FAC at ¶36; *see also In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85. The FAC alleges that the conspiracy was implemented by subsidiaries and distributors within a corporate family, and that "individual participants entered into agreements on behalf of, and reported these meetings and discussions to, their respective corporate families." FAC at ¶ 26; *In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85. Kodak also alleges that "the individual participants in conspiratorial meetings and discussions did not always know the corporate affiliation of their counterparts, nor did they distinguish between the entities within a corporate family." FAC at ¶26;

*In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85.

In addition to these general allegations, Kodak's FAC contains substantial detail concerning the subsidiary corporations' actions in furtherance of the conspiracy. For example, the FAC alleges that Epson Imaging Devices "participated in the conspiracy through meetings, conversations, and communications with competitors in Japan and the United States." FAC at ¶61. It also alleges that Epson's American subsidiary, Epson Electronics Corporation America, "was an active, knowing participant in the alleged conspiracy," both by acting as Epson Imaging Device's agent and by "engag[ing] in bilateral discussions with other defendants and co-conspirators." FAC, ¶63; *see also* FAC at ¶65-66 (alleging that "AUO senior level employees instructed AUOA employees in the United States to contact employees of other LCD Panel manufacturers" to discuss pricing); FAC at ¶71 (alleging that Toshiba Corporation instructed Toshiba's American subsidiary to communicate with competitors in the United States).

The Court finds that the allegations in Kodak's FAC are sufficient to put the defendants on notice of the charges against them. Accordingly, it DENIES defendants' motion to dismiss based on Kodak's use of group pleading.

## II.     Cartwright Act Claims

Kodak's FAC includes two claims under the Cartwright Act: its second claim for relief seeks to recover under the Cartwright Act for all U.S. purchases of price-fixed LCD products; while its third claim for relief only seeks to recover for those purchases made in California. FAC ¶¶102-17. Defendants argue that Kodak's second claim must be dismissed because due process forbids application of California antitrust law to purchases that occurred outside of California.

In June 2010, this Court addressed this issue in the context of claims brought by AT&T Mobility LLC. *See* Order Granting Defendants' Joint Motion to Dismiss and Granting Plaintiffs Leave to Amend, Master Docket No. 1823 (June 28, 2010). The Court concluded that, "in order to invoke the various state laws at issue, plaintiffs must be able to allege that 'the occurrence or transaction giving rise to the litigation' – plaintiffs' purchases of allegedly price-fixed goods – occurred in the various states." *Id.* at 5.

4

Kodak acknowledges this Court's prior ruling; it seeks only to preserve this claim in the event the Ninth Circuit reverses this Court's order in the pending interlocutory appeal. Accordingly, the Court GRANTS defendants' motion to dismiss Kodak's second claim for relief.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss the first amended complaint. Docket No. 25 in 10-5452; Docket No. 3251 in 07-1827.

**IT IS SO ORDERED.**

Dated: August 23, 2011

SUSAN ILLSTON
United States District Judge