IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br>BEST BUY CO., INC., *et al.*,<br>    Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>    Defendants. / | No. C 10-4572 SI<br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is defendants' motion to dismiss the first amended complaint ("FAC") of plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc. (collectively, "Best Buy"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for August 26, 2011. Having considered the arguments presented in the moving papers, the Court hereby GRANTS IN PART defendants' motion.

**BACKGROUND**

Best Buy filed this antitrust action in 2010, seeking to "recover damages [it] incurred as a result of an extended conspiracy by manufacturers of liquid crystal display panels ('LCD Panels')." FAC at ¶1. The FAC alleges that "[d]efendants and their co-conspirators . . . conspired . . . for the purpose and to the effect of fixing, raising, stabilizing, and maintaining prices for LCD Panels and/or products

containing LCD Panels." *Id.* Best Buy's FAC includes claims under the Sherman Act and the Minnesota Antitrust Act, and names as defendants entities from eight corporate families: AU Optronics[1]; Chi Mei[2]; Chunghwa Pictures Tubes[3]; Epson[4]; Hannstar[5]; Hitachi[6]; LG[7]; and Sharp[8].

On July 7, 2011, defendants filed a joint motion to dismiss Best Buy's FAC. Defendants' motion challenges four aspects of the FAC. First, defendants claim that Magnolia Hi-Fi may not bring claims under the Minnesota Antitrust Act. Second, defendants claim that Best Buy Stores and BestBuy.com cannot assert claims based upon direct purchases of LCD products. Third, defendants argue that BestBuy.com's claims are barred by the Minnesota statute of limitations. Finally, defendants claim that the FAC impermissibly relies on group pleading and fails to allege each defendant's role in the conspiracy.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading

---

[1] AUO Optronics Corporation and AU Optronics Corporation America.

[2] Chi Mei Corporation, Chi Mei Optoelectronics Corporation (N.K.A. Chimei Innolux Corporation), Chi Mei Optoelectronics USA, Inc., CMO Japan Co. Ltd., Nexgen Mediatech, Inc., and Nexgen Mediatech USA, Inc.

[3] Chunghwa Pictures Tubes, Ltd. and Tatung Company of America, Inc.

[4] Epson Imaging Devices Corporation and Epson Electronics America, Inc.

[5] Hannstar Display Corporation.

[6] Hitachi, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc.

[7] LG Display Co., Ltd. and LG Display America, Inc.

[8] Sharp Corporation and Sharp Electronics Corporation.

of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

As mentioned above, defendants bring four challenges to Best Buy's FAC. First, they claim that Magnolia Hi-Fi may not bring suit under Minnesota law. Second, they claim that Best Buy Stores and BestBuy.com may not assert claims for direct purchases of products containing LCD panels. Third, they argue that BestBuy.com's claims are barred by the Minnesota statute of limitations. Finally, they argue that the FAC impermissibly relies on group pleading.

### I. Magnolia Hi-Fi Claims under Minnesota Antitrust Act

Defendants first move to dismiss Best Buy's FAC to the extent it purports to bring claims on behalf of Magnolia Hi-Fi under the Minnesota Antitrust Act. Defendants claim that the application of Minnesota law to Magnolia Hi-Fi's claims would violate due process because Best Buy has not alleged that Magnolia Hi-Fi made any purchases of LCD products in Minnesota. Best Buy does not oppose this aspect of defendants' motion. Accordingly, the Court GRANTS defendants' motion and DISMISSES all claims brought by Magnolia Hi-Fi under the Minnesota Antitrust Act.

### II. Claims for Direct Purchases under the Sherman Act and the Minnesota Antitrust Act

Next, defendants argue that Best Buy Stores and BestBuy.com may not assert claims based on direct purchases of LCD products. Defendants argue that these claims may only be brought by the Best Buy entities that actually made the purchases: Best Buy Purchasing, Best Buy Enterprise Services, and Best Buy Co. Defendants also argue that BestBuy.com may not bring direct purchase claims because

3

1  it did not opt out of the direct purchaser litigation class.

