IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-4945 SI |
| TARGET CORPORATION, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Now before the Court is a motion for leave to file a second amended complaint filed by plaintiffs Target Corporation; Sears, Roebuck and Co.; Kmart Corporation; Old Comp Inc.; Good Guys, Inc.; Radioshack Corporation; and Newegg Inc. (collectively, "Target"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for September 9, 2011. Having considered the arguments presented in the moving papers, the Court hereby GRANTS plaintiffs' motion.

**BACKGROUND**

Target filed this antitrust action in 2010, seeking to "recover the damages [it] incurred as a result of a long-running conspiracy by manufacturers of liquid crystal display panels ('LCD Panels')." First Amended Complaint, ¶1. The complaint alleges that "[d]efendants and their co-conspirators formed an international cartel illegally to restrict competition in the United States in the market for LCD Panels."

*Id.* at ¶2. Target's complaint includes claims under the Sherman Act, 15 U.S.C. § 1, and under the laws of a number of different states. *Id.* at ¶¶218-55.

On August 5, 2011, Target filed the current motion, seeking leave from the Court to file a second amended complaint ("SAC"). The SAC does not significantly alter the legal theories contained in Target's first amended complaint. Instead, Target seeks to add a number of additional defendants to its lawsuit: Sanyo Consumer Electronics Co., Ltd ("Sanyo"); Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "Samsung"); Philips Electronics North America Corporation ("Philips"); and Chimei Innolux Corporation.[1]

## LEGAL STANDARD

Once a party has amended its complaint, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.*

## DISCUSSION

Target's motion follows on the heels of a similar motion filed by Motorola in June 2011. *See* Order Granting Plaintiff's Motion for Leave to File Third Amended Complaint, Master Docket No. 3137 (July 18, 2011). Like Target, Motorola sought leave to amend its complaint to add Sanyo, Samsung, Philips, and Chimei Innolux as defendants. After hearing the proposed new defendants' strenuous objections to Motorola's request, the Court granted Motorola's motion. *Id.*

---

[1] Target's motion purportedly seeks to add Chimei Innolux as a defendant, but the proposed version of its SAC that it lodged with the Court does not include any references to Chimei Innolux. *See* Motion, Exh. 1. Target may fix this oversight in the final version of the SAC that it files with this Court.

2

The responses of Sanyo, Samsung, and Philips[2] to Target's motion raise largely the same objections as their responses to Motorola's motion. They emphasize the voluminous discovery in this litigation, the looming discovery deadlines, and their limited roles to date in this MDL. They claim that they will be prejudiced by being added to the litigation at this late hour, and they argue that Target unreasonably delayed its request to add them as defendants.[3]

As it did with Motorola's motion, however, the Court finds that the proposed new defendants will not by overly prejudiced by their late addition to this case. The lawsuits that comprise this MDL are all based on the same core set of facts; much of the work in defending one lawsuit will be common to defending all cases. Further, the proposed new defendants will join a number of large, sophisticated defendants, all of which are well-acquainted with this MDL. The proceedings in this MDL to date have established that the interests of the defendants overlap to a significant degree. The burden on the new defendants will be substantially limited based upon their ability to cooperate with these existing defendants.[4]

The Court also agrees with Target that the proposed new defendants' claims of prejudice are contradicted by the limited actions they have taken in the Motorola matter. Although all of the proposed new defendants strenuously objected to their inclusion in the Motorola case, they have sought only a small amount of discovery from Motorola. Neither Philips nor Samsung, for example, has served any discovery on Motorola. *See* Declaration of Nathanial J. Wood in Support of Plaintiffs' Reply, ¶4, 6. And Sanyo has served only one set of interrogatories and a single document request on Motorola. *Id.* at ¶5.

---

[2] The Court GRANTS the motion to intervene filed by Sanyo, Samsung, and Philips. Chimei Innolux has not sought to intervene or otherwise opposed Target's motion.

[3] The current defendants also oppose Target's motion on the ground that Target's proposed SAC "does not contain adequate factual allegations against each named Defendant, relying instead on generic and conclusory allegations against unspecified 'Defendants' and against corporate families." Def.'s Joint Opp'n at 2-3. The Court addressed this argument in its order on defendants' joint motion to dismiss. *See* Order Granting in Part Defendants' Motion to Dismiss Target's First Amended Complaint, Master Docket No. 3362 (August 24, 2011).

[4] The new defendants also need not fear a flood of "Track One" plaintiffs seeking to add them as defendants. No further motions to amend are pending, and, absent compelling circumstances, the Court would consider further "Track One" motions to amend untimely.

3

The Court also rejects the intervenors' claims of undue delay. Given that Target's motion raises the same issues as Motorola's motion, it would have been preferable for Target to present its motion at the same time. Once Motorola had filed its motion, however, it was reasonable for Target to wait for the outcome before proceeding on its motion to amend. Further, Target may have legitimately revisited its position at the time the discovery schedule changed in mid-July.

Finally, Samsung requests that this case be taken off the "Track One" schedule if the Court allows it to be added as a defendant. Given that the parties have been proceeding under the current deadlines for almost a year, however, the Court declines this request.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion for leave to file a second amended complaint. Docket Nos. 53, 60, and 67 in 10-4945; Docket Nos. 3233, 3319, and 3321 in 07-1827.

**IT IS SO ORDERED.**

Dated: September 7, 2011

SUSAN ILLSTON
United States District Judge

4