United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 09-4997 SI |
| AT&T MOBILITY LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

Now before the Court is a motion for leave to file a third amended complaint filed by plaintiffs AT&T Mobility LLC, AT&T Corp., AT&T Services, Inc., BellSouth Telecommunications, Inc., Pacific Bell Telephone Company, AT&T Operations, Inc., AT&T DataComm, Inc., and Southwestern Bell Telephone Company (collectively, "AT&T"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for September 9, 2011. Having considered the arguments presented in the moving papers, the Court hereby GRANTS plaintiffs' motion.

**BACKGROUND**

AT&T filed this antitrust action in 2009, seeking to "recover damages . . . for the injuries [it] suffered as a result of defendants' conspiracy to fix, raise, maintain and stabilize the prices of LCD Panels." Second Amended Complaint, ¶12. AT&T's complaint includes claims under the Sherman Act,

15 U.S.C. § 1, and under the laws of a number of different states. FAC at ¶¶239-77.

On August 5, 2011, AT&T filed the current motion, seeking leave from the Court to file a third amended complaint ("TAC"). The TAC does not significantly alter the legal theories contained in AT&T's second amended complaint. Instead, AT&T seeks to add a number of additional defendants to its lawsuit: Sanyo Consumer Electronics Co., Ltd ("Sanyo"); Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "Samsung"); and Chimei Innolux Corporation.

## LEGAL STANDARD

Once a party has amended its complaint, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.*

## DISCUSSION

AT&T's motion follows on the heels of a similar motion filed by Motorola in June 2011. *See* Order Granting Plaintiff's Motion for Leave to File Third Amended Complaint, Master Docket No. 3137 (July 18, 2011). Like AT&T, Motorola sought leave to amend its complaint to add Sanyo, Samsung, and Chimei Innolux as defendants. After hearing the proposed new defendants' strenuous objections to Motorola's request, the Court granted Motorola's motion. *Id.*

The responses of Sanyo and Samsung[1] to AT&T's motion raise largely the same objections as their responses to Motorola's motion. They emphasize the voluminous discovery in this litigation, the looming discovery deadlines, and their limited roles to date in this MDL. They claim that they will be prejudiced by being included in the litigation at this late hour, and they argue that AT&T unreasonably

---

[1] The Court GRANTS the motion to intervene filed by Sanyo and Samsung. Chimei Innolux has not sought to intervene or otherwise opposed AT&T's motion.

2

delayed its request to add them as defendants.

As it did with Motorola's motion, however, the Court finds that the proposed new defendants will not by overly prejudiced by their late addition to this case. The lawsuits that comprise this MDL are all based on the same core set of facts; much of the work in defending one lawsuit will be common to defending all cases. Further, the proposed new defendants will join a number of large, sophisticated defendants, all of which are well-acquainted with this MDL. The proceedings in this MDL to date have established that the interests of the defendants overlap to a significant degree. The burden on the new defendants will be substantially limited based upon their ability to cooperate with these existing defendants.[2]

The Court also agrees with AT&T that the proposed new defendants' claims of prejudice are contradicted by the limited actions they have taken in the Motorola matter. Although all of the proposed new defendants strenuously objected to their inclusion in the Motorola case, they have sought only a small amount of discovery from Motorola. Sanyo, for example, has served only one set of interrogatories and a single document request on Motorola. *See* Declaration of Nathanial J. Wood in Support of Plaintiffs' Reply, ¶4. And Samsung has not served any discovery in the Motorola action. *Id.* at ¶5.

The Court also rejects the intervenors' claims of undue delay. Given that AT&T's motion raises the same issues as Motorola's motion, it would have been preferable for AT&T to present its motion at the same time. Once Motorola had filed its motion, however, it was reasonable for AT&T to wait for the outcome before proceeding on its motion to amend. Further, AT&T may have legitimately revisited its position at the time the discovery schedule changed in mid-July.

Finally, Samsung requests that this case be taken off the "Track One" schedule if the Court allows it to be added as a defendant. Given that the parties have been proceeding under the current deadlines for well over a year, however, the Court declines this request.

---

[2] The new defendants also need not fear a flood of "Track One" plaintiffs seeking to add them as defendants. No further motions to amend are pending, and, absent compelling circumstances, the Court would consider further "Track One" motions to amend untimely.

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion for leave to file a third amended complaint. Docket Nos. 135, 138, and 141 in 09-4997; Docket Nos. 3232, 3313, and 3315 in 07-1827.

**IT IS SO ORDERED.**

Dated: September 7, 2011

SUSAN ILLSTON
United States District Judge