Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
Heather T. Rankie (268002)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
*fscarpulla@zelle.com*

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104-1534
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
*josephalioto@mac.com*

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-MD-1827 SI <br> MDL No. 1827 |
| This Document Relates to: <br><br> All Indirect-Purchaser Actions | **INDIRECT-PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON THE FLORIDA STATUTE OF LIMITATIONS** <br><br> Hearing Date: Sept. 22, 2011 <br> Time: 9:00 a.m. <br> Courtroom: 10, 19th Floor <br><br> The Honorable Susan Illston |

# I. PRELIMINARY STATEMENT REGARDING DEFENDANTS' VIOLATION OF THE COURT'S STANDING ORDER REQUIRING LEAVE TO FILE MULTIPLE SUMMARY JUDGMENT MOTIONS

The Court should strike Defendants' motion because it violates the Court's Standing Order regarding summary judgment motions. *See* July 28, 2011 Standing Order of Judge Illston at ¶ 5 ("Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court."). Defendants did not request leave of the Court before filing what is only the latest in a string of summary judgment motions. More specifically, the current motion is now the third purely state-law-based summary judgment motion filed to date. *See* Defs.' Joint Mot. for Summ. J. on Pltf. Luber's Claims (Dkt. # 3048, filed July 8, 2011); Defs.' Joint Mot. for Partial Summ. J. Based on Various Issues of State Law (Dkt. # 3205, filed July 29, 2011).

The Standing Order's requirement that a party seek leave of Court before filing multiple summary judgment motions reinforces the strong judicial preference against piecemeal summary judgment motion practice. *See McCabe v. Macaulay*, 545 F.Supp.2d 857, 864 (N.D. Iowa 2008) ("This one-summary-judgment-per-party provision is designed to conserve scarce judicial resources, prevent repetitive motions and forestall potential abuse of Federal Rule of Civil Procedure 56."), *citing Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997) ("Courts can prevent potential abuse from defendant officials by establishing summary judgment procedures to weed out frivolous or simply repetitive motions.").

Defendants' repeated state-law-based summary judgment motions appear designed to circumvent the timing and page limitations established by the Local Rules. The Indirect-Purchaser Plaintiffs ("IPPs") respectfully request that the Court reject Defendants' inappropriate tactics and strike the current motion. The IPPs will continue to object to Defendants' abuse of the summary judgment procedure with respect to all other summary judgment motions filed in violation of the Court's Standing Order.

## II. INTRODUCTION

Defendants fraudulently concealed the existence and nature of their long-running price-fixing conspiracy. The fraudulent concealment is well documented, and well-pled in the pleadings in this case. The only question presented in Defendants' Joint Motion for Partial Summary Judgment Based on the Florida Statute of Limitations (Dkt. # 3365) ("Motion") is whether Defendants' fraudulent concealment of their illegal conduct can estop Defendants from asserting the statute of limitations as a defense to the claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"). It does. Defendants' Motion is based entirely on one unpublished and thinly supported decision from the Southern District of Florida, but that decision actually supports application of the fraudulent concealment doctrine here. Defendants' slapdash Motion also confuses several legal concepts, ignores directly relevant authority from the Florida Supreme Court, and misapplies Florida law altogether. For the reasons discussed in detail below, the Motion should be denied in its entirety.

## III. ARGUMENT

Under Florida law, there are three primary methods that can extend a statute of limitations beyond the time period enumerated in the statute or defeat a statute of limitations defense: (1) the delayed discovery doctrine; (2) statutory tolling; and (3) equitable estoppel principles such as fraudulent concealment. While the Florida Supreme Court has taken pains to distinguish these three concepts from one another, Defendants' Motion conflates all three together, and misconstrues Florida law in applying them to claims under FDUTPA.

### A. Legal Background

A cause of action under FDUTPA expires four years after accrual. Fla. Stat. § 95.11(3)(f). A cause of action "accrues" when the last element constituting the cause of action occurs. *Hearndon v. Graham*, 767 So.2d 1179, 1184 (Fla. 2000) (citing Fla. Stat. § 95.031). Accrual of a FDUTPA claim typically occurs when the damage is suffered, such as when the plaintiff purchases something that was not what the plaintiff was led to believe it was purchasing. *Rollins v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984).

