United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-0058 SI |
| COSTCO WHOLESALE CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>  Defendants. | **ORDER GRANTING IN PART DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION** |

Now before the Court is defendants' joint motion to compel arbitration of the claims filed by Costco Wholesale Corporation ("Costco"). Having considered the arguments presented in the moving papers, the Court hereby GRANTS IN PART defendants' motion.

**BACKGROUND**

This case arises as part of a multidistrict litigation that involves allegations of a global price-fixing conspiracy in the market for liquid crystal display ("LCD") panels. On March 28, 2010, this Court certified a class of "All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a [Thin-Film Transistor]-LCD panel from any defendant or any subsidiary thereof, or any named affiliate or any named co-conspirator." Order Granting in Part and Denying in Part Direct Purchaser Plaintiffs' Motion for Class Certification, Master Docket No. 1641, at 34 (March 28, 2010). In late 2010, Costco opted out of the direct-purchaser class action and filed its own antitrust

action in the Western District of Washington. Its case was subsequently transferred to this Court by order of the Judicial Panel on Multidistrict Litigation and was deemed related to MDL No. 1827.

Costco's complaint alleges that defendants "conspired . . . for the purpose and effect of raising and maintaining prices and reducing capacity and output for Liquid Crystal Display (LCD) panels, and products containing such panels, sold to Costco and others." Compl. at ¶1. The complaint includes claims under the Sherman Act, 15 U.S.C. § 1, and the antitrust laws of Washington, California, Arizona, Illinois, and Florida. *Id.* at ¶¶179-208.

On July 25, 2011, defendants filed a joint motion to compel arbitration of all of Costco's claims. Defendants assert that Costco signed valid, enforceable arbitration agreements with all of its LCD product suppliers. Further, because "Costco alleges that interdependent and concerted conduct by all Defendants, acting as one, caused injury to Costco," defendants argue that Costco must arbitrate its claims against every defendant, including those with which it had no agreement to arbitrate. Motion at 11.

**LEGAL STANDARD**

Section 4 of the Federal Arbitration Act ("FAA") permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *Id.*

International commercial arbitration agreements involving a United States corporation are governed by Chapter 2 of the FAA, which codifies the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"). 9 U.S.C. § 206. A district court may compel arbitration not only in its own district but also in a foreign location if the proposed arbitration is governed by the Convention. *Id.* Arbitration agreements governed by the

New York Convention are also governed by Chapter 1 of the FAA to the extent that the FAA and the Convention are not in conflict. 9 U.S.C. § 208.

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). Federal courts are required to rigorously enforce agreements to arbitrate. *See Hall Street Assoc.*, 552 U.S. at 582. Courts are also directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). The federal policy favoring enforcement of arbitration agreements "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

The Ninth Circuit has held that, in determining whether to issue an order compelling arbitration under the New York Convention, the Court may not review the merits of the dispute but must limit its inquiry to determining whether:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Balen v. Holland America Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009) (citation omitted). "If these questions are answered in the affirmative, a court is required to order arbitration unless the court finds the agreement to be null and void, inoperative, or incapable of being performed." *Prograph Intern. Inc. v. Barhydt*, 928 F. Supp. 983, 988 (N.D. Cal. 1996) (citation omitted); *see also* 9 U.S.C. § 4.

The FAA provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, the strong presumption in favor of arbitration "does not confer a right to compel arbitration of any dispute at any time." *Volt*, 489 U.S. at 474. This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed

3

so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *see also McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825, 831 (2d Cir. 1988) (stating that the purpose of the FAA "was to make arbitration agreements as enforceable as other contracts, but not more so" (internal quotation marks omitted)). Additional grounds for declining to enforce an arbitration agreement include unconscionability and party waiver. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010) (unconscionability); *Moses*, 460 U.S. at 24-25 (waiver).

## DISCUSSION

Defendants' motion is based upon Costco's "Basic Vendor Agreement," which Costco typically asks all of its vendors to sign. McAhren Decl., Exh. A at 85-86. The vendor agreement incorporates by reference Costco's "Standard Terms," which contain the following arbitration provision:

> **DISPUTES AND ARBITRATION.** All claims and disputes that (1) are between Vendor and Costco Wholesale or either's subsidiaries, parents, affiliates, officers, directors and/or employees, and (2) arise out of or relate to the Agreement Documents or their subject matter, interpretation, performance or enforcement, or any other agreement, transaction or occurrence between Vendor and Costco Wholesale . . . shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in English at Seattle, Washington . . . . Notwithstanding the above, Costco Wholesale or Vendor may bring court proceedings or claims against each other (I) solely as part of separate litigation commenced by an unrelated third party . . . .

