United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-3517 SI |
| STATE OF FLORIDA,<br><br>    Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORP., *et al.*,<br><br>    Defendants. | **ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS THE STATE OF FLORIDA'S AMENDED COMPLAINT** |

Now before the Court is defendants' joint motion to dismiss the State of Florida's amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 16, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Florida filed this action on August 11, 2010, seeking to recover for an alleged price-fixing conspiracy in the market for thin-film transistor liquid-crystal display ("TFT-LCD") panels. On April 13, 2011, after this Court granted in part a motion to dismiss the complaint, Florida filed an amended complaint. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Master Docket No. 2585 (March 24, 2011); Amended Complaint, Master Docket No. 2652 (April 13, 2011).

Florida's amended complaint includes a number of claims that were assigned to it by technology vendors that do business with the state ("assignors"). According to the amended complaint:

> The State of Florida, Department of Management Services, Procurement Division ("DMS"), requires vendors contracting through DMS for provision of products and/or services to Florida agencies, political subdivisions, universities, and community colleges to assign claims those vendors may accrue relating to violations of federal and/or state antitrust laws to the State of Florida when the claims relate to purchases by Florida governmental entities.

Amended Compl., ¶107. Thus, Florida's amended complaint includes claims under federal and state antitrust laws that were assigned to it by twelve "retailers or makers of TFT-LCD Products purchased and then resold to Florida governmental entities." *Id.* at ¶112.

On May 20, 2011, defendants filed a joint motion to dismiss all claims that Florida brings "as the purported assignee of the claims of certain direct purchasers" of TFT-LCD products. Motion at 1. Defendants' motion to dismiss is based upon the sales contracts that they had in place with the assignors at the time the assignors purchased LCD products from defendants. Defendants claim that these sales contracts contain non-assignment and forum-selection clauses that require dismissal of the assigned claims. Defendants also claim that Florida must be compelled to arbitrate where the sales contracts contain arbitration clauses.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court is ordinarily limited to the pleadings when evaluating a motion to dismiss, a court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908.

A motion to dismiss pursuant to a forum-selection clause is properly addressed under Federal Rule of Civil Procedure 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In resolving a motion to dismiss based on a forum-selection clause, "the pleadings need not be accepted as true . . . and the court may consider facts outside of the pleadings. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). A court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party . . . ." *Id.* at 1138.

"When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard of Fed. R. Civ. P. 56." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004). Federal courts are required to rigorously enforce agreements to arbitrate. *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Courts are also directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). The federal policy favoring enforcement of arbitration agreements "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). However, the strong presumption in favor of arbitration "does not confer a right to compel arbitration of any dispute at any time." *Volt*, 489 U.S. at 474. This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *see also McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825, 831 (2d Cir. 1988) (stating that the purpose of the Federal Arbitration Act "was to make arbitration agreements as enforceable as other contracts, but not more so" (internal quotation marks omitted)).

## DISCUSSION

As noted above, defendants' motion to dismiss Florida's amended complaint is based upon anti-assignment and forum-selection clauses contained in contracts they executed with the technology vendors that assigned claims to Florida. Likewise, defendants' request that this Court compel arbitration is based upon arbitration clauses in those same contracts.

3

Defendants have requested that this Court take judicial notice of twenty agreements that they claim contain these anti-assignment, forum-selection, and arbitration clauses. Florida objects to this request, asserting that judicial notice would be inappropriate at this stage of the proceedings. The Court need not address this issue; even assuming the contracts are properly subject to judicial notice, the Court finds that defendants' motion should be denied.

## I.     Anti-Assignment Clauses

Defendants first argue that Florida's assigned claims must be dismissed because of anti-assignment clauses that existed in the sales contracts between the assignors and defendants. Defendants point to seventeen contracts that contain anti-assignment clauses. They contend that these clauses forbade the technology vendors from assigning their antitrust claims to Florida. *See* Motion at Annex A.

