IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-5625 SI |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>        Defendants.<br>_____/ | **ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

Now before the Court is defendants' joint motion to dismiss plaintiff's second amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 16, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiff Alfred H. Siegel, Trustee of the Circuit City Stores Liquidating Trust ("Circuit City"), filed this action on December 10, 2010, seeking to recover for a "long-running and largely-admitted conspiracy among suppliers of liquid crystal display panels ('LCD Panels') and related products ('LCD Products')." Compl., ¶1. On July 7, 2011, plaintiff filed a second amended complaint ("SAC"), which

included antitrust claims under the Sherman Act, California's Cartwright Act, and the Illinois Antitrust Act, as well as a claim under California's consumer protection and unfair competition laws, and a claim for restitution and unjust enrichment under California law. SAC at ¶¶254-89. The SAC names as defendants entities from ten corporate families: AU Optronics[1]; Chi Mei[2]; Chunghwa Pictures Tubes[3]; Epson[4]; Hannstar[5]; LG[6]; Samsung[7]; Sharp[8]; Toshiba[9]; and Hitachi[10]. SAC at ¶¶15-58.

On August 8, 2011, defendants filed a joint motion to dismiss Circuit City's SAC. Defendants claim that the SAC fails to adequately plead the involvement of each defendant in the price-fixing conspiracy. Defendants also argue that plaintiff's claim for unjust enrichment must be dismissed because a stand-alone claim for unjust enrichment does not exist under California law.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff

---

[1] AU Optronics Corporation and AU Optronics Corporation America.

[2] Chi Mei Corporation, Chimei Innolux Corporation, Chi Mei Optoelectronics USA, Inc., CMO Japan Co. Ltd., Nexgen Mediatech, Inc., and Nexgen Mediatech USA, Inc.

[3] Chunghwa Pictures Tubes Ltd. and Tatung Company of America, Inc.

[4] Epson Imaging Devices Corporation and Epson Electronics America, Inc.

[5] Hannstar Display Corporation.

[6] LG Display Co. Ltd. and LG Display America, Inc.

[7] Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc.

[8] Sharp Corporation and Sharp Electronics Corporation.

[9] Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba Mobile Display Co., Ltd, and Toshiba America Information Systems, Inc.

[10] Hitachi, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc.

to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

As mentioned above, defendants' motion challenges only two aspects of Circuit City's complaint: (1) Circuit City's use of "group pleading"; and (2) Circuit City's cause of action for restitution and unjust enrichment under California law.[11]

**I.     Adequacy of Pleading**

Defendants first assert that Circuit City's SAC fails to assert "a plausible set of factual allegations to show that the plaintiff is entitled to relief against each named defendant," as required by *Iqbal* and *Twombly*. Motion at 3-4. Defendants argue that the SAC "invokes only sweeping allegations and group pleadings to support its claims against *twenty-seven* separate and independent entities, often lumping them together as one undifferentiated mass and making it impossible to determine which named defendant allegedly participated in what alleged conduct." Motion at 4.

As defendants' recognize in their reply brief, *see* Reply at 1, this Court's recent orders in other "direct-action" cases in this MDL have addressed the argument defendants raise. *See* Order Granting in Part Defendants' Joint Motion to Dismiss Kodak's First Amended Complaint, Master Docket

---

[11]Defendants also move to dismiss Circuit City's complaint to the extent it includes any indirect-purchaser claims for damages under federal law. Circuit City's complaint, however, indicates that it brings only direct-purchaser claims under federal law, and Circuit City's opposition brief reiterates that it does not bring indirect-purchaser claims under the Sherman Act. SAC at ¶260.

3

1 No. 3346 (August 23, 2011) (Eastman Kodak direct-action case); Order Granting in Part Defendants'
2 Motion to Dismiss, Master Docket No. 3359 (August 24, 2011) (Best Buy); Order Granting in Part
3 Defendants' Joint Motion to Dismiss Target's First Amended Complaint, Master Docket No. 3362
4 (August 24, 2011) (Target); Order Granting in Part Defendants' Joint Motion to Dismiss Complaint,
5 Master Docket No. 3396 (August 29, 2011) (Costco). The Court has found that the direct-action
6 plaintiffs' complaints – all of which are highly similar – contain adequate factual allegations to state a
7 claim against defendants, despite their use of "group pleading."

