IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br>_____/ | **ORDER DENYING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF BENJAMIN LARRY LUBER'S CLAIMS** |

Now before the Court is defendants' joint motion for summary judgment on plaintiff Benjamin Larry Luber's claims. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 16, 2011. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

This antitrust class action stems from allegations of a global price-fixing conspiracy in the market for thin-film transistor liquid-crystal display ("TFT-LCD") panels. On April 29, 2011, the indirect-purchaser plaintiffs filed a Third Consolidated Amended Complaint ("TAC") adding, among other things, a putative Missouri indirect-purchaser class. TAC at ¶251. The TAC also includes a new claim under the Missouri Merchandising Practices Act ("MMPA") and a common-law unjust enrichment claim under Missouri law. *Id.* at ¶¶278, 307. It names Benjamin Larry Luber as the proposed class representative of the putative class. *Id.* at ¶¶38, 307.

Defendants now move for summary judgment on Mr. Luber's claims, claiming that he cannot

establish that he suffered an "ascertainable loss" within the meaning of the MMPA. Defendants also argue that Mr. Luber cannot prove his unjust enrichment claim.

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

**DISCUSSION**

As mentioned above, defendants move for summary judgment both on Mr. Luber's claim under the MMPA and on his unjust enrichment claim under Missouri law.

**I.   MMPA Claim**

The MMPA provides that:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages.

Mo. Rev. Stat. § 407.025.1. Defendants seek summary judgment on Mr. Luber's MMPA claims based on their assertion that he cannot establish that he suffered an "ascertainable loss."

Defendants assert that Mr. Luber cannot satisfy the "ascertainable loss" requirement because he does not recall precisely how much he paid for the two Sony Vaio laptops that form the basis for his indirect-purchaser claim. *See* TAC at ¶38 (alleging that Mr. Luber purchased two Sony Vaio laptops). Instead, according to Mr. Luber's discovery responses, Mr. Luber estimates that he paid somewhere between $2,100 and $2,300 for one laptop and between $2,600 and $2,800 for another. *See* Declaration of Lee F. Berger in Support of Defendants' Joint Motion for Summary Judgment on Plaintiff Benjamin Larry Luber's Claims ("Berger Decl."), Exh. A at 3-4 (stating that Mr. Luber paid "Appx. $2200" and "Appx. $2600" for the two laptops); Berger Decl., Exh. B at 44 (testifying that he paid approximately $2200 for the first laptop, "plus or minus 50 to $100"); Berger Decl., Exh. B at 63 (testifying that he paid approximately $2600 for second laptop, but "[i]t could have been as much as $200" more). Mr. Luber also testified that he has no existing documentation of the purchases and that he does not recall precisely from whom he purchased the computers. *Id.*, Exh. B at 73-77. Defendants argue that, without a more exact measure of the purchase price of the laptops, Mr. Luber's damages are too speculative to constitute "ascertainable loss."

The Court disagrees with defendants. Contrary to defendants' representations, Missouri does not require an exacting proof of loss in order for a loss to be considered ascertainable. Rather, a plaintiff

must only establish that the product he purchased was "worth less than the product as represented." *Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 715 (Mo. App. 2009). Numerous courts have found the ascertainable loss requirement satisfied despite uncertain or difficult to quantify damages. *Id.* at 715 ("Here, because Plaintiffs alleged Vioxx was worth less than the product as represented, they stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule."); *Ford v. St. Louis Metro. Towing, L.C.*, 2010 U.S. Dist. LEXIS 14428, at *44-46 (E.D. Mo., Feb. 18, 2010) (stating that loss could be determined by looking to "the extent the amount paid by Plaintiffs exceeds a reasonable amount"). There is simply no requirement that a plaintiff be able to identify his damages with absolute certainty.

The cases defendants rely on are not to the contrary. Rather, they stand for the proposition that a plaintiff may not establish "ascertainable loss" where he claims speculative, non-pecuniary harm or where he alleges no out-of-pocket cost. For example, in *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046 (E.D. Mo. 2009), the plaintiff sued after a company's allegedly "inadequate security measures in relation to its computerized database system allowed unauthorized persons to gain access to confidential information of . . . members contained in the database, with such information including names, dates of birth, Social Security numbers, and prescription information." *Id.* at 1049. Plaintiff claimed that he had been placed "at an increased risk of becoming [a] victim[] of identity theft crimes, fraud, abuse, and extortion. . . . Plaintiff also claims that he and other members 'have spent (or will need to spend) considerable time and money to protect themselves' as a result of Express Scripts' conduct." *Id.* The court rejected this theory of damages:

