IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br>/ | **ORDER DENYING DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON THE FLORIDA STATUTE OF LIMITATIONS** |

Now before the Court is defendants' joint motion for partial summary judgment based on the Florida statute of limitations. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 22, 2011. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

This antitrust class action stems from allegations of a global price-fixing conspiracy in the market for thin-film transistor liquid-crystal display ("TFT-LCD") panels. Plaintiffs, indirect purchasers of products containing TFT-LCD panels, bring a claim on behalf of Florida consumers who purchased TFT-LCD products between January 1, 1999, and December 31, 2006. Third Consolidated Amended Complaint ("TAC"), ¶¶250, 251(d). The sole claim plaintiffs assert under Florida law is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.* TAC at ¶304.

Defendants now move for partial summary judgment on plaintiffs' FDUTPA claim. They argue that the Florida statute of limitations bars any claims based on purchases made more than four years before December 12, 2006, the filing date of the first indirect-purchaser class action containing FDUTPA claims. *See Eliasoph v. LG Philips LCD Co., Ltd.*, No. 06-cv-7588 (N.D. Cal., Dec. 12, 2006).

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

**DISCUSSION**

The only issue presented by this motion is whether Florida courts recognize the doctrine of fraudulent concealment.[1] Fraudulent concealment, a species of equitable estoppel, is an equitable doctrine that can preclude a defendant from asserting a statute-of-limitations defense. It is applicable where a defendant takes steps to conceal his wrongful actions, thereby preventing a plaintiff from filing suit on time. *See generally Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (discussing fraudulent concealment under California law and federal common law). Plaintiffs' TAC invokes the doctrine of fraudulent concealment to avoid the statute of limitations, alleging that defendants took affirmative steps to conceal their price-fixing conspiracy from the public. *See* TAC at ¶¶260-69.

Defendants argue that Florida courts narrowly construe the doctrine of equitable estoppel and do not recognize fraudulent concealment as a means to avoid application of the statute of limitations. In support, defendants rely primarily on the federal district court decision in *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2011 WL 1833366 (S.D. Fla., May 13, 2011), a case involving a FDUTPA claim for unfair trade practices in connection with "allegedly defective fiber used to make ballistic fabric." *Id.* at *1. In determining that the FDUTPA claim was time-barred, the district court rejected the plaintiffs' attempt to rely on the doctrine of fraudulent concealment. *Id.* at *6. The court noted that "[e]quitable estoppel prevents a party from asserting the statute of limitations as a defense when his conduct has induced another into forbearing suit within the applicable limitations period." *Id.* (internal quotation marks omitted). The court held, however, that "equitable estoppel 'presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct.'" *Id.* (quoting *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 518 (Fla. App. 2003)). Because plaintiffs' invocation of fraudulent concealment necessarily meant that they were unaware of their cause of action, the court held that equitable estoppel was not applicable to their case. *Id.*; *see also*

---

[1] The parties agree that FDUTPA claims are subject to a four-year statute of limitations. *See* Fla. Stat. § 95.11(3)(f). The parties also appear to agree that neither the "delayed discovery doctrine" nor Florida's statutory tolling apply to plaintiffs' FDUTPA claim. *See Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000).

3

*Ryan*, 841 So. 2d at 518 ("[E]quitable estoppel arises where the parties recognize the basis for a suit, but the wrongdoer prevails upon the other to forego enforcing his or her right until the statutory time has lapsed."); *Ryan v. Lobo De Gonzalez*, 921 So.2d 572, 576 (Fla. 2005) (Cantero, J., dissenting from discharge of jurisdiction) ("Every case that has applied the [equitable estoppel] doctrine to avoid a statute of limitations defense involved plaintiffs who knew of their cause of action and were induced to forebear from filing suit.").

Defendants argue that this Court should follow *Point Blank* and hold that equitable estoppel does not help plaintiffs avoid the statute of limitations. The Court, however, does not agree that the doctrine of equitable estoppel in Florida is so narrow. While the Florida Supreme Court has never explicitly adopted the doctrine of fraudulent concealment, it has on a number of occasions expressed an expansive view of equitable estoppel consistent with the doctrine of fraudulent concealment.

For example, in *Major League Baseball v. Morsani*, 790 So.2d 1071 (Fla. 2001), the Florida Supreme Court engaged in a lengthy discussion of the difference between equitable estoppel and statutory tolling. Stating that "a main purpose of the statute of limitations is to protect defendants from unfair surprise and stale claims," the court explained that equitable estoppel operated to prevent a defendant from benefitting from a limitations defense where it bore responsibility for the late filing. *Id.* at 1078 ("Logic dictates that a defendant cannot be taken by surprise by the late filing of a suit when the defendant's own actions are responsible for the tardiness of the filing."). Thus, the court expressed the view that equitable estoppel applied wherever "one party lulls another party into a disadvantageous legal position." *Id.* at 1076; *see also id.* at 1077 ("Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct."); *id.* at 1079 ("[Equitable estoppel arises] from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice.").

Consistent with these principles, a number of lower Florida appellate courts have recognized the doctrine of fraudulent concealment. *See Berisford v. Jack Eckerd Corp.*, 667 So.2d 809, 811 (Fla. App. 1995) (reversing entry of summary judgment because "[m]aterial issues of fact remain to be resolved . . . as to the question of whether the pharmacy's actions amounted to fraudulent concealment"); *Vargas v. Glades General Hospital*, 566 So.2d 282, 285 (Fla. App. 1990) ("[Fraudulent concealment] is a

4

doctrine to prevent the court from participating in the fraud of the defendant."); *Nardone v. Reynolds*, 333 So.2d 25, 36 (Fla.1976), *modified on other grounds*, *Tanner v. Hartog*, 618 So.2d 177 (Fla.1993) ("[T]he statute of limitations will be tolled when it can be shown that fraud has been perpetrated on the injured party sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering his injury."). The Florida Supreme Court has also suggested that fraudulent concealment would be sufficient to estop application of the statute of limitations. *See Major League Baseball*, 790 So.2d at 1078 n.21 (citing with approval *Baptist Hospital of Miami, Inc. v. Carter*, 658 So.2d 560, 563 (Fla. App. 1995) ("It is well settled . . . as a general rule . . . that fraud or misrepresentation that misleads a claimant into a justified failure to assert his rights bars reliance on a statute of limitations.")); *see also Florida Dept. of Health and Rehabilitative Services v. S.A.P*, 835 So.2d 1091, 1098 (Fla. 2002) ("Equitable estoppel differs from other legal theories that may operate upon the statutes of limitation in that equitable estoppel presupposes an act of wrongdoing – such as fraud and concealment – that prejudices a party's case . . . .").

Finally, the Court agrees with plaintiffs that fraudulent concealment is a longstanding and widely recognized doctrine in the common law. Without a more explicit statement from the Florida legislature, the Court believes that Florida courts would be unwilling to discard the doctrine:

> The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.

*Florida Dept. of Health and Rehabilitative Services*, 835 So.2d at 1098 (quoting *Thornber v. City of Fort Walton Beach*, 568 So.2d 914, 918 (Fla. 1990)).

The Court is convinced that the Florida Supreme Court would recognize the doctrine of fraudulent concealment. Accordingly, defendants' motion for summary judgment is DENIED.

//
//
//

5

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for partial summary judgment based on the Florida statute of limitations. Docket No. 3365 in 07-1827.

**IT IS SO ORDERED.**

Dated: September 20, 2011

SUSAN ILLSTON
United States District Judge