United States District Court
For the Northern District of California

1-28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>Direct purchaser class action<br>and indirect purchaser class actions.<br><br>/ | **ORDER DENYING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT REGARDING PRODUCTION AND CAPACITY** |

On November 4, 2011, the Court held a hearing on defendants' motions for partial summary judgment regarding production and capacity in the indirect and direct purchaser class actions.

Defendants contend that the Court should grant partial summary judgment and find the absence of a conspiracy to restrict capacity and production because there is no evidence in the record of an agreement to restrict capacity and production, and because the evidence shows that capacity growth increased during the class period. Defendants assert that the Court should evaluate whether there was a conspiracy to limit production and capacity distinct from the question of whether there was a conspiracy to fix prices, and they contend that while there is evidence that defendants shared information about capacity and production, there is no evidence of an *agreement* to limit capacity and production.

In opposition to defendants' motions, the indirect and direct purchaser plaintiffs contend that defendants are improperly attempting to segregate plaintiffs' allegations of agreements to restrain production and capacity from the rest of the price-fixing conspiracy. Plaintiffs contend that they have submitted evidence sufficient for a reasonable finder of fact to conclude that the cartel conspired to stabilize prices of TFT-LCD panels, in part, by agreeing to restrict production and capacity.

The Court finds that there are numerous disputes of fact such that partial summary judgment is not appropriate. The Court agrees with plaintiffs that defendants are improperly attempting to carve the

alleged conspiracy into a number of mini-conspiracies. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("Plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each. The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.") (quotations and citation omitted). Plaintiffs' experts opine that an essential element of any cartel arrangement intended to increase prices is a reduction in quantities. Taken in the light most favorable to plaintiffs, the evidence shows that defendants routinely exchanged information concerning production and capacity in order to fix prices. To the extent that certain defendants, such as Toshiba, contend that there is no evidence that they in particular exchanged capacity and production information, those defendants are still liable for the actions taken by others in furtherance of the alleged conspiracy. *See Beltz Travel Serv., Inc. v. Int'l Air Transport Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980).

Defendants' reliance on *In re Citric Acid Litigation*, 191 F.3d 1090 (9th Cir. 1999), is unavailing. In *Citric Acid*, the Ninth Circuit affirmed summary judgment for Cargill where there was no direct evidence of Cargill's participation in a price-fixing conspiracy, and the circumstantial evidence did not allow an inference of illegal activity. Here, the record contains numerous guilty pleas by various defendants, as well as evidence that defendants exchanged production and capacity figures at Crystal Meetings, Vendor Parties, bilateral meetings, and via joint ventures as a means of balancing production capacity and stabilizing prices. Defendants dispute plaintiffs' characterization of this evidence, asserting that defendants made capacity and production decisions based upon independent judgments about demand conditions, and they contend that defendants' exchange of pricing, capacity and production information was permissible competitive behavior. Such disputes regarding the interpretation of evidence are not appropriate for resolution on summary judgment.

Accordingly, the Court DENIES defendants' motions for partial summary judgment. Docket Nos. 3440, 3576, & 3578.

**IT IS SO ORDERED.**

Dated: November 4, 2011

_____
SUSAN ILLSTON
United States District Judge

2