IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Direct- and Indirect-Purchaser Plaintiff Class Actions<br><br>/ | **ORDER DENYING TOSHIBA ENTITIES' MOTION FOR SUMMARY JUDGMENT** |

On November 4, 2011, the Court heard argument on the Toshiba[1] entities' motion for summary judgment. Toshiba's motion, filed against both the direct- and indirect-purchaser plaintiffs, claims that plaintiffs lack evidence to establish that it participated in the TFT-LCD conspiracy.

Arguing that is it "unique among the Defendants in this action," Toshiba emphasizes that it "ha[s] never applied for amnesty, pleaded guilty to criminal price-fixing or been charged with any wrongdoing in the United States or elsewhere." Motion at 1. Despite the fact that plaintiffs have pursued this lawsuit for five years and have benefitted from the cooperation of a number of settling defendants, Toshiba points out that plaintiffs have been unable produce evidence that it ever attended a crystal meeting, and have produced little direct evidence that Toshiba otherwise conspired with the other TFT-LCD manufacturers. Based largely upon *In re Citric Acid Litigation*, 995 F. Supp. 951 (N.D. Cal. 1998), *aff'd* 191 F.3d 1090 (9th Cir. 1999), Toshiba argues that the claims against it should not be allowed to go to trial.

This case, however, is a far cry from *Citric Acid*. Although there is no "smoking gun" linking

---

[1] Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.

Toshiba to the crystal meetings, there is ample evidence for a jury to find that Toshiba participated in the overarching conspiracy to fix prices of TFT-LCD panels. To begin with, unlike in *Citric Acid*, no conspirator in this case has unequivocally stated that Toshiba was not involved in the conspiracy. *Cf. Citric Acid*, 996 F. Supp. at 956 ("Most persuasive is the testimony of Hans Hartmann, . . . who pled guilty to being a member of the conspiracy [and] stated that no one from Cargill attended any of the meetings at which the conspirators allocated market share . . . and that he never received sales figures from Cargill."). In fact, quite the opposite is true: Samsung employees have testified that they had ongoing discussions with Toshiba representatives during which they agreed on prices of TFT-LCD panels. The Samsung employees testified that these conversations were "illegal" and included "information that . . . should not be shared among competitors."

The circumstantial evidence of Toshiba's participation in the overarching conspiracy is also significantly more compelling than the evidence in *Citric Acid*. Viewed in the light most favorable to plaintiffs, as is required on motions for summary judgment, there is ample evidence from which a jury could conclude that Toshiba was informed of the decisions reached at crystal meetings through bilateral communications with other TFT-LCD manufacturers. There is also sufficient evidence for a jury to find that Toshiba received pricing information from its competitors, shared its own pricing information, and was aware of its wrongdoing. Although Toshiba argues that its interactions with its competitors constituted nothing more than legitimate exchanges of information, such disputes regarding the interpretation of evidence are not appropriate for resolution on summary judgment.

Accordingly, the Court DENIES Toshiba's motion for summary judgment. Docket Nos. 3580, 3581.

**IT IS SO ORDERED.**

Dated: November 7, 2011

SUSAN ILLSTON
United States District Judge