IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

No. M 07-1827 SI

MDL. No. 1827

This Order Relates to:

All Indirect-Purchaser Plaintiff Class Actions

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO SOLE SOURCED PANELS**

/

On November 4, 2011, the Court held a hearing on defendants' motion for partial summary judgment as to sole sourced panels in the indirect purchaser class action.

Defendants contend that the Court should grant partial summary judgment as to those panels where "the defendant was the sole source of a particular panel, and therefore competing only with itself." Motion at 1. Defendants allege that LG Display was the only manufacturer that could supply these panels, most of which had in-plane switching technology ("IPS"). *Id.* at 3. In support of their motion, defendants submit the declarations of Chang Kim, senior manager and leader of TV market strategy at LG Display ("Kim Decl."), and Davis Lee, vice president of LG Display America and former employee of LG Display ("Lee Decl."). Kim claims that, to his knowledge, "LG Display did not enter any agreement with competitors regarding the price or supply of [sole sourced] panels" and that "no other competitor could produce the IPS panels LGD produced." Kim Decl. at 3. Lee makes similar claims that "[c]ertain IPS panels, in which LG Display incorporated unique and advanced technology, were often sole sourced from LG Display. . . . LG Display did not enter any agreements with

1 competitors regarding the price or supply of these panels." Lee Decl. at 2-3. Defendants argue that this
2 "undisputed evidence shows that each manufacturer acted unilaterally and independently in setting the
3 price of these sole-sourced panels" and thus that they are entitled to summary judgment. Motion at 1.

5 In opposition to defendants' motion, the indirect purchaser plaintiffs refer to depositions and
6 declarations which allegedly show that defendants "discussed sole-sourced LCD panels when they met
7 to fix prices for the LCD Panel market." Opp'n at 3. For example, plaintiffs note that panels with IPS
8 technology were mentioned at meetings between executives of Hannstar and LG on June 20 and October
9 2, 2002. *Id.* at 3-4 (citing Zahid Decl. Exh. 3, Dep. of Chang Suk Chung at 90-94, 123-126). Plaintiffs
10 also refer to an email dated December 11, 2002, showing that AU Optronics, Samsung and Chi Mei
11 discussed future prices for a Samsung panel with IPS technology, and a meeting report dated April 17,
12 2003, discussing AU Optronics' request for collaboration on products with IPS technology to LG. *Id.*
13 at 4 (citing Zahid Decl. Exhs. 17, 23). Plaintiffs also present evidence which allegedly suggests that
14 "the pricing of sole-sourced LCD Panels moved with the pricing in the rest of the market for LCD
15 panels"; plaintiffs refer to an HP executive's testimony that the price of panels purchased from Samsung
16 on a sole-sourced basis "was 'automatically calculated' from the price of the other LCD Panels." *Id.*
17 at 6-7 (citing Zahid Decl. Exh. 11, Dep. of Antoine Simonnet at 135-37).

18 In reply, defendants contend that the evidence referenced by plaintiff does not specifically refute
19 their evidence because "[n]one of the cited documents or deposition testimony refers to any agreement
20 reached among competitors with respect to any of the specified Sole Sourced Panels" and "none of the
21 cited testimony reflects that the parties reached an agreement to fix prices or to restrict output of single
22 Sole Sourced Panel." Reply at 3, 5.

23 The Court finds that there are numerous disputes of fact such that partial summary judgment as
24 to the sole sourced panels is not appropriate. First, plaintiffs' evidence points to conduct that is not "as
25 consistent with permissible competition as an illegal conspiracy" and could tend to prove that defendants
26 "had a conscious commitment to a common scheme designed to achieve an unlawful objective."
27 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Monsanto Co. v.*
28 *Spray-Rite Serv. Corp.*, 465 U.S. 752, 768 (1984). For example, evidence suggesting that defendants

fixed the price of some panels with IPS technology is inconsistent with permissible competition, and could support an inference that defendants included panels with IPS technology within the scope of their conspiracy. Second, plaintiffs' evidence suggests that a conspiracy that encompassed sole sourced panels is not unreasonable "in light of the competing inferences of independent action." *In re Citric Acid Litig*, 191 F.3d 1090, 1094 (9th Cir. 1999). For example, plaintiffs present evidence that the prices of panels purchased on a sole-sourced basis were "automatically calculated" from the price of the other LCD panels. This could lead to the inference that the price of LG's sole sourced panels moved with the pricing in the rest of the market for LCDs, as determined by the alleged conspiracy.

In sum, plaintiffs' evidence raises a genuine issue of material fact as to whether the sole sourced panels were within the scope of defendants' price-fixing conspiracy. Accordingly, the Court DENIES defendants' motion for partial summary judgment. Docket Nos. 3499, 3572.

**IT IS SO ORDERED.**

Dated: November 9, 2011

SUSAN ILLSTON
United States District Judge