1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | |
| This Order Relates To: | No. C 09-5840 SI |
| MOTOROLA MOBILITY, INC., | **ORDER DENYING SAMSUNG SDI'S MOTION TO DISMISS MOTOROLA'S SEVENTEENTH CLAIM FOR RELIEF** |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendants. | |
| _____/ | |

Now before the Court is the motion by Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "SDI") to dismiss Motorola Mobility, Inc.'s seventeenth claim for relief. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for November 18, 2011. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES SDI's motion.

Motorola's seventeenth claim for relief is a breach of contract claim against SDI. According to the Third Amended Complaint ("TAC"), SDI "entered into multiple contracts for the sale of LCD Panels and/or LCD Products" to Motorola. TAC at ¶321. SDI allegedly breached a term in these contracts that provided that SDI would "compl[y] with all applicable laws." _Id._ at ¶324.

The sole basis for SDI's motion is its assertion that Motorola's breach of contract claim is untimely. The parties agree that Motorola's breach of contract claim is governed by the Illinois Commercial Code, which establishes a four-year limitations period for breach of contract claims. _See_

**United States District Court**
For the Northern District of California

810 I.L.C.S. § 5/2-725(1) ("An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.").  SDI claims that Motorola's claims accrued on the date it delivered its LCD panels to Motorola.  *See* 810 I.L.C.S. § 5/2-725(2) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made . . . .").  By any account, this delivery occurred more than four years before the date Motorola first brought its claims against SDI.  *Cf.* TAC at ¶161 (alleging that Motorola first learned of the government's investigation into the conspiracy in November 2006).  Motorola argues that its claims were tolled by SDI's fraudulent concealment.  *See* 810 I.L.C.S. § 5/2-725(4) ("This Section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this Act becomes effective.").

Courts in Illinois have split on the question whether fraudulent concealment applies to breach of contract claims.  In *Best Bearings, Inc. v. Challenger Parts Rebuilders, Inc.*, 294 N.E.2d 118 (Ill. App. 1973), the Appellate Court of Illinois held that fraudulent concealment does not apply to breach of contract claims.  *Id.* at 406 ("We agree that the plaintiff's cause of action brought for breach of the sales contract under the Commercial Code was barred by the time provisions contained in Section 2-725.").  Some federal courts have followed this result.  *See Karpowicz v. GMC*, 1997 U.S. Dist. LEXIS 7478, at *15 (N.D. Ill., May 22, 1997) ("Even a claim of fraudulent concealment does not toll the statute of limitations, because the breach of warranty is deemed to occur at the time of delivery, regardless of the purchaser's knowledge."); *Dohra v. Alcon (Puerto Rico), Inc.*, 1994 U.S. Dist. LEXIS 10173, at *4 (N.D. Ill., July 25, 1994) ("Because Illinois courts have consistently declined to apply the discovery rule to the warranty statute of limitations, we hold that fraudulent concealment does not provide a tolling exception to that limitations period.").

Other courts, however, have recognized the doctrine of fraudulent concealment in the breach of contract context.  *See Clark v. Robert W. Baird Co., Inc.*, 142 F. Supp. 2d 1065, 1075-76 (N.D. Ill. 2001) ("Although the 'discovery rule' is not typically applied to straight breach of contract claims in Illinois, . . . Mr. Clark may avoid the application of the statute of limitations if he can show that the defendants fraudulently concealed his cause of action from him." (citation omitted)); *Continental Grain Co. v. Pullman Standard, Inc.*, 690 F.Supp. 628, 634 (N.D. Ill. 1988).

Given the Illinois Commercial Code's explicit statement that it does not "alter the law on tolling of the statute of limitations," the Court agrees that fraudulent concealment may serve to toll Motorola's breach of contract claim.  Further, the Court finds that Motorola's TAC adequately alleges that defendants fraudulently concealed the price-fixing conspiracy.  Motorola therefore had five years from November 2006 to file suit.  *See* 735 I.L.C.S. 5/13-215 ("If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.").  Accepting Motorola's allegations as true, its claims against SDI are timely.

Accordingly, the Court hereby DENIES SDI's motion to dismiss Motorola's seventeenth cause of action.  Docket No. 167 in 09-5840; Docket No. 3528 in 07-1827.

**IT IS SO ORDERED.**

Dated: November 14, 2011

SUSAN ILLSTON
United States District Judge