IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br>STATE OF NEW YORK,<br>        Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>        Defendants.<br>_____/ | No. C 11-00711 SI<br>**ORDER GRANTING NEW YORK'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND GRANTING IN PART RECONSIDERATION** |

On August 9, 2011, the Court issued an order granting in part and denying in part defendants' joint motion to dismiss the State of New York's amended complaint. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Master Docket No. 3242 (August 9, 2011). The State of New York has requested leave to seek reconsideration of two aspects of the Court's order: 1) the Court's dismissal of New York's *parens patriae* claim for treble damages; and 2) the Court's determination that New York may not simultaneously pursue both treble damages and civil penalties under the Donnelly Act. For the following reasons, the Court GRANTS New York's motion for leave to file a motion for reconsideration, and GRANTS IN PART reconsideration.[1]

The Court DENIES New York's motion for reconsideration with respect to its *parens patriae*

---

[1] New York's request for reconsideration does not rely on any new arguments that were not presented in its opposition to defendants' motion to dismiss. Accordingly, the Court does not require further briefing on the issues.

1 damages claim. Based on the Appellate Division's decision in *New York v. Liberty Mutual*, 861
2 N.Y.S.2d 294 (N.Y. App. 2008), New York argues that it possesses "inherent authority to act in a parens
3 patriae capacity when it suffers an injury to a quasi-sovereign interest." *Id.* at 296. New York, however,
4 seeks treble damages under the Donnelly Act, a statutory remedy created by the New York legislature.
5 Given that the New York legislature has "unambiguously" restricted the state's ability to seek such
6 damages to actions "on behalf of any political subdivision or public authority of the state," the Court
7 adheres to its prior holding. *See* N.Y. Gen. Bus. Law § 342-b; *In re Dynamic Random Access Memory*
8 *(DRAM) Antitrust Litig.*, 2007 WL 2517851, at *6 (N.D. Cal., Aug. 31, 2007).

9 The Court GRANTS New York's motion, however, with respect to its claims for treble damages
10 and civil penalties. The Court agrees with New York that the Court did not adequately consider the
11 legislative history behind the Donnelly Act. Having reviewed that history, the Court agrees with New
12 York that the Donnelly Act permits recovery of both treble damages and civil penalties.

13 The Court's prior order was based upon section 342-a of the Donnelly Act, which permits the
14 Attorney General to seek a civil penalty of up to $1 million "[i]n lieu of any penalty otherwise
15 prescribed for a violation of a provision of this article." N.Y. Gen. Bus. Law § 342-a. Relying on
16 *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 214 (2007), the Court found that treble damages constitute
17 a "penalty," barring the state from simultaneously recovering treble damages and the $1 million civil
18 penalty.

19 Contrary to the Court's holding, the legislative history makes clear that the word "penalty" in
20 section 342-a of the Donnelly Act was intended to refer only to criminal penalties. When the phrase "in
21 lieu of" was added to section 342-a of the Donnelly Act, it was intended to prevent the New York
22 Attorney General from pursuing both a civil penalty and a criminal sanction:

23 > The General Business Law Section 342-a . . . makes available to the Attorney General
24 > an action for civil penalty as an additional remedy in anti-monopoly matters. The statute
> in its present form appears to provide for both a criminal penalty and a civil penalty for
> the same violation, whereas the intention was otherwise.
25
26 > This bill . . . amends the section to remove this ambiguity . . . .

27 Schwartz Decl., Exh. H (Letter from Assemblyman John Robert Brook, Chairman of the Judiciary
28 Committee, to Counsel to the Governor re: Assembly Intro 1680, Print 1680 (March 28, 1962)); *see also*

**United States District Court**
For the Northern District of California

*id.* (January 8, 1962, memo from Assemblyman Brook stating that "[s]ection 342-a is designed to provide a substitute for a criminal proceeding in situations where the Attorney General concludes that a civil penalty would be more in the interest of justice"); Schwartz Decl., Exh. G (New York Governor's signing statement for bill creating section 342-a, noting that "some fears have been expressed to me that under the bill the Attorney-General could commence not only an action to recover the civil penalty but also a criminal prosecution for the same violation").

Elsewhere, the legislature has indicated its belief that treble damages and civil penalties are not mutually exclusive remedies. At the time the Donnelly Act was amended to provide for treble damages, for example, the legislature issued the following statement:

> This bill . . . would amend §§ 340, 341 and 342 of the General Business Law (Donnelly Anti-Trust Law) by increasing criminal penalties, and providing for treble-damage actions, thus conforming New York's Donnelly Anti-Trust Act to the analogous federal provisions of law. . . . At present, the Donnelly Act provides only for recover of actual damages sustained plus a civil penalty (which is "in lieu of" criminal penalties).

Schwartz Decl., Exh. E (N.Y. State Leg. Annual 1975, 83).

Accordingly, the Court finds that New York may pursue both treble damages and civil penalties under the Donnelly Act. New York's motion for reconsideration is therefore GRANTED with respect to this claim.

Finally, the Court DENIES New York's request for partial final judgment under Federal Rule of Civil Procedure 54(b) or certification of an interlocutory appeal under 28 U.S.C. § 1292(b). *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (holding that district court has discretion to grant partial final judgment based on the "judicial administrative interests as well as the equities involved"); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (stating that interlocutory appeals should be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

//
//
//

3

**CONCLUSION**

For the foregoing reasons, the Court GRANTS New York's motion for leave to file a motion for reconsideration and GRANTS IN PART reconsideration. Docket No. 95 in 11-0711; Docket No. 3524 in 07-1827.

**IT IS SO ORDERED.**

Dated: November 15, 2011

SUSAN ILLSTON
United States District Judge