IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 09-5840 SI |
| MOTOROLA MOBILITY, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>　　　　Defendants. | **ORDER DENYING SANYO CONSUMER ELECTRONICS CO., LTD.'S MOTION TO DISMISS MOTOROLA MOBILITY, INC.'S THIRD AMENDED COMPLAINT** |

Now before the Court is Sanyo Consumer Electronics Co., Ltd.'s ("Sanyo") motion to dismiss Motorola Mobility, Inc.'s Third Amended Complaint ("TAC"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for November 18, 2011. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES Sanyo's motion.

Sanyo raises three grounds on which it seeks to dismiss Motorola's complaint. First, Sanyo asserts that Motorola's TAC fails to adequately describe Sanyo's role in the conspiracy. Sanyo claims that the TAC "defines 'Sanyo' . . . as SANYO Consumer Electronics Co., Ltd., and its affiliates, parents, subsidiaries, agents and representatives 'collectively.'" Motion at 4. It argues that this vague definition does not satisfy basic pleading standards.

The Court has addressed similar arguments a number of times in this MDL. As with its prior rulings, the Court finds Sanyo's argument unconvincing. The TAC alleges that Sanyo joined the

conspiracy by holding illegal price discussions with Samsung, Chunghwa, and Toshiba. *See* TAC at ¶¶90, 101-02, 108-09. It includes details on those discussions, such as the dates they occurred, the identities of those involved, and the subject matters discussed. Although the allegations against Sanyo are not extensive, taken in the light most favorable to Motorola they adequately allege that Sanyo joined the price-fixing conspiracy. To the extent Sanyo seeks more detail on Motorola's allegations, such matters are best addressed through discovery.

Next, Sanyo seeks to dismiss Motorola's fifteenth cause of action, a breach of contract claim. Motorola's TAC alleges that "Motorola and Sanyo entered into multiple contracts for the sale of LCD Panels and/or LCD Products." TAC at ¶310. It claims that Sanyo breached these contracts by failing to comply with the requirement that it act "in compliance with all applicable laws, rules, regulations, and standards." TAC at ¶311.

Sanyo first argues that Motorola's TAC does not adequately allege which Sanyo entity is a party to the contracts. As this Court has already held in connection with Motorola's other breach of contract claims, however, "[a]mbiguities of this type are properly explored in discovery." *See* Order Denying Defendants' Joint Motion to Dismiss the Second Amended Motorola Complaint, Master Docket No. 2602, at 14 (March 28, 2011). Sanyo also argues that Motorola's breach of contract claims are untimely. This Court, however, has already found similar claims against Samsung SDI timely. *See* Order Denying Samsung SDI's Motion to Dismiss Motorola's Seventeenth Claim for Relief, Master Docket No. 4143 (November 14, 2011). As discussed in the Samsung SDI order, Motorola's reliance on fraudulent concealment is sufficient at the pleading stage. In particular, the Court rejects Sanyo's argument that Motorola must plead a fiduciary relationship to invoke fraudulent concealment. The cases Sanyo relies on involved causes of action for fraudulent concealment, and did not address the tolling doctrine. *Cf. Chicago Park Dist. v. Kenroy, Inc.*, 402 N.E.2d 181, 184 (Ill. 1980) ("As a general rule, the concealment of a cause of action sufficient to toll the statute of limitations requires affirmative acts or representations designed to prevent discovery of the cause of action.").

Finally, Sanyo argues that Motorola's unjust enrichment cause of action must be dismissed. The Court has already allowed Motorola to plead unjust enrichment in the alternative against the other defendants. *See* Order Denying Defendants' Joint Motion to Dismiss the Second Amended Motorola

2

Complaint, Master Docket No. 2602, at 14 (March 28, 2011). It finds no reason to depart from that holding with respect to Motorola's claim against Sanyo. The Court also rejects Sanyo's argument that Illinois law requires the defendant to have received "a direct benefit" from the plaintiff. The case Sanyo relies upon dealt with a specific law applicable to contractors. *See Springfield Heating and Air Conditioning, Inc. v. 3947-55 King Drive at Oakwood, LLC*, 901 N.E.2d 978, (Ill. App. 2009) (dismissing unjust enrichment claim in part because "the rights afforded by the [Mechanics Lien] Act are purely statutory in nature and are not governed by the rules of equitable jurisprudence"). The Court adheres to its prior decision that, as a general matter, unjust enrichment claims do not require the conferral of a direct benefit. *See* Order Granting in Part Defendants' Joint Motion for Partial Summary Judgment on Various Issues of State Law, Master Docket No. 3733, at 10-11 (Sept. 28, 2011).

Accordingly, the Court hereby DENIES Sanyo's motion to dismiss Motorola's seventeenth cause of action. Docket Nos. 178, 187 in 09-5840; Nos. 3539, 3607 in 07-1827.

**IT IS SO ORDERED.**

Dated: November 15, 2011

SUSAN ILLSTON
United States District Judge

3