United States District Court
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
     LITIGATION                                     MDL No. 1827
9    _____/

10   This Order Relates To:                         No. C 09-5840 SI

11   MOTOROLA MOBILITY, INC.,                       **ORDER DENYING PHILIPS
                                                    ELECTRONICS NORTH AMERICA
12              Plaintiff,                           CORPORATION'S MOTION TO
                                                    DISMISS MOTOROLA MOBILITY'S
13      v.                                          THIRD AMENDED COMPLAINT**

14   AU OPTRONICS CORPORATION, *et al.*,

15              Defendants.
     _____/
16

17          Now before the Court is a motion by Philips Electronics North America Corporation ("PENAC")

18   to dismiss Motorola Mobility, Inc.'s Third Amended Complaint ("TAC"). Pursuant to Civil Local Rule

19   7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore

20   VACATES the hearing currently scheduled for November 18, 2011. Having considered the parties'

21   papers, and for good cause appearing, the Court hereby DENIES PENAC's motion.[1]

22          PENAC's primary argument is that Motorola's TAC lacks any substantive allegations that are

23   specific to PENAC. Instead, the bulk of Motorola's allegations are made against "Philips," which the

24   TAC defines as PENAC, it's ultimate parent corporation, Royal Philips, "and their affiliates, parents,

25   subsidiaries, agents and representatives." TAC at ¶49. PENAC argues that Motorola may not "impute

26   liability to PENAC by alleging conduct by 'Philips.'" Motion at 7. Based largely on this Court's prior

27

28          [1]The Court GRANTS PENAC's unopposed request for judicial notice.

1   order dismissing Nokia's claims against PENAC, PENAC argues that Motorola's TAC fails to

2   adequately allege that it acted in violation of the antitrust laws.  *See* Order Granting Defendants' Joint

3   Motion to Dismiss and Granting Philips Electronics North America Corporation's Motion to Dismiss;

4   Granting Plaintiffs Leave to Amend, Master Docket No. 1824, at 10 (June 29, 2010) ("[A]llegations and

5   assertions about Royal Philips and LG Display are insufficient to state a claim against PENAC unless

6   the complaint alleges a specific connection between PENAC and the alleged conspiracy.").

7          PENAC's reliance on this Court's Nokia order is misplaced.  Nokia's complaint contained

8   absolutely no allegations from which PENAC could have determined its connection to the conspiracy.

9   The sole specific factual allegation against the Philips entities alleged only that "[Royal] Philips had

10   received a Statement of Objections from EU concerning its alleged participation in a conspiracy in

11   violation of Article 81 of the EC Treaty and Article 53 of the Agreement on the European Economic

12   Area."  *Id.* at 9.  Other than conclusory allegations of the Philips entities' involvement, there were no

13   further allegations that any Philips entity had actually participated in the conspiracy.

14          In contrast to the Nokia complaint, Motorola's complaint contains a number of specific

15   allegations that link PENAC to the conspiracy.  For example, the TAC alleges that "Philips" engaged

16   in illegal bilateral communications with Epson, Sharp, and Toshiba.  *See* TAC at ¶110.  It includes

17   details on those discussions, such as the dates they occurred, the identities of those involved, and the

18   subject matters discussed.  Taken in the light most favorable to Motorola, these allegations adequately

19   allege that PENAC participated in the price-fixing conspiracy.

20          PENAC contends that these allegations are conspicuously made against "Philips," and no such

21   allegations are made against PENAC itself.  While true, the Court believes that such matters are factual

22   in nature and better reserved for summary judgment.  Indeed, PENAC's motion is accompanied by a

23   factual declaration stating that the two "Philips" employees referenced in the TAC never worked for

24   PENAC.  *See* Declaration of Nancy J. Loughlin in Support of PENAC's Motion, at ¶2.  Such arguments

25   are not appropriate for the pleading stage.  *Cf. Ferrigno v. Philips Electronics North America Corp.*,

26   2010 WL 2219975, at *3-4 (N.D. Cal., June 1, 2010) (dismissing complaint against Royal Philips based

27   in part upon factual determination that its relationship with PENAC was insufficient to support a finding

28   of personal jurisdiction).

1    Accordingly, the Court finds that Motorola's TAC adequately states a claim against PENAC

2  under the federal antitrust laws and the Illinois Antitrust Act.[2]  The remainder of PENAC's arguments

3  have already been addressed by this Court.  Thus, the Court rejects PENAC's argument that the Foreign

4  Trade Antitrust Improvements Act bars Motorola's federal antitrust claims.  *See* Order Denying

5  Defendants' Joint Motion to Dismiss the Second Amended Motorola Complaint, Master Docket

6  No. 2602, at 4-10 (March 28, 2011).  The Court also rejects PENAC's motion to the extent it seeks

7  dismissal of Motorola's breach of contract and unjust enrichment claims.  *See id.* at 14; Order Denying

8  Sanyo Consumer Electronics Co., Ltd.'s Motion to Dismiss Motorola Mobility, Inc.'s Third Amended

9  Complaint, Master Docket No. 4145, at 2-3 (November 15, 2011).

10    Based on the foregoing, the Court hereby DENIES PENAC's motion to dismiss Motorola's

11  complaint.  Docket No. 168 in 09-5840; No. 3529 in 07-1827.

13    **IT IS SO ORDERED.**

15  Dated: November 16, 2011

16  _____
    SUSAN ILLSTON
    United States District Judge

---

28    [2]PENAC has withdrawn its argument that Motorola's Illinois Antitrust Claim is untimely.

*United States District Court*
*For the Northern District of California*