IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates to:<br>All Indirect-Purchaser Plaintiff Class Actions / | **ORDER DENYING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS IN 14 STATES** |

Defendants have filed a motion for summary judgment on claims the indirect-purchaser plaintiffs ("IPPs") have brought under the laws of 14 states. Defendants argue that IPPs lack "antitrust standing," which they claim is a prerequisite for suit under those states' antitrust laws. The Court has addressed this argument once before, concluding that, as a pleading matter, the allegations in the IPPs' complaint were sufficient to support antitrust standing. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666 (August 25, 2008). The Court, however, indicated that defendants could renew this argument "on a fuller factual record." *Id.* at 16. Having completed discovery, defendants now renew their motion.

This Court has considered the parties' evidentiary submissions and adheres to its earlier ruling that the IPPs have antitrust standing. The IPPs' factual submissions largely confirm the allegations the Court found persuasive in its ruling on defendants' earlier motion to dismiss. For example, IPPs have provided evidence that TFT-LCD panels are discrete components of LCD products, that they have no independent utility, and that almost no demand exists for them outside of the demand for LCD products. *See*, *e.g.*, Clayton Decl., Exh. 3 at 25; Exh. 4 at 21-22; Exh. 12 at 252. This is sufficient to convince the Court that the market for LCD products cannot be severed – as defendants urge – from the market for

1 LCD panels. Rather, given that latter is almost entirely dependant upon the former, it is appropriate to 2 analyze them together. *Cf. Blue Shield v. McCready*, 457 U.S. 465, 480-81 (1982) (finding that plaintiff 3 could bring antitrust suit because she was "within that area of the economy . . . endangered by [that] 4 breakdown of competitive conditions" resulting from the defendants' anticompetitive behavior). Indeed, 5 defendants' own actions bear this out; evidence suggests that defendants treated the markets as 6 interconnected, relying upon the price of finished LCD products when setting prices of LCD panels. 7 *See* Clayton Decl., Exh. 4 at 84-90.

8 Accordingly, the Court finds that IPPs have suffered "the type [of injury] that the antitrust statute 9 was intended to forestall." *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 10 U.S. 519, 539 (1983) ("*AGC*"); *see also Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 11 1054 (9th Cir. 1999) ("A plaintiff may only pursue an antitrust action if it can show antitrust injury, 12 which is to say injury of the type the antitrust laws were intended to prevent and that flows from that 13 which makes defendants acts unlawful." (internal quotation marks omitted)). Plaintiffs' factual 14 submissions are also sufficient to establish that IPPs' injuries flowed directly from the price-fixing 15 conspiracy. *Cf. AGC*, 459 U.S. at 540 (finding injury indirect because "the chain of causation between 16 the [plaintiff's] injury and the alleged restraint in the market . . . contains several somewhat vaguely 17 defined links"). For similar reasons, the Court finds that IPPs' injuries are not too speculative. *See Am.* 18 *Ad Mgmt.*, 190 F.3d at 1059 ("Complex antitrust cases . . . invariably involve complicated questions of 19 causation and damages.")

20 Given the multitude of actions in this MDL, the Court recognizes that there is some risk of 21 duplicative recovery and that damage apportionment is likely to be complex. *See Am. Ad Mgmt.*, 190 22 F.3d at 1059-60. On balance, however, the Court is satisfied that the nature of IPPs' injuries and the 23 direct chain of causation between their injuries and defendants' anticompetitive conduct place this case 24 squarely within the type of suit the antitrust laws were meant to address. Accordingly, the Court finds 25 that IPPs have antitrust standing.

26
27
28

Accordingly, the Court DENIES defendants' motion for summary judgment. The hearing currently scheduled for December 9, 2011, is VACATED. Docket No. 3447.

**IT IS SO ORDERED.**

Dated: December 7, 2011

SUSAN ILLSTON
United States District Judge