1  BRUCE L. SIMON (Bar No. 96241)
     bsimon@pswplaw.com
2  **PEARSON, SIMON, WARSHAW & PENNY, LLP**
   44 Montgomery Street, Suite 2450
3  San Francisco, California 94104
   Telephone: (415) 433-9000
4  Facsimile:  (415) 433-9008

5  RICHARD M. HEIMANN (Bar No. 63607)
     rheimann@lchb.com
6  **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
   275 Battery Street, 30th Floor
7  San Francisco, California 94111
   Telephone: (415) 956-1000
8  Facsimile:  (415) 956-1008

9  *Co-Lead Counsel for the Direct Purchaser Plaintiffs*

10

11                    UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13

| 14 | IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. MDL 3:07-md-1827 SI |
|---|---|---|
| 15 | | **CLASS ACTION** |
| 16 | This Document Relates to: | [~~PROPOSED~~] **ORDER OVERRULING OBJECTIONS TO SETTLEMENTS AND ATTORNEYS' FEES** |
| 17 | ALL DIRECT PURCHASER ACTIONS | |
| 18 | | Date:    December 19, 2011<br>Time:   4:00 p.m. |
| 19 | | Ctrm:   10, 19th Floor<br>The Honorable Susan Illston |

20

21

22

23

24

25

26

27

28

951671.1                                                                MDL 3:07-md-1827 SI
[PROPOSED] ORDER OVERRULING OBJECTIONS TO SETTLEMENTS AND ATTORNEYS' FEES

1. Mr. Himmelstein has objected to the "quick pay" provisions in the settlement agreements with the Settling Defendants; that the Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards ("Fee Motion") was not posted on the www.tftlcdclassaction.com website; and, that the 30% fee requested is excessive.

The Court, having considered the objections that have been received from two Class Members, Barry Himmelstein and Michael Rinis, and argument presented at the Fairness Hearing with regard to those objections, hereby overrules the objections for the following reasons:

2. With respect the "quick pay" provisions, Federal courts, including this Court and others in this District, routinely approve settlements that provide for payment of attorneys' fees prior to final disposition in complex class actions. *See e.g., The PMI Group, Inc. Sec. Litig.*, 3:08-cv-01405-SI, Doc. No. 105 (N.D. Cal. Dec. 20, 2010) (Illston, J.) (ordering immediate payment of attorneys' fees and expenses); *In re Gilead Sciences Sec. Litig.*, No. C-03-4999-SI, Doc. No. 282 (N.D. Cal. Nov. 5, 2010) (Illston, J.) (same); *In re CV Therapeutics, Inc. Sec. Litig.*, No. C 03-3709 SI, 2007 WL 1033478, at *2 (N.D. Cal Apr. 4, 2007) (Illston, J.) (same); *In Re Abbott Labs. Norvir Antitrust Litig.*, No. 4:04-cv-01511-CW, Doc. 656 (N.D. Cal. Aug. 12, 2009) (Wilken, J.) (same); *In re KLA-Tencor Corp. Sec. Litig.*, C-06-04065-CRB (N.D. Cal. Sep. 26, 2008) (Breyer, J.) (same). The cases approving such provisions include many antitrust matters. *See e.g., In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 283-85 (3d Cir. 2009) (affirming $29.95 million fee award and noting that the settlement agreement required plaintiffs' counsel to reimburse the already-paid fee award, if that award were reversed on appeal); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 479 (S.D.N.Y. 1998) ("Numerous courts have directed that the entire fee award be disbursed immediately upon entry of the award, or within a few days thereafter.") (collecting cases).

3. Mr. Himmelstein argues that such provisions are inherently risky because counsel may be unable to repay the fees if they are reversed or reduced on appeal. That speculative assertion has no basis in fact. The repayment requirements in the proposed settlements—which make all plaintiffs' counsel firms and their equity owners jointly and severally liable for any repayment, and answerable to this Court—are more than adequate to protect the Class and

1  Defendants.  This Court also finds that the firms which would be subject to repayment are some of
2  the most highly respected firms in the plaintiffs' antitrust bar; that there has been no showing by
3  Mr. Himmelstein that there has ever been a case where counsel, including counsel herein, have
4  failed to repay fees under such provisions; and that evidence of the ability to repay includes the
5  fact that the firms subject to repayment have financed this case for five years without any
6  guarantee of compensation or reimbursement of expenses.
7       4.    Mr. Himmelstein argues that Class Counsel should not be paid without posting a
8  letter of credit or other adequate security.  However, he fails to identify any case in which a court
9  required class counsel to obtain a letter of credit before receiving fees.  Simply put, a letter of
10 credit is neither required under the law nor necessary to protect Defendants nor the Class.  Mr.
11 Himmelstein's objection is hereby overruled.
12      5.    Mr. Himmelstein further objects because the Fee Motion was not posted on the
13 www.tftlcdclassaction.com website.  In *In re Mercury Interactive Corp. Securities Litigation*, 618
14 F.3d 988 (9th Cir. 2010), the Ninth Circuit held that Rule 23(h) of the Federal Rules of Civil
15 Procedure "requires a district court to set the deadline for objections to counsel's fee request on a
16 date *after* the motion and documents supporting it have been filed."  618 F.3d at 993.  The Ninth
17 Circuit grants wide discretion to each district court to determine how far in advance Class Counsel
18 must file the fee motion.  *See id.,* at 995.  Nonetheless, the Court concluded that "a schedule that
19 requires objections to be filed before the fee motion itself denies the class the full and fair
20 opportunity to examine and oppose the motion that Rule 23(h) contemplates."  *Id.*  Nothing in the
21 *Mercury Interactive* decision requires a motion for attorneys' fees to be posted on a class action
22 website.
23      6.    Consistent with *Mercury Interactive*, this Court set the date for Co-Lead Class
24 Counsel to file their Fee Motion a full month in advance of the objection deadline.  The motion
25 was made available to Class Members on the public docket, just like the other publicly-available
26 documents filed in this case.  Class Members have had one month to examine and oppose the
27 motion, satisfying the full-and-fair-opportunity requirement under Rule 23(h).  Like all Class
28 Members, Mr. Himmelstein has access to the public docket.  Moreover, he filed his objection and

