4452

Richard M. Heimann (State Bar No. 63607)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. M07-1827 SI<br><br>MDL No. 1827<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION** |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | Date:  December 19, 2011<br>Time:  4:00 p.m.<br>Courtroom: 10, 19th Floor<br><br>The Honorable Susan Illston |

950961.1                                       - 1 -                        CASE NO. 07-1827 SI; MDL NO. 1827

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION

1   This matter has come before the Court to determine whether there is any cause why this
2   Court should not approve the settlement with defendants Sharp Corporation and Sharp
3   Electronics Corporation ("Sharp") set forth in the Settlement Agreement ("Agreement"), dated
4   August 1, 2011, relating to the above-captioned litigation.  The Court, after carefully considering
5   all papers filed and proceedings held herein and otherwise being fully informed in the premises,
6   has determined (1) that the settlement should be approved, and (2) that there is no just reason for
7   delay of the entry of this final judgment approving the Agreement.  Accordingly, the Court directs
8   entry of Judgment which shall constitute a final adjudication of this case on the merits as to the
9   parties to the Agreement.  Good cause appearing therefore, it is:

10  **ORDERED, ADJUDGED AND DECREED THAT:**

11  1.   The Court has jurisdiction over the subject matter of this litigation, and all actions
12  within this litigation and over the parties to the Agreement, including all members of the Class
13  and Sanyo.

14  2.   The definitions of terms set forth in the Agreement are incorporated hereby as
15  though fully set forth in this Judgment.

16  3.   The Court hereby finally approves and confirms the settlement set forth in the
17  Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the
18  Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19  4.   Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously
20  appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon,
21  Warshaw & Penny, LLP), are appointed as Counsel for the Class.  These firms have, and will,
22  fairly and competently represent the interests of the Class.

23  5.   The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs'
24  Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion
25  from the Class and, therefore, are excluded.  Such persons/entities are not included in or bound by
26  this Final Judgment.  Such persons/entities are not entitled to any recovery from the settlement
27  proceeds obtained through this settlement.

28

1       6.     The Court hereby dismisses on the merits and with prejudice the individual and
2 class claims asserted against Sharp, with Plaintiffs and Sharp to bear their own costs and
3 attorneys' fees except as provided herein.

4       7.     All persons and entities who are Releasors are hereby barred and enjoined from
5 commencing, prosecuting, or continuing, either directly or indirectly, against the Sharp Releasees,
6 in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had,
7 have, or in the future may have, arising out of or related to any of the Released Claims as defined
8 in the Agreement.

9       8.     The Sharp Releasees are hereby and forever released and discharged with respect
10 to any and all claims or causes of action which the Releasors had or have arising out of or related
11 to any of the Released Claims as defined in the Agreement.

12       9.     The notice given to the Class of the settlement set forth in the Agreement and the
13 other matters set forth herein was the best notice practicable under the circumstances, including
14 individual notice to all members of the Class who could be identified through reasonable efforts.
15 Said notice provided due and adequate notice of those proceedings and of the matters set forth
16 therein, including the proposed settlement set forth in the Agreement, to all persons entitled to
17 such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the
18 Federal Rules of Civil Procedure and the requirements of due process.

19       10.    Only two class members have objected to the settlement. Those objections have
20 been overruled in a separate order.

21       11.    Without affecting the finality of this Judgment in any way, this Court hereby
22 retains continuing and exclusive jurisdiction over: (a) implementation of this settlement and any
23 distribution to class members pursuant to further orders of this Court; (b) disposition of the
24 Settlement Fund (c) hearing and determining applications by the Class Representatives for
25 representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees
26 and costs, and interest; (d) Sharp until the final judgment contemplated hereby has become
27 effective and each and every act agreed to be performed by the parties all have been performed
28 pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation

of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and administering the Agreement and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with, the Agreement.

12. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parities shall be returned to their respective positions *ex ante.*

13. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Dated: 12/29/11

The Honorable Susan Illston
United States District Judge

950961.1 — - 4 - — CASE NO. 07-1827 SI; MDL NO. 1827

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION