**Lieff**
**Cabraser**
**Heimann&**
**Bernstein**
Attorneys at Law

4456

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

December 29, 2011

**VIA HAND DELIVERY AND ELECTRONIC CASE FILING**

The Honorable Susan Illston
United States District Court for the
   Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA  94102

        Re:    <u>TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION</u>
                Master File No. M07-1827 SI

Your Honor:

        Today, Class Counsel in the above matter submitted a revised proposed order granting final approval and entering final judgment of dismissal with prejudice as to Defendants Sharp Corporation and Sharp Electronics Corporation.  After this submission, we discovered that the names of certain subsidiaries and another Defendant were incorrectly added in the revised proposed order.  We have further revised the proposed order accordingly and are e-filing it today for Your Honor's consideration.  I apologize for the mistake.

        Respectfully Submitted,

        *Eric B. Fastiff*

        Eric B. Fastiff

955336.1

1 | Richard M. Heimann (State Bar No. 63607)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2 | 275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
3 | Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008
4 |
Bruce L. Simon (State Bar No. 96241)
5 | PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
6 | San Francisco, CA 94104
Telephone:    (415) 433-9000
7 | Facsimile:    (415) 433-9008

8 | *Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

9 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. M07-1827 SI |
|---|---|
| | MDL No. 1827 |
| This Document Relates To: | **[CORRECTED] [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION** |
| ALL DIRECT PURCHASER CLASS ACTIONS | |
| | Date:        December 19, 2011 |
| | Time:        4:00 p.m. |
| | Courtroom: 10, 19th Floor |
| | The Honorable Susan Illston |

1    This matter has come before the Court to determine whether there is any cause why this

2    Court should not approve the settlement with defendant Sharp Corporation set forth in the

3    Settlement Agreement ("Agreement"), dated August 1, 2011, relating to the above-captioned

4    litigation.  The Court, after carefully considering all papers filed and proceedings held herein and

5    otherwise being fully informed in the premises, has determined (1) that the settlement should be

6    approved, and (2) that there is no just reason for delay of the entry of this final judgment

7    approving the Agreement.  Accordingly, the Court directs entry of Judgment which shall

8    constitute a final adjudication of this case on the merits as to the parties to the Agreement.  Good

9    cause appearing therefore, it is:

10       **ORDERED, ADJUDGED AND DECREED THAT:**

11       1.    The Court has jurisdiction over the subject matter of this litigation, and all actions

12   within this litigation and over the parties to the Agreement, including all members of the Class on

13   the one hand, and Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp")

14   on the other.

15       2.    The definitions of terms set forth in the Agreement are incorporated hereby as

16   though fully set forth in this Judgment.

17       3.    The Court hereby finally approves and confirms the settlement set forth in the

18   Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the

19   Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20       4.    Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously

21   appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon,

22   Warshaw & Penny, LLP), are appointed as Counsel for the Class.  These firms have, and will,

23   fairly and competently represent the interests of the Class.

24       5.    The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs'

25   Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion

26   from the Class and, therefore, are excluded.  Such persons/entities are not included in or bound by

27   this Final Judgment.  Such persons/entities are not entitled to any recovery from the settlement

28   proceeds obtained through this settlement.

6.      The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Sharp, with Plaintiffs and Sharp to bear their own costs and attorneys' fees except as provided herein.

7.      All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, against the Sharp Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8.      The Sharp Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Agreement.

9.      The notice given to the Class of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and the requirements of due process.

10.     Only two class members have objected to the settlement.  Those objections have been overruled in a separate order.

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over:  (a) implementation of this settlement and any distribution to class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing and determining applications by the Class Representatives for representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees and costs, and interest; (d) Sharp until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation

1   of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and

2   administering the Agreement and Exhibits thereto and the mutual releases and other documents

3   contemplated by, or executed in connection with, the Agreement.

4          12.     In the event that the settlement does not become effective in accordance with the

5   terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated,

6   and in such event, all orders entered and releases delivered in connection herewith shall be null

7   and void and the parities shall be returned to their respective positions *ex ante*.

8          13.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

9   Procedure, that this Final Judgment should be entered and further finds that there is no just reason

10  for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.

11  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

12

13  Dated: _____1/4/12_____          _____

14                                                          The Honorable Susan Illston
                                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS
TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION