1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
     LITIGATION                                      MDL No. 1827
9    _____/

10   This Order Relates To:                          No. C 11-2495 SI

11   JACO ELECTRONICS, INC.,                          **ORDER GRANTING IN PART NEC
                                                       DEFENDANTS' MOTION TO COMPEL**
12                Plaintiff,                           **ARBITRATION**

13      v.

14   AU OPTRONICS CORPORATION, *et al.*,

15                Defendants.
     _____/
16

17          Defendants NEC Corporation, NEC LCD Technologies, Ltd., and Renesas Electronics America,

18   Inc. (collectively, "NEC") have filed a motion to compel arbitration of plaintiff Jaco Electronics'

19   claims.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without

20   oral argument and therefore VACATES the hearing currently scheduled for January 13, 2012. Having

21   considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART

22   NEC's motion.

23          This Court has addressed numerous similar motions in this MDL. *See*, *e.g.*, Order Granting AU

24   Optronics Corporation's Motion to Compel Arbitration, Master Docket No. 3034 (July 6, 2011); Order

25

26          [1]NEC Corporation and its wholly-owned subsidiary NEC LCD Technologies, Ltd. are
     manufacturers of LCD panels based in Japan. First Amended Complaint ("FAC"), ¶¶36-37. Defendant
27   Renesas Electronics America is based in Santa Clara, California, and is the successor by merger to NEC
     Electronics America, Inc., which was formerly a wholly owned subsidiary of NEC Corporation. FAC
28   at ¶38.

Granting in Part Defendants' Joint Motion to Compel Arbitration, Master Docket No. 3518 (September 9, 2011) ("Costco Arbitration Order"); Order Granting in Part LG Display Co., Ltd.'s and LG Display America's, Inc.'s Motion to Compel Arbitration, Master Docket No. 3613 (September 19, 2011) ("SB Arbitration Order"). As noted in these prior orders, "arbitration is a matter of contract." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). Thus, while there is a federal policy favoring arbitration, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.*

NEC seeks to compel arbitration based upon a distribution agreement that Jaco and NEC Electronics America executed in 2005. *See* Jeter Decl., Exh. A. This distribution agreement contains an exceptionally broad arbitration clause:

> **Arbitration**: If any disagreement or controversy of any kind arises between DISTRIBUTOR and SUPPLIER, the parties will meet to attempt to resolve it. If the parties cannot resolve the disagreement, an informal binding arbitration will be held.
>
> . . .
>
> All disagreements or controversies of any kind whether claimed in tort, contract or otherwise, either concerning this Agreement or any other matter whatsoever, will be arbitrated according to the provisions of this paragraph . . . .

Jeter Decl., Exh. A at ¶16.13. NEC claims that the breadth of this clause mandates arbitration of all of Jaco's claim against it, including those that predate the agreement.

The Court agrees with NEC that the expansive language of the arbitration clause mandates arbitration of Jaco's claims against the NEC entities. *See* SB Arbitration Order at 6-7. Further, because the arbitration clause extends to disputes "either concerning this Agreement or any other matter whatsoever," the Court agrees that the clause applies retroactively. The Court finds, however, that the arbitration clause is necessarily limited to disputes arising out of the business relationship between Jaco and NEC. Thus, Jaco's claims are arbitrable to the extent they are based upon purchases it made directly from NEC; to the extent Jaco's claims against NEC are based on coconspirator liability for purchases Jaco made from other defendants, such claims are not subject to arbitration. In addition, to the extent Jaco argues that its purchases from NEC were for "custom or semi-custom products," which fall outside the scope of the distribution agreement, the Court finds that such matters are best addressed by the arbitrator.

1    Finally, the Court agrees with Jaco that the distribution agreement's limitation on treble damages

2    is unenforceable.  *See* Costco Arbitration Order, at 9-10;  SB Arbitration Order, at 9-10.  The Court

3    denies NEC's request for dismissal or a stay of these proceedings.

4

5                                            **CONCLUSION**

6    For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART

7    NEC's motion to compel arbitration.  Docket No. 3874 in 07-1827; Docket No. 35 in 11-2495.

8

9    **IT IS SO ORDERED.**

10

11   Dated: January 10, 2012

12                                                        SUSAN ILLSTON
                                                         United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California