IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-3763 SI |
| INTERBOND CORPORATION OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. / | **ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Currently before the Court are two motions to dismiss in this matter: a joint motion filed by most of the defendants, and a motion filed by defendants NEC Corporation, NEC LCD Technologies, Ltd., NEC Electronics America, Inc., NEC Corporation of America, Inc., and NEC Display Solutions of America, Inc. (collectively, "NEC"). Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 20, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART defendants' joint motion and DENIES NEC's motion.

**BACKGROUND**

Plaintiff Interbond Corporation of America ("Brandsmart") is a "supplier of consumer electronics products and services" incorporated and headquartered in Florida. First Amended Complaint ("FAC") at ¶19. On June 3, 2011, Brandsmart filed this action in the Southern District of Florida,

seeking to recover for a "long-running conspiracy . . . to fix, raise, stabilize, and maintain prices for Liquid Crystal Display panels ('LCD Panels')." Compl. at ¶1. Brandsmart filed a first amended complaint on November 1, 2011. The FAC contains two claims: 1) a claim under the Sherman Act; and 2) a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). FAC at ¶¶271-285.

Defendants now move to dismiss Brandsmart's FAC.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

As stated above, defendants have filed two motions to dismiss Brandsmart's complaint: a joint motion and a separate motion that pertains only to NEC.

### I. Defendants' Joint Motion

Defendants' joint motion to dismiss raises three grounds for dismissal. First, defendants argue

2

that Brandsmart's FDUTPA claims are untimely. Second, defendants contend that Brandsmart's FDUTPA claim must be dismissed to the extent it is based upon purchases made outside of Florida. Third, they argue that Brandsmart's FAC impermissibly relies on group pleading.

### A. Timeliness of Brandsmart's Claims

Defendants first argue that Brandsmart's FDUTPA claim is untimely. Brandsmart filed suit on June 3, 2011, more than four years after the DOJ's December 11, 2006, announcement of its investigation into the conspiracy.[1] Because the FDUTPA has a four-year statute of limitations, defendants contend that Brandsmart's FDUTPA claim must be dismissed.[2]

Brandsmart raises two bases for tolling that it asserts make its claim timely. First, it asserts that a number of indirect-purchaser class action complaints tolled the statutes of limitations from December 14, 2006, to November 5, 2007. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Second, it asserts that the direct-purchaser plaintiffs' class action complaint, by virtue of equitable and cross-jurisdictional tolling, tolled the statue of limitations from November 5, 2007, until January 4, 2011, the date Brandsmart opted out of the direct-purchaser class.

---

[1] This Court has treated a plaintiff's allegations of fraudulent concealment as sufficient, as a pleading matter, to toll the statute of limitations until the DOJ announced its investigation on December 11, 2006. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666, at 27-28 (August 25, 2008); *see also* Order Denying Defendants' Joint Motion for Partial Summary Judgment based on the Florida Statute of Limitations, Master Docket No. 3628 (September 20, 2011).

[2] Brandsmart has filed two requests for judicial notice of four indirect-purchaser class actions. The first request, filed in conjunction with Brandsmart's opposition brief, was unopposed. The Court GRANTS this request.
Brandsmart's second request for judicial notice was filed on January 17, 2012, and requested that the Court take judicial notice of one case: *Eisler v. AU Optoelectronics Co., Ltd., et al.*, Case No. 3:07-cv-60289-JIC (S.D. Fla. Feb. 28, 2007). Defendants have opposed this request, claiming that it was untimely. Given that the Court has relied upon the *Eisler* case in its discussion of tolling in the Office Depot action, however, the Court will also rely on it here. Accordingly, the Court GRANTS Brandsmart's second request as well.

3

### 1. Tolling Based on Indirect-Purchaser Complaints

Brandsmart has requested this that this Court take judicial notice of two indirect-purchaser class actions[3]: *Jafarian v. LG Philips LCD Company Ltd.*, Case No. 07-0994 (N.D. Cal., Feb. 16, 2007), and *Eisler v. AU Optoelectronics Co., Ltd.*, *et al.*, Case No. 3:07-cv-60289-JIC, 2007 U.S. Dist. Ct. Pleadings 60289 (S.D. Fla., March 1, 2007). The Court has previously found these cases, which included FDUTPA claims and were brought by Florida residents, sufficient to toll the Florida statute of limitations. *See* Order Denying Defendants' Motions to Dismiss, Master Docket No. 4592, at 3-4 (January 18, 2012) ("Office Depot Order"); *see also Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 2008 WL 2385506 (N.D. Fla., June 9, 2008).

Defendants raise a number of arguments against this conclusion, but the Court does not find them convincing. Defendants argue, for example, that the class actions Brandsmart relies upon did not toll its claims because the class definitions were subsequently narrowed to exclude Brandsmart. While the narrowing of the class definitions may have ended the tolling, the Court believes that Brandsmart is entitled to tolling up until the date the class definition was narrowed. *See Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002) ("When class certification is denied, or a purported class member for any reason ceases to be a member of the putative class, the toll ends by operation of law and the limitations period begins to run immediately."). Second, defendants argue that Brandsmart's claims were not tolled because the class action plaintiffs, all of whom were individual consumers, lacked standing to assert the claims of a reseller such as Brandsmart. *See Palmer v. Stassinos*, 236 F.R.D. 460, 465 (N.D. Cal. 2006) ("[T]he filing of Palmer and Hammer's putative class action cannot have tolled the statute of limitations as to the UCL claim [because] Palmer and Hammer lacked standing to assert claims under the UCL."). Defendants, however, have not established that the plaintiffs lacked standing to represent Brandsmart in the class action. The case defendants rely on denied class certification based in part on the inability of the named plaintiff to adequately represent all members of the proposed class.

---

[3] Brandsmart also relies on two additional indirect-purchaser class actions that purported to bring claims under the FDUTPA. Neither of those cases, however, involved plaintiffs that were Florida residents. Because it was apparent from the face of the complaints that the plaintiffs lacked standing to bring claims under Florida law, the Court agrees with defendants that Brandsmart may not rely on them for *American Pipe* tolling. *See* Office Depot Order at 4.

4

*In re Methionine Antitrust Litig.*, 204 F.R.D. 161, 167 (N.D. Cal. 2001). The case did not find that the plaintiff lacked standing.

The Court agrees with defendants, however, that only those claims expressly asserted in the above actions were tolled. Thus, to the extent Brandsmart's FDUTPA claim is based upon direct purchases, it was not tolled by the above cases. In addition, the Court agrees with defendants that tolling is limited to those defendants, products, and conspiracy periods identified in the class actions complaints Brandsmart relies upon.

### 2. Tolling Based on Direct-Purchaser Complaints

Brandsmart also contends that its FDUTPA claim was tolled by the direct-purchaser class-action complaint under the doctrines of cross-jurisdictional and equitable tolling. The direct-purchaser complaint was filed on November 5, 2007. It did not, however, include any claims under Florida law.

Brandsmart has not provided any authority for its contention that *American Pipe* tolling operates to toll claims that were not asserted in the class action. To the contrary, courts have generally refused to allow tolling in such circumstances. *See Williams v. Boeing Co.*, 517 F.3d 1120, (9th Cir. 2008) (because "neither the Original nor the First Amended Complaints stated a claim for compensation discrimination . . . the statute of limitation was not tolled for that claim as it would have been for the promotion discrimination, hostile work environment, and retaliation claims properly raised"); *In re Vertrue Marketing and Sales Practices Litig.*, 712 F. Supp. 2d 703, 718 (N.D. Ohio 2010) ("Since *Crown, Cork & Seal*, courts interpreting Justice Powell's concurrence have held that only the claims expressly alleged in a previous federal lawsuit are subject to tolling."). Nor has it established that Florida law recognizes such tolling. In the absence of any such authority, the Court cannot conclude that the direct-purchaser complaint tolled claims it did not assert. Accordingly, Brandsmart's FDUTPA claim is dismissed to the extent it is based upon direct purchases of LCD products.

**B. Due Process**

Next, defendants assert that Brandsmart's FDUTPA claim must be dismissed to the extent the claim is based on purchases made in other states. Brandsmart does not dispute this contention, and

5

represents that its FDUTPA claim is based only on purchases made within Florida. Given Brandsmart's representation, the Court find Brandsmart's allegations sufficient to survive defendants' motion.

### D. Group Pleading

Finally, defendants contend that Brandsmart's complaint impermissibly relies on group pleading. This Court has addressed similar arguments numerous times in this MDL and has concluded that allegations substantially similar to Brandsmart's satisfy federal pleading standards. *See*, *e.g.*, Order Denying Defendants' Joint Motion to Dismiss the Second Amended Complaint, Master Docket No. 3590, at 3-4 (September 15, 2011); Order Denying Defendants' Joint Motion to Dismiss, Master Docket No. 3614, at 4-5. Accordingly, the Court DENIES defendants' motion to dismiss on this basis.

## II. NEC's Motion

Through its motion, NEC argues that Brandsmart's allegations against it fail to make a plausible showing that it was involved in the conspiracy.[4] It also contends that Brandsmart's complaint impermissibly relies on "group pleading." This Court has recently addressed both of NEC's arguments in ruling on NEC's motion to dismiss Office Depot's first amended complaint. *See* Office Depot Order at 8. Brandsmart's allegations against NEC are more detailed than those the Court found sufficient in that case. *See*, *e.g.*, FAC at ¶¶132-35, 137. Accordingly, the Court finds that Brandsmart's complaint states a plausible claim for relief against NEC.

//
//
//
//

---

[4]The Court GRANTS NEC's unopposed request for judicial notice.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' joint motion to dismiss and DENIES NEC's motion to dismiss. Docket Nos. 4258, 4272 in 07-1827; Docket Nos. 35, 37 in 11-3763.

**IT IS SO ORDERED.**

Dated: January 18, 2012

SUSAN ILLSTON
United States District Judge