1 | Bruce L. Simon (State Bar No. 96241)
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
2 | 44 Montgomery Street, Suite 2450
San Francisco, California 94104
3 | Telephone: (415) 433-9000
Facsimile: (415) 433-9008
4 |

5 | Richard M. Heimann (State Bar No. 63607)
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
6 | 275 Battery Street, 30th Floor
San Francisco, California 94111
7 | Telephone: (415) 956-1000
Facsimile: (415) 956-1008
8 |

9 | *Co-Lead Counsel for the Direct Purchaser Plaintiffs*

10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

13 |

14 |

15 | IN RE: TFT-LCD (FLAT PANEL) | Case No. MDL 3:07-md-1827 SI
ANTITRUST LITIGATION |

16 | | **CLASS ACTION**

17 | This Document Relates to: | **[AMENDED PROPOSED] ORDER**
**GRANTING DIRECT PURCHASER**
18 | ALL DIRECT PURCHASER CLASS | **CLASS PLAINTIFFS' MOTION FOR**
ACTIONS | **ATTORNEYS' FEES, REIMBURSEMENT**
19 | | **OF EXPENSES, AND INCENTIVE**
**AWARDS**
20 |

21 | | Date:       December 19, 2011
Time:       4:00 p.m.
22 | | Crtrm.:    10, 19th Floor
The Honorable Susan Illston
23 |

24 |

25 | POSTED
26 | 1-18-12
27 |

28 |

[AMENDED PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

1     The Court, having considered Direct Purchaser Class Plaintiffs' Motion for Award of

2 Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (the "Motion") and the

3 memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds

4 that:

5     1.     The Motion seeks an award of attorneys' fees of 30% of the $405,022,242

6 Settlement Fund, which is comprised of the settlement payments from the Chimei, Chunghwa,

7 Epson, Hannstar, Hitachi, LG Display, Mitsui, Samsung, Sanyo, and Sharp Defendants

8 (collectively, the "Settling Defendants"). Co-Lead Class Counsel for the Direct Purchaser

9 Plaintiffs ("Direct Purchasers") also seek reimbursement of $6,055,335.31 in unreimbursed

10 litigation costs and expenses, a $1,000,000 advance of litigation costs through trial, and incentive

11 awards of $15,000 each for the 11 court-appointed class representatives.

12     2.     The amount of attorneys' fees requested is fair and reasonable under the

13 "percentage-of-the-fund" method. This is confirmed by a lodestar "cross-check," which reveals a

14 fair and reasonable lodestar multiplier of 1.096, based on over 250,000 hours of work. Even if the

15 lodestar compiled by law firms other than Co-Lead Class Counsel were to be reduced by 20% to

16 account for potential inefficiencies, the result is a lodestar multiplier of 1.25, which is reasonable

17 as well. Multiples of 1.25 and under are well within the ranges approved by the Ninth Circuit and

18 the courts in this District. *See e.g.*, *Vizcaino v. Microsoft*, 290 F.3d 1043, 1050-1051 (9th Cir.

19 2002) (upholding a 28% fee award that constituted a 3.65 multiple of lodestar); *id.,* at 1052-54

20 (noting district court cases in the Ninth Circuit approving multipliers as high as 6.2, and citing

21 only 3 of 24 decisions with approved multipliers below 1.4).

22     3.     The attorneys' fees requested were entirely contingent upon success. Co-Lead

23 Class Counsel risked time and effort and advanced significant costs and expenses with no ultimate

24 guarantee of compensation. The award of 30% is warranted for reasons set out in Co-Lead Class

25 Counsel's moving papers, including but not limited to the following: the excellent result obtained

26 for the class – payment by the Settling Defendants of over $405 million in cash; the quality and

27 quantity of work performed by all the firms representing Direct Purchasers (collectively,

28

834790.1             2                         MDL 3:07-md-1827 SI

1  "Plaintiffs' Counsel") - including extensive motion practice, discovery, trial preparation, and

2  mediation, all involving complex and difficult issues of fact and law; the risks faced throughout

3  the litigation, including at the outset; and, a reasonable lodestar "cross-check," discussed above.

4      4.      Given the high risks involved in this case, the effort put forth by Plaintiffs'

5  Counsel, the level of sophistication of the work done, and the extraordinary results achieved for

6  the Class, an upward departure from the Ninth Circuit's benchmark of 25% is justified. *See e.g.*,

7  *Vizcaino*, 290 F.3d at 1047-1050; *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18-23 (C.D.

8  Cal. June 10, 2005).

9      5.      The Court has received the objections that have been received from two Class

10  Members, Barry Himmelstein and Michael Rinis.  They include objections to the attorneys' fees

11  requested by Co-Lead Class Counsel.  Those objections are overruled by separate order.

12      6.      The expenses sought were incurred in connection with the prosecution of the

13  litigation for the benefit of the Class and were reasonable and necessary.  ~~An additional~~

14  ~~$1,000,000 advance of funds to cover expenses that will be incurred through trial is reasonable~~

15  ~~and will be necessary to the further prosecution of this action."~~

16      7.      The 11 class representatives are entitled to the requested incentive awards, in the

17  amount of $15,000 each, in recognition of their work performed for the benefit of the Class and

18  the risks undertaken.

19      8.      Therefore, upon consideration of the Motion and the accompanying declarations,

20  and based upon all matters of record including the pleadings and papers filed in this action and

21  oral argument given at the hearing on this matter, the Court hereby finds that: (i) the attorneys'

22  fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable

23  and proper; (~~iii) a further $1,000,000 advance is a fair estimate of expenses that will be incurre~~d,

24  ~~and is a reasonable and proper request; and~~ (iv) the incentive awards requested are warranted.

25      9.      Accordingly, it is hereby ORDERED and DECREED that:

26          (a)    Co-Lead Class Counsel are awarded attorneys' fees for distribution to

27                Plaintiffs' Counsel in the amount of $121,506,672.60, equal to 30% of the

28  834790.1                                    3                          MDL 3:07-md-1827 SI

1    Settlement Fund.

2    (b)    Co-Lead Class Counsel are awarded reimbursement of their unreimbursed

3    costs and expenses in the amount of $6,055,335.31.

4    (c)    ~~Co-Lead Class Counsel are awarded an additional $1,000,000.00 to cover~~

5    ~~costs and expenses reasonably incurred in prosecuting this action through~~

6    ~~trial against the remaining Defendants.~~

7    (d)    The 11 class representatives are awarded incentive payments of $15,000.00

8    each, for a total of $165,000.00.

9    (e)    The attorneys' fees, reimbursement of expenses, advance of expenses, and

10    incentive awards shall be paid from the Settlement Fund.

11    (f)    The attorneys' fees and expenses shall be allocated amongst Plaintiffs'

12    Counsel by Co-Lead Class Counsel (Pearson, Simon, Warshaw & Penny,

13    LLP; and Lieff, Cabraser, Heimann & Bernstein, LLP) in a manner which,

14    in Co-Lead Class Counsel's good-faith judgment, accurately reflects each

15    of such Plaintiff's Counsel's contributions to the establishment,

16    prosecution, and resolution of this litigation.

17    **IT IS SO ORDERED.**

18

19    Date:___12/27/11_____

20

21    THE HONORABLE SUSAN ILLSTON
     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28    834790.1                                                    MDL 3:07-md-1827 SI
     4
     [PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR ATTORNEYS'
     FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

1   BRUCE L. SIMON (Bar No. 96241)
      bsimon@pswplaw.com
2   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    44 Montgomery Street, Suite 2450
3   San Francisco, California 94104
    Telephone: (415) 433-9000
4   Facsimile: (415) 433-9008

5   RICHARD M. HEIMANN (Bar No. 63607)
      rheimann@lchb.com
6   **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
    275 Battery Street, 30th Floor
7   San Francisco, California 94111
    Telephone: (415) 956-1000
8   Facsimile: (415) 956-1008

9   *Co-Lead Counsel for the Direct Purchaser Plaintiffs*

10

11                  **UNITED STATES DISTRICT COURT**

12        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

13

14   IN RE: TFT-LCD (FLAT PANEL)          Case No. MDL 3:07-md-1827 SI
     ANTITRUST LITIGATION
15                                         **CLASS ACTION**

16   This Document Relates to:            **[PROPOSED] ORDER OVERRULING
                                          OBJECTIONS TO SETTLEMENTS AND
17   ALL DIRECT PURCHASER ACTIONS         ATTORNEYS' FEES**

18                                         Date:    December 19, 2011
                                           Time:    4:00 p.m.
19                                           Ctrm:    10, 19th Floor
                                           The Honorable Susan Illston
20

21

22

23

24

25

26

27

28

951671.1                                               MDL 3:07-md-1827 SI

1    The Court, having considered the objections that have been received from two Class

2  Members, Barry Himmelstein and Michael Rinis, and argument presented at the Fairness Hearing

3  with regard to those objections, hereby overrules the objections for the following reasons:

4    1.    Mr. Himmelstein has objected to the "quick pay" provisions in the settlement

5  agreements with the Settling Defendants; that the Motion for Attorneys' Fees, Reimbursement of

6  Expenses, and Incentive Awards ("Fee Motion") was not posted on the www.tftlcdclassaction.com

7  website; and, that the 30% fee requested is excessive.

8    2.    With respect the "quick pay" provisions, Federal courts, including this Court and

9  others in this District, routinely approve settlements that provide for payment of attorneys' fees

10  prior to final disposition in complex class actions. *See e.g., The PMI Group, Inc. Sec. Litig.*, 3:08-

11  cv-01405-SI, Doc. No. 105 (N.D. Cal. Dec. 20, 2010) (Illston, J.) (ordering immediate payment of

12  attorneys' fees and expenses); *In re Gilead Sciences Sec. Litig.*, No. C-03-4999-SI, Doc. No. 282

13  (N.D. Cal. Nov. 5, 2010) (Illston, J.) (same); *In re CV Therapeutics, Inc. Sec. Litig.*, No. C 03-

14  3709 SI, 2007 WL 1033478, at *2 (N.D. Cal Apr. 4, 2007) (Illston, J.) (same); *In Re Abbott Labs.*

15  *Norvir Antitrust Litig.*, No. 4:04-cv-01511-CW, Doc. 656 (N.D. Cal. Aug. 12, 2009) (Wilken, J.)

16  (same); *In re KLA-Tencor Corp. Sec. Litig.*, C-06-04065-CRB (N.D. Cal. Sep. 26, 2008) (Breyer,

17  J.) (same). The cases approving such provisions include many antitrust matters. *See e.g., In re*

18  *Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 283-85 (3d Cir. 2009) (affirming $29.95 million fee

19  award and noting that the settlement agreement required plaintiffs' counsel to reimburse the

20  already-paid fee award, if that award were reversed on appeal); *In re NASDAQ Market-Makers*

21  *Antitrust Litig.*, 187 F.R.D. 465, 479 (S.D.N.Y. 1998) ("Numerous courts have directed that the

22  entire fee award be disbursed immediately upon entry of the award, or within a few days

23  thereafter.") (collecting cases).

24    3.    Mr. Himmelstein argues that such provisions are inherently risky because counsel

25  may be unable to repay the fees if they are reversed or reduced on appeal. That speculative

26  assertion has no basis in fact. The repayment requirements in the proposed settlements—which

27  make all plaintiffs' counsel firms and their equity owners jointly and severally liable for any

28  repayment, and answerable to this Court—are more than adequate to protect the Class and

1    Defendants.  This Court also finds that the firms which would be subject to repayment are some of

2    the most highly respected firms in the plaintiffs' antitrust bar; that there has been no showing by

3    Mr. Himmelstein that there has ever been a case where counsel, including counsel herein, have

4    failed to repay fees under such provisions; and that evidence of the ability to repay includes the

5    fact that the firms subject to repayment have financed this case for five years without any

6    guarantee of compensation or reimbursement of expenses.

7         4.     Mr. Himmelstein argues that Class Counsel should not be paid without posting a

8    letter of credit or other adequate security.  However, he fails to identify any case in which a court

9    required class counsel to obtain a letter of credit before receiving fees.  Simply put, a letter of

10   credit is neither required under the law nor necessary to protect Defendants nor the Class.  Mr.

11   Himmelstein's objection is hereby overruled.

12        5.     Mr. Himmelstein further objects because the Fee Motion was not posted on the

13   www.tftlcdclassaction.com website.  In *In re Mercury Interactive Corp. Securities Litigation*, 618

14   F.3d 988 (9th Cir. 2010), the Ninth Circuit held that Rule 23(h) of the Federal Rules of Civil

15   Procedure "requires a district court to set the deadline for objections to counsel's fee request on a

16   date *after* the motion and documents supporting it have been filed."  618 F.3d at 993.  The Ninth

17   Circuit grants wide discretion to each district court to determine how far in advance Class Counsel

18   must file the fee motion.  *See id.,* at 995.  Nonetheless, the Court concluded that "a schedule that

19   requires objections to be filed before the fee motion itself denies the class the full and fair

20   opportunity to examine and oppose the motion that Rule 23(h) contemplates."  *Id.*  Nothing in the

21   *Mercury Interactive* decision requires a motion for attorneys' fees to be posted on a class action

22   website.

23        6.     Consistent with *Mercury Interactive*, this Court set the date for Co-Lead Class

24   Counsel to file their Fee Motion a full month in advance of the objection deadline.  The motion

25   was made available to Class Members on the public docket, just like the other publicly-available

26   documents filed in this case.  Class Members have had one month to examine and oppose the

27   motion, satisfying the full-and-fair-opportunity requirement under Rule 23(h).  Like all Class

28   Members, Mr. Himmelstein has access to the public docket.  Moreover, he filed his objection and

1 notice of appearance (Doc. Nos. 4196-97) via the same ECF system that Co-Lead Class Counsel
2 used to file the Fee Motion. Mr. Himmelstein therefore cannot demonstrate any prejudice by the
3 posting of the Fee Motion on the Court's public docket alone, rather than in conjunction with the
4 class action website.

5      7.     Class Members had multiple avenues in addition to the Court's docket and the class
6 action website to obtain information about the proposed settlements and the Fee Motion. The
7 Court-approved class notices not only mention the website, but also identify the Claims
8 Administrator's toll-fee telephone number and address, as well as the names and addresses of the
9 Co-Lead Class Counsel. In *Harris v. Vector Marketing Corp.*, No. C-08-5198 ECM, 2011 WL
10 1627973, *18 (N.D. Cal. Apr. 29, 2011) (Chen, M.J.), the Court's preference that the fee petition
11 be posted on the website is that case does not compel other courts to require the same to fulfill due
12 process. Mr. Himmelstein's objection is therefore overruled.

13      8.     Finally, Mr. Himmelstein's objection to the fee requested by Class Counsel also
14 lacks merit. The Fee Motion provides the Court with exacting descriptions of the 250,000 hours
15 of work performed by counsel without compensation since 2007, a detailed accounting of the
16 $110,825,798.18 of fees incurred and $6,055,335.31 in unreimbursed costs expended to achieve
17 this exceptional result, and the significant benefits to the Class Members from the proposed
18 settlements. *See* Declaration of Bruce Simon In Support of Motion Direct Purchaser Class
19 Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (Doc.
20 No. 4060) (Declaration of Co-Lead Counsel with lengthy description of work performed in the
21 case in order to obtain $405 million in settlements); Declaration of Elizabeth Pritzker In Support
22 of Motion Direct Purchaser Class Plaintiffs' Motion for Attorneys' Fees, Reimbursement of
23 Expenses, and Incentive Awards (Doc. No. 4061) (Declaration of Liaison Counsel providing a
24 detailed accounting of all of the professional time expended and the expenses incurred in this case
25 through August 31, 2011). The 30% fee request is justified under governing legal standards, and
26 its reasonableness is confirmed by a lodestar cross-check yielding a 1.096 times multiplier. The
27 Fee Motion includes a detailed analysis as to why the Court should award a fee that is above the
28 25% "benchmark" fee in the Ninth Circuit.

9.     Mr. Himmelstein nevertheless objects that the fee, while within "the usual range of 20%-30%," is too large. Himmelstein Objection at 12. His generalized three-sentence objection to the size of the fee requested lacks substance. Mr. Himmelstein does not refute not call into question the massive amount of work performed and the exceptional result achieved in this case. His objection that the fee award is excessive is therefore overruled.

10.     Mr. Rinis appears to be a "serial objector" who has filed objections in at least 21 class action settlements in federal courts. His objection herein is untimely, having been mailed on November 28, 2011, rather than filed with the Court on that date. On that basis alone, the Court refuses to consider the objection. *See In re Heritage Bond Litig.*, 02-ML-1475 DT, 2005 WL 1594403, at *10 n.9 (C.D. Cal. June 10, 2005) (refusing to consider untimely objection received via email after the filing deadline for oppositions); *In re UnitedHealth Group Inc. Shareholder Deriv. Litig.*, 631 F.Supp.2d 1151, 1158 n.6 (D. Minn 2009) (refusing to consider untimely, unclear objection).

9.     Nevertheless, even if the Court were to consider the merits of the objection, the Court would find that it lacks merit. Mr. Rinis inaccurately asserts that the fee requested of "one third of $388 million dollars is excessive and unreasonable." The fee requested by Class Counsel is 30%, not one-third of the Settlement Fund. Moreover, Mr. Rinis does not explain why he believes the fee requested is excessive in light of the amount of work performed, the complexity of the issues involved, and the excellent result achieved. This objection is therefore overruled.

10.     Mr. Rinis also objects that "there is not basis for splitting the settlement fund 50/50 between direct consumer purchasers and others." Mr. Rinis' vague objection suggests a misunderstanding about this case. All Class Members are direct purchasers, and none of the settlement proceeds will be shared with indirect purchasers. However, if Mr. Rinis means to object to the plan of allocation between members of the Panel Class and members of the Product Class, he provides no factual or legal basis to support his objection. In their motion for preliminary approval of the proposed settlements, Co-Lead Class Counsel provided a rational basis for the proposed plan of allocation. *See In re Citric Acid Antitrust Litig.*, 145 F.Supp.2d 1152, 1154 (N.D. Cal. 2001). This objection does not demonstrate otherwise. In addition, a *pro-*

1 *rata* allocation has been used in many antitrust cases including in this District. *See, e.g., In Re*

2 *Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M-02-1486 PJH, Doc. No.

3 2093, p. 2 (N.D. Cal. Oct. 27, 2010); *In re Vitamins Antitrust Litig.*, 2000 WL 1737867 at *6

4 (D.D.C. Mar. 31, 2000); *In re Lloyds' Am. Trust Fund Litig.*, 2002 WL 31663577 at *19

5 (S.D.N.Y. Nov. 26, 2002); *In re Paine Webber Partnership Litigation*, 171 F.R.D. 104, 135

6 (S.D.N.Y. 1997). The objection is therefore overruled.

7     IT IS SO ORDERED.

8 Date:_____12/27/12_____

9                                                    THE HONORABLE SUSAN ILLSTON
                                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER OVERRULING OBJECTIONS TO SETTLEMENTS AND ATTORNEYS' FEES

1   Richard M. Heimann (State Bar No. 63607)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
3   Telephone:   (415) 956-1000
    Facsimile:    (415) 956-1008
4
    Bruce L. Simon (State Bar No. 96241)
5   PEARSON, SIMON, WARSHAW & PENNY, LLP
    44 Montgomery Street, Suite 2450
6   San Francisco, CA 94104
    Telephone:   (415) 433-9000
7   Facsimile:    (415) 433-9008

8   *Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13   IN RE TFT-LCD (FLAT PANEL)          Case No. M07-1827 SI
14   ANTITRUST LITIGATION
                                         MDL No. 1827
15
16   This Document Relates To:          **[PROPOSED] ORDER GRANTING FINAL
                                        APPROVAL OF SETTLEMENT AND
17   ALL DIRECT PURCHASER CLASS         ENTERING FINAL JUDGMENT OF
     ACTIONS                            DISMISSAL WITH PREJUDICE AS TO
18                                      DEFENDANTS CHI MEI INNOLUX
                                        CORPORATION; CHI MEI
19                                      CORPORATION; CHI MEI
                                        OPTOELECTRONICS CORPORATION;
20                                      CMO JAPAN CO., LTD.; CHI MEI
                                        OPTOELECTRONICS USA, INC.;
21                                      NEXGEN MEDIATECH, INC.; AND
                                        NEXGEN MEDIATECH USA, INC.**

22                                      Date:       December 19, 2011
                                        Time:       4:00 p.m.
23                                      Courtroom: 10, 19th Floor

24                                      The Honorable Susan Illston

25

26

27

28
                                        - 1 -                CASE NO. 07-1827 SI; MDL NO. 1827
     930556.2
     [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
     AND ENTERING FINAL JUDGMENT OF DISMISSAL AS TO CHI MEI DEFENDANTS

1    This matter has come before the Court to determine whether there is any cause why this

2   Court should not approve the settlement with defendants Chimei Innolux Corporation, Chi Mei

3   Corporation, Chi Mei Optoelectronics Corporation, CMO Japan Co., Ltd., Chi Mei

4   Optoelectronics USA, Inc., Nexgen Mediatech, Inc., and Nexgen Mediatech USA, Inc.

5   (collectively, "Chi Mei") set forth in the Settlement Agreement ("Agreement"), dated July 15,

6   2011, relating to the above-captioned litigation.  The Court, after carefully considering all papers

7   filed and proceedings held herein and otherwise being fully informed in the premises, has

8   determined (1) that the settlement should be approved, and (2) that there is no just reason for

9   delay of the entry of this final judgment approving the Agreement.  Accordingly, the Court directs

10   entry of Judgment which shall constitute a final adjudication of this case on the merits as to the

11   parties to the Agreement.  Good cause appearing therefore, it is:

12          **ORDERED, ADJUDGED AND DECREED THAT:**

13          1.      The Court has jurisdiction over the subject matter of this litigation, and all actions

14   within this litigation and over the parties to the Agreement, including all members of the Class

15   and Chi Mei.

16          2.      The definitions of terms set forth in the Agreement are incorporated hereby as

17   though fully set forth in this Judgment.

18          3.      The Court hereby finally approves and confirms the settlement set forth in the

19   Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the

20   Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21          4.      Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously

22   appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon,

23   Warshaw & Penny, LLP), are appointed as Counsel for the Class.  These firms have, and will,

24   fairly and competently represent the interests of the Class.

25          5.      The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs'

26   Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion

27   from the Class and, therefore, are excluded.  Such persons/entities are not included in or bound by

28

- 2 -                    CASE NO. 07-1827 SI; MDL NO. 1827

930556.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
AND ENTERING FINAL JUDGMENT OF DISMISSALS AS TO CHI MEI DEFENDANTS

1  this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement

2  proceeds obtained through this settlement.

3       6.     The Court hereby dismisses on the merits and with prejudice the individual and

4  class claims asserted against Chi Mei, with Plaintiffs and Chi Mei to bear their own costs and

5  attorneys' fees except as provided herein.

6       7.     All persons and entities who are Releasors are hereby barred and enjoined from

7  commencing, prosecuting, or continuing, either directly or indirectly, against the Chi Mei

8  Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which

9  they had, have, or in the future may have, arising out of or related to any of the Released Claims

10  as defined in the Agreement.

11       8.     The Chi Mei Releasees are hereby and forever released and discharged with

12  respect to any and all claims or causes of action which the Releasors had or have arising out of or

13  related to any of the Released Claims as defined in the Agreement.

14       9.     The notice given to the Class of the settlement set forth in the Agreement and the

15  other matters set forth herein was the best notice practicable under the circumstances, including

16  individual notice to all members of the Class who could be identified through reasonable efforts.

17  Said notice provided due and adequate notice of those proceedings and of the matters set forth

18  therein, including the proposed settlement set forth in the Agreement, to all persons entitled to

19  such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the

20  Federal Rules of Civil Procedure and the requirements of due process.

21       10.     Only two class members have objected to the settlement. Those objections have

22  been overruled in a separate order.

23       11.     Without affecting the finality of this Judgment in any way, this Court hereby

24  retains continuing and exclusive jurisdiction over: (a) implementation of this settlement and any

25  distribution to class members pursuant to further orders of this Court; (b) disposition of the

26  Settlement Fund (c) hearing and determining applications by the Class Representatives for

27  representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees

28  and costs, and interest; (d) Chi Mei until the final judgment contemplated hereby has become

930556.2                                    CASE NO. 07-1827 SI; MDL NO. 1827

1  effective and each and every act agreed to be performed by the parties all have been performed

2  pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation

3  of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and

4  administering the Agreement and Exhibits thereto and the mutual releases and other documents

5  contemplated by, or executed in connection with, the Agreement.

6      12.    In the event that the settlement does not become effective in accordance with the

7  terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated,

8  and in such event, all orders entered and releases delivered in connection herewith shall be null

9  and void and the parities shall be returned to their respective positions *ex ante*.

10      13.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

11  Procedure, that this Final Judgment should be entered and further finds that there is no just reason

12  for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.

13  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

14

15  Dated: _____12/27/11_____    _____

16                             The Honorable Susan Illston
                           United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

                     - 4 -           CASE NO. 07-1827 SI; MDL NO. 1827

930556.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
AND ENTERING FINAL JUDGMENT OF DISMISSAL AS TO CHI MEI DEFENDANTS

4451

Richard M. Heimann (State Bar No. 63607)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:     (415) 956-1000
Facsimile:     (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:     (415) 433-9000
Facsimile:     (415) 433-9008

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. M07-1827 SI<br><br>MDL No. 1827<br><br>[~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS HITACHI, LTD.; HITACHI DISPLAYS, LTD.; AND HITACHI ELECTRONIC DEVICES (USA), INC.** |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | |
| | Date:       December 19, 2011<br>Time:       4:00 p.m.<br>Courtroom: 10, 19th Floor<br><br>The Honorable Susan Illston |

1       This matter has come before the Court to determine whether there is any cause why this

2 Court should not approve the settlement with defendants Hitachi, Ltd., Hitachi Displays, Ltd., and

3 Hitachi Electronic Devices (USA), Inc. ("Hitachi") set forth in the Settlement Agreement

4 ("Agreement"), dated August 3, 2011, relating to the above-captioned litigation. The Court, after

5 carefully considering all papers filed and proceedings held herein and otherwise being fully

6 informed in the premises, has determined (1) that the settlement should be approved, and (2) that

7 there is no just reason for delay of the entry of this final judgment approving the Agreement.

8 Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of

9 this case on the merits as to the parties to the Agreement. Good cause appearing therefore, it is:

10       **ORDERED, ADJUDGED AND DECREED THAT:**

11       1.     The Court has jurisdiction over the subject matter of this litigation, and all actions

12 within this litigation and over the parties to the Agreement, including all members of the Class

13 and Hitachi.

14       2.     The definitions of terms set forth in the Agreement are incorporated hereby as

15 though fully set forth in this Judgment.

16       3.     The Court hereby finally approves and confirms the settlement set forth in the

17 Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the

18 Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19       4.     Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously

20 appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon,

21 Warshaw & Penny, LLP), are appointed as Counsel for the Class. These firms have, and will,

22 fairly and competently represent the interests of the Class.

23       5.     The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs'

24 Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion

25 from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by

26 this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement

27 proceeds obtained through this settlement.

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS
TO DEFENDANT HITACHI, LTD.; HITACHI DISPLAYS, LTD.; AND HITACHI ELECTRONIC DEVICES (USA), INC.

1    6.    The Court hereby dismisses on the merits and with prejudice the individual and

2  class claims asserted against Hitachi, with Plaintiffs and Hitachi to bear their own costs and

3  attorneys' fees except as provided herein.

4    7.    All persons and entities who are Releasors are hereby barred and enjoined from

5  commencing, prosecuting, or continuing, either directly or indirectly, against the Hitachi

6  Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which

7  they had, have, or in the future may have, arising out of or related to any of the Released Claims

8  as defined in the Agreement.

9    8.    The Hitachi Releasees are hereby and forever released and discharged with respect

10  to any and all claims or causes of action which the Releasors had or have arising out of or related

11  to any of the Released Claims as defined in the Agreement.

12    9.    The notice given to the Class of the settlement set forth in the Agreement and the

13  other matters set forth herein was the best notice practicable under the circumstances, including

14  individual notice to all members of the Class who could be identified through reasonable efforts.

15  Said notice provided due and adequate notice of those proceedings and of the matters set forth

16  therein, including the proposed settlement set forth in the Agreement, to all persons entitled to

17  such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the

18  Federal Rules of Civil Procedure and the requirements of due process.

19    10.    Only two class members have objected to the settlement.  Those objections have

20  been overruled in a separate order.

21    11.    Without affecting the finality of this Judgment in any way, this Court hereby

22  retains continuing and exclusive jurisdiction over:  (a) implementation of this settlement and any

23  distribution to class members pursuant to further orders of this Court; (b) disposition of the

24  Settlement Fund (c) hearing and determining applications by the Class Representatives for

25  representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees

26  and costs, and interest; (d) Hitachi until the final judgment contemplated hereby has become

27  effective and each and every act agreed to be performed by the parties all have been performed

28  pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS
TO DEFENDANT HITACHI, LTD.; HITACHI DISPLAYS, LTD.; AND HITACHI ELECTRONIC DEVICES (USA), INC.

1  of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and

2  administering the Agreement and Exhibits thereto and the mutual releases and other documents

3  contemplated by, or executed in connection with, the Agreement.

4       12.    In the event that the settlement does not become effective in accordance with the

5  terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated,

6  and in such event, all orders entered and releases delivered in connection herewith shall be null

7  and void and the parities shall be returned to their respective positions *ex ante.*

8       13.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

9  Procedure, that this Final Judgment should be entered and further finds that there is no just reason

10  for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.

11  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

13  Dated: _____12/29/11_____           _____

14                       The Honorable Susan Illston

                        United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS
TO DEFENDANT HITACHI, LTD.; HITACHI DISPLAYS, LTD.; AND HITACHI ELECTRONIC DEVICES (USA), INC.

4452

1   Richard M. Heimann (State Bar No. 63607)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
3   Telephone:    (415) 956-1000
    Facsimile:    (415) 956-1008
4
    Bruce L. Simon (State Bar No. 96241)
5   PEARSON, SIMON, WARSHAW & PENNY, LLP
    44 Montgomery Street, Suite 2450
6   San Francisco, CA 94104
    Telephone:    (415) 433-9000
7   Facsimile:    (415) 433-9008

8   *Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  | | |
    |---|---|
14  | IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. M07-1827 SI |
15  | | MDL No. 1827 |
16  | This Document Relates To: | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION** |
17  | ALL DIRECT PURCHASER CLASS ACTIONS | |
18  | | |
19  | | Date:        December 19, 2011 |
20  | | Time:        4:00 p.m. Courtroom: 10, 19th Floor |
21  | | The Honorable Susan Illston |
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS TO
DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION

1    This matter has come before the Court to determine whether there is any cause why this

2   Court should not approve the settlement with defendants Sharp Corporation and Sharp

3   Electronics Corporation ("Sharp") set forth in the Settlement Agreement ("Agreement"), dated

4   August 1, 2011, relating to the above-captioned litigation. The Court, after carefully considering

5   all papers filed and proceedings held herein and otherwise being fully informed in the premises,

6   has determined (1) that the settlement should be approved, and (2) that there is no just reason for

7   delay of the entry of this final judgment approving the Agreement. Accordingly, the Court directs

8   entry of Judgment which shall constitute a final adjudication of this case on the merits as to the

9   parties to the Agreement. Good cause appearing therefore, it is:

10          **ORDERED, ADJUDGED AND DECREED THAT:**

11          1.    The Court has jurisdiction over the subject matter of this litigation, and all actions

12   within this litigation and over the parties to the Agreement, including all members of the Class

13   and Sanyo.

14          2.    The definitions of terms set forth in the Agreement are incorporated hereby as

15   though fully set forth in this Judgment.

16          3.    The Court hereby finally approves and confirms the settlement set forth in the

17   Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the

18   Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19          4.    Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously

20   appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon,

21   Warshaw & Penny, LLP), are appointed as Counsel for the Class. These firms have, and will,

22   fairly and competently represent the interests of the Class.

23          5.    The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs'

24   Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion

25   from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by

26   this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement

27   proceeds obtained through this settlement.

28

6.      The Court hereby dismisses on the merits and with prejudice the individual and

class claims asserted against Sharp, with Plaintiffs and Sharp to bear their own costs and

attorneys' fees except as provided herein.

7.      All persons and entities who are Releasors are hereby barred and enjoined from

commencing, prosecuting, or continuing, either directly or indirectly, against the Sharp Releasees,

in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had,

have, or in the future may have, arising out of or related to any of the Released Claims as defined

in the Agreement.

8.      The Sharp Releasees are hereby and forever released and discharged with respect

to any and all claims or causes of action which the Releasors had or have arising out of or related

to any of the Released Claims as defined in the Agreement.

9.      The notice given to the Class of the settlement set forth in the Agreement and the

other matters set forth herein was the best notice practicable under the circumstances, including

individual notice to all members of the Class who could be identified through reasonable efforts.

Said notice provided due and adequate notice of those proceedings and of the matters set forth

therein, including the proposed settlement set forth in the Agreement, to all persons entitled to

such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the

Federal Rules of Civil Procedure and the requirements of due process.

10.     Only two class members have objected to the settlement.  Those objections have

been overruled in a separate order.

11.     Without affecting the finality of this Judgment in any way, this Court hereby

retains continuing and exclusive jurisdiction over:  (a) implementation of this settlement and any

distribution to class members pursuant to further orders of this Court; (b) disposition of the

Settlement Fund (c) hearing and determining applications by the Class Representatives for

representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees

and costs, and interest; (d) Sharp until the final judgment contemplated hereby has become

effective and each and every act agreed to be performed by the parties all have been performed

pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation

1    of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and

2    administering the Agreement and Exhibits thereto and the mutual releases and other documents

3    contemplated by, or executed in connection with, the Agreement.

4          12.    In the event that the settlement does not become effective in accordance with the

5    terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated,

6    and in such event, all orders entered and releases delivered in connection herewith shall be null

7    and void and the parities shall be returned to their respective positions *ex ante*.

8          13.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

9    Procedure, that this Final Judgment should be entered and further finds that there is no just reason

10   for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.

11   Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

12

13   Dated:     12/29/11                              

14                                     The Honorable Susan Illston

                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS
TO DEFENDANTS SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION

1  Richard M. Heimann (State Bar No. 63607)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
3  Telephone:    (415) 956-1000
   Facsimile:    (415) 956-1008
4
   Bruce L. Simon (State Bar No. 96241)
5  PEARSON, SIMON, WARSHAW & PENNY, LLP
   44 Montgomery Street, Suite 2450
6  San Francisco, CA 94104
   Telephone:    (415) 433-9000
7  Facsimile:    (415) 433-9008

8  *Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13 IN RE TFT-LCD (FLAT PANEL)                Case No. M07-1827 SI
14 ANTITRUST LITIGATION
                                             MDL No. 1827
15
16 This Document Relates To:                 **[CORRECTED] [~~PROPOSED~~] ORDER
                                             GRANTING FINAL APPROVAL OF
17 ALL DIRECT PURCHASER CLASS                SETTLEMENT AND ENTERING FINAL
   ACTIONS                                   JUDGMENT OF DISMISSAL WITH
18                                           PREJUDICE AS TO DEFENDANTS
                                             SHARP CORPORATION AND SHARP
19                                           ELECTRONICS CORPORATION**

                                             Date:        December 19, 2011
20                                           Time:        4:00 p.m.
                                             Courtroom: 10, 19th Floor
21
                                             The Honorable Susan Illston
22

23

24

25

26

27

28
   950961.1                          - 1 -          CASE NO. 07-1827 SI; MDL NO. 1827

1   This matter has come before the Court to determine whether there is any cause why this

2   Court should not approve the settlement with defendant Sharp Corporation set forth in the

3   Settlement Agreement ("Agreement"), dated August 1, 2011, relating to the above-captioned

4   litigation. The Court, after carefully considering all papers filed and proceedings held herein and

5   otherwise being fully informed in the premises, has determined (1) that the settlement should be

6   approved, and (2) that there is no just reason for delay of the entry of this final judgment

7   approving the Agreement. Accordingly, the Court directs entry of Judgment which shall

8   constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good

9   cause appearing therefore, it is:

10   **ORDERED, ADJUDGED AND DECREED THAT:**

11   1.   The Court has jurisdiction over the subject matter of this litigation, and all actions

12   within this litigation and over the parties to the Agreement, including all members of the Class on

13   the one hand, and Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp")

14   on the other.

15   2.   The definitions of terms set forth in the Agreement are incorporated hereby as

16   though fully set forth in this Judgment.

17   3.   The Court hereby finally approves and confirms the settlement set forth in the

18   Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the

19   Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20   4.   Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously

21   appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon,

22   Warshaw & Penny, LLP), are appointed as Counsel for the Class. These firms have, and will,

23   fairly and competently represent the interests of the Class.

24   5.   The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs'

25   Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion

26   from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by

27   this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement

28   proceeds obtained through this settlement.

6.     The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Sharp, with Plaintiffs and Sharp to bear their own costs and attorneys' fees except as provided herein.

7.     All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, against the Sharp Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8.     The Sharp Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Agreement.

9.     The notice given to the Class of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and the requirements of due process.

10.     Only two class members have objected to the settlement. Those objections have been overruled in a separate order.

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of this settlement and any distribution to class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing and determining applications by the Class Representatives for representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees and costs, and interest; (d) Sharp until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation

950961.1                                   - 3 -                    CASE NO. 07-1827 SI; MDL NO. 1827

1   of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and

2   administering the Agreement and Exhibits thereto and the mutual releases and other documents

3   contemplated by, or executed in connection with, the Agreement.

4         12.    In the event that the settlement does not become effective in accordance with the

5   terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated,

6   and in such event, all orders entered and releases delivered in connection herewith shall be null

7   and void and the parities shall be returned to their respective positions *ex ante.*

8         13.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

9   Procedure, that this Final Judgment should be entered and further finds that there is no just reason

10   for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.

11   Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

12

13   Dated: _____  1/4/12          _____

14                        The Honorable Susan Illston
                         United States District Judge