United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-0829 SI |
| METROPCS WIRELESS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. | **ORDER DENYING DEFENDANT SANYO CONSUMER ELECTRONICS CO., LTD.'S MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW** |

Defendant SANYO Consumer Electronics Co., Ltd. ("Sanyo") has filed a motion to certify for interlocutory review this Court's order denying its motion to dismiss the first amended complaint ("FAC") of plaintiff MetroPCS Wireless, Inc. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 27, 2011. Having considered the moving papers, and for good cause appearing, the Court hereby DENIES Sanyo's motion.

Certification of an interlocutory appeal is appropriate where an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Robin James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action

by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

In this instance, interlocutory appeal would not "materially advance the ultimate termination of the litigation." Even if Sanyo were successful in its appeal, MetroPCS would likely be able to amend its complaint to include additional allegations against Sanyo. Interlocutory review would also do little to save any immediate "trouble and expense." Sanyo understandably seeks to avoid the costs that will accompany its inclusion in this litigation. Given the ongoing proceedings, however, the Court would be disinclined to grant of stay of proceedings against it.

In short, the circumstances of this case do not warrant interlocutory review on the issue of the adequacy of MetroPCS's allegations. Sanyo's request for certification of an interlocutory appeal is therefore DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Sanyo's motion to certify for interlocutory review. Docket No. 80 in 11-0829; Docket No. 4159 in 07-1827.

**IT IS SO ORDERED.**

Dated: January 25, 2012

SUSAN ILLSTON
United States District Judge