IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ This Order Relates to: All Indirect-Purchaser Plaintiff Class Actions _____/ | No. M 07-1827 SI<br><br>MDL No. 1827<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO ALTER OR AMEND THE INDIRECT PURCHASER CLASSES** |

On December 9, 2011, the Court heard argument on defendants' motion to alter or amend the indirect purchaser plaintiff ("IPP") classes. Having considered the moving papers and the arguments of the parties, and for good cause appearing, the Court hereby GRANTS defendants' motion.

Defendants' motion is based on a potential overlap between members of the 24 state-law IPP classes and the direct-purchaser plaintiff product ("DPP Product") class. The DPP Product class is defined to include:

> All persons and entities who . . . directly purchased a television, computer monitor, or notebook computer containing a TFT-LCD panel, from any defendant . . . or any named co-conspirator.

The IPP classes are similarly defined, although they focus on panels, not finished products:

> All persons and entities in [State] who . . . purchased LCD panels incorporated in televisions, monitors, and/or laptop computers in [State] indirectly from one or more of the named Defendants or Quanta Display Inc. . . .

As is apparent from these definitions, the DPP Product class encompasses purchases made from any defendant or any named co-conspirator, while the IPP classes encompass only purchases made from

one or more defendants or Quanta Display Inc.[1] The lack of parallel class definitions means that some purchasers may belong to both classes.[2] For example, an individual who purchased a finished LCD product containing a defendant-made panel from a non-defendant DPP conspirator (other than Quanta) would have directly purchased a TFT-LCD *product* from "any defendant . . . or any named co-conspirator." The individual would also have purchased an LCD *panel* "indirectly from one or more of the named Defendants or Quanta Display Inc."

Although this overlap is likely small, defendants are correct that there is a risk of double-recovery. Their proposed language, however, is unwieldy.[3] Instead, the Court will redefine the IPP damages classes as follows:

> All persons and entities in [State] who from January 1, 1999 to December 31, 2006, as residents of [State], purchased LCD panels incorporated in televisions, monitors, and/or laptop computers in [State] indirectly from one or more of the named Defendants or

---

[1] In July 2011, the IPPs moved to change the class definitions to substitute "any named co-conspirator" for "Quanta Display Inc." Given the lateness of their request, however, the Court denied the motion.

[2] The following entities constitute defendants/co-conspirators in the DPP action but not in the IPP action: Epson Electronics America, Inc., Fujitsu Limited, Hannspree Inc., Hydis Technologies Co., Ltd., International Business Machines Corporation, IPS Alpha Technology, Ltd., LG Electronics, Inc., LG Electronics USA, Inc., Koninklijke Philips Electronics N.V., Mitsubishi Electric Corporation, Mitsui & Co., Ltd., Mitsui & Co. (Taiwan), Inc., NEC LCD Technologies, Ltd., Panasonic Corporation, Panasonic Corporation of North America, Philips Consumer Electronics, Philips Electronics North America, Sanyo Consumer Electronics Co. Ltd., Sanyo Electric Company, Ltd., Sanyo North America Corporation, Seiko Epson Corporation, S-LCD, and Tatung Company of America, Inc.

[3] Defendants suggest:

> [a]ll persons and entities in [State] who from January 1, 1999 to December 31, 2006, as residents of [State], purchased LCD panels incorporated in televisions, monitors, and/or laptop computers in [State] indirectly from one or more of the named Defendants or Quanta Display Inc., for their own use and not for resale, <u>except for persons who and entities which (1) purchased the televisions, monitors, and/or laptop computers directly from Epson Electronics America, Inc., Fujitsu Limited, Hannspree Inc., Hydis Technologies Co., Ltd., International Business Machines Corporation, IPS Alpha Technology, Ltd., LG Electronics, Inc., LG Electronics USA, Inc., Koninklijke Philips Electronics N.V., Mitsubishi Electric Corporation, Mitsui & Co., Ltd., Mitsui & Co. (Taiwan), Inc., NEC LCD Technologies, Ltd., Panasonic Corporation, Panasonic Corporation of North America, Philips Consumer Electronics, Philips Electronics North America, Sanyo Consumer Electronics Co. Ltd., Sanyo Electric Company, Ltd., Sanyo North America Corporation, Seiko Epson Corporation, S-LCD, or Tatung Company of America, Inc., and (2) did not opt-out of the certified direct purchaser classes in this Multidistrict Litigation No. 1827</u>.

Motion at 6.

**United States District Court**
For the Northern District of California

Quanta Display Inc., for their own use and not for resale, <u>except for persons and entities whose purchases bring them within the definition of the certified direct purchaser product class in this Multidistrict Litigation No. 1827 and who did not opt-out of that class</u>.

Further, as previously indicated,[4] the Court amends the Missouri and Rhode Island IPP classes as follows:

All persons and entities in [State] who from January 1, 1999 to December 31, 2006, as residents of [State], purchased LCD panels incorporated in televisions, monitors, and/or laptop computers in [State], indirectly from one or more of the named Defendants or Quanta Display Inc., primarily <u>for their own personal, family or household use</u> and not for resale, <u>except for persons and entities whose purchases bring them within the definition of the certified direct purchaser product class in this Multidistrict Litigation No. 1827 and who did not opt-out of that class</u>.

Based on the foregoing, the Court hereby GRANTS defendants' motion to alter the indirect-purchaser classes. Docket No. 3487.

**IT IS SO ORDERED.**

Dated: January 26, 2012

SUSAN ILLSTON
United States District Judge

---

[4] *See* Order Granting in Part Defendants' Joint Motion for Partial Summary Judgment on Various Issues of State Law, Master Docket No. 3733, at 8-9 (Sept. 28, 2011).

3