IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br><br>MDL No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br><br>*State of Missouri, et al. v. AU Optronics Corporation, et al.*, Case No. 10-cv-3619;<br><br>*State of Florida v. AU Optronics Corporation, et al.*, Case No. 10-cv-3517; and<br><br>*State of New York v. AU Optronics Corporation, et al.*, Case No. 11-cv-0711.<br>/ | ORDER GRANTING PRELIMINARY APPROVAL OF COMBINED CLASS, *PARENS PATRIAE*, AND GOVERNMENTAL ENTITY SETTLEMENTS |

The Indirect-Purchaser Plaintiffs ("IPPs") and the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin ("Settling States") have jointly moved for preliminary approval of combined class, *parens patriae*, and governmental entity settlements (the "Proposed Settlements") with the Chimei, Chunghwa, Epson, HannStar, Hitachi, Samsung, and Sharp Defendants (as identified in the Proposed Settlements, and inclusive of related entities identified in the Proposed Settlements) (collectively, the "Settling Defendants").

The Court, having reviewed the motion, the Proposed Settlements, the arguments of counsel, and the records on file in this action, finds that preliminary approval of the Proposed Settlements should be, and hereby is, GRANTED. NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Proposed Settlements with the Settling Defendants are preliminarily approved, subject to a final approval hearing of the Proposed Settlements (the "Fairness Hearing").

   a. The scope of the Proposed Settlements does not include the following: (i) the release of any claims for monetary relief brought by individuals who are not members of an IPP damages class or residents of a Settling State; (ii) the release of proprietary state claims brought by any state other than a Settling State, whether for damages, injunctive relief, or other equitable relief, including *parens patriae* claims or claims for unjust enrichment or disgorgement of profits. At the hearing on the Proposed Settlements, all of the Settling Defendants agreed that the Proposed Settlements were not intended to have any preclusive effect on the above claims, and indicated that they would not seek dismissal of those claims based upon the Proposed Settlements.

   b. The November 16, 2011, Addendum to the Samsung settlement agreement does not constitute part of the Proposed Settlements. Samsung has represented in its filings with this Court that it forfeits its rights under the Addendum and that it "unconditionally and irrevocably releases IPPs from any and all obligations" imposed by the Addendum. Samsung's disavowal of the Addendum does not affect the remainder of its rights under the Samsung settlement agreement.

2. The following class is provisionally certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Arkansas Settlement Class"):

   > All persons and entities in Arkansas who, from January 1, 1999 to December 31, 2006, as residents of Arkansas, purchased TFT-LCD Panels incorporated in televisions, monitors, and/or laptop computers in Arkansas indirectly from one or more of the named Defendants or Quanta Display, Inc., for their own use and not for resale. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant in the Actions; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and their named affiliates and coconspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

3. With respect to the Arkansas Settlement Class, the Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil of Procedure have been satisfied in that: (i) there are numerous class members, making joinder of all class members impracticable; (ii) there are

questions of fact and law that are common to all members of the class; (iii) the claims of the class representative are typical of the claims of the class; and (iv) the class representative will fairly and adequately protect the interests of the class.

4. With respect to the Arkansas Settlement Class, the Court further finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes only in that: (i) questions of fact and law common to the class members predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5. With respect to the Arkansas Settlement Class, the Court hereby appoints Robert Harmon as the class representative. The Court hereby appoints Zelle Hofmann Voelbel & Mason LLP and the Alioto Law Firm as counsel for the Arkansas Settlement Class.

6. The Court finds that the Proposed Settlements fall within the range of possible final approval. The Court further finds that there is a sufficient basis for notifying class members of the Proposed Settlements, and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

7. The Court will conduct a Fairness Hearing on April 16, 2012 at 4:00 p.m. The Fairness Hearing will be conducted to determine the following:

   a. Whether the Proposed Settlements are fair, reasonable, and adequate, and should be granted final approval;

   b. Whether final judgments should be entered dismissing the claims of the class members against the Settling Defendants with prejudice under the terms of the Proposed Settlements; and

   c. Such other matters as the Court may deem appropriate.

8. The Court, having previously certified litigation classes consisting of a nationwide injunctive relief class and 24 statewide damages classes in Orders dated March 28, 2010 and July 28, 2011 (the "Litigation Classes"); and, having conditionally certified an Arkansas Settlement Class and having granted preliminary approval of the Proposed Settlements, directs that one notice be issued to members of the Litigation Classes and the Arkansas Settlement Class informing them

3

of the Proposed Settlement, and informing them of the Litigation Classes proceeding to trial, currently set for April 23, 2012. Allowing one notice will eliminate the possibility of confusion in multiple notices and will avoid unnecessary expense.

9. The Court further directs that the one notice also inform residents of the States of Arkansas, California, Florida, Michigan, Missouri, and New York of the Proposed Settlements as the Proposed Settlements relate to the resolution of *parens patriae* claims asserted by the respective States against the Settling Defendants, including any rights of exclusion or objection that may be permitted by operation of statute in the respective States, including under Ark. Code Ann. § 4-75 315 (b); and Cal. Bus. & Prof. Code §16760(c).

10. The Court further finds that notice by publication is the best notice that is practicable under the circumstances, and constitutes valid, due, and sufficient notice that complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure. In addition, the Court finds that the proposed notice plan and forms of notice comport with due process of law and are proper under Ark. Code Ann. § 4-75-315(b)(2) and Cal. Bus. & Prof. Code § 16760(b)(1).

11. Within 30 days of this Order, the Notice Administrator (as designated by co-lead class counsel for the Indirect-Purchaser Plaintiffs and the Settling States in the motion for preliminary approval) shall cause notice substantially in the form attached hereto as Exhibit A (short-form notice) to be published according to the Notice Plan described in the declaration of Katherine Kinsella, filed concurrently with the motion for preliminary approval. Within 30 days of this Order, the Notice Administrator shall cause notice substantially in the form attached hereto as Exhibit B (long-form notice) to be posted on the internet at www.LCDclass.com.

12. Each class member shall have the right to be excluded from the Proposed Settlements, the Litigation Classes, and the Attorneys Generals' *parens patriae* actions by mailing a request for exclusion to the Notice Administrator no later than 60 days after commencement of the Notice Plan. Requests for exclusion must be in writing and set forth the name and address of the person or entity that wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, must state that the person or entity wishes to be excluded, and must be signed by the person or entity seeking exclusion. No later than 20 days after the last date

4

for class members to opt-out of the Proposed Settlements, the Litigation Classes, and the Attorneys Generals' *parens patriae* actions, the IPPs and the Settling States shall file with the Court a list of all persons and entities who have timely requested exclusion from the Proposed Settlements, the Litigation Classes, and the Attorneys Generals' *parens patriae* actions. Any timely request for exclusion received from an IPP class member shall be deemed also to be an election of exclusion from such state's *parens patriae* claims (if applicable), and vice-versa.

13. Any class member who does not properly and timely request exclusion from the Proposed Settlements shall, upon final approval of the Proposed Settlements, be bound by the terms and provisions of the Proposed Settlements so approved, including but not limited to the releases, waiver, and covenants described in the Proposed Settlements, whether or not such person or entity objected to the Proposed Settlements and whether or not such person or entity makes a claim against the settlement funds.

14. Each class member who does not timely seek exclusion shall have the right to object to the Proposed Settlements by filing written objections with the Court no later 60 days after commencement of the Notice Plan, copies of which shall be served on all counsel listed in the long-form notice. Failure to timely file and serve written objections will preclude a class member from objecting to the Proposed Settlements.

15. Each class member who does not timely seek exclusion shall have the right to appear a the Fairness Hearing by filing a Notice of Intention to Appear no later than 60 days after commencement of the Notice Plan, copies of which shall be served on all counsel listed in the long-form notice.

16. All briefs, memoranda, and papers in support of final approval of the settlement shall be filed not later than 14 days before the Fairness Hearing, and shall be posted on the internet at www.LCDclass.com. Any briefs, memoranda, and papers in support of a request for reimbursement and/or advancement of costs to be heard at the same time as the Fairness Hearing shall be filed not later than 30 days before the date that objections to the Proposed Settlement are due, and shall be posted on the internet at www.LCDclass.com.

17. All further IPP and Settling State proceedings as to the Settling Defendants are hereby stayed

except for any actions required to effectuate the Proposed Settlements or that are otherwise permitted by the Proposed Settlements or agreed to by the IPPs, the Settling States, and the Settling Defendants.

18. Pending the final determination of whether the Proposed Settlements should be approved, each IPP class representative and each member of the IPP classes, and any person purporting to act on their behalf, is hereby enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court asserting any of the Released Claims; provided, that this injunction shall not apply to individual claims of any member of the IPP Classes who has timely and properly opted out from the IPP Classes as permitted by the Court. Such injunction shall remain in force until final approval or until such time as the parties notify the Court that the Proposed Settlements have been terminated. This injunction is necessary to protect and effectuate the Proposed Settlements, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Proposed Settlements and to enter final judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Proposed Settlements.

**IT IS SO ORDERED.**

Dated: January 26, 2012

SUSAN ILLSTON
United States District Judge

# EXHIBIT A

# If You Bought a TV, Monitor, or Notebook Computer That Contained a Flat Panel Screen

## Lawsuits and Settlements Could Affect You.

There are lawsuits involving the price of thin film transistor liquid crystal display ("TFT-LCD") Flat Panels purchased indirectly from the Defendants. "Indirectly" means that you purchased the TFT-LCD Flat Panel from someone other than the manufacturer of the Flat Panel.

Settlements have been reached with seven Defendants (Chimei Innolux Corp.; Chunghwa Picture Tubes Ltd.; Epson Imaging Devices Corp.; HannStar Display Corp.; Hitachi Displays, Ltd.; Samsung Electronics Co., Ltd.; and Sharp Corp.). Three Defendants (AU Optronics Corp.; LG Display Co. Ltd.; Toshiba Corp.; and their U.S. affiliates) have not agreed to settle so the lawsuits continue against them.

### What are the lawsuits about?

The lawsuits claim that the Defendants conspired to fix, raise, maintain or stabilize prices of TFT-LCD Flat Panels resulting in overcharges to consumers who bought products containing the panels. The litigation is asking for money and an order to stop the Defendants' alleged behavior that is the subject of these lawsuits. The Defendants deny Plaintiffs' allegations or that indirect purchasers suffered any overcharge. The Court has not decided who is right.

### Who is included in the lawsuits?

The case is proceeding to recover money for consumers in 24 states and the District of Columbia and governmental entities in eight states, and for nationwide injunctive relief to stop the Defendants' alleged behavior.

**Statewide Damages Classes**: Include any person or business that indirectly purchased TFT-LCD panels incorporated in TVs, monitors and/or notebook computers from one or more of the Defendants or Quanta Display Inc., from 1999 to 2006, for their own use and not for resale, while residing in the 24 states or DC. The purchase must have been made in the same state where the person or business resided. The specific class definitions are available at www.LCDclass.com.

The 24 states are: AZ, AR, CA, FL, HI, IA, KS, ME, MA, MI, MN, MS, MO, NV, NM, NY, NC, ND, RI, SD, TN, VT, WV and WI.

**Nationwide Class**: Includes any person or business that indirectly purchased in the U.S., TFT-LCD panels incorporated in TVs, monitors and/or notebook computers, from one or more of the Defendants or Quanta Display Inc., between 1999 and the present, for their own use and not for resale, and reside in the U.S. as of the date of this notice.

**Attorneys General Actions**: The Attorneys General of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia and Wisconsin are participating in these Settlements to resolve related claims arising from the same allegations as asserted in the class actions: (1) on behalf of state residents under the doctrine of *parens patriae*, which allows a state to bring a lawsuit on behalf of its citizens, and/or governmental entities; and (2) for civil penalties.

### What do the Settlements provide?

There are seven Settlements, totaling $538,555,647, being presented to the Court for approval. Any interest earned will be added to the Settlement Fund. The Settlement Fund will be used to pay individual and business consumers in the 24 states and DC, and governmental entity consumers in the eight states. Some Settling Defendants also are paying civil penalties to the Attorneys General. More details are in Settlement Agreements and other documents available at www.LCDclass.com. The cost to administer the Settlements, as well as attorneys' fees, costs and expenses, and payments to the Class Representatives, will come out of the Settlement Fund. In the future, Plaintiffs' counsel will request attorneys' fees not to exceed one-third of the Settlement Fund, plus reimbursement of costs and expenses. The attorneys also may ask the Court to permit the use of money from the Settlement Fund to help finance the ongoing litigation.

The Settling Defendants have agreed not to engage in conduct that is at issue in these lawsuits and will establish (or maintain) a program to educate their employees about complying with the law, and will cooperate with the Plaintiffs in their ongoing litigation against the Non-Settling Defendants.

### How can I get a payment?

No money will be distributed yet. Plaintiffs' counsel will pursue the lawsuits against the Non-Settling Defendants. All funds received in this case will be distributed together at the conclusion of the lawsuits or as ordered by the Court. You will need to file a valid claim to receive a payment. Notice about the claims process will be made available at a later date. If you want to receive notice about the claims process or future settlements you should register at www.LCDclass.com.

### What are my rights?

If you do nothing, your rights will be affected. If you do not want to be legally bound by the lawsuits, you must exclude yourself from the Classes or the Attorneys General Actions. The deadline to exclude yourself is **Month 00, 2012**. If you do not exclude yourself you will not be able to sue the Defendants for any claim relating to the lawsuits. If you reside outside of the 24 states or DC you will retain any right you have to sue the Defendants for monetary relief.

The Court will hold a hearing on **Month 00, 2012** to consider whether to approve the Settlements. If you stay in the Classes, you may object to the Settlements by **Month 00, 2012**. You or your own lawyer may appear and speak at the hearing at your own expense. **Any request for exclusion or objection must be mailed to: LCD Class, PO Box 0000, City, ST 00000.**

A class action trial against the Non-Settling Defendants is scheduled to begin on April 23, 2012. A second trial, involving the claims of the Attorneys General of AR, FL, MO, MI, WV and WI, is set to begin on November 5, 2012. Additional trials involving the claims of the Attorneys General of CA and NY may take place at a later date.

---

**For More Information:   1-800-000-0000   www.LCDclass.com**

**Text: "LCD" to 00000** (Text messaging rates may apply)

# EXHIBIT B

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a TV, Monitor, or Notebook Computer that Contained a Flat Panel Screen,

## Lawsuits And Settlements May Affect You.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- Please read this notice carefully. Your legal rights are affected whether you act or don't act.

- There are lawsuits involving the price of thin film transistor liquid crystal display ("TFT-LCD") Flat Panels purchased indirectly from the Defendants. "Indirectly" means that you purchased the TFT-LCD Flat Panel from someone other than the manufacturer of the Flat Panel.

- The lawsuits were brought as class actions on behalf of consumers, including businesses that bought a TV, monitor, or notebook computer containing a TFT-LCD Flat Panel indirectly from the Defendants, for their own use and not for resale, anytime from 1999 to 2006 (for the Statewide Classes to recover money), or anytime from 1999 to the present (for the Nationwide Class to stop Defendants' conduct that is the subject of the lawsuits). Eight states have brought cases to recover money for their citizens and governmental entities, and for civil penalties. Defendants deny all of the claims in the lawsuits. *See* Question 5 below for more details.

- Settlements have been reached with seven defendants (together called the "Settling Defendants") and the lawsuits are continuing against the remaining three defendants (together called the "Non-Settling Defendants").

- The Settlements (totaling over $538 million) will pay consumers in the District of Columbia and the following states: Arizona, Arkansas, California, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin. The Settlements will also pay governmental entities in eight states.

- Settling Defendants have agreed not to engage in the conduct that is the subject of the lawsuits and will cooperate with the litigation against the Non-Settling Defendants. The ongoing litigation is seeking money and an order prohibiting the Non-Settling Defendants' alleged behavior that is the subject of the lawsuits.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE LAWSUITS AND SETTLEMENTS ||
|---|---|
| **EXCLUDE YOURSELF** | You will not be included in the ongoing lawsuits or Settlements. You will receive no benefits, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **DO NOTHING** | You will be included in the litigation and be eligible to file a claim for a payment (if you qualify) at a later date. You will give up your rights to sue the Defendants about the claims in this case. |
| **OBJECT TO SETTLEMENTS** | If you do not exclude yourself you can write to the Court explaining why you disagree with the Settlements. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlements. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................................. Page 3
    1.  What is this Notice about?
    2.  What are the lawsuits about?
    3.  What is a TFT-LCD Flat Panel?
    4.  What is a class action?

**WHO IS INCLUDED** ....................................................................................................................... Page 3
    5.  How do I know if I am in the Classes?
    6.  Are the Attorneys General involved?
    7.  Who are Defendant companies?
    8.  Why are there Settlements but the lawsuits are continuing?

**THE SETTLEMENTS' BENEFITS** .................................................................................................. Page 5
    9.   What do the Settlements provide?
    10.  How much money can I get?
    11.  When will I get a payment?
    12.  What is the injunctive relief?

**REMAINING IN THE CLASSES OR ATTORNEYS GENERAL ACTIONS** ................................. Page 6
    13. What am I giving up if I stay in the lawsuits?

**EXCLUDING YOURSELF FROM THE CLASSES OR ATTORNEYS GENERAL ACTIONS** ...... Page 7
    14. How do I get out of the Classes or Attorneys General Actions?
    15. If I don't exclude myself, can I sue for the same thing later?
    16. If I exclude myself, can I still get benefits?

**OBJECTING OR COMMENTING ON THE SETTLEMENTS** ....................................................... Page 7
    17. How do I object or comment on the Settlements?
    18. What is the difference between excluding myself (from the Classes or Attorneys General Actions) or objecting to the Settlements?

**THE LAWYERS REPRESENTING YOU** ...................................................................................... Page 8
    19. Do I have a lawyer representing me?
    20. How will the lawyers be paid?

**THE FAIRNESS HEARING** .......................................................................................................... Page 8
    21. When and where will the Court decide whether to approve the Settlements?
    22. Do I have to come to the hearing?
    23. May I speak at the hearing?

**THE TRIALS** ................................................................................................................................ Page 9
    24. When and where will the trials against the Non-Settling Defendants take place?
    25. What are the Plaintiffs asking for from the Non-Settling Defendants?
    26. Will I get money after the trials?

**GET MORE INFORMATION** ........................................................................................................ Page 9
    27. Where can I get more information?

## BASIC INFORMATION

### 1. What is this Notice about?

This Notice is to inform you about the status and partial settlement of ongoing litigation which may affect your rights. You have the right to know about the lawsuits and about your legal rights and options before the Court or a jury decides whether the claims being made against the Defendants on your behalf are correct, and whether to approve the Settlements.

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827. The people who sued are called the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 7).

### 2. What are the lawsuits about?

The lawsuits claim that the Defendants conspired to fix, raise, maintain or stabilize prices of TFT-LCD Flat Panels resulting in overcharges to consumers who bought products containing the TFT-LCD Flat Panels. The Defendants deny Plaintiffs' allegations or that indirect purchasers suffered any overcharge. The Court has not yet decided who is right.

### 3. What is a TFT-LCD Flat Panel?

TFT-LCD Flat Panels (thin-film transistor liquid display panels) are the glass display panels used in many flat screen televisions, monitors and notebook computers. Monitors have various uses, including as desktop computers and TVs. Only purchasers of TVs, monitors and notebook computers containing TFT-LCD Flat Panels are included in the Classes.

### 4. What is a class action?

In a class action, one or more people called class representatives sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED

### 5. How do I know if I am in the Classes?

These cases are proceeding as class actions for monetary recovery ("damages") for consumers in 24 states and the District of Columbia, and for nationwide injunctive relief to stop the Defendants' alleged illegal behavior and make sure that it doesn't happen in the future (*see* Question 12).

**Statewide Damages Classes**: The Statewide Classes are being brought to recover money, and include any person or business that indirectly purchased TFT-LCD panels incorporated in TVs, monitors and/or notebook computers from one or more of the Defendants (listed in the response to Question 7) or Quanta Display Inc., from 1999 to 2006, for their own use and not for resale, while residing in the 24 states or DC. The purchase must have been made in the same state where the person or business resided,

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

3

The 24 states are: Arizona, Arkansas, California, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin.

**Nationwide Class**: The Nationwide Class is being brought to stop Defendants' alleged illegal behavior and includes any person or business that indirectly purchased in the U.S., TFT-LCD panels incorporated in televisions, monitors and/or notebook computers, from one or more of the Defendants (listed in the response to Question 7) or Quanta Display Inc., between 1999 and the present, for their own use and not for resale, and reside in the U.S. as of the date of this notice.

The specific class definitions are available at www.LCDclass.com.

### 6. Are the Attorneys General involved?

The Attorneys General of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia and Wisconsin are participating in these Settlements and have asserted claims: (1) on behalf of state residents under the doctrine of *parens patriae*, which allows a state to bring a lawsuit on behalf of its citizens, and/or governmental entities; and (2) for civil penalties. The claims brought by the Attorneys General arise from the same alleged conduct by the Defendants as asserted in the class actions. The Attorneys General's lawsuits, other than California, are pending in federal court. The California Attorney General filed in California state court.

### 7. Who are the Defendant companies?

The Defendants are manufacturers and/or suppliers of TFT-LCD Flat Panels.

The Settling Defendant companies are:
- Chimei Innolux Corp.; Chi Mei Corp.; Chi Mei Optoelectronics Corp.; Chi Mei Optoelectronics USA, Inc.; CMO Japan Co., Ltd. ("Chimei");
- Chunghwa Picture Tubes Ltd. ("Chungwha");
- Epson Imaging Devices Corp. ("Epson");
- HannStar Display Corp. ("HannStar");
- Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc. ("Hitachi");
- Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Electronics America, Inc. ("Samsung"); and
- Sharp Corp.; Sharp Electronics Corp. ("Sharp").

The Non-Settling Defendant companies are:
- AU Optronics Corp.; AU Optronics Corp. America, Inc. ("AU Optronics");
- LG Display Co., Ltd.; LG Display America, Inc. ("LG");
- Toshiba Corp.; Toshiba Mobile Display Co., Ltd.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc. ("Toshiba"); and
- Non-Settling Defendants' U.S. affiliates.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

4

| 8. Why are there Settlements but the lawsuits are continuing? |
|---|

Settlements have been reached with Chimei, Chunghwa, Epson, HannStar, Hitachi, Samsung and Sharp. Non-Settling Defendants (AU Optronics, LG, Toshiba and their U.S. affiliates) have **not** agreed to settle so the lawsuits continue against them.

Additional money may become available as a result of a trial or future settlements. Alternatively, the litigation may be resolved in favor of the Non-Settling Defendants, in which case no additional money would become available. There is no guarantee as to what will happen.

## THE SETTLEMENTS' BENEFITS

| 9. What do the Settlements provide? |
|---|

There are seven Settlements, totaling $538,555,647, being presented to the Court for approval. The Settlement Fund will be used to pay individual and business consumers in the 24 states and DC. A portion of the Settlement Fund will be distributed to governmental entity consumers in the eight states with the Attorneys General Actions. In addition to the Settlement Fund, Chimei, Epson, HannStar, Hitachi and Sharp are making payments to resolve claims for civil penalties brought by the Attorneys General. More details about the anticipated distribution of the Settlement Fund are available in the Settlement Agreements and other documents available at www.LCDclass.com.

**Chimei Settlement**: Chimei will pay $110,273,318 into the Settlement Fund.

**Chunghwa Settlement**: Chunghwa will pay $5,305,105 into the Settlement Fund.

**Epson Settlement**: Epson will pay $2,850,000 into the Settlement Fund.

**HannStar Settlement**: HannStar will pay $25,650,000 into the Settlement Fund.

**Hitachi Settlement**: Hitachi will pay $38,977,224 into the Settlement Fund.

**Samsung Settlement**: Samsung will pay $240,000,000 into the Settlement Fund.

**Sharp Settlement**: Sharp will pay $115,500,000 into the Settlement Fund.

Any interest earned will be added to the Settlement Fund. The cost to administer the Settlements as well as attorneys' fees and payments to the Class Representatives will come out of the Settlement Fund (*see* Question 20). The attorneys also may ask the Court to permit the use of money from the Settlement Fund to help finance the ongoing litigation, in accordance with the provisions of the Settlements.

| 10. How much money can I get? |
|---|

At this time, it is unknown how much each Class Member who submits a valid claim will receive. Payments will be determined on a *pro rata* basis. This means it will be based on the number of valid claims filed as well as on the number/type of Flat Panel product(s) you purchased. It is anticipated that a minimum payment will be made to all Class Members who submit a valid claim. It's possible that any

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

5

money remaining after claims are paid will be distributed to charities, governmental entities, or other beneficiaries approved by the Court.

In order to receive a payment you will need to file a valid claim form when the claims period begins. A notice about the claims process will be made available after the conclusion of the lawsuits or as ordered by the Court. **If you want to receive a notice about the claims process or future settlements you should register at www.LCDclass.com or by calling 1-800-000-0000.**

### 11. When will I get a payment?

No money will be distributed yet. The lawyers for the Plaintiffs will pursue the lawsuits against the Non-Settling Defendants and expect to complete the litigation before any claims are paid. The lawyers for the Plaintiffs believe that money will be paid by the Non-Settling Defendants through additional settlements or as a result of winning the lawsuits. All funds received in this case will be distributed together at the conclusion of the lawsuits or as ordered by the Court.

### 12. What is the injunctive relief?

Chimei, Chunghwa, HannStar, Hitachi, Samsung, and Sharp have agreed not to engage in certain conduct that would violate the antitrust laws that are at issue in these lawsuits. They also agree to establish (or maintain) a program to educate their employees about complying with the law, and report on their compliance with this requirement for a period of five years. Additionally, the Settling Defendants will cooperate with the Plaintiffs in their ongoing litigation against the Non-Settling Defendants. Epson is not a participant in the injunctive relief because it no longer sells TFT-LCD Flat Panels.

## REMAINING IN THE CLASSES OR ATTORNEYS GENERAL ACTIONS

### 13. What am I giving up if I stay in the lawsuits?

You will give up your right to sue the Defendants on your own for the claims in this case unless you exclude yourself from the Classes or the Attorneys General Actions. You also will be bound by any decisions by the Court relating to the lawsuits and Settlements. If you reside <u>outside</u> of the 24 states or the District of Columbia you will retain any right you may have to sue the Defendants for monetary relief.

In return for paying the Settlement amounts, the Settling Defendants (and certain related entities defined in the Settlement Agreements) will be released from all claims relating to the facts underlying these lawsuits, as more fully described in the Settlement Agreements. The Settlement Agreements describe the released claims in detail, so read them carefully since those descriptions are binding on you. If you have any questions, you can talk to Class Counsel or the Attorneys General listed in Question 19 for free, or you can, of course, talk to your own lawyer if you have questions about what this means. The Settlement Agreements and the specific releases are available at www.LCDclass.com.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

6

## EXCLUDING YOURSELF FROM THE CLASSES OR ATTORNEYS GENERAL ACTIONS

### 14. How do I get out of the Classes and Attorneys General Actions?

To exclude yourself from the Classes and Attorneys General actions (including any *parens patriae* claims), you must send a letter (or request for exclusion) by mail stating that <u>you want to be excluded</u> from *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827. Your letter or request for exclusion must also include your name, your address, your telephone number and your signature. You must mail your exclusion request no later than **Month 00, 2012**, to:

LCD Indirect Exclusions
P.O. Box 0000
City, ST 00000-0000

### 15. If I don't exclude myself, can I sue for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims in this case.

### 16. If I exclude myself, can I still get benefits?

No. If you exclude yourself, you will not get any benefit as a result of the Settlements, trial, or judgment in this case.

## OBJECTING OR COMMENTING ON THE SETTLEMENTS

### 17. How do I object or comment on the Settlements?

If you have comments about, or disagree with, any aspect of the Settlements, including the maximum attorneys' fees which may be requested, use of settlement funds to pay administration and litigation costs and expenses, payments to Class Representatives, or to finance the ongoing litigation, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827), a brief explanation of your reasons for objection and your signature. The response must be postmarked no later than **Month 00, 2012** and mailed to:

| COURT | NOTICE ADMINISTRATOR |
|---|---|
|  |  |

### 18. What's the difference between excluding myself (from the Classes or Attorneys General Actions) or objecting to the Settlements?

If you exclude yourself from the Classes and Attorneys General Actions you are telling the Court that you don't want to be part of these cases and, therefore, you will not receive any benefits from them.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

7

Objecting simply means telling the Court that you don't like something about the Settlements. You can object only if you remain in the Classes and/or Attorneys General Actions. If you exclude yourself, you have no basis to object to the Settlements because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 19. Do I have a lawyer representing me?

The Court has appointed Zelle Hofmann Voelbel & Mason LLP and the Alioto Law Firm to represent you as "Co-Lead Class Counsel" for the Classes. As noted above, Attorneys General of eight states are also representing consumers as *parens patriae* and/or governmental entities in their states. You do not have to pay Class Counsel or the Attorneys General separately. The attorneys will be paid by asking the Court for a share of the Settlement proceeds or recovery obtained. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 20. How will the lawyers be paid?

At a later date, Class Counsel and the Attorneys General will ask the Court for attorneys' fees based on their work on this litigation, not to exceed one-third of the $538,555,647 Settlement Fund, plus reimbursement of their costs and expenses. Class Counsel will also request a payment to the Class Representatives who helped the lawyers on behalf of the Classes. Class Counsel and the Attorneys General may seek additional attorneys' fees from any other settlement or recovery obtained. Any payment to the attorneys will be subject to Court approval and the Court may award less than the requested amount. The fees, costs, expenses and awards that the Court orders, plus the costs to administer the Settlement, will come out of the Settlement Fund.

When the attorneys' motion for fees, costs and expenses, and Class Representative payments is filed it will be available at www.LCDclass.com. The motion will be posted on the website at least 45 days before the Court holds a hearing to consider the request, and you will have an opportunity to comment. Register at the website or by calling 1-800-000-0000 to receive notice when the motion is filed.

## THE FAIRNESS HEARING

### 21. When and where will the Court decide whether to approve the Settlements?

The Court will hold a Fairness Hearing at <Time> on **Month 00, 2012**, at the United States District Court for the Northern District of California, <ADDRESS>. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.LCDclass.com. At this hearing the Court will consider whether each of the Settlements is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve each of the Settlements. We do not know how long these decisions will take.

### 22. Do I have to come to the hearing?

No. Class Counsel and the Attorneys General will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

8

| 23. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2012**, and must be sent to the addresses listed in Question 17. You cannot speak at the hearing if you excluded yourself from the Classes.

## THE TRIALS

| 24. When and where will the trials against the Non-Settling Defendants take place? |
|---|

If the cases are not dismissed or settled, the Plaintiffs will have to prove their claims against the Non-Settling Defendants. The first trial, on behalf of the Class Members (excluding residents of Arkansas), is set to begin on April 23, 2012 at the United States District Court for the Northern District of California, <ADDRESS>. A second trial, involving the *parens patriae* and governmental claims of the Attorneys General of Arkansas, Florida, Missouri, Michigan, West Virginia and Wisconsin, is set to begin on November 5, 2012. Additional trials involving the *parens patriae* and government claims of the Attorneys General of California and New York have not been set yet.

During the trials, a decision will be reached about whether the Plaintiffs or the Non-Settling Defendants are right about the claims in the lawsuits. There is no guarantee that the Plaintiffs will win any money or benefits for consumers.

| 25. What are the Plaintiffs asking for from the Non-Settling Defendants? |
|---|

Class Counsel are asking for money for Class Members in the 23 states and the District of Columbia (*i.e.*, consumers in the states listed in Question 5, excluding residents of Arkansas). The Attorneys General are also asking for money for consumers and governmental entities in their states and for civil penalties. Both Class Counsel and the Attorneys General are seeking an order to prohibit the Non-Settling Defendants' alleged behavior that is the subject of the lawsuits.

| 26. Will I get money after the trials? |
|---|

If the Plaintiffs obtain money or benefits as a result of a trial or settlement, you will be notified about how to ask for a share or what your other options are at that time. These things are not known right now. Important information about the case will be posted on the website, www.LCDclass.com, as it becomes available.

## GET MORE INFORMATION

| 27. Where can I get more information? |
|---|

The Notice summarizes the lawsuits and the Settlements. You can get more information about the lawsuits and Settlements at www.LCDclass.com, by calling 1-800-000-0000, or writing to LCD Class Action, P.O. 0000, City, ST 00000.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.LCDCLASS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

9