IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-4945 SI |
| TARGET CORPORATION, *et al.*, | **ORDER GRANTING SAMSUNG SDI'S AND SANYO CONSUMER ELECTRONICS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Plaintiffs, | |
| v. | |
| AU OPTRONICS CORPORATION, *et al.*, | |
| Defendants.<br>_____/ | |

Now before the Court is a motion to dismiss the second amended complaint ("SAC") of plaintiffs Target Corporation; Sears, Roebuck and Co.; Kmart Corporation; Old Comp Inc.; Good Guys, Inc.; Radioshack Corporation; and Newegg Inc. (collectively, "Target"). Having considered the arguments presented in the moving papers, the Court hereby GRANTS defendants' motion.

**BACKGROUND**

Target filed this antitrust action in 2010, seeking to "recover the damages [it] incurred as a result of a long-running conspiracy by manufacturers of liquid crystal display panels ('LCD Panels')." *See* SAC at ¶1. On September 7, 2011, this Court granted Target leave to file a SAC. The SAC alleges that "[d]efendants and their co-conspirators formed an international cartel illegally to restrict competition in the United States in the market for LCD Panels." *Id.* at ¶3. The SAC includes claims under the Sherman Act, 15 U.S.C. § 1, and claims under the antitrust and unfair competition laws of California,

Arizona, Florida, Illinois, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Tennessee, and Wisconsin. SAC at ¶¶231-68.

Target's SAC named as defendants, for the first time, Samsung SDI Co., Ltd., Samsung SDI America, Inc. (collectively, "SDI"), and Sanyo Consumer Electronics Co., Ltd. ("Sanyo"). On November 18, 2011, SDI and Sanyo filed this motion to dismiss Target's SAC. The motion makes two arguments: first, that the majority of Target's state-law claims against SDI and Sanyo are untimely; and second, that Target state-law claims must be dismissed to the extent they are based upon out-of-state purchases.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

As mentioned above, defendants' motion challenges only two aspects of Target's complaint: (1) the timeliness of Target's state-law claims; and (2) Target's ability to bring state-law claims based upon purchases that occurred outside of that state.

## I. Timeliness of Target's Claims

Defendants seek dismissal of the majority of Target's state-law claims, specifically those claims brought under the laws of Arizona, California, Florida, Iowa, Kansas, Massachusetts, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, and Tennessee. Defendants contend, and Target does not dispute, that these jurisdictions impose three-[1] or four-[2] year statutes of limitations on Target's claims. Because Target first sought to file suit against SDI and Sanyo on August 5, 2011,[3] more than four years after the DOJ's December 2006 announcement of its investigation into the antitrust conspiracy,[4] defendants argue that these claims are untimely.

In response to defendants' argument, Target raises two grounds on which it claims it is entitled to tolling. First, in a short paragraph, it contends that "the filing of government actions by certain state attorneys general against Samsung SDI and Sanyo" tolled the applicable statutes of limitations. Oppo. at 8. Target, however, has not provided any support for this contention. It has not established that such actions exist, nor has it identified which state claims this tolling would affect. Accordingly, the Court finds that Target has not met its burden of showing that it is entitled to governmental-action tolling. *See generally Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff.").

Target's primary argument is that it is entitled to tolling based upon defendants' fraudulent concealment of the conspiracy. This Court has allowed plaintiffs in this MDL to rely on fraudulent concealment to toll the statute of limitations until the DOJ publicly disclosed its investigation into the conspiracy in December 2006. Target claims that it is entitled to additional tolling because the identities

---

[1] *See* Kansas Stat. Ann. § 60-512; Miss. Code § 15-1-49(1); Tenn. Code § 28-3-105.

[2] *See* Ariz. Rev. Stat. § 44-1410(B); Cal. Bus. & Prof. Code §§ 16750.1, 17208; Fla. Stat. § 95.11(3)(f); Iowa Code § 553.16(2); Mass. Gen. L. Ch. 260 § 5A; Minn. Stat. § 325D.64(1); Neb. Rev. Stat. § 25-206; Nevada Rev. Stat. § 598A.220(2); N.M. Stat. § 57-1-12(B); N.C. Gen. Stat. § 75-16.2.

[3] *See* Notice of Motion and Motion for Leave to File a Third Amended Complaint, Master Docket No. 3233 (August 5, 2011).

[4] Based on allegations of fraudulent concealment, this Court has treated the December 2006 disclosure of the DOJ's investigation into the antitrust conspiracy as the date the relevant statutes of limitations began to run. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666, at 27-28 (August 25, 2008).

of all conspiracy participants were never disclosed. For example, Target contends that "the 2006 public announcement concerning government investigations into anticompetitive activity of *other* co-conspirators – not SDI or Sanyo – was not sufficient to put Plaintiffs on notice, nor to lead the Plaintiffs to discover, the existence of Plaintiffs' claims against these Defendants." Oppo. at 3-4. It asserts that the laws of each of the above states permit further tolling until it learned of SDI's and Sanyo's role in the conspiracy.

The Court has reviewed the cases cited in Target's opposition brief. None of those cases clearly supports the proposition that fraudulent concealment tolls the statute of limitations until the identity of the wrongdoer is known. Instead, they generally stand for the proposition that fraudulent concealment tolls the statute of limitations until the plaintiff is put on notice of his claim. *See*, *e.g. Estate of Kirschenbaum v. Kirschenbaum*, 793 P.2d 1102, 1105 (Ariz. App.1989) (holding that inquiry notice of cause of action is sufficient to defeat fraudulent concealment); *Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal. App.4th 884, 891 (2002) ("A plaintiff is under a duty to reasonably investigate, and a suspicion of wrongdoing, coupled with a knowledge of the harm and its cause, commences the limitations period.").

It is conceivable, however, that a defendant's efforts to conceal its identity as the source of a plaintiff's injury would, in some circumstances, warrant tolling based upon fraudulent concealment. Even assuming this to be the case, fraudulent concealment would still not apply here. Target's fraudulent concealment allegations are based on the theory that defendants concealed the existence of the conspiracy. It has not alleged fraudulent concealment on the theory that defendants concealed their identities. Thus, when the conspiracy became publicly known in December 2006, any wrongful conduct on the part of the defendants stopped having its effect, removing the basis for plaintiff's tolling. To the extent Target could not determine SDI and Sanyo's role in the conspiracy after December 2006, it was not attributable to their fraud.[5] *See*, *e.g.*, *Vasek v. Warren Grain & Seed Co.*, 353 N.W.2d 175, 177

---

[5]It is difficult to accept Target's contention that it could not have learned of SDI's and Sanyo's alleged roles in the conspiracy within the relevant limitations periods. Sanyo was first named as a defendant in the third amended direct-purchaser plaintiff complaint, which was filed on December 2, 2009. SDI was named as a defendant in the Nokia direct-action case on July 23, 2010. Yet Target did not attempt to add these defendants until August 5, 2011, more than a year later.

4

(Minn. App. 1984) ("Even if fraudulent concealment continues to toll the statute . . . , it only does so during the time that the defendant by its fraud prevents the plaintiff from discovering his cause of action.").

Target's SAC includes no allegations that SDI or Sanyo took any affirmative steps to conceal their role in the conspiracy after the conspiracy became publicly known. Accordingly, the Court holds that fraudulent concealment does not toll the statute of limitations past December 2006. If Target seeks tolling based upon fraudulent concealment after that date, it must allege specific acts of concealment by each individual defendant.

## II.     State-Law Claims

Defendants also move to dismiss Target's SAC to the extent its state-law claims are based upon out-of-state purchases. The parties appear to be in agreement on this point; with the exception of its California claims, Target represents that its state-law claims are not based upon purchases made outside of the relevant state. Although Target seeks to recover for all of its purchases under California law, it recognizes this Court's holdings that only the place of purchase may be used. *See*, *e.g.*, Order Granting Defendants' Joint Motion to Dismiss and Granting Plaintiffs Leave to Amend, Master Docket No. 1823, at 4-5 (June 28, 2010). Accordingly, the Court GRANTS defendants' motion to dismiss on this issue.

## III.    Leave to Amend

Target has requested that this Court allow it to amend its complaint so it can cure any deficiencies in its SAC. Target has not, however, made any showing to the Court that there is any basis for amendment. In the absence of such a showing, Target's request for leave to amend is DENIED.

//
//
//
//

5

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' second amended complaint. Docket No. 103 in 10-4945; Docket No. 4162 in 07-1827.

**IT IS SO ORDERED.**

Dated: January 30, 2012

SUSAN ILLSTON
United States District Judge