IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-2225 SI |
| OFFICE DEPOT, INC.,<br>       Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>       Defendants. / | **ORDER RE: DEFENDANTS' REQUEST FOR CLARIFICATION** |

Defendants have filed an administrative motion for clarification of this Court's order dismissing in part Office Depot's complaint. *See* Order Granting in Part Motions to Dismiss Complaint, Master Docket No. 4592 (Jan. 18, 2012). The motion requests clarification on two points:

First, it requests clarification on "whether tolling is limited to the claims asserted and to the defendants, products, and conspiracy period identified in the *Jafarian* and *Eisler* Complaints." Motion at 1. The Court agrees that any tolling on these matters is limited in the manner set forth in its orders on similar motions in the Interbond and P.C. Richard matters. *See* Order Granting in Part Defendants' Motion to Dismiss, Master Docket No. 4602 (Jan. 18, 2012); Order Granting in Part Defendants' Motion to Dismiss, Master Docket No. 4601 (Jan. 18, 2012).

Second, defendants' motion seeks clarification on "which complaint – *Jafarian* or *Eisler* (or both) – Office Depot is actually entitled to rely on for tolling." Motion at 1. Office Depot may rely

on both cases.[1]  Docket No. 4613 in 07-1827; Docket No. 80 in 11-2225.

**IT IS SO ORDERED.**

Dated: January 31, 2012

SUSAN ILLSTON
United States District Judge

---

[1] The issue of tolling, in the piecemeal fashion it was briefed, was not particularly well-suited for resolution by this Court.  If tolling issues arise in the future, the parties should confer about the issues in advance to narrow them as much as possible before presenting them to the Court.  As defendants' motions for clarification and reconsideration on this matter illustrate, addressing the tolling effect of the earlier class actions in a serial, case-by-case progression is simply not feasible.