IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-3342 SI |
| ELECTROGRAPH SYSTEMS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NEC CORPORATION, *et al.*,<br><br>Defendants. | **ORDER DENYING NEC/DEFENDANTS' MOTION TO DISMISS ELECTROGRAPH COMPLAINT FOR IMPROPER VENUE** |

Defendants have filed an administrative motion for clarification of this Court's order dismissing in part Electrograph's complaint. *See* Order Granting in Part NEC Defendants' Motion to Dismiss, Master Docket No. 4591 (Jan. 18, 2012) ("Electrograph Dismiss Order"). The motion requests clarification of an issue raised by NEC but overlooked in the Court's order: the impact on this litigation of forum selection clauses found in six distributor agreements executed between various Electrograph and NEC entities.

The distributor agreements all provide that "[a]ny action brought by either party against the other . . . shall be brought exclusively in the appropriate state or federal courts located in the State of Illinois." Dunavan Decl., Exhs. A-F. Electrograph, however, filed this suit in the Eastern District of New York. Accordingly, NEC contends that the forum selection clauses mandate dismissal of Electrograph's suit. Alternatively, NEC requests that the suit be transferred to the Norther District of Illinois following the conclusion of pretrial proceedings. Electrograph asserts that dismissal and transfer are not warranted.

1  As the party challenging the forum selection clauses, Electrograph bears the burden of showing
2  that their enforcement would be "'unreasonable' under the circumstances." *M/S Bremen v. Zapata*
3  *Off-Shore Co.*, 407 U.S. 1, 10 (1972). "A forum selection clause is unreasonable if (1) its incorporation
4  into the contract was the result of fraud, undue influence, or overweening bargaining; (2) the selected
5  forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes
6  be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy
7  of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir.
8  1996) (citations and internal quotation marks omitted).

9  The Court agrees with Electrograph that enforcement of the forum selection clauses would
10 contravene the federal policy in favor of "efficient resolution of controversies." *See Frigate Limited*
11 *v. Damia*, 2007 WL 127996, at *3 (N.D. Cal., Jan. 12, 2007). As this Court held in its prior order, the
12 "[distributor] agreements only govern purchases that [Electrograph] made directly from the NEC
13 entities." Electrograph Dismiss Order at 5. Thus, the forum selection clauses only apply to
14 Electrograph's Sherman Act claims, and do not affect Electrograph's indirect-purchaser claims brought
15 under New York and California law. *Id.* at 5-7. Enforcing the forum selection clauses would therefore
16 splinter Electrograph's federal- and state-law claims, claims which overlap to a significant degree. This
17 would be "needlessly inconvenient and burdensome [and] plainly contrary to the policy of the federal
18 judiciary of promoting the consistent and complete adjudication of disputes." *Frigate*, 2007 WL 127996
19 at *3.

20 Accordingly, the Court DENIES NEC's motion to dismiss for improper venue, and DENIES
21 NEC's request that this case be transferred to the Northern District of Illinois after pretrial proceedings
22 have been completed. Docket No. 4754 in 07-1827; Docket No. 43 in 11-3342.

23 **IT IS SO ORDERED.**

25 Dated: February 6, 2012

SUSAN ILLSTON
United States District Judge