IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>T-MOBILE U.S.A., INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. / | No. C 11-2591 SI<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS** |

Currently before the Court are three motions to dismiss in this matter: (1) a joint motion filed by the majority of the defendants; (2) a motion filed by defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "SDI"); and (3) a joinder filed by defendant Sanyo Consumer Electronics Co., Ltd. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for February 10, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS defendants' joint motion, GRANTS SDI's motion, and DENIES Sanyo's motion.

**BACKGROUND**

Plaintiff T-Mobile U.S.A., Inc., a Delaware corporation with its principal place of business in Bellevue, Washington, is "one of the largest national providers of mobile wireless telecommunications

services in the United States." First Amended Complaint ("FAC") at ¶22. On April 18, 2011, T-Mobile filed this action in the Western District of Washington, seeking to recover for a price-fixing conspiracy in the market for Liquid Crystal Display ("LCD") panels. Compl. at ¶¶2-9. T-Mobile claims that it "purchased billions of dollars worth of mobile wireless handsets in the United States," the majority of which contained LCD panels. FAC at ¶1. Its FAC seeks to recover any damages it suffered as a result of the conspiracy under 1) the Sherman Act; 2) California's Cartwright Act; 3) the California Unfair Competition Law; and 4) New York's Donnelly Act. FAC at ¶¶280-299.

Defendants now move to dismiss T-Mobile's FAC.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

Collectively, the three motions seek dismissal of two aspects of T-Mobile's complaint: defendants' joint motion and SDI's motion seek dismissal of T-Mobile's state-law claims, while Sanyo's

2

motion seeks dismissal of T-Mobile's claims against Sanyo.[1]

## I.   T-Mobile's State Law Claims

Defendants' joint motion and SDI's motion raise two grounds for dismissal of T-Mobile's state law claims. First, the motions assert that T-Mobile's California-law claims are untimely. Second, the motions assert that T-Mobile's California and New York claims must be dismissed because T-Mobile does not allege that it made any purchases in California or New York.

The Court agrees that T-Mobile has failed to adequately allege that it purchased LCD products in New York and California. Its FAC alleges only that T-Mobile "conducted a substantial amount of business in California," and "as a result of its presence . . . T-Mobile is entitled to the protection of the laws of California." FAC at ¶¶289-90; *see also* FAC at ¶¶299 (same allegations for New York). This Court, however, has held that mere presence is not enough to invoke the law of a particular state: "in order to invoke the various state laws at issue, [a plaintiff] must be able to allege that 'the occurrence or transaction giving rise to the litigation' – which is [plaintiff's] purchase of allegedly price-fixed goods – occurred in the various states." *See*, *e.g.*, Order Granting Defendants' Joint Motion to Dismiss and Granting Plaintiffs Leave to Amend, Master Docket No. 1823, at 3-5 (June 28, 2010). Plaintiffs' vague allegations are not sufficient to meet this standard.[2]

Accordingly, the Court GRANTS defendants' and SDI's motions. In light of this holding, the Court need not reach defendants' argument that T-Mobile's California claims are untimely.

## II.   Sanyo's Motion

Sanyo's motion raises a single issue: whether T-Mobile's allegations against it are sufficient to state a claim for relief. The Court has previously addressed this argument in a case brought by Motorola

---

[1] Defendants also seek dismissal to the extent T-Mobile seeks to recover for indirect purchases under federal law, and under the Donnelly Act for purchases made prior to December 23, 1998, the date New York enacted its *"Illinois Brick* repealer" statute. In its opposition, T-Mobile represents that it does not seek to recover on either ground.

[2] Indeed, T-Mobile recognizes as much; it's one-paragraph response to this issue "acknowledges the Court's prior rulings on this question." Oppo. at 1. Accordingly, this dismissal is without leave to amend.

3

Mobility. *See* Order Denying Sanyo Consumer Electronics Co., Ltd.'s Motion to Dismiss Motorola Mobility, Inc.'s Third Amended Complaint, Master Docket No. 4145, at 1-2 (Nov. 15, 2011). The Court found that Motorola's complaint sufficiently alleged Sanyo's participation in the price-fixing conspiracy.

T-Mobile's allegations against Sanyo are almost identical to those in Motorola's complaint. As in the Motorola matter, T-Mobile alleges that Sanyo "joined the conspiracy by holding illegal price discussions with Samsung, Chunghwa, and Toshiba." *Id.*; *see also* FAC at ¶¶107-08, 125-26. Its FAC also includes such details as "the dates [the discussions] occurred, the identities of those involved, and the subject matters discussed." *Id.* Accordingly, the Court finds that T-Mobile's allegations against Sanyo are sufficient to state a claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' joint motion to dismiss, GRANTS SDI's motion to dismiss, and DENIES Sanyo's motion to dismiss. Docket Nos. 4325, 4326, 4327, 4521 in 07-1827; Docket Nos. 60, 61, 62 in 11-2591.

**IT IS SO ORDERED.**

Dated: February 6, 2012

SUSAN ILLSTON
United States District Judge