**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-5616 SI |
| SONY ELECTRONICS INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>LG DISPLAY CO., LTD, *et al.*,<br><br>    Defendants. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS SONY PLAINTIFFS' AMENDED COMPLAINT** |

Defendants LG Display Co., Ltd. and LG Display America, Inc. (together, "LG") have moved to dismiss the amended complaint of plaintiffs Sony Electronics Inc. and Sony Computer Entertainment America LLC (together, "Sony"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for February 17, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiffs, both Delaware corporations with principal places of business in California, are consumer electronics companies in the Sony corporate family. Sony Electronics sells "a broad range of consumer products, including (among others) televisions, flat-panel monitors, laptop/notebook computers, video and still cameras, and other LCD Products." Am. Compl. at ¶11. Sony Computer

Electronics America "markets and distributes the PlayStation® family of computer video game console hardware, including the PlayStation Portable® computer entertainment system." Am. Compl. at ¶13.

On December 10, 2010, Sony filed this action against LG. Sony seeks to recover for damages it suffered "as a result of an illegal conspiracy among LG Display and various other co-conspirators . . . to raise to supracompetitive levels the prices charged in the United States" for thin-film transistor liquid-crystal display ("TFT-LCD") panels and products containing TFT-LCD panels. Am. Compl. at ¶1. Sony's amended complaint contains four claims: 1) a claim under the Sherman Act; 2) a claim under the California Cartwright Act; 3) a claim under California's Unfair Competition Law; and 4) a claim for unjust enrichment and disgorgement of profits. Am. Compl. at ¶¶167-83.

LG now moves to dismiss Sony's amended complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Defendants' motion seeks dismissal of Sony's complaint on four[1] grounds. First, defendants contend that Sony's claims are untimely; second, they contend that many of Sony's state-law claims are barred by the Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6a; third, they contend that Sony lacks "antitrust standing"; and finally, they contend that Sony may not assert a stand-alone claim for unjust enrichment.

**I.     Timeliness of Sony's Claims**

LG's contention that Sony's claims are untimely requires little discussion. This Court has held a number of times that, as a pleading matter, allegations of fraudulent concealment are sufficient to toll the statute of limitations until December 11, 2006. *See*, *e.g.*, Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666, at 9-10, 27-28 (August 25, 2008) ("Defendants may renew their arguments regarding notice and due diligence in a motion for summary judgment upon a fuller factual record, as these are fact-intensive inquiries inappropriate for resolution at this preliminary stage of the litigation."). Sony filed suit on December 10, 2010, just within the four-year limitations periods that apply to its claims. *See* 15 U.S.C. § 15b, Cal. Bus & Prof. Code §§ 16750.1, 17208. Because Sony's allegations of fraudulent concealment are substantially similar to those this Court has already deemed sufficient to survive the pleading stage, dismissal is not warranted. *See*, *e.g.*, Order Denying Defendants' Joint Motion to Dismiss MetroPCS's First Amended Complaint, Master Docket No. 4051, at 3-5 ("MetroPCS Order"); *see also* Am. Compl. at ¶¶47-49, 64, 67, 97-99, 101, 109-112, 166.

LG raises a handful of arguments against this result, but none are convincing. First, it argues that Sony's claims accrued in June 2006 because Sony has "not alleged with particularity any wrongdoing by Defendants after June 2006." Motion at 6. In a related case, this Court has already rejected this assertion. *See* MetroPCS Order at 3-4. For similar reasons, it finds the argument

---

[1] Defendants also seek to dismiss Sony's amended complaint to the extent Sony seeks to recover for indirect purchases under the Sherman Act. In its opposition brief, Sony represents that it does not seek to recover for such purchases under federal law. *See* Opp'n at 2 n.2.

unconvincing here.[2]

Second, LG argues that plaintiffs must have been aware of the conspiracy because their ultimate parent, Sony Corporation, partnered with Samsung in 2004 "to form the S-LCD Corp. joint venture, which manufactured, sold, and distributed LCD panels to customers throughout the United States."[3] Motion at 9 (internal quotation marks omitted); *see also* Indirect-Purchaser Plaintiffs' Third Consol. Am. Compl., Master Docket No. 2694, at ¶¶100-101 (April 29, 2011) (naming Sony Corp. and S-LCD Corp. as co-conspirators). Of course, speculation about a factual matter such as this is inappropriate for a motion to dismiss.

## II. Effect of the FTAIA

Next, LG argues that Sony's state-law claims for indirect purchases of LCD panels must be dismissed. LG contends that Sony purchased these LCD panels outside of the United States, and that the FTAIA therefore prohibits Sony from recovering for those purchases.[4] *See* Order Granting Defendants' Joint Motion to Dismiss, Master Docket No. 1822, at 10 (June 28, 2010) (dismissing complaint because it did not "allege any facts showing how Motorola's foreign injuries were proximately caused by any domestic effects of defendants' conduct").

The FTAIA establishes a general rule that the Sherman Act does "not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations . . . ." 15 U.S.C. § 6a. It also creates what is known as the "domestic injury" exception to this general rule; foreign

---

[2] MetroPCS's complaint specifically alleged that three companies pled guilty to participating in a conspiracy that lasted until December 1, 2006. MetroPCS Order at 4. Sony's complaint does not identify this date, but the Court may take judicial notice of it. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). The fact that LG did not admit to any conduct occurring after June 2006 does not affect the Court's conclusion. Sony has alleged that the conspiracy lasted until December 2006. Until LG presents evidence that it withdrew from the conspiracy or the conspiracy otherwise ended before December 2006, the Court will accept Sony's allegations of the conspiracy's duration as true.

[3] The Court GRANTS LG's request for judicial notice.

[4] The FTAIA is a federal statute, applicable only to the Sherman Act. Thus, to prevail on this point LG must show not only that the FTAIA covers Sony's claims, it must also show that the FTAIA limits the reach of California law. Because the Court concludes that the FTAIA does not bar Sony's claims, it need not address this latter question.

4

anticompetitive conduct is still subject to the Sherman Act when it "(1) has a direct, substantial, and reasonably foreseeable effect on domestic commerce, and (2) such effect gives rise to a Sherman Act claim." *In re DRAM Antitrust Litig.*, 546 F.3d 981, 985 (9th Cir. 2008) (internal quotation marks omitted).

Sony contends that its purchases fall within this domestic injury exception to the FTAIA. In its opposition brief, Sony repeatedly represents that its complaint is "based solely on purchases that U.S. Plaintiffs made in the U.S." Opp'n at 11; *see also* Opp'n at 15 (describing plaintiffs as "American companies illegally overcharged on purchases negotiated in and made in America"); Opp'n at 21 ("The *only* purchases at issue in *this case* are the purchases of products purchased in and sent to the United States."); *see also* Am. Compl. at ¶12, 14 (alleging that plaintiffs' operations in California included procurement of and making payments for LCD panels and LCD products). Given this express limitation, the Court has little trouble concluding that Sony's claims fall within the domestic injury exception to the FTAIA. *See generally* Order Denying Defendants' Joint Dispositive Motion Regarding Indirect Purchaser Claims Based on Foreign Sales, Master Docket No. 3833 (Oct. 5, 2011).

Defendants argue, however, that Sony's purchases were foreign because Sony took possession outside the United States of the LCD panels and products it purchased. Sony's complaint, for example, alleges that it was an importer of LCD products and that it paid "any customs duties applicable to such importation." Am. Compl. at ¶¶12, 14. LG contends that this renders Sony's injury a foreign injury.

The Court does not agree. As this Court's orders make clear, it is the location of the purchase, not the ultimate destination of the LCD products, that determines where the injury occurred. *See*, *e.g.*, Order Granting Defendants' Joint Motion to Dismiss, Master Docket No. 1822 (June 28, 2010) ("Motorola Order"); Order Granting Defendants' Joint Motion to Dismiss and Granting Plaintiffs Leave to Amend, Master Docket No. 1823 (June 28, 2010) ("AT&T Order"); Order Granting Defendants' Joint Motion to Dismiss and Granting Philips Electronics North America Corporation's Motion to Dismiss; Granting Plaintiffs Leave to Amend, Master Docket No. 1824 (June 28, 2010) ("Nokia Order"). Although these orders did not involve the FTAIA, they stand for the principle that this Court has consistently applied: that the "the occurrence or transaction giving rise to the litigation . . . is [plaintiff's] purchase of allegedly price-fixed goods." Motorola Order at 12; AT&T Order at 5; Nokia Order at 6.

Applying that principle here, the Court concludes that Sony's complaint adequately alleges that its purchases were domestic. Sony alleges that it agreed to pay and paid inflated prices for LCD panels and products from its headquarters in the United States. Regardless of where it ultimately received these items, Sony's injury occurred in the United States. Accordingly, the Court DENIES LG's motion to dismiss Sony's state-law claims under the FTAIA.

### III. Antitrust Standing

Next, LG argues that Sony's state-law claims must be dismissed because plaintiffs have not adequately pleaded antitrust standing. *See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 539 (1983); *see also Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1054 (9th Cir. 1999) ("A plaintiff may only pursue an antitrust action if it can show antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants acts unlawful." (internal quotation marks omitted)). On this point, LG's argument depends in significant part on its contention that Sony's purchases of LCD panels and products were foreign purchases. *See*, *e.g.*, Motion at 17 ("Plaintiffs cannot establish antitrust injury for foreign purchases of LCD Products that arises out of domestic injury to their own U.S. end customers."). Because the Court has concluded that the purchases at issue were domestic, it likewise finds LG's argument unconvincing. In any event, the Court has rejected the argument that indirect purchasers of LCD panels do not have antitrust standing. *See* Order Denying Defendants' Joint Motion for Summary Judgment Against Indirect Purchasers in 14 States, Master Docket No. 4301 (Dec. 7, 2011). For similar reasons, the Court concludes that Sony has standing to pursue its claims.

### IV. Unjust Enrichment

Finally, LG argues that Sony cannot assert a stand-alone claim for unjust enrichment. Given that Sony has a valid state-law basis for relief, however, dismissal of its unjust enrichment claim is not warranted. *See* Order Denying Defendants' Joint Motion to Dismiss the Second Amended Complaint, Master Docket No. 3590, at 4-6 (Sept. 15, 2011) ("Where [plaintiffs have invoked a valid theory of recovery], [California] courts have generally allowed claims for 'unjust enrichment' to proceed,

6

regardless of the precise label assigned to the cause of action."). Accordingly, the Court DENIES defendants' motion to dismiss Sony's unjust enrichment claim.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES LG's motion to dismiss Sony's amended complaint. Docket No. 4646 in 07-1827; Docket No. 42 in 10-5616.

**IT IS SO ORDERED.**

Dated: February 15, 2012

SUSAN ILLSTON
United States District Judge