IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-2495 SI |
| JACO ELECTRONICS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>　　　　　　Defendants. / | **ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Currently before the Court are two motions to dismiss the first amended complaint ("FAC") of plaintiff Jaco Electronics. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for February 24, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART defendants' joint motion and DENIES the motion filed by Sanyo Consumer Electronics Co., Ltd.

Defendants' motions collectively raise three grounds for dismissal of Jaco's complaint. First, defendants contend that Jaco's Sherman Act claim impermissibly seeks to recover damages based upon the purchase of LCD panels from entities that are neither defendants nor co-conspirators. *See* FAC at ¶¶169-170 (stating that Jaco was injured by when it purchased "LCD Panels manufactured by defendants, their co-conspirators and others . . . ."). In its opposition, Jaco represents that it is not seeking to recover under federal law for any purchases that were not made directly from members of

the conspiracy. Accordingly, the Court GRANTS defendants' motion on this point.

Second, defendants contend that Jaco's complaint impermissibly relies on "group pleading." As defendants acknowledge, this Court has rejected similar arguments on numerous occasions. Because the allegations in Jaco's FAC are substantially similar to allegations this Court has found to satisfy federal pleading standards, the Court DENIES defendants' motion on this ground. *See*, *e.g.*, Order Granting in Part Defendants' Motions to Dismiss, Master Docket No. 4601, at 6-7 (Jan 18, 2012); Order Denying Defendants' Joint Motion to Dismiss the Second Amended Complaint, Master Docket No. 3590, at 3-4 (September 15, 2011).

Finally, Sanyo has filed a joinder to defendants' motion, raising the related argument that Jaco's FAC lacks sufficient allegations against Sanyo to state a claim. The Court has also rejected this argument a number of times. *See*, *e.g.*, Order Re: Defendants' Motions to Dismiss, Master Docket No. 4786, at 3-4 (Feb. 6, 2012). Because Jaco's allegations against Sanyo are almost identical to allegations this Court has approved, the Court DENIES Sanyo's motion to dismiss. *See* FAC at ¶81 (alleging that Sanyo "engaged in illegal bilateral communications with Samsung, Chunghwa, and Toshiba."); *see also* FAC at ¶¶70, 82, 88, 89; Order Denying Sanyo Consumer Electronics Co., Ltd.'s Motion to Dismiss Motorola Mobility, Inc.'s Third Amended Complaint, Master Docket No. 4145, at 1-2 (Nov. 15, 2011).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' motions to dismiss Jaco's FAC. Docket Nos. 3873, 3879 in 07-1827; Docket Nos. 34, 39, 45 in 11-2495.

**IT IS SO ORDERED.**

Dated: February 22, 2012

SUSAN ILLSTON
United States District Judge

2