IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-3342 SI |
| ELECTROGRAPH SYSTEMS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NEC CORPORATION, *et al.*,<br><br>Defendants. / | **ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW THE COURT'S ORDER DENYING IN PART NEC DEFENDANTS' MOTION TO DISMISS** |

Defendants NEC Corporation, NEC LCD Technologies, Ltd., NEC Electronics America, Inc., NEC Corporation of America, Inc., and NEC Display Solutions of America, Inc. (collectively, "NEC") have filed a motion to certify for interlocutory review this Court's order denying their motion to dismiss the complaint of plaintiffs Electrograph Systems, Inc., and Electrograph Technologies Corp. (together, "Electrograph"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for March 16, 2012. Having considered the moving papers, and for good cause appearing, the Court hereby DENIES NEC's motion.

Certification of an interlocutory appeal is appropriate where an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are

appealable, and therefore must be construed narrowly." *Robin James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

The Court concludes that immediate appeal would not "materially advance the ultimate termination of the litigation." Even accepting the unlikely proposition that the Court would stay this action pending appeal, NEC is also a defendant in at least eight other cases in this MDL. Given these parallel proceedings, immediate appeal would save NEC little trouble or expense. Nor is it clear to the Court that a ruling in NEC's favor would necessarily "eliminate" NEC from these lawsuits. *See* Motion at 20. NEC cites to no authority, for example, suggesting that Electrograph would be prohibited from amending its complaint to include any facts it discovers during the pendency of NEC's appeal.

Given that NEC's motion to dismiss was based upon its contention that Electrograph's complaint lacked adequate factual support, the Court concludes that interlocutory review is not warranted. Rather, NEC's arguments are better addressed on summary judgment. Accordingly, NEC's request for certification of an interlocutory appeal is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES NEC's motion to certify for interlocutory review. Docket No. 49 in 11-3342; Docket No. 4800 in 07-1827.

**IT IS SO ORDERED.**

Dated: March 14, 2012

SUSAN ILLSTON
United States District Judge

2