# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to: | No. C 10-01064 |
| DELL INC. and DELL PRODUCTS L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>SHARP CORPORATION, et. al.,<br><br>Defendants. | **ORDER DENYING DEFENDANTS' OBJECTION TO SPECIAL MASTER'S ORDER DENYING LEAVE TO DISCLOSE ANTHONY NANNI AS EXPERT WITNESS IN THE DELL CASE** |

The Hannstar Display Defendants, on behalf of all Defendants in the Dell case (collectively, "Defendants"), have filed an objection to the Special Master's Order denying their request for leave to disclose Anthony V. Nanni as an expert. *See* Special Master's Further Amended Order Re Defendants' Motion for Leave to Disclose Anthony Nanni as Expert Witness in the Dell and Best Buy Cases, Master Docket No. 5371 (April 4, 2012). Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for May 4, 2012. Having considered the arguments presented in the moving papers, the Court hereby DENIES Defendants' objection.

The Special Master's Order concerned Defendants' request for leave to disclose Mr. Nanni as an expert witness in the Dell case after the court-ordered deadline. Finding that "defendants have not demonstrated that their late designation of Nanni was 'substantially justified' or 'harmless,' or that they have 'good cause' for a two-to-four month delay in complying with the Court's pre-trial schedule," the

**United States District Court**
For the Northern District of California

Special Master denied Defendants' request. Order at 5; *see also* Fed. R. Civ. P. 37(c)(1) (barring a party from presenting a late-disclosed witness unless "the failure was substantially justified or harmless."). Defendants object to the Special Master's Order.

The question of whether a party has shown "good cause" for deviating from a court-imposed pretrial schedule is a procedural matter that this Court reviews for abuse of discretion. *See* Order Appointing Martin Quinn as Special Master, Master Docket No. 1679 (April 12, 2010) at ¶ 18; Fed. R. Civ. P. 53(f)(3)-(5). Courts are given "particularly wide latitude" in determining whether to issue sanctions under Rule 37. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The Court agrees with the reasoning set forth in the Special Master's Order and therefore adopts the Order in its entirety. Defendants' justification for their 90-day delay in disclosing Mr. Nanni does not amount to good cause under the July 2011 scheduling Order. Nor have Defendants convinced the Court that such delay was "substantially justified or harmless" under Federal Rule of Civil Procedure 37(c)(1). *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) ("[w]hen a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the [information or witness] . . . at trial unless it establishes that the failure was substantially justified or is harmless.").

Accordingly, the Court DENIES Defendants' objection to the Special Master's Order. Docket No. 5273, 5389 in M 07-1827; Docket No. 193 in 10-1064.

**IT IS SO ORDERED.**

Dated: May 2, 2012

SUSAN ILLSTON
United States District Judge

2