IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates To:<br>　　All Direct-Purchaser Plaintiff Class<br>　　Actions<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On April 25, 2012, the Court held a Pretrial Conference on this matter, which is scheduled for jury selection on May 14, 2012, with jury trial commencing on May 21, 2012. All parties were represented by counsel. Based on that conference, and on the hearing held May 20, 2012 concerning trial structure, the following matters have been resolved:

1. **Parties:** At the time of the Pretrial Conference, this trial was anticipated to include the remaining claims of both the Direct- and the Indirect-Purchaser Plaintiff Class Actions. Since that date, however, the Indirect-Purchaser Plaintiff ("IPP") Class Action counsel informed the Court that they have tentatively resolved their remaining claims (against defendants LG and AUO). Thus the jury trial to commence on May 21, 2012 will include only the claims of the Direct-Purchaser Plaintiff Class

Actions ("DPPs") against their only remaining defendant, Toshiba.[1]

2. **Number of jurors and challenges**: There shall be a jury of 10 members. Each side shall have up to four peremptory challenges.

3. **Voir dire**: The Jury Commissioner will distribute the approved jury questionnaire to potential jurors on May 9, 2012, and counsel will obtain and copy the completed questionnaires thereafter. Voir dire will be conducted on Monday, May 14, 2012. The Court anticipates that counsel will have reviewed and considered the completed questionnaires in advance of voir dire. The Court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

4. **Jury instructions**: Certain joint proposed jury instructions have been submitted, but given the altered scope of the trial (DPPs/Toshiba only) those must be revised. No later than **Tuesday, May 15, 2012**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court in digital format suitable for reading by WordPerfect (*wpd file) by May 15, 2012.

5. **Trial exhibits**: Counsel may set up the courtroom for trial during the week of May 8, 2012. No later than May 17, 2012, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court,

---

[1] The Toshiba defendants include Toshiba Corporation; Toshiba Mobile Display Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. Unless otherwise specified, all will be referred to collectively as "Toshiba."

the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

6. **Timing of trial**: The parties originally had identified hundreds of potential witnesses in this case and estimated that the trial would take many weeks, noting that the parallel criminal trial had taken about seven weeks. Since then, however, major portions of the case have been carved off and the case involves only one set of plaintiffs (the DPPs) and one defendant (Toshiba). Revised witness lists have been submitted, which now include somewhere between 17 and 31 witnesses for plaintiffs, and 25 witnesses for defendant, with some overlap. Plaintiffs estimate 14 court days for their direct examination; defendant does not provide an estimate. The Court has reviewed the witnesses listed and the issues to be tried, and believes that the matter can easily be tried in six court weeks, or 24 days.[2] Based on this estimate, each side shall have 60 minutes for opening statements; each side shall have 50 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 2 hours for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. The Court will be unavailable on Thursday, June 7, 2012.

7. **Motions in limine**: The parties filed approximately 51 motions in limine. All were discussed at the Pretrial Conference. Some have been mooted by the IPPs' tentative settlements; the balance are resolved as follows (any motions not mentioned are DISMISSED as moot):

---

[2] This time estimate may be over-generous. Both sides now agree that some or all of the prior guilty pleas may be admitted as substantive evidence of conspiracy in this civil action. This should considerably compress the time needed to prove major parts of the case.

3

**DPP Motions**:

No. 1: To exclude references to treble damages: GRANTED.

Nos. 2/3:  To exclude references to DPP and IPP settlements: GRANTED as to the amount or terms of any settlement; DENIED as to fact of settlement by testifying witness or by corporate employer of testifying witness.

No. 4: To exclude evidence of settling defendants' obligations to cooperate: DENIED.

No. 5: To exclude evidence of cooperating witnesses' payments while in prison: DENIED.

No. 6:  To exclude references to plaintiffs' financial condition: GRANTED, absent further Court order on offer of proof of relevance.

No. 7: To exclude references to plaintiffs' other lawsuits:  GRANTED, absent further Court order on offer of proof of relevance.

No. 8: To exclude references to relationship between named plaintiff and counsel: GRANTED, absent further Court order on offer of proof of relevance.

No. 9: To exclude references to separate cases brought by opt-outs, state AGs and IPPs: DENIED, without prejudice to specific objection to specific testimony at trial.

No. 10: IPP motion only - moot.

No. 11: To exclude references to statements made by AUSA regarding multiple conspiracies:  GRANT.

No. 12: To exclude references to fact that Toshiba was not indicted: DENIED.  Upon request, and if necessary, the Court will give a limiting instruction.

No. 13: To exclude reference to DOJ Rule 12/4 disclosures in criminal actions: GRANTED.

No. 14: To exclude reference to Samsung as amnesty applicant: DENIED.

No. 15: To exclude argument that plaintiffs' claims are barred because they arise from foreign commerce: GRANTED as to any such argument.  If/to the extent that factual predicates must be established at trial re FTAIA issues, those will simply be submitted to the jury for

4

determination.

No. 16: To exclude evidence/argument re plaintiffs' ability to pass on overcharges: GRANTED.

No. 17: To exclude evidence re failure to mitigate damages: GRANTED, absent further Court order on offer of proof.

No. 18: To exclude witnesses who refuse to describe their trial testimony: DENIED, without prejudice to specific objection at time of trial.

No. 19: To exclude all undisclosed evidence: DENIED, without prejudice to specific objection at time of trial.

No. 20: To exclude witnesses not previously disclosed by defendants: GRANTED, absent further Court order on offer of proof.

No. 21: To exclude live witnesses not made available to plaintiffs: GRANTED. Any witnesses being brought to trial by defendant for live testimony must be made available for testimony in plaintiffs' case in chief. However, the defense examination of any such witness will not be limited by the scope of plaintiffs' direct. See Toshiba No. 1.

No. 22: To exclude evidence regarding effect of large damage award: DENIED, as overbroad and premature; without prejudice to specific objections at time of trial.

No. 23: To exclude non-expert, percipient witnesses during trial: GRANTED, except as to that party's designated representative.

No. 24: To exclude expert testimony that there was no conspiracy: DENIED, as vague, overbroad and premature; without prejudice to specific objections at time of trial. No expert may offer improper legal conclusions.

No. 25: To exclude duplicative, cumulative, prejudicial, time-wasting and confusing experts: DENIED without prejudice to actual objection at time of trial. Any witness' testimony which is genuinely duplicative, cumulative, unfairly prejudicial, time-wasting or confusing will be excluded.

No. 26: To exclude expert testimony on incomplete pass-on of overcharges through affiliates: GRANTED, absent further Court order on offer of proof demonstrating ownership and

control.

No. 27: To admit evidence that witnesses have invoked the Fifth Amendment: DENIED, absent further order of Court.

No. 28: To issue finding pretrial that foundation exists to admit co-conspirator statements: DENIED, without prejudice to renewal at trial.

**Toshiba Motions:**

No. 1: To allow full defense examination of Toshiba witnesses during plaintiffs' case in chief: GRANTED; see DPP No. 21.

No. 2: To exclude evidence of anticompetitive conduct unrelated to plaintiffs' claims: DENIED, without prejudice to specific objection to specific evidence at time of trial.

No. 3: To exclude evidence of prior invocations of Fifth Amendment: GRANTED, without prejudice to reconsideration based on showing of good cause.

No. 4: To exclude use of discovery responses by other civil defendants: DENIED, without prejudice to case-by-case evaluation.

No. 5: To exclude testimony by expert Kenneth Flamm re non-index panels: DENIED, without prejudice to specific objection to specific questions/testimony at time of trial.

No. 6 – re video - withdrawn.- moot.

No. 7: To exclude evidence of guilty pleas by Japanese manufacturers: DENIED, without prejudice to specific objection at trial.

No. 8: To exclude adverse inferences from the Fifth Amendment deposition of Christina Caperton Clark: GRANTED; FRE 403.

No. 9 – re IPPs only – moot.

No. 10 - re IPPs only – moot.

**LG Motions joined in by Toshiba:**

No. 1: To exclude purported expert testimony: DENIED, without prejudice to specific objections to specific questions at time of trial.

<u>No. 2 - re IPPs only - moot.</u>

<u>No. 3: To exclude miscellaneous things:</u>

–Inflammatory rhetoric - GRANTED.

–Products/territories not at issue - DENIED without prejudice.

–Employment issues - DENIED.

–Investigations and indictments - DENIED without prejudice.

–"Gross gains" from criminal AUO trial - GRANTED; FRE 403.

**IT IS SO ORDERED.**

Dated: May 4, 2012

_____
SUSAN ILLSTON
United States District Judge