1 Francis O. Scarpulla (41059)
 Craig C. Corbitt (83251)
2 Judith A. Zahid (215418)
 Patrick B. Clayton (240191)
3 Qianwei Fu (242669)
 Heather T. Rankie (268002)
4 ZELLE HOFMANN VOELBEL & MASON LLP
 44 Montgomery Street, Suite 3400
5 San Francisco, CA  94104
 Telephone: (415) 693-0700
6 Facsimile:  (415) 693-0770
 *fscarpulla@zelle.com*
7

8 Joseph M. Alioto (42680)
 Theresa D. Moore (99978)
 ALIOTO LAW FIRM
9 225 Bush Street, 16th Floor
 San Francisco, CA 94104
10 Telephone: (415) 434-8900
 Facsimile:  (415) 434-9200
11 *jmalioto@aliotolaw.com*

12 *Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

13 [Additional counsel listed on signature pages]

14

15     **UNITED STATES DISTRICT COURT**

16     **NORTHERN DISTRICT OF CALIFORNIA**

17     **SAN FRANCISCO DIVISION**

18 IN RE TFT-LCD (FLAT PANEL)  ) Case No. 3:07-MD-1827 SI
 ANTITRUST LITIGATION   ) MDL No. 1827
19 ——————————————————— )
           )
20 This Document Relates to:   ) **INDIRECT-PURCHASER PLAINTIFFS'**
           ) **AND SETTLING STATES' JOINT**
21 Indirect-Purchaser Class Action;  ) **NOTICE OF MOTION AND MOTION**
           ) **FOR FINAL APPROVAL OF**
22 *State of Missouri, et al. v. AU Optronics* ) **COMBINED CLASS, *PARENS PATRIAE*,**
 *Corporation, et al.*, Case No. 10-cv-3619; ) **AND GOVERNMENTAL ENTITY**
23           ) **SETTLEMENTS; MEMORANDUM OF**
 *State of Florida v. AU Optronics Corporation,* ) **POINTS AND AUTHORITIES**
24 *et al.*, Case No. 10-cv-3517; and  )
           ) Hearing Date: May 18, 2012
25 *State of New York v. AU Optronics Corporation,*) Time:  9:00 a.m.
 *et al.*, Case No. 11-cv-0711.   ) Courtoom:  10, 19th Floor
26           )
           ) The Honorable Susan Illston
27 ——————————————————— )

28

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................2

II.   BACKGROUND ...................................................................................................3

    A.    Overview of the Case...................................................................................3

        1.    Indirect-Purchaser Plaintiff Class Action .......................................3

        2.    Settling States' Actions....................................................................4

    B.    Key Terms of the Proposed Settlements......................................................4

        1.    Consideration ...................................................................................5

            a.    Cash.......................................................................................5

            b.    Antitrust Injunction and Compliance....................................5

            c.    Cooperation...........................................................................6

        2.    Release .............................................................................................6

            a.    Indirect-Purchaser Plaintiff Release .....................................6

            b.    Settling States Release ..........................................................7

            c.    The Proposed Order ..............................................................7

        3.    Distribution To IPP Class Members ................................................8

        4.    Attorneys' Fees and Costs ...............................................................8

    C.    Preliminary Approval..................................................................................9

    D.    Motion For Interim Reimbursement of Expenses........................................9

    E.    Notice ..........................................................................................................9

    F.    Objections To Proposed Settlements .........................................................10

    G.    Requests For Exclusion .............................................................................11

III.  ARGUMENT .......................................................................................................11

    A.    The Settlement of Complex Litigation Is Favored ...................................11

    B.    Class Action Settlement Approval Process ...............................................11

    C.    The Notice Plan Comports With Due Process and Rule 23(e) ..............................12

i

D.     The Proposed Settlements Should Be Finally Approved........................................12

IV.     CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

**Federal Cases**

*City of Detroit v. Grinnell Corp.,*
495 F.2d 448 (2nd Cir. 1974) ................................................................................................ 14

*Cotton v. Hinton,*
559 F.2d 1326 (5th Cir. 1977) .............................................................................................. 15

*Ellis v. Naval Air Rework Facility,*
87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ........................................ 13

*In re Heritage Bond Litig.,*
MDL No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ............. 13

*Knight v. Red Door Salons, Inc.,*
No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009) .............................. 13

*In re Lorazepam & Clorazepate Antitrust Litig.,*
205 F.R.D. 369 (D.D.C. 2002) .............................................................................................. 15

*M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.,*
671 F. Supp. 819 (D. Mass. 1987) ......................................................................................... 13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................................... 14, 15

*Officers for Justice v. Civil Serv. Comm'n,*
688 F.2d 615 (9th Cir. 1982) ........................................................................................... 12, 13

*In re Paine Webber Partnerships Litig.,*
171 F.R.D. 104 (S.D.N.Y. 1997), *aff'd* 117 F.3d 721 (2d Cir. 1997) ....................................... 14

*Sullivan v. DB Investments Inc.,*
667 F.3d 273 (3rd Cir. 2011), *cert. denied sub nom. Murray v. Sullivan,*
__ S. Ct.__, 2012 WL 779996 (Apr. 2, 2012) ......................................................................... 11

*In re Syncor ERISA Litig.,*
516 F.3d 1095 (9th Cir. 2008) .............................................................................................. 11

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
483 F. Supp. 2d 1353 (Jud. Pan. Mult. Lit. 2007) .................................................................... 3

*Torrisi v. Tucson Elec. Power Co.,*
8 F.3d 1370 (9th Cir. 1993) .................................................................................................. 13

*In re Toys "R" Us Antitrust Litig.,*
191 F.R.D. 347 (E.D.N.Y. 2000) ........................................................................................... 15

*Van Bronkhorst v. Safeco Corp.,*
529 F.2d 943 (9th Cir. 1976) ........................................................................................... 11, 13

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
396 F.3d 96 (2d Cir. 2005) ................................................................................................... 12

**State Cases**

*Dunk v. Ford Motor Co.,*
   48 Cal. App. 4th 1794 (Cal. App. 4th Dist. 1996) ........................................................ 15

**Federal Rules**

Fed. R. Civ. P. 23(e) ............................................................................................................... 11, 12

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 21.632, *et seq*. ................................................. 12

4 Newberg on Class Actions, § 11.22 *et seq*. (4th ed. 2002) .......................................................... 12

iv

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on May 18, 2012, at 9:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Susan Illston, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Indirect-Purchaser Plaintiffs ("IPPs") will and hereby do move, under Rule 23(e) of the Federal Rules of Civil Procedure, for entry of an Order granting final approval of the combined class, *parens patriae*, and governmental entity settlements ("Proposed Settlements") with the Chimei, Chunghwa, Epson, HannStar, Hitachi, Samsung, and Sharp Defendants; and dismissing, with prejudice, each of the foregoing defendant groups from the IPPs' and Settling States' actions. The Attorneys General of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin join this motion.

The grounds for the motion are that: (i) notice to all individuals and entities who would be bound by the Proposed Settlements has been conducted in a reasonable manner, in accordance with the Court's Order granting preliminary approval of the Proposed Settlements (Dkt. 4688); and (ii) the Proposed Settlements meet the final approval standard of being fair, reasonable, and adequate. The motion is based upon this Notice; the following Memorandum of Points and Authorities; the accompanying Declarations of Francis O. Scarpulla, Anne E. Schneider, Katherine Kinsella, and Robin M. Niemiec; the concurrently-filed Response to Objections to Proposed Settlements and supporting declarations thereto; the arguments of counsel; and all records on file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court has granted preliminary approval to the Proposed Settlements, under which the Settling Defendants agreed to:[1]

(1)    pay a total of approximately $539 million:

|     |     |     |
| --- | --- | --- |
| (a) | Chimei | $110,273,318. |
| (b) | Chunghwa | $5,305,105. |
| (c) | Epson | $2,850,000. |
| (d) | HannStar | $25,650,000. |
| (e) | Hitachi Displays | $38,977,224. |
| (f) | Samsung | $240,000,000. |
| (g) | Sharp | $115,500,000. |
|     | **TOTAL** | **$538,555,647.** |

(2)    implement antitrust compliance programs, including agreements not to engage in conduct violative of the antitrust laws at issue in these actions, and instituting (or maintaining) educational programs for employees, and verifying such compliance for up to five years; and

(3)    provide cooperation in the preparation and trial of the actions against the non-settling defendants.[2]

The Court also approved the plan of notice of the Proposed Settlements presented by the IPPs and the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin ("Settling States").  The IPPs and the Settling States, through the Kinsella Media and Rust Consulting, have executed the notice plan.

---

[1]    The terms "Proposed Settlements" and "Settling Defendants" as used herein have the same meanings as defined in the motion for preliminary approval (Dkt. 4424, filed Dec. 23, 2011).

[2]    At the time the Proposed Settlements were executed, at least three defendant groups (AUO, LG Display, and Toshiba) had not settled; in recent weeks, these remaining defendant groups have entered into agreements in principle to settle the claims asserted against them.  While the cooperation provisions of the Proposed Settlements that are the subject of this motion may not be necessary going forward, they were valuable consideration at the time negotiated, and were valuable in achieving the subsequent settlements.

Approximately 18 objections, from a total of 28 objectors, to the Proposed Settlements were received, most of which are from "serial" or "professional" class-action objectors, and all of which lack merit.[3]

For the reasons explained below, the Court should grant final approval of the Proposed Settlements on the grounds that they are fair, reasonable, and adequate. Indeed, these all-cash indirect-purchaser recoveries represent an excellent result for the class members, and were obtained following extensive discovery and dispositive motion practice.

## II. BACKGROUND

### A. Overview of the Case

#### 1. Indirect-Purchaser Plaintiff Class Action

The IPPs allege that Defendants engaged in a worldwide, multi-year, conspiracy to fix prices and restrain competition relating to the thin-film transistor liquid crystal display panels ("LCD panels") contained in TVs, notebook computers, and monitors. *See* IPPs' Third Consol. Am. Class Action Cmpl. (Dkt. 2694). Based on their purchases of TVs, notebook computers, and monitors that contain LCD panels, the IPPs assert certified class claims for monetary relief under the antitrust, consumer protection, and unfair competition laws of 24 states (including the District of Columbia), and a certified injunctive relief class claim under federal antitrust law. The Settling Defendants dispute the allegations and have asserted defenses to the IPPs' claims.

The first indirect-purchaser complaints were filed in December 2006. In April 2007, the Judicial Panel on Multidistrict Litigation ordered the transfer of all related actions to this Court for pretrial proceedings. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 483 F. Supp. 2d 1353 (Jud. Pan. Mult. Lit. 2007). Full merits discovery commenced in January 2009, with the partial lifting of a stay requested by the Antitrust Division of United States Department of Justice. *See* Order re Stay of Discovery (Dkt. 631, filed May 27, 2008). In response to discovery requests, the IPPs received more than 7.8 million documents, totaling more than 40 million pages, many of which are not in English. Scarpulla Decl. ¶ 3. More than 100 depositions were taken by the IPPs, including many

---

[3]      The IPPs and the Settling States are concurrently filing a separate Response to Objections.

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

1    depositions in Korea, Japan, and Taiwan.  Throughout this period, the parties litigated numerous

2    discovery disputes.  *Id.*

3          The Court granted the IPPs' motion for class certification in March 2010.[4]  *See* Dkt. 1642.

4    The Ninth Circuit denied Defendants' petition for review of the class certification order in June

5    2010.  *See* Dkt. 1805.  Fact discovery ended in May 2011.  The parties exchanged expert damages

6    reports from May through August 2011.  *See* Order Extending Time and Modifying Pretrial

7    Schedule (Dkt. 2948).  The Court denied Defendants' dispositive motion under the Foreign Trade

8    Antitrust Improvements Act in October 2011 (Dkt. 3833), and declined to certify the ruling for

9    immediate appellate review in December 2011 (Dkt. 4346).  The Court has also denied summary

10   judgment motions filed by Defendants.  *See*, *e.g.*, Dkt. 4301 (denying summary judgment motion

11   based on "*AGC*" standing); 4123 (denying summary judgment motion based on "sole-sourced"

12   LCD panels); 4107 (denying Toshiba's summary judgment motion).

13         The IPPs have continued to prepare the case for trial, which was scheduled for May 21,

14   2012.  Within the past two weeks, the IPPs and the Settling States reached agreements in principle

15   to settle with all of the remaining defendant groups in the action – AUO, LG Display, and Toshiba.

16                    **2.    Settling States' Actions**

17         After lengthy pre-complaint investigations, the Settling States filed complaints in various

18   federal and state courts beginning in 2010.  Schneider Decl. ¶ 4.  The actions assert claims and

19   seek various forms of relief against Defendants arising from indirect purchases made by

20   governmental entities, and/or by consumers of TVs, notebook computers, and monitors containing

21   LCD panels under each Settling State's *parens patriae* authority, proprietary claims, and

22   enforcement authority pursuant to both federal and state law.  The Settling Defendants dispute the

23   allegations and have asserted defenses to the Settling States' claims.

24         **B.    Key Terms of the Proposed Settlements**

25         The Proposed Settlements are the result of arm's-length negotiations conducted by

26

27   ─────────────────────
     [4]      The Court subsequently certified a Missouri indirect-purchaser statewide class in an
28   identical fashion to the 23 previously-certified statewide monetary relief classes (*see* Dkt. 3198),
     bringing the total number of certified statewide monetary relief classes to 24.

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF
CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

1  plaintiffs' counsel who are experienced in antitrust class action and law enforcement cases.[5]

2  Scarpulla Decl. ¶¶ 2, 4; Schneider Decl. ¶¶ 2, 7.  The relief provided to the plaintiffs under the

3  Proposed Settlements represents, to the best of plaintiffs' counsel's knowledge, the largest all-cash

4  class recovery in any single indirect-purchaser antitrust case.  Scarpulla Decl. ¶ 4.

### 1.  Consideration

#### a.  Cash

7        Under the Proposed Settlements, the Settling Defendants will pay a total of approximately

8  $539 million.[6]  A portion of this amount will be allocated to the Settling States to resolve their

9  proprietary governmental entity claims against the Settling Defendants, according to a formula

10 contained in the Proposed Settlements (except for the Chunghwa Proposed Settlement).  First, all

11 Court-approved attorneys' fees and expenses will be deducted.  Then, an amount equal to the eight

12 Settling States' pro rata share (as compared to the gross domestic product of the 24 certified

13 statewide classes) is applied to 7% of the remaining amount, and is allocated to the  Settling States

14 for redress of their governmental entity claims.  This amount will equal less than 5% of the

15 remaining settlement funds.  More than 95% of the remaining settlement funds will go to non-

16 governmental consumers who comprise the members of the IPP statewide monetary relief classes

17 and *parens patriae* group.

#### b.  Antitrust Injunction and Compliance

19       Each Settling Defendant agrees, for a period of five years, that it will not engage in price

20 fixing, market allocation, bid rigging, or other conduct that violates Section 1 of the Sherman Act,

21 with respect to the sale of any LCD panels, or TVs, notebook computers, or monitors containing

22 LCD panels, that are likely, through the reasonably anticipated stream of commerce, to be sold to

23 end-user purchasers in the United States.  (Epson no longer manufactures or sells TFT-LCDs and

24 therefore the injunction provisions are not applicable to it.)

---

[5]     The events leading up to each of the Proposed Settlements were described in detail in the motion for preliminary approval (Dkt. 4424, at pp. 7 - 11).

[6]     The Proposed Settlements were attached as exhibits "A" through "G" to the declaration of Francis O. Scarpulla in support of the motion for preliminary approval (Dkt. 4424-2 through 4424-8).  The Scarpulla Preliminary Approval Declaration and exhibits are incorporated herein by reference.

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

1    Additionally, each Settling Defendant agrees to establish (or if applicable, maintain) an

2    antitrust compliance program for the officers and employees responsible for the pricing or

3    production capacity of LCD panels.  Each Settling Defendant shall certify, through an annual

4    written report for up to the next five years, that they are in compliance with this obligation.

5                    **c.      Cooperation**

6    Under the Proposed Settlements, each Settling Defendant agreed to provide ongoing

7    cooperation to the IPPs and the Settling States for purposes of prosecuting the respective actions

8    against the non-settling defendants.  At the time the Proposed Settlements were executed, three

9    defendant groups had not settled; in recent weeks, these remaining defendant groups have entered

10   into agreements in principle to settle the claims asserted against them.  While the cooperation

11   provisions of the Proposed Settlements may not be necessary going forward, they were valuable

12   consideration at the time negotiated, and were valuable in achieving the subsequent settlements.

13                  **2.      Release**

14                  **a.      Indirect-Purchaser Plaintiff Release**

15   Upon obtaining final approval, the IPPs will dismiss the Settling Defendants with prejudice

16   and release the claims under the terms of the Proposed Settlements.  Specifically, the IPPs release,

17   with respect to the claims asserted in the IPP action (or arising in any way from the sale of LCD

18   panels contained in TVs, notebook computers, and monitors):

19           a)        during the class period of January 1, 1999 through December 31, 2006, all

20                     claims held by indirect-purchaser end-user consumers (both natural persons

21                     and business entities) in the certified statewide monetary relief classes

22                     (including the conditionally-certified Arkansas statewide settlement class);

23                     and

24           b)        during the time period January 1, 1999 through the present, all claims for

25                     *injunctive relief* held by indirect-purchaser end-user consumers (both natural

26                     persons and business entities) in the previously-certified nationwide federal

27                     Sherman Act injunctive relief class.

28

6

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF
CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

Thus, members of the statewide monetary relief classes (all of whom are also members of the previously-certified nationwide injunctive relief class), release *all* claims relating to LCD panels, while members of the previously-certified nationwide injunctive relief class, who are not members of a statewide monetary relief class, release *only* injunctive relief claims relating to LCD panels – no monetary relief claims are released by indirect-purchaser end-user consumers who are members only of the nationwide injunctive relief class.  Similarly, enforcement, proprietary, injunctive, or *parens patriae* claims held by any state other than the eight Settling States participating in the Proposed Settlements are not released, except as discussed in subsection (iii) below.  The releases in the Proposed Settlements do not affect contract, warranty, or product-defect claims arising in the ordinary course of business unrelated to the conduct alleged in the action.

### b.   Settling States Release

Upon obtaining final approval, the Settling States will dismiss the Settling Defendants with prejudice and release the claims they brought in their respective actions under the terms of the Proposed Settlements.  Specifically, the Settling States release all claims that were asserted and all claims that could have been asserted in each Settling States' respective action, arising in any way from the sale of LCD panels and based on any form of alleged anticompetitive conduct occurring on or before December 31, 2006, including claims based on governmental entity purchases and applicable *parens patriae* claims, based on the facts alleged.  The releases in the Proposed Settlements do not affect contract, warranty, or product-defect claims arising in the ordinary course of business unrelated to the conduct alleged in the action, held by the Settling States.

### c.   The Proposed Order

The proposed final approval order also clarifies the scope of the releases in situations in which (i) a non-settling state has sued or will sue for monetary relief on behalf of its citizens (as opposed to asserting proprietary claims of state agencies, instrumentalities, and etc.) and (ii) an IPP Damages Class exists for that state.  In those instances, the intent of the parties was that the money damages claims of state citizens would be released – whether asserted by the citizens themselves or by a representative such as a state attorney general – but that state proprietary claims

7

1   would not be released.  Paragraph 10 of the proposed final approval order clarifies this intention by

2   stating that "no state may bring claims for monetary relief on behalf of its citizens, whether in

3   *parens patriae* or otherwise, to the extent that its citizens released their claims for monetary relief

4   as members of an IPP Damages Class."  Prop. Order ¶ 10.

5   ### 3.        Distribution To IPP Class Members

6           Money will not be distributed to class members until the completion of the case, so that all

7   funds received in this case, including from the recent agreements in principle with the three

8   remaining defendant groups, can be distributed together and at one time.

9           In conjunction with the approval process for the most recent agreements in principle with

10  the AUO, LG Display, and Toshiba defendants, the IPPs and the Settling States will submit a plan

11  of distribution for Court approval.  The plan of distribution will explain how payments will be

12  made *pro rata*, based upon the products purchased.  The plan of distribution will also state a

13  minimum payment cut-off for class members (*i.e.*, the smallest check amount that will be

14  distributed to a class member).  The IPPs will seek to disburse all available proceeds to members

15  of the statewide monetary relief classes, with any residual amount disposed of through

16  supplemental distributions to class members and/or *cy pres* distributions, as approved by the Court.

17          Members of the nationwide injunctive relief class, who are not also members of any

18  statewide monetary relief class, will not receive monetary compensation (but neither will they

19  release monetary claims under the Proposed Settlements).

20  ### 4.        Attorneys' Fees and Costs

21          The Proposed Settlements provide that counsel for the IPPs and the Settling States may

22  apply to the Court for an award of attorneys' fees (not to exceed one-third of the payments made

23  under the Proposed Settlements) and payment of costs and litigation expenses out of the payments

24  made under the Proposed Settlements, and that the Settling Defendants will not oppose such an

25  application.  At this time, the IPPs and the Settling States have not made any application for

26  attorneys' fees.  In conjunction with the approval process for the most recent agreements in

27  principle with the AUO, LG Display, and Toshiba defendants, the IPPs and the Settling States will

28  make an application for attorneys' fees and costs, for Court approval.

8

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF
CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

### C.      Preliminary Approval

The Court granted preliminary approval of the Proposed Settlements on January 26, 2012.  *See* Dkt. 4688.  Upon a showing by the IPPs and the Settling States in their moving papers, the Court found that the Proposed Settlements fell within the range of possible final approval, and that there was a sufficient basis for notifying class members of the Proposed Settlements.  *Id*. at ¶ 6.  The Court also conditionally certified an Arkansas statewide settlement-only class.  *Id*. at ¶ 2.

### D.      Motion For Interim Reimbursement of Expenses

On March 14, 2012, the IPPs and the Settling States filed a joint motion for interim reimbursement of expenses.  *See* Dkt. 5157.  In accordance with the Court's Order granting preliminary approval, the motion and supporting papers were also placed on the website www.LCDclass.com.  *See* Niemiec Decl. at ¶ 7.

### E.      Notice

Pursuant to the Court's Order granting preliminary approval, publication notice of the Proposed Settlements was provided to members of the classes (as well as residents of those States where *parens patriae* claims are being settled), advising of:

> (a)      the pendency of the litigation classes previously certified by the Court (including the conditional certification of the Arkansas statewide settlement class), and the deadline for any class member to be excluded;
>
> (b)      the Proposed Settlements, and the dates associated with objection and final approval; and
>
> (c)      the pendency of the litigation of *parens patriae* claims against the non-settling defendants, and the deadline for any consumers to be excluded from the Attorney General actions.

The attached declarations of Katherine Kinsella and Robin M. Niemiec describe how the notice plan was implemented.  "Summary" or "short-form" notice appeared in a wide range of print media, including *People* magazine, *Sports Illustrated*, and *The New York Times*.  Kinsella Decl. ¶¶ 5 – 8.  Internet banner advertisements ran for one month on prominent web networks, including Facebook and Microsoft Media Network.  *Id*. at ¶ 9.  Television commercials ran for two

9

1    weeks on a variety of networks like CNN and the Golf Channel, with an estimated 40,322,000

2    gross impression against adults 25 and older.  *Id.* at ¶ 10.  Press releases were distributed to nearly

3    5,000 print and broadcast outlets.  *Id.* at ¶ 13.  By using these and other methods described in her

4    declaration, Ms. Kinsella estimates that 85.6% of adults aged 25 and above were reached with an

5    estimated frequency of 5.4 times, delivering 947,246,000 gross impressions.  *Id.* at ¶ 23(b).

6        The website www.LCDclass.com went "live" on February 13, 2012, and to date has been

7    visited over 450,000 times, with approximately 30,000 potential class members having registered

8    to receive email updates from the website.  Niemiec Decl., ¶¶ 5, 11.  Visitors to the website can

9    access the preliminary approval motion papers (including the Proposed Settlements), the interim

10   expense reimbursement motion papers, and various Court orders relating to class certification and

11   trial.  *Id.* at ¶¶ 5, 7.  The website also provides access to the long-form notice (in English and

12   Spanish), as well as class definitions, defendant information, answers to frequently asked

13   questions, and contact information for the Notice Administrator.  *Id.* at ¶¶ 4, 5, 6.  The toll-free

14   telephone number established to provide information and facilitate informational requests has

15   received, to date, approximately 7,800 calls, and live operators have spoken with over 3,100

16   callers who have requested assistance.  *Id.* at ¶ 13.

17       As Ms. Kinsella concludes, based on her expertise in implementing class notice, "the reach

18   of our target audiences and the number of exposure opportunities to the notice information is the

19   best notice practicable under the circumstances . . .".  Kinsella Decl. at ¶ 28.

20       **F.    Objections To Proposed Settlements**

21       Approximately 18 objections, from a total of 28 objectors, to the Proposed Settlements

22   were received, (Niemiec Decl. ¶ 17)[7] most of which are from "serial" or "professional" class-

23   action objectors, and all of which lack merit.  The IPPs and the Settling States are concurrently

24   filing a response to the objections to the Proposed Settlements.

25
     ---
26   [7] The Niemiec Declaration In Support Of Final Approval notes that Rust Consulting received 15
     objections.  Rust did not receive the following three additional objections, which were only filed
     with the Court:  comment/objection letter of Gary Joseph Bonas II (Dkt. 5507); partial objection of
27   ePlus Group, Inc. (Dkt. 5433); and objection of the States of Illinois and Washington (Dkt. 5330).
     Finally, although not styled as an objection, Gary Joseph Bonas II submitted an additional
28   comment letter to the Court (Dkt. 5441).

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF
CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

G.      **Requests For Exclusion**

Eleven entities requested to be excluded from the IPP classes, as identified in the recent filing with the Court.  *See* IPPs' and Settling States' Notice of Exclusions, Dkt. 5579 (filed May 2, 2012).  Six of the exclusion requests appear to be natural-person end-user consumers; the remaining five are large corporate entities, all but one of which (Home Depot USA, Inc.) filed direct-action cases against the defendants.

## III.  ARGUMENT

A.      **The Settlement of Complex Litigation Is Favored**

There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation.  This is particularly true in class action suits . . .").  Moreover, "a district court's certification of a settlement simply recognizes the parties' deliberate decision to bind themselves according to mutually agreed-upon terms without engaging in any substantive adjudication of the underlying causes of action."  *Sullivan v. DB Investments Inc.*, 667 F.3d 273, 312 (3rd Cir. 2011) (en banc) (affirming certification of a nationwide indirect-purchaser settlement class), *cert. denied sub nom. Murray v. Sullivan*, __ S. Ct.__, 2012 WL 779996 (Apr. 2, 2012).  As the Court is well aware, for more than four years this case has been marked by exceedingly complex legal issues, sprawling discovery, and hotly contested motion practice conducted by skilled legal practitioners on all sides. The historic nature of the settlements with these Settling Defendants confirms the appropriateness of the Proposed Settlements, and supports the entry of final approval.

B.      **Class Action Settlement Approval Process**

Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Consistent with this Rule, class action jurisprudence has developed three distinct steps for the approval of a class settlement:  a) preliminary approval of the proposed settlements; b) dissemination of notice of the proposed settlements to class members; and c) a fairness hearing (also referred to as a final

---

11

1    approval hearing) where class members may be heard regarding the settlements, and counsel may

2    introduce evidence and present arguments regarding the fairness, adequacy, and reasonableness of

3    the settlements.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 21.632, *et seq.*; *see also* 4

4    Newberg on Class Actions, § 11.22 *et seq.* (4th ed. 2002).

5         The Court has completed the first step in this process by granting preliminary approval of

6    the Proposed Settlements.  The second step, notice, has been completed as described above and in

7    the accompanying declarations of Katherine Kinsella and Robin M. Niemiec.  By this motion, the

8    IPPs respectfully request that the Court take the final step by holding a formal fairness hearing and

9    granting final approval to the Proposed Settlements, and entering judgments of dismissal with

10   prejudice as to the Settling Defendants.

11        **C.      The Notice Plan Comports With Due Process and Rule 23(e)**

12        Constitutional due process and Rule 23(e) of the Federal Rules of Civil Procedure require

13   that class members be given "reasonable" notice of a proposed settlement and their right to be

14   heard at the fairness hearing to determine whether final approval of the settlement should be

15   granted.  *See* Fed. R. Civ. P. 23(e); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113-14

16   (2d Cir. 2005).

17        In its January 26, 2012 Order granting preliminary approval of the Proposed Settlements,

18   the Court, based on the arguments fully set forth in the motion for preliminary approval, held that

19   the proposed notice program – which included publication notice and the posting of notice on the

20   website www.LCDclass.com – "is the best notice that is practicable under the circumstances, and

21   constitutes, valid, due, and sufficient notice that complies with the requirements of Rule 23 of the

22   Federal Rules of Civil Procedure."   Dkt. 4688 at ¶ 10.  As noted above, that notice program was

23   implemented as required by the Court's Order.  No objections have been raised with regard to the

24   adequacy of the notice program.  Therefore, the Court should find the notice program related to the

25   Proposed Settlements satisfies the requirements of due process and Rule 23(e).

26        **D.      The Proposed Settlements Should Be Finally Approved**

27        It is well established in the Ninth Circuit that "voluntary conciliation and settlement are the

28   preferred means of dispute resolution."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615,

12

1   625 (9th Cir. 1982); *accord Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 U.S. Dist.

2   LEXIS 11149, at *8 (N.D. Cal. Feb. 2, 2009).  "[T]here is an overriding public interest in settling

3   and quieting litigation" and this is "particularly true in class action suits."  *Van Bronkhorst v.*

4   *Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).  In evaluating a proposed class action settlement,

5   the Ninth Circuit has recognized that:

6

7           [T]he universally applied standard is whether the settlement is fundamentally
            fair, adequate and reasonable. The district court's ultimate determination will
8           necessarily involve a balancing of several factors which may include, among
            others, some or all of the following: the strength of plaintiffs' case; the risk,
9           expense, complexity, and likely duration of further litigation; the risk of
            maintaining class action status throughout the trial; the amount offered in
10          settlement; the extent of discovery completed and the stage of the proceedings;
            the experience and views of counsel; the presence of a governmental
11          participant; and the reaction of the class members to the proposed settlement.

12  *Officers for Justice*, 688 F.2d at 625 (citations omitted); *accord Torrisi v. Tucson Elec. Power Co.*,

13  8 F.3d 1370, 1375 (9th Cir. 1993).

14          This Court is entitled to exercise its "sound discretion" when deciding whether to grant

15  final approval.  *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661

16  F.2d 939 (9th Cir. 1981); *Torrisi*, 8 F.3d at 1375.  In doing so, "the court's intrusion upon what is

17  otherwise a private consensual agreement negotiated between the parties to a lawsuit must be

18  limited to the extent necessary to reach a reasoned judgment that the agreement is not the product

19  of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

20  taken as a whole, is fair, reasonable, and adequate to all concerned."  *Officers for Justice*, 688 F.2d

21  at 625; *In re Heritage Bond Litig.*, MDL No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555, at

22  *10 (C.D. Cal. June 10, 2005).  "Where, as here, a proposed class settlement has been reached

23  after meaningful discovery, after arm's-length negotiation, conducted by capable counsel, it is

24  presumptively fair."  *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819,

25  822 (D. Mass. 1987); *accord In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at **11-

26  12.  Each of the Proposed Settlements here is certainly fair, reasonable, and adequate.

27          First, the consideration for each Proposed Settlement is substantial, ranging from $2.9

28  million (Epson) to $240 million (Samsung).  The Proposed Settlements total $538,555,647, and are

13

an extraordinary result, particularly for an indirect-purchaser case involving numerous complex and highly contested issues, with which the Court is familiar.  *See* Scarpulla Decl. ¶ 4.  The total amount of the Proposed Settlements represents a significant recovery of the damages amount estimated by the IPPs' experts.  *See* Joint Pretrial Conference Statement (Dkt. No. 5121) at 30-31 (describing the IPPs' single-damage estimates as ranging from $2.27 billion to $3.226 billion).  This level of recovery – which does not even settle the entire case, as it does not include the recent settlements with the AUO, LG Display, and Toshiba defendants – is highly favorable as compared to recoveries obtained in other antitrust class action settlements.  *See, e.g., City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2nd Cir. 1974) ("In fact, there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth of a single percent of the potential recovery.").

Second, the Proposed Settlements were the product of intense and thorough arm's-length negotiations that were conducted by experienced and informed counsel.  The negotiations occurred over a span of many months and involved numerous meetings.  The parties were assisted by two nationally renowned mediators appointed by the Court, Professor Eric Green and the Honorable Daniel Weinstein.  Scarpulla Decl. ¶ 4.  The negotiations were contested, conducted in the utmost good faith, and the settlements were appropriate in light of the position of and evidence against each Settling Defendant.  *See* Preliminary Approval Motion (Dkt. 4424) at pp. 7 - 11.

Third, plaintiffs' counsel were able to make informed evaluations of proposed settlement offers because they negotiated the Proposed Settlements after undertaking fact and expert discovery, reviewed and analyzed millions of pages of Defendants' documents, dozens of depositions, and numerous dispositive motions.  Together, these steps provided plaintiffs' counsel with insight to both the strengths and weaknesses of the case, including as against each Settling Defendant.

In addition, plaintiffs' counsel's belief that the Settlements are in the best interest of the Class is entitled to "great weight."  *In re Paine Webber Partnerships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997) (citation omitted), *aff'd* 117 F.3d 721 (2d Cir. 1997); *accord Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is

14

accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").  In fact, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Nat'l Rural Telecomms.*, 221 F.R.D. at 528, *quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

The participation in the Proposed Settlements by the Settling States should also be a factor in favor of granting final approval of Proposed Settlements. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 380 (D.D.C. 2002) (quoting *In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000) ("participation of the State Attorneys General furnishes extra assurance that consumers' interests are protected"); *see*, *e.g.*, *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1801 (Cal. App. 4th Dist. 1996).

## IV.  CONCLUSION

For the foregoing reasons, the IPPs and the Settling States respectfully request that the Court finally approve the Proposed Settlements.


Dated: May 4, 2012                          ZELLE HOFMANN VOELBEL & MASON LLP


                                            By: _/s/  Francis O. Scarpulla_____

                                                Francis O. Scarpulla

                                            Francis O. Scarpulla (41059)
                                            Craig C. Corbitt (83251)
                                            Judith A. Zahid (215418)
                                            Patrick B. Clayton (240191)
                                            Qianwei Fu (242669)
                                            Heather T. Rankie (268002)
                                            ZELLE HOFMANN VOELBEL & MASON LLP
                                            44 Montgomery Street, Suite 3400
                                            San Francisco, CA  94104
                                            Telephone:  (415) 693-0700
                                            Facsimile:   (415) 693-0770
                                            *fscarpulla@zelle.com*

                                            *Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

Dated: May 4, 2012                          ALIOTO LAW FIRM

                                            By: /s/ Joseph M. Alioto
                                                  Joseph M. Alioto

                                            Joseph M. Alioto (42680)
                                            Theresa D. Moore (99978)
                                            ALIOTO LAW FIRM
                                            225 Bush Street, 16th Floor
                                            San Francisco, CA 94104
                                            Telephone: (415) 434-8900
                                            Facsimile:  (415) 434-9200
                                            jmalioto@aliotolaw.com

                                            *Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

Dated: May 4, 2012                          COOPER & KIRKHAM, P.C.

                                            By: /s/ Josef D. Cooper
                                                  Josef D. Cooper

                                            Josef D. Cooper (53015)
                                            Tracy R. Kirkham (69913)
                                            COOPER & KIRKHAM, P.C.
                                            357 Tehama Street, Second Floor
                                            San Francisco, CA  94103
                                            Telephone:    (415) 788-3030
                                            Facsimile:    (415) 882-7040
                                            jdc@coopkirk.com

                                            *Counsel for Indirect-Purchaser Plaintiffs*

Dated: May 4, 2012                          CHRIS KOSTER
                                            Attorney General of the State of Missouri

                                            By: /s/ Anne E. Schneider
                                                  Anne E. Schneider

                                            Anne E. Schneider
                                            Assistant Attorney General/Antitrust Counsel
                                            Brianna Lennon
                                            Assistant Attorney General
                                            MISSOURI ATTORNEY GENERAL'S OFFICE
                                            P. O. Box 899
                                            Jefferson City, MO 65102

                                            *Counsel for the State of Missouri*

16

Dated: May 4, 2012

PAMELA JO BONDI
Attorney General
State of Florida

By: /s/ Lizabeth A. Brady
       Lizabeth A. Brady

PATRICIA A. CONNERS
Associate Deputy Attorney General
ANTITRUST DIVISION
Lizabeth A. Brady
Chief, Multistate Antitrust Enforcement
Nicholas J. Weilhammer,
Assistant Attorney General 1, The Capitol
Tallahassee, Florida 32399-1050

*Counsel for the State of Florida*

Dated: May 4, 2012

DUSTIN MCDANIEL
Attorney General of the State of Arkansas

By: /s/ Kevin Wells
       Kevin Wells

Kevin Wells
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL OFFICE
323 Center St., Suite 500
Little Rock, AR  72205

*Counsel for the State of Arkansas*

Dated: May 4, 2012

KAMALA D. HARRIS
Attorney General of California

By: /s/ Adam Miller
       Adam Miller

Adam Miller
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664

*Counsel for the State of California*

17

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF
CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

Dated:  May 4, 2012

STATE OF MICHIGAN
BILL SCHUETTE
Attorney General

By: _/s/  M. Elizabeth Lippitt_
       M. Elizabeth Lippitt

M. Elizabeth Lippitt
Assistant Attorney General
Corporate Oversight Division
Antitrust Section
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48933

*Counsel for the State of Michigan*

Dated: May 4, 2012

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

By: _/s/  Richard L. Schwartz_
       Richard L. Schwartz

Richard L. Schwartz
Assistant Attorney General, Antitrust Bureau
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW YORK
120 Broadway, 26th Floor
New York, NY 10271

*Counsel for the State of New York*

Dated: May 4, 2012

DARRELL V. MCGRAW, JR.
Attorney General, State of West Virginia

By: _/s/  Douglas L. Davis_
       Douglas L. Davis

Douglas L. Davis
Assistant Attorney General
P.O. Box 1789
Charleston, WV 25326

*Counsel for the State of West Virginia*

18

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF
CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

Dated: May 4, 2012

J.B. VAN HOLLEN
Attorney General of the State of Wisconsin

By: /s/ Gwendolyn J. Cooley
Gwendolyn J. Cooley

Gwendolyn J. Cooley
Assistant Attorney General
P.O. Box 7857
17 W. Main St.
Madison, WI 53707-7857

*Counsel for the State of Wisconsin*

## ATTESTATION

Pursuant to General Order No. 45, § X(B), regarding signatures, I attest that I have obtained the concurrence in the filing of this document from all signatories.

Dated:  May 4, 2012

*/s/ Francis O. Scarpulla*
Francis O. Scarpulla

3233190v1

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR FINAL APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI