**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Direct-Purchaser Plaintiff<br>Class Actions<br><br>/ | **ORDER GRANTING ELECTRONIC EXPRESS'S MOTION TO WITHDRAW ITS REQUEST TO OPT OUT OF PLAINTIFF CLASS OF DIRECT PURCHASERS** |

Electronic Express, Inc. has filed a motion to withdraw its request to opt out of the Direct-Purchaser Plaintiff class. Master Docket No. 5337. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument and therefore VACATES the hearing currently scheduled for May 18, 2012. Having considered the papers of the parties, and for good cause appearing, the Court hereby GRANTS Electronic Express's motion.

Electronic Express, a small direct purchaser of LCD screens in Tennessee, opted out of the DPP class before the Court-ordered January 4, 2011 deadline. Electronic Express had not sought the advice of legal counsel regarding whether it should remain a member of the DPP class prior to submitting its exclusion request. Since then, Electronic Express has consulted legal counsel and now wants to rejoin the class. The DPPs oppose Electronic Express's motion because the Court has already approved DPP class settlements with certain defendants, and that "[c]ondoning [Electronic Express's request] will lead to a reduction of the settlement fund" secured on behalf of those class members who did not opt out. *See* Opposition at 3. The DPPs also suggest that, should the Court allow Electronic Express to rejoin the DPP class, the floodgates could open for similar requests by other class members who have opted out. *See id.*

At this stage, Electronic Express, whose modest operations include only stores located in Middle Tennessee, *see* Declaration of Sam Yazdian at ¶ 7, has shown good cause for withdrawing its exclusion request. Further, its re-admission to the class will not have a material effect on other class member distributions. However, the Court recognizes the potential for unfairness should large numbers of entities who previously opted out now seek re-admission to the class post-settlement, or if even a few very large purchasers were to do so. When and if that begins to happen, the Court will take it into account and will be unlikely to grant such requests in the future.

Accordingly, the Court GRANTS Electronic Express's Motion to Withdraw Its Request to Opt Out of Plaintiff Class of Direct Purchasers.

**IT IS SO ORDERED.**

Dated: May 17, 2012

SUSAN ILLSTON
United States District Judge