1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION                                     MDL. No. 1827
9   _____/
                                                   Case Nos.: C 10-117 SI; C 10-5625 SI; C 11-
10                                                 58 SI; C 11-2225 SI; C 11-3763 SI; C 11-3856
                                                   SI; C 11-4119 SI
11
12
13  This Order Relates to:                         **ORDER OVERRULING OBJECTION TO
                                                   SPECIAL MASTER'S ORDER
14  ALL CASES                                      COMPELLING COMPLIANCE WITH
                                                   SUBPOENAS TO APPLECON LLC AND
15  _____/          JOHN METZLER**

16          The Indirect-Purchaser Plaintiffs and certain State Attorneys General's Offices (collectively,

17  "Plaintiffs") have objected to the Special Master's Order compelling compliance with subpoenas served

18  by defendant LG Display on applEcon, LLC, and John Metzler.  *See* Special Master's Order, Master

19  Docket No. 5538.  Having considered the arguments presented in the moving papers, the Court hereby

20  DENIES Plaintiffs' objection.

21          LG Display sought and obtained the Special Master's order compelling compliance with LG's

22  subpoenas requiring production of documents and the deposition of John Metzler.  Metzler, an applEcon

23  employee, had provided a declaration used by the IPPs as factual support in its opposition to defendants'

24  motion to decertify the class.  *See* IPPs' Opposition to Defendants' Motion to Decertify, Master Docket

25  No. 3862.  Finding that the subpoenas were timely, and that the Direct Action Plaintiffs ("DAPs") and

26  the States are "highly likely" to rely on "Mr. Metzler's declaration or work," the Special Master granted

27  LG Display's motion to enforce the subpoenas.  *See* Order at 5 (concluding that "discovery of relevant,

28  non-privileged documents and a deposition of Metzler is entirely within reason").  Plaintiffs object to

*United States District Court*
*For the Northern District of California*

the Special Master's Order.

In reviewing the Special Master's Order, this Court employs two different standards of review. The Special Master's conclusion regarding the timeliness of the subpoenas as to the Track 1- and Track 2-DAP cases is a procedural matter that the Court reviews for abuse of discretion; the Court reviews for clear error the Special Master's conclusion that the DAPs and States intend to make use of Mr. Metzler's work at trial. *See* Order Appointing Martin Quinn as Special Master, Master Docket No. 1679 (April 12, 2010) at ¶ 18.

The Court agrees with the reasoning set forth in the Special Master's Order and therefore adopts the Order in its entirety. Plaintiffs' argument that the subpoenas were not timely because of previous orders setting the discovery schedule is not persuasive. The Special Master made clear that, although discovery closed on December 11, 2011, in the Track 1-DAP and State-AG cases, it is fair to extend the discovery deadline with respect to the Metzler deposition because the interrogatory responses which reference his work were filed after the close of discovery. *See* Order at 4 ("In fairness, LG Display should be permitted to conduct discovery now with respect to this aspect of those responses notwithstanding the close of discovery.") (emphasis original). Nor does the Court find that the Special Master erred in concluding that Mr. Metzler is a non-expert and that the DAPs and States intend to use his work "indirectly to prove an essential element of their claim." *See id.* The DAPs and States had an opportunity at the April 6, 2012 hearing before the Special Master to disclaim any intent to rely on Mr. Metzler's work or methodology, but did not.

Accordingly, the Court DENIES Plaintiffs' objection to the Special Master's Order. Master Docket No. 5594.

**IT IS SO ORDERED.**

Dated: May 21, 2012

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

2