IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br><br>This Order Relates to Direct Action cases filed by:<br>Best Buy Co., Inc.; Electrograph Systems, Inc.; Target Corp.; Arthur H. Siegel, trustee of Circuit City; SB Liquidation Trust; Tacfone Wireless, Inc.; State of Missouri, et al. (Five State); State of Florida; State of Oregon; and Costco Wholesale Corp.<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br><br>Case Nos.: C 10-4572 SI; C 10-117 SI; C 10-4945 SI; C 10-5625 SI; C 10-5458 SI; C 10-3205 SI; C 10-3619 SI; C 1903517; C 10-4346 SI; C 11-0058 SI<br><br>**ORDER DENYING LG DISPLAY AMERICA, INC. AND LG DISPLAY CO., LTD.'S MOTION FOR LEAVE TO AMEND** |

Defendants LG Display America, Inc., and LG Display Co., LTD (collectively, "Defendants") have filed a motion in the above-captioned direct purchaser actions for leave to amend their answers to add additional defenses and to file a counterclaim for declaratory relief. Master Docket No. 5271. Having considered the arguments presented in the moving papers, the Court hereby DENIES Defendants' motion.

Defendants seek leave to amend their answers to "add additional defenses and a counterclaim to address the risk of duplicative liability caused by multiple plaintiffs seeking to recover for the same alleged overcharge." Motion at 1. Defendants' moving papers set out arguments very similar to those made in Defendants' Motion Regarding Trial Structure and For Relief to Avoid Duplicative Damages. *See* Master Docket No. 5258. The Court found then and finds now that Defendants have not provided legal basis for their proposed "violation of laws of duplicative recovery" defense or for their proposed counterclaims for declaratory judgement regarding the same. *See e.g.*, *In re Flash Memory Antitrust*

*Litig.*, 643 F. Supp. 2d 1143, 1156 (N.D. Cal. 2009) ("Duplicative recovery is, in many if not all cases alleging a nationwide conspiracy with both direct and indirect purchaser classes, a necessary consequence that flows from indirect purchaser recovery.") (quoting *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d. 1072, 1089 (N.D. Cal. 2007)). Should Defendants wish to challenge any allocation of damages, they are free to do so post-trial.

Accordingly, the Court DENIES Defendants' Motion for Leave to Amend. Master Docket No. 5271.

**IT IS SO ORDERED.**

Dated: May 25, 2012

SUSAN ILLSTON
United States District Judge