IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br>NECO ALLIANCE LLC,<br>  Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>  Defendants. / | No. C 12-1426 SI<br>**ORDER GRANTING PLAINTIFF NECO ALLIANCE'S MOTION FOR AN ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |

Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

opposition.[1] In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case. *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant"). Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after June 19, 2012**. If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 12 in 12-1426; Docket No. 5762 in 07-1827. Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after June 19, 2012.

**IT IS SO ORDERED.**

Dated: June 5, 2012

SUSAN ILLSTON
United States District Judge

---

[1] Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2