IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827<br>**INSTRUCTION RE ELEMENTS OF OFFENSE** |

This Order Relates To:

    All Direct-Purchaser Plaintiff Class Actions

_____/

    The Court has revised the instruction concerning "elements of the claim" (prior disputed instructions No. 16), and attaches it here.  This adds, as the third element, the requirement that "such agreement occurred in or affected interstate or foreign commerce and produced substantial intended effects in the United States."  This is meant to deal with the import commerce/FTAIA discussion in the Seventh Circuit's recent decision.

    If counsel believe that a further or different instruction is required on this topic, please file such a supplemental instruction prior to 7:00 pm today.

IT IS SO ORDERED.

Dated: June 27, 2012

_____
SUSAN ILLSTON
United States District Judge

## ELEMENTS OF THE OFFENSE

Plaintiffs claim that they were injured because Toshiba and one or more of its competitors conspired to fix the prices for LCD panels.

Under the Sherman Act it is illegal for competitors, regardless of their size or amount of sales, to agree on the prices to be charged for their competing products.

An agreement between competing firms can violate this rule even if there is not an agreement on the exact price to be charged. For example, it is illegal for competing companies to agree on maximum or minimum prices, a range within which prices will fall, a formula to set prices, or a component of prices, such as a shipping charge or an interest rate. It is also illegal for competitors to agree on a plan or scheme that will tend to stabilize prices.

Any agreement to fix or stabilize prices is illegal.

To prevail against Toshiba on a price-fixing claim, plaintiffs must prove as to Toshiba each of the following elements by a preponderance of the evidence:

**First**, that an agreement to fix the prices of LCD panels existed;

**Second**, that Toshiba knowingly – that is, voluntarily and intentionally – became a party to that agreement;

**Third**, that such agreement occurred in or affected interstate or foreign commerce and produced substantial intended effects in the United States; and

**Fourth**, that the agreement caused plaintiffs to suffer an injury to its business or property.

If you find the evidence is insufficient to prove any one or more of these elements as to Toshiba, then you must find for Toshiba and against plaintiffs on plaintiffs' price-fixing claim. If you find that the evidence is sufficient to prove all four elements as to Toshiba, then you must find for plaintiffs and against Toshiba on plaintiff's price-fixing claim.