1   Holly A. House (State Bar No. 136045)
    Kevin C. McCann (State Bar No. 120874)
2   Sean Unger (State Bar No. 231694)
    PAUL HASTINGS LLP
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA 94105
    Telephone:    (415) 856-7000
5   Facsimile:    (415) 856-7100
    hollyhouse@paulhastings.com
6   kevinmccann@paulhastings.com
    seanunger@paulhastings.com
7
    Lee F. Berger (State Bar No. 222756)
8   PAUL HASTINGS LLP
    875 15th Street, N.W.
9   Washington, DC 20005
    Telephone:    (202) 551-1700
10  Facsimile:    (202) 551-1705
    leeberger@paulhastings.com
11
    Attorneys for Defendants
12  LG Display Co., Ltd. and LG Display America, Inc.

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17

18  IN RE TFT-LCD (FLAT PANEL)          CASE NO. 3:07-MD-1827 SI
    ANTITRUST LITIGATION
19                                       MDL No. 1827

20  THIS DOCUMENT RELATES TO:           **DEFENDANTS' NOTICE OF MOTION
                                         AND MOTION FOR PARTIAL
21  Electrograph Systems, Inc., et al. v. Epson    SUMMARY JUDGMENT ON
    Imaging Devices Corp., et al.,       DOWNSTREAM PASS-ON; AND
22  No. 10-cv-00117 SI                  SUPPORTING MEMORANDUM**

23  Best Buy Co., Inc., et al. v. AU Optronics
    Corp.,
24  et al., No. 10-cv-04572 SI          Date:       October 5, 2012
                                         Time:       9:00 a.m.
25  Target Corp., et al. v. AU Optronics Corp., et   Courtroom: 10
    al., No. 10-cv-04945 SI             Judge:      Honorable Susan Illston
26
                                         **FILED UNDER SEAL**
27  AT&T Mobility LLC, et al. v. AU Optronics
    Corp., et al., No. 09-cv-04997 SI    **REDACTED VERSION**

28

CASE NO. 10-CV-00117 SI, 10-CV-04572 SI,                DEFENDANTS' MOTION FOR PARTIAL SUMMARY
10-CV-04945 SI, 09-CV-04997 SI                          JUDGMENT AS TO DOWNSTREAM PASS-ON
CASE NO.: 3:07-MD-1827 SI

1

## **NOTICE OF MOTION**

2
TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3
PLEASE TAKE NOTICE THAT on October 5, 2012 at 9:00 a.m., or as soon thereafter as

4
the matter may be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco,

5
California, 94102, before the Honorable Susan Illston, the defendants reflected in the signature

6
block below ("defendants"), will and hereby do move the Court pursuant to Rule 56 of the

7
Federal Rule of Civil Procedure for summary judgment, or partial summary judgment, and an

8
order under Rule 56(g) stating that it is established in each of the Track One cases that the amount

9
of actual damages (before any trebling) that each Plaintiff may seek to recover with respect to its

10
indirect purchases of TFT-LCD panels shall be limited to the amount of any overcharge that was

11
absorbed and not passed-on downstream to its customers, and thus shall be capped by multiplying

12
any overcharge it may prove it incurred by 1 minus its undisputed downstream pass-on rates (*i.e.*,

13
"the resulting percentage caps").

14
This motion is made on the grounds that there is no genuine issue as to any material fact

15
and that defendants are entitled to the summary judgment or partial summary judgment they seek

16
as a matter of law.

17
This motion is based on this Notice of Motion and Motion; the following Memorandum of

18
Points and Authorities; the accompanying Declaration of Kevin C. McCann; any reply

19
memorandum as may be filed; the arguments of counsel; all the other pleadings, papers and

20
records on file in this action; and such other or further evidence or argument as may be offered to

21
the Court on behalf of defendants before or during the hearing on this matter.

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3

I.      QUESTION PRESENTED ................................................................................. 1

4

II.     PRIOR RELEVANT ORDERS ......................................................................... 1

5

III.    INTRODUCTION ............................................................................................ 1

6

7

IV.     THE UNDISPUTED FACTS CONFIRM THAT SUMMARY JUDGMENT IS
        APPROPRIATE.................................................................................................. 3

8

V.      STATUTES, CASE LAW AND DUE PROCESS REQUIRE PLAINTIFFS'
9       INDIRECT PURCHASER DAMAGES BE LIMITED TO THE AMOUNT OF
        ANY OVERCHARGE NOT PASSED-ON DOWNSTREAM......................... 7

10

11              A.      The Antitrust Statutes in New Mexico, New York, and Nebraska Expressly
                        Require the Court to Consider Evidence of Downstream Pass-on of
12                      Alleged Overcharges and Limit Damage Awards Accordingly ........................... 8

13              B.      Case Law in Michigan, Wisconsin, Arizona, Florida, and California
                        Requires the Court To Consider Evidence of Downstream Pass-on of
14                      Alleged Overcharges and Limit Damage Awards Accordingly. ........................... 9

15              C.      In States Where the Application of the Pass-On Defense Has Not Been
16                      Expressly Addressed, Other Law Supports Exclusion of Pass-On Damages ....... 13

17      VI.     CONCLUSION .............................................................................................. 22

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ..................................................................................................... 7

*AT&T Mobility LLC, et al. v. AU Optronics Corp., et al.*,
No. 3:09-cv-04997, Dkt. 150 ......................................................................................... 3

*Best Buy Co., Inc., et al. v. AU Optronics Corp., et al.*,
No. 3:10-cv-04572, Dkt. 37, Amended ......................................................................... 3

*Bunker's Glass Co. v. Pilkington PLC.*
206 Ariz. 9 (Ariz. 2003) .............................................................................................. 11

*Clayworth v. Pfizer*,
49 Cal. 4th 758 (2010) ........................................................................................... 12, 13

*Comes v. Microsoft Corp.*,
646 N.W.2d 440 (Iowa 2002) ...................................................................................... 15

*Cox v. F. Hoffman-La Roche, Ltd.*,
No. 00 C 1890, 2003 WL 24471996 (Kan. Dist. Ct. Oct. 10, 2003) ........................... 16

*Crouch v. Crompton Corp.*,
2004 WL 2414027 (N.C. Super. Ct. Oct. 28, 2004) .................................................... 20

*Electrograph Systems, Inc., et al. v. Epson Imaging Device Corp., et al.*,
No. 3:10-cv-00117, Dkt. 93, Amended ......................................................................... 3

*Freeman Indus., LLC v. Eastman Chem. Co.*,
172 S.W.3d 512 (Tenn. 2005) ...................................................................................... 21

*Hodges v. S.C. Toof & Co.*,
833 S.W.2d 896 (Tenn. 1992) ...................................................................................... 21

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) ............................................................................................. *passim*

*In re Fl. Cement & Concrete Antitrust Litig.*,
746 F.Supp.2d 1291 (S.D. Fla. 2010) .......................................................................... 12

*In re Methionine Antitrust Litig.*,
204 F.R.D. 161 (N.D. Cal. 2001) ........................................................................... 11, 12

*In re Vitamins Antitrust Litig.*,
259 F.Supp.2d 1 (D.D.C. 2003) ............................................................................ *passim*

# TABLE OF AUTHORITIES
**(continued)**

Page(s)

*In re Western Liquid Asphalt Cases*,
  487 F.2d 191 (9th Cir. 1973)...........................................................................18, 19

*J&R Ventures v. Rhone Poulenc S.A.*,
  No. 00-1143 (Wis. Cir. Ct. Dec. 4, 2006) ..................................................... 10

*Kattar v. Demoulas*,
  433 Mass. 1 (2000)...........................................................................................17

*Lorix v. Crompton Corp.*,
  736 N.W.2d 619 (Minn. 2007)...............................................................17, 18, 19

*Miller v. Schnitzer*,
  78 Nev. 301 (Nev. 1962) ..................................................................................20

*Minnesota v. Philip Morris, Inc.*,
  551 N.W. 2d 490 (Minn. 1996)........................................................................18

*Miss.i Power & Light Co. v. Harrison*,
  247 Miss. 400 (1963) .......................................................................................19

*Nevada Cement Co. v. Lemler*,
  89 Nev. 447 (Nev. 1973) *overruled on other grounds by Countrywide Home Loans,
  Inc. v. Thitchener*, 124 Nev. 725 (Nev. 2008).........................................20

*Physicians Mut. Ins. Co. v. Asset Allocation & Mgmt. Co., LLC*,
  CIV.A. 06 C 5124, 2007 WL 2875237 (N.D. Ill. Sept. 28, 2007)........................15

*Ray v. Miller Meester Adver., Inc.*,
  684 N.W.2d 404 (Minn. 2004)..........................................................................17

*Richardson v. Canton Farm Equip., Inc.*,
  608 So. 2d 1240 (Miss. 1992) ..........................................................................19

*Rose v. Via Christi Health Sys., Inc./St. Francis Campus*,
  279 Kan. 523 (2005) ........................................................................................16

*Shaver v. N.C. Monroe Constr. Co.*,
  63 N.C. App. 605 (N.C. Ct. App. 1983) ..........................................................20

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
  538 U.S. 408 (2003)..........................................................................................14

1

## TABLE OF AUTHORITIES
### (continued)

2

Page(s)

3

*State v. Losh*,
    755 N.W.2d 736 (Minn. 2008) ............................................................................ 18

4

5

*Target Corp., et al. v. AU Optronics Corp., et al.*,
    No. 3:10-cv-04945, Dkt. 77 ................................................................................ 3

6

7

*Team Cent., Inc. v. Teamco, Inc.*,
    271 N.W.2d 914 (Iowa 1978) ............................................................................ 15

8

*Vitamins*,
    259 F. Supp. at 7 ................................................................................................ 15

9

10

*Waggoner Motors, Inc. v. Waverly Church of Christ*,
    159 S.W.3d 42 (Tenn. Ct. App. 2004) .............................................................. 21

11

### STATUTES

12

740 I.L.C.S. 10/7 ........................................................................................... 14, 15

13

Minn. Stat. § 325D.57 ................................................................................... 17, 18

14

N.M. Stat. Ann. § 57-1-3(C) ............................................................................... 8

15

N.Y. Gen. Bus. Law § 340(6) ............................................................................. 9

16

Neb. Rev. Stat. § 59-821.01(1) ........................................................................... 9

17

### OTHER AUTHORITIES

18

19

22 Am.Jur.2d Damages § 28 (2012) .................................................................. 14

20

Fed. R. Civ. P. 56(a) ............................................................................................ 7

21

Fed. R. Civ. P. 56(g) ................................................................................. 7, 8, 16

22

Restatement (Second) of Torts § 903 (1979) .................................................... 14

23

24

25

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      QUESTION PRESENTED**

3          Whether an order should be entered pursuant to Rule 56 stating that it is established in

4   each of the Track One cases that the damages (before any trebling) that any Plaintiff may recover

5   with respect to its indirect purchases of TFT-LCD panels shall be limited to the amount of any

6   overcharge that was absorbed by the Plaintiff and not passed-on downstream to its customers,

7   and, to the extent the entire overcharge was passed-on, such claims shall be dismissed.

8

**II.      PRIOR RELEVANT ORDERS**

9          Pursuant to this Court's Order of April 9, 2012 (MDL Dkt. No. 5430), defendants state

10  that they are not aware of any prior orders of the Court related to the issues raised in this motion.

11

**III.      INTRODUCTION**

12          Track One Plaintiffs combine to assert claims under the laws of 17 jurisdictions through

13  which they seek to recover damages as indirect-purchasers of TFT-LCD panels that were

14  components of finished LCD Products.[1]  As a matter of statute, controlling case law, and/or

15  established legal reasoning in each of those jurisdictions, such indirect-purchaser claims are limited

16  to the harm that Plaintiffs actually suffered.  In other words, Plaintiffs cannot recover the amount of

17  any overcharge that they passed-on to their customers.[2]  Discovery in these cases is now closed,

18  and it is undisputed that each Plaintiff has passed on to subsequent purchasers all, or nearly all, of

19  any overcharges it claims to have incurred in purchasing products containing TFT-LCD panels.

20

21          [1] The Track One indirect-purchaser plaintiffs at issue in this motion (hereinafter "Plaintiffs")
are Best Buy, Old Comp ("CompUSA"), Electrograph, Good Guys, Kmart, Newegg, Radio-

22  Shack, Sears, Target, and AT&T Mobility.  As defined, "Plaintiffs" do not include Motorola,
which is pursuing only direct-purchaser claims under the Sherman Act and contract claims under

23  state law; Costco, whose state-law claims are governed by Washington law, which does not
permit claims by indirect purchasers; or Nokia, which is pursuing only direct-purchaser claims.

24          [2] Defendants do not agree that Plaintiffs bring their claims under the proper state laws, as
reflected in defendants' due process and choice-of-law motions for summary judgment, D.I. 6111

25  and 6082.  This motion, therefore, should be considered *after* the Court rules on defendants' due
process and choice-of-law motions, as those rulings will affect which state laws are implicated in

26  the AT&T, RadioShack, CompUSA, Target, Sears, Kmart, and Newegg cases.

          Further, for each Plaintiff's case, defendants reserve the right to move for summary judgment

27  seeking preclusion of recovery of overcharges passed-on to other purchasers with respect to
claims under the laws of any state that were previously dismissed, if such claims are later

28  reinstated.

1       Not only is the fact that Plaintiffs passed-on a portion of any overcharge not in dispute,

2 but the lower bounds of the rates by which Plaintiffs passed-on any overcharge are also not in

3 dispute.  Plaintiffs' pass-on rates for LCD Products were substantial.  As examples, the expert

4 engaged by Plaintiffs other than Best Buy, Dr. James T. McClave, calculates pass-on rates of

5 ████████████████████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████ For

7 purposes of this motion, defendants agree that the plaintiff-specific downstream pass-on rates

8 determined by Dr. McClave for each product category (as set forth in detail in the table at the top

9 of page 6, below) establish undisputed lower bounds.  For its part, Plaintiff Best Buy offers no

10 evidence on its own pass-on rates.  The pass-on calculations by defendants' expert, Dr. Edward

11 A. Snyder, with respect to sales by Best Buy are thus undisputed, and are equally substantial:

12 ████████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 ████████████████████[3]

15       We thus ask the Court to enter an order pursuant to Rule 56(g) stating that it is established

16 in each of the Track One cases that any overcharge that any Plaintiff may seek to prove it incurred

17 as an indirect purchaser of TFT-LCD panels shall be reduced at a minimum by the applicable

18 downstream pass-on rates set forth in the tables on pages 6, below.  In some instances, Plaintiffs'

19 expert concedes a downstream pass-on rate of 100% as to certain product categories, which, when

20 applied, eliminates a Plaintiff's claims as to such panel applications.  For example, Dr. McClave

21 admits that ████████████████████████████████████████████████████████

22 ███████████████████████████████████████ In such instances, the

23 Court should enter summary judgment of dismissal with respect to such claims.

24       For clarity, we ask the Court also to enter an order pursuant to Rule 56(g) stating,

25 conversely, that it is established in each of the Track One cases that the amount of actual damages

26 

27     [3] Best Buy and the expert it engaged to address damages attributable to indirect purchases, Dr. Alan Frankel, have refused to provide any estimate of Best Buy's downstream pass-on rate or to respond to Defendants' expert's estimates.  Thus, for Best Buy, the downstream pass-on rates

28 estimated by Dr. Snyder for each category of LCD Products sold by Best Buy are undisputed.

(before trebling) that any Plaintiff may seek to recover with respect to its indirect purchases of TFT-LCD panels shall be limited to the amount of any overcharge that was absorbed and not passed-on to its customers, and thus shall be capped by multiplying any overcharge a Plaintiff may prove it incurred by its *resulting percentage cap*. To the extent the *resulting percentage cap* for sales of any product category by any Plaintiff is 0%, the Court should enter summary judgment of dismissal with respect to such claims.

## IV.   THE UNDISPUTED FACTS CONFIRM THAT SUMMARY JUDGMENT IS APPROPRIATE.

*Each of the Plaintiffs Purchased LCD Products*:  The Track One Plaintiffs whose claims are at issue on this motion comprise a distributor of LCD Products, a variety of retailers that sell LCD Products, and a wireless carrier that resells and retails mobile phones.  Plaintiff Electrograph was at all times relevant to this action a distributor that purchased LCD Products for resale primarily to resellers, and system integrators.[5]  Plaintiffs Best Buy, CompUSA, Good Guys, Kmart, Newegg, RadioShack, Sears, and Target, were at all times relevant to this action retailers that purchased LCD Products for resale to consumers.[6]  Plaintiff AT&T Mobility was at all times relevant to this action a wireless carrier that purchased mobile phones for resale to retail customers and to resellers of mobile phones.[7]

---

The *resulting percentage caps* for any indirect overcharge proven to have been incurred by the respective Plaintiffs are set forth by Plaintiff and product category in the table in the accompanying proposed form of Order.

[5] *See Electrograph Systems, Inc., et al. v. Epson Imaging Device Corp., et al.*, No. 3:10-cv-00117, Dkt. 93, Amended Comp. ("Electrograph Comp.") ¶ 16 (Sept. 23, 2011).

[6] *See Best Buy Co., Inc., et al. v. AU Optronics Corp., et al.*, No. 3:10-cv-04572, Dkt. 37, Amended Comp. (Jun. 7, 2011) ("Best Buy Comp.") ¶ 12; *Target Corp., et al. v. AU Optronics Corp., et al.*, No. 3:10-cv-04945, Dkt. 77, Second Amended Comp. (Sept. 9, 2011) ("Target Comp.") ¶¶ 19, 22, 26, 38, 41.

[7] *See AT&T Mobility LLC, et al. v. AU Optronics Corp., et al.*, No. 3:09-cv-04997, Dkt. 150, Third Amended Complaint (Sept. 9, 2011) ¶¶ 1, 25 ("AT&T Comp.").  The AT&T Plaintiffs' claims relating to mobile phone purchases under the antitrust laws of Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, West Virginia and Wisconsin were previously dismissed by the Court due to a lack of mobile phone purchases in those states by the

1     ***Each of the Plaintiffs Resold LCD Products:***  Each Plaintiff resold the LCD Products it

2 purchased to its customers—subsequent purchasers in the chains of distribution or consumption

3 of such products.[8]

4     ***Each of the Plaintiffs Passed-on Overcharges It Incurred:***  Each Plaintiff has passed on

5 to its respective customers all, or nearly all, of any overcharge on TFT-LCD panels that it claims

6 to have incurred in purchasing LCD Products.  Plaintiffs do not dispute that they have passed-on

7 at least part of any overcharges they have incurred as purchasers of LCD Products.  Experts

8 engaged by both defendants and Plaintiffs (with the exception of Best Buy) have quantified the

---

AT&T Plaintiffs.  June 28, 2010 Order, MDL Dkt. No. 1823; Nov. 12, 2010 Order, MDL Dkt. No. 2142 (the "November 12 Order").  As a result, with respect to the AT&T Plaintiffs' mobile phone purchases, the AT&T Plaintiffs' pending claims are limited to those brought under the laws of Tennessee, New York and Illinois as those are the only states in which the AT&T Plaintiffs allege they made purchases of mobile phones.  AT&T's Third Amended Complaint, at ¶¶ 1, 2, 74-75 ("AT&T Compl."); AT&T Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss Second Amended Complaint, MDL Dkt. 2064, Sept. 27, 2010, at 3:17-22.  However, the AT&T Plaintiffs have appealed the November 12 Order, and that appeal is currently pending before the Ninth Circuit.  March 4, 2011 Order, MDL Dkt. No. 2522.

In the event the Ninth Circuit overturns the November 12 Order, defendants reserve the right to move for summary judgment on the AT&T Plaintiffs' claims relating to mobile phone purchases for:  (i) lack of antitrust injury under the antitrust laws of Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, West Virginia and Wisconsin; (ii) lack of antitrust standing under the antitrust laws of Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, West Virginia and Wisconsin; and (iii) preclusion of recovery of overcharges passed-on to other purchasers under the antitrust laws of Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, West Virginia and Wisconsin, on the grounds that each state bars AT&T from recovering indirect-purchaser damages exceeding 37.5% of any overcharge that AT&T proves was passed-on to it.

[8] *See* Rebuttal Expert Report of Dr. James T. McClave Concerning Target Corp., Sears, Roebuck and Co., Kmart Corp., Old Comp Inc., Good Guys, Inc., RadioShack Corp., and Newegg Inc. (May 11, 2012) as amended by its Errata of July 6, 2012 ("McClave Target Report") ¶ 10 (accompanying Declaration of Kevin C. McCann ("McCann Decl.") Exs. A & B); Rebuttal Expert Report of Dr. James T. McClave Concerning Electrograph Systems, Inc. and Electrograph Technologies Corp. (May 11, 2012) as amended by its Errata of July 6, 2012 ("McClave Electrograph Report") ¶ 10 (McCann Decl. Exs. C & D);  Rebuttal Expert Report of Dr. James T. McClave Concerning AT&T Mobility LLC et al. (May 11, 2012) as amended by its Errata of July 6, 2012 ("McClave AT&T Report") ¶ 11 (McCann Decl. Exs. E & F); Expert Report of Leslie M. Marx, Ph.D. Concerning Target Corp., Sears, Roebuck and Co., Kmart Corp., Old Comp Inc., Good Guys, Inc., RadioShack Corp. and Newegg Inc. (December 15, 2011) ("Marx Target Report") Appendix B (McCann Decl. Ex. G); Expert Report of Leslie M. Marx, Ph.D. Concerning Electrograph Systems, Inc. and Electrograph Technologies Corp. (December 15, 2011) ¶¶ 25-28, Appendix B (McCann Decl. Ex. I); Joint Expert Report of Roy J. Epstein, Ph.D. and Alan S. Frankel, Ph.D. (December 15, 2011) as amended by its Errata of December 15, 2011, ¶ 11 and Table 1 (McCann Decl. Exs. J & K).

---

1    rates at which the Plaintiffs have passed on to their respective customers any such overcharges.[9]

2              *All Plaintiffs Other Than Best Buy Have Admitted Floor Rates of Downstream Pass-on:*

3    Plaintiffs, other than Best Buy, engaged Dr. James McClave to address downstream pass-on rates.

4    In each of his reports, Dr. McClave expressly endorsed the downstream pass-through analysis

5    conducted by defendants' expert, Dr. Edward A. Snyder, saying, "████████████████████████

6    ████████████████████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████████████████████████████

9    ████████"[10]  Dr. McClave then proffered downstream pass-on rates for each of the Plaintiffs,

10   other than Best Buy, using the data and methods derived from Dr. Snyder.  As his preferred

11   method, Dr. McClave calculated plaintiff-specific downstream pass-on rates for each category of

12   products purchased by each of the Plaintiffs who had engaged him.  Where plaintiff-specific data

13   was not available, Dr. McClave applied common or average estimates applicable to each

14   product.[11]

15            The following table sets forth Dr. McClave's most conservative estimates of the

16   downstream pass-on rates for each LCD Product purchased by each Plaintiff other than Best Buy:[12]

17

18   ────────────────

19   [9] McClave Target Report ¶¶ 18, 20 & Figs. 3 & 6 (McCann Decl. Exs. A & B); McClave
     Electrograph Report ¶¶ 18, 20 & Fig. 3 (McCann Decl. Exs. C & D); McClave AT&T Report ¶
20   26 and Fig. 3 (McCann Decl. Exs. E & F); Expert Report of Edward A. Snyder, Ph.D. (Feb. 23,
     2012) as amended by its Errata of February 23, 2012 ("Snyder First Report") ¶¶ 35, Table 3, and
21   Ex. 18 (McCann Decl. Exs. L & M); Expert Report of Edward A. Snyder, Ph.D. (Mar. 5, 2012)
     ("Snyder Best Buy Report") ¶¶ 36, Table 3, and Ex. 17 (McCann Decl. Ex. N);

22   [10] McClave Target Report ¶ 16 (McCann Decl. Exs. A & B); McClave Electrograph Report
     ¶ 17 (McCann Decl. Exs. C & D); McClave AT&T Report ¶ 19 (McCann Decl. Exs. E & F).

23   [11] McClave Target Report ¶ 20 (McCann Decl. Exs. A & B); McClave Electrograph Report
     ¶ 20 (McCann Decl. Exs. C & D); McClave AT&T Report ¶ 26 (McCann Decl. Exs. E & F)

24   [12] As Dr. McClave noted in his Target Report (McClave Target Report ¶ 1, fn. 1 (McCann
     Decl. Ex. A)), Good Guys has produced no purchase data.  As a result, Dr. McClave did not
25   estimate a rate of downstream pass-on for Good Guys.  It is unclear from the record whether
     Good Guys is pursuing indirect-purchaser claims at all.  For purposes of this motion, we assume
26   that Good Guy's downstream pass-on rate was the same as that of CompUSA, which purchased
     Good Guys in 2004.  (Marx Target Report Appendix B. at B-3 (McCann Decl. Ex. A).)

27

28

**Plaintiffs' Downstream Pass-on Rates Estimated by Dr. McClave[13]**

| Product Category | AT&T | CompUSA | Electrograph | Kmart | Newegg | RadioShack | Sears | Target |
|---|---|---|---|---|---|---|---|---|
| Mobile Phone | ■ | ■ | | | ■ | ■ | | ■ |
| Monitor | | ■ | | | ■ | ■ | ■ | ■ |
| Notebook | | ■ | | | ■ | ■ | | |
| TVs | | ■ | | ■ | | | ■ | ■ |
| Digital Camcorder | | ■ | | | | | ■ | ■ |
| Digital Camera | | ■ | | ■ | | | ■ | ■ |
| MP3/Media Player | | ■ | | ■ | | | | |
| Portable DVD Player | | ■ | | ■ | | | ■ | ■ |

For purposes of this motion, defendants present Dr. McClave's downstream pass-on rates as undisputed lower bounds on the appropriate rates of downstream pass-on for Plaintiffs other than Best Buy.

***Best Buy Does Not Dispute the Downstream Rates of Pass-on Established by Defendants' Expert:***  Unlike the other Plaintiffs, Best Buy has refused to provide any estimate of its own downstream pass-on rate.[14]  But that does not matter.  Dr. Snyder estimated the following downstream pass-on rates on an application-by-application basis for Best Buy:

**Best Buy's Downstream Pass-on Rates Estimated by Dr. Snyder[15]**

| TVs | Monitors | Notebooks | Mobile Phones | Digital Cameras | Digital Camcorders | MP3 Players | Portable DVD Players |
|---|---|---|---|---|---|---|---|
| ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |

Based on his analysis, Dr. Snyder concluded that Plaintiffs, including Best Buy, [16]

<hr />

[13] McClave Target Report ¶ 20 & Fig. 6 (McCann Decl. Exs. A & B); McClave Electrograph Report ¶ 20 & Fig. 3 (McCann Decl. Exs. C & D); McClave AT&T Report ¶ 26 & Fig. 3 (McCann Decl. Exs. E & F).

[14] Deposition of Alan Frankel, Ph.D. vol. II, 351:1-7; 352:23-353:1; 358:9-359:9 (McCann Decl. Ex. O).

[15] Snyder Best Buy Report ¶ 36, Table 3, and Ex. 17 (McCann Decl. Ex. N).

[16] Snyder First Report ¶ 167(iii) (McCann Decl. Ex. L); Snyder Best Buy Report ¶ 162(iii) (McCann Decl. Ex. N).

1       At deposition, Dr. Alan Frankel, the expert Best Buy engaged to address damages

2   attributable to indirect purchases of TFT-LCD panels, ████████████████████████

3   ████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████

5   ████████████████████████[17]

6       Defendants believe that Dr. Snyder has properly estimated downstream pass-on rates for

7   each Plaintiff.  Nonetheless, for purposes of this motion, the lowest estimates Dr. McClave offers,

8   as set forth in the table at the top of page 6, above, are undisputed lower bounds on the

9   appropriate rates of downstream pass-on for the Plaintiffs other than Best Buy.  For Best Buy,

10  Dr. Snyder's pass-on rates, as set forth in the table on the bottom of page 6, above, are

11  undisputed.  For purposes of this motion, we shall refer to these downstream pass-on rates as

12  "undisputed downstream pass-on rates."

13  **V.   STATUTES, CASE LAW AND DUE PROCESS REQUIRE PLAINTIFFS'**

14  **INDIRECT PURCHASER DAMAGES BE LIMITED TO THE AMOUNT**
    **OF ANY OVERCHARGE NOT PASSED-ON DOWNSTREAM.**

15      Summary judgment should be granted where, as here, "the movant shows that there is no

16  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

17  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "If the court

18  does not grant all the relief requested by the motion, it may <u>enter an order stating any material</u>

19  <u>fact</u>—including *an item of damages* or other relief—that is not genuinely in dispute <u>and treating</u>

20  <u>the fact as established in the case</u>."  Fed. R. Civ. P. 56(g) (emphasis added).

21      The laws of each of the 17 states Plaintiffs invoke limit indirect-purchaser claims to the harm

22  actually suffered, and exclude the amount of any overcharge that a plaintiff has passed-on to its

23  customers.  This is only logical.  An indirect purchaser suing under state law must ground its

24  claim on an allegation and proof that it paid overcharges passed-on by an upstream purchaser.

25  Such a plaintiff can hardly complain that it would be inappropriate, or unduly difficult or

26  speculative, to inquire whether the plaintiff also passed-on some or all of those overcharges to its

27

28      [17] Deposition of Alan Frankel, Ph.D. vol. II, 358:21-359:9 (McCann Decl. Ex. O).

1   own customers and thereby avoided injury.  Thus, in *Illinois Brick Co. v. Illinois*, 431 U.S. 720,

2   729-736 (1977), the Supreme Court explained that allowing indirect purchasers to sue (the

3   "offensive use of pass-on") would imply the recognition of a pass-on defense ("the defensive use

4   of pass-on").   Just so, and as demonstrated below, those states that have "repealed" *Illinois Brick*

5   and allowed indirect purchasers to sue have also precluded indirect-purchaser plaintiffs from

6   recovering overcharges that they, in turn, have passed on to their customers, at least where a

7   substantial risk of duplicative recovery exists.

8        Accordingly, defendants ask the Court now to enter an order pursuant to Rule 56(g) stating

9   that Plaintiffs cannot recover for the amount they passed-on.  Specifically, the Court should order

10  that it is established that the amount of actual damages (before trebling) that any Plaintiff may seek

11  to recover with respect to its indirect purchases shall be limited to the amount of any overcharge

12  that was absorbed and not passed-on to its customers, and thus shall be capped by multiplying any

13  overcharge it may prove it incurred by the *resulting percentage cap*, as defined above.  To the

14  extent the *resulting percentage cap* for any Plaintiff's sales of any product category is 0%, the

15  Court should enter summary judgment of dismissal with respect to such claims.

16       **A.    The Antitrust Statutes in New Mexico, New York, and Nebraska**
             **Expressly Require the Court to Consider Evidence of Downstream**
17           **Pass-on of Alleged Overcharges and Limit Damage Awards Accordingly.**

18  ***New Mexico (Sears and Kmart)***:  The New Mexico Antitrust Act expressly provides a

19  pass-on defense:  "[A]ny defendant, as a partial or complete defense against a damage claim,

20  may, in order to avoid duplicative liability, be entitled to prove that the plaintiff purchaser or

21  seller in the chain of manufacture, production or distribution who paid any overcharge or received

22  any underpayment, passed on all or any part of such overcharge or underpayment to another

23  purchaser or seller in such chain."  N.M. Stat. Ann. § 57-1-3(C).

24       Thus, for Sears' and Kmart's claims under New Mexico law, the Court should order that

25  the amount of their indirect-purchaser damages[18] for each product category shall be limited by the

26  applicable percentage cap set forth in the table in the accompanying proposed form of Order.  To

27  ─────────────

28      [18] The caps on Plaintiffs' indirect-purchaser damages requested herein exclude any trebling of
      damages or other punitive damage awards.

1   the extent the percentage cap is 0% for any product category, the Court should enter summary

2   judgment of dismissal with respect to such claims.

3        ***New York (Target, Sears, Kmart, Electrograph, and AT&T):***  New York's antitrust

4   statute expressly provides a pass-on defense: "In actions where both direct and indirect purchasers

5   are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for

6   damages that the illegal overcharge has been passed on to others who are themselves entitled to

7   recovery so as to avoid duplication of recovery of damages." N.Y. Gen. Bus. Law § 340(6).

8        Thus, for Target's, Sears', Kmart's, Electrograph's, and AT&T's claims under New York

9   law, the Court should order that the amount of their indirect-purchaser damages for each product

10  category shall be limited by the applicable percentage cap set forth in the table in the

11  accompanying proposed form of Order.  To the extent the percentage cap is 0% for any product

12  category, the Court should enter summary judgment of dismissal with respect to such claims.

13       ***Nebraska (Sears and Kmart)*:**  Nebraska's antitrust statute expressly provides a pass-

14  on defense: "A defendant may prove, as a partial or complete defense to a claim for damages . . . that

15  the illegal overcharge or undercharge has been passed on to others who are themselves entitled to

16  recover so as to avoid duplication of recovery of such damages." Neb. Rev. Stat. § 59-821.01(1).

17       Thus, for Sears' and Kmart's claims under Nebraska law, the Court should order that the

18  amount of their indirect-purchaser damages for each product category shall be limited by the

19  applicable percentage cap set forth in the table in the accompanying proposed form of Order.  To

20  the extent the percentage cap is 0% for any product category, the Court should enter summary

21  judgment of dismissal with respect to such claims.

22       **B.     Case Law in Michigan, Wisconsin, Arizona, Florida, and California**
         **Requires the Court To Consider Evidence of Downstream Pass-on of**

23       **Alleged Overcharges and Limit Damage Awards Accordingly.**

24       Even without an explicit statutory defense, courts will limit damages available to indirect

25  purchasers such that any overcharge that is passed-on downstream may not be recovered.  The laws of

26  Michigan, Wisconsin, Arizona, Florida, and California have been interpreted to permit assertion of a

27  downstream pass-on defense under the circumstances presented here.

28

1    ***Michigan (Target, Sears, and Kmart)***:  In *Vitamins,* a federal district court allowed

2    defendants to prove pass-on under Michigan law because that "most logically" effectuated the

3    Michigan statute's intent.  *In re Vitamins Antitrust Litig.*, 259 F.Supp.2d 1, 8 (D.D.C. 2003).  In

4    deciding to allow evidence of downstream pass-on, the court emphasized that Michigan "[has]

5    always limited a plaintiff's recovery to the amount the plaintiff was actually injured, even where

6    the assessment of that amount may be complex or difficult."  *Id.* at 7.  The court explained that, as

7    in most jurisdictions, "Michigan damages principles [ ] generally limit damages to compensation

8    for *actual loss*[.]"  *Id.* (emphasis added).  Because "Michigan courts have tried to prevent

9    potential double recovery awards" in other cases, the court was further persuaded that allowing

10    evidence of pass-on would be appropriate under Michigan law.  *Id.* at 8.

11         Thus, for Target's, Sears', and Kmart's claims under Michigan law, the Court should

12    order that the amount of their indirect-purchaser damages for each product category shall be

13    limited by the applicable percentage cap set forth in the table in the accompanying proposed form

14    of Order.  To the extent the percentage cap is 0% for any product category, the Court should enter

15    summary judgment of dismissal with respect to such claims.

16    ***Wisconsin (Target, Sears, Kmart)***:  Wisconsin law permits a pass-on defense.  *See*

17    McCann Decl. Ex. P (*J&R Ventures v. Rhone Poulenc S.A.*, No. 00-1143 (Wis. Cir. Ct. Dec. 4,

18    2006)).  In *J&R Ventures,* the trial court held that it would be "blatantly unfair" not to permit a

19    pass-through defense and that "[t]here [was] no reason to believe that Wisconsin Courts would

20    countenance the award of fictional or non-existent damages."  *Id.* at 2-4.  The court distinguished

21    one of its own cases in which it declined to allow pass-on evidence in the absence of statutory

22    authorization.  The court reasoned that in the previous case plaintiffs were direct purchasers – not

23    indirect purchasers – as in the case before the court.  The court rejected its prior ruling because

24    when applied to indirect purchasers, it would "create the anomaly that those suing would be

25    relying on 'pass on' to establish most of their damages, but those defending would be precluded

26    from showing that plaintiffs' damages were reduced by the plaintiffs, themselves, passing on all

27    or part of this greater price to the purchasers."  *Id.* at 2.  Accordingly, the court held that a pass-on

28    defense was permitted under Wisconsin law.  *Id.* at 5.

1    In *Methionine*, a federal district court went further.  *See In re Methionine Antitrust Litig.*,

2    204 F.R.D. 161, 164 (N.D. Cal. 2001).  In that case, the plaintiff sought to certify a class action

3    for antitrust claims arising under Wisconsin law.  *Id.* at 162.  The Court refused to certify the

4    class because the plaintiff failed "to prove that each class member was actually injured by the

5    antitrust conspiracy[.]"  *Id.* at 164.  The Court explained that the plaintiff had to prove that each

6    member "*absorbed* the overcharge," meaning each member "did not pass on the full amount of

7    the overcharge injury to its customers," in order to certify the class.  *Id.*  Put differently, the

8    plaintiff had the burden of proving that its class members did not pass-on the alleged overcharge.

9    Given the plaintiff's lack of such proof on a class-wide basis, the Court denied certification.

10    Thus, for Target's, Sears', and Kmart's claims under Wisconsin law, the Court should

11    order that the amount of their indirect-purchaser damages for each product category shall be

12    limited by the applicable percentage cap set forth in the table in the accompanying proposed form

13    of Order.  To the extent the percentage cap is 0% for any product category, the Court should enter

14    summary judgment of dismissal with respect to such claims.

15    ***Arizona (Target, Sears, and Kmart):***  Arizona law precludes recovery of overcharges

16    passed-on to other purchasers.  In *Bunker's Glass Co. v. Pilkington PLC,* the Arizona Supreme

17    Court embraced the importance of the pass-on defense.  206 Ariz. 9, 18 (Ariz. 2003).  In that

18    case, the court was presented with the question of whether Arizona's statute allowed indirect-

19    purchaser claims.  The court held indirect claims were allowed because, *inter alia,* its trial courts

20    could take steps to avoid the related risks of multiple recoveries.  *Id.* (explaining that although

21    "[t]he complexity of proving damages through multiple levels of sales is a daunting task," it is

22    "one to which [Arizona's] courts are equal").

23    Before reaching that result, the court addressed pass-on.  *Id.*  It cited with approval New

24    Mexico's statute allowing a pass-on defense, and distinguished a previous Arizona decision

25    precluding pass-on (in a contract action) as inapposite.  *Id.* at 17-18 ("the Arizona Court of

26    Appeals precluded a defendant from employing a pass-on defense to a suit by an indirect

27    purchaser of liquid petroleum gas" but that "was a contract action for alleged overcharges, not an

28    antitrust action. . . .  [t]he cases today present a different scenario").  The court emphasized that

-11-

1  "plaintiffs bear the burden of proving damages caused by a defendant's wrongful conduct" and

2  that "[i]f the plaintiffs cannot present admissible and convincing proof, they cannot recover."  *Id.*

3  at 18.  Between favorably citing a pass-on statute, distinguishing a case barring pass-on evidence,

4  and emphasizing a plaintiff's burden to prove *actual* damages, *Bunker's Glass* demonstrates that

5  Arizona law has clearly endorsed the pass-on defense.

6            Thus, for Target's, Sears', and Kmart's claims under Arizona law, the Court should order

7  that the amount of their indirect-purchaser damages for each product category shall be limited by

8  the applicable percentage cap set forth in the table in the accompanying proposed form of Order.

9  To the extent the percentage cap is 0% for any product category, the Court should enter summary

10 judgment of dismissal with respect to such claims.

11          ***Florida (Target, Sears, and Kmart)*:**  Florida law permits a pass-on defense.  *See In re Fl.*

12 *Cement & Concrete Antitrust Litig.,* 746 F.Supp.2d 1291, 1322 (S.D. Fla. 2010).  In *Florida*

13 *Cement,* the Court held that Florida antitrust law requires plaintiffs to show they did not pass on

14 alleged overcharges in order to survive a motion to dismiss.  *Id.* ("The [complaint] does not allege

15 sufficient information about what particular products were purchased from which Defendants, or

16 whether these particular indirect purchasers *absorbed* the alleged price increases or passed them

17 on to their customers.  Even before *Twombly*, allegations like the ones in the [complaint] would

18 not have been sufficient." (emphasis added)).  Because Florida law requires that plaintiffs show

19 they absorbed overcharge damages in order to bring a price-fixing claim, Florida certainly

20 recognizes a pass-on defense.

21          Thus, for Target's, Sears', and Kmart's claims under Florida law, the Court should order

22 that the amount of their indirect-purchaser damages for each product category shall be limited by

23 the applicable percentage cap set forth in the table in the accompanying proposed form of Order.

24 To the extent the percentage cap is 0% for any product category, the Court should enter summary

25 judgment of dismissal with respect to such claims.

26          ***California (Target, Sears, Kmart, CompUSA, Good Guys, RadioShack, Newegg and***

27 ***Electrograph)*:**  Although a pass-on defense is "generally" not available under California law, a

28 broad exception to the general rule applies in all cases such as this.  *See Clayworth v. Pfizer*, 49

DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO DOWNSTREAM PASS-ON

1  Cal. 4th 758, 787 (2010).  In *Clayworth,* the California Supreme Court explained that "where

2  multiple levels of purchasers have sued, or where a risk remains that they may sue," and where

3  "damages must be allocated among the various levels of injured purchasers, the bar on

4  consideration of pass-on evidence must necessarily be lifted." *Id.*  The court made the availability

5  of the pass-on defense under these circumstances explicit, stating "defendants may assert a pass-

6  on defense as needed to avoid duplication in the recovery of damages." *Id.*

7          In these MDL proceedings, as anticipated in *Clayworth,* "multiple levels of purchasers

8  have sued." *Id.*  Thus these proceedings present precisely the circumstances in which California's

9  general bar on pass-on evidence must "necessarily be lifted." *Id.*

10         Thus, for Target's, Sears', Kmart's, CompUSA's, Good Guys', RadioShack's, Newegg's

11  and Electrograph's claims under California law, the Court should order that the amount of their

12  indirect-purchaser damages for each product category shall be limited by the applicable

13  percentage cap set forth in the table in the accompanying proposed form of Order.  To the extent

14  the percentage cap is 0% for any product category, the Court should enter summary judgment of

15  dismissal with respect to such claims.

16

17  **C.      In States Where the Application of the Pass-On Defense Has Not Been
            Expressly Addressed, Other Law Supports Exclusion of Pass-On Damages.**

18         Adopting the downstream pass-on defense makes sense in indirect-purchaser litigation.

19  As shown in the states with express statutory pass-on or case law approving the pass-on defense,

20  there is a strong presumption in favor of limiting recovery to the amount of any overcharge not

21  passed on to others.  *See Vitamins,* 259 F. Supp. 2d at 4 ("[O]f the twenty repealer jurisdictions,

22  the majority (twelve) either allow a pass through defense or prohibit double recovery to limit

23  liability to indirect purchasers. . . . of the eight jurisdictions that do not contain express limitations

24  on liability, no jurisdiction expressly prohibits a pass through defense.").  Even where a state is

25  reluctant to allow a downstream pass-on defense in all cases, such as in California, *see*

26  *Clayworth*, 49 Cal.4th at 787, courts that have considered these issues agree that in cases where

27  multiple purchasers in a distribution chain seek to recover all or part of the same overcharge, a

28  plaintiff should be barred from recovering the amount of any overcharge that it passed-on

1    downstream to others.

2           Further, limiting pass-through damages is particularly appropriate where, as here, the

3    states lacking explicit pass-on law embrace equitable principles that support a pass-on defense.

4    Many of the states at issue have enacted laws that limit multiple recoveries in the indirect-

5    purchaser context.  *See, e.g.,* (Illinois) 740 I.L.C.S. 10/7 ("the court shall take all steps necessary

6    to avoid duplicate liability").  These laws support limiting plaintiffs' recovery to harm actually

7    *sustained*, and excluding recovery of overcharges passed-on to other purchasers (especially

8    where, as in these MDL proceedings, those purchasers have brought competing claims against

9    defendants seeking all or part of the same overcharges).

10          Finally, returning to basic principles, as the *Vitamins* court did, is instructive.  *See In re*

11   *Vitamins*, 259 F. Supp. 2d. at 7.  Most state courts agree that "[w]hen there has been harm only to

12   the pecuniary interests of a person, compensatory damages are designed to place him in a position

13   substantially equivalent in a pecuniary way to that which he would have occupied had no [wrong]

14   been committed."  Restatement (Second) of Torts § 903 (1979).  "Thus, a plaintiff in a civil

15   action for damages cannot, in the absence of punitive or statutory treble damages, recover more

16   than the loss *actually suffered*."  22 Am.Jur.2d Damages § 28 (2012) (emphasis added).  "The

17   plaintiff is not entitled to a windfall, and the law will not put him in a better position than he

18   would be in had the wrong not been done[.]"  *Id*.  These fundamental principles drove the analysis

19   in *Vitamins.  Vitamins*, 259 F.Supp.2d at 7.  Because compensatory damages are trebled in

20   antitrust cases, it is all the more important that the compensatory damages are not artificially

21   inflated.  *Cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) (Due Process

22   limits punitive damage awards to an amount "reasonable and proportionate to the amount of

23   harm").  As explained below, the states that have not yet expressly considered the application of

24   the pass-on defense in indirect-purchaser litigation do, nonetheless, embrace these fundamental

25   principles and would recognize the pass-on defense in the circumstances presented by these cases.

26          ***Illinois (Target, Sears, Kmart, CompUSA, and AT&T)***:  Illinois law precludes recovery

27   of overcharges passed-on to other purchasers.  Under Illinois law, "compensatory damages are

28   designed to place [a person] in a position substantially equivalent in a pecuniary way to that

1   which he would have occupied had no [wrong] been committed." *Physicians Mut. Ins. Co. v.*

2   *Asset Allocation & Mgmt. Co., LLC*, CIV.A. 06 C 5124, 2007 WL 2875237, at *7-8 (N.D. Ill.

3   Sept. 28, 2007) (citing Restatement (Second) of Torts § 903) (granting summary judgment

4   "[b]ecause [plaintiffs] recovered the entire purchase price and interest on their original

5   investment" and therefore suffered no "legally cognizable loss").  Like Michigan, Illinois law

6   rejects recovery for a fictional loss.  *Compare id.* at *4 ("Without *actual loss*, a plaintiff has no

7   damages.") (emphasis added), *with Vitamins*, 259 F. Supp. at 7 (allowing pass-on defense

8   because, *inter alia,* Michigan "[has] always limited a plaintiff's recovery to the amount the

9   plaintiff was *actually injured*") (emphasis added).  Additionally, the Illinois Antitrust Act

10  commands courts to do everything they can to avoid duplicative recovery.  *See* 740 I.L.C.S. 10/7

11  ("the court shall take *all steps* necessary to avoid duplicate liability for the same injury")

12  (emphasis added).  Barring pass-on damages is a powerful mechanism to reduce the risk that

13  downstream purchasers will recover identical damages.

14          Thus, for Target's, Sears', Kmart's, CompUSA's, and AT&T's claims under Illinois law,

15  the Court should order that the amount of their indirect-purchaser damages for each product

16  category shall be limited by the applicable percentage cap set forth in the table in the

17  accompanying proposed form of Order.  To the extent the percentage cap is 0% for any product

18  category, the Court should enter summary judgment of dismissal with respect to such claims.

19          ***Iowa (Target):***  Iowa law precludes recovery of overcharges passed-on to other

20  purchasers.  In rejecting *Illinois Brick*, the Iowa Supreme Court stated that "the district courts are

21  fully capable of ensuring antitrust defendants are not forced to pay more in damages than amounts

22  to which the injured parties are entitled."  *See Comes v. Microsoft Corp.*, 646 N.W.2d 440, 449-

23  50 (Iowa 2002).  Thus, although indirect purchasers have standing to pursue claims under Iowa

24  law, Iowa courts are also empowered to prevent windfalls in such cases.  Under Iowa law

25  generally, "[t]he purpose of damages is to restore an injured party to the position he enjoyed

26  before his injury.  Duplicate or overlapping damages are to be avoided."  *Team Cent., Inc. v.*

27  *Teamco, Inc.,* 271 N.W.2d 914, 925 (Iowa 1978).

28          Thus, for Target's claims under Iowa law, the Court should order that the amount of its

1    indirect-purchaser damages for each product category shall be limited by the applicable

2    percentage cap set forth in the table in the accompanying proposed form of Order.  To the extent

3    the percentage cap is 0% for any product category, the Court should enter summary judgment of

4    dismissal with respect to such claims.

5        **Kansas (Target):**  Kansas law precludes recovery of overcharges passed-on to other

6    purchasers.  Under Kansas law, "[t]he basic principle of damages is to make a party whole by

7    putting the party back in the same position as if the injury had not occurred, not to grant a

8    windfall."  *Rose v. Via Christi Health Sys., Inc./St. Francis Campus*, 279 Kan. 523, 527 (2005).

9    Recognition of a pass-on defense is essential to the avoidance of windfall recovery.

10       The Kansas Supreme Court and appellate courts have not yet expressly addressed the

11   pass-on defense.  In one Kansas case, a trial court rejected the pass-on defense, but under

12   circumstances not apposite here.  *See Cox v. F. Hoffman-La Roche, Ltd*., No. 00 C 1890, 2003

13   WL 24471996 (Kan. Dist. Ct. Oct. 10, 2003).  In *Cox,* plaintiffs expressly contended they were

14   "at the end of the chain of distribution of the vitamins that they purchased at illegally inflated

15   prices."  *Id.* at *3.  Fearing that permitting a defense of downstream pass-on in such a case would

16   add length and complication to the trial, the court granted plaintiffs' motion to strike defendants'

17   downstream pass-on defense.  *Id.* at *2.

18       Here, the only plaintiff that brings indirect-purchaser claims under Kansas law is Target.

19   *See* Target Comp. ¶ 257.  And Target admits it is not the end user in its distribution chain.  *See*

20   *supra* at 6.  Indeed, Target's own expert opines that Target passed on all or almost all of its

21   alleged damages to its customers for every product category.  *Id*.  Thus, unlike in *Cox,* here the

22   risk of lengthening or complicating the trial is absent.  Because Target agrees that it passed on

23   large percentages of any overcharges it incurred, the issue is ripe for summary adjudication under

24   Rule 56(g).

25       Thus, for Target's claims under Kansas law, the Court should order that the amount of its

26   indirect-purchaser damages for each product category shall be limited by the applicable

27   percentage cap set forth in the table in the accompanying proposed form of Order.  To the extent

28   the percentage cap is 0% for any product category, the Court should enter summary judgment of

1    dismissal with respect to such claims.

2         ***Massachusetts (Sears, Kmart, and RadioShack)***:  Putting aside for purposes of this

3    motion the fact that Sears, Kmart, and RadioShack, as businesses, lack standing to bring indirect-

4    purchaser claims under Massachusetts law, *see* D.I. 6093 (Defendants' Motion for Summary

5    Judgment on Sears', Kmart's, and RadioShack's Indirect-Purchaser Massachusetts Claims),

6    Massachusetts law also precludes recovery of any overcharges they passed-on to other

7    purchasers.  "A fundamental principle on which [Massachusetts'] rule of damages is based is

8    compensation."  *Kattar v. Demoulas*, 433 Mass. 1, 15 (2000).  "Compensation is that amount of

9    money that reasonably will make the injured party whole."  *Id.* "Compensatory damages may not

10   exceed this amount.  Anything beyond that amount is a windfall."  *Id.* (citations omitted).  The

11   Massachusetts statute that Plaintiffs invoke is consistent with this principle, stating that "recovery

12   shall be in the amount of *actual* damages[.]"  Mass. General Laws c. 93A § 11.

13        Thus, for Sears', Kmart's, and RadioShack's claims under Massachusetts law, the Court

14   should order that the amount of their indirect-purchaser damages for each product category shall

15   be limited by the applicable percentage cap set forth in the table in the accompanying proposed

16   form of Order.  To the extent the percentage cap is 0% for any product category, the Court should

17   enter summary judgment of dismissal with respect to such claims.

18        ***Minnesota (Target, Sears, Kmart, and Best Buy)***:  Minnesota law precludes recovery of

19   overcharges passed-on to other purchasers, as three independent Minnesota doctrines confirm.

20   First, Minnesota "defines actual damages as [a]n amount awarded to a complainant to compensate

21   for a proven injury or loss; damages that repay actual losses."  *Ray v. Miller Meester Adver., Inc.*,

22   684 N.W.2d 404, 407 (Minn. 2004) (citation omitted).  An injury that was "passed on" to another

23   was not part of a Plaintiff's "actual loss."  Second, Minnesota's antitrust statute provides that,

24   where there is a risk of duplicative recovery in a subsequent action, the court may take "any steps

25   necessary to avoid duplicative recovery against a defendant."  Minn. Stat. § 325D.57.  Precluding

26   recovery of overcharges passed-on to other purchasers would avoid, or reduce the risk, of

27   duplicative recoveries – "a legitimate and important consideration."  *Lorix v. Crompton Corp.*,

28   736 N.W.2d 619, 628 (Minn. 2007).  Third, Minnesota's Supreme Court has already held that

1    while "Minnesota antitrust law is generally interpreted consistently with federal antitrust law[,]"

2    *id.* at 626, for purposes of giving claims to indirect purchasers, "the 1984 amendment to Minn.

3    Stat. § 325D.57 was intended to restore Minnesota antitrust law to its pre-*Illinois Brick* contours."

4    *Id.* at 634.  *Lorix* went on to cite *In re Western Liquid Asphalt Cases*, 487 F.2d 191 (9th Cir.

5    1973) as an example of the pre-*Illinois Brick* law it would follow.  *Lorix*, 736 N.W.2d at 634.  *In*

6    *re Western Liquid Asphalt*, in turn, holds that "in passing-on cases, the intermediary should

7    recover the amount of the overcharge that was not passed on, if the proof shows that the ultimate

8    consumer did not pay it all, and any lost profits resulting from increased costs."  487 F.2d at 201.

9    Thus, to the degree Minnesota meant to restore and adopt cases like *In re Western Liquid Asphalt*

10   as its own, it also meant to adopt the rule that a plaintiff could only recover as damages an

11   overcharge that was not passed-on.  *See Lorix*, 736 N.W.2d at 635.

12          The defendants anticipate that Plaintiffs will cite *Minnesota v. Philip Morris, Inc.,* 551

13   N.W. 2d 490, 497 (Minn. 1996) and claim it stands for more than it does.  *Philip Morris* is a

14   standing case, not a damages case.  Plaintiffs will undoubtedly quote the language that noted that

15   in repealing *Illinois Brick*, "it was the intent of the Minnesota legislature to abolish the

16   availability of the pass through defense by specific grants of *standing*[.]"  *Id.* at 497 (emphasis

17   added).  But that quote about standing says nothing about damages.  *Philip Morris* expressly

18   notes that "the **only** issue before this court is the question of whether Blue Cross has standing to

19   bring a cause of action under any of the four theories upon which it relies."  *Id*. at 493 (emphasis

20   added).  It did not address the question of "pass on" in determining damages.  Nor is that

21   surprising.  The plaintiff in *Philip Morris*, Blue Cross, did not seek to recover for an illegal

22   overcharge—it sought only to recover for the increased costs of patient care related to smoking.

23   The issue of pass on in damage calculations was not presented, and a "'decision'" cannot be "'put

24   forward as precedent'" unless "'the judicial mind has been applied to and passed upon the *precise*

25   *question*'" presented.  *State v. Losh*, 755 N.W.2d 736, 742 (Minn. 2008) (emphasis added;

26   quoting *Fletcher v. Scott*, 277 N.W. 270, 272 (1938)).

27          *Lorix*, a post-*Phillip Morris* standing case, proves the point.  *Lorix* explained that finding

28   a plaintiff has standing "does not mean that [it] will recover[.]"  *Lorix*, 736 N.W.2d at 635.

1  "[S]peculative or unmanageably complex" damage claims were to be barred at the summary

2  judgment stage." *Id.* *Lorix* also cited favorably the legislative history of Minnesota's *Illinois*

3  *Brick* repealer statute, which confirmed that Minnesota's goal was to restore pre-*Illinois Brick*

4  law, but not go beyond it. *Id.* at 634 ("We don't want to be creating causes of action where they

5  wouldn't have existed prior to the *Illinois Brick* case." (internal citations omitted)). Pre-*Illinois*

6  *Brick* indirect-purchaser case law holds that a plaintiff would be "awarded only such further

7  damages . . . as he may reasonably prove allocable to him." *In re Western Liquid Asphalt*, 487

8  F.2d at 201. Minnesota law thus compels an allocation and precludes a plaintiff from recovering

9  any overcharges it passed-on to other purchasers.

10       Thus, for Target's, Sears', Kmart's, and Best Buy's claims under Minnesota law, the

11  Court should order that the amount of their indirect-purchaser damages for each product category

12  shall be limited by the applicable percentage cap set forth in the table in the accompanying

13  proposed form of Order. To the extent the percentage cap is 0% for any product category, the

14  Court should enter summary judgment of dismissal with respect to such claims.

15       ***Mississippi (Sears, Kmart, and RadioShack)***: Mississippi law precludes recovery of

16  overcharges passed-on to other purchasers. Under Mississippi law, compensatory damages

17  "compensate the injured party for the *injury sustained* and nothing more," they "simply make

18  good or replace the loss caused by the wrong or injury." *Richardson v. Canton Farm Equip., Inc.*,

19  608 So. 2d 1240, 1250 (Miss. 1992) (emphasis added); *Miss.i Power & Light Co. v. Harrison*,

20  247 Miss. 400, 424 (1963) ("it is never contemplated that the injured party should realize a profit

21  from the damages sustained"). These are the same damages principles that shaped the *Vitamins*

22  court's decision to allow evidence of pass on. *See Vitamins,* 259 F.Supp.2d at 7.

23       Thus, for Sears', Kmart's, and RadioShack's claims under Mississippi law, the Court

24  should order that the amount of their indirect-purchaser damages for each product category shall

25  be limited by the applicable percentage cap set forth in the table in the accompanying proposed

26  form of Order. To the extent the percentage cap is 0% for any product category, the Court should

27  enter summary judgment of dismissal with respect to such claims.

28       ***Nevada (Sears and Kmart)***: Nevada law precludes recovery of overcharges passed-on to

1    other purchasers.  Under Nevada law "compensatory damages are designed to make the plaintiff

2    whole for her injury."  *Miller v. Schnitzer*, 78 Nev. 301, 311 n.1 (Nev. 1962).  Put another way,

3    "the purpose of a general damage award is to compensate the aggrieved party for damage *actually*

4    *sustained*[.]"  *Nevada Cement Co. v. Lemler*, 89 Nev. 447, 450 (Nev. 1973) *overruled on other*

5    *grounds by Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 741 n. 39 (Nev. 2008).

6    These are the same damages principles that shaped the *Vitamins* court's decision to allow

7    evidence of pass on.  *See Vitamins,* 259 F.Supp.2d at 7.

8         Thus, for Sears' and Kmart's claims under Nevada law, the Court should order that the

9    amount of their indirect-purchaser damages for each product category shall be limited by the

10   applicable percentage cap set forth in the table in the accompanying proposed form of Order.  To

11   the extent the percentage cap is 0% for any product category, the Court should enter summary

12   judgment of dismissal with respect to such claims.

13        ***North Carolina (Target, Sears, and Kmart)***:  North Carolina law precludes recovery of

14   overcharges passed-on to other purchasers.  Under North Carolina law, the "underlying principle

15   in fixing damages is to compensate the injured party" and to "restore the victim to his original

16   condition, and give him back that which was lost[.]"  *Shaver v. N.C. Monroe Constr. Co.,* 63 N.C.

17   App. 605, 615 (N.C. Ct. App. 1983) (citing *Phillips v. Chesson,* 231 N.C. 566, 571 (1950))

18   (internal citations omitted).  Along these same lines, "the primary rationale for enforcement of the

19   state antitrust laws is to provide a recovery for indirect purchasers *actually injured* by antitrust

20   violations."  *Crouch v. Crompton Corp.*, 2004 WL 2414027, at *8 (N.C. Super. Ct. Oct. 28, 2004)

21   (emphasis added).  Allowing plaintiffs to recover for damages passed-through to other purchasers

22   would undermine this objective.

23        Although North Carolina law does not address the pass-on defense directly, its courts

24   recognize that where "[s]tate indirect purchaser standing creates the prospect of double recovery,

25   both as between direct and indirect purchasers and between indirect purchasers at different levels

26   in the distribution chain," North Carolina courts should do what they can to avoid awarding

27   duplicative recoveries.  *Crouch,* 2004 WL 2414027, at *18.  Precluding recovery of overcharges

28   passed-on to other purchasers would avoid, or at least reduce the risk, of duplicative recoveries.

-20-

1    Thus, for Target's, Sears', and Kmart's claims under North Carolina law, the Court should

2    order that the amount of their indirect-purchaser damages for each product category shall be

3    limited by the applicable percentage cap set forth in the table in the accompanying proposed form

4    of Order.  To the extent the percentage cap is 0% for any product category, the Court should enter

5    summary judgment of dismissal with respect to such claims.

6    **Tennessee (Newegg and AT&T)**:  Tennessee law precludes recovery of overcharges

7    passed-on to other purchasers.  In Tennessee, "[t]he purpose of compensatory damages is to

8    compensate a party for the loss or injury caused by a wrongdoer's conduct."  *Waggoner Motors,*

9    *Inc. v. Waverly Church of Christ*, 159 S.W.3d 42, 57 (Tenn. Ct. App. 2004); *see also Hodges v.*

10   *S.C. Toof & Co.*, 833 S.W.2d 896, 902 (Tenn. 1992) ("the purpose of compensatory damages is to

11   make plaintiff whole").  "The goal is to restore the injured party, as nearly as possible, to the

12   position the party would have been in had the wrongful conduct not occurred."  *Waggoner,*159

13   S.W.3d at 57 (citations omitted).  Finally, in Tennessee, "[t]he party seeking damages has the

14   burden of proving them."  *Id*.  These same principles underlie the *Vitamins* court's decision to

15   allow evidence of pass on.  *See Vitamins*, 259 F. Supp. at 7.

16   More significantly still, Tennessee courts acknowledge that duplicative recovery resulting

17   from pass-on damages is a "problem" and encourage trial courts to address it.  *See Freeman*

18   *Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 520 (Tenn. 2005).  In *Freeman*, the

19   Tennessee Supreme Court explained that trial courts "are competent to handle [duplicative

20   claims]," noting that "many *Illinois Brick Co*. repealer statutes leave the solution of the risk of

21   multiple liability to the trial courts."  *Id*. (internal citations omitted).  By calling on courts to

22   manage the risks of duplicative recoveries, the Tennessee Supreme Court effectively precluded

23   recovery of overcharges passed-on to other purchasers.

24   Thus, for Newegg's and AT&T's claims under Tennessee law, the Court should order

25   that the amount of their indirect-purchaser damages for each product category shall be limited by

26   the applicable percentage cap set forth in the table in the accompanying proposed form of Order.

27   To the extent the percentage cap is 0% for any product category, the Court should enter summary

28   judgment of dismissal with respect to such claims.

VI.     **CONCLUSION**

        For all of the foregoing reasons, defendants respectfully submit that the Court should enter

pursuant to Rule 56 the several orders sought herein capping Plaintiffs' various state indirect

purchaser overcharge damages per the undisputed downstream pass-on rates, and dismissing

claims for overcharges on products when the entire overcharge was passed on to other purchasers,

as set forth in the proposed form of order accompanying this motion.

                                Respectfully submitted,


Dated:  July 16, 2012                        By:    /s/ Kevin C. McCann
                                             Kevin C. McCann (State Bar No. 120874)
                                             Holly A. House (State Bar No. 136045)
                                             Lee F. Berger (State Bar No. 222756)
                                             Sean Unger (State Bar No. 231694)
                                             PAUL HASTINGS LLP
                                             55 Second Street
                                             Twenty-Fourth Floor
                                             San Francisco, CA 94105
                                             Telephone:    (415) 856-7000
                                             Facsimile:     (415) 856-7100
                                             *hollyhouse@paulhastings.com*
                                             *kevinmccann@paulhastings.com*
                                             *leeberger@paulhastings.com*
                                             *seanunger@paulhastings.com*

                                             Attorneys for Defendants
                                             LG Display Co., Ltd. and LG Display America,
                                             Inc. in the *Best Buy*, *Electrograph* and *Target* cases
                                             only


                                             By:    /s/ Gregory J. Weingart
                                             Gregory J. Weingart (State Bar No. 157997)
                                             Brad D. Brian (State Bar No. 079001)
                                             Jerome C. Roth (State Bar No. 159483)
                                             Stuart N. Senator (State Bar No. 148009)
                                             Jonathan E. Altman (State Bar No. 170607)
                                             Truc T. Do (State Bar No. 191845)
                                             Hailyn J. Chen (State Bar No. 237436)
                                             MUNGER, TOLLES & OLSON LLP
                                             355 South Grand Avenue
                                             Los Angeles, CA  90071-1560
                                             Telephone:    (213) 683-9100
                                             Facsimile:     (213) 687-3702
                                             *Brad.Brian@mto.com*

                                             Attorneys for Defendants LG Display Co., Ltd. and
                                             LG Display America, Inc. in the *AT&T* case only

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:___/s/ Stephen P. Freccero_____
Stephen P. Freccero (SBN 131093)
Melvin R. Goldman (SBN 34097)
Derek F. Foran (SBN 224569)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
(415) 268-7000 / (415) 268-7522
mgoldman@mofo.com
sfreccero@mofo.com
dforan@mofo.com

Attorneys for Defendants Epson Imaging Devices
Corporation and Epson Electronics America, Inc.

As to *Best Buy* and *Electrograph* actions only

By:___/s/ Carl L. Blumenstein_____
Carl L. Blumenstein (State Bar No. 124158)
Christopher A. Nedeau (State Bar No. 81297)
Farschad Farzan (State Bar No. 215194)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438
*cnedeau@nossaman.com*
*cblumenstein@nossaman.com*
*ffarzan@nossaman.com*

Attorneys for Defendants
AU Optronics Corporation and AU Optronics
Corporation America

By:___/s/ Brendan P. Cullen_____
Brendan P. Cullen, Esq.
Shawn Joe Lichaa, Esq.
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, CA  94303
Tel:  (650) 461-5600
Fax:  (650) 461-5700
*cullenb@sullcrom.com*
*lichaas@sullcrom.com*

SULLIVAN & CROMWELL LLP
Garrard R. Beeney, Esq.
Bradley P. Smith, Esq.
Matthew S. Fitzwater, Esq.
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

-23-

1   *beeneyg@sullcrom.com*
    *smithbr@sullcrom.com*
2   *fitzwaterm@sullcrom.com*

3   Counsel for Defendant Philips Electronics North
    America Corporation in the *Target* case
4

5   By:    */s/* Christopher M. Curran
    Christopher M. Curran (pro hac vice)
6   *ccurran@whitecase.com*
    Martin M. Toto (pro hac vice)
7   *mtoto@whitecase.com*
    John H. Chung (pro hac vice)
8   *jchung@whitecase.com*
    WHITE & CASE LLP
9   1155 Avenue of the Americas
    New York, NY 10036
10  Telephone: (212) 819-8200
    Facsimile: (212) 354-8113
11
    Attorneys for Toshiba Corporation, Toshiba
12  Mobile Display Co., Ltd., Toshiba America
    Electronic Components, Inc. and Toshiba America
13  Information Systems, Inc.

14

15  By:    */s/* Harrison J. Frahn IV
    James G. Kreissman (Bar No. 206740)
16  Harrison J. Frahn IV (Bar No. 206822)
    Jason M. Bussey (Bar No. 227185)
17  SIMPSON THACHER & BARTLETT LLP
    2550 Hanover Street
18  Palo Alto, California  94304
    Tel: (650) 251-5000
19  Fax: (650) 251-5002
    *jkreissman@stblaw.com*
20  *hfrahn@stblaw.com*
    *jbussey@stblaw.com*
21
    Attorneys for Defendants Chimei Innolux
22  Corporation, Chi Mei Corporation, Chi Mei
    Optoelectronics USA, Inc., CMO Japan Co.,
23  Ltd., Nexgen Mediatech, Inc., and Nexgen
    Mediatech USA, Inc. in the *AT&T* case only
24

25  By:    */s/*   Michael R. Scott
    Michael R. Scott (pro hac vice)
26  Michael J. Ewart (pro hac vice)
    HILLIS CLARK MARTIN & PETERSON P.S.
27  1221 Second Avenue, Suite 500
    Seattle, WA 98101-2925
28  Telephone:  (206) 623-1745

-24-

CASE NO.: 3:07-MD-1827 SI

1    Facsimile:  (206) 623-7789
     *mrs@hcmp.com; mje@hcmp.com*

2
     Attorneys for Defendants Chi Mei Corporation,
3    Chimei Innolux  Corporation f/k/a Chi Mei
     Optoelectronics Corporation, Chi Mei
4    Optoelectronics USA, Inc., CMO Japan Co., Ltd.,
     Nexgen Mediatech, Inc. and Nexgen Mediatech
5    USA, Inc. in the *Best Buy* and *Target* cases only

6
     By:____/s/ Rachel S. Brass_____
7    Rachel S. Brass (SBN 219301)
     Joel S. Sanders (SBN 107234)
8    Austin V. Schwing (SBN 211696)
     Joel Willard (SBN 247899)
9    GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street, Suite 3000
10   San Francisco, California 94105
     (415) 393-8200 / (415) 393-8306
11   *jsanders@gibsondunn.com*
     *rbrass@gibsondunn.com*
12
     Attorneys for Defendants Chunghwa Picture
13   Tubes, Ltd. in the *Best Buy*, *Electrograph* and
     *Target* cases only
14

15   By:____/s/ William S. Farmer_____
     William S. Farmer (SBN 46694)
16   Jacob P. Alpren (SBN 235713)
     Andrew H. Pontious (SBN 157174)
17   COLLETTE ERICKSON FARMER & O'NEILL
     LLP
18   235 Pine Street, Suite 1300
     San Francisco, CA 94104
19   (415) 788-4646 / (415) 788-6929
     *wfarmer@collette.com*
20   *jalpren@collette.com*
     *apontious@collette.com*
21
     Attorneys for Defendant Chunghwa Picture Tubes,
22   Ltd. in the *AT&T* action only

23   By:____/s/ Robert E. Freitas_____
     Robert E. Freitas (SBN 80948)
24   *rfreitas@ftklaw.com*
     Jason S. Angell (SBN 221607)
25   *jangell@ftklaw.com*
     Jerry Chen (SBN 229318)
26   *jchen@ftklaw.com*
     FREITAS TSENG & KAUFMAN LLP
27   100 Marine Parkway, Suite 200
     Redwood Shores, California  94065
28

-25-          DEFENDANTS' MOTION FOR PARTIAL SUMMARY
                                               JUDGMENT AS TO DOWNSTREAM PASS-ON

1   Telephone:    (650) 593-6300
    Facsimile:    (650) 593-6301
2
    Attorneys for Defendant
3   HannStar Display Corporation

4
    By:   /s/ Donald H. Mullins
5   Donald H. Mullins
    BADGLEY MULLINS LAW GROUP, PLLC
6   Donald H. Mullins (admitted *pro hac vice*)
    Mark K. Davis (admitted *pro hac vice*)
7   701 Fifth Avenue, Suite 4750
    Seattle, WA  98104
8   Tel: (206) 621-6566
    Fax: (206) 621-9686
9   *donmullins@badgleymullins.com*
    *mdavis@badgleymullins.com*
10
    RAMSEY & ERHLICH LLP
11  Ismail Ramsey (Bar No. 189820)
    803 Hearst Avenue
12  Berkeley, CA  97410
    Tel:  (510) 548-3600
13  Fax:  (510) 291-3060
    *izzy@ramsey-ehrlich.com*
14
    Attorneys for Defendant
15  Hannstar Display Corporation

16  As to the *AT&T action* only

17
    By:   /s/ Paul P. Eyre
18  Paul P. Eyre
    Tracy L. Cole
19  BAKER & HOSTETLER LLP
    45 Rockefeller Plaza
20  New York, NY 10111
    Telephone:  (212) 589-4210
21  Facsimile:  (212) 589-4201
    *peyre@bakerlaw.com*
22  *tcole@bakerlaw.com*

23  Ernest E. Vargo
    Michael E. Mumford
24  Erin K. Murdock-Park
    BAKER & HOSTETLER LLP
25  PNC Center
    1900 East Ninth Street, Suite 3200
26  Cleveland, OH 44114-3482
    Telephone:  (216) 621-0200
27  Facsimile:  (216) 696-0740
    *evargo@bakerlaw.com*
28  *mmumford@bakerlaw.com*

CASE NO.: 3:07-MD-1827 SI

-26-   DEFENDANTS' MOTION FOR PARTIAL SUMMARY
       JUDGMENT AS TO DOWNSTREAM PASS-ON

1
emurdockpark@bakerlaw.com

2
Attorneys for Defendant Mitsui & Co. (Taiwan), Ltd.

3
As to the *Electrograph action* only

4

5
By: ___/s/ Jacob R. Sorensen_____

6
Jacob R. Sorensen (SBN 209134)
John M. Grenfell (SBN 88500)

7
Fusae Nara (*pro hac vice*)
Andrew D. Lanphere (SBN 191479)

8
PILLSBURY WINTHROP SHAW PITTMAN
LLP

9
50 Fremont Street
San Francisco, California  94105

10
(415) 983-1000 / (415) 983-1200
john.grenfell@pillsburylaw.com

11
jake.sorensen@pillsburylaw.com
fusae.nara@pillsburylaw.com

12
andrew.lanphere@pillsburylaw.com

13
Attorneys for Defendants Sharp Corporation and
Sharp Electronics Corporation

14
As to the *Target et al., Electrograph, and Best Buy actions* only

15

16

17
By: ___/s/ Kenneth A. Gallo_____
Kenneth A. Gallo (pro hac vice)

18
Joseph S. Simons (pro hac vice)
Craig A. Benson (pro hac vice)

19
2001 K Street NW
Washington, DC 20006

20
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP

21
(202) 223-7300 (telephone)
(202) 223-7420 (facsimile)

22
kgallo@paulweiss.com

23
Attorneys for Defendants Sharp Corporation and
Sharp Electronics Corporation

24
As to the *Best Buy and AT&T actions* only

25
By: ___/s/ Richard S. Taffett_____
Richard S. Taffet (pro hac vice)

26
Kenneth I. Schacter (pro hac vice)
Jon R. Roellke (pro hac vice)

27
Colin C. West (SBN 184095)
Kristen A. Palumbo (SBN 215857)

28
Three Embarcadero Center

-27-      DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO DOWNSTREAM PASS-ON

San Francisco, CA 94111-4067
BINGHAM MCCUTCHEN LLP
(415) 393-2000 (telephone)
(415) 393-2286 (facsimile)
*colin.west@bingham.com*

Attorneys for Defendants Sharp Corporation and
Sharp Electronics Corporation

As to the *AT&T action* only

By: ____/s/ Robert D. Wick_____
Robert D. Wick (*pro hac vice*)
Derek B. Ludwin (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, D.C. 20004
(202) 662-6000
*rwick@cov.com*

Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Semiconductor, Inc., and
Samsung Electronics America, Inc.

As to the *AT&T* case only

By: ____/s/ Michael W. Scarborough_____
Michael W. Scarborough (SBN 203524)
SHEPPARD MULLIN RICHTER & HAMPTON
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947
*mscarborough@sheppardmullin.com*

Eric S. O'Connor (SBN 223244)
SHEPPARD MULLIN RICHTER & HAMPTON
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: 212-653-8700
Facsimile: 212-653-8701
*eoconnor@sheppardmullin.com*

Counsel for Defendants Samsung SDI America,
Inc. and Samsung SDI Co., Ltd.

As to the *AT&T* case only

-28-   DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO DOWNSTREAM PASS-ON

1                                        By:    /s/ Allison A. Davis

2                                          Allison A. Davis (Bar No. 139203)
Sanjay Nangia (Bar No. 264986)

3                                          505 Montgomery Street, Suite 800
San Francisco, CA  94111

4                                          DAVIS WRIGHT TREMAINE LLP
Tel:  (415) 276-6500

5                                          Fax:  (415) 276-6599
*allisondavis@dwt.com*

6                                          Nick S. Verwolf (admitted pro hac vice)

7                                          777 – 108th Ave. N.E., Suite 2300
Bellevue, WA  98004

8                                          DAVIS WRIGHT TREMAINE LLP
Tel:  (425) 646-6125

9                                          Fax:  (425) 646-6199
*nickverwolf@dwt.com*

10                                       Attorneys for Defendant

11                                       Sanyo Consumer Electronics Co., Ltd. in the
*AT&T* and *Target* cases only

12                                       By: /s/ Kent M. Roger

13                                       Kent M. Roger (Bar No. 95987)
MORGAN LEWIS & BOCKIUS LLP

14                                       One Market, Spear Street Tower
San Francisco, CA 94105-1126

15                                       (415) 442-1000 (Phone)
(415) 442-1001 (Facsimile)

16                                       *kroger@morganlewis.com*

17                                       Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display East, Inc.) and

18                                       Hitachi Electronic Devices (USA), Inc., as to the
*Best Buy* and *Electrograph* cases only

19

20         Attestation:  The filer of this document attests that the concurrence of the signatories

21 thereto has been obtained.

22

23

24

25

26

27

28

                    DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO DOWNSTREAM PASS-ON