Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
Heather T. Rankie (268002)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 693-0700
Facsimile:   (415) 693-0770
*fscarpulla@zelle.com*

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile:  (415) 434-9200
*jmalioto@aliotolaw.com*

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-MD-1827 SI<br>MDL No. 1827 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions;<br><br>*State of Missouri, et al. v. AU Optronics Corporation, et al.*, Case No. 10-cv-3619;<br><br>*State of Florida v. AU Optronics Corporation, et al.*, Case No. 10-cv-3517; and<br><br>*State of New York v. AU Optronics Corporation, et al.*, Case No. 11-cv-0711. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF COMBINED CLASS, *PARENS PATRIAE*, AND GOVERNMENTAL ENTITY SETTLEMENTS WITH AUO, LG DISPLAY, AND TOSHIBA DEFENDANTS**<br><br>The Honorable Susan Y. Illston |

The Indirect-Purchaser Plaintiffs ("IPPs") and the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin ("Settling States") have jointly moved for preliminary approval of combined class, *parens patriae*, and governmental entity settlements (the "Proposed Settlements") with the AUO, LG Display, and Toshiba Defendants (as identified in the Proposed Settlements, and inclusive of related entities identified in the Proposed Settlements) (collectively, the "Settling Defendants").

The Court, having reviewed the motion, the Proposed Settlements, the arguments of counsel, and the records on file in this action, finds that preliminary approval of the Proposed Settlements should be, and hereby is, GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Proposed Settlements with the Settling Defendants are preliminarily approved, subject to a final approval hearing of the Proposed Settlements (the "Fairness Hearing").

2. The following class is provisionally certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons and entities in Arkansas who, from January 1, 1999 to December 31, 2006, as residents of Arkansas, purchased TFT-LCD Panels incorporated in televisions, monitors, and/or laptop computers in Arkansas indirectly from one or more of the named Defendants or Quanta Display, Inc., for their own use and not for resale. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant in the Actions; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and their named affiliates and co-conspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

3. The following class is provisionally certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons and entities in Missouri or Rhode Island who, from January 1, 1999 to December 31, 2006, as residents of Missouri or Rhode Island, respectively, purchased TFT-LCD Panels incorporated in televisions, monitors, and/or laptop computers in Missouri or Rhode Island, respectively, indirectly from one or more of the named Defendants or Quanta Display, Inc., primarily for business use (and not for personal, family, or household use) and not for resale. Specifically

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

excluded from the Class are defendants; the officers, directors, or employees of any defendant; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and the named affiliates and co-conspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

4.     The following class is provisionally certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All persons and entities in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin who, from January 1, 1999 to December 31, 2006, as residents of the respective state, purchased TFT-LCD Panels incorporated in televisions, monitors, and/or laptop computers in the respective state, indirectly from one or more of the named Defendants or Quanta Display, Inc., for their own use and not for resale, and whose purchases bring them within the definition of the certified direct purchaser product class in this Multidistrict Litigation No. 1827 and who did not opt-out of that class. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and the named affiliates and co-conspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

5.     With respect to the above-referenced settlement-only classes, the Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil of Procedure have been satisfied in that: (i) there are numerous class members, making joinder of all class members impracticable; (ii) there are questions of fact and law that are common to all members of the class; (iii) the claims of the class representative are typical of the claims of the class; and (iv) the class representative will fairly and adequately protect the interests of the class.

6.     With respect to the above-referenced settlement-only classes, the Court further finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes only in that:  (i) questions of fact and law common to the class members predominate over any questions affecting only individual members; and (ii) a class

2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

1  action is superior to other available methods for the fair and efficient adjudication of this
2  controversy.
3      7.    With respect to the above-referenced settlement-only classes, the Court hereby
4  appoints as class representative Robert Harmon for purposes of the settlement-only class defined at
5  paragraph 2; the Court hereby appoints as class representatives Benjamin Larry Luber and Dr.
6  Robert Mastronardi for purposes of the settlement-only class defined at paragraph 3; the Court
7  hereby appoints as class representatives all of the individuals identified in the Court's class
8  certification orders dated March 28, 2010 (Dkt. 1642) and July 28, 2011 (Dkt. 3198), incorporated
9  herein by reference, for purposes of the settlement-only class defined at paragraph 4.  The Court
10 hereby appoints Zelle Hofmann Voelbel & Mason LLP and the Alioto Law Firm as counsel for the
11 above-referenced settlement-only classes.
12     8.    The Court finds that the Proposed Settlements fall within the range of possible final
13 approval.  The Court further finds that there is a sufficient basis for notifying class members of the
14 Proposed Settlements, and for enjoining class members from proceeding in any other action
15 pending the conclusion of the Fairness Hearing.
16     9.    The Court will conduct a Fairness Hearing on November 29, 2012 at 3:30 p.m.  The
17 Fairness Hearing will be conducted to determine the following:
18     a.    Whether the Proposed Settlements are fair, reasonable, and adequate, and should be
19     granted final approval;
20     b.    Whether final judgments should be entered dismissing the claims of the class
21     members against the Settling Defendants with prejudice under the terms of the
22     Proposed Settlements; and
23     c.    Such other matters as the Court may deem appropriate.
24     10.    To avoid the possible duplication of class notices, notice of the settlements shall be
25 combined and sent in one notice regarding the settlements with all Settling Defendants.
26     11.    The Court further finds that notice by publication is the best notice that is
27 practicable under the circumstances, and constitutes valid, due, and sufficient notice that complies
28 with the requirements of Rule 23 of the Federal Rules of Civil Procedure.  In addition, the Court

finds that the proposed notice plan and forms of notice comport with due process of law and are proper under Ark. Code Ann. § 4-75-315(b)(2) and Cal. Bus. & Prof. Code § 16760(b)(1).

12. The Court preliminarily approves the plan of distribution proposed by the IPPs and the Settling States in the motion for preliminary approval, and approves the proposed claim form substantially in the form attached hereto as Exhibit A.

13. Within 30 days of this Order, the Notice Administrator (as designated by co-lead class counsel for the Indirect-Purchaser Plaintiffs and the Settling States in the motion for preliminary approval) shall cause notice substantially in the form attached hereto as Exhibit B (short-form notice) to be published according to the Notice Plan described in the declaration of Katherine Kinsella, filed concurrently with the motion for preliminary approval. Within 30 days of this Order, the Notice Administrator shall cause notice substantially in the form attached hereto as Exhibit C (long-form notice) to be posted on the internet at www.LCDclass.com.

14. Members of the classes certified by Orders of this Court dated March 28, 2010 and July 28, 2011, as modified by the January 26, 2012 Order, were already given an opportunity to exclude themselves, and another opportunity is not necessary or required.

15. Members of the above-referenced settlement-only classes shall have the opportunity to exclude themselves from the Proposed Settlements. These settlement-only class members may exercise the right to be excluded from the Proposed Settlements by mailing a request for exclusion to the Notice Administrator no later than 60 days after commencement of the Notice Plan. Requests for exclusion must be in writing and set forth the name and address of the person or entity that wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, must state that the person or entity wishes to be excluded, and must be signed by the person or entity seeking exclusion. No later than 20 days after the last date for class members to opt-out of the Proposed Settlements, the IPPs and the Settling States shall file with the Court a list of all persons and entities who have timely requested exclusion from the Proposed Settlements. Any timely request for exclusion received from an IPP class member shall be deemed also to be an election of exclusion from such state's *parens patriae* claims (if applicable), and vice-versa.

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

16. Any class member who does not properly and timely request exclusion from the Proposed Settlements shall, upon final approval of the Proposed Settlements, be bound by the terms and provisions of the Proposed Settlements so approved, including but not limited to the releases, waiver, and covenants described in the Proposed Settlements, whether or not such person or entity objected to the Proposed Settlements and whether or not such person or entity makes a claim against the settlement funds.

17. Each class member who does not timely seek exclusion shall have the right to object to the Proposed Settlements by filing written objections with the Court no later 60 days after commencement of the Notice Plan, copies of which shall be served on all counsel listed in the long-form notice. Failure to timely file and serve written objections will preclude a class member from objecting to the Proposed Settlements.

18. Each class member who does not timely seek exclusion shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than 60 days after commencement of the Notice Plan, copies of which shall be served on all counsel listed in the long-form notice.

19. All briefs, memoranda, and papers in support of final approval of the settlement shall be filed not later than 14 days before the Fairness Hearing, and shall be posted on the internet at www.LCDclass.com. Any briefs, memoranda, and papers in support of a request for Attorneys' fees or reimbursement and/or advancement of costs to be heard at the same time as the Fairness Hearing shall be filed not later than 30 days before the date that objections to the Proposed Settlement are due, and shall be posted on the internet at www.LCDclass.com.

20. All further IPP and Settling State proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Proposed Settlements or that are otherwise permitted by the Proposed Settlements or agreed to by the IPPs, the Settling States, and the Settling Defendants.

21. Pending the final determination of whether the Proposed Settlements should be approved, each IPP class representative and each member of the IPP classes, and any person purporting to assert their claims, is hereby enjoined from commencing or prosecuting, either

5

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

directly or indirectly, any action in any other court asserting any of the Released Claims; provided, that this injunction shall not apply to individual claims of any member of the IPP Classes who has timely and properly opted out from the IPP Classes as permitted by the Court.  Such injunction shall remain in force until final approval or until such time as the parties notify the Court that the Proposed Settlements have been terminated.  This injunction is necessary to protect and effectuate the Proposed Settlements, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Proposed Settlements and to enter final judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

22. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Proposed Settlements.

**IT IS SO ORDERED.**

Dated: __7/30/12_____   _____
The Honorable Susan Y. Illston,
United States District Judge

3234692v9