IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-3856 SI |
| SCHULTZE AGENCY SERVICES, LLC,<br><br>    Plaintiff,<br><br>   v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. / | **ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS; GRANTING NEC'S MOTION TO DISMISS** |

Currently before the Court are two motions to dismiss the Second Amended Complaint of Schultze Agency Service, LLC (hereinafter, "Tweeter"): a joint motion filed by most of the defendants,[1] and a separate motion filed by three of the NEC defendants,[2] NEC Corporation, NEC Corporation of

---

[1] Hitachi, Ltd., Hitachi Displays, LTD., Hitachi Electronic Devices (USA), Inc.; Chi Mei Optoelectronics Corp. (N/K/A Chimei Innolux Corp.), Chi Mei Optoelectronics USA, Inc., CMO Japan Co., LTD.; Chunghwa Picture Tubes, LTD., Tatung Company of America, Inc.; Epson Imaging Devices Corp., Epson Electronics America, Inc.; Hannstar Display Corp.; AU Optronics Corp., AU Optronics Corp. America; LG Display Co., LTD., LG Display America, Inc.; Sanyo Consumer Electronics Co., LTD.; Sharp Corp., Sharp Electronics Corp.; Toshiba Corp., Toshiba Mobile Display Co., LTD., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc.; Mitsui & Co. (Taiwan), LTD., Mitsui & Co. (U.S.A.), Inc.; NEC Corp., NEC Electronics America, Inc., NEC LCD Technologies, LTD., NEC Corp. of America, Inc., NEC Display Solutions of America, Inc.

[2] Generally, this Court refers to the following defendants collectively as "NEC": (1) NEC Corporation ("NEC Corp."), (2) NEC Corporation of America, Inc. ("NECAM"), (3) NEC Display Solutions of America, Inc. ("NDSA"), (4) NEC LCD Technologies, Ltd. ("NLT"), and (5) NEC Electronics America, Inc. ("NECELAM").

America, Inc., and NEC Display Solutions of America, Inc. (hereinafter the "NEC Three"). Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for August 3, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' joint motion and GRANTS NEC Three's motion.

## BACKGROUND

Plaintiff Schultze Agency Services, LLC, is a bank bringing claims that originally belonged to Tweeter Home Entertainment Group ("Tweeter"). Tweeter was headquartered in Massachusetts and "operated as a regional retailer of consumer electronics" with "dozens of stores in several states." Second Amended Complaint ("SAC") at ¶ 19. Tweeter alleges that it purchased Liquid Crystal Display ("LCD") panels both directly from defendants or their conspirators, and indirectly when purchasing manufactured consumer electronic products containing defendants' LCD Panels. On July 1, 2011, Tweeter filed this action in the Eastern District of New York, seeking to recover for a "long-running conspiracy . . . to fix, raise, stabilize, and maintain prices for Liquid Crystal Display panels ("LCD Panels")." Compl. at ¶ 1. On March 16, 2012, Tweeter filed a SAC that contains (1) a claim under the Sherman Act, based on direct purchases of LCD Panels, and (2) a claim for violation of Massachusetts General Laws Chapter 93A, §§ 2, *et seq.* ("Massachusetts claim"), based on indirect purchases. SAC at ¶¶ 295-310.

Defendants now move to dismiss Tweeter's SAC as untimely. It is undisputed that Tweeter filed its complaint more than four years after its causes of action began accruing; the sole dispute on this issue concerns Tweeter's entitlement to tolling.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff

to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Defendants have filed two motions to dismiss Tweeter's complaint; one is a joint motion, and one is a separate motion pertaining only to the NEC Three.

**I. Defendants' Joint Motion**

Defendants argue that Tweeter's Massachusetts indirect-purchaser claim is untimely.[3] Tweeter filed suit on July 1, 2011, more than four years after the DOJ's December 11, 2006 announcement of its investigation into the conspiracy.[4] Massachusetts antitrust statutes have a four-year statute of limitations. *See* Mass. Gen. Laws Ch. 260, § 5A. Defendants argue that Tweeter's claims must therefore be dismissed. For its claim to be timely, it is undisputed that Tweeter must demonstrate that its claim was tolled for at least six months and twenty days during the period of December 11, 2006 through July 1, 2011.

---

[3] Defendants' motion also seeks dismissal of any indirect-purchaser claims brought under the Sherman Act. In their opposition, Tweeter represented that its Sherman Act claim is not based on indirect purchases of LCD panels. Accordingly, the Court GRANTS defendants' motion to dismiss any Sherman Act claims that purport to cover indirect purchases.

[4] This Court has treated a plaintiff's allegations of fraudulent concealment as sufficient, as a pleading matter, to toll the statute of limitations until the DOJ announced its investigation on December 11, 2006. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints at 27-28, Master Dkt. No. 666 (Aug. 25, 2008).

3

Tweeter asserts four bases to toll its Massachusetts claim: first, that the indirect-purchaser class action complaints filed by Massachusetts residents tolled the statute of limitations from December 20, 2006 through November 5, 2007; second, that Heidi Bates' settlement demand letter to the defendants tolled the statute of limitations from February 1, 2007 through November 5, 2007; third, that the Indirect-Purchaser Plaintiffs' Consolidated Amended Complaint (the "IPP-CAC") tolled the statute of limitations from November 5, 2007 through December 5, 2008; and fourth, that the direct-purchaser plaintiffs' class action complaint tolled the statue of limitations from November 5, 2007 to January 4, 2011, the date Tweeter opted out of the direct-purchaser class.

In its third argument for tolling, Tweeter claims that the IPP-CAC tolled the statute of limitations from the November 5, 2007 filing date through December 5, 2008 when the indirect-purchaser plaintiffs amended their complaint to exclude resellers like Tweeter.[5] *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). The November 5, 2007 iteration of the IPP-CAC defined the Massachusetts class as:

> ***All persons and entities in Massachusetts who indirectly purchased*** LCD Panels manufactured and/or sold by one or more of the Defendants during the Class Period. Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action (the "Massachusetts Indirect Purchaser Class").

IPP-CAC at ¶ 217(j) (emphasis added), Master Dkt. No. 367. It is undisputed that the plain language of the above IPP-CAC class definition stood for one year and one month. Tweeter asserts that not until December 5, 2008, when the IPPs filed their second consolidated amended complaint, did the IPPs specifically exclude resellers from the class definition. *See* Amended IPP-CAC at ¶ 231(j), Master Dkt. No. 746.

Defendants contend that the IPP-CAC did not toll the statute of limitations because when viewed

---

[5] November 5, 2007 to December 5, 2008 is equivalent to one year and one month.

4

in its entirety, the IPP-CAC makes clear that the IPPs did not assert claims on behalf of resellers, and thus *American Pipe* tolling does not apply. Defendants assert that Tweeter is attempting to benefit from "inartful pleading in one section of the IPP-CAC." Mot. to Dismiss at 16. Defendants point to language in the IPP-CAC that defendants purport clearly communicates that the class included only end-user consumers.[6] Mot. to Dismiss at 15-16.

The Court disagrees with defendants and finds that the IPP-CAC tolled the statute of limitations. Here, the November 5, 2007 filing of the IPP-CAC purported to represent "all persons and entities" who were indirect purchasers. *See* IPP-CAC at ¶ 217(j). The class definition was not narrowed until one year and one month after it was filed. Defendants contend that the Court must consider the complaint as a whole when interpreting the class definition. But, even assuming the IPPs intended to represent a class of only end-users, this intention was not readily apparent to any other party who may have relied upon the suit because the *plain language* of the class definition clearly included "all persons and entities" who were indirect purchasers. *See* Order Granting in Part Defs.' Mot. to Dismiss, *P.C. Richard & Son Long Island Corp., et al. v. AU Optronics Corp.* at 5 (Jan. 18, 2012), Master Dkt. No. 4601; Order Granting in Part Defs.' Mot. to Dismiss, *Interbound Corp. of America v. AU Optronics Corp.* ("*Brandsmart"*) at 4 (Jan. 18, 2012) (finding that plaintiff was entitled to tolling up until the date the class definition was narrowed), Master Dkt. No. 4602; *Del Sontro v. Cendant Corp.,* 223 F.Supp. 2d 563, 581 (D.N.J. 2002) (finding that "[w]hen class certification is denied, or a purported class member for any reason ceases to be a member of the putative class, the toll ends by operation of law and the limitations period begins to run immediately.").

The Court finds that Tweeter is entitled to tolling on its Massachusetts claim based on the IPP-CAC, and thus the Court need not address Tweeter's other arguments for tolling. Accordingly, the Court DENIES defendants' joint motion to dismiss.

---

[6] *See, e.g.,* IPP-CAC at ¶ 17 ("During the Class Period, the following named Plaintiffs indirectly purchased LCD panels from on or more of the defendants named herein for end use and not for resale."); IPP-CAC ¶ 193 ("[A]ll super-competitive overcharges are always passed through to the indirect purchaser, end-user consumer plaintiff class members, which pay more for a product containing LCD panels than in a competitive market place."); IPP-CAC at ¶ 203 ("[A]ll of the overcharge will be passed through to ultimate consumers, such as the indirect-purchaser plaintiffs and class members.").

**II.      The NEC Three's Motion**

Defendants NEC Corporation of America, Inc. ("NECAM"), NEC Corporation ("NEC Corp."), and NEC Display Solutions of America, Inc. ("NDSA") (collectively, the "NEC Three") filed a separate motion that asserts that Tweeter's Massachusetts claim is untimely. Tweeter raises five bases for tolling that it asserts make its Massachusetts claim against NEC Three timely. The Court will address each in turn.

**A.      IPP-CAC**

Tweeter claims that the IPP-CAC named two NEC entities as defendants, NECELAM and NLT. Tweeter's claims, however, can only be tolled to the extent NEC entities were named as defendants or coconspirators in the class actions. *See* Order Granting in Part NEC Defs.' Mot. to Dismiss, *Electrograph Systems, Inc., et al. v. NEC Corp., et al.* ("*Electrograph*") at 7 (Jan. 18, 2012), Master Dkt. No. 4591. Here, the IPP-CAC did not specifically name NECAM, NEC Corp. or NDSA. As such, Tweeter cannot rely on the IPP-CAC to toll the statute of limitations for its Massachusetts claim against those entities.

**B.      Heidi Bates demand letter and complaint**

Tweeter asserts that the demand letter that Massachusetts resident Heidi Bates ("Bates") sent to defendants tolled the statute of limitations from February 2007 to November 5, 2007. In its opposition, Tweeter asserts that Bates' demand letter and class action complaint named NEC Electronics Corp., NECELAM, and NLT. As stated above, Tweeter's claims can only be tolled to the extent NEC entities were named as defendants or coconspirators in the class actions. *See Electrograph* at 7. Here, Bates' demand letter and complaint do not specifically name NECAM, NEC Corp. or NDSA. As such, Tweeter cannot rely on this ground to toll the statute of limitations for its Massachusetts claim against NEC Three.

**C.      Indirect Purchasers' Class Complaints**

Tweeter identified four indirect plaintiff purchasers' class action complaints filed by non-

6

Massachusetts residents against NEC Corp., NDSA, NECELAM, and NLT that it asserts tolled the statute of limitations from December 20, 2006 through November 5, 2007.[7] *See DiMatteo v. LG Philips LCD Co., Ltd., et al.,* Case No. 1:06-cv-15342-JGK, Dkt. No. 1 (S.D.N.Y. Dec. 20, 2006); *Ferencsik v. LG Philips LCS Co., Ltd., et al.,* Case No. 06-6714, Dkt. No. 1 (E.D.N.Y. Dec. 20, 2006); *Granich v. LG Philips LCD Co., Ltd., et al.*, Case No. 2:07-cv-00296-RLH-PAL, Dkt. No. 1 (D. Nev. Feb. 16, 2007); and *Jafarian v. LG Philips LCD Co., Ltd., et al.,* Case No.3:07-cv-00994-SI, Dkt. No. 1 (N.D. Cal. Feb. 16, 2007).

This Court has addressed similar arguments in this MDL and has concluded that tolling is inappropriate where it is apparent from the face of the complaints that the respective plaintiffs lacked standing. *See* Order Granting in Part Mot. to Dismiss Compl., *Office Depot, Inc., v. Au Optronics Corp., et al.* at 4 (Jan. 18, 2012)*,* Master Dkt. No. 4592; *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, --- *F. Supp. 2d* ----*,* 2011 WL 4089580 (S.D.N.Y. 2011) ("There may be circumstances where the representative so clearly lacks standing that no reasonable class member would have relied."). Here, it is apparent from the face of the *DiMatteo*, *Ferencsik, Granich,* and *Jafarian* complaints that each of the plaintiffs lacked standing to bring a Massachusetts claim. None of the plaintiffs were Massachusetts residents, and the complaint did not allege that the respective plaintiff purchased LCD products in Massachusetts. Thus, the Court finds that tolling based on this theory is inappropriate.

### D. Direct Purchaser Plaintiffs' Consolidated Complaint ("DPP-CC)

Tweeter asserts that the DPP-CC, under the cross-jurisdictional tolling doctrine, tolled its Massachusetts claim from November 5, 2007 to January 4, 2011, the date Tweeter opted out of the class action. The DPP-CC, however, included only federal claims.

This Court has addressed similar arguments in this MDL and finds that in the absence of authority that establishes that Massachusetts law recognizes such tolling, this Court cannot conclude that

---

[7] Tweeter cannot rely on the *Giusti* complaint filed by a Massachusetts resident for tolling because *Giusti* names only NEC Electronics Corp, NECELAM, and NLT. *Guisti* does not name NEC Corp., NECAM, or NDSA.

7

the direct-purchaser complaint tolled claims it did not assert. *See Brandsmart* at 5; *Office Depot* at 5. As such, Tweeter cannot rely on this theory to toll the statute of limitations for its Massachusetts claim against the NEC Three.

### E. NECAM

Tweeter asserts that NECAM is wholly owned and controlled by NEC Corp., and since NEC Corp. was a named defendant in several class action complaints that included Tweeter as a class member asserting Massachusetts claims, then the statute of limitations also tolled for NECAM. The NEC Three contend that *American Pipe* tolling does not apply because none of the events that Tweeter cites as a basis for tolling actually names NECAM as a defendant. As stated above, this Court has addressed similar arguments in this MDL and agrees with NEC that Tweeter's claims can only be tolled to the extent NEC entities were named as defendants or coconspirators in the class actions. *See Electrograph* at 7. Thus, the Court finds that tolling based on this theory is inappropriate.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' joint motion to dismiss and GRANTS the NEC Three's motion to dismiss NECAM, NEC Corp. and NDSA. Docket Nos. 80, 81 in 11-3856; Master Docket Nos. 5459, 5460 in 07-1827.

**IT IS SO ORDERED.**

Dated: August 2, 2012

Susan Illston
SUSAN ILLSTON
United States District Judge