Name Ira Conner Erwin
Address 408 Harbor Drive South
City, State, Zip Indian Rocks Beach, FL 3378
Phone (727) 403-8884
Fax
E-Mail
☐ FPD  ☐ Appointed  ☐ CJA  ☒ Pro Per  ☐ Retained

FILED
AUG 10 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| In re TFT-LCD (Flat Panel) Antitrus Litigation | CASE NUMBER: |
|---|---|
| PLAINTIFF(S),<br>v.<br>DEFENDANT(S). | MDL No. 1827  Master File No. C07-1827 SI<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____Ira Conner Erwin_____ hereby appeals to
                                              *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):

☒ Judgment (specify):

☐ Other (specify):
See attached.

Imposed or Filed on ___July 11, 2012___. Entered on the docket in this action on _July 11, 2012_.

A copy of said judgment or order is attached hereto.

August 7, 2012
Date

Signature
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

## CERTIFICATE OF SERVICE

*Use this form to show that a paper or document (other than a complaint) was served (sent or delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5. A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

**Case name:** IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

**Case number:** Master File No. C07-1827 SI    MDL 1827

**What document was served?** *(Write the full name or title of the document or documents, e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

Title: NOTICE OF APPEAL

**How was the document served?** *(Check one.)*
- ☐ Placed in U. S. Mail
- ☐ Sent by fax
- ☐ Hand-delivered
- ☐ Sent by delivery service (e.g., FedEx or UPS)
- ☒ By th Clerk of Court

**To whom was the document sent?** *(Write the full name, address, and fax number of everyone who was sent the document. Usually, they will be the lawyers for the opposing parties.)*

Will serve pursuant to FRAP 3(d).

**When were the documents served?** *(When were they mailed, faxed, or delivered?)*

Date: August 7, 2012

**Who served the documents?** *(Who put it into the mail, faxed it, hand-delivered it, or sent it by delivery service? That person should print his/her name and address and sign below.)*

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Signature: [signature]

Printed name: Ira Conner Erwin

Address: 408 Harbor Drive South, Indian Rocks Beach, FL 33785

1  Francis O. Scarpulla (41059)
   Craig C. Corbitt (83251)
2  Judith A. Zahid (215418)
   Patrick B. Clayton (240191)
3  Qianwei Fu (242669)
   Heather T. Rankie (268002)
4  ZELLE HOFMANN VOELBEL & MASON LLP
   44 Montgomery Street, Suite 3400
5  San Francisco, CA 94104
   Telephone: (415) 693-0700
6  Facsimile:  (415) 693-0770
   *fscarpulla@zelle.com*
7
   Joseph M. Alioto (42680)
8  Theresa D. Moore (99978)
   ALIOTO LAW FIRM
9  225 Bush Street, 16th Floor
   San Francisco, CA 94104
10 Telephone: (415) 434-8900
   Facsimile:  (415) 434-9200
11 *jmalioto@aliotolaw.com*

12 *Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

13

14

15                      **UNITED STATES DISTRICT COURT**

16                      **NORTHERN DISTRICT OF CALIFORNIA**

17                              **SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| 18 | IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-MD-1827 SI<br>MDL No. 1827 |
| 19 | | |
| 20 | This Document Relates to: | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF COMBINED CLASS, PARENS PATRIAE, AND GOVERNMENTAL ENTITY SETTLEMENTS; FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE** |
| 21 | Indirect-Purchaser Class Action; | |
| 22 | *State of Missouri, et al. v. AU Optronics Corporation, et al.*, Case No. 10-cv-3619; | |
| 23 | | |
| 24 | *State of Florida v. AU Optronics Corporation, et al.*, Case No. 10-cv-3517; and | Hearing Date: May 18, 2012<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor |
| 25 | *State of New York v. AU Optronics Corporation, et al.*, Case No. 11-cv-0711. | The Honorable Susan Illston |
| 26 | | |
| 27 | | |
| 28 | | |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF COMBINED CLASS, *PARENS PATRIAE*,
AND GOVERNMENTAL ENTITY SETTLEMENTS; FINAL JUDGMENT OF DISMISSAL
WITH PREJUDICE – CASE NO. 3:07-MD-1827 SI

1   This matter has come before the Court to determine whether there is any cause why this Court should not approve the combined class, *parens patriae*, and governmental entity settlements between, on the one hand, the Indirect Purchaser Plaintiffs ("IPPs") and the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin ("Settling States") (collectively, the "Settling Plaintiffs"), and, on the other hand, the Chimei, Chunghwa, Epson, HannStar, Hitachi, Samsung, and Sharp Defendants (collectively, the "Settling Defendants"), set forth in the Settlement Agreements ("Agreements") filed with this Court December 23, 2011 (Dkt. 4424), relating to the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlements should be approved; and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreements. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreements. Good cause appearing therefore, it is:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The capitalized terms used in this Order have the meaning ascribed to them in the Agreements.

2. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Agreement, including all members of the IPP Classes, the Settling Plaintiffs, and the Settling Defendants, and any person or entity claiming by, for, or through the Settling Parties as regards the Released Claims.

3. The definitions of terms set forth in the Agreements are incorporated hereby as though fully set forth in this Judgment.

4. The Court hereby finally approves and confirms the settlements set forth in the Agreements and finds that said settlements are, in all respects, fair, reasonable, and adequate to the IPP Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure and all applicable state laws.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby certifies the following settlement class (the "Arkansas Settlement Class"):

> All persons and entities in Arkansas who, from January 1, 1999 to December 31, 2006, as residents of Arkansas, purchased TFT-LCD Panels incorporated in televisions, monitors, and/or laptop computers in Arkansas indirectly from one or more of the named Defendants or Quanta Display, Inc., for their own use and not for resale. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant in the Actions; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and their named affiliates and coconspirators. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

6.      Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously appointed by the Court (Zelle Hofmann Voelbel & Mason LLP and Alioto Law Firm), are appointed as Counsel for the IPP Classes. These firms have, and will, fairly and competently represent the interests of the IPP Classes.

7.      The persons/entities identified in the Indirect-Purchaser Plaintiffs' and Settling States' Notice of Exclusions (Dkt. # 5579, filed May 2, 2012) have timely and validly requested exclusion from the IPP Classes and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement proceeds obtained through these settlements.

8.      The Court hereby dismisses on the merits and with prejudice the individual, *parens patriae*, governmental entity, and class claims asserted by the Settling Plaintiffs against the Settling Defendants, with Settling Plaintiffs and Settling Defendants to bear their own costs and attorneys' fees except as provided for in the Agreements. The foregoing language does not apply to the related action entitled *People of the State of California et al. v. AU Optronics et al.*, San Francisco Superior Court Case No. CGC-10-504651 ("the California State Court Action"). The California State Court Action is to be dismissed with prejudice in due course as to the Settling

2

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF COMBINED CLASS, *PARENS PATRIAE*, AND GOVERNMENTAL ENTITY SETTLEMENTS; FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE – CASE NO. 3:07-MD-1827 SI

1  Defendants in compliance with the Agreements, and this Court will if necessary confer with the
2  Honorable Richard A. Kramer to coordinate such dismissals.

3      9.    As to each Agreement, all persons and entities who are defined as Releasors, and
4  any person or entity acting or purporting to act on behalf of one or more Releasors, are hereby
5  barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly,
6  against the persons or entities who are defined as Releasees, in this or any jurisdiction, any and all
7  claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of
8  or related in any way to any of the Released Claims as defined in the Agreement.  This permanent
9  bar and injunction is necessary to protect and effectuate the Agreements, this Final Judgment, and
10 this Court's authority to effectuate the Agreements, and is ordered in aid of this Court's
11 jurisdiction and to protect its judgments.

12     10.    As to each Agreement, the Releasees are hereby and forever released and
13 discharged with respect to any and all claims or causes of action which the Releasors had or have
14 arising out of or related in any way to any of the Released Claims as defined in the Agreement.

15     11.    The Court approves the releases set forth in the Agreements.  The scope of the
16 releases in the settlements does not include the following: (i) the release of any claims for
17 monetary relief brought by individuals who are not members of an IPP Damages Class or residents
18 of a Settling State; and (ii) the release of proprietary state claims brought by any state other than a
19 Settling State, whether for damages, injunctive relief, or other equitable relief, including *parens*
20 *patriae* claims or claims for unjust enrichment or disgorgement of profits.  ~~Notwithstanding the~~
21 ~~foregoing, no state may bring claims for monetary relief on behalf of its citizens, whether in~~
22 ~~*parens patriae* or otherwise, to the extent that its citizens released their claims for monetary relief~~
23 ~~as members of an IPP Damages Class, and neither this Order nor this Court's preliminary approval~~
24 ~~order (Dkt. # 4688) should be construed as providing otherwise~~.

25     12.    The Court finds that the notice given to the IPP Classes of the settlements set forth
26 in the Agreements and the other matters set forth herein was the best notice practicable under the
27 circumstances.  The Court further finds that said notice provided due, adequate, and sufficient
28

1  notice of these proceedings and of the matters set forth herein, including the proposed settlements
2  set forth in the Agreements, and that said notice fully satisfied the requirements of due process, the
3  Federal Rules of Civil Procedure, and all applicable state laws.

4      13.    The Court finds that the Settling Defendants have served upon the appropriate State
5  official of each State in which a class member resides, and the appropriate Federal official, a
6  notice of proposed settlement that complies with the requirements of the Class Action Fairness
7  Act, 28 U.S.C. §§ 1711-15.

8      14.    Approximately 18 objections, from a total of 28 objectors, to the Proposed
9  Settlements were received. The Court has carefully reviewed and considered each objection, and
10 concludes that none of the objections raises any grounds to deny final approval to the Proposed
11 Settlements, and accordingly the Court hereby OVERRULES each of the objections.

12     15.    Without affecting the finality of this Judgment in any way, this Court hereby retains
13 continuing and exclusive jurisdiction over: (a) implementation of these settlements and any
14 distribution to class members pursuant to further orders of this Court; (b) disposition of the
15 Settlement Funds as defined in each Agreement; (c) hearing and determining applications by the
16 Indirect Purchaser Plaintiffs (*i.e.*, class representatives) for representative plaintiff incentive
17 awards, attorneys' fees, costs, expenses, including expert fees and costs, and interest; (d) hearing
18 and determining applications by the States Attorneys General for attorneys fees, costs, expenses,
19 including expert fees and costs, and interest; (e) Settling Defendants until the Final Judgment
20 contemplated hereby has become effective and each and every act agreed to be performed by the
21 parties has been performed pursuant to the Agreements; (f) hearing and ruling on any matters
22 relating to the plan of allocation of settlement proceeds; and (g) all parties and Releasors for the
23 purpose of enforcing and administering the Agreements and Exhibits thereto and the mutual
24 releases and other documents contemplated by, or executed in connection with, the Agreements.

25     16.    In the event that a settlement does not become effective in accordance with the
26 terms of the relevant Agreement, then the judgment shall be rendered null and void and shall be
27 vacated as to that Agreement, and in such event, all orders entered and releases delivered in

28

1 | connection herewith shall be null and void and the parties to that Agreement shall be returned to
2 | their respective positions *ex ante*.

3 |     17.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
4 | Procedure, that this Final Judgment should be entered and further finds that there is no just reason
5 | for delay in the entry of this Final Judgment, as a Final Judgment, as to the parties to the
6 | Agreements. Accordingly, the Clerk is hereby directed to enter the Judgment of dismissal with
7 | prejudice as to Settling Defendants, forthwith.

Dated: 7/11/12

*/s/ Susan Illston*
The Honorable Susan Illston
United States District Judge

3233041v5

---

5

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF COMBINED CLASS, *PARENS PATRIAE*,
AND GOVERNMENTAL ENTITY SETTLEMENTS; FINAL JUDGMENT OF DISMISSAL
WITH PREJUDICE – CASE NO. 3:07-MD-1827 SI