IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 12-2214 SI |
| SONY ELECTRONICS INC.; SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>HANNSTAR DISPLAY CORP.,<br><br>    Defendant. | **ORDER GRANTING HANNSTAR DISPLAY CORPORATION'S MOTIONS TO DISMISS AND STRIKE BREACH OF CONTRACT AND FRAUD CLAIMS, WITH LEAVE TO AMEND** |

Currently before the Court is are motions by HannStar Display Corporation to dismiss and to strike the breach of contract and fraud claims of plaintiffs Sony Electronics Inc. and Sony Computer Entertainment America LLC (collectively, "Sony"). Pursuant to Civil Local Rule 7-1(b), the Court found these matters suitable for disposition without oral argument. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS HannStar's motions, with leave to amend no later than September 7, 2012.

On May 2, 2012, Sony sued HannStar for the "antitrust injuries [it] sustained as a result of a long-running conspiracy to fix . . . raise prices . . . and limit the output of . . . [LCD panels]." Complaint at ¶ 1. Sony's complaint contains (1) a claim under the Sherman Act, based on direct purchases of LCD panels, (2) claims for damages under the California Cartwright Act and California Unfair Competition

law, (3) an unjust enrichment claim, and (4) claims for breach of contract and fraud. *Id*. at ¶¶ 147-178.

Sony's breach of contract and fraud claims are based on HannStar's alleged repudiation of a pre-litigation settlement agreement. The agreement was allegedly reached after the parties engaged in mediated discussions "for the purpose of resolving all LCD-related claims . . . without the necessity of litigation" *Id*. at ¶ 166. Sony alleges that one month after both parties accepted the "Mediator's Proposal" through which Sony "agreed to release HannStar from [its] LCD-related claims," *id*. at ¶ 168, HannStar informed Sony that HannStar "would not pay the amount it had agreed to pay . . . and repudiated the agreement." *Id*. at ¶ 171. Sony further alleges that HannStar's representations that it would accept the agreement and pay the agreed amount were knowingly false, in that HannStar "never intended to pay the amount in the Mediator's Proposal." *Id*. at ¶ 176. Sony alleges that had Sony "known the representations were false, [Sony] would have not have agreed to settle their claims . . . and would not have refrained from suing HannStar." *Id*. at ¶ 177.

HannStar first argues that Sony's breach of contract and fraud claims should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. Pro. 12(b)(1). However, the Court need not consider whether subject mater jurisdiction exists because the parties concede that there is a basis for diversity jurisdiction over the breach of contract and fraud claims.[1] *See* Motion at 6 ("The breach of contract and fraud claims can be asserted in this Court only on the basis of diversity jurisdiction, should SEL and SCEA seek to invoke the Court's diversity jurisdiction."); *id*. ("[Sony's] complaint affirmatively shows that complete diversity exists."). Accordingly, the Court GRANTS HannStar's motion to dismiss for lack of subject matter jurisdiction, but also GRANTS Sony leave to amend its complaint to plead diversity jurisdiction.

HannStar asserts that even if the Court exercises diversity jurisdiction, there is "little likelihood

---

[1] HannStar disputes whether Sony could satisfy the requirement that a party invoking diversity jurisdiction "specifically allege . . . that the amount in controversy exceeds $75,000." *Bautista v. Pan Am. World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). Should Sony ultimately chose to invoke diversity jurisdiction, the Court finds it premature to decide at the pleading stage the sufficiency of Sony's allegations regarding the amount in controversy. *See*, *e.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor). The Court notes that it is reasonable to infer that the fees and costs Sony has accrued as a result of HannStar's alleged breach of the settlement agreement could exceed the minimum amount in controversy.

2

that the breach of contract and fraud claims can be asserted." Motion at 1. It argues that the allegations underlying those claims are "dependent on matters that are not subject to disclosure and not admissible under [California's] mediation and confidentiality statutes." *Id*. at 3; *see* Cal. Evid. Code §§ 1115-28. On this basis, HannStar contends that Sony's allegations should be stricken under Rule 12(f); and, if the Court decides to strike them, Sony's breach of contract and fraud claims should be dismissed. *See id*. at 10.

California mediation and confidentiality statutes ("confidentiality statutes") forbid the discovery or admission of "evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or mediation consultation," *see* Cal. Evid. Code § 1119(a), which includes any "writing[s]" Cal. Evid. Code § 1119(b), or "communications," Cal. Evid. Code § 1119(c). With diversity as the basis for jurisdiction over Sony's breach of contract and fraud claims, the Court finds that state law would apply. *See* Fed. R. Evid. 501 ( "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law applies."); *see also Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties Inc*., 320 F. App'x 675, 677 (9 th Cir. 2009) ("State privilege law generally applies to state claims brought in federal court pursuant to diversity jurisdiction . . . ").[2]

However, these confidentiality statutes do not preclude Sony from pleading and pursing its breach of contract and fraud claims. California Code of Evidence section 1123 provides certain exceptions to the protective prescriptions of the confidentiality statutes. One exception allows for the admissibility of a "written settlement agreement" when "[t]he agreement provides that it is enforceable or binding or words to that effect." Cal. Evid. Code § 1123(b). Sony argues in its papers that a "written settlement agreement" was entered, consisting of emails from counsel accepting the mediator's proposal. Opp'n at 11. The Complaint pleads almost as much, *see* Complaint at ¶ 167 ("On March 27, Prof. Green advised Plaintiffs and HannStar by e-mail that both parties had accepted his proposal that Plaintiffs' claims against HannStar were settled and resolved pursuant to the terms of his proposal as of that date."), and presumably could be amended to include the contentions in Sony's opposition papers. It

---

[2] The Court disagrees with Sony that the confidentiality statutes do not create a "privilege" for these purposes. *See RegScan*, *Inc. v. Bureau of Nat'l Affairs, Inc.*, No. 1:11CV1129 (JCC/JFA), 2012 WL 2994075 (E.D. Va. July 19, 2012) (The "guarantee of confidentiality of mediation materials and communications is a 'privilege' within the meaning of 501.").

3

is thus possible that Sony can plead facts that, if proven, would bring the alleged settlement agreement within the conditions to admissibility set forth in section in 1123(b). Accordingly, the Court GRANTS HannStar's Rule 12(b)(1) motion, but also GRANTS Sony leave to amend its complaint to allege an admissible and enforceable settlement agreement.

HannStar also argues that Sony's fraud allegations are too sparse to state a claim. The Court agrees. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b). "A pleading 'is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Id.* (quoting *Gottrech v. San Francisco Investment Corp.*, 552 F.2d 866 (9th Cir. 1977). Under California law, "the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1105 (9th Cir. 1996) (internal citations omitted).

Sony's fraud claim is based largely upon the allegation that HannStar knowingly made a false statement on or about March 27, 2012, when it communicated to Sony, "through outside counsel," that it accepted the mediator's proposal. *See* Complaint at ¶¶ 175-177. However, Sony has not identified with specificity who made the false representation or to whom that false representation was made. Nor has Sony specifically alleged that the person who made the fraudulent representation had "knowledge of its falsity." *See Vess*, 317 F.3d at 1105. An allegation of this sort based solely on "information and belief" is insufficient to state a claim under Rule 9(b). Accordingly, HannStar's motion to dismiss Sony's fraud claim under Rule 9(b) is GRANTED with leave to amend.

For the foregoing reasons and for good cause shown, the Court hereby GRANTS HannStar's motoins to dismiss, all with leave to amend. **Any amended complaint must be filed no later than September 7, 2012.** Docket No. 16 in 12-2114; Master Docket No. 6060 in 07-1827.

**IT IS SO ORDERED.**

Dated: August 27, 2012

SUSAN ILLSTON
United States District Judge

4