1  BRUCE L. SIMON (Bar No. 96241)
     bsimon@pswplaw.com
2  **PEARSON, SIMON, WARSHAW & PENNY, LLP**
   44 Montgomery Street, Suite 2450
3  San Francisco, California 94104
   Telephone: (415) 433-9000
4  Facsimile:  (415) 433-9008

5  RICHARD M. HEIMANN (Bar No. 63607)
     rheimann@lchb.com
6  **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
   275 Battery Street, 30th Floor
7  San Francisco, California 94111
   Telephone: (415) 956-1000
8  Facsimile:  (415) 956-1008

9  *Co-Lead Class Counsel for the Direct Purchaser Plaintiffs*

10

11                    UNITED STATES DISTRICT COURT

12         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13

| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. MDL 3:07-md-1827 SI |
|---|---|
|  | **CLASS ACTION** |
| This Document Relates to: ALL DIRECT PURCHASER CLASS ACTIONS | **REQUEST TO BE EXEMPTED FROM THE COURT'S PROPOSED AMENDMENTS TO ORDER APPOINTING MARTIN QUINN AS SPECIAL MASTER** |
|  | Crtrm.:  10 |

1   The Direct Purchaser Class Plaintiffs ("DPPs") ask to be exempted from the Court's Notice Of Impending Amendment To Order Appointing Martin Quinn As Special Master (Doc. No. 6500). The Court has preliminarily approved the DPPs' settlement with AUO, and a settlement with Toshiba has just been reached. (Doc. Nos. 6437, 6510.) DPPs hope to put the Toshiba settlement on the same final approval schedule as the AUO settlement. Under that schedule, the DPPs' attorneys' fee petition would be due on September 24, 2012, and that motion would be heard on November 28, 2012. (Doc. No. 6437.)

This Court already has approved the fees and costs for the DPPs' previous settlements, and those fees and costs have been disbursed. The order approving those fees and costs gave discretion to co-lead class counsel to determine how they would be allocated. (Doc. No. 4436, ¶ 9(f).) This process worked smoothly. The AUO and Toshiba settlements are similar in form and substance to all previous settlements in the DPP case, and DPPs do not anticipate any issues concerning the allocation or disbursement of fees and costs with respect to the those settlements. DPPs suggest that the procedures described in the Court's order are not necessary in the DPP case for the two remaining settlements.

DPPs, therefore, respectfully request that the motions for attorneys' fees and reimbursement of expenses arising from their settlements with AUO and Toshiba be heard by the Court as was done before, rather than Special Master Quinn, and that the order be further amended to exclude the DPP case.[1] If circumstances change, any such exemption would not prevent the Court from referring the matter to Mr. Quinn at a later date.

---

[1] This can be accomplished through two amendments to the proposed order. First, the Court may add the following language as Paragraph 8(c): "Paragraph 8(a)-(b) shall not apply to the Direct Purchaser Class Action." Second, the Court may revise the second sentence of Paragraph 14 to add the following italicized language: "Further, the Special Master shall prepare reports and issue recommendations to the Court on the subjects of the reimbursement of expenses and awards of attorneys' fees *in all cases except the Direct Purchaser Class Action.*"

Respectfully submitted,

DATED: August 27, 2012  **PEARSON, SIMON, WARSHAW & PENNY, LLP**

By: /s/ Bruce L. Simon
 BRUCE L. SIMON

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

DATED: August 27, 2012  **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**

By: /s/ Eric B. Fastiff
 ERIC B. FASTIFF

*Co-Lead Counsel for the Direct Purchaser Class Plainiffs*