IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITITGATION / | No. M 07-1827 SI<br>MDL No. 1827<br><br>Case No. C 09-5609 SI |
| This Order Relates To:<br><br>NOKIA CORPORATION and NOKIA, INC.,<br><br>Plaintiffs,<br>v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>Defendants. / | **ORDER GRANTING IN PART DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO (1) CLAIMS BASED ON INFERRED INVOICES; AND (2) STATE LAW CLAIMS** |

Now before the Court is defendants' joint motion for partial summary judgment on Nokia Corporation and Nokia, Inc.'s ("Nokia") claims based on inferred invoices and state law claims. Pursuant to Civil Local Rule 7-1(b), the Court found this matter suitable for disposition without oral argument. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' motion as to Nokia's claims based on inferred invoices and GRANTS defendants' motion as to Nokia's state law claims. Master Docket Nos. 6092 & 6157; Docket Nos. 170 & 179 in C 09-5609 SI.

Defendants contend that Nokia's claims based on so-called "inferred invoices" lack any evidentiary basis and should therefore be barred. Focusing on the reply report of Nokia's damages expert, Dr. Helen Jenkins, defendants emphasize that "[a]pproximately $11.6 million of the $52.3 million in claimed damages . . . is based on alleged purchases that Dr. Jenkins 'infers' from [the] . . . 'mobile device volumes,'" contained in Nokia's annual 20-F reports to the Securities and Exchange

Commission ("SEC"). *See* Motion at 5. Defendants assert that Dr. Jenkins rejected Nokia's own purchase data in favor of shipment data contained in the SEC reports, based on the "entirely speculative conclusion" that the former is incomplete. *See id*. at 6. Arguing that Nokia thus lacks any evidence to substantiate its inferred invoice claims, defendants argue that summary judgment is appropriate.

The Court disagrees. Dr. Jenkins' finding that Nokia's available LCD purchase data for years 2001 to 2004 is incomplete and her corresponding estimate of these purchases based, in part, on Nokia's SEC reports, is grounded in facts. *See*, *e.g.*, *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001) ("[I]n the context of a motion for summary judgment, an expert must back up [her] opinion with facts."). Nokia points to evidence showing that Dr. Jenkins first "examined and tested whether [Nokia's] invoice records reflected all of [its] LCD purchases." *See* Declaration of Dr. Helen E. Jenkins ("Jenkins Decl.") at ¶ 5. From her review of the LCD invoice data contained in Nokia's R3 database, Dr. Jenkins noted that LCD purchases were "very low in the earlier years of the conspiracy compared with the later years: purchases were fewer than 50 million units in 2001, and grew to over 300 million units in 2007." *Id*. Finding this level of growth "questionable," Dr. Jenkins "used other sources of data to check whether the Nokia invoice dataset reflected all of Nokia's LCD purchases," including Nokia's "mobile device shipment data" contained in it SEC Reports. *Id*. at ¶¶ 5-6. "Relying on the fact that Nokia must purchase at least one LCD to produce a mobile device," Dr. Jenkins compared the LCD invoice data and the shipment data. Based on this comparison, she concluded that "the invoice dataset does not contain all records of all LCD purchases." *Id*. at ¶¶ 6-7.

Defendants are incorrect that Dr. Jenkins' conclusion is based on inadmissible hearsay. *See* Motion at 9-10. Her opinion that Nokia's LCD invoice data is "incomplete" is based on her comparison of that data and mobile phone shipment data. Only in her quest to "understand the source of the discrepancies identified by the comparison," did she and her team conduct a "series of discussions" with Nokia's Head of Display Sourcing, the Display Purchasing Manager, and a Senior Systems Specialist. *Id*. at ¶ 9. From those discussions, Dr. Jenkins learned that Nokia had upgraded its IT systems in 2004, rendering "the [LCD purchase] data in the [old R3 database] either not available or not reliable." *Id*. at ¶ 10. Satisfied with her conclusion that Nokia's LCD invoice data is incomplete, Dr. Jenkins next set out to estimate the value of the missing invoices. She did this by analyzing the data available to her,

1  including Nokia's SEC reports. *Id.* at ¶ 20. Dr. Jenkins used the SEC reports to calculate the number
2  of mobile phone handsets Nokia shipped for certain years, and then inferred the number of LCDs
3  purchased by Nokia. *Id.*

4  Defendants argue that the SEC reports cannot support Nokia's inferred invoice claims because
5  "they lack any evidence of these supposed transactions, including the price paid, the product purchased,
6  the identities of the sellers and buyers, the date when the purchases occurred, and the geographical
7  locations where the purchases were made." Motion at 12; *see also* Reply at 7. However, the Court finds
8  that there is evidence from which a reasonable jury can infer that the SEC reports reflect Nokia's
9  shipment of mobile devices containing LCDs that it purchased from defendants and their alleged co-
10 conspirators during the conspiracy period. *See*, *e.g.*, Jenkins Decl., Ex. A, ¶ 2.69 (based on the available
11 invoice data, defendants sold over 95 percent of the LCDs purchased by Nokia).   While defendants
12 dispute the sufficiency of the evidence that provides a basis for Nokia's inferred invoice claims, such
13 disputes are not appropriate for resolution on summary judgment. Defendants will have the opportunity
14 to challenge Dr. Jenkins' opinions through cross-examination at trial. Accordingly, the Court DENIES
15 defendants' motion as to Nokia's claims based on inferred invoices.

16 Defendants also seek summary judgment on Nokia's state law claims. Nokia has indicated that
17 it does not oppose that part of defendants' motion at this time. *See* Opp'n at 8, n. 1. Thus, the Court
18 GRANTS defendants' motion as to Nokia's state law claims.

19 For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants'
20 motion as to Nokia's claims based on inferred invoices and GRANTS defendants' motion as to Nokia's
21 state law claims. Master Docket Nos. 6092 & 6157; Docket Nos. 170 & 179 in C 09-5609 SI.

23 **IT IS SO ORDERED.**

25 Dated: August 31, 2012

SUSAN ILLSTON
United States District Judge

3