IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br>STATE OF OKLAHOMA,<br>          Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>          Defendants. / | No. C 11-6686 SI<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Currently before the Court is defendants' motion to dismiss Oklahoma's amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court found this matter suitable for disposition without oral argument. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART defendants' joint motion.

**BACKGROUND**

On December 28, 2011, the State of Oklahoma filed a complaint alleging violations of the Sherman Act, 15 U.S.C. § 1, Oklahoma's Antitrust Reform Act ("OARA"), 79 O.S. § 201, and asserting a state law claim for unjust enrichment. Oklahoma seeks damages for "LCD products that were sold at high prices that were illegally fixed by [defendants'] conspiracy." First Amended Complaint ("FAC"), Master Docket No. 5438, at ¶ 6. Oklahoma's Sherman Act and OARA claims are based on its own direct purchases of TFT-LCD panels from defendants or their co-conspirators. *See* FAC at ¶ 17. Oklahoma also asserts Sherman Act and OARA claims on behalf of Original Equipment Manufactures ("OEMs") and other direct purchasers who allegedly assigned some of their direct

purchaser claims to Oklahoma. *Id*.

Defendants now move to dismiss the OARA claim based on Oklahoma's own direct purchases of TFT-LCD panels, and the Sherman Act and OARA claims based on Oklahoma's assignors' direct purchases of TFT-LCD panels. Defendants also move to dismiss Oklahoma's unjust enrichment claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

Defendants' motion seeks dismissal of Oklahoma's complaint on four grounds.[1] First, defendants contend that Oklahoma's assigned Sherman Act and OARA claims are barred by the direct purchaser plaintiff ("DPP") settlements; second, they contend that Oklahoma's OARA claims are barred by the statute of limitations; third, they contend that Oklahoma's claim for unjust enrichment is barred by the statute of limitations; and, finally, they contend that Oklahoma has failed to adequately allege

---

[1] Defendants are not seeking dismissal of Oklahoma's Sherman Act claims based on Oklahoma's own direct purchases of TFT-LCD panels from defendants. *See* Motion at 1, fn. 1.

2

that its assigned OARA claims are based on purchases of LCD panels in Oklahoma.[2]

## I. Effect of DPP Settlements on Oklahoma's Assigned Claims

Defendants contend that Oklahoma's assigned Sherman Act and OARA claims are barred because Oklahoma failed to opt out of the DPP class. Motion at 3. Defendants highlight Oklahoma's allegations that it was assigned "the right to pursue 'direct purchaser' claims," pursuant to procurement contracts with certain direct purchasers between 1996 and 2006, and for purposes of pursuing those claims, "the State stands in the shoes of the OEMs and other direct and indirect purchasers of price-fixed TFT-LCD products and panels." *Id*. at 3-4 (citing FAC at ¶¶ 2, 140-44). Defendants claim that Oklahoma—an "assimilated" member of the DPP panel class—was required to file an opt out request if it wished to exclude its assigned claims from the class. *See id.* at 5. Because it failed to do so by the opt-out deadline, defendants argue, Oklahoma's assigned claims remain part of the DPP panel class and the class settlements "bar and enjoin [Oklahoma] from bringing their own suit[] to prosecute the same claims." *Id*

The Court finds defendants' argument unpersuasive. The DPP panel class explicitly excluded state and governmental entities.

> [Panel Class:]  All persons and entities who, between January 1, 1999 and December 31, 2006, directly purchased a TFT-LCD panel in the United States from any defendant or any subsidiary thereof, or any named affiliate or any named co-conspirator. Specifically excluded from the Class are defendants; the officers, directors, or employees of any defendant; the parent companies and subsidiaries of any defendant; the legal representatives and heirs or assigns of any defendant; and the named affiliates and co-conspirators. *Also excluded are any federal, state or local governmental entities*, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

Order Granting In Part and Denying In Part Direct Purchaser Plaintiffs' Motion for Class Certification, Master Docket No. 1641, at 34-35 (March 28, 2010) (emphasis added), as amended by Order Clarifying Order Certifying Direct Purchaser Classes Re: Geographic Scope and Class Representative, Master

---

[2]Defendants also seek to dismiss Oklahoma's FAC to the extent Oklahoma brings unjust enrichment claims based on its indirect purchases. In its opposition brief, Oklahoma represents that it is "not presently seeking recovery for any indirect purchases under the Sherman Act, OARA or applicable state law (unjust enrichment)." *See* Opp'n at 22.

3

Docket No. 1883, at 1 (July 16, 2010). The DPP settlement agreements explicitly exclude state and governmental entities as well. *See*, *e.g.*, DPP Motion for Final Approval of Settlement, Master Docket No. 2394, at 5-6 (Feb. 3, 2011) (reciting DPP class definitions); Order Granting Final Approval of Settlement and Entering Final Judgment of Dismissal With Prejudice, Master Docket No. 2475 (Feb. 18, 2011). While Oklahoma may have been assigned claims once belonging to members of the DPP class, it was never a class member. The Court therefore finds that Oklahoma had no obligation to opt out of the class and is not bound by the DPP class settlements. Accordingly, the Court DENIES defendants' motion to dismiss Oklahoma's Sherman Act and OARA claims based on its failure to opt out of the DPP class.

## II.     Timeliness of Oklahoma's OARA Claims

Defendants next argue that Oklahoma's assigned and direct OARA claims are untimely. Oklahoma filed suit on December 28, 2011, more than four years after the DOJ's December 11, 2006 announcement of its investigation into the conspiracy.[3] Since the OARA provides that any action to recover damages is barred "unless commenced within four (4) years after the claim accrued or was discovered, whichever is later," 79 Okla. Stat. § 205(c), defendants insist that Oklahoma's OARA claims are barred by the statute of limitations and must be dismissed.

Oklahoma contends that its OARA claims did not accrue in December 2006 because it had not "discovered its claims at that time." *See* Opp'n at 11. Instead, Oklahoma alleges to have "discover[ed] the existence of the claims" at some later point, "within the applicable statute of limitations." FAC at ¶ 113.

> The state of Oklahoma did not discover the existence of the claims alleged in this Complaint until within the applicable statute of limitations period. Further, the State of Oklahoma has exercised due diligence to learn of its legal rights and claims, and despite such diligence, uncovered the existence of the violations alleged below within the applicable statute

---

[3]This Court has treated a plaintiff's allegations of fraudulent concealment as sufficient, as a pleading matter, to toll the statute of limitations until the DOJ announced its investigation on December 11, 2006. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666, at 27-28 (August 25, 2008); *see also* Order Denying Defendants' Joint Motion for Partial Summary Judgment based on the Florida Statute of Limitations, Master Docket No. 3628 (September 20, 2011).

4

> of limitations period. The scope and extent of the Defendants' conspiracy remained unknown for years even after governmental investigations began. The State of Oklahoma exercised due diligence by promptly investigating the facts giving rise to the claims asserted herein upon having reasonable suspicion of the existence of the Defendants' conspiracy to the extent permitted by law.

*Id*. Although the "was discovered" language in the OARA has not been interpreted by its state courts, Oklahoma relies on a state supreme court decision that "adopted the discovery rule for certain tort claims." Opp'n at 9 (citing *Woods v. Prestwick House, Inc*., 247 P.3d 1183, 1186 (Okla. 2011)). Oklahoma argues that the discovery rule applies to its OARA claims and operates to toll those claims since, "[p]ursuant to Oklahoma authority, the DOJ's disclosure of an investigation does not constitute 'discovery' of the State's antitrust claim." *See id*. at 11.

The Court agrees with Oklahoma. The plain language of the OARA provides that the statute of limitations does not begin running until the "claim accrued *or was discovered*, whichever is later." 79 Okla. Stat. § 205(c) (emphasis added); *see also Lumber2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143, 1146 (Okla. 2011) ("The words of a statute will be given a plain and ordinary meaning, unless it is contrary to the purpose and intent of the statute considered as a whole.") (internal citations omitted). The discovery rule "tolls the limitations period until a plaintiff learns of an injury and, thorough prudent investigation, can obtain sufficient facts to state a cause of action." *Woods*, 247 P.3d at 1186. The Court finds that Oklahoma has pled, as a factual matter, that it learned of its antitrust injuries at some point after the DOJ's announcement, but within the statute of limitations. *See* FAC ¶ 113. It would be premature, at the pleading stage, to determine whether the date upon which Oklahoma learned of its injury did, in fact, fall within the applicable limitations period. Accordingly, the Court DENIES defendants' motion to dismiss Oklahoma's OARA claims on statute of limitations grounds. These issues may, of course, be addressed on a fuller factual record at a later stage.

**III.   Timeliness of Oklahoma's Unjust Enrichment Claim**

Defendants also assert that Oklahoma's claim for unjust enrichment has a two-year statute of limitations and should thus be dismissed as untimely. Oklahoma contends that the statute of limitations "does not apply to the State of Oklahoma suing in its sovereign capacity." Opp'n at 20. The Court has

previously ruled that plaintiffs in this MDL are required to "specifically identify every basis they intend to rely on to establish tolling of the statutes of limitations." Order Granting Defendants' Joint Motion to Dismiss (Tweeter), Master Docket No. 4867, at 3 (Feb. 23, 2012). Oklahoma has not done so. Having pled no basis for tolling of its unjust enrichment claim, the Court GRANTS defendants' motion to dismiss Oklahoma's unjust enrichment claim, with leave to amend.

**IV.     Adequacy of Oklahoma's Assigned OARA Claim**

Finally, defendants contend that Oklahoma's assigned OARA claim, as pled, runs afoul of the Court's prior Due Process orders. In particular, defendants argue that Oklahoma does not adequately allege that the assignors of its OARA claims purchased LCD panels in Oklahoma. The Court disagrees with defendants. The FAC alleges that "[s]ome, or all of [the assignors' purchases of LCD panels] took place in Oklahoma." FAC at ¶ 157. These alleged facts justify applying Oklahoma law. *See*, *e.g.*, Order Granting Defendants' Joint Motion to Dismiss, Master Docket No. 1822, at 12 (June 28, 2010) ("[I]n order to invoke the various state laws at issue, [plaintiff] must be able to allege that 'the occurrence or transaction giving rise to the litigation – which is [plaintiff's] purchase of allegedly price-fixed goods – occurred in the various states."). Accordingly, the Court DENIES defendants motion to dismiss Oklahoma's assigned OARA claim.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss. Docket No. 6134 in 07-1827; Docket No. 26 in 11-6686.

**IT IS SO ORDERED.**

Dated: September 12, 2012

SUSAN ILLSTON
United States District Judge