IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL. No. 1827<br><br>Case Nos. C 10-0117 SI; C 10-4572 SI; C 10-4945 SI; C 11-0058 SI; C 09-4997 SI; C 09-5840 SI |
| This Order Relates to:<br><br>*Electrograph Systems, Inc. v. Epson Imaging Devices Corp., et al.*, C 10-0117 SI<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.*, C 10-4572 SI<br><br>*Target Corp. v. AU Optronics Corp., et al.*, C 10-4945 SI<br><br>*Costco Wholesale Corp. v. AU Optronics Corp., et al.*, C 11-0058 SI<br><br>*AT&T Mobility LLC v. AU Optronics Corp., et al.*, C 09-4997 SI<br><br>*Motorola Mobility, Inc. v. AU Optronics Corp., et al.*, C 09-5840 SI<br>_____/ | ORDER DENYING LG DISPLAY CO., LTD.'S AND LG DISPLAY AMERICA, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WITHDRAWAL |

Currently before the Court is LG Display Co., Ltd.'s and LG Display America, Inc.'s (collectively, "LG") motion for partial summary judgment on the issue of withdrawal. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 21, 2012. Having considered the moving papers, and for good cause appearing, the Court hereby DENIES LG's motion.

LG contends that partial summary judgment should be granted on the issue of withdrawal because "there is no genuine issue of material fact with respect to the fact that it reported itself to the DOJ on July 13, 2006 and thereafter cooperated with the DOJ." Motion at 4. LG acknowledges that

the Court denied a similar summary judgment motion nearly a year ago in the IPP case. *See* Order Denying LG Display Co., Ltd.'s and LG Display America, Inc.'s Motion for Partial Summary Judgment on Withdrawal ("IPP Order"), Master Docket No. 3690 (Sept. 26, 2011). However, LG claims that this case and the IPP case are substantially different in two ways: first, in the IPP case, "the Court found that there remained an open question as to whether plaintiffs would show that LG Display did *not* actually self-report to the DOJ . . . . [and] [h]ere . . . plaintiffs admit that they have no evidence contradicting LG's affirmative act of self-reporting to the authorities on July 13, 2006," *see* Reply at 1; and, second, the expert opinion in the IPP case regarding LG's continued price-fixing conduct after it self-reported was "central to the Court's finding" in the IPP matter, but is not part of the record in this case. *See id.* (citing IPP Order at 6).

The Court disagrees with LG that the variations between the two cases warrant a different outcome in the instant matter. Denying LG's motion in the IPP case, the Court focused on LG's evidence of withdrawal. *See* IPP Order at 5 (noting that withdrawal is an affirmative defense and "LG bears the burden of proof"). The Court determined that such evidence—the March 3, 2011 DOJ letter and the declaration of LG Display Senior Vice President of Business Support Center, Bang Soo Lee—was "insufficient to meet [LG's] burden" to prevail on summary judgment. *See id.* at 6. Thus, the burden never shifted to plaintiffs "to set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting the Fed. R. Civ. P. 56(e)). In other words, the Court considered the evidence on which LG relied to discharge its burden; the Court did not base its ruling on plaintiffs' evidence (or lack thereof). *See id.* at 5-6. The evidence LG uses to support its current motion is not fundamentally different than what it presented to support its motion in the IPP case. Accordingly, the Court finds that a material issue of fact continues to exist on the extent of LG's withdrawal. LG's motion for partial summary judgment is therefore DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES LG's motion for partial summary judgment on withdrawal. Master Docket No. 6158 & 6353; Docket Nos. 199 & 239 in C 10-0117 SI; Docket Nos. 189 & 231 in C 10-4572 SI; Docket Nos. 251 & 299 in C 10-4945 SI;

Docket Nos. 182 & 222 in C 11-0058 SI; Docket No. 333 in C 09-4997 SI; and Docket Nos. 393 & 414 in C 09-5840 SI.

**IT IS SO ORDERED.**

Dated: September 17, 2012

SUSAN ILLSTON
United States District Judge