United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | Case No. C 10-4945 SI |
| TARGET CORPORATION, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>    Defendants. | **ORDER GRANTING DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT ON DUE PROCESS GROUNDS** |

Currently before the Court is defendants' joint motion for partial summary judgment with respect to certain indirect purchaser claims of plaintiffs Target Corp.; Sears, Roebuck & Co. ("Sears"); Kmart Corp.; and Newegg, Inc. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 21, 2012. Having considered the papers of the parties, and for good cause appearing, the Court hereby GRANTS defendants' motion.

Defendants move for summary judgment on the following claims: (1) Target's indirect purchaser claims brought under California and Illinois law; (2) Kmart's indirect purchaser claims brought under California and Illinois law; (3) Sears' indirect purchaser claims brought under California law; and (4)

Newegg's indirect purchaser claims brought under California law.[1] Defendants argue that plaintiffs did not purchase products containing LCD panels in California (Target, Kmart, and Sears) or Illinois (Target and Kmart), and are therefore precluded from asserting claims under those states' laws.

Plaintiffs argue that the application California law to their claims is supported by the evidence of defendants' contacts and anti-competitive conduct in California. However, the Court has previously rejected the argument that a plaintiff may invoke California law based on defendants' alleged California contacts as these contacts "do not provide a link between plaintiffs' claims that they purchased price-fixed products and California." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. MDL 07-1827 SI, 2010 WL 2609434, at *3 (N.D. Cal. June 28, 2010); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 5922966, at *2 (N.D. Cal. Nov. 28, 2011) ("[A]lthough many parties related to this litigation may be located in California, that is not a significant enough contact to justify application of California law. This Court has previously rejected the argument that the actions defendants took within California warrant invocation of California law."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, *(AT&T Mobility II)*, No. M 07-1827 SI, 2010 WL 4705518, at *2 (N.D. Cal. Nov. 12, 2010) (rejecting argument that "defendants' price-fixing conduct in California creates the significant contacts between California and plaintiffs' claims."). Finding no reason to depart from its prior rulings, the Court concludes that the application of California law to claims asserted by Target, Kmart, and Sears is unsupported by the facts. Nor have plaintiffs presented any evidence justifying the application of Illinois state law to Target's and Kmart's claims.

Accordingly, the Court GRANTS defendants' motion for partial summary judgment on (1) Target's, Kmart's, and Sears' indirect purchaser claims brought under California law; and (2) Target's

---

[1] Defendants initially moved for summary judgment on: (1) claims that Target had alleged under the laws of Arizona, California, Florida, Illinois, Iowa, Kansas, Michigan, New York, North Carolina, and Wisconsin; (2) claims that Sears had alleged under the laws of Arizona, California, Florida, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, and Wisconsin; (3) claims that Kmart had alleged under the laws of Arizona, California, Florida, Illinois, Massachusetts, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, and Wisconsin; and (4) claims that Newegg had alleged under Tennessee law. However, plaintiffs claim to have dismissed all state law claims other than those alleged under California law. *See* Opp'n at 1. Defendants point out that plaintiffs' Illinois state law claims were not dismissed and therefore remain at issue. Accordingly, the Court will consider the claims that plaintiffs have alleged under California and Illinois state law.

2

and Kmart's indirect purchaser claims brought under Illinois law.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion. Master Docket No. 6111; Docket No. 240 in C 10-4945 SI.

**IT IS SO ORDERED.**

Dated: September 18, 2012

SUSAN ILLSTON
United States District Judge