United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br><br>This Order Relates to:<br><br>*Motorola Mobility, Inc v AU Optronics Corporation, et al.,* C 09-5840 SI<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br><br>Case No. C 09-5840 SI<br><br>**ORDER DENYING SAMSUNG SDI CO, LTD.'S AND SAMSUNG SDI AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT ON MOTOROLA'S CLAIMS** |

Currently before the Court is the motion by Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "SDI") for summary judgment on plaintiff Motorola Mobility's Sherman Act, breach of contract, and unjust enrichment claims. Pursuant to Civil Local Rule 7-1(b), the Court found this matter suitable for disposition without oral argument. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES SDI's motion.[1]

SDI contends that Motorola's Sherman Act, breach of contract, and unjust enrichment claims—its first, seventeenth, and eighteenth claims, respectively—should be dismissed because there is no evidence that it conspired to fix the prices of the TFT-LCD modules it sold to Motorola.

When concerted price-fixing is alleged, the plaintiff bears the burden of presenting sufficient evidence to prove that an agreement to fix prices existed. *See*, *e.g.*, *In re Citric Acid Litig.*, 191 F.3d 1090, 1093 (9th Cir. 1999); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 896 (9th Cir. 2009). To survive summary judgment, a plaintiff must establish that there is a genuine

---

[1] The parties do not dispute that Motorola's breach of contract and unjust enrichment claims depend on the viability of Motorola's Sherman Act claim. Thus, in denying SDI's motion, all three of Motorola's claims survive summary judgment.

issue of material fact as to whether defendants entered into an illegal conspiracy that caused plaintiff to suffer a cognizable injury. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A plaintiff can establish a genuine issue of material fact by producing either direct evidence of a defendant's price-fixing conduct or circumstantial evidence from which a reasonable fact finder could conclude the same. *In re Citric Acid Litig.*, 191 F.3d at 1093; *see also Sun Microsystems*, 622 F. Supp. 2d at 896 (citing *Movie 1 & 2 v. United Artists Commc'ns*, 909 F.2d 1245, 1251-52 (9th Cir. 1990); *United States v. Gen. Motors Corp.*, 384 U.S. 127, 142-43 (1966)). The Ninth Circuit "has outlined a two-part test to be applied whenever a plaintiff rests it case entirely on circumstantial evidence." *Id.* at 1094. "First, the defendant can 'rebut an allegation of conspiracy by showing a plausible and justifiable reason for its conduct that is consistent with proper business practice.' The burden then shifts back to the plaintiff to provide specific evidence tending to show that defendant was not engaging in permissible competitive behavior." *Id.* (internal citations omitted); *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1059, 1972 (9th Cir. 2007).

Despite SDI's attempt to offer "plausible and justifiable reasons" for many of its alleged communications with competitors, the Court finds that Motorola has provided evidence tending to show that SDI conspired with its competitors to artificially inflate the prices of LCD modules. *See id.* at 1093. SDI does not dispute that there is evidence demonstrating its alleged price-fixing communications with Epson regarding LCD modules the companies sold to their common customer, Nokia. *See* Motion at 29 (citing SDI's discovery responses where it "admitt[ed] that in the period of 2004 to 2006, certain employees of [] SDI discussed LCD market information with certain employees of Epson/SEID, including on occasion price or volume information regarding certain Nokia projects"). Instead, SDI argues that there is no link between this evidence and Motorola's obligation to establish the elements of its Sherman Act claim as to SDI. SDI asserts that its competitor communications with Epson provides no evidentiary basis to prove that it "knew of and intended to participate in any conspiracy affecting Motorola." *Id.* at 28. While it may be correct that Motorola lacks direct evidence of "exchanges between SDI and any competitor regarding LCD supplier pricing information for Motorola projects," the Court finds that there is ample circumstantial evidence from which a reasonable jury could infer that SDI knowingly participated in the overarching price-fixing conspiracy. *See Continental Ore*

*Co v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("Plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each. The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.").

Next, SDI contends that the "Nokia evidence" cannot establish that SDI caused Motorola's alleged antitrust injuries. SDI argues that because the "LCD modules that [it] . . . provided to its customers, including Nokia and Motorola, were customized and not interchangeable," its communications with Epson related to Nokia projects could not have affected the prices of the LCD modules it sold to Motorola. Motion at 31. Motorola has presented evidence to the contrary. For example, based on "shared market fundamentals," Motorola's damages expert Dr. Bernheim has opined that the overall market prices for small-screen LCDs were largely correlated with the defendants' small-screen LCD sales prices. *See* Declaration of Nathanial J. Wood, Ex. 98 (rebuttal expert report of Dr. Bernheim). Viewing the evidence in a light most favorable to Motorola, the Court concludes that there are triable issues of fact regarding whether SDI's pricing to Nokia affected its pricing to Motorola.

For the foregoing reasons, the Court hereby DENIES SDI's motion for summary judgment. Master Docket No. 6306; Docket No. 411 in 09-5840.

**IT IS SO ORDERED.**

Dated: September 22, 2012

SUSAN ILLSTON
United States District Judge