**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL)                    No. M 07-1827 SI
    ANTITRUST LITIGATION                           MDL. No. 1827
9   _____/

10  This Order Relates to:                         Case Nos.: C 09-4997 SI; C 10-4572 SI; C 11-
                                                   0058 SI; C 10-1064 SI; C 10-5254 SI; C 10-
11  *AT&T Mobility LLC v. AU Optronics Corp., et*  0117 SI; C 09-5840 SI; 10-4945 SI
    *al.,* C 09-4997 SI
12                                                 **ORDER DENYING DEFENDANTS'**
    *Best Buy Co., Inc. v. AU Optronics Corp., et al.,*  **OBJECTION TO SPECIAL MASTER'S**
13  C 10-4572 SI                                   **ORDER STRIKING EXPERT REPORTS**

14  *Costco Wholesale Corp. v. AU Optronics Corp.,*
    *et al.,* C 11-0058 SI
15
    *Dell, Inc. and Dell Products*, *L.P. v. Sharp*
16  *Corp., et al.,* C 10-1064 SI

17  *Eastman Kodak Co. v. Epson Imagining Devices*
    *Corp., et al.*, C 10-5254 SI
18
    *Electrograph Systems, Inc. v. Epson Imaging*
19  *Devices Corp., et al.,* C 10-0117 SI

20  *Motorola Mobility, Inc., et al. v. AU Optronics*
    *Corp., et al.,* C 09-5840 SI
21
    *Target Corp. v. AU Optronics Corp., et al.,*
22  C 10-4945 SI
    _____/
23

24         Defendants have filed an objection to the Special Master's Order granting plaintiffs' motion to

25  strike defendants' sur-rebuttal expert reports. *See* Special Master's Order Re Plaintiffs' Motion to Strike

26  Defendants' Sur-Rebuttal Expert Reports and AUO's Expert Opinions, Master Docket No. 6481 (Aug.

27  17, 2012).  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition

28  without oral argument and therefore VACATES the hearing currently scheduled for September 28, 2012.

**United States District Court**
For the Northern District of California

1   Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES
2   defendants' objection.

3          The Special Master's Order concerned plaintiffs' request to strike the eleven sur-rebuttal expert
4   reports filed by defendants.  The Special Master found that defendants neither "sought leave of court to
5   modify the July Scheduling Order to allow sur-rebuttal reports," nor "demonstrated that Plaintiffs'
6   rebuttal reports crossed the line of appropriate rebuttal by articulating wholly new theories and opinions."
7   Order at 3.  Instead, the Special Master determined that plaintiffs' reports "properly limited themselves
8   to responding to Defendants' criticism of their opening reports and to reinforcing the evidence and
9   analysis supporting the original opinions they articulated."  *Id.*  On these grounds, the Special Master
10  granted plaintiffs' motion to strike defendants' sur-rebuttal reports.  Defendants object to the Special
11  Master's Order.

12         The question of whether a party has shown "good cause" for deviating from a court-imposed
13  pretrial schedule is a procedural matter that this Court reviews for abuse of discretion.  *See* Order
14  Appointing Martin Quinn as Special Master, Master Docket No. 1679, at ¶ 18  (April 12, 2010); Fed. R.
15  Civ. P. 53(f)(3)-(5).  Courts are given "particularly wide latitude" in determining whether to issue
16  discovery sanctions under Rule 37.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,
17  1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the Rule 26] requirements by forbidding the use at
18  trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

19         The Court agrees with the reasoning set forth in the Special Master's Order and therefore adopts
20  the Order in its entirety.  Defendants' justification for allowing the proposed sur-rebuttals does not
21  amount to good cause under the July 2011 Scheduling Order.  Nor have defendants convinced the Court
22  that their untimely submission of the proposed sur-rebuttal reports is "substantially justified or harmless"
23  under Federal Rule of Civil Procedure 37(c)(1).  *See*, *e.g.*, *Goodman v. Staples The Office Superstore,*
24  *LLC*, 644 F.3d 817, 826 (9th Cir. 2011).  Defendants' argument that "the trials would biased and unfair
25  in the absence of a right to respond to [plaintiffs'] new rebuttal opinions," Motion at 25, is unconvincing.
26  Not only did the Special Master correctly conclude that plaintiffs' rebuttal reports do not articulate
27  "wholly new theories and opinions," defendants will have an opportunity at trial to cross examine
28  plaintiffs' experts and challenge the bases for their opinions.

1     Accordingly, the Court DENIES defendants' objection to the Special Master's Order.   Master

2   Docket No. 6668; Docket No. 366 in C 09-4997 SI; Docket No. 441 in C 09-5840 SI; Docket No. 265

3   in C 10-0117 SI; Docket No. 334 in C 10-1064 SI; Docket No. 260 in C 10-4572 SI; Docket No. 344 in

4   C 10-4945 SI; Docket No. 264 in C 10-5452 SI; and Docket No. 264 in C 11-0058 SI.

5

6       **IT IS SO ORDERED.**

7

8   Dated: September 26, 2012

9                                                   SUSAN ILLSTON
                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California