IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| _____ / | Case No.: C 12-0335 SI |
| This Order Relates to: | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO DISMISS (VIEWSONIC)** |
| VIEWSONIC CORPORATION, | |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, *et al.*, | |
| Defendants. | |
| _____ / | |

Currently before the Court is defendants' joint motion to dismiss the First Amended Complaint filed by ViewSonic Corporation. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 28, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART defendants' joint motion.

**BACKGROUND**

ViewSonic is "a large manufacturer of televisions, computer monitors, and other consumer electronics." FAC at ¶ 2. On January 20, 2012, it filed this action in this Court to "recover the damages it incurred as a result of a long-running conspiracy by manufacturers of liquid crystal display panels ('LCD Panels')." Compl. at ¶ 1. ViewSonic filed its first amended complaint ("FAC") on July 27, 2012. The FAC contains four claims: 1) a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1; 2) claims

under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26; 3) a claim under California's Cartwright Act ("Cartwright Act"), Cal. Bus. & Prof. Code §§ 16720, et seq.; and 4) a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. FAC at ¶¶ 157-171.

Defendants now move to dismiss ViewSonic's FAC in part.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants' joint motion seeks dismissal of ViewSonic's claims in four ways: first, "ViewSonic's claims under the Cartwright Act and UCL should be dismissed as time-barred under the applicable statutes of limitations"; second, "ViewSonic's Cartwright Act and UCL claims should be dismissed because the Complaint contains no allegations sufficient to support a conclusion that California law applies to all of its purchases"; third, "ViewSonic's claims under the Sherman Act and Clayton Act should be dismissed to the extent they are based on indirect purchases"; and, fourth, "ViewSonic's Complaint should be dismissed to the extent that it impermissibly relies on group pleading." *See* Motion at 6.

The Court will discuss each basis for dismissal in turn.

### A.     ViewSonic's Cartwright Act and UCL Claims – Tolling

Defendants argue that ViewSonic's Cartwright Act and UCL claims are untimely. ViewSonic filed suit more than four years after the DOJ's December 11, 2006 announcement of its investigation into the conspiracy. Because these claims have four-year statutes of limitations, defendants contend that ViewSonic's claims must be dismissed. In particular, defendants argue that ViewSonic does not sufficiently plead facts to justify tolling of the statutes of limitations.

The Court agrees with defendants. ViewSonic articulates its basis for tolling for the first time in its opposition brief. The Court has addressed similar scenarios in this MDL and has concluded that bare tolling allegations similar to those in ViewSonic's FAC do not satisfy the federal pleading standards. *See*, *e.g.*, Order Granting Defendants' Joint Motion to Dismiss, Master Docket No. 4867, at 2-3 (Feb. 23, 2012) ("[P]laintiffs may not rely on generalized allegations that they are entitled to tolling . . . they must specifically identify every basis they intend to rely on to establish tolling of the statutes of limitations, whether they are class action lawsuits, enforcement actions brought by state Attorney Generals, or other matters."). Plaintiffs in this MDL must plead with specificity the bases for their entitlement to tolling. *Cf. Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff. . . . That burden does not arise only after a motion to dismiss; rather, the plaintiff 'must plead with particularity the circumstances

3

surrounding the concealment and state facts showing his due diligence in trying to uncover the facts.'").

ViewSonic's FAC alleges only that "[its] claims were tolled from the time that the first class action complaint relating to the conspiracy alleged herein was filed until the deadline for class members to opt out of the class." FAC at ¶ 119. This is plainly insufficient to provide defendants with any useful notice of the basis for ViewSonic's claim of entitlement to tolling. Accordingly, the Court GRANTS defendants' joint motion to dismiss ViewSonic's Cartwright Act and UCL claims as untimely, with leave to amend.

### B. ViewSonic's Cartwright Act and UCL Claims – Due Process

Defendants contend that ViewSonic's Cartwright Act and UCL claims, as pled, fail to satisfy the requirements set out by this Court's prior Due Process orders. In particular, defendants argue that ViewSonic does not adequately allege that it purchased LCD panels in California. The Court disagrees with defendants. The FAC alleges that "during and after the Conspiracy Period, Plaintiff purchased and paid for LCD Panels and LCD Products in California." FAC at ¶ 7; *see also id*. at ¶ 170(c) ("During the Conspiracy Period, Plaintiff purchased LCD Panels and LCD Products containing price-fixed LCD Panels in California."). These alleged facts justify applying California law. *See* Order Granting Defendants' Joint Motion to Dismiss, Master Docket No. 1822, at 12 (June 28, 2010) ("[I]n order to invoke the various state laws at issue, [plaintiff] must be able to allege that 'the occurrence or transaction giving rise to the litigation' – which is [plaintiff's] purchase of allegedly price-fixed goods – occurred in the various states."). Accordingly, the Court DENIES defendants' motion to dismiss ViewSonic's Cartwright Act and UCL claims on Due Process grounds.

### C. ViewSonic's Sherman Act Claim

Defendants move to dismiss ViewSonic's Sherman Act claim to the extent that it is based upon indirect purchases. The parties appear to be in agreement on this point. In its opposition, ViewSonic states that it "is not seeking damages under its Sherman Act claim based on indirect purchases or purchases from non-conspirators." Opp'n at 7. Accordingly, the Court GRANTS defendants' motion to dismiss ViewSonic's Sherman Act claim to the extent that it covers indirect purchases.

4

### D. Adequacy of Group Pleading

Defendants contend that ViewSonic's FAC impermissibly relies on group pleading. This Court has addressed a similar arguments on numerous occasions in this MDL and has concluded that allegations substantially similar to ViewSonic's satisfy the federal pleading standards. *See*, *e.g.*, Order Denying Defendants' Joint Motion to Dismiss the Second Amended Complaint, Master Docket No. 3590, at 3-4 (Sept.15, 2011); Order Denying Defendants' Joint Motion to Dismiss, Master Docket No. 3614, at 4-5 (Sept. 19, 2011). Accordingly, the Court DENIES defendants' motion to dismiss on this basis.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' joint motion. **Any amended complaint must be filed by October 8, 2012**. Master Docket No. 6392; Docket No. 33 in C 12-0335 SI.

**IT IS SO ORDERED.**

Dated:  September 26, 2012

SUSAN ILLSTON
United States District Judge