IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br><br>Case No. C 09-5840 SI |
| This Order Relates to:<br><br>*Motorola Mobility, Inc. v. AU Optronics Corporation, et al.,* C 09-5840 SI<br>_____/ | **ORDER DENYING DEFENDANTS' MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(b)** |

Defendants' motion to certify for interlocutory appeal is set for hearing on October 5, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth in this order, the Court DENIES the motion.

Defendants seek interlocutory review of this Court's Order Denying Defendants' Joint Motion for Summary Judgment on Motorola Mobility, Inc.'s Sherman Act Claim for Injuries in Foreign Markets. Defendants' joint motion asserted that Motorola's claims based on TFT-LCD purchases in foreign markets are barred by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a ("FTAIA"). In that order, the Court held that there were questions of fact concerning whether Motorola's claims for injuries in foreign markets fell within the "domestic injury exception" of the FTAIA. "[W]hether the price fixing activities alleged by Motorola in this case gave rise to direct, substantial, and reasonably foreseeable effects on domestic commerce, and whether such effects gave

rise to a Sherman Act claim, present issues of fact which must be resolved by the jury in this case." Docket No. 6422 at 2:22-3:2. The Court found, *inter alia*, that "Motorola has presented admissible evidence from which a jury could infer that final decisions regarding pricing of LCD panels took place in the United States" and that Motorola had submitted evidence to support its claim that foreign affiliates issued purchase orders at the price and quantity determined by Motorola in the United States. *Id*. at 5:5-10. The Court held that a reasonable jury could find a "concrete link between defendants' price setting-conduct . . . its domestic effect, and the foreign injury suffered by Motorola and its affiliates." *Id*. at 5:20-22.

An interlocutory appeal of a non-final order may be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir.1982). However, "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Robin James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc*., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

The Court concludes that defendants have not demonstrated that interlocutory review is appropriate. As an initial matter, the Court notes that at the motion to dismiss stage, the Court granted defendants' request for certification of the March 28, 2011 Order Denying Defendants' Motion to Dismiss the Second Amended Motorola Complaint,[1] and the Ninth Circuit denied defendants' petition and declined to hear the appeal. The procedural posture of this case is now quite different: discovery has closed, the Court has denied summary judgment, and soon the Motorola case will be transferred to the Northern District of Illinois for trial. At this stage of the litigation, the Court finds that an immediate

---

[1] In that order, the Court held that the second amended complaint established a "concrete link" between defendants' price-fixing of LCD panels, the domestic effect of that conduct, and the injury that Motorola suffered in connection with deliveries of LCD panels abroad, and thus that Motorola had alleged facts showing that the domestic injury exception to the FTAIA applied.

appeal, which would likely be lengthy, will not materially advance the ultimate termination of this litigation.

More importantly, defendants have not shown that there is a "controlling question of law as to which there is a substantial ground for difference of opinion." The Court's summary judgment order evaluated the parties' evidence and concluded that there are triable issues of fact as to whether Motorola's claims for injuries in foreign markets fall within the "domestic injury exception" of the FTAIA. Defendants assert that the interpretation of the domestic injury exception is a question of law, and that based upon defendants' view of the evidence, the material facts ("the claims at issue here were assigned to Motorola by its foreign subsidiaries and affiliates; the purchase prices for the panels at issue were contractually set outside of the United States; the LCD purchase prices were paid from outside of the United States; and the panels were incorporated into phones outside of United States") show that the domestic injury exception cannot be met here. However, even assuming that defendants are correct that certain facts are immaterial, the Court's summary judgment order found that the facts are disputed as to whether the purchase prices for the panels were set outside of the United States (as defendants assert), or whether final decisions regarding pricing of LCD panels took place in this country (as Motorola contends). Thus, the summary judgment order does not present a pure question of law, but rather involves the application of law to the factual record of this case.

Accordingly, the Court DENIES defendants' motion to certify under 28 U.S.C. § 1292(b). Docket No. 6590 in M 07-1827 SI and Docket No. 436 in C 09-5840 SI.

**IT IS SO ORDERED.**

Dated: October 1, 2012

SUSAN ILLSTON
United States District Judge

3