IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>*Dell, Inc. and Dell Products, L.P. v. Sharp Corp., et al.,* C 10-1064 SI | Case Nos.: C 10-1064 SI<br>**ORDER DENYING DEFENDANTS' OBJECTION TO SPECIAL MASTER'S ORDER RE: THE DEPOSITION OF RICHARD BAI** |

Defendants AU Optronics Corporation and AU Optronics Corporation America have filed an objection to the Special Master's Order Re: Plaintiffs' Motion to Compel Deposition of AUO Witnesses, Bai. The matter is scheduled for a hearing on October 12, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court hereby DENIES defendants' objection. Master Docket No. 6574.

**DISCUSSION**

The Court reviews the Special Master's findings of fact for clear error, conclusions of law *de novo*, and procedural rulings for an abuse of discretion. Amended Order Appointing Martin Quinn as Special Master, Master Docket No. 6580 ¶ 18. In the order at issue, the Special Master ordered AUO to produce a current AUO employee, Richard Bai, for deposition. Mr. Bai is a senior AUO executive

who was indicted in *United States v. AUO et al.*, CR 09-110 SI, and that indictment remains pending. The Special Master found that AUO must produce Bai for deposition pursuant to the parties' November 17, 2011 stipulation, and the Special Master's order on that stipulation. The Special Master also found that Bai's deposition could provide highly relevant testimony that outweighed any "burden or expense" to defendants, and that it would not be "unreasonably cumulative or duplicative" with other discovery taken by plaintiffs.

Defendants object to the Special Master's Order on the following grounds: (1) to the extent Bai testifies about substantive matters, the deposition would be unreasonably duplicative, cumulative, and overly burdensome because plaintiffs have taken fourteen substantive depositions of AUO witnesses; (2) Bai has unequivocally stated that he will invoke his Fifth-Amendment privilege not to testify as to self-incriminating matters, which would make his deposition duplicative and cumulative with the testimony of three previous AUO deponents who invoked the privilege; (3) AUO will not call Bai at trial; and (4) plaintiffs should not be allowed to depose Bai because they have already exceeded the number of permissible depositions of AUO witnesses set by the Special Master.

The Court finds that AUO's objections lack merit, and that the Special Master did not err in ordering Bai's deposition. Bai is one of the people who approved the prices of panels sold to Dell, he attended the "Crystal meetings," and he authored or received relevant documents. Ganske Decl., Master Docket No. 6679, ¶¶ 6-8, Exs. D-F. Further, although Bai has stated he will invoke his Fifth-Amendment privilege, in order to seek an adverse inference for a witness's assertion of the privilege, the witness must actually invoke the privilege. *See, e.g.*, *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir.1998) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)); *see also Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 909 (9th Cir. 2008) (holding that it is within a trial court's discretion to draw the adverse inference from an invocation of the Fifth Amendment in a civil proceeding).

Defendants' argument that plaintiffs have already exceeded the allowable number of depositions is contradicted by the express language of the parties' November 17, 2011, stipulation. As the Special Master noted in his Order, the parties' stipulation modified any prior limit on the number of witness depositions that plaintiffs could take. Finally, the Court finds that the deposition will cause little burden to AUO, as plaintiffs already plan to travel to Taiwan in October 2012 to take the depositions of two

2

other AUO witnesses, and thus Bai's deposition can be taken during that same trip.

For the foregoing reasons, the Court finds that the Special Master did not abuse his discretion or commit clear error, and thus defendants' objection to the Special Master's order granting plaintiffs' motion to compel the deposition of AUO witness Richard Bai is DENIED.  This order resolves Master Docket No. 6574.

**IT IS SO ORDERED.**

Dated: October 11, 2012

SUSAN ILLSTON
United States District Judge