**United States District Court**
For the Northern District of California

1

2

3

4

5         IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
     LITIGATION                                      MDL. No. 1827
10   _____/
                                                     Case No. C 10-1064 SI
11
     This Order Relates to:                          **ORDER DENYING DEFENDANTS'**
12                                                   **JOINT MOTION FOR PARTIAL**
        *Dell Inc. et al. v. AU Optronics*          **SUMMARY JUDGMENT TO LIMIT**
13      *Corporation, et al.,* C 10-1064 SI          **DELL'S DAMAGES CLAIM TO NET**
                                                     **OVERCHARGES**
14

15

16   _____/

17

18         Defendants' joint motion for partial summary judgment to limit Dell's damages claim to net

19   overcharges is scheduled for a hearing on October 23, 2012. Pursuant to Civil Local Rule 7-1(b), the

20   Court determines that this matter is appropriate for resolution without oral argument, and VACATES

21   the hearing on this motion. For the reasons set forth below, the Court DENIES the motion. Docket Nos.

22   6151 & 6341.

23

24                                          **DISCUSSION**

25         Defendants seek an order holding that Dell is limited to recovering for its net injury during the

26   conspiracy period, which defendants assert (based on Dell's allegations in its complaint) is 2001-2006.

27   Defendants contend that Dell's damages expert, Dr. Mohan Rao, incorrectly calculated Dell's damages

28   by only calculating damages for the "damages period" of 2001-2004, and that Dr. Rao should have

**United States District Court**
For the Northern District of California

included undercharges from 2005-2006 when assessing Dell's total damages. Defendants assert that "[i]f Dr. Rao had included the undercharges he found in the last two years of the alleged 'conspiracy period' in his damages calculation, it would have dramatic effects. Defendants' expert Professor Dennis W. Carlton used Dr. Rao's model (with no adjustments), calculated both the overcharges and undercharges resulting from the model, and netted them out. The end result is a net overcharge of only 1% as opposed to the gross overcharge of 25.8% that Dr. Rao reports." Docket No. 6151 at 6:23-7:1.

Dell responds that it is not seeking damages for 2005 or 2006, and that Dell is only seeking damages based on the evidence in the case as determined and calculated by Dr. Rao. According to Dell, Dr. Rao found that Dell paid significant overcharges from the fourth quarter of 2001 to the fourth quarter of 2004, but that Dell did not pay significant overcharges after that period of time. Dell argues that defendants have distorted Dr. Rao's damages model, and that Dr. Rao did not find that Dell received any benefits in 2005 and 2006 as result of the alleged conspiracy. At his deposition, Dr. Rao stated that it did not make sense to offset damages from 2001-2004 with undercharges from 2005 and 2006 because in 2005 and 2006 Dell's two largest suppliers of TFT-LCD panels – Samsung and LG – began cooperating with the DOJ and "the conspiracy falls apart . . . with respect to Dell." Docket No. 6431-3 at 156:12-157:11.

The Court concludes that whether an expert has selected the correct damages period is not an appropriate issue for summary judgment. To the extent defendants believe that Dr. Rao used the wrong end date for his regression analysis, defendants can challenge that determination through cross-examination and the testimony of their own economic expert, Dr. Carlton. *Cf.* Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 395(b)(2) (2011) ("The plaintiff also needs to determine the end of the conspiracy if it wants to use post-conspiracy prices to estimate the 'but for' prices during the damage period. It is obvious that a failure to identify precisely when the collusion occurred and when it did not will be critical to satisfactory damages estimation."). Although defendants assert that the instant motion for summary judgment presents purely legal issues, in fact the parties dispute, *inter alia*, whether the undercharges that Dr. Rao

found in 2005 and 2006 are statistically significant.[1]   Whether Dr. Rao correctly calculated Dell's

damages is not amenable to summary judgment, and defendants can test Dr. Rao's analyses and the

determinations underlying his damages calculations at trial.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Docket Nos. 6151 & 6341.

**IT IS SO ORDERED.**

Dated: October 16, 2012

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

---

[1]   The parties devote a substantial amount of their briefing to the legal question of whether Dell is entitled to recover the full amount of its overcharges, or whether Dell is required to "net" the overcharges against undercharges. However, Dell states that Dr. Rao arrived at his damages calculations by determining overcharges and any offsetting undercharges during the 2001-2004 "damages period." Docket No. 6151 at 5:9-13. Thus, it appears that for the 2001-2004 period, Dell has taken into account any undercharges, and that the real dispute presented by defendants' motion is whether Dell is required to include 2005 and 2006 in its "damages period."