IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>SONY ELECTRONICS INC.; SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>HANNSTAR DISPLAY CORP.,<br><br>        Defendant.<br>_____/ | No. C 12-2214 SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART HANNSTAR DISPLAY CORPORATION'S SECOND MOTION TO DISMISS OR STRIKE BREACH OF CONTRACT CLAIM WITH LEAVE TO AMEND** |

Currently before the Court is HannStar Display Corporation's second motion to dismiss or strike the breach of contract claim of plaintiffs Sony Electronics Inc. and Sony Computer Entertainment America LLC ("SCEA", collectively "Sony"). That matter is currently set for a hearing on November 2, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the hearing. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES HannStar's motion to dismiss or strike the breach of contract claim, but GRANTS the motion as to the diversity allegations and allows Sony leave to amend its allegations regarding SCEA's citizenship.

On August 27, 2012, the Court granted HannStar's motion to dismiss or strike Sony's breach of contract and fraud claims. With respect to the breach of contract claim, the Court found that

California's mediation and confidentiality statutes (*e.g.*, Cal. Evid. Code § 1119(a)), did not preclude Sony from pleading and pursuing a breach of contract claim based on a series of written emails that Sony alleged constituted a written settlement agreement. Docket No. 26 at 3. As Sony's complaint did not adequately allege the contents of the particular emails at issue, the Court granted the motion to dismiss and allowed Sony to amend to "include the contentions in Sony's opposition papers." *Id.*

Sony filed its amended complaint on September 7, 2012 (Docket No. 29), amending its breach of contract claim and omitting the fraud claim. HannStar now moves to dismiss or strike the amended breach of contract claim, raising the same arguments it made on its prior motion. *See* Docket No. 31. HannStar also argues that Sony has failed to adequately allege the citizenship of the members of SCEA to establish diversity.

The Court finds that Sony has adequately alleged its breach of contract claim in its First Amended Complaint. With respect to the citizenship of SCEA, Sony argues SCEA's Corporate Disclosure Statement (Docket No. 3) makes it clear that no Taiwanese companies or individuals are members of SCEA, but that it is willing to amend the complaint to reflect these facts. *See* Docket No. 34 at 5.

Therefore, the Court DENIES the motion to dismiss or strike the breach of contract claim, but grants the motion to dismiss or strike to allow Sony to amend its allegations regarding the citizenship of SCEA. The amended complaint shall be filed on or before **October 31, 2012.** Docket No. 31 in 12-2214. Master Docket No. 6841 in 07-1827.

**IT IS SO ORDERED.**

Dated: October 22, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2