IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*ATS Claims, Costco, Dell, Electrograph, Motorola Mobility* and *Nokia* cases, and all Track Two Cases | **ORDER RE: NOVEMBER 7, 2012 CASE MANAGEMENT CONFERENCE** |

On November 12, 2012, defendants filed a letter seeking clarification of the Court's November 8, 2012 Order Re: November 7, 2012 Case Management Conference. The same day, plaintiffs filed a response to defendants' letter. In their letters, the parties put forth different interpretations of this Court's ruling regarding the filing of *Daubert* motions in the *ATS Claims, Costco, Dell, Electrograph, Motorola Mobility* and *Nokia* cases. The November 8, 2012 order stated that "the Court finds that it is in the interest of judicial efficiency for this Court to resolve motions involving experts common to the cases to be tried in this Court and the cases that will be remanded before remanding those cases."

Defendants seek clarification that "if the parties bring *Daubert* motions against the experts testifying in the January trial, then the Court's determination of those motions will apply to the cases that will be remanded and involve those same experts" and "[c]onversely, where defendants do not intend to bring a *Daubert* motion with respect to an expert who will testify at the January trial, but *do* intend to bring a *Daubert* challenge to the same expert in a remanded case, . . . the issue is not a 'common' one and need not be brought at the current time on the current schedule." In contrast,

plaintiffs assert that "[i]f the expert is 'common to the cases to be tried in this Court and the cases that will be remanded,' then *Daubert* motions if any should be filed by November 20, 2012, so that they may be heard on January 11, 2012, before the cases are remanded.," even if the motion is only directed at a remanded case.

The Court hereby informs the parties that defendants' interpretation is correct. The parties are required to file any *Daubert* motions directed at the experts who will testify at the January, 2013 trial by November 20, 2012, and that if those same experts are testifying in the cases to be remanded, the Court will rule on the *Daubert* motions prior to remanding those cases. If a defendant does not intend to challenge an expert who will testify at the January trial, but does intend to challenge that same expert in a remanded case, that defendant need not file a *Daubert* motion in this Court.

**IT IS SO ORDERED.**

Dated: November 13, 2012

SUSAN ILLSTON
United States District Judge