IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates to:<br>    All Indirect-Purchaser Plaintiff<br>    Class Actions<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br>**ORDER:**<br>**(1) DENYING OBJECTIONS BY ALISON PAUL AND JOHNNY KESSEL TO SPECIAL MASTER'S AMENDED RULING OF OCTOBER 19, 2012;**<br>**(2) DENYING OSC RE: CIVIL CONTEMPT AND SANCTIONS AGAINST OBJECTORS ALISON PAUL AND JOHNNY KESSEL, AND THEIR COUNSEL JOSEPH DARRELL PALMER; AND**<br>**(3) COMPELLING DEPOSITION OF OBEJCTOR LEVETA CHESSER** |

Objectors Alison Paul and Johnny Kessel, unnamed class members in the Indirect-Purchaser Class Action, have filed an objection to the Special Master's order (Dkt. No. 7011, filed 10/19/12) compelling them to give their depositions and to produce documents. The matter is scheduled for a hearing on December 7, 2012. IPP Class counsel responded to the objections and filed a cross-motion seeking an order to show cause regarding a finding of civil contempt and an award of sanctions against the objectors and their counsel, Joseph Darrell Palmer, and seeking to take the deposition of one additional objector, Leveta Chesser.

Pursuant to Civil Local Rule 7–1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court hereby DENIES Paul and Kessel's objections; DENIES IPP Counsel's cross-motion for an order to show cause regarding a finding of civil contempt and award of sanctions against Paul, Kessel, and Palmer; and ORDERS objectors Alison Paul, Johnny Kessel, and Leveta Chesser to appear for

depositions and produce documents on the same terms provided in the Special Masters order, Paragraph 5(a-c), by November 21, 2012.   Master Docket No. 7096 and 7129.

**DISCUSSION**

The Court reviews the Special Master's findings of fact for clear error, conclusions of law *de novo*, and procedural rulings for an abuse of discretion. Amended Order Appointing Martin Quinn as Special Master, Master Docket No. 6580 ¶ 18.

**1.     Objections by Paul and Kessel to Special Master's Order**

On October 19, 2012, the Special Master ordered Objectors Paul and Kessel to appear for depositions and to produce documents according to the terms and procedures set out in the order. Dkt. No. 7011.  The Special Master first found that the Court has jurisdiction to order such discovery notwithstanding various pending appeals, and that the Special Master has jurisdiction to decide this motion under the terms of his appointment order.  After  considering the arguments raised by IPP counsel and the objectors, the Special Master then ordered Objectors Paul and Kessel to appear on or before November 10, 2012 for depositions, and to produce documents not less than two days before their scheduled deposition.  The Special Master also limited the scope of the document requests and depositions to relevant information, ordered objectors to provide a privilege log of all documents to which they claim privilege or attorney work product, and limited each deposition to two hours at a location within 100 miles from each objectors' residence.

Paul and Kessel object to the Special Master's Order on the following grounds: (1) that the Court lacks jurisdiction during the pendency of the appeal they filed to the Ninth Circuit, (2) that unnamed class members are not subject to the jurisdiction of the Special Master, (3) that class counsel must first seek leave of the Court on a showing of good cause to depose unnamed class members, (4) that class counsel's request sought production of privileged materials, and (5) that class counsel seek irrelevant material, and the requests are unduly burdensome.

These objections are the same ones presented to, and rejected by, the Special Master. This Court agrees with, and finds no reason to depart from, the Special Master's order.

2

For the foregoing reasons, the Court finds that the Special Master did not abuse his discretion or commit clear error. Paul and Kessel's objection to the Special Master's order compelling their depositions and document production is DENIED, and objectors Paul and Kessel are ORDERED to appear for depositions and produce documents on the terms identified in the Special Master's order by November 21, 2012. This order resolves Master Docket No. 7096.

**2.  IPP Class Counsel's Cross-Motion for Order to Show Cause Regarding Finding of Civil Contempt and Award of Sanctions, and Request to Compel the Deposition of Objector Chesser**

IPP Class Counsel filed a cross-motion seeking an order by the Court requiring Paul, Kessel, and their counsel, Joseph Darrell Palmer, to show cause why they should not be found in civil contempt and why an award of sanctions should not be levied against them. Master Docket No. 7129. They argue that despite the Special Master's Amended Order and their efforts to communicate with Mr. Palmer regarding the scheduling of Paul's and Kessel's depositions, the objectors failed to attend their depositions, which were to be completed by November 10, 2012, and Mr. Palmer continues to refuse to communicate with class counsel. As a result, IPP counsel have incurred over $10,000 in attorneys' fees and $1,583.57 in costs in pursuing this discovery.

The Court denies IPP class counsel's request. Although the Court does not condone Mr. Palmer's failure to communicate about the Special Master's order, his failure to cooperate in setting deposition dates, or his generally truculent and unprofessional behavior, Mr. Darrell filed objections to the Special Master's order compelling Paul and Kessel to appear for depositions and to produce documents, and the objection was filed in advance of the November 10, 2012 deadline identified in the Special Master's order.

IPP counsel also request that the Court compel Objector Leveta Chesser to appear for depositions and produce documents on the same terms as Paul and Kessel. Chesser, along with Kessel, filed an objection to the Round 2 settlements on October 15, 2012. Master Docket No. 6991. IPP counsel assert that Chesser has not provided an address, and thus, they requested that her counsel, Mr. Palmer, accept service on her behalf. According to IPP counsel, Mr. Palmer's response was to threaten to sue counsel for legal malpractice. In the interest of judicial efficiency and on the basis of Mr. Palmer's past course

of conduct, IPP counsel ask the Court to compel Chesser's deposition within a week of the issuance of such order.

The Court GRANTS IPP's counsel's request to compel the deposition of Chesser on the same terms identified in the Special Master's order of October 19, 2012. The Court makes this determination based on (1) its denial of the objections of Paul and Kessel, as discussed *supra*, who made similar objections as Chesser and are also represented by Mr. Palmer, (2) Mr. Palmer's lack of communication with IPP counsel to either schedule Chesser's deposition or object to it, and (3) the short time remaining before the Fairness Hearing on November 29, 2012.

Accordingly, IPP Counsel's cross-motion for an order to show cause regarding a finding of civil contempt and award of sanctions against Paul, Kessel, and Palmer is DENIED. **The Court ORDERS Alison Paul, Johnny Kessel, and Leveta Chesser to appear for depositions and produce documents on the same terms provided in the Special Masters order, Paragraph 5(a-c) (Master Docket No. 7011), by November 21, 2012. Mr. Palmer is ORDERED to communicate with and cooperate with IPP counsel in scheduling these depositions.**

This order resolves Master Docket No. 7129.

**IT IS SO ORDERED.**

Dated: November 14, 2012

SUSAN ILLSTON
United States District Judge