IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*Target Corp. v. AU Optronics Corp., et al.,*<br>C 10-4945 SI | Case No. 10-4945 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SANYO CONSUMER ELECTRONICS' MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIMS BY TARGET PLAINTIFFS** |

Defendant Sanyo Consumer Electronics' motion for summary judgment dismissing claims by the Target plaintiffs[1] is scheduled for a hearing on November 30, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on this motion. For the reasons set forth in this order, defendants' motion is GRANTED IN PART AND DENIED IN PART. Docket No. 5869.

**I.      Sherman Act claims**

Relying on *In re Citric Acid Litigation*, 995 F. Supp. 951 (N.D. Cal. 1998), *aff'd* 191 F.3d 1090 (9th Cir. 1999), defendant contends that there is no direct evidence that it participated in the alleged price-fixing conspiracy, and that any circumstantial evidence of its participation does not tend to exclude the possibility that it acted independently.

---

[1] The Target plaintiffs are Target Corporation; Sears, Roebuck and Co.; Kmart Corporation; Old Comp Inc.; Good Guys, Inc.; Radioshack Corporation; and Newegg Inc.

Viewed in the light most favorable to plaintiffs, the Court concludes that there is admissible evidence from which a jury could conclude that defendant participated in the alleged price-fixing conspiracy. Plaintiffs have submitted, *inter alia*, testimony showing that a Sanyo Consumer Electronics' employee exchanged pricing and other proprietary LCD panel information with other defendants. *See* Docket No. 6205-1, Ex. 16, 20.[2]  Further, unlike *Citric Acid*, no conspirator in this case has unequivocally stated that Sanyo was not involved in the conspiracy. *Cf. Citric Acid*, 996 F. Supp. at 956 ("Most persuasive is the testimony of Hans Hartmann, . . . who pled guilty to being a member of the conspiracy [and] stated that no one from Cargill attended any of the meetings at which the conspirators allocated market share . . . and that he never received sales figures from Cargill.").

Defendant also contends that plaintiffs' Sherman Act claims are barred under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and *In re ATM Fee Antitrust Litigation*, 686 F.3d 741 (9th Cir. 2012). The Court will address those arguments in a separate order ruling on defendants' joint motion for summary judgment for lack of standing under *Illinois Brick* and *In re ATM Fee* (in which Sanyo joined).

**II.    State antitrust claims**

Defendant also moves for summary judgment on plaintiffs' state law antitrust claims. Defendant contends, and Target Corporation's opposition does not dispute, that Minnesota law applies to its remaining state law claims. The Court previously held that Target Corporation's claims against Sanyo Consumer Electronics are barred by the Minnesota statute of limitations. Docket No. 4703. Accordingly, the Court GRANTS defendant's motion for summary judgment on Target Corporation's Minnesota antitrust claims.

Defendant moves for summary judgment on the other plaintiffs' remaining state claims on the ground that the antitrust laws in those states are construed in accordance with federal law, and therefore that the claims fail for lack of evidence of a conspiracy. For the reasons set forth above, the Court finds that there are triable issues of fact as to whether Sanyo Consumer Electronics participated in the

---

[2] Defendant objected to much of plaintiffs' evidence. The Court finds that there is sufficient admissible evidence to defeat summary judgment, and accordingly the Court does not address defendant's evidentiary objections. Defendant may renew its objections at the time of trial.

conspiracy, and therefore the Court DENIES defendant's motion for summary judgment on this ground.

**IT IS SO ORDERED.**

Dated: November 19, 2012

SUSAN ILLSTON
United States District Judge