United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>VIEWSONIC CORPORATION,<br>Plaintiff,<br>v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>Defendants.<br>_____/ | Case No.: C 12-0335 SI<br><br>**ORDER GRANTING IN PART DEFENDANTS' JOINT MOTION TO DISMISS (VIEWSONIC)** |

Currently before the Court is defendants' joint motion to dismiss the Second Amended Complaint ("SAC") filed by ViewSonic Corporation. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for November 30, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS in part defendants' joint motion.

**BACKGROUND**

ViewSonic is "a large manufacturer of televisions, computer monitors, and other consumer electronics." SAC at ¶ 2. After having its First Amended Complaint dismissed in part, ViewSonic filed its Second Amended Complaint on October 8, 2012. *See* Docket Nos. 6852 & 6928 in Master Case No. 07-1827. The SAC contains two claims for relief: 1) a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1; and 2) a claim under California's Cartwright Act ("Cartwright Act", Cal. Bus. & Prof. Code

1 §§ 16720, *et seq.*) and California's Unfair Competition Law ("UCL", Cal. Bus. & Prof. Code §§ 17200,
2 *et seq.*). Defendants move to dismiss ViewSonic's Sherman Act claim for failure to sufficiently plead
3 antitrust standing, and to dismiss the California Cartwright and UCL claims as barred by the statute of
4 limitations. Docket No. 7023.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### A.   ViewSonic's Cartwright Act and UCL Claims – Tolling

In ruling on the prior motion to dismiss, the Court found that ViewSonic failed to sufficiently plead facts to justify tolling of the statute of limitations for its California state law claims. *See* Docket No. 6582 at 3-4 (citing Order Granting Defendants' Joint Motion to Dismiss, Master Docket No. 4867, at 2-3 [Feb. 23, 2012] ("[P]laintiffs may not rely on generalized allegations that they are entitled to tolling . . . they must specifically identify every basis they intend to rely on to establish tolling of the

statutes of limitations, whether they are class action lawsuits, enforcement actions brought by state Attorney Generals, or other matters.")). The Court required ViewSonic to "plead with specificity the bases for their entitlement to tolling." *Id.*, at 3. In its SAC, ViewSonic identifies two primary sources on which it relies for tolling: (1) the Consolidated Amended Complaint in the IPP Action ("IPP-CAC"), and (2) the complaints filed in *Hee v. LG Philips LCD Co. Ltd., et al.*, Case No. 07-CV-0722 (N.D. Cal., filed Feb. 2, 2007), and in *Selfridge v. LG Philips LCD Co. Ltd., et al.*, Case No. 07-CV-01312 (S.D. Cal., filed Feb. 15, 2007). *See* SAC, ¶ 123.

As an initial matter, the Court finds that *American Pipe* tolling applies to toll ViewSonic's California claims for the period of November 5, 2007 through December 5, 2008, when resellers like ViewSonic were excluded from the scope of that action. *See, e.g.,* Docket No. 6506 at 4 [*CompuCon*]. Defendants contend, however, that ViewSonic cannot rely on *Hee* and *Selfridge* to provide the 10 extra days of tolling required for ViewSonic's complaint because neither *Hee* nor *Selfridge* identified what LCD panels or products the plaintiffs in those class actions actually purchased. *See* Joint Motion [Docket No. 7023] at 9.[1] Consistent with the Court's past orders, the Court finds the ViewSonic can rely on *Hee* and *Selfridge* to toll its California claims, but the tolling is limited to the defendants, products and conspiracy periods identified in *Hee*, *Selfridge* and the IPP-CAC. *See, e.g.,* Docket No. 4718 at 1 [*Office Depot II*]; Docket No. 6386 at 5 [*TechData*].

ViewSonic also argues that the filing of a direct purchaser class action complaint in December, 2006, tolls its state law claims under California's equitable tolling doctrine. Under that doctrine, three factors are considered: "1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Hatfield v. Halifax PLC,* 564 F.3d 1177, 1185 (9th Cir. 2009) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917 (1983)). As an initial matter, the Court has already rejected a similar argument, finding that the direct purchaser class actions did not equitably toll the statute of limitations for claims under Florida law. *See* Docket No.

---

[1] Defendants argue – and ViewSonic does not dispute – that because ViewSonic filed its complaint on January 20, 2012, and the IPP-CAC only tolled ViewSonic's California indirect purchaser claims for a period of one year and one month, ViewSonic needs to identify a basis for tolling its claims for an additional 10 days.

4602 [*Interbond/Brandsmart*]. Considering the relevant factors under California law, the Court likewise rejects ViewSonic's argument. First, ViewSonic does not even attempt to show that the direct purchaser class claims are substantially similar to the California indirect purchaser claims in terms of proof. Indeed concerns about differences between direct and indirect purchaser claims led this Court to bifurcate parts of the DPP and IPP class trial. *Se*e Docket No. 5518 at 1. As such, it is questionable whether the direct purchaser class action provided fair notice of the need to investigate potential indirect purchaser claims under California law. More importantly, because ViewSonic waited until January 2012 to file its indirect purchaser claims, defendants have been prejudiced in their ability to collect evidence and defend against ViewSonic's California claims, even if defendants were already investigating the direct and indirect purchaser claims of other plaintiffs.

As a result, the Court GRANTS defendants' motion to dismiss in part and ViewSonic's California law claims are limited to the defendants, products and conspiracy time periods asserted in *Hee* and *Selfridge* complaints, as well as the IPP-CAC complaint during the time resellers were included.

### B. ViewSonic's Sherman Act Standing

Defendants argue that ViewSonic does not have standing for its Sherman Act claim based on ViewSonic's indirect purchase of finished LCD products because ViewSonic has: (1) failed to adequately plead the "ownership or control" exception to the *Illinois Brick* bar; and (2) failed to allege which defendant or co-conspirator sold finished LCD products to ViewSonic. With respect to the first argument, the Court has rejected defendants' contention that the Ninth Circuit in *In re ATM Fee Antitrust Litig*., 686 F.3d 741 (9th Cir. 2012), limited the "ownership or control" exception to situations where the seller of the price-fixed goods owns/controls the direct purchaser. *See* Docket No. 7188. The Court found that the exception still covers situations where a co-conspirator owns/controls the direct purchaser and where the direct purchaser owns/controls the seller or co-conspirator. *Id*., at 5-6. As such, ViewSonic's allegations – that it purchased LCD products from defendants and co-conspirators, SAC ¶¶ 2, 17 – are sufficient to state a claim under the exception at this juncture. The Court also rejects defendants' argument that ViewSonic is required to identify with specificity who it purchased finished

4

LCD products from.  In this case, where significant evidence of the alleged conspiracy is in the public record, there is no reason to require ViewSonic to provide this information at the pleading stage.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part defendants' motion to dismiss.  Master Docket No. 7023; Docket No. 50 in C 12-0335 SI.

**IT IS SO ORDERED.**

Dated: November 28, 2012

SUSAN ILLSTON
United States District Judge

5