IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br><br>This Order Relates to:<br><br>*Best Buy et al. v. AU Optronics Corporation, et al.*, C 10-4572 SI<br><br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br><br>Case No. 10-4572 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING BEST BUY'S PRE-OCTOBER 8, 2006 CLAIMS AS TIME-BARRED AND FOR PARTIAL SUMMARY JUDGMENT OF BEST BUY'S FAILURE TO MITIGATE DAMAGES; GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendants' motion for partial summary judgment dismissing Best Buy's pre-October 8, 2006 claims as time-barred and for partial summary judgment of Best Buy's failure to mitigate damages is scheduled for a hearing on December 14, 2012. Best Buy's motion for leave to file second amended complaint is also scheduled for a hearing on the same day. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and VACATES the hearing on these motions. For the reasons set forth in this order, defendants' motion is DENIED and plaintiff's motion is GRANTED. Docket Nos. 6174, 6379 and 6924.

## DISCUSSION

**I.   Defendants' motion for summary judgment**

Best Buy filed its complaint in this case on October 8, 2010. Defendants contend that Best Buy's

claims relating to conduct occurring before October 8, 2006 are barred by the applicable four-year statute of limitations because the evidence shows that Best Buy had knowledge of the facts underlying its claims as early as May 15, 2003.[1] Defendants rely on a May 15, 2003 e-mail from Best Buy Merchandising Director Kevin Winneroski to other Best Buy employees and employees of Toshiba America Information Systems ("TAIS"), an entity that sold notebook computers containing LCD panels to Best Buy. The e-mail described a meeting of the same day between Mr. Winneroski and several TAIS employees, and it states *inter alia*, "Panels are a spotty issue – not necessarily any real shortages, likely more an issue of the 'panel cartel' conspiring to keep supply down to drive prices up." Docket No. 6380, Ex. 1. Defendants have also submitted evidence showing that on May 28, 2003, the "panel cartel" was mentioned on an internal PowerPoint presentation to Best Buy management. *Id.* at Ex. 3; *see also id.* at Ex. 4 (March 7, 2005 e-mail from Best Buy employee to other Best Buy employees stating "cartel holding supply down to drive pricing").

To toll the statute of limitations under a theory of fraudulent concealment, Best Buy must prove that defendants "fraudulently concealed the existence of the cause of action so that [Best Buy], acting as a reasonable person, did not know of its existence." *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988). Summary judgment is appropriate "if uncontroverted evidence 'irrefutably demonstrates that a plaintiff discovered or should have discovered [the cause of action] but failed to file a timely complaint.'" *Id.* (quoting *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1417 (9th Cir. 1987)).

The Court concludes that summary judgment is not appropriate because defendants have not shown with uncontroverted evidence that Best Buy discovered or should have discovered its antitrust claims prior to October 2006. Best Buy has submitted deposition testimony of Best Buy witnesses who stated that they had no knowledge of a price-fixing conspiracy in May 2003, and that the "panel cartel" comment was considered by Best Buy to be an excuse given by TAIS for its inability to meet Best Buy's

---

[1] Best Buy has alleged that its claims relating to conduct occurring before October 8, 2006, are timely because defendants fraudulently concealed the alleged price-fixing conspiracy, and Best Buy did not discover and could not have discovered through the exercise of reasonable diligence the existence of the conspiracy until December 2006, when investigations by the DOJ and other antitrust regulators became public.

2

1 laptop demand. Best Buy asserts that the May 15, 2003 "panel cartel" comment was cut and pasted into
2 the two later documents, and that "[e]ach document is totally devoid of any facts whatsoever regarding
3 a purported cartel, as there are no references at all to any individuals, entities, places, events, documents,
4 dates and/or agreements." Docket No. 6479 at 1:4-12. Best Buy also asserts that the record
5 demonstrates that its employees took various steps to investigate component shortages and supply chain
6 problems, and that those investigations revealed nothing. On this disputed record, the Court concludes
7 that summary judgment is not appropriate.

8 Defendants separately move for summary judgment on Best Buy's claims relating to conduct
9 after October 8, 2006, on the ground that Best Buy failed to mitigate its damages. Defendants advance
10 similar arguments and authority that the Court recently found unpersuasive in denying defendants'
11 motion for partial summary judgment of Dell's failure to mitigate damages. Docket No. 7276. For the
12 reasons set forth in that order, the Court declines to hold that defendants may assert mitigation as a
13 defense to Best Buy's horizontal price-fixing claim.

## II.     Plaintiff's motion for leave to amend the complaint

Plaintiff seeks to amend the complaint to add allegations relevant to equitable tolling of the statute of limitations pursuant to *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), and government action. *See Am. Pipe*, 414 U.S. at 554 ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); 15 U.S.C. § 16(i) ("Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, . . . the running of the statute of limitations . . . shall be suspended during the pendency thereof and for one year thereafter.").

Best Buy asserts that the current first amended complaint alleges facts demonstrating that Best Buy was a member of the direct purchaser class and a class brought on behalf of indirect purchasers for resale, and that the FAC discusses at great length the DOJ's criminal investigation and proceedings. Best Buy's motion states that it previously thought the FAC's allegations were sufficient to allege equitable tolling of the statute of limitations, but that an order issued by this Court on September 26,

3

2012 "suggests that the Court requires more thorough explanations of each tolling theory in the pleadings." Docket No. 6924 at 3:12-14 (citing Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss ViewSonic Complaint, Docket No. 6852).

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served, after that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Defendants do not contend that plaintiff has engaged in bad faith, that the proposed amendments are futile, or that defendants will be prejudiced. Instead, defendants contend that plaintiff has unduly delayed in seeking to amend the complaint, and that it is improper to amend the complaint at the summary judgment stage. Defendants assert that Best Buy should have known that its tolling allegations were inadequate when the Court issued orders in January and February of 2012 dismissing tolling allegations in other cases in this MDL. See Docket Nos. 4706 (dismissing fraudulent concealment allegations for failure to allege specific acts of concealment by each individual defendant); 4867 (dismissing equitable tolling allegations and stating "going forward, plaintiffs may not rely on generalized allegations that they are entitled to tolling."). The Court accepts Best Buy's representation that it was unaware of the potential need to amend its tolling allegations until the Court's September 23, 2012 order in *ViewSonic*. In any event, under Ninth Circuit law, delay alone is an insufficient reason to deny leave to amend. The Court finds that Best Buy has shown that amendment is proper under the Rule 15 factors, and accordingly, the Court GRANTS Best Buy's motion.

## CONCLUSION

For the reasons set forth above, defendants' motion for partial summary judgment is DENIED and plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff shall file

4

a second amended complaint no later than **December 14, 2012.**

**IT IS SO ORDERED.**

Dated: December 10, 2012

SUSAN ILLSTON
United States District Judge