Richard M. Heimann (State Bar No. 63607)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:   (415) 956-1000
Facsimile:   (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:   (415) 433-9000
Facsimile:   (415) 433-9008

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. M07-1827 SI<br><br>MDL No. 1827<br><br>**[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS TOSHIBA CORPORATION; TOSHIBA MOBILE DISPLAY CO., LTD.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**<br><br>Date:   December 14, 2012<br>Time:   9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>The Honorable Susan Illston |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | |

1067539.1                                    - 1 -                      CASE NO. 07-1827 SI; MDL NO. 1827

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT OF DISMISSAL AS TO THE TOSHIBA DEFENDANTS

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement with Defendants Toshiba Corporation; Toshiba Mobile Display Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. set forth in the Settlement Agreement ("Agreement"), dated September 10, 2012, relating to the above-captioned litigation.  The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement.  Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement.  Good cause appearing therefore, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Agreement, including all members of the Class on the one hand, and Toshiba Corporation; Toshiba Mobile Display Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. (collectively, "Toshiba") on the other.

2. The definitions of terms set forth in the Agreement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Pursuant to Federal Rule of Civil Procedure 23(g), Class Counsel, previously appointed by the Court (Lieff, Cabraser, Heimann & Bernstein, LLP and Pearson, Simon, Warshaw & Penny, LLP), are appointed as Counsel for the Class.  These firms have, and will, fairly and competently represent the interests of the Class.

5. The persons/entities identified in [Amended] Direct Purchaser Class Plaintiffs' Notice of Class Member Exclusions [Dkt. No. 2384] have timely and validly requested exclusion from the Class to the extent indicated in the Notice and, therefore, are excluded accordingly.

1  Such persons/entities are not included in or bound by this Final Judgment.  Such persons/entities
2  are not entitled to any recovery from the settlement proceeds obtained through this settlement.

3      6.      The Court hereby dismisses on the merits and with prejudice the individual and
4  class claims asserted against Toshiba, with Plaintiffs and Toshiba to bear their own costs and
5  attorneys' fees except as provided for in the Agreement.

6      7.      All persons and entities who are Releasors are hereby barred and enjoined from
7  commencing, prosecuting, or continuing, either directly or indirectly, against the Toshiba
8  Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which
9  they had, have, or in the future may have, arising out of or related to any of the Released Claims
10 as defined in the Agreement.

11     8.      The Court hereby vacates and sets aside the jury's Special Verdict of July 3, 2012
12 (Dkt. No. 6061), which is null and void and without any force or effect.

13     9.      The Toshiba Releasees are hereby and forever released and discharged with
14 respect to any and all claims or causes of action which the Releasors had or have arising out of or
15 related to any of the Released Claims as defined in the Agreement.  Paragraphs 14 and 15 of the
16 Agreement are incorporated hereby as though fully set forth in this Judgment.

17    10.     The notice given to the Class of the settlement set forth in the Agreement and the
18 other matters set forth herein was the best notice practicable under the circumstances, including
19 individual notice to all members of the Class who could be identified through reasonable efforts.
20 Said notice provided due and adequate notice of those proceedings and of the matters set forth
21 therein, including the proposed settlement set forth in the Agreement, to all persons entitled to
22 such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the
23 Federal Rules of Civil Procedure and the requirements of due process.

24    11.     Without affecting the finality of this Judgment in any way, this Court hereby
25 retains continuing and exclusive jurisdiction over: (a) implementation of this settlement and any
26 distribution to class members pursuant to further orders of this Court; (b) disposition of the
27 Settlement Fund (c) hearing and determining applications by the Class Representatives for
28 representative plaintiff incentive awards, attorneys' fees, costs, expenses, including expert fees

1  and costs, and interest; (d) Toshiba until the final judgment contemplated hereby has become
2  effective and each and every act agreed to be performed by the parties all have been performed
3  pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation
4  of settlement proceeds; and (f) all parties and Releasors for the purpose of enforcing and
5  administering the Agreement and Exhibits thereto and the mutual releases and other documents
6  contemplated by, or executed in connection with, the Agreement.

7  12.  In the event that the settlement does not become effective in accordance with the
8  terms of the Agreement, then the judgment shall be rendered null and void and shall be vacated,
9  and in such event, all orders entered and releases delivered in connection herewith shall be null
10 and void and the parities shall be returned to their respective positions *ex ante.*

11 13.  The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
12 Procedure, that this Final Judgment should be entered and further finds that there is no just reason
13 for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.
14 Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

16 Dated: 12/17/2012

The Honorable Susan Illston
United States District Judge