Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
Heather T. Rankie (268002)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
*fscarpulla@zelle.com*

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
*jmalioto@aliotolaw.com*

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-MD-1827 SI<br>MDL No. 1827 |
| This Document Relates to:<br><br>Indirect-Purchaser Class Action | **INDIRECT-PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE OBJECTIONS OF KEVIN LUKE & REQUEST FOR SANCTIONS AGAINST COUNSEL JOHN PENTZ**<br><br>Hearing Date: January 25, 2013<br>Time: 9:00 a.m.<br>Courtoom: 10, 19th Floor<br><br>The Honorable Susan Illston |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 25, 2013, at 9:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Susan Illston, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Indirect-Purchaser Plaintiffs ("IPPs") will and hereby do move for entry of an order striking the objections filed on behalf of Kevin Luke due to a lack of standing; revoking the *pro hac vice* admission of Mr. Luke's purported counsel, John Pentz, for his misconduct in connection with the objections; imposing sanctions against Mr. Pentz for the IPPs' fees and costs associated with the deposition of Mr. Luke and bringing this motion; and referring this matter to the Massachusetts Office of the Bar Counsel and New Hampshire Supreme Court Attorney Discipline Office for further disciplinary proceedings against Mr. Pentz.

The motion is based upon this Notice; the following Memorandum of Points and Authorities; the accompanying Declaration of Francis O. Scarpulla; the arguments of counsel; and all records on file in this matter.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.  INTRODUCTION**

As revealed during his recent deposition, objector Kevin Luke lacks standing to object because he has no knowledge about the case, no knowledge about "his" objections, and does not know, has never met, and never discussed the case with his sole counsel of record, John Pentz. Mr. Luke fails any minimum-threshold test for standing to assert an objection.  He is being used as an empty vessel by a group of widely-discredited, ethically-compromised lawyers to pursue their usual class-action objection scheme.  The Court should strike Mr. Luke's objections due to a lack of standing.

Moreover, the Court should not countenance the misconduct of counsel Pentz, a member of the bars of Massachusetts and New Hampshire,[1] in connection with the objections.  The Court should therefore revoke the *pro hac vice* admission of counsel Pentz, impose sanctions against Mr.

---

[1]    *See* Dkt. 5520 at 1 n.1.

Pentz for the IPPs' fees and costs of deposing Mr. Luke and bringing this motion, and refer this matter to the Massachusetts Office of the Bar Counsel and New Hampshire Supreme Court Attorney Discipline Office for further disciplinary proceedings against Mr. Pentz.

## II.  BACKGROUND

### A.  Counsel Pentz Filed Objections Under Kevin Luke's Name

Kevin Luke first appeared in this action when an objection to the "Round 1" settlements was filed in his name by the "professional" or "serial" class-action objector counsel John Pentz. *See* Dkt. 5520 (filed April 17, 2012).  Counsel Pentz was the sole attorney listed in the objection. *Id*.  The IPPs and Settling States responded to Mr. Luke's objection both by showing that the objection substantively lacked merit, and by bringing to the attention of the Court the troubling pattern of conduct by counsel Pentz in many other class actions.[2] *See* Dkt. 5601.  The Court overruled Mr. Luke's objection and granted final approval to the Round 1 settlements.  Dkt. 6130.

Subsequently, counsel Pentz filed under Mr. Luke's name an objection to the Special Master's report and recommendation regarding attorneys' fees.  Dkt. 7177 (filed Nov. 19, 2012). Again, counsel Pentz was the sole attorney listed in the objection.  Though that objection stated, without citation, that "Mr. Luke reasserts his previously filed objection to the IPP class counsel's fee request," (*id*. at p. 1), in fact, no objection other than the previously-overruled Round 1 settlement objection has ever been filed by "Mr. Luke."

### B.  Mr. Luke Testified He Has Never Met Counsel Pentz, and Has No Objections

Counsel for the IPPs deposed Mr. Luke in Honolulu (his place of residence) on December 7, 2012.  The full transcript is attached as Exhibit A to the concurrently-filed declaration of Francis O. Scarpulla, and the IPPs have highlighted in the transcript the testimony relevant to this motion.

In particular, Mr. Luke testified (at 38:4 – 39:12) that he has no knowledge about any aspect of this case, and harbors no objections to any aspect of the case:

---

[2] Appendix "B" to the IPPs' and Settling States' response (reproduced here as Exhibit B to the concurrently-filed declaration of Francis O. Scarpulla) contained a summary of extensive judicial criticism, evaluation, and response to objections and appeals filed by counsel Pentz.

> Q. Okay. So do you consider yourself to be a member of the class?
> **A. Yes.**
>
> Q. And do you consider yourself to be an objector to the settlement?
> **A. I'm not sure what that means.**
>
> Q. Do you know what it means to object to a settlement?
> **A. Not really.**
>
> Q. Okay.
> **A. Yeah.**
>
> Q. Did you read any of the settlement agreements in the LCD case?
> **A. No.**
>
> Q. Do you have any understanding of the substance of the settlements in the LCD case?
> **A. No.**
>
> Q. Do you know who the settling parties are?
> **A. No.**
>
> Q. Do you know how much the case settled for?
> **A. No.**
>
> Q. Do you know if it was in the thousands of dollars?
> **A. Yes, I don't know the exact number, but, yes, I know it was quite a big sum.**
>
> Q. Okay. What caused you to object to the LCD settlement?
> **A. Honestly, I don't -- I don't know. I was -- you know, again, I was basically just going along with --**
>
> Q. With what your attorney told you?
> **A. Yes.**

Mr. Luke testified (at 69:11 – 70:9) that he never saw and never authorized the November 19, 2012 objection (Dkt. 7177) filed in his name:

> MS. MANNING: Okay, we will mark the next document as Exhibit 7, and this is a November 19th, 2012, objection to report and recommendation of special master re motion for attorneys' fees and other amounts by indirect-purchaser class

3

      plaintiffs.
      Q.  (By Ms. Manning)  I will let you take a
      minute to look at this, and let me know if you have
      seen this before.
      **A.  No, I haven't seen this before.**

      Q.  Did you assist in preparing this
      document?
      **A.  No.**

      Q.  Did you review it before it was filed on
      November 19th, 2012?
      **A.  No.**

      Q.  Did you authorize Mr. Pentz to file this
      on your behalf?
      **A.  No.**

      Q.  Did you authorize Mr. Cochran to file
      this on your behalf?
      **A.  No.**

  Mr. Luke testified (at 30:17 – 31:11) that he has never met the lawyer who filed the objections made under Mr. Luke's name:

      Q.  Do you consider Mr. Pentz to be your
      attorney?
      **A.  As far as I know, I have just been in
      contact with Mr. Cochran.  I have heard John's name
      mentioned before, but I have been mainly just in
      direct contact with Mr. Cochran.**

      Q.  Okay.  What is the nature of their
      business relationship, if you know?  Are they law
      partners?
      **A.  I'm not sure.**

      Q.  Okay.  Where does Mr. Cochran maintain
      his law practice?
      **A.  Oh, Cleveland.**

      Q.  Do you know where Mr. Pentz maintains
      his law practice?
      **A.  No.**

      Q.  Have you had any conversations with Mr.
      Pentz?
      **A.  No, I have never -- I have never talked
      to him before.  I have only talked with Ed.**

  Mr. Luke testified that he was contacted and asked to object by counsel Ed Cochran:

> Q. And, Mr. Luke, do you have an understanding of why you are here today?
> **A. Yes.**
>
> Q. And what is that understanding?
> **A. I am a witness in this case. I honestly don't know a lot. Basically, I just know I was called, I got a phone call a while back from Ed Cochran asking me if I had bought a computer or a flat screen tv in a given period of time, and I did, and he basically just said he would be in touch, and he would send me paperwork, and that's pretty much been the extent of my role in what's been happening here.**
>
> Q. Okay, and who is Ed Cochran?
> **A. He is an attorney in Cleveland.**
> (6:11-25)
>
> [. . .]
>
> Q. Okay. So is it your understanding that you are represented by Mr. Cochran in this matter?
> **A. Yes.**
> (6:15-17)
>
> [. . . ]
>
> Q. What is your understanding of Mr. Cochran's role as representing you in the LCD case? What did you hire him for?
> **A. I think it's just, you know, it's really as simple as him making the phone calls to me, and I was just going along, you know, again, because I knew that, you know, I fulfilled the criteria that he was looking for.**
> (39:17-24)

Counsel Ed Cochran has not appeared in this case, and has never been listed on any of the filings associated with Mr. Luke.[3] Counsel Ed Cochran is a "professional" or "serial" class action objector counsel who routinely represents objectors challenging class action settlements by filing canned, unhelpful objections with the end goal of receiving a payoff in exchange for withdrawing objections or dismissing related appeals. A brief summary of some of counsel Ed Cochran's previous class action objections is attached as Exhibit C to the Scarpulla declaration.

---

[3] The IPPs understand that Mr. Ed Cochran is the brother of Mr. George Cochran, himself a "serial" or "professional" class action objector counsel who has appeared in this action. *See* Dkt. 5497. Mr. Ed Cochran is also believed to be the sister of objector Barbara Cochran, who was listed with Kevin Luke as an objector in the Round 1 objection filed by Mr. Pentz. *See* Dkt. 5520.

### III. ARGUMENT

#### A. The Court Should Strike Mr. Luke's Objections

Mr. Luke's testimony confirms that he has no good-faith objections, and that he is completely unaware that counsel Pentz – whom Mr. Luke never met before his deposition – has made filings under Mr. Luke's name. The objections associated with Mr. Luke's name are not legitimate, and therefore the Court should strike them.

As a matter of Constitutional standing under Article III, Mr. Luke does not claim to have suffered any injury as a result of the settlements proposed and/or attorneys' fees requested in this case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). This is not a matter of a lay person's failure to articulate legal concepts which may be properly dealt with by counsel. Instead, this is a situation where an individual who cannot identify a single problem he has with anything that has occurred in the case has had his name commandeered by a lawyer that has never met with or discussed the case with that individual. If counsel Pentz is the only person interested in this matter, then he should have pursued objections in his own name, rather than engaging in a charade with the Court. Accordingly, the Court should strike Mr. Luke's objections for lack of standing.

#### B. The Court Should Sanction Counsel Pentz

Counsel Pentz filed objections in the name of an individual whom he has never met and with whom he has no attorney-client relationship. At all times, counsel Pentz has held himself out to be the sole counsel for Mr. Luke. Whether this was part of a deliberate attempt to hide from the Court the participation of counsel Ed Cochran (himself a professional class action objector counsel with a checkered past) is immaterial. Counsel Pentz's misconduct should cause the Court to issue sanctions.[4]

Counsel Pentz's appearances before this Court have been on a *pro hac vice* basis, by operation of the Court's Pretrial Order No. 1, ¶ 9. While that order waived the requirements of Local Rule 11-3 (regarding procedure for obtaining *pro hac vice* admission), it did not abrogate

---

[4] Counsel Pentz's misleading conduct also raises serious Rule 11 issues. *See* Fed. R. Civ. P. 11(b)(1) (presentation of a paper to the Court signed by an attorney certifies that the attorney is not presenting the paper for "any improper purpose").

the Local Rule requirements for professional conduct.  Specifically, Local Rule 11-4  "Standards of Professional Conduct," requires, *inter alia*, that all attorneys appearing before the Court "[p]ractice with honesty, care, and decorum required for the fair and efficient administration of justice."  Local Rule 11-4(a)(4).  Counsel Pentz's conduct with respect to Mr. Luke's objections has been deliberately deceptive.  There is no reason why the Court should countenance such behavior.  Therefore, the IPPs respectfully request that the Court revoke counsel Pentz's *pro hac vice* admission.

Counsel Pentz's misconduct would have remained undisclosed to the Court absent the extensive efforts of the IPPs to obtain discovery.  Having demonstrated that Mr. Luke's objections are the product of misconduct by counsel Pentz which violated the Local Rules, the Court should exercise its inherent powers to impose sanctions against counsel Pentz for the fees and costs of the IPPs in taking the deposition of Mr. Luke in Honolulu and bringing this motion.  *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to … ensure obedience to their orders.").  The IPPs have incurred over $10,000 in attorneys' fees and costs in connection with Mr. Luke's deposition and this motion.  Scarpulla Decl. ¶ 5.  The IPPs respectfully request that the Court order counsel Pentz to pay the IPPs' fees and costs (to be documented in additional detail as directed by the Court) for the deposition and this motion.

Finally, because of the seriousness of counsel Pentz's misleading conduct, the IPPs respectfully request that the Court censure Mr. Pentz and refer this matter to the Massachusetts Office of the Bar Counsel and New Hampshire Supreme Court Attorney Discipline Office for further disciplinary proceedings against Mr. Pentz.[5]

### IV.  CONCLUSION

For the foregoing reasons, the IPPs respectfully request that the Court strike the objections filed on behalf of Kevin Luke due to a lack of standing; revoke the *pro hac vice* admission of Mr.

---

[5] The Office of Bar Counsel, established by the Supreme Judicial Court of Massachusetts, investigates, evaluates, and prosecutes complaints against lawyers.  *See* www.mass.gov/obcbbo/obc.htm.  The New Hampshire Supreme Court Attorney Discipline Office performs the same function.  *See* http://www.nhattyreg.org/.

1  Luke's purported counsel, John Pentz, for his misconduct in connection with the objections;

2  impose sanctions against Mr. Pentz for the IPPs' fees and costs associated with the deposition of

3  Mr. Luke and bringing this motion; and refer this matter to the Massachusetts Office of the Bar

4  Counsel and New Hampshire Supreme Court Attorney Discipline Office for further disciplinary

5  proceedings against Mr. Pentz.

7  Dated: December 21, 2012                    ZELLE HOFMANN VOELBEL & MASON LLP

9                                              By: */s/ Francis O. Scarpulla*

10                                                    Francis O. Scarpulla

11                                              Francis O. Scarpulla (41059)
                                                Craig C. Corbitt (83251)
12                                              Judith A. Zahid (215418)
                                                Patrick B. Clayton (240191)
13                                              Qianwei Fu (242669)
                                                Heather T. Rankie (268002)
14                                              ZELLE HOFMANN VOELBEL & MASON LLP
                                                44 Montgomery Street, Suite 3400
15                                              San Francisco, CA  94104
                                                Telephone:  (415) 693-0700
16                                              Facsimile:   (415) 693-0770
                                                *fscarpulla@zelle.com*
17

18                                              Joseph M. Alioto (42680)
                                                Theresa D. Moore (99978)
19                                              ALIOTO LAW FIRM
                                                225 Bush Street, 16th Floor
20                                              San Francisco, CA 94104
                                                Telephone:  (415) 434-8900
21                                              Facsimile:   (415) 434-9200
                                                *jmalioto@aliotolaw.com*
22
                                                *Co-Lead Class Counsel for Indirect-Purchaser*
23                                              *Plaintiffs*

26  3241736v2

8

IPPS' MOTION TO STRIKE KEVIN LUKE OBJECTIONS; REQUEST FOR SANCTIONS
– CASE NO. 3:07-MD-1827 SI