# EXHIBIT B

# APPENDIX B
## Judicial Criticism, Evaluation, and Response to Objections and Appeals by John Pentz

| Case | Client(s) | Notes |
|---|---|---|
| *In re Charles Schwab Corporation Securities Litig.*, No. C 08–01510 WHA, 2011 WL 633308 (N.D. Cal. Feb. 11, 2011) | Gary Benson | Pentz filed a motion to intervene on behalf of Benson. The court denied the objection "[b]ecause Mr. Benson is not entitled to intervention as of right or permissive intervention." <br><br>**Key Excerpts from Opinion:** <br>Instead of requesting and receiving the exclusion that he sought, however, Mr. Benson has now chosen to remain a class member, to object to the settlement, and to move to intervene. Once in as a party, he would seek to be appointed to lead a class of Section 17200 claimants outside of California. This would undo the existing settlement and take us back to square one. Mr. Benson is now represented by Attorney John Pentz of Massachusetts, who, according to class counsel's opposition to the instant motion, is a "serial objector." Class counsel argue that Attorney Pentz has been "shameless in his quest to extort settlement fees" from parties to meritorious class settlements, and that he has now taken hold of class member Benson and used him to do the same here (Opp.3). Class counsel cite at least 33 cases in which Pentz has been an objector or objector counsel, some courts having called Pentz out as a serial objector, and also describe how he "stalks settlements in which Hagens Berman is class counsel" (Opp.6–8). … <br><br>This intervention would not be in the best interests of the class but rather would only be in Attorney Pentz's best interest. The class will be much better served by obtaining the class settlement—now—rather than by the scenario Attorney Pentz wants, which is to torpedo the settlement and start anew. Permissive intervention is not warranted. |
| *Dewey v. Volkswagen of America*, 728 F. Supp. 2d 546 (D.N.J. 2010) | David T. Murray; James E. Pentz | Nine counsel filed objections, including Pentz. Final approval of settlement was granted along with $9.2 million in attorneys' fees. <br><br>**Key Excerpts from Opinion:** <br>[N]one of the objections "presented sufficient basis for this Court to reject or modify the Settlement presently before the Court." *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 475 (D.N.J. 2008) (approving |

| Case | Client(s) | Notes |
|---|---|---|
| | | settlement over nine objections raised by well over two million class members). … |
| | | Plaintiffs note that several of these attorneys have been described as "professional objectors" and their positions have not always been well-received (Dewey, Docket Entry No. 213 at 35-37.) While "federal courts are increasingly weary of professional objectors," *O'Keefe v. Mercedes-Benz U.S., LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003) (citation omitted), the Court has considered all objections, including those not timely filed, and finds none warrant rejection of the settlement. … |
| | | *See Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005) (faulting Pentz for failing to articulate his client's argument and putting forth "conclusory assertions" in his client's written objection) … *In re Initial Public Offering Sec. Litig.*, 671 F. Supp. 2d 467, 497 n.219 (S.D.N.Y. 2009) (noting that Pentz has been criticized by other courts for submitting "canned objections"); … *In re AOL Time Warner ERISA Litig.*, Civ. No. 02-8853, 2007 U.S. Dist. LEXIS 99769, 2007 WL 4225486, at \*3 (S.D.N.Y. Nov. 28, 2007) (calling Pentz and Tsai's arguments "counterproductive" and "irrelevant or simply incorrect"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 386 (D. Md. 2006) (noting that Pentz is a professional objector who "attached himself" to a plaintiff and holding that his objection was "not well reasoned and was not helpful") … |
| *In re Initial Public Offering Securities Litig.*, 721 F. Supp. 2d 210 (S.D.N.Y. 2010) | Jackie Pio; David Murray | Pentz and four other attorneys represented objectors. This order granted plaintiffs' motion for a $25,000 Rule 7 bond against the objectors. **Key Excerpts from Opinion:** [T]here is evidence of bad faith or vexatious conduct by the Objectors. Other courts have found that counsel for the Pentz, Siegel, and Weinstein Objectors are serial objectors and have required them to post bonds in other actions. … [fn: *See, e.g., In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 06 Civ. 225, 2010 U.S. Dist. LEXIS 21466, 2010 WL 786513, |

2
Appendix B - Judicial Criticism, Evaluation, and Response to Objections and Appeals by John Pentz

| Case | Client(s) | Notes |
|---|---|---|
| | | at *1 (D. Nev. Mar. 8, 2010) (ordering objectors Pentz and Siegel who appealed the final approval of a class action settlement to post a *Rule 7* bond) …] *[Note: Reversed by 9th Circuit]* <br><br>Lending further support to the conclusion that, at least, Greene, Siegel, Pentz, and Weinstein are appealing the October 5 Opinion and Order in bad faith is their outright refusal to comply with this Court's Orders. In connection with plaintiffs' motion, this Court ordered the Objectors' attorneys -- over their objection -- to provide responses to four specific questions. These questions sought to determine if any of the Objectors' counsel have a pattern or practice of objecting to class action settlements for the purpose of securing a settlement from class counsel. Only Bechtold and Hayes responded. Greene, Siegel, Pentz, and Weinstein argued that the requests are "not proper" and "did not merit a response." Such conduct is sanctionable under *Rule 37 of the Federal Rules of Civil Procedure*. Therefore, an adverse inference may be drawn against the Greene, Siegel, Pentz, and Weinstein Objector groups. I note, however, that there is sufficient evidence to conclude that the Siegel, Pentz, and Weinstein Objectors groups are represented by serial objectors and that all four Objector groups have engaged in bad faith and vexatious conduct even without drawing a negative inference [footnotes omitted]. <br><br>Based on the factors considered above, a *Rule 7* bond is warranted. I concur with the numerous courts that have recognized that professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients.[37] Thus, the Objectors are required to file an appeal bond sufficient to secure payment of costs on appeal. <br><br>[37] *See, e.g., Barnes v. FleetBoston*, No. 01 Civ. 10395, 2006 U.S. Dist. LEXIS 71072, at *3 (D. Mass. Aug. 22, 2006) ("Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal)."); *O'Keefe v. Mercedes-Benz United States, LLC*, 214 |

| Case | Client(s) | Notes |
|---|---|---|
| | | F.R.D. 266, 295 n.26 (E.D. Pa. 2003) ("Federal courts are increasingly weary of professional objectors: some of the objections were obviously canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests.") (citation omitted). … <br><br>For the foregoing reasons, plaintiffs' motion for a *Rule 7* bond is granted. The Objectors are ordered to post a $25,000 bond for which all Objectors are jointly and severally liable. |
| *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231 (E.D.N.Y. 2010) | Jeffrey Kessinger | Pentz appeared at the fairness hearing. The court granted plaintiffs' motion for approval of settlement and for fees in its entirety. <br><br>**Key Excerpts from Opinion:** <br>The Court has considered all of the objections submitted by the 24 objecting class members and finds them to be without merit. … <br><br>The Pentz objector argues, without any citation to authority, that the court should analyze class counsel's fee request under the lodestar method because the benefit to the class is non-monetary and class counsel's fee is not to be drawn from a common fund. As the Court has found the requested fee reasonable under both the percentage and lodestar methods, the Court need not decide this issue. In addition, the Siegel objectors argue, without any citation to authority, that a lodestar multiplier of 3.3 is excessive and that any multiplier in excess of 2 is "subject to scrutiny." (Final Siegel Objections, at 1.) The Court rejects this broad proposition and, having considered the requested fee in this case in light of the *Goldberger* factors, concludes that the fee is reasonable. |
| *In re Air Cargo Shipping Services Antitrust Litig.*, No. 09-4813, slip op. (2d Cir. April 6, 2010) | Brickman Concerts, Inc.; I.O.D. Group LLC | The Second Circuit granted plaintiffs' motion to dismiss Pentz's appeal. <br><br>**Key Excerpts from Opinion:** <br>[T]he Appellants did not file a claim to a portion of the settlement fund [and thus] lack standing to challenge the fund's distribution. |
| *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2010 | David T. Murray; Marion R. Murray; Joel | Counsel for objectors/appellants included Pentz. In granting plaintiffs' request for an appeal bond, the court ordered a total of nine groups of |

| Case | Client(s) | Notes |
|---|---|---|
| WL 1253741 (S.D.N.Y. March 5, 2010) | Shapiro | appellants to jointly pay $50,000. The opinion did not single out for criticism any of the counsel for objectors/appellants. |
| *In re Metlife Demutualization Litig.*, 689 F. Supp. 2d 297 (E.D.N.Y. 2010) | John Pentz, Jr. (Pentz's father); Thomas Bell | Settlement and fees approved.<br><br>**Key Excerpts from Opinion:**<br>[In the transcript of the fairness hearing,] a possible conflict between Mr. Bell and Mr. Pentz was noted. … Counsel was permitted to proceed for purposes of this argument only, based upon counsel's conclusion that no conflict existed that would prevent him from representing both Mr. Bell and Mr. Pentz. |
| *Simonet v. GlaxoSmithKline*, No. 06-1230 (GAG/CVR), 2009 U.S. Dist. LEXIS 82508 (D.P.R. Sept. 10, 2009) | Estate of Keith Allen | Counsel for various objectors included Pentz. An initial order (2009 U.S. Dist. LEXIS 80871, Sept. 4, 2009) approved the settlement and awarded fees; the opinion quoted here was a *nunc pro tunc* findings of fact and conclusions of law.<br><br>**Key Excerpts from Opinion:**<br>There were minimal objections to the terms of the settlement, all filed by consumers or alleged representatives of consumers. *The Court has considered these objections and finds they are unfounded, result from misunderstanding of the terms of the settlement, and lack merit* to overcome the presumption of reasonableness that was the result of arms-length negotiations between the parties, coupled with the overwhelming, nearly unanimous support for the settlement demonstrated by the absence of any other objections, and the small number of exclusion requests. (Emphasis added.) |
| *Ouellette v. Wal-Mart Stores, Inc.*, No. 67-01-CA-326, slip op. (Fla. Cir. Ct., Wash. Cty., Aug. 21, 2009) | Gary Williamson; John Buck | Pentz represented two of the eight attorney-backed objectors.<br><br>**Key Excerpts from Opinion:**<br>The Court finds that all of the objections filed against the settlement of this case were all generic boilerplate objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients.<br><br>The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of |

5
Appendix B - Judicial Criticism, Evaluation, and Response to Objections and Appeals by John Pentz

| Case | Client(s) | Notes |
|---|---|---|
| | | involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel. The court struck the objections … for failure of proof, failure to demonstrate participation in the class action on behalf of the class, and failure to appear at the fairness hearing. Further, the Court finds that all of the objections … have no substantive merit and the court overrules all of the objections on that additional ground. |
| *Park v. Thomson Corp.,* No. 05 Civ. 2931 (WHP), 2008 U.S. Dist. LEXIS 84551 (S.D.N.Y. Oct 22, 2008); *Park v. Thomson Corp.*, 633 F. Supp. 2d 8 (S.D.N.Y. 2009) | George Schneider; Jonathan M. Slomba; James Puntumapanitch | The earlier of these two rulings granted final approval and fees, and overruled the objections of five objectors, including Pentz's clients. Pentz's subsequent motion for attorneys' fees and expenses was denied in the later order.<br><br>**Key Excerpts from Opinion:**<br>Pentz's billing summary reveals some time entries that are excessive or amount to block billing. …<br><br>Therefore, a 20% reduction in Pentz's lodestar is warranted. …<br><br>Pentz seeks a multiplier of 1.5. … In granting final approval of the Amended Settlement and class counsel's motion for attorneys' fees, this Court awarded class counsel a 1.5 multiplier. That multiplier was based, *inter alia*, on class counsel's involvement with this action since filing the complaint in March 2005 and the significant risks attendant to the litigation. However, Pentz did not appear in this action until three years later and the time that he devoted to this matter spanned a far shorter interval. Therefore, this Court will not apply a multiplier to Pentz's lodestar. …<br><br>Both Pentz and Weinstein seek an "Incentive Award" of $2,500 for each objector. "The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911 (HB), 2005 U.S. Dist. LEXIS 7961, 2005 WL 1041134, at *3 (S.D.N.Y. May 5, 2005).<br><br>The Objectors argue they are entitled to an award because they faced the |

| Case | Client(s) | Notes |
|---|---|---|
| | | risk of a Rule 11 sanctions motion threatened by Plaintiffs' counsel. As previously noted, that motion was never filed. In addition, Rule 11 sanctions are a risk borne by all litigants. Accordingly, the requests for an "Incentive Award" are denied. |
| *Lockwood v. Certegy Check Servs., Inc.*, No. 07-1434, slip op. (M.D. Fla. Aug. 18, 2008) | Joel Shapiro | Objection filed August 4, 2008; withdrawn August 19, 2008, after the court on August 18 denied Pentz's motion for a protective order to prevent the deposition of Shapiro from going forward. |
| *In re AOL Time Warner ERISA Litigation*, No. _____, 2007 WL 4225486 (S.D.N.Y. Nov. 28, 2007) | | After the settlement was approved and fees awarded, Pentz (along with Stephen Tsai) filed a motion for fees, which was denied here.<br><br>**Key Excerpts from Opinion:**<br>*[T]he Objection [by Pentz] contained arguments counterproductive to the resolution of the litigation. In this case, the Objection contained several arguments that were irrelevant or simply incorrect. … Because these arguments clouded rather than sharpened the issues, Objectors' Counsel are not entitled to compensation for making them. …* (Emphasis added.) |
| *Azizian v. Federated Dept. Stores, Inc.*, No. C-03-3359 SBA, 2006 WL 4037549 (N.D. Cal. Sept. 29, 2006) | Hannah Feldman (Pentz's wife) | Pentz was part of a large group of coordinated objectors. The objections were overruled and the settlement approved. The court awarded coordinated objectors' attorneys' expenses, but denied award of attorneys' fees. Coordinated Objectors' Amended Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's Petition for Attorney's Fees and Expenses was denied.<br><br>**Key Excerpts from Opinion:**<br>The Court concurs with the Special Master's assessment that *the Coordinated Objectors have "vastly overstated the role they played in this case."* …<br><br>*The Court is aware of no issue of significance of the Coordinated Objectors['] creation. To the contrary, the record supports the Special Master's conclusion that their role was one of confirmation not origination.* (Emphasis added.) |
| *In re Royal Ahold N.V. Securities & Erisa Litig.*, 461 F. Supp. 2d 383 (D. | Linda M. Tsai | Besides Pentz's client, one other objector is mentioned in the opinion. The court awarded a fee of 12% of the settlement fund, somewhat less |

7
Appendix B - Judicial Criticism, Evaluation, and Response to Objections and Appeals by John Pentz

| Case | Client(s) | Notes |
|---|---|---|
| Md. 2006) | | than the requested 15%, though the objections had nothing to do with this reduction.<br><br>**Key Excerpts from Opinion:**<br>Objections to the attorneys' fees were filed by John Pentz, Esq., purportedly on behalf of plaintiff Linda Tsai… . *Pentz is a professional and generally unsuccessful objector* who apparently attached himself to Tsai; Tsai was represented by different counsel at the early stages of this litigation. Her initial objections to the settlement, filed on March 29, 2006, complained that Ahold should pay more money to all class members, but did not mention the attorneys' fee request. The later objection, filed by Pentz on May 3, 2006, complained that U.S. investors should have received a greater share of the settlement and that the attorneys' fee should be limited to the greater of 7.5% or a 2.3 multiplier of the lodestar. Pentz did not challenge the lodestar figure calculated by plaintiffs' counsel and *provided no coherent explanation for his contention that the fee is excessive. In summary, the Pentz/Tsai objection was not well reasoned and was not helpful*. (Emphasis added.) |
| *Barnes v. FleetBoston Financial Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) | Nancy Feldman (Pentz's mother-in-law) | After the court overruled the objections and approved the settlement, Pentz filed an appeal on behalf of his mother-in-law. The court reviewed the objections Pentz raised in assessing whether his grounds for appeal were frivolous, and noted that Pentz raised the same challenge of computation of attorneys' fees on a "percentage-of-fund" method in *In re Relafen,* Case No. 01-12239 (D. Mass.), and his objection had been rejected. Pentz also argued that the court should apply a subsequent Massachusetts Supreme Court decision retroactively to the distribution of *cy pres* award to the class members. The court found the argument "extraordinary" and lacking precedent, and required Pentz's mother-in-law to post a bond for appeal. The appeal was voluntarily dismissed.<br><br>**Key Excerpts from Opinion:**<br>Feldman and her attorney, John Pentz (who is also her son-in-law) are professional objectors, not unlike the plaintiff in *Skolnick*, whom the First Circuit described as a "litigious pro se who has filed numerous lawsuits in state court." … |

| Case | Client(s) | Notes |
|------|-----------|-------|
| | | *Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax which has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.* (Emphasis added.) |
| *Beasley v. Prudential General Life Ins. Co.*, CV-2005-58-1, slip op. (Ark. Cir. Ct., Miller Cty., June 9, 2006) | Thomas Bell; Marilyn Bell | This opinion granted plaintiffs' motion to strike the objection of Pentz's clients.<br><br>**Key Excerpts from Opinion:**<br>Objectors retained John K. [sic] Pentz, an attorney whose practice appears devoted to filing objections to class action settlements. Pentz "appears to be a repeat objector in class action cases," which is sometimes referred to as a professional objector." *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, 2003 U.S. Dist. LEXIS 25788, n.3 (D. Maine October 7, 2003) (trial judge imposed appeal bound [sic] because Pentz' appeal appeared to be frivolous). The same federal district court noted that "Attorney Pentz representing Feldman filed a groundless objection." *Id.* At no time has Pentz disclosed to this Court that a federal district court determined that he "appears to be a repeat objector in class actions" and that he "filed a groundless objection." …<br><br>*Pentz is an attorney who appears to specialize in filing objections to class action settlements in state and federal court venues across the country. Attorneys who repeatedly file objections to class action settlements, for example by using family members as objectors as Pentz has done, are sometimes referred to as "professional objectors. In re Compact Disc Minimum Advertised Price Antitrust Litigation*, 2003 U.S. Dist. LEXIS 25788, n.3 (D. Maine 2003); *Tenuto v. Transworld Systems, Inc.*, 2002 U.S. Dist. LEXIS 1764, *6-7 (E.D. Penn. 2002) (Pentz filed |

| Case | Client(s) | Notes |
|---|---|---|
| | | objections on behalf of his son, an attorney in his law firm, which the Court rejected). (Emphasis added.) … |
| | | [I]f John Pentz does file such a motion for admission *pro hac vice* hereafter, Pentz should be prepared to address the following: … |
| | | 5. The reasons why the Bells' Motion to Intervene stated that the Bells "spent the time between receipt of the notice and filing their Motion to Intervene … finding an attorney willing to represent them." (Motion to Intervene at 1), when Pentz previously represented the Bells in a class action filed in Beaumont, Texas. … |
| | | 7. Pentz's statement that he has "never been sanctioned or disciplined by any lawyer disciplinary agency in any jurisdiction" contained in his June 6, 2006 affidavit. |
| *Taubenfeld v. AON Corp*, 415 F.3d 597 (7th Cir. 2005) | Hannah Feldman (Pentz's wife) | Feldman (not identified as Pentz's wife in this opinion) was the lone objector to this settlement in the Northern District of Illinois. The objection was overruled and the settlement approved. Affirmed. |
| | | **Key Excerpts from Opinion:** Feldman's written objection contained conclusory allegations that 33% of the settlement fund would be a "grossly excessive" fee in light of the "very poor settlement obtained for the class," but did not address or propose a proper fee-setting methodology. … |
| | | *The objector's quarrel with the portion of lead counsel's award pertaining to reimbursement for expenses barely warrants comment. ... Moreover, this argument would have been meritless…* (Emphasis added.) |
| *In re Lucent Technologies, Inc. Securities Litig.*, 327 F. Supp. 2d 426 (D.N.J. 2004) | Edward Gordon | Gordon objected to fees sought in connection with a $563 million settlement. The objections were overruled and the fee applications granted in part and modified in part. |
| | | **Key Excerpts from Opinion:** Additionally, [Plaintiffs' expert John C.] Coffee responds directly to the objection filed by Edward Gordon, through his attorney, John J. Pentz, Esq. Gordon essentially attempts to undermine Coffee's expertise by |

| Case | Client(s) | Notes |
|---|---|---|
| | | claiming that Coffee has previously endorsed an approach different than the one he takes here: "Professor Coffee recognizes the utility of a sliding scale and the impropriety of a routine application of a 25% benchmark to large recoveries." *Coffee explains, however, that Gordon [the objector represented by Pentz] misstates and misleads by quoting selectively from one of his prior articles.* Coffee clarifies that he has never sanctioned such an approach, explaining that he advocates that courts should listen to the market and observe what percentages sophisticated parties are negotiating. According to Coffee, "What I actually argued in the column cited by Mr. Gordon is that when a market rate can be established by looking to the outcomes of recurrent negotiations between sophisticated lead plaintiffs and class counsel, it should supercede any presumptive benchmark." (Emphasis added.) |
| *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510 (D. Del. 2003) | Cophen E. Sears, III; Daniel J. Hill; Alan Shapiro | Pentz represented three objectors to this settlement. After the court approved the settlement, Pentz opposed fees for class counsel and filed his own petition for fees and incentive awards. That petition was denied, and Pentz filed a renewed petition, dropping the request for incentive awards. The court denied this request, finding no evidence of any contribution by Pentz, and approved class counsel's petition. **Key Excerpts from Opinion:** *The objector's "opposition" to Class Counsel's fee petition appears to be nothing more than an attempt to receive attorneys' fees. The objector has done nothing more than propose an unsupported, alternative fee distribution scheme, apparently attempting to take advantage of the fact that defendants have not opposed Class Counsel's request.* (Emphasis added.) |
| *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003) | Hannah Feldman (Pentz's wife) | After the court overruled the objections and approved the settlement, Pentz filed an appeal on behalf of his wife. The court required Pentz's wife to post a $35,000 bond for appeal. Pentz did not post the bond, and the appeal was voluntarily dismissed several days later. **Key Excerpts from Opinion:** *I have little difficulty, therefore, in reaching the conclusion that the appeal "might be frivolous," and that an award of sanctions on appeal is* |

11
Appendix B - Judicial Criticism, Evaluation, and Response to Objections and Appeals by John Pentz

| Case | Client(s) | Notes |
|---|---|---|
| | | "a real possibility." |
| | | [fn: *I have previously noted that Attorney Pentz representing Feldman filed a groundless objection following the fairness hearing*, Decision and Order on Notice, Settlement Proposals, Class Certifications and Attorney Fees (Docket No. 270) (June 13, 2003) at 42 n.52, and he appears to be a repeat objector in class action cases. See, e.g., *Spark v. MBNA Corp.*, 48 Fed. Appx. 385, 386 (3d Cir. 2002) (listing Mr. Pentz, from The Objectors Group, as counsel for objectors); *Tenuto v. Transworld Sys.*, 2002 U.S. Dist. LEXIS 1764, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002), at *2 (same).] (Emphasis added.) |
| *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231 (D. Del. 2002) | Alan Shapiro | Twelve groups of objectors' counsel included Pentz. The district court overruled the objections and approved the settlement. Affirmed at 391 F.3d 516 (3d Cir. 2004). **Key Excerpts from Opinion:** The Court observes that *some of these objections arise from a misunderstanding of the settlement*, with some objectors believing consumers could only recover from 18% of the settlement fund [citing Shapiro and Bruce objections.]. … Objector Shapiro's motion to strike document … and motion to require lead counsel to disclose fee arrangements … are denied. (Emphasis added.) |
| *Tenuto v. Transworld Systems*, No. 99-4228, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002) | John J. Pentz, Jr. (Pentz's father) | The objections were overruled and the settlement approved. **Key Excerpts from Opinion:** John J. Pentz, Jr. pressed two objections through his son, an attorney with The Objectors Group in Massachusetts. He states that notice of the settlement should have been provided to those who would have been in the four-year subclass had the UTPCPL claim not been withdrawn. … This would have been a fruitless but expensive gesture. After arguing that each recipient of this form letter would be entitled to statutory damages of at least $ 100 under the UTPCPL, counsel for Mr. Pentz acknowledged that he had been unaware of the Pennsylvania Supreme Court holding precluding any recovery absent proof of actual economic |

| Case | Client(s) | Notes |
|---|---|---|
| | | loss. … |
| | | Mr. Pentz also objected to the size of the settlement. In so doing, he incorrectly argued that it represents only 44% of the statutory maximum of $ 500,000. In fact, it exceeds 1% of defendant's actual net worth and thus represents or exceeds a 100% recovery. |
| *In re Disposable Contact Lens Antitrust Litig.*, MDL No. 1030, slip op. (M.D. Fla. Oct. 17, 2001) | James Pentz | Pentz filed a motion to intervene (along with several other objectors) after the court held the Fairness Hearing. The court denied the motions.<br><br>A number of objectors (not including Pentz) appealed the denial of the motions to intervene.<br><br>**Key Excerpts from Opinion:**<br>The objectors are virtually a stranger to this action, having been absent for almost all of the entire seven years of its existence. As said before, none of the counsel for the Objectors have even read the file in its entirety. The Objector's ignorance of the case will unduly prejudice the parties if the Objectors are allowed to intervene. |
| *Benacquisto v. Amer. Express*, No. 00-cv-1980, 2001 U.S. Dist. LEXIS 23914 (D. Minn. May 15, 2001) | Dr. Richard E. Morgan, Jr. | There were many objectors to this settlement, including a client of Pentz's (Pentz appeared at the fairness hearing). Objectors' Motion to Intervene was denied, and the court ordered objectors to post a $500,000 bond before any appeal could be filed.<br><br>**Key Excerpts from Related Document:**<br>In contrast to the work and results of Class Counsel, the proposed intervenors have done the bare minimum to assert themselves. … Only one of proposed intervenors' counsel – John Pentz, representing Dr. Morgan – reviewed the record thereafter, which he did two business days before the Fairness Hearing.<br><br>[From separate May 15, 2001 Findings of Fact and Conclusions of Law (slip op.).] |