IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br>_____/ | **ORDER DENYING OBJECTOR KANE-PRIDHAM'S MOTION FOR INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1** |

Now before the Court is Objector Kane-Pridham's motion for indicative ruling pursuant to Fed. R. Civ. P. 62.1. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 18, 2013. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES Kane-Pridham's motion. Master Docket No. 7244.

On July 11, 2012, the Court granted final approval to proposed settlements between the Indirect Purchaser Plaintiff ("IPP") Class and Settling States plaintiffs, and a number of defendant corporate families ("Round 1" settlements),[1] and entered judgment thereon pursuant to F.R.Civ.P. 54. A number of objectors, including Kane-Pridham, filed notices of appeal of that judgment with the Ninth Circuit, and those appeals are currently pending.

The IPP class and Settling States thereafter entered into Settlement Agreements with AUO, LG, and Toshiba ("Round 2" settlements), and the Court granted preliminary approval to these settlements on July 31, 2012. *See* Docket No. 6311. Objector Kane-Pridham filed objections to final approval of

---

[1]The Defendants in the Round 1 settlements are: Chimei, Chungwa, Epson, HannStar, Hitcachi, Samsung, and Sharp.

the Round 2 settlements, arguing that the *cy pres* provisions of the agreements were inadequate. With respect to the final approval process for these Round 2 agreements, the Court bifurcated the issues of fairness of the settlement and attorneys' fees, expenses, and awards into two separate hearings, and on November 29, 2012, the Court conducted a fairness hearing to determine whether the "Round 2" settlement agreements are fair, adequate, and reasonable. The Court will address issues related to attorneys' fees, expenses, and incentive awards at a hearing currently scheduled for January 31, 2013.

The crux of objector Kane-Pridham's assertions is that the Court improperly granted final approval to the Round 1 settlements because those settlements did not include a plan of allocation or an award of attorneys' fees, and only included vague disclosures regarding a potential *cy pres* distribution. Kane-Pridham cites a recent Ninth Circuit case, *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012), decided after the Court's July 11, 2012 judgment, as holding that "all the details of the settlement including information about the cy-pres recipient must be disclosed prior to final approval." Motion at 5. For these reasons, Kane-Pridham asserts, the Court should vacate its July 11, 2012 judgment order approving the Round 1 settlements and only approve the settlements, including both Round 1 and Round 2, after the hearings on the Round 2 settlements. She cites a jurisdictional problem, however, arguing that the Court cannot itself vacate the judgment pursuant to Rule 60(b) because she (and other objectors) filed notices of appeal with the Ninth Circuit, thereby divesting this Court of its jurisdiction to consider the Round 1 settlements. *See* Motion at 2 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ( "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). Kane-Pridham's solution to this problem comes by way of Fed. R. Civ. P. 62.1.[2] According to this rule, the Court may state that it would grant the Rule 60(b) motion vacating the judgment "if the court of appeals remands for that purpose." Motion at 6. In this regard, Kane-Pridham requests that the Court indicate it would vacate the July 11, 2012 judgment order approving the Round 1 settlements in light of *Dennis*.

---

[2] Fed.R.Civ.P. 62.1 provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Court denies Kane-Pridham's motion for an indicative ruling and finds her assertions to be wholly without merit.[3] The July 11, 2012 judgment approving the Round 1 settlements did not make any determination about a plan of allocation or award of attorneys' fees or expenses. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (defining judgment as "a decision upon a cognizable claim for relief"). To the contrary, the judgment expressly reserved these issues for later adjudication. *See* Docket No. 6130, ¶ 15 (retaining "continuing and exclusive jurisdiction" over, *inter alia*, implementation of the settlements and any distribution to class members pursuant to further orders of the Court, hearing and ruling on any matters relating to the plan of allocation of settlement proceeds, and hearing and determining applications by IPP class representatives and State Attorneys General for attorneys' fees, costs, expenses, including expert fees, and costs, and interest). Because there was no judgment on these issues, they were not appealable, and this Court retains jurisdiction to determine a fair, reasonable, and adequate plan of allocation of the settlement funds and/or to award attorneys' fees, among other issues, based on the proceeds from the Round 1 settlement proceeds. On this basis alone, Kane-Pridham's motion is denied.

Moreover, the Court disagrees with Kane-Pridham's expansive interpretation of *Dennis v. Kellogg* and finds that *Dennis* did not change the standard for evaluating whether the Round 1 settlement agreement should have been approved.[4] In *Dennis*, the Ninth Circuit set aside a class action settlement where the district court, in approving the *cy pres* components of a settlement, had neither identified the ultimate recipients of the *cy pres* awards nor set forth any limiting restriction on those recipients. *Id.* at 861. This was notable in light of the fact that the claims date had long passed, and almost $2 million would be left for *cy pres* distribution. The Ninth Circuit held that the *cy pres* distribution was an abuse

---

[3] Kane-Pridham has conceded that the Round 2 process "remedied the fatal flaws" she had identified with the Round 1 settlements, *see* Dkt. No. 7211 at 2, and her counsel repeatedly represented at the fairness hearing on November 29, 2012, that she does not object to the amount of the settlements, *see* Dkt. No. 7304 at 37. The Court finds that Kane-Pridham's filing of multiple objections was unnecessary and needlessly consumed judicial and party resources that would be better utilized to ensure fair and prompt payment to class members.

[4] Notably, *Dennis* involved a class action settlement that had been negotiated and executed prior to class certification. The Ninth Circuit emphasized that the standards governing review of *pre-certification* settlement agreements required the Court to pay special attention to any terms of the agreement that may indicate that the self-interest of the class representatives improperly the outcome of negotiations. *Id*. at 867.

3

of discretion because there was "no reasonable certainty" that any class member would benefit from it as it was "divorced from the concerns" involved in the lawsuit. *Id.* at 865-66. Additionally, the Court expressed concern over the vagueness of the valuation of the settlement fund, and the vague nature and alleged dollar value of the *cy pres* award. *Id.* at 868. Tellingly, nowhere in the opinion does the Ninth Circuit suggest, as Kane-Pridham asserts, that "all the details of the settlement"are required to be disclosed.

The Round 1 and Round 2 settlement agreements, in stark opposition to the settlement agreement in *Dennis*, are not vague about the valuation of the settlement; they each provide for a lump sum payment in U.S. currency.[5] Moreover, the Court expressly reserved issues of allocation/distribution of the settlement fund and the award of attorneys' fees, expenses, and incentive awards for adjudication at a later time, subject to separate hearings and orders. *See* Docket. No. 6130, ¶ 15.[6] As for a *cy pres* provision, no part of the plan of distribution in the Proposed Settlements involves a *cy pres* settlement. The plan aims to compensate only individual qualifying claimants with settlements, and none of it is to revert to the settling defendants. *See* Dkt. No. 7158, at 12. The only provision in the plan that would permit payment to persons other than a class member claimant is a provision that contemplates that any residual funds remaining at the close of the claims process would be subject to further distribution in the Court's discretion. *Id.* As indicated at the November 29, 2012 fairness hearing, the Court does not view this as a *cy pres* provision, and Kane-Pridham's counsel does not object to the settlement if there is no *cy pres* issue. *See* Dkt. No. 7304 at 35, 37.

The Court's decision to approve the Round 1 settlements notwithstanding issues addressing allocation/distribution of the settlement fund and the award of attorneys' fees, expenses, and incentive awards, is entirely appropriate and, indeed, promotes judicial efficiency by ensuring the prompt

---

[5] In *Dennis*, the settlement agreement provided that Kellogg would donate "$5.5 million *worth* of food." The Ninth Circuit noted "serious issues" about the alleged dollar value of the *cy pres* award, which, it stated, was an important number used to measure the appropriateness of attorneys' fees. *Dennis*, 697 F.3d at 867-68. This "deficiency" regarding the proper valuation of the settlement was a noted factor in why the Court did not approve the settlement.

[6] Kane-Pridham herself acknowledged that the objections she raised to the Round 1 settlements, which included the lack of a plan of allocation or an award of attorneys' fees, were remedied by the settlement process for the Round 2 settlements. Docket No. 7211 at 2.

4

resolution of settled claims while conserving party and judicial resources to ensure the most fair and efficient process for payout to class members.

For the foregoing reasons and for good cause shown, the Court hereby DENIES Kane-Pridham's motion for indicative ruling. Docket No. 7244.

**IT IS SO ORDERED.**

Dated: December 26, 2012

SUSAN ILLSTON
United States District Judge