IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827<br><br>Case No. C 10-1064 SI |
| This Order Relates to:<br><br>*Dell Inc. et al. v. AU Optronics Corporation, et al.*, C 10-1064 SI<br><br>/ | **ORDER DENYING PARTIES' MOTIONS TO EXCLUDE EXPERT TESTIMONY** |

The parties' motions to exclude expert testimony are scheduled for a hearing on January 11, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and VACATES the hearing on these motions. For the reasons set forth below, the Court DENIES the motions. Docket Nos. 7222, 7223, 7225, 7226, 7271 & 7320.

Dell seeks to exclude certain testimony by HannStar's experts Dennis Carlton and Edward Snyder, and HannStar seeks to exclude testimony by Dell's expert Mohan Rao. The Court concludes that the parties' arguments largely go to the weight rather than the admissibility of the proposed testimony. Dell challenges both defense experts' usage of non-Dell data in calculating overcharges to Dell and Dell's damages, while HannStar challenges Dr. Rao's usage of a subset of Dell's purchase data in calculating Dell's damages. The Court finds that the experts' decisions about what data to use can be the subject of cross-examination, but it does not render the experts' models unreliable.

Dell also seeks to exclude Dr. Carlton's opinions about the effects of the alleged cartel on sales of monitor panels to Dell. Dr. Carlton has stated that an overcharge could not be reliably measured for monitors for a variety of reasons, and that his econometric model for notebook panels is a reasonable proxy for monitor panels. Dell can challenge these determinations through cross-examination and through the testimony of Dr. Rao, who has prepared his own econometric models for monitors and notebook panels. Dell also contends that Dr. Snyder "arbitrarily" adopts Dr. Carlton's overcharges estimate, and that in doing so Dr. Snyder "improperly vouches" for Dr. Carlton. An expert is permitted to rely on the opinion of another expert. However, at trial Dell may raise specific objections to specific questions if Dell becomes concerned that Dr. Snyder is improperly vouching for Dr. Carlton's opinions.

In addition, HannStar contends that Dr. Rao incorrectly calculated Dell's damages by only calculating damages for 2001-2004, and that Dr. Rao should have included undercharges from 2005-2006 because the conspiracy is alleged to have ended in 2006. The Court previously rejected this argument in the Order Denying Defendants' Joint Motion for Partial Summary Judgment to Limit Dell's Damages Claim to Net Overcharges. Docket No. 6996. As the Court stated in that order, "To the extent defendants believe that Dr. Rao used the wrong end date for his regression analysis, defendants can challenge that determination through cross-examination and the testimony of their own economic expert, Dr. Carlton." *Id.* at 2:18-20. Finally, HannStar seeks to prevent Dr. Rao from testifying about matters reserved to the jury, such as whether the evidence shows the existence of the conspiracy. The Court denies this aspect of HannStar's motion without prejudice to raising specific objections to specific questions at trial.

**IT IS SO ORDERED.**

Dated: January 8, 2013

SUSAN ILLSTON
United States District Judge