United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ This Order Relates to: All Indirect-Purchaser Plaintiff Class Actions _____/ | No. M 07-1827 SI<br>MDL. No. 1827<br>**ORDER TO SHOW CAUSE REGARDING FINDING OF CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTORS ALISON PAUL AND LEVETA CHESSER, AND THEIR COUNSEL JOSEPH DARRELL PALMER** |

Indirect-Purchaser Plaintiffs ("IPP") have brought a renewed motion for an order to show cause re finding of civil contempt and award of sanctions against Objectors Alison Paul and Leveta Chesser, and their counsel, Joseph Darrell Palmer. The matter is scheduled for a hearing on January 11, 2013. Pursuant to Civil Local Rule 7–1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court hereby GRANTS IPP's motion for an order to show cause regarding a finding of civil contempt and award of sanctions against Paul, Chesser, and Palmer for refusing to comply with this Court's order compelling participation in discovery and DENIES the motion as to Palmer's conduct at Objector Johnny Kessel's deposition. Docket No. 7296.

On October 19, 2012, the Special Master filed an Amended Order Re: Motion of Indirect-Purchaser Plaintiffs to compel depositions and document production from Objectors Alison Paul and Johnny Kessel. *See* Docket No. 7011. Paul and Kessel then filed an objections to this Amended Order, *see* Docket No. 7096, and IPP Class counsel responded to the objections and filed a cross-motion seeking an order to show cause regarding a finding of civil contempt and an award of sanctions against

1    Alison Paul, Johnny Kessel, and their counsel, Joseph Darrell Palmer, and an order compelling the
2    deposition of Leveta Chesser, *see* Docket No. 7129.[1] The Court denied the objections and the order to
3    show cause regarding a finding of civil contempt and award of sanctions, but ordered Paul, Kessel, and
4    Chesser to appear for depositions and produce documents, and ordered Palmer to communicate and
5    cooperate with IPP counsel in scheduling the depositions. *See* Docket No. 7152. Paul and Chesser
6    failed to appear for their depositions, while Kessel, along with counsel Palmer, appeared for a deposition
7    on November 20, 2012.

8    In this renewed motion, IPPs argue that Objectors Paul and Chesser, and their counsel, Palmer,
9    have refused to comply with this Court's orders compelling their participation in discovery, and this
10   wilful disregard of the Court's orders is contemptuous and deserving of an order to show cause. They
11   assert that they incurred $1,154.11 in expenses and over $10,000 in attorneys' fees spent in trying to
12   obtain the depositions. Scarpulla Decl., at ¶¶ 4-5. They also argue that Palmer's "egregious" conduct
13   at Kessel's deposition violates the Local Rules and the Special Master's Deposition Protocol, and it
14   warrants monetary and dismissal sanctions against him and Kessel. Motion at 6-7, Reply at 2.

15   With respect to compliance with this Court's prior order, Paul, Chesser, and Palmer oppose the
16   motion on the grounds that (1) the Northern District of California lacks jurisdiction over the Objectors
17   because Paul lives in the Southern District of California, and Chesser lives in the State of Arkansas, (2)
18   the Court lacks jurisdiction during the pendency of the appeal they filed to the Ninth Circuit, (3) the
19   Special Master lacks jurisdiction over the Objectors because they did not consent to his appointment,
20   and (4) IPP counsel failed to seek permission of the Court to depose the Objectors. These arguments
21   are duplicative of objections raised in prior briefs, *see* Docket Nos. 6952 and 7096, that both the Special
22   Master and this Court considered and rejected in prior orders. *See* Docket No. 7011 and 7152. The
23   Court finds no reason to depart from its prior Order and finds that these grounds do not absolve Paul,
24   Chesser, and Palmer from their obligation to comply with this Court's order compelling their

---

[1] Leveta Chesser filed an objection to the Round 2 settlements on October 15, 2012, just a few days before the Special Master's Amended Order was filed, *see* Docket No. 6991.

2

participation in discovery.[2]

As for Palmer's conduct at Kessel's deposition, Palmer apologizes for his "choice of certain words that he used in the heat of his zealous defense of his client. . .," but maintains that he made proper objections to questions that were beyond the scope of the deposition, which is not valid ground for imposing civil contempt or other sanctions against him. Although the Court does not condone Mr. Palmer's unprofessional and inflammatory conduct at Objector Kessel's deposition, sanctions for this conduct are not warranted at this stage.

Accordingly, Objectors Alison Paul and Leveta Chesser, and their counsel Joseph Darrell Palmer, are hereby ORDERED TO SHOW CAUSE why this Court should not find them in civil contempt and sanction them (both monetary and dismissal sanctions) for their failure to comply with this Court's November 14, 2012 order compelling Alison Paul and Leveta Chesser to appear for depositions and produce documents. *See* Docket 7152. Alison Paul, Leveta Chesser, and Joseph Darrell Palmer shall file a response by **January 31, 2013**. Unless otherwise ordered by the Court, this matter shall be heard on **February 12, 2013, at 3:30pm** before the Honorable Susan Illston, San Francisco Courthouse, Courtroom 10 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

**IT IS SO ORDERED.**

Dated: January 9, 2013

SUSAN ILLSTON
United States District Judge

---

[2] With respect to the service of subpoenas, the Court notes that Paul was properly served with a subpoena, and IPP counsel attempted to serve Chesser through her counsel, Palmer, who responded in an unacceptable manner, as noted in this Court's prior order. *See* Dkt. 7129, 7152.

3