IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This order relates to:<br><br>All direct purchaser class actions<br>/ | **CORRECTED ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |

On December 14, 2012, the Court held a hearing on the direct purchaser class plaintiffs' motion for attorneys' fees, reimbursement of expenses, and incentive awards (the "Motion").[1] No objections to the Motion were filed. The Court, having considered the motion and the memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds that:

1.      The Motion seeks an award of attorney's fees of 30% of the $68,000,000 Settlement Fund by the settlement payments from the AUO and Toshiba Defendants (collectively, the "Settling Defendants"). Co-Lead Class Counsel for the Direct Purchaser Plaintiffs ("Plaintiffs") also seek an order awarding $3,090,707.76 in additional expenses incurred in connection with the prosecution of this action that were not previously requested and awarded.    Co-Lead Class Counsel seek reimbursement of only $2,554,158.66 of these funds in light of certain accounting adjustments detailed in the declaration of

---

[1] This order corrects a typographical error contained in Paragraph 11(a). The order filed on December 21, 2012 incorrectly stated that "Co-Lead Counsel may be paid 30% of $58,000,000 immediately upon entry of this Order." This order corrects this sentence to read "Co-Lead Counsel may be paid 30% of $53,000,000 immediately upon entry of this Order."

1  Liaison Counsel. Finally, the Motion seeks incentive awards of $5,000 each for the 11 court-appointed
2  class representatives. In addition, counsel for the four class representatives who testified at trial have
3  filed a letter requesting that those plaintiffs an additional incentive award of $10,000, for a total incentive
4  award of $15,000 each. At the hearing, counsel for the non-testifying class representatives requested that
5  those class representatives also receive a total incentive award of $15,000 each.

6  2.      AUO made one payment of $23,000,000 in March 2012, and will make a second payment of
7  $15,000,000 on or before January 3, 2013, pursuant to the terms of the settlement agreement between
8  AUO and Plaintiffs. Class Counsel have requested payment of only those amounts that have been
9  deposited into the Settlement Fund at this time, and will wait to take their fee on the remainder until after
10 it has been paid. That is, Class Counsel will receive 30% of $53,000,000 million at such time as the
11 motion is approved, and will receive 30% of the $15,000,000 to be paid by AUO in January 2013 after
12 it has been paid.

13 3.      The amount of attorney's fees requested is fair and reasonable under the "percentage-of-the-fund"
14 method. This is confirmed by a lodestar "cross-check," which reveals a negative multiplier of 0.86,
15 based on 46,763.90 hours of work and a collective lodestar of $23,688.289.70. Ranges much higher than
16 this have been approved by the Ninth Circuit and the courts in this District. *See, e.g., Vizcaino v.*
17 *Microsoft*, 290 F.3d 1043, 1050-1051 (9th Cir. 2002) (upholding a 28% fee award that constituted a 3.65
18 multiple of lodestar); *id.* at 1052-54 (noting district court cases in the Ninth Circuit approving multipliers
19 as high as 6.2, and citing only 3 of 24 decisions with approved multipliers below 1.4). The negative
20 multiplier cross-check serves to confirm the reasonableness of the fees requested.

21 4.      The attorneys' fees requested were entirely contingent upon success. Co-Lead Class Counsel
22 risked time and effort, including a six week jury trial against Toshiba, and advanced significant costs and
23 expenses with no ultimate guarantee of compensation. The award of 30% is warranted for reasons set
24 out in Co-Lead Class Counsel's moving papers, including but not limited to the following: the excellent
25 result obtained for the Class; the quality and quantity of work performed by all the firms representing
26 Direct Purchasers (collectively, "Plaintiffs' Counsel"), including extensive motion practice, trial
27 preparation, mediation, and trial, all involving complex and difficult issues of fact and law; the risks
28 faced throughout the litigation, which existed from the outset and continued to exist through trial; and

a reasonable lodestar "cross-check," discussed above.

5.      Given the high risks involved in this case, the effort put forth by Plaintiffs' Counsel, the level of sophistication of the work done, and the extraordinary results achieved for the Class, including the trial of this case before this Court, an upward departure from the Ninth Circuit's benchmark of 25% is justified. *See, e.g., Vizcaino*, 290 F.3d at 1047-1050; *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18-23 (C.D. Cal. June 10, 2005).

6.      Plaintiffs have received payment from one opt-out plaintiff in the amount of $200,000 for access to their experts' work product. It is possible that other opt-outs may agree to pay for use of Plaintiffs' experts' work product to use in their own cases. Class Counsel have confirmed that such payments will be added to the Settlement Fund. They will not request attorneys' fees on those amounts.

7.      Class Counsel will conduct a final accounting to address interest, administrative costs, or other accounting expenses. Any overages revealed in this final accounting shall be returned to the Settlement Fund for payment to the Class.

8.      The expenses sought, as detailed in the declaration of Liaison Counsel and accompanying declarations of Plaintiffs' Counsel, were incurred in connection with the prosecution of the litigation for the benefit of the Class, and were reasonable and necessary.

9.      The 11 class representatives are entitled to the requested incentive awards, in the amount of $5,000 each for A.M. Photo & Imaging Center, Inc., Nathan Muchnick, Inc., Omnis Computer Supplies, Inc., Orion Home Systems, LLC, Royal Data Services, Inc., Univision-Crimson Holdings, Inc., and Weber's World; and $15,000 each for Crago Corp., Texas Digital Systems, Inc., Home Technologies Bellevue, LLC, and CMP Consulting Services, Inc.. These awards recognize the risks undertaken and the work performed for the benefit of the Class, including consultation with Plaintiffs' Counsel, trial testimony, and attendance at trial by all of the class representatives at various times to ensure that at least one class representative was present at each day of trial. The Court finds it appropriate to award a higher incentive award to the four class representatives who testified at trial in recognition of their substantial contributions to this case.

10.     Therefore, upon consideration of the Motion and the accompanying declarations, and based upon all matters of record including the pleadings and papers filed in this action and oral argument given at

the hearing on this matter, the Court hereby finds that: (i) the attorneys' fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable and proper; (iii) the incentive awards requested are warranted.

11. Accordingly, it is hereby ORDERED and DECREED that:

(a) Co-Lead Class Counsel are awarded attorney's fees for distribution to Plaintiffs' Counsel in the amount of $20,400,000, equal to 30% of the $68,000,000 added to the Settlement Fund. Co-Lead Counsel may be paid 30% of $53,000,000 immediately upon entry of this Order; and may be paid 30% of the $15,000,000 to be paid by AUO on or about January 3, 2013, as soon as those funds are received without the need for any further order from this Court.

(b) Co-Lead Class Counsel are awarded $3,090,707.76 in costs and expenses, but only $2,554,158.66 of those funds will be reimbursed to Plaintiffs' Counsel, the remainder having been addressed through accounting adjustments to the litigation fund.

(c) The 11 class representatives are entitled to the requested incentive awards, in the amount of $5,000 (A.M. Photo & Imaging Center, Inc., Nathan Muchnick, Inc., Omnis Computer Supplies, Inc., Orion Home Systems, LLC, Royal Data Services, Inc., Univision-Crimson Holdings, Inc., and Weber's World) and $15,000 (for Crago Corp., Texas Digital Systems, Inc., Home Technologies Bellevue, LLC, and CMP Consulting Services, Inc.), for a total of $95,000.

(d) The attorneys' fees, reimbursement of expenses, and incentive awards shall be paid from the Settlement Fund.

(e) The attorneys' fees and expenses shall be allocated amongst Plaintiffs' Counsel by Co-Lead Class Counsel (Pearson, Simon, Warshaw & Penny, LLP; and Lieff, Cabraser, Heimann & Bernstein, LLP) in a manner which, in Co-Lead Class Counsel's good-faith judgment, accurately reflects each of such Plaintiff's Counsel's contributions to the establishment, prosecution, and resolution of this litigation.

**IT IS SO ORDERED.**

Dated: January 14, 2013

SUSAN ILLSTON
United States District Judge