IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827<br>Case Nos. C 12-02495 SI |
| This Order Relates to:<br>*Rockwell Automation, Inc. v. AU Optronics Corp., et al.,* C 12-02495 SI<br>/ | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS LG DISPLAY AMERICA, INC. AND LG DISPLAY CO., LTD.'S COUNTERCLAIMS AND STRIKE THEIR DEFENSES CONCERNING DUPLICATIVE RECOVERY** |

Now before the Court is a motion by plaintiff Rockwell Automation, Inc. to dismiss the counterclaims of defendants LG Display America, Inc. and LG Display Co., Ltd. (collectively, "LG") and to strike LG's defenses concerning duplicative recovery. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 18, 2013. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS plaintiff's motion. Docket No. 7116.

Plaintiff seeks to dismiss the counterclaims that LG has asserted to avoid so-called "duplicative recovery" and to strike LG's defenses regarding the same. Motion at 5. Plaintiff's motion largely mirrors a motion submitted by other Direct Action Plaintiffs ("DAPs"), with the exception that part of this motion involves Wisconsin law rather than the law of other states involved in the earlier motion. *See* Direct Action Plaintiff's Motion to Dismiss LG's Counterclaims and Strike their Defenses Concerning Duplicative Recovery, Docket No. 6227. In its Opposition, LG incorporates its earlier response to the motion by DAPs, continuing to assert that its counterclaims and defenses are grounded in constitutional law, and maintains that Wisconsin law supports its state law counterclaim and

affirmative defense.

As the Court has held three times before, LG has not provided a legal basis, under federal or state law, for its "violation of laws of duplicative recovery" defense or for its related counterclaims.[1] *See* Order Regarding Trial Structure, Docket No. 5518 (April 20, 2012); Order Denying LG Display America, Inc. and LG Display Co., Ltd.'s Motion for Leave to Amend, Docket No. 5795 (May 25, 2012); *see also In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1143, 1156 (N.D. Cal. 2009) ("Duplicative recovery is, in many if not all cases alleging a nationwide conspiracy with both direct and indirect purchaser classes, a necessary consequence that flows from indirect purchaser recovery.") (quoting *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d. 1072, 1089 (N.D. Cal. 2007)). The Court finds no reason to depart from its previous rulings. Accordingly, the Court GRANTS plaintiff's motion. Docket No. 7116.

**IT IS SO ORDERED.**

Dated: January 15, 2013

SUSAN ILLSTON
United States District Judge

---

[1] In its Opposition, LG acknowledges that "the Court has ruled on questions similar to those presented here." Opposition at 2, n. 1. LG presents its arguments, however, to "preserve its rights on appeal." *Id.*

2