IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

No. M 07-1827 SI
MDL. No. 1827

Case No. C 12-4114 SI

This Order Relates to:

*Best Buy Co., Inc., et al. v. Toshiba Corp.,*
C 12-4114 SI

**ORDER DENYING TOSHIBA'S MOTION TO DISMISS BEST BUY'S FIRST AMENDED COMPLAINT**

Currently before the Court is Toshiba's motion to dismiss Best Buy's First Amended Complaint. Having considered the moving papers and arguments of the parties, and for good cause appearing, the Court hereby DENIES Toshiba's motion. Docket Nos. 7285, 7286.

**BACKGROUND**

Plaintiffs Best Buy Co., Inc., *et al*[1] ("Best Buy") are retailers who purchase LCD products. Best Buy filed this action on August 3, 2012, seeking to recover damages for "an extended conspiracy . . . for the purpose and to the effect of fixing, raising, stabilizing, and maintaining prices for LCD Panels and/or products containing LCD Panels." Complaint at ¶1. On November 15, 2012, Best Buy filed a first amended complaint ("FAC"), alleging that during the conspiracy period (1996-2006), plaintiffs directly purchased LCD products from "several of the vertically integrated Defendants" including Toshiba, and indirectly purchased LCD products containing LCD panels from OEMS which purchased the LCD panels from one or more of the defendants. *See* Docket No. 7163, FAC, ¶ 18-19. As a result

---

[1] Plaintiffs are Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Best Buy.com, L.L.C., and Magnolia Hi-Fi, Inc.

of defendants' conspiracy, the complaint alleges, plaintiffs paid higher prices for LCD products than they would have paid in a competitive market. *Id*. at 3.  Plaintiffs seek relief under Section 1 of the Sherman Act as well as Minnesota's Antitrust Act. *Id*. at ¶ 351-366.  Defendants move to dismiss as time-barred Best Buy's Minnesota state law claims based on direct purchases, and to dismiss the Sherman Act claim for failure to sufficiently plead antitrust standing.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

**1.    Best Buy's Minnesota State Law Claims Based on Direct Purchases - Tolling**

Toshiba argues that Best Buy's Minnesota claims based on direct purchases are untimely. Best Buy filed suit on August 3, 2012, and asserts a number of tolling theories to support the timeliness of its claims. Toshiba argues that 3-1/2 year gap exists between December 11, 2006, when tolling pursuant to a fraudulent concealment theory expired, and May 18, 2010, when the parties entered into a contractual tolling agreement.  The parties first dispute whether the claims were tolled by the filing of

2

1 the Direct Purchaser Plaintiffs' Consolidated Class Action Complaint ("DPP-CAC") for any amount of
2 time during this gap pursuant to the holding in *American Pipe & Constr. Co. v. Utah,* 414 US 538, 553
3 (1974). While Toshiba points to *American Pipe's* limited application to subsequent actions in which
4 the same claims were asserted, Best Buy asserts that *American Pipe* tolling applies to its later-filed state
5 law claims even though the DPP-CAC did not involve those claims. The parties next dispute the
6 applicability of two Vendor Agreements. Toshiba argues that a Vendor Agreement between Best Buy
7 and Toshiba American Consumer Products, Inc. ("TACP") provides a two year limitations period for
8 Best Buy to bring a claim "of any nature relative" to the Agreement. Motion at 3; *see* Chung Decl., Exh.
9 A, at BBYLCD0000678.[2] Because Best Buy failed to file a complaint until after this limitations period
10 had passed, Toshiba argues, and did not offer a valid basis for tolling of these claims, Best Buy's
11 Minnesota state law claims are untimely. Best Buy responds that a separate Vendor Agreement between
12 Best Buy and Toshiba America Information Systems, Inc. ("TAIS"), a named party, is controlling over
13 the TACP (a non-party) Vendor Agreement, and that this TAIS agreement, which provides a three year
14 limitations period for claims arising from breach of the agreement, does not encompass antitrust claims.

15 First, the Court finds that *American Pipe* tolling does not apply to Best Buy's Minnesota law
16 claims. In previous orders, the Court addressed similar arguments and declined to interpret *American*
17 *Pipe* as allowing tolling for claims that were not asserted in the class action. *See* Dkt. No. 4602
18 (rejecting the argument that plaintiff's state law claims were tolled by the DPP-CAC, where it did not
19 include those state law claims and noting that courts have generally refused to allow tolling for claims
20 that were not asserted in the class action); Dkt. No. 4601 (concluding that only those claims expressly
21 asserted in the prior class action were tolled). A review of case law supports this conclusion. *See*
22 *Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (because "neither the Original nor the First
23 Amended Complaints stated a claim for compensation discrimination . . . the statute of limitation was
24 not tolled for that claim as it would have been for the promotion discrimination, hostile work

---

[2]Toshiba filed a request for judicial notice on November 29, 2012, requesting that the Court take judicial notice of the TACP-Best Buy Vendor Agreement. *See* Docket No. 7264. Best Buy did not oppose this request, and, in fact, supplied a copy of the separate TAIS-Best Buy Vendor Agreement in its supplemental brief. Because the Vendor Agreements are not in dispute and because Court may consider these documents in the context of a motion to dismiss, the Court will GRANT Toshiba's request, and it will take judicial notice of the TAIS-Best Buy Vendor Agreement as well.

3

1 environment, and retaliation claims properly raised"); *Crown, Cork & Seal v. Parker,* 462 U.S. 345, 354
2 (1983) (Powell, J. concurring); *In re Vertrue Marketing and Sales Practices Litig.*, 712 F. Supp. 2d 703,
3 718 (N.D. Ohio 2010) ("Since *Crown, Cork & Seal*, courts interpreting Justice Powell's concurrence
4 have held that only the claims expressly alleged in a previous federal lawsuit are subject to tolling").[3]
5 Best Buy cites a number of cases to support its tolling theory, but the cases are either inapposite, or they
6 conflict with the Ninth Circuit's view on the issue, as explained in *Williams*, 517 F.3d at 1136.[4]  For
7 these reasons, the Court finds that the DPP-CAC did not toll the limitations period for Best Buy's state
8 law claims based on direct purchases.  In light of the Court's conclusion, it is not necessary to reach the
9 issue of whether Minnesota law applies *American Pipe* tolling in the cross-jurisdictional context.

10 Next, the Court turns to the issue of the Vendor Agreements to determine whether a separate
11 limitations period arising from the Agreements applies to Best Buy's claims.  The Court finds that, for
12 the purposes of this motion, neither agreement controls over the other, and the TACP Vendor Agreement
13 applies to the purchases Best Buy made from TACP, while the TAIS Vendor Agreement applies to
14 purchases Best Buy made from TAIS.  With respect to the TACP Agreement, Best Buy concedes that
15 purchases it made from TACP are subject to the two year limitations period outlined in the Agreement,
16 but claims it did not purchase any products from TACP.  Although Toshiba relies on its "well grounded"
17 suspicion that Best Buy will claim damages based on purchases from TACP, the fact remains that Best
18 Buy's FAC does not specifically allege claims based on purchases from TACP.  Indeed, Toshiba itself
19 acknowledges this fact by identifying TAIS as the "only entity Best Buy specifically alleges that it made

---

[3] In the Court's view, Justice Powell's concurrence in *Crown, Cork & Seal Co.* did not serve to expand the reach of *American Pipe* to allow tolling of different causes of action, as Best Buy asserts. *See* 462 U.S. at 354. While noting that tolling should be allowed when a lawsuit raises claims that "concern the same evidence, memories, and witnesses as the subject matter of the original class suit," Justice Powell also advised that it was important to "make certain, however, that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit." *Id*.

[4] *See Totsi v. City of* L.A., 754 F.2d 1485, 1489 (9th Cir. 1985) (finding that the original action and plaintiff's later-filed action involved 42 U.S.C. § 1983 claims); *Me. State Ret. Sys. v. Countrywide Fin. Corp*., No. 2:10-CV-0302, 2011 WL 4389689, *5 (C.D. Cal. May 5, 2011) (concluding that defendant was on notice of a claim asserted under Section 15 of the Securities Act based on previous claims asserted under the Act); *In re Linerboard Antitrust Litigation*, 223 F.R.D. 335 (E.D. Pa. 2004); *Jenson v. Allison-Williams Co.*, 1999 WL 35133748, at *5 (S.D. Cal. Aug 23, 1999); *Cullen v. Margiott*, 811 F.2d 698 (2d Cir. 1987); *Barneby v. E.F. Hutton & Co.*., 715 F. Supp. 1512, 1528-29 (M.D. Fla. 1989).

4

purchases from..." *See* Motion at 17. Accordingly, Best Buy's Minnesota claims cannot be dismissed on this basis. As for the TAIS Agreement, the Court finds that antitrust violations are not subject to the three year limitations period, which applies to "[a]ny action for breach of the Agreement..." *See* Suppl. Martinez Decl., Exh. 1, at BBYLCD0000697. Toshiba points to a provision under the Representations and Warranties sections mandating that the Vendor comply with "all applicable laws and regulations in performing its obligations under the Agreement. . ." to argue that antitrust violations are encompassed within this clause, thereby triggering the three year limitations period. *See id.* at BBYLCD0000695. However, in context of the whole contract and the other provisions under the Representation and Warranties section of the Agreement, the Court does not interpret this provision to apply to antitrust violations as alleged in this action. Accordingly, neither limitations period identified in the Vendor Agreements applies to Best Buy's Minnesota claims based on direct purchases, and these claims are timely pursuant to the four year statute of limitations identified in the Minnesota Antitrust Act.

### 2.     **Standing for Sherman Act claims**

Toshiba argues that Best Buy has failed to allege facts sufficient to support standing under the ownership and control exception to *Illinois Brick* to pursue its "indirect" purchases, and that Best Buy must, "at a minimum, *identify* the initial sellers of the LCD Panels and allege that those sellers owned or controlled the entities from whom Best Buy purchased LCD products." Motion at 3-4. Best Buy has failed to do this, Toshiba alleges, as it only bought finished products from TAIS, and it has not alleged that TAIS was owned or controlled by a seller of LCD Panels after TSB exited the LCD Panel manufacturing market..." *Id*. at 4.

Toshiba continues to rely on an interpretation of *ATM Fee* that this Court already specifically rejected in its Order denying Toshiba's Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM Fee*. *See* Dkt. No. 7188. Contrary to Toshiba's allegations, the ownership and control exception, as explained in *ATM Fee*, is not available "only where the *initial* seller of the price-fixed good *owns or controls the direct purchaser.*" Motion at 16; *see* Dkt. No. 7188 (explaining that "ownership/control may exist if the direct purchaser owns/controls the seller/manufacturer or if a co-conspirator owns/controls the direct purchaser"). Toshiba acknowledges that this Court has

5

previously determined that a plaintiff is not required to plead that a conspiring seller owns or controls a direct purchaser to qualify for the ownership or control exception. Motion at 16; *see* Docket No. 7255. As such, Best Buy's allegations – that it purchased LCD products from defendants, including TAIS, and TSB, the parent company of TAIS, owned or controlled panel manufacturer TMD, FAC ¶¶ 27-34 – are sufficient to state a claim under the exception at this stage.

Toshiba also argues that Best Buy must identify "the manufacturers of the LCD panels contained in all of the finished products it bought from TAIS." Motion at 18. The Court has already addressed this issue in the context of Toshiba's motion for summary judgement for lack of standing under *Illinois Brick* and *ATM Fee*. *See* Docket No. 7188 (denying summary judgment with respect to the ability of plaintiffs to show that the product they purchased was manufactured by any of the co-conspirators, which was "particularly compelling based on the apparent control/ownership between various defendant entities, including their joint ventures" and "when viewed in light of the fact that defendants held an overwhelming market share during the conspiracy period.").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Toshiba's motion. Docket No. 7285, 7286.

**IT IS SO ORDERED.**

Dated: January 23, 2013

SUSAN ILLSTON
United States District Judge

6