IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION_____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br>_____/ | **ORDER DENYING IPP MOTION TO STRIKE OBJECTIONS OF KEVIN LUKE AND REQUEST FOR SANCTIONS AGAINST COUNSEL JOHN PENTZ** |

Indirect-Purchaser Plaintiffs ("IPPs") bring this motion to strike objections of Kevin Luke and request for sanctions against counsel John Pentz. The matter is scheduled for a hearing on January 25, 2013. Pursuant to Civil Local Rule 7–1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court hereby DENIES IPP's motion. Docket No. 7414.

Kevin Luke filed an objection to the Round 1 settlements on April 17, 2012, *see* Docket No. 5520, challenging, among other things, the attorney fee award. According to the Court's final approval Order, all objections to the Round 1 Settlements were overruled. *See* Docket No. 6130. Luke then filed a Motion to Alter the Judgement on July 20, 2012, *see* Docket No. 6230, which the Court denied on October 2, 2012, *see* Docket No. 6866. Luke's next objection was not filed until November 19, 2012, in response to the Special Master's Report and Recommendation Re Motions for Attorneys' Fees and Other Amounts by Indirect-Purchaser Class Plaintiffs and State Attorneys. *See* Docket No. 7127. In

this objection, Luke reasserted his previously filed objection to the IPP fee request,[1] and also added issues specific to the Special Master's findings. *See* Docket No. 7177.

In this motion, IPP counsel argue that (1) the Court should strike Luke's objections because he lacks standing to object to the fee motion and (2) the Court should sanction John Pentz, the attorney who filed the motion, because Luke did not authorize Pentz's filing of his objection. IPP counsel seek to recover over $10,000 in attorneys' fees and costs spent in obtaining Luke's deposition and bringing this motion.

First, the Court finds that Luke has standing to object to the fee request. Although Luke's claim form included some claims for LCD products purchased outside of the claims period, Luke testified that he is properly entitled to claim for two LCD products. Reply at 2, n.4; Scarpulla Decl., Exh. A at 77. The Court disagrees with IPPs' argument that Luke was not "aggrieved" because he "did not authorize the filing of his objection and could not articulate any objection to the settlement . . ." Reply at 2. Unlike the situation in *Glasser v. Volkswagen of America Inc.*, 645 F.3d 1084 (9th Cir. 2011), in this case class members' recovery is necessarily affected by the amount of attorneys' fees since attorneys' fees will be paid from a common fund. Accordingly, the Court DENIES IPP's motion to strike Luke's objection.

With respect to IPP's request for sanctions against John Pentz, the Court finds that sanctions are not warranted.[2] Although the Court is unimpressed by counsel's minimal efforts at keeping his client informed of the status of his objection, and the Court does not condone the practice of counsel filing objections on behalf of objectors without fully explaining the nature of the matters at issue, Luke appears to have authorized Ed Cochran to file the objection on his behalf. Although Cochran's name does not appear on the filing, Luke's testimony confirms that he was aware that Cochran worked with Pentz, and he indicated it was possible that Pentz was his attorney in this case. *See* Scarpulla Decl., Exh.

---

[1] IPPs argue that this reassertion is untimely, as Luke did not properly file an objection to the Round 2 Settlements by the Court-appointed deadline of October 9, 2012. *See* Reply at 1. Procedurally, Luke should have filed the reassertion of his objection before this deadline. However, in consideration of the Court's decision to review motions for attorneys' fees, expenses, and awards with the Round 2 Settlement process, the Court will consider the objection timely.

[2] The Court also denies IPP's request that the Court revoke Pentz's *pro hac vice* admission and refer him for disciplinary action.

2

A at 42. Accordingly, IPP's request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: January 23, 2013

SUSAN ILLSTON
United States District Judge