Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Angelina Alioto-Grace (SBN 206899)
Thomas P. Pier (SBN 235740)
Jamie L. Miller (SBN 271452)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: jmalioto@aliotolaw.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Class Actions; | Master File No. M07-1827 SI<br><br>MDL No. 1827<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN**<br>**(November 29, 2012, Docket #7262)**<br><br>**Judge:** Honorable Susan Illston<br>**Date:** March 8, 2013<br>**Time:** 9:00 a.m.<br>**Location:** Courtroom 10—19th Floor |

NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN

# NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN

**TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 8, 2013, at 9:00 a.m., in Courtroom 10, 19th Floor, 450 Golden Gate Ave., San Francisco, California 94102, before the Honorable Susan Illston, Joseph M. Alioto, Co-Lead Counsel for the Indirect Purchaser Plaintiffs, hereby moves this Court for an Order striking and/or dismissing the Notice of Lien filed on November 29, 2012 (Dkt. 7262). The grounds for this Motion are that:

(1) The purported judgment against me, Joseph M. Alioto, Esq., Co-Lead Counsel for the Indirect Purchaser Plaintiffs herein, was entered in a wholly unrelated matter.

(2) A Notice of Lien was filed on November 29, 2012, seeking to enforce the above-referenced judgment. The "Notice of Lien" is improper because I am not a party to this action, as required by Code of Civ. Proc. § 708.410(a). A Notice of Lien from a purported judgment entered against a non-party in an unrelated matter cannot be filed properly here.

This Motion is based upon the foregoing Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Joseph M. Alioto, and upon such further oral or written argument or evidence as may be offered at or before the hearing of this matter.

January 29, 2013                    **ALIOTO LAW FIRM**

By: */s/ Joseph M. Alioto*

Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Angelina Alioto-Grace (SBN 206899)
Thomas P. Pier (SBN 235740)
Jamie L. Miller (SBN 271452)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200

*Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JOSEPH M. ALIOTO IS NOT A "PARTY" UNDER CODE CIV. PROC. § 708.410(a)

Judgment Creditor/Assignee Alexandra Brudy has not met the requirements of Code Civ. Proc. § 708.410(a) to file a Notice of Lien, which requires that a Judgment Debtor be a "party" to the proceeding.  This is an action brought on behalf of the Indirect Purchaser Class of TFT-LCD Flat Panels against Defendants for conspiring to fix, raise, maintain, and stabilize the prices of TFT-LCD Flat Panels, resulting in overcharges to consumers who bought TVs, monitors, or notebook computers containing the Flat Panels.  I, Joseph M. Alioto, am not a party to this action and have never been a party to this action.  Instead, I was appointed Co-Lead Counsel for the Indirect Purchaser Class Plaintiffs in this case on July 13, 2007.

Code of Civ. Proc. § 708.410(a) provides that a lien may only be obtained when "a judgment creditor who has a money judgment against a judgment debtor *who is a party to a pending action"* has a cause of action or right to money or property under the judgment.  Since, indisputably, I am not a party to this action within the meaning of Code Civ. Proc. § 708.410(a), Alexandra Brudy, Judgment Creditor/Assignee's Notice of Lien was improperly filed in this matter.  [Emphasis added.]

Alexandra Brudy, Judgment Creditor/Assignee's, "Notice of Lien" requests that:

No compromise, dismissal, settlement or satisfaction of this action or proceeding or of any of Defendants' right to money or property under any judgment procured herein may be entered into by or on behalf of Defendant and he may not enforce his rights to money or property under any judgment procured in this action or proceeding, by a writ or otherwise, unless one of the following requirements is satisfied:

 1. The prior approval by order of the court in which the action or proceeding is pending has been obtained;

 2. The written consent of Ms. Brudy has been obtained or the lien has been released; or

 3. The money judgment of Ms. Brudy has been satisfied.

A copy of the Notice of Lien is attached hereto as **Exhibit 1**.  Such "Notice of Lien" asserts that "[Joseph M. Alioto has] essentially become a party to this action."  Not so.

I was purportedly named as a defendant in an unrelated matter entitled *Daniel J. Mulligan vs. Alioto & Alioto, Joseph L. Alioto, Joseph M. Alioto, and John I. Alioto* in San Francisco Superior Court, No. 907643.  The judgment attached to the Notice of Lien is dated August 28, 1991.  The Judgment Creditor now seeks to delay these multidistrict proceedings through an improperly filed of Notice of Lien on a judgment entered over two decades ago.  Failure to prosecute this judgment is reason alone to dismiss this action.  See *Jensen v. Western Pac. R. Co.,* 189 Cal.App.2d 593 (1961) ("Independently of any express authority therefor, the courts have inherent power to dismiss actions for unreasonable delay in prosecution. *Steinbauer v. Bondesen,* 125 Cal.App. 419, 423 [14 P.2d 106].)"

None of the parties in this action were parties to the unrelated action of *Daniel J. Mulligan vs. Alioto & Alioto, Joseph L. Alioto, Joseph M. Alioto, and John I. Alioto.*  None of the parties in this action are in privity with Alexandra Brudy or Daniel Mulligan.

The language of Code Civ. Proc. § 708.410(a) is clear.  It only applies to a "party" to the action.   Accordingly, the Notice of Lien should be stricken from the record and/or dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Judgment Creditor/Assignee Alexandra Brudy's Notice of Lien should and must be stricken from the record and/or dismissed with prejudice.

**ALIOTO LAW FIRM**

Dated:  January 29, 2013                         By:   */s/ Joseph M. Alioto*

Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Angelina Alioto-Grace (SBN 206899)
Thomas P. Pier (SBN 235740)
Jamie L. Miller (SBN 271452)
ALIOTO LAW FIRM
225 Bush Street, 16th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Facsimile:  (415) 434-9200

*Co-Lead Counsel for the Indirect Purchaser Plaintiffs*