LANAK & HANNA, P.C.
Craig P. Bronstein, Esq. (Bar No. 213546)
Robert J. Stroj (Bar No. 242982)
625 The City Drive South, Suite 190
Orange, CA 92868
Telephone: (714) 550-0418
Facsimile: (714) 703-1610
cpbronstein@lanak-hanna.com

Attorneys for Judgment Creditor/Assignee,
Alexandra Brudy

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-MD-1827 SI<br><br>**OPPOSITION TO MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN**<br><br>**(November 29, 2012, Docket #7262**<br><br>Judge: Honorable Susan Illston<br>Date: March 8, 2013<br>Time: 9:00 a.m.<br>Location: Courtroom 10-19th Floor |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions<br><br>*State of Missouri, et al. v. AU Optronics Corporation, et al.,*<br>Case No. 10-cv-03619 SI;<br><br>*State of Florida v. AU Optronics Corporation, et al.,*<br>Case No. 10-cv-3517 SI; and<br><br>*State of New York v. AU Optronics Corporation, et al.,*<br>Case No. | |

Lienor Alexandra Brudy hereby opposes Debtor Joseph M. Alioto's Motion to Strike and/or Dismiss (Document 7568):

///

///

///

---

{2176 16206}

1

OPPOSITION TO MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN

# I. STATEMENT OF FACTS

Joseph M. Alioto (Debtor) has ignored the judgment giving rise to the instant lien for well over twenty years. In an attempt to enforce the judgment, Ms. Brudy filed a proper lien in the instant case in November 2012. This lien is now under a procedurally improper second attack by the Debtor.

Debtor's first attempt to oppose Ms. Brudy's lien came in December 2012 with an Opposition to Notice of Lien. This barely one-page document presented three bullet-point grounds for opposing the lien. Aside from being conclusory, neither reason bore any legal relevance.

Perhaps seeing his own failure to bring any legally relevant claims in his Opposition, Debtor now attempts to improperly attack Ms. Brudy's Notice of Lien for the second time. The instant Motion to Strike and/or Dismiss brings no more than unsubstantiated arguments and is permeated with procedural flaws. For the reasons presented below, the Court should deny Debtor's Motion and recognize Ms. Brudy's lien as valid and final.

# II. DEBTOR IS A "PARTY" WITHIN THE MEANING OF CALIFORNIA CODE OF CIVIL PROCEDURE § 708.410

The applicable statute awards a lien against anyone "who is a party to a pending action or special proceeding." Cal. Civ. Proc. Code § 708.410. Debtor's interpretation of the statute to apply only to named plaintiffs and defendants is inconsistent with the purpose of the law. Under a broader reading of the statute intended by the legislature, Debtor is a "party" under Section 708.410 because he has a direct property interest in money subject to the action. Furthermore, Debtor's claim that he is not a party is utterly belied by his filing of a motion for fees on his own, rather than his clients' behalf.

///

///

///

### a. Established Case Law and the Text of the Statute Clearly Require a Broad Reading of the Term "Party" Under Section 708.410

California case law is clear that the legislature intended liberal construction of the statute. With respect to the predecessor of Section 708.410, the California Court of Appeals has expressly stated that the statute was "remedial in nature and should be liberally construed to give effect to the remedy which it authorizes." Hersch v. Boston Ins. Co., 346 P.2d 796, 799 (Cal. App. 1st Dist. 1959). The same measure applies to the current version of California's judgment enforcement law. In re Marriage of Katz, 286 Cal. Rptr. 495, 500 (Cal. App. 2d Dist. 1991) ("The same considerations of liberal construction and legislative purposes that applied to former section 688.1 . . . control judicial resolution of motions brought pursuant to section 708.470, subdivision (c).").

Moreover, the text of the statute itself indicates that Section 708.410 is not limited to named plaintiffs and defendants as Debtor improperly insinuates. The text provides that the statute applies not only to actions, but also to "special proceedings." Cal. Civ. Proc. Code § 708.410. Part 3 of the California Code of Civil Procedure lists Enforcement of Liens as a form of special proceedings. The parties ordinarily involved in lien proceedings are lien holder and debtors. Accordingly, contrary to what Debtor suggests, the term's reach is necessarily much broader than the traditional use as plaintiffs and defendants.

### b. A Person with a Direct Property Interest in a Case Is a Party under Section 708.140

Legislative commentary suggests that it is the *entitlement to money or property* that defines who is and who is not a party for the purposes of Section 708.410. In fact, the Legislative Committee comments clearly state that "a lien under this article reaches the judgment debtor's *right to money under the judgment*." Cal. Civ. Proc. Code Ann. § 708.410 (West). Accordingly, where a direct right to money under a judgment exists, the

person entitled to the payment must be considered a "party" for the purposes of Section 708.410. As indicated below, Debtor has a direct right to payment in the instant case.

### c. Debtor Has a Direct Right to Money in the Instant Case

There is no doubt that Debtor has a direct financial interest in the case. Unlike in the usual attorney's fees context, this is not a case where an award of fees goes to the client who in turn is responsible to pay his attorney. In fact, Debtor's direct right to payment is specifically set by all of the settlement agreements filed in this case. The Indirect Purchaser Plaintiffs have no say as to the amount of Debtor's fees. More importantly, they have no obligation to pay the Debtor. He will be paid directly from the escrow account in custody of the court. Moreover, Debtor, as an individual, will receive one of the largest portions of the settlement agreement—most likely higher than any of the individual Indirect Purchaser Plaintiffs. This is much unlike an ordinary fee arrangement and alone shows the direct and personal stake that Debtor has in this case.

Additionally, Debtor's own actions utterly belie his claim that he is not a party to the instant proceeding. It is a fundamental principal that "one who is not a party to a proceeding may not make a motion therein." Marshank v. Super. Ct. In and For Los Angeles County, 4 Cal. Rptr. 593, 594 (Cal. App. 2d Dist. 1960). The reverse applies with the same force. In this case, Debtor has actually submitted a motion for fees *on his own behalf*. Accordingly, Debtor's own actions defeat his claim that he is not a party to the action.

///

///

///

# III. DEBTOR'S MOTION TO STRIKE AND/OR DISMISS IS IMPROPERLY BROUGHT AND SHOULD BE DENIED

### a. Motion to Strike Is Improper and Untimely

Debtor's Motion to Strike should be denied as improper and untimely. First, Motions to Strike are properly used to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. In this case, no pleading is involved. Rule 7 limits pleadings to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) . . . a reply to an answer." Fed. R. Civ. P. 7(a)(1)–(7). Ms. Brudy's Notice of Lien does not fall into any of the listed categories. Accordingly, it is not a pleading subject to a Motion to Strike.

Even if Ms. Brudy's Notice of Lien were considered a pleading, the instant motion should be denied as untimely. Under the Federal Rules, a Motion to Strike may be "made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12. In this case, Ms. Brudy's Notice of Lien was submitted to the Court as well as the Debtor on November 29, 2012. Debtor responded to Ms. Brudy's Notice of Lien on December 31, 2012, with an Opposition to Notice of Lien. Accordingly, because Debtor's motion comes two months after being served with Ms. Brudy's Notice and weeks after Debtor actually responded to the Notice, the instant Motion to Strike cannot be viewed as timely and should be denied.

### b. Motion to Dismiss Is Improper and Untimely

Debtor's attempt to classify his motion as one to dismiss is likewise procedurally flawed. To start, the motion does not state under which Federal Rule dismissal is sought. More importantly, a motion to dismiss is not applicable to Notices of Lien. Just as a motion to strike, a motion to dismiss applies only in the context of pleadings. Specifically, a motion to dismiss is a "defense to a claim for relief in any *pleading*." Fed.

R. Civ. P. 12(b) (emphasis added). As established above, Ms. Brudy's Notice of Lien is not a pleading and a Motion to Dismiss is procedurally inapplicable to the instant case. Therefore, the Court should deny Debtor's motion.

Additionally, irrespective of all other arguments, Debtor does not bring the motion within the specified timeframe. A motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Alternatively, if a responsive pleading is not required, "an opposing party may assert *at trial* any defense to that claim." Fed. R. Civ. P. 12(b) (emphasis added). Here, if the Notice of Lien were considered a pleading, Debtor's Opposition constituted a response and barred any subsequent motions to dismiss. If Ms. Brudy's Notice did not constitute a pleading, Debtor would be able to assert his defenses "at trial," not at this particular stage in the proceedings. Accordingly, the motion should be denied as untimely.

While the above-listed grounds for denial are procedural in nature, they are valid grounds nonetheless. Debtor was not without recourse. He used his chance and opposed Ms. Brudy's Notice of Lien on December 31, 2012. Presumably seeing that his barely one-page Opposition was insufficient, Debtor now improperly pleads for a second chance at attacking the lien. Allowing Debtor, a sophisticated lawyer who praises his skill as an attorney in justifying his extraordinary fees, to disregard established procedure and permit him to get a second chance at opposing Ms. Brudy's Notice defeats the purpose of procedural deadlines. The Debtor has disregarded the law and figuratively laughed in the face of creditors for decades. Accordingly, he should be estopped from a procedurally improper and untimely second attack and the instant Motion should be denied.

///

///

///

{2176 16206}  6
OPPOSITION TO MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN

# IV. FAILURE TO PROSECUTE IS NOT PROPER GROUND FOR ATTACKING THE INSTANT NOTICE OF LIEN

Debtor incorrectly states that "[f]ailure to prosecute this judgment is reason alone to dismiss this action." Mtn. to Strike and/or Dismiss 3:5-6. This is not the first time Debtor has raised the same legally irrelevant argument. Perhaps Debtor has not read Ms. Brudy's Reply to Debtor's Opposition to Notice of Lien. If he had, and perhaps if he had read the case law Debtor cites in his own Motion, he would know that failure to prosecute applies only to a pending action. Specifically, the doctrine deals with a "delay . . . in bringing an action to trial after answer [is] filed." Steinbauer v. Bondesen, 14 P.2d 106 (Cal. App. 1st Dist. 1932). In this case, Ms. Brudy holds a valid and final judgment and is under no further obligation to prosecute.

# V. CONCLUSION

As shown above, the nature of this case and Debtor's own actions make clear that he is indeed a party within the meaning of Section 708.410. Moreover, the instant Motion is improper and untimely. The Debtor should be estopped from raising arguments he failed to bring in his Opposition to Notice of Lien. Accordingly, Debtor's motion should be denied.

Date: February 13, 2013      Respectfully Submitted,

By: /s/ Robert J. Stroj

Robert J. Stroj (Bar No. 242982)
Lanak & Hanna PC
625 The City Dr. S. #190
Orange, CA 92868
Telephone: (714) 550-0418
Facsimile: (714) 703-1610

# PROOF OF SERVICE
## In Re TFT-LCD (Flat Panel) Antitrust Litigation
## OUR FILE NO. 16206

I am employed in the County of Orange, State of California; I am over the age of eighteen (18) and not a party to this action. My business address is 625 The City Drive South, Suite 190, Orange, California 92868.

On February 13, 2013, I served the foregoing document described as **OPPOSITION TO MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN AND PROPOSED ORDER**, on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| John I. Alioto<br>Alioto & Alioto, L.P.<br>1127 Pope Street.<br>Suite 201<br>St. Helena, CA 94574 | Debtor |
| Joseph M. Alioto<br>Alioto Law Firm<br>225 Bush Street<br>Floor 15<br>San Francisco, CA 94104 | Debtor |

☒ **(Service By Mail)** I caused such envelope, with postage thereon fully prepaid, to be placed for deposit at 625 The City Drive South, Suite 190, Orange, California 92868, in the United States Postal Service. I am familiar with the regular mail collection and processing practices of Lanak & Hanna, P.C., that the mail would be deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on the above date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this Proof of Service was executed on February 13, 2013, at Orange, California.

_____
Tonya Neeley