IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>_____/<br><br>This Order Relates to:<br><br>INDIRECT-PURCHASER PLAINTIFF CLASS ACTIONS.<br><br>_____/ | No. M 07-1827 SI<br><br>MDL. No. 1827<br><br>**ORDER RE CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTORS ALISON PAUL, LEVETA CHESSER, AND THEIR COUNSEL JOSEPH DARRELL PALMER** |

On December 5, 2012, class counsel for the Indirect-Purchaser Plaintiff Class Actions ("IPPs") filed a Renewed Motion for an Order to Show Cause re Finding of Civil Contempt and Award of Sanctions against Objectors Alison Paul, Leveta Chesser, and their counsel, Joseph Darrell Palmer. The Court issued an Order to Show Cause on January 9, 2013, setting a deadline for Objectors and Palmer to respond and a hearing date of February 12, 2013. Docket No. 7465. Objectors and their counsel filed a Response on February 2, 2012, and IPP Counsel filed a Reply on February 6, 2012. Docket Nos. 7584 and 7590. A hearing was held on February 12, 2013; IPP class counsel and Palmer appeared. Having considered the parties' papers and the arguments of the parties, the Court hereby finds Alison Paul, Leveta Chesser, and Joseph Darrell Palmer in civil contempt and awards sanctions in the amount of $9,254.11.

**BACKGROUND**

Objectors Alison Paul and Johnny Kessel, unnamed class members in the Indirect-Purchaser Class Action, first filed an objection around April 13, 2012, in response to the IPP Motion for

Preliminary Approval to the Round 1 Settlements. Docket No. 5531. On April 20, 2012, IPP counsel served Paul and Kessel with deposition notices and document production demands. In response, Joseph Darrell Palmer, counsel to Paul and Kessel, sent a letter to IPP counsel explaining that he would not produce his clients for deposition without a court order. Docket No. 6885-13. The Court preliminarily approved the Round 1 Settlements on July 11, 2012, *see* Docket No. 6130, and Paul and Kessel filed a Notice of Appeal with the Ninth Circuit on August 6, 2012, *see* Docket No. 6388.

On September 6, 2012, IPP counsel served Paul with a subpoena issued from the Southern District of California, where she lives,[1] later following up with Palmer to schedule the deposition. Palmer reiterated that Paul would not appear for a deposition without a court order. Around the same time, IPP counsel requested that Palmer accept service on behalf of Kessel, since Kessel had failed to include his address on the objection, and informed Palmer that they would be seeking a court order compelling discovery participation.

In October of 2012, IPP counsel moved to compel the depositions of various objectors, including Paul and Kessel, *see* Docket No. 6884. Palmer opposed the motion, arguing that the Court lacked jurisdiction, that the objectors were not subject to the Special Master's jurisdiction, that IPP counsel sought privileged material as well as irrelevant material, and that the requests were unduly burdensome, *see* Docket No. 6952. In addition, a motion that Paul had filed in the Southern District of California, to quash the deposition subpoena served on Paul there, was transferred to this District for decision here; it was opposed by IPP counsel.

On October 18, 2012, the Special Master conducted a telephonic hearing on these issues,[2] and on October 19, 2012, issued a written order. The Special Master ordered Paul and Kessel to appear for deposition and produce documents, according to guidelines set out in the Order. Docket No. 7011. He denied the motion to quash the Paul subpoena issued by the Southern District of California. *Id*.

A few days before the Special Master issued this Order, Kessel and a new objector, Leveta

---

[1] Alison Paul is attorney Palmer's wife.

[2] Palmer did not appear for this telephonic hearing.

2

Chesser,[3] both represented by Palmer, filed new objections to the Round 2 Settlements, again failing to include their addresses on the objection. *See* Docket No. 6991.[4]

IPP counsel followed up with Palmer by phone and email to schedule the depositions of Paul and Kessel, and requested that he accept service on behalf of Chesser. Palmer responded by email, threatening to bring claims of legal malpractice against the Zelle Hoffman firm and "every firm you put on the signature pages for these subpoenas." Docket No. 7129-11. IPP counsel continued to follow up with Palmer about Chesser's deposition, and on the day of Chesser's noticed deposition, Paul and Kessel, via Palmer, filed objections to the Special Master's Order compelling their depositions, asserting the same arguments that the Special Master had specifically overruled. *See* Docket No. 7096. The next day, IPP counsel followed up with Palmer, inquiring about the depositions, to which Palmer replied, "what depositions?" IPP counsel appeared at the scheduled depositions of Paul and Kessel on the noticed date of November 5, 2012, but neither Paul nor Kessel appeared.

In response to their objections to the Special Master's Order, IPP counsel filed a (1) Response to Paul and Kessel Objections to Special Master's Order and (2) Cross-Motion for Order to Show Cause regarding finding of Civil Contempt and Award of Sanctions Against Paul, Kessel, and Palmer. Docket No. 7129. The motion also requested that the Court compel Leveta Chesser to participate in discovery on the same terms as Paul and Kessel, as set out in the Special Master's Order. On November 14, 2012, this Court issued an Order (1) denying Paul's and Kessel's objections to Special Master's Order, (2) denying the IPP's requested OSC re civil contempt and sanctions, and (3) compelling the depositions of Paul, Kessel, and Chesser by November 21, 2012. Dkt. No. 7152. Palmer was specifically "ORDERED to communicate with and cooperate with IPP counsel in scheduling these depositions." *Id*. Kessel appeared for deposition on November 20, 2102, but Paul and Chesser did not.

IPP counsel thereafter filed a Renewed Motion for Order to Show Cause re Finding Civil

---

[3]Leveta Chesser is Palmer's aunt.

[4]In its Order for Final Approval of the Round 1 Settlements, the Court overruled objections to the Round 1 Settlements. *See* Docket No. 6130, ¶ 14. Alison Paul did not file objections to the Round 2 Settlement. However, the substance of Paul's Round 1 objections involved topics that were specifically reserved for later review in the Round 2 Settlement process. *See* Docket No. 6130, ¶ 15. As to such topics (class attorneys' fees, expenses, and awards, and allocation) Paul's objections remain at issue.

3

1  Contempt and Award of Sanctions Against Paul, Chesser, and Palmer for failure to comply with the
2  Court's November 14, 2012 Order and for Palmer's unprofessional conduct at Kessel's deposition.
3  Docket No. 7296.  IPP counsel seek a civil contempt finding and award of monetary and dismissal
4  sanctions in the amount of $10,000 for attorneys' fees and $1,154.11 in costs associated with its efforts
5  in pursuing these depositions. *Id*.  Palmer filed an Opposition to the IPP's Renewed Motion raising the
6  same objections as in previous briefings and arguing that IPP counsel exceeded the scope of permissible
7  topics ordered by the Special Master at Kessel's deposition. Docket No. 7397.

8  On January 9, 2013, the issued an OSC, ordering Paul, Chesser, and Palmer to show cause why
9  the Court should not find them in civil contempt and award sanctions.  Docket. No. 7465.

## LEGAL STANDARD

Rule 37(b)(1) of the Federal Rules of Civil Procedure provides, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."[5]  Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006).  To hold an individual in civil contempt for violation of a court order, that order must be clear in its commands. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir.1989) (court order must be "specific and definite"). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the

---

[5] Although the deposition was noticed in the Southern District of California, where Paul lives, that court transferred Paul's motion to quash to the Northern District of California and held that "[a]ny determinations relating to the district court's jurisdiction pending the appeal to the Ninth Circuit should be made by the MDL court in Northern District of California."  Thus, Rule 37(b)(1), which refers to "where the discovery is taken," will still be applicable here, in the Northern District of California. *See also* 28 U.S.C. § 1407(b) (authorizing the transferee judge to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions"); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468-89 (6th Cir. 2006) ("A judge presiding over an MDL case...can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted.") (citing 28 U.S.C. § 1407(b)).

4

**United States District Court**
For the Northern District of California

[order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir.1997). The party being held in contempt must show that he or she took every reasonable step to comply with the Court's order. *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir.1976).

In fashioning civil contempt sanctions, the court has the discretion to award reasonable fees and costs as a remedial measure, regardless of whether the party that is in contempt acted wilfully. *Perry v. O'Donnell*, 759 F.2d 702, 704-705 (9th Cir.1985); *General Ins. Co., etc. v. Eastern Consol. Util, Inc.*, 126 F.3d 215, 220 (3d Cir.1997) (upholding monetary sanction of expenses and attorney's fees for non-party's failure to appear at a deposition).

**DISCUSSION**

The Court's January 9, 2013, Order required Objectors Paul and Chesser, and their counsel Palmer, to show cause why the Court should not find them in civil contempt and award sanctions. The Order set a hearing date of February 12, 2013. *See* Docket No. 7465. In their response, Objectors and Palmer argue that IPP counsel were attempting to conduct "needless depositions" of the Objectors; that Objectors and Palmer have not engaged in any sanctionable or improper conduct; and that IPP counsel have not shown any prejudice by the inability to conduct the depositions. Docket No. 7584.[6] Palmer also asserts that IPP counsel did not attempt to conduct the depositions after the Court's order compelling them on November 14, 2012. *Id*. In reply, IPP counsel rejects Palmer's arguments and informs the Court that on February 1, 2013 (the day after Palmer's response was due) Palmer called IPP counsel and asked them if they would agree to take these contempt proceedings off-calendar in exchange for the deposition of Mr. Palmer's aunt, Ms. Chesser, in Little Rock, Arkansas, at an unspecified time in the future. *See* Docket No. 7590-1, Declaration of Patrick B. Clayton, ¶ 2. IPP counsel note that Palmer further stated that his wife, Alison Paul, would not appear for deposition as ordered. *Id.* IPP Counsel rejected Palmer's offer in writing that day. *Id.*

At the hearing on February 12, 2013, Palmer argued that his wife, Ms. Paul, did not want to

---

[6]Palmer's response was due by 1/31/13 but was not filed until February 2, 2013. Palmer requested that the Court allow the late filing, offering several dramatic reasons for the late filing. *See* Dkt. No. 7584. The Court has allowed and considered the late filing, and the IPP's subsequent reply, in making its determination.

5

appear for deposition, and Mr. Palmer knew of no precedent where an attorney could be held responsible for his client's failure to attend a deposition. He also challenged IPP's service of Paul, arguing that after the motion to quash the subpoena was transferred from the Southern District of California to the Northern District of California, the date for the noticed deposition had passed, and thus, IPP counsel were required to issue a new subpoena. IPP counsel asserted its repeated attempts, in light of each objectors' failure to provide their address on their objections, to serve objectors and their requests to Palmer that he accept service on their behalf.

The Court concludes that IPP counsel have demonstrated, by clear and convincing evidence, that Objectors Paul and Chesser, and their counsel, Palmer, violated the Court's November 14, 2012 Order requiring Paul and Chesser to appear for deposition. Although Palmer asserted at the hearing that he should not be held accountable for Paul's refusal to comply with the Court Order, the Court finds this assertion disingenuous. From the time Paul was served with a deposition notice on April 20, 2012, Palmer refused to produce his client without a Court order. Once a Court order was issued requiring his clients to appear for deposition, Palmer continued to refuse to produce his clients on the same grounds he had asserted to the Special Master and to the Court and that had been repeatedly rejected. He has never asserted in any briefing that Paul did not want to appear, nor has he filed any declaration or provided any evidence that he attempted to persuade Paul to appear for deposition. In any event, the Court also ordered Palmer to affirmatively communicate and coordinate with IPP counsel to schedule the depositions. Thus, Palmer's argument that IPP counsel did not make efforts to conduct the depositions after the Order was entered is irrelevant. Palmer has failed to provide the Court with evidence that he affirmatively communicated with IPP counsel to schedule Paul and/or Chesser's deposition after the Court order. This is further supported by IPP's assertion that Palmer continued to refuse to produce Paul for deposition as recently as February 1, 2012.[7]

The Court also finds Palmer's assertion that IPP counsel were attempting to conduct "needless depositions" of Objectors without merit. This Court's Order compelling discovery participation of Paul

---

[7] Palmer's conduct could be sanctioned under the Court's inherent authority. *See* 28 U.S.C. § 1927 ("Any attorney....who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").

6

and Chesser speaks to the contrary. The November 14, 2012 Order observed and approved the Special Master's order that the scope of document requests and depositions be limited to relevant information. Palmer also asserts that IPP counsel have not been prejudiced and thus, sanctions are unwarranted. Consideration of prejudice to the movant, however, is only relevant in cases where sever sanctions such as dismissal may be awarded. *See Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The cases cited by Palmer similarly involve more severe sanctions than monetary sanctions. Although the Court could find that Palmer acted willfully, and thus award dismissal sanctions, the Court declines to strike the objections raised by Paul and Chesser. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1233 (9th Cir.2006) ([d]ismissal, the most drastic sanction, generally requires a finding that the conduct was "due to willfulness, bad faith or fault of the party," including "[d]isobedient conduct not shown to be outside the litigants's control."). As such, Palmer's argument is without merit.

Accordingly, because Paul, Chesser, and Palmer have failed to demonstrate that they took efforts to comply with the Court's order or provide sufficient justification for failing to comply with the Order, the Court hereby holds Paul, Chesser, and Palmer in civil contempt and awards monetary sanctions to compensate IPP counsel for fees incurred pursuing the depositions after the Court issued its November 14, 2013 Order. The Court will award sanctions in the amount of $9,254.11, which represents $8,100 of attorneys' fees spent attempting to secure compliance with this Court's November 14, 2012 Order plus an additional $1,154.11 in costs. *See* Docket No. 7613, Supplemental Declaration of Patrick B. Clayton, ¶ 6; Docket No. 7296–1, Scarpulla Declaration, ¶ 4.

///

///

7

The Court therefore orders as follows:

1. Pursuant to Fed. R. Civ. P. 37(b)(1), Joseph Darrell Palmer, Alison Paul, and Leveta Chesser are in civil contempt of this Court for their failure to comply with the Order filed on November 14, 2012, directing Paul and Chesser to appear for deposition and Palmer to communicate and coordinate with IPP counsel to schedule the depositions.

2. Objectors Alison Paul and Leveta Chesser, and their counsel, Joseph Darrell Palmer, are SANCTIONED in the amount of $9,254.11, jointly and severally.

3. This Order is stayed for ten days from the date of the Order to Show Cause hearing held on February 12, 2013, in order to allow contemnors to seek a stay from the Ninth Circuit Court of Appeals..

**IT IS SO ORDERED.**

Dated: February 19, 2013

SUSAN ILLSTON
United States District Judge