IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>All Indirect-Purchaser Actions<br>_____/ | **ORDER RE MOTION TO STRIKE AND/OR DISMISS NOTICE OF LIEN** |

Now before the Court is Joseph M. Alioto's Motion to Strike and/or Dismiss Notice of Lien. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for March 8, 2013. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES Alioto's motion. Master Docket No. 7568.

On November 29, 2012, Alexandra Brudy filed a Notice of Lien pursuant to Cal. Code of Civ. Proc. § 708.410 against Alioto in the amount of $345,164.69 plus per diem interest of $59.92, arising from an original August 28, 1991 judgment ("Original Judgment") for failure to compensate Daniel Mulligan for legal work he had performed.[1] Alioto filed this motion to strike and/or dismiss the lien on January 29, 2013. He argues that the Notice of Lien filed in the MDL action is improper because he is not a "party" to the action within the meaning of Cal. Code of Civ. Proc § 708.410, and the Original

---

[1] Mr. Mulligan assigned the rights from the Original Judgment to Ms. Brudy as part of divorce proceedings in December of 2005. Additionally, the Original Judgment has been renewed in court twice.

1 Judgment was entered in a wholly unrelated matter.[2] *See* Docket No. 7568. Ms. Brudy opposes the
2 motion on the grounds that Alioto is considered a party under the statute and that the motion to strike
3 and/or dismiss is procedurally improper and untimely.
4     Without determining whether the motion was improper and/or untimely, the Court concludes that
5 the Notice of Lien was not improper on the bases claimed by Alioto and denies the motion to strike
6 and/or dismiss the notice of lien. Cal. Code of Civ. Proc. § 708.410(a) provides:

> A judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien under this article, to the extent required to satisfy the judgment creditor's money judgment, on both of the following:
>
> (1) Any cause of action of such judgment debtor for money or property that is the subject of the action or proceeding.
>
> (2) The rights of such judgment debtor to money or property under any judgment subsequently procured in the action or proceeding.

Cal. Code of Civ. Proc. § 708.410(a). Although the language of the statute refers to a judgment debtor "who is a party to a pending action or special proceeding," the Ninth Circuit has interpreted the statute to apply to a judgment debtor who is not a party to the underlying action. *See Fleet Credit Corp. v. TML Bus Sales, Inc*. 65 F.3d 119, 121 (9th Cir. 1995) (explaining that the language of the statute and its legislative history lead to a determination that a judgment creditor may assert a lien where the action or proceeding establishes that the judgment debtor has an interest in money or property, even though the judgment debtor is not the plaintiff). Additionally, the statute does not require or even suggest that the underlying action be related to the Original Judgment for the judgment creditor to assert a lien. Without authority to support his contentions, Alioto's motion to strike and/or dismiss the notice of lien

---

[2] The Court declines to consider arguments raised for the first time in Alioto's reply, Docket No. 7619. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, (9th Cir. 2009) (declining to consider arguments raised in for the first time in a reply brief). Some of these arguments are duplicative of assertions Alioto raised in his Opposition to the Notice of Lien. *See* Docket No. 7425. Those arguments will be considered in a separate order, as indicated below, in n. 3.

is denied.[3]  Docket No. 7568.

**IT IS SO ORDERED.**

Dated: March 5, 2013

SUSAN ILLSTON
United States District Judge

---

[3] This Order solely resolves Alioto's Motion to Strike and/or Dismiss the Notice of Lien. *See* Docket No. 7568. Ms. Brudy's Notice of Lien and Alioto's opposition to that Notice will be considered in the forthcoming final order concerning the Indirect Purchaser Plaintiff Settlements. *See* Docket Nos. 7262, 7425, and 7527.

3