IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>All Indirect-Purchaser Plaintiff Class Actions / | **ORDER DENYING MOTION FOR CLARIFICATION AND/OR MODIFICATION OF PRIOR ORDERS** |

Objectors Alison Paul and Leveta Chesser, and their counsel Joseph Darrell Palmer, filed a "Motion for Clarification and/or Modification of Court's Order (Docket No. 7618) and Stay of Court's Order" on March 4, 2013. The moving parties neither sought nor obtained leave to court to file the motion. The matter is scheduled for a hearing on April 19, 2013. Pursuant to Civil Local Rule 7–1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court hereby DENIES the motion. Docket No. 7628.

Objectors and Palmer "seek clarification and modification of the Order finding them in civil contempt" on the basis that the Court, during the February 12, 2013 hearing, "was not inclined to make a finding of civil contempt." *See* Docket No. 7628 at 3. They point to the discussion during the hearing in which the Court questioned IPP counsel's request for civil contempt and the need for further depositions. Objectors and Palmer argue that because the Court found that depositions were no longer necessary, and thus that there was no need to coerce the objectors' appearance at depositions, there would be no purpose for a finding of civil contempt. Objectors and Palmer also assert that a stay of the Court's Order is necessary to prevent undue financial hardship and to prevent undue damage to counsel's professional reputation and licensure. Additionally, they request at least 90 days to make full

payment of the sanctioned amount.

This motion is effectively a motion for reconsideration filed without leave of court. As such, it is improper. *See* Civil Local Rule 7–9(a)–(b) (requiring leave from the court and a showing of good cause before allowing a party to file a motion for reconsideration).

In any event, the Court denies Objectors' and Palmer's motion for modification. Civil contempt can be used as a coercive measure, as was discussed at the hearing. In addition, however, as noted in the Court's Order, civil contempt can be utilized as a remedial measure to compensate opposing counsel's attorneys' fees and costs. *Perry v. O'Donnell*, 759 F.2d 702, 704-705 (9th Cir.1985) (in fashioning civil contempt sanctions, the court has the discretion to award reasonable fees and costs as a remedial measure, regardless of whether the party in contempt acted wilfully); *General Ins. Co., etc. v. Eastern Consol. Util, Inc.*, 126 F.3d 215, 220 (3d Cir.1997) (upholding monetary sanction of expenses and attorney's fees for non-party's failure to appear at a deposition). That the Court's monetary award was intended to compensate IPP Counsel, as opposed to serving as a penalty, does not alter its classification as a sanction, as Palmer suggests.[1] Accordingly, the Court DENIES the motion.

Additionally, the Court denies Objectors' and Palmer's request for (1) at least 90 days to make full payment and (2) a stay of the Order pending appeal. Objectors Paul and Chesser, and their counsel, Palmer, are ordered to pay the full sanctioned amount of $9,254.11 by **March 22, 2013.**

**IT IS SO ORDERED.**

Dated: March 12, 2013

SUSAN ILLSTON
United States District Judge

---

[1] The Court makes no finding with respect to the reporting requirements of Cal. Bus. Prof. Code § 6068 (o)(3) requiring an attorney to report "[t]he imposition of judicial sanctions against the attorney, except for sanctions for failure to make discovery or monetary sanctions of less than . . . $1,000." However, the Court's Order of February 19, 2013 unambiguously awards a monetary *sanction*.

2