

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 07-1827 SI<br><br>MDL NO. 1827<br><br>**APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS**<br><br>Date:  April 26, 2013<br>Time:  9:00 a.m.<br>Judge: Hon. Susan Illston<br>Courtroom: 10, 19th Floor |

COMES NOW JOSEPH M. ALIOTO ("JMA"), who seeks leave of court to file his MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS, a proposed copy which is attached hereto marked *Exhibit "A"* and incorporated by reference herein, on the basis that the Reply in Further Support of LFG National Capital, LLC's Motion to Direct Fees and Costs raises new issues of law and fact which are outside the original moving papers.

DATED: April 15, 2013

COOK COLLECTION ATTORNEYS
By:  /s/ David J. Cook
DAVID J. COOK, ESQ. (SBN 060859)
Attorneys for Non-Party
JOSEPH M. ALIOTO

APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS - Master File No. 07-1827 SI / MDL NO. 1827

EXHIBIT "A"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. 07-1827 SI <br><br> MDL NO. 1827 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS** <br><br> Date:   April 26, 2013 <br> Time:  9:00 a.m. <br> Judge: Hon. Susan Illston <br> Courtroom: 10, 19th Floor |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | |

## I. INTRODUCTION.

This Sur Reply is limited to the new issues raised by the REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS. By this sur reply, JOSEPH M. ALIOTO ("JMA") does not concede any of the claims, alleged facts, or points of law raised by LFG National Capital, LLC ("LFG"), but only raises discrete issues based upon new and unraised claims.

To avoid any doubt, JMA disputes claims that the amounts due LFG has been conceded, or for that entire, the entire $28M is owing, or that the debt was solely for business purposes.

## II. JOSEPH M. ALIOTO PROPERLY RESPONDED.

JMA is the sole signatory to the TERM LOAN AND SECURITY AGREEMENT A-1

THROUGH A-19, plus Exhibits and Addendums, Document 7671-2 ("TLSA"). JMA signed the TLSA at page A-19. JMA is the Alioto Law Firm, which is a sole proprietorship, and not a separate entity. This is further supported by the fact that the Financing Statements at page E-1, Document 7671-8, lists JMA as a sole proprietorship.

Alioto Law Firm is not a partnership, corporation, LLP, or any other entity, but rather, the trade name for JMA. Accordingly, "Alioto Law Firm" as the "Firm" opposed the LFG Motion because JMA is Alioto Law Firm. LFG does not claim nor assert that "the Alioto Law Firm" is different than, constitutes a stand-alone equity, or has a separate interest in this matter.

### III. LFG NEVADA CANNOT BE REVERSE PIERCED BY ITS MEMBERS.

LFG Nevada is the moving party, as evidenced by the Declaration of Alan Zimmerman at 7671-1, page 2, paragraph 5, lines 20-24. Exhibit C, which lists LFG as a Nevada LLC. This is the assignment executed by Law Finance Group in favor of LFG Nevada. LFG (Nevada or Delaware) as much concedes this fact in their Memo at page 9, lines 1-15. In response, the LFG entities claim that LFG Delaware is in good standing, and that "Alioto knows perfectly well that LFG is a Delaware, and not a Nevada LLC." (*Ibid.*, line 9.) Notwithstanding this claim, LFG Nevada is the moving party. LFG is bound by their sworn statements.

At the outset, these facts suggest that this is case of a purported "insider" attempting to pierce their own corporate veil, and disregard its existence. A corporate insiders, such as an officer, director or shareholder is estopped to deny its own corporate existence. *See Petersen v. Cloverdale Egg Farms*, 161 Cal.App.2d 792, 798 (1958); *Communist Party of the United States of America v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 994 (1995). This rule should likewise apply here and bar LFG Delaware from denying the existence of LFG Nevada and therefore bar LFG from claiming "standing" to prosecute this motion.

However, the reply are exceeding unclear as to the precise relationship between LFG Delaware and LFG Nevada. At best, Zimmerman states in his supplemental declaration, Document 7733-1, page 3, paragraph 8, lines 11-15, that LFG Delaware is in good standing. However, Zimmerman fails to state the relationship between LFG Delaware and LFG Florida. There is little doubt that the omission was intentional. The members and managers of LFG Florida

are H.Z. Legal LLC, LawFinance Group Holdings LLC, and Alpine Associates LP. See Exhibit A to Cook Decl., Documents 7703 and 7713, as part of the APPLICATION FOR REGISTRATION OF FOREIGN LIMITED LIABILITY COMPANY. Therefore, the documentary record fails to show any relationship between LFG Delaware and LFG Nevada and renders LFG Delaware a complete stranger.

Given this major concession that LFG is now cancelled, did not exist at the time of the 2005 transaction, did not exist and therefore could not been an assignee, accordingly cannot bring this motion.

The prospect that LFG did not exist as of the date of the assignment (March 1, 2005 - Exhibit C-1 "ASSIGNMENT CERTIFICATE" Document 7671-6) has enormous implications. If in fact LFG Nevada did not exist as of March 1, 2005, LFG could not have been an assignee or buyer of the TLSA executed by JMA. LFG Nevada is therefore not an assignee and not entitled to the protections afforded an assignee of a Promissory Note sold by a licensed CFLL under Financial Code Section 22600(a). LFG Nevada therefore constitutes a "stand alone lender" without a CFLL license, and accordingly subject to the sanctions imposed under Financial Code Sections 22750(a)&(b) and 22752. These sanctions include under Section 22750(b) a complete bar against enforcement. The court stated in *Brack v. Omni Loan Co., Ltd.*, 164 Cal. App. 4th 1312, 1326, 80 Cal. Rptr. 3d 275, 284-85 (2008)

> "The fundamental and unwaivable character of the Finance Lenders Law is also suggested in section 22750. Under section 22750 contracts made in willful violation of the Finance Lenders Law, including in particular violation of the requirement that a lender have a license issued by the commissioner, are void. If the violations are not willful, the lender must nonetheless forfeit any interest or charges. (§ 22752.) In addition, willful violations of the Finance Lenders Law are punishable with both civil and criminal penalties. (§§ 22713, 22753.)"

As LFG Nevada is a stand-alone lender and detached from the 2005 TLSA and, given that LFG did not exist at the time and could not, as a matter of law, been the assignee, LFG must be viewed not as an assignee under Section 22600(a), but subject to the sanctions of Section 22750 as an unlicensed lender. LFG concedes that a primary purpose of the loan was "personal, family and household." California courts have required strict construction of licensing statutes to insure strict compliance. *See Hydrotech Systems v. Oasis Waterpark*, 52 Cal.3d 988, 996 (1991) [contractor's

1  licensing statute applied to bar compensation sought by unlicensed contractor].

## IV. THE ADDITIONAL ADVANCES TO JMA WERE NOT SUBSEQUENT ADVANCES, BUT NEW ADVANCES.

LFG (whatever this entity might be) claims that the subsequent loans were "subsequent advances." This claim is contradicted by the language of the TLSA and the amendments which list the "advances" as "new advances." Each one of these new loans were expressly described in the various amendments as "new advances." See REFILED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION . . . ., Document 7713, page 24, nos. 1-8, which characterize each advance as "new." The "subsequent advances" are defined under the TLSA, page A-3, paragraph 1.2.32, and they are limited to the "maximum amount." (Paragraph 1.2.25, page A-3.) The TLSA does not have a provision for "new advances." LFG is bound by the terms of its own agreement under classic principles of the Parol Evidence Rule. *See CASA HERRERA, INC. v. NASSER BEYDOUN et al.*, 32 Cal.4th 336, 343, 9 Cal.Rptr.3d 97, 83 P.3d 497 (2004). Nowhere in the TLSA are "new advances" contemplated.

The argument that the advances were "subsequent" is contrary to the language of the TLSA.

## V. THE 2009 UCC IS INCONSISTENT WITH AND OUTSIDE THE SCOPE OF THE MOVING PAPERS.

LFG seeks to cure all of its mistakes in the filing of the Financing Statements by citing to a 2009 UCC. (Zimmerman Decl., Document 7732-2, Exhibit D.) The claim that the security interest was perfected by the 2009 UCC is in stark contrast to the Zimmerman Decl. which claims that the security interest was perfected by the filing of UCCs on January 12, 2004, July 15, 2004 and a Continuation Statement filed on December 31, 2008. (Zimmerman Decl., Document 7671-1, page 2, paragraph 7, lines 26-28.) No effort has been made to explain this discrepancy, much less any other discrepancy.

## VI. THE ADDITION TO THE UCC3 OF THE BANK ACCOUNT WAS NOT AUTHORIZED.

The additional collateral consisting of the bank account was outside the scope of the prior

Financing Statement. The description in Exhibit C to the Cook Decl. (Document 7713) includes any amount payable to the debtor from the bank account. This description does not come within the terms of Exhibit B, which itself does not list bank accounts or deposit accounts. This change was unauthorized by JMA.

## VII. RECONSTRUCTING LFG'S MOTION AS A MOTION FOR SUMMARY JUDGMENT.

The resolution of LFG's Motion is found under FRCP 56, and whether as a matter of law LFG (Nevada) is entitled to prevail on the basis there is no triable issue of material facts and that LFG is entitled to recover as a matter of law. Under the microscope of FRCP 56, and given the vast number of disputed issues, many of which bear concessions by LFG, including its existence, the court should deny this motion.

As this case bears disputed issues of fact and law, this case should not be summarily adjudicated, but rather, this dispute between the parties belongs in state court.

DATED: April 15, 2013                COOK COLLECTION ATTORNEYS

                                     By:   /s/ David J. Cook
                                           DAVID J. COOK, ESQ. (SBN 060859)
                                     Attorneys for Non-Party
                                     JOSEPH M. ALIOTO

F:\USERS\DJCNEW\lfg.reply

# PROOF OF SERVICE

SCOTT S. BALBER
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036

JOSEPH B. WOODRING
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

**APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS**

**DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS**

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2013 at San Francisco, California.

                                                  /s/ Karene Jen
                                                  Karene Jen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION <br><br> This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | Master File No. 07-1827 SI <br><br> MDL NO. 1827 <br><br> DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS <br><br> Date: April 26, 2013 <br> Time: 9:00 a.m. <br> Judge: Hon. Susan Illston <br> Courtroom: 10, 19th Floor |

I, DAVID J. COOK, hereby declare and state as follows:

1. I am one of the attorneys of record for Non-Party JOSEPH M. ALIOTO in the above-entitled action, am duly authorized to practice before all courts in the State of California, and am familiar with the facts and circumstances in this action.

2. Declarant requests leave of court to file an approximate 5-page sur reply that addresses issues in the Reply in Further Support of LFG National Capital, LLC's Motion to Direct Fees and Costs that are outside the scope of the opposition filed by JMA on April 5, 2013 as Document 7713. Declarant has endeavored to focus on only those issues in the sur reply which address "new

DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS <br> Master File No. 07-1827 SI / MDL NO. 1827    1

1 | or difference material" raised in LFG's own reply and avoid unduly burdening this court.

2 |     3. Declarant therefore seeks leave of court to file this sur reply, and commensurately
3 | would not oppose a sur sur reply filed by LFG as a matter of equity.

4 |     I declare under penalty of perjury under the laws of the State of California that the
5 | foregoing is true and correct.

6 |     Executed on April 15, 2013 at San Francisco, California.

                                    /s/ David J. Cook
                              DAVID J. COOK, ESQ. (SBN 060859)

10 | F:\USERS\DJCNEW\lfg.app sur

DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS
Master File No. 07-1827 SI / MDL NO. 1827     2

# PROOF OF SERVICE

SCOTT S. BALBER
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036

JOSEPH B. WOODRING
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

**APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS**

**DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUR REPLY TO REPLY IN FURTHER SUPPORT OF LFG NATIONAL CAPITAL, LLC'S MOTION TO DIRECT FEES AND COSTS**

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2013 at San Francisco, California.

/s/ Karene Jen
Karene Jen