**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>All Indirect-Purchaser Actions / | **ORDER DISMISSING AS PREMATURE LFG'S MOTION TO DIRECT FEES AND COSTS TO BE PAID TO JOSEPH M. ALIOTO AND THE ALIOTO LAW FIRM** |

Currently before the Court is LFG National Capital LLC'S ("LFG") Motion to Direct Fees and Costs to be Paid to Joseph M. Alioto and the Alioto Law Firm ("Alioto") . Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearings currently scheduled for April 26, 2013. Having considered the moving papers and the arguments of the parties, and for good cause appearing, the Court hereby DISMISSES LFG's motion. Docket No. 7671.

LFG's motion concerns of Alioto's projected fee award from Indirect Purchaser Plaintiff ("IPP") Settlements the *In re TFT-LCD Antitrust Litigation,* Case No. 3:07-md-01827-SI. LFG claims it is entitled to a payment of approximately $28.2 million from the IPP Settlement Fund, based on what it contends is a perfected first lien security interest on Mr. Alioto's award, created by what it alleges is Alioto's default of a Term Loan and Security Agreement between the parties dated March 1, 2005, as amended ("Loan Agreement"). Mr. Alioto's Opposition raises numerous arguments and issues challenging the validity and enforcability of LFG's alleged lien. Among other things, Alioto questions whether this dispute is properly before this Court.

The Court has reviewed the parties' papers and arguments and concludes that the posture of the

dispute, as currently presented to the Court, precludes the Court's ability to adjudicate it. Neither Alioto nor LFG is a party to this litigation, and LFG's claims do not relate to the underlying action apart from its claim to some portion of the Settlement Fund over which the Court retains jurisdiction. Moreover, LFG's security interest is not a money judgment, which the Court may enforce pursuant to Fed. R. Civ. Proc. 69(a).[1] To the contrary, LFG's security interest is vigorously disputed and, cannot, at this stage, be deemed as a "valid and enforceable lien . . .," as characterized by LFG for the purposes of this motion. Thus, this Court is not in a position to adjudicate this dispute as it has been presented to the Court.

If LFG were to reduce its alleged lien to judgment in some appropriate judicial forum, this Court would proceed in accordance with Rule 69. If LFG wishes to intervene in this action, it may file such a motion,[2] which will be considered in due course. Any questions as to jurisdiction and convenience of forum will be presented more fully in such a context.

Accordingly, the Court DISMISSES LFG's Motion to Direct Fees and Costs. Docket No. 7671.

**IT IS SO ORDERED.**

Dated: April 25, 2013

SUSAN ILLSTON
United States District Judge

---

[1] In this respect, LFG's situation is quite different from that of Alexandra Brudy, who held a court-approved, money judgment, enforceable pursuant to Rule 69(a).

[2] Although LFG suggests in its current papers that the Court should consider the current motion to be a motion to intervene, the requisite arguments justifying intervention have not been presented in any depth here. Thus, the Court declines to consider this motion a motion to intervene.