1  Christopher M. Curran (*pro hac vice*)
   Email: ccurran@whitecase.com
2  Martin M. Toto (*pro hac vice*)
   Email: mtoto@whitecase.com
3  John H. Chung (*pro hac vice*)
   Email: jchung@whitecase.com
4  **WHITE & CASE**LLP
   1155 Avenue of the Americas
5  New York, NY 10036
   Telephone:    (212) 819-8200
6  Facsimile:    (212) 354-8113

7  *Attorneys for Toshiba Corporation,
   Toshiba Mobile Display Co., Ltd.,*
8  *Toshiba America Electronic
   Components, Inc., and Toshiba*
9  *America Information Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827 SI (N.D. Cal.) MDL NO. 1827 |
| This Document Relates to: *Best Buy Co., Inc., et al. v. AU Optronics Corp., et al*, Case No. 10-CV-4572, *Best Buy Co., Inc., et al. v. Toshiba Corp., et al.,* Case No. 12-CV-4114, *Target Corp., et. al.*, v. *AU Optronics Corp., et al.,* Case No. 10-CV-4945 | **DEFENDANTS' MOTION FOR AN ORDER ADOPTING A PROCEDURE TO RESOLVE OUTSTANDING QUESTIONS OF FACT WITH RESPECT TO PLAINTIFFS' STANDING UNDER SECTION 4 OF THE CLAYTON ACT** **ORAL ARGUMENT REQUESTED** Date:   June 14, 2013 Time:   9:00 a.m. Place:  Courtroom 10, 19th Floor Judge:  Hon. Susan Illston |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 14, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Susan Illston, the undersigned Defendants will and hereby do move the Court, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, to enter an Order adopting a procedure for resolving outstanding questions of fact with respect to the Track 1B Plaintiffs' standing to recover damages under Section 4 the Clayton Act.

The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, any papers filed in reply, the argument of counsel, and all papers and records filed in this matter and such other matters as the Court may consider.

# RELEVANT PRIOR ORDERS

Pursuant to this Court's April 9, 2012 Order (MDL Dkt. No. 5429), requiring the parties to "list the prior orders of this Court that address substantially similar arguments as those raised in the brief," Defendants provide the following chart of relevant orders.

| Date | MDL Dkt. No. | Indiv. Dkt. No. | Case. No. | Plaintiff | Order and Issue(s) Addressed |
|---|---|---|---|---|---|
| 3/3/2009 | 873 | NA | 07-md-1827 | DPPs | Order Denying Tatung Company of America's Motion to Dismiss DPPs' First Amended Complaint (denying motion to dismiss due to disputed issues concerning ownership and control) |
| 3/28/2010 | 1643 | NA | 07-md-1827 | DPPs | Order Denying Tatung Company of America's Motion for Leave to File a Motion for Reconsideration of March 3, 2009 Order Denying Motion to Dismiss (denying motion for reconsideration, due to disputed issues concerning ownership and control) |
| 7/19/2010 | 1885 | 64; 43 | 09-cv-4997; 09-cv-5840 | AT&T; Motorola | Order Denying Tatung Company of America's Motions to Dismiss (denying motion to dismiss due to disputed issues concerning ownership and control) |
| 11/7/2011 | 4108 | NA | 07-md-1827 | DPPs | Order Denying Toshiba Entities' Motion for Partial Summary Judgment under *Illinois Brick* (denying motion for summary judgment on the ground that *Royal Printing* requires a showing of ownership and control between the direct purchaser and a conspirator) |
| 6/28/2012 | NA | NA | 07-md-1827 | DPPs | DPP Trial Transcript at 3566:15-20; 3576:10-11 (denying Toshiba's request for verdict form requiring a finding of ownership or control) |

| | | | | | |
|---|---|---|---|---|---|
| 8/21/2012 | 6505 | 68 | 11-cv-06241 | CompuCom | Order Granting in Part Defendants' Joint Motion to Dismiss and NEC's Motion to Dismiss (CompuCom) (finding that evidence against NEC was "not particularly probative of NEC's participation in the conspiracy") |
| 11/19/2012 | 7188 | 417; 305; 419; 314; 396; 297 | 09-cv-4997; 10-cv-4572; 10-cv-1064; 10-cv-0117; 10-cv-4945; 11-cv-0058 | AT&T; Best Buy; Dell; Electrograph; Target; Costco | Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM Fee* (denying summary judgment due to questions of material fact concerning standing under *ATM Fee*) |
| 11/28/2012 | 7255 | 58 | 12-cv-0335 | ViewSonic | Order Granting in Part Defendants' Joint Motion to Dismiss (ViewSonic) (finding that ViewSonic had alleged sufficient facts to support standing at the motion to dismiss stage) |
| 12/26/2012 | 7422 | 299 | 11-cv-0058 | Costco | Order Granting in Part Defendants' Motion for Summary Judgment as to Costco's Indirect Purchases (granting motion for summary judgment where Costco failed to demonstrate that direct purchasers were owned or controlled by an alleged conspirator; denying summary judgment with respect to purchases from Panasonic and JVC due to questions of material fact concerning ownership and control) |
| 1/23/2013 | 7543 | 52 | 12-cv-4114 | Best Buy | Order Denying Toshiba's Motion to Dismiss Best Buy's First Amended Complaint (finding that Best Buy had alleged sufficient facts to support standing at the motion to dismiss stage) |

| | | | | | |
|---|---|---|---|---|---|
| 3/20/2013 | 7661 | 35 | 12-cv-3802 | Proview | Order Granting in Part Defendants' Motion to Dismiss Proview's Second Amended Complaint (dismissing claims based on purchases from certain entities, due to Proview's failure to allege facts supporting ownership or control) |

## I. INTRODUCTION

At the March 15, 2013 Joint Case Management Conference, the Court informed the parties that it would not be holding a pretrial evidentiary hearing concerning Plaintiffs' standing under *In re ATM Fee*. Civil Pretrial Minutes, Dkt. No. 7655 (Mar. 19, 2013) ("As to Track I(b), there will be no ATM FEE evidentiary hearing."). When the undersigned observed that the Court's prior orders on *ATM Fee* left unresolved certain questions of material fact concerning ownership and control, the Court suggested that the undersigned propose a procedure for the resolution of those outstanding factual questions. Tr. of Proceedings held on March 15, 2013 at 16, Dkt. No. 7675 (Mar. 26, 2013) ("Well, perhaps you could suggest how the Court ought to handle it if it's not going to have a separate evidentiary hearing."). Defendants hereby submit the following proposal for the resolution of those factual issues, which will determine Plaintiffs' standing to recover certain damages under the Clayton Act.

## II. ARGUMENT

### A. This Court Has Previously Held that Questions of Fact Concerning Plaintiffs' Standing Remain Unresolved

No Plaintiff in this MDL has filed a dispositive motion to confirm its alleged standing under *ATM Fee*. Plaintiffs have, at most, raised issues of material fact that were sufficient to resist Defendants' motions for summary judgment, but which still require resolution at trial.

The Court's order denying the Track 1 Defendants' motion for summary judgment confirms that certain factual questions underlying Plaintiffs' assertion of standing remain unresolved. In the briefing for that motion, Defendants disputed Plaintiffs' evidence of ownership or control with respect to various categories of direct purchasers, including: direct purchasers allegedly owned or controlled by conspiring sellers; direct purchasers with attenuated relationships with conspiring sellers; direct purchasers only minimally owned by a conspiring seller; and direct purchasers that plaintiffs simply did not discuss. Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing at 8, Dkt. No. 7188 (Nov. 19, 2012) (describing defendants' arguments). The Court denied Defendants' motion on the ground that "sufficient evidence exists *to create a genuine issue of*

*material fact* regarding the ability of plaintiffs to show that the product they purchased was manufactured by *any* of the co-conspirators." Order at 8 (first emphasis added). In the same opinion, the Court also found that "a genuine issue of material fact exists" with respect to Plaintiffs' standing to pursue damages based on "products purchased by or sold to a systems integrator, ODM or other third party before reaching the Direct Action purchasers." Order at 6 n.6.

These factual questions are not merely theoretical. The Track 1B Plaintiffs have claimed millions of dollars in damages based on purchases from entities for which questions of ownership and control are far from settled. For instance, Best Buy and the Target Plaintiffs claim that, under their "alternative" damages scenario, they have standing to recover $14.26 million collectively for alleged overcharges based on purchases from Panasonic. *See* Chung Decl. Ex. A (Best Buy revised damages tables, identifying suppliers (though not specific entities) from whom Best Buy made purchases that are allegedly actionable under the Clayton Act); Ex. B (same with respect to Target Plaintiffs). Similarly, in the Costco action, this Court has recognized that genuine questions of material fact remain unresolved with respect to the ownership and control relationships necessary to establish Plaintiffs' alleged standing to recover damages for purchases from Panasonic. Order Granting in Part Defendants' Motion for Summary Judgment as to Costco's Indirect Purchases at 7, Dkt. No. 7422 (Dec. 26, 2012) ("Viewing the evidence in the light most favorable to plaintiff, the Court concludes Costco has provided sufficient evidence of Panasonic's ownership and control of alleged co-conspirators *to create a genuine issue of material fact*.") (emphasis added).

The Court has also recognized that factual questions remain with respect to ownership and control between Chunghwa and Tatung. Plaintiffs collectively seek approximately $2.6 million in damages based on purchases from Tatung. *See* Chung Decl. Exs. A & B. The Court has acknowledged that "[t]he factual record is disputed as to the relationship between TUS, CPT, and Tatung Taiwan, as well [as] whether TUS's purchases of LCDs and finished products containing LCDs was truly arms-length or in furtherance of the alleged conspiracy." Order Denying Tatung Company of America's Motion to Dismiss DPPs' First Amended Consolidated Complaint at 3,

Dkt. No. 873 (Mar. 3, 2009); *see also* Order Denying Tatung Company of America's Motions to Dismiss at 5, Dkt. No. 1885 (July 19, 2010) ("[T]he Court holds that, *at this stage of the litigation*, TUS has not shown that it is not a proper defendant under *Royal Printing*.") (emphasis added). These disputes, among others, have not been resolved.

### B. Questions of Standing Are for the Court to Decide

In *ATM Fee*, the Ninth Circuit expressly reaffirmed that standing under the Clayton Act "is a question of law for the district court to decide." *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012); *see also Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008) ("Standing is a question of law . . . ."). Any factual disputes with respect to Plaintiffs' standing must therefore be decided by the Court, and not the jury. *ATM Fee*, 686 F.3d at 747 ("Because the court (and not a jury) decides standing, the district court *must* decide issues of fact necessary to make the standing determination.") (emphasis added).

At trial, Plaintiffs must establish that they have standing under *ATM Fee* by a preponderance of the evidence. *See ATM Fee*, 686 F.3d at 747 ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Court's prior orders in this MDL comport with the Ninth Circuit's observation that the Plaintiffs' burden varies according to the successive stages of the litigation. At the motion to dismiss stage, plaintiffs must allege non-conclusory facts to support their contention that they have standing under *Royal Printing / ATM Fee*. *See* Order Denying Toshiba's Motion to Dismiss Best Buy's First Amended Complaint at 6, Dkt. No. 7543 (Jan. 23, 2013) ("Best Buy's allegations — that it purchased LCD products from defendants, including TAIS, and TSB, the parent company of TAIS, owned or controlled panel manufacturer TMD . . . — are sufficient to state a claim under the exception *at this stage*.") (emphasis added). At the summary judgment stage, plaintiffs must show that there is a genuine issue of material fact for trial. *See* Order Granting in Part Defendants' Motion for Summary Judgment as to Costco's Indirect Purchases at 7, Dkt. No. 7422 (Dec. 26, 2012) (denying summary judgment where Costco "provided sufficient evidence of

Panasonic's ownership and control of alleged co-conspirators to create a genuine issue of material fact."). Having passed these threshold tests, Plaintiffs now bear the burden of demonstrating standing by a preponderance of the evidence at trial.

### C. The Court Should Determine Whether Plaintiffs Have Met Their Burden of Demonstrating Ownership and Control at Trial

Courts have adopted a number of procedures for determining whether plaintiffs have met their burden of demonstrating standing. For instance, a district court may hold an evidentiary hearing, or decide the issue of standing at trial. *See Hohlbein v. Hospitality Ventures LLC*, 248 Fed. Appx. 804, 806 (9th Cir. 2007) ("We note, however, that because the evidentiary burden to demonstrate standing remains on [Plaintiff], the district court may revisit the issue of standing in an evidentiary hearing or at trial, where the controverted facts 'must be supported adequately by the evidence adduced' there.") (quoting *Lujan*, 504 U.S. at 561). Issues concerning ownership and control were disputed in the trial between DPPs and Toshiba, but those issues were never resolved. *See* DPP Trial Transcript at 3566:15-20; 3576:10-11 (June 28, 2012) (denying Toshiba's request for a verdict form requiring factual findings of ownership or control). Since then, the Ninth Circuit has clarified that factual disputes related to standing are for a district court to decide. *ATM Fee*, 686 F.3d at 747. In light of this Court's determination that it will not hold a separate evidentiary hearing, Defendants suggest that the Court adopt a three-step procedure that will allow the Court to efficiently discharge its duty of deciding whether Plaintiffs have demonstrated standing, while simultaneously avoiding any risk of confusing the jury.

In the initial step, at the conclusion of Plaintiff's presentation of factual evidence in their case in chief, the Court should conduct an analysis of whether Plaintiffs have proven that their purchases fall within the ownership or control exception, the sole exception on which they rely. This analysis entails a two-part inquiry, and the Court may, of course, request that the parties submit trial briefs or proposed findings of fact and conclusions of law to assist the Court in deciding these issues. First, the Court must determine whether Plaintiffs have put forward sufficient evidence to demonstrate that, more likely than not, the entities from which Plaintiffs made LCD product purchases were owned or controlled by alleged conspirators. Second, the

1 Court must determine whether Plaintiffs have put forward sufficient evidence to demonstrate that, more likely than not, the alleged conspirators in each Defendant or Co-conspirator group in fact joined the conspiracy as alleged. *See ATM Fee*, 686 F.3d at 749 ("[I]ndirect purchasers may sue . . . when a *conspiring* seller owns or controls the direct purchaser.") (emphasis added); Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing at 5, Dkt. No. 7188 (Nov. 19, 2012) ("[*Royal Printing*] was concerned with the relationship between the *conspirator* and the direct purchaser.") (emphasis in original). To avoid jury confusion, this determination should be made before Plaintiffs' damages experts are permitted to testify. To the extent that Plaintiffs fail to carry their burden, Plaintiffs' experts should be prohibited from testifying that Plaintiffs suffered damages based on the associated purchases. For instance, if Plaintiffs fail to offer sufficient evidence of ownership or control with respect to Panasonic, or if they fail to offer sufficient proof that Panasonic joined the alleged conspiracy, the expert would be prohibited from testifying as to alleged Clayton Act damages incurred as a result of purchases of finished products from Panasonic.

Second, the Court should repeat the two-part inquiry set out above at the close of Defendants' presentation of factual evidence in their case in chief, taking into account any newly introduced evidence. This determination should be made prior to the testimony of Defendants' damages experts, again to minimize the risk of jury confusion. If the Court finds a lack of standing with respect to damages included in the testimony of Plaintiffs' experts (who will by this point have already testified), the Court should provide an instruction striking the expert testimony to the extent it had incorrectly assumed standing.

Third, in the final instructions, the Court should instruct the jury that it cannot award Clayton Act damages based on purchases from any Defendant or Co-conspirator group for which the Court has determined that Plaintiffs have not demonstrated standing in the earlier phases of the trial. In addition, the jury should be charged with determining, as to liability, whether Plaintiffs have proven that the entities in each Defendant and Co-conspirator group participated in the conspiracy. This will require a specific finding by the jury as to whether each alleged conspirator was in fact a conspirator; such a finding is necessary regardless of whether the alleged

conspirator is, or ever was, a Defendant. If the jury determines that a particular group did not participate in the conspiracy, the issue of standing will become moot with respect to that group. For instance, if the jury finds that non-Defendants such as NEC, Mitsubishi or Panasonic were not "conspirators," there would be no basis for awarding damages based on sales from those entities. *See, e.g.,* Order Granting in Part Defendants' Joint Motion to Dismiss and NEC's Motion to Dismiss (CompuCom) at 4 n.3, Dkt. No. 6506 (Aug. 21, 2012) ("While the Court agrees with NEC that much of the evidence upon which CompuCom relies is not particularly probative of NEC's participation in the conspiracy, taken as a whole CompuCom's allegations satisfy the minimum requirements of the federal rules."). This procedure will ensure that Plaintiffs will not be awarded damages that they do not have standing to recover, *i.e.*, purchases from entities that were owned or controlled by *non*-conspirators. *See* Order Granting in Part Defendants' Motion for Summary Judgment as to Costco's Indirect Purchases at 5-8, Dkt. No. 7422 (Dec. 26, 2012) (dismissing damages claims based on purchases from entities that were not owned or controlled by a conspirator).

### III.   CONCLUSION

Defendants respectfully submit that the Court should adopt the procedure outlined above for determining the outstanding factual issues concerning Plaintiffs' standing to recover damages under the Clayton Act for their LCD product purchases. To the extent that the Court chooses to adopt a different procedure, Defendants submit that any such procedure must consider whether Plaintiffs met their burden of demonstrating both (1) ownership or control and (2) participation in the conspiracy, by each Defendant or Co-conspirator group whose sales form the basis for Plaintiffs' claims under the Clayton Act.

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | **WHITE & CASE** LLP |
| 3 | DATED:  May 8, 2013 |

By:   /s/ Christopher M. Curran

Christopher M. Curran (*pro hac vice*)
Email:  ccurran@whitecase.com
Martin M. Toto (*pro hac vice*)
Email:  mtoto@whitecase.com
John H. Chung (*pro hac vice*)
Email:  jchung@whitecase.com
**WHITE & CASE** LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

*Attorneys for Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc.*


By:   /s/ Carl L. Blumenstein

Christopher A. Nedeau (CA Bar No. 81297)
Email:  cnedeau@nossaman.com
Carl L. Blumenstein (CA Bar No. 124158)
Email:  cblumenstein@nossaman.com
Farschad Farzan (CA Bar No. 215194)
Email:  ffarzan@nossaman.com
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, California 94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438

*Attorneys for Defendants AU Optronics Corporation and AU Optronics Corporation America*


By:   /s/ Matthew B. Lehr

Matthew B. Lehr (CA Bar No. 213139)
Email:  matthew.lehr@davispolk.com
Neal A. Potischman (CA Bar No. 254862)
Email:  neal.potischman@davispolk.com
Samantha H. Knox (CA Bar No. 254427)
Email:  samantha.knox@davispolk.com
DAVIS POLK & WARDWELL LLP
1600 El Camino Real

7
MOTION FOR DETERMINATION OF PLAINTIFFS' STANDING UNDER SECTION 4 OF THE CLAYTON ACT
No. 3:07-MD-1827 SI, MDL No. 1827

Menlo Park, California  94025
Telephone:  (650) 752-2000
Facsimile:  (650) 752-2111

*Attorneys for Defendants Chi Mei Corporation, Chimei Innolux Corporation (f/k/a Chimei Optoelectronics Corporation), Chi Mei Optoelectronics USA, Inc., CMO Japan Co., Ltd., Nexgen Mediatech, Inc.,and Nexgen Mediatech USA, Inc.*

By:  /s/ Rachel S. Brass

Joel S. Sanders (CA Bar No. 107234)
Email:   jsanders@gibsondunn.com
Rachel S. Brass (CA Bar No. 219301)
Email:   rbrass@gibsondunn.com
Austin V. Schwing (CA Bar No. 211696)
Email:  aschwing@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone:  (415) 393-8200
Facsimile:  (415) 393-8306

*Attorneys for Chunghwa Picture Tubes, Ltd.*

By:   /s/ Robert E. Freitas

Robert E. Freitas (CA Bar No.  80948)
Email: rfreitas@ftklaw.com
Jason S. Angell (CA Bar No.  221607)
Email: jangell@ftklaw.com
Jessica N. Leal (CA Bar No.  267232)
Email: jleal@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:  (650) 593-6300
Facsimile:  (650) 593-6301

*Attorneys for HannStar Display Corporation*

By:   /s/ John M. Grenfell

John M. Grenfell (CA Bar No. 88500)
Email:  john.grenfell@pillsburylaw.com
Jacob R. Sorensen (CA Bar No. 209134)
Email:  jake.sorensen@pillsburylaw.com
Fusae Nara (*pro hac vice*)
Email:  fusae.nara@pillsburylaw.com

1
2
3

PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200

4
5

*Attorneys for Sharp Corporation and Sharp Electronics Corporation* (in the *Target* case only)

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28