IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| | MDL. No. 1827 |
| This Order Relates to: | **ORDER DENYING OBJECTORS' MOTIONS TO ALTER OR AMEND JUDGMENT AND ALIOTO'S MOTION TO STRIKE** |
| All Indirect-Purchaser Plaintiff Class Actions | |

On April 3, 2013, the Court issued the Second Amended Order Granting Final Approval of Combined Class, Parens Patriae, and Governmental Entity Settlements with AUO, LG Display, and Toshiba Defendants; Ordering Final Judgment of Dismissal with Prejudice; Award of Attorneys' Fees, Expenses, and Incentive Awards ("Judgment"). Docket No. 7697.

On April 12, 2013, Objector Keena Dale filed a motion pursuant to Fed. R. Civ. Proc. 59(e) to alter or amend judgment or alternatively for reconsideration, clarification or rehearing of the Second Amended Order and/or alternatively motion to enjoin disbursement of any fees to co-lead class counsel for indirect-purchaser plaintiffs Joseph M. Alioto and the Alioto Law Firm pending further court consideration. Docket No. 7731. On April 23, 2013, Objectors Kevin Luke and Geri Maxwell filed a Motion for Relief from Judgment pursuant to Rule 60(b)(3), in which Luke and Maxwell join Dale's motion and advance additional arguments. Docket No. 7766. These matters are scheduled for hearings on May 17, 2013 and May 21, 2013, respectively.

Additionally, Alioto filed a motion to strike the Dale motion to amend, based on allegations that Dale and his counsel engaged in an act of extortion and blackmail. Docket No. 7831. That motion is scheduled for a hearing on June 12, 2013.

Pursuant to Civil Local Rule 7–1(b), the Court determines that these related matters are

appropriate for resolution without oral argument, and VACATES all of these hearings. For the reasons set forth below, the Court hereby DENIES each motion. Docket No. 7331, 7766, and 7831.

**DISCUSSION**

The pending motions[1] focus on a loan agreement between LFG National Capital LLC and Joseph M. Alioto/the Alioto Law Firm. A copy of this loan agreement was attached to a letter LFG filed in this case on February 8, 2013, seeking payment to LFG of a part of any fee awarded to Alioto. Alioto's response to the letter, which challenged LFG's appearance and disputed the amounts owed under the loan but did not dispute the existence of the loan agreement itself, was filed on February 12, 2013. *See* Docket Nos. 7604-3 and 7606.

Objectors' motions, filed two months after the loan documents were presented, argue that the loans constitute illegal fee splitting between a lawyer and non-lawyer and should preclude any fee award to Alioto. Dale seeks reconsideration of the order under Rule 59(e), and Luke and Maxwell request relief from the Judgment under Rule 60(b)(3).

The Court addresses each below.

**1.     Rule 59(e)**

The court may reconsider a final judgment if a motion to alter or amend the judgment is made pursuant to Federal Rule of Civil Procedure 59(e). Such requests are not a substitute for appeal or a means of attacking some perceived error of the court. See *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Reconsideration is appropriate under three circumstances: (1) if the district court is presented with newly discovered evidence, (2) if the district court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. See Fed. R. Civ. Proc. 59(e); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) presents "an 'extraordinary remedy,' to

---

[1] Alioto's lawyer speculates that Dale's motion was "ghost written" by LFG National Capital's lawyer. This Court has no evidence on this question and makes no findings. The Court rejects, for the time being, Alioto's lawyer's arguments that both of the objectors' motions are acts of harassment and coercion. The Court denies Alioto's requests for attorney's fees and for monetary sanctions.

2

be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The Court denies the motions to alter or amend the judgment based on Rule 59(e) because the movants failed to present their arguments within a reasonable time after the issue they raise – the allegedly improper loan agreement with LFG National Capital – was brought to their attention. LFG National Capital filed its materials in early February, and the Court's Judgment now being challenged was not issued until almost eight weeks later. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003) ("a [r]ule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).[2] The objectors have not provided any reason why they failed to raise their arguments prior to the Judgment, when the evidence upon which they rely was filed in February of 2013.

Accordingly, the Court DENIES the motions to alter or amend the judgment pursuant to Rule 59(e).

## 2. Rule 60(b)(3)

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides that: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding . . . [due to] (3) fraud . . . , misrepresentation, or other misconduct of an adverse party . . ." Fed. R. Civ. P. 60(b)(3). Whether to grant relief is within the sound discretion of the district court. *American Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997).

Rule 60(b)(3) refers to fraud, misrepresentation, or other misconduct "of an adverse *party* . . ." The objectors charge such misconduct by Alioto, who is not a party to the litigation or the associated Judgment. *See* Fed. R. Civ. P. 60(b)(3) (emphasis added)*; Latshaw v. Trainer Wortham & Co., Inc.*

---

[2]The Court rejects Luke's and Maxwell's claim that their motion is timely because it was made within a reasonable time after the existence of the fee-splitting agreement was "confirmed" by a declaration by Alioto on April 4, 2013. Copies of the loan were filed on February 8, 2013, and Alioto's February 12, 2013 response did not dispute the validity of the loan document. For purposes of this motion, the objectors had sufficient notice of any alleged fee-splitting agreement when these letters were filed.

3

452 F.3d 1097, 1102 (9th Cir. 2006) (explaining that Rule 60(b)(3) permits relief only when the fraud alleged was committed by an adverse party). Accordingly, the Court DENIES the Rule 60(b)(3) motion.

### 3. Motion for Reconsideration, Clarification, or Rehearing

The objectors alternatively request the Court reconsider its Order. In the Northern District of California, however, any party seeking to file a Motion for Reconsideration may only do so after obtaining leave from the Court. *See* Civil Local Rule 7-9(a). Because Dale, Luke, and Maxwell failed to obtain leave to do so, the Court DENIES the motions for reconsideration.[3]

### 4. Motion to Enjoin Disbursement of Fees to Alioto or Alioto Law Firm

The objectors also request that the Court enjoin disbursement of any fee award to Alioto and the Alioto Law Firm pending further court proceedings. The Court DENIES both motions to enjoin disbursement as unsupported.

///

---

[3]LFG National Capital has recently filed an action to collect on the Alioto loan, *LFG National Capital, LLC v. Joseph M. Alioto, et al.*, No. C 13-1030, and that action will be related to this MDL. Some of the issues raised in these motions may be addressed in the course of that collection action.

4

**5. Alioto Motion to Strike the Dale Motion**

Alioto filed a motion to strike Dale's motion to amend the Judgment, Docket No. 7731, based on allegations that Dale and his counsel engaged in an act of extortion and blackmail. Because the Court has denied Dale's motion, the motion to strike is moot.[4]

**IT IS SO ORDERED.**

Dated: May 14, 2013

SUSAN ILLSTON
United States District Judge

---

[4] Alioto claims that Dale and his counsel, N. Albert Bacharach, have engaged in extortion, citing the California Court of Appeals' holding in *Mendoza v. Hamzeh*, 2013 WL 1715767 (Cal. App. April 22, 2013), in which the Court held that the threat to report a crime, coupled with a demand for money, may constitute extortion. *Id.* at *3. The Dale/Bacharach letter, which is joined by a Mr. Julius Dunmore and his counsel, Paul Rothstein, does not contain a specific demand for money, and thus likely falls just outside the reach of *Mendoza*. *See also Flatley v. Mauro*, 39 Cal. 4th 299, 329-33 (Cal. 2006).