IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br><br>/ | **ORDER DENYING ALIOTO'S MOTION FOR ATTORNEY'S FEES** |

Currently before the Court is Joseph M. Alioto's Motion for Attorney's Fees under California Civil Code § 1717, Docket No. 7840. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for June 14, 2013. Having considered the moving papers, and for good cause appearing, the Court hereby DENIES Alioto's motion for attorney's fees. Docket No. 7840.

**BACKGROUND**

On March 22, 2013, LFG National Capital LLC ("LFG") filed a motion, Docket No. 7671, asserting a security interest in Alioto's projected fee award from the Indirect Purchaser Plaintiff Settlements the *In re TFT-LCD Antitrust Litigation,* Case No. 3:07-md-01827-SI. The asserted security interest was premised on a 2005 Term Loan and Security Agreement between LFG and Alioto. Alioto responded to the motion with an opposition, an amended opposition and ultimately a sur-reply brief. Docket Nos. 7701, 7713 and 7748. On April 25, 2013, the Court dismissed LFG's motion as premature, concluding that the dispute could not be adjudicated as it had been presented to the Court. The Court ordered that it would either proceed in accordance with Rule 69 if LFG were to "reduce its alleged lien

to judgment in some appropriate judicial forum," or would entertain a motion to intervene by LFG.

Alioto now seeks attorney's fees for his efforts in opposing LFG's motion. He bases his motion on a clause in the 2005 loan agreement between LFG and Alioto that provides for attorney's fees in certain circumstances.

**DISCUSSION**

Alioto requests $49,062.50 in attorney's fees for opposing LFG's motion. He asserts that the Court held that "LFG cannot be deemed to be a secured creditor and therefore has no interest in the fees." Motion at 2. He also asserts "LFG's attempt to obtain an order from the court to turn over the fees . . . arising out of . . . [Alioto's] representation as co-lead counsel has now been brought to a total and complete end in this court." *Id*. Accordingly, he concludes, he is entitled to attorney's fees for his efforts in achieving these results.

Alioto's arguments mischaracterize this Court's order. The Court did not hold that LFG "has no interest in the fees," as Alioto suggests, but rather held that "LFG's security interest is vigorously disputed and cannot, at this stage, be deemed as a 'valid and enforceable lien,' as characterized by LFG for the purposes of this motion." Docket No. 7781. The Court specifically recognized that LFG had alternatives available to it that might permit the Court to enforce a judgment lien or to adjudicate this dispute. Subsequently, LFG filed an action in this Court, *see LFG National Capital, LLC v. Alioto, et al.,* No. C 13-01930, which has been related to this MDL. *See* Docket No. 7914. Thus this dispute has not "been brought to a total and complete end in this court."

Accordingly, the Court DENIES Alioto's motion for attorney's fees. Docket No. 7840.

**IT IS SO ORDERED.**

Dated: May 15, 2013

SUSAN ILLSTON
United States District Judge

2