IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>All Indirect-Purchaser Plaintiff Class Actions<br><br>/ | **ORDER DENYING ALIOTO'S "EX PARTE APPLICATION MODIFYING SECOND AMENDED ORDER"** |

Currently before the Court is Joseph M. Alioto's "Ex Parte Application Modifying Second Amended Order." Docket No. 7785. Having considered the moving papers, and for good cause appearing, the Court hereby DENIES Alioto's Ex Parte Application. Docket No. 7785.

Alioto requests that the Court amend the Second Amended Order Granting Final Approval of Combined Class, Parens Patriae, and Governmental Entity Settlements with AUO, LG Display, and Toshiba Defendants; Ordering Final Judgment of Dismissal with Prejudice; Award of Attorneys' Fees, Expenses, and Incentive Awards ("IPP Settlement Order") to strike the Court's directive setting aside $28.2 million in a separate escrow account "pending a determination of the validity and enforceability of the lien asserted by LFG National Capital, LLC." Alioto argues that the Court "rejected" LFG's claims by dismissing its Motion to Direct Fees and Costs on April 25, 2013, Docket No. 7781, and thus, "no good reason exists by which to further withhold $28.2 million to [Alioto] . . ." Application at 3.

The Court disagrees. As an initial matter, Alioto's *ex parte* application is improper because Alioto has failed to demonstrate that an *ex parte* application to amend the IPP Settlement Order is authorized under the Civil Local Rules. As Civil Local Rule 7–10 explains, a party may approach the Court on an *ex parte* basis only if authorized to so by "a statute, Federal Rule, local rule or Standing

Order..." and that authority must be identified in the moving papers. Here, Alioto has failed to identify any such provision of law authorizing his *ex parte* filing. His application, therefore, may be denied on this basis alone.

Even if the *ex parte* application was authorized and such authority was cited in the application, the Court concludes that the application is substantively deficient. As the Court has previously noted, Alioto mischaracterizes the Court's order dismissing LFG's motion to direct fees and costs. Rather than rejecting LFG's claims and finding that LFG did not have a "valid and enforceable lien . . .", as Alioto suggests, the Court held that it could not adjudicate the dispute as it had been presented to the Court and that "LFG's security interest is vigorously disputed and cannot, at this stage, be deemed as a 'valid and enforceable lien,' as characterized by LFG for the purposes of this motion." Docket No. 7781. The Court specifically recognized that LFG had alternatives available to it that might permit the Court to enforce a judgment lien or to adjudicate this dispute. Subsequently, LFG filed an action in this Court, *see LFG National Capital, LLC v. Alioto, et al.,* No. C 13-01930, which has been related to this MDL. Thus, this dispute is currently active and pending before this Court. Accordingly, good reason exists to preserve the disputed amount of $28.2 million in the separate escrow account, and the Court DENIES Alioto's *ex parte* application to amend the Court's IPP Settlement Order.[1] Docket No. 7785.

**IT IS SO ORDERED.**

Dated: May 20, 2013

SUSAN ILLSTON
United States District Judge

---

[1] The Court declines to consider arguments raised for the first time in Alioto's reply, Docket No. 7901. See *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, (9th Cir. 2009) (declining to consider arguments raised in for the first time in a reply brief).

2