IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| _____ / | |
| This Order Relates to:<br>*Eastman Kodak Company v. Epson Imaging Devices Corp. et al.,* Case No. 10-CV-5452 | **ORDER DENYING AUO'S MOTION FOR A SEPARATE TRIAL** |
| _____ / | |

AUO's Motion for a Separate Trial against Eastman Kodak is scheduled for a hearing on July 9, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on this motion. For the reasons set forth below, the Court DENIES the motion. Docket No. 8157.

In the upcoming trial involving Track 1B plaintiffs, recent settlement agreements between various parties have whittled down the roster of existing defendants for each case. This motion involves AUO's request that its case against Kodak be tried separately from the other Track 1B plaintiffs' cases due to its recent settlements with the Best Buy and Target plaintiffs. AUO argues that consolidation of the Kodak-AUO case with the Best Buy and Target plaintiffs will result in a trial that is "more complicated, lengthier, and more inefficient" than a separate trial. Motion at 3. Specifically, AUO asserts that a separate trial is warranted because, among other things, Kodak, a non-retailer, occupies a different position in the distribution chain than Best and Target; Kodak's claims are based on only one product, digital still cameras ("DSC"), which involve only one type of LCD panel; Kodak has far fewer

witnesses to present than the other cases; and Kodak claims only a small fraction of the total damages claimed by the Track 1B Plaintiffs. Kodak, as well as LG, Toshiba, and Hannstar, oppose AUO's motion, arguing primarily that the issues AUO raises are greatly outweighed by the significant inefficiency a separate trial would create.

The Court agrees that the inefficiency a separate trial would create – for the Court, the witnesses, counsel, the jurors, and the parties – outweighs the concerns AUO has outlined in its motion, including prejudice to AUO. While AUO may be inconvenienced by participating in portions of the trial that involve witnesses that AUO would not otherwise call in a separate Kodak trial, this inconvenience is outweighed by the inefficiency that would be created by forcing common witnesses to appear in two separate trials. Indeed, AUO itself previously acknowledged that a consolidated trial would "obviate the need for certain fact and expert witnesses to appear multiple times and would increase efficiency." *See* Docket No. 6291 at 16. Moreover, although there may be differences between some legal theories advanced by Kodak versus Best Buy and Target, the Court finds there is sufficient overlap in a number of issues to warrant consolidation of Kodak's case with the Target and Best Buy cases. The Court is cognizant of AUO's concern for jury confusion, but believes that any potential confusion can be mitigated with instructions. Lastly, AUO argues that two separate trials may save expense for many of the parties in the upcoming trial. While this may be true, the expense and burden on the Court and jurors must also be considered. Weighing all of these factors, the Court is not compelled to depart from its previous view that consolidation of the Track 1B cases is the most efficient method to try these cases.

Accordingly, AUO's motion for a separate trial is DENIED.

**IT IS SO ORDERED.**

Dated: July 8, 2013

SUSAN ILLSTON
United States District Judge