**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 12-CV-4114 SI<br>MDL. No. 1827 |
| _____ / | |
| This Order Relates to:<br><br>*Best Buy v. Toshiba Corp. et al*<br>Case No. 12-CV-4114 | **ORDER DENYING TOSHIBA'S MOTION FOR SUMMARY JUDGMENT** |
| _____ / | |

Toshiba's motion for summary judgment is scheduled for a hearing on July 9, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on these motions. For the reasons set forth below, the Court DENIES Toshiba's motion. Docket No. 8097.

Toshiba argues that Best Buy is unable to provide direct evidence of Toshiba's participation in the Crystal Meetings conspiracy. As such, Toshiba argues, Best Buy's case rests entirely on circumstantial evidence and thus, Best Buy must submit evidence tending to exclude the possibility that Toshiba acted independently from the overarching Crystal Meeting conspiracy alleged. Because Best Buy cannot do this, Toshiba asserts, the Court should grant its motion for summary judgment.

The Court previously addressed a similar motion by Toshiba in the Direct Purchaser Plaintiff ("DPP") trial last year. *See* Docket Nos. 3581 and 4043. In that motion, Toshiba, largely relying on *In re Citric Acid Litigation*, 995 F. Supp. 951 (N.D. Cal. 1998), *aff'd* 191 F.3d 1090 (9th Cir. 1999), argued that its case should not be allowed to go to trial because plaintiffs were unable produce evidence that

Toshiba ever attended a crystal meeting, and they produced little direct evidence that Toshiba otherwise conspired with the other TFT-LCD manufacturers. The Court concluded that Toshiba's case was distinguished from *Citric Acid* in that there was "ample evidence for a jury to find that Toshiba participated in the overarching conspiracy to fix prices of TFT-LCD panels[,]" even though there was no "smoking gun" evidence linking Toshiba to the crystal meetings. Moreover, the Court concluded, there was ample circumstantial evidence from which a jury could conclude that "Toshiba was informed of the decisions reached at crystal meetings through bilateral communications with other TFT-LCD manufacturers."

Toshiba now argues that in light of new evidence from the DPP trial, no basis remains for distinguishing *Citric Acid* from Toshiba's claims. Specifically, Toshiba provides testimony from Brian Lee, a Chunghwa participant at crystal meetings, and C.C. Liu, also of Chunghwa, to support its argument that there is now evidence to demonstrate, unequivocally, that Toshiba never participated in the Crystal Meeting conspiracy. Moreover, Toshiba argues that Best Buy has failed to satisfy its burden in providing evidence tending to exclude the possibility that Toshiba acted independently from the overarching Crystal Meeting conspiracy.

The Court disagrees.[1] Contrary to Toshiba's argument, this evidence does not demonstrate, unequivocally, as was the case in *Citric Acid*, that Toshiba did not participate in the crystal conspiracy. While the evidence may demonstrate that Toshiba did not itself attend any meetings, there remains sufficient evidence for a jury to find that Toshiba participated in the overarching conspiracy through discussions with conspirators, outside of crystal meetings, to fix prices.

Moreover, the evidence presented fails to change the Court's view that circumstantial evidence exists from which a jury could conclude that "Toshiba was informed of the decisions reached at crystal meetings through bilateral communications with other TFT-LCD manufacturers[,]...[and] Toshiba received pricing information from its competitors, shared its own pricing information, and was aware of its wrongdoing." As the Court previously noted, although Toshiba asserts these exchanges are legitimate exchanges of information, "such disputes regarding the interpretation of evidence are not

---

[1]The Court makes no finding with respect to the admissibility of the testimony of Lee and Liu, but assumes that is is admissible for purposes of deciding Toshiba's motion.

2

appropriate for resolution on summary judgment."

Accordingly, the Court DENIES Toshiba's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: July 8, 2013

SUSAN ILLSTON
United States District Judge