Richard M. Heimann (State Bar No. 63607)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:     (415) 956-1000
Facsimile:     (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:     (415) 433-9000
Facsimile:     (415) 433-9008

*Counsel for the Direct Purchaser Class Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI<br><br>MDL No. 1827 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | [AMENDED PROPOSED] ORDER APPROVING FIRST DISTRIBUTION OF SETTLEMENT FUNDS TO THE DIRECT PURCHASER CLASS MEMBERS<br><br>The Honorable Susan Illston |

Before the Court is Direct Purchaser Class Plaintiffs' Motion for an Order Approving

Distribution of Settlement Funds to the Direct Purchaser Class Members. Upon consideration of

Plaintiffs' motion and the supporting declarations, and for good cause shown,

**IT IS HEREBY ORDERED:**

1.      Except as provided in paragraph 6 below, the Court approves and adopts the

administrative recommendations of the claims administrator Rust Consulting, Inc. ("Rust")

concerning rejection of deficient and ineligible claims, as set forth in the Declaration of Robin

Niemiec dated May 28, 2013 ("Niemiec Decl."). The Court finds that Rust has carried out the

- 1 -

claims administration process in a reasonable manner and consistent with orders of this Court.

Rust has offered claimants reasonable notice of claim deficiencies and an opportunity to cure

them.

2.      The net balance of the Settlement Fund as of April 30, 2013 was $317,662, 343.04.

Declaration of Elizabeth C. Pritzker ("Pritzker Decl.") ¶ 9.  This was the net balance in the

Settlement Fund as of that date after receipt of interest earned and the payment of charges for

attorneys' fees and costs, incentive awards to plaintiffs, taxes, and bank, administrative,

accounting, claims processing and other costs.

3.      The Court authorizes the payment of $759,167.92 to Rust from the Settlement

Fund, for accrued fees and expenses incurred as of April 30, 2013.

4.      The Court authorizes Plaintiffs to reserve from the Settlement Fund $79,615.94 for

claims administration expenses that Rust and Co-Lead Class Counsel reasonably expect will be

incurred in connection with administering and distributing checks to Direct Purchaser Class

Members.

5.      Based on Rust's extensive experience in administering similar class settlement

funds, the Court authorizes Plaintiffs to reserve from the Settlement Fund, the sum of

$58,185,584.04 for future unanticipated contingencies, including for purposes of considering

payment to claimants who come forward and provide good cause as to why their previously

rejected claim or late-filed claim should be paid.

6.      The Court has reviewed Charles W. Daff's Response to Plaintiffs' Motion for an

Order Approving Distribution of Settlement Funds to the Direct Purchaser Class Members and

the Reply thereto.  The Court orders the claim of Class Member Vann's, Inc. and the corrected

award amounts for the claims of Class Members Nexis, Inc. and J.H. Fagan Company, be paid

from the first distribution to Class Members.

7.      All claimants who wish to move the Court for an order permitting payment of a

late-filed claim or a disputed claim must file with Rust a declaration under oath no later than

thirty (30) days from the date this order is entered.  If a claimant is seeking payment of a late-filed

claim, that claimant's declaration shall explain why the claim's lateness should be excused and payment should be allowed.  If a claimant is seeking payment of a disputed claim, that claimant's declaration shall explain why the claimant disputes Rust's and/or Class Counsel's determination. No later than forty-five (45) days from the date this order is entered, Class Counsel shall file a report with the Court summarizing any declarations filed regarding late-filed or disputed claims. Class Counsel's report shall include recommendations as to whether the Court should order payment of any or all of the late-filed claims for which declarations were filed.

8.      The net balance in the Settlement Fund as of April 30, 2013, after deduction of the amounts authorized in paragraphs 3, 4, and 5 above, is $258,637,975.14.  The Court HEREBY ORDERS and directs distribution of this amount to eligible claimants according to the Plan of Allocation approved by this Court and consistent with this First Distribution Order (the "Initial Distribution).

9.      Checks issues by Rust for the Initial Distribution shall bear the notation "Non-Negotiable After 90 days."  No check issued as part of the Initial Distribution shall be negotiated more than 120 days after the date of the check.

10.      After the Initial Distribution has been completed, and 120 days has passed, Co-Lead Class Counsel shall update the Court regarding the status of disputed and late claims, the total of checks sent to claimants but not negotiated, and the remaining balance in the Settlement Fund.  After updating the Court regarding the Initial Distribution, Co-Lead Class Counsel shall seek approval from the Court for distribution of all remaining amounts in the Settlement Fund according to the same *pro rata* formula used to calculate payments made as part of the Initial Distribution.

11.      Rust may destroy the paper copies of the Claim Forms submitted by Class Members one year after this action is concluded, and may destroy electronic copies of claim records three years after this action is concluded.  This action will be deemed concluded for purposes of this paragraph when all net amounts in the Settlement Fund have been distributed to Class Members pursuant to orders of this Court.

1    12.    This Court retains continuing jurisdiction over the administration and distribution

2  of the settlement proceeds.

3

4  Dated:  7/12/13

5                                    The Honorable Susan Illston
                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1121884.1                                                    MASTER FILE NO. M07-1827 SI

[PROPOSED] ORDER GRANTING MOTION FOR AN ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUNDS
TO THE DIRECT PURCHASER CLASS MEMBERS