United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>*The AASI Creditor Liquidating Trust, by and through Kenneth A. Welt, Liquidating Trustee v. AU Optronics Corporation, et al.*, Case No. 3:11-cv-05781-SI -SI / | Case Nos. 11-cv-5781 SI<br><br>**ORDER DENYING MOTION BY LG DISPLAY CO., LTD. AND LG DISPLAY AMERICA, INC. TO COMPEL ARBITRATION** |

The motion by defendants LG Display Co., Ltd. and LG Display America, Inc. ("LG") to compel arbitration of plaintiff AASI's[1] claims is scheduled for a hearing on July 19, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on this motion. Having considered the moving papers and the arguments of the parties, and for good cause appearing, the Court DENIES the motion. Docket Nos. 8039 and 7936.

**BACKGROUND**

Plaintiff The AASI Creditor Liquidating Trust, by and through Kenneth A Welt, Liquidating Trustee ("AASI"), was assigned all of the assets and claims of All American, a Delaware corporation which filed for Chapter 11 relief on April 25, 2007. Prior to filing for bankruptcy, All American was

---

[1] LG's original motion sought to compel arbitration as to both AASI and plaintiff Jaco Electronics. LG has withdrawn its motion with respect to Jaco Electronics. *See* Docket No. 8315.

a distributor of electronic components for consumer electronics. Complaint at ¶¶ 17-18. On November 2, 2011, AASI filed this action, seeking to recover for a "long-running conspiracy . . . to fix, raise, stabilize, and maintain prices for Liquid Crystal Display panels ('LCD Panels')." Complt., ¶1. AASI's complaint seeks relief under the Sherman Act. Complt., ¶¶259-265.

Defendant LG Display Co., Ltd. is a manufacturer of LCD panels headquartered in Seoul, Korea. FAC at ¶49. Its American subsidiary, defendant LG Display America, Inc., is located in San Jose, California. FAC at ¶50. On May 17, 2013, LG filed a motion to compel arbitration of AASI's claims. LG filed an amended motion including updated exhibits on June 3, 2013.[2] LG argues that the Distributor Agreement signed by the parties on January 1, 2002 ("the Agreement") contained a valid, enforceable arbitration clause which mandates arbitration of AASI's claims against LG.

**LEGAL STANDARD**

Section 4 of the Federal Arbitration Act ("FAA") permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *Id.*

International commercial arbitration agreements involving a United States corporation are governed by Chapter 2 of the FAA, which codifies the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"). 9 U.S.C. § 206. A district court may compel arbitration not only in its own district but also in a foreign location if the proposed arbitration is governed by the Convention. *Id.* Arbitration agreements governed by the New York Convention are also governed by Chapter 1 of the FAA to the extent that the FAA and the Convention are not in conflict. 9 U.S.C. § 208.

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration

---

[2] The amended motion added deposition transcripts which had not been available at the time of the original filing.

2

agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). Federal courts are required to enforce agreements to arbitrate rigorously. *See Hall Street Assoc.*, 552 U.S. at 582. Courts are also directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). The federal policy favoring enforcement of arbitration agreements "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

The Ninth Circuit has held that, in determining whether to issue an order compelling arbitration under the New York Convention, the Court may not review the merits of the dispute but must limit its inquiry to determining whether:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Balen v. Holland America Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009) (citation omitted). "If these questions are answered in the affirmative, a court is required to order arbitration unless the court finds the agreement to be null and void, inoperative, or incapable of being performed." *Prograph Intern. Inc. v. Barhydt*, 928 F. Supp. 983, 988 (N.D. Cal. 1996) (citation omitted); *see also* 9 U.S.C. § 4.

The FAA provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, the strong presumption in favor of arbitration "does not confer a right to compel arbitration of any dispute at any time." *Volt*, 489 U.S. at 474. This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *see also McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825, 831 (2d Cir. 1988) (stating that the purpose of the FAA "was to make arbitration agreements as enforceable as other contracts, but not more so" (internal quotation marks omitted)). Additional grounds for declining to

3

enforce an arbitration agreement include unconscionability and party waiver. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010) (unconscionability); *Moses*, 460 U.S. at 24-25 (waiver).

**DISCUSSION**

LG's motion is based on an arbitration clause in the Agreement it signed with AASI. *See* Declaration of Lee F. Berger in Support of LG Display Co., Ltd.'s and LG Display America, Inc.'s Motion to Compel Arbitration ("Berger Decl."), Exh. A. The Agreement contains a clause which provides for arbitration "[i]f a dispute arises between the parties regarding the terms of this Agreement." *Id*.

LG contends that this clause encompasses AASI's antitrust claims against LG, outlined in the Complaint, and thus, the Court is required to compel arbitration of AASI's claims. AASI argues, among other things, that the arbitration clause does not encompass its antitrust claims against LG and, in any event, LG has waived its right to arbitration by virtue of its active litigation and the timing of its motion to compel arbitration. This Court must consider these issues in light of the specific circumstances of this dispute as well as the federal judiciary's "strong belief in the efficacy of arbitral procedures for the resolution of international commercial disputes[.]" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

**1.  Arbitration Clause**

The Court finds that the arbitration clause found in the Agreement does not encompass AASI's claims against LG in this MDL. The clause specifically applies to disputes regarding the "terms of this Agreement." While LG argues that the Agreement involves pricing, a central issue in the antitrust case, the Court finds that the Agreement, though it mentions that the prices for products that AASI would distribute "shall be as set forth" in LG's price guidelines, does not involve how LG determines those prices or any issue relevant to the antitrust claims. The Court agrees with AASI that the arbitration clause at issue in this motion is much narrower than the arbitration provisions the Court has previously analyzed. *See* Nokia Arbitration Order at 4 (covering "[a]ny disputes related to this Agreement or its enforcement. . . "); Costco Arbitration Order at 5 (covering disputes that "arise out of or relate to the

4

1  Agreement Documents or their subject matter, interpretation, performance or enforcement, or any other
2  agreement, transaction or occurrence between Vendor and Costco Wholesale"); Syntax Arbitration
3  Order at 4 (covering disputes "arising out of, relating to or in connection with this Agreement); Jaco
4  Order at 2 ("[a]ll disagreements or controversies of any kind whether claimed in tort, contract or
5  otherwise, either concerning this Agreement or any other matter whatsoever, will be arbitrated according
6  to the provisions of this paragraph . . . .").[3]  By contract, the arbitration provision here is too narrow to
7  encompass AASI's antitrust claims against LG.

### 2. Waiver

Moreover, even if the Court determined that the arbitration clause encompasses the antitrust dispute, the Court finds that LG has waived its right to compel arbitration. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).[4]  AASI argues that LG waived its right to arbitrate by waiting until the last day of fact discovery, some 18 months after AASI filed its complaint, to file this motion and by actively engaging in litigation through the issue of discovery requests and depositions.[5]  In response, LG indicates that

---

[3] The Court rejects LG's assertion that the Court is required to compel arbitration pursuant to the New York Convention based on the four factors outlined in *Balen v. Holland America Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009). The New York Convention only applies if there exists "an agreement in writing within the meaning of the Convention . . ." which "provides for arbitration . . ." *Balen*, 583 F.3d at 654; *see also Prograph Intern. Inc. v. Barhydt,* 928 F.Supp. 983, 988 (the inquiry involves whether there"[i]s there an agreement in writing to arbitrate *the subject of the dispute*") (emphasis added). Having determined that scope of the arbitration clause does not involve the subject of the plaintiffs' claims against LG, the Court finds the New York Convention inapplicable.

[4] The FAA governs the question of waiver of an arbitration clause. *See Sovak v. Chugai Pharmaceutical Co.,* 280 F.3d 1266, 1270 (9th Cir. 2002) ("waiver of the right to compel arbitration is a rule for arbitration, such that the FAA controls.") LG's argument that waiver of arbitration must be in writing pursuant to Section 10.2, therefore, is inapposite.

[5] AASI asserts that LG served: (1) 86 requests for admission; (2) 19 interrogatories on AASI and joined in an additional 37 interrogatories; (3) joined 70 requests for production, in response to which AASI produced over 40,000 documents; (4) LG joined in a 53 topic 30(b)(6) deposition notice to AASI, and asked approximately 300 questions; and (5) LG actively participated in each of the fact depositions

5

1  AASI fails to demonstrate that it was prejudiced by LG's active litigation.

2  The Court concludes that LG has waived its right to compel arbitration. Although LG cites repeatedly to this Court's prior orders finding that defendants in those cases had not waived their right to compel arbitration, the circumstances of those cases are markedly different than the case at hand. LG waited some 18 months after AASI filed its complaint to bring this motion, and during this time, directed discovery exclusively to AASI on numerous occasions. This period of time is significantly longer than was involved in any of the prior cases, and the discovery involved here was not necessary for LG to defend itself in another MDL proceeding. Indeed, in the Syntax Order, the Court opined that the waiver issue there was somewhat a close question "based upon LG's active role in seeking discovery from Syntax," but found that LG has not waived its right to compel arbitration, partly because the discovery it had sought was relevant to another proceeding in this MDL, but also because LG first filed its motion to compel arbitration just six months after Syntax filed its complaint.

Moreover, the Court finds that AASI was prejudiced by LG's actions. Under the American Arbitration Rules, LG would have been denied the discovery that it has taken from AASI; and compelled discovery caused by delay in demanding arbitration can amount to prejudice. *See St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1203 (Cal. 2003) (prejudice may be found where petitioning party used discovery process to gain information about other side's case that could not have been gained in arbitration). Although the Court rejected arguments about prejudice to Nokia in opposing AUO's motion to dismiss and other discovery motions, the Court did so in recognition of the fact that Nokia would have been required to comply with discovery requests and oppose various motions regardless of whether AUO had sought arbitration sooner. While AASI may be required to engage in discovery against other defendants, LG's delay in filing this motion on the last day of fact discovery, has invariably prejudiced AASI. LG's conscious decision to wait so long in filing this motion, combined with LG's active role in litigation specifically directed towards AASI here, compel the conclusion that LG has waived its right to compel arbitration.

Accordingly, the Court DENIES LG's motion.

---

of four former AASI employees.

6

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES LG's motion to compel arbitration. Docket Nos. 8039 and 7936

**IT IS SO ORDERED.**

Dated: July 18, 2013

SUSAN ILLSTON
United States District Judge