IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>*Sony Electronics, Inc.; Sony Computer Entertainment America LLC v. HannStar Display Corp.*, Case No. 12cv2214 SI _____/ | **ORDER OVERRULING HANNSTAR DISPLAY CORPORATION'S OBJECTIONS TO SPECIAL MASTER'S ORDER RE DISCOVERY** |

Defendant HannStar Display Corporation has filed a motion to overrule the Special Master's order concerning Sony's discovery requests. Docket No. 8085. The Court finds, pursuant to Civil Local Rule 7-1(b), that this matter is suitable for disposition without oral argument and VACATES the hearing currently scheduled for July 26, 2013.

Having considered the parties' papers, and for good cause appearing, the Court OVERRULES HannStar's objections to the Special Mater's order and AFFIRMS that order.

**DISCUSSION**

Defendant HannStar seeks to reverse the Special Master's discovery order dated May 29, 2013, relating to documents and information concerning an alleged pre-litigation settlement agreement between Sony and HannStar.

Sony has sued HannStar for breach of the alleged settlement agreement, and the disputed discovery relates to allegations in that complaint. The agreement was allegedly reached after the parties engaged in mediated discussions "for the purpose of resolving all LCD-related claims . . . without the necessity of litigation." Complaint at ¶ 166. Sony alleges that one month after the parties accepted a

"Mediator's Proposal" through which Sony "agreed to release HannStar from [its] LCD-related claims," *id.* at ¶ 168, HannStar informed Sony that it "would not pay the amount it had agreed to pay . . . and repudiated the agreement." *Id.* at ¶ 171.

Sony now seeks discovery from HannStar involving communications relating to the Mediator's Proposal, the parties' acceptance of the proposal, and HannStar's refusal to comply with the settlement terms. HannStar seeks to avoid the discovery on the basis of various mediation confidentiality provisions in the California Evidence Code. Evidence Code § 1119(a) precludes discovery into or admission of "evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or mediation consultation." The rule applies to "writing[s]" and "communications." Cal. Evid. Code § 1119(b) and (c). However, Evidence Code § 1123 creates certain exceptions, including one which allows for the admissibility of a "written settlement agreement" when "[t]he agreement provides that it is enforceable or binding or words to that effect." Cal. Evid. Code § 1123(b). Section 1123 does not expressly limit its application to written settlement agreements incorporated into a single document.

HannStar filed a motion before the Special Master, seeking a protective order to excuse it from responding to Sony's First Sets of Requests for Admission, Interrogatories, and Document Requests (Docket No. 7814), on the grounds that the parties never entered into a "written settlement agreement." On May 29, 2013, the Special Master issued an Order denying HannStar's motion, except as to Interrogatory No. 5,[1] and ordered HannStar to provide "Rule-compliant" responses to Sony's discovery requests. *See* Docket No. 8021. The Special Master noted that California law permits a contract to be comprised of a series of communications, as opposed to a single document, and that a signature, for purposes of the Statute of Frauds, can be "printed, stamped or typewritten" or delivered via electronic communications. *Id.* at 4. Accordingly, he concluded that "the issue of whether the mediation communications in this case amount to a written, signed settlement agreement requires the development of facts surrounding the documents alleged to constitute that agreement." Docket No. 8021 at 4.

---

[1] The motion was granted as to Interrogatory No. 5 without prejudice to Sony's right to request it again if the Court determines that the alleged settlement documents are admissible. *See* Docket No. 8021 at 5-6.

2

Specifically, the Special Master found that all of the Requests for Admission were appropriately focused on discovering facts that might tend to demonstrate the existence of an enforceable and admissible written settlement agreement, and Request for Production No. 1 targets communications that might have formed the alleged written agreement. Additionally, the Special Master found that Interrogatories Nos. 1-4 and 6 are not subject to Evid. C. § 1119 because they do not seek the substance of mediation communications. He found that HannStar need not respond to Interrogatory No. 5, which seeks facts about why HannStar refused to honor the alleged settlement agreement, since it is not directed at whether a written settlement agreement existed for purposes of Evid. C. § 1123(b). Finally the Special Master denied HannStar's motion as to the attorney-client privilege, without prejudice to its right to withhold privileged documents, provided it submits a privilege log.

The Court agrees with the Special Master's analysis. In its prior Orders denying HannStar's motions to dismiss (Docket Nos. 6571 and 7020), this Court concluded that California's mediation statutes do not preclude Sony from pursuing its breach of contract claims, because Sony adequately pled the existence of a "written settlement agreement." In so concluding, the Court noted that the facts Sony alleged, if proven, would demonstrate that the mediator's proposal "constituted a signed, binding, and enforceable agreement." To determine what may constitute a "written settlement agreement" for purposes of § 1123, the Court looks to California contract law, and, as the Special Master noted, authority exists to consider separate documents as constituting a single written agreement.[2]

Accordingly, the Court finds that Sony's requests, apart from Interrogatory No. 5, which sought evidence of HannStar's reasons for reneging on the alleged agreement, were proper and were narrowly tailored to elicit evidence of a written agreement between the parties. Additionally, the Court affirms the Special Master's denial of HannStar's motion with respect to the attorney-client privilege. In accordance with the federal rules, HannStar may withhold privileged documents, provided it submitted a privilege log listing such documents.

---

[2] HannStar's reliance on *Ryan v. Garcia,* 27 Cal.App. 4th 1006 (1994), is misplaced, as that case involved an oral agreement, not a dispute over whether separate documents may, together, consist of a written agreement, as is present here.

3

**CONCLUSION**

The Court OVERRULES HannStar's objection, AFFIRMS the Special Master's Order, and ORDERS HannStar to provide "Rule-compliant" responses to Sony's discovery requests within 10 days of this Order.

**IT IS SO ORDERED.**

Dated: July 24, 2013

SUSAN ILLSTON
United States District Judge

4