Christopher M. Curran (*pro hac vice*)
Email: ccurran@whitecase.com
J. Mark Gidley (*pro hac vice*)
Email: mgidley@whitecase.com
Martin M. Toto (*pro hac vice*)
Email: mtoto@whitecase.com
John H. Chung (*pro hac vice*)
Email: jchung@whitecase.com
**WHITE & CASE**
1155 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113

*Attorneys for Toshiba Corporation,
Toshiba Mobile Display Co., Ltd.,
Toshiba America Electronic
Components, Inc., and Toshiba
America Information Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. 3:07-md-01827 SI<br>MDL No. 1827 |
| This Document Relates to:<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.,*<br>Case No. 10-CV-4572<br><br>*Best Buy Co., Inc. v. Toshiba Corp. et al.,*<br>Case No. 12-CV-4114 | Individual Cases:<br>Case No. 10-CV-4572<br>Case No. 12-CV-4114<br><br>**STIPULATION AND [PROPOSED] ORDER RE BEST BUY'S CLAIMS BASED ON PURCHASES FROM NEC**<br><br>**The Honorable Susan Illston** |

1    WHEREAS, Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc. (collectively, "Best Buy") filed a complaint in this action against Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. ("Toshiba"), on August 3, 2012;

WHEREAS, Toshiba joined in Defendants' motion for summary judgment as to damages based on purchases from conspirators not alleged in the complaints of certain Track 1 plaintiffs, including Best Buy, on August 2, 2012;

WHEREAS, Best Buy filed a motion to consolidate its action against Toshiba with other Track 1 cases on November 16, 2012;

WHEREAS, in its reply regarding the motion to consolidate, Best Buy agreed to submit to the Court's rulings on certain summary judgment motions, including Defendants' motion filed on August 2, 2012;

WHEREAS, the Court granted Best Buy's motion to consolidate its action against Toshiba with other Track 1 cases on December 13, 2012;

WHEREAS, in granting the motion to consolidate, the Court specifically referenced Best Buy's acceptance of the Court's pending rulings on certain summary judgment motions, including Defendants' motion filed on August 2, 2012;

WHEREAS, the Court granted in part Defendants' motion for summary judgment as to damages based on purchases from conspirators not alleged in the complaints of certain Track 1 plaintiffs, including Best Buy, on December 26, 2012, Dkt. No. 7419 (the "Order");

WHEREAS, in the Order, the Court granted Defendants' motion "as to plaintiffs' claims for damages based on purchases from the following entities that the Court finds were not disclosed to defendants prior to the discovery cut-off (or otherwise the subject of discovery prior to the cut-off): . . . [Best Buy]: Advanced Displays, Inc., Alps Electric Co., Ltd., NEC Corp., NEC Corp. of America, NEC Display Solutions of America, Nikon, Philips Kobe, and Samsung Mobile Display";

1
STIPULATION AND [PROPOSED] ORDER RE BEST BUY'S CLAIMS BASED ON PURCHASES FROM NEC
Master Case No. 3:07-MD-1827 SI
Individual Files 10-CV-4572; 12-CV-4114

WHEREAS, the Court's Order did not exclude NEC LCD Technologies, Ltd., which Best Buy identified in its Complaint in that action.  *See* Dkt. No. 2878 (Best Buy's First Amended Complaint ¶¶ 58-59);

WHEREAS, consistent with the Order, Best Buy and Toshiba hereby stipulate, subject to approval by the Court, as follows:

1. Best Buy's claims against Toshiba are subject to the Court's Order granting in part Defendants' motion for summary judgment, Dkt. No. 7419;

2. Best Buy shall not assert claims for damages based on purchases from the following entities:  Advanced Displays, Inc., Alps Electric Co., Ltd., NEC Corporation, NEC Corporation of America, NEC Display Solutions of America; Nikon; Philips Kobe; and Samsung Mobile Display;

3. Best Buy does not waive the right to contend that Best Buy's purchases from these entities are independently actionable under *Illinois Brick* and *Royal Printing* as set forth by Best Buy in its Reply to HannStar's Second Opposition to Best Buy's Trial Brief re FRCP 1006 Summary Witness filed on August 7, 2013 and pending before the Court (Dkt. No. 8423 at 2:9-27), to the extent this argument has not been resolved by the Court's Order on summary judgment, Dkt. No. 7419;

4. NEC LCD Technologies, Ltd. remains as an alleged co-conspirator in Best Buy's complaint (just as it was in Best Buy's complaint in *Best Buy Co., Inc. v. AU Optronics Corp., et al.*).

**IT IS SO STIPULATED.**

Dated: August 8, 2013  /s/ Christopher M. Curran

Christopher M. Curran (*pro hac vice*)
J. Mark Gidley (*pro hac vice*)
Martin M. Toto (*pro hac vice*)
John H. Chung (*pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: ccurran@whitecase.com
          mgidley@whitecase.com
          mtoto@whitecase.com
          jchung@whitecase.com

*Attorneys for Defendants Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.*

Dated: August 8, 2013  /s/ David Martinez

Roman M. Silberfeld, State Bar No. 62783
David Martinez, State Bar No. 193183
Laura E. Nelson, State Bar No. 231856
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    (310) 552-0130
Facsimile:    (310) 229-5800
Email:    RMSilberfeld@rkmc.com
            DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, Inc.*

**ORDER**

IT IS SO ORDERED.

Dated: __Aug. 8__, 2013  _____

The Honorable Susan Illston
UNITED STATES DISTRICT COURT JUDGE