IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*Best Buy v. AU Optronics Corp. et al.,*<br>Case No. 10-CV-4572,<br><br>*Best Buy v. Toshiba Corp. et al.,*<br>Case No. 12-CV-4114<br>_____/ | **ORDER RE BEST BUY'S TRIAL BRIEF RE (1) FRE 1006 SUMMARY WITNESS AND (2) DR. McCLAVE** |

The parties have filed a number of trial briefs addressing Best Buy's intent to call, pursuant to FRE 1006, a summary witness to summarize records related to (1) guilty pleas and judgments and (2) corporate ownership and relationships. The parties have also filed briefs regarding Best Buy's motion to preclude defendants from calling Dr. McClave at trial and to preclude any argument or testimony regarding Dr. McClave. Having considered the parties' papers on these issues, the Court orders as follows:

**I.    Best Buy's Trial Brief re FRE 1006 Summary Witness**

    **A.    Guilty Pleas and Judgments**

Best Buy seeks to call a summary witness, Daniel Gill, to summarize voluminous records of guilty pleas and related judgments and sentencing memoranda. Those documents are identified in Exhibit A of Best Buy's brief, Docket No. 8389. Best Buy also moves for admission of the records Mr.

Gill will summarize. HannStar contends that only judgments are admissible under FRE 803(22), that the proposed summary will prejudice HannStar, and that there is no basis or need for a summary witness. Toshiba does not oppose Best Buy's request for a summary witness as to evidence of the guilty pleas and related documents, but requests that the time spent by Best Buy in introducing this evidence be charged to Best Buy.

The Court OVERRULES HannStar's objections. The Court concludes that the documents are admissible pursuant to FRE 803(22), and that Best Buy has shown that the requirements of FRE 1006 are met. The Court's ruling is without prejudice to HannStar raising specific objections that wording in the summary chart is not neutral or that Mr. Gill is improperly interpreting or characterizing the evidence. The time spent on Mr. Gill's direct testimony will be charged to Best Buy, and his testimony on cross will be charged to defendants.

### B.     Corporate Relationship Documents

Best Buy also seeks to have Mr. Gill summarize voluminous records establishing the corporate relationships for Samsung, Sharp, Toshiba, Philips, Panasonic and NEC, and to admit the underlying records. The Court concludes that the documents are admissible pursuant to FRE 803(6) and FRE 902(12), and that Best Buy has shown that the requirements of FRE 1006 are met. Accordingly, the Court GRANTS this request, subject to the Court's rulings on specific objections made by defendants, addressed below.[1] The time spent on Mr. Gill's direct testimony will be charged to Best Buy, and his testimony on cross will be charged to defendants.

#### 1.     NEC Press Releases, Sharp's 100 Anniversary Annual Report, and Joint Venture Agreements

The Court overrules HannStar's objections to the presentation and admission of these documents. Best Buy has submitted custodian of records declarations for these documents establishing that they are

---

[1] The Court will issue a separate order regarding defendants' objections to Best Buy's summary chart titled "NEC."

2

admissible under FRE 902(12) and FRE 803(6).[2]

### 2.   "Shorthand Definition" (Royal Philips)

In response to HannStar's objection, Best Buy will use the full name of Koninklijke Philips Electronics NV.

### 3.   Dates

In response to HannStar's objection, Best Buy will insert the dates at issue.

### 4.   Majority Ownership

The Court OVERRULES defendants' objections. Best Buy may introduce evidence of corporate relationships even if the ownership shares are less than 50%, as those relationships may be relevant to demonstrating control.

### 5.   Sanyo

Defendants object that Panasonic's acquisition of Sanyo is irrelevant because it occurred in 2011. Best Buy states that it does not intend to refer to Sanyo in its summary chart.

### 6.   Toshiba and Panasonic Slides

The Court OVERRULES the objections to Best Buy's slides (1) depicting Toshiba entities together and (2) the Panasonic slide depicting Toshiba. Defendants may address their concerns through cross-examination.

---

[2] The record contains the custodian of records declarations for the NEC press releases and the joint venture agreements. Best Buy represents that it has a custodian of records declaration for the Sharp 100 Anniversary Annual Report, and that this declaration is similar to the other custodian of records declarations.

3

### 7. Sharp Slides

In response to HannStar's objection that Best Buy had not presented a slide regarding Sharp, Best Buy has revised its summary chart to include Sharp.

## II. Best Buy's Trial Brief re Dr. James McClave

The Court GRANTS Best Buy's motion to preclude defendants from calling Dr. McClave[3] and to preclude argument or testimony regarding Dr. McClave. Docket No. 8336. Dr. McClave was disclosed as an expert witness by a plaintiff in a different case, Target, and subsequently withdrawn by Target. Neither Best Buy nor defendants have ever disclosed Dr. McClave as a witness, and Dr. McClave has never offered any opinions regarding Best Buy.

**IT IS SO ORDERED.**

Dated: August 8, 2013

SUSAN ILLSTON
United States District Judge

---

[3] In any event, defendants state that they will not be calling Dr. McClave as a live witness.