IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*Best Buy v. AU Optronics Corp. et al.,*<br>Case No. 10-CV-4572,<br><br>*Best Buy v. Toshiba Corp. et al.,*<br>Case No. 12-CV-4114 | **ORDER RE NEC** |

Defendants object to Best Buy's proposed summary witness charts and testimony concerning NEC Corporation, NEC LCD Technologies, Ltd., NEC Display Solutions, Ltd and NEC Display Solutions of America, Inc. as irrelevant and confusing, since this Court previously excluded claims for damages based on purchases from NEC Corporation, NEC Corporation of America and NEC Display Solutions of America. See MDL Dkt. No. 7419 at 9. Best Buy has stipulated that its claims against both HannStar and Toshiba are governed by that exclusion order, but argues that it should be permitted to recover damages for direct purchases from the other NEC finished product vendors under the ownership or control exception to *Illinois Brick* found in *Royal Printing*.

The Court disagrees. The exclusion order clearly applies to damages based on purchases from the three NEC entities, and Best Buy stipulates that it applies its claims against both HannStar and Toshiba. The notice concerns on which the exclusion order was originally premised would be exacerbated by introduction now, in the midst of trial, of a new theory to bring damages based on

purchases from these excluded entities back into the case.

Defendants' objection to the NEC summary chart and testimony is sustained.

**IT IS SO ORDERED.**

Dated: August 9, 2013

_____
SUSAN ILLSTON
United States District Judge

2