Richard M. Heimann (State Bar No. 63607)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:   (415) 956-1000
Facsimile:   (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:   (415) 433-9000
Facsimile:   (415) 433-9008

*Counsel for the Direct Purchaser Class Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI<br><br>MDL No. 1827 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | **DIRECT PURCHASER CLASS PLAINTIFFS' STATUS REPORT REGARDING LATE-FILED AND DISPUTED CLAIMS**<br><br>Date:     n/a<br>Time:     n/a<br>Courtroom: 10, 19th Floor<br><br>The Honorable Susan Illston |

**INTRODUCTION**

Pursuant to the Court's July 12, 2013 Order Approving First Distribution of Settlement Funds to the Direct Purchaser Class Members (Dkt. No. 8302) ("Distribution Order"), Direct Purchaser Class Plaintiffs provide the following status report.

On July 12, 2013, the Court directed claimants seeking payment for late-filed or disputed claims to file a declaration under oath explaining why their claims should be paid. Distribution Order ¶ 7. The Court ordered that $58,185,584.04 be held back from the first distribution of settlement funds "for future unanticipated contingencies, including for purposes of considering payment to claimants who come forward and provide good cause as to why their previously rejected claim or late-filed claim should be paid." *Id.* ¶ 5.

Seventeen claimants filed submissions regarding their late-filed claims, and three claimants filed submissions regarding their disputed claims. As explained further below, Class Counsel recommends that the Court direct payment of the seventeen late-filed claims identified in Exhibit A of the accompanying Declaration of Robin Niemiec in Support of Direct Purchaser Class Plaintiffs' Status Report Regarding Late-Filed and Disputed Claims ("Niemiec 2d Decl."). Further, Class Counsel recommends that the Court authorize payment of Transcontinental Overseas, Inc.'s and Alliance for Sustainable Energy, LLC's previously-denied claims.[1] However, Class Counsel continues to agree with Claim Administrator Rust Consulting, Inc.'s ("Rust's") original determination that a portion of B&B Appliance, Inc.'s claim is ineligible for payment.

---

[1] Payment of the late-filed claims, Transcontinental's claim, and Alliance's claim will result in an estimated *pro rata* reduction of $.00577468 per loss dollar for the Panel Class, for an estimated *pro rata* payout of $.12835095 per recognized loss dollar. Niemiec Decl. ¶ 10. For the Product Class, payment of these claims will result in an estimated *pro rata* reduction of $.00047087 per loss dollar, for an estimated *pro rata* payout of $.04090097 per loss dollar. *Id.* These figures may change because the amount of funds remaining in the settlement fund will depend on various factors, including, *inter alia*, the number of uncashed checks, interested accrued, taxes due, and claims administrator fees. *Id.* Plaintiffs will provide the Court with the balance of the settlement fund when they move for an order authorizing final distribution.

# DISCUSSION

## I. Class Counsel Recommends Paying the Claims of the Seventeen Claimants Who Filed Declarations Regarding Late-Filed Claims.

Rust received 226 claim forms after the Court's April 5, 2012 deadline to submit claims, 179 of which Rust determined to be eligible had they been filed in a timely manner. Niemiec Decl. in Support of Motion for Distribution ¶ 35 (Dkt. No. 8019). Seventeen claimants who filed late claims submitted declarations to Rust explaining "why the claim's lateness should be excused and payment should be allowed." Niemiec 2d Decl. ¶ 4, Ex. A (summary of late-filed claims).

Class Counsel recommends that the Court order payment of the seventeen late-filed claims supported by the declarations. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (discussing district court's discretion regarding late claims). Each of these claimants has provided a reasonable basis for the Court to excuse the late filing of their claims. The Court-ordered reserve of $58 million is sufficient to cover payment of these late-filed claims.[2] Niemiec 2d Decl. ¶ 4.

## II. Three Claimants Submitted Declarations Regarding Disputed Claims.

Three claimants submitted declarations seeking payment of claims Rust denied. Class Counsel recommends that the Court authorize payment of Transcontinental Overseas, Inc.'s ("Transcontinental") and Alliance for Sustainable Energy, LLC's ("Alliance") claims. However, Class Counsel supports Rust's original decision that a portion of B&B Appliance's ("B&B") claim is ineligible because it falls outside of the class definition.

### A. Transcontinental Overseas, Inc.

Transcontinental submitted a claim for $14,156,000.00. Niemiec Decl. ¶ 6. Rust originally rejected Transcontinental's claim because it was not supported by adequate documentation. Transcontinental had submitted only canceled checks. Based on this

---

[2] Unless the Court orders otherwise, Rust intends to pay these claims, and those of Transcontinental and Alliance, as part of the second and final distribution. Niemiec 2d Decl. ¶ 10. Rust has not yet calculated the final award amounts of these claims because such amounts will depend on the balance remaining in the settlement fund at the time of the final distribution. *Id.* As noted above, the amount of remaining funds will depend on various factors. *See*, *supra*, n.1.

1  documentation, it was not apparent whether Transcontinental purchased eligible products from
2  Defendants. Thereafter, on August 2, 2013, Transcontinental submitted, along with its canceled
3  checks, an affidavit stating the canceled checks

> represent purchases of LCD flat screen televisions during the relevant time period covered by the LCD flat screen antitrust litigation and were purchases shipped to the United States from defendants, affiliates and/or alleged co-conspirators in that litigation.

7  Niemiec Decl., Ex. C (Decl. of Kishichand Parvani, submitted by Robert A. Goodin, Esq.). Class
8  Counsel considers the affidavit submitted under oath, along with the cancelled checks, to be
9  acceptable proof for purposes of the administration of this claim.

### B.  Alliance for Sustainable Energy, LLC

Alliance submitted a claim for $1,021,172.00. Niemiec Decl. ¶ 7. Rust initially denied Alliance's claim, concluding that Alliance was a government entity and therefore not eligible to participate in the settlement. *Id.* However, Alliance has responded with proof that it is not a government entity. *Id.* Thus, Class Counsel recommends that the Court authorize payment of Alliance's previously denied claim.

### C.  B&B Appliance

B&B submitted a claim for $3,285,358.00. Niemiec Decl. ¶ 8. Of this amount, Rust found $3,216,348.00 was ineligible because these "purchases were not made directly from a defendant or any subsidiary thereof, or any named affiliate or any named co-conspirator." *Id.*, Ex. D. This was because B&B Appliance's supporting documentation showed that its purchases were made through a third-party intermediary. *Id.* ¶ 8, Ex. E. Moreover, the subject B&B purchases were made through Marta Cooperative of America ("Marta"), which has opted out of this case on behalf of itself and its members. *Id.* ¶ 8.

B&B nevertheless maintains that it was a direct purchaser because "[a]ll of the purchase orders B&B submitted with respect to the claim were issued by B&B DIRECTLY to the defendant/co-conspirators and all of the shipping information B&B submitted with respect to the claim show shipments DIRECTLY from the defendants/co-conspirators to B&B." Niemiec Decl., Ex. F (emphasis in original). However, the materials submitted show that payment to the

defendants was made by Marta, and that B&B later made payment to Marta for the purchases, which tends to disprove direct purchases. *Id.*, Ex. E.

Co-Lead Class Counsel therefore continue to agree with Rust's determination. Based on the supporting documents B&B submitted, it appears that B&B did not purchase directly from any Defendant or any subsidiary thereof, or any named affiliate or any named co-conspirator. Thus, the disputed purchases fall outside the class definitions. Class Counsel therefore recommend that the Court order that this claim be denied.

## **CONCLUSION**

For the foregoing reasons, Direct Purchaser Class Plaintiffs respectfully request that the Court (1) authorize payment of the seventeen late-filed claims identified in Exhibit A to the Niemiec Declaration, (2) authorize payment of the Transcontinental Overseas, Inc.'s and Alliance for Sustainable Energy, LLC's previously-rejected claims, and (3) confirm that the portion of the claim filed by B&B Appliance at issue was properly denied.

Respectfully submitted,

Dated:  August 26, 2013        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:     */s/ Eric B. Fastiff*
        Eric B. Fastiff

Richard M. Heimann (State Bar No. 063607)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Marc A. Pilotin (State Bar No. 266369)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008

| | | |
|---|---|---|
| 1 | Dated: August 26, 2013 | PEARSON, SIMON, & WARSHAW LLP |
| 2 | | |
| 3 | | By: _/s/ Bruce L. Simon_____ |
| | | Bruce L. Simon |

Clifford H. Pearson (State Bar No. 108523)
Bruce L. Simon (State Bar No. 96241)
Aaron M. Sheanin (State Bar No. 214472)
Robert G. Retana (State Bar No. 148677)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:   (415) 433-9000
Facsimile:    (415) 433-9008

*Co-Lead Class Counsel for the Direct Purchaser Class Plaintiffs*

PRITZKER | LAW
Elizabeth C. Pritzker
633 Battery Street, Suite 110
San Francisco, CA 94111
Telephone: 415.692.6772
Facsimile:  415.366.6110

*Liaison Counsel for the Direct Purchaser Class Plaintiffs*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory.

Dated: August 26, 2013           By: _/s/ Eric B. Fastiff_____
                                      Eric B. Fastiff