Kenneth S. Marks (*pro hac vice*)
Jonathan R. Ross (*pro hac vice*)
Johnny W. Carter (*pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
jcarter@susmangodfrey.com
jross@susmangodfrey.com

Parker C. Folse III (*pro hac vice*)
Rachel S. Black (*pro hac vice*)
Jordan Connors (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master Docket No. M:07-1827 SI<br><br>MDL No. 1827 |
| THIS DOCUMENT RELATES TO:<br><br>ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AU OPTRONICS CORPORATION, ET AL.<br><br>Defendants. | Individual Case No. 3:10-cv-05625 SI<br><br>**DECLARATION OF RACHEL S. BLACK IN SUPPORT OF PLAINTIFF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON CHOICE OF LAW**<br><br>Date: November 22, 2013<br>Time: 9:00 a.m.<br>Ct. Room: No. 10, 19th Floor<br>Honorable Susan Illston |

I, Rachel S. Black, hereby declare as follows:

1. I am an attorney at Susman Godfrey L.L.P., and counsel for plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, in the above-captioned action. I am a member in good standing with the bar of the State of Washington. I am over the age of

eighteen, can attest to the following matters from personal knowledge, and if called as a witness, could competently testify to the matters set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Defendant Deposition Exhibit 3498, which was marked at the July 19, 2011 deposition of J. W. Kim, bearing Bates number SAML-277027, which is marked "highly confidential" under the protective order.

3. Attached hereto as **Exhibit 2** are true and correct excerpts of Defendant Deposition Exhibit 1846, bearing Bates number CMOCIV-2769651, which is marked "highly confidential" under the protective order.

4. Attached hereto as **Exhibit 3** is a true and correct is a true and correct copy of Plaintiff Deposition Exhibit 616, bearing Bates number AU-MDL-00449772-76, which is marked "highly confidential" under the protective order.

5. Attached hereto as **Exhibit 4** is a true and correct excerpts from the deposition transcript of Jason Yun, dated December 8, 2011, which is marked "highly confidential" under the protective order.

6. Attached hereto as **Exhibit 5** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-0710163, which is marked "highly confidential" under the protective order.

7. Attached hereto as **Exhibit 6** is a true and correct copy of a document produced by Samsung Defendants in this litigation, bearing Bates number SAML-280996, which is marked "highly confidential" under the protective order.

8. Attached hereto as **Exhibit 7** is a true and correct copy of a document produced by Samsung Defendants in this litigation, bearing Bates number SAML-280987 which is marked "highly confidential" under the protective order.

9. Attached hereto as **Exhibit 8** is a true and correct copy of Defendant Deposition Exhibit 4515, bearing Bates number SAML-281039, which is marked "highly confidential" under the protective order.

10. Attached hereto as **Exhibit 9** is a true and correct copy of a document produced by Samsung Defendants in this litigation, bearing Bates number SAML-281085, which is marked "highly confidential" under the protective order.

11. Attached hereto as **Exhibit 10** is a true and correct copy of a document produced by Samsung Defendants in this litigation, bearing Bates number SAML-281193, which is marked "highly confidential" under the protective order.

12. Attached hereto as **Exhibit 11** is a true and correct copy of Defendant Deposition Exhibit 4519, bearing Bates number SAML-281301, which is marked "highly confidential" under the protective order,

13. Attached hereto as **Exhibit 12** is a true and correct copy of Defendant Deposition Exhibit 4523, bearing Bates number SAML-281337, which is marked "highly confidential" under the protective order.

14. Attached hereto as **Exhibit 13** is a true and correct copy of Defendant Deposition Exhibit 4529, bearing Bates number SAML-281529, which is marked "highly confidential" under the protective order.

15. Attached hereto as **Exhibit 14** is a true and correct copy of Defendant Deposition Exhibit 3500-A, bearing Bates number SAML-798815, which is marked "highly confidential" under the protective order.

16. Attached hereto as **Exhibit 15** is a true and correct copy of Defendant Deposition Exhibit 4533, bearing Bates number SAML-363526, which is marked "highly confidential" under the protective order.

17. Attached hereto as **Exhibit 16** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-2537432, which is marked "highly confidential" under the protective order.

18. Attached hereto as **Exhibit 17** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-2537434, which is marked "highly confidential" under the protective order.

19. Attached hereto as **Exhibit 18** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-0965985, which is marked "highly confidential" under the protective order.

20. Attached hereto as **Exhibit 19** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-0988874, which is marked "highly confidential" under the protective order.

21. Attached hereto as **Exhibit 20** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-0965987, which is marked "highly confidential" under the protective order.

22. Attached hereto as **Exhibit 21** is a true and correct copy of a document produced by Chi Mei Defendants in this litigation, bearing Bates number CMOCIV-0965773, which is marked "highly confidential" under the protective order.

23. Attached hereto as **Exhibit 22** are true and correct excerpts from Defendant AU Optronics Corporation America's Second Amended Responses to Direct and Indirect Purchaser Class Plaintiffs' Witness and Contention Interrogatories dated April 11, 2011, marked as "highly confidential" under the protective order.

24. Attached hereto as **Exhibit 23** is a true and correct copy of Defendant Deposition Exhibit 1802, bearing Bates number CMOCIV-0780508, which is marked "highly confidential" under the protective order.

25. Attached hereto as **Exhibit 24** is a true and correct copy of Defendant Deposition Exhibit 5649, bearing Bates number AU-MDL-02084110, which is marked "highly confidential" under the protective order.

26. Attached hereto as **Exhibit 25** is a true and correct copy of a document produced by LG Defendants in this litigation, bearing Bates number GRNE0227580, which is marked "highly confidential" under the protective order.

27. Attached hereto as **Exhibit 26** is a true and correct copy of Defendant Deposition Exhibit 1839, bearing Bates number CMOCIV-1037306, which is marked "highly confidential" under the protective order.

28. Attached hereto as **Exhibit 27** is a true and correct copy of Defendant Deposition Exhibit 3489-E, bearing Bates number SAML-287132, which is marked "highly confidential" under the protective order.

29. Attached hereto as **Exhibit 28** is a true and correct copy of a document produced by Sharp Defendants in this litigation, bearing Bates number SECm01074318, which is marked "highly confidential" under the protective order.

30. Attached hereto as **Exhibit 29** is a true and correct copy of Plaintiff Deposition Exhibit 620, bearing Bates number AU-MDL-01724424, which is marked "highly confidential" under the protective order.

31. Attached hereto as **Exhibit 30** are true and correct copy excerpts from the deposition transcript of JW Kim, dated July 19, 2011, which is marked "highly confidential" under the protective order.

32. Attached hereto as **Exhibit 31** is a true and correct copy of a document produced by Sharp Defendants in this litigation, bearing Bates number SECm00278869, which is marked "highly confidential" under the protective order.

33. Attached hereto as **Exhibit 32** is a true and correct copy of Defendant Deposition Exhibit 2698, bearing Bates number SECm00373597, which is marked "highly confidential" under the protective order.

34. Attached hereto as **Exhibit 33** are true and correct excerpts from the deposition transcript of Cameron Zand, dated February 23, 2012, which is marked "highly confidential" under the protective order.

35. Attached hereto as **Exhibit 34** is a true and correct copy of Plaintiff Deposition Exhibit 4803, bearing Bates number TSB-LCD-0414845, which is marked "highly confidential" under the protective order.

36. Attached hereto as **Exhibit 35** is a true and correct copy of Plaintiff Deposition Exhibit 4808, bearing Bates number TSB-LCD-0656478, which is marked "highly confidential" under the protective order.

37. Attached hereto as **Exhibit 36** are true and correct excerpts from the deposition transcript of Jesse Waldron, dated November 29, 2011, which is marked "highly confidential" under the protective order.

38. Attached hereto as **Exhibit 37** is a true and correct copy of Plaintiff Deposition Exhibit 4806, bearing Bates number TSB-LCD-0424818, which is marked "highly confidential" under the protective order.

39. Attached hereto as **Exhibit 38** is a true and correct copy of a document produced by Toshiba Defendants in this litigation, bearing Bates number TSB_LCD1_00344329, which is marked "highly confidential" under the protective order.

40. Attached hereto as **Exhibit 39** is a true and correct copy of a document produced by Toshiba Defendants in this litigation, bearing Bates number TSB_LCD1_00360128, which is marked "highly confidential" under the protective order.

41. Attached hereto as **Exhibit 40** is a true and correct copy of a document produced by Epson Defendants in this litigation, bearing Bates number EEADOC 00398255, which is marked "highly confidential" under the protective order.

42. Attached hereto as **Exhibit 41** is a true and correct copy of a document produced by Toshiba Defendants in this litigation, bearing Bates number EEADOC 00221186, which is marked "highly confidential" under the protective order.

43. Attached hereto as **Exhibit 42** are true and correct excerpts from the deposition transcript of HS Kim, dated July 15, 2010, which is marked "highly confidential" under the protective order.

44. Attached hereto as **Exhibit 43** is a true and correct copy of Plaintiff Deposition Exhibit 4813, bearing Bates number TSB-LCD-0657107, which is marked "highly confidential" under the protective order.

45. Attached hereto as **Exhibit 44** is a true and correct copy of LG's Plea Agreement, filed in *United States v. LG Display, Co., et al.*, No. 08-00803 (N.D. Cal. Dec. 17, 2008) (ECF No. 10-1).

46. Attached hereto as **Exhibit 45** is a true and correct copy of Sharp's Plea Agreement, filed in *United States v. Sharp Corp.*, No. 08-00802 (N.D. Cal. Dec. 17, 2008) (ECF No. 9-1).

47. Attached hereto as **Exhibit 46** is a true and correct copy of Chunghwa's Plea Agreement, filed in *United States v. Chunghwa Picture Tubes*, No. 08-00804 (N.D. Cal. Jan. 16, 2009) (ECF No. 10-1).

48. Attached hereto as **Exhibit 47** is a true and correct copy of Hitachi's Plea Agreement, filed in *United States v. Hitachi Displays*, No. 09-00247 (N.D. Cal. May 26, 2009) (ECF No. 6-1).

49. Attached hereto as **Exhibit 48** is a true and correct copy of Epson's Plea Agreement, filed in *United States v. Epson Imaging Devices Corp.*, No. 09-00854 (N.D. Cal. Oct. 23, 2009) (ECF No. 7-1).

50. Attached hereto as **Exhibit 49** is a true and correct copy of Chi Mei's Plea Agreement, filed in *United States v. Chi Mei Optoelectronics Corp.*, No. 09-01166 (N.D. Cal. Feb. 11, 2010) (ECF No. 9).

51. Attached hereto as **Exhibit 50** is a true and correct copy of Chang Suk Chung's Plea Agreement, filed in *United States v. Chang Suk Chung*, No. 09-00044 (N.D. Cal. Feb. 11, 2010) (ECF No. 7-1).

52. Attached hereto as **Exhibit 51** is a true and correct copy of Bock Kwon's Plea Agreement, filed in *United States v. Bock Kwon*, No. 09-00437 (N.D. Cal. Jun. 26, 2009) (ECF No. 9-1).

53. Attached hereto as **Exhibit 52** is a true and correct copy of Hsueh-Lung Lee's Plea Agreement, filed in *United States v. Hsueh-Lung Lee*, No. 09-0045-SI-3 (N.D. Cal. Mar. 2, 2009) (ECF No. 22-1).

54. Attached hereto as **Exhibit 53** is a true and correct copy of Chieng-Hon Lin's Plea Agreement, filed in *United States v. Chieng-Hon Lin*, No. 09-0045-SI-1 (N.D. Cal. Feb. 23, 2009) (ECF No. 10-1).

55. Attached hereto as **Exhibit 54** is a true and correct copy of Chih-Chun Liu's Plea Agreement, filed in *United States v. Chih-Chun Liu*, No. 09-0045-SI-2 (N.D. Cal. Mar. 2, 2009) (ECF No. 24-1).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 4, 2013, at Seattle, Washington.

*/s/ Rachel S. Black*
Rachel S. Black