IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>Indirect-Purchaser Class Action<br><br>_____ / | No. C 07-01827 SI<br><br>**ORDER DENYING MOTION TO RELEASE $28.2 MILLION HELD IN ESCROW FUND**<br><br>**(Docket No. 8607)** |

Currently before the Court is non-party creditor LFG National Capital, LLC's motion to release $28.2 million held in an escrow fund. Pursuant to Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for November 15, 2013. For the reasons set forth below, the Court DENIES LFG's motion.

**BACKGROUND**

This matter comes before the Court on motion by non-party creditor LFG National Capital, LLC ("LFG") to release to it $28.2 million held in an escrow account following final approval of the Indirect Purchaser Plaintiff Class Settlement. On April 3, 2013, the Court issued a Second Amended Order granting final approval to the Class Settlement. Dkt. 7697. In that Order, the Court distributed attorneys' fees and expenses, and ordered that $28.2 million, taken from attorney Joseph Alioto's fee

1  award, be set aside in an escrow account pending determination of the validity of LFG's lien against
2  him. *Id.* at 30. On April 25, 2013, the Court denied LFG's motion to direct fees and costs as premature.
3  Dkt. 7781. On April 26, 2013, LFG filed a complaint against Alioto, alleging breach of contract and
4  breach of guarantees. *See* 3:13-cv-01930, Dkt. 1. On June 27, 2013, the Court granted Alioto's Motion
5  to Dismiss that complaint due to lack of federal jurisdiction. *Id.* at Dkt. 31.

6  LFG then filed its complaint for breach of contract and breach of guarantees in the Superior
7  Court for San Francisco County. Non-Party Creditor LFG National Capital, LLC's Motion to Release
8  $28.2 Million Held in Escrow Fund at 2-3. On July 18, 2013, LFG filed an application for a right to
9  attach order or a writ of possession, seeking the $28.2 million held in the escrow fund. *Id.* at 3. On
10 August 12, 2013, the Superior Court granted LFG's application for a writ of possession over the money
11 held in the escrow fund. *Id.* On August 22, 2013, the court further ordered that LFG need not post a
12 bond when executing the writ of possession.[1] *Id.*

13 On September 6, 2013, several objectors appealed the Court's final approval of the Class
14 Settlement to the Ninth Circuit. *See* Dkt. 8617, Ex. A. The objector-appellants seek reversal of the
15 Court's attorneys' fees award, and specifically challenge the award of Alioto's fees due to his alleged
16 fee-splitting agreement with LFG. *Id.*

17 LFG now moves the Court to release the $28.2 million held in the escrow fund so that, when
18 LFG requests the sheriff to levy the account, the bank will permit payment from the escrow account.

19
20 **LEGAL STANDARD**

21 Once an appeal is filed, "the district court is divested of jurisdiction over the matters being
22 appealed." *NRDC v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident*
23 *Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). The purpose of this "judge-made" rule "is
24 to promote judicial economy and avoid the confusion that would ensue from having the same issues
25 before two courts simultaneously." *Id.* However, this rule is not absolute. "After appeal a trial court
26 may, if the purposes of justice require, preserve the status quo until decision by the appellate court . .

---

28 [1]LFG asks the Court to take judicial notice of the transcript of proceedings held before the Superior Court on August 21, 2013. The Court finds that this transcript complies with the requirements of Federal Rule of Evidence 201, and therefore takes judicial notice of the transcript.

. . But it may not finally adjudicate substantial rights directly involved in the appeal." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982) (quoting *Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922)). Thus, while an appeal is pending, the district court may act to preserve the status quo at the time the appeal was filed, and may not take any action that would change the core issues before the appellate court or that could not later be undone on appeal. *In re Delta Smelt Consol. Cases*, 2011 WL 2559021, at *4 (E.D. Cal. June 24, 2011) (citing *Sw. Marine*, 242 F.3d 1163).

## DISCUSSION

LFG moves the Court to release the $28.2 million held in the escrow fund so that, when it asks the sheriff to levy the account, the bank will turn over the money. For the reasons set forth below, the Court DENIES LFG's motion.

When a matter is pending before the appellate court, this Court's jurisdiction is drastically curtailed. *See Sw. Marine*, 242 F.3d at 1166. During the pendency of an appeal, the Court may act to preserve the status quo, but may not take actions that alter any substantial rights on appeal or that cannot later be undone. *McClatchy Newspapers*, 686 F.2d at 735; *In re Delta Smelt*, 2011 WL 2559021, at *4.

This matter is currently on appeal to the Ninth Circuit. In that appeal, the objector-appellants ask the Ninth Circuit to reverse the Court's attorneys' fee award and remand with instructions to considerably reduce the percentage awarded, and to reverse and remand the Court's award of fees to Alioto particularly, with instructions to limit Alioto's fees to the time period prior to May, 2009. Dkt. 8617, Ex. A. If the Ninth Circuit grants the relief the objector-appellants seek, the overall attorneys' fees will be reduced, and Alioto's personal award will likely be drastically cut.

Accordingly, the Court lacks jurisdiction to do as LFG requests. While this matter is pending before the Ninth Circuit, the Court cannot take any actions that would affect the substantial rights directly involved in the appeal. *McClatchy Newspapers*, 686 F.2d at 735. The validity of the attorneys' fees award is directly attacked on appeal. The Court may not take any action that would alter the questions currently before the Ninth Circuit.

3

Moreover, if the Court granted LFG's request, that action could not later be undone on appeal. LFG is not a party to this action, and thus, if the Ninth Circuit were to rule in favor of the objector-appellants, there would be no way to recover the funds currently held in the escrow account. The law does not permit such a result. *See Sw. Marine* at 1167-68.

Therefore, the Court finds that it lacks jurisdiction to release the escrow funds while the case is pending on appeal and accordingly DENIES LFG's motion.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES LFG's motion to release $28.2 million held in escrow fund.

**IT IS SO ORDERED.**

Dated: November 13, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4