United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____<br>This Document Relates to:<br>ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>      Defendants.<br>_____ / | No. C 07-01827 SI<br><br>Individual Case No. 10-05625 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(Docket No. 8743)** |

On November 4, 2013, plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, filed an administrative motion to file under seal portions of its opposition to defendant AU Optronics Corporation's motion for partial summary judgment on choice-of-law grounds. *See* Dkt. 8743. The plaintiff takes no position regarding whether there is good cause for sealing the documents, but submits that the defendant has designated these documents "highly confidential" pursuant to the Protective Order governing this action. *Id.*

**United States District Court**
For the Northern District of California

1   When a party seeks to file under seal a document the opposing party has designated as
2   confidential, Civil Local Rule 79-5(e) governs the procedure that must be followed. Under this Rule,
3   the designating party must file a declaration "establishing that all of the designated material is sealable,"
4   within four days of the filing of the administrative motion to seal. Civil L.R. 79-5(e)(1). To date, the
5   defendant has not filed anything in response to the plaintiff's administrative motion. Thus, the
6   defendant has not met its burden of demonstrating that the designated material is sealable.

7   Accordingly, the Court DENIES the plaintiff's administrative motion to seal. Dkt. 8743. This
8   denial is without prejudice to the plaintiff refiling the motion and the defendant submitting the required
9   responsive declaration, no later than **November 18, 2013**. The defendant is reminded that this
10  declaration must be narrowly tailored and must demonstrate "compelling reasons supported by specific
11  factual findings that outweigh the general history of access and the public policies favoring disclosure,
12  such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of*
13  *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted).

**IT IS SO ORDERED.**

Dated: November 13, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2