Richard M. Heimann (State Bar No. 63607)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:   (415) 956-1000
Facsimile:    (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:   (415) 433-9000
Facsimile:    (415) 433-9008

*Counsel for the Direct Purchaser Class Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI |
| | MDL No. 1827 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | **DIRECT PURCHASER CLASS PLAINTIFFS' STATUS REPORT REGARDING INITIAL DISTRIBUTION OF SETTLEMENT FUNDS**<br><br>The Honorable Susan Illston |

## I. INTRODUCTION

Direct Purchaser Class Plaintiffs ("Plaintiffs") hereby update the Court regarding the initial distribution of settlement funds to the Direct Purchaser Class. On July 12, 2013, the Court ordered a distribution of $258,637,975.14 from the Settlement Fund created for Direct Purchaser Class Members (the "Initial Distribution"). (Dkt. No. 8302 ¶ 8.) The Court's Order further provided,

> After the Initial Distribution has been completed, and 120 days has passed, Co-Lead Class Counsel shall update the Court regarding the status of disputed and late claims, the total of checks sent to claimants but not negotiated, and the remaining balance in the Settlement Fund. After updating the Court regarding the Initial Distribution, Co-Lead Class Counsel shall seek approval from the Court for distribution of all remaining amounts in the Settlement Fund according to the same *pro rata* formula used to calculate payments made as part of the Initial Distribution.

(*Id.* ¶ 10.)

Below, Plaintiffs provide an update regarding the Initial Distribution. Plaintiffs will file their Motion for an Order Approving Final Distribution ("Final Distribution Motion") during the week of November 25, 2013, and therein will respectfully request that the Court order that the amounts remaining in the Settlement Fund be distributed to the eligible claimants in the Direct Purchaser Class. If no opposition or other response to Plaintiffs' Final Distribution Motion is filed, Plaintiffs respectfully recommend that the Court rule on the Motion shortly after the 14-day period to file a response lapses.

## II. STATUS REPORT

### A. The Initial Distribution Has Been Completed.

As of April 30, 2013, the net balance of the Settlement Fund was $317,662,343.04. (Dkt. No. 8302 ¶ 2.) In its July 12, 2013 Order, from this amount, the Court authorized payment of $759,167.92 to the Claims Administrator Rust Consulting, Inc. ("Rust") for fees and expenses incurred through April 30, 2013; reservation of $79,615.94 for claims administration expenses reasonably expected to be incurred; and reservation of $58,185,584.04 for "future unanticipated

contingencies," which include payment of late-filed and disputed claims.[1] (*Id.* ¶¶ 3-5.) Deduction of this payment and these reservations resulted in $258,637, 975.14 available for an Initial Distribution to eligible claimants. (*Id.* ¶ 8.) On July 23, 2013, pursuant to the Court's July 12 Order, Rust completed the Initial Distribution, issuing and sending checks to 2,840 claimants. Niemiec Decl. ¶ 4. Claimants were required to negotiate their checks within 120 days of issuance. (Dkt. No. 8302 ¶ 9.) Because 120 days have passed, Plaintiffs hereby update the Court and, next week, will move for an order approving a second, final distribution.

### B. Two Additional Late Claimants Seek Payment of their Claims.

The Court permitted claimants seeking payment of late-filed or disputed claims to file, within 30 days of the Court's July 12 Order, declarations under oath explaining why their claims should be paid. (Dkt. No. 8302 ¶ 7.) On August 26, 2013, Direct Purchaser Class Plaintiffs filed a status report, recommending that 17 late-filed claims and 2 disputed claims be paid. (*See generally* Dkt. No. 8525.) On September 5, 2013, the Court ordered that these late-filed and disputed claims be paid as part of the final distribution from the Settlement Fund. (Dkt. No. 8585.)

After the Court-imposed deadline for filing declarations supporting the payment of late and disputed claims, and after the Court issued its order regarding late-filed and disputed claims, two additional claimants – Propeller, Inc. and DuPont – contacted Rust requesting payment of their late-filed claims. Niemiec Decl. ¶ 9. Thus, these two claimants missed both the deadline to file their claims with Rust and the deadline to submit a declaration in support of payment of their late claim. Nevertheless, both Propeller and DuPont have submitted affidavits explaining why they contend their late-filed claims should be paid. *Id.* Plaintiffs will submit those two declarations with their motion for final distribution for the Court's consideration.

---

[1] To minimize claims administration expenses, funds were held back only from claimants whose awards exceeded $10,000. Decl. of Robin Niemiec ("Niemiec Decl.") ¶ 4; *see also* Direct Purchaser Pls.' Mot. for an Order Approving Distribution of Settlement Funds to the Direct Purchaser Class Members at 6 (Dkt. No. 8018.)

### C. One Additional Claimant Disputes the Amount of Its Award.

Shortly before filing this report, Class Counsel was contacted by Class Member OfficeMax. On August 24, 2012 and February 21, 2013, Rust sent OfficeMax letters informing it that only a portion of its claim was being recognized as eligible. Niemiec Decl. ¶ 11. Rust's adjustment was made based on its review of OfficeMax's purchases as reflected in Defendants' data. OfficeMax did not respond to Rust's August 24 or February 21 letter or otherwise dispute Rust's determination.

OfficeMax now contends that Rust's adjustments were incorrect and will submit an affidavit explaining its position. Plaintiffs will submit that affidavit to the Court for consideration with their Final Distribution Motion.

### D. Funds Remaining in the Settlement Fund after the Initial Distribution.

Plaintiffs are pleased to report that there has been robust participation by class members in the claims process and that the Initial Distribution to class members has been accomplished pursuant to the Court's July 12 Distribution Order with checks issued to 2,840 class members. As explained above, some of the settlement funds were held back from the Initial Distribution to account for certain contingencies.

As of October 30, 2013, $ 58,694,382.06 remains in the Settlement Fund. Declaration of Elizabeth C. Pritzker, filed herewith, ¶ 5. This amount includes the holdback amount, explained above. In addition, there is $94,851.64 from 154 uncashed, undeliverable, or returned checks. Niemiec Decl. ¶ 7.

## III. CONCLUSION

As indicated above, Plaintiffs will file their Final Distribution Motion during the week of November 25, 2013, and will therein respectfully request an order permitting final distribution of the Settlement Fund to Class Members. If no opposition or other response is filed with respect to Plaintiffs' Final Distribution Motion, Plaintiffs respectfully recommend that the Court rule on the Motion shortly after the 14-day period to file a response lapses and without oral argument.

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
| Dated: November 22, 2013 |   | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
|   |   | By:   */s/ Marc A. Pilotin*<br>       Marc A. Pilotin |

Richard M. Heimann (State Bar No. 063607)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Marc A. Pilotin (State Bar No. 266369)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:   (415) 956-1000
Facsimile:    (415) 956-1008

Dated: November 22, 2013            PEARSON, SIMON & WARSHAW, LLP

By:   */s/ Robert G. Retana*
       Robert G. Retana

Clifford H. Pearson (State Bar No. 108523)
Bruce L. Simon (State Bar No. 96241)
Aaron M. Sheanin (State Bar No. 214472)
Robert Retana (State Bar No. 148677)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:   (415) 433-9000
Facsimile:    (415) 433-9008

*Counsel for the Direct Purchaser Class Plaintiffs*

# **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory.

Dated: November 22, 2013     By:      *Robert G. Retana*
                                     Robert G. Retana