IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 12-02214 SI |
| SONY ELECTRONICS, INC.; and SONY COMPUTER ENTERTAINMENT AMERICA LLC, | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| Plaintiffs, | |
| v. | |
| HANNSTAR DISPLAY CORP., | |
| Defendant. | |

On November 15, 2013, the Court heard oral argument on plaintiff's motion for summary judgment on its breach of contract claim. Dkt. 8595. Having considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court DENIES the plaintiff's motion.

**BACKGROUND**

The facts of this case are not in dispute. On June 29, 2010, defendant HannStar Display Corporation ("HannStar") pled guilty to a price-fixing conspiracy regarding certain TFT-LCD devices sold within the United States. *See* Case No. 3:10-cr-0498, Dkt. 11. In December, 2010, Plaintiff Sony Electronics ("Sony") entered into a tolling agreement with HannStar while it investigated the damage the price-fixing cartel may have caused it. Declaration of Stephen V. Bomse in Support of Plaintiffs'

Motion for Summary Judgment ("Bomse Decl.") ¶ 2. In late 2011, Sony and HannStar agreed to mediate their dispute with the aid of Professor Eric Green. *Id.* After extensive mediation failed to reach a resolution, Sony informed HannStar that it would file a complaint against HannStar on March 28, 2012 if the parties had not reached a resolution prior to that date. *Id.*

On March 25, 2012, Professor Green e-mailed to both parties a "mediator's proposal." Bomse Decl. Ex. A. His e-mail stated a mediator's proposal for a settlement, "to be paid on March 30, 2012, subject to execution of an appropriate Settlement Agreement, MOU, or Agreement in Principle." *Id.* It continued: "I ask that each of you inform me privately and confidentially by close of business (5:00 pm PDT) Tuesday, March 27, 2012 whether you 'ACCEPT' or 'REJECT' the Mediator's Proposal . . . Of course, if both sides accept the Mediator's Proposal, I will inform you immediately that the matter is settled." *Id.*

On March 26, 2012, Professor Green sent the parties another e-mail, in which he clarified that the only acceptable response was either "accept" or "reject." Bomse Decl. Ex. C. That same day, both parties responded that they understood. Bomse Decl. Exs. D, E. On March 27, 2012, counsel for HannStar e-mailed Professor Green, stating that "HannStar authorizes acceptance by HannStar of the Mediator's Proposal for settlement as set forth in your March 25th email to Sony counsel and me." Bomse Decl. Ex. F. That same day, counsel for Sony also e-mailed Professor Green, stating that "Sony accepts." Bomse Decl. Ex. G. Professor Green then e-mailed both parties, stating, in relevant part: "I am pleased to be able to inform you that I have received written confirmation from each of you that both Sony and HannStar have accepted the Mediator's Proposal pursuant to my email of March 25th. This case is now settled subject to agreement on terms and conditions in a written settlement document." Bomse Decl. Ex. H.

On March 29, 2012, Sony filed suit in the underlying matter, but abstained from including HannStar as a defendant. Bomse Decl. ¶ 9.

On or about April 27, 2012, HannStar informed Sony that it could not pay the amount set forth in the mediator's proposal. Bomse Decl. Ex. I at 6. To date, HannStar has not paid Sony anything pursuant to the mediator's proposal. Bomse Decl. ¶ 10. Hence, on May 2, 2012, Sony filed a separate lawsuit against HannStar, alleging violations of the Sherman Act, the California Cartwright Act,

2

California Unfair Competition Law, unjust enrichment, breach of contract, and fraud. *See* Case No. 12-2214, Dkt. 1. On August 27, 2012, the Court granted HannStar's motion to dismiss and motion to strike Sony's breach of contract and fraud claims, with leave to amend. *Id.* at Dkt. 26. On September 7, 2012, Sony filed its first amended complaint. *Id.* at Dkt. 29. On October 22, 2012, the Court granted in part and denied in part Hannstar's motion to dismiss or strike the breach of contract claim, with leave to amend. *Id.* at Dkt. 38. On October 26, 2012, Sony filed the operative complaint in this case. *Id.* at Dkt. 41.

On August 23, 2013, Sony filed the instant motion, seeking summary judgment on its breach of contract claim, alleging that the collection of e-mails regarding the mediator's proposal formed a binding contract which HannStar breached by failing to pay the agreed upon settlement amount.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

1   In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

## DISCUSSION

Sony now moves the Court for summary judgment on its breach of contract claim, arguing that the series of e-mails between the parties and Professor Green formed a binding contract, admissible in evidence to prove breach. HannStar argues that, as a matter of law, Sony is not entitled to summary judgment. The Court reluctantly agrees with HannStar.

The California Evidence Code includes various provisions specifically governing mediation confidentiality. *See* Cal. Evid. Code §§ 1115 *et seq.* "[T]o encourage the candor necessary to a successful mediation, the Legislature has broadly provided for the confidentiality of things spoken or written in connection with a mediation proceeding." *Cassel v. Superior Court*, 51 Cal. 4th 113, 117 (2011); *see also* Cal. Evid. Code §1119(a) ("No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given."); *id.* § 1119(c) ("All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential."). California courts strictly construe these statutory provisions. *Cassel*, 51 Cal. 4th at 118. Unless a statement or document falls squarely within an express statutory exception to mediation confidentiality, it will be inadmissible. *Foxgate Homeowners' Ass'n v. Bramalea Cal., Inc.*, 26 Cal. 4th 1, 14 (2001). "Except in rare circumstances, [the mediation

4

confidentiality statutes] must be strictly applied and do not permit judicially crafted exceptions or limitations, even where competing public policies may be affected." *Cassel*, 51 Cal. 4th at 118.

California Evidence Code section 1123 provides one such statutory exception. This section enumerates four situations in which a written settlement agreement may be admissible:

> (a) The agreement provides that it is admissible or subject to disclosure, or words to that effect.
> (b) The agreement provides that it is enforceable or binding or words to that effect.
> (c) All parties to the agreement expressly agree in writing, or orally in accordance with Section 1118, to its disclosure.
> (d) The agreement is used to show fraud, duress, or illegality that is relevant to an issue in dispute.

Cal. Evid. Code. § 1123. The only subsection at issue here is subsection (b), which makes admissible a written settlement agreement which "provides that it is enforceable or binding or words to that effect." The California Supreme Court has held that, "to satisfy the 'words to that effect' provision of section 1123(b), a writing must directly express the parties' agreement to be bound by the document they sign." *Fair v. Bakhtiari*, 40 Cal. 4th 189, 197 (2006). Thus, a written settlement agreement arrived at through mediation is only admissible if it "include[s] a statement that it is 'enforceable' or 'binding' or a declaration in other terms with the same meaning." *Id.* at 199-200; *see also id.* at 192 ("The writing need not be in finished form to be admissible under section 1123(b), but it must be signed by the parties and include a direct statement to the effect that it is enforceable or binding.").

When ruling on a summary judgment motion, the Court can only consider admissible evidence. *See* Fed. R. Civ. P. 56(c)(2). In support of its summary judgment motion, Sony has submitted a series of e-mails that were undisputedly "made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation," and are therefore inadmissible unless they fall within a specifically enumerated exception to the mediation confidentiality statute. *See* Cal. Evid. Code. § 1119(a). The Court finds that, because the e-mails do not affirmatively provide that the agreement the parties reached is enforceable or binding, the purported settlement agreement is inadmissible.

Sony argues that the e-mails do express a direct statement that the agreement is enforceable or binding due to Professor Green's statement in his mediator's proposal that "if both sides accept the Mediator's Proposal, I will inform you immediately that the matter is settled," and his later statement

5

1 after both parties accepted the proposal that "[t]his case is now settled subject to agreement on terms
2 and conditions in a written settlement document." Bomse Decl. Exs. A, H. Sony argues that, based on
3 the plain words of the e-mails, there can be no doubt that HannStar knew it was agreeing to settle the
4 case and intended to be bound by that result. While these facts may suffice to create a common law
5 contract, they do not satisfy the more rigorous statutory requirements of section 1123(b). *See* Cal. Evid.
6 Code § 1123(b). Instead, the statute "requires the parties to affirmatively provide that their agreement
7 is enforceable or binding." *Fair*, 40 Cal. 4th at 199. It is not enough that the parties intended, at the
8 time of contract formation, to be bound by the settlement terms. Without taking the extra step of
9 including a statement to the effect that the settlement is intended to be enforceable or binding, it is not
10 admissible under section 1123(b). *Id.*

11 Sony's argument is further undercut by the California Supreme Court's repeated refusal to
12 recognize implied exceptions to mediation confidentiality, even when the results may be inequitable.
13 *See, e.g.*, *Cassel*, 51 Cal. 4th at 134-37; *Foxgate*, 26 Cal. 4th at 17. For example, in *Foxgate*, the court
14 recognized that applying the mediation confidentiality statutes left sanctionable behavior unpunished,
15 but refused to create a non-statutory exception. 26 Cal. 4th at 17. And in *Cassel*, the court's refusal to
16 create an implied exception to mediation confidentiality blocked a client from bringing a legal
17 malpractice claim against her attorney. 51 Cal. 4th at 138. Only in clear-cut cases, where the parties
18 affirmatively include a statement to the effect that they intend the settlement to be enforceable or
19 binding, will the settlement be admissible under section 1123(b). *See, e.g.*, *Stewart v. Preston Pipeline*
20 *Inc.*, 134 Cal. App. 4th 1565, 1578 (Cal. Ct. App. 2005) (holding a settlement agreement admissible
21 where the parties included a statement that "[t]he parties intend that this settlement is enforceable
22 pursuant to the provisions of Code of Civil Procedure [s]ection 664.6") (alterations in original)).

23 Here, although it may be inequitable to permit HannStar to avoid its agreement to settle, such
24 inequity alone does not permit the Court to fashion a new exception to the mediation confidentiality
25 statute. Rather, because the parties failed to include an affirmative statement to the effect that they
26 intended their settlement to be enforceable or binding, the e-mails are inadmissible as evidence of
27 settlement.

28

6

Accordingly, because Sony did not submit admissible evidence proving that it was entitled to judgment as a matter of law, the Court cannot grant summary judgment in Sony's favor.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES Sony's motion for summary judgment. This Order resolves Docket No. 8595.

**IT IS SO ORDERED.**

Dated: December 3, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE