**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI MDL. No. 1827 |
| This Order Relates to: | Case No.: 3:11-cv-5781-SI |
| *The AASI Creditor Liquidating Trust, by and through Kenneth A. Welt, Liquidating Trustee v. AU Optronics Corp., et al., Case No. 3:11-cv-5781-SI* _____/ | **ORDER DENYING AASI'S OBJECTION TO SPECIAL MASTER'S ORDER RE AASI'S MOTION TO COMPEL DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

Plaintiff AASI Creditor Liquidating Trust ("AASI") has filed an objection to the Special Master's Order denying AASI's motion to compel defendant Sharp Corporation ("Sharp") to comply with a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 24, 2014. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES AASI's objection.

The Special Master's Order concerned a Rule 30(b)(6) deposition notice AASI timely served upon Sharp. Dkt. No. 8686. Through this deposition, AASI sought to discover the factual bases underlying Sharp's December 17, 2008 guilty plea. The Special Master denied AASI's motion on both procedural and substantive grounds. First, the Special Master found that the deposition notice violated prior discovery orders limiting direct action plaintiffs' discovery to facts pertinent solely to their specific cases. *Id.* at 3. Because the factual bases of Sharp's previous guilty plea were not issues particular to AASI's case, the Special Master found that the notice was procedurally improper. *Id.*

Second, the Special Master found that Sharp had already sufficiently disclosed the information AASI sought. *Id.* at 4. The Special Master noted that, through previous interrogatories and requests for

admissions, Sharp had already disclosed all the information to which any deponent would testify. *Id.*
The Special Master concluded that the only arguable absence was a single statement from Sharp tying
together all of the previously disclosed facts. *Id.* ("The only link that is arguably missing is that Sharp
has avoided saying in one crisp, unequivocal sentence that the meetings and other communications it has
identified were in furtherance of the price fixing conspiracy to which it pled guilty."). Finally, the
Special Master noted that, if AASI was concerned that it would not be permitted to use a third party's
interrogatory responses in its own case, this problem could easily be cured by stipulation. *Id.* at 5.

The Court reviews the Special Master's findings of fact for clear error. Order Appointing Martin
Quinn as Special Master, Dkt. No. 1679 at 5. Conclusions of law are reviewed *de novo*. *Id.* The Special
Master's rulings on procedural matters are only disturbed for an abuse of discretion. *Id.*

The Court agrees with the reasoning set forth in the Special Master's Order and therefore adopts
the Order in its entirety. The Special Master's finding that AASI's deposition notice was procedurally
invalid is not clear error. The Special Master concluded that many other parties have sought the same
generalized information AASI sought, and therefore the deposition notice violated the Court's prior
orders limiting the discovery available to direct action plaintiffs.

The Court further concludes that the Special Master's finding regarding AASI's substantive need
for the deposition was not an abuse of his discretion. The Special Master noted that AASI can piece
together the information it seeks by examining the voluminous prior discovery Sharp has provided. Dkt.
No. 8686 at 4. The Special Master further concluded that requiring a Sharp representative to expressly
draw links between the facts of the meetings and whether those meetings were in furtherance of the
conspiracy to which Sharp pled could well violate attorney-client privilege. *Id.* The Court cannot say
that the Special Master's conclusion is an abuse of discretion, and therefore adopts the Order in full.

Accordingly, the Court DENIES AASI's objection to the Special Master's Order. This Order
resolves Docket No. 8719.

**IT IS SO ORDERED.**

Dated: January 23, 2014

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

2