IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____ / | |
| This Order Relates To Individual Case No. 13-cv-3349 SI: | No. C 13-3349 SI |
| ACER AMERICA CORPORATION; GATEWAY, INC.; and GATEWAY U.S. RETAIL, INC. f/k/a EMACHINES, INC., | **ORDER RE MOTION TO DISMISS** |
| Plaintiffs, | |
| v. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; NEC CORPORATION; NEC CORPORATION OF AMERICA; NEC DISPLAY SOLUTIONS OF AMERICA, INC.; NEC LCD TECHNOLOGIES, LTD., NEC ELECTRONICS AMERICA, INC.; TOSHIBA CORPORATION; TOSHIBA MOBILE DISPLAY CO., LTD.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; LG DISPLAY CO., LTD.; LG DISPLAY AMERICA, INC., | |
| Defendants. | |
| _____ / | |

Currently before the Court is defendants' motion to dismiss plaintiffs' first amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for April 18, 2014. For the reasons set

forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss. Any amended complaint must be filed **not later than <u>May 9, 2014</u>**.

## BACKGROUND

The following facts are drawn from the operative complaint and are assumed to be true for purposes of this motion. Plaintiff Acer America Corporation ("Acer") is a California corporation with its principal place of business in San Jose, California. Am. Compl. ¶ 21. Plaintiff Gateway, Inc., ("Gateway"), a subsidiary of Acer, is a Delaware corporation with its principal place of business in Irvine, California. *Id.* ¶ 22. Plaintiff Gateway U.S. Retail, successor-in-interest to eMachines ("eMachines") and a wholly owned subsidiary of Gateway, is a Delaware corporation with its principal place of business in Irvine, California. *Id.* ¶ 23. On July 18, 2013, plaintiffs filed this action, seeking to recover damages "caused by a long running and largely-admitted conspiracy among suppliers of Liquid Crystal Display panels ('LCD panels') and related products ('LCD products')." Compl. ¶ 1. On November 20, 2013, plaintiffs amended their complaint, naming additional defendants. The operative complaint contains three claims: (1) a claim for violation of the Sherman Act; (2) a claim for violation of California's Cartwright Act; and (3) a claim for violation of California's Unfair Competition Law. Am. Compl. ¶¶ 214-243.

Defendants now move to dismiss plaintiffs' complaint.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

2

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendants raise four arguments in favor of dismissal: (1) plaintiff Acer lacks standing to assert the Sherman Act claims; (2) plaintiff eMachines' failure to opt out of the DPP class bars claims that were resolved by the class; (3) plaintiffs' California claims are barred by the statute of limitations; and (4) plaintiffs' complaint impermissibly relies upon group pleading. The Court will address each argument in turn.

**1.     Acer's Sherman Act Claim.**

Defendants argue that Acer lacks standing to pursue its Sherman Act claim because the complaint alleges that Acer was only an indirect purchaser. Acer concedes that its complaint, as written, does not support an exception to *Illinois Brick v. Illinois*, 431 U.S. 720 (1977). However, Acer contends that, if granted leave, it can amend its complaint to conform with the requirements of *Illinois Brick*. Since it is possible that Acer can allege facts in support of its standing to pursue a Sherman Act claim, the Court GRANTS defendants' motion to dismiss Acer's Sherman Act claim, with leave to amend.

3

### 2. Whether eMachines Opted Out of the DPP Class.

Defendants contend that, because eMachines failed to specifically opt out of the DPP class, it cannot now assert a Sherman Act claim, and cannot bring any claims against settling defendants LG Display, Hitachi, and Toshiba.

Courts do not require parties to adhere to a strict formula when exercising their opt-out rights. Instead, it is generally sufficient that a party give a "reasonable indication" of its intent to opt out. *See In re Linerboard Antitrust Litig.*, 223 F.R.D. 357, 365 (E.D. Pa. 2004), *amended*, 223 F.R.D. 370 (E.D. Pa. 2004) (citing *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288 (10th Cir. 1974)). Courts may permit "considerable flexibility" in determining whether an opt-out attempt was sufficient. *Id.* (quoting *Council on Soc. Work Educ., Inc. v. Tex. Instruments*, 105 F.R.D. 68, 71 (N.D. Tex. 1985)).

On January 30, 2004, Gateway acquired eMachines as a wholly owned subsidiary. Declaration of Sharon Hogan ("Hogan Decl.") ¶ 2. After its acquisition by Gateway, eMachines' name was changed to Gateway U.S. Retail, Inc. *Id.* Since December 31, 2009, eMachines/Gateway U.S. Retail, Inc. has had no employees or offices, and transacts no material business of its own. *Id.* ¶ 4. It is currently a holding company, owned and operated by Gateway. *Id.*

On December 22, 2010, Acer sent a letter to the DPP class administrator, stating that "[b]oth Acer and Gateway would like to be excluded from the Direct Purchaser Litigation Classes . . . ." *Id.*; *see also* Hogan Decl. Ex. 1. The letter included Acer's addresses in both Taiwan and California, and Gateway's address in California. Hogan Decl. Ex. 1. Acer and Gateway intended the letter "to exercise their opt-out rights for all of their LCD panel and product purchases, including those made by their predecessor-in-interest, eMachines." Hogan Decl. ¶ 6 (emphasis in original). "eMachines/Gateway U.S. Retail., Inc. was not mentioned by name because, as of the date of the letter, eMachines/Gateway U.S. Retail, Inc. transacted no material business of its own, and its assets were owned and controlled entirely by Gateway." *Id.*

The Court finds that the December 22, 2010 letter was a sufficient exercise of eMachines' opt-out rights. By that date, eMachines had been Gateway's wholly owned subsidiary for more than five years. *See* Hogan Decl. ¶ 2. For more than five years, eMachines had been known as Gateway U.S. Retail, Inc. *Id.* It had been nearly a year since eMachines had become nothing more than a holding

4

company for Gateway, transacting no business of its own. *Id.* ¶ 4. Under these circumstances, it was reasonable for Acer, Gateway, and eMachines to believe that the December 22, 2010 letter was an effective exercise of the opt-out rights of all three companies.

Accordingly, the Court DENIES defendants' motion to dismiss eMachines' claims due to an ineffective opt-out.[1]

**3.      Statute of Limitations - All Defendants.**

Defendants argue that plaintiffs' California state law claims must be dismissed because they are subject to a four-year statute of limitations that has long since run. Plaintiffs counter that four separate events tolled the statute of limitations, rendering their claims timely: (1) the doctrine of fraudulent concealment, until December 11, 2006; (2) two out-of-state indirect purchaser class actions, *Ferencsik* and *DiMatteo*, from December 20, 2006 until February 2, 2007; (3) the *Hee* and *Selfridge* cases, and the IPP-CAC, from February 2, 2007 until December 5, 2008; and (4) private tolling agreements between the parties, executed on November 14, and 21, 2012 and extending until after the date on which plaintiffs filed their complaint.

Plaintiffs contend that, between December 11, 2006 and December 5, 2008, the statute of limitations ran for only nine days, i.e., until December 20, 2006. They argue that they had four years, minus those nine days, in which to file suit. They calculate that, in the absence of tolling agreements to the contrary, plaintiffs needed to file suit by November 26, 2012 to avoid the statute of limitations.

With respect to the time period between December 20, 2006 and December 5, 2008, the Court has previously ruled that indirect purchaser plaintiffs may rely on *Hee* and *Selfridge* to toll the statutes of limitations from February 2, 2007 through November 5, 2007, and that the IPP-CAC tolled the statutes of limitations for indirect purchaser resellers from November 5, 2007 through December 5, 2008. *See In re TFT-LCD (Flat Panel) Antitrust Litig.* (*ViewSonic*), No. 07-md-1827, MDL Dkt. 7255 (N.D. Cal. Nov. 28, 2011). The viability of plaintiffs' California claims therefore hinges on whether

---

[1] Because the Court has concluded that eMachines effectively opted out of the DPP class, the Court need not address defendants' further arguments regarding which of eMachines' claims are barred by the DPP settlement.

5

the statute was in fact tolled for the 53 days between December 20, 2006 and February 2, 2007.

Plaintiffs argue – and the Court now agrees – that the pendency of *Ferencsik* and *DiMatteo*, indirect purchaser class actions filed in the Eastern and Southern Districts of New York, should toll the statute from December 20, 2006 until February 2, 2007. It is true that the Court previously held that at least one of the cases, *Ferencsik*, did not toll the statute of limitations because it was clear from the face of the complaint that the plaintiff in that case lacked standing to bring claims under California law. *See In re TFT-LCD (Flat Panel) Antitrust Litig. (Office Depot)*, No 07-md-1827, Dkt. No. 4592, at 4 (N.D. Cal. Jan. 18, 2012). However, pursuant to the Ninth Circuit's recent decision in *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106 (9th Cir. 2013), the Court must now draw the opposite conclusion.

The *Ferencsik* and *DiMatteo* complaints both alleged violations of the California Cartwright Act, and of California's consumer protection laws. Thus the complaints, on their faces, alleged that some conduct giving rise to the violations the complaints alleged took place in California. Accordingly, the Court cannot now say that it was clear from the face of the complaints that the plaintiffs lacked standing. *See AT&T Mobility*, 707 F.3d at 1112.

Defendants argue that the complaints are nonetheless deficient, even under the *AT&T Mobility* standard, because they fail to allege any specific facts regarding conspiratorial conduct within California. However, given what is now known about the scope and details of this anticompetitive conspiracy, this argument must fail. Even if the *Ferencsik* and *DiMatteo* complaints, as drafted, could not have supported standing to bring California law claims, they almost certainly could have been amended to do so. Therefore, the Court concludes that plaintiffs could reasonably rely upon those complaints to toll the statute of limitations from December 20, 2006, until at least February 2, 2007.

In sum, the Court finds that plaintiffs filed this action before the statute of limitations on their California claims expired. Accordingly, the Court DENIES defendants' motion to dismiss to the extent it is premised upon the running of the statute of limitations.

**4.     Statute of Limitations - NEC Defendants.**

Defendants further argue that, even if plaintiffs' claims against most of the defendants are not

6

barred by the statute of limitations, their claims against the NEC defendants are time-barred. As a preliminary matter, plaintiffs concede that their California law claims against three of the five NEC defendants are barred by the statute of limitations. Therefore, the Court will address the defendants' arguments only as they apply to NEC LCD Technologies, Ltd., and NEC Electronics America, Inc. As to plaintiffs' state law claims against the other three NEC defendants, the Court GRANTS defendants' motion to dismiss plaintiffs' state law claims, with prejudice.

The two remaining NEC defendants (collectively, "NEC") were both named in the IPP-CAC. *See* Dkt. No. 367. On August 25, 2008, the Court granted NEC's motion to dismiss that complaint, with leave to amend. On December 5, 2008, an amended complaint was filed; NEC was not named as a defendant. Defendants contend that the statute of limitations began running as to NEC on August 25, 2008 given that NEC was not named again as a defendant in the IPP-CAC. Plaintiffs contend that the statute did not begin running until December 5, 2008, when the amended complaint omitting NEC was filed.

"[D]ismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." *See Oscar v. Alaska Dep't of Educ. and Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). Until the IPP-CAC class decided to narrow its complaint, excluding NEC, NEC was still a defendant in the case and the statute of limitations remained tolled as to it.

Accordingly, the Court DENIES defendants' motion to dismiss to the extent it is premised on the statute of limitations having run against defendants NEC LCD Technologies, Ltd., and NEC Electronics America, Inc. .

**5.    Group Pleading.**

Finally, defendants argue that plaintiffs' complaint impermissibly relies on group pleading, making only vague and conclusory allegations without distinguishing between individual entities within each corporate family.

This Court has previously evaluated similar "group pleading" allegations in this multi-district litigation. In *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1184 (N.D. Cal. 2009), the Court found that the direct-purchaser plaintiffs and the indirect-purchaser plaintiffs had both stated

7

valid claims against defendants, despite their use of group pleading.

Plaintiffs' amended complaint, filed long after the Court's above Order, describes defendants' alleged participation in the price-fixing conspiracy in a manner the Court has previously held sufficient. The complaint describes the meetings held in furtherance of the alleged conspiracy, Am. Compl. ¶¶ 92-126, and also contains a description of actions the defendants allegedly took in furtherance of the conspiracy, *id.* ¶¶ 131-142.

The Court finds that the allegations in plaintiffs' complaint are sufficient to put defendants on notice of the charges against them. Accordingly, the Court DENIES defendants' motion to dismiss to the extent it is based on plaintiffs' use of group pleading.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART AND DENIES IN PART defendants' motion to dismiss. Any amended complaint must be filed **not later than May 9, 2014**. This Order resolves Master Docket No. 8886.

**IT IS SO ORDERED.**

Dated: April 8, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

8