IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____ / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To Individual Case No. 13-cv-3349 SI: | No. C 13-3349 SI |
| ACER AMERICA CORPORATION; GATEWAY, INC.; and GATEWAY U.S. RETAIL, INC. f/k/a EMACHINES, INC.,<br><br>    Plaintiffs,<br>  v.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; NEC CORPORATION; NEC CORPORATION OF AMERICA; NEC DISPLAY SOLUTIONS OF AMERICA, INC.; NEC LCD TECHNOLOGIES, LTD., NEC ELECTRONICS AMERICA, INC.; TOSHIBA CORPORATION; TOSHIBA MOBILE DISPLAY CO., LTD.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; LG DISPLAY CO., LTD.; LG DISPLAY AMERICA, INC.,<br><br>    Defendants.<br>_____ / | **ORDER RE NEC DEFENDANTS' MOTION TO TRANSFER VENUE** |

Currently before the Court is the NEC defendants' motion to transfer venue. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for April 18, 2014. For the reasons set forth below, the Court DENIES the motion to transfer venue.

## BACKGROUND

The current motion is brought by five related defendants: NEC Corporation; NEC LCD Technologies, Ltd.; NEC Display Solutions of America, Inc.; NEC Electronics America, Inc.; and NEC Corporation of America, Inc. (collectively, "NEC"). On February 23, 1998, plaintiff Gateway, Inc. ("Gateway") entered into a purchase agreement with Mitsubishi Electronics America – a predecessor to NDSA. *See* Declaration of Dylan Dunavan ("Dunavan Decl.") Ex. A. Under the terms of the agreement, "any legal action by either party against the other relating to this Agreement or Schedule as contained therein shall be commenced in a court of competent jurisdiction in the State of South Dakota." *Id.* ¶ 19.

NEC now moves for an order transferring this case to the District of South Dakota, following pretrial proceedings.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a court considering a motion to transfer venue must evaluate and weigh numerous private and public interest factors. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). However, when venue is putatively governed by a valid forum selection clause, the calculus changes in three ways. *See Atl. Marine Constr. Co., Inc. v. United States Dist. Court*, 134 S. Ct. 568, 581 (2013). First, courts may accord no weight to the plaintiff's chosen forum. *Id.* Second, courts may not consider the parties' private interests. *Id.* at 582. Third, if venue is transferred, the original venue's choice-of-law rules will not apply. *Id.* Thus, when a court considers a motion to transfer venue involving a valid forum selection clause, it may only consider public interest factors. *Id.* "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583.

## DISCUSSION

NEC argues that venue should be transferred to South Dakota because the relevant public interest factors do not weigh in favor of keeping the case in the Northern District of California. The Court disagrees.

2

As discussed more fully in the Court's Order on NEC's motion to compel arbitration, the February 23, 1998 agreement governs only direct purchases made by Gateway from NEC during the period of February 23, 1998 through February 23, 2002. It does not cover claims by the other two plaintiffs, or against defendants other than NEC. It also does not cover any of the plaintiffs' indirect purchaser claims or claims based on co-conspirator liability. The plaintiffs here allege an array of conspiratorial conduct by multiple defendants, occurring from 1996 through the end of 2006. Am. Compl. ¶ 1. Thus, the vast majority of the alleged wrongdoing in this case is not governed by the agreement.

The Court agrees with plaintiffs that enforcing the forum selection clause under these circumstances would contravene the federal policy in favor of "efficient resolution of controversies." *See Frigate Ltd. v. Damia*, No. C 06-04734 CRB, 2007 WL 127996, at *3 (N.D. Cal. Jan. 12, 2007). Enforcing the forum selection clause would splinter Gateway's Sherman Act claims from its California state law claims. It would also require that Gateway's claims against NEC be tried separately from its substantially similar claims against the other defendants. This would be "needlessly inconvenient and burdensome [and] plainly contrary to the policy of the federal judiciary of promoting the consistent and complete adjudication of disputes." *Frigate*, 2007 WL 127996 at *3.

Accordingly, the Court finds that the public interest would be best served by keeping this case in the Northern District of California, and therefore DENIES NEC's motion to transfer venue.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES NEC's motion to transfer venue. This Order resolves Master Docket No. 8882.

**IT IS SO ORDERED.**

Dated: April 14, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3