Richard M. Heimann (State Bar No. 63607)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

Bruce L. Simon (State Bar No. 96241)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

*Co-Lead Counsel for the Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. MDL 3:07-md-1827 SI <br><br> <u>CLASS ACTION</u> |
| This Document Relates to: <br><br> ALL DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF ROBIN M. NIEMIEC IN SUPPORT OF STATUS REPORT REGARDING SECOND DISTRIBUTION TO DIRECT PURCHASER CLASS MEMBERS** <br><br> Date: May 23, 2014 <br> Time: 9:00 a.m. <br> Courtroom: 10, 19th Floor <br><br> The Honorable Susan Illston |

Robin M. Niemiec, declares and states that:

1. I am a Client Services Director for Rust Consulting, Inc. ("Rust"). I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently hereto.

2. I submit this Declaration in order to provide the Court and the parties to the above-captioned litigation (the "Action") with information regarding the status of the Second Distribution.

3. Pursuant to the Order Regarding Payment of Late-Filed and Disputed Claims ("September 3 Order") and the Order Approving Second Distribution of Settlement Funds to the Direct Purchaser Class Members ("January 13 Order"), on February 14, 2014, Rust issued payments, totaling $58,805,805.43, to 222 claimants who had funds held back in the initial distribution and Court approved claims.

4. At the request of Class Counsel, $2,500.00 of the remaining Settlement Fund was not distributed in the Second Distribution to account for any additional costs and/or expenses.

5. Pursuant to the January 13 Order, checks issued by Rust for the Second Distribution had the notation "Non-Negotiable after 28 days" and no check issued was negotiated more than 45 days after the date of the check.

6. Rust re-issued checks to Settlement Class Members who contacted Rust and requested their checks be reissued.

7. Beginning on February 27, 2014, for any checks that remained uncashed, Rust began an outreach program, via telephone and email, to encourage claimants to cash their checks.

8. Rust continued their outreach program until all checks had been negotiated.

9. Class Counsel contacted Rust on March 12, 2014 to advise that ASA Electronics, LLC ("ASA") had contacted them on March 11, 2014 requesting information on a claim it submitted. Rust, in response, advised Class Counsel of the claim form filed by ASA which was considered ineligible. Prior to March 12, 2014, Rust did not advise Class Counsel of the existence of this late claim nor provide any documentation to Class Counsel related thereto.

 (a) On September 9, 2013, Rust received a claim form and accompanying declaration from ASA. The ASA claim form was processed as late and ineligible for payment.

 (b) The ASA claim form was filed approximately eighteen months after the Claim Form filing deadline and a month and a half after the initial distribution of payment to the Class. On May 28, 2013, Class Counsel filed a Motion requesting an order to distribute and the Court's direction regarding late and disputed claims, which was approved by the Court on July 12, 2013 with no objections. In the July 12 Order, the

Court also ruled that previously filed late claims would be required to submit a declaration under oath in support of the late claim in order to receive payment. The deadline to file a declaration in support of a late filed claim was August 12, 2013. On August 26, 2013, Class Counsel filed a status report with the Court regarding previously filed late or disputed claims and on September 5, 2013, the Court entered an order approving payments for the late filed and approved disputed claims.

(c) Since ASA's claim was not received until September 9, 2013, it was not submitted to the Court with the other previous late and disputed claims in May 2013. And since Class Counsel was not made aware of this late claim until March 11, 2014, neither was it included in the Motion For An Order Approving Second Distribution Of Settlement Funds filed on November 27, 2013 (Doc. No. 8807).

(d) In addition, ASA's claim was filed after the August 12, 2013 deadline to submit a declaration in support of a late claim.

(e) On March 26, 2014, Rust responded to ASA's inquiry and advised it nothing further could be done in regard to the claim as ASA's submission was past all applicable deadlines and all Settlement Funds have been distributed. During this communication with ASA, Rust reviewed claim information and identified a claim filed by Audiovox Corporation, which included purchases from the company's subsidiaries and affiliates, of which one was a company known as ASA. A portion of Audiovox's award was applicable to ASA, and therefore the relevant information was provided to it.

(f) Since March 26, 2014, Rust has received no further inquiries or communication from ASA, and accordingly, Rust considers this matter resolved.

10. As of April 4, 2014, $2,500.05 remains in the distribution account which is the $2,500.00 outlined in ¶ 4 above and $.05 due to rounding.

11. Rust will disburse the remaining $2,500.05 as designated by this Court and Class Counsel.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct to the best of my knowledge.
3   Executed this 14th day of April, 2014 in Palm Beach Gardens, Florida.

*[signature: Robin M. Niemiec]*

                                    Robin M. Niemiec