IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION  / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To Individual Case No. 10-cv-4572 SI:<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.*  / | No. C 10-4572 SI<br><br>**ORDER DENYING BEST BUY'S OBJECTIONS TO SPECIAL MASTER'S ORDER** |

Best Buy's objections to the Special Master's report and recommendation regarding Best Buy's motion for fees and costs are currently before the Court.[1] For the reasons set forth below, the Court DENIES Best Buy's objections.

**BACKGROUND**

On September 4, 2013, following a six-week jury trial, the Court entered judgment in favor of Best Buy. The jury found against HannStar, and awarded Best Buy $7,471,943. On November 20, 2013, the Court granted in part HannStar's motion to vacate the judgment, and entered an amended judgment that: (1) trebled the jury award to $22,415,829; and (2) applied an offset of $229,000,000 for the consideration Best Buy had received in earlier settlements. MDL Dkt. No. 8787.

Also on November 20, 2013, the Court referred Best Buy's motion for fees and costs, and

---

[1] Also before the Court is HannStar's administrative motion to strike Best Buy's reply brief. MDL Dkt. No. 8903. Because the Court does not rely on Best Buy's reply brief in this Order, HannStar's motion to strike is DENIED AS MOOT.

HannStar's objections to Best Buy's bill of costs, to Special Master Martin Quinn. On January 9, 2014, the Special Master held a hearing on the matter. *See* MDL Dkt. No. 8875 at 2. On February 3, 2014, the Special Master ruled as follows.

First, the Special Master found that Best Buy was entitled to recover allowable fees and costs under federal law. *Id.* at 4. Second, he found that Best Buy had no basis to recover expert fees or other non-taxable costs under the Clayton Act. *Id.* Third, the Special Master found that Best Buy had established its injuries as to direct purchases governed by Minnesota law, but concluded that federal law still prohibited Best Buy from recovering non-taxable costs. *Id.* at 6-7. Finally, with respect to Best Buy's claim for attorney's fees, the Special Master found that the fee request should be reduced to $1,750,000 because Best Buy ultimately obtained no damages due to the offset. *Id.* at 7-18.

Best Buy makes two objections to the Special Master's report and recommendation: (1) the Special Master erroneously determined that federal law, rather than Minnesota law, governs Best Buy's recovery of expert fees and other non-taxable costs; and (2) the Special Master erroneously determined that attorney's fees should be reduced to $1,750,000. MDL Dkt. No. 8881.

## LEGAL STANDARD

The Court reviews the Special Master's findings of fact for clear error, conclusions of law *de novo*, and procedural rulings for abuse of discretion. Am. Order Appointing Martin Quinn as Special Master, MDL Dkt. No. 6580 ¶ 18.

## DISCUSSION

Best Buy objects to the Special Master's report and recommendation on two grounds. First, Best Buy contends that the Special Master should have applied Minnesota law – not federal law – to Best Buy's requests for expert fees and other non-taxable costs. Second, Best Buy argues that the Special Master erred by reducing Best Buy's attorney's fees request by approximately 80% based on the ultimate result obtained in the litigation. The Court will address each argument in turn.

2

**1.      State vs. Federal Law re: Costs.**

Best Buy first argues that the Special Master erred by applying federal law, rather than Minnesota law, to its request for expert fees and other federally non-taxable costs.

Even when state law governs substantive aspects of litigation in federal court, federal law governs the procedure by which a court oversees the litigation. *See Hanna v. Plumer*, 380 U.S. 460, 473 (1965). Generally, issues of trial procedure – such as reimbursement of expert witness fees – are controlled by federal law. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). This general rule is subject to two exceptions: (1) "if the pedigree of the federal rule could not be traced back to a federal statute or a Federal Rule of Civil Procedure, duly enacted pursuant to the Rules Enabling Act," or (2) "if the federal rule created an incentive to shop for the federal forum." *Id.* at 1168 (citations omitted). Provided neither of the two exceptions applies, if the choice is between a federal rule of procedure and a state rule of procedure, the federal rule must govern. *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003). However, if the choice is between federal procedural law and state substantive law – such as a damages provision – then the state law must prevail. *Id.* at 1064-65.

The Court finds that the Special Master correctly ruled that federal law must trump the relevant Minnesota statutory provisions. The Minnesota Antitrust Act provides that a party who has suffered an injury under the Act "shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable attorneys' fees." Minn. Stat. § 325D.57. Similarly, the Clayton Act permits a party that has suffered an antitrust injury to recover, in addition to any damages awarded, "the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a). However, federal law limits recovery of expert witness fees to $40 per witness per day, and does not permit courts any discretion to award non-taxable costs. *See Aceves*, 68 F.3d at 1167. The Ninth Circuit considers reimbursement of expert witness fees to be a matter of trial procedure, not of substantive law. *Id.* at 1168. Accordingly, the Special Master correctly concluded that federal law should apply to Best Buy's cost request.

Best Buy argues that the relevant Minnesota statute is substantive, not procedural, and therefore the Special Master erred by applying federal law. Best Buy relies heavily on *Clausen* for this argument. *See* 68 F.3d at 1160. In *Clausen*, the Ninth Circuit held that expert witness fees were recoverable because Oregon's Oil Spill Act expressly included "costs, losses, penalties or attorney fees of any kind"

3

as elements of recoverable compensatory damages. *Id.* at 1164. The court noted that a prevailing plaintiff's right to damages was substantive in nature, and because fees and costs were expressly included as part of recoverable damages, state law must be applied. *Id.* at 1164-65.

The same cannot be said of Minnesota's Antitrust Act, which differentiates between the damages a plaintiff may recover, and the additional costs, disbursements, and attorney's fees to which that plaintiff may also be entitled. *See* Minn. Stat. § 325D.57. The Minnesota law does not include costs and fees as part of the measure of damages as did the Oregon law in *Clausen*. *See* 68 F.3d at 1164-65. Thus, the Ninth Circuit's general rule that "reimbursement of expert witness fees is an issue of trial procedure" must apply. *Id.* at 1164 (quoting *Aceves*, 68 F.3d at 1167).

The Court finds that the Special Master correctly determined that federal law applies to Best Buy's claim for compensation of expert witnesses and other non-taxable costs. Accordingly, the Court DENIES Best Buy's objection to this portion of the Special Master's report and recommendation.

**2. Recommended Fee Award.**

Best Buy next argues that the Special Master erred in reducing its requested attorney's fees by approximately 80%.

Federal antitrust law provides that a prevailing plaintiff may recover "a reasonable attorney's fee." 15 U.S.C. § 15. Courts examine a number of factors in determining whether a fee request is reasonable, including the time expended, the magnitude and complexity of the case, and the result obtained. *See Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 221 (9th Cir. 1964). The result obtained is said to be the most critical factor. *See Hensley v. Eckerhart*, 461 U.S. 424, 536 (1983).

The Court finds that the Special Master's reduction of Best Buy's requested fee award was correct. Best Buy sought nearly $800 million in damages from HannStar. However, the jury awarded Best Buy only $7.47 million – approximately .9% of its claim. After trebling, Best Buy was ultimately awarded $22.4 million – approximately 2.8% of the claimed amount. Once the offset was applied, however, Best Buy recovered no damages at all from HannStar.

As the Special Master noted, Best Buy's lengthy litigation and six-week trial against HannStar ultimately achieved nothing. The Special Master stated that Best Buy "utterly failed to prove significant

4

damages against HannStar despite its guilty plea to liability, and ended up with no recovery at all after the settlement offset. Quite simply, this is the same result as if HannStar had obtained a defense verdict." MDL Dkt. No. 8875 at 15. He reasoned that there was no principled argument for awarding Best Buy $8,609,895 – the amount claimed after the deductions he had already applied for non-HannStar-related work. *Id.* Indeed, an award of that amount would exceed the initial jury verdict. The Special Master concluded that Best Buy should be award $1.75 million – approximately 20% of its claimed amount. *Id.* at 15-16.

The Court finds that the Special Master's analysis and calculations are reasonable, and therefore adopts them as the ruling of this Court. Accordingly, the Court DENIES Best Buy's objection to this aspect of the Special Master's report and recommendation.

## CONCLUSION

For the foregoing reasons, the Court finds that the Special Master did not abuse his discretion or commit clear error and therefore the Court hereby DENIES Best Buy's objections to the Special Master's report and recommendation, and DENIES AS MOOT HannStar's motion to strike Best Buy's reply brief. This Order resolves MDL Docket Nos. 8881 and 8903.

**IT IS SO ORDERED.**

Dated: May 12, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

5