1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST              No. M 07-1827 SI
    LITIGATION                                          MDL No. 1827
10  _____/

11  This Order Relates To Individual Case No. 13-       No. C 13-6001 SI
    cv-6001 SI:
12                                                      **ORDER RE MOTION TO DISMISS**
    HOME DEPOT U.S.A., INC.,
13
              Plaintiff,
14
      v.
15
    AU OPTRONICS CORPORATION and AU
16  OPTRONICS CORPORATION AMERICA,

17            Defendants.

18  _____/

19

20        Currently before the Court is defendants' motion to dismiss plaintiff's complaint.  Pursuant to

21  Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral

    argument and VACATES the hearing scheduled for June 6, 2014.  For the reasons set forth below, the
22
    Court GRANTS IN PART AND DENIES IN PART the motion to dismiss.  Any amended complaint
23
    must be filed **not later than <u>July 7, 2014.</u>**
24

25                                   **BACKGROUND**
26
          The following facts are drawn from the complaint and are assumed to be true for purposes of this
27
    motion.  Plaintiff Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business
28

United States District Court
For the Northern District of California

in Atlanta, Georgia. Compl. ¶ 6. Defendant AU Optronics Corporation is a Taiwan-based business that manufactured and sold LCD panels that were incorporated in LCD products sold throughout the United States. *Id.* ¶ 7. Defendant AU Optronics Corporation America, a wholly owned subsidiary of AU Optronics Corporation, has its corporate headquarters in Houston, Texas, and maintains facilities in both Cupertino and San Diego, California. *Id.* ¶ 8.

On December 31, 2013, plaintiff filed this action, seeking damages and injunctive relief, and alleging that "Defendants and their co-conspirators are believed to have conspired from at least January 1, 1996 until approximately December 11, 2006 . . . for the purpose and to the effect of fixing, raising, stabilizing, and maintaining prices for LCD panels." *Id.* ¶ 2. The complaint contains two claims: (1) a claim for violation of the Sherman Act; and (2) a claim for violation of California's Cartwright Act. Defendants now move to dismiss the complaint.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.*

**United States District Court**
For the Northern District of California

*Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).  If the Court dismisses a complaint, it must decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants now move to dismiss the complaint, arguing that: (1) plaintiff lacks standing to assert a Sherman Act claim; (2) plaintiff is not entitled to injunctive relief under the Clayton Act; and (3) plaintiff's California claims are barred by the statute of limitations.[1]  The Court will address each argument in turn.

**1.      Plaintiff's Sherman Act Claim.**

Defendants argue that plaintiff lacks standing to pursue its Sherman Act claim because the complaint alleges that plaintiff was only an indirect purchaser.  In its opposition, plaintiff asserts that it "does not seek damages under the Sherman Act."  MDL Master Dkt. No. 9000 at 4 n.2.  Instead, plaintiff seeks an injunction under the Clayton Act due to defendants' alleged violations of the Sherman Act.

The Court agrees that plaintiff lacks standing to seek damages for violation of the Sherman Act. Therefore, to the extent the complaint appears to seek damages for violation of the Sherman Act, the Court GRANTS the motion to dismiss, with prejudice.

**2.      Plaintiff's Claim for Injunctive Relief Under the Clayton Act.**

Defendants argue that plaintiff's claim for equitable relief under the Clayton Act fails because it has failed to demonstrate a threat of likely future violation of the antitrust laws.

---

[1] Both parties filed requests for judicial notice, asking that the Court take judicial notice of various filings in this multi-district litigation. *See* MDL Master Dkt. Nos. 8961, 9001. The Court finds that it is appropriate to take judicial notice of these documents and therefore GRANTS both parties' requests for judicial notice.

Section 16 of the Clayton Act provides that private parties may seek injunctive relief "against threatened loss or damage by a violation of the antitrust laws . . . under the same conditions and principles . . . [usually employed by] courts of equity."  15 U.S.C. § 26.

The Court finds that plaintiff has met its burden at the pleading stage of alleging the possibility of a continuing anticompetitive conspiracy.  Plaintiff alleges that, beginning "at least as early as January 1, 1996, and continuing thereafter up to and including at least December 31, 2006, Defendants and their co-conspirators agreed, combined, and conspired to raise, maintain, and stabilize at artificial levels the prices at which LCD Panels were sold."  Compl. ¶ 28.  Plaintiff further alleges that this particular industry "has high barriers to entry for new competitors."  *Id.* ¶ 23.  At this stage of the proceedings the Court cannot say that there is no set of facts under which plaintiff could succeed in its claim for injunctive relief.

Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim for injunctive relief under the Clayton Act.

### 3.    Plaintiff's Claim Under California's Cartwright Act.

Defendants contend that plaintiff's claim under the Cartwright Act must be dismissed because it is barred by the statute of limitations.  Plaintiff responds that several tolling events apply to its Cartwright Claim, rendering it timely pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  Specifically, plaintiff claims tolling based upon: (1) the doctrine of fraudulent concealment until December 11, 2006; (2) "certain indirect purchaser class action complaints" filed in 2007 and extending until Home Depot opted out on April 10, 2012; and (3) a private tolling agreement between the parties effective on March 18, 2013 and extending until at least October 14, 2013.  Compl. ¶¶ 72-78.  Plaintiff also alleges that the statute of limitations was tolled under the doctrine of equitable tolling.[2]  *Id.* ¶ 73.

As a preliminary matter, defendants argue that the complaint fails to plead the basis for tolling with specificity, as the Court requires.  *See* MDL Master Dkt. No. 4867 at 2-3 (requiring plaintiffs in

_____

[2] Because the Court finds that plaintiff is entitled to tolling under *American Pipe*, it does not reach plaintiff's argument that it is also entitled to equitable tolling.

the

MDL to "specifically identify every basis they intend to rely on to establish tolling of the statutes of limitations, whether they are class-action lawsuits, enforcement actions brought by state Attorney Generals, or other matters"). The Court agrees that the complaint, as drafted, does not specifically identify the bases upon which plaintiff rests its tolling argument. *See* Compl. ¶ 76 (claiming tolling based on "certain indirect purchaser class action complaints against Defendants and their co-conspirators that included Home Depot in their class definitions and asserted claims against Defendants and their co-conspirators for their participation in the illegal LCD price-fixing conspiracy"). Therefore, the Court GRANTS the motion to dismiss plaintiff's Cartwright Act claim, with leave to amend.

However, in the interests of judicial economy, the Court will address here the substantive bases of plaintiff's tolling argument because, in its opposition to this motion, plaintiff sets forth the particular details of the class complaints to which its complaint alludes. *See* MDL Master Dkt. No. 9000 at 6 n.8.

Plaintiff's Cartwright Act claim is subject to a four-year statute of limitations. *See* Cal. Bus. & Prof. Code §§ 16750.1, 17200. Plaintiff claims tolling until December 11, 2006 based on the doctrine of fraudulent concealment, a theory the Court has repeatedly endorsed in this MDL. Plaintiff claims that the statute then ran for nine days, until December 20, 2006, when the *Ferencsik* and *DiMatteo* complaints were filed. The Court has previously found that these two complaints tolled the statute of limitations from December 20, 2006, until at least February 2, 2007. *See* MDL Master Dkt. No. 8949 at 6. The Court has also previously ruled that – as plaintiff argues – indirect purchaser plaintiffs may rely on the *Hee* and *Selfridge* complaints to toll the statute of limitations from February 2, 2007 through November 5, 2007, and that the IPP-CAC tolled the statute of limitations for indirect purchaser resellers from November 5, 2007 through December 5, 2008.[3] *Id.* at 5.

On December 5, 2008, the IPP class filed its second consolidated amended complaint. MDL Master Dkt. No. 746. At that time, the state law class definitions were altered; in relevant part, the

---

[3] Defendants concede, for purposes of this motion, that the statute of limitations was tolled up until December 5, 2008, aside from the nine days between December 11, 2006 and December 20, 2006. MDL Master Dkt. No. 9026 at 6-7.

California class was described as "[a]ll natural persons and entities residing in California who indirectly purchased in California for their own use and not for resale LCD panels manufactured and/or sold by one or more of the defendants during the Class Period." *Id.* ¶ 231(c). Defendants argue that this class definition excludes plaintiff, a Delaware corporation with its principal place of business in Georgia. The Court disagrees.

Citizenship is not synonymous with residency, a distinction that may be important in some circumstances. *Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943). "It might well be that a resident of any one state in point of fact may be a citizen of that or any other state." *Id.* Residence is defined as "[t]he place where a corporation or other enterprise does business or is registered to do business." Black's Law Dictionary (9th ed. 2009); *cf. Smith v. Smith*, 45 Cal. 2d 235, 239 (1955) (noting that "domicile" connotes the place with which the party has the most settled connection, while "residence" connotes any place where the party has settled with some permanency; that is, for "more than a mere temporary sojourn"). For tax purposes, a corporation that conducts business in California or receives California source income is taxed as a California resident. *C Corporation*, State of Cal. Franchise Tax Bd., https://www.ftb.ca.gov/businesses/bus_structures/cCorp.shtml (last visited June 3, 2014).

The Court finds that plaintiff is a resident of California for purposes of the modified California class definition. Although plaintiff is a Delaware corporation with its principal place of business in Georgia, it alleges that it maintains and operates over 230 stores and other facilities in California. Compl. ¶ 6. It is undisputed that plaintiff "does business" in California, thus rendering it a resident under the commonly understood legal definition. *See* Black's Law Dictionary (9th ed. 2009). The Court is satisfied that plaintiff has established a presence in California that qualifies it as a California resident for purposes of this class definition. Thus, the statute of limitations was tolled by the IPP class's second consolidated amended complaint from December 5, 2008 until April 29, 2011.

On April 29, 2011, the IPP class filed its third consolidated amended complaint, again altering the class definition. *See* MDL Master Dkt. No. 2694. In this iteration, the California class was described as "[a]ll persons and entities in California who, from January 1, 1999 to December 31, 2006, as residents of California, purchased LCD panels incorporated in televisions, monitors, and/or laptop computers in California indirectly from one or more of the named Defendants . . . ." *Id.* ¶ 251(b). For

**United States District Court**
For the Northern District of California

1   the reasons described above, the Court finds that this definition also encompassed plaintiff and the

2   statute of limitations was tolled by this complaint.  On April 10, 2012, plaintiff filed a notice of

3   exclusion from the IPP class, and the statute of limitations again began to run.  Compl. ¶ 77.  On March

4   18, 2013, the parties entered into a tolling agreement that remained in effect until at least October 14,

5   2013.  *Id.* ¶ 78.  On December 31, 2013, plaintiff filed its complaint.

6        The Court finds that, between December 11, 2006 and December 31, 2013, the statute of

7   limitations ran: (1) for 9 days from December 11, 2006 until December 20, 2006; (2) for 331 days from

8   April 10, 2012 until March 18, 2013; and (3) for 78 days from October 14, 2013 until December 31,

9   2013.  Thus, the statute ran for a total of 418 days, well under the four-year limit.

10       Accordingly, the Court finds that plaintiff's Cartwright Act claim, if properly pled, will not be

11  barred by the statute of limitations.

12

13                                    **CONCLUSION**

14       For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART AND

15  DENIES IN PART defendants' motion to dismiss.  Any amended complaint must be filed **not later**

16  **than July 7, 2014**.  This Order resolves Master Docket No. 8960.

17

18       **IT IS SO ORDERED.**

19

20  Dated: June 4, 2014                                    _____

21                                                          SUSAN ILLSTON
                                                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28