**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | |
| This Order Relates To: | Nos. C 10-3205 SI; 11-2225 SI; 11-3763 SI; 11-5765 SI |
| *TracFone Wireless, Inc. v. AU Optronics Corporation, et al.*, 3:10-cv-03205-SI | **ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON DUE PROCESS GROUNDS** |
| *Office Depot, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-2225-SI | |
| *Interbond Corp. of America v. AU Optronics Corp., et al.*, 3:11-cv-3763-SI | |
| *Tech Data Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-5765-SI | |
| _____/ | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Currently before the Court is defendants' motion for partial summary judgment on due process grounds. MDL Master Dkt. No. 8916. For the reasons set forth below, the Court DENIES the motion for summary judgment.

**BACKGROUND**

These antitrust actions stem from allegations of a global price-fixing conspiracy in the market for thin-film transistor liquid-crystal display ("TFT-LCD") panels. Plaintiff Tech Data Corporation is a Florida corporation, with its principal place of business in Clearwater, Florida. Declaration of Scott N. Wagner in Support of the Joint Opposition in Response to Defendants' Motions for Partial Summary

Judgment on Due Process Grounds ("Wagner Decl."), Ex. A.  Tech Data placed purchase orders and made payments for all LCD products related to its claims from Florida.  *Id.*  Plaintiff Office Depot is a Florida corporation, with its principal place of business in Boca Raton, Florida.  *Id.* Ex. E.  Office Depot placed purchase orders and made payments for all LCD products related to its claims from Florida.  *Id.*  Plaintiff TracFone Wireless, Inc. is a Delaware corporation with its principal place of business in Miami-Dade County, Florida. Master MDL Dkt. No. 2150 ¶ 24.  TracFone placed purchase orders, negotiated purchase and sale contracts, and made payments for all LCD products related to its claims from Florida.  Wagner Decl. Ex. F.  Plaintiff Interbond Corporation of America ("Brandsmart") was headquartered in Hollywood, Florida, and/or Miami, Florida during the relevant period.  *Id.* Ex. D.  Brandsmart placed purchase orders and made payments for all LCD products related to its claims from Florida.  *Id.*

Defendants Chi Mei Corporation, Chi Mei Optoelectronics Corporation, and Nexgen are Taiwanese corporations with  principal places of business in Taiwan.  Declaration of Emmet P. Ong ("Ong Decl.") Exs. 38, 58, 62.  Defendant CMO Japan is a Japanese corporation with its principal place of business in Japan.  *Id.* Ex. 60.  Defendant CMO USA is a Delaware corporation with its principal place of business in California.  *Id.* Ex. 61.  Defendant Nexgen USA is a California corporation with its principal place of business in California.  *Id.* Ex. 63.  None of these defendants (collectively, the "Chi Mei defendants") maintained manufacturing, sales, or distribution facilities in Florida.  *Id.* Exs. 58-63.  None of the plaintiffs ever purchased any LCD products or panels directly from any Chi Mei defendant.  *Id.*  Exs. 1, 3, 5, 6.

Defendant LG Display Co. is a Korean company with its principal place of business in Seoul, Korea.  *See, e.g.*, Master MDL Dkt. No. 2150 ¶ 43.  Defendant LG Display America is a California corporation with its principal place of business in San Jose, California.  *Id.* ¶ 44.  Neither LG defendant maintained a business presence in Florida.  None of the plaintiffs ever purchased any LCD products or panels directly from either LG defendant.  Ong Decl. Exs. 39, 41, 42, 44.

Defendant Epson Imaging Devices Corporation is a Japanese company with its principal place of business in Japan.  Master MDL Dkt. No. 2150 ¶ 7.  Epson did not maintain a business presence in Florida.  *See id.* Ex. 48.  No plaintiff ever purchased LCD panels or products from Epson.  *Id.* Ex. 51.

Defendant Sharp Corporation is a Japanese company with its principal place of business in Osaka, Japan. Master MDL Dkt. No. 2150 ¶ 46. Defendant Sharp Electronics Corporation is based in New Jersey. *Id.* ¶ 47. Defendant Sharp Microelectronics of the Americas is based in Washington. Ong Decl. Ex. 55. None of these defendants (collectively, the "Sharp defendants") sold any of the plaintiffs LCD panels or products in Florida. *Id.* Ex. 57.

Defendants now move for partial summary judgment as to plaintiffs' claims under Florida law, arguing that these claims violate due process.[1]

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most

---

[1] Defendants' motion initially encompassed state law claims brought by additional plaintiffs. However, the parties later stipulated to the dismissal of many plaintiffs' state law claims, leaving pending before the Court only those claims described above. *See* MDL Master Dkt. No. 8987.

3

favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

## DISCUSSION

Defendants now move for summary judgment on due process grounds, arguing that, because they themselves had no contacts with Florida, it would offend due process to apply Florida law to plaintiffs' claims. The Court disagrees.

Due process prohibits the application of a state's law unless that state has "a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 313 (1981). To determine whether the application of a particular state's law comports with due process, a court must examine the contacts of the state whose law putatively applies "with the parties and with the occurrence or transaction giving rise to the litigation." *Id.* at 308. However, *Allstate* creates only "modest restrictions on the application of forum law," and is commonly viewed "as setting a highly permissive standard." *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1111 (9th Cir. 2013) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985)).

In the antitrust context, a court must look to the facts of the particular case, including where the allegedly price-fixed goods were purchased, and whether defendants engaged in anticompetitive conduct that was more than "slight and casual" within the state whose law is to be applied. *Id.* at 1111-13. Although the place of purchase is not dispositive, *see id.* at 1111, neither is it alone insufficient to merit application of the law of the state where the allegedly price-fixed goods were purchased, *see In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. C-07-5944-SC, 2013 WL 4505701, at *6 (N.D. Cal. Aug. 21, 2013); *see also AT&T*, 707 F.3d at 1113-14 ("The relevant transaction or occurrence in a price-fixing case involves both the conspiracy to illegally fix prices and the sale of price-fixed goods.").

4

The Court finds that applying Florida law to plaintiffs' claims here will not violate defendants' due process rights. It is undisputed that all four plaintiffs were headquartered in Florida during the relevant time period. MDL Master Dkt. No. 8985 at 2-4. All negotiations, purchasing decisions and orders, and payments for LCD products took place in Florida. *Id.* Florida, therefore, has sufficient contacts with – and interests in – "the parties and with the occurrence or transaction giving rise to the litigation." *Allstate*, 449 U.S. at 308.

Defendants argue that the application of Florida law is unfair because they never sold their products or engaged in any conspiratorial conduct in Florida. They contend that, if the Court finds otherwise, they could potentially be subject to the laws of any state wherein their LCD panels were eventually sold, even by third parties, thus making a mockery of due process. Defendants' argument is overstated. It is true that they could face potential liability under the laws of states that permit suit by indirect purchasers, such as Florida. But even then, a court determining whether the imposition of such laws comported with due process would still need to analyze that state's contacts to, and interests in, the case in question. Here, it is undisputed that the plaintiffs, headquartered in Florida, conducted business in, and were injured in Florida. Florida has an important interest in protecting its residents from the harmful effects of anticompetitive conspiracies. Thus, defendants are wrong to suggest that the laws of any state could be imposed against them at any time. Instead, only when sufficient contacts exist between the state and the facts of the case will these, or any other defendants, face liability under state antitrust law.

Defendants further contend that, even if plaintiffs' contacts to Florida, together with Florida's interest in protecting its residents, are sufficient to satisfy due process, Florida law should still not be applied to them because plaintiffs have not established that the LCD products they purchased contained LCD panels manufactured by defendants. However, plaintiffs have submitted evidence that all of their purchases of LCD products took place in Florida. *See* MDL Master Dkt. No. 8985 at 2-4. The effect of an anticompetitive conspiracy is to alter the price of all goods of a certain type – here, LCD panels and products. The scope and nature of this alleged conspiracy led to plaintiffs' purchase of price-fixed goods in Florida. *Id.* Whether all of the LCD products plaintiffs purchased contained panels manufactured by defendants is irrelevant. Plaintiffs have established that they suffered an injury in


Florida when they purchased price-fixed goods, the cause of which was defendants' anti-competitive conduct. The Court finds that plaintiffs' evidence is sufficient to establish the requisite contacts with Florida to satisfy due process.

Accordingly, the Court finds that application of Florida law to these defendants will not violate due process, and therefore DENIES defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES defendants' motion for summary judgment on due process grounds. This Order resolves MDL Master Docket No. 8916.

**IT IS SO ORDERED.**

Dated: June 26, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE