United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>*SB Liquidation Trust v. AU Optronics Corp., et al.*, 3:10-cv-05458-SI<br><br>*MetroPCS Wireless, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-00829-SI<br><br>*Office Depot, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-02225-SI<br><br>*Interbond Corp. of America v. AU Optronics Corp., et al.*, 3:11-cv-03763-SI<br><br>*Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, v. AU Optronics Corp., et al.*, 3:11- cv-03856-SI<br><br>*P.C. Richard & Son Long Island Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-04119-SI<br><br>*Tech Data Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-05765-SI<br><br>*The AASI Creditor Liquidating Trust, by and through Kenneth A. Welt, Liquidating Trustee v. AU Optronics Corp., et al.*, 3:11- cv-05781-SI<br><br>*CompuCom Systems, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-06241-SI<br><br>*NECO Alliance LLC v. AU Optronics Corp., et al.*, 3:12-cv-01426-SI<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. AU Optronics Corp., et al.*, 3:10-cv-05625-SI<br>_____/ | Nos. 3:10-cv-05458-SI; 3:11-cv-00829-SI; 3:11-cv-02225-SI; 3:11-cv-03763-SI; 3:11-cv-03856-SI; 3:11-cv-04119-SI; 3:11-cv-05765-SI; 3:11-cv-05781-SI; 3:11-cv-06241-SI 3:12-cv-01426-SI; 3:10-cv-05625-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DAVID P. STOWELL PURSUANT TO FED. R. EVID. 702** |

Currently before the Court is defendants' motion to exclude certain testimony of expert witness David P. Stowell. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 12, 2014. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS defendants' motion.

**BACKGROUND**

Plaintiffs hired Professor David P. Stowell "to provide an opinion as to whether the prices implied by the Bernheim Report overcharge estimates ('but-for prices') would have caused the Defendants to curtail investments in their production facilities ('fabs') during the Conspiracy Period." Declaration of Emmet P. Ong in Support of Defendants' Motion ("Ong Decl.") Ex. A. During Track 1 discovery in this MDL, the Court considered the admissibility of Professor Stowell's testimony. *See* MDL Master Dkt. No. 8102 at 4-5. In that Order, the Court found that Professor Stowell's testimony regarding governmental policies in certain Asian countries was inadmissible because "he was unable to provide any instance in which a Defendant company actually received government support or explain how [his cited] examples were representative of the rest of Defendant companies." *Id.* at 5. The Court concluded that the proposed testimony was too speculative and therefore excluded it. *Id.*

In Track 2 discovery, Professor Stowell identifies two additional examples of purported governmental support to defendants during the relevant period. Ong Decl. Ex. A ¶ 64; Ex. F ¶ 57. First, Professor Stowell states that, during the relevant period in Taiwan, certain industrial parks were maintained wherein the government had the option of investing in projects or providing tax incentives. *Id.* Ex. A ¶ 64. He further notes that CMO, HannStar, and Chunghwa Picture Tubes all operated fabs in industrial parks.

Second, Professor Stowell states that, in 2003, AUO signed a contract for a syndicated loan from 35 banks to finance fabs. *Id.* Ex. F ¶ 57. However, only one of the banks was government-affiliated, *id.* Ex. A, and he is unaware of whether the Taiwanese government influenced, or attempted to influence, that bank with respect to AUO's loan, *id.* Ex. G.

Plaintiffs also plan to question Professor Stowell regarding the ownership structure of Asian

2

1 companies. Professor Stowell is expected to opine that the ownership structures of some Asian
2 companies are different from American companies, which in turn permits Asian companies to focus
3 more on long-term goals. *Id.* Ex. A ¶ 56.

4 Defendants now move to exclude Professor Stowell's opinions regarding Asian government
5 support and ownership structures.

## LEGAL STANDARD

8 Federal Rule of Evidence 702 permits the introduction of expert testimony only if: (1) "the
9 expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the
10 evidence or to determine a fact in issue," (2) "the testimony is based on sufficient facts or data," (3) "the
11 testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the
12 principles and methods to the facts of the case." Rule 702 requires courts to act as gatekeepers by
13 "making a preliminary determination of whether the expert's testimony is reliable." *Elsayed Mukhtar*
14 *v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002); *see Daubert v. Merrell Dow*
15 *Pharms., Inc.*, 509 U.S. 579, 597 (1993). The proponent of the expert testimony has the burden of
16 proving the proposed expert testimony is admissible. *Lust ex rel. Lust v. Merrell Dow Pharm., Inc.*, 89
17 F.3d 594, 598 (9th Cir. 1996). Additionally, the decision whether to admit or exclude expert testimony
18 is soundly committed to the district court's discretion. *See GE v. Joiner*, 522 U.S. 136, 141-42 (1997);
19 *United States v. Calderon–Segura*, 512 F.3d 1104, 1109 (9th Cir. 2008).

## DISCUSSION

22 Defendants move to exclude Professor Stowell's proposed testimony regarding Asian
23 governmental support, and Asian company structures, arguing that admission would violate Rule 702.
24 The Court finds that the proposed testimony suffers from the same flaws the Court identified in
25 the Track 1 cases: Professor Stowell's opinions are not supported by evidence that applies specifically
26 to these defendants. The Court does not doubt Professor Stowell's statement that the Taiwanese
27 government sometimes invested in, or offered tax incentives to, companies located in industrial parks,
28 or that CMO, HannStar, and Chunghwa Picture Tubes operated fabs in industrial parks during the

3

1 relevant period. However, there is no evidence that the Taiwanese government ever invested in these companies or that these companies were offered tax incentives. Similarly, while the Court accepts as true that AUO received a bank loan from a government-affiliated bank, plaintiffs present no evidence that the government influenced that bank in any way, or that AUO could not have obtained this loan without government influence.

With respect to Professor Stowell's proposed testimony regarding Asian company structure, the Court finds that this is also inadmissible, for the same reason. Even if many or most Asian companies utilize a different ownership structure from the typical American company, this evidence is not helpful to the jury because Professor Stowell cannot link it specifically to defendants' companies.

The Court finds that Professor Stowell's proposed testimony regarding Asian government support and Asian ownership structures is of limited probative value, and that any value it has is substantially outweighed by the potential for prejudicial speculation. Accordingly, defendants' motion is GRANTED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS defendants' motion to exclude. This Order resolves MDL Master Docket No. 9070.

**IT IS SO ORDERED.**

Dated: September 4, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4