IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>_____/<br><br>This Order Relates To:<br><br>TRACFONE WIRELESS, INC.,<br><br>        Plaintiff,<br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>        Defendants.<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827<br><br>No. C 10-3205 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON INDIRECT CLAIMS BASED ON FOREIGN SALES** |

Currently before the Court is defendants' motion for summary judgment on plaintiff TracFone Wireless, Inc.'s indirect claims based on foreign sales. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Throughout the relevant period, plaintiff TracFone sold wireless mobile handsets and wireless telecommunication services in the United States. During that period, TracFone purchased handsets from Motorola and Nokia. Motorola and Nokia, in turn, purchased panels from defendants and incorporated them into the products TracFone purchased. Many of Motorola's and Nokia's purchases were made outside of the United States. TracFone's damages claims are limited to purchases of the products it obtained from Motorola and Nokia and are brought under the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA").

Defendants now move for summary judgment, arguing that the Foreign Trade Antitrust Improvements Act ("FTAIA") precludes TracFone's claims.

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

Defendants move for summary judgment on TracFone's indirect claims to the extent they are based on foreign sales, arguing that the FTAIA prohibits state law claims arising out of foreign purchases to the same extent it prohibits federal claims arising from such purchases.

The FTAIA was enacted in 1982 to limit the reach of the Sherman Act and the Federal Trade Commission Act with respect to foreign trade. The FTAIA provides that the Sherman Act "shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations" unless certain exceptions apply. 15 U.S.C. § 6a.

The Ninth Circuit recently examined the applicability of the FTAIA in the context of this MDL. *See United States v. Hsiung*, 758 F.3d 1074 (9th Cir. 2014). The Ninth Circuit noted that the plain text of the FTAIA excludes import trade from its scope. *Id.* at 1089 ("[I]mport trade, as referenced in the parenthetical statement, does not fall within the FTAIA at all."). The court gave "import trade" its plain meaning, stating that transactions between foreign TFT-LCD producers and United States purchasers clearly fell within that definition. *Id.* at 1090. The *Hsiung* court stated that in this case, where "at least a portion of the transactions . . . involve[d] the heartland situation of the direct importation of foreign goods into the United States," the defendants' conduct was properly considered import trade, outside the scope of the FTAIA. *Id.* n.7.

The Ninth Circuit noted that it was alleged, and proven at trial, that defendants "engaged in the business of producing and selling TFT-LCDs to customers in the United States." *Id.* at 1091. The court's holding was influenced by defendants' conspiracy to set prices that would impact pricing in the United States. *Id.* The Ninth Circuit concluded that defendants' conduct was outside of FTAIA's scope because "the conspiracy's intent, as alleged, was to 'suppress and eliminate competition' by fixing prices for panels that AUO and AUOA sold to manufacturers 'in the United States and elsewhere' for incorporation into retail technology sold to consumers in the United States and elsewhere." *Id.* As the court stated: "To suggest, as the defendants do, that AUO was not an 'importer' misses the point. The panels were sold into the United States, falling squarely within the scope of the Sherman Act." *Id.*

The Court finds that the Ninth Circuit's reasoning in *Hsiung* is applicable to this motion, and therefore the FTAIA does not apply to TracFone's Florida claims. TracFone's claims are based upon

3

substantially the same evidence that was before the Ninth Circuit in *Hsiung*. Although TracFone's claims are made pursuant to the FDUTPA and not the Sherman Act, the Ninth Circuit's reasoning excluding defendants' conduct from the scope of the FTAIA applies with equal force.

Defendants argue that the facts of TracFone's transactions compel a different conclusion because defendants did not "import" the particular panels that form the basis of TracFone's claims. This argument misunderstands *Hsiung*'s holding. The Ninth Circuit's holding analyzed defendants' conduct in engaging in a price-fixing conspiracy that targeted United States companies. Indeed, the court stated that, although it was undisputed that defendants never actually manufactured products for importation into the United States, because the conspiracy's intent was to "suppress and eliminate competition" in the United States, defendants' conduct was not subject to the FTAIA. *Id.*

The same is true here. Although the particular panels TracFone purchased may have first been sold in foreign countries, the alleged underlying conduct by defendants is identical to the conduct the Ninth Circuit analyzed in *Hsiung*. TracFone claims to be an indirect purchaser from the same alleged cartel at issue in *Hsiung*, the same cartel whose conduct the Ninth Circuit determined to be outside the scope of the FTAIA. It is not TracFone's purchases that determine whether the FTAIA applies; rather it is defendants' conduct – the same conduct that the Ninth Circuit held constituted import trade in *Hsiung*.

The Court concludes that the FTAIA is inapplicable to TracFone's claims, and therefore DENIES defendants' motion for summary judgment.[1]

//
//
//
//
//

---

[1] Because the Court has determined that the FTAIA is inapplicable to TracFone's claims because defendants' conduct constituted import trade, the Court need not consider whether the FTAIA applies to state law claims in general.

4

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for summary judgment. This Order resolves MDL Master Docket No. 9057.

**IT IS SO ORDERED.**

Dated: September 18, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE