IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | Nos. 3:11-cv-03763-SI; 3:11-cv-02225-SI;<br>3:11-cv-05765-SI; 3:10-cv-03205-SI |
| *Interbond Corp. of America v. AU Optronics Corp., et al.*, 3:11-cv-03763-SI | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FLORIDA DOWNSTREAM PASS-ON** |
| *Office Depot, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-02225-SI | |
| *Tech Data Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-05765-SI | |
| *TracFone Wireless, Inc. v. AU Optronics Corp., et al.*, 3:10-cv-03205-SI | |

Currently before the Court is defendants' motion for partial summary judgment on Florida downstream pass-on. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART AND DENIES IN PART defendants' motion.

**BACKGROUND**

Plaintiffs in this case purchased finished products containing LCD panels and resold those products to subsequent purchasers. At all times relevant to this motion, Tech Data was a distributor of LCD products, BrandsMart and Office Depot were retailers that sold LCD products, and TracFone was a wireless carrier that sold mobile phones and wireless minutes.

Defendants move for summary judgment as to plaintiffs' claims under Florida law, arguing that

plaintiffs passed on part or all of any overcharges they incurred when purchasing the LCD products.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

## DISCUSSION

Defendants now move for summary judgment as to that portion of plaintiffs' damages that was

not absorbed by plaintiffs. Specifically, defendants argue that Florida law permits a downstream pass-on defense, and because it is undisputed that plaintiffs passed on at least part of the alleged overcharges they incurred, defendants are entitled to summary judgment as to those portions of plaintiffs' claimed damages. Plaintiffs respond that Florida law does not permit a downstream pass-on defense.

The Court has previously addressed the issue of the downstream pass-on defense in two other instances in this MDL. *See* MDL Master Dkt. Nos. 7420, 7593. In the Track 1 cases, the Court held that, in indirect purchaser cases, California, New York, Michigan, Illinois, and Minnesota law all supported the presentation of a downstream pass-on defense. MDL Master Dkt. No. 7420. The Court later considered the availability of the downstream pass-on defense under Florida law in the context of a motion for judgment on the pleadings. MDL Master Dkt. No. 7593. In denying that motion, the Court noted that Florida lacks any clear law precluding the pass-on defense under the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"). *Id.* at 3.

The FDUTPA is Florida's indirect purchaser statute. *See* Fla. Stat. §§ 501.201-23. It is designed to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." *Id.* § 501.202(2). To pursue a claim under FDUTPA, a plaintiff must establish that a deceptive or unfair practice caused the plaintiff to suffer actual damages. *See In re Florida Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1320 (S.D. Fla. 2010) (citation omitted). "Put another way, in order to state a FDUTPA claim for damages a plaintiff must show not only that the conduct complained of was unfair, unconscionable, or deceptive, but also that it has suffered actual damages proximately caused by the unlawful conduct." *Id.* at 1321 (citation and internal quotation marks omitted).

Only one court has addressed the availability of the downstream pass-on defense in the context of a price-fixing claim under the FDUTPA. *See id.* at 1322. In *Florida Cement*, the court granted defendants' motion to dismiss because the complaint failed to sufficiently allege which products were purchased from which defendants, "or whether these particular indirect purchasers absorbed the alleged price increases or passed them on to their customers." *Id.* Although the *Florida Cement* court did not expressly rule that the downstream pass-on defense was available under the FDUTPA, it appears to have

3

assumed its applicability. *See id.*

When the Court considered this issue previously in the context of other state laws that neither expressly permitted nor precluded the downstream pass-on defense, the Court was persuaded that laws that permit only the recovery of actual damages are consistent with the applicability of this defense. *See* MDL Master Dkt. No. 7420. Under Michigan law, for example, the Court found that the statute's limitation of recovery to actual damages sustained made it appropriate to allow the defendants to present evidence of their downstream pass-on defense. *Id.* at 6. The Court likewise found that the downstream pass-on defense was available under Minnesota law where the relevant statute limited recovery to damages that would repay actual losses. *Id.* at 7-8.

The Court finds that it is appropriate in the circumstances of this case to permit defendants to present evidence of a downstream pass-on defense. Like the laws in Michigan and Minnesota, the FDUTPA limits recovery to actual damages. *See* Fla. Stat. Ann. § 501.211(2). Florida law also contains a bar on duplicative recovery. *Id.* § 542.22(2)(a). As the Court has previously stated, the nature of the overlapping claims in this MDL presents the risk of duplicative recovery if downstream pass-on defenses are not permitted. MDL Master Dkt. No. 7420 at 5-7, 10.

The Court concludes that, without any authority precluding the downstream pass-on defense under the FDUTPA, and given the risk of duplicative recovery if the defense is precluded, it is appropriate under the circumstances of this MDL is permit defendants to present evidence of their downstream pass-on defense. To hold otherwise would run a great risk that plaintiffs would receive a windfall by permitting them to recover the full extent of any overcharges, without consideration of the amount they recouped by reselling the products. Thus, to the extent defendants' motion seeks permission to assert a downstream pass-on defense, that motion is GRANTED.

However, the Court finds that there are disputed issues of fact regarding the existence and extent of plaintiffs' downstream pass-on rates. Accordingly, the Court DENIES defendants' request that the Court quantify plaintiffs' pass-on rates as set forth in defendants' experts' reports.

4

**CONCLUSION**

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS IN PART AND DENIES IN PART defendants' motion for summary judgment. This Order resolves MDL Master Docket No. 9053.

**IT IS SO ORDERED.**

Dated: September 18, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE