IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. AU Optronics Corp., et al.*, 3:11-cv-3856-SI<br><br>*P.C. Richard & Son Long Island Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-4119-SI<br><br>*NECO Alliance LLC v. AU Optronics Corp., et al.*, 3:12-cv-1426-SI-CV-5840 | **ORDER SUGGESTING REMAND TO TRANSFEROR COURT** |

This matter is before the court on the plaintiffs' Administrative Motion for Suggestion of Remand in the above-captioned cases. The motion seeks a suggestion from this Court to the Judicial Panel on Multidistrict Litigation that these cases be remanded to the transferor court. Each of these actions was originally filed in the Eastern District of New York. Defendants do not oppose this motion. For the reasons stated below, the Court GRANTS the motion, and SUGGESTS remand of these three cases to the transferor court. Docket No. 9220.

**BACKGROUND**

The Judicial Panel on Multidistrict Litigation (JPML) transferred to this Court for coordinated pretrial proceedings numerous antitrust actions relating to an alleged conspiracy to fix the prices for thin

film transistor-liquid crystal display (TFT-LCD) panels, which are used in computer monitors, flat panel television sets, and other electronic devices. The above-captioned actions were among the cases transferred to this Court pursuant to the JPML's April 20, 2007 transfer order and this Court's July 3, 2007 related case pretrial order #1.

## LEGAL STANDARD

Title 28 U.S.C. § 1407(a), pursuant to which these three cases were transferred here, provides in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation ... upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. *Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated.*

(emphasis added). Once "coordinated or consolidated pretrial proceedings" have been completed in the transferee court, the transferred cases must be remanded to their original courts (whether for trial or otherwise). *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). The authority to do so, however, rests entirely with the JPML; this Court lacks the power to remand an action transferred to it under Section 1407. *See id.* (noting § 1407(a) "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings'"). The transferee judge may recommend remand of an action to the transferor court by filing a suggestion of remand with the Panel. *See* Panel Rule 10.1(b)(i).

## DISCUSSION

Plaintiffs' administrative motion requests that the Court suggest to the JPML that the three above-captioned cases be remanded back to the transferor court from which they originated. Defendants do not oppose the motion.

The Court concludes that the purposes behind consolidating these related actions in this Court have now been served. The Court has addressed numerous discovery disputes, dispositive motions, and

other pretrial issues involving facts and legal questions common to the various cases in this MDL proceeding, including *Daubert* motions involving experts common to the cases to be tried in this Court and the cases that will be remanded. No further pretrial motions raising common questions are pending in these three cases, and remand to the transferor court appears to be in the interest of judicial efficiency. Accordingly, the Court respectfully SUGGESTS to the JPML that each of the above-captioned actions be REMANDED to its court of origin.

## CONCLUSION

Pursuant to Rule 10.1(b)(I) of the Rules of the Judicial Panel on Multidistrict Litigation, the court SUGGESTS that the Panel REMAND the following cases to their transferor courts:

*Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. AU Optronics Corp., et al.*, 3:11-cv-3856-SI;

*P.C. Richard & Son Long Island Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-4119-SI;

*NECO Alliance LLC v. AU Optronics Corp., et al.*, 3:12-cv-1426-SI-CV-5840.

**IT IS SO ORDERED.**

Dated: September 22, 2014

SUSAN ILLSTON
United States District Judge