IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| / | Case No. C 12-3802 SI |
| This Order Relates to:<br>*Proview Technology Inc., et al. v. AU Optronics Corp., et. al.*, C 12-3802 SI<br>/ | **ORDER RE DEFENDANTS' JOINT MOTION TO DISMISS PROVIEW'S THIRD AMENDED COMPLAINT** |

On April 18, 2014, the Court issued an Order granting in part and denying in part defendants' motion to dismiss plaintiff Proview Technology Inc.'s third amended complaint ("TAC"). MDL Master Dkt. No. 8964. The Court ordered the parties to submit further briefing on the issue of whether the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA") applied to PTI's claims under California law. Specifically, the Court ordered the parties to address: (1) any additional authority regarding the applicability of the FTAIA to state law claims, (2) assuming the FTAIA does apply to PTI's state claims, whether the fact that the TAC alleges that PTI purchased finished products in California is relevant, and whether additional allegations are required to bring PTI's state law claims outside the scope of the FTAIA (and whether the TAC includes any such allegations), and (3) whether the analysis regarding the applicability of the FTAIA to PTI's UCL claim is different in any way from the analysis regarding the Cartwright Act claim.

After the parties submitted their additional briefing, the Ninth Circuit specifically examined the applicability of the FTAIA in the context of this MDL. *See United States v. Hsiung*, 758 F.3d 1074 (9th Cir. 2014). The Ninth Circuit noted that the plain text of the FTAIA excludes import trade from its scope. *Id.* at 1089 ("[I]mport trade, as referenced in the parenthetical statement, does not fall within the

FTAIA at all."). The court gave "import trade" its plain meaning, stating that transactions between foreign TFT-LCD producers and United States purchasers clearly fell within that definition. *Id.* at 1090. The *Hsiung* court stated that in this case, where "at least a portion of the transactions . . . involve[d] the heartland situation of the direct importation of foreign goods into the United States," the defendants' conduct was properly considered import trade, outside the scope of the FTAIA. *Id.* n.7.

The Ninth Circuit further noted that it was alleged, and proven at trial, that defendants "engaged in the business of producing and selling TFT-LCDs to customers in the United States." *Id.* at 1091. The court's holding was influenced by defendants' conspiracy to set prices that would impact pricing in the United States. *Id.* The Ninth Circuit concluded that defendants' conduct was outside of FTAIA's scope because "the conspiracy's intent, as alleged, was to 'suppress and eliminate competition' by fixing prices for panels that AUO and AUOA sold to manufacturers 'in the United States and elsewhere' for incorporation into retail technology sold to consumers in the United States and elsewhere." *Id.* As the court stated: "To suggest, as the defendants do, that AUO was not an 'importer' misses the point. The panels were sold into the United States, falling squarely within the scope of the Sherman Act." *Id.*

The Court recently applied the Ninth Circuit's holding in *Hsiung* to defendants' motion for summary judgment based upon plaintiff TracFone's claims under Florida law. MDL Master Dkt. No. 9218. The Court noted that the claims at issue were based upon substantially the same evidence as was before the Ninth Circuit in *Hsiung*. *Id.* The Court further stated that, although those claims were made pursuant to state law and not the Sherman Act, "the Ninth Circuit's reasoning excluding defendants' conduct from the scope of the FTAIA applie[d] with equal force." *Id.* at 4.

The Court finds that the same reasoning applies to PTI's claims under California law, and thus defendants' motion to dismiss must fail. As the Court noted with respect to defendants' summary judgment motion on TracFone's state law claims, it is not the plaintiff's "purchases that determine whether the FTAIA applies; rather it is defendants' conduct – the same conduct that the Ninth Circuit held constituted import trade in *Hsiung*," and was therefore outside of the scope of the FTAIA. *Id.*

Accordingly, the Court finds that the FTAIA does not apply to PTI's California law claims, and therefore denies the balance of defendants' motion to dismiss.

2

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES defendants' motion to dismiss PTI's California law claims.  This Order resolves MDL Master Docket No. 8304.

**IT IS SO ORDERED.**

Dated: September 25, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE