

500 MAMARONECK AVENUE | HARRISON, NY 10528
T. 914.630.5000 | F. 914.630.5001 | CLASSACTIONREFUND.COM

September 22, 2014

**VIA OVERNIGHT MAIL**
The Honorable Susan Illston
United States District Judge
Northern District of California
San Francisco Courthouse, Courtroom 10 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   In Re TFT-LCD (Flat Panel) Antitrust Litigation
      Case No. 3:07-md-01827

Dear Judge Illston:

Class Action Refund ("CAR") provides settlement fund recovery services to businesses in class action litigation. We respectfully request that this Court exercise its discretion and accept eleven late claims that have already been filed on behalf of our clients after June 6, 2014, the proposed cutoff for late claims in the above-referenced case, and accept an additional late claim from Carnival Corporation that we plan on filing with the claims administrator in the next few days.

In the Indirect-Purchaser Plaintiffs' and Settling States' Joint Notice of Motion and Motion to Appoint Fund Administrator and Distribute Settlement Fund (Dkt. No. 9217; the "Distribution Motion"), Class Counsel allowed for a procedure wherein claimants who submitted post June 6, 2014 claims may petition the Court for authorization to pay those claims. *See* Distribution Motion at 8 n.21.

All but one of our post June 6th claimants first learned of the settlement in this lawsuit after speaking with a representative at CAR. The remaining claimant was aware of the settlement but they did not file a claim because they did not have actual purchase records dating back to the class period and did not know that estimates were acceptable in this case. CAR advised all of our post June 6th claimants of their rights under the settlement and the claims procedure.

The entities were made aware that Rust Consulting, Inc., ("Rust"), the claims administrator in this case, had mailed notice of the settlement to eligible claimants. Only one of the post June 6th claimants had knowledge of the settlement but as mentioned previously, did not think it could file a claim without actual purchase records. The others never received notice and had no knowledge of the settlement.

All of the post June 6th claimants expressed a desire to participate in the settlement immediately after speaking to a representative at CAR. All of them purchased LCD products indirectly during the class period and all of them wish to receive a refund from the settlement proceeds.

The same arguments that Counsel has set forth as to why late claims filed prior to June 6, 2014, should be paid, apply to those late claims that were filed after the arbitrary June 6, 2014 "late claim deadline." As Counsel points out in the Distribution Motion, there is an interest in maximizing the participation of class members in the settlements. Distribution Motion at 7. Allowing these additional late claims will clearly achieve that goal and increase participation in the settlement.

These post June 6th claimants have not delayed the distribution of the settlement funds. More importantly, they have all been injured as a result of the alleged wrongful conduct, just like all the timely claimants and pre June 6, 2014 claimants. As such, and as Counsel points out, "because all claimants are similarly situated, none of them has a better right to recover than any other claimant. In other words, because no distribution delay has been occasioned by the processing of those claims, the first-filed claim is no more entitled to recover or to recover more per unit than the last claim received and processed." Distribution Motion at 7.

Counsel mentions that the whole point of these class actions is to maximize participation of class members and compensate as many injured claimants as possible. Counsel already recommended, and the Court indicated its agreement, that claims submitted after the original claim filing deadline of December 6, 2012, be included in the distribution. Our post June 6th claimants suffered the same injury as those that filed timely claims, and those that filed claims prior to the proposed June 6th cutoff date.

The post June 6th claims referenced herein will represent at most .0000514 percent of the total claims filed in the case (233,473). Additionally, they will represent at most only .0075 percent (123,182 panel equivalents) of the total panel equivalents submitted in the case (16,212,038). Such a small percentage would seem to warrant inclusion in the distribution of the settlement fund, especially in light of the fact that Counsel has agreed that all late claims filed through June 6, 2014, which is 18 months past the original filing deadline, be included in the distribution. Counsel has not enumerated any reason to treat post June 6th claims differently than pre June 6th claims. The mere fact that they were filed 21 months after the original filing deadline, rather than 18 months after the original filing deadline, is not reason enough to exclude them from the planned distribution of the settlement funds.

Moreover, these post June 6th claims will not materially alter the expected payout per unit. Class members will still be receiving well in excess of the original estimated recovery of $25 per panel equivalent.

It is clear that the Court has the discretion to allow or disallow "late filed" claims. The Court should exercise this discretion and permit the late claims referenced herein to be included in the planned distribution of the settlement funds.

Respectfully Submitted,

Patrick D. Jermyn
Deputy General Counsel


Copy to:     Co-Lead Counsel for Indirect Purchaser Plaintiffs
             Counsel for Settling States
             Rust Consulting

Francis O. Scarpulla, Esq.
ZELLE HOFMANN & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
*Co-Lead Class Counsel for
Indirect Purchaser Plaintiffs*

Joseph M. Alioto, Esq.
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
*Co-Lead Class Counsel for
Indirect Purchaser Plaintiffs*

Lizabeth A. Brady, Esq.
Chief, Multistate Antitrust Enforcement
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
*Counsel for Plaintiff State of Florida*

Anne E. Schneider, Esq.
Assistant Attorneys General/Antitrust Counsel
MISSOURI ATTORNEY GENERAL'S OFFICE
P.O. Box 899
Jefferson City, MO 65102
*Counsel for Plaintiff State of Missouri*

Kevin Wells, Esq.
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center St., Suite 500
Little Rock, AR 72205
*Counsel for Plaintiff State of Arkansas*

Nicole S. Gordon, Esq.
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1000
San Francisco, CA 94102-3664
*Counsel for Plaintiff State of California*

M. Elizabeth Lippitt, Esq.
Assistant Attorney General
Corporate Oversight Division
Antitrust Section
OFFICE OF THE ATTORNEY GENERAL
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, MI 48933
*Counsel for Plaintiff State of Michigan*

Jeremy R. Kasha, Esq.
Assistant Attorney General
Antitrust Bureau
OFFICE OF THE ATTORNEY GENERAL OF
STATE OF NEW YORK
120 Broadway, 26th Floor
New York, NY 10271
*Counsel for Plaintiff State of New York*

Douglas L. Davis, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 1789
Charleston, WV 25326
*Counsel for Plaintiff State of West Virginia*

Gwendolyn J. Cooley, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 7857
17 W. Main Street
Madison, WI 53707-7857
*Counsel for Plaintiff State of Wisconsin*

Robin M. Niemic
RUST CONSULTING
5210 Hood Road, Suite 100
Palm Beach Gardens, FL 33418