

**Maricopa Integrated Health System**

*Count on us to care.*

Maricopa Medical Center
2601 E. Roosevelt
Phoenix, Arizona 85008
602-344-5011

Comprehensive Healthcare Center
2525 E. Roosevelt St.
Phoenix, AZ 85008
602-344-5011

Desert Vista
Behavioral Health Center
270 W. Brown Rd.
Mesa, AZ 85201
480-344-2000

Complete Comfort Care
2611 E. Pierce St.
Phoenix, AZ 85008
602-344-2700

Family Health Centers:

Avondale
950 E Van Buren
Avondale, AZ 85323
623-344-6800

Chandler
811 S. Hamilton
Chandler, AZ 85225
480-344-6100

El Mirage
12428 W. Thunderbird
El Mirage, AZ 85335
623-344-6500

Glendale
5141 W. Lamar
Glendale, AZ 85301
623-344-6700

Guadalupe
5825 E. Calle Guadalupe
Guadalupe, AZ 85283
480-344-6000

Maryvale
4011 N. 51st Ave
Phoenix, AZ 85031
602-344-6900

McDowell
1144 E. McDowell Rd, Ste 300
Phoenix, AZ 85008
602-344-6550

Mesa
59 S. Hibbert
Mesa, AZ 85210
480-344-6200

Seventh Avenue
1407 S. 9th Ave
Phoenix, AZ 85007
602-344-6600

South Central
33 W. Tamarisk
Phoenix, AZ 85041
602-344-6400

Sunnyslope
934 W. Hatcher
Phoenix, AZ 85021
602-344-6300

---

October 1, 2014

The Honorable Susan Illston
United States District Court Judge
United States District Court for the
District of Northern California
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102



FILED
OCT X 6 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Re:  **In re TFT-LCD (Flat Panel) Antitrust Litigation,**
     **Case No. 3:07-MD-1827  SI**
     **MDL No. 1827**
     **Maricopa Integrated Health System's Petition to Accept Late Claim**

The Honorable Susan Illston:

The Maricopa Integrated Health System (MIHS) is the hospital and health care safety net system for residents of Maricopa County, Arizona. MIHS serves people of many races and nationalities who come from diverse cultures and speak several different languages. MIHS is committed to providing culturally appropriate, sensitive medical care and helping its patients live healthier lives. MIHS provides care for all that enter its doors, irrespective of means or ability to pay. MIHS operates numerous health facilities and health care centers in Maricopa County, including the only public teaching hospital in Arizona, otherwise known as the Maricopa Medical Center.

MIHS hereby requests that this Court exercise its discretion, in the interests of justice and fairness, to accept MIHS' claim that was submitted after June 6, 2014. Distribution to MIHS would not delay the distribution to other class members.

MIHS first learned of the above referenced class action upon receiving a solicitation from a private firm, Financial Recovery Services, seeking our joinder in their efforts to assemble a group of potential class members. After receiving that notice, MIHS verified, via the claims website, that claims were still being accepted and MIHS made a request for a list of purchases from the vendor. Once all the information was obtained MIHS filed its claim form on August 26, 2014.

In the Indirect-Purchaser Plaintiffs' and Settling States' Joint Notice of Motion and Motion to Appoint Fund Administrator and Distribute Settlement Fund (Dkt. No. 927; the "Distribution Motion"), Class Counsel allowed for a procedure whereby claimants could submit their claims after June 6, 2014 by filing a petition to the Court seeking acceptance of a tardy claim and for authorization to pay those claims. (See Distribution Motion at 8 n.21.)

*Affiliated with the University of Arizona College of Medicine and the Mayo Graduate School of Medicine*

The same arguments that Class Counsel set forth as to why late claims filed prior to June 6, 2014, should be paid, applies to late claims filed after June 6, 2014, i.e. the "late claim deadline." As Counsel points out in the Distribution Motion there is an interest in maximizing the participation of class members in the settlements. Distribution Motion at 7. Allowing MIHS' additional late claim will achieve this goal of increasing participation in the settlement.

As stated above, allowing MIHS' claim will not delay the distribution of funds. MIHS has been injured as a result of the alleged wrongful conduct, just like all of the timely claimants and the pre-June 2014 claimants. As such, and as Counsel points out, "because all claimants are similarly situated, none of them has a better right to recover than any other claimant. In other words, because no distribution delay has been occasioned by the processing of those claims, the first-filed claim is no more entitled to recover or to recover more per unit that the last claim received and processed." Distribution Motion at 7. The mere fact that MIHS' claim was filed 21 months after the original filing deadline, rather than in the 18 months extension from the original filing deadline, is not reason enough to exclude MIHS from the planned distribution of settlement funds.

Moreover, MIHS' claim will not materially alter the expected payout per unit. Class members will still be receiving well in excess of the original estimated recovery of $25 per panel equivalent.

Therefore, MIHS respectfully requests that the Court exercise its discretion to allow MIHS' claim to be included in the planned distribution of the settlement funds.

We appreciate your consideration of this matter. Thank you for your assistance.

Sincerely,

*/s/ Laura Lewis*

Laura Lewis, ACP
Advanced Certified Paralegal
Maricopa Integrated Health System
(602) 344-1262

cc:   LCD Indirect Class Action
      Notice Administrator
      P.O. Box 8025
      Faribault, MN 55021-9425