

December 23, 2014

**VIA OVERNIGHT MAIL**
The Honorable Susan Illston
United States District Judge
Northern District of California
San Francisco Courthouse, Courtroom 10 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102


Re:   In Re TFT-LCD (Flat Panel) Antitrust Litigation
      Case No. 3:07-md-01827


Dear Judge Illston:

We are writing on behalf of the following entities seeking to have their late claims (post October 6th) paid from any excess residual funds that may exist after paying all previous timely and late claims:

POS Credit Corporation d/b/a Micros Leasing
ComSource Inc.
Ontario Credit Corporation

This Court's order dated October 20, 2014 authorized a pro rata payment to all valid claims filed by June 6, 2014.  The order also established that counsel shall report to the Court the total amount of valid claims received and processed between June 7, 2014 and October 6, 2014, and shall suggest a pro rata payment amount, if any, for such claimants based upon available residual funds, with a per-panel payment not to exceed that paid to timely claimants.

We are aware of the provision in said order indicating that no claims will be accepted for processing or payment after October 6, 2014.  Yet, in the event that such residual fund contains more than enough money to pay the post June 6th claimants the same per-panel payment that was paid to the timely claimants, we are respectfully asking the Court to use any additional funds to pay a per-panel payment to the aforementioned claimants mentioned above not to exceed that paid to timely claimants and post June 6th claimants.

It is worth mentioning that none of the late claimants mentioned herein were aware of the settlement until speaking with another client of ours in the same industry.  They never received notice of the settlement.  As such, none of them had knowledge of the deadline to file a claim in the case and no opportunity to do so.  All of them purchased LCD products indirectly during the class period and all of them would like to have participated in the settlement had they been given notice.  These three additional claimants have been injured as a result of the alleged wrongful conduct, just like all the timely and late claimants that have received or will receive a payment.  As such, they have as much right to recover as any other claimant.

Paying these three claims a per-panel payment from any excess residual funds will not prejudice any of the previous claimants who may have already been paid from the initial distribution, or whom stand to receive a payment from the residual fund.  In the event of excess funds, all of them will have received much more than the original estimate of $25 per panel equivalent.

In speaking with the claims administrator and counsel it is not yet clear how they plan to treat any excess residual funds.  Certainly paying additional claimants would be preferable to a cy pres distribution or a nominal distribution to previously paid claimants.  For these reasons, the Court should exercise its discretion and allow these three claimants to be paid a per-panel payment from any excess residual funds that may exist after all other claims have been paid.


Respectfully Submitted,


Patrick D. Jermyn
Deputy General Counsel


Copy to:	Co-Lead Counsel for Indirect Purchaser Plaintiffs
	Counsel for Settling States
	Rust Consulting

Francis O. Scarpulla, Esq.
ZELLE HOFMANN & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
*Co-Lead Class Counsel for*
*Indirect Purchaser Plaintiffs*

Lizabeth A. Brady, Esq.
Chief, Multistate Antitrust Enforcement
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
*Counsel for Plaintiff State of Florida*

Kevin Wells, Esq.
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center St., Suite 500
Little Rock, AR 72205
*Counsel for Plaintiff State of Arkansas*

M. Elizabeth Lippitt, Esq.
Assistant Attorney General
Corporate Oversight Division
Antitrust Section
OFFICE OF THE ATTORNEY GENERAL
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, MI 48933
*Counsel for Plaintiff State of Michigan*

Douglas L. Davis, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 1789
Charleston, WV 25326
*Counsel for Plaintiff State of West Virginia*

Robin M. Niemiec
RUST CONSULTING
5210 Hood Road, Suite 100
Palm Beach Gardens, FL 33418

Joseph M. Alioto, Esq.
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
*Co-Lead Class Counsel for*
*Indirect Purchaser Plaintiffs*

Anne E. Schneider, Esq.
Assistant Attorneys General/Antitrust Counsel
MISSOURI ATTORNEY GENERAL'S OFFICE
P.O. Box 899
Jefferson City, MO 65102
*Counsel for Plaintiff State of Missouri*

Nicole S. Gordon, Esq.
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1000
San Francisco, CA 94102-3664
*Counsel for Plaintiff State of California*

Jeremy R. Kasha, Esq.
Assistant Attorney General
Antitrust Bureau
OFFICE OF THE ATTORNEY GENERAL OF
STATE OF NEW YORK
120 Broadway, 26th Floor
New York, NY 10271
*Counsel for Plaintiff State of New York*

Gwendolyn J. Cooley, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 7857
17 W. Main Street
Madison, WI 53707-7857
*M. Counsel for Plaintiff State of Wisconsin*