Christopher B. Hockett (SBN 121539)
Neal A. Potischman (SBN 254862)
Samantha H. Knox (SBN 254427)
William D. Pollak (SBN 293654)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California  94025
Telephone:    (650) 752-2000
Facsimile:    (650) 752-2111

Emmet P. Ong (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800

*Attorneys for Defendants Chimei Innolux Corporation
(n/k/a Innolux Corporation) and Chi Mei Optoelectronics
USA, Inc. (n/k/a Innolux Optoelectronics USA, Inc.)*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | MDL NO. 3:07-md-01827-SI<br>CASE NO. 3:12-cv-03802-SI |
| This Document Relates to<br>Individual Case No. 3:12-cv-03802-SI | |
| PROVIEW TECHNOLOGY, INC.,<br><br>                                   Plaintiff,<br><br>        v.<br><br>AU OPTRONICS CORPORATION et al.,<br><br>                                   Defendants. | **[~~PROPOSED~~] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) REGARDING ESSEX MONITOR (H.K.) COMPANY, LTD.**<br><br>The Honorable Susan Illston |

The United States District Court for the Northern District of California and the Honorable Susan Illston, Senior District Judge, present their compliments to the Appropriate Judicial Authority of Hong Kong ("Hong Kong") and issue this letter of request (the "Request") for international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

## I.    REQUEST

The Court requests that the Appropriate Judicial Authority of Hong Kong request that the following corporate entity, Essex Monitor (H.K.) Company, Ltd. ("Essex Monitor"), whose address follows below, produce (1) the documents described in Exhibit A to this Request and (2) a witness to testify at a deposition regarding the matter described in Exhibit B to this Request.

Essex Monitor (H.K.) Company, Ltd.
9/F, Paul Y. Centre, Room 901
51 Hung To Road
Kwun Tong, Hong Kong

The Court requests such assistance as is necessary in the interest of justice.  Furthermore, the Court understands the confidential nature of the documents requested from Essex Monitor and thus advises the Appropriate Judicial Authority of Hong Kong that any documents produced in connection with this Request are subject to the confidentiality order that is attached hereto as Exhibit C.

## II.   FACTS

Plaintiff Proview Technology, Inc. ("Proview") instituted the above-captioned civil proceeding in the United States District Court for the Northern District of California against Defendants for the purpose of recovering damages that were allegedly caused by Defendants' conspiracy to fix prices for thin film transistor liquid crystal display ("TFT-LCD") panels and products.  Defendants' conspiracy allegedly began on or before January 1, 1996, and lasted through December 11, 2006.  The names and addresses of the parties to this proceeding and their representatives are included in Exhibit D, which is attached hereto.

In particular, Proview alleges that Defendants sold TFT-LCD panels to various original equipment manufacturers ("OEMs") in Asia affiliated with Proview, including Essex Monitor, at artificially high prices.  Proview further alleges that such OEMs, including Essex Monitor, then incorporated panels that had been purchased from Defendants into finished TFT-LCD products, which Proview purchased and resold to customers in the United States.

Accordingly, it appears that Essex Monitor possesses information of relevance to this litigation, including (1) the quantity of TFT-LCD panels that Essex Monitor purchased from Defendants on behalf of Proview, (2) the costs of such purchases, (3) the prices at which Essex Monitor sold TFT-LCD finished products to Proview, (4) the quantity of TFT-LCD products that Essex Monitor sold to Proview, and (5) the names of the companies that supplied the TFT-LCD panels to Essex Monitor.

## III.   OFFER OF RECIPROCAL ASSISTANCE

The United States District Court for the Northern District of California is willing to provide to the Judicial Authorities of Hong Kong assistance similar to the type of assistance that is the subject of this Request.  See 28 U.S.C. § 1782.

## IV.   REIMBURSEMENT FOR COSTS

If there are any costs associated with the provision of assistance that is the subject of this Request, it will be the responsibility of the attorneys for Defendants to reimburse the Appropriate Judicial Authority of Hong Kong for any such costs.  Please direct any correspondence or communications concerning such costs to Neal A. Potischman, Davis Polk & Wardwell LLP, 1600 El Camino Real, Menlo Park, California 94025, United States of America.

1
2
3
Date: _____1/25/15_____     _____

4
(Seal of Court)                          Honorable Susan Illston

5
6

United States District Court
Northern District of California
450 Golden Gate Avenue
19th Floor, Room 10
San Francisco, California 94102
United States of America

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

# EXHIBIT A

**Exhibit A**

**<u>Requests for the Production of Documents</u>**

**Essex Monitor (H.K.) Company, Ltd.**

**INSTRUCTIONS**

1.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

2.      If any requested document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason why that document, or portion of that document, is being withheld.

3.      In producing documents, you are requested to produce each document requested together with all nonidentical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.      Documents shall be produced as they are kept in the usual course of business.

5.      Documents attached to each other should not be separated.

6.      Documents not otherwise responsive to the following requests for production (the "Requests") shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by the Requests, or if such documents are attached to documents called for by the Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

7.      To the extent that you withhold the production of documents pursuant to a claim of attorney-client privilege or attorney work product protection, please prepare and produce a "privilege log," which shall include the following information, to the extent that providing such

1

EXHIBIT A TO [PROPOSED] REQUEST FOR INT'L JUDICIAL ASSISTANCE
REGARDING PROVIEW ESSEX MONITOR (H.K.) COMPANY, LTD.
CASE NO. 3:12-CV-03802-SI, MDL 3:07-MD-01827-SI

information will not destroy the purported privilege or protection: (1) the name of the document custodian; (2) beginning and end Bates stamp numbers for each document and for each attachment to same; (3) the date of the document; (4) the name(s) of all persons authoring or receiving the document; (5) a brief description of the subject matter of the document; (6) whether the document contains redactions or has been withheld in its entirety; (7) the nature of the privilege or protection claimed; (8) a brief statement as to why, under the law, the document is privileged or protected, including whether the primary purpose of the document was to seek or provide legal advice or services; and (9) the number of pages contained in the document.

8.     The obligation to respond to these Requests for production is continuing.  If at any time after responding to these Requests for production you discover additional information that will make your responses to these Requests for production more complete or correct, supplement or correct your responses as soon as reasonably possible.

**DEFINITIONS**

1.     The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure.  In addition, the following terms have the meanings set forth below whenever used in any Request.

2.     "Bill-to Location" means the address of the entity to which the bill for a product is sent.

3.     "Communicate" or "Communication" means, without limitation, the transmittal of information (in the form of facts, ideas, inquiries or otherwise) between individuals or companies, whether oral, written, electronic, or otherwise, and whether direct or through an intermediary.

4.     "Complaint" means the Third Amended Complaint for Damages and Injunctive Relief, Dkt. 44, filed on June 7, 2013, by Proview Technology, Inc. ("Proview") in In re TFT-LCD (Flat Panel) Antitrust Litigation, Case No. 071827 SI, MDL No. 1827, in the United States District Court for the Northern District of California.

5.　　"Concerning" means discussing, relating to, contradicting, referring to, reflecting, analyzing, describing, constituting, evidencing, containing, disclosing, or supporting the referenced matter.

6.　　"Document" and "Documents" shall include, without limitation, the following items, whether handwritten, printed, recorded, filmed, or produced by any mechanical or electronic process, whether or not asserted to be privileged or immune to discovery, and whether a master, original, or copy: agreements; communications; correspondence; cablegrams; telegrams; telexes and telecopies; electronic mail or "e-mail"; electronic texts and instant messages; notes and memoranda; summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, and publications; calendars and diaries; computer tapes, cards, or disks; marginal notations appearing on any document; charts, graphs, or graphics; and any other paper or other medium containing information in your possession, custody, or control.  "Document" or "documents" shall also mean all electronically stored information ("ESI"), including, without limitation, electronic data or data compilations, electronic files, e-mail, and other electronic communications saved to or located on hard disks, file servers, floppy disks, CDs, DVDs, backup tapes, thumb drives, or any other electronic media, whether or not in tangible or electronic form.

7.　　The term "Person" or "Persons" includes any natural person, governmental entity, public entity, partnership, corporation, association, firm, trust, joint venture, agency, department, board, authority, commission, or other such entity.

8.　　"Relevant Period" means the period from January 1, 1996, through December 11, 2006.

9.　　"Ship-to Location" means the address to which an item is delivered.

10.　　"TFT-LCD Panel" refers to "TFT-LCD Panel" as described in paragraphs 62 and 63 of the Complaint.

11.　　"TFT-LCD Product" means a television, monitor, or laptop computer in which a TFT-LCD Panel is a key component.

12.     "You" or "Your" refers to Essex Monitor (H.K.) Company, Ltd., and any agents, employees, representatives and other persons or entities acting, or authorized to act, on its behalf.

<strong>REQUESTS FOR PRODUCTION OF DOCUMENTS</strong>

**REQUEST NO. 1.**

Documents sufficient to show Your principal place of business and country of incorporation from January 1, 1999, to December 6, 2012.

**REQUEST NO. 2.**

All Documents Concerning Your distribution chain relating to TFT-LCD Panels and TFT-LCD Products, from the purchase of TFT-LCD Panels, to the manufacture of TFT-LCD Products, to the sale of those TFT-LCD Products, to the resale of those TFT-LCD Products.

**REQUEST NO. 3.**

All agreements, contracts, memoranda of understanding, or any other Document relating to Your acquisition of TFT-LCD Panels or sale of TFT-LCD Products, including all exclusive contracts, cost-plus contracts, and most-favored-nation contracts and purchase order acknowledgments, as well as representative purchase orders and invoices.

**REQUEST NO. 4.**

For the period from January 1, 1994 through December 31, 2009, transactional data, information, and Documents sufficient to show Your acquisition of any TFT-LCD Panels, including Documents evidencing:

 a. the date You acquired each TFT-LCD Panel;

 b. the place You acquired each TFT-LCD Panel, including the specific entity that shipped the TFT-LCD Panel, and the physical location from which the TFT-LCD Panel was shipped to You;

 c. the Person or entity from whom You acquired each TFT-LCD Panel;

 d. the Ship-to Location and Bill-to Location for each TFT-LCD Panel;

 e. the type of each TFT-LCD Panel;

 f. the size of each TFT-LCD Panel;

g.     the technology used in each TFT-LCD Panel;

h.     the manufacturer of each TFT-LCD Panel;

i.     the intended use for each TFT-LCD Panel (for example, for incorporation into an TFT-LCD Product or for resale);

j.     the application of each TFT-LCD Panel;

k.     the quantity of each acquisition;

l.     the list price or negotiated price of each TFT-LCD Panel;

m.     the before-tax net price of each TFT-LCD Panel, including any store or manufacturer discounts, coupons, rebates, refunds, dividends, or other price adjustments;

n.     any taxes, customs, tariffs, duties, or other fees You paid on each TFT-LCD Panel;

o.     all terms and conditions that were part of each acquisition of any TFT-LCD Panel, including any rebates, below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, or loss-leader pricing;

p.     any and all freight charges associated with each TFT-LCD Panel, including the freight terms (e.g., FOB, CIF, etc.) and shipping destination agreed upon with the seller;

q.     whether each TFT-LCD Panel was acquired as part of a system or other bundled product and, if so, the value of each component of such systems or bundled products; and

r.     all tracking numbers, model numbers, or other information used to identify each TFT-LCD Panel.

**REQUEST NO. 5.**

For the period from January 1, 1994, through December 31, 2009, transactional data, information, and Documents sufficient to show the initial purchase or acquisition of any TFT-

LCD Panel that was made by a third-party system integrator, contract manufacturer, or some other Person or entity on Your behalf or at Your direction, including Documents evidencing:

    a.    the date You acquired each TFT-LCD Panel;

    b.    the place You acquired each TFT-LCD Panel, including the specific entity that shipped the TFT-LCD Panel, and the physical location from which the TFT-LCD Panel was shipped to You;

    c.    the Person or entity from whom You acquired each TFT-LCD Panel;

    d.    the Ship-to Location and Bill-to Location for each TFT-LCD Panel;

    e.    the type of each TFT-LCD Panel;

    f.    the size of each TFT-LCD Panel;

    g.    the technology used in each TFT-LCD Panel;

    h.    the manufacturer of each TFT-LCD Panel;

    i.    the intended use for each TFT-LCD Panel (for example, for incorporation into an TFT-LCD Product or for resale);

    j.    the application of each TFT-LCD Panel;

    k.    the quantity of each acquisition;

    l.    the list price or negotiated price of each TFT-LCD Panel;

    m.    the before-tax net price of each TFT-LCD Panel, including any store or manufacturer discounts, coupons, rebates, refunds, dividends, or other price adjustments;

    n.    any taxes, customs, tariffs, duties, or other fees You paid on each TFT-LCD Panel;

    o.    all terms and conditions that were part of each acquisition of any TFT-LCD Panel, including any rebates, below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, or loss-leader pricing;

p.   any and all freight charges associated with each TFT-LCD Panel, including the freight terms (e.g., FOB, CIF) and shipping destination agreed upon with the seller;

q.   whether each TFT-LCD Panel was acquired as part of a system or other bundled product and, if so, the value of each component of such systems or bundled products; and

r.   all tracking numbers, model numbers, or other information used to identify each TFT-LCD Panel.

**REQUEST NO. 6.**

For the period from January 1, 1994, through December 31, 2009, transactional data, information, and Documents sufficient to show any sale by You of any TFT-LCD Product, including Documents evidencing:

a.   the date of the sale;

b.   the place You sold each TFT-LCD Product, including the specific entity that shipped each TFT-LCD Product, and the physical location from which each TFT-LCD Product was shipped or sold;

c.   the Person or entity to whom You sold the TFT-LCD Product;

d.   the Ship-to Location and Bill-to Location for the sale;

e.   the type of each TFT-LCD Panel contained in the TFT-LCD Product;

f.   the size of each TFT-LCD Panel contained in the TFT-LCD Product;

g.   the technology used in each TFT-LCD Panel in the TFT-LCD Product;

h.   the manufacturer of each TFT-LCD Panel contained in the TFT-LCD Product;

i.   the intended use for each TFT-LCD Product;

j.   the quantity of each sale;

k.   the list price or negotiated price of each TFT-LCD Product;

7

1      l.      the before-tax net price of each TFT-LCD Product sold, including any

2             store or manufacturer discounts, coupons, rebates, refunds, dividends, or

3             other price adjustments;

4      m.     the Cost to You of each TFT-LCD Product You sold, on an itemized basis,

5             including logistics costs (e.g., transportation costs) as well as the

6             methodology and any assumptions used to calculate these costs;

7      n.      any taxes, customs, tariffs, duties, or other fees You paid on each sale;

8      o.      all terms and conditions that were part of each sale by You, including any

9             rebates, below-cost pricing, most-favored-nation pricing, negotiable

10            pricing, sale pricing, or loss-leader pricing;

11      p.      any and all freight charges associated with each sale, including the freight

12            terms (e.g., FOB, CIF) and shipping destination agreed upon with the

13            seller;

14      q.      whether each TFT-LCD Product was sold as part of a system or other

15            bundled product (e.g., an TFT-LCD monitor purchased in conjunction

16            with a CPU) and, if so, the value of each component of such systems or

17            bundled products; and

18      r.      copies of all receipts, invoices, wire transfer records, or other similar

19            Documents evidencing each sale; and

20      s.      all tracking numbers, model numbers, or other information used to identify

21            each TFT-LCD Product.

22 **REQUEST NO. 7.**

23       Documents sufficient to link, trace, or otherwise establish a relationship between each

24 acquisition of any TFT-LCD Panels identified in Documents produced in response to Request

25 Nos. 5 and 6 and each sale by You of any TFT-LCD Products identified in Documents produced

26 in response to Request No. 7.

27

28

**REQUEST NO. 8.**

For each electronic data file produced in response to Request Nos. 5 through 8, Documents sufficient to (a) describe the contents of the data file, (b) define all data fields (i.e., variables) and terms contained in the data, (c) describe any relationship(s) between the data file and other data files produced, and (d) identify Persons most knowledgeable of the operation and contents of the data file.

**REQUEST NO. 9.**

Documents sufficient to show the meaning of all model codes and other codes stated in any data produced in response to Request Nos. 5 through 8. For TFT-LCD Panels, such documentation should include files that contain the characteristics of the TFT-LCD Panel associated with each model code, including the size, resolution, pixel configuration, video display standard (e.g., XGA, WSXGA), application (e.g., industrial automation and information products, including controllers and industrial monitors), grade, luminance, viewing angle, contrast ratio, response time, and mode of panel (e.g., twisted nematic, in-plane switching). For TFT-LCD Products, such documentation should include characteristics of the TFT-LCD Panel associated with the TFT-LCD Product, as described above, as well as any other characteristics of the TFT-LCD Product (e.g., the inclusion of a camera, music player, or keyboard if the TFT-LCD Product is a mobile device).

**REQUEST NO. 10.**

Documents Concerning Your policies and procedures for inventory management of purchases or acquisitions of TFT-LCD Panels, including the location(s) of any inventory warehouses and the procedure by which You managed that inventory, and where and when You took title to product.

**REQUEST NO. 11.**

All distribution agreements between You and any wholesale distributor that distributed TFT-LCD Products for You.

**REQUEST NO. 12.**

All Documents Concerning revenue, costs, profitability and margins (on a monthly, quarterly, and yearly basis) for all TFT-LCD Products You sold, used, manufactured, distributed or supplied during the Relevant Period.

**REQUEST NO. 13.**

Without limitation as to time, all Documents summarizing, describing, or relating to any suspicion or belief by You or any other Person or entity that any manufacturer or seller of TFT-LCD Panels or TFT-LCD Products was engaged in any anticompetitive conduct relating to TFT-LCD Panels or TFT-LCD Products.

**REQUEST NO. 14.**

Without limitation as to time, all Documents summarizing, describing, or relating to the circumstances under which You first became aware of the facts alleged in the Complaint, including, without limitation, any Documents summarizing, describing, or relating to what caused You to become aware of those facts.

**REQUEST NO. 15.**

Documents Concerning the identity and location of each entity that owns or operates each facility where TFT-LCD Products were assembled for or by You.

**REQUEST NO. 16.**

Documents Concerning the current contact information for all Your former or current employees who had responsibilities regarding the acquisition of TFT-LCD Panels or sale of TFT-LCD Products, including name, former position, telephone number, mail address, email address, and, if represented in this matter, attorney and attorney's contact information.

**REQUEST NO. 17.**

All Documents evidencing the relationship between You, Proview Technology, Inc., Proview Techonology (Shenzhen) Co., Ltd., Proview Group (Labuan) Ltd., Proview Optronics (Shenzhen) Co., Ltd., Proview Electronics Co., Ltd., or Proview Technology (Wuhan) Co., Ltd., and any of their respective predecessor or successor entities, including, but not limited to, the

10

EXHIBIT A TO [PROPOSED] REQUEST FOR INT'L JUDICIAL ASSISTANCE
REGARDING PROVIEW ESSEX MONITOR (H.K.) COMPANY, LTD.
CASE NO. 3:12-CV-03802-SI, MDL 3:07-MD-01827-SI

1   dates of any combinations, mergers, stock acquisitions, divestitures, spin-offs, sales or other

2   transactions, and the identities of all such predecessors or successors.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

EXHIBIT A TO [PROPOSED] REQUEST FOR INT'L JUDICIAL ASSISTANCE
REGARDING PROVIEW ESSEX MONITOR (H.K.) COMPANY, LTD.
CASE NO. 3:12-CV-03802-SI, MDL 3:07-MD-01827-SI

# EXHIBIT B

**Exhibit B**

**Matter on Which Examination Is Requested**

**Essex Monitor (H.K.) Company, Ltd.**


**MATTER ON WHICH EXAMINATION IS REQUESTED**

**EXAMINATION MATTER NO. 1:**

The substance of the documents and materials requested in Exhibit A to this Request for International Judicial Assistance.

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| | ) | No.: M-07-1827 SI |
| In Re TFT-LCD (FLAT PANEL) | ) | |
| ANTITRUST LITIGATION | ) | MDL NO. 1827 |
| | ) | |
| | ) | STIPULATED PROTECTIVE ORDER |
| This Document Relates to: | ) | |
| | ) | |
| ALL ACTIONS. | ) | |
| | ) | |

1. **PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the

1

procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal, and is hereby incorporated by reference.

     **2.**    **DEFINITIONS.**

     2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, and employees.

     2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

     2.3   <u>Confidential Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

     2.4   <u>Highly Confidential Information or Items</u>:  extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means.

     2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

     2.6   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

     2.7.   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

     2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."

     2.9.   <u>Outside Counsel</u>:  attorneys, along with their paralegals, and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action.

STIPULATED PROTECTIVE ORDER

2.10   In House Legal Personnel:  attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.

2.11   Counsel (without qualifier):  Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.12   Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not currently an employee, nor has been an employee within four years of the date of entry of this Order, of a Party or of a TFT-LCD business unit of a non-party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a TFT-LCD business unit of a non-party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

3.   **SCOPE.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

4.   **DURATION.**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

3

STIPULATED PROTECTIVE ORDER

1       **5.   DESIGNATING PROTECTED MATERIAL.**

2       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

3  Each Party or non-party that designates information or items for protection under this Order

4  must take care to limit any such designation to specific material that qualifies under the

5  appropriate standards and avoid indiscriminate designations.

6       If it comes to a Designating Party's attention that information or items that it

7  designated for protection do not qualify for protection at all, or do not qualify for the level of

8  protection initially asserted, that Designating Party must promptly notify all Receiving Parties

9  that it is withdrawing or changing the mistaken designation.

10      5.2   <u>Manner and Timing of Designations.</u>  Except as otherwise provided in

11  this Order (*see, e.g.*, section 5.2(b), below), or as otherwise stipulated or ordered, material

12  that qualifies for protection under this Order must be clearly so designated before the material

13  is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party

14  discover that it produced material that was not designated as Protected Material or that it

15  produced material that was designated as Protected Material but had designated that Protected

16  Material in the incorrect category of Protected Material, the Producing Party may notify all

17  Parties, in writing, of the error and identifying (by bates number or other individually

18  identifiable information) the affected documents and their new designation or re-designation.

19  Thereafter, the material so designated or re-designated will be treated as Protected Material.

20  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of

21  the material to each Receiving Party reflecting the change in designation.  The Receiving Party

22  will replace the incorrectly designated material with the newly designated materials and will

23  destroy the incorrectly designated materials.

24      Designation in conformity with this Order requires:

25      (a)   <u>for information in documentary form (apart from transcripts of

26  depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the

27  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that

28  contains protected material.

4

STIPULATED PROTECTIVE ORDER

1           (b)   <u>for testimony given in deposition</u>, that a Party, or a non-party that

2    sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony

3    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before

4    the deposition is concluded, or in writing on or before the later of (i) fourteen days after

5    the final transcript is received or (ii) the date by which any review by the witness and

6    corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only

7    those portions of the testimony that are designated for protection in accordance with the

8    preceding sentence shall be covered by the provisions of this Stipulated Protective

9    Order. The entire testimony shall be deemed to have been designated Highly

10    Confidential until the time within which the transcript may be designated has elapsed.

11    If testimony is not designated within the prescribed time period, then such testimony

12    shall not be deemed Confidential or Highly Confidential except as ordered by the

13    Court.

14          Transcript pages containing Protected Material must be separately bound by the

15    court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

16    "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring,

17    offering, giving or eliciting the witness' testimony.

18         (c)   <u>for information produced in electronic or video format, and for any</u>

19    <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior

20    of the container or containers in which the information or item is stored the legend

21    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

22         5.3   <u>Inadvertent Failures to Designate</u>. If corrected, an inadvertent failure to

23    designate qualified information or items as "Confidential" or "Highly Confidential" does not,

24    standing alone, waive the Designating Party's right to secure protection under this Order for

25    such material. If material is re-designated as "Confidential" or "Highly Confidential" after the

26    material was initially produced, the Receiving Party, upon notification of the designation, must

27    make reasonable efforts to assure that the material is treated in accordance with the provisions

28    of this Order.

STIPULATED PROTECTIVE ORDER

1           5.4    Increasing the Designation of Information or Items Produced by Other

2  Parties or Non-Parties.  Subject to the standards of paragraph 5.1, a Party may increase the

3  designation (*i.e.*, change any Disclosure or Discovery Material produced without a designation

4  to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any

5  Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of

6  "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or

7  non-Party, provided that said Discovery Material contains the upward Designating Party's own

8  Confidential or Highly Confidential Information.  Any such increase in the designation of a

9  document shall be made within 90 days of the date of its production, unless good cause is

10  shown for a later increase in the designation.

11          Increasing a designation shall be accomplished by providing written notice to all

12  Parties identifying (by bates number or other individually identifiable information) the

13  Disclosure or Discovery Material whose designation is to be increased.  Promptly after

14  providing such notice, the upward Designating Party shall provide re-labeled copies of the

15  material to each Receiving Party reflecting the change in designation.  The Receiving Party

16  will replace the incorrectly designated material with the newly designated materials and will

17  destroy the incorrectly designated materials.  Any Party may object to the increased

18  designation of Disclosure or Discovery Materials pursuant to the procedures set forth in

19  paragraph 6 regarding challenging designations.  The upward Designating Party shall bear the

20  burden of establishing the basis for the increased designation.

21        **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

22        6.1    Timing of Challenges.  A Party does not waive its right to challenge a

23  confidentiality designation by electing not to mount a challenge promptly after the original

24  designation is disclosed.

25        6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

26  Designating Party's confidentiality designation must do so in good faith and must begin the

27  process by notifying the Designating Party in writing, by telephone or in person of its challenge

28  and identify the challenged material, then conferring directly in voice to voice dialogue (other

STIPULATED PROTECTIVE ORDER

1   forms of communication are not sufficient) with counsel for the Designating Party. The Parties

2   must then meet and confer in good faith. Each Party must explain the basis for its respective

3   position about the propriety of the challenged confidentiality designations. The parties shall

4   have fourteen (14) days from the initial notification of a challenge to complete this meet and

5   confer process.

6           6.3   Judicial Intervention. In any judicial proceeding challenging a

7   confidentiality designation, the burden of persuasion with respect to the propriety of the

8   confidentiality designation shall remain upon the Designating Party. If the parties are not able

9   to resolve a dispute about a confidentiality designation within the time provided in paragraph

10   6.2, above, the parties shall, within fourteen (14) days thereafter, prepare and present to the

11   Special Master a joint letter brief that identifies the challenged material and sets forth the

12   respective positions of the parties about the propriety of the challenged confidentiality

13   designations. Until the ruling on the dispute becomes final pursuant to the provisions of

14   Pre-Trial Order No. 4, all parties shall continue to afford the material in question the level of

15   protection to which it is entitled under the Designating Party's designation.

16           In the event that the final ruling is that the challenged material is not confidential

17   or that its designation should be changed, the Designating Party shall reproduce copies of all

18   materials with their designations removed or changed in accordance with the ruling within

19   thirty (30) days at the expense of the Designating Party.

20       **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL.**

21       7.1   Basic Principles. A Receiving Party may use Protected Material that is

22   disclosed or produced by a Producing Party only in connection with this action for prosecuting,

23   defending, or attempting to settle this action. Such Protected Material may be disclosed only

24   to the categories of persons and under the conditions described in this Order. When the

25   litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

26   below (FINAL DISPOSITION).

27           Protected Material must be stored and maintained by a Receiving Party at a

28   location and in a secure manner that ensures that access is limited to the persons authorized

7

STIPULATED PROTECTIVE ORDER

1  under this Order.  For purposes of this Order, a secure website, or other internet-based

2  document depository with adequate security, shall be deemed a secure location.

3         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

4  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

5  Party may disclose any information or item designated "CONFIDENTIAL" only to:

6         (a)    the Receiving Party's Outside Counsel of record in this action, as well as

7  employees of said counsel to whom it is reasonably necessary to disclose the

8  information for this litigation;

9         (b)    current or former officers, directors, and employees of Parties to whom

10  disclosure is reasonably necessary for this litigation and who have signed the

11  "Agreement To Be Bound by Protective Order" (Exhibit A);

12         (c)    Experts and/or Consultants with respect to each of whom (1) disclosure

13  is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

14  Protective Order" (Exhibit A) has been signed;

15         (d)    the Court and its personnel;

16         (e)    stenographers, their staffs, and professional vendors to whom disclosure

17  is reasonably necessary for this litigation and who have signed the "Agreement To Be

18  Bound by Protective Order" (Exhibit A);

19         (f)    the author, addressees, or recipients of the document, or any other

20  natural person who would have likely reviewed such document during his or her

21  employment as a result of the substantive nature of his or her employment position,  or

22  who is specifically identified in the document, or whose conduct is purported to be

23  specifically identified in the document;

24         (g)    witnesses in the action to whom disclosure is reasonably necessary for

25  this litigation and who have signed the "Agreement To Be Bound by Protective Order"

26  (Exhibit A); provided that, Confidential Information may be disclosed to a witness

27  during their deposition, but only if they have executed the "Agreement to Be Bound by

28  Protective Order" (Exhibit A), which shall be made an exhibit to the deposition

8

STIPULATED PROTECTIVE ORDER

1  transcript, or have agreed on the record to keep the information confidential and not to

2  use it for any purpose, or have been ordered to do so; and provided further that, pages

3  of transcribed deposition testimony or exhibits to depositions that reveal Confidential

4  Information must be marked "Confidential" and separately bound by the court reporter

5  and not included in the main deposition transcript and exhibit binder, and may not be

6  disclosed to anyone except as permitted under this Stipulated Protective Order; and

7          (h)    any other person to whom the Designating Party agrees in writing or on

8  the record, and any other person to whom the Court compels access to the Confidential

9  Information.

10          7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

11  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

12  Receiving Party may disclose any information or item designated "HIGHLY

13  CONFIDENTIAL" only to:

14          (a)    the Receiving Party's Outside Counsel of record in this action, as well as

15  employees of said counsel to whom it is reasonably necessary to disclose the

16  information for this litigation;

17          (b)    Experts and/or Consultants with respect to each of whom (1) disclosure

18  is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

19  Protective Order" (Exhibit A) has been signed;

20          (c)    the Court and its personnel;

21          (d)    stenographers, their staffs, and professional vendors to whom disclosure

22  is reasonably necessary for this litigation and who have signed the "Agreement to Be

23  Bound by Protective Order" (Exhibit A);

24          (e)    the author, addressees or recipients of the document, or any other

25  natural person who would have likely reviewed such document during his or her

26  employment as a result of the substantive nature of his or her employment position, or

27  who is specifically identified in the document, or whose conduct is purported to be

28  specifically identified in the document;

9

STIPULATED PROTECTIVE ORDER

1           (f)      deposition witnesses but only during their depositions and only if they

2  have executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which

3  shall be made an exhibit to the deposition transcript, or have agreed on the record to

4  keep the information confidential and not to use it for any purpose, or have been

5  ordered to do so; and in addition, if the witness is an employee of a Party or is a former

6  employee of a Party, then In House Legal Personnel of the Party in attendance at the

7  deposition of such a witness, may also be present during that portion of the deposition

8  but only if the In House Legal Personnel has signed the "Agreement to Be Bound by

9  Protective Order" (Exhibit A); provided that, pages of transcribed deposition testimony

10  or exhibits to depositions that reveal Highly Confidential Information must be marked

11  "Highly Confidential" and separately bound by the court reporter and not included in

12  the main deposition transcript and exhibit binder, and may not be disclosed to anyone

13  except as permitted under this Stipulated Protective Order; and provided, further that,

14  the parties will meet and confer if the Designating Party believes a particular document

15  requires different treatment for use at deposition; and

16           (g)     any other person to whom the Designating Party agrees in writing or on

17  the record, and any other person to whom the Court compels access to the Highly

18  Confidential Information.

19        7.4    Retention of Exhibit A.  Outside Counsel for the Party that obtains the

20  signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall

21  retain them for one year following the final termination of this action, including any appeals,

22  and shall make them available to other Parties upon good cause shown.

23        7.5    Retention of Protected Material.  Persons who have been shown

24  Protected Material pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) or (f) shall not

25  retain copies of such Protected Material.

26

27

28

STIPULATED PROTECTIVE ORDER

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

11

STIPULATED PROTECTIVE ORDER

**10.    FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    INADVERTENTLY PRODUCED DOCUMENTS.**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.

12

STIPULATED PROTECTIVE ORDER

The Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

### 13. ATTORNEY RENDERING ADVICE

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

### 14. DISPOSITIVE MOTION HEARINGS AND TRIAL

The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 15. MISCELLANEOUS.

15.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13

STIPULATED PROTECTIVE ORDER

1   **IT IS SO STIPULATED.**

2                                       PEARSON, SIMON, SOTER, WARSHAW &
                                        PENNY, LLP
3

4                                       By:
                                                    Bruce L. Simon
5

6                                       Bruce L. Simon (State Bar No. 96241)
                                        44 Montgomery Street, Suite 1200
7                                       San Francisco, CA 94104
                                        Telephone:    (415) 433-9000
8                                       Facsimile:    (415) 433-9008

9                                       Interim Co-Lead Counsel for the Direct Purchaser
                                        Plaintiffs
10
                                        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
11

12                                      By:
                                                    Richard M. Heimann
13

14                                      Richard M. Heimann (State Bar No. 63607)
                                        275 Battery Street, 30th Floor
15                                      San Francisco, CA 94111-3339
                                        Telephone:    (415) 956-1000
16                                      Facsimile:    (415) 956-1008

17                                      Interim Co-Lead Counsel for the Direct Purchaser
                                        Plaintiffs
18

19                                      GIRARD GIBBS, LLP

20

21                                      By:
                                                    Elizabeth C. Pritzker
22

23                                      Elizabeth C. Pritzker (State Bar No. 146267)
                                        601 California Street, Suite 1400
24                                      San Francisco, CA 94108
                                        Telephone:    (415) 981-4800
25                                      Facsimile:    (415) 981-4846

26                                      Interim Liaison Counsel for the Direct Purchaser
                                        Plaintiffs
27

28

                                        14

STIPULATED PROTECTIVE ORDER

ZELLE HOFMANN VOELBEL MASON &
GETTE LLP

By: _____
        Francis O. Scarpulla

Francis O. Scarpulla (State Bar No. 41059)
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:      (415) 693-0700
Facsimile:       (415) 693-0770

Interim Co-Lead Counsel for the Indirect Purchaser
Plaintiffs


ALIOTO LAW FIRM

By: _____
        Joseph M. Alioto

Joseph M. Alioto (State Bar No. 42680)
555 California Street, Suite 3160
San Francisco, CA 94104
Telephone:      (415) 434-8900
Facsimile:       (415) 434-9200

Interim Co-Lead Counsel for the Indirect Purchaser
Plaintiffs


MINAMI TAMAKI LLP

By: _____
        Jack W. Lee

Jack W. Lee (State Bar No. 71626)
360 Post Street, 8th Floor
San Francisco, California 94108
Telephone:      (415) 788-0204
Facsimile:       (415) 398-3887

Interim Liaison Counsel for the Indirect Purchaser
Plaintiffs

15

STIPULATED PROTECTIVE ORDER

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _Albert J. Boro, Jr_
　　　Albert J. Boro, Jr.

Albert J. Boro, Jr. (State Bar No. 126657)
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000
Facsimile:　(415) 983-1200

Attorneys for Defendants Sharp Corporation and
Sharp Electronics Corporation

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
　　　Michael Healy

Michael Healy (State Bar No. 95098)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel:　(415) 781-7900
Fax:　(415) 781-2635

Attorneys for Defendant
AU Optronics Corporation America

WILMER CUTLER PICKERING HALE AND DORR
LLP

By: _____
　　　Steven F. Cherry

Steven F. Cherry (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel:　(202) 663-6000
Fax:　(202) 663-6363

Attorneys for Defendants Chi Mei Optoelectronics USA,
Inc., CMO Japan Co., Ltd., and Nexgen Mediatech USA,
Inc.

16

STIPULATED PROTECTIVE ORDER

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Michael Healy

Michael Healy (State Bar No. 95098)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel:    (415) 781-7900
Fax:    (415) 781-2635

Attorneys for Defendant
AU Optronics Corporation America

WILMER CUTLER PICKERING HALE AND DORR
LLP

By: _____
Steven F. Cherry

Steven F. Cherry (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel:    (202) 663-6000
Fax:    (202) 663-6363

Attorneys for Defendants Chi Mei Optoelectronics
USA, Inc., CMO Japan Co., Ltd., and Nexgen
Mediatech USA, Inc.
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:    (415) 856-7000
Fax:    (415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation

17

STIPULATED PROTECTIVE ORDER

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
                    Michael Healy

Michael Healy (State Bar No. 95098)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel:      (415) 781-7900
Fax:     (415) 781-2635

Attorneys for Defendant
AU Optronics Corporation America

WILMER CUTLER PICKERING HALE AND DORR
LLP

By: _[signature]_____
                    Steven F. Cherry

Steven F. Cherry (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel:      (202) 663-6000
Fax:     (202) 663-6363

Attorneys for Defendants Chi Mei Optoelectronics
USA, Inc., CMO Japan Co., Ltd., and Nexgen
Mediatech USA, Inc.
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
                    Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:      (415) 856-7000
Fax:     (415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation

17

STIPULATED PROTECTIVE ORDER

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP

2

3    By: _____

                   Kevin C. McCann

4

5    Kevin C. McCann (State Bar No. 120874)
    55 Second Street, 24th Floor

6    San Francisco, CA 94105
    Tel:     (415) 856-7000

7    Fax:    (415) 856-7100

8    Attorneys for Defendants Epson Electronics America,
    Inc. and Epson Imaging Devices Corporation

9

10   MORGAN, LEWIS & BOCKIUS LLP

11

12   By: _____

                   Kent M. Roger

13

14   Kent M. Roger (State Bar No. 95987)
    One Market

15   Spear Street Tower
    San Francisco, CA 94105

16   Tel.:    (415) 442-1000
    Fax:    (415) 442-1001

17   Attorneys for Defendants Hitachi Electronic Devices

18   (USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.

19   WINSTON & STRAWN LLP

20

21

22   By: _____

                  Lawrence R. Desideri

23   Lawrence R. Desideri (*pro hac vice*)
    35 W. Wacker Drive

24   Chicago, Illinois 60601
    Tel:    (312) 558-7883

25   Fax:   (312) 558-5700

26   Attorneys for Defendant
    LG Electronics USA, Inc.

27

28

STIPULATED PROTECTIVE ORDER

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
             Kevin C. McCann

Kevin C. McCann (State Bar No. 120874)
55 Second Street, 24th Floor
San Francisco, CA 94105
Tel:      (415) 856-7000
Fax:     (415) 856-7100

Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation

MORGAN, LEWIS & BOCKIUS LLP

By: _____
             Kent M. Roger

Kent M. Roger (State Bar No. 95987)
One Market
Spear Street Tower
San Francisco, CA 94105
Tel.:     (415) 442-1000
Fax:     (415) 442-1001

Attorneys for Defendants Hitachi Electronic Devices
(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.

WINSTON & STRAWN LLP

By: _____
            Lawrence R. Desideri

Lawrence R. Desideri (*pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:      (312) 558-7883
Fax:     (312) 558-5700

Attorneys for Defendant
LG Electronics USA, Inc.

17

STIPULATED PROTECTIVE ORDER

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP

2

3  By: _____
Kevin C. McCann

4
Kevin C. McCann (State Bar No. 120874)
5  55 Second Street, 24th Floor
San Francisco, CA 94105
6  Tel:    (415) 856-7000
Fax:    (415) 856-7100
7

8  Attorneys for Defendants Epson Electronics America,
Inc. and Epson Imaging Devices Corporation
9

10  MORGAN, LEWIS & BOCKIUS LLP

11

12  By: _____
Kent M. Roger

13
Kent M. Roger (State Bar No. 95987)
14  One Market
Spear Street Tower
15  San Francisco, CA 94105
Tel.:    (415) 442-1000
16  Fax:    (415) 442-1001

17  Attorneys for Defendants Hitachi Electronic Devices
(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.
18

19  WINSTON & STRAWN LLP

20

21  By: _____
Michael P. Mayer
22

23  Lawrence R. Desideri (*pro hac vice*)
Michael P. Mayer (*pro hac vice*)
24  35 W. Wacker Drive
Chicago, Illinois 60601
25  Tel:    (312) 558-7883
Fax:    (312) 558-5700
26

27  Attorneys for Defendant
LG Electronics USA, Inc.
28

17

STIPULATED PROTECTIVE ORDER

1

MORGAN, LEWIS & BOCKIUS LLP

2

3

By: _____

Kent M. Roger

4

Kent M. Roger (State Bar No. 95987)

5

One Market

Spear Street Tower

6

San Francisco, CA 94105

Tel.:      (415) 442-1000

7

Fax:      (415) 442-1001

8

Attorneys for Defendants Hitachi Electronic Devices

9

(USA), Inc., Hitachi, Ltd., and Hitachi Displays, Ltd.

10

WINSTON & STRAWN LLP

11

12

By: _____

Lawrence R. Desideri

13

14

Lawrence R. Desideri (*pro hac vice*)

35 W. Wacker Drive

15

Chicago, Illinois 60601

Tel:       (312) 558-7883

16

Fax:      (312) 558-5700

17

Attorneys for Defendant

18

LG Electronics USA, Inc.

19

CLEARY GOTTLIEB STEEN & HAMILTON LLP

20

21

By: *Michael R. Lazerwitz*

22

Michael R. Lazerwitz

23

Michael R. Lazerwitz (*pro hac vice*)

2000 Pennsylvania Avenue NW

24

Washington, DC 20006

Tel.:      (202) 974-1680

25

Fax:      (202) 974 1999

26

Attorneys for Defendants LG.Philips LCD America,

27

Inc. and LG.Philips LCD Co., Ltd.

28

18

STIPULATED PROTECTIVE ORDER

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Michael R. Lazerwitz

Michael R. Lazerwitz (*pro hac vice*)
2000 Pennsylvania Avenue NW
Washington, DC 20006
Tel.:    (202) 974-1680
Fax:    (202) 974 1999

Attorneys for Defendants LG.Philips LCD America, Inc.
and LG.Philips LCD Co., Ltd.

DUANE MORRIS LLP

By: _____
    George D. Niespolo

George D. Niespolo (State Bar No. 72107)
One Market Street
Spear Tower, 20th Floor
San Francisco, CA 94105
Tel.:    (415) 957-3013
Fax:    (415) 957-3001

Attorneys for Defendants NEC Electronics America, Inc.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____
    James L. McGinnis

James L. McGinnis (State Bar No. 95788)
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Tel:    (415) 434-9100
Fax:    (415) 434-3947

Attorneys for Defendants Samsung Electronics America,
Inc., Samsung Semiconductor, Inc. and Samsung
Electronics Co., Ltd.

18

STIPULATED PROTECTIVE ORDER

1          CLEARY GOTTLIEB STEEN & HAMILTON LLP

2

3          By: _____
                      Michael R. Lazerwitz

4

5          Michael R. Lazerwitz (*pro hac vice*)
          2000 Pennsylvania Avenue NW
          Washington, DC 20006

6          Tel.:     (202) 974-1680
          Fax:     (202) 974 1999

7

8          Attorneys for Defendants LG.Philips LCD America, Inc.
          and LG.Philips LCD Co., Ltd.

9

10         DUANE MORRIS LLP

11

12        By: _____
                     George D. Niespolo

13

14        George D. Niespolo (State Bar No. 72107)
         One Market Street
         Spear Tower, 20th Floor

15        San Francisco, CA 94105
         Tel.:     (415) 957-3013

16        Fax:     (415) 957-3001

17        Attorneys for Defendants NEC Electronics America, Inc.

18

19        SHEPPARD MULLIN RICHTER & HAMPTON LLP

20

21        By: _____
                     James L. McGinnis

22        James L. McGinnis (State Bar No. 95788)
         4 Embarcadero Center, 17th Floor

23        San Francisco, CA 94111-4109
         Tel:     (415) 434-9100

24        Fax:     (415) 434-3947

25

26        Attorneys for Defendants Samsung Electronics America,
         Inc., Samsung Semiconductor, Inc. and Samsung
         Electronics Co., Ltd.

27

28

18

STIPULATED PROTECTIVE ORDER

1    WHITE & CASE LLP

2

3    By: *Wayne A. Cross /mm*
                    Wayne A. Cross
4
     Wayne A. Cross (*pro hac vice*)
5    1155 Avenue of the Americas
     New York, NY 10036
6    Tel:     (212) 819-8200
     Fax:     (212) 354-8113
7
     Attorneys for Defendants Toshiba America Electronic
8    Components, Inc., Toshiba America Information
     Systems, Inc., Toshiba Corporation, and Toshiba
9    Matsushita Display Technology Co., Ltd.
10

11   SULLIVAN & CROMWELL LLP

12

13   By:
                    Garrard R. Beeney
14
     Garrard R. Beeney (*pro hac vice*)
15   125 Broad Street
     New York, NY 10004
16   Tel:     (212) 558-4000
     Fax:     (212) 558-3588
17
     Attorneys for Defendant
18   Koninklijke Philips Electronics N.V.

19

20

21

22   PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24
     DATED:_____
25                    Hon. Susan Illston
                      United States District Judge
26

27

28
                              19
     STIPULATED PROTECTIVE ORDER

1   WHITE & CASE LLP

2

3   By: _____
                    Wayne A. Cross
4
    Wayne A. Cross (*pro hac vice*)
5   1155 Avenue of the Americas
    New York, NY 10036
6   Tel:    (212) 819-8200
    Fax:    (212) 354-8113
7
8   Attorneys for Defendants Toshiba America Electronic
    Components, Inc., Toshiba America Information
9   Systems, Inc., Toshiba Corporation, and Toshiba
    Matsushita Display Technology Co., Ltd.
10
11  SULLIVAN & CROMWELL LLP

12
13  By: *Garrard R. Beeney* / nbr
                    Garrard R. Beeney
14
    Garrard R. Beeney (*pro hac vice*)
15  125 Broad Street
    New York, NY 10004
16  Tel:    (212) 558-4000
    Fax:    (212) 558-3588
17
18  Attorneys for Defendant
    Koninklijke Philips Electronics N.V.
19
20
21
22  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23
24  DATED: 3/19/12

25                  _____
                    Hon. Susan Illston
26                  United States District Judge
27
28
                              19
    STIPULATED PROTECTIVE ORDER

1    **EXHIBIT A**

2    **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3        I, _____ [print full name], of

4    _____ [print or type full address],

5    declare under penalty of perjury under the laws of the United States of America that I have read

6    in its entirety and understand the Stipulated Protective Order that was issued by the United

7    States District Court for the Northern District of California, San Francisco Division, in the

8    case of In Re TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION, No.: M-07-1827 SI,

9    MDL No. 1827.

10        I agree to comply with and to be bound by all the terms of this Stipulated

11    Protective Order, and I understand and acknowledge that failure to so comply could expose me

12    to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

13    disclose in any manner any information or item that is subject to this Stipulated Protective

14    Order to any person or entity except in strict compliance with the provisions of this Order.

15        I further agree to submit to the jurisdiction of the United States District Court

16    for the Northern District of California for the purpose of enforcing the terms of this Stipulated

17    Protective Order, even if such enforcement proceedings occur after termination of this action.

18    Date: _____

19

20    City and State (or Country) where sworn and signed: _____

21    Printed name: _____

22

23    Signature: _____

24

25

26

27

28

20

STIPULATED PROTECTIVE ORDER

# EXHIBIT D

**Exhibit D**

**Names and Addresses
of Parties and Representatives**

| PARTIES | REPRESENTATIVES |
| --- | --- |
| **Plaintiff** | |
| Proview Technology, Inc.<br>7373 Hunt Avenue<br>Garden Grove, California 92841<br>United States of America | Richard M. Heimann<br>Brendan P. Glackin<br>Eric B. Fastiff<br>Marc Pilotin<br>Lieff Cabraser Heimann & Bernstein LLP<br>275 Battery St., 29th Floor<br>San Francisco, California 94111-3339<br>United States of America<br><br>Christopher I. Brain<br>Kim D. Stephens<br>Chase C. Alvord<br>Tousley Brain Stephens PLLC<br>1700 Seventh Avenue, Suite 2200<br>Seattle, Washington 98101<br>United States of America<br><br>Mark D. Baute<br>Sean A. Andrade<br>Baute Crochetiere & Gilford LLP<br>777 South Figueroa Street, Suite 4900<br>Los Angeles, California 90017<br>United States of America |
| **Defendants** | |
| AU Optronics Corporation<br>No. 1, Li-Hsin Rd. 2<br>Hsinchu Science Park, Hsinchu 30078<br>Taiwan | Carl L. Blumenstein<br>Nossaman LLP<br>50 California Street, 34th Floor<br>San Francisco, California 94111<br>United States of America |
| AU Optronics Corporation America, Inc.<br>9720 Cypresswood Drive, Suite 241<br>Houston, Texas 77070<br>United States of America | Carl L. Blumenstein<br>Nossaman LLP<br>50 California Street, 34th Floor<br>San Francisco, California 94111<br>United States of America |

| PARTIES | REPRESENTATIVES |
|---|---|
| Chi Mei Corporation<br>No. 11-2, Jen Te 4th St.<br>Jen Te Village<br>Jen Te, Tainan 717<br>Taiwan | Christopher B. Hockett<br>Neal A. Potischman<br>Sandra West Neukom<br>Samantha H. Knox<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>United States of America<br><br>Emmet P. Ong<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>United States of America |
| Chimei Innolux Corp.<br>No. 160 Kesyue Rd., Chu-Nan Site<br>Hsinchu Science Park Chu-Nan, Miao-Li<br>Taiwan | Christopher B. Hockett<br>Neal A. Potischman<br>Sandra West Neukom<br>Samantha H. Knox<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>United States of America<br><br>Emmet P. Ong<br>Davis Polk & Wardwell LLP<br>450 Lexington Ave.<br>New York, New York 10017<br>United States of America |
| Chi Mei Optoelectronics USA, Inc.<br>101 Metro Drive, Suite 510<br>San Jose, California 95110<br>United States of America | Christopher B. Hockett<br>Neal A. Potischman<br>Sandra West Neukom<br>Samantha H. Knox<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>United States of America<br><br>Emmet P. Ong<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>United States of America |

| PARTIES | REPRESENTATIVES |
|---|---|
| CMO Japan Co. Ltd.<br>Nansei Yaesu Bldg. 4F<br>2-2-10 Yaesu<br>Chuo-Ku, Tokyo 104-0028<br>Japan | Christopher B. Hockett<br>Neal A. Potischman<br>Sandra West Neukom<br>Samantha H. Knox<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>United States of America<br><br>Emmet P. Ong<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>United States of America |
| Nexgen Meditech, Inc.<br>No. 11-2, Jen Te 4th St.<br>Jen Te Village<br>Jen Te, Tainan 717<br>Taiwan | Christopher B. Hockett<br>Neal A. Potischman<br>Sandra West Neukom<br>Samantha H. Knox<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>United States of America<br><br>Emmet P. Ong<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>United States of America |
| Nexgen Mediatech USA, Inc.<br>16712 East Johnson Drive<br>City of Industry, California 91745<br>United States of America | Christopher B. Hockett<br>Neal A. Potischman<br>Sandra West Neukom<br>Samantha H. Knox<br>Davis Polk & Wardwell LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>United States of America<br><br>Emmet P. Ong<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>United States of America |

| PARTIES | REPRESENTATIVES |
|---|---|
| Samsung Electronics Co., Ltd.<br>Samsung Main Building<br>250-2 ga Taepyung-ro Chung-gu, Seoul<br>Republic of Korea | Robert D. Wick<br>Covington & Burling LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, District of Columbia 20001-4956<br>United States of America |
| Samsung Electronics America, Inc.<br>105 Challenger Road<br>Ridgefield Park, New Jersey 07660<br>United States of America | Robert D. Wick<br>Covington & Burling LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, District of Columbia 20001-4956<br>United States of America |
| Samsung Semiconductor, Inc.<br>3655 North First Street<br>San Jose, California 95134<br>United States of America | Robert D. Wick<br>Covington & Burling LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, District of Columbia 20001-4956<br>United States of America |