UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION,

Case No. 07-md-01827-SI

**ORDER DENYING MOTION TO INTERVENE**

Re: Dkt. No. 9547

On January 6, 2017, the Court held a hearing on movant Fanshawe College of Applied Arts and Technology's motion to intervene for the purpose of seeking modification of the protective order in this action. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

Fanshawe College of Applied Arts and Technology ("Fanshawe") is the named plaintiff in two class actions pending in the Superior Court of Justice of Ontario, Canada: *Fanshawe College of Applied Arts and Technology v. LG Philips LCD Co., Ltd., et. al*, Court File No. 54054 CP ("LG Canadian Action"), and *Fanshawe College of Applied Arts and Technology v. AU Optronics Corporation., et al*, Court File No. 62858 CP ("AUO Canadian Action") (collectively the "Canadian Actions"). In the Canadian Actions, Fanshawe alleges that manufacturers of liquid crystal display ("LCD") panels engaged in a price-fixing conspiracy that harmed Canadian consumers of LCD panels and products containing LCD panels. The first Canadian lawsuit was filed in May 2007, and the second was filed in July 2009. The Canadian plaintiffs assert the same anti-competitive conspiracy alleged in the MDL before this Court, except that the Canadian plaintiffs allege economic harm resulting from purchases of price-fixed LCD panels and products

in Canada, while this MDL involved the United States market.

Fanshawe seeks to intervene in this case for the limited purpose of seeking modification of the protective order[1] in this case to permit Fanshawe access to the data and expert reports of Dr. Janet Netz.  Dr. Netz was an expert retained by the indirect purchaser plaintiffs ("IPPs") in this MDL, and the IPPs filed reports by Dr. Netz addressing the impact of the alleged conspiracy on consumers in the United States.  Dr. Netz's expert reports and underlying data were designated as Highly Confidential, and portions of her reports were filed under seal. The underlying data used by Dr. Netz was not filed in the docket, and that data was provided both by the defendants in this case as well as third parties.  Fanshawe has also hired Dr. Netz as an expert in the Canadian Actions.

Fanshawe states that it does not seek to participate actively as a litigant on the merits in this litigation, or to conduct its own discovery here.  Fanshawe also does not challenge the protective order itself or the sealing orders entered by this Court. Rather, Fanshawe seeks to intervene to obtain access to materials subject to the terms of the governing protective order, as modified to permit it to use the materials in its actions in Canada. Fanshawe states that it seeks to use Dr. Netz's reports and data in its litigation in Canada, thus saving Fanshawe the burden and expense of duplicating the same discovery in the Canadian Actions.

Defendant Sharp Corporation opposes the motion on several grounds. First, Sharp contends that Fanshawe's motion is untimely because Fanshawe seeks intervention "at the latest possible stage of these proceedings:  long after they have been resolved and fully five and one-half years after disclosure of the relevant opening expert report." Dkt. No. 9561 at 5:1-4.[2]  Defendant notes that settlement of the IPP action was granted final approval in 2012, and this MDL was finally closed in May 2016. Defendant argues, and Fanshawe does not dispute, that Fanshawe has

---

[1] In December 2007, this Court signed a Stipulated Protective Order governing the designation and sharing of confidential and highly confidential information. MDL Dkt. No. 421. That order states that the "confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise." *Id*. at § 4.

[2] From the parties' papers, it appears that Fanshawe seeks reports that Dr. Netz filed in 2011. Dr. Netz also filed reports in this MDL in 2009.

1    known about this MDL litigation since at least 2009, and nothing prevented Fanshawe from
2    moving to intervene in this action earlier. Defendant states that the cases cited by Fanshawe
3    demonstrate that even if discovery is not permitted in Canada prior to class certification, there is
4    no bar on Canadian plaintiffs from seeking pre-certification intervention in United States cases to
5    obtain discovery. *See In re Neurontin Mktg., Sales Practices, and Prod. Liab. Litig.*, 1:04-cv-
6    10981-PBS, slip op. (D. Mass. Oct. 13, 2006) (granting motion to intervene in MDL where
7    discovery was ongoing, and noting that Canadian court in parallel litigation had "not yet ruled on
8    class certification" and therefore the movants were "barred from seeking discovery from
9    defendants in Canada"). Fanshawe's Request for Judicial Notice, Ex. 2 (Dkt. No. 9458-1).

10   Second, defendant argues that even if Fanshawe could demonstrate the threshold
11   requirements for permissive intervention, the Court should exercise its discretion to deny the
12   motion because Fanshawe has not shown why this Court should reopen a closed case to permit
13   access to discovery when Fanshawe can seek the discovery it needs in Canada. Defendant also
14   argues that Fanshawe has not shown how the discovery it seeks is relevant to the Canadian action
15   since Dr. Netz's reports focused on the extent to which alleged overcharges on LCD panels were
16   "passed through" to consumers of finished products in the United States, not Canada.

17   Permissive intervention is appropriate when an applicant has shown that (1) there are
18   independent grounds for jurisdiction; (2) the motion is timely; and (3) its claim or defense, and the
19   main action, have a question of law or a question of fact in common. *Northwest Forest Res.*
20   *Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996); Fed. R. Civ. P. 24(b)(2). Permissive
21   intervention "is committed to the broad discretion of the district court." *Orange County v. Air*
22   *Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).

23   The Court concludes that Fanshawe has not demonstrated that its motion for intervention is
24   timely, or that the Court should exercise its discretion to grant the relief that it seeks. At the
25   hearing on this matter, counsel appearing for Fanshawe asserted that the motion was timely
26   because this MDL is still ongoing due to an appeal before the Ninth Circuit[3] and because there are

---

[3] Counsel stated he thought that there was an appeal pending in the *Costco v. AUO Optronics et al.* case. After the conclusion of pretrial matters in this Court, the *Costco* case was

3

residual funds in the IPP settlement that remain to be distributed. However, there is no question that this MDL is closed and that there is no active litigation in this Court. The record before the Court shows that Fanshawe has been aware of this litigation since at least 2009, and the Court finds that Fanshawe could have sought to intervene for the purpose of modifying the protective order years ago. Permitting intervention at this late date "would burden the parties and non-parties in this action by requiring them to continue policing access to confidential information disclosed in the present case. Such a continuing obligation is contrary to the expectation of parties that have sought an end to litigation by settling the claims." *In re Static Random Access Memory (SRAM) Litig.*, No. 07-md-01819 CW, 2011 WL 5193479, at *3 (Nov. 1, 2011) (internal citation omitted) (denying Canadian plaintiff's motion for intervention for the purpose of obtaining expert reports as untimely where both the Canadian and *SRAM* cases were filed in 2007, the expert reports were filed in 2008-2009, and the Canadian plaintiff moved to intervene in March 2011 after the *SRAM* case had settled).

The Court further finds that Fanshawe has not demonstrated that it is appropriate to modify the protective order to permit access to Dr. Netz's reports and data. Fanshawe states that it seeks to use those materials in its litigation in Canada, and that if it is permitted to obtain those materials through this court it will save Fanshawe the burden and expense of duplicating the same discovery in the Canadian cases. However, Dr. Netz's reports examined the impact of the alleged conspiracy in the United States, and her reports explicitly excluded LCD panels sold in Canada. The Court agrees with Judge Wilken's analysis in denying a similar request in *SRAM*:

> Although the Canadian plaintiffs satisfy the low threshold for demonstrating that they seek relevant information, and their motion does not attempt to circumvent Canadian procedures and discovery limitations, the avoidance of duplicative discovery does not outweigh the reliance interests of the parties opposing modification of the protective order. The amount of duplicative discovery avoided

---

remanded to the transferor court, the Western District of Washington, on July 8, 2013. Dkt. No. 338 in C 11-0058 SI. That case then proceeded to trial in that District, AUO took an appeal, and on December 14, 2016, the Ninth Circuit granted the parties' joint motion to dismiss that appeal. *See* Dkt. Nos. 708, 709 in Case No. 2:13-cv-01207-RAJ (W.D. Wash.); Ninth Circuit Case No. 16-35170.

This Court is aware of only one other pending appeal in this MDL, the *Sony Elec. Inc. v. Hannstar Corp.* case. (C 12-2214 SI, Ninth Circuit Case No. 14-15916). Earlier this year, a divided panel ruled in Sony's favor, and Hannstar is currently seeking rehearing *en banc*.

4

will not be substantial because the sought-after unredacted expert reports focus upon and limit analysis to the United States market for SRAM and the impact of the alleged conspiracy on American businesses and consumers.

*Id*. at *6 (internal citations omitted).

Accordingly, the Court DENIES the motion to intervene for the limited purpose of seeking modification of protective order.

**IT IS SO ORDERED**.

Dated: January 6, 2017

SUSAN ILLSTON
United States District Judge