Judith A. Zahid (215418)
Qianwei Fu (242669)
ZELLE LLP
44 Montgomery Street,
Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile:  (415) 693-0770
*jzahid@zelle.com*

Francis O. Scarpulla (41059)
LAW OFFICES OF
FRANCIS O. SCARPULLA
456 Montgomery Street,
17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
*fos@scarpullalaw.com*

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
One Sansome Street,
35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile:  (415) 434-9200
*jmalioto@aliotolaw.com*

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827 SI MDL No. 1827 |
| This Document Relates to: | **CLASS ACTION** |
| Indirect-Purchaser Class Action; | **INDIRECT PURCHASER PLAINTIFFS' REPORT ON SETTLEMENT FUND DISTRIBUTION AND REQUEST FOR AN ORDER AUTHORIZING DISTRIBUTION OF RESIDUAL AMOUNTS** |
| *State of Missouri, et al. v. AU Optronics Corporation, et al.,* Case No. 10-cv-3619-SI; | |
| *State of Florida v. AU Optronics Corporation, et al.,* Case No. 10-cv-3517 SI; and | |
| *State of New York v. AU Optronics Corporation, et al.,* Case No. 11-cv-0711-SI. | |

1       Co-Lead Class Counsel for the Indirect-Purchaser Plaintiffs respectfully submit this report

2  on the status of Settlement Fund distribution and respectfully request an order authorizing

3  distribution of the remaining unclaimed funds.

4  **I.     The Court's Previous Rulings and Rust's Previous Distribution Activities**

5       These actions have been settled with each of the defendants under settlement agreements

6  that provide for injunctive relief and payments totaling $1.082 billion (the "Settlement Fund").

7  The Court approved the settlements, the plan of distribution, attorneys' fees and expenses to both

8  Class Counsel and counsel for the Settling States, as well as incentive awards to the named

9  plaintiffs/class representatives.[1]

10       In its October 20, 2014 order (Dkt. 9273), the Court appointed Rust Consulting, Inc.

11  ("Rust") the Fund Administrator and directed Rust to pay all approved class claims, incentive

12  awards, Settling States' proprietary claims, and attorneys' fees and expenses.[2]  The Order further

13  provides, in pertinent part, that "Co-Lead Counsel and Settling States' counsel shall report to the

14  Court the total amount of valid claims processed . . . and shall suggest a pro rata payment

15  amount, if any, for [late claims] based upon available residual funds, with a per-panel payment

16  not to exceed that paid to timely claimants.  Rust's costs of processing such claims shall be

17  deduced from available residual funds."[3]  After the initial distribution, Class Counsel and the

18  State Attorneys General submitted a joint report on December 23, 2015 updating the status of the

19  settlement fund distribution and recommending the distribution of residual amounts.[4]  Pursuant

---

[1] *See* Order Granting Final Approval (Dkt. 6130), entered July 11, 2012; Second Am. Order Granting Final Approval (Dkt. 7697), entered April 3, 2013.

[2] Order Re: Indirect Purchaser Plaintiffs' and States Attorneys General's Joint Motion for Interim Reimbursement of Expenses (Dkt. 9273), entered October 20, 2014.

[3] *Id.*, ¶ 10.

[4] *See* Indirect Purchaser Plaintiffs' and State Attorneys General's Joint Report of Settlement Fund Distribution and Request for an Order Authorizing Distribution of Residual Amounts (Dkt. 9498), filed December 23, 2015.

INDIRECT PURCHASER PLAINTIFFS' REPORT ON SETTLEMENT FUND DISTRIBUTION AND REQUEST
FOR AN ORDER AUTHORIZING DISTRIBUTION OF RESIDUAL AMOUNTS
Case No. 3:07-md-1827 SI

to this Court's approval on January 4, 2016,[5] Rust subsequently made a total additional distribution of $2,125,026.74 to timely-filed but underpaid or unpaid/reissued claims.[6]  Rust further distributed payments to the 119 eligible class members with late claims that were filed between June 7, 2014 and October 6, 2014 at the approved *pro rata* amount of $4.57 per panel equivalent.[7]   After the Court's January 4, 2016 Order directing these payments to be issued, the amount of funds available to make payments to these claimants was increased by $701,015.31 due to the return of a claim from a claimant.[8]  As a result of this return, the total amount paid to the 119 eligible class members with late claims was $1,714,792.51.[9]

## II.     The Settlement Fund's Remaining Balance and Recommended Distribution

A.     Unclaimed Funds

        After the above-mentioned distribution, the Settlement Fund has a balance of $164,817.54.[10]  This balance is comprised of two amounts.  First, 13 of the 119 checks distributed to eligible class members remain uncashed, leaving a bank balance of $22,083.49.[11]  Second, on February 7, 2017, Rust received a returned refund check in the amount of $142,734.05 from Associated Students U.C.L.A. ("AS-UCLA").  This claim was filed in good order on June 6, 2012, by the third-party filer, Financial Recovery Services, Inc. d/b/a Financial

---

[5] *See* Order Authorizing Distribution of Residual Settlement Funds (Dkt. 9499), entered January 4, 2016.

[6] Declaration of Amy Lake of Rust Consulting, Inc., Distribution Administrator, Regarding Distribution of Settlement Fund ("Lake Decl."), ¶ 3.a.

[7] Lake Decl., ¶ 3.b.

[8] *Id.*

[9] *Id.*  The 119 claims initially received a *pro rata* amount of $4.57 per panel equivalent.  After the additional funds were available, they received an additional *pro rata* amount of $3.16 per panel, for a total of $7.73 per panel.

[10] *Id.*, ¶ 6.

[11] *Id.*, ¶¶ 4 and 8.

Recovery Strategies ("FRS").[12]  The original payment was issued to FRS on October 24, 2014 in the amount of $175,365.83.[13]  FRS is in possession of the difference, $32,631.78, which was retained as its commission.[14]  In a January 18, 2017 letter, claimant AS-UCLA stated that it could not "establish with certainty the basis upon which the claim was calculated on [its] behalf."[15]  In response to Rust's inquiry of the returned payment and FRS's right to retain the commission in connection with this payment, AS-UCLA wrote in a May 26, 2017 letter to clarify that although it returned the payment it received, it is not withdrawing the claim that FRS submitted on its behalf, nor is it withdrawing the declaration it executed in connection with that claim.[16]  The letter explains, "[b]ased on internal Board deliverations [sic], the Board determined to return the funds; that determination is not, and should not be interpreted to be, any disagreement with FRS, with the services FRS provided pursuant to the Authorization Agreement . . . or with FRS's entitlement to the fees it earned as set forth in that Authorization Agreement."[17]

B.    Rust's Costs of Claims Administration

Pursuant to the Court's approval,[18] Rust received $506,634.18 in costs of claims administration.[19]  In connection with the additional distribution and monitoring activities, Rust has invoiced an additional amount of $95,838 for completed administration work outside of the

---

[12] *Id.*, ¶ 5.

[13] *Id.*

[14] *Id.*

[15] *Id.*, Ex. 1.

[16] *Id.*, Exs. 2 and 3.

[17] *Id.*, Ex. 2.

[18] Order Authorizing Distribution of Residual Settlement Funds (Dkt. 9499) (Jan. 4, 2016).

[19] Lake Decl., ¶ 7.

INDIRECT PURCHASER PLAINTIFFS' REPORT ON SETTLEMENT FUND DISTRIBUTION AND REQUEST
FOR AN ORDER AUTHORIZING DISTRIBUTION OF RESIDUAL AMOUNTS
Case No. 3:07-md-1827 SI

1    approved costs.[20]  Pursuant to the settlement agreements, the costs of claim administration

2    invoiced by Rust shall be deducted from the Settlement Fund of each settling defendant, *pro rata*,

3    based on each settling defendant's settlement amount.

4    C.    <u>Recommended Distribution of Residual Funds</u>

5        Since December of 2015, there have been 13 reissue requests totaling $189,283.74, which

6    have been denied as being past the deadline.[21]  These requests are from claimants who submitted

7    timely, valid claims and were paid, but did not cash their checks.[22]  In order to facilitate the use of

8    the remaining funds for distributions made in 2016, a deadline was set after which no additional

9    reissue requests were processed.[23]  Rust is ready to utilize the remaining available balance of

10    $68,979.54 to distribute 13 payments to these eligible late claims.[24]

11        Class Counsel respectfully recommend that the Court authorize payments to the 13 reissue

12    requests.  Based on the available residual funds for distribution, checks will be reissued at 36.44%

13    of the original payments to these claimants.[25]  Upon approval of the Court, Rust shall promptly

14    distribute payments to the 13 claims and void all uncashed payments sixty (60) days after final

15    reissuance of payments are mailed.  On account of the foregoing statements, the Indirect-Purchaser

16    Plaintiffs, by and through their counsel of record, respectfully request that the Court enter the

17    attached Proposed Order authorizing distribution of the residual amounts and payment of claims

18    administration costs from the Settlement Fund.

19    / /

20    / /

21

22    [20] *Id.*, Ex. 4.  This full invoiced amount exceeds Rust's original estimate of $38,000 for

23    completing the project.  *See* Declaration of Amy Lake of Rust Consulting, Inc., Distribution
Administrator, Regarding Distribution of Settlement Fund (Dkt. 9481-1) (Dec. 23, 2015), ¶ 10.

24    [21] Lake Decl., ¶ 8.

   [22] *Id.*  Pursuant to the Court's July 20, 2016 Order (Dkt. 9542), Mr. Ronald Waterman will be

25    among the 13 claimants to receive a check from the remaining funds.  *Id.*, ¶ 9.

26    [23] *Id.*

27    [24] *Id.*

   [25] *Id.*

28

INDIRECT PURCHASER PLAINTIFFS' REPORT ON SETTLEMENT FUND DISTRIBUTION AND REQUEST
FOR AN ORDER AUTHORIZING DISTRIBUTION OF RESIDUAL AMOUNTS
Case No. 3:07-md-1827 SI

Dated: December 28, 2017

Respectfully submitted,

ZELLE LLP

By: /s/ Qianwei Fu
      Qianwei Fu

Judith A. Zahid (215418)
Qianwei Fu (242669)
ZELLE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
jzahid@zelle.com

LAW OFFICES OF FRANCIS O. SCARPULLA

By: /s/ Francis O. Scarpulla
      Francis O. Scarpulla

Francis O. Scarpulla (41059)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com

ALIOTO LAW FIRM

By: /s/ Joseph M. Alioto
      Joseph M. Alioto

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
jmalioto@aliotolaw.com

*Co-Lead Class Counsel for Indirect-Purchaser
Plaintiffs*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, I attest that I have obtained the concurrence in the filing of this document from all signatories.

Dated: December 28, 2017

      /s/ Qianwei Fu
        Qianwei Fu

#4849-5404-4241

5

INDIRECT PURCHASER PLAINTIFFS' REPORT ON SETTLEMENT FUND DISTRIBUTION AND REQUEST
FOR AN ORDER AUTHORIZING DISTRIBUTION OF RESIDUAL AMOUNTS
Case No. 3:07-md-1827 SI