### A.   Direct Purchases by Best Buy Stores and BestBuy.com

Best Buy's FAC states that "[a]ll Plaintiffs" bring claims under the Sherman Act and the Minnesota Antitrust Act "in connection with their direct purchases of LCD Products . . . ." FAC at ¶¶325, 333. Best Buy's FAC, however, does not allege that Best Buy Stores or BestBuy.com made any purchases directly from the defendants. *See* FAC at ¶16 ("During the Relevant Period, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc. and/or Best Buy Co., Inc. negotiated for the purchase of, purchased, and paid for LCD Products for Plaintiff Best Buy Stores, L.P. and BestBuy.com, L.L.C."). Thus, defendants move to dismiss the FAC to the extent it purports to bring any direct purchaser claims by Best Buy Stores and BestBuy.com.

Best Buy acknowledges that Best Buy Stores and BestBuy.com are technically indirect purchasers and are therefore barred from bringing suit under the Sherman Act.[9] *See Illinois Brick Co. v. Illinois*, 431 U.S. 736 (1977). Best Buy argues, however, that Best Buy Stores and BestBuy.com may nonetheless bring direct purchaser claims under the so-called "control" exception to *Illinois Brick*.

Courts have recognized a "control exception" to *Illinois Brick* where "the direct purchaser is owned or controlled by the indirect purchaser." *Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1123 n.1 (9th Cir. 2008); *see also Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1180 (N.D. Cal. 2009) ("[T]he ownership and control exception has been construed to encompass relationships involving such functional economic or other unity between the direct purchaser and either the defendant or the indirect purchaser, that there effectively has been only one sale."); *see also Illinois Brick*, 431 U.S. at 736 n. 16 ("Another situation in which market forces have been superseded and the pass-on defense might be permitted is where the direct purchaser is owned or controlled by its customer"). When the indirect purchaser and the direct purchaser are functionally the same entity, it mitigates the "serious risk of multiple liability" that concerned the Supreme Court in *Illinois Brick*. *See Illinois Brick*, 431 U.S. at 730.

---

[9] Since 1984, the Minnesota Antitrust Act has permitted suits by indirect purchasers. *See* Minn. Stat. § 325D.57.

4

Taking all reasonable inferences in Best Buy's favor, the Court finds that Best Buy's FAC adequately alleges that Best Buy Stores' and BestBuy.com's claims fall within the control exception to *Illinois Brick*. Best Buy's FAC alleges that all plaintiffs are headquartered in Richfield, Minnesota, that Best Buy Stores and BestBuy.com operate Best Buy's retail and online stores, and that the Best Buy purchasing entities made their purchases on behalf of Best Buy Stores and BestBuy.com. These allegations are sufficient to establish such "functional economic or other unity . . . that there effectively has been only one sale." *Sun Microsystems Inc.*, 608 F. Supp. 2d at 1180. Accordingly, the Court DENIES defendants' motion to dismiss the direct-purchase claims by Best Buy Stores and BestBuy.com on this ground.

### B.     Effect of Class Action Settlement on BestBuy.com's Claims

Defendants argue that BestBuy.com may not bring direct purchaser claims to the extent those claims are encompassed by the Direct Purchaser Plaintiff Class and related settlement classes with Chunghwa and Epson. *See generally* Order Granting Preliminary Approval of Direct Purchaser Class Settlement with Defendants Epson Imaging Devices Corporation and Epson Electronics America, Inc., Master Docket No. 2078 (October 6, 2010). Best Buy concedes that BestBuy.com did not opt out of these classes, but emphasizes that the classes do not cover the full extent of its direct-purchase claims. *See* Pl. Opp'n at 6 (stating that "the Direct Class and the Epson Settlement Class only include three types of large screen TFT-LCD products to the exclusion of all other TFT-LCD products and all STN-LCD products" and that "the Chunghwa Settlement Class . . . does not apply to [LCD Products other than TFT-LCD products]"). Accordingly, the Court GRANTS defendants' motion to the extent the FAC includes claims that are included in the Direct Purchaser classes.

### III.    Minnesota Statute of Limitations

Next, defendants argue that BestBuy.com's claims are barred by the Minnesota Antitrust Act's four-year limitations period. *See* Minn. Stat. § 325D.64. When Best Buy first filed its complaint in October 2010, it did not include BestBuy.com as a plaintiff; BestBuy.com was added when Best Buy filed its FAC on July 7, 2011. Best Buy does not dispute that this is more than four years after it

5

received notice of the existence of the alleged conspiracy. *See* FAC at ¶309 ("Plaintiffs did not discover, and could not have discovered through the exercise of reasonable diligence, the existence of the conspiracy alleged herein until December 2006, when investigations by the DOJ and other antitrust regulators became public.").

Best Buy argues that the addition of BestBuy.com as a plaintiff should relate back to its original complaint. "An amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of L.A. Cnty. Fed. of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 858 (9th Cir. 2002); *see also* Fed. R. Civ. P. 15(c).

Defendants claim that they did not have notice of BestBuy.com's claims, and that they will be prejudiced by the addition of the claims at this point in this litigation. The Court finds that defendants had adequate notice of BestBuy.com's claims. Best Buy's original complaint explicitly referenced its internet sales: "[TFT-LCD products] were kept as inventory and sold in Minnesota and every other state where Best Buy retail stores were located, and over the internet throughout the United States." FAC at ¶16. Given the liberal policy underlying Rule 15(c), this was sufficient to constitute notice. *See Immigrant Assistance*, 306 F.3d at 858 (holding that, because the "original Complaint . . . challenged the INS's regulations and practices defining and interpreting the term 'known to the Government' as used in the IRCA," it "placed the INS on notice that all aliens covered by the INS's regulations and practices defining and interpreting the term 'known to the Government' as used in the IRCA were potential plaintiffs"); *see also* Fed. R. Civ. P. 15, adv. comm. notes (1966) (stating that "the notice need not be formal").

The Court also finds that defendants will not be unfairly prejudiced by the addition. Best Buy has indicated that all of its discovery produced to date applies to BestBuy.com, and that it has produced all of BestBuy.com's transactional data. Given the strong relationship between the parties and the claims, the addition of BestBuy.com appears to be a change of form, rather than substance.

Accordingly, the Court finds that the addition of BestBuy.com relates back to the original filing of Best Buy's complaint, and DENIES defendants' motion to dismiss BestBuy.com's claims under the

1  Minnesota Antitrust Act on statute of limitations grounds.

## IV.     Group Pleading

Finally, defendants argue that Best Buy's FAC relies on group pleading, and does not adequately allege each defendant's role in the conspiracy. They argue that the complaint "lump[s] together twenty corporate parents, subsidiaries, and affiliates, and then use[s] the label 'Defendants' liberally and generically to refer to all of them as an undifferentiated mass." Motion at 14-15; *see also*, *e.g.*, FAC at ¶26 ("Defendants Epson Japan and Epson America are sometimes referred to collectively herein as 'Epson.'").

This Court has previously evaluated similar "group pleading" allegations in this multi-district litigation. In *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179 (N.D. Cal. 2009), the Court found that the direct-purchaser plaintiffs and the indirect-purchaser plaintiffs had both stated valid claims against defendants, despite their use of group pleading. *Id.* at 1184.

Best Buy's FAC, filed well after the Court issued the above orders, bears a predictable resemblance to the direct- and indirect-purchaser complaints. The FAC alleges that the conspiracy was organized at the highest level of the defendant organizations and carried out by both executives and subordinate employees. FAC at ¶111-46; *see also In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85. It alleges that the conspiracy was implemented by subsidiaries and distributors within a corporate family, and that "individual participants entered into agreements on behalf of, and reported these meetings and discussions to, their respective corporate families." FAC at ¶146; *In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85. Best Buy also alleges that "the individual participants in conspiratorial meetings and discussions did not always know the corporate affiliation of their counterparts, nor did they distinguish between the entities within a corporate family." FAC at ¶146; *In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85. In addition, Best Buy's FAC contains a detailed description of actions taken in furtherance of the conspiracy both by defendants and their American subsidiaries. *See* FAC at ¶¶111-146, 147-56.

The Court finds that the allegations in Best Buy's FAC are sufficient to put the defendants on notice of the charges against them. Accordingly, it DENIES defendants' motion to dismiss based on

7

Best Buy's use of group pleading.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss plaintiffs' first amended complaint. Docket No. 45 in 10-4572; Docket No. 3045 in 07-1827.

**IT IS SO ORDERED.**

Dated: August 24, 2011

SUSAN ILLSTON
United States District Judge