2

IPPS' OPP'N TO DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT BASED ON FLORIDA STATUTE OF LIMITATIONS – CASE NO. 3:07-MD-1827 SI

Under certain circumstances, the "accrual" of a cause of action may be delayed. According to the Florida Supreme Court, the "delayed discovery doctrine" provides that a cause of action does not "accrue" until the plaintiff either knows or reasonably should know of the act giving rise to the cause of action. *Hearndon*, at 1194; *Davis v. Monahan*, 832 So.2d 708, 709-10 (Fla. 2002) (same). Importantly, the delayed discovery doctrine does not "toll" or "suspend" a limitations period after it has already begun; rather, it delays the limitations period from starting in the first place. *Hearndon*, at 1194.

Statutory tolling, on the other hand, has been interpreted by Florida courts to "interrupt" the running of the statute of limitations clock after it has already started. *See Hankey v. Yarian*, 755 So.2d 93, 96 (2000); *Hearndon*, at 1185 (the "tolling" of a limitations period would "interrupt the running thereof subsequent to accrual"). Florida's tolling statute (Fla. Stat. § 95.051) identifies the statutory methods for tolling a limitations period. In *Hearndon*, the Florida Supreme Court recognized that there has been significant confusion between the "accrual" and "tolling" concepts, and clarified that accrual involves when the limitations period begins to run, whereas tolling interrupts the period once it has already started. *Id*. ("That both accrual and tolling may be employed to postpone the running of the statute of limitations so that an action would not become time-barred should not cause confusion between these distinct concepts").

A third concept, "equitable estoppel" -- which includes various equitable principles, including fraudulent concealment differs from the previous doctrines in that it "comes into play only after the limitations period has run" and estops the wrongdoer from asserting a statute of limitations defense and profiting from his or her own misconduct." *Major League Baseball v. Morasani*, 790 So.2d 1071, 1079 (Fla. 2001). In *Morasani*, the Florida Supreme Court ruled that Section 95.051, Florida Statutes, does not prohibit the application of the doctrine of equitable estoppel to an action filed outside the applicable statute of limitations. 790 So.2d 1071, 1073 (Fla. 2001). The Supreme Court explained that equitable estoppel is a separate doctrine from tolling, which suspends the statute of limitations. Instead, equitable estoppel stops a party from asserting a statute of limitations defense. *Id*. at 1077. Quoting *State ex rel. Watson v. Gray*, 48 So.3d 84, 87-

88 (Fla. 1950), the *Morsani* court explained that "[e]quitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded . . . from asserting rights . . . against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse . . .." *Id*. at 1076.

Thus, despite Defendants' argument to the contrary (*see, e.g.*, Motion, at 4, lines 23-26), the statutory tolling methods identified in Fla. Stat. 95.051 are not the only principles that can defeat a statute of limitations defense. Rather, equitable estoppel principles work in conjunction with the statutorily enumerated tolling methods. *Morsani*, 790 So.2d at 1078. Indeed, equitable estoppel is:

> wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice. Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed.

*Morsani*, at 1078. After string-citing a lengthy list of state and federal cases applying equitable principles to bar the application of the statute of limitations (*id*. at n. 21), the *Morsani* Court concluded that equitable estoppel principles, such as fraudulent concealment, are not trumped by, but rather supplement, the enumerated statutory tolling provisions in Fla. Stat., § 95.051. Significantly, the first case the Florida Supreme Court cites is *Baptist Hospital of Miami, Inc. v. Carter*, 658 So.2d 560, 563 (Fla. 3d DCA 1995), wherein the court stated, with regard to a statutory cause of action, such as here, "[i]t is well settled . . . as a general rule . . . that <u>fraud or misrepresentation that misleads a claimant</u> into a justified failure to assert his rights <u>bar reliance on a statute of limitations</u>." (Emphasis added) (abrogated on other grounds). Therefore, Defendants' fraudulent concealment is grounds for this Court to find that they are equitably estopped under Florida law from asserting a statute of limitations defense to the FDUTPA claims.

4

IPPS' OPP'N TO DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT BASED ON FLORIDA STATUTE OF LIMITATIONS – CASE NO. 3:07-MD-1827 SI

### B. Defendants' Motion Conflates the Accrual, Statutory Tolling, and Equitable Estoppel Concepts, Ignores Florida Supreme Court Precedent, and Misapplies Florida Law

Defendants' entire Motion is based on a mish-mash of the "accrual," "statutory tolling," and "equitable estoppel" concepts. Specifically, Defendants quote in their Motion a recent unpublished decision from the Southern District of Florida, which held that the "<u>delayed discovery doctrine</u> does not apply to causes of action under FDUTPA." Motion, at 4 (emphasis added) (citing *Point Blank Solutions, Inc. v. Toyobo, Am., Inc.*, 2011 WL 1833366 (S.D. Fla. May 13, 2011) ("*Toyobo*")). From there, Defendants jump to the conclusion that "the <u>fraudulent concealment doctrine</u> is unavailable under FDUTPA." Motion, at 4 (emphasis added). Defendants cite no legal authority for this leap in logic that is contrary to the Florida Supreme Court's reasoning in *Morsani*.[1]

But as *Hearndon* counsels, the delayed discovery doctrine discussed in *Toyobo* applies only to when a cause of action accrues. *Hearndon*, at 1185. It has nothing to do with whether the cause of action may be tolled for some statutory reason, or otherwise estopped for equitable reasons, such as fraudulent concealment. *Id*. at 1185. Thus, *Toyobo* stands only for the unremarkable proposition that the accrual of a FDUTPA claim cannot be delayed by the delayed discovery doctrine. It does <u>not</u> stand for the proposition, suggested by the Defendants, that fraudulent concealment is unavailable under FDUTPA.

To the contrary, *Toyobo* recognized that fraudulent concealment and other inequitable conduct may indeed be a basis to bar the application of the statute of limitations for FDUTPA claims. After discussing the "accrual" issue highlighted in Defendants' Motion, the *Toyobo* court went on to examine whether equitable estoppel could preclude a statute of limitations defense to a

---

[1] The decision in *In re: Vitamins Antitrust Litigation*, 183 Fed.Appx. 1, 2006 WL 1457708 (D.C. Cir. 2006) is inapposite. In that decision, the appellant asserted that the appellees were equitably stopped from raising a statute of limitations defense because they fraudulently concealed the price-fixing conspiracy. *Id.* at *2. But the court never addressed whether Florida law recognized the equitable tolling doctrine. Rather, the court held that regardless of whether Florida law recognized the equitable estoppel doctrine, the appellant could not rely upon the doctrine because it admitted "to being aware of the basis for a price fixing suit" *long before* the statute of limitations expired on its claim. *Id.* at *2-*3. Unlike the appellant in *Vitamins*, however, the Plaintiffs here filed their claims immediately after learning of the Defendants' conspiracy.

FDUTPA claim. While the ultimate outcome in *Toyobo* was based on a narrow application of the equitable estoppel doctrine,[2] the court did not find that equitable estoppel is unavailable under FDUTPA as a matter of law. Rather, based on the summary judgment facts in that case, the court concluded that the plaintiffs could not prove that the defendants were equitably estopped from using a statute of limitations defense. *Toyobo*, at *6. In other words, *Toyobo* recognized that equitable principles such as fraudulent concealment can indeed estop defendants from asserting a statute of limitations defense to a FDUTPA claim under certain circumstances.

This aspect of *Toyobo* is consistent with Florida law. In fact, the Florida Supreme Court addressed a nearly identical issue in *Florida Department of Health & Rehabilitative Services v. S.A.P.*, 835 So.2d 1091 (Fla. 2002), and concluded that fraudulent concealment can bar a defendant from asserting the statute of limitations defense. In *S.A.P.*, involving a negligence action, in addition to the standard statute of limitations under Fla. Stat. § 95.11 (which applies to causes of action under FDUTPA), the action was also governed by a separate sovereign immunity statute not at issue here (Fla. Stat. § 768.28). In the first part of its analysis, the Court examined whether fraudulent concealment can estop the action of the statute of limitations as a general matter under Fla. Stat. § 95.11, and concluded that "[i]t is well settled in Florida and other jurisdictions that the statutes of limitation can be deflected by the doctrine of equitable estoppel [including fraudulent concealment]." *Id.* at 1097. The Court also found that:

> equitable estoppel is a deeply rooted, centuries old tenet of the common law. On the other hand, fixed time limitations for filing suit, i.e., statutes of limitation, were unknown at common law and are a creature of modern statute. This Court has held that a statute enacted in derogation of the common law must be strictly construed and that, even where the Legislature acts in a particular area, the common law remains in effect in that area unless the statute specifically says otherwise:

---

[2] *Toyobo's* analysis of the equitable estoppel doctrine is based on the effectively abrogated decision of *Ryan v. Lobo De Gonzalez*, 841 So.2d 510 (Fla. 4th DCA 2003), which held that equitable estoppel requires a showing that the Plaintiff knew of facts underlying his claim, but delayed filing suit because of the Defendants' conduct. *Toyobo*, at *6. The *Ryan* case, however, pre-dated the Florida Supreme Court's decision in *Florida Department of Health & Rehabilitative Services v. S.A.P.*, 835 So.2d 1091 (Fla. 2002), which allowed use of the equitable estoppel doctrine even though the plaintiff did not learn of the cause of action until after the limitations period expired.

6

IPPS' OPP'N TO DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT BASED ON FLORIDA STATUTE OF LIMITATIONS – CASE NO. 3:07-MD-1827 SI

> The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.

*Id*. at 1098 (citing *Thornber v. City of Fort Walton Beach*, 568 So.2d 914, 918 (Fla. 1990). Since there was nothing in the standard statute of limitations (Fla. Stat. § 95.11) or in the sovereign immunity statute that indicated any intent by the Florida Legislature to abrogate common law principles such as fraudulent concealment, the Court concluded that "the doctrine of equitable estoppel bars [defendant] from asserting that the complaint was untimely filed." *Id*. at 1100.

Critical to the ultimate holding *S.A.P.* is the Florida Supreme Court's conclusion that fraudulent concealment and other common law equitable principles apply across the board to all statutes of limitations in Florida, unless specifically excepted by express statutory language. Since the statute of limitations applicable to FDUTPA (Fla. Stat. § 95.11(3)(f)) is the same statute of limitations discussed in *S.A.P.*, and because there is nothing in that statute that would prohibit application of common law equitable principles, fraudulent concealment can -- and does -- defeat a statute of limitations defense against FDUTPA claims.

The legislative history of Fla. Stat. § 95.051 (the statutory tolling provision) also makes clear that the Florida Legislature had no intention of altering existing common law with respect to fraudulent concealment or equitable estoppel. *See* Memorandum from C. McFerrin Smith to Senator Tom Johnson on CS/HB 895, FN1 at ¶ 5 (Apr. 30, 1974) (on file Fla. State Archives, series 18, carton 308) ("The section on when limitations are tolled (95.051 . . . ) codifies existing case law and streamlines the tolling provision."). The only changes to the common law in House Bill 895 identified by the Judiciary Committee were with respect to incompetency and disabilities. *See* Fla. H.R. Comm. on Judiciary, CS/HB 895 (1974) Section Summary 4 (on file Fla. State Archives, series 19, carton 205) ("This section also incorporates the Council's policy decision to limit the common-law disabilities which serve to toll the statute."). The Legislature also had no intention of limiting common law restrictions on when a defendant could avail itself of a statute of limitations defense (indeed, Fla. Stat. § 95.051 is silent on the issue), and expected the courts to continue their function of preventing a defense as a result of the inequitable conduct of a

7

IPPS' OPP'N TO DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT BASED ON FLORIDA STATUTE OF LIMITATIONS – CASE NO. 3:07-MD-1827 SI

defendant. *See* Thomas Bevis, Fla. Law Revision Council, Project on Statutes of Limitation: Some Policy Considerations, at 13 (Apr. 8, 1972) (available at Fla. State Archives, series 18, carton 308) ("If action is prevented through some act of defendant, he should then be stopped from raising the statute in his defense."). In examining when a cause of action accrues, the Legislature was cognizant that application of the "discovery rule is less prevalent in fraud or fraudulent concealment cases perhaps because the courts have used some form of estoppel to prevent the defendant from raising the statute." *Id.* at 17.

Additionally, lower appellate courts in Florida routinely hold that if a defendant has fraudulently concealed a cause of action from the plaintiff, the running of the statute of limitations governing the action is tolled until the cause of action is discovered. *See, e.g., Berisford v. Jack Eckerd Corp.*, 667 So.2d 809, 811 (Fla. 4th DCA 1995) (accepting fraudulent concealment doctrine as a means of tolling the statute of limitations, rejecting argument that fraudulent concealment applies only to medical malpractice actions, reversing summary judgment, and remanding for further proceedings to determine whether, under the facts of the case, the fraudulent concealment doctrine applied); *Vargas v. Glades General Hospital*, 566 So.2d 282, 285 (Fla. 4th DCA 1990) ("Fraudulent concealment as an exception to the statute of limitations has as its philosophy that 'courts will not protect defendants who are directly responsible for the delays of filing because of their own willful acts....' It is a doctrine to prevent the court from participating in the fraud of the defendant. Such a doctrine applies to all who come to the court for redress.") (internal citations omitted) (citing seminal case of *Nardone v. Reynolds*, 333 So.2d 25, 36 (Fla. 1976); *Grossman v. Greenberg*, 619 So.2d 406 (Fla. 3d DCA 1993) ("The statute of limitations does not begin to run where there has been a fraud or a fraudulent concealment").

Defendants' Motion ignores this lengthy list of relevant authority, and confuses the concepts of accrual, statutory tolling, and equitable estoppel. In short, Defendants' legal analysis is altogether wrong. Fraudulent concealment is indeed available and appropriate both to estop Defendants from asserting a statute of limitations defense to the Plaintiffs' FDUTPA claims and to toll those claims. Since there is no question that the pleadings in this case raise significant issues

8

IPPS' OPP'N TO DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT BASED ON FLORIDA STATUTE OF LIMITATIONS – CASE NO. 3:07-MD-1827 SI

regarding the Defendants' affirmative fraudulent concealment of their price-fixing conspiracy (*see, e.g.*, Motion, at 4 (acknowledging that the operative complaint alleges fraudulent concealment)), summary judgment is improper, and the jury should be entitled to hear evidence on the fraudulent concealment and statute of limitations issues. Accordingly, Defendants' Motion for Summary Judgment should be denied.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Defendants' Joint Motion for Partial Summary Judgment Based on the Florida Statute of Limitations should be denied.

Dated: September 8, 2011　　　　　　　　　　ZELLE HOFMANN VOELBEL & MASON LLP

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Francis O. Scarpulla*
　　　　　　　　　　　　　　　　　　　　　　　　　Francis O. Scarpulla

　　　　　　　　　　　　　　　　　　　　　　Francis O. Scarpulla (41059)
　　　　　　　　　　　　　　　　　　　　　　Craig C. Corbitt (83251)
　　　　　　　　　　　　　　　　　　　　　　Judith A. Zahid (215418)
　　　　　　　　　　　　　　　　　　　　　　Patrick B. Clayton (240191)
　　　　　　　　　　　　　　　　　　　　　　Qianwei Fu (242669)
　　　　　　　　　　　　　　　　　　　　　　Heather T. Rankie (268002)
　　　　　　　　　　　　　　　　　　　　　　ZELLE HOFMANN VOELBEL & MASON LLP
　　　　　　　　　　　　　　　　　　　　　　44 Montgomery Street, Suite 3400
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94104
　　　　　　　　　　　　　　　　　　　　　　Telephone: (415) 693-0700
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 693-0770
　　　　　　　　　　　　　　　　　　　　　　*fscarpulla@zelle.com*

　　　　　　　　　　　　　　　　　　　　　　Joseph M. Alioto (42680)
　　　　　　　　　　　　　　　　　　　　　　Theresa D. Moore (99978)
　　　　　　　　　　　　　　　　　　　　　　ALIOTO LAW FIRM
　　　　　　　　　　　　　　　　　　　　　　225 Bush Street, 16th Floor
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94104-1534
　　　　　　　　　　　　　　　　　　　　　　Telephone: (415) 434-8900
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 434-9200
　　　　　　　　　　　　　　　　　　　　　　*josephalioto@mac.com*

　　　　　　　　　　　　　　　　　　　　　　*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

3225501v2

9

IPPS' OPP'N TO DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT BASED ON FLORIDA STATUTE OF LIMITATIONS – CASE NO. 3:07-MD-1827 SI