Shavey Decl., Exh. G, at ¶20.

Although Costco typically entered into vendor agreements with its suppliers, defendants have produced vendor agreements for only two defendants: Samsung Electronics America, Inc. and Sharp Electronics Corp.[1] *See* Shavey Decl., ¶16; *see also* McAhren Decl., Exhs. B, C. Defendants have also produced agreements Costco had in place with non-defendants which are members of the Toshiba, Epson, and Philips/LG corporate families. *See* McAhren Decl., Exhs. D (vendor agreement with Toshiba America Consumer Products, Inc.), E (Toshiba Hawaii), F (Epson America), G (Philips Consumer Lifestyle). In addition, defendants have produced two agreements with other companies that

---

[1] The Sharp Vendor Agreement is not signed by Costco. Costco has not argued that this means the contract is invalid.

4

apparently sold LCD products to Costco, although their precise relationship with defendants is unclear. *Id.* at Exhs. H (vendor agreement with Mitsubishi Digital Electronics America, Inc.), I (Medion AG).

This Court previously addressed the scope of an arbitration clause similar to Costco's in the Nokia direct-purchaser action. *See* Order Granting AU Optronics Corporation's Motion to Compel Arbitration, Master Docket No. 3034, at 6-9 (July 6, 2011) ("Nokia Arbitration Order"). The arbitration clause in that case covered "any disputes related to" the purchasing agreement Nokia had with its suppliers. Given the clause's broad language, the Court found that Nokia's antitrust claims fell within the scope of the clause. *Id.* at 7 ("Under the Ninth Circuit's reasoning, the language 'related to' must be read broadly, to encompass any matter that touches the contractual relationship between the parties.").

Costco's arbitration clause is at least as broad as the clause at issue in the Nokia case, and subjects to arbitration any claim that "relates to" the vendor agreement Costco had in place with its suppliers. Accordingly, to the extent the arbitration clause applies to this case, Costco's state and federal antitrust claims are likewise subject to arbitration.

Costco does not dispute that its vendor agreements contain the above arbitration clause, nor does it dispute that the arbitration clause is broad enough to cover antitrust claims arising out of purchases made pursuant to its vendor agreements. Instead, Costco argues that the terms of the arbitration clause exclude this lawsuit from the clause's reach. Alternatively, Costco argues that defendants have waived their right to enforce the arbitration clause. In the event the Court finds the arbitration clause applicable here, Costco argues that the clause may only be enforced against those defendants which actually signed vendor agreements. Costco also requests that this Court declare the clause's bar to treble damages unenforceable. Finally, Costco objects to the defendants' request for a stay of these proceedings pending the outcome of arbitration. The Court considers each of these issues in turn.

5

## I. Applicability of Arbitration Clause

Costco first argues that the text of its arbitration clause explicitly exempts this case from its coverage. Costco points out that the arbitration clause allows Costco to "bring court proceedings . . . as part of separate litigation commenced by an unrelated third party." Shavey Decl., Exh. G, at ¶20. According to Costco, this provision recognizes that "the benefits of arbitration are largely lost" when "related litigation is not subject to arbitration." Opp'n at 5. Costco argues that the provision authorized its decision to opt out of the direct-purchaser class action and bring its own lawsuit.

The Court agrees with defendants that once Costco opted out of the class action,[2] its lawsuit was no longer "part of separate litigation" within the meaning of the arbitration clause. Even accepting Costco's description of the provision's purpose, the benefits of arbitration would not be "largely lost" in this instance. Costco's decision to opt out subjected defendants a new proceeding, separate from the class action, with new discovery deadlines and a trial that will take place in a new district. Even if Costco's lawsuit was "commenced by" the class action plaintiffs, it ceased being a "part of" that case when Costco opted out of the class. Accordingly, the Court finds that the arbitration clause covers Costco's claims.

## II. Waiver

Costco next argues that defendants have waived their right to arbitrate by waiting to raise the issue until eight months after Costco filed its complaint. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

Costco argues that defendants have waived their right to arbitrate by filing a motion to dismiss the direct-purchaser class, filing a motion to dismiss Costco's individual complaint, stipulating to an

---

[2]The Court expresses no opinion on the question whether Costco's claims would have been subject to arbitration had it stayed in the class action.

6

extension of the deadlines applicable to proceedings in this MDL, and seeking "extensive discovery" from Costco. It asserts that it has been prejudiced by agreeing "to share tasks, costs, and work product with other direct action plaintiffs," which resulted in its investing "hundreds of hours and hundreds of thousands of dollars in these efforts." Opp'n at 10.

The Court finds that defendants have not waived their right to arbitrate. None of the actions Costco has identified is wholly inconsistent with defendants' right to arbitrate. Although defendants sought preliminary discovery from Costco, they limited that discovery to matters involving the arbitrability of Costco's claims once the issue of arbitration arose. *Cf.* Moore Decl., ¶¶6-7. Nor is the fact that defendants filed motions to dismiss inconsistent with their right to arbitrate. This Court has already indicated that seeking to compel arbitration would have difficult before the direct purchaser class was finalized. *See* Order, Master Docket No. 2731, at 6 (May 9, 2011). Further, although defendants filed a motion to dismiss in this case, that motion expressly noted their desire to seek arbitration. *See* Defendants Joint Motion to Dismiss Complaint, Master Docket No. 2808, at 7 n.1 (May 24, 2011); *cf.* Nokia Arbitration Order at 11 ("One of the few actions that can clearly be treated as representing AUO's intent is AUO's answer to Nokia's amended complaint," which reserved AUO's right to compel arbitration). And defendants filed their motion to compel arbitration within the time negotiated by the parties for defendants to respond to Costco's complaint. *See* Stipulation and Order Regarding Service and Scheduling, Master Docket No. 2763, at ¶2 (May 13, 2011).

The Court also finds that Costco will not be prejudiced by proceeding to arbitration after having engaged in limited substantive engagement with this case. Although Costco may have incurred expenses in connection with the prosecution of its case, Costco would have incurred those expenses regardless of the arbitration demand. *See* Nokia Arbitration Order at 12 ("[E]ven had AUO moved to compel arbitration immediately after Nokia filed its complaint, Nokia would likely still have been required to answer the motion to dismiss, comply with discovery requests, and otherwise engage in this litigation."). Accordingly, the Court finds that defendants did not waive their right to seek arbitration.

7

### III. Reach of the Arbitration Clause

The parties also dispute the reach of Costco's arbitration clause. Arbitration is clearly required between Costco and defendants Samsung Electronics America, Inc. and Sharp Electronics Corp., both of which signed vendor agreements with Costco. Defendants, however, claim that Costco must arbitrate all of its claims against all defendants, even its claims against those defendants with which Costco signed no arbitration agreement. Defendants argue that arbitration is required because "Costco alleges that interdependent and concerted conduct by all Defendants, acting as one, caused injury to Costco for its purchases under all of it LCD Vendor Agreements." Motion at 11.

To begin with, the Court rejects defendants' argument that all of Costco's claims must be arbitrated. Forcing Costco to arbitrate because defendants entered into a complex, interdependent conspiracy would not only exceed the scope of Costco's arbitration clause, it would also impede the enforceability of the antitrust laws. To rule otherwise would allow defendants to bootstrap their way into arbitration based on nothing more than the very conduct which constituted a violation of the antitrust laws in the first place. *See Ross v. American Exp. Co.*, 547 F.3d 137, 148 (2d Cir. 2008) ("[I]t would be wrong to suggest that a claim against a co-conspirator of a party alleged to have engaged in antitrust violations will always be intertwined to a degree sufficient to work an estoppel." (internal quotation marks omitted)). Further, the Court agrees with Costco that, given that the defendants belong to distinct corporate families, there has been no showing that Costco intended to arbitrate disputes with all defendants at the time it signed its vendor agreements. *See id.* at 146 ("[T]he further necessary circumstance of some relation between Amex and the plaintiffs sufficient to demonstrate that the plaintiffs intended to arbitrate this dispute with Amex is utterly lacking here.").

Although it rejects defendants' argument that all of Costco's claims must be arbitrated, the Court agrees with defendants that Costco must arbitrate its claims against those defendants whose affiliates have arbitration agreements with Costco. The arbitration clause, by its own terms, requires arbitration of any claim against a signatory or its "subsidiaries, parents, affiliates, officers, directors and/or employees." Shavey Decl., Exh. G, ¶20. This is consistent with the general rule that "[w]hen the

8

charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." *Fujian Pacific Elec. Co. Ltd. v. Bechtel Power Corp.*, 2004 WL 2645974, at *6 (N.D. Cal., Nov. 19, 2004) (quoting *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A*, 863 F.2d 315, 321-22 (4th Cir.1988)); *see also id.* ("Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."); *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009) (stating that a nonsignatory may enforce an arbitration clause where there is a "close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and . . . the claims [are] intertwined with the underlying contractual obligations").

Accordingly, the Court GRANTS defendants' motion to compel arbitration as to defendants Samsung Electronics America, Inc. and Sharp Electronics Corp. It also GRANTS defendants' motion to the extent Costco's claims against the Toshiba, Epson, and Philips/LG corporate families stem from purchases made pursuant to the vendor agreements Costco had with Toshiba America Consumer Products, Inc., Toshiba Hawaii, Epson America, and Philips Consumer Lifestyle.[3] The Court DENIES the remainder of defendants' motion to compel.

### IV. Enforceability of Bar to Treble Damages

The 2004 arbitration clause forbids awards of "punitive, exemplary, treble, or other enhanced damages." Shavey Decl., Exh. G, at ¶20. Because this Court has determined that Costco must arbitrate

---

[3] Costco's obligation to arbitrate these claims, however, only extends as far as its obligation to arbitrate the claims against the signatory to the vendor agreement. Thus, to the extent the vendor agreements did not relate to sales of LCD products, Costco cannot be forced to arbitrate the claims at issue in this lawsuit. For example, defendants have produced vendor agreements that Costco had in place with Philips Consumer Lifestyle and Epson America. Costco claims that neither of these entities sells LCD products. Shavey Decl., ¶19 (stating that Philips Consumer Lifestyle "sells personal care products, such as shavers under the Norelco brand and toothbrushes under the Sonicare brand"); *id.* (stating that Epson America "appears to sell printers, scanners, projectors, and related products"). If Costco is correct that no LCD products were purchased pursuant to those vendor agreements, then their arbitration clauses would obviously not have any application in this proceeding.

9

its claims against some defendants, Costco requests that the Court declare the arbitration agreement's bar to treble damages unenforceable. Some courts have indicated that a party may not waive its right to treble damages in the antitrust context through a contractual limitation on recoverable damages. *See*, *e.g.*, *Kristian v. Comcast Corp.*, 446 F.3d 25, 47-48 (1st Cir. 2006) ("On the basis of these precedents, we conclude that the award of treble damages under the federal antitrust statutes cannot be waived."); *Mitsubishi Motors*, 473 U.S. at 637 n.19 (stating that if a contractual agreement had operated "as a prospective waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little hesitation in condemning the agreement as against public policy"). The Court agrees that the arbitration clause's limitation on treble damages is unenforceable. Accordingly, it GRANTS Costco's request and severs the treble damages limitation from the agreement. *See* Shavey Decl., Exh. G, at ¶20 (providing that "[t]he limitations on remedies . . . may be deemed inoperative to the extent necessary to preserve the enforceability of the agreement to arbitrate.").

### IV. Stay of Proceedings

Finally, defendants request that the Court stay these proceedings pending the outcome of arbitration. Given the scope of these MDL proceedings, however, and defendants' extensive involvement in the class and direct-purchaser actions, the Court finds that a stay will have little benefit. Accordingly, the Court DENIES this request. *See United States v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985) (holding that decision to stay proceedings is within district court's discretion).

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' joint motion to compel arbitration. To the extent it purchased LCD panels pursuant to vendor agreements, Costco must arbitrate its claims against the corporate affiliates of the signatories to those vendor agreements. The Court also GRANTS Costco's request to sever the limitation on treble

damages from the arbitration clause. Finally, the Court DENIES defendants' request for a stay of proceedings. Docket No. 31 in 11-0058; Docket No. 3183 in 07-1827.

**IT IS SO ORDERED.**

Dated: September 9, 2011

SUSAN ILLSTON
United States District Judge