The applicability of an anti-assignment clause must be judged according to the language of the clause. "Unless the circumstances indicate the contrary, a contract term prohibiting assignment of 'the contract' bars only the delegation to an assignee of the performance by the assignor of a duty or condition." Restatement of Contracts (Second) § 322 (1981). In *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan*, the Eight Circuit found that where a health benefits plan prohibited the assignment of "rights and benefits" under the plan, the anti-assignment provision "did not prohibit assignment of causes of action arising after the denial of benefits." *Lutheran Medical Ctr. v. Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan*, 25 F.3d 616, 619 (8th Cir. 1994), *abrogated on other grounds*, *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F3d 966 (2002) (*en banc*).

The language of the anti-assignment clauses defendants have identified brings the provisions under this general rule, as each clause is limited to the parties' rights and obligations under the contract. For example, the broadest anti-assignment clause defendants have produced states that "[n]o right, interest, privilege, or obligation of this Agreement shall be assigned . . . ." Declaration of Kristie A.

4

Bluett in Support of Joint Motion to Dismiss Amended Complaint ("Bluett Decl."), Exh. 2 at § 32.[1] The Court agrees with Florida that this clause only prohibits assignment of rights and duties created by the agreement itself. Litigation over antitrust claims cannot be seen as an "interest in," or "right or duty" contemplated by, the contract. Because defendants have not shown "circumstances [that] indicate" that the parties intended the anti-assignment provisions to cover more than the rights and obligations set forth in the sales contracts, the anti-assignment clauses cannot be a basis for dismissing any of the State's assigned claims.

## II.     Forum Selection Clauses

Defendants also claim that Florida's assigned claims must be dismissed because of forum-selection clauses in the sales contracts. In response, Florida argues that the provisions defendants have identified are permissive forum-selection clauses, which permit suit in a particular forum but do not create a mandatory, exclusive forum in which a party must bring suit. For example, one contract's

---

[1] The remaining anti-assignment clauses are likewise limited to duties and obligations that are created by their agreements. *See* Declaration of Sandra West in Support of Defendants' Joint Motion to Dismiss Amended Complaint ("West Decl."), Exh 1, § 18.9 ("This Agreement may not be assigned by either party hereto in whole or in part . . . ."); West Decl., Exh. 2, § 13.10 ("Neither party may assign or delegate its rights or obligations under the Agreement . . . ."); West Decl. Exh. 3, § 21 ("[Chi Mei Optoelectronics Corp.] may not assign this Agreement or any of its rights or obligations under this Agreement . . . ."); Declaration of Lee F. Berger in Support of Joint Motion to Dismiss Amended Complaint ("Berger Decl."), Exh. 1, § 17.9 ("This Agreement may not be assigned by either party in whole or in part . . . ."); Berger Decl., Exh. 2, § 13.10 ( "Neither party may assign or delegate its rights or obligations under the agreement . . . ."); Berger Decl., Exh. 3, § 23.4 ("No right, license, privilege or obligation provided in the Agreement or in any Order may be assigned . . . ."); Berger Decl., Exh. 4, § 14.2 ("Neither party will assign their rights or delegate or subcontract their duties under this Agreement to third parties . . . ."); Declaration of Elizabeth C. Arens in Support of Joint Motion to Dismiss Amended Complaint ("Arens Decl."), Exh. A, § 12.7 ("[With limited exceptions not applicable here,] no Party may assign or delegate its rights and obligations under this Agreement . . . ."); Arens Decl., Exh. B at 2 ("Neither party shall have the right to assign his rights or obligations under this LTA . . . ."); Arens Decl., Exh C, § 8.6 ("Neither party may assign, delegate or substitute (by operation of law or otherwise) this Agreement or any of its rights or obligations hereunder . . . ."); Arens Decl., Exh. D, § 4.4 ("This [long-term agreement] . . . may not be assigned, in whole or in part, by either party."); Declaration of Lindsay A. Lutz in Support of Joint Motion to Dismiss Amended Complaint ("Lutz Decl."), Exh. 1, § 6 ("Neither Party shall have the right to assign to any third party its rights or obligations under this LTA . . . ."); Lutz Decl., Exh. 2, § 34.1 ("This Agreement may not be assigned by either party . . . ."); Lutz Decl., Exh. 3, § 18.8 ("This agreement may not be assigned by either party in whole or in part . . . ."); Declaration of Kristen J. McAhren in Support of Joint Motion to Dismiss Amended Complaint ("McAhren Decl."), Exh. 1, § 15.8 ("Neither party may assign, delegate or substitute (by operation of law or otherwise) this Agreement or any of its rights or obligations hereunder . . . .").

5

forum selection clause reads:

> This Agreement will be governed and construed in accordance with the laws of the State of New York, U.S.A, exclusive of any provisions of the United Nations Convention on the International Sale of Goods and without regard to its principles of conflicts of law. Each party hereby irrevocably submits to the jurisdiction of the federal and state courts of the State of New York U.S.A. and hereby agrees that any such court shall be a proper forum for the determination of any dispute arising hereunder.

West Decl., Exh. 1, § 18.10. Many of the other forum-selection provisions are substantially identical to this passage.

Defendants do not dispute that the majority of the clauses they rely on are permissive. They identify two clauses, however, that they contend contain mandatory language. The first clause states that "[a]ny Litigation regarding the interpretation, breach or enforcement of this LTA will be filed and heard by the U.S. Federal Court in Texas." Lutz Decl., Exh. 1, § 22. On its face, however, this provision only applies to actions "regarding the interpretation, breach or enforcement" of the contract. Florida's antitrust action does not fall into this category. Accordingly, the forum-selection clause does not apply to its lawsuit.

Although it is a closer question, the same is true for the other provision defendants have identified. That provision provides: "The parties agree that the State and Federal courts of Travis County, Texas, USA are the appropriate forum for the determination of any dispute arising hereunder." Lutz Decl., Exh. 2, § 34.7. Defendants argue that the use of the "definite article" renders this provision mandatory. Reply at 7.

The Court does not agree. "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Here, the forum-selection clause uses the word "appropriate" and does not contain any language indicating an intent to establish an exclusive forum. Indeed, the language is a far cry from that courts have found to be mandatory. *See*, *e.g.*, *Muzumdar v. Wellness Intern. Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006) ("Jurisdiction and venue over any disputes arising out of this agreement *shall be proper only in* the federal or state courts of in Dallas County, Texas." (emphasis added)); *cf. Watson v. John K. Burch Co.*, 2003 WL 21145744, at *3 (N.D.

6

1 Tex., May 14, 2003) (finding clause permissive despite the "obligatory nature" of the provision that read
2 "[a]ll lawsuits will be handled in the State of Michigan").

3 Accordingly, the Court finds that the forum-selection clauses are not grounds for dismissal of
4 Florida's assigned claims.

## III.   Arbitration

Finally, defendants argue that Florida must be compelled to arbitrate some of the assigned claims based upon an arbitration clause found in one contract. The Court, however, finds that defendants have not met their burden of establishing the existence of a valid agreement to arbitrate that governs this dispute. *See Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 599 (N.D. Cal. 2007) ("A party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement by a preponderance of the evidence."). The contract defendants have provided was executed between "Lenovo Information Products (Shenzhen) Co., Ltd. and AU Optronic Corporation." Declaration of Christopher A. Nedeau in Support of Joint Motion to Dismiss Amended Complaint, Exh. 1 at 1. It does not appear to be a contract that applies to any sales of goods. Rather, the contract is titled "Web Order Invoice Agreement" and appears to govern the use of Lenovo's "standard web order invoice Services." *See id.*, Exh. 1 at 1 ("The 'Services' are a web based service that permit the Buyer and You to exchange business data and other binding purchase and sale obligations."). Defendants have made no attempt to demonstrate how this contract applies to Florida's suit. Indeed, defendants cannot even provide a convincing account of the contract's origin. *Id.* ¶2 ("[The contract] was provided to my firm by an employee of AUO, and on that basis I believe that it is a true and correct copy."). Given that Florida is not a party to the contract at issue, the Court will not compel arbitration based upon such a scant showing. Accordingly, the Court DENIES defendants' motion to the extent it seeks to compel arbitration.

///

7

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court DENIES defendants' joint motion to dismiss the State of Florida's amended complaint. Docket Nos. 2794 and 2919 in 07-1827; Docket No. 39 in 10-3517.

**IT IS SO ORDERED.**

Dated: September 15, 2011

SUSAN ILLSTON
United States District Judge