8 Defendants emphasize that the SAC does not "specifically plead how each individual defendant
9 joined the alleged price-fixing conspiracy." Reply at 2 (citing *In re TFT-LCD (Flat Panel) Antitrust*
10 *Litig.*, 2010 U.S. Dist LEXIS 64930, at *23-24 (N.D. Cal., June 29, 2010)). The Court, however, finds
11 that the SAC includes ample detail about defendants' involvement in the conspiracy. The SAC contains
12 a detailed description of the meetings that were held in furtherance of the price-fixing conspiracy, as
13 well as a description of actions taken in furtherance of the conspiracy by defendants' American
14 subsidiaries. *See* SAC at ¶¶74-93, 228-37. Further, it alleges that the conspiracy was implemented at
15 the highest level of the corporation and that "individual participants entered into agreements on behalf
16 of, and reported these meetings and discussions to, their respective corporate families." SAC at ¶197;
17 *In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d at 1184-85. These allegations are more
18 than sufficient to inform defendants of their link to plaintiff's case. More detailed "defendant by
19 defendant" pleading is not required.

20 The Court finds that Circuit City's SAC includes a plausible set of factual allegations that are
21 sufficient to give each defendant notice of the charges against it. Accordingly, it DENIES defendants'
22 motion to dismiss based on Circuit City's use of group pleading.

23

24 **II.    Unjust Enrichment**

25 Defendants also claim that Circuit City may not bring a stand-alone claim for unjust enrichment
26 under California law. Both parties agree that California courts are split on the question whether unjust
27 enrichment is a viable cause of action under California law. *See*, *e.g.*, *Fammilop v. Wells Fargo Bank,*
28 *N.A.*, 2011 WL 61614, at *4 (C.D. Cal., Jan. 4, 2011) ("California courts appear to be split on whether

unjust enrichment can be an independent claim or merely an equitable remedy." (internal quotation marks omitted)).

Although perhaps not technically an action for "unjust enrichment," the Court finds that plaintiffs' allegations are sufficient to state a claim under California law. Many of the courts that have rejected "unjust enrichment" claims have nonetheless indicated that the claims could proceed under a different title. *See*, *e.g.*, *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 675-76 (2011) (stating that "[t]here is no freestanding cause of action for 'restitution' in California," but indicating that "a typical cause of action involving such remedy is 'quasi-contract'"); *see also Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (allowing cause of action to proceed because "[a]lthough their Eighth cause of action is entitled 'unjust enrichment' it is clear that plaintiffs are seeking restitution"); *Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759, at *17 n.7 (N.D. Cal., Jan. 3, 2011) ("The Court notes that even if there is disagreement as to whether there is a claim for 'restitution,' the disagreement turns in large part on the label that is attached to the claim on which restitution is sought; while some courts refer to claims for 'restitution,' others label these claims according to the underlying theory attached to the claim."); *Keilholtz v. Superior Fireplace Co.*, 2009 WL 839076, at *5 (N.D. Cal., March 30, 2009) ("Whether Plaintiffs' unjust enrichment cause of action is construed as a claim for restitution as in the *McBride* case or is considered to be an independent cause of action as in the *Lectrodryer* and *First Nationwide* cases, the allegations are sufficient to state a claim under California law."); *see also McBride v. Boughton*, 123 Cal. App. 4th 379, 387-90 (2004) (recognizing that "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another" but affirming dismissal of unjust enrichment claim based upon public policy implications)*; Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) (equating unjust enrichment with restitution, but concluding that cause of action for restitution was barred because the plaintiff had breached its fiduciary duties).

In contrast to the above, many of the cases defendants rely on involved plaintiffs that had failed to plead any cognizable claim for relief whatsoever. *See Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1307 ("There being no actionable wrong, there is no basis for the relief [of an unjust enrichment or restitution claim]."); *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010)

(dismissing unjust enrichment claim and dismissing complaint with prejudice); *see also Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010) (affirming dismissal of unjust enrichment claim after dismissal of other causes of action because the plaintiffs "have not demonstrated any basis on which they would be entitled to restitution pursuant to a theory of unjust enrichment").

In this case, plaintiffs have invoked a valid theory of recovery. In such circumstances, courts have generally allowed claims for "unjust enrichment" to proceed, regardless of the precise label assigned to the cause of action. Accordingly, the Court DENIES defendants' motion to dismiss Circuit City's unjust enrichment claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES defendants' motion to dismiss Circuit City's second amended complaint. Docket No. 3238 in 07-1827; Docket No. 48 in 10-5625.

**IT IS SO ORDERED.**

Dated: September 15, 2011

SUSAN ILLSTON
United States District Judge