> Plaintiff does not allege, however, that his loss was in relation to his purchase or lease of any merchandise. Nor does plaintiff plead an ascertainable loss of money or property which is recoverable under the MMPA. Inasmuch as plaintiff's MMPA claim fails to plead that plaintiff paid anything of value for the purchase or lease of merchandise, and further fails to plead an ascertainable loss of money or property by reason of any unlawful practice, Count V of plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

*Id.* at 1058; *see also id.* ("A claim of damages for time expended is not sufficiently definite or certain to support a monetary award for an 'ascertainable loss' under the MMPA"); *Ford v. St. Louis Metro. Towing, L.C.*, 2010 U.S. Dist. LEXIS 14428, at *47 (E.D. Mo., Feb. 18, 2010) (rejecting as unascertainable claim for damages based on "deprivation of the use and value of the vehicle, the delay

4

in 'any recovery' due Plaintiffs under the insurance policy, and Plaintiffs' 'loss of time, effort and earnings capacity, humiliation and emotional distress.'"); *Ziglin v. Players MH, L.P.*, 36 S.W.3d 786, 790 (Mo. App. 2001) ("One who attempts to purchase, but who never receives the goods or services nor pays anything of value cannot be said to have suffered damage by reason of any unlawful practice.").

Defendants' construction of the MMPA's "ascertainable loss" requirement would also frustrate the goals of the MMPA. "The act's fundamental purpose is the 'protection of consumers . . . .'" *Huch v. Charter Communications, Inc.*, 290 S.W.3d 721, 724 (Mo. 2009). Requiring a plaintiff to specify his losses with the precision defendants advocate would undoubtedly prevent numerous otherwise-deserving plaintiffs from recovering for a defendant's unlawful acts. *See also Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 131 (Mo. App. 2009) ("The MMPA is designed to preserve fundamental honesty, fair play and right dealings in public transactions [and] paints in broad strokes to prevent evasion thereof due to overly meticulous definitions." (internal quotation marks omitted)).

In any event, it does not appear that plaintiffs' theory of damages depends to a significant degree on the amount Mr. Luber paid for his laptops. Rather, it depends upon the amount by which defendants' conspiracy increased the price of the LCD panels used in his laptops, which plaintiffs claim was passed through to Mr. Luber. *See*, *e.g.*, Declaration of Janet S. Netz, Ph.D. in Support of Indirect-Purchaser Plaintiffs' Opposition to Defendants' Joint Motion for Summary Judgment on Plaintiff Benjamin Larry Luber's Claims, at 3-4 (calculating Mr. Luber's damages based upon "LCD panel sales data produced by Defendants").

Plaintiffs have easily demonstrated that a genuine issue of fact exists with respect to Mr. Luber's loss. Accordingly, the Court DENIES defendants' motion for summary judgment on this issue.

## II. Unjust Enrichment

Under Missouri law, "[t]he elements of unjust enrichment are: (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; [and] (3) that it would be unjust to allow the defendant to retain the benefit." *Executive Bd. of Missouri Baptist Convention v. Windermere Baptist Conference Center*, 280 S.W.3d 678, 697 (Mo. App. 2009). Defendants argue that Missouri law requires a plaintiff to show that he "directly" conferred a benefit

5

on defendants. *See Speaks Family Legacy Chapels, Inc. v. National Heritage Enterprises, Inc.*, 2009 WL 2391769, at *4 (W.D. Mo., August 3, 2009) ("[A] plaintiff must allege that a benefit was conferred on the defendant by that particular plaintiff."). They assert that, by definition, Mr. Luber cannot make this showing because he is part of the "indirect-purchaser" class.

Contrary to defendants' argument, courts have allowed unjust enrichment claims to go forward under Missouri law even without a showing that the plaintiff directly conferred a benefit upon the defendants. In *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 439-40 (E.D. Pa. 2010), the court allowed an unjust enrichment claim to proceed where the plaintiff alleged that the benefit was passed along "in the chain of commerce." *Id.* ("[Defendant] has not provided any clear authority that Missouri courts require that a benefit flow directly from the plaintiff to the defendant to state a claim for unjust enrichment."). The Court was convinced by the fact that the defendants would not have received any benefit absent the plaintiff's purchases. *See id.* at 440 (citing with approval *CCA Global Partners, Inc. v. Yates Carpet, Inc.*, 2006 WL 2883376, at *10 (E.D. Mo., Oct. 5, 2006).

The Court agrees with plaintiffs that defendants need not have received the benefit directly from Mr. Luber. Rather, Mr. Luber must only show that defendants received a benefit and it came at his expense. Accordingly, it DENIES defendants motion for summary judgment on Mr. Luber's unjust enrichment claim.

//
//
//
//
//
//
//

6

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for summary judgment on plaintiff Benjamin Larry Luber's claims. Docket No. 3048 in 07-1827.

**IT IS SO ORDERED.**

Dated: September 15, 2011

SUSAN ILLSTON
United States District Judge