notice of appearance (Doc. Nos. 4196-97) via the same ECF system that Co-Lead Class Counsel used to file the Fee Motion.  Mr. Himmelstein therefore cannot demonstrate any prejudice by the posting of the Fee Motion on the Court's public docket alone, rather than in conjunction with the class action website.

7.   Class Members had multiple avenues in addition to the Court's docket and the class action website to obtain information about the proposed settlements and the Fee Motion.  The Court-approved class notices not only mention the website, but also identify the Claims Administrator's toll-fee telephone number and address, as well as the names and addresses of the Co-Lead Class Counsel.  In *Harris v. Vector Marketing Corp.*, No. C-08-5198 ECM, 2011 WL 1627973, *18 (N.D. Cal. Apr. 29, 2011) (Chen, M.J.), the Court's preference that the fee petition be posted on the website is that case does not compel other courts to require the same to fulfill due process.  Mr. Himmelstein's objection is therefore overruled.

8.   Finally, Mr. Himmelstein's objection to the fee requested by Class Counsel also lacks merit.  The Fee Motion provides the Court with exacting descriptions of the 250,000 hours of work performed by counsel without compensation since 2007, a detailed accounting of the $110,825,798.18 of fees incurred and $6,055,335.31 in unreimbursed costs expended to achieve this exceptional result, and the significant benefits to the Class Members from the proposed settlements.  *See* Declaration of Bruce Simon In Support of Motion Direct Purchaser Class Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (Doc. No. 4060) (Declaration of Co-Lead Counsel with lengthy description of work performed in the case in order to obtain $405 million in settlements); Declaration of Elizabeth Pritzker In Support of Motion Direct Purchaser Class Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (Doc. No. 4061) (Declaration of Liaison Counsel providing a detailed accounting of all of the professional time expended and the expenses incurred in this case through August 31, 2011).  The 30% fee request is justified under governing legal standards, and its reasonableness is confirmed by a lodestar cross-check yielding a 1.096 times multiplier.  The Fee Motion includes a detailed analysis as to why the Court should award a fee that is above the 25% "benchmark" fee in the Ninth Circuit.

9.     Mr. Himmelstein nevertheless objects that the fee, while within "the usual range of 20%-30%," is too large. Himmelstein Objection at 12. His generalized three-sentence objection to the size of the fee requested lacks substance. Mr. Himmelstein does not refute not call into question the massive amount of work performed and the exceptional result achieved in this case. His objection that the fee award is excessive is therefore overruled.

10.    Mr. Rinis appears to be a "serial objector" who has filed objections in at least 21 class action settlements in federal courts. His objection herein is untimely, having been mailed on November 28, 2011, rather than filed with the Court on that date. On that basis alone, the Court refuses to consider the objection. *See In re Heritage Bond Litig.*, 02-ML-1475 DT, 2005 WL 1594403, at *10 n.9 (C.D. Cal. June 10, 2005) (refusing to consider untimely objection received via email after the filing deadline for oppositions); *In re UnitedHealth Group Inc. Shareholder Deriv. Litig.*, 631 F.Supp.2d 1151, 1158 n.6 (D. Minn 2009) (refusing to consider untimely, unclear objection).

9.     Nevertheless, even if the Court were to consider the merits of the objection, the Court would find that it lacks merit. Mr. Rinis inaccurately asserts that the fee requested of "one third of $388 million dollars is excessive and unreasonable." The fee requested by Class Counsel is 30%, not one-third of the Settlement Fund. Moreover, Mr. Rinis does not explain why he believes the fee requested is excessive in light of the amount of work performed, the complexity of the issues involved, and the excellent result achieved. This objection is therefore overruled.

10.    Mr. Rinis also objects that "there is not basis for splitting the settlement fund 50/50 between direct consumer purchasers and others." Mr. Rinis' vague objection suggests a misunderstanding about this case. All Class Members are direct purchasers, and none of the settlement proceeds will be shared with indirect purchasers. However, if Mr. Rinis means to object to the plan of allocation between members of the Panel Class and members of the Product Class, he provides no factual or legal basis to support his objection. In their motion for preliminary approval of the proposed settlements, Co-Lead Class Counsel provided a rational basis for the proposed plan of allocation. *See In re Citric Acid Antitrust Litig.*, 145 F.Supp.2d 1152, 1154 (N.D. Cal. 2001). This objection does not demonstrate otherwise. In addition, a *pro-*

*rata* allocation has been used in many antitrust cases including in this District.  *See, e.g., In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M-02-1486 PJH, Doc. No. 2093, p. 2 (N.D. Cal. Oct. 27, 2010); *In re Vitamins Antitrust Litig.*, 2000 WL 1737867 at *6 (D.D.C. Mar. 31, 2000); *In re Lloyds' Am. Trust Fund Litig.*, 2002 WL 31663577 at *19 (S.D.N.Y. Nov. 26, 2002); *In re Paine Webber Partnership Litigation*, 171 F.R.D. 104, 135 (S.D.N.Y. 1997).  The objection is therefore overruled.

IT IS SO ORDERED.

Date: 12